B1 (Official Form 1) (04/13)

| UNITED STATES BANKRUPTCY COURT | |
|---|---|
| District of Delaware | **VOLUNTARY PETITION** |

| Name of Debtor (if individual, enter Last, First, Middle):<br>The Standard Register Company | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>Please see attached Annex 1 | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): 31-0455440 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>600 Albany Street<br>Dayton, OH<br>ZIP CODE 45417 | Street Address of Joint Debtor (No. and Street, City, and State):<br><br>ZIP CODE |
| County of Residence or of the Principal Place of Business: Montgomery | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☒ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☒ Other | ☐ Chapter 7    ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 9<br>☒ Chapter 11<br>☐ Chapter 12    ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding<br>☐ Chapter 13 |

| Chapter 15 Debtors<br>Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding by, regarding, or against debtor is pending: | Tax-Exempt Entity<br>(Check box, if applicable.)<br>☐ Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code). | Nature of Debts<br>(Check one box.)<br>☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."    ☒ Debts are primarily business debts |
|---|---|---|

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☒ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | **Check one box:**<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☒ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>**Check if:**<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 *(amount subject to adjustment on 4/01/16 and every three years thereafter.)*<br>**Check all applicable boxes:**<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☒ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☐ 1-49 | ☐ 50-99 | ☐ 100-199 | ☐ 200-999 | ☐ 1,000-5,000 | ☒ 5,001-10,000 | ☐ 10,001-25,000 | ☐ 25,001-50,000 | ☐ 50,001-100,000 | ☐ Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☒ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☒ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

B 1 (Official Form 1) (04/13)　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2

| **Voluntary Petition**<br>*(This page must be completed and filed in every case.)* | **Name of Debtor(s):**<br>The Standard Register Company |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location<br>Where Filed: | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
|---|---|---|
| Name of Debtor:<br>Please see attached Schedule 1 | Case Number: | Date Filed: |
| District:<br>District of Delaware | Relationship: | Judge: |

| **Exhibit A**<br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☒   Exhibit A is attached and made a part of this petition. | **Exhibit B**<br>(To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X _____<br>    Signature of Attorney for Debtor(s)        (Date) |
|---|---|

| **Exhibit C** |
|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?<br><br>☒   Yes, and Exhibit C is attached and made a part of this petition.<br><br>☐   No. |

| **Exhibit D** |
|---|
| (To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)<br><br>☐   Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.<br><br>If this is a joint petition:<br><br>☐   Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition. |

| **Information Regarding the Debtor - Venue**<br>(Check any applicable box.) |
|---|
| ☐   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.<br><br>☒   There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.<br><br>☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District. |

| **Certification by a Debtor Who Resides as a Tenant of Residential Property**<br>(Check all applicable boxes.) |
|---|
| ☐   Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)<br><br>_____<br>(Name of landlord that obtained judgment)<br><br>_____<br>(Address of landlord)<br><br>☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and<br><br>☐   Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.<br><br>☐   Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)). |

B1 (Official Form 1) (12/13)                                                                                                          Page 3

| Voluntary Petition *(This page must be completed and filed in every case.)* | Name of Debtor(s): The Standard Register Company |
|---|---|

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
    Signature of Debtor

X _____
    Signature of Joint Debtor

_____
    Telephone Number (if not represented by attorney)

_____
    Date

### Signature of Attorney*

X _____
    Signature of Attorney for Debtor(s)
    Michael R. Nestor, Esq.
    Printed Name of Attorney for Debtor(s)
    Young Conaway Stargatt & Taylor, LLP
    Firm Name
    Rodney Square, 1000 North King Street
    Wilmington, DE 19801
    Address
    302-571-6600
    Telephone Number
    March 12, 2015
    Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
    Signature of Authorized Individual
    Joseph P. Morgan, Jr.
    Printed Name of Authorized Individual
    President and Chief Executive Officer
    Title of Authorized Individual
    March 12, 2015
    Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
    (Signature of Foreign Representative)

_____
    (Printed Name of Foreign Representative)

_____
    Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X _____
    Signature

_____
    Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

American LegalNet, Inc. www.FormsWorkFlow.com

### Annex 1

In addition to any names listed on the Voluntary Petition, the debtor in this case may

have used one or more of the following names (including trade names) during the previous 8 years:

- Standard Register
- WorkflowOne, LLC
- WorkflowOne
- Wilmer
- ParthForward
- Expadata
- Industramark
- Stanfast
- SMARTworks
- CopyConcepts

## SCHEDULE 1

### Pending Bankruptcy Cases Filed
### By the Debtor and Affiliates of the Debtor

The following affiliated debtors contemporaneously have filed chapter 11 petitions in the United States Bankruptcy Court for the District of Delaware:

**Affiliated Debtors:**

1.  The Standard Register Company [**Lead Case**]
2.  Standard Register Holding Company
3.  Standard Register Technologies, Inc.
4.  Standard Register International, Inc.
5.  iMedConsent, LLC
6.  Standard Register of Puerto Rico Inc.
7.  Standard Register Mexico Holding Company
8.  Standard Register Holding, S. De R.L. De C.V.
9.  Standard Register Servicios, S. De R.L. De C.V.
10. Standard Register de Mexico, S. De R.L. De C.V.
11. Standard Register Technologies Canada ULC

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, | Case No. 15-_____ ( ___ ) |
| Debtor | |
| Employer Tax I.D. No. 31-0455440 | |

## EXHIBIT A TO VOLUNTARY PETITION

1.   If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is  0-01097.

2.   The following financial data is the latest available information and refers to the debtor's condition on December 31, 2014.

|  | |
|---|---|
| a. Total assets (according to consolidated balance sheet) | Approximately $453,143,855 |
| b. Total debts (according to consolidated balance sheet) | Approximately $583,543,724 |
| c. Debt securities held by more than 500 holders. | None |

| d. Description of equity: | | Approximate number of holders: |
|---|---|---|
| (i)  Preferred stock | N/A | N/A |
| (ii)  Common stock | 8,400,320 shares | Over 3,000 |
| (iii)  Class A stock | 944,996 shares | 15 |

Comments, if any: _____

3.   Brief description of debtor's business:  The Standard Register Company is one of the leading providers in the United States of communications services and communications workflow, content and analytics solutions through multiple communication channels, including print, electronic, and internet-based communications, to clients in the healthcare, financial services, manufacturing, retail, and transportation industries.

4.  List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:

- The Fifth Third Bank as Trustee for the following:
  - Agreement Dated December 29, 1939 with William C. Sherman
  - The Last Will and Testament of William C. Sherman
- Raging Capital Master Fund, Ltd.
- Raging Capital Management, LLC
- William C. Martin
- Silver Point Capital L.P.
- Roy W. Begley, Jr., James L. Sherman, and Gary P. Kreider, as Co-Trustees for the following:
  - The Last Will and Testament of John Q. Sherman fbo William Patrick Sherman;
  - The Last Will and Testament of John Q. Sherman fbo Mary Catherine Sherman Newshawg;
  - The Last Will and Testament of John Q. Sherman fbo James Louis Sherman;
  - The Last Will and Testament of John Q. Sherman fbo Helen Louise Sherman Tormey;
  - The Last Will and Testament of John Q. Sherman fbo Charles Francis Sherman; and
  - The Last Will and Testament of John Q. Sherman fbo Patricia Lucille Sherman Begley.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, | Case No. 15-_____ (____) |
| Debtor | |
| Employer Tax I.D. No. 31-0455440 | |

## EXHIBIT C TO VOLUNTARY PETITION

1.      Identify and briefly describe all real or personal property owned by or in possession of the debtor that, to the best of the debtor's knowledge, poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

- While the above-captioned debtor (the "Debtor") owns and operates certain facilities that are or were registered as hazardous waste generators, the Debtor does not believe it owns or possesses any real or personal property that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety. The Debtor notes that it is not aware of any definition of "imminent and identifiable harm" as used in this form.

2.      With respect to each parcel of real property or item of personal property identified in question 1, describe the nature and location of the dangerous condition, whether environmental or otherwise, that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

- The Debtor is not aware of any dangerous conditions existing on or related to any real or personal property owned or possessed by the Debtor that pose or are alleged to pose a threat of imminent and identifiable harm to the public health or safety. The Debtor notes that it is not aware of any definition of "imminent and identifiable harm" as used in this form.

**THE STANDARD REGISTER COMPANY**
**SECRETARY'S CERTIFICATE**

March 11, 2015

I, Gerard D. Sowar, certify that I am the Secretary of The Standard Register Company, an Ohio corporation (the "Company") and am authorized to execute this Certificate on behalf of the Company.

Solely in my capacity as Secretary, I certify that:

Attached hereto as Exhibit 1 is a true copy of the resolutions adopted by the Board of Directors of the Company on March 10, 2015 and that such resolutions have not been altered, amended, or rescinded, and are still in full force and effect as at the date hereof.

IN WITNESS WHEREOF, I have hereunto set my hand this 11th day of March, 2015.

By:   Gerard D. Sowar
Title: Secretary

**Exhibit 1**

# RESOLUTIONS
## OF THE
## BOARD OF DIRECTORS
## OF
## THE STANDARD REGISTER COMPANY

March 10, 2015

## VOLUNTARY PETITION UNDER THE PROVISIONS OF CHAPTER 11 OF TITLE 11 OF THE UNITED STATES CODE

WHEREAS, the Board of Directors (the "Board of Directors") of The Standard Register Company, an Ohio corporation (the "Company") has reviewed and considered the materials presented by the management and the financial and legal advisors of the Company regarding the liabilities and liquidity of the Company, the strategic alternatives available to it, and the impact of the foregoing on the Company's businesses; and

WHEREAS, the Board of Directors has had the opportunity to consult with the management and the financial and legal advisors to the Company and fully consider each of the strategic alternatives available to the Company.

NOW, THEREFORE, BE IT RESOLVED, that in the judgment of the Board of Directors, it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company file or cause to be filed a voluntary petition for relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"); and

RESOLVED FURTHER, that each of Joseph P. Morgan, Jr., Kevin Carmody, and Gerard D. Sowar be hereby appointed as the Company's lawful Attorney-in-Fact (each, an "Appointed Attorney-in-Fact" and collectively, the "Appointed Attorneys-in-Fact"), and in such capacity, acting alone or together, with power of delegation, be, and they hereby are, authorized and empowered to execute and file on behalf of the Company, including in the Company's capacity as shareholder or member of its subsidiaries, all petitions, schedules, lists, applications, pleadings, and other motions, papers, agreements, consents or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's businesses.

## RETENTION OF PROFESSIONALS

RESOLVED FURTHER, that any Appointed Attorney-in-Fact be, and hereby is, authorized and directed to direct the retention of the law firm of Gibson, Dunn & Crutcher LLP as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, any Appointed Attorney-in-Fact, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed an appropriate application for authority to retain the services of Gibson, Dunn & Crutcher LLP;

RESOLVED FURTHER, that any Appointed Attorney-in-Fact be, and hereby is, authorized and directed to direct the retention of the law firm of Young Conaway Stargatt & Taylor, LLP as bankruptcy co-counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, any Appointed Attorney-in-Fact, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed an appropriate application for authority to retain the services of Young Conaway Stargatt & Taylor, LLP;

RESOLVED FURTHER, that any Appointed Attorney-in-Fact be, and hereby is, authorized and directed to direct the retention of the law firm of Dinsmore & Shohl LLP as special corporate, litigation and conflicts bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, any Appointed Attorney-in-Fact, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed an appropriate application for authority to retain the services of Dinsmore & Shohl LLP;

RESOLVED FURTHER, that any Appointed Attorney-in-Fact be, and hereby is, authorized and directed to direct the retention of the firms of Lazard Frères & Co. LLC and Lazard Middle Market LLC as investment bankers and financial advisors to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, any Appointed Attorney-in-Fact, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed appropriate applications for authority to retain the services of Lazard Frères & Co. LLC and Lazard Middle Market LLC;

RESOLVED FURTHER, that any Appointed Attorney-in-Fact be, and hereby is, authorized and directed to direct the retention of the firm of McKinsey Recovery & Transformation Services U.S., LLC as financial advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, any Appointed Attorney-in-Fact is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of McKinsey Recovery & Transformation Services U.S., LLC;

RESOLVED FURTHER, that any Appointed Attorney-in-Fact be, and hereby is, authorized and directed to direct the retention of the firm of Prime Clerk LLC as notice, claims, solicitation, balloting, and tabulation agent to represent and assist the Company in carrying out its duties under Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, any Appointed Attorney-in-Fact, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Prime Clerk LLC; and

RESOLVED FURTHER, that any Appointed Attorney-in-Fact be, and hereby is, authorized and directed to direct the retention of any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, any Appointed Attorney-in-Fact, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

## CASH COLLATERAL AGREEMENT

RESOLVED FURTHER, that in connection with the commencement of the chapter 11 case by the Company, any Appointed Attorney-in-Fact be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver agreements for the use of cash collateral in connection with the Company's chapter 11 case, which agreement(s) may require the Company to acknowledge the debt and liens of existing loans, grant liens and pay interest to the Company's existing lender(s), and to take such additional action and to execute and deliver each other agreement, instrument, or document, to be executed and delivered by or on behalf of the Company pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Appointed Attorney-in-Fact approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof.

## DIP FINANCING

RESOLVED FURTHER, that in connection with the commencement of the chapter 11 case by the Company, any Appointed Attorney-in-Fact be, and hereby is, authorized, directed and empowered in the name of and on behalf of the Company, as debtor and debtor in possession, to negotiate, execute and deliver (i) one or more secured super-priority debtor in possession loan facilities (collectively, the "DIP Credit Facility"), on the terms the Appointed Attorneys-in-Fact may deem necessary or appropriate for the consummation of the transactions contemplated thereby, the signature of such Appointed Attorney-in-Fact to be deemed conclusive evidence of such determination, and (ii) in connection with the DIP Credit Facility, such agreements, certificates, instruments, collateral documents, mortgages, guaranties, notices and any and all other documents as the Appointed Attorneys-in-Fact may deem necessary or appropriate to facilitate the execution and delivery of the DIP Credit Facility and pledge of collateral in connection therewith, the signature of such Appointed Attorney-in-Fact to be deemed conclusive evidence of such determination (collectively, the "Financing Documents"); and

RESOLVED FURTHER, that the proceeds of the DIP Credit Facility shall be used, subject to the terms of the Financing Documents: (i) to finance working capital and scheduled capital expenditures, (ii) to pay for fees and expenses associated with the DIP Credit Facility, (iii) to continue the conduct of the affairs of the Company under chapter 11, and (iv) for general corporate purposes.

**APPROVAL OF THE ASSET PURCHASE AGREEMENT**

WHEREAS, the Board of Directors has been presented with a draft of, and considered the transactions contemplated by, the proposed Asset Purchase Agreement substantially in the form attached hereto as Exhibit A (the "Asset Purchase Agreement;" capitalized terms used herein and not defined shall have the meanings ascribed to such terms in the Asset Purchase Agreement), by and among the Company, the Sellers, the US Buyer and the Mexico Buyer;

WHEREAS, the Asset Purchase Agreement provides for, among other things, the sale by the Sellers and the purchase by the US Buyer and the Mexico Buyer of the Transferred Assets;

WHEREAS, the Board of Directors has reviewed with management and the Company's legal and financial advisors, the terms of the Asset Purchase Agreement and the transactions contemplated thereby, has had ample opportunity to consider, discuss and ask questions regarding (and has so considered, discussed and asked questions regarding) the terms of the Asset Purchase Agreement and the transactions contemplated thereby; and

WHEREAS, the Board of Directors deems it advisable and in the best interests of the Company to enter into the Asset Purchase Agreement, and to consummate the transactions contemplated thereby.

NOW, THEREFORE, BE IT RESOLVED, that the Asset Purchase Agreement, substantially in the form presented to the Board of Directors, be, and hereby is, authorized and approved and that the officers of the Company be and each of them acting alone hereby is, authorized to execute, in the name and on behalf of the Company, the Asset Purchase Agreement, in substantially the form presented to the Board of Directors, with such changes therein and additions thereto as the officer executing the same may approve, such approval to be conclusively evidenced by the execution thereof, and thereafter to execute any amendment to the Asset Purchase Agreement and all other agreements, documents and certificates contemplated thereby as the officer executing the same may approve, such approval to be conclusively evidenced by the execution thereof;

RESOLVED FURTHER, that the Company's entry into, and performance of its obligations under the Asset Purchase Agreement, substantially in the form presented to the Board of Directors, are hereby authorized and approved; and

RESOLVED FURTHER, that the officers of the Company shall be, and each of them acting alone hereby is, authorized, empowered and directed, in the name and on behalf of the Company, to undertake such actions and execute and deliver, or cause to be executed and delivered, such other agreements, certificates and documents as may be required under the Asset Purchase Agreement or desirable in connection with the transactions contemplated thereby, with such changes, modifications or amendments as such officer in his or her sole discretion may approve, the execution and delivery thereof to be conclusive evidence of such approval.

**APPROVAL OF THE KEIP**

WHEREAS, the Board of Directors has considered the Key Employee Incentive Plan (the "KEIP"), a draft of which has been provided to the Board of Directors; and

WHEREAS, the Board of Directors has determined it to be in the best interests of the Company to approve the KEIP and the transactions contemplated thereby.

NOW, THEREFORE, BE IT RESOLVED, that the execution and delivery of the KEIP to the employees of the Company and the performance thereunder by the Company, be, and they hereby are, authorized and approved;

RESOLVED FURTHER, that the officers of the Company be, and they hereby are, authorized, empowered and directed, in the name and on behalf of the Company to execute and deliver the KEIP, with such changes, additions and modifications as such officer executing such documents shall approve, with such officer's execution and delivery of such agreements to constitute conclusive evidence of such approval and that the same are in accordance with these resolutions and constitute the duly authorized acts of the Company; and

RESOLVED FURTHER, that the officers of the Company be, and they hereby are, authorized, empowered and directed, in the name and on behalf of the Company to execute and deliver any and all other agreements, instruments and documents and to do or cause to be done any and all acts and things as any such officer determines to be necessary, proper or desirable in order to complete the transactions contemplated by the KEIP, in such form and containing such terms as such officer approves, or with such changes, additions and modifications as such officer executing such documents shall approve, with such officer's execution and delivery of such agreement or instrument to constitute conclusive evidence of such approval and that the same are in accordance with these resolutions and constitute the duly authorized acts of the Company.

**GENERAL**

RESOLVED FURTHER, that any specific resolutions that may be required to have been adopted by the Board of Directors in connection with the actions contemplated by the foregoing resolutions be, and they hereby are, adopted, and the officers of the Company be, and each of them acting alone hereby is, authorized to certify as to the adoption of any and all such resolutions and attach such resolutions hereto;

RESOLVED FURTHER, that any Appointed Attorney-in-Fact be, and hereby is, authorized and empowered, with power of delegation, in the name of and on behalf of the Company and each of its subsidiaries, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such instruments as each, in his/her discretion, may deem necessary or advisable in order to carry out the purpose and intent of the foregoing resolutions;

RESOLVED FURTHER, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such

acts were taken before these resolutions were certified, are hereby in all respects approved and ratified; and

RESOLVED FURTHER, that the officers of the Company be, and each of them acting alone hereby is, authorized and directed, in the name and on behalf of the Company, to execute and deliver, or to cause to be executed and delivered, all such other agreements, instruments, certificates and documents, to do or cause to be done all such further acts and things, and to pay or cause to be paid all necessary fees and expenses, as they or any of them may deem necessary or advisable in connection with the transactions contemplated by the Asset Purchase Agreement or to effectuate the purpose and intent of the foregoing resolutions, such approval to be conclusively evidenced by the taking of any such action or the execution and delivery of any such instrument by such officer.

# EXHIBIT A

## Form of Asset Purchase Agreement

**(Intentionally Omitted)**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, *et al.*, | Case No. 15-_____ (___) |
| Debtors. | (Joint Administration Requested) |

## CONSOLIDATED LIST OF CREDITORS HOLDING
## THE 50 LARGEST UNSECURED CLAIMS

The above-captioned debtors (collectively, the "Debtors") each filed a voluntary petition

for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532. The following is the

consolidated list of the Debtors' creditors holding the 50 largest unsecured claims (the

"Consolidated List") based on the Debtors' books and records as of approximately March 10,

2015. The Consolidated List is prepared in accordance with Rule 1007(d) of the Federal Rules

of Bankruptcy Procedure and Rule 1007-2(4) of the Local Rules of Bankruptcy Procedure for

filing in these chapter 11 cases. The Consolidated List does not include (1) persons who come

within the definition of "insider" set forth in 11 U.S.C. § 101(31) or (2) secured creditors, unless

the value of the collateral is such that the unsecured deficiency places the creditor among the

holders of the 50 largest unsecured claims on a consolidated basis. None of these creditors are

minor children. The information contained herein shall neither constitute an admission of

liability by, nor is it binding on, the Debtors. The information herein, including the failure of the

Debtors to list any claim as contingent, unliquidated or disputed, does not constitute a waiver of

the Debtors' right to contest the validity, priority or amount of any claim.

| Rank | Name of Creditor | Complete mailing address, and employee, agents, or department familiar with claim | Nature of claim (trade debt, bank loan, government contracts, etc.) | Indicate if claim is contingent, unliquidated, disputed, or subject to set off | Amount of claim (if secured, also state value of security) |
|------|------------------|-----------------------------------------------------------------------------------|---------------------------------------------------------------------|---------------------------------------------------------------------------------|------------------------------------------------------------|
| 1 | The Pension Benefit Guaranty Corporation | PBGC<br>Attn:  Erin C Kim<br>1200 K Street NW<br>Washington DC 20005-4026<br>EMAIL: kim.erin@pbgc.gov<br>FAX: 202-326-4112<br>PHONE: 202-326-4000 | Pension | Contingent and Unliquidated | $194,967,001.72 |
| 2 | Timothy Webb | Timothy Webb<br>4906 E. Desert Fairways Dr.<br>Paradise Valley AZ 85253<br>EMAIL:<br>FAX:<br>PHONE: | Non-Qualified Pension and Deferred Compensation | Contingent and Unliquidated | $3,994,759.20 |
| 3 | Georgia Pacific Corp | Georgia Pacific Corp<br>Attention: General Counsel<br>PO BOX 0102412<br>ATLANTA GA 30368-0412<br>EMAIL: tdarland@gapac.com<br>FAX: 920-438-2121<br>PHONE: 866-435-5647 | Trade | | $2,753,159.19 |
| 4 | Gary Becker | Gary Becker<br>666 Barclay Lane<br>Broomall PA 19008<br>EMAIL:<br>FAX:<br>PHONE: | Non-Qualified Pension and Deferred Compensation | Contingent and Unliquidated | $1,686,144.00 |

| Rank | Name of Creditor | Complete mailing address, and employee, agents, or department familiar with claim | Nature of claim (trade debt, bank loan, government contracts, etc.) | Indicate if claim is contingent, unliquidated, disputed, or subject to set off | Amount of claim (if secured, also state value of security) |
|------|------------------|-----------------------------------------------------------------------------------|--------------------------------------------------------------------|-------------------------------------------------------------------------------|-------------------------------------------------------------|
| 5 | Salesforce Com Inc. | Salesforce Com Inc Attn: General Counsel PO BOX 203141 DALLAS TX 75320-3141 EMAIL: legal@salesforce.com FAX: 415-536-4616 PHONE: 800-667-6389 | Trade | | $1,385,059.31 |
| 6 | Michael Spaul | Michael Spaul 296 Carmarthen Way Granville OH 43023 EMAIL: FAX: PHONE: | Non-Qualified Pension and Deferred Compensation | Contingent and Unliquidated | $1,244,993.76 |
| 7 | Volt Consulting | Volt Consulting Attn: General Counsel TWO TOWER CENTER BLVD EAST BRUNSWICK NJ 08816 EMAIL: info@voltconsultinggroup.com FAX: 212-704-2413 PHONE: 212-704-2400 | Temporary Staffing | | $1,174,933.42 |
| 8 | Mark Platt | Mark Platt 5048 James Hill Road Kettering OH 45429 EMAIL: FAX: PHONE: | Non-Qualified Pension and Deferred Compensation | Contingent and Unliquidated | $1,147,957.93 |

| Rank | Name of Creditor | Complete mailing address, and employee, agents, or department familiar with claim | Nature of claim (trade debt, bank loan, government contracts, etc.) | Indicate if claim is contingent, unliquidated, disputed, or subject to set off | Amount of claim (if secured, also state value of security) |
|---|---|---|---|---|---|
| 9 | Craig Stockmal | Craig Stockmal<br>1 Huntington Ave<br>#1802<br>Boston MA 02116-0000<br>EMAIL:<br>FAX:<br>PHONE: | Non-Qualified Pension and Deferred Compensation | Contingent and Unliquidated | $1,111,398.95 |
| 10 | Peter Redding | Peter Redding<br>6470 Montreux Lane<br>Reno NV 89511<br>EMAIL:<br>FAX:<br>PHONE: | Non-Qualified Pension and Deferred Compensation | Contingent and Unliquidated | $1,054,557.36 |
| 11 | Washington State Department of Ecology | Washington State Department of Ecology<br>Attention: General Counsel<br>PO BOX 47600<br>Olympia WA 98504-7600<br>EMAIL:<br>maia.bellon@ecy.wa.gov<br>FAX: 360-407-6989<br>PHONE: 360-407-6000 | Environmental Liabilities | | $1,010,302.88 |
| 12 | Westborough | Westborough<br>Attenion: Ms Sam Ajanaku<br>The Realty Associates Fund IX<br>c/o Lincoln Property Company<br>67 South Bedford Street<br>Burlington MA 01803-0000<br>EMAIL: sajanaku@lpc.com<br>FAX:<br>PHONE: 781-238-4488 | Lease Rejection Damages | | $930,905.75 |

| Rank | Name of Creditor | Complete mailing address, and employee, agents, or department familiar with claim | Nature of claim (trade debt, bank loan, government contracts, etc.) | Indicate if claim is contingent, unliquidated, disputed, or subject to set off | Amount of claim (if secured, also state value of security) |
|------|------------------|-------|-------|-------|-------|
| 13 | Avery Dennison | Avery Dennison<br>Attention: General Counsel<br>15178 COLLECTIONS CTR DR<br>CHICAGO IL 60693<br>EMAIL:<br>susan.miller@averydennison.com<br>FAX: 626-792-7312<br>PHONE: 626-304-2000 | Trade | | $820,182.38 |
| 14 | Joseph Custer | Joseph Custer<br>Attention: General Counsel<br>2285 Nyce Way<br>Lansdale PA 19446<br>EMAIL:<br>FAX:<br>PHONE: | Non-Qualified Pension and Deferred Compensation | Contingent and Unliquidated | $734,005.12 |
| 15 | Purchase Power | Purchase Power<br>Attention: General Counsel<br>PO BOX 856042<br>LOUISVILLE KY 40285<br>EMAIL:<br>FAX:<br>PHONE: | Trade | | $686,701.18 |
| 16 | Bank Of America | Bank Of America<br>Attention: General Counsel<br>200 N College St<br>Charlotte NC 28255-0001<br>EMAIL: i_r@bankofamerica.com<br>FAX: 980-386-6699<br>PHONE: 704-386-5000 | Postal Deposit | | $666,458.07 |

| Rank | Name of Creditor | Complete mailing address, and employee, agents, or department familiar with claim | Nature of claim (trade debt, bank loan, government contracts, etc.) | Indicate if claim is contingent, unliquidated, disputed, or subject to set off | Amount of claim (if secured, also state value of security) |
|---|---|---|---|---|---|
| 17 | Carolinas Shared Services (subgroup within Premier GPO) | Carolinas Shared Services (subgroup within Premier GPO) Robert Boyd 5039 Airport Center Parkway Building K Suite A Charlotte NC 28208 EMAIL: Jim.Olsen@CarolinasSharedServices.org FAX: 704-512-7037 PHONE: 704-512-7271 | Customer Rebates | | $646,458.00 |
| 18 | Business Card Service | Business Card Service Attn: General Counsel 3200 143RD CIRCLE BURNSVILLE MN 55306-6945 EMAIL: emily.myers@printforce.com FAX: 952-894-5228 PHONE: 952-895-6750 | Resell | | $637,290.38 |
| 19 | Appvion Inc | Appvion Inc Attn: General Counsel PO BOX 638565 CINCINNATI OH 45263-8565 EMAIL: tvanstraten@appletonideas.com FAX: 920-991-8852 PHONE: 920-734-9841 | Trade | | $581,759.74 |
| 20 | John Harden | John Harden 5390 Cold Springs Road South Concord NC 28025 EMAIL: FAX: PHONE: | Non-Qualified Pension and Deferred Compensation | Contingent and Unliquidated | $580,596.36 |

| Rank | Name of Creditor | Complete mailing address, and employee, agents, or department familiar with claim | Nature of claim (trade debt, bank loan, government contracts, etc.) | Indicate if claim is contingent, unliquidated, disputed, or subject to set off | Amount of claim (if secured, also state value of security) |
|------|------------------|-----------------------------------------------------------------------------------|--------------------------------------------------------------------|---------------------------------------------------------------------------------|-----------------------------------------------------------|
| 21 | Dennis Rediker | Dennis Rediker<br>737 Lakengren Cove<br>Eaton OH 45320<br>EMAIL:<br>FAX:<br>PHONE: | Non-Qualified Pension and Deferred Compensation | Contingent and Unliquidated | $567,176.88 |
| 22 | Tenet (subgroup within MedAssets GPO comprised of about 45 hospitals) | Tenet (subgroup within MedAssets GPO comprised of about 45 hospitals)<br>Richard Yonker<br>1445 Ross Avenue<br>Suite 1400<br>Dallas TX 75202<br>EMAIL:<br>FAX:<br>PHONE: 469-893-2000 | Customer Rebates | | $567,016.00 |
| 23 | HP Enterprise Services LLC | HP Enterprise Services LLC<br>Attn: General Counsel<br>Hewlett Packard Express<br>PO BOX 22160<br>Oakland CA 94623<br>EMAIL:<br>enterprisesolutions@hp.com<br>FAX: 972-605-6033<br>PHONE: 972-604-6000 | Trade | | $535,778.05 |
| 24 | Kathryn Lamme | Kathryn Lamme<br>885 Greenhouse Dr<br>Kettering OH 45419<br>EMAIL:<br>FAX:<br>PHONE: | Non-Qualified Pension and Deferred Compensation | Contingent and Unliquidated | $521,435.00 |

| Rank | Name of Creditor | Complete mailing address, and employee, agents, or department familiar with claim | Nature of claim (trade debt, bank loan, government contracts, etc.) | Indicate if claim is contingent, unliquidated, disputed, or subject to set off | Amount of claim (if secured, also state value of security) |
|---|---|---|---|---|---|
| 25 | GLS Graphic Label Solutions | GLS Graphic Label Solutions Attn: General Counsel 2407 PULASKI HIGHWAY COLUMBIA TN 38401 EMAIL: customerservice@graphiclabelsolutions.com FAX: 931-490-0024 PHONE: 931-490-0019 | Resell | | $517,733.57 |
| 26 | Earth Color | Earth Color Attn: General Counsel 7021 PORTWEST DRIVE STE. 190 HOUSTON TX 77024 EMAIL: thebaultinfo@earthcolor.com FAX: 973-952-8282 PHONE: 973-884-1300 | Resell | | $499,407.53 |
| 27 | Precision Dynamics Corp | Precision Dynamics Corp Attn: General Counsel PO BOX 71549 CHICAGO IL 60694-1995 EMAIL: info@pdchealthcare.com FAX: 800-321-4409 PHONE: 661-257-0233 | Resell | | $472,619.64 |
| 28 | Craig Brown | Craig Brown 60 Royal Birkdale Springboro OH 45066 EMAIL: FAX: PHONE: | Non-Qualified Pension and Deferred Compensation | Contingent and Unliquidated | $465,006.76 |

| Rank | Name of Creditor | Complete mailing address, and employee, agents, or department familiar with claim | Nature of claim (trade debt, bank loan, government contracts, etc.) | Indicate if claim is contingent, unliquidated, disputed, or subject to set off | Amount of claim (if secured, also state value of security) |
|---|---|---|---|---|---|
| 29 | Rajendra Mehta | Rajendra Mehta<br>220 Estates Dr<br>Dayton OH 45459<br>EMAIL:<br>FAX:<br>PHONE: | Non-Qualified Pension and Deferred Compensation | Contingent and Unliquidated | $434,507.26 |
| 30 | Virginia Rafferty | Virginia Rafferty<br>235 Bellewood Drive<br>Aiken SC 29803<br>EMAIL:<br>FAX:<br>PHONE: | Non-Qualified Pension and Deferred Compensation | Contingent and Unliquidated | $429,458.40 |
| 31 | Jack Marshall | Jack Marshall<br>470 Westwood<br>Barrington IL 60010<br>EMAIL:<br>FAX:<br>PHONE: | Non-Qualified Pension and Deferred Compensation | Contingent and Unliquidated | $412,496.64 |
| 32 | Unisource Worldwide Inc | Unisource Worldwide Inc<br>Attn: General Counsel<br>7575 BREWSTER<br>PHILADELPHIA PA 19153<br>EMAIL:<br>FAX: 201-440-5901<br>PHONE: 770-447-9000 | Trade | | $408,590.66 |

| Rank | Name of Creditor | Complete mailing address, and employee, agents, or department familiar with claim | Nature of claim (trade debt, bank loan, government contracts, etc.) | Indicate if claim is contingent, unliquidated, disputed, or subject to set off | Amount of claim (if secured, also state value of security) |
|---|---|---|---|---|---|
| 33 | Michael Wolk | Michael Wolk<br>1246 Homestead Creek Dr<br>Broadview Heights OH 44147<br>EMAIL:<br>FAX:<br>PHONE: | Non-Qualified Pension and Deferred Compensation | Contingent and Unliquidated | $400,000.00 |
| 34 | Flexcon Company Inc. | Flexcon Company Inc.<br>ATTN: Accounts Receivable<br>1 FLEXcon Industrial Park<br>Spencer, MA 01562- 2642<br>EMAIL:<br>FAX: (508) 885-8400<br>PHONE: 508-885-8200 | Trade | | $356,533.03 |
| 35 | Edward Keiper | Edward Keiper<br>22706 Whiteoaks<br>Mission Viejo CA 92692<br>EMAIL:<br>FAX:<br>PHONE: | Non-Qualified Pension and Deferred Compensation | Contingent and Unliquidated | $356,060.15 |
| 36 | Xpedx LLC | Xpedx LLC<br>Attn: General Counsel<br>6285 Tri-Ridge Blvd.<br>Loveland OH 45140<br>EMAIL:<br>FAX: 513-965-2849<br>PHONE: 513-965-2900 | Trade | | $349,477.25 |

| Rank | Name of Creditor | Complete mailing address, and employee, agents, or department familiar with claim | Nature of claim (trade debt, bank loan, government contracts, etc.) | Indicate if claim is contingent, unliquidated, disputed, or subject to set off | Amount of claim (if secured, also state value of security) |
|------|------------------|---------------------------------------------------------------------------------|---------------------------------------------------------------------|--------------------------------------------------------------------------------|-----------------------------------------------------------|
| 37 | Lithia Springs | Lithia Springs<br>Attention: Ericca Stokes<br>3475 Piedmont Road<br>Suite 650<br>Atlanta GA 30305<br>EMAIL: estokes@prologis.com<br>FAX:<br>PHONE: 404-760-7222 | Lease Rejection Damages | | $343,995.36 |
| 38 | Novation GPO | Novation GPO<br>Mitchell Shepherd<br>75 REMITTANCE DR STE 1420<br><br>CHICAGO IL 60675<br>EMAIL:<br>FAX: 972-581-5013<br>PHONE: 972-581-5000 | Customer Rebates | | $337,906.00 |
| 39 | Robert Assini | Robert Assini<br>20 Rima Court<br>Danville CA 94526<br>EMAIL:<br>FAX:<br>PHONE: | Non-Qualified Pension and Deferred Compensation | Contingent and Unliquidated | $335,267.48 |
| 40 | Sanmar Corp. | SANMAR CORP<br>Attn: General Counsel<br>PO BOX 643693<br>CINCINNATI OH 45264-3693<br>EMAIL: sales@sanmar.com<br>FAX: 206-727-3203<br>PHONE: 206-727-3200 | Trade | | $329,632.08 |

| Rank | Name of Creditor | Complete mailing address, and employee, agents, or department familiar with claim | Nature of claim (trade debt, bank loan, government contracts, etc.) | Indicate if claim is contingent, unliquidated, disputed, or subject to set off | Amount of claim (if secured, also state value of security) |
|---|---|---|---|---|---|
| 41 | Partners Healthcare | Partners Healthcare<br>Peter Markell<br>529 Main Street<br>Charlestown MA 02129-0000<br>EMAIL:<br>FAX:<br>PHONE: 617-726-2142 | Customer Rebates | | $315,625.00 |
| 42 | Nevs Ink Inc | Nevs Ink Inc<br>Attn: General Counsel<br>2500 W SUNSET DRIVE<br>WAUKESHA WI 53189<br>EMAIL: nevsink@nevsink.com<br>FAX: 262-548-0655<br>PHONE: 800-638-7465 | Resell | | $305,969.85 |
| 43 | Source Technologies Inc | Source Technologies Inc<br>Attn: General Counsel<br>4205B Westinghouse Commons Drive<br>Charlotte NC 28273<br>EMAIL: Kimberly@sourcetechnologiesinc.com<br>FAX: 203-284-9389<br>PHONE: 866-572-1806 | Resell | | $289,108.51 |
| 44 | Domtar Paper Co LLC | Domtar Paper Co LLC<br>Attn: General Counsel<br>8800 Sterling Street<br>Irving TX 75063-2535<br>EMAIL:<br>FAX: 270-927-8714<br>PHONE: 803-802-7500 | Vendor | | $281,565.04 |

| Rank | Name of Creditor | Complete mailing address, and employee, agents, or department familiar with claim | Nature of claim (trade debt, bank loan, government contracts, etc.) | Indicate if claim is contingent, unliquidated, disputed, or subject to set off | Amount of claim (if secured, also state value of security) |
|------|------------------|-----------------------------------------------------------------------------------|--------------------------------------------------------------------|------------------------------------------------------------------------------|-----------------------------------------------------------|
| 45 | Cass Information Systems | Cass Information Systems Attn: General Counsel 12444 Powerscourt Drive Suite 550 St. Louis MO 63131 EMAIL: FAX: 314-506-5955 PHONE: 314-506-5500 | Shipping | | $278,338.01 |
| 46 | Dayton Mailing Services | Dayton Mailing Services Attn: General Counsel PO BOX 2436 DAYTON OH 45401 EMAIL: marketing@daytonmailing.com FAX: 937-222-2696 PHONE: 937-222-5056 | Resell | | $277,393.72 |
| 47 | Bruce Moses | Bruce Moses 620 Hospitality Dr Rancho Mirage CA 92270 EMAIL: FAX: PHONE: | Non-Qualified Pension and Deferred Compensation | Contingent and Unliquidated | $276,515.52 |
| 48 | Catholic Contracting Group (CCG) | Catholic Contracting Group (CCG) Attention: Mike Maguire Premier Healthcare Alliance LP 13034 Ballantine Corporate Place Charlotte NC 28277 EMAIL: FAX: 704-816-5092 PHONE: 704-357-0022 | Customer Rebates | | $275,343.00 |

| Rank | Name of Creditor | Complete mailing address, and employee, agents, or department familiar with claim | Nature of claim (trade debt, bank loan, government contracts, etc.) | Indicate if claim is contingent, unliquidated, disputed, or subject to set off | Amount of claim (if secured, also state value of security) |
|------|------------------|-----------------------------------------------------------------------------------|-------------------------------------------------------------------|-------------------------------------------------------------------------------|-----------------------------------------------------------|
| 49 | Independent Printing Co Inc. | Independent Printing Co Inc Attn: General Counsel 1801 Lawrence Drive PO Box 5790 De Pere WI 54115 EMAIL: contactus@independentinc.com FAX: 888-336-6118 PHONE: 800-443-6771 | Resell | | $267,672.78 |
| 50 | Nissan Total | Nissan Total Attn: General Counsel 983 Nissan Drive Smyrna TN 37617-0003 EMAIL: FAX: 615-725-8535 PHONE: 615 725-1000 | Postal Deposit | | $265,442.20 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:

THE STANDARD REGISTER COMPANY,

Debtor

Employer Tax I.D. No. 31-0455440

Chapter 11

Case No. 15-_____ (___)

## DECLARATION UNDER PENALTY OF PERJURY

Pursuant to 28 U.S.C. § 1746, I, Joseph P. Morgan, Jr., the duly authorized signatory of The Standard Register Company, declare under penalty of perjury that I have read the forgoing Consolidated List of Creditors Holding the 50 Largest Unsecured Claims and that it is true and correct to the best of my information and belief.

Dated: Dayton, Ohio
       March 12, 2015

By: Joseph P. Morgan, Jr.
Title: President and Chief Executive Officer

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, | Case No. 15-_____ (___) |
| Debtor | |
| Employer Tax I.D. No. 31-0455440 | |

## DEBTOR'S LIST OF EQUITY SECURITY HOLDERS
## AND CORPORATE OWNERSHIP STATEMENT

Pursuant to Federal Rule of Bankruptcy Procedure 1007(a)(1), the following are corporations, other than a governmental unit, that directly or indirectly own 10% or more of any class of the Debtor's equity interests:

| Shareholder | Address of Shareholder | Approximate Percentage of Shares Held |
|---|---|---|
| The Fifth Third Bank, as Trustee under the Agreement dated December 29, 1939 with William C. Sherman | 38 Fountain Square Plaza Cincinnati, Ohio 45263 | Class A Stock – 23% Common Stock – 6% |
| The Fifth Third Bank, as Trustee for The Last Will and Testament of William C. Sherman | 38 Fountain Square Plaza Cincinnati, Ohio 45263 | Class A Stock – 23% Common Stock – 6% |
| Silver Point Capital L.P. | 2 Greenwich Plaza, First Floor Greenwich, CT 06830 | Common Stock – 13% |
| Roy W. Begley, Jr., James L. Sherman, and Gary P. Kreider, as Co-Trusees for the The Last Will and Testament of John Q. Sherman fbo William Patrick Sherman | 147 Beverly Place Dayton, OH 45419 | Class A Stock – 9% Common Stock – 2% |
| Roy W. Begley, Jr., James L. Sherman, and Gary P. Kreider, as Co-Trusees for the The Last Will and Testament of John Q. Sherman fbo Mary Catherine Sherman Newshawg | 147 Beverly Place Dayton, OH 45419 | Class A Stock – 9% Common Stock – 2% |

| | | |
|---|---|---|
| Roy W. Begley, Jr., James L. Sherman, and Gary P. Kreider, as Co-Trustees for the The Last Will and Testament of John Q. Sherman fbo James Louis Sherman | 147 Beverly Place Dayton, OH 45419 | Class A Stock – 9% Common Stock – 2% |
| Roy W. Begley, Jr., James L. Sherman, and Gary P. Kreider, as Co-Trusees for the The Last Will and Testament of John Q. Sherman fbo Helen Louise Sherman Tormey | 147 Beverly Place Dayton, OH 45419 | Class A Stock – 9% Common Stock – 2% |
| Roy W. Begley, Jr., James L. Sherman, and Gary P. Kreider, as Co-Trusees for the The Last Will and Testament of John Q. Sherman fbo Charles Francis Sherman | 147 Beverly Place Dayton, OH 45419 | Class A Stock – 9% Common Stock – 2% |
| Roy W. Begley, Jr., James L. Sherman, and Gary P. Kreider, as Co-Trusees for the The Last Will and Testament of John Q. Sherman fbo Patricia Lucille Sherman Begley | 147 Beverly Place Dayton, OH 45419 | Class A Stock – 9% Common Stock – 2% |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| **THE STANDARD REGISTER COMPANY,** | Case No. 15-_____ (____) |
| **Debtor** | |
| **Employer Tax I.D. No. 31-0455440** | |

### DECLARATION UNDER PENALTY OF PERJURY

Pursuant to 28 U.S.C. § 1746, I, Joseph P. Morgan, Jr., the duly authorized signatory of The Standard Register Company, declare under penalty of perjury that I have read the forgoing Corporate Ownership Statement and that it is true and correct to the best of my information and belief.

Dated: Dayton, Ohio
     March 12, 2015

By:    Joseph P. Morgan, Jr.
Title:  President and Chief Executive Officer