## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, *et al.*,[1] | Case No. 15-_____ (___) |
| Debtors. | (Joint Administration Requested) |

## DEBTORS' MOTION FOR INTERIM AND FINAL ORDERS (A) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING OR DISCONTINUING SERVICE; (B) APPROVING THE DEBTORS' PROPOSED ADEQUATE ASSURANCE OF PAYMENT FOR POSTPETITION SERVICES; AND (C) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS FOR ADDITIONAL ADEQUATE ASSURANCE OF PAYMENT

The Standard Register Company ("Standard Register") and its affiliated debtors and

debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors")

hereby move this Court (the "Motion") for entry of interim and final orders substantially in the

forms annexed hereto as Exhibit A and Exhibit B (the "Interim Order" and "Final Order,"

respectively), pursuant to sections 105(a) and 366 of title 11 of the United States Code (the

"Bankruptcy Code"), Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), and Rule 9013-1(m) of the Local Rules of Bankruptcy Practice and

Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local

Rules"), (a) prohibiting the Utility Providers (as defined below) from (i) altering, refusing, or

discriminating utility services to, or discriminating against, the Debtors on account of any

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001).  The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

outstanding amounts for services rendered prepetition or (ii) drawing upon any existing security

deposit, surety bond, or other form of security to secure future payment for utility services;

(b) determining that adequate assurance of payment for postpetition utility services has been

furnished to the Utility Providers providing services to the Debtors; and (c) establishing

procedures for resolving future requests by any Utility Provider for additional adequate

assurance of payment.  In support of the Motion, the Debtors rely upon and incorporate by

reference the *Declaration of Kevin Carmody in Support of the Debtors' Chapter 11 Petitions and

Requests for First Day Relief* (the "First Day Declaration"), which was filed concurrently

herewith.  In further support of this Motion, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1.       The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and

157, and the *Amended Standing Order of Reference* from the United States District Court for the

District of Delaware dated as of February 29, 2012.  This is a core proceeding pursuant to

28 U.S.C. § 157(b) and pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a

final order by the Court in connection with this Motion to the extent that it is later determined

that the Court, absent consent of the parties, cannot enter final orders or judgments in connection

herewith consistent with Article III of the United States Constitution.  Venue is proper before

this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the

relief requested herein are sections 105(a) and 366 of the Bankruptcy Code, Bankruptcy Rules

6003 and 6004, and Local Rule 9013-1(m).

## BACKGROUND

**A.       General Background**

2.       On the date hereof (the "Petition Date"), each of the Debtors commenced a

voluntary case under chapter 11 of the Bankruptcy Code.  Pursuant to sections 1107(a) and 1108

of the Bankruptcy Code, the Debtors are continuing to manage their financial affairs as debtors in possession.  No trustee, examiner, or official committee of unsecured creditors has been appointed in these cases.

3.    Contemporaneously herewith, the Debtors filed a motion seeking joint administration of their chapter 11 cases (collectively, the "Chapter 11 Cases") pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.  No trustee, examiner, or official committee of unsecured creditors has been appointed in these cases.

4.    Additional information regarding the Debtors' history and business operations, capital structure and primary secured indebtedness, and the events leading up to the commencement of these Chapter 11 Cases, can be found in the First Day Declaration.

**B.    Description of Utility Services and Utility Providers**

5.    In conjunction with their day-to-day operations and/or maintenance of their businesses, the Debtors receive traditional utility services from various utility providers (each, a "Utility Provider" and collectively the "Utility Providers"), for, among other things, electricity, water, gas, local and long-distance telecommunication services, data service, waste disposal, sewer service and other similar services (collectively, the "Utility Services").  The Utility Providers include, without limitation, the entities set forth on the list annexed hereto as Exhibit C (the "Utility Providers List").

6.    The Debtors paid an average of approximately $1,183,040 per month on account of all Utility Services during the 2014 calendar year.  The Debtors have consistently made payments to the Utility Providers on a regular and timely basis, and to the best of the Debtors' knowledge, there are no material defaults or arrearages with respect to the Debtors' undisputed invoices for Utility Services, other than the payment interruptions that may be caused by the commencement of these Chapter 11 Cases.

## RELIEF REQUESTED

7.        Section 366 of the Bankruptcy Code prohibits a utility company, within the first 30 days after the filing of a chapter 11 case, from altering, refusing, or discontinuing services to, or discriminating against, a debtor solely on the basis of the commencement of bankruptcy proceedings or the debtor's failure to pay a prepetition debt.[2]  In a chapter 11 case, once the initial 30 days have expired, a utility company may discontinue services if the debtor has not provided the utility company with "adequate assurance of payment for utility service that is satisfactory to the utility."  11 U.S.C. § 366(c)(2).

8.        By this Motion, the Debtors respectfully request entry of the Interim Order and the Final Order, pursuant to sections 105(a) and 366 of the Bankruptcy Code, (a) prohibiting the Utility Providers from (i) altering, refusing, or discontinuing utility services to, or discriminating against, the Debtors on account of any outstanding amounts for services rendered prepetition or (ii) drawing upon any existing security deposit, surety bond, or other form of security to secure future payment for utility services; (b) determining that adequate assurance of payment for post-petition utility services has been furnished to the Utility Providers providing services to the Debtors; and (c) establishing procedures for resolving future requests by any Utility Provider for additional adequate assurance of payment.

---

[2]     There is an apparent discrepancy between subsections (b) and (c) of section 366 of the Bankruptcy Code because these two subsections set forth different time periods during which a utility is prohibited from altering, refusing or discontinuing utility service.  Specifically, section 366(b) of the Bankruptcy Code allows a utility to alter, refuse or discontinue service "if neither the trustee nor the debtor, within 20 days after the date of the order for relief, furnishes adequate assurance of payment," while section 366(c)(2) of the Bankruptcy Code allows a utility in "a case filed under chapter 11 . . . to alter, refuse or discontinue service" to a chapter 11 debtor "if during the 30-day period beginning on the date of the filing of the petition, the utility does not receive from the debtor or the trustee adequate assurance of payment for utility service…."  (emphasis added).

Under the statutory construction canon *lex specialis derogut legi generali* ("specific language controls over general"), the language of section 366(c)(2) controls here because the Debtors are chapter 11 debtors.  See 3 Alan N. Resnick & Henry J. Sommer, *Collier on Bankruptcy* ¶ 366.03 (16th ed.) ("It is unclear how the 30-day period [in section 366(c)(2) of the Bankruptcy Code] meshes with the normal 20-day period in section 366(b).  The better view is that, because section 366(c) is more specifically applicable to chapter 11 cases, the 30-day period, rather than the 20-day period in section 366(b), should apply.").

C.      **Proposed Adequate Assurance**

9.      Consistent with section 366(c)(1)(A) of the Bankruptcy Code, which defines the phrase "assurance of payment" to include, among other things, a cash deposit, the Debtors propose to deposit, within 20 days of the Petition Date, an amount equal to the estimated cost for two weeks of Utility Services, calculated based on the historical data for the past year (the "Adequate Assurance Deposit") into one segregated bank account designated for the Adequate Assurance Deposit (the "Adequate Assurance Deposit Account") for the benefit of all Utility Providers.  Thus, in order to maintain uninterrupted Utility Services, the Debtors propose to deposit $591,520 into the Adequate Assurance Deposit Account within 20 days of the Petition Date.  Thereafter, the Debtors propose to adjust the amount in the Adequate Assurance Deposit Account to reflect several factors: (i) the termination of Utility Services by the Debtors regardless of any Additional Assurance Requests, (ii) agreements with Utility Providers, and (iii) amounts spent on Utility Services from Utility Providers that already hold deposits or other security from the Debtors for such Utility Services.  These adjustments will permit the Debtors to maintain the Adequate Assurance Deposit Account with an amount that consistently provides the Utility Providers that do not otherwise hold deposits or security for their Utility Services with a half-month deposit on account of such services.

10.     The Debtors submit that the Adequate Assurance Deposit and maintenance of the Adequate Assurance Deposit Account as described above, in conjunction with the Debtors' ability to pay for future utility services in the ordinary course of business (together, the "Proposed Adequate Assurance"), constitutes sufficient adequate assurance of future payment to the Utility Providers to satisfy the requirements of section 366 of the Bankruptcy Code.  However, if any Utility Provider believes additional assurance is required, they may request such assurance pursuant to the procedures described below.

D. **Proposed Adequate Assurance Procedures**

11.     In light of the severe consequences to the Debtors of any interruption in services

by the Utility Providers, but recognizing the right of each Utility Provider to evaluate the

Proposed Adequate Assurance on a case-by-case basis, the Debtors request that the Court

approve, and allow the Debtors to implement, the following procedures (the "Adequate

Assurance Procedures") by which a Utility Provider not satisfied with the Proposed Adequate

Assurance may request additional adequate assurance (an "Additional Assurance Request"):

>    a.     Within two (2) business days of the date the Interim Order is docketed, the Debtors will mail a copy of the Interim Order to the Utility Providers on the Utility Providers List;

>    b.     If a Utility Provider is not satisfied with the Proposed Adequate Assurance and seeks additional assurance of payment in the form of a deposit, letter of credit, prepayment, or otherwise, it must serve an Additional Assurance Request upon proposed counsel to the Debtors, (i) Gibson, Dunn & Crutcher LLP, 333 South Grand Avenue, Los Angeles, CA 90071 (Attn:  Sabina Jacobs, Esq.) and (ii) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801 (Attn:  Elizabeth Justison, Esq.) (collectively, the "Notice Parties");

>    c.     Each Additional Assurance Request must (i) be made in writing; (ii) set forth all location(s) for which utility services are provided and the relevant account number(s); (iii) include a summary of the Debtors' payment history relevant to the affected account(s); (iv) describe any deposits or other security currently held by the requesting Utility Provider; and (v) identify and explain the basis of the Utility Provider's proposed adequate assurance requirement under section 366(c)(2) of the Bankruptcy Code;

>    d.     Upon the Notice Parties' receipt of an Additional Assurance Request at the addresses set forth in subparagraph (b) above, the Debtors shall promptly negotiate with such Utility Provider to resolve such Utility Provider's Additional Assurance Request;

>    e.     The Debtors may, in their discretion, resolve an Additional Assurance Request by mutual agreement with the requesting Utility Provider without further notice to the Court or any other party in interest and may, in connection with any such agreement and in their discretion, provide a Utility Provider with additional adequate assurance of future payment, including, but not limited to, cash deposits, prepayments, and/or other forms of security, without further order of the Court to

the extent that the Debtors believe such additional assurance is reasonable in the exercise of their business judgment;

f.      If the Debtors determine that a timely received Additional Assurance Request is not reasonable and are unable to reach an alternative resolution with the applicable Utility Provider, the Debtors shall calendar the matter (the "Adequate Assurance Dispute") for the next regularly scheduled omnibus hearing to determine the adequacy of assurance of payment pursuant to section 366(c)(3) of the Bankruptcy Code;

g.      Pending resolution of any such Adequate Assurance Dispute, any such Utility Provider shall be prohibited from altering, refusing, or discontinuing service to the Debtors on account of unpaid charges for prepetition services, the filing of the Chapter 11 Cases, or any objection to the adequacy of the Proposed Adequate Assurance; and

h.      The Debtors may, in their discretion, resolve any Adequate Assurance Dispute by mutual agreement with the requesting Utility Provider without further notice to the Court or any other party in interest and may, in connection with any such agreement and in their discretion, provide a Utility Provider with additional adequate assurance of future payment, including, but not limited to, a cash deposit, prepayment, letter of credit, and/or other forms of security, without further order of the Court to the extent the Debtors believe that such additional assurance is reasonable in the exercise of their business judgment and the Debtors may, by mutual agreement with the objecting Utility Provider and without further order of the Court, reduce the Adequate Assurance Deposit by an amount not exceeding the requesting Utility Provider's estimated two-week utility expense.

**E.      Subsequent Modification of the Utility Providers List**

12.      The Debtors request that they be allowed, without further order of the Court, to supplement the Utility Providers List if any Utility Provider has been inadvertently omitted from the list (each an "Additional Utility Provider").  If the Debtors determine that the Utility Providers List should be supplemented, the Debtors will, as soon as practicable, file with the Court a supplement to Exhibit C adding the name of any Additional Utility Provider to the Utility Providers List.  The Debtors will then serve by email or by facsimile transmission (or, where the Debtors do not have the email address or fax number of a Utility Provider, by First Class Mail) a copy of this Motion and the signed Interim or Final Order, as applicable, on any Additional Utility Provider.

**F.      Request for Final Hearing**

13.      The Debtors request that a final hearing on this Motion be held within 30 days of the Petition Date to ensure that, if a Utility Provider argues that it can unilaterally refuse service to any of the Debtors on the 31st day after the Petition Date, the Debtors will have the opportunity, to the extent necessary, to request that the Court make such modifications to the Adequate Assurance Procedures in time to avoid any potential termination of Utility Services.

<u>BASIS FOR RELIEF REQUESTED</u>

**A.      Section 366 of the Bankruptcy Code Grants the Court the Discretion to Determine the Adequacy of the Debtors' Proposed Adequate Assurance**

14.      Congress enacted section 366 of the Bankruptcy Code to protect a debtor from immediate termination of utility services after filing for bankruptcy, while at the same time providing the utility companies with adequate assurance of payment for post-petition utility services.  *See* H.R. Rep. No. 95-595, at 350 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6306. Section 366 defines "assurance of payment" to mean several forms of security, including, cash deposits, letters of credit, and prepayment of utility services.  11 U.S.C. § 366(c)(1)(A).  Section 366(c)(1)(B) explicitly excludes, however, offering administrative expense priority as adequate assurance of payment.

15.      While section 366(c) of the Bankruptcy Code sets forth what constitutes adequate assurance of payment, the bankruptcy court nonetheless retains discretion to determine what, if any, adequate assurance is necessary to satisfy section 366's requirement that assurance of payment must only be adequate.  *See In re Adelphia Bus. Solutions, Inc.*, 280 B.R. 63, 80 (Bankr. S.D.N.Y. 2002) ("The bankruptcy courts are in agreement that section 366(b) vests in the bankruptcy court the exclusive responsibility for determining the appropriate security which a debtor must provide to his utilities to preclude termination of service for non-payment of pre-

petition utility bills."); *In re Begley*, 41 B.R. 402, 405-06 (E.D. Pa. 1984), *aff'd*, 760 F.2d 46 (3d

Cir. 1985).  Accordingly, a court is not required to give the utility companies an "absolute

guarantee of payment," or require that the adequate assurance take the form of a deposit, bond,

letter of credit, or similar security.  *In re Caldor, Inc. - N.Y.*, 199 B.R. 1, 3 (S.D.N.Y. 1996), *aff'd*

*sub nom. Va. Elec. & Power Co. v. Caldor, Inc.*, 117 F.3d 646 (2d Cir. 1997).

16.     Rather, in considering the facts and circumstances of each case, the Court must

ensure only that the utility is not subject to an unreasonable risk of non-payment for post-petition

services.  *See In re Adelphia*, 280 B.R. at 80; *Mass. Elec. Co. v. Keydata Corp. (In re Keydata*

*Corp.)*, 12 B.R. 156, 158 (B.A.P. 1st Cir. 1981).  The Court, therefore, must strike a balance

between satisfying the utility company's need for adequate assurance and ensuring that the

debtor gives no more than what is adequate, as the debtor has a conflicting need to conserve

financial resources.  *See In re Magnesium Corp. of Am.*, 278 B.R. 698, 714 (Bankr. S.D.N.Y.

2002) (holding that to require the debtor to allocate valuable liquidity to provide further

"adequate assurance" to satisfy a utility's obligations before their amount has been fixed would

prejudice the entirety of the debtor's unsecured creditor body for the benefit of a single one).

17.     In determining whether a utility is subject to an unreasonable risk of non-

payment, the Court may consider whether the utility would seek the same additional security

from a non-bankruptcy customer.  *See In re Caldor, Inc. - N.Y.*, 199 B.R. at 3 (finding that the

utility companies were not seeking additional security for an adequate assurance of future

payment, but solely because their monopoly position permitted them to capitalize on the debtors'

bankruptcy filing); *Whittaker v. Phila. Elec. Co. (In re Whittaker)*, 84 B.R. 934, 941-42 (Bankr.

E.D. Pa. 1988), *aff'd*, 92 B.R. 110 (E.D. Pa. 1988), *aff'd*, 882 F.2d 791 (3d Cir. 1989).  The

Court may not consider, however, the absence of security before the petition date, the debtor's

history of timely payments, or the availability of an administrative expense priority.  11 U.S.C. § 366(c)(3)(B).

**B.  The Debtors' Proposed Adequate Assurance is Routinely Upheld as Adequate by Courts in this District**

18.  Given that this Court has the discretion to determine the assurance necessary to satisfy the Utility Providers' needs, the Debtors submit that the Proposed Adequate Assurance is more than adequate to ensure that the Debtors will meet their post-petition utility obligations. Indeed, the Debtors' proposal comports with numerous orders entered by this and other bankruptcy courts.  *See, e.g., In re Brookstone Holdings Corp.*, Case No. 14-10752 (BLS) (Bankr. D. Del. Apr. 4, 2014 (interim order), Apr. 25, 2014 (final order)); *In re F&H Acquisition Corp.*, Case No. 13-13220 (KG) (Bankr. D. Del. Dec. 17, 2013 (interim order), Jan. 8, 2014 (final order)); *In re School Specialty, Inc.*, Case No. 13-10125 (KJC) (Bankr. D. Del. Jan. 30, 2013 (interim order), Feb. 25, 2013 (final order)); *In re Vertis Holdings, Inc.*, Case No. 12-12821 (CSS) (Bankr. D. Del. Oct. 12, 2012 (interim order), Nov. 1, 2012 (final order)); *In re THQ Inc.*, Case No. 12-13398 (MFW) (Bankr. D. Del. Dec. 21, 2012 (interim order), Jan. 4, 2013 (final order)); *In re Nebraska Book Co., Inc.*, Case No. 11-12005 (PJW) (Bankr. D. Del. June 28, 2011 (interim order), July 21, 2011 (final order)).

19.  Because the Debtors' receipt of uninterrupted Utility Services is vital to the Debtors' continued business operations and, consequently, to the success of their Chapter 11 Cases, the relief requested herein is necessary and in the best interests of the Debtors, their estates and creditors.  Such relief ensures that the Debtors' business operations will not be disrupted and provides Utility Companies and the Debtors with an orderly and fair procedure for determining "adequate assurance."

20.     Based upon the foregoing, the Debtors submit that the relief requested herein should be granted.

## C.     Immediate Relief Is Justified

21.     Pursuant to Bankruptcy Rule 6003, the Court may grant relief within 21 days after the filing of the petition regarding a motion to "use, sell, lease, or otherwise incur an obligation regarding property of the estate" only if such relief is necessary to avoid immediate and irreparable harm.  Fed. R. Bankr. P. 6003(b).  Immediate and irreparable harm exists where the absence of relief would impair a debtor's ability to reorganize or threaten the debtor's future as a going concern.  *See In re Ames Dep't Stores, Inc.*, 115 B.R. 34, 36 n.2 (Bankr. S.D.N.Y. 1990) (discussing the elements of "immediate and irreparable harm" in relation to Bankruptcy Rule 4001).

22.     Moreover, Bankruptcy Rule 6003 authorizes the Court to grant the relief requested herein to avoid harm to the Debtors' customers and other third parties.  Unlike Bankruptcy Rule 4001, Bankruptcy Rule 6003 does not condition relief on imminent or threatened harm to the estate alone.  Rather, Bankruptcy Rule 6003 speaks of "immediate and irreparable harm" generally.  *Cf.* Fed. R. Bankr. P. 4001(b)(2), (c)(2) (referring to "irreparable harm to the estate").  Indeed, the "irreparable harm" standard is analogous to the traditional standards governing the issuance of preliminary junctions.  *See* 9 *Collier on Bankruptcy* ¶ 4001.07[b][3] (discussing source of "irreparable harm" standard under Rule 4001(c)(2)).  Courts will routinely consider third-party interests when granting such relief.  *See, e.g., Capital Ventures Int'l v. Argentina*, 443 F.3d 214, 223 n.7 (2d Cir. 2006); *see also Linnemeir v. Bd. of Trs. of Purdue Univ.*, 260 F.3d 757, 761 (7th Cir. 2001).

23.     As described herein and in the First Day Declaration, the Debtors will suffer immediate and irreparable harm without Court authorization to pay all undisputed invoices for

Utility Services rendered by the Utility Providers to the Debtors after the Petition Date, and to provide the Adequate Assurance Deposit for the benefit of the Utility Providers.  If the relief is not granted, the Debtors' operations that depend on the constant and reliable provision of Utility Services may suffer a significant disruption, reducing their revenue and profits and thereby causing immediate and irreparable harm to the Debtors' estates and, consequently, other interested parties.

24.     Accordingly, Bankruptcy Rule 6003 has been satisfied and the relief requested herein should be granted.

<b><u>REQUEST FOR WAIVER OF STAY</u></b>

25.     To implement the foregoing, the Debtors seek a waiver of any stay of the effectiveness of the order approving this Motion.  Pursuant to Bankruptcy Rule 6004(h), any "order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise."  Fed. R. Bankr. P. 6004(h).  The Debtors submit that the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtors for the reasons set forth herein.  Accordingly, the Debtors submit that ample cause exists to justify a waiver of the 14-day stay imposed by Bankruptcy Rule 6004(h).

26.     To implement the foregoing immediately, the Debtors respectfully request a waiver of the notice requirements of Bankruptcy Rule 6004(a) to the extent they are deemed applicable.

<b><u>DEBTORS' RESERVATION OF RIGHTS</u></b>

27.     Nothing contained herein is intended or should be construed as an admission of the validity of any claim against the Debtors; a waiver of the Debtors' rights to dispute any claim; or an approval, assumption, or rejection of any agreement, contract, or lease under section

365 of the Bankruptcy Code.  The Debtors expressly reserve their rights to contest any invoice or claim of any Utility Provider under applicable law and to assume or reject any agreements with Utility Providers in accordance with the applicable provisions of the Bankruptcy Code. Likewise, if this Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

### NOTICE

28.    The Debtors will provide notice of this Motion to: (i) the Office of the United States Trustee for the District of Delaware; (ii) holders of the 50 largest unsecured claims on a consolidated basis against the Debtors; (iii) counsel for Silver Point Finance, LLC, in its capacity as administrative agent under the Debtors' First Lien Credit Agreement and Second Lien Credit Agreement; (iv) counsel for Bank of America, N.A., in its capacity as administrative agent under the Debtors' Amended and Restated Loan and Security Agreement; (v) counsel to the agents under the Debtors' proposed debtor-in-possession financing facility; (vi) the Utility Providers; and (vii) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.  Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-1(m).  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated:  March 12, 2015
       Wilmington, Delaware

*/s/ Andrew L. Magaziner*
Michael R. Nestor (No. 3526)
Kara Hammond Coyle (No. 4410)
Maris J. Kandestin (No. 5294)
Andrew L. Magaziner (No. 5426)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253
mnestor@ycst.com
kcoyle@ycst.com
mkandestin@ycst.com
amagaziner@ycst.com

-and-

Robert A. Klyman (CA No. 142723)
Samuel A. Newman (CA No. 217042)
Jeremy L. Graves (CO No. 45522)
Sabina Jacobs (CA No. 274829)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-1512
Telephone: (213) 229-7000
Facsimile: (213) 229-7520
rklyman@gibsondunn.com
snewman@gibsondunn.com
jgraves@gibsondunn.com
sjacobs@gibsondunn.com

*Proposed Counsel to the Debtors and Debtors in Possession*

**<u>EXHIBIT A</u>**

**PROPOSED INTERIM ORDER**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, *et al.*,[1] | Case No. 15-_____ (___) |
| Debtors. | (Jointly Administered) |
| | **Re:  Docket No. ___** |

## INTERIM ORDER (A) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING OR DISCONTINUING SERVICE; (B) APPROVING THE DEBTORS' PROPOSED ADEQUATE ASSURANCE OF PAYMENT FOR POSTPETITION SERVICES; AND (C) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS FOR ADDITIONAL ADEQUATE ASSURANCE OF PAYMENT

Upon the *Debtors' Motion for Interim and Final Orders (a) Prohibiting Utility Providers from Altering, Refusing or Discontinuing Service; (b) Approving the Debtors' Proposed Adequate Assurance of Payment for Postpetition Services; and (c) Establishing Procedures for Resolving Requests for Additional Adequate Assurance of Payment* (the "Motion")[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"); and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and the Court having found that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and

---

[1]  The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001).  The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2]  All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

the Court having found that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given; and the Court having determined that it may enter a final order consistent with Article III of the United States Constitution; and upon consideration of the First Day Declaration; and a hearing having been held to consider the relief requested in the Motion; and upon the record of the hearing on the Motion and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as set forth herein on an interim basis.

2.      The Debtors are authorized to pay on a timely basis, in accordance with their prepetition practices, all undisputed invoices for Utility Services rendered by the Utility Providers to the Debtors after the Petition Date.

3.      The Debtors shall provide an Adequate Assurance Deposit for all Utility Providers by depositing $591,520, which is equal to the estimated cost for two weeks of Utility Services, into a segregated Adequate Assurance Deposit Account within 20 days of the Petition Date.  No Adequate Assurance Deposit will be made on account of Utility Services furnished by a Utility Provider that holds a security deposit in an amount that is greater than the cost of two weeks for such Utility Services.

4.      The Proposed Adequate Assurance comprises the Adequate Assurance Deposit and the Debtors' ability to pay for future utility services in the ordinary course of business and

constitutes sufficient adequate assurance of future payment to the Utility Providers to satisfy the requirements of section 366 of the Bankruptcy Code.

5.      Pending entry of the Final Order, the Utility Providers are prohibited from (a) altering, refusing, or discontinuing Utility Services to, or discriminating against, the Debtors on the basis of the commencement of the Chapter 11 Cases or on account of any unpaid prepetition charges or (b) requiring additional adequate assurance of payment other than the Proposed Adequate Assurance, as a condition of the Debtors continuing to receive Utility Services.

6.      The following Adequate Assurance Procedures are approved:

a.      Within two (2) business days of the date this Interim Order is docketed, the Debtors shall mail a copy of the Interim Order to the Utility Providers on the Utility Providers List;

b.      If a Utility Provider is not satisfied with the Proposed Adequate Assurance and seeks additional assurance of payment in the form of a deposit, letter of credit, prepayment, or otherwise, it must serve an Additional Assurance Request upon proposed counsel to the Debtors, (i) Gibson, Dunn & Crutcher LLP, 333 South Grand Avenue, Los Angeles, CA 90071 (Attn:  Sabina Jacobs, Esq.) and (ii) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801 (Attn:  Elizabeth Justison, Esq.) (collectively, the "Notice Parties");

c.      Each Additional Assurance Request must (i) be made in writing; (ii) set forth all location(s) for which utility services are provided and the relevant account number(s); (iii) include a summary of the Debtors' payment history relevant to the affected account(s); (iv) describe any deposits or other security currently held by the requesting Utility Provider; and (v) identify and explain the basis of the Utility Provider's proposed adequate assurance requirement under section 366(c)(2) of the Bankruptcy Code;

d.      Upon the Notice Parties' receipt of an Additional Assurance Request at the addresses set forth in subparagraph (b) above, the Debtors shall promptly negotiate with such Utility Provider to resolve such Utility Provider's Additional Assurance Request;

e.      The Debtors may, in their discretion, resolve an Additional Assurance Request by mutual agreement with the requesting Utility Provider without further notice to the Court or any other party in interest and may, in connection with any

such agreement and in their discretion, provide a Utility Provider with additional adequate assurance of future payment, including, but not limited to, cash deposits, prepayments, and/or other forms of security, without further order of the Court to the extent that the Debtors believe such additional assurance is reasonable in the exercise of their business judgment;

f.       If the Debtors determine that a timely received Additional Assurance Request is not reasonable and are unable to reach an alternative resolution with the applicable Utility Provider, the Debtors shall calendar the matter (the "Adequate Assurance Dispute") for the next regularly scheduled omnibus hearing to determine the adequacy of assurance of payment pursuant to section 366(c)(3) of the Bankruptcy Code;

g.       Pending resolution of any such Adequate Assurance Dispute, any such Utility Provider shall be prohibited from altering, refusing, or discontinuing service to the Debtors on account of unpaid charges for prepetition services, the filing of the Chapter 11 Cases, or any objection to the adequacy of the Proposed Adequate Assurance; and

h.       The Debtors may, in their discretion, resolve any Adequate Assurance Dispute by mutual agreement with the requesting Utility Provider without further notice to the Court or any other party in interest and may, in connection with any such agreement and in their discretion, provide a Utility Provider with additional adequate assurance of future payment, including, but not limited to, a cash deposit, prepayment, letter of credit, and/or other forms of security, without further order of the Court to the extent the Debtors believe that such additional assurance is reasonable in the exercise of their business judgment and the Debtors may, by mutual agreement with the objecting Utility Provider and without further order of the Court, reduce the Adequate Assurance Deposit by an amount not exceeding the requesting Utility Provider's estimated two-week utility expense.

7.       The Debtors may supplement the Utility Providers List without further order of the Court with Additional Utility Providers if such Additional Utility Providers were inadvertently omitted from the Utility Providers List, and the Debtors will file as soon as practicable with the Court a supplement to Exhibit C annexed to the Motion that adds the name of any Additional Utility Provider to the Utility Providers List.  The Debtors will then serve by email or by facsimile transmission (or, where the Debtors do not have the email address or fax number of an Additional Utility Provider, by First Class Mail) a copy of the Motion and this Interim Order on any Additional Utility Provider.

8.      No money may be withdrawn from the Adequate Assurance Deposit Account except (a) in compliance with the Adequate Assurance Procedures, (b) by mutual agreements of the Debtors and the applicable Utility Provider, or (c) by further order of the Court.  If the Debtors fail to pay for any legitimate post-petition Utility Services when due, a Utility Provider may access only that portion of the Adequate Assurance Deposit attributable to it in the Adequate Assurance Deposit Account.

9.      The Debtors shall administer the Adequate Assurance Deposit Account in accordance with the terms of this Interim Order, pending entry of a Final Order.

10.     Nothing contained herein constitutes a finding that any entity is or is not a Utility Provider hereunder or under section 366 of the Bankruptcy Code, whether or not such entity is listed on the Utility Providers List.

11.     Within two (2) business days of the date of this Interim Order, the Debtors shall serve a copy of this Interim Order and the Motion on each Utility Provider identified on the Utility Providers List.  Within two (2) business days of filing a supplement to the Utility Providers List, as applicable, the Debtors shall serve a copy of this Interim Order and the Motion on any applicable Additional Utility Provider.

12.     The final hearing on the relief requested in the Motion shall be on _____, 2015 at __:__ __.m. (prevailing Eastern Time).  The deadline by which objections to entry of the Final Order must be filed is _____, 2015 at 4:00 p.m. (prevailing Eastern Time) and objections must be served upon (a) proposed counsel to the Debtors; (b) the Office of the United States Trustee for the District of Delaware; (c) the Debtors' 50 largest unsecured creditors on a consolidated basis or, if one has been appointed, counsel to any official committee in the Chapter 11 Cases; and (d) those parties that have formally appeared

and requested service in these proceedings pursuant to Bankruptcy Rule 2002.  If no objections are timely filed, the Court may enter the Final Order without further notice or hearing.

13.      Nothing in the Motion or this Interim Order, or the Debtors' payment of any claims pursuant to this Interim Order, shall be deemed or construed as:  (a) an admission as to the validity of any claim or Lien against the Debtors or their estates; (b) a waiver of the Debtors' right to dispute any claim or Lien; (c) an approval or assumption of any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (d) an admission of the priority status of any claim, whether under section 503(b)(9) of the Bankruptcy Code or otherwise; or (e) a modification of the Debtors' rights to seek relief under any section of the Bankruptcy Code on account of any amounts owed or paid to any Utility Provider.

14.      Notwithstanding anything to the contrary contained herein, any payment to be made, or authorization contained, hereunder shall be subject to the requirements imposed on the Debtors under any approved order regarding post-petition financing and any budget in connection therewith.

15.      Nothing in this Order authorizes the Debtors to pay prepetition claims without further order of the Court.

16.      The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

17.      Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

18.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry.

19.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Interim Order in accordance with the Motion.

20.      The Court shall retain jurisdiction with respect to all matters arising from or

related to the implementation of this Interim Order.


Dated: _____, 2015
Wilmington, Delaware

_____

UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT B**

## **PROPOSED FINAL ORDER**

01:16770678.3

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, *et al.,*[1] | Case No. 15-_____ (___) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket Nos. ___ & ___** |

## FINAL ORDER (A) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING OR DISCONTINUING SERVICE; (B) APPROVING THE DEBTORS' PROPOSED ADEQUATE ASSURANCE OF PAYMENT FOR POSTPETITION SERVICES; AND (C) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS FOR ADDITIONAL ADEQUATE ASSURANCE OF PAYMENT

Upon the *Debtors' Motion for Interim and Final Orders (a) Prohibiting Utility Providers from Altering, Refusing or Discontinuing Service; (b) Approving the Debtors' Proposed Adequate Assurance of Payment for Postpetition Services; and (c) Establishing Procedures for Resolving Requests for Additional Adequate Assurance of Payment* (the "Motion")[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"); and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and the Court having found that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and

---

[1]    The Debtors and the last four digits of their respective U.S. federal taxpayer identification numbers are as follows:  The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (n/a); Standard Register de México, S. de R.L. de C.V. (n/a); Standard Register Servicios, S. de R.L. de C.V. (n/a); and Standard Register Technologies Canada ULC (n/a).  The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2]    All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

the Court having found that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given; and the Court having determined that it may enter a final order consistent with Article III of the United States Constitution; and upon consideration of the First Day Declaration; and a hearing having been held to consider the relief requested in the Motion; and upon the record of all hearings on the Motion and all of the proceedings had before the Court; and the Court having previously entered the *Interim Order (A) Prohibiting Utility Providers from Altering, Refusing or Discontinuing Service; (B) Approving the Debtors' Proposed Adequate Assurance of Payment for Postpetition Services; and (C) Establishing Procedures for Resolving Requests for Additional Adequate Assurance of Payment* [Docket No. ___]; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as set forth herein on a final basis.

2.      The Debtors are authorized to pay on a timely basis, in accordance with their prepetition practices, all undisputed invoices for Utility Services rendered by the Utility Providers to the Debtors after the Petition Date.

3.      To the extent not otherwise already done, the Debtors shall provide an Adequate Assurance Deposit for all Utility Providers by depositing $591,520 into a segregated Adequate Assurance Deposit Account upon entry of this Final Order.  No Adequate Assurance Deposit will be made on account of Utility Services furnished by a Utility Provider that holds a security deposit in an amount that is greater than the cost of two weeks for such Utility Services.

4.      The Proposed Adequate Assurance comprises the Adequate Assurance Deposit and the Debtor's ability to pay for future utility services in the ordinary course of business and constitutes sufficient adequate assurance of future payment to the Utility Providers to satisfy the requirements of section 366 of the Bankruptcy Code.

5.      The Utility Providers are prohibited from (a) altering, refusing, or discontinuing Utility Services to, or discriminating against, the Debtors on the basis of the commencement of the Chapter 11 Cases or on account of any unpaid prepetition charges or (b) requiring additional adequate assurance of payment other than the Proposed Adequate Assurance, as a condition of the Debtors continuing to receive Utility Services.

6.      The following Adequate Assurance Procedures are approved:

   a.      If a Utility Provider is not satisfied with the Proposed Adequate Assurance and seeks additional assurance of payment in the form of a deposit, letter of credit, prepayment, or otherwise, it must serve an Additional Assurance Request upon proposed counsel to the Debtors, (i) Gibson, Dunn & Crutcher LLP, 333 South Grand Avenue, Los Angeles, CA 90071 (Attn:  Sabina Jacobs, Esq.) and (ii) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801 (Attn:  Elizabeth Justison, Esq.) (collectively, the "Notice Parties");

   b.      Each Additional Assurance Request must (i) be made in writing; (ii) set forth all location(s) for which utility services are provided and the relevant account number(s); (iii) include a summary of the Debtors' payment history relevant to the affected account(s); (iv) describe any deposits or other security currently held by the requesting Utility Provider; and (v) identify and explain the basis of the Utility Provider's proposed adequate assurance requirement under section 366(c)(2) of the Bankruptcy Code;

   c.      Upon the Notice Parties' receipt of an Additional Assurance Request at the address set forth in subparagraph (a) above, the Debtors shall promptly negotiate with such Utility Provider to resolve such Utility Provider's Additional Assurance Request;

   d.      The Debtors may, in their discretion, resolve an Additional Assurance Request by mutual agreement with the requesting Utility Provider without further notice to the Court or any other party in interest and may, in connection with any such agreement and in their discretion, provide a Utility Provider with additional adequate assurance of future payment, including, but not limited to, cash deposits,

prepayments, and/or other forms of security, without further order of the Court to the extent the Debtors believe such additional assurance is reasonable in the exercise of their business judgment;

e.       If the Debtors determine that a timely received Additional Assurance Request is not reasonable and are unable to reach an alternative resolution with the applicable Utility Provider, the Debtors shall calendar the matter (the "Adequate Assurance Dispute") for the next regularly scheduled omnibus hearing to determine the adequacy of assurance of payment pursuant to section 366(c)(3) of the Bankruptcy Code;

f.       Pending resolution of any such Adequate Assurance Dispute, any such Utility Provider shall be prohibited from altering, refusing, or discontinuing service to the Debtors on account of unpaid charges for prepetition services, the filing of the Chapter 11 Cases, or any objection to the adequacy of the Proposed Adequate Assurance; and

g.       The Debtors may, in their discretion, resolve any Adequate Assurance Dispute by mutual agreement with the requesting Utility Provider without further notice to the Court or any other party in interest and may, in connection with any such agreement and in their discretion, provide a Utility Provider with additional adequate assurance of future payment, including, but not limited to, a cash deposit, prepayment, letter of credit, and/or other forms of security, without further order of the Court to the extent the Debtors believe that such additional assurance is reasonable in the exercise of their business judgment and the Debtors may, by mutual agreement with the objecting Utility Provider and without further order of the Court, reduce the Adequate Assurance Deposit by an amount not exceeding the requesting Utility Provider's estimated two-week utility expense.

7.       The Debtors may supplement the Utility Providers List without further order of the Court with Additional Utility Providers if such Additional Utility Providers were inadvertently omitted from the Utility Providers List, and the Debtors will file as soon as practicable with the Court a supplement to Exhibit C annexed to the Motion that adds the name of any Additional Utility Provider to the Utility Providers List.  The Debtors will then serve by email or by facsimile transmission (or, where the Debtors do not have the email address or fax number of an Additional Utility Provider, by First Class Mail) a copy of the Motion and this signed Final Order on any Additional Utility Provider.

8.      No money may be withdrawn from the Adequate Assurance Deposit Account except (a) in compliance with the Adequate Assurance Procedures, (b) by mutual agreements of the Debtors and the applicable Utility Provider, or (c) by further order of the Court.  If the Debtors fail to pay for any legitimate post-petition Utility Services when due, a Utility Provider may access only that portion of the Adequate Assurance Deposit attributable to it in the Adequate Assurance Deposit Account.

9.      Upon confirmation of any chapter 11 plan in these chapter 11 cases, and without further order of the Court, all amounts in the Adequate Assurance Deposit Account shall be immediately available for the Debtors' use, in their sole discretion.

10.     The Debtors shall administer the Adequate Assurance Deposit Account in accordance with the terms of this Final Order.

11.     Nothing contained herein constitutes a finding that any entity is or is not a Utility Provider hereunder or under section 366 of the Bankruptcy Code, whether or not such entity is listed on the Utility Providers List.

12.     Within two (2) business days of the date of this Final Order, the Debtors shall serve a copy of this Final Order and the Motion on each Utility Provider identified on the Utility Providers List.  Within two (2) business days of filing a supplement to the Utility Providers List, as applicable, the Debtors shall serve a copy of this Final Order and the Motion on any Additional Utility Provider.

13.     Nothing in this Order authorizes the Debtors to pay prepetition claims without further order of the Court.

14.     Nothing in the Motion or this Final Order, or the Debtors' payment of any claims pursuant to this Final Order, shall be deemed or construed as:  (a) an admission as to the validity

of any claim or Lien against the Debtors or their estates; (b) a waiver of the Debtors' right to dispute any claim or Lien; (c) an approval or assumption of any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (d) an admission of the priority status of any claim, whether under section 503(b)(9) of the Bankruptcy Code or otherwise; or (e) a modification of the Debtors' rights to seek relief under any section of the Bankruptcy Code on account of any amounts owed or paid to any Utility Provider.

15.    Notwithstanding anything to the contrary contained herein, any payment to be made, or authorization contained, hereunder shall be subject to the requirements imposed on the Debtors under any approved order regarding post-petition financing and any budget in connection therewith.

16.    Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be immediately effective and enforceable upon its entry.

17.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Order in accordance with the Motion.

18.    The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Final Order.

Dated: _____, 2015
Wilmington, Delaware

_____

UNITED STATES BANKRUPTCY JUDGE

**<u>EXHIBIT C</u>**

**UTILITY PROVIDERS LIST**

**UTILITY PROVIDERS**

| Utility Provider | Utility Type | Mailing Address | City | State | Zip Code | 2014 Total Amount Paid for Utilities | 2014 Average Utilities Spend per Month | Adequate Assurance (2-week spend) |
|---|---|---|---|---|---|---|---|---|
| ACCESSLINE COMMUNICATIONS | Telephone | DEPT LA 22266 | PASADENA | CA | 91185-2266 | $1,901.19 | $158.43 | $80 |
| ALASKA COMMUNICATIONS SYSTEMS | Telephone | PO BOX 196666 | ANCHORAGE | AK | 99519-6666 | $12,773.81 | $1,064.48 | $533 |
| ALESTRA, S DE RL DE CV | Telephone | AV LAZARO CARDENAS 2321 RES. SAN AGUSTINA | SAN PEDRO, N.L. MEXICO | | | $55,939.85 | $4,661.65 | $2,331 |
| AMEREN ILLINOIS | Electricity | PO BOX 88034 | CHICAGO | IL | 60680-1034 | $179.85 | $14.99 | $8 |
| AMEREN ILLINOIS | Electricity | PO BOX 66884 | ST LOUIS | MO | 63166-6884 | $557.76 | $46.48 | $24 |
| AMEREN ILLINOIS | Electricity | PO BOX 88034 | CHICAGO | IL | 60680 | $135.73 | $11.31 | $6 |
| AMEREN MISSOURI | Electricity | PO BOX 88068 | CHICAGO | IL | 60680-1068 | $4,634.19 | $386.18 | $194 |
| AMEREN UE | Electricity | PO BOX 66301 | ST LOUIS | MO | 63166 | $21,620.09 | $1,801.67 | $901 |
| AMERICAN ELECTRIC POWER CO | Electricity | PO BOX 24418 | CANTON | OH | 44701-4418 | $112,658.87 | $9,388.24 | $4,695 |
| AMERICAN ELECTRIC POWER CO | Electricity | PO BOX 24422 | CANTON | OH | 44701-4422 | $104,491.89 | $8,707.66 | $4,354 |
| AMERICAN ELECTRIC POWER CO | Electricity | PO BOX 24418 | CANTON | OH | 44701-4418 | $8,011.64 | $667.64 | $334 |
| AMERICAN ELECTRIC POWER CO | Electricity | PO BOX 24422 | CANTON | OH | 44701-4422 | $364,645.73 | $30,387.14 | $15,194 |
| AT&T | Telephone | PO BOX 105262 | ATLANTA | GA | 30348 | $1,478.88 | $123.24 | $62 |
| AT&T | Telephone | PO BOX 105320, ATTN REGIONAL SUMMARY BILL | ATLANTA | GA | 30348 | $5,068.86 | $422.41 | $212 |

| Utility Provider | Utility Type | Mailing Address | City | State | Zip Code | 2014 Total Amount Paid for Utilities | 2014 Average Utilities Spend per Month | Adequate Assurance (2-week spend) |
|---|---|---|---|---|---|---|---|---|
| AT&T | Telephone | PO BOX 5001 | CAROL STREAM | IL | 60197-5001 | $1,093.64 | $91.14 | $46 |
| AT&T | Telephone | PO BOX 105414 | ATLANTA | GA | 30348-5414 | $1,037.02 | $86.42 | $44 |
| AT&T | Telephone | PO BOX 5012 | CAROL STREAM | IL | 60197 | $30.00 | $2.50 | $2 |
| AT&T | Telephone | PO BOX 105068 | ATLANTA | GA | 30348 | $1.84 | $0.15 | $1 |
| AT&T | Telephone | PO BOX 5025 | CAROL STREAM | IL | 60197-5025 | $411.49 | $34.29 | $18 |
| AT&T | Telephone | PO BOX 5080 | CAROL STREAM | IL | 60197-5080 | $1,910.59 | $159.22 | $80 |
| AT&T | Telephone | PO BOX 5080 | CAROL STREAM | IL | 60197-5080 | $21,049.74 | $1,754.15 | $878 |
| AT&T | Telephone | PO BOX 5091 | CAROL STREAM | IL | 60197-5091 | $33,613.10 | $2,801.09 | $1,401 |
| AT&T | Telephone | PO BOX 5082 | CAROL STREAM | IL | 60197-5082 | $9,867.52 | $822.29 | $412 |
| AT&T | Telephone | PO BOX 5025 | CAROL STREAM | IL | 60197-5025 | $11,636.48 | $969.71 | $485 |
| AT&T | Telephone | PO BOX 105414 | ATLANTA | GA | 30348-5414 | $22,495.53 | $1,874.63 | $938 |
| AT&T | Telephone | PO BOX 105262 | ATLANTA | GA | 30348-5262 | $31,848.44 | $2,654.04 | $1,328 |
| AT&T | Telephone | PO BOX 5001 | CAROL STREAM | IL | 60197-5001 | $11,133.27 | $927.77 | $464 |
| AT&T | Telephone | GEORGIA, 85 ANNEX | ATLANTA | GA | 30385-0001 | $1,134.71 | $94.56 | $48 |
| AT&T | Telephone | GEORGIA, PO BOX 105262 | ATLANTA | GA | 30348-5262 | $3,619.37 | $301.61 | $151 |

01:16770678.3

| Utility Provider | Utility Type | Mailing Address | City | State | Zip Code | 2014 Total Amount Paid for Utilities | 2014 Average Utilities Spend per Month | Adequate Assurance (2-week spend) |
|---|---|---|---|---|---|---|---|---|
| AT&T | Telephone | NORTH CAROLINA, PO BOX 105262 | ATLANTA | GA | 30348-5262 | $152.70 | $12.73 | $7 |
| AT&T | Telephone | PO BOX 105503 | ATLANTA | GA | 30348-5503 | $12,826.04 | $1,068.84 | $535 |
| AT&T | Telephone | PO BOX 5080 | CAROL STREAM | IL | 60197-5080 | $8,771.45 | $730.95 | $366 |
| AT&T | Telephone | PO BOX 5014 | CAROL STREAM | IL | 60197-5014 | $169.00 | $14.08 | $8 |
| AT&T | Telephone | PO BOX 105320 | ATLANTA | GA | 30348-5320 | $4,038.66 | $336.56 | $169 |
| ATMOS ENERGY | Gas | PO BOX 790311 | SAINT LOUIS | MO | 63179-0311 | $27,622.73 | $2,301.89 | $1,151 |
| ATMOS ENERGY | gas | PO BOX 790311 | ST LOUIS | MO | 63179-0311 | $30,700.08 | $2,558.34 | $1,280 |
| AUSTELL GAS SYSTEM | Gas | PO BOX 685 | AUSTELL | GA | 30168-0685 | $21,203.67 | $1,766.97 | $884 |
| AUSTELL NATURAL GAS SYSTEM | Gas | 2838 JOE JERKINS BLVD, PO BOX 685 | AUSTELL | GA | 30168-0685 | $32,421.35 | $2,701.78 | $1,351 |
| AVAYA FINANCIAL SERVICES | Telephone | PO BOX 93000 | CHICAGO | IL | 60673-3000 | $75,048.27 | $6,254.02 | $3,128 |
| BLAIR TELEPHONE COMPANY | Telephone | PO BOX 200 | BLAIR | NE | 68008-0200 | $1,392.29 | $116.02 | $59 |
| BRANDENBURG TELEPHONE CO | Telephone | 200 TELCO DR, PO BOX 599 | BRANDENBURG | KY | 40108-0599 | $22,145.23 | $1,845.44 | $923 |
| CENTURY LINK | Internet | PO BOX 1319 | CHARLOTTE | NC | 28201-1319 | $3,511.47 | $292.62 | $147 |
| CENTURY TELEPHONE | Telephone | PO BOX 4300 | CAROL STREAM | IL | 60197-4300 | $2,357.82 | $196.49 | $99 |

3

| Utility Provider | Utility Type | Mailing Address | City | State | Zip Code | 2014 Total Amount Paid for Utilities | 2014 Average Utilities Spend per Month | Adequate Assurance (2-week spend) |
|---|---|---|---|---|---|---|---|---|
| CHARTER BUSINESS | Telephone | PO BOX 3019 | MILWAUKEE | WI | 53201-3019 | $424.95 | $35.41 | $18 |
| CHARTER BUSINESS | Telephone | PO BOX 60187 | LOS ANGELES | CA | 90060-0187 | $324.95 | $27.08 | $14 |
| CINCINNATI BELL | Telephone | PO BOX 748003 | CINCINNATI | OH | 45274-8003 | $34,447.45 | $2,870.62 | $1,436 |
| CINCINNATI BELL | Telephone | PO BOX 748001 | CINCINNATI | OH | 45274 | $82,825.61 | $6,902.13 | $3,452 |
| CINCINNATI BELL | Telephone | PO BOX 748003 | CINCINNATI | OH | 45274-8003 | $55,887.71 | $4,657.31 | $2,329 |
| CINCINNATI BELL | Telephone | PO BOX 748001 | CINCINNATI | OH | 45274-8001 | $11,837.38 | $986.45 | $494 |
| CINCINNATI BELL | Telephone | PO BOX 787 | FLORENCE | KY | 45401-1167 | $99,405.64 | $8,283.80 | $4,142 |
| CINCINNATI BELL TELEPHONE | Telephone | PO BOX 787 | FLORENCE | KY | 41022-0787 | $39,695.02 | $3,307.92 | $1,654 |
| CITY OF BRENHAM Utility | Water & Electricity | PO BOX 1059 | BRENHAM | TX | 77834-1059 | $43,125.90 | $3,593.83 | $1,797 |
| CITY OF DARLINGTON | Water | WATER & SEWER DEPT, PO BOX 629 | DARLINGTON | SC | 29540 | $646.38 | $53.87 | $27 |
| CITY OF DARLINGTON | Water | PO BOX 57 | DARLINGTON | SC | 29540 | $7,023.00 | $585.25 | $293 |
| CITY OF FAYETTEVILLE | Water | 113 W. MOUNTAIN STREET | FAYETTEVILLE | AR | 72701 | $6,299.85 | $524.99 | $263 |
| CITY OF FAYETTEVILLE | Water | 113 W MOUNTAIN ST | FAYETTEVILLE | AR | 72701 | $14,609.31 | $1,217.44 | $609 |
| CITY OF LIVERMORE | Water | 1052 S. LIVERMORE AVE., FINANCE DEPT. | LIVERMORE | CA | 94550-4899 | $9,215.42 | $767.95 | $384 |
| CITY OF LIVERMORE | Water | PO BOX 45152 | SAN FRANCISCO | CA | 94145-0152 | $15,856.33 | $1,321.36 | $661 |

4

| Utility Provider | Utility Type | Mailing Address | City | State | Zip Code | 2014 Total Amount Paid for Utilities | 2014 Average Utilities Spend per Month | Adequate Assurance (2-week spend) |
|---|---|---|---|---|---|---|---|---|
| CITY OF LIVERMORE | Water | 3560 NEVADA STREET, LIVERMORE-PLEASANTON FIRE DEPT | PLEASANTON | CA | 94566 | $1,245.25 | $103.77 | $52 |
| CITY OF MESQUITE Utility | Water | PO BOX 850287 | MESQUITE | TX | 75185-0287 | $5,204.27 | $433.69 | $217 |
| CITY OF ONTARIO | Water | REVENUE DEPARTMENT, 303 EAST "B" STREET | ONTARIO | CA | 91764 | $708.60 | $59.05 | $30 |
| CITY OF ONTARIO | Water | 1333 S BON VIEW AVE | ONTARIO | CA | 91761-1076 | $21,834.24 | $1,819.52 | $910 |
| CITY OF ORANGE CALIFORNIA | Water | PO BOX 11024 | ORANGE | CA | 92856 | $580.02 | $48.34 | $25 |
| CITY OF TAMPA UTILITIES | Water | PO BOX 30191 | TAMPA | FL | 33630 | $5,569.43 | $464.12 | $233 |
| CITY OF TOCCOA | Water | PO BOX 1010 | TOCCOA | GA | 30577 | $808.11 | $67.34 | $34 |
| CITY OF TOCCOA | Water | PO BOX 1010 | TOCCOA | GA | 30577-1010 | $3,148.24 | $262.35 | $132 |
| CLECO POWER LLC | Electricity | PO BOX 660228 | DALLAS | TX | 75266-0228 | $2,518.71 | $209.89 | $105 |
| COLUMBIA GAS OF MA | Gas | PO BOX 742514 | CINCINNATI | OH | 45274-2514 | $9,307.58 | $775.63 | $388 |
| COLUMBIA GAS OF MASSACHUSETTS | Gas | PO BOX 742514 | CINCINNATI | OH | 45274 | $1,828.44 | $152.37 | $77 |
| COLUMBIA GAS OF OHIO | Gas | PO BOX 742510 | CINCINNATI | OH | 45274-2510 | $68,430.84 | $5,702.57 | $2,852 |
| COLUMBIA GAS OF OHIO | Gas | PO BOX 742510 | CINCINNATI | OH | 45274-2510 | $8,007.81 | $667.32 | $334 |

5

| Utility Provider | Utility Type | Mailing Address | City | State | Zip Code | 2014 Total Amount Paid for Utilities | 2014 Average Utilities Spend per Month | Adequate Assurance (2-week spend) |
|---|---|---|---|---|---|---|---|---|
| COLUMBIA GAS OF PA | Gas | PO BOX 742537 | CINCINNATI | OH | 45274-2537 | $21,314.83 | $1,776.24 | $889 |
| COLUMBIA GAS OF PENNSYLVANIA | Gas | PO BOX 742537 | CINCINNATI | OH | 45274-2537 | $15,632.04 | $1,302.67 | $652 |
| COMCAST | Telephone | PO BOX 3005 | SOUTHEASTERN | PA | 19398 | $104.95 | $8.75 | $5 |
| COMCAST | Telephone | PO BOX 34227 | SEATTLE | WA | 98124-1227 | $977.22 | $81.44 | $41 |
| COMCAST | Telephone | PO BOX 34744 | SEATTLE | WA | 98124 | $1,832.11 | $152.68 | $77 |
| COMCAST | Telephone | PO BOX 1577 | NEWARK | NJ | 07101-1577 | $731.06 | $60.92 | $31 |
| COMCAST | Telephone | PO BOX 530098 | ATLANTA | GA | 30353 | $489.31 | $40.78 | $21 |
| COMCAST | Telephone | PO BOX 530099 | ATLANTA | GA | 30353-0099 | $413.80 | $34.48 | $18 |
| COMCAST | Telephone | PO BOX 3006 | SOUTHEASTERN | PA | 19398-3006 | $303.17 | $25.26 | $13 |
| COMCAST | Telephone | PO BOX 34227 | SEATTLE | WA | 98124-1227 | $288.91 | $24.08 | $13 |
| COMCAST | Telephone | PO BOX 34744 | SEATTLE | WA | 98124-1744 | $144.33 | $12.03 | $7 |
| COMCAST | Telephone | PO BOX 3005 | SOUTHEASTERN | PA | 19398-3005 | $491.45 | $40.95 | $21 |
| COMCAST | Telephone | PO BOX 1577 | NEWARK | NJ | 07101-1577 | $251.13 | $20.93 | $11 |
| COMED | Electricity | PO BOX 6112 | CAROL STREAM | IL | 60197-6112 | $10,295.20 | $857.93 | $429 |
| COMED | Electricity | PO BOX 6111 | CAROL STREAM | IL | 60197-6111 | $21,063.09 | $1,755.26 | $878 |

6

| Utility Provider | Utility Type | Mailing Address | City | State | Zip Code | 2014 Total Amount Paid for Utilities | 2014 Average Utilities Spend per Month | Adequate Assurance (2-week spend) |
|---|---|---|---|---|---|---|---|---|
| COMED | Electricity | PO BOX 6111 | CAROL STREAM | IL | 60197-6111 | $6,845.82 | $570.49 | $286 |
| COMISION FEDERAL DE ELECTRICIDAD | Electricity | AV PASEO DE LA REFORMA 164 | COL. JUAREZ, MEXICO, DF MEXICO | | | $125,003.71 | $10,416.98 | $5,209 |
| COMISION FEDERAL DE ELECTRICIDAD | Electricity | AV PASEO DE LA REFORMA 164 | COL. JUAREZ, MEXICO, DF MEXICO | | | $62,501.85 | $5,208.49 | $2,604 |
| COMPASS ENERGY GAS SERVICES LLC | Gas | PO BOX 78934 | MILWAUKEE | WI | 53278-8934 | $3,164.66 | $263.72 | $132 |
| COMPASS ENERGY GAS SERVICES LLC | Gas | PO BOX 78934 | MILWAUKEE | WI | 53278-8934 | $50,473.01 | $4,206.08 | $2,104 |
| CONNECTICUT LIGHT & POWER | Electricity | PO BOX 650032 | DALLAS | TX | 75265 | $57,999.95 | $4,833.33 | $2,417 |
| CONNECTICUT LIGHT & POWER | Electricity | PO BOX 150493 | HARTFORD | CT | 06115-0493 | $155,211.58 | $12,934.30 | $6,468 |
| CONNECTICUT WATER CO CRWC | Water | PO BOX 981015 | BOSTON | MA | 02298-1015 | $5,001.46 | $416.79 | $209 |
| CONNECTICUT WATER COMPANY | Water | PO BOX 981015 | BOSTON | MA | 02298-1015 | $8,036.56 | $669.71 | $335 |
| CONSOLIDATED COMMUNICATIONS | Telephone | PO BOX 66523 | ST LOUIS | MO | 63166-6523 | $1,215.91 | $101.33 | $51 |
| CONSTELLATION NEWENERGY INC | Gas | BANK OF AMERICA LKBX SERVS, 15246 COLLECTIONS CTR DRIVE | CHICAGO | IL | 60693-0001 | $41,362.78 | $3,446.90 | $1,724 |

7

01:16770678.3

| Utility Provider | Utility Type | Mailing Address | City | State | Zip Code | 2014 Total Amount Paid for Utilities | 2014 Average Utilities Spend per Month | Adequate Assurance (2-week spend) |
|---|---|---|---|---|---|---|---|---|
| CONSTELLATION NEWENERGY INC | Gas | BANK OF AMERICA LOCKBOX SERVICES, 15246 COLLECTIONS CENTER DR | CHICAGO | IL | 60693-0001 | $160,438.93 | $13,369.91 | $6,685 |
| COX COMMUNICATIONS | Telephone | PO BOX 61027 | NEW ORLEANS | LA | 70161-1027 | $483.00 | $40.25 | $21 |
| COX COMMUNICATIONS INC | Telephone | PO BOX 182318 | COLUMBUS | OH | 43218-2318 | $1,438.81 | $119.90 | $60 |
| DAYTON POWER & LIGHT CO | Electricity | PO BOX 2631 | DAYTON | OH | 45401-2631 | $323,525.35 | $26,960.45 | $13,481 |
| DAYTON POWER & LIGHT CO | Electricity | PO BOX 740598 | CINCINNATI | OH | 45274-0598 | $5,202.43 | $433.54 | $217 |
| DAYTON POWER & LIGHT CO | Electricity | PO BOX 1247 | DAYTON | OH | 45401-1247 | $70,695.21 | $5,891.27 | $2,946 |
| DAYTON POWER & LIGHT CO | Electricity | PO BOX 1247 | DAYTON | OH | 45401-1247 | $209,293.99 | $17,441.17 | $8,721 |
| DAYTON POWER & LIGHT CO | Electricity | PO BOX 740598 | CINCINNATI | OH | 45274-0598 | $169.44 | $14.12 | $8 |
| DELMARVA POWER | Electricity | PO BOX 13609 | PHILADELPHIA | PA | 19101-3609 | $7,519.29 | $626.61 | $314 |
| DELMARVA POWER | Electricity | PO BOX 13609 | PHILADELPHIA | PA | 19101 | $325,372.88 | $27,114.41 | $13,558 |
| DIRECT ENERGY BUSINESS | Electricity | PO BOX 70220 | PHILADELPHIA | PA | 19176-0220 | $129,704.85 | $10,808.74 | $5,405 |
| DOMINION EAST OHIO | Gas | PO BOX 26785 | RICHMOND | VA | 23261-6785 | $40,379.59 | $3,364.97 | $1,683 |
| DPL ENERGY RESOURCES INC | Electricity | PO BOX 25215 | LEHIGH VALLEY | PA | 18002-5215 | $255,195.91 | $21,266.33 | $10,634 |

8

| Utility Provider | Utility Type | Mailing Address | City | State | Zip Code | 2014 Total Amount Paid for Utilities | 2014 Average Utilities Spend per Month | Adequate Assurance (2-week spend) |
|---|---|---|---|---|---|---|---|---|
| DPL ENERGY RESOURCES INC | Electricity | PO BOX 9001023 | LOUISVILLE | KY | 40290-1023 | $275,524.49 | $22,960.37 | $11,481 |
| DPLER | Electricity | 1065 WOODMAN DRIVE, ATTN: REMITTANCE PROCESSING | DAYTON | OH | 45432 | $248.32 | $20.69 | $11 |
| DPLER | Electricity | ATTN REMITTANCE PROCESSING, 1065 WOODMAN DR | DAYTON | OH | 45432 | $532,112.14 | $44,342.68 | $22,172 |
| DUKE ENERGY | Electricity | PO BOX 1004 | CHARLOTTE | NC | 28201-1004 | $22,512.81 | $1,876.07 | $939 |
| DUKE ENERGY | Electricity | PO BOX 1326 | CHARLOTTE | NC | 28201-1326 | $478,575.05 | $39,881.25 | $19,941 |
| DUKE ENERGY PROGRESS | Electricity | PO BOX 1003 | CHARLOTTE | NC | 28201-1003 | $1,405.08 | $117.09 | $59 |
| DUKE ENERGY PROGRESS | Electricity | PO BOX 1004 | CHARLOTTE | NC | 28201-1004 | $6,577.38 | $548.12 | $275 |
| DUKE ENERGY-CHARLOTTE | Electricity | PO BOX 70516 | CHARLOTTE | NC | 28272-0516 | $327,886.12 | $27,323.84 | $13,662 |
| DUKE ENERGY-CHARLOTTE | Electricity | PO BOX 70515 | CHARLOTTE | NC | 28272 | $302.52 | $25.21 | $13 |
| DUKE ENERGY-LOUISVILLE | Electricity | PO BOX 1326 | CHARLOTTE | NC | 28201-1326 | $128,539.71 | $10,711.64 | $5,356 |
| DUKE ENERGY-LOUISVILLE | Electricity | PO BOX 1327 | CHARLOTTE | NC | 28201-1327 | $1,387.70 | $115.64 | $58 |
| FAIRPOINT COMMUNICATIONS | Telephone | PO BOX 11021 | LEWISTON | ME | 04243-9472 | $124.15 | $10.35 | $6 |
| FIBRA PROLOGIS | Water | PASEO DE LA REFORMA 1236 | SANTA FE, DF MEXICO | | | $3,977.18 | $331.43 | $166 |

9

| Utility Provider | Utility Type | Mailing Address | City | State | Zip Code | 2014 Total Amount Paid for Utilities | 2014 Average Utilities Spend per Month | Adequate Assurance (2-week spend) |
|---|---|---|---|---|---|---|---|---|
| FIDEICOMISO NUMERO F/128 | Electricity | ANDRES BELLO 10 PISO 17 | POLANCO MEXICO, DF MEXICO | | | $638.02 | $53.17 | $27 |
| FIDEICOMISO NUMERO F/128 | Water | ANDRES BELLO 10 PISO 17 | POLANCO MEXICO, DF MEXICO | | | $3,977.18 | $331.43 | $166 |
| FRONTIER | Telephone | PO BOX 20567 | ROCHESTER | NY | 14602-0567 | $596.64 | $49.72 | $25 |
| FRONTIER COMMUNICATIONS | Telephone | PO BOX 20550 | ROCHESTER | NY | 14602-0550 | $11,041.53 | $920.13 | $461 |
| FRONTIER TELEPHONE | Telephone | PO BOX 20550 | ROCHESTER | NY | 14602-0550 | $2,369.78 | $197.48 | $99 |
| GAS CO | Gas | PO BOX C | MONTEREY PARK | CA | 91756 | $2,685.17 | $223.76 | $112 |
| GCI COMMUNICATIONS CORP | Telephone | PO BOX 99001 | ANCHORAGE | AK | 99509 | $95.13 | $7.93 | $4 |
| GEORGIA POWER CO | Electricity | 96 ANNEX | ATLANTA | GA | 30396-0001 | $73,215.30 | $6,101.28 | $3,051 |
| GEORGIA POWER CO | Electricity | 96 ANNEX | ATLANTA | GA | 30396 | $46,142.76 | $3,845.23 | $1,923 |
| GEXA ENERGY LP | Electricity | PO BOX 660100 | DALLAS | TX | 75266-0100 | $54,550.69 | $4,545.89 | $2,273 |
| GOSHEN WATER & SEWER | Water & Sewer | PO BOX 238 | GOSHEN | IN | 46527-0238 | $10,180.58 | $848.38 | $425 |
| GRANITE TELECOMMUNICATIONS | Telephone | CLIENT ID #31, PO BOX 983119 | BOSTON | MA | 02298-3119 | $14,111.45 | $1,175.95 | $588 |
| GREYSTONE POWER CORP | Electricity | PO BOX 6071 | DOUGLASVILLE | GA | 30154-6071 | $21,805.83 | $1,817.15 | $909 |
| GREYSTONE POWER CORP | Electricity | PO BOX 6071 | DOUGLASVILLE | GA | 30154-6071 | $80,301.78 | $6,691.82 | $3,346 |

10

01:16770678.3

| Utility Provider | Utility Type | Mailing Address | City | State | Zip Code | 2014 Total Amount Paid for Utilities | 2014 Average Utilities Spend per Month | Adequate Assurance (2-week spend) |
|---|---|---|---|---|---|---|---|---|
| HARDIN COUNTY WATER DIST 1 | Water | 1400 ROGERSVILLE RD | RADCLIFF | KY | 40160-9343 | $11,759.09 | $979.92 | $490 |
| HAWAIIAN ELECTRIC CO | Electricity | PO BOX 3978 | HONOLULU | HI | 96812 | $11,264.44 | $938.70 | $470 |
| HAWAIIAN TELCOM | Telephone | PO BOX 30770 | HONOLULU | HI | 96820-0770 | $6,819.89 | $568.32 | $285 |
| HAWAIIAN TELECOM | Telephone | PO BOX 30770 | HONOLULU | HI | 96820 | $4,527.91 | $377.33 | $189 |
| HILLSBOROUGH COUNTY WATER DEPT | Water | 332 N FALKENBURG RD | TAMPA | FL | 33619 | $5,833.15 | $486.10 | $244 |
| HUDSON ENERGY SERVICES TEXAS | Electricity | PO BOX 731137 | DALLAS | TX | 75373-1137 | $32,674.84 | $2,722.90 | $1,362 |
| HUDSON ENERGY SERVICES TEXAS | Electricity | PO BOX 731137 | DALLAS | TX | 75373-1137 | $104,530.24 | $8,710.85 | $4,356 |
| HUDSON ENERGY SERVICES TEXAS | Electricity | PO BOX 29193 | NEW YORK | NY | 10087-9193 | $12,127.27 | $1,010.61 | $506 |
| INDIANA AMERICAN WATER CO | Water | PO BOX 94551 | PALATINE | IL | 60094-4551 | $1,216.46 | $101.37 | $51 |
| INDIANA AMERICAN WATER CO INC | Water | PO BOX 94551 | PALATINE | IL | 60094-4551 | $3,471.84 | $289.32 | $145 |
| INTERCALL | Telephone | PO BOX 281866 | ATLANTA | GA | 30384 | $166.91 | $13.91 | $7 |
| INTERCALL | Telephone | PO BOX 281866 | ATLANTA | GA | 30384 | $203,295.87 | $16,941.32 | $8,471 |
| INTERCALL | Telephone | PO BOX 281866 | ATLANTA | GA | 30384-1866 | $207,133.17 | $17,261.10 | $8,631 |
| JEFFERSONVILLE SEWER DEPARTMENT | Sewer | PO BOX 1588 | JEFFERSONVILLE | IN | 47131-1149 | $1,221.63 | $101.80 | $51 |
| JEFFERSONVILLE SEWER DEPARTMENT | Sewer | PO BOX 1588 | JEFFERSONVILLE | IN | 47131-1149 | $1,136.66 | $94.72 | $48 |

11

| Utility Provider | Utility Type | Mailing Address | City | State | Zip Code | 2014 Total Amount Paid for Utilities | 2014 Average Utilities Spend per Month | Adequate Assurance (2-week spend) |
|---|---|---|---|---|---|---|---|---|
| KENTUCKY Utility CO | Electricity | PO BOX 9001954 | LOUISVILLE | KY | 40290-1954 | $86,757.92 | $7,229.83 | $3,615 |
| LACLEDE GAS CO | Gas | DRAWER 2 | SAINT LOUIS | MO | 63101-2389 | $1,875.71 | $156.31 | $79 |
| LACLEDE GAS COMPANY | Gas | 720 OLIVE ST | ST LOUIS | MO | 63101 | $7,705.46 | $642.12 | $322 |
| LEVEL 3 COMMUNICATIONS | Telephone | PO BOX 910182 | DENVER | CO | 80291-0182 | $19,046.87 | $1,587.24 | $794 |
| LOUISVILLE GAS & ELECTRIC CO | Gas & Electric | PO BOX 9001960 | LOUISVILLE | KY | 40290-1960 | $26,844.51 | $2,237.04 | $1,119 |
| LOUISVILLE GAS & ELECTRICK CO | Gas & Electric | PO BOX 901960 | LOUISVILLE | KY | 40290 | $7,928.83 | $660.74 | $331 |
| MANCHESTER TOWNSHIP | Water | SEWER & TRASH, 3200 FARMTRAIL ROAD | YORK | PA | 17402 | $892.08 | $74.34 | $38 |
| MCI WORLDCOM | Telephone | PO BOX 660794 | DALLAS | TX | 75266-0794 | $2,040,365.16 | $170,030.43 | $85,016 |
| MCI WORLDCOM | Telephone | PO BOX 660794 | DALLAS | TX | 75266-0794 | $101.96 | $8.50 | $5 |
| MET ED | Electricity | PO BOX 3687 | AKRON | OH | 44309-3687 | $281,565.36 | $23,463.78 | $11,732 |
| MET-ED | Electricity | PO BOX 3687 | AKRON | OH | 44309-3687 | $317,415.18 | $26,451.27 | $13,226 |
| MINNESOTA ENERGY RESOURCES | Gas | PO BOX 70022 | PRESCOTT | AZ | 86304-7022 | $2,414.64 | $201.22 | $101 |
| MINNESOTA ENERGY RESOURCES | Gas | PO BOX 70022 | PRESCOTT | AZ | 86304-7022 | $14,211.85 | $1,184.32 | $593 |
| MOV GENERADORA INTEGRAL AMBIENTAL | Waste Disposal | CAM. ALMILAGRO 100 | APODACA, N.L. MEXICO | | | $8,569.62 | $714.14 | $357 |

12

| Utility Provider | Utility Type | Mailing Address | City | State | Zip Code | 2014 Total Amount Paid for Utilities | 2014 Average Utilities Spend per Month | Adequate Assurance (2-week spend) |
|---|---|---|---|---|---|---|---|---|
| MURFREESBORO ELECTRIC DEPT | Electricity | PO BOX 9 | MURFREESBORO | TN | 37133 | $325,453.25 | $27,121.10 | $13,561 |
| MURFREESBORO ELECTRIC DEPT TN | Electricity | PO BOX 9 | MURFREESBORO | TN | 37133-0009 | $121,725.84 | $10,143.82 | $5,072 |
| MURFREESBORO WATER AND SEWER | Water & Sewer | PO BOX 897 | MURFREESBORO | TN | 37133 | $12,643.17 | $1,053.60 | $527 |
| NATIONAL FUEL GAS DISTRIBUTION CORPORATION | Gas | PO BOX 4103 | BUFFALO | NY | 14264 | $840.76 | $70.06 | $36 |
| NATIONAL FUEL GAS DISTRIBUTION CORPORATION | Gas | PO BOX 371835 | PITTSBURGH | PA | 15250-7835 | $283.00 | $23.58 | $12 |
| NATIONAL GRID | Electricity | PO BOX 11737 | NEWARK | NJ | 07101 | $50,290.68 | $4,190.89 | $2,096 |
| NICOR GAS | Gas | PO BOX 5407 | CAROL STREAM | IL | 60197-5407 | $8,888.37 | $740.70 | $371 |
| NIPSCO | Gas & Electric | PO BOX 13007 | MERRILLVILLE | IN | 46411-3007 | $406,521.29 | $33,876.77 | $16,939 |
| NORTH STATE COMMUNICATIONS | Telephone | PO BOX 612 | HIGH POINT | NC | 27261 | $1,448.68 | $120.72 | $61 |
| NSTAR | Gas | PO BOX 4508 | WOBURN | MA | 01888-4508 | $67.48 | $5.62 | $3 |
| NSTAR | Gas | PO BOX 660369 | DALLAS | TX | 75266 | $32,924.71 | $2,743.73 | $1,372 |
| OG & E | Electricity | PO BOX 24990 | OKLAHOMA CITY | OK | 73124-0990 | $25,193.17 | $2,099.43 | $1,050 |
| OKLAHOMA NATURAL GAS CO | Gas | PO BOX 219296 | KANSAS CITY | MO | 64121-9296 | $32,337.20 | $2,694.77 | $1,348 |
| PACIFIC GAS & ELECTRIC CO | Gas & Electric | PO BOX 997300 | SACRAMENTO | CA | 95899 | $181,696.09 | $15,141.34 | $7,571 |

13

| Utility Provider | Utility Type | Mailing Address | City | State | Zip Code | 2014 Total Amount Paid for Utilities | 2014 Average Utilities Spend per Month | Adequate Assurance (2-week spend) |
|---|---|---|---|---|---|---|---|---|
| PG & E | Gas & Electric | BOX 997300 | SACRAMENTO | CA | 95899-7300 | $496,635.82 | $41,386.32 | $20,694 |
| PG & E | Gas & Electric | SAVING ASSISTANCE PROGRAM, 77 BEALE STREET | SAN FRANCISCO | CA | 94105 | $53,100.08 | $4,425.01 | $2,213 |
| PG & E | Gas & Electric | 8110 LORRAINE AVENUE, STE. 403 | STOCKTON | CA | 95210 | $54,060.00 | $4,505.00 | $2,253 |
| PIEDMONT NATURAL GAS | Gas | PO BOX 660920 | DALLAS | TX | 75266-9020 | $1,007.39 | $83.95 | $42 |
| PIEDMONT NATURAL GAS | Gas | PO BOX 660920 | DALLAS | TX | 75266-0920 | $3,418.34 | $284.86 | $143 |
| PUERTO RICO TELEPHONE | Telephone | PO BOX 70367 | SAN JUAN | PR | 00936-8367 | $1,853.81 | $154.48 | $78 |
| PUERTO RICO TELEPHONE CO | Telephone | PO BOX 70366 | SAN JUAN | PR | 00936-8366 | $5,568.11 | $464.01 | $233 |
| PUGET SOUND ENERGY | Electricity | BOT-01H, PO BOX 91269 | BELLEVUE | WA | 98009 | $12,261.20 | $1,021.77 | $511 |
| PUGET SOUND POWER & LIGHT CO | Electricity | PO BOX 91269, PAYMENT PROC. BOT-01H | BELLEVUE | WA | 98009-9269 | $3,836.13 | $319.68 | $160 |
| QUESTAR GAS COMPANY | Gas | PO BOX 45841 | SALT LAKE CITY | UT | 84139-0001 | $6,269.26 | $522.44 | $262 |
| QWEST | Internet | PO BOX 29040 | PHOENIX | AZ | 85038-9040 | $1,500.05 | $125.00 | $63 |
| QWEST | Internet | PO BOX 91154 | SEATTLE | WA | 98111-9254 | $13,379.83 | $1,114.99 | $558 |
| QWEST | Internet | PO BOX 52187 | PHOENIX | AZ | 85072-2187 | $20,660.07 | $1,721.67 | $861 |

14

| Utility Provider | Utility Type | Mailing Address | City | State | Zip Code | 2014 Total Amount Paid for Utilities | 2014 Average Utilities Spend per Month | Adequate Assurance (2-week spend) |
|---|---|---|---|---|---|---|---|---|
| RIVER RIDGE DEVELOPMENT AUTHORITY | Water | 6200 E. HIGHWAY 62, BLDG. 2501 STE. 600 | JEFFERSONVILLE | IN | 47130 | $1,010.62 | $84.22 | $43 |
| RIVER RIDGE DEVELOPMENT AUTHORITY | Water | 6200 EAST HIGHWAY 62, BLDG 2501 STE 600 | JEFFERSONVILLE | IN | 47130 | $2,634.67 | $219.56 | $110 |
| ROAD RUNNER | Internet | PO BOX 223085 | PITTSBURGH | PA | 15251-2085 | $3,545.59 | $295.47 | $148 |
| ROCKY MTN POWER-UTAH | Electricity | PO BOX 26000 | PORTLAND | OR | 97256-0001 | $97,177.15 | $8,098.10 | $4,050 |
| SALT LAKE CITY CORP | Gas | PO BOX 30881 | SALT LAKE CITY | UT | 84130-0881 | $137.93 | $11.49 | $6 |
| SALT LAKE CITY CORP | Gas | PO BOX 145458 | SALT LAKE CITY | UT | 84114 | $1,000.75 | $83.40 | $42 |
| SHELBYVILLE PUBLIC UTILITIES | Water | PO BOX 171 | SHELBYVILLE | IN | 46176 | $4,292.30 | $357.69 | $179 |
| SHELBYVILLE PUBLIC Utility | Water | PO BOX 171 | SHELBYVILLE | IN | 46176 | $1,401.09 | $116.76 | $59 |
| SOURCEGAS ARKANSAS INC | Gas | PO BOX 660559 | DALLAS | TX | 75266-0559 | $38,999.27 | $3,249.94 | $1,625 |
| SOUTHERN CALIFORNIA EDISON | Electricity | PO BOX 600 | ROSEMEAD | CA | 91771-0001 | $7,684.49 | $640.37 | $321 |
| SOUTHERN CALIFORNIA EDISON | Electricity | PO BOX 300 | ROSEMEAD | CA | 91772-0001 | $110,177.17 | $9,181.43 | $4,591 |
| SOUTHERN CALIFORNIA EDISON | Electricity | PO BOX 600 | ROSEMEAD | CA | 91771-0001 | $29,736.92 | $2,478.08 | $1,240 |
| SPRINGETTSBURY TOWNSHIP SEWER | Sewer | PO BOX 413 | LITITZ | PA | 17543 | $1,911.87 | $159.32 | $80 |
| SPRINGETTSBURY TOWNSHIP SEWER | Sewer | PO BOX 824907 | PHILADELPHIA | PA | 19182-4907 | $444.19 | $37.02 | $19 |
| SPRINT | Telephone | PO BOX 219530 | KANSAS CITY | MO | 64121 | $40,752.60 | $3,396.05 | $1,699 |

15

| Utility Provider | Utility Type | Mailing Address | City | State | Zip Code | 2014 Total Amount Paid for Utilities | 2014 Average Utilities Spend per Month | Adequate Assurance (2-week spend) |
|---|---|---|---|---|---|---|---|---|
| SPRINT | Telephone | PO BOX 219100 | KANSAS CITY | MO | 64121-9100 | $16,661.42 | $1,388.45 | $695 |
| SPRINT | Telephone | PO BOX 219530 | KANSAS CITY | MO | 64121-9530 | $29,110.08 | $2,425.84 | $1,213 |
| TAMPA ELECTRIC | Electricity | PO BOX 31318 | TAMPA | FL | 33631 | $130,468.60 | $10,872.38 | $5,437 |
| TDS METROCOM | Telephone | PO BOX 94510 | PALATINE | IL | 60094 | $1,317.86 | $109.82 | $55 |
| TECO TAMPA ELECTRIC CO | Electricity | PO BOX 31318 | TAMPA | FL | 33631-3318 | $24,636.64 | $2,053.05 | $1,027 |
| TELEFONOS DE MEXICO, SA DE CV | Internet Service | PARQ VIA 198 | COL. CUAUHTEMOC, MEXICO, DF MEXICO | | | $10,373.94 | $864.50 | $432 |
| TIME WARNER CABLE | Cable | SWO DIVISION, PO BOX 1060 | CAROL STREAM | IL | 60132-1060 | $747.11 | $62.26 | $32 |
| TIME WARNER CABLE | Cable | PO BOX 70872 | CHARLOTTE | NC | 28272-0872 | $949.15 | $79.10 | $40 |
| TOCCOA NATURAL GAS | Gas | PO BOX 1010 | TOCCOA | GA | 30577-0579 | $652.07 | $54.34 | $28 |
| TOCCOA NATURAL GAS | Gas | PO BOX 1010 | TOCCOA | GA | 30577 | $8,045.54 | $670.46 | $336 |
| TOWN OF TOLLAND | Water | PO BOX 948 | TOLLAND | CT | 06084-0948 | $23,715.99 | $1,976.33 | $989 |
| TOWN OF TOLLAND | Water | 21 TOLLAND GREEN | TOLLAND | CT | 06084 | $33,222.15 | $2,768.51 | $1,385 |
| TOWN OF TOLLAND | Water | SEWER FUND, 21 TOLLAND GREEN | TOLLAND | CT | 06084 | $6,871.25 | $572.60 | $287 |
| TW TELECOM | Telephone | PO BOX 172567 | DENVER | CO | 80217-2567 | $475,431.53 | $39,619.29 | $19,810 |

16

| Utility Provider | Utility Type | Mailing Address | City | State | Zip Code | 2014 Total Amount Paid for Utilities | 2014 Average Utilities Spend per Month | Adequate Assurance (2-week spend) |
|---|---|---|---|---|---|---|---|---|
| TW TELECOM | Telephone | PO BOX 172567 | DENVER | CO | 80217-2567 | $494,778.64 | $41,231.55 | $20,616 |
| TXU ENERGY | Electricity | PO BOX 650638 | DALLAS | TX | 75265-0638 | $6,549.40 | $545.78 | $273 |
| UNION POWER COOPERATIVE | Electricity | PO BOX 5014 | MONROE | NC | 28111-5014 | $26,277.45 | $2,189.79 | $1,095 |
| UNION POWER COOPERATIVE | Electricity | PO BOX 5014 | MONROE | NC | 28111 | $122,117.63 | $10,176.47 | $5,089 |
| UNITED COMMUNICATIONS | Telephone | PO BOX 38 | CHAPEL HILL | NC | 37034-0038 | $743.79 | $61.98 | $31 |
| UNITED TELEPHONE COMPANY | Telephone | PO BOX 38 | CHAPEL HILL | TN | 37034 | $921.91 | $76.83 | $39 |
| VCOM SOLUTIONS | Telephone | PO BOX 849491 | LOS ANGELES | CA | 90084-9491 | $217,068.64 | $18,089.05 | $9,045 |
| VCOM SOLUTIONS | Telephone | PO BOX 849491 | LOS ANGELES | CA | 90084-9491 | $138,252.38 | $11,521.03 | $5,761 |
| VECTREN | Gas | PO BOX 6262 | INDIANAPOLIS | IN | 46206-6262 | $32,739.37 | $2,728.28 | $1,365 |
| VECTREN | Gas | PO BOX 6248 | INDIANAPOLIS | IN | 46206-6248 | $31,583.64 | $2,631.97 | $1,316 |
| VECTREN ENERGY DELIVERY | Gas | PO BOX 6262 | INDIANAPOLIS | IN | 46206-6262 | $30,892.02 | $2,574.34 | $1,288 |
| VECTREN ENERGY DELIVERY | Gas | PO BOX 6248 | INDIANAPOLIS | IN | 46206-6248 | $2,652.85 | $221.07 | $111 |
| VERIZON | Telephone | PO BOX 15124 | ALBANY | NY | 12212-5124 | $1,497.52 | $124.79 | $63 |
| VERIZON | Telephone | PO BOX 920041 | DALLAS | TX | 75392-0041 | $2,573.09 | $214.42 | $108 |
| VERIZON | Telephone | PO BOX 660720 | DALLAS | TX | 75266 | $19,366.12 | $1,613.84 | $807 |

17

| Utility Provider | Utility Type | Mailing Address | City | State | Zip Code | 2014 Total Amount Paid for Utilities | 2014 Average Utilities Spend per Month | Adequate Assurance (2-week spend) |
|---|---|---|---|---|---|---|---|---|
| VERIZON | Telephone | PO BOX 660748 | DALLAS | TX | 75266 | $1,135.41 | $94.62 | $48 |
| VERIZON | Telephone | PO BOX 382040 | PITTSBURGH | PA | 15251-8040 | $1,557.05 | $129.75 | $65 |
| VERIZON | Telephone | 200 CORPORATE DRIVE, VZW-PROCUREMENT ATTN: A. MCGRADE | ORANGEBURG | NY | 10962 | $69.99 | $5.83 | $3 |
| VERIZON | Telephone | PO BOX 4833 | TRENTON | NJ | 08650-4833 | $4,988.71 | $415.73 | $208 |
| VERIZON | Telephone | PO BOX 1100 | ALBANY | NY | 12250-0001 | $554.14 | $46.18 | $24 |
| VERIZON | Telephone | PO BOX 15124 | ALBANY | NY | 12212-5124 | $79.18 | $6.60 | $4 |
| VERIZON | Telephone | PO BOX 920041 | DALLAS | TX | 75392 | $11,692.64 | $974.39 | $488 |
| VERIZON | Telephone | PO BOX 15124 | ALBANY | NY | 12212-5124 | $7,008.99 | $584.08 | $293 |
| VERIZON | Telephone | PO BOX 28000 | LEHIGH VALLEY | PA | 18002-8000 | $10,068.28 | $839.02 | $420 |
| VERIZON | Telephone | PO BOX 660720 | DALLAS | TX | 75266-0720 | $6,747.24 | $562.27 | $282 |
| VERIZON | Telephone | PO BOX 15124 | ALBANY | NY | 12212-5124 | $1,929.18 | $160.77 | $81 |
| VERIZON | Telephone | PO BOX 371873 | PITTSBURGH | PA | 15250-7873 | $32,174.60 | $2,681.22 | $1,341 |
| VERIZON | Telephone | PO BOX 371973 | PITTSBURGH | PA | 15251-7973 | $60,750.00 | $5,062.50 | $2,532 |
| VERIZON | Telephone | PO BOX 660072 | DALLAS | TX | 75266-0072 | $153,805.13 | $12,817.09 | $6,409 |

18

| Utility Provider | Utility Type | Mailing Address | City | State | Zip Code | 2014 Total Amount Paid for Utilities | 2014 Average Utilities Spend per Month | Adequate Assurance (2-week spend) |
|---|---|---|---|---|---|---|---|---|
| VERIZON | Telephone | PO BOX 660794 | DALLAS | TX | 75266-0794 | $370,235.36 | $30,852.95 | $15,427 |
| VERIZON WIRELESS | Telephone | PO BOX 660108 | DALLAS | TX | 75266 | $278.25 | $23.19 | $12 |
| VERIZON WIRELESS | Telephone | PO BOX 25505 | LEHIGH VALLEY | PA | 18002 | $27,833.11 | $2,319.43 | $1,160 |
| VERIZON WIRELESS | Telephone | PO BOX 25505 | LEHIGH VALLEY | PA | 18002-5505 | $30,896.25 | $2,574.69 | $1,288 |
| VERIZON WIRELESS | Telephone | PO BOX 660108 | DALLAS | TX | 75266-0108 | $162.58 | $13.55 | $7 |
| VILLAGE OF COLDWATER | Water | 610 W SYCAMORE STREET | COLDWATER | OH | 45828-1699 | $15,350.00 | $1,279.17 | $640 |
| VILLAGE OF HOWARD | Water | PO BOX 12207, WATER & SEWER DEPARTMENT | GREEN BAY | WI | 54307-2207 | $977.06 | $81.42 | $41 |
| WALTON EMC NATURAL GAS | Gas | PO BOX 1347 | MONROE | GA | 30655-1347 | $1,186.76 | $98.90 | $50 |
| WINDSTREAM | Telephone | PO BOX 9001908 | LOUISVILLE | KY | 40290-1908 | $8,233.37 | $686.11 | $344 |
| XCEL ENERGY | Electricity | PO BOX 9477 | MINNEAPOLIS | MN | 55484-9477 | $6,782.53 | $565.21 | $283 |
| XCEL ENERGY | Electricity | PO BOX 9477 | MINNEAPOLIS | MN | 55484-9477 | $21,861.59 | $1,821.80 | $911 |
| YANKEE GAS SERVICES | Gas | PO BOX 650034 | DALLAS | TX | 75265-0034 | $4,203.45 | $350.29 | $176 |
| YANKEE GAS SERVICES | Gas | PO BOX 650034 | DALLAS | TX | 75265-0034 | $16,078.25 | $1,339.85 | $670 |
| YORK WATER CO | Water | 130 EAST MARKET STREET, PO BOX 15089 | YORK | PA | 17405-7089 | $8,420.70 | $701.73 | $351 |

19

01:16770678.3

| Utility Provider | Utility Type | Mailing Address | City | State | Zip Code | 2014 Total Amount Paid for Utilities | 2014 Average Utilities Spend per Month | Adequate Assurance (2-week spend) |
|---|---|---|---|---|---|---|---|---|
| YORK WATER CO | Water | 130 E MARKET STREET, PO BOX 15089 | YORK | PA | 17405 | $3,937.59 | $328.13 | $165 |
| TOTAL | | | | | | $14,196,472.42 | $1,183,039.37 | $591,520 |

20