## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, *et al.*,[1] | Case No. 15-_____ (___) |
| Debtors. | (Joint Administration Requested) |

## DEBTORS' MOTION FOR ORDER (I) AUTHORIZING THE PAYMENT OF PREPETITION SALES, USE, FRANCHISE, INCOME, AND SIMILAR TAXES AND FEES, AND (II) AUTHORIZING BANKS TO RECEIVE, PROCESS, AND HONOR CHECKS ISSUED AND ELECTRONIC PAYMENT REQUESTS RELATED THERETO

The Standard Register Company ("Standard Register") and its affiliated debtors and

debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors")

hereby move this Court (the "Motion") for entry of an order, substantially in the form annexed

hereto as Exhibit A, pursuant to sections 105(a), 363(b), 507(a)(8), and 541 of title 11 of the

United States Code (the "Bankruptcy Code"), Rules 6003, 6004(a), and 6004(h) of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9013-1(m) of the Local

Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the

District of Delaware (the "Local Rules"), (i) authorizing the Debtors to remit and pay (a) sales,

use, value-added, property, franchise, and income taxes (collectively, the "Taxes") and

(b) business license, permit, and other similar fees or charges (collectively, the "Fees");

(ii) authorizing the banks and other financial institutions at which the Debtors hold accounts

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001).  The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

(collectively, the "Banks") to receive, process, and honor checks issued and electronic payment requests made related to the foregoing; and (c) granting related relief.  In support of the Motion, the Debtors rely upon and incorporate by reference the *Declaration of Kevin Carmody in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* (the "First Day Declaration"), which was filed concurrently herewith.  In further support of this Motion, the Debtors respectfully represent as follows:

**JURISDICTION AND VENUE**

1.       The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b), and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b) and pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief requested herein are sections 105(a), 363(b), 507(a)(8), and 541 of the Bankruptcy Code, Bankruptcy Rules 6003, 6004(a), and 6004(h), and Local Rule 9013-1(m).

**BACKGROUND**

**A.       General Background**

2.       On the date hereof (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code.  Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are continuing to manage their financial affairs as debtors in possession.

3.      Contemporaneously herewith, the Debtors filed a motion seeking joint administration of their chapter 11 cases (collectively, the "Chapter 11 Cases") pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.  No trustee, examiner, or official committee of unsecured creditors has been appointed in these cases.

4.      Information regarding the Debtors' history and business operations, capital structure and primary secured indebtedness, and the events leading up to the commencement of these Chapter 11 Cases, can be found in the First Day Declaration.

**B.      The Debtors' Tax Obligations**

5.      The Debtors conduct business in all U.S. states, Puerto Rico, Canada, and Mexico.  In the ordinary course of business, the Debtors (a) incur and/or collect Taxes; (b) incur Fees in connection with obtaining licenses and permits necessary to operate their businesses; and (c) remit such Taxes and Fees to various taxing, licensing, and other governmental authorities (collectively, the "Taxing Authorities").  A list of the Taxing Authorities (the "List of Taxing Authorities") is attached hereto as Exhibit B.  The Taxes and Fees may, from time to time, be the subject of an audit (each an "Audit")[2] by the applicable Authority, and the amounts estimated as due or already paid by the Debtors may be subject to upward or downward adjustment based upon the amount that the applicable Authority ultimately claims is due following an Audit.[3]  The Debtors regularly pay the Taxes and Fees in a timely manner on a monthly, quarterly, or annually basis, in each case as required by applicable laws and regulations, and none of the Taxes or Fees the Debtors are seeking authority to pay pursuant to this Motion are past-due or

---

[2]      References to Taxes herein shall be construed to include Audit Amounts, unless the context requires otherwise.

[3]      Nothing contained herein or in the order approving this Motion constitutes or should be construed as an admission of liability by the Debtors with respect to any Audit.  The Debtors expressly reserve all rights with respect to any Audit.  Furthermore, the Debtors reserve the right to contest the amount, if any, claimed to be due as a result of any Audit.

"catch up" Taxes or Fees.  The Debtors do not hold any funds specifically earmarked for the payment of taxes in a segregated account.

### (i)    Sales Taxes

6.      The Debtors collect or incur sales, use, value-added (VAT) and miscellaneous similar taxes (collectively, the "Sales Taxes") in connection with the operation of their business and services to their customers.  The Debtors conduct business in all U.S. states, Puerto Rico, certain provinces in Canada (specifically, British Columbia, Manitoba, and Saskatchewan), and Mexico, and remit Sales Taxes in all states and municipalities that impose such obligations. Based on their large volume of sales, the Debtors are generally required to remit Sales Taxes to the Taxing Authorities on a monthly basis.  During the 2014 calendar year, the Debtors paid approximately $30.4 million in the aggregate in Sales Taxes, with a monthly average of approximately $2.5 million, although this amount varies based on sales throughout the year. Although the Debtors are timely with respect to Sales Taxes, they estimate that, as of the Petition Date, approximately $3.9 million on account of such Taxes has accrued and is unpaid.

### (ii)    Franchise and Income Taxes

7.      The Debtors pay income and franchise taxes to certain Taxing Authorities to operate their business in the applicable taxing jurisdictions.  The Debtors generally pay federal income taxes, Puerto Rico income taxes, U.S. state income taxes, and Mexico income and/or franchise taxes (collectively, the "Income/Franchise Taxes") in most U.S. states and in Mexico. The Debtors generally make timely payments on a quarterly basis to cover their estimated Income Taxes/Franchise Taxes.  In 2014 the Debtors remitted approximately $750,000 on account of Income/Franchise Taxes.  The Debtors estimate that they will owe approximately $1.2 million in Income/Franchise Taxes in 2015, with a monthly average of $100,000.  However, the Debtors' tax liabilities are not always proportionate throughout the year and the actual

amount owed may be more or less than the forecasted amount.  Although the Debtors are timely with respect to Income/Franchise Taxes, they estimate that, as of the Petition Date, approximately $464,000 on account of such Taxes has accrued and is unpaid.

      **(iii)**    **Real Property Taxes**

8.      The Debtors are subject to real property taxes (collectively, the "Real Property Taxes") in certain jurisdictions in the following states:  Arkansas, California, Connecticut, Indiana, New York, North Carolina, Ohio, Pennsylvania, Tennessee, and Texas.  To avoid the imposition of statutory liens on their real property, the Debtors pay their Real Property Taxes as they come due in the ordinary course of business.  In 2014 the Debtors paid a total of $1,442,899 in Real Property Taxes.  The Debtors project that they will owe approximately $840,000 in Real Property Taxes in 2015, with a monthly average of approximately $70,000.  The Debtors have already timely remitted $199,808 in Real Property Taxes as they came due in 2015.  Although the Debtors are timely with respect to Real Property Taxes, they estimate that, as of the Petition Date, approximately $327,500 on account of such Taxes has accrued and is unpaid.

      **(iv)**    **Personal Property Taxes**

9.      The Debtors are subject to personal property taxes (collectively, the "Personal Property Taxes") in Puerto Rico and the following U.S. states:  Alaska, Arkansas, Arizona, California, Colorado, Connecticut, Florida, Georgia, Indiana, Kentucky, Louisiana, Maryland, Massachusetts, Michigan, Missouri, New Mexico, North Carolina, Oklahoma, Oregon, Tennessee, Texas, Utah, and Washington.  To avoid the imposition of statutory liens on their personal property, the Debtors pay their Personal Property Taxes as they come due in the ordinary course of business.  In 2014 the Debtors paid approximately $940,000 in Personal Property Taxes.  The Debtors project that they will owe approximately $960,000 in Personal Property Taxes in 2015, with a monthly average of approximately $80,000.  Although the

Debtors are timely with respect to Personal Property Taxes, they estimate that, as of the Petition Date, approximately $445,500 on account of such Taxes has accrued and is unpaid.

(v)      **Ohio Commercial Activity Tax**

10.      Ohio imposes the Commercial Activity Tax (the "Ohio CAT") on businesses with Ohio taxable gross receipts of $150,000 or more per calendar year for the privilege of doing business in Ohio.  Businesses, such as the Debtors, with taxable gross receipts in excess of $1 million are required to make quarterly payments.  In 2014, the Debtors remitted a total of $210,000 on account of the Ohio CAT.  The Debtors estimate that they will owe approximately $200,000 in 2015 and will need to make quarterly payments of approximately $50,000 each in February, May, August and November on account of the Ohio CAT, of which approximately $53,000 was remitted as it came due in 2015 on account of the Ohio CAT.   Although the Debtors are timely with respect to the Ohio CAT, they estimate that, as of the Petition Date, approximately $43,200 on account of the Ohio CAT has accrued and is unpaid.

(vi)     **Business License and Permit Fees, Annual Report Fees, and Other Similar Taxes and Fees**

11.      Finally, the Debtors are required to pay certain Fees, which include (a) business license and permit fees in various jurisdictions, (b) fees and taxes for annual reports, (c) excise taxes in the state of New Jersey, and (d) environmental fees in California.  In 2014 the Debtors remitted approximately $306,000 on account of Fees.  The Debtors estimate that they will owe approximately $324,000 in Fees in 2015, with a monthly average of approximately $27,000. Although the Debtors are timely with respect to Fees, they estimate that, as of the Petition Date, approximately $17,400 on account of Fees has accrued and is unpaid.

## RELIEF REQUESTED

12.    By this Motion, the Debtors seek entry of an order authorizing, but not directing, the Debtors to pay any Taxes and Fees in the ordinary course of business, without regard to whether such obligations accrued or arose before or after the Petition Date.  For the avoidance of doubt, the Debtors are not seeking authority to make "catch up" payments to the Taxing Authorities by this Motion.

13.    The Debtors also seek entry of an order authorizing the Banks to receive, process, honor, and pay checks or electronic transfers used by the Debtors to pay the Taxes and Fees, and to rely on the representations of the Debtors as to which checks are issued and authorized to be paid in accordance with this Motion.

## BASIS FOR RELIEF REQUESTED

### C.    Payment of the Taxes and Fees is Warranted Under the Doctrine of Necessity

14.    The Court may authorize payment of prepetition claims in appropriate circumstances based on section 105(a) of the Bankruptcy Code.  Section 105(a) of the Bankruptcy Code, which codifies the equitable powers of the bankruptcy court, empowers the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  Under section 105(a) of the Bankruptcy Code, courts may permit pre-plan payments of prepetition obligations when essential to the continued operation of a debtor's business.  *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989).  Specifically, the Court may use its power under section 105(a) of the Bankruptcy Code to authorize payment of prepetition obligations pursuant to the "doctrine of necessity."  *Id.* at 175-76.

15.    The United States Court of Appeals for the Third Circuit recognized the doctrine of necessity in *In re Lehigh & New England Railway. Co.*, 657 F.2d 570, 581 (3d Cir. 1981).

The Third Circuit held that a court could authorize the payment of prepetition claims if such payment was essential to the continued operation of the debtor. *Id.* (stating courts may authorize payment of prepetition claims when there "is the possibility that the creditor will employ an immediate economic sanction, failing such payment"); *see also In re Penn Cent. Transp. Co.*, 467 F.2d 100, 102 n.1 (3d Cir. 1972) (recognizing necessity of payment doctrine permits "immediate payment of claims of creditors where those creditors will not supply services or material essential to the conduct of the business until their pre-reorganization claims shall have been paid"); *In re Just for Feet, Inc.*, 242 B.R. 821, 824–25 (Bankr. D. Del. 1999) (noting that, in the Third Circuit, debtors may pay prepetition claims that are essential to continued operation of business); *In re Columbia Gas Sys., Inc.*, 171 B.R. 189, 191-92 (Bankr. D. Del. 1994) (same).

16.    The rationale for the doctrine of necessity—the rehabilitation of a debtor in reorganization cases—is "the paramount policy and goal of Chapter 11." *Ionosphere Clubs*, 98 B.R. at 176; *see also Just for Feet*, 242 B.R. at 826 (finding that payment of prepetition claims to certain trade vendors was "essential to the survival of the debtor during the chapter 11 reorganization."); *In re Quality Interiors, Inc.*, 127 B.R. 391, 396 (Bankr. N.D. Ohio 1991) ("[P]ayment by a debtor-in-possession of pre-petition claims outside of a confirmed plan of reorganization is generally prohibited by the Bankruptcy Code," but "[a] general practice has developed . . . where bankruptcy courts permit the payment of certain pre-petition claims, pursuant to 11 U.S.C. § 105, where the debtor will be unable to reorganize without such payment."); *In re Eagle-Picher Indus., Inc.*, 124 B.R. 1021, 1023 (Bankr. S.D. Ohio 1991) (approving payment of prepetition unsecured claims of tool makers as "necessary to avert a serious threat to the Chapter 11 process."); *Burchinal v. Cent. Wash. Bank (In re Adams Apple, Inc.)*, 829 F.2d 1484, 1490 (9th Cir. 1987) (recognizing that allowance of "unequal treatment of

pre-petition debts when necessary for rehabilitation . . ." is appropriate); *Mich. Bureau of Workers' Disability Comp. v. Chateaugay Corp. (In re Chateaugay Corp.)*, 80 B.R. 279, 287 (S.D.N.Y. 1987) (authorizing payment of prepetition workers' compensation claims on grounds that the fundamental purpose of reorganization and equity powers of bankruptcy courts "is to create a flexible mechanism that will permit the greatest likelihood of survival of the debtor and payment of creditors in full or at least proportionately."); 2 Alan N. Resnick & Henry J. Sommer, *Collier on Bankruptcy* ¶ 105.04[5][a] (16th ed. 2013) (discussing cases in which courts have relied on the "doctrine of necessity" or the "necessity of payment" rule to pay prepetition claims immediately).

17.     Here, the Debtors' payment of the Taxes and Fees is an exercise of sound business judgment and is necessary to maximize the value of the Debtors' estates for the benefit of their creditors.  The Debtors operate a nationwide business and any disputes that could adversely affect their ability to conduct business in a particular jurisdiction could have wide-ranging and negative effects on the Debtors' operations as a whole and their efforts to efficiently administer their estates and maximize distributions to their creditors.  If the Debtors do not continue paying the Taxes and Fees when they come due on a timely basis, it is very possible that Taxing Authorities, or those parties who ordinarily collect the Taxes and Fees, may interfere with the Debtors' business and the efficient administration of the estates.

18.     Similar relief is routinely granted by courts in this District.  *See, e.g.*, *In re Altegrity, Inc.*, Case No. 15-10226 (LSS) (Bankr. D. Del. Feb. 10, 2015); *In re Event Rentals, Inc.*, Case No. 14-10282 (PJW) (Bankr. D. Del. Feb. 18, 2014); *In re Natrol, Inc.*, Case No. 14-11446 (BLS) (Bankr. D. Del. June 23, 2014);  *In re ATLS Acquisition, LLC*, Case No. 13-10262 (PJW) (Bankr. D. Del. Feb. 20, 2013); *In re School Specialty, Inc.*, Case No. 13-10125 (KJC)

(Bankr. D. Del. Jan. 30, 2013); *In re THQ Inc.*, Case No. 12-13398 (MFW) (Bankr. D. Del. Dec. 20, 2012); *In re Vertis Holdings, Inc.*, Case No. 12-12821 (CSS) (Bankr. D. Del. Oct. 31, 2012); *In re Appleseed's Intermediate Holdings LLC*, Case No. 11-10160 (KG) (Bankr. D. Del. Jan. 20, 2011); *In re Local Insight Media Holdings, Inc.*, Case No. 10-13677 (KG) (Bankr. D. Del. Nov. 19, 2010) (Docket No. 54).

### D.   Payment of the Taxes and Fees Is Appropriate and Necessary

19.   The Debtors' payment of Taxes and Fees in the ordinary course of business is justified because, among other things, (i) certain of the Taxes and Fees are not property of the estate pursuant to section 541(d) of the Bankruptcy Code and (ii) nonpayment of the Taxes and Fees could lead to Taxing Authorities pursuing avenues of recourse that would divert estate resources and cause the Debtors to incur additional fees, penalties, and interest.

### (i)   Certain of the Taxes and Fees May Not Be Property of the Debtors' Estates

20.   Section 541(d) of the Bankruptcy Code provides, in relevant part, that "[p]roperty in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest . . . becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtors' legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold." 11 U.S.C. § 541(d).

21.   Some of the Taxes and Fees constitute "trust fund" taxes, which the Debtors are required to collect and/or hold in trust for payment to the Taxing Authorities. Courts have held that such taxes are not part of a debtor's estate. *See, e.g., Begier v. Internal Revenue Serv.*, 496 U.S. 53, 57–60 (1990) (holding that any prepetition payment of trust fund taxes is not a transfer subject to avoidance, because such funds are not the debtor's property); *City of Farrell v. Sharon Steel Corp.*, 41 F.3d 92, 95 (3rd Cir. 1994) (holding withheld taxes were subject to a trust); *DuCharmes & Co. v. Mich. (In re DuCharmes & Co.)*, 852 F.2d 194 (6th Cir. 1988) (per curiam)

(same); *Shank v. Wash. State Dep't of Revenue (In re Shank)*, 792 F.2d 829, 833 (9th Cir. 1986) (stating that sales tax required by state law to be collected by sellers from their customers is a "trust fund" tax and not released by bankruptcy discharge); *DeChiaro v. N.Y. State Tax Comm'n*, 760 F.2d 432, 435-36 (2d Cir. 1985) (same); *Rosenow v. Ill. Dep't of Revenue (In re Rosenow)*, 715 F.2d 277, 279-82 (7th Cir. 1983) (same); *W. Surety Co. v. Waite (In re Waite)*, 698 F.2d 1177, 1179 (11th Cir. 1983) (same).  To the extent these "trust fund" Taxes are collected by the Debtors, they are not property of the Debtors' estates under section 541(d).  *See, e.g., In re Am. Int'l Airways, Inc.*, 70 B.R. 102, 104-05 (Bankr. E.D. Pa. 1987); *Old Republic Nat'l Title Ins. Co. v. Tyler (In re Dameron)*, 155 F.3d 718, 721-22 (4th Cir. 1998) (stating that funds from various lenders held by closing agent in trust for designated third parties were not property of debtor's estate).  The Debtors, therefore, generally do not have an equitable interest in such funds, and they should be permitted to pay those funds to Taxing Authorities as they become due.

      **(ii)**      **Payment of the Taxes and Fees Will Avoid Unnecessary Costs and Distractions in the Chapter 11 Cases**

22.      Any regulatory dispute or delinquency that affects the Debtors' ability to conduct business could have a wide-ranging and adverse effect on the Debtors' operations as a whole. Specifically, the Debtors' failure to pay the Taxes and Fees could adversely affect their business operations because, among other things, (a) Taxing Authorities could audit the Debtors or prevent the Debtors from continuing their businesses, which, even if unsuccessful, would unnecessarily divert the Debtors' attention away from the reorganization process and consume estate resources; (b) Taxing Authorities could attempt to suspend the Debtors' operations, file liens, seek to lift the automatic stay, and pursue other remedies that will harm the estates; and (c) Taxing Authorities could argue that certain directors and officers are subject to personal liability—even if such a failure to pay such Taxes and Fees was not a result of malfeasance on

their parts—which would undoubtedly distract those key individuals from their duties related to the Debtors' restructuring.  Accordingly, the Debtors must continue to pay the Taxes and Fees as they become due to ensure that estate resources are not wasted and their officers and directors remain focused during these Chapter 11 Cases on operating the businesses and implementing a successful restructuring.

### E.    Certain of the Taxes and Fees May Constitute Priority Claims

23.    The Debtors submit that authorizing the payment of the Taxes and Fees is in the best interests of their creditors and estates because the Taxes and Fees could constitute priority claims under Bankruptcy Code section 507(a)(8).  As such, payment of the Taxes and Fees will not prejudice the rights of general unsecured creditors, because the Taxing Authorities will not receive more than they would be entitled to under a chapter 11 plan.  Moreover, to the extent that the Taxes and Fees are entitled to priority treatment under section 507(a)(8)(b) of the Bankruptcy Code, the governmental units also may attempt to assess interest and penalties.  *See* 11 U.S.C. § 507(a)(8)(G) (granting eighth priority status to "a penalty related to a claim of a kind specified in this paragraph and in compensation for actual pecuniary loss").  Thus, the payment of the Taxes and Fees at this time only affects the timing of the payment for what is likely to be the vast majority of the amounts at issue and, therefore, should not unduly prejudice the rights of other creditors.  Further, the payment of the Taxes and Fees at this time will save the Debtors the potential interest expense, legal expense, and penalties that otherwise might accrue on the Taxes and Fees during these Chapter 11 Cases.

### F.    The Court Should Authorize Applicable Banks to Honor Checks and Electronic Fund Transfers in Accordance with the Motion

24.    In connection with the foregoing, the Debtors respectfully request that the Court (a) authorize all applicable Banks to receive, process, honor, and pay all checks and transfers

issued by the Debtors in accordance with this Motion, without regard to whether any checks or transfers were issued before or after the Petition Date; (b) provide that all Banks may rely on the representations of the Debtors with respect to whether any check or transfer issued or made by the Debtors before the Petition Date should be honored pursuant to this Motion (such banks and other financial institutions having no liability to any party for relying on such representations by the Debtors provided for herein); and (c) authorize the Debtors to issue replacement checks or transfers to the extent any checks or transfers that are issued and authorized to be paid in accordance with this Motion are dishonored or rejected by the Banks.

### G.      Immediate Relief Is Justified

25.      Pursuant to Bankruptcy Rule 6003, the Court may grant relief within 21 days after the filing of the petition regarding a motion to "use, sell, lease, or otherwise incur an obligation regarding property of the estate" only if such relief is necessary to avoid immediate and irreparable harm.  Fed. R. Bankr. P. 6003(b).  Immediate and irreparable harm exists where the absence of relief would impair a debtor's ability to reorganize or threaten the debtor's future as a going concern.  *See In re Ames Dep't Stores, Inc.*, 115 B.R. 34, 36 n.2 (Bankr. S.D.N.Y. 1990) (discussing the elements of "immediate and irreparable harm" in relation to Bankruptcy Rule 4001).

26.      Moreover, Bankruptcy Rule 6003 authorizes the Court to grant the relief requested herein to avoid harm to the Debtors' customers and other third parties.  Unlike Bankruptcy Rule 4001, Bankruptcy Rule 6003 does not condition relief on imminent or threatened harm to the estate alone.  Rather, Bankruptcy Rule 6003 speaks of "immediate and irreparable harm" generally.  *Cf.* Fed. R. Bankr. P. 4001(b)(2), (c)(2) (referring to "irreparable harm to the estate").  Indeed, the "irreparable harm" standard is analogous to the traditional standards governing the issuance of preliminary junctions.  *See* 9 *Collier on Bankruptcy*

¶ 4001.07[b][3] (discussing source of "irreparable harm" standard under Rule 4001(c)(2)). Courts will routinely consider third-party interests when granting such relief. *See, e.g., Capital Ventures Int'l v. Argentina*, 443 F.3d 214, 223 n.7 (2d Cir. 2006); *see also Linnemeir v. Bd. of Trs. of Purdue Univ.*, 260 F.3d 757, 761 (7th Cir. 2001)

27.     As described herein and in the First Day Declaration, the Debtors will suffer immediate and irreparable harm without Court authorization to pay the Taxes and Fees and for the related relief requested herein.

28.     Accordingly, Bankruptcy Rule 6003 has been satisfied and the relief requested herein should be granted.

## REQUEST FOR WAIVER OF STAY

29.     To implement the foregoing, the Debtors seek a waiver of any stay of the effectiveness of the order approving this Motion.  Pursuant to Bankruptcy Rule 6004(h), any "order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise."  The Debtors submit that the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtors for the reasons set forth herein.  Accordingly, the Debtors submit that ample cause exists to justify a waiver of the 14-day stay imposed by Bankruptcy Rule 6004(h).

30.     To implement the foregoing immediately, the Debtors respectfully request a waiver of the notice requirements of Bankruptcy Rule 6004(a) to the extent that they are deemed applicable.

## DEBTORS' RESERVATION OF RIGHTS

31.     Nothing contained herein is intended or should be construed as an admission of the validity of any claim against the Debtors; a waiver of the Debtors' rights to dispute any claim; or an approval, assumption, or rejection of any agreement, contract, or lease under section

14

365 of the Bankruptcy Code.  The Debtors expressly reserve their rights to contest any invoice or claim of any Taxing Authority under applicable non-bankruptcy law.  Likewise, if this Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

## NOTICE

32.    The Debtors will provide notice of this Motion to: (i) the Office of the United States Trustee for the District of Delaware; (ii) holders of the 50 largest unsecured claims on a consolidated basis against the Debtors; (iii) counsel for Silver Point Finance, LLC, in its capacity as administrative agent under the Debtors' First Lien Credit Agreement and Second Lien Credit Agreement; (iv) counsel for Bank of America, N.A., in its capacity as administrative agent under the Debtors' Amended and Restated Loan and Security Agreement; (v) counsel to the agents under the Debtors' proposed debtor-in-possession financing facility; (vi) the Banks; (vii) the Taxing Authorities; and (viii) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.  Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-1(m).  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested

herein and such other and further relief as the Court may deem just and proper.

Dated:   March 12, 2015
         Wilmington, Delaware

_/s/ Andrew L. Magaziner_
Michael R. Nestor (No. 3526)
Kara Hammond Coyle (No. 4410)
Maris J. Kandestin (No. 5294)
Andrew L. Magaziner (No. 5426)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 571-6600
Facsimile:    (302) 571-1253
mnestor@ycst.com
kcoyle@ycst.com
mkandestin@ycst.com
amagaziner@ycst.com

-and-

Robert A. Klyman (CA No. 142723)
Samuel A. Newman (CA No. 217042)
Jeremy L. Graves (CO No. 45522)
Sabina Jacobs (CA No. 274829)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-1512
Telephone: (213) 229-7000
Facsimile: (213) 229-7520
rklyman@gibsondunn.com
snewman@gibsondunn.com
jgraves@gibsondunn.com
sjacobs@gibsondunn.com

_Proposed Counsel to the Debtors and
Debtors in Possession_

## **EXHIBIT A**

## **PROPOSED ORDER**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, *et al.*,[1] | Case No. 15-_____ (___) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. ___** |

**ORDER (I) AUTHORIZING THE PAYMENT OF SALES, USE, FRANCHISE, INCOME, AND SIMILAR TAXES AND FEES, AND (II) AUTHORIZING BANKS TO RECEIVE, PROCESS, AND HONOR CHECKS ISSUED AND ELECTRONIC PAYMENT REQUESTS RELATED THERETO**

Upon the *Debtors' Motion for Order (i) Authorizing the Payment of Sales, Use, Franchise, Income, and Similar Taxes and Fees, and (ii) Authorizing Banks to Receive, Process, and Honor Checks Issued and Electronic Payment Requests Related Thereto* (the "Motion")[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"); and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and the Court having found that venue of these cases and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given; and the Court having

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2] All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

determined that it may enter a final order consistent with Article III of the United States

Constitution; and upon consideration of the First Day Declaration; and a hearing having been

held to consider the relief requested in the Motion; and upon the record of the hearing and all of

the proceedings had before the Court; and the Court having found and determined that the relief

sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all

other parties in interest; and that the legal and factual bases set forth in the Motion establish just

cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefor,

#### IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      The Debtors are authorized, but not directed, in the exercise of their reasonable

business judgment, to pay and remit to the Taxing Authorities the Taxes or Fees as they come

due in the ordinary course of business; *provided, however*, that notwithstanding anything

contained in this Order, Real Property Taxes and/or Personal Property Taxes shall only be paid

to the extent failure to pay such Real Property Tax or Personal Property Tax would create a

senior lien on the property at issue and if the property at issue constitutes a Transferred Asset, as

such term is defined in the Asset Purchase Agreement.[3]

3.      Nothing herein shall impair any right of the Debtors to dispute or object to any

taxes asserted as owing to the Taxing Authorities or those parties who ordinarily collect the

Taxes and Fees as to amount, liability, classification, or otherwise.

---

[3] The term "Purchase Agreement" means that certain Asset Purchase Agreement among the Debtors and Standard Acquisition Holdings, LLC or their assignee(s) or designee(s) as the buyer and stalking horse bidder (the "Stalking Horse"), dated as of March 11, 2015.

4.      Each of the Banks is authorized to honor checks presented for payment and all fund transfer requests made by the Debtors, to the extent that sufficient funds are on deposit in the applicable accounts, in accordance with this Order and any other order of this Court.

5.      The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests in connection with any Taxes and Fees that are dishonored or rejected.

6.      Nothing in the Motion or this Order, or the Debtors' payment of any claims pursuant to this Order, shall be deemed or construed as:  (a) an admission as to the validity of any claim or Lien against the Debtors or their estates; (b) a waiver of the Debtors' right to dispute any claim or Lien; (c) an approval or assumption of any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (d) an admission of the priority status of any claim, whether under section 503(b)(9) of the Bankruptcy Code or otherwise; or (e) a modification of the Debtors' rights to seek relief under any section of the Bankruptcy Code on account of any amounts owed or paid to any Authority.

7.      Notwithstanding anything to the contrary contained herein, any payment to be made, or authorization contained, hereunder shall be subject to the requirements imposed on the Debtors under any approved order regarding post-petition financing and any budget in connection therewith.

8.      The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

9.      Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

10.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

3

11.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

12.     The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2015
      Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT B**

## **LIST OF TAXING AUTHORITIES**

In re The Standard Register Company, et al.

Taxing Authorities

| Name of Taxing Authority | Address | | | | City | State | Zip Code |
|---|---|---|---|---|---|---|---|
| Alabama Business License | Alabama Department of Revenue | 50 North Ripley Street | | | Montgomery | AL | 36104 |
| Alabama Department of Labor | Alabama Unemployment Tax | UNEMPLOYMENT COMPENSATION DIVISION | 649 MONROE STREET | | MONTGOMERY | AL | 36131 |
| Alabama Department of Revenue | Gordon Persons Bldng | 50 North Ripley Street | | | Montgomery | AL | 36104 |
| Alabama State Franchise Tax | RSA Union Building | 100 North Union Street | | | Montgomery | AL | 36130 |
| Alameda County Tax Collector | Attn: Donald R. White, Tax Collector | 1221 Oak Street | Room 131 | | Oakland | CA | 94612 |
| Alameda County Tax Collector | Attn: Donald R. White, Tax Collector | 1221 Oak Street | Room 131 | | Oakland | CA | 94612 |
| Alameda County Tax Collector | Attn: Donald R. White, Tax Collector | 1221 Oak Street | Room 131 | | Oakland | CA | 94612 |
| Alameda County Treasurer | Attn: Donald R. White, Tax Collector | 1221 Oak Street | Room 131 | | Oakland | CA | 94612 |
| Alaska Department of Labor and Workforce Development | Employment Security Tax | PO Box  115509 | | | Juneau | AK | 99811-5509 |
| British Columbia Goods/Services Tax Services Office | 1166 West Pender Street | | | | Vancouver, British Columbia, Canada | | V6E 3H8 |
| British Columbia Provincial Sales Tax Office | 1802 Douglas Street | | | | Victoria, British Columbia, Canada | | V8T 4K6 |
| City of Alpharetta | Tax Collector | 2 Park Plaza | | | Alpharetta | GA | 30009 |
| City of Anchorage | Attn: Daniel Moore, Municipal Treasurer | 632 West 6th Avenue | | | Anchorage | AK | 99501 |
| Arapahoe County | Attn: Sue Sandstrom, Treasurer | 5334 S. Prince St. | | | Littleton | CO | 80120 |
| Arizona Department of Revenue | 1600 W Monroe St. | | | | Phoenix | AZ | 85007-2650 |
| Arizona Unemployment Tax | Department of Economic Security Unemployment Insurance Administration | P. O. Box 29225 | | | Phoenix | AZ | 85038-9225 |
| Arkansas Department of Finance and Administration | 1509 West 7th Street | | | | Little Rock | AR | 72201 |
| Arkansas Sales & Use Tax | PO Box 1272 | | | | Little Rock | AR | 72201 |
| Arkansas State Franchise Tax | State Capitol | 500 Woodlane Street, Suite 256 | | | Little Rock | AK | 72201 |
| Arkansas Unemployment Tax | ADWS | #2 Capitol Mall | | | Little Rock | AR | 72201 |
| Bernalillo County | One Civic Plaza, NW | | | | Albuquerque | NM | 87102 |
| California Environmental Fee | State Board of Equalization | | | | Sacramento | CA | 94279 |
| California Sales & Use Tax | Attn: Jerry L. McGuire, Sales and Use Tax Department Deputy Director | 450 N Street | Room 2322, MIC:73 | | Sacramento | CA | 95814 |
| California Sales & Use Tax | Attn: Jerry L. McGuire, Sales and Use Tax Department Deputy Director | 450 N Street | Room 2322, MIC:73 | | Sacramento | CA | 95814 |
| California State Board of Equalization | 15350 Sherman Way 250 Van Nuys | | | | Van Nuys | CA | 91406 |
| California Unemployment Tax | Taxpayer Assistance Center | P.O. Box 826880 | | | Sacramento | CA | 94280-0001 |
| Capitol Station | P.O. Box 13528 | | | | Austin | TX | 78711-3528 |
| Carvel State Office Building | 820 North French Street | New Castle County | | | Wilmington | DE | 19801 |
| City of Hapeville | Attn: Carolyn Meier, Tax/Billing Clerk | 3468 North Fulton Ave | | | Hapeville | GA | 30354 |
| City of Memphis | Attn: Marie Kirk Owens, Treasurer | 125 N. Main St. | | | Memphis | TN | 38103 |
| City of Radcliff | Attn: Jeffrey England, Property Tax Clerk | 411 W. Lincoln Trail Blvd. | | | Radcliff | KY | 40159-0519 |
| City of Woburn | Attn: Timothy J. Donovan | 10 Common St. | | | Woburn | MA | 01801 |
| City of Woburn | Attn: Timothy J. Donovan | 10 Common St. | | | Woburn | MA | 01801 |
| Clark County Treasurer | Attn: Doug Lasher, Treasurer | 1300 Franklin Street | 2nd Floor | | Vancouver | WA | 98660 |
| Colorado Department of Revenue | 1375 Sherman St. | | | | Denver | CO | 80261 |
| Colorado Unemployment Tax | 633 17th Street | Suite 201 | | | Denver | CO | 80202-3660 |
| Compliance Division | PO Box 9107 | | | | Augusta | ME | 04332-9107 |
| Connecticut Connecticut Department of Revenue Services | 25 Sigourney Street | | | | Hartford | CT | 6106 |
| Connecticut State Franchise Tax | DEPARTMENT OF REVENUE SERVICES | 25 Sigourney Street | | | Hartford | CT | 06106-5032 |
| Connecticut Unemployment Tax | 200 Folly Brook Boulevard | | | | Wethersfield | CT | 6109 |
| Connors Building | 2501 North Lincoln Boulevard | | | | Oklahoma City | OK | 73194 |
| Consolidated Tax Texas | P.O. Box 13528, Capitol Station | | | | Austin | TX | 78711-3528 |

In re The Standard Register Company, et al.

Taxing Authorities

| Name of Taxing Authority | Address | | | | City | State | Zip Code |
|---|---|---|---|---|---|---|---|
| Contra Costa County | Tax Collector | Attn: Russell V. Watts, Treasurer-Tax Collector | 625 Court St. | Suite 100 | Martinez | CA | 94553 |
| County of Davidson | Metropolitan Trustee | Attn: Charlie Cardwell, Metropolitan Trustee | 700 Second Avenue South | Suite 220 | Nashville | TN | 37210 |
| County of Guilford | Attn: Ben Chavis, Tax Department Director | 400 West Market Street | | | Greensboro | NC | 27402 |
| County of Los Angeles, CA | County of Los Angeles | Attn: Joseph Kelly | 225 N. Hill Street | | Los Angeles | CA | 90012 |
| County of Orange, CA | County of Orange | Attn: Shari L. Freidenrich, Treasurer, Tax Collector | P.O. Box 4515 | | Santa Ana | CA | 92702-4515 |
| County of Sacramento | Attn: Kathleen Kelleher, Assessor | 3701 Power Inn Rd | Suite 3000 | | Sacramento | CA | 95826-4329 |
| County of Washington | Attn: David Ruff, Collector | 280 N. College | Suite 202 | | Fayetteville | AR | 72701 |
| County of Yolo | Attn: Howard Newens, Collector | 625 Court Street | Room 102 | | Woodland | CA | 95695 |
| Customer Service Bureau | P.O. Box 8949 | | | | Madison | WI | 53708-8949 |
| Cypress Fairbanks Tax Assessor | Anita Henry | 10494 Jones Rd. | Suite 106 | | Houston | TX | 77065 |
| City of Dallas | Attn: John R. Ames, Tax Assessor/Collector | 500 Elm Street | | | Dallas | TX | 75202 |
| City of Dallas | Attn: John R. Ames, Tax Assessor/Collector | 500 Elm Street | | | Dallas | TX | 75202 |
| Dallas County | John R. Ames, CTA | 500 Elm Street | | | Dallas | TX | 75202 |
| Davie County | Tax Collector's Office | 123 S. Main Street | | | Mocksville | NC | 27028 |
| Delaware Business License | License Department | 820 North French Street | | | Wilmington | DE | 19801 |
| Delaware Delaware Division of Revenue | 20653 Dupont Blvd. | Suite 2 | Sussex County | | Georgetown | DE | 19947 |
| Delaware Unemployment Tax | Division of Unemployment Insurance | P. O. Box 9953 | | | Wilmington | DE | 19809 |
| Denton County | Attn: Michelle French, Tax Assessor/Collector of Denton County | 1505 E. McKinney Street | | | Denton | TX | 76209-4525 |
| Director of Taxation, Room 221, Dept of Taxation | 830 Punchbowl Street | | | | Honolulu | HI | 96813-5094 |
| Douglas County | Todd Cowan,Tax Commissioner | 8700 Hospital Drive | | | Douglasville | GA | 30133 |
| Douglas County Tax Commissioner | Todd Cowan,Tax Commissioner | 8700 Hospital Drive | | | Douglasville | GA | 30133 |
| Douglas County Tax Commissioner | Jennifer Liersch | 8700 Hospital Drive | | | Douglasville | GA | 30134 |
| City of Elkhart | Elkhart County Treasurer | 117 N. Second Street | Room 201 | | Goshen | IN | 46526 |
| Elkhart County | Attn: Jackie Meyers, Treasurer | 117 N. Second Street | Room 201 | | Goshen | IN | 46526-3296 |
| Elkhart County | Elkhart County Trasurer | Attn: Jackie Meyers, Treasurer | 117 N. Second Street | Room 201 | Goshen | IN | 46526-3296 |
| Elkhart Tax Assessor/Collector | Elkhart County Treasurer | 117 N. Second Street | Room 201 | | Goshen | IN | 46526-3296 |
| Florida Department of Revenue | 5050 West Tennessee Street | | | | Tallahassee | FL | 32399-0100 |
| Florida Department of Revenue | Florida Unemployment Tax | Reemployment Tax | 5050 W Tennessee Street | | Tallahassee | FL | 32399 |
| GE Capital | Attn: Alex Dimitrief, Senior Vice President and General Counsel | 901 Main Avenue | | | Norwalk | CT | 06851 |
| Georgia Department of Revenue | 1800 Century Center Blvd., N.E. | | | | Atlanta | GA | 30345 |
| Georgia State Franchise Tax | Department of Revenue | 1800 Century Boulevard, NE | | | Atlanta | GA | 30345 |
| Georgia Unemployment Tax | Attention: Mark Butler | 148 Andrew Young International Blvd., NE | | | Atlanta | GA | 30303 |
| Guildford | Attn: Ben Chavis, Tax Department Director | 400 West Market Street | | | Greensboro | NC | 27402 |
| Guilford County | Attn: Ben Chavis, Tax Department Director | 400 West Market Street | | | Greensboro | NC | 27402 |
| Gwinnett County | Attn: Richard Steele, Tax Commissioner | 75 Langley Drive | | | Lawrenceville | GA | 30046 |
| Hamilton County | 33 N 9th St | Suite 112 | | | Noblesville | IN | 46060 |
| Hardin County | 14 Public Square | | | | Elizabethtown | KY | 42701 |
| Hawaii Business License | Business Registration Division | King Kalakaua Building | 335 Merchant Street | | Honolulu | HI | 96813 |
| Hawaii Unemployment Tax | Unemployment Insurance Division | 830 Punchbowl Street | Room 437 | | Honolulu | HI | 96813 |
| Hillsborough County | Hillsborough County Tax Collector | 601 E. Kennedy Blvd. | | | Tampa | FL | 33602 |
| Houston | Attn: Mike Sullivan, Tax Assessor | 1001 Preston St. | | | Houston | TX | 77002 |
| Idaho Business License | 800 E. Park Blvd. | Plaza IV | | | Boise | ID | 83712 |
| Idaho State Tax Commission | 800 Park Blvd., Plaza IV | | | | Boise | ID | 83712-7742 |
| Idaho Unemployment Tax | Unemployment Insurance Division | 317 W. Main St. | | | Boise | ID | 83735 |

| Name of Taxing Authority | Address | | | | City | State | Zip Code |
|---|---|---|---|---|---|---|---|
| Illinois Department of Revenue | PO BOX 1040 | | | | GALESBURG | IL | 61402-1040 |
| Illinois Sales & Use Tax | PO BOX 19034 | | | | Springfield | IL | 62794-9034 |
| Illinois Unemployment Tax | 33 South State Street | | | | Chicago | IL | 60603-2802 |
| Indiana Department of Revenue | 1025 Widener Ln | | | | South Bend | IN | 46614 |
| Indiana Sales & Use Tax | P.O. Box 7218 | | | | Indianapolis | IN | 46207-7218 |
| Indiana Unemployment Tax | Unemplyment Divisoin | 2301 Concord Rd | | | Lafayette | IN | 47909 |
| Internal Revenue Service | Federal Unemployment Tax | 1111 Constitution Avenue, NW | | | Washington | DC | 20224 |
| Internal Revenue Service | Federal Payroll Tax | 1111 Constitution Avenue, NW | | | Washington | DC | 20224 |
| Iowa Department of Revenue and Finance | PO Box 10471 | | | | Des Moines | IA | 50306-0471 |
| Iowa Unemployment Tax | Unemployment Insurance (UI) Services Division | 1000 East Grand Avenue | | | Des Moines | IA | 50319-0209 |
| Irv Lowenberg-Southfield, MI | Irv Lowenberg-Southfield | Attn: Michael Racklyeft, City Assessor | 26000 Evergreen Road | P.O. Box 2055 | Southfield | MI | 48037-2055 |
| John R Ames (Dallas) | Attn: John R. Ames, Tax Assessor/Collector | 500 Elm Street | | | Dallas | TX | 75202 |
| Kansas Department of Labor | Kansas Unemployment Tax | Unemployment Contact Center | P.O. Box 3539 | | Topeka | KS | 66601-3539 |
| Kansas Department of Revenue | 915 SW Harrison St #300 | | | | Topeka | KS | 66612 |
| Kentucky Business License | Office of the Kentucky Secretary of State | 700 Capital Ave | Ste. 152 | | Frankfort | KY | 40601 |
| Kentucky Department of Revenue Division of Sales and Use Tax | Station 67 | PO Box 181 | | | Frankfort | KY | 40602-0181 |
| Kentucky Revenue Cabinet | 501 High Street | | | | Frankfort | KY | 40620 |
| Kentucky Unemployment Tax | Division of Unemployment Insurance | PO Box  948 | | | Frankfort | KY | 40602-0948 |
| King County | 35030 SE Douglas St | Ste 210 | | | Snoqualmie | WA | 98065 |
| King County Treasury | Attn: Treasurer | 500 Fourth Ave. | Sixth Floor | | Seattle | WA | 98104-2364 |
| Lexington, KY Business License | Office of the Kentucky Secretary of State | 700 Capital Ave | Ste. 152 | | Frankfort | KY | 40601 |
| Louisiana Department of Revenue | 900 Murray Street | | | | Alexandria | LA | 71301-7610 |
| Louisiana State Franchise Tax | Department of Revenue | 617 North Third Street | | | Baton Rouge | LA | 70802 |
| Louisiana Unemployment Tax | Chief of Tax Operations | P.O. Box 94186 | | | Baton Rouge | LA | 70804-9186 |
| Maine Department of Labor | Maine Unemployment Tax | Unemployment Compensation Bureau Director | 47A State House Station | | Augusta | ME | 04333-0047 |
| Manitoba GST Authority | Manitoba Finance Taxation Department | 101-401 York Avenue | | Winnipeg, MB, Canada | | | R3C 0P8 |
| Manitoba Provincial Taxing Authority | Manitoba Finance Taxation Department | 101-401 York Avenue | | Winnipeg, MB, Canada | | | R3C 0P8 |
| Maricopa County | 301 West Jefferson | Suite 100 | | | Phoenix | AZ | 85003 |
| Marion County  Treasurer | Attn: Claudia O. Fuentes, Treasurer | 200 E. Washington St. | Suite 1001 | | Indianapolis | IN | 46204 |
| Marion County Treasurer | Attn: Claudia O. Fuentes, Treasurer | 200 E. Washington St. | Suite 1001 | | Indianapolis | IN | 46204 |
| Maryland State Comptroller | 80 Calvert Street | PO Box 466 | | | Annapolis | MD | 21404-0466 |
| Maryland Unemployment Tax | Unemployment Insurance Contributions | 1100 N. Eutaw Street | Room 414 | | Baltimore | MD | 21201 |
| Massachusetts Department of Revenue | 436 Dwight Street | | | | Springfield | MA | 01103 |
| Massachusetts Department of Revenue | PO Box 7010 | | | | Boston | MA | 02204 |
| Massachusetts State Franchise Tax | Department of Revenue | PO Box 7010 | | | Boston | MA | 02204 |
| Massachusetts Unemployment Tax | Department of Unemployment Assistance | Charles F. Hurley Building | 19 Staniford Street | 2nd Floor | Boston | MA | 2114 |
| Mecklenburg County | Tax Collections | Robert L. "Bob" Walton Plaza | 700 E. Stonewall Street | | Charlotte | NC | 28202 |
| Mecklenburg County | Tax Collections | Robert L. "Bob" Walton Plaza | 700 E. Stonewall Street | | Charlotte | NC | 28202 |
| Mecklenburg County | Tax Assessor/Collector | Robert L. "Bob" Walton Plaza | 700 E. Stonewall Street | | Charlotte | NC | 28202 |
| City of Mesquite | 757 N. Galloway Ave. | | | | Mesquite | TX | 75149 |
| Mexico Federal Taxing Authority | Servicio de Administración Tributaria | Av. Hidalgo 77 | | col. Guerrero, Mexico | | | 06300 |
| Mexico Import Duty Taxing Authority | Servicio de Administración Tributaria | Av. Hidalgo 77 | | col. Guerrero, Mexico | | | 06300 |
| Mexico Payroll Taxing Authority | Servicio de Administración Tributaria | Av. Hidalgo 78 | | col. Guerrero, Mexico | | | 06301 |
| Mexico VAT Authority | Av. Constituyentes 1001 | Álvaro Obregón | Belén de Las Flores | Mexico City, Mexico | | | 01110 |
| Metropolitan Trustee | Attn: Charlie Cardwell, Metropolitan Trustee | 700 Second Avenue South | Suite 220 | | Nashville | TN | 37210 |
| Michigan Department of Treasury | 430 W Allegan St | | | | Lansing | MI | 48933 |

In re The Standard Register Company, et al.
Taxing Authorities

| Name of Taxing Authority | Address | | | City | State | Zip Code |
|---|---|---|---|---|---|---|
| Michigan Unemployment Tax | LARA Unemployment Insurance Agency | P.O. Box 169 | | Grand rapids | MI | 49501-0169 |
| Minnesota Department of Employment and Economic Development | Minnesota Unemployment Tax | Unemployment Insurance | P.O. Box 4629 | St Paul | MN | 55101-4629 |
| Minnesota Minnesota Department of Revenue | 600 North Robert St | | | St. Paul | MN | 55112 |
| Minnesota Sales & Use Tax | Minnesota Department of Revenue | 600 North Robert St. | | St. Paul | MN | 55101 |
| Mississippi State Franchise Tax | Mississippi Department of Revenue | 500 Clinton Center Drive | | Clinton | MS | 39056 |
| Mississippi Tax Commission | P.O. BOX 22808 | | | JACKSON | MS | 39225-2808 |
| Mississippi Unemployment Tax | Office of the Governor | 1235 Echelon Parkway | P.O. Box 1699 | Jackson | MS | 39215-1699 |
| Missouri Missouri Department of Revenue | Harry S Truman State Office Building | 301 West High Street | | Jefferson City, | MO | 65101 |
| Missouri Missouri Department of Revenue | Sales & Use Tax | Harry S Truman State Office Building | 301 West High Street | Jefferson City, | MO | 65101 |
| Missouri State Franchise Tax | Harry S Truman State Office Building | 301 West High Street | | Jefferson City | MI | 65101 |
| Missouri Unemployment Tax | Division of Employment Security | P.O. Box 59 | | Jefferson City | MO | 65104-0059 |
| City of Monroe | Tax Collector | 201 E. Windsor St | | Monroe | NC | 28111 |
| Monroe Tax Assessor/Collector | Attn: Monroe County Tax Assessors | 500 N Main Street #236 | | Monroe | NC | 28112 |
| Montana Department of Revenue | Mitchell Building, | 125 N. Roberts, | P.O. Box 5805 | Helena | MT | 59604-5805 |
| Montana Unemployment Tax | Unemployment Insurance Division | P.O. Box 8020 | | Helena | MT | 59604-8020 |
| Montgomery County (Albany) | Attn: Carolyn Rice, Montgomery County Treasurer | 451 W. Third St. | | Dayton | OH | 45422-1475 |
| Montgomery County (Albany) | Tax Assessor/Collector | Attn: Carolyn Rice, Montgomery County Treasurer | 451 W. Third St. | Dayton | OH | 45422-1475 |
| Montgomery County (Monument) | Attn: Carolyn Rice, Montgomery County Treasurer | 451 W. Third St. | | Dayton | OH | 45422-1475 |
| Montgomery County (Monument) | Tax Assessor/Collector | Attn: Carolyn Rice, Montgomery County Treasurer | 451 W. Third St. | Dayton | OH | 45422-1475 |
| Multnomah County | County Headquarters | 501 SE Hawthorne Blvd | | Portland | OR | 97214 |
| Municipality of Anchorage | Attn: Daniel Moore, Municipal Treasurer | 632 West 6th Avenue | | Anchorage | AK | 99501 |
| City of Murfreesboro | Attn: Melissa B. Wright, Treasurer | 111 W. Vine St. | First Floor | Murfreesboro | TX | 37130 |
| City of Murfreesboro | Tax Department | 111 W. Vine St. | | Murfreesboro | TN | 37130 |
| Murfreesboro Tax Assessor/Collector | Attn: Melissa B. Wright, Treasurer | 111 W. Vine St. | First Floor | Murfreesboro | TX | 37130 |
| Murfreesboro Tax Assessor/Collector | Attn: Rob Mitchell, Rutherford County Property Assessor | 319 N. Maple St. | Suite 200 | Murfreesboro | TN | 37130 |
| Muscogee County | Attn: Betty Middleton, Chief Appraiser | 3111 Citizens Way | | Columbus | GA | 31906 |
| Nebraska State Office Building | 301 Centennial Mall South | | | Lincoln | NE | 65808 |
| Nebraska Unemployment Tax | State House Station | 550 S. 16th St. | P.O. Box 94600 | Lincoln | NE | 68509 |
| Nevada Unemployment Tax | Employment Security Division | 500 East Third Street | | Carson City | NV | 897113-0030 |
| Nevada Department of Taxation | 1550 College Parkway | Suite 115 | | Carson City | NV | 89706 |
| New Hampshire Department of Revenue - Administration Unit | 109 Pleasant Street | P.O. Box 457 | | Concord | NH | 03302-0457 |
| New Hampshire State Franchise Tax | New Hampshire Department of Revenue Administration | Governor Hugh Gallen State Office Park | 109 Pleasant Street | Concord | NH | 3301 |
| New Hampshire Unemployment Tax | New Hampshire Employment Security | 45 South Fruit Street | | Concord | NH | 3301 |
| New Jersey Division of Taxation | Bankruptcy Section, | P.O. Box 245 | | Trenton | NJ | 08695-0245 |
| New Jersey Sales & Use Tax | Sales & Use Tax | Bankruptcy Section | P.O. Box 245 | Trenton | NJ | 08695-0245 |
| New Jersey Unemployment Tax | 1 John Fitch Plaza | P.O. Box 110 | | Trenton | NJ | 08625-0110 |
| New Mexico Department of Taxation and Revenue | 1100 South St. Francis Drive | | | Santa Fe | NM | 87504 |
| New Mexico Unemployment Tax | New Mexico Department of Workforce Solutions | PO BOX 2281 | | ALBUQUERQUE | NM | 87103 |
| City of New Orleans | Attn: Bureau of Treasury | 1300 Perdido St | Room 1W40 | New Orleans | LA | 70112 |

In re The Standard Register Company, et al.

Taxing Authorities

| Name of Taxing Authority | Address | | | City | State | Zip Code |
|---|---|---|---|---|---|---|
| New York Department of Taxation & Finance | Bankruptcy Section, P.O. Box 5300 | | | Albany | NY | 12205-0300 |
| New York Department of Taxation & Finance | Sales & Use Tax | Bankruptcy Section, P.O. Box 5300 | | Albany | NY | 12205-0300 |
| New York Unemployment Tax | New York State Department of Labor | P.O. Box 15130 | | Albany | NY | 12212-5130 |
| North Carolina Department of Revenue | 501 N Wilmington St | | | Raleigh | NC | 27604 |
| North Carolina Department of Revenue | 501 N Wilmington St | | | Raleigh | NC | 27604 |
| North Carolina Department of Revenue | 501 N Wilmington St | | | Raleigh | NC | 27604 |
| North Carolina Department of Revenue | P.O. Box 25000 | | | Raleigh | NC | 27640-0640 |
| North Carolina State Franchise Tax | North Carolina Department of Revenue | 501 N Wilmington St | | Raleigh | NC | 27604 |
| North Carolina Unemployment Tax | Division of Employment Security | 700 Wade Avenue | | Raleigh | NC | 27605 |
| North Dakota State Tax Department | 600 E. Boulevard Ave. | | | Brismarck | ND | 58505-0599 |
| North Dakota Unemployment Tax | Unemployment Insurance | PO Box 5507 | | Bismarck | ND | 58506-5507 |
| NY RE Tax | Correspondence Unit | One Centre Street, 22nd Floor | | New York | NY | 10007 |
| NY RE Tax | Correspondence Unit | One Centre Street, 22nd Floor | | New York | NY | 10007 |
| NY RE Tax | Correspondence Unit | One Centre Street, 22nd Floor | | New York | NY | 10007 |
| NY RE Tax | Correspondence Unit | One Centre Street, 22nd Floor | | New York | NY | 10007 |
| Ohio Department of Taxation | OH CAT | P.O. Box 16158 | | Columbus | OH | 43216-6158 |
| Ohio Department of Taxation | P.O.Box 530 | | | Columbus | OH | 43216-0530 |
| Ohio Sales & Use Tax | Attn: Phyllis Shambaugh, Legal Counsel- Sales and Use Tax | 4485 Northland Ridge Boulevard | | Columbus | OH | 43229 |
| Ohio Sales & Use Tax | Attn: Phyllis Shambaugh, Sales and Use Tax | 4485 Northland Ridge Boulevard | | Columbus | OH | 43229 |
| Ohio Unemployment Tax | The Ohio Department of Job and Family Services | 30 E. Broad Street | 32nd Floor | Columbus | OH | 43215 |
| Oklahoma County Treasurer | Attn: Forrest Freeman, Treasurer | 320 Roberts S. Kerr | Room 307 | Oklahoma City | OK | 73102 |
| Oklahoma County Treasurer | Attn: Forrest Freeman, Treasurer | 320 Roberts S. Kerr | Room 307 | Oklahoma City | OK | 73102 |
| Oklahoma County Treasurer | Attn: Forrest Freeman, Treasurer | 320 Roberts S. Kerr | Room 307 | Oklahoma City | OK | 73102 |
| Oklahoma County Treasurer | Oklahoma County Annex Building | 320 Robert S. Kerr Ave | Room 307 | Oklahoma City | OK | 73102 |
| Oklahoma County Treasurer | Oklahoma County Annex Building | 320 Robert S. Kerr Ave | Room 307 | Oklahoma City | OK | 73102 |
| Oklahoma State Franchise Tax | Oklahoma Tax Commission | 2501 North Lincoln Boulevard | Connors Building, Capitol Complex | Oklahoma City | OK | 73194 |
| Oklahoma Unemployment Tax | Oklahoma Employment Security Commission | Will Rogers Memorial Office Building | 2401 North Lincoln Boulevard | Oklahoma City | OK | 73105 |
| Orange County | ORANGE COUNTY TAX COLLECTOR | 301 S rosalind Ave | | Orlando | FL | 32801 |
| Oregon Unemployment Tax | Oregon Department of Revenue | 955 Center St NE | | Salem | OR | 97301-2555 |
| Oregon Department of Revenue | 955 Center St NE | | | Salem | OR | 97301-2555 |
| Pennsylvania Department of Revenue | Office of Chief Counsel | PO Box 281061 | | Harrisburg | PA | 17128 |
| Pennsylvania Department of Revenue | Strawberry Square | | | Harrisburg | PA | 17128 |
| Pennsylvania State Franchise Tax | DEPARTMENT OF REVENUE | Strawberry Square | | Harrisburg | PA | 17128 |
| Pennsylvania Unemployment Tax | Office of UC Tax Services | 651 Boas Street | Room 824 | 651 Boas Street | Harrisburg | PA | 17121 |
| Philadelphia, PA Business License | Licenses & Inspections | Municipal Services Building - 11th Floor | 1401 John F. Kennedy Boulevard | Philadelphia | PA | 19102 |
| Pitney Bowes | Attn: Daniel J. Goldstein, Chief Legal and Compliance Officer | 3001 Summer St. | | Stamford | CT | 6926 |
| Pitney Bowes | Attn: Daniel J. Goldstein, Chief Legal and Compliance Officer | 3001 Summer St. | | Stamford | CT | 6926 |
| Puerto Rico CRIM | P.O. Box 9024140 | | | San Juan | PR | 00902-4140 |
| Puerto Rico Unemployment Tax | P.O. Box 9024140 | | | San Juan | PR | 00902-4140 |
| Raymond Leasing | Attn: Lou Callea, General Counsel | The Raymond Corporation | | Greene | NY | 13778 |
| Raymond Leasing | Attn: Lou Callea, General Counsel | The Raymond Corporation | | Greene | NY | 13778 |
| Raymond Leasing | Attn: Lou Callea, General Counsel | The Raymond Corporation | | Greene | NY | 13778 |

| Name of Taxing Authority | Address | | | | City | State | Zip Code |
|---|---|---|---|---|---|---|---|
| Raymond Leasing | Attn: Lou Callea, General Counsel | The Raymond Corporation | | | Greene | NY | 13778 |
| Raymond Leasing | Attn: Lou Callea, General Counsel | The Raymond Corporation | | | Greene | NY | 13778 |
| Raymond Leasing | Attn: Lou Callea, General Counsel | The Raymond Corporation | | | Greene | NY | 13778 |
| Rhode Island State Franchise Tax | Rhode Island Division of Taxation | One Capitol Hill | | | Providence | RI | 02908 |
| Rhode Island Unemployment Tax | Center General Complex | 1511 Pontiac Avenue | | | Cranston | RI | 2920 |
| Rhode Island Department of Revenue | One Capitol Hill | | | | Providence | RI | 02908 |
| Rutherford County Treasurer | County Courthouse | Room 102 | | | Murfreesboro | TN | 37130 |
| Rutherford County Treasurer | County Courthouse | Room 102 | | | Murfreesboro | TN | 37130 |
| Rutherford County Treasurer | County Courthouse | Room 102 | | | Murfreesboro | TN | 37130 |
| Sacramento County Assessor | Attn: Kathleen Kelleher, Assessor | 3701 Power Inn Rd | Suite 3000 | | Sacramento | CA | 95826-4329 |
| Salisbury Tax Assessor/Collector | Attn: Tom Stevenson, City Administrator | 125 N. Division St. | | | Salisbury | MD | 21801-4940 |
| Salt Lake County Assessor | Attn: K. Wayne Cushing, Treasurer | 2001 South State Street | N1-200 | | Salt Lake City | UT | 84114-4575 |
| City of San Bernardino | Attn: Larry Walker, Tax Collector | 172 West Third Street | First Floor | | San Bernardino | CA | 92415-0360 |
| San Bernardino, CA Tax Collector | Attn: Larry Walker, Tax Collector | 172 West Third Street | First Floor | | San Bernardino | CA | 92415-0360 |
| San Diego County Tax Collector | Attn: Dan McAllister, Treasurer | 1600 Pacific Hwy | Room 162 | | San Diego | CA | 92101-2474 |
| Saskatchewan Goods/Services Tax Authority | 1783 Hamilton Street | Suite 260 | | Regina | SK, Canda | | S4P 2B6 |
| Saskatchewan Provincial Tax Authority | 1783 Hamilton Street | Suite 260 | | Regina | SK, Canada | | S4P 2B6 |
| Shelby County | Attn: David Lenoir, Trustee | 157 Poplar Avenue | Suite 200 | | Memphis | TN | 38103 |
| Shelby County | Attn: David Lenoir, Trustee | 157 Poplar Avenue | Suite 200 | | Memphis | TN | 38103 |
| Shelby County | Kathy Plunkett, County Treasurer | 25 W Polk St | Room 102 | | Shelbyville | IN | 46176 |
| Shelby County Tax Assessor/Collector | Attn: Anne L. Thurston, County Assessor | 25 W. Polk Street | Room 205 | | Shelbyville | IN | 46176 |
| City of Shelbyville | Attn: Frank Zerr, Clerk-Treasurer | 44. W. Washington St. | | | Shelbyville | IN | 46176 |
| South Carolina Department of Revenue | PO Box 12265 | | | | Columbia | SC | 29211 |
| South Carolina State Franchise Tax | Department of Revenue | 300A Outlet Pointe Boulevard | | | Columbia | SC | 29210 |
| South Carolina Unemployment Tax | Administrative Headquarters | 1550 Gadsden Street | P.O. Box 995 | | Columbia | SC | 29202 |
| South Dakota Unemployment Tax | Unemployment Insurance | 420 South Roosevelt Street | | | Aberdeen | SD | 57402-4730 |
| South Dakota Department of Revenue | 445 E Capitol Avenue | | | | Pierre | SD | 57501 |
| Southfield City Treasurer | Irv Lowenberg | Attn: Michael Racklyeft, City Assessor | 26000 Evergreen Road | P.O. Box 2055 | Southfield | MI | 48037-2055 |
| St Louis County | Saint Louis County | 41 South Central Avenue | | | Clayton | MO | 63105 |
| St. Louis County | Mark R. Devore, Collector of Revenue | Saint Louis County | 41 South Central Avenue | | Clayton | MO | 63105 |
| State of Connecticut Department of Revenue Services | 25 Sigourney Street | | | | Hartford | CT | 6106 |
| State of Florida Department of Revenue | 5050 W Tennessee Street | | | | Tallahassee | FL | 32399-0100 |
| State of Maryland | Attn: Nancy K. Kopp, State Treasurer | 80 Calvert St. | | | Annapolis | MD | 21401 |
| State of Minnesota Department of Revenue | 600 North Robert St. | | | | St. Paul | MN | 55101 |
| State of New Jersey | N.J. Division of Taxation | P.O. Box 245 | | | Trenton | NJ | 08695-0245 |
| State Office Building | 333 Willoughby Avenue | 11th Floor | P.O. Box 110410 | | Juneau | AK | 99811-0410 |
| Stephens County | Dene Hicks, Tax Commissioner | 37 W. Tugalo St. | | | Toccoa | GA | 30577 |
| Tarrant County | 100 E. Weatherford Street | | | | Fort Worth | TX | 76196 |
| Tax Appraisal District | Attn: Glenn Hegar | 111 East 17th Street | | | Austin | TX | 78774 |
| Taxpayer Account Administration | P.O. Box 47476 | | | | Olympia | WA | 98504-7476 |
| Tennessee State Franchise Tax | Department of Revenue | Andrew Jackson State Office Building | 500 Deaderick St. | | Nashville | TN | 37242 |
| Tennessee Unemployment Tax | Tennessee Department of Labor and Workforce Development | 220 French Landing Drive | | | Nashville | TN | 37243-1002 |
| Tennessee Department of Revenue | 500 Deaderick Street, Andrew Jackson Building | | | | Nashville | TN | 37242 |
| Tennessee Department of Revenue | Sales & Use Tax | 500 Deaderick Street, Andrew Jackson Building | | | Nashville | TN | 37242 |

In re The Standard Register Company, et al.
Taxing Authorities

| Name of Taxing Authority | Address | | | | City | State | Zip Code |
|---|---|---|---|---|---|---|---|
| Tennessee Department of Revenue | Sales & Use Tax | 500 Deaderick Street, Andrew Jackson Building | | | Nashville | TN | 37242 |
| Texas Comptroller of Public Accounts | Attn: Glenn Hegar | 111 East 17th Street | | | Austin | TX | 78774 |
| Texas Comptroller of Public Accounts | Attn: Glenn Hegar | 111 East 17th Street | | | Austin | TX | 78774 |
| Texas Unemployment Tax | 12312 N Mo Pac Expy | | | | Austin | TX | 78758 |
| Thomas Collins Building | 540 S. Dupont Highway | Kent County | | | Dover | DE | 19901 |
| City of Tolland Assessor/ Collector | Jason Lawrence, Town Assessor | 21 Tolland Green | 5th Level | | Tolland | CT | 6084 |
| Tolland Tax Assessor/Collector | 21 Tolland Green | 5th Level | | | Tolland | CT | 6084 |
| Town of Tolland | Attn: Michele Manas, Collector | 21 Tolland Green | | | Tolland | CT | 6084 |
| Town of Westborough | Attn: Joanne Savignac, Treasurer | 45 West Main St | | | Westborough | MA | 1581 |
| Tulsa County | Tulsa County Treasurer | 3rd Floor, Administration Building | 500 S. Denver Ave. | | Tulsa | OK | 74103 |
| Union County | Union County Tax Administration | 500 N. Main Street | Suite 119 | | Monroe | NC | 28111 |
| Union County Tax Assessor/Collector | Attn: Vann Harrell, Revenue Division Director | 500 N. Main Street | Suite 119 | | Monroe | NC | 28111-0038 |
| Utah State Tax Commission | 210 North 1950 West | | | | Salt Lake City | UT | 84134 |
| Utah Unemployment Tax | Utah Department of Workforce Services | 140 East 300 South | 3rd Floor | P.O. Box 45288 | Salt Lake City | UT | 84145-0288 |
| Utah Department of Revenue | 210 North 1950 West | | | | Salt Lake City | UT | 84134 |
| Vermont Unemployment Tax | Vermont Department of Labor | 5 Green Mountain Drive | PO Box 488 | | Montpelier | VT | 05601-0488 |
| Vermont Department of Taxes | 133 State Street | | | | Montpeller | VT | 05602 |
| Vigo County | Vigo County Annex Building | 191 Oak Street | | | Terre Haute | IN | 47807 |
| Vigo Tax Assessor/Collector | Attn: Deborah Lewis, County Assessor | Vigo County Annex Building | 189 Oak Street | | Terre Haute | IN | 47807 |
| Virginia Department of Taxation | 1957 Westmoreland Street | | | | Richmond | VA | 23230 |
| Virginia Department of Taxation Office of Customer Service | P.O. Box 1115 | | | | Richmond | VA | 23218-1115 |
| Virginia Unemployment Tax | VEC Central Office | 703 E. Main St | | | Richmond | VA | 23219 |
| Washington Business License | State of Washington | Business Licensing Service | PO Box 9034 | | Olympia | WA | 98507 |
| Washington County | Washington County Courthouse | Attn: David A. Ruff, Washington County Tax Collector | 280 N College Ave | Suite 202 | Fayetteville | AR | 72701 |
| Washington County | Tax Assessor/Collector | Attn: Dot Borchgardt, Tax Assessor-Collector | 100 East Main | Suite 100 | Brenham | TX | 77833 |
| Washington DC Office of Tax and Revenue | 1101 4th St SW | Ste 270 West | | | Washington | DC | 20024 |
| Washington Sales & Use Tax | Washington State Department of Revenue | PO Box 47450 | | | Olympia | WA | 98504-7450 |
| Washington Unemployment Tax | Employment Security Department, | P.O. Box 9046 | | | Olympia | WA | 98507 |
| West Virginia State Franchise Tax | State Tax Department | Post Office Box 3784 | | | Charleston | WV | 25337 |
| West Virginia Department of Revenue | State Capitol, Building 1, W-300 | | | | Charleston | WV | 25305 |
| City of Westborough | Joanne Savignac, collector | 45 West Main St | | | Westborough | MA | 01581 |
| Wicomico County | Robin Hill, Chief Revenue Specialist | P.O. BOX 4036 | | | Salisbury | MD | 21803 |
| Wisconsin Unemployment Tax | UI Advisory Council | 2135 Rimrock Road | | | Madison | WI | 53713 |
| Wyoming Department of Revenue | 122 West 25th Street | 2nd Floor West | | | Cheyenne | WY | 82002-0110 |
| York County Tax Assessor/Collector | Attn: Rachael Perring, Director of Assessment | 28 East Market Street | Room 105 | | York | PA | 17401-1585 |
| York County Treasurer | Attn: Barbara L. Bair, Treasurer | 28 East Market St | Room 126 | | York | PA | 17401-1584 |
| City of York | Pennsylvania Tax Collector | Jean Stambaugh | 3204 Farmtrail Road | | York | PA | 17406 |