**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, *et al.*,[1] | Case No. 15-_____ (___) |
| Debtors. | (Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) GRANTING
ADMINISTRATIVE EXPENSE PRIORITY TO ALL UNDISPUTED OBLIGATIONS
FOR GOODS AND SERVICES ORDERED PREPETITION AND DELIVERED
POST-PETITION AND AUTHORITY TO SATISFY SUCH OBLIGATIONS IN THE
<u>ORDINARY COURSE OF BUSINESS, AND (II) GRANTING RELATED RELIEF</u>**

The Standard Register Company ("<u>Standard Register</u>") and its affiliated debtors and

debtors in possession in the above-captioned chapter 11 cases (collectively, the "<u>Debtors</u>")

hereby file this motion (the "<u>Motion</u>"), pursuant to sections 105(a), 363, 503(b), 507(a)(2),

1107(a), and 1108 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), for entry of an

order, substantially in the form attached hereto as <u>Exhibit A</u> (the "<u>Proposed Order</u>"), (i) granting

administrative expense priority to all undisputed obligations for goods, raw materials and

services ordered prepetition and delivered or performed post-petition and satisfy such obligations

in the ordinary course of business; and (ii) granting related relief.  In support of the Motion, the

Debtors rely upon and incorporate by reference the *Declaration of Kevin Carmody in Support of*

*the Debtors' Chapter 11 Petitions and Requests for First Day Relief* (the "<u>First Day</u>

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  The
Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register
Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard
Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register
Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard
Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001).  The
headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

Declaration"), which was filed concurrently herewith.  In further support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b), and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b) and pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory bases for the relief requested herein are sections 105(a), 363, 503(b), 507(a)(2), 1107(a), and 1108 of the Bankruptcy Code and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

2.      On the date hereof (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code.  Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are continuing to manage their financial affairs as debtors in possession.

3.      Contemporaneously herewith, the Debtors filed a motion seeking joint administration of their chapter 11 cases (collectively, the "Chapter 11 Cases") pursuant to

01:16781324.3

Bankruptcy Rule 1015(b) and Local Rule 1015-1.  No trustee, examiner, or official committee of

unsecured creditors has been appointed in these cases.

4.      Information regarding the Debtors' history and business operations, capital

structure and primary secured indebtedness, and the events leading up to the commencement of

these Chapter 11 Cases, can be found in the First Day Declaration.

### RELIEF REQUESTED

5.      By this Motion, the Debtors seek entry of an order, substantially in the form

attached hereto as Exhibit A:  (i) granting administrative expense priority to all undisputed

obligations for goods and services ordered prepetition and delivered or performed post-petition

and authority to satisfy such obligations in the ordinary course of business; and (ii) granting

related relief.

6.      As noted in the First Day Declaration and in the *Debtors' Motion for Interim and*

*Final Orders Authorizing the Debtors to Pay Certain Prepetition Claims of Critical Vendors,*

*and Shippers and Freight Carriers* (the "Critical Vendor Motion"), filed concurrently herewith,

the Debtors rely heavily on the receipt of various products, services, and goods in the operation

of their businesses, including but not limited to (a) paper, (b) ink, (c) labels, (d) glue/cohesive,

and (e) mailing/sorting supplies and equipment.  Prior to the Petition Date, and in the ordinary

course of business, the Debtors ordered products, services, and goods which will not be delivered

or performed, as applicable, until after the Petition Date (the "Outstanding Orders").

7.      To avoid becoming general unsecured creditors of the Debtors' estates with

respect to such goods or services, certain suppliers and vendors may refuse to ship or transport

such goods (or may recall such shipments), or refuse to perform such services with respect to

such Outstanding Orders unless the Debtors issue substitute purchase orders or agreements post-

petition.  To prevent any disruption to the Debtors' business operations, and given that goods and

01:16781324.3

services delivered or provided after the Petition Date are afforded administrative expense priority

under section 503(b) of the Bankruptcy Code, the Debtors hereby seek entry of an order:

(a) granting administrative expense priority under section 503(b) of the Bankruptcy Code to all

undisputed obligations of the Debtors arising from the Outstanding Orders; and (b) authorizing

the Debtors to satisfy such obligations in the ordinary course of business.

## BASIS FOR RELIEF

**A.      The Court Should Confirm That Outstanding Orders Are Administrative Expense Priority Claims and That Payment of Such Claims is Authorized**

8.      Pursuant to section 503(b) of the Bankruptcy Code, obligations that arise in

connection with the post-petition delivery of goods and services, including goods and services

ordered prepetition, are, in fact, administrative expense priority claims because they benefit the

estate post-petition.  Thus, the granting of the relief sought herein with respect to the

Outstanding Orders will not afford such claimants any greater priority than they otherwise would

have if the relief requested herein were not granted, and will not prejudice any other party in

interest.  Absent such relief, however, the Debtors may be required to expend substantial time

and effort reissuing the Outstanding Orders to provide certain suppliers and vendors with

assurance of such administrative priority.  The attendant disruption to the continuous and timely

flow of critical products, goods, and services to the Debtors would significantly hinder the

Debtors ability to operations in the ordinary course, damage the Debtors' business reputation,

erode the Debtors' customer base and market share, and ultimately lead to a loss of revenue, all

to the detriment of the Debtors and their creditors.  Accordingly, the Debtors submit that the

Court should confirm the administrative expense priority status of the Outstanding Orders and

should authorize the Debtors to pay the Outstanding Orders in the ordinary course of business.

**B.     Processing of Checks and Electronic Fund Transfers Should Be Authorized**

9.      The Debtors have sufficient funds to pay the Outstanding Orders in the ordinary course of business.  Under the Debtors' existing cash management system, the Debtors have made arrangements to readily identify checks or wire transfer requests relating to such claims, as applicable.  The Debtors believe that there is minimal risk that checks or wire transfer requests that the Court has not authorized will be inadvertently made.  Thus, the Debtors request that the Court authorize all applicable banks and financial institutions (collectively, the "Banks") to receive, process, honor, and pay any and all checks or wire transfer requests in respect of the Outstanding Orders.

<b><u>RESERVATION OF RIGHTS</u></b>

10.      Nothing contained herein is intended or should be construed as an admission as to the validity of any claim against the Debtors, a waiver of the Debtors' rights to dispute any claim, or an approval or assumption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.  The Debtors expressly reserve their right to contest any claim related to the relief sought herein.  Likewise, if the Court grants the relief sought herein, any payment made pursuant to an order of the Court is not intended to be, nor should it be, construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

<b><u>IMMEDIATE RELIEF IS NECESSARY</u></b>

11.      Bankruptcy Rule 6003 provides that the relief requested in this Motion may be granted if the "relief is necessary to avoid immediate and irreparable harm."  Fed. R. Bankr. P. 6003.  The Debtors submit that for the reasons already set forth herein, the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtors.

**WAIVER OF ANY APPLICABLE STAY**

12.      Moreover, the Debtors also request that the Court waive the stay imposed by

Bankruptcy Rule 6004(h), which provides that "[a]n order authorizing the use, sale, or lease of

property other than cash collateral is stayed until the expiration of 14 days after entry of the

order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h).  As described above, the

relief that the Debtors seek herein is necessary for the Debtors to operate their business without

interruption and to preserve value for their estates.  Accordingly, the Debtors respectfully request

that the Court waive the fourteen-day stay imposed by Bankruptcy Rule 6004(h), as the exigent

nature of the relief sought herein justifies immediate relief.

**NOTICE**

13.      The Debtors will provide notice of this Motion to: (i) the Office of the United

States Trustee for the District of Delaware; (ii) holders of the 50 largest unsecured claims on a

consolidated basis against the Debtors; (iii) counsel for Silver Point Finance, LLC, in its capacity

as administrative agent under the Debtors' First Lien Credit Agreement and Second Lien Credit

Agreement; (iv) counsel for Bank of America, N.A., in its capacity as administrative agent under

the Debtors' Amended and Restated Loan and Security Agreement; (v) counsel to the agents

under the Debtors' proposed debtor-in-possession financing facility; (vi) the Banks; and (vii) all

parties that have filed a notice of appearance and request for service of papers pursuant to

Bankruptcy Rule 2002.  Notice of this Motion and any order entered hereon will be served in

accordance with Local Rule 9013-1(m).  In light of the nature of the relief requested herein, the

Debtors submit that no other or further notice is necessary.

WHEREFORE, for the reasons set forth herein and in the First Day Declaration, the

Debtors respectfully request entry of an order, substantially in the form attached hereto as

Exhibit A:  (i) granting (a) administrative expense priority to all undisputed obligations for goods

and services ordered prepetition and delivered or provided post-petition and (b) authority to

satisfy such obligations in the ordinary course of business; and (ii) granting related relief.

Dated:    March 12, 2015
          Wilmington, Delaware            */s/ Kara Hammond Coyle*
                                          Michael R. Nestor (No. 3526)
                                          Kara Hammond Coyle (No. 4410)
                                          Maris J. Kandestin (No. 5294)
                                          Andrew L. Magaziner (No. 5426)
                                          YOUNG CONAWAY STARGATT & TAYLOR, LLP
                                          Rodney Square
                                          1000 North King Street
                                          Wilmington, Delaware 19801
                                          Telephone:    (302) 571-6600
                                          Facsimile:    (302) 571-1253
                                          mnestor@ycst.com
                                          kcoyle@ycst.com
                                          mkandestin@ycst.com
                                          amagaziner@ycst.com

                                          -and-

                                          Robert A. Klyman (CA No. 142723)
                                          Samuel A. Newman (CA No. 217042)
                                          Jeremy L. Graves (CO No. 45522)
                                          Sabina Jacobs (CA No. 274829)
                                          GIBSON, DUNN & CRUTCHER LLP
                                          333 South Grand Avenue
                                          Los Angeles, CA 90071-1512
                                          Telephone: (213) 229-7000
                                          Facsimile: (213) 229-7520
                                          rklyman@gibsondunn.com
                                          snewman@gibsondunn.com
                                          jgraves@gibsondunn.com
                                          sjacobs@gibsondunn.com

                                          *Proposed Counsel to the Debtors and*
                                          *Debtors in Possession*

## EXHIBIT A

## PROPOSED FORM OF ORDER

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, *et al.*,[1] | Case No. 15-_____ (___) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. ___** |

**ORDER (I) GRANTING ADMINISTRATIVE EXPENSE PRIORITY TO
ALL UNDISPUTED OBLIGATIONS FOR GOODS AND SERVICES
ORDERED PREPETITION AND DELIVERED POST-PETITION AND AUTHORITY
TO SATISFY SUCH OBLIGATIONS IN THE ORDINARY COURSE
OF BUSINESS AND (II) GRANTING RELATED RELIEF**

Upon consideration of the Motion[2] of The Standard Register Company and its

affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively,

the "Debtors") requesting entry of an order (i) granting administrative expense priority to all

undisputed obligations for products, services, and goods ordered prepetition and delivered or

provided post-petition and authority to satisfy such obligations in the ordinary course of

business; and (ii) granting related relief; and it appearing that this Court has jurisdiction to

consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of*

*Reference* from the United States District Court for the District of Delaware dated as of February

29, 2012; and it appearing that venue of these cases and the Motion in this district is proper

pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001).  The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

01:16781324.3

pursuant to 28 U.S.C. § 157(b); and it appearing that this Court may enter a final order consistent

with Article III of the United States Constitution; and upon the First Day Declaration; and upon

the record of the First Day Hearing; and it appearing that proper and adequate notice of the

Motion has been given and that no other or further notice is necessary; and after due deliberation

thereon; and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      All undisputed obligations related to the Outstanding Orders are granted

administrative expense priority in accordance with section 503(b)(1)(A) of the Bankruptcy Code.

3.      The Debtors are authorized, but not directed, to pay all undisputed amounts

related to the Outstanding Orders in the ordinary course of business consistent with the parties'

customary practices in effect prior to the Petition Date.

4.      Notwithstanding the relief granted herein and any actions taken hereunder,

nothing contained in the Motion or this Order or any payment made pursuant to this Order shall

constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim

or lien against the Debtors, a waiver of the Debtors' rights to subsequently dispute such claim or

lien, or the assumption or adoption of any agreement, contract, or lease under section 365 of the

Bankruptcy Code.

5.      The banks and financial institutions on which checks were drawn or electronic

payment requests made in payment of the prepetition obligations approved herein are authorized

and directed to receive, process, honor, and pay all such checks and electronic payment requests

when presented for payment, and all such banks and financial institutions are authorized to rely

01:16781324.3

2

on the Debtors' designation of any particular check or electronic payment request as approved by this Order.

6.      The Debtors are authorized to issue post-petition checks, or to effect post-petition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these Chapter 11 Cases with respect to prepetition amounts owed in connection with any Outstanding Order(s).

7.      Notwithstanding anything to the contrary contained herein, any payment to be made, or authorization contained, hereunder shall be subject to the requirements imposed on the Debtors under any approved order regarding post-petition financing and any budget in connection therewith.

8.      Bankruptcy Rule 6003(b) has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors.  The requirements of Bankruptcy Rule 6004(a) are waived.

9.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

10.      The Debtors are authorized to take all actions necessary to effectuate the relief granting in this Order in accordance with the Motion.

11.      This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2015
        Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE