**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, *et al.*,[1] | Case No. 15-_____ (___) |
| Debtors. | (Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL
ORDERS ESTABLISHING NOTIFICATION
PROCEDURES FOR DISPOSITIONS OF, OR CLAIMS OF WORTHLESS STOCK
DEDUCTIONS WITH RESPECT TO, STANDARD REGISTER'S STOCK**

The Standard Register Company ("Standard Register") and its affiliated debtors and

debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors")

hereby move this Court (the "Motion") for entry of interim and final orders, substantially in the

forms attached hereto as Exhibit A (the "Proposed Interim Order") and Exhibit B (the "Proposed

Final Order," and together with the Proposed Interim Order, the "Proposed Orders"),

respectively, pursuant to sections 105(a), 362, and 541 of title 11 of the United States Code, (the

"Bankruptcy Code"), establishing notification procedures that must be satisfied before certain

dispositions of, or claims of worthless stock deductions with respect to, equity securities in

Standard Register or of any beneficial ownership thereof are deemed effective. In support of the

Motion, the Debtors rely upon and incorporate by reference the *Declaration of Kevin Carmody*

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001).  The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

*in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* (the "First Day Declaration"), which was filed concurrently herewith.  In further support of this Motion, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the Amended Standing Order of Reference of the United States District Court for the District of Delaware dated as of February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b) and pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief requested herein are sections 105(a), 362, and 541 of the Bankruptcy Code.

## BACKGROUND

**A.      General Background**

2.      On the date hereof (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court").  Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are continuing to manage their financial affairs as debtors in possession.

3.      Contemporaneously herewith, the Debtors filed a motion seeking joint administration of their chapter 11 cases (the "Chapter 11 Cases") pursuant to Bankruptcy Rule

1015(b).  No trustee, examiner, or official committee of unsecured creditors has been appointed

in these cases.

4.      Information regarding the Debtors' history and business operations, capital

structure and primary secured indebtedness, and the events leading up to the commencement of

these Chapter 11 Cases can be found in the First Day Declaration.

**B.      The Debtors' Net Operating Losses**

5.      The Debtors have incurred significant net operating losses ("<u>NOLs</u>"), in the recent

past.[2]   The Debtors' NOLs are an extremely valuable asset because, under the Internal Revenue

Code (the "<u>IRC</u>"), the Debtors can generally carry forward their NOLs to offset their future

taxable income for up to 20 taxable years and thereby reduce their future aggregate tax

obligations.[3]

6.      The Debtors' NOLs available to be utilized are currently estimated to be

approximately $100.4 million for 2001 through 2013, plus approximately $50 million for 2014,

which are collectively worth significant potential future income tax savings based on the

Debtors' 35% federal corporate tax rate.[4]   Additional state tax savings may also be available by

utilizing the Debtors' corresponding state NOLs.  These potential tax savings and the

accompanying increase in the Debtors' cash flow are valuable assets of the Debtors' estates.  As

one bankruptcy court has recognized: "[W]hat is certain is that the NOL has a potential value, as

yet undetermined, which will be of benefit to creditors and will assist [the debtors] in their

---

[2]    NOLs can be used as either "carrybacks" (in which the corporation can generally use the NOLs to offset taxable income for up to two previous taxable years) or "carryovers" (in which the corporation can generally use the NOLs to offset taxable income for up to twenty taxable years into the future).

[3]    *See* 26 U.S.C. § 172.

[4]    The Debtors file consolidated tax returns.

reorganization process.  This asset is entitled to protection while [the debtors] move forward toward their reorganization." *See In re Phar-Mor, Inc.*, 152 B.R. 924, 927 (Bankr. N.D. Ohio 1993).

7.      Standard Register has two classes of capital stock issued and outstanding: common stock ("Common Stock") and Class A stock ("Class A Stock").  These are equal in all respects except voting rights and restrictions on ownership of Class A Stock.  Each share of Common Stock outstanding has one vote, while each outstanding share of Class A Stock is entitled to five votes.  Class A Stock is convertible into Common Stock on a share-for-share basis, at which time ownership restrictions are eliminated.  Standard Register has 8,400,320 outstanding shares of Common Stock that it estimates are held by over 3,000 holders, and 944,996 outstanding shares of Class A Stock that are held by a total of 15 persons.  Only about five entities hold 4.5% or more of the combined shares of Common Stock and Class A Stock.

8.      The problem facing the Debtors, which this Motion seeks to resolve, is that unrestricted trading of Standard Register's Stock and claims of worthlessness with respect to the Stock could severely limit or even eliminate the Debtors' ability to use such NOLs.  Under section 382 of the IRC, the Debtors' ability to use their NOLs (as well as certain other tax credits under section 383 of the IRC which the Debtors also have) will be severely limited if and when Standard Register undergoes an "ownership change" for purposes of section 382 of the IRC (an "Ownership Change").

9.      Generally, under section 382 of the IRC, a corporation that undergoes an Ownership Change is subject to an annual limitation on the amount of its net operating losses and other tax attributes, including under certain circumstances certain "net unrealized built-in losses" it can utilize.  The amount of such annual limitation generally equals the equity value of

4

the corporation (determined at the time of the Ownership Change) multiplied by the long-term

tax-exempt rate—i.e., the highest of the adjusted long-term rates in effect for any month in the

three-calendar-month period ending with the calendar month in which the Ownership Change

occurs. The adjusted federal long-term rate is published monthly by the Internal Revenue Service

(the "IRS") and is intended to be generally equivalent to a risk-free, long-term tax-exempt bond

rate.  In certain circumstances, the annual limitation so determined may be increased by the

amount of recognized built-in gain during the five years subsequent to the Ownership Change, to

the extent the corporation has net unrealized built-in gain at the time of the Ownership Change.

For purposes of section 382 of the IRC, an Ownership Change occurs when the corporation's

cumulative owner shift is greater than fifty percentage points.  The cumulative owner shift is the

increase in the percentage of the corporation's common stock owned by "5-percent shareholders"

over a rolling three-year period.

## **RELIEF REQUESTED**

10.     By this Motion, the Debtors request the Court enter the Proposed Orders,

establishing notification procedures for (a) certain dispositions of equity securities in Standard

Register or of any beneficial ownership thereof (the existing Common Stock and Class A Stock

of Standard Register, including options to acquire such stock, collectively, the "Stock") that must

be complied with before dispositions of such Stock are deemed effective (the "Procedures for

Trading in Stock") and (b) certain shareholders asserting a claim of worthless stock deduction

with respect to the Stock, that must be complied with before such claims of worthless stock

deductions are deemed effective (the "Procedures for Claiming Worthless Stock Deductions").

The Debtors further request that the Court grant relief on an interim and final basis, thereby

preserving the *status quo* in this regard, ordering that any purchase, sale, or other disposition of,

or claim of worthless stock deduction with respect to, Stock in violation of the procedures set forth below (including the notification procedures set forth herein) shall be void *ab initio*.

11.      Unrestricted trading of Stock in Standard Register and claims of worthlessness with respect to the Stock could adversely affect the Debtors' NOLs.  If (a) too many 5% or greater blocks of Stock are created or (b) too many shares are added to, or sold from, such blocks, then, together with previous trading by 5% shareholders during the preceding three-year period, an Ownership Change would be triggered prior to emergence of the Debtors' business from these chapter 11 cases (a "Pre-Emergence Ownership Change").  If the Debtors were to undergo a Pre-Emergence Ownership Change, the Debtors' NOLs would be limited to an annual amount equal to the equity value of Standard Register multiplied by the long-term tax-exempt rate.  Such a Pre-Emergence Ownership Change could occur as result of dispositions by Substantial Shareholders (as defined below) or acquisitions of Stock by persons who become Substantial Shareholders as a result of such acquisitions.

12.      Accordingly, in order to protect the Debtors' ongoing ability to make use of the NOLs, the Debtors request that the Court restrict the ability of Substantial Shareholders to trade Stock of Standard Register without first giving notice to the Debtors and obtaining Court approval, to the extent the Debtors cast an objection to such notice.[5]  Additionally, the Debtors request that the Court restrict the ability of any 50% Shareholder (defined below) to claim a

---

[5]    The notice requirement with respect to transfers of Stock applies only to the following parties:  (a) owners (or entities who would own as a result of the proposed transfer) of at least 378,014 shares of the Debtors' Common Stock (*i.e.*, approximately 4.5% of the outstanding 8,400,320 shares of Common Stock), and (b) owners (or entities who would own as a result of the proposed transfer) of shares of the Debtors' Class A Stock.  As noted above, there are only 15 holders of Class A Stock and five holders of 4.5% or more of the combined shares of Common Stock and Class A Stock.

worthless stock deduction with respect to the Debtors' Stock without first giving notice to the Debtors and obtaining Court approval.

13.     The relief requested here would not bar all trading of Standard Register's Stock. Moreover, the requested relief does not have any effect on any trading in claims against the Debtors and their estates. Rather, the requested relief would give the Debtors the ability to monitor, and possibly object to, changes in ownership of Stock that may adversely affect the Debtors' ability to utilize their NOLs and certain other tax attributes (collectively, "Tax Attributes") as a result of a Pre-Emergence Ownership Change.  This will enable the Debtors to preserve flexibility in operating their business during the pendency of these chapter 11 cases and minimize the tax consequences of the Debtors' proposed sale of substantially all of their assets pursuant to Section 363 of the Bankruptcy Code (the "Sale Transaction"), to the benefit of the Debtors' creditors and estates.

14.     At this early juncture, the Debtors seek to establish procedures only to monitor those types of stock trades that would pose a serious risk under the section 382 ownership change test to preserve the Debtors' ability to seek substantive relief if it appears that a proposed trade may adversely affect the Debtors' ability to utilize their Tax Attributes as a result of a Pre-Emergence Ownership Change.  The procedures proposed by the Debtors in this Motion would permit all claims trading to continue, subject to applicable law.  To prevent immediate and irreparable harm to the Debtors' valuable Tax Attributes, the Debtors submit that it is necessary to establish such procedures so as to enable the Debtors to closely monitor certain dispositions of equity securities.  The procedures proposed here are narrowly tailored to allow the Debtors to act expeditiously to prevent dispositions that would effect a Pre-Emergence Ownership Change and will help the Debtors maximize future tax savings for the benefit of all stakeholders.

**B.     Procedures for Trading in Stock**

15.     By establishing procedures for monitoring the trading of Stock by persons or shareholders who could contribute to an Ownership Change, the Debtors can preserve their ability to seek substantive relief at the appropriate time, particularly if it appears that additional trading may adversely affect the Debtors' ability to utilize their Tax Attributes as a result of a Pre-Emergence Ownership Change.  Importantly, the Procedures for Trading in Common Stock directly affects only (a) owners (or entities who would own as a result of the proposed transfer) of at least 378,014 shares of the Debtors' Common Stock (*i.e.*, approximately 4.5% of the outstanding 8,400,320 shares of Common Stock), and (b) owners of the Debtors' Class A Stock (of which there are only 15).

16.     Accordingly, the Debtors seek entry of the Proposed Orders, establishing the Procedures for Trading in Common Stock, as follows:

(a)     Any entity (as such term is defined in section 101(15) of the Bankruptcy Code, which includes a person or individual) who currently is or becomes a Substantial Shareholder must file with the Court, and serve upon proposed counsel to the Debtors a declaration of such status, substantially in the form of Exhibit 1 attached to the Proposed Orders, on or before the later of (i) twenty (20) days after the date of the Notice of Order (as defined below) and (ii) ten (10) days after becoming a Substantial Shareholder.

(b)     Before effectuating any disposition of Stock that would result in an increase in the amount of Stock of which a Substantial Shareholder has Beneficial Ownership or would result in an entity becoming a Substantial Shareholder, such Substantial Shareholder must file with the Court, and serve upon proposed counsel to the Debtors, an advance written declaration of the intended disposition of Stock in the form of Exhibit 2 attached to the Proposed Orders (each, a "Declaration of Intent to Purchase, Acquire or Otherwise Accumulate Stock").

(c)     Before effectuating any disposition of Stock that would result in a decrease in the amount of Stock of which a Substantial Shareholder has Beneficial Ownership, or would result in a Substantial Shareholder ceasing to be a Substantial Shareholder, other than, in each case, any such disposition where the amount of Stock of which such Substantial Shareholder has Beneficial Ownership following such disposition is not less than the lowest amount of Stock of which such Substantial Shareholder had Beneficial Ownership during the three year period ending on the

date of such disposition such Substantial Shareholder must file with the Court, and serve upon proposed counsel to the Debtors, an advance written declaration of the intended disposition of Stock in the form of <u>Exhibit 3</u> attached to the Proposed Orders (each, a "<u>Declaration of Intent to Sell, Trade, or Otherwise Dispose of Stock</u>," and together with a Declaration of Intent to Purchase, Acquire or Accumulate Stock, each, a "<u>Declaration of Proposed Disposition</u>").

(d)     The Debtors shall promptly review all Declarations of Proposed Disposition and shall have five (5) calendar days after receipt of a Declaration of Proposed Disposition to file with the Court and serve on such Substantial Shareholder an objection to any proposed disposition of Stock described in the Declaration of Proposed Disposition on the basis that such disposition will cause a Pre-Emergence Ownership Change and thereby adversely affect the Debtors' ability to utilize their Tax Attributes; .  If the Debtors file such an objection, such transaction shall be enjoined and would not be effective unless and until such objection is withdrawn by the Debtors or such objection is overruled by a final order of the Court; provided, however, that such injunction shall continue if, within three days of entry of such order overruling the objection, the Debtors file a notice of appeal.  If the Debtors do not object within such 5-day period, such transaction can proceed solely as set forth in the Declaration of Proposed Disposition.  Further transactions within the scope of this paragraph must be the subject of additional Declarations of Proposed Disposition in accordance with the procedures set forth herein, with an additional 5-day waiting period for each Declaration of Proposed Disposition.  The Debtors shall review each Declaration of Proposed Disposition and decide whether to object to, or waive any objection to, any proposed disposition of Stock described therein in the order each such Declaration of Disposition is filed with the Court.

(e)     For purposes of these procedures:  (i) a "<u>Substantial Shareholder</u>" is any (a) entity with (or entities who would own as a result of the proposed transfer) Beneficial Ownership of at least 378,014 shares of Standard Register's Common Stock (*i.e.*, approximately 4.5% of the outstanding 8,400,320 shares of Common Stock), or (b) entity (or entities who would own as a result of the proposed transfer) with Beneficial Ownership of Standard Register's Class A Stock; (ii) "<u>Beneficial Ownership</u>" of Stock  with respect to any holder shall be determined in accordance with the applicable rules of IRC section 382 and the Treasury Regulations thereunder, and shall include, but not be limited to, indirect and constructive ownership, for example, (A) a holding company is considered to beneficially own Stock owned by its subsidiaries, (B) a partner in a partnership (or other entity treated as a partnership for U.S. federal income tax purposes) is considered to beneficially own a proportionate interest in Stock owned by the partnership, (C) an individual and such individual's family members may be treated as one individual, (D) persons or entities acting in concert with a holder to make a coordinated acquisition may be treated as a single entity), and (E) a holder is considered to beneficially own any stock that such holder has an Option to acquire; and (iii) an "<u>Option</u>" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase,

warrant, convertible debt, put, Stock subject to risk of forfeiture, contract to acquire Stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

## C.    Procedures for Claiming Worthless Stock Deductions

17.    The Debtors also request that the Court enter an order restricting the ability of shareholders that currently are, or become, a 50% Shareholder (as defined below) to claim a deduction for the worthlessness of their Stock on their federal or state tax returns (including on any such amended Tax Returns) for any tax year ending before the Debtors' emergence from chapter 11 protection.  Under IRC section 382(g)(4)(D), any securities held by such a shareholder are treated as though they were transferred if such shareholder claims a worthless stock deduction with respect to such securities.  It is therefore essential that 50% Shareholders defer claiming such worthless stock deduction until after the Debtors have emerged from bankruptcy.

18.    By restricting 50% Shareholders from claiming a worthless stock deduction prior to the Debtors' emergence from chapter 11 protection, the Debtors can preserve their ability to seek substantive relief at the appropriate time.  Accordingly, the Debtors request that the Court enter an order establishing the Procedures for Claiming Worthless Stock Deductions, described below:

(a)    Any entity (as such term is defined in section 101(15) of the Bankruptcy Code, which includes a person or individual) who currently is or becomes a 50% Shareholder must file with the Court, and serve upon counsel to the Debtors, a notice of such status, in the form of Exhibit 4 attached to the Proposed Orders, on or before the later of (i) twenty (20) days after the date of the Notice of Order (as defined below) and (ii) ten (10) days after becoming a 50% Shareholder.

(b)    (i) Prior to filing any federal or state tax return, any amendment to such a return, or distributing K-1 or other information statement, if any, to its partners or members, claiming or reflecting any deduction for worthlessness of the Stock, for a tax year ending before the Debtors' emergence from chapter 11 protection, such 50% Shareholder must file with the Court, and serve upon counsel to the Debtors, an advance written declaration in the form of Exhibit 5 attached to the Proposed

Orders (a "**Declaration of Intent to Claim a Worthless Security Deduction**"), of the intended claim of worthlessness.

(ii) If a 50% Shareholder is a partnership or other pass-through entity for federal or state income tax purposes, prior to filing any federal or state tax return, or any amendment to such a return, each partner or other owner of such 50% Shareholder must file with the Court, and serve upon counsel to the Debtors, an advance written declaration in the form of Exhibit 5 attached to the Proposed Orders, the Declaration of Intent to Claim a Worthless Security Deduction, prior to filing a return claiming or otherwise reflecting any deduction for worthlessness of the Stock, for a tax year ending before the Debtors' emergence from chapter 11 protection.

(c)    The Debtors will have fifteen (15) calendar days after receipt of a Declaration of Intent to Claim a Worthless Security Deduction to file with the Court and serve on such 50% Shareholder (or partner or owner of such 50% Shareholder) an objection on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes.  If the Debtors file an objection to a Declaration of Intent to Claim a Worthless Security Deduction, the filing of the return or distribution of K-1 or other information statement with such claim shall be enjoined and shall not be effective unless and until such objection is withdrawn by the Debtors or such objection is overruled by a final order of the Court that is no longer subject to appeal.  If the Debtors do not object within such 15-day period, the filing of the return or distribution of K-1 or other information statement with such claim would be permitted as set forth in the Declaration of Intent to Claim a Worthless Security Deduction.  Additional tax returns within the scope of this paragraph must be the subject of additional notices as set forth herein, with an additional 15-day waiting period.

(d)    For purposes of these procedures:  (i) a "50% Shareholder" is any person owning 50% or more of Stock (within the meaning of IRC section 382(g)(4)(D)), and this calculation shall include, but shall not be limited to, indirect and constructive ownership under the rules of Treasury Regulations Section 1.382-2T(h) other than Treasury Regulations Section 1.382-2T(h)(2)(i)(A), for example, (a) a holding company is considered to beneficially own Stock owned by its subsidiaries, (b) a partner in a partnership (or other entity treated as a partnership for U.S. federal income tax purposes) is considered to beneficially own a proportionate interest in Stock owned by the partnership, (c) an individual and such individual's family members may be treated as one individual, and (d) persons or entities acting in concert with a holder to make a coordinated acquisition may be treated as a single entity), and (e) a holder is considered to beneficially own Stock with respect to which such holder has an Option to acquire; and (ii) an "Option" to acquire Stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including  any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire Stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**D.      The Debtors' Right to Waive the Procedures**

19.      The Debtors request that the Court permit the Debtors to waive in writing, in their discretion, any and all restrictions, stays and notification procedures contained in this Motion or in any order entered with respect hereto.

**BASIS FOR RELIEF REQUESTED**

**A.      The Significance of the Debtors' Tax Attributes**

20.      As noted above, the Debtors estimate that they will have NOL carryovers of approximately $150,000,000 and other tax credits, which could result in significant federal and state tax savings in the future.

21.      Among others, sections 39(a) (business credits), 172(b) (net operating losses) and 904(c) (foreign tax credits) of the IRC permit corporations to carry forward tax attributes to offset future taxable income and tax liability, thereby significantly improving such corporations' liquidity in the future.  Thus, the Debtors' Tax Attributes are a valuable asset of the Debtors' estates whose availability will facilitate the Debtors' successful reorganization and serve to improve creditor recoveries.  The Debtors' ability to use their Tax Attributes, however, could be limited severely under sections 382 and 383 of the IRC as a result of the trading and accumulation of Stock prior to the Debtors' emergence from chapter 11 if a Pre-Emergence Ownership Change occurs or if a 50% Shareholder claims a worthless stock deduction with respect to the Stock.  Given the significant benefit to the estates of preserving the Tax Attributes, cause exists to grant the relief requested.  In this case, among other things, the Tax Attributes are assets of the Debtors' estates that the Debtors anticipate utilizing in connection with their efforts in these Chapter 11 Cases to preserve and maximize the value of their estates.

B.    **The Provisions of Sections 382 and 383 of the IRC**

22.    Section 382 limits the amount of taxable income that can be offset by a corporation's NOLs in taxable years (or a portion thereof) following an Ownership Change.[6] Generally, an Ownership Change occurs if the percentage (by value) of the stock of a corporation owned by one or more 5% shareholders has increased by more than 50 percentage points over the lowest percentage of stock owned by such shareholders at any time during the three-year testing period ending on the date of the Ownership Change.[7] For example, an Ownership Change would occur in the following situation:

> An individual ("U") owns 50.1% of the stock of corporation XYZ. U sells his 50.1 % interest to another individual ("B"), who owns 5% of XYZ's stock. Under section 382, an ownership change has occurred because B's interest in XYZ has increased more than 50 percentage points (from 5% to 55.1%) during the testing period. The same result would follow even if B owned no XYZ stock prior to the transaction with U because B both becomes a 5% shareholder and increases his ownership by more than 50% percentage points during the testing period.

23.    If an Ownership Change occurs, section 382 of the IRC generally limits the amount of a corporation's future income that may be offset by its "pre-change losses" to an annual amount equal to the value of the corporation prior to the Ownership Change multiplied by

---

[6]    Similarly, section 383 of the IRC limits the amount of tax liability that can be offset by tax credits following an Ownership Change.

[7]    In general, under section 382(g)(4)(A) of the IRC, all stockholders who individually hold less than 5% of the stock of a company are deemed to be a single 5% stockholder throughout the three-year testing period and transfers between such shareholders are disregarded for purposes of determining whether an Ownership Change has occurred. Thus, so long as 50% or more of the stock is owned by less than 5% stockholders throughout the three-year testing period, there will be no change of control under section 382. Accordingly, the Debtors only seek to impose the requested notice and hearing procedures on the following parties: (a) owners (or entities who would own as a result of the proposed transfer) of at least 378,014 shares of the Debtors' Common Stock (*i.e.*, approximately 4.5% of the outstanding 8,400,320 shares of Common Stock), and (b) owners (or entities who would own as a result of the proposed transfer) of shares of the Debtors' Class A Stock.

the long-term tax exempt rate.  *See* 26 U.S.C. § 382(b).  "Pre-change losses" would include (a) NOLs and (b) any net unrealized built-in loss (as defined in section 382(h)(3) of the IRC).

24.       In addition, if an Ownership Change occurs, section 383 of the IRC limits the amount of tax liability that may be offset by "pre-change" tax credits in the same way that section 382 of the IRC applies to NOLs.  "Pre-change" tax credits would include certain tax and business credits.

25.       The formulaic limitations under sections 382 and 383 of the IRC can severely restrict the ability to use "pre-change losses" and "pre-change" tax credits because the value of the stock of a distressed company may be quite low.

26.       By contrast, in the context of an Ownership Change that occurs pursuant to a consummated chapter 11 plan, the rules relating to the limitations on the use of tax attributes are more relaxed, particularly where the plan involves the retention or receipt of at least 50% of the stock of the reorganized debtor by shareholders or "qualified creditors."  *See* I.R.C. § 382(l)(5), (6).  At present, however, the Debtors believe that it is in the best interest of their estates and stakeholders to consummate the Sale Transaction instead of reorganizing pursuant to a chapter 11 plan of reorganization. Accordingly, given the current posture of the Chapter 11 Cases, the Debtors would not be able to avail themselves of the exemptions contained in 382(l)(5) and (6) of the IRC.

27.       The problem facing the Debtors, which this Motion and the Procedures for Trading in Stock and the Procedures for Claiming Worthless Stock Deductions seek to resolve, is that if, prior to the Debtors' emergence from chapter 11, too many equity holders transfer their equity interests or claim worthless stock deductions, such dispositions or claims may, individually or in the aggregate, trigger a Pre-Emergence Ownership Change.  The risk of losing

the ability to use even a portion of their Tax Attributes (which Tax Attributes could be used to reduce the tax burden of the Sale Transaction on the estates) as a result of such Pre-Emergence Ownership Change means that the Debtors need the ability to monitor, and possibly object to, changes in ownership of Stock that may adversely affect the Debtors' ability to utilize their Tax Attributes as a result of a Pre-Emergence Ownership Change.  The Procedures for Trading in Stock and the Procedures for Claiming Worthless Stock Deductions will enable the Debtors to preserve flexibility in (a) operating their business during the pendency of these chapter 11 cases, and (b) successfully prosecuting these chapter 11 cases.

**C.       The Requested Relief Is Narrowly Tailored**

28.       The requested relief does not prohibit any trading in claims against the Debtors and their estates.  At this early juncture, the Debtors seek to establish procedures only to monitor those types of stock trading that would pose a serious risk under the section 382 Ownership Change test to preserve the Debtors' ability to seek substantive relief if it appears that a proposed trade may adversely affect the Debtors' ability to utilize their Tax Attributes as a result of a Pre-Emergence Ownership Change.  The procedures requested by the Debtors in this Motion would permit all claims trading to continue, subject to applicable law.

**D.       The Requested Relief Is Necessary to Avoid Irreparable Harm to the Debtors**

29.       Once a Tax Attribute is limited under section 382 of the IRC, its use is limited forever and could result in the loss of part or all of the Tax Attribute.  Once an equity interest is transferred, it cannot be undone.  The relief sought herein is necessary to avoid an irrevocable limitation of the Tax Attributes and the irreparable harm that could be caused by unrestricted trading in Stock or claims of worthless stock deductions and the Debtors' resulting inability to

offset taxable income with their Tax Attributes in the event of a Pre-Emergence Ownership Change.

30.     Absent granting the relief requested herein on an immediate basis, the Debtors could be irreparably harmed by the mere filing of this Motion.  If the Debtors filed this Motion in accordance with the usual notice procedures set forth in the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Debtors believe a flurry of trading in Stock could follow.  Parties holding Stock could rush to dispose of such Stock or claim worthless stock deductions before the restrictions on such trading and claims are imposed by the Court.  Such actions would put the Tax Attributes in jeopardy and would be counterproductive to the Debtors' objectives in seeking this relief.

31.     Accordingly, the Debtors request that the Procedures for Trading in Stock and Procedures for Claiming Worthless Stock Deductions be approved on an interim basis.

**E.     The Provisions of the Proposed Orders Satisfy Due
        Process and the Requirements of Bankruptcy Rule 9014**

32.     No later than two (2) business days following entry of the Proposed Interim Order, the Debtors shall serve by first class mail, postage prepaid, a notice in substantially the form of Exhibit 6 attached to the Proposed Interim Order (the "Notice of Interim Order") to the following:  (a) directly registered holders of Common Stock on the books and records of the Debtors' transfer agent; (b) the banks, brokers, intermediaries, other nominees or their agents (each, a "Nominee") holding in "street name" on behalf of beneficial holders of Common Stock; (c) all holders of Class A Stock; (d) the Debtors' fifty (50) largest unsecured creditors; (e) the transfer agents for any Common Stock; (f) the United States Securities and Exchange Commission; (g) the Internal Revenue Service; and (h) all parties that, as of the entry of the

01:16772586.4

Proposed Interim Order, have requested notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").

33.     Each Nominee shall be required to serve the Notice of Interim Order on the beneficial holders for the benefit of which it holds Common Stock.  Additionally, any Nominee who sells in excess of 378,014 shares of Common Stock or any shares of Class A Stock to another entity shall be required to serve a copy of the Notice of Order on such purchaser of such Common Stock or any Nominee or entity acting on such purchaser's behalf.

34.     In order for the Debtors to serve the directly registered holders of Common Stock on the books and records of the Debtors' transfer agent, such transfer agent shall be required to provide the Debtors' undersigned proposed counsel with an excel file containing the names and addresses of all holders of such Common Stock registered with such transfer agent, each no later than one (1) business day after entry of the Notice of Interim Order; *provided*, *however*, that if the transfer agent does not provide this file within one (1) business day after entry of the Notice of Interim Order, the transfer agents for any Common Stock shall be required to serve the Notice of Interim Order on all holders of such Common Stock that are registered with such transfer agent no later than five (5) business days after being served with the Notice of Interim Order.  In addition, all registered holders shall be required to serve the Notice of Interim Order on any holder for whose account such registered holder holds Common Stock and so on down the chain of ownership.  Additionally, any entity, broker or agent acting on such entity's behalf who sells in excess of 378,014 shares of Common Stock to another entity shall be required to serve a copy of the Notice of Interim Order on such purchaser of such Common Stock or any entity, broker or agent acting on such purchaser's behalf.

35.     Upon entry of the Proposed Final Order, the Debtors shall serve a notice in substantially the form of <u>Exhibit 6</u> attached to the Proposed Final Order (the "<u>Notice of Final Order</u>"), to the Notice Parties in the same manner provided in paragraphs 35, 36 and 37 above.

36.     The foregoing notice procedures satisfy due process and the requirements of Bankruptcy Rule 9014 by providing the relevant counterparties with notice of, and an opportunity to object to, the Procedures for Trading in Stock and to attend a hearing on the same. *See, e.g.*, *In re Colo. Mountain Cellars, Inc.*, 226 B.R. 244, 246 (D. Colo. 1998) (noting that a hearing is not required to satisfy Bankruptcy Rule 9014).  Further, the proposed notice procedures protect the due process rights of parties in interest without unnecessarily exposing the Debtors' estates to unwanted administrative expenses.

**F.**     **NOLs Are Property of the Debtors' Estates and**
            **Are Entitled to Protection Under the Automatic Stay**

37.     Courts have uniformly held that a debtor's NOLs constitute property of the estate under section 541 of the Bankruptcy Code and, as such, courts have the authority to implement certain protective measures to preserve the NOLs.  The seminal case articulating this rule is *In re Prudential Lines, Inc.*, where the Bankruptcy Court for the Southern District of New York enjoined a parent corporation from taking a worthless stock deduction with respect to its wholly-owned debtor subsidiary, on the grounds that allowing the parent to do so would destroy its debtor-subsidiary's NOLs.  *See In re Prudential Lines, Inc.*, 107 B.R. 832 (Bankr. S.D.N.Y. 1989), *aff'd* 119 B.R. 430 (S.D.N.Y. 1990), *aff'd* 928 F.2d 565 (2d Cir. 1991).  In issuing the injunction, the court held that the "debtor's potential ability to utilize NOLs is property of an estate," and that "the taking of a worthless stock deduction is an exercise of control over a debtor's NOLs," and thus was properly subject to the automatic stay provisions of section 362 of the Bankruptcy Code.  *Id.* at 839-42; *see also In re White Metal Rolling & Stamping Corp.*, 222

B.R. 417, 424 (Bankr. S.D.N.Y. 1998) ("It is beyond peradventure that NOL carrybacks and carryovers are property of the estate of the loss corporation that generated them."); *In re Phar-Mor, Inc.*, 152 B.R. 924, 927 (Bankr. N.D. Ohio 1993) ("[T]he sale of stock is prohibited by § 362(a)(3) as an exercise of control over the NOL, which is property of the estate."). Because the Debtors' NOLs are property of their estates, the Court has the authority under section 362 of the Bankruptcy Code to enforce the automatic stay by restricting the dispositions of Stock or claims of worthless stock deductions that may adversely affect the Debtors' ability to utilize their Tax Attributes as a result of a Pre-Emergence Ownership Change.

G.    **Bankruptcy Courts Routinely Grant the Relief Requested Herein**

38.    Courts in this jurisdiction and others have routinely granted relief to debtors by restricting or enjoining dispositions of common stock or claims of worthless stock deductions to protect against the possible loss of their NOL carry-forwards, and in doing so, have regularly granted interim first-day relief. *See, e.g.*, *In re Furniture Brands Int'l, Inc.*, Case No. 13-12329 (CSS) (Sept. 11, 2013, interim order, and Oct. 1, final order); *In re The PMI Group, Inc.*, Case No. 11-13730 (BLS) (Nov. 30, 2011, interim order, and Feb. 7, 2012, final order); *In re Portola Packaging, Inc.*, Case No. 08-12001 (CSS) (Aug. 29, 2008, interim order, and Sept. 19, 2008, final order). Courts granting such relief generally have done so by imposing notice and hearing requirements on any proposed disposition of stock or claim of worthless stock deduction to or by an entity whose holdings of such stock exceeds, or would exceed as a result of the proposed disposition, a certain threshold amount. To accomplish this, the Court and the debtor are typically given notice of any proposed dispositions of stock or claim of worthless stock deduction by entities whose aggregate stock holdings exceed a certain dollar or share threshold, giving the debtor an opportunity to object to such disposition at a hearing.

39.     It should be noted that, like other orders granting relief similar to that requested herein, the Proposed Orders do not categorically enjoin holders from transferring stock or claiming worthless stock deductions.  Rather, they require that certain holders give notice of their intentions and allow the Debtors an opportunity to object.  To the extent that the Debtors determine that a proposed action will not cause an Ownership Change, they will not object to such disposition.  The benefits of retaining the Tax Attributes of any NOLs for the Debtors' estates far outweigh any inconvenience to any Substantial Shareholder, as the Debtors' Tax Attributes are valuable assets of their estates that will inure to the benefit of their stakeholders and facilitate the Debtors' timely and efficient reorganization.  Unrestricted trading in the Stock or unrestricted deductions for worthless stock with no advance warning of such actions jeopardizes these assets and impairs their value for the Debtors' stakeholders.  The Procedures for Trading in Stock and Procedures for Claiming Worthless Stock Deductions impose a minimal burden to achieve a substantial benefit for the Debtors and their creditors.

40.     Accordingly, the Debtors submit that it is necessary and appropriate for the Court to enter the Proposed Orders.

## NOTICE

41.    The Debtors will provide notice of this Motion to: (i) the Office of the United States Trustee for the District of Delaware; (ii) holders of the 50 largest unsecured claims on a consolidated basis against the Debtors; (iii) counsel for Silver Point Finance, LLC, in its capacity as administrative agent under the Debtors' First Lien Credit Agreement and Second Lien Credit Agreement; (iv) counsel for Bank of America, N.A, in its capacity as administrative agent under the Debtors' Amended and Restated Loan and Security Agreement; (v) counsel to the agents under the Debtors' proposed debtor-in-possession financing facility; and (vi) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated:    March 12, 2015
          Wilmington, Delaware

 _/s/ Maris J. Kandestin_____
Michael R. Nestor (No. 3526)
Kara Hammond Coyle (No. 4410)
Maris J. Kandestin (No. 5294)
Andrew L. Magaziner (No. 5426)
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253
mnestor@ycst.com
kcoyle@ycst.com
mkandestin@ycst.com
amagaziner@ycst.com

-and-

Robert A. Klyman (CA No. 142723)
Samuel A. Newman (CA No. 217042)
Jeremy L. Graves (CO No. 45522)
Sabina Jacobs (CA No. 274829)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-1512
Telephone: (213) 229-7000
Facsimile: (213) 229-7520
rklyman@gibsondunn.com
snewman@gibsondunn.com
jgraves@gibsondunn.com
sjacobs@gibsondunn.com

*Proposed Counsel to the Debtors and
Debtors in Possession*

**<u>EXHIBIT A</u>**

**PROPOSED INTERIM ORDER**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>THE STANDARD REGISTER COMPANY, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-_____ (___)<br><br>(Jointly Administered)<br><br>**Docket Ref. No. ___** |

### INTERIM ORDER, ESTABLISHING NOTIFICATION PROCEDURES FOR DISPOSITIONS OF, OR CLAIMS OF WORTHLESS STOCK DEDUCTIONS WITH RESPECT TO, STANDARD REGISTER'S STOCK

Upon the Motion[2] of Standard Register and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") for the entry of interim and final orders, pursuant to sections 105(a), 362 and 541 of title 11 of the Bankruptcy Code, establishing notification procedures that must be satisfied before certain dispositions of, or claims of worthless stock deductions with respect to, equity securities in Standard Register or of any beneficial ownership thereof are deemed effective; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012; and the Court having found that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001).  The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2]    All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having

found that notice of the Motion has been given as set forth in the Motion and that such notice is

adequate and no other or further notice need be given; and the Court having determined that it

may enter a final order consistent with Article III of the United States Constitution; and upon

consideration of the First Day Declaration; and a hearing having been held to consider the relief

requested in the Motion; and upon the record of the hearing on the Motion and all of the

proceedings had before the Court; and the Court having found and determined that the relief

sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all

other parties in interest; and that the legal and factual bases set forth in the Motion establish just

cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED on an interim basis as set forth herein.

2.      Any purchase, sale, or other disposition of, or declaration of worthless stock

deduction with respect to, Stock in Standard Register or of any Beneficial Ownership (as defined

below) thereof in violation of the procedures set forth herein (including the notice requirements

set forth below) shall be null and void *ab initio*.

3.      The following procedures for monitoring the trading of Stock (collectively, the

"Procedures for Trading in Stock") are hereby approved:

      a.   Any entity (as such term is defined in section 101(15) of the Bankruptcy Code,
         which includes a person or individual) who currently is or becomes a Substantial
         Shareholder (as defined below) must file with the Court, and serve upon proposed
         counsel to the Debtors, Gibson, Dunn & Crutcher, LLP, 333 South Grand
         Avenue, Los Angeles, CA 90071-1512 (Attn: Robert A. Klyman), and Young
         Conaway Stargatt & Taylor, LLP, 1000 North King Street, Rodney Square,
         Wilmington, DE 19801 (Attn: Michael R. Nestor), a declaration of such status,
         substantially in the form of Exhibit 1 attached hereto, on or before the later of

(i) twenty (20) days after the date of the Notice of Order (as defined below) and (ii) ten (10) days after becoming a Substantial Shareholder.

b.  Before effectuating any disposition of Stock that would result in an increase in the amount of Stock of which a Substantial Shareholder has Beneficial Ownership or would result in an entity becoming a Substantial Shareholder, such Substantial Shareholder must file with the Court, and serve upon proposed counsel to the Debtors, an advance written declaration of the intended disposition of Stock in the form of Exhibit 2 attached hereto (each, a "Declaration of Intent to Purchase, Acquire or Otherwise Accumulate Stock").

c.  Before effectuating any disposition of Stock that would result in a decrease in the amount of Stock of which a Substantial Shareholder has Beneficial Ownership, other than any such disposition where the amount of Stock of which such Substantial Shareholder has Beneficial Ownership following such disposition is not less than the lowest amount of Stock of which such Substantial Shareholder had Beneficial Ownership during the three year period ending on the date of such disposition, or would result in a Substantial Shareholder ceasing to be a Substantial Shareholder, such Substantial Shareholder must file with the Court, and serve upon proposed counsel to the Debtors, an advance written declaration of the intended disposition of Stock in the form of Exhibit 3 attached hereto (each, a "Declaration of Intent to Sell, Trade, or Otherwise Dispose of Stock," and together with a Declaration of Intent to Purchase, Acquire or Accumulate Stock, each, a "Declaration of Proposed Disposition").

d.  The Debtors shall promptly review all Declarations of Proposed Disposition and shall have five (5) calendar days after receipt of a Declaration of Proposed Disposition to file with the Court and serve on such Substantial Shareholder an objection to any proposed disposition of Stock described in the Declaration of Proposed Disposition on the basis that such disposition will cause a Pre-emergence Ownership Change and thereby adversely affect the Debtors' ability to utilize their Tax Attributes as a result of a Pre-Emergence Ownership Change.  If the Debtors file such an objection, such transaction shall be enjoined and would not be effective unless and until such objection is withdrawn by the Debtors or such objection is overruled by a final order of the Court; provided, however, that such injunction shall continue if, within three days of entry of such order overruling the objection, the Debtors file a notice of appeal.  If the Debtors do not object within such 5-day period, such transaction can proceed solely as set forth in the Declaration of Proposed Disposition.  Further transactions within the scope of this paragraph must be the subject of additional Declarations of Proposed Disposition in accordance with the procedures set forth herein, with an additional 5-day waiting period for each Declaration of Proposed Disposition.  The Debtors shall review each Declaration of Proposed Disposition and decide whether to object to, or waive any objection to, any proposed disposition of Stock described therein in the order each such Declaration of Disposition is filed with the Court.

e.  For purposes of these procedures:  (i) a "<u>Substantial Shareholder</u>" is any (a) entity with (or entities who would own as a result of the proposed transfer) Beneficial Ownership of at least 378,014 shares of Standard Register's Common Stock (*i.e.*, approximately 4.5% of the outstanding 8,400,320 shares of Common Stock), or (b) entity (or entities who would own as a result of the proposed transfer) with Beneficial Ownership of any shares of Standard Register's Class A Stock; (ii) "<u>Beneficial Ownership</u>" of Stock  with respect to any holder shall be determined in accordance with the applicable rules of IRC section 382 and the Treasury Regulations thereunder, and shall include, but not be limited to, indirect and constructive ownership, for example, (A) a holding company is considered to beneficially own Stock owned by its subsidiaries, (B) a partner in a partnership (or other entity treated as a partnership for U.S. federal income tax purposes) is considered to beneficially own a proportionate interest in Stock owned by the partnership, (C) an individual and such individual's family members may be treated as one individual, (D) persons or entities acting in concert with a holder to make a coordinated acquisition may be treated as a single entity), and (E) a holder is considered to beneficially own any stock that such holder has an Option to acquire; and (iii) an "<u>Option</u>" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, Stock subject to risk of forfeiture, contract to acquire Stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

4.  The following procedures for monitoring worthless stock deductions with respect to Stock (collectively, the "<u>Procedures for Claiming Worthless Stock Deductions</u>") are hereby approved:

(a)  Any entity (as such term is defined in section 101(15) of the Bankruptcy Code, which includes a person or individual) who currently is or becomes a 50% Shareholder must file with the Court, and serve upon proposed counsel to the Debtors, Gibson, Dunn & Crutcher, LLP, 333 South Grand Avenue, Los Angeles, CA 90071-1512 (Attn: Robert A. Klyman), and Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Rodney Square, Wilmington, DE 19801 (Attn: Michael R. Nestor), a notice of such status, in the form of <u>Exhibit 4</u> attached hereto, on or before the later of (i) twenty (20) days after the date of the Notice of Order (as defined below) and (ii) ten (10) days after becoming a 50% Shareholder.

(b)  (i) Prior to filing any federal or state tax return, any amendment to such a return, or distributing K-1 or other information statement, if any, to its partners or members, claiming or reflecting any deduction for worthlessness of the Stock, for a tax year ending before the Debtors' emergence from chapter 11 protection, such 50% Shareholder must file with the Court, and serve upon counsel to the Debtors, an advance written declaration in the form of <u>Exhibit 5</u> attached hereto (a

"<u>Declaration of Intent to Claim a Worthless Security Deduction</u>"), of the intended claim of worthlessness.

(ii) If a 50% Shareholder is a partnership or other pass-through entity for federal or state income tax purposes, prior to filing any federal or state tax return, or any amendment to such a return, each partner or other owner of such 50% Shareholder must file with the Court, and serve upon counsel to the Debtors, an advance written declaration in the form of <u>Exhibit 5</u> attached hereto, the Declaration of Intent to Claim a Worthless Security Deduction, prior to filing a return claiming or otherwise reflecting any deduction for worthlessness of the Stock, for a tax year ending before the Debtors' emergence from chapter 11 protection.

(c) The Debtors will have fifteen (15) calendar days after receipt of a Declaration of Intent to Claim a Worthless Security Deduction to file with the Court and serve on such 50% Shareholder (or partner or owner of such 50% Shareholder) an objection on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes.  If the Debtors file an objection to a Declaration of Intent to Claim a Worthless Security Deduction, the filing of the return or distribution of K-1 or other information statement with such claim shall be enjoined and shall not be effective unless and until such objection is withdrawn by the Debtors or such objection is overruled by a final order of the Court that is no longer subject to appeal.  If the Debtors do not object within such 15-day period, the filing of the return or distribution of K-1 or other information statement with such claim shall be permitted as set forth in the Declaration of Intent to Claim a Worthless Security Deduction.  Additional tax returns within the scope of this paragraph must be the subject of additional notices as set forth herein, with an additional 15-day waiting period.

(d) For purposes of these procedures:  (i) a "<u>50% Shareholder</u>" is any person owning 50% or more of Stock (within the meaning of IRC section 382(g)(4)(D)), and this calculation shall include, but shall not be limited to, indirect and constructive ownership under the rules of Treasury Regulations Section 1.382-2T(h) other than Treasury Regulations Section 1.382-2T(h)(2)(i)(A), for example, (a) a holding company is considered to beneficially own Stock owned by its subsidiaries, (b) a partner in a partnership (or other entity treated as a partnership for U.S. federal income tax purposes) is considered to beneficially own a proportionate interest in Stock owned by the partnership, (c) an individual and such individual's family members may be treated as one individual, and (d) persons or entities acting in concert with a holder to make a coordinated acquisition may be treated as a single entity), and (e) a holder is considered to beneficially own Stock with respect to which such holder has an Option to acquire; and (ii) an "<u>Option</u>" to acquire Stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including  any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire Stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

5.      The Debtors are authorized, but not directed, to waive in writing, in their discretion, any and all restrictions, stays and notification procedures contained in this Order.

6.      No later than two (2) business days following entry of this Order, the Debtors shall serve by first class mail, postage prepaid, a notice in substantially the form of Exhibit 6 attached hereto (the "Notice of Interim Order") to the following (collectively, the "Notice Parties"):  (a) directly registered holders of Common Stock on the books and records of the Debtors' transfer agent; (b) the banks, brokers, intermediaries, other nominees or their agents (each, a "Nominee") holding in "street name" on behalf of beneficial holders of Common Stock; (c) holders of Class A Stock; (d) the Debtors' fifty (50) largest unsecured creditors; (e) the transfer agents for any Common Stock; (f) the United States Securities and Exchange Commission; (g) the Internal Revenue Service; and (h) all parties that, as of the entry of this Order, have requested notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002.  With respect to the Notice of Interim Order, the Debtors may fill in, or cause to be filled in, any missing dates and other information, correct any typographical errors, conform the provisions thereof to the provisions of this Order, and make such other, nonmaterial changes as the Debtors deem necessary or appropriate.

7.      Each Nominee shall be required to serve the Notice of Interim Order on the beneficial holders for the benefit of which it holds Common Stock.  Additionally, any Nominee who sells in excess of 378,014 shares of Common Stock to another entity shall be required to serve a copy of the Notice of Interim Order on such purchaser of such Common Stock or any Nominee or entity acting on such purchaser's behalf.

8.      Each transfer agent of the Common Stock shall be required to provide the Debtors' proposed counsel with an excel file containing the names and addresses of all holders

01:16772586.4

of such Common Stock registered with such transfer agent no later than one (1) business day after entry of this Order; *provided*, *however*, that if the transfer agent does not provide this file within one (1) business day after entry of this Order, such transfer agents shall be required to serve the Notice of Order on all holders of such Common Stock that are registered with such transfer agent no later than five (5) business days after being served with the Notice of Interim Order.  In addition, all registered holders shall be required to serve the Notice of Interim Order on any holder for whose account such registered holder holds Common Stock and so on down the chain of ownership.

9.      A final hearing (the "Final Hearing") on the relief sought in the Motion shall be conducted on _____, 2015 at _____ (ET).  The deadline by which objections to entry of the Proposed Final Order must be filed is _____, 2015 at 4:00 p.m. (ET).  If no objections to entry of the Proposed Final Order are timely filed, this Court may enter the Proposed Final Order without further notice or a hearing.

10.     The Debtors' service on the Notice Parties of the Notice of Interim Order shall constitute sufficient notice of this Order, the Procedures for Trading in Stock, the Proposed Final Order and the Final Hearing.

11.     The requirements set forth in this Order are in addition to the requirements of all applicable law and do not excuse compliance therewith.

12.     The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

13.     Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

01:16772586.4

14.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2015
      Wilmington, Delaware

                                       _____

                                       UNITED STATES BANKRUPTCY JUDGE

## **EXHIBIT 1**

**DECLARATION OF STATUS AS A SUBSTANTIAL SHAREHOLDER**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, *et al.*,[1] | Case No. 15-_____ (___) |
| Debtors. | (Jointly Administered) |
| | **Docket Ref. No. ___** |

### DECLARATION OF STATUS AS A SUBSTANTIAL SHAREHOLDER[2]

      **PLEASE TAKE NOTICE** that _____ (the "Holder") is/has become a Substantial Shareholder with respect to Stock in The Standard Register Company ("Standard Register") or of any Beneficial Ownership thereof.  As needed and upon Standard Register's reasonable request, the Holder will provide to Standard Register on a confidential basis the last four digits of the Holder's taxpayer identification number.

---

[1]  The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001).  The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2]  For purposes of this Declaration: (i) a "Substantial Shareholder" is any (a) entity with (or entities who would own as a result of the proposed transfer) Beneficial Ownership of at least 378,014 shares of Standard Register's Common Stock (*i.e.*, approximately 4.5% of the outstanding 8,400,320 shares of Common Stock), or (b) entity (or entities who would own as a result of the proposed transfer) with Beneficial Ownership of shares of Standard Register's Class A Stock; (ii) "Beneficial Ownership" of Stock  with respect to any holder shall be determined in accordance with the applicable rules of IRC section 382 and the Treasury Regulations thereunder, and shall include, but not be limited to, indirect and constructive ownership, for example, (A) a holding company is considered to beneficially own Stock owned by its subsidiaries, (B) a partner in a partnership (or other entity treated as a partnership for U.S. federal income tax purposes) is considered to beneficially own a proportionate interest in Stock owned by the partnership, (C) an individual and such individual's family members may be treated as one individual, (D) persons or entities acting in concert with a holder to make a coordinated acquisition may be treated as a single entity), and (E) a holder is considered to beneficially own any stock that such holder has an Option to acquire; and (iii) an "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, Stock subject to risk of forfeiture, contract to acquire Stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Debtors' Motion For Entry of Interim and Final Orders Establishing Notification Procedures For Dispositions of, Or Claims of Worthless Stock Deductions With Respect To, Standard Register's Stock* [Docket No. __] filed in the above-captioned chapter 11 cases.

**PLEASE TAKE FURTHER NOTICE** that as of _____, 2015, the Holder has Beneficial Ownership of _____ shares of Common Stock and _____ shares of Class A Stock.  The following table sets forth the date(s) on which the Holder purchased, acquired or otherwise accumulated Beneficial Ownership or otherwise has obtained Beneficial Ownership of such Stock:

| Number of Shares of Common Stock or Class A Stock | Date Purchased, Acquired or Otherwise Accumulated |
|---|---|
| | |
| | |
| | |
| | |

**PLEASE TAKE FURTHER NOTICE** that pursuant to that certain *Interim Order Establishing Notification Procedures For Dispositions of, Or Claims of Worthless Stock Deductions With Respect To, Standard Register's Stock* [Docket No. __], this Declaration is being filed with the Court and served upon proposed counsel to the above-captioned debtors and debtors-in-possession, Gibson, Dunn & Crutcher, LLP, 333 South Grand Avenue, Los Angeles, CA 90071-1512 (Attn: Robert A. Klyman), and Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Rodney Square, Wilmington, DE 19801 (Attn: Michael R. Nestor).

**PLEASE TAKE FURTHER NOTICE** that pursuant to 28 U.S.C. § 1746, under penalty of perjury, the Holder hereby declares that the Holder has examined this Declaration and accompanying attachments (if any) and, to the best of the Holder's knowledge and belief, this Declaration and any attachments which purport to be part of this Declaration are true, correct and complete.

Respectfully submitted,

(Name of Substantial Shareholder)

By:_____

Name:_____

Address:_____

_____

Telephone:_____

Facsimile:_____

Dated:_____

01:16772586.4

## **EXHIBIT 2**

### **DECLARATION OF INTENT TO PURCHASE, ACQUIRE OR OTHERWISE ACCUMULATE STOCK**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>THE STANDARD REGISTER COMPANY, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-_____ (___)<br><br>(Jointly Administered)<br><br>Docket Ref. No. ___ |

## DECLARATION OF INTENT TO PURCHASE,
## ACQUIRE OR OTHERWISE ACCUMULATE STANDARD REGISTER STOCK[2]

**PLEASE TAKE NOTICE** that _____ (the "Holder") hereby provides notice of the Holder's intention to purchase, acquire or otherwise accumulate (the "Proposed Disposition") one or more shares of Stock in The Standard Register Company

---

[1]   The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001).  The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2]   For purposes of this Declaration: (i) a "Substantial Shareholder" is any (a) entity with (or entities who would own as a result of the proposed transfer) Beneficial Ownership of at least 378,014 shares of Standard Register's Common Stock (*i.e.*, approximately 4.5% of the outstanding 8,400,320 shares of Common Stock), or (b) entity (or entities who would own as a result of the proposed transfer) with Beneficial Ownership of shares of Standard Register's Class A Stock; (ii) "Beneficial Ownership" of Stock  with respect to any holder shall be determined in accordance with the applicable rules of IRC section 382 and the Treasury Regulations thereunder, and shall include, but not be limited to, indirect and constructive ownership, for example, (A) a holding company is considered to beneficially own Stock owned by its subsidiaries, (B) a partner in a partnership (or other entity treated as a partnership for U.S. federal income tax purposes) is considered to beneficially own a proportionate interest in Stock owned by the partnership, (C) an individual and such individual's family members may be treated as one individual, (D) persons or entities acting in concert with a holder to make a coordinated acquisition may be treated as a single entity), and (E) a holder is considered to beneficially own any stock that such holder has an Option to acquire; and (iii) an "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, Stock subject to risk of forfeiture, contract to acquire Stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Debtors' Motion For Entry of Interim and Final Orders Establishing Notification Procedures For Dispositions of, Or Claims of Worthless Stock Deductions With Respect To, Standard Register's Stock* [Docket No. __] filed in the above-captioned chapter 11 cases.

("Standard Register") or of any Beneficial Ownership thereof. As needed and upon Standard Register's reasonable request, the Holder will provide to Standard Register on a confidential basis the last four digits of the Holder's taxpayer identification number.

PLEASE TAKE FURTHER NOTICE that, if applicable, on _____, 2015, the Holder filed a Declaration of Status as a Substantial Shareholder with the United States Bankruptcy Court for the District of Delaware (the "Court") and served copies thereof as set forth therein.

PLEASE TAKE FURTHER NOTICE that as of _____, 2015, the Holder has Beneficial Ownership of _____ shares of Common Stock and/or _____ shares of Class A Stock.

PLEASE TAKE FURTHER NOTICE that pursuant to the Proposed Disposition, the Holder proposes to purchase, acquire or otherwise accumulate _____ shares of Common Stock and/or _____ shares of Class A Stock. If the Proposed Disposition is permitted to occur, the Holder will have Beneficial Ownership of _____ shares of Common Stock and _____ shares of Class A Stock after such disposition becomes effective.

PLEASE TAKE FURTHER NOTICE that pursuant to that certain *Interim Order Establishing Notification Procedures For Dispositions of, Or Claims of Worthless Stock Deductions With Respect To, Standard Register's Stock* [Docket No. __] (the "Order"), this Declaration is being filed with the Court and served upon proposed counsel to the above-captioned debtors and debtors-in-possession, Gibson, Dunn & Crutcher, LLP, 333 South Grand Avenue, Los Angeles, CA 90071-1512 (Attn: Robert A. Klyman), and Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Rodney Square, Wilmington, DE 19801 (Attn: Michael R. Nestor).

PLEASE TAKE FURTHER NOTICE that in accordance with the Order, the Debtors shall have five (5) calendar days after receipt of this Declaration to object to the Proposed Disposition described herein. If the Debtors file an objection, such Proposed Disposition will not be effective unless and until such objection is withdrawn by the Debtors or such objection is overruled by a final order of the Court; that is no longer subject to appeal. If the Debtors do not object within such 5-day period, then after expiration of such period the Proposed Disposition may proceed solely as set forth in this Declaration.

PLEASE TAKE FURTHER NOTICE that any further transactions that may result in the Holder purchasing, acquiring or otherwise accumulating additional shares of Common Stock or Class A Stock will require additional Declarations of Proposed Disposition (as defined in the Order) to be filed with the Court and to be served in the same manner as this Declaration, all as provided for more fully in the Order.

01:16772586.4

2

**PLEASE TAKE FURTHER NOTICE** that pursuant to 28 U.S.C. § 1746, under penalty of perjury, the Holder hereby declares that the Holder has examined this Declaration and accompanying attachments (if any) and, to the best of the Holder's knowledge and belief, this Declaration and any attachments which purport to be part of this Declaration are true, correct and complete.

Respectfully submitted,

(Name of Substantial Shareholder)

By:_____

Name:_____

Address:_____

_____

Telephone:_____

Facsimile:_____

Dated:_____

## <u>EXHIBIT 3</u>

**DECLARATION OF INTENT TO SELL,
TRADE OR OTHERWISE DISPOSE OF STOCK**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, *et al.*,[1] | Case No. 15-_____ (___) |
| Debtors. | (Jointly Administered) |
| | Docket Ref. No. ___ |

## DECLARATION OF INTENT TO SELL,
## TRADE OR OTHERWISE DISPOSE OF STOCK[2]

**PLEASE TAKE NOTICE** that _____ (the "Holder") hereby provides notice of the Holder's intention to sell, trade or otherwise dispose of (the "Proposed Disposition") shares of Stock in The Standard Register Company ("Standard Register") or of any Beneficial Ownership thereof.  As needed and upon Standard Register's

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001).  The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2]    For purposes of this Declaration: (i) a "Substantial Shareholder" is any (a) entity with (or entities who would own as a result of the proposed transfer) Beneficial Ownership of at least 378,014 shares of Standard Register's Common Stock (*i.e.*, approximately 4.5% of the outstanding 8,400,320 shares of Common Stock), or (b) entity (or entities who would own as a result of the proposed transfer) with Beneficial Ownership of shares of Standard Register's Class A Stock; (ii) "Beneficial Ownership" of Stock  with respect to any holder shall be determined in accordance with the applicable rules of IRC section 382 and the Treasury Regulations thereunder, and shall include, but not be limited to, indirect and constructive ownership, for example, (A) a holding company is considered to beneficially own Stock owned by its subsidiaries, (B) a partner in a partnership (or other entity treated as a partnership for U.S. federal income tax purposes) is considered to beneficially own a proportionate interest in Stock owned by the partnership, (C) an individual and such individual's family members may be treated as one individual, (D) persons or entities acting in concert with a holder to make a coordinated acquisition may be treated as a single entity), and (E) a holder is considered to beneficially own any stock that such holder has an Option to acquire; and (iii) an "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, Stock subject to risk of forfeiture, contract to acquire Stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Debtors' Motion For Entry of Interim and Final Orders Establishing Notification Procedures For Dispositions of, Or Claims of Worthless Stock Deductions With Respect To, Standard Register's Stock* [Docket No. __] filed in the above-captioned chapter 11 cases.

reasonable request, the Holder will provide to Standard Register on a confidential basis the last four digits of the Holder's taxpayer identification number.

**PLEASE TAKE FURTHER NOTICE** that, if applicable, on _____, 2015, the Holder filed a Declaration of Status as a Substantial Shareholder with the United States Bankruptcy Court for the District of Delaware (the "Court") and served copies thereof as set forth therein.

**PLEASE TAKE FURTHER NOTICE** that as of _____, 2015, the Holder has Beneficial Ownership of _____ shares of Common Stock and/or _____ shares of Class A Stock.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Proposed Disposition, the Holder proposes to sell, trade, or otherwise dispose of _____ shares of Common Stock and/or _____ shares of Class A Stock.  If the Proposed Disposition is permitted to occur, the Holder will have Beneficial Ownership of _____ shares of Common Stock and _____ shares of Common Stock after such disposition becomes effective.

**PLEASE TAKE FURTHER NOTICE** that pursuant to that certain *Interim Order Establishing Notification Procedures For Dispositions of, Or Claims of Worthless Stock Deductions With Respect To, Standard Register's Stock* [Docket No. __] (the "Order"), this Declaration is being filed with the Court and served upon proposed counsel to the above-captioned debtors and debtors-in-possession, Gibson, Dunn & Crutcher, LLP, 333 South Grand Avenue, Los Angeles, CA 90071-1512 (Attn: Robert A. Klyman), and Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Rodney Square, Wilmington, DE 19801 (Attn: Michael R. Nestor).

**PLEASE TAKE FURTHER NOTICE** that in accordance with the Order, the Debtors shall have five (5) calendar days after receipt of this Declaration to object to the Proposed Disposition described herein. If the Debtors file an objection, such Proposed Disposition will not be effective unless and until such objection is withdrawn by the Debtors or such objection is overruled by a final order of the Court; *provided, however* that such injunction shall continue if, within three days of entry of such order overruling the objection, the Debtors file a notice of appeal.  If the Debtors do not object within such 5-day period, then after expiration of such period the Proposed Disposition may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further transactions that may result in the Holder selling, trading, or otherwise disposing of additional shares of Common Stock or Class A Stock will require additional Declarations of Proposed Disposition (as defined in the Order) to be filed with the Court and to be served in the same manner as this Declaration, all as provided for more fully in the Order.

**PLEASE TAKE FURTHER NOTICE** that pursuant to 28 U.S.C. § 1746, under penalty of perjury, the Holder hereby declares that the Holder has examined this Declaration and accompanying attachments (if any) and, to the best of the Holder's knowledge and belief, this Declaration and any attachments which purport to be part of this Declaration are true, correct and complete.

Respectfully submitted,

(Name of Substantial Shareholder)

By:_____

Name:_____

Address:_____

_____

Telephone:_____

Facsimile:_____

Dated:_____

## **EXHIBIT 4**

**DECLARATION OF STATUS AS A 50% SHAREHOLDER**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>THE STANDARD REGISTER COMPANY, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-_____ (___)<br><br>(Jointly Administered)<br><br>**Docket Ref. No. ___** |

### DECLARATION OF STATUS AS A 50% SHAREHOLDER[2]

> **PLEASE TAKE NOTICE** that _____ (the "Holder") is/has become a 50% Shareholder with respect to Stock in The Standard Register Company ("Standard Register") or of any Beneficial Ownership thereof.  As needed and upon Standard Register's reasonable request, the Holder will provide to Standard Register on a confidential basis the last four digits of the Holder's taxpayer identification number.

> **PLEASE TAKE FURTHER NOTICE** that as of _____, 2015, the Holder has Beneficial Ownership of _____ shares of Common Stock and/or _____ shares

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001).  The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2]    For purposes of this Declaration: (i) a "50% Shareholder" is any person owning 50% or more of Stock (within the meaning of IRC section 382(g)(4)(D)), and this calculation shall include, but shall not be limited to, indirect and constructive ownership under the rules of Treasury Regulations Section 1.382-2T(h) other than Treasury Regulations Section 1.382-2T(h)(2)(i)(A), for example, (a) a holding company is considered to beneficially own Stock owned by its subsidiaries, (b) a partner in a partnership (or other entity treated as a partnership for U.S. federal income tax purposes) is considered to beneficially own a proportionate interest in Stock owned by the partnership, (c) an individual and such individual's family members may be treated as one individual, and (d) persons or entities acting in concert with a holder to make a coordinated acquisition may be treated as a single entity), and (e) a holder is considered to beneficially own Stock with respect to which such holder has an Option to acquire; and (ii) an "Option" to acquire Stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including  any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire Stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Debtors' Motion For Entry of Interim and Final Orders Establishing Notification Procedures For Dispositions of, Or Claims of Worthless Stock Deductions With Respect To, Standard Register's Stock* [Docket No. __] filed in the above-captioned chapter 11 cases.

of Class A Stock.  The following table sets forth the date(s) on which the Holder purchased, acquired or otherwise accumulated Beneficial Ownership or otherwise has obtained Beneficial Ownership of such Stock:

| Number of Shares of Common Stock or Class A Stock | Date Purchased, Acquired or Otherwise Accumulated |
|---|---|
| | |
| | |
| | |
| | |

   **PLEASE TAKE FURTHER NOTICE** that pursuant to that certain *Interim Order Establishing Notification Procedures For Dispositions of, Or Claims of Worthless Stock Deductions With Respect To, Standard Register's Stock* [Docket No. __] (the "Order"), this Declaration is being filed with the Court and served upon proposed counsel to the above-captioned debtors and debtors-in-possession, Gibson, Dunn & Crutcher, LLP, 333 South Grand Avenue, Los Angeles, CA 90071-1512 (Attn: Robert A. Klyman), and Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Rodney Square, Wilmington, DE 19801 (Attn: Michael R. Nestor).

   **PLEASE TAKE FURTHER NOTICE** that pursuant to 28 U.S.C. § 1746, under penalty of perjury, the Holder hereby declares that the Holder has examined this Declaration and accompanying attachments (if any) and, to the best of the Holder's knowledge and belief, this Declaration and any attachments which purport to be part of this Declaration are true, correct and complete.

   Respectfully submitted,

(Name of Substantial Shareholder)

By:_____

Name:_____

Address:_____

_____

Telephone:_____

Facsimile:_____

Dated:_____

## **EXHIBIT 5**

## **DECLARATION OF INTENT TO CLAIM A WORTHLESS SECURITY DEDUCTION**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>THE STANDARD REGISTER COMPANY, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-_____ (___)<br><br>(Jointly Administered)<br><br>**Docket Ref. No. ___** |

### DECLARATION OF INTENT TO CLAIM WORTHLESS STOCK DEDUCTION[2]

**PLEASE TAKE NOTICE** that _____ (the "Holder") hereby provides notice of the Holder's intention to claim a worthless security deduction (the "Proposed Worthlessness Claim") with respect to shares of common stock in The Standard Register Company ("Standard Register") or of any Beneficial Ownership thereof. As needed and upon Standard Register's reasonable request, the Holder will provide to Standard Register on a confidential basis the last four digits of the Holder's taxpayer identification number.

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2]    For purposes of this Declaration: (i) a "50% Shareholder" is any person owning 50% or more of Stock (within the meaning of IRC section 382(g)(4)(D)), and this calculation shall include, but shall not be limited to, indirect and constructive ownership under the rules of Treasury Regulations Section 1.382-2T(h) other than Treasury Regulations Section 1.382-2T(h)(2)(i)(A), for example, (a) a holding company is considered to beneficially own Stock owned by its subsidiaries, (b) a partner in a partnership (or other entity treated as a partnership for U.S. federal income tax purposes) is considered to beneficially own a proportionate interest in Stock owned by the partnership, (c) an individual and such individual's family members may be treated as one individual, and (d) persons or entities acting in concert with a holder to make a coordinated acquisition may be treated as a single entity), and (e) a holder is considered to beneficially own Stock with respect to which such holder has an Option to acquire; and (ii) an "Option" to acquire Stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including  any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire Stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Debtors' Motion For Entry of Interim and Final Orders Establishing Notification Procedures For Dispositions of, Or Claims of Worthless Stock Deductions With Respect To, Standard Register's Stock* [Docket No. __] filed in the above-captioned chapter 11 cases.

PLEASE TAKE FURTHER NOTICE that, if applicable, on _____, 2015, the Holder filed a Declaration of Status as a 50% Shareholder with the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>") and served copies thereof as set forth therein.

PLEASE TAKE FURTHER NOTICE that as of _____, 2015, the Holder has Beneficial Ownership of _____ shares of Common Stock and _____ shares of Class A Stock.

PLEASE TAKE FURTHER NOTICE that, _____ proposes to declare for federal/state tax purposes that _____ shares of Common Stock owned by it (whether directly or indirectly through a partnership or other pass-through that is a 50% Shareholder) and _____ shares of Class A Stock owned by it (whether directly or indirectly through a partnership or other pass-through that is a 50% Shareholder) became worthless during the tax year ending _____.

PLEASE TAKE FURTHER NOTICE that pursuant to that certain *Interim Order Establishing Notification Procedures For Dispositions of, Or Claims of Worthless Stock Deductions With Respect To, Standard Register's Stock* [Docket No. __] (the "<u>Order</u>"), this Declaration is being filed with the Court and served upon proposed counsel to the above-captioned debtors and debtors-in-possession, Gibson, Dunn & Crutcher, LLP, 333 South Grand Avenue, Los Angeles, CA 90071-1512 (Attn: Robert A. Klyman), and Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Rodney Square, Wilmington, DE 19801 (Attn: Michael R. Nestor).

PLEASE TAKE FURTHER NOTICE that in accordance with the Order, the Debtors shall have five (5) calendar days after receipt of this Declaration to object to the Proposed Worthless Claim described herein. If the Debtors file an objection, such Proposed Worthless Claim will not be effective unless and until such objection is withdrawn by the Debtors or such objection is overruled by a final order of the Court; that is no longer subject to appeal.  If the Debtors do not object within such 5-day period, then after expiration of such period the Proposed Worthless Claim may proceed solely as set forth in this Declaration.

PLEASE TAKE FURTHER NOTICE that any further transactions that may result in the Holder selling, trading, or otherwise disposing of additional shares of Common Stock or Class A Stock will require additional Declarations of Proposed Disposition (as defined in the Order) to be filed with the Court and to be served in the same manner as this Declaration, all as provided for more fully in the Order.

**PLEASE TAKE FURTHER NOTICE** that pursuant to 28 U.S.C. § 1746, under penalty of perjury, the Holder hereby declares that the Holder has examined this Declaration and accompanying attachments (if any) and, to the best of the Holder's knowledge and belief, this Declaration and any attachments which purport to be part of this Declaration are true, correct and complete.

Respectfully submitted,

(Name of Substantial Shareholder)

By:_____

Name:_____

Address:_____

_____

Telephone:_____

Facsimile:_____

Dated:_____

## __EXHIBIT 6__

## NOTICE OF INTERIM ORDER

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, *et al.*,[1] | Case No. 15-_____ (___) |
| Debtors. | (Jointly Administered) |
| | **Docket Ref. No. ___** |

**NOTICE OF INTERIM ORDER ESTABLISHING NOTIFICATION
PROCEDURES FOR DISPOSITIONS OF, OR CLAIMS OF WORTHLESS STOCK
DEDUCTIONS WITH RESPECT TO, STANDARD REGISTER'S STOCK**

**TO:   ALL HOLDERS OF COMMON STOCK AND CLASS A STOCK IN THE
STANDARD REGISTER COMPANY:**

PLEASE TAKE NOTICE that on _____, 2015 (the "Petition Date"), The Standard Register Company ("Standard Register") and its above-captioned affiliated debtors and debtors in possession (each, a "Debtor," and collectively, the "Debtors") filed voluntary petitions with the United States Bankruptcy Court District of Delaware (the "Court") under chapter 11 of the Bankruptcy Code.   Subject to certain exceptions, section 362 of the Bankruptcy Code operates as a stay of any act to obtain possession of, or exercise control over, property of the Debtors' estates.

PLEASE TAKE FURTHER NOTICE that on _____, 2015, the Debtors filed the *Debtors' Motion For Entry of Interim and Final Orders Establishing Notification Procedures For Dispositions of, Or Claims of Worthless Stock Deductions With Respect To, Standard Register's Stock* [Docket No. __] (the "Motion"). On _____, 2015, the Court entered an order

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001).  The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[Docket No. __] (the "Order")[2] approving the Motion on an interim basis and approving the procedures set forth below in order to preserve the Debtors' NOLs and Tax Attributes.[3]

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Order, the following procedures (collectively, the "Procedures for Trading in Stock") shall apply to holding and trading the Stock in Standard Register or of any Beneficial Ownership thereof:

(a)    Any entity (as such term is defined in section 101(15) of the Bankruptcy Code, which includes a person or individual) who currently is or becomes a Substantial Shareholder (as defined below) must file with the Court, and serve upon proposed counsel to the Debtors, Gibson, Dunn & Crutcher, LLP, 333 South Grand Avenue, Los Angeles, CA 90071-1512 (Attn: Robert A. Klyman), and Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Rodney Square, Wilmington, DE 19801 (Attn: Michael R. Nestor), a declaration of such status, substantially in the form of Exhibit 1 attached to the Order, on or before the later of (i) twenty (20) days after the date of the Notice of Order (as defined below) and (ii) ten (10) days after becoming a Substantial Shareholder.

(b)    Before effectuating any disposition of Stock that would result in an increase in the amount of Stock of which a Substantial Shareholder has Beneficial Ownership or would result in an entity becoming a Substantial Shareholder, such Substantial Shareholder must file with the Court, and serve upon proposed counsel to the Debtors, an advance written declaration of the intended disposition of Stock in the form of Exhibit 2 attached to the Order (each, a "Declaration of Intent to Purchase, Acquire or Otherwise Accumulate Stock").

(c)    Before effectuating any disposition of Stock that would result in a decrease in the amount of Stock of which a Substantial Shareholder has Beneficial Ownership, other than any such disposition where the amount of Stock of which such Substantial Shareholder has Beneficial Ownership following such disposition is not less than the lowest amount of Stock of which such Substantial Shareholder had Beneficial Ownership during the three year period ending on the date of such disposition, or would result in a Substantial Shareholder ceasing to be a Substantial Shareholder, such Substantial Shareholder must file with the Court, and serve upon proposed counsel to the Debtors, an advance written declaration of the intended disposition of Common Stock in the form of Exhibit 3 attached to the Order (each, a "Declaration of Intent to Sell, Trade, or Otherwise Dispose of

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Order.

[3]    The summary of the Order herein is qualified in its entirety by the actual terms of the Order. If there are any inconsistencies between the summary contained herein and the actual terms of the Order, the actual terms of the Order shall control.

Stock," and together with a Declaration of Intent to Purchase, Acquire or Accumulate Stock, each, a "Declaration of Proposed Disposition").

(d)     The Debtors shall promptly review all Declarations of Proposed Disposition and shall have five (5) calendar days after receipt of a Declaration of Proposed Disposition to file with the Court and serve on such Substantial Shareholder an objection to any proposed disposition of Stock described in the Declaration of Proposed Disposition on the basis that such disposition will cause a Pre-Emergence Ownership Change and thereby adversely affect the Debtors' ability to utilize their Tax Attribute.   If the Debtors file such an objection, such transaction shall be enjoined and would not be effective unless and until such objection is withdrawn by the Debtors or such objection is overruled by a final order of the Court; provided, however, that such injunction shall continue if, within three days of entry of such order overruling the objection, the Debtors file a notice of appeal.  If the Debtors do not object within such 5-day period, such transaction can proceed solely as set forth in the Declaration of Proposed Disposition.  Further transactions within the scope of this paragraph must be the subject of additional Declarations of Proposed Disposition in accordance with the procedures set forth herein, with an additional 5-day waiting period for each Declaration of Proposed Disposition.  The Debtors shall review each Declaration of Proposed Disposition and decide whether to object to, or waive any objection to, any proposed disposition of Stock described therein in the order each such Declaration of Disposition is filed with the Court.

(e)     For purposes of these procedures:  (i) a "Substantial Shareholder" is any (a) entity with (or entities who would own as a result of the proposed transfer) Beneficial Ownership of at least 378,014 shares of Standard Register's Common Stock (*i.e.*, approximately 4.5% of the outstanding 8,400,320 shares of Common Stock), or (b) entity (or entities who would own as a result of the proposed transfer) with Beneficial Ownership of shares of Standard Register's Class A Stock; (ii) "Beneficial Ownership" of Stock   with respect to any holder shall be determined in accordance with the applicable rules of IRC section 382 and the Treasury Regulations thereunder, and shall include, but not be limited to, indirect and constructive ownership, for example, (A) a holding company is considered to beneficially own Stock owned by its subsidiaries, (B) a partner in a partnership (or other entity treated as a partnership for U.S. federal income tax purposes) is considered to beneficially own a proportionate interest in Stock owned by the partnership, (C) an individual and such individual's family members may be treated as one individual, (D) persons or entities acting in concert with a holder to make a coordinated acquisition may be treated as a single entity), and (E) a holder is considered to beneficially own any stock that such holder has an Option to acquire; and (iii) an "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, Stock subject to risk of forfeiture, contract to acquire Stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Order, the following procedures (collectively, the "Procedures for Claiming Worthless Stock Deductions") shall apply to claims for tax purposes that the Common Stock is worthless:

(a)     Any entity (as such term is defined in section 101(15) of the Bankruptcy Code, which includes a person or individual) who currently is or becomes a 50% Shareholder must file with the Court, and serve upon counsel to the Debtors and, a notice of such status, in the form of Exhibit 4 attached to the Order, on or before the later of (i) twenty (20) days after the date of the Notice of Order (as defined below) and (ii) ten (10) days after becoming a 50% Shareholder.

(b)     (i) Prior to filing any federal or state tax return, any amendment to such a return, or distributing K-1 or other information statement, if any, to its partners or members, claiming or reflecting any deduction for worthlessness of the Stock, for a tax year ending before the Debtors' emergence from chapter 11 protection, such 50% Shareholder must file with the Court, and serve upon counsel to the Debtors, an advance written declaration in the form of Exhibit 5 attached to the Order (a "Declaration of Intent to Claim a Worthless Security Deduction"), of the intended claim of worthlessness.

(ii) If a 50% Shareholder is a partnership or other pass-through entity for federal or state income tax purposes, prior to filing any federal or state tax return, or any amendment to such a return, each partner or other owner of such 50% Shareholder must file with the Court, and serve upon counsel to the Debtors, an advance written declaration in the form of Exhibit 5 attached to the Order, the Declaration of Intent to Claim a Worthless Security Deduction, prior to filing a return claiming or otherwise reflecting any deduction for worthlessness of the Stock, for a tax year ending before the Debtors' emergence from chapter 11 protection.

(c)     The Debtors will have fifteen (15) calendar days after receipt of a Declaration of Intent to Claim a Worthless Security Deduction to file with the Court and serve on such 50% Shareholder (or partner or owner of such 50% Shareholder) an objection on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes.  If the Debtors file an objection to a Declaration of Intent to Claim a Worthless Security Deduction, the filing of the return or distribution of K-1 or other information statement with such claim shall be enjoined and shall not be effective unless and until such objection is withdrawn by the Debtors or such objection is overruled by a final order of the Court that is no longer subject to appeal.  If the Debtors do not object within such 15-day period, the filing of the return or distribution of K-1 or other information statement with such claim shall be permitted as set forth in the Declaration of Intent to Claim a Worthless Security Deduction.  Additional tax returns within the scope of this paragraph must be the subject of additional notices as set forth herein, with an additional 15-day waiting period.

(d)     For purposes of these procedures:  (i) a "50% Shareholder" is any person owning 50% or more of Stock (within the meaning of IRC section 382(g)(4)(D)), and this

calculation shall include, but shall not be limited to, indirect and constructive ownership under the rules of Treasury Regulations Section 1.382-2T(h) other than Treasury Regulations Section 1.382-2T(h)(2)(i)(A), for example, (a) a holding company is considered to beneficially own Stock owned by its subsidiaries, (b) a partner in a partnership (or other entity treated as a partnership for U.S. federal income tax purposes) is considered to beneficially own a proportionate interest in Stock owned by the partnership, (c) an individual and such individual's family members may be treated as one individual, and (d) persons or entities acting in concert with a holder to make a coordinated acquisition may be treated as a single entity), and (e) a holder is considered to beneficially own Stock with respect to which such holder has an Option to acquire; and (ii) an "Option" to acquire Stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including  any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire Stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE** that upon the request of any entity, Prime Clerk LLC, the claims and noticing agent in these chapter 11 cases, will provide a form of each of the required declarations described above and a copy of the Order, and such documents are also available at http://cases.primeclerk.com/standardregister.

**PLEASE TAKE FURTHER NOTICE** that any failure to follow the Procedures for Trading in Stock and the Procedures for Claiming Worthless Stock Deductions shall constitute a violation of, among other things, the automatic stay provisions of section 362 of the Bankruptcy Code, and any prohibited purchase, sale, trade, or other disposition of the Stock in violation of the Order and the Procedures for Trading in Stock shall be null and void *ab initio* and may be punished by contempt or other sanctions imposed by the Court.

*Remainder of page intentionally left blank*

**PLEASE TAKE FURTHER NOTICE** that, the requirements set forth in this Notice and the Order are in addition to the requirements of all applicable law and do not excuse compliance therewith.

Dated: March _____, 2015
Wilmington, Delaware

_____
Michael R. Nestor (No. 3526)
Kara Hammond Coyle (No. 4410)
Maris J. Kandestin (No. 5294)
Andrew L. Magaziner (No. 5426)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253
mnestor@ycst.com
kcoyle@ycst.com
mkandestin@ycst.com
amagaziner@ycst.com

-and-

Robert A. Klyman (CA No. 142723)
Samuel A. Newman (CA No. 217042)
Jeremy L. Graves (CO No. 45522)
Sabina Jacobs (CA No. 274829)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-1512
Telephone: (213) 229-7000
Facsimile: (213) 229-7520
rklyman@gibsondunn.com
snewman@gibsondunn.com
jgraves@gibsondunn.com
sjacobs@gibsondunn.com

*Proposed Counsel to the Debtors and Debtors in Possession*

**EXHIBIT B**

**PROPOSED FINAL ORDER**

01:16772586.4

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, *et al.*,[1] | Case No. 15-_____ (___) |
| Debtors. | (Jointly Administered) |
|  | **Docket Ref. No. ___** |

**FINAL ORDER ESTABLISHING NOTIFICATION
PROCEDURES FOR DISPOSITIONS OF, OR CLAIMS OF WORTHLESS STOCK
DEDUCTIONS WITH RESPECT TO, STANDARD REGISTER'S STOCK**

Upon the Motion[2] of Standard Register and its affiliated debtors and debtors in

possession in the above-captioned chapter 11 cases (collectively, the "Debtors") for the entry of

interim and final orders, pursuant to sections 105(a), 362 and 541 of title 11 of the Bankruptcy

Code, establishing notification procedures that must be satisfied before certain dispositions of, or

claims of worthless stock deductions with respect to, equity securities in Standard Register or of

any beneficial ownership thereof are deemed effective; and the Court having found that it has

jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the *Amended

Standing Order of Reference from the United States District Court for the District of Delaware*

dated as of February 29, 2012; and the Court having found that venue of these cases and the

Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having

---

[1]     The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001).  The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2]     All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

01:16772586.4

found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having

found that notice of the Motion has been given as set forth in the Motion and that such notice is

adequate and no other or further notice need be given; and the Court having determined that it

may enter a final order consistent with Article III of the United States Constitution; and upon

consideration of the First Day Declaration; and the Court having entered that certain *Interim*

*Order Establishing Notification procedures for Dispositions of, or claims of Worthless Stock*

*Deductions With Respect to, Standard Register's Stock* [Docket No. ___]; and a hearing having

been held to consider the relief requested in the Motion; and upon the record of the hearing on

the Motion and all of the proceedings had before the Court; and the Court having found and

determined that the relief sought in the Motion is in the best interests of the Debtors, their

estates, their creditors and all other parties in interest; and that the legal and factual bases set

forth in the Motion establish just cause for the relief granted herein; and after due deliberation

and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED on an final basis as set forth herein.

2.      Any purchase, sale, or other disposition of, or declaration of worthless stock

deduction with respect to, Stock in Standard Register or of any Beneficial Ownership (as defined

below) thereof in violation of the procedures set forth herein (including the notice requirements

set forth below) shall be null and void *ab initio*.

3.      The following procedures for monitoring the trading of Stock (collectively, the

"Procedures for Trading in Stock") are hereby approved:

      a.      Any entity (as such term is defined in section 101(15) of the Bankruptcy Code, which includes a person or individual) who currently is or becomes a Substantial Shareholder (as defined below) must file with the Court, and serve upon proposed counsel to the Debtors, Gibson, Dunn & Crutcher, LLP, 333 South Grand

Avenue, Los Angeles, CA 90071-1512 (Attn: Robert A. Klyman), and Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Rodney Square, Wilmington, DE 19801 (Attn: Michael R. Nestor), a declaration of such status, substantially in the form of <u>Exhibit 1</u> attached hereto, on or before the later of (i) twenty (20) days after the date of the Notice of Order (as defined below) and (ii) ten (10) days after becoming a Substantial Shareholder.

b.    Before effectuating any disposition of Stock that would result in an increase in the amount of Stock of which a Substantial Shareholder has Beneficial Ownership or would result in an entity becoming a Substantial Shareholder, such Substantial Shareholder must file with the Court, and serve upon proposed counsel to the Debtors, an advance written declaration of the intended disposition of Stock in the form of <u>Exhibit 2</u> attached hereto (each, a "<u>Declaration of Intent to Purchase, Acquire or Otherwise Accumulate Stock</u>").

c.    Before effectuating any disposition of Stock that would result in a decrease in the amount of Stock of which a Substantial Shareholder has Beneficial Ownership, other than any such disposition where the amount of Stock of which such Substantial Shareholder has Beneficial Ownership following such disposition is not less than the lowest amount of Stock of which such Substantial Shareholder had Beneficial Ownership during the three year period ending on the date of such disposition, or would result in a Substantial Shareholder ceasing to be a Substantial Shareholder, such Substantial Shareholder must file with the Court, and serve upon proposed counsel to the Debtors, an advance written declaration of the intended disposition of Stock in the form of <u>Exhibit 3</u> attached hereto (each, a "<u>Declaration of Intent to Sell, Trade, or Otherwise Dispose of Stock</u>," and together with a Declaration of Intent to Purchase, Acquire or Accumulate Stock, each, a "<u>Declaration of Proposed Disposition</u>").

d.    The Debtors shall promptly review all Declarations of Proposed Disposition and shall have five (5) calendar days after receipt of a Declaration of Proposed Disposition to file with the Court and serve on such Substantial Shareholder an objection to any proposed disposition of Stock described in the Declaration of Proposed Disposition on the basis that such disposition will cause a Pre-Emergence Ownership Change and thereby adversely affect the Debtors' ability to utilize their Tax Attributes.  If the Debtors file such an objection, such transaction shall be enjoined and would not be effective unless and until such objection is withdrawn by the Debtors or such objection is overruled by a final order of the Court; provided, however, that such injunction shall continue if, within three days of entry of such order overruling the objection, the Debtors file a notice of appeal.  If the Debtors do not object within such 5-day period, such transaction can proceed solely as set forth in the Declaration of Proposed Disposition.  Further transactions within the scope of this paragraph must be the subject of additional Declarations of Proposed Disposition in accordance with the procedures set forth herein, with an additional 5-day waiting period for each Declaration of Proposed Disposition.  The Debtors shall review each Declaration of Proposed Disposition and decide whether to object to, or waive any objection

3

to, any proposed disposition of Stock described therein in the order each such Declaration of Disposition is filed with the Court.

e.  For purposes of these procedures:  (i) a "<u>Substantial Shareholder</u>" is any (a) entity with (or entities who would own as a result of the proposed transfer) Beneficial Ownership of at least 378,014 shares of Standard Register's Common Stock (*i.e.*, approximately 4.5% of the outstanding 8,400,320 shares of Common Stock), or (b) entity (or entities who would own as a result of the proposed transfer) with Beneficial Ownership of any shares of Standard Register's Class A Stock; (ii) "<u>Beneficial Ownership</u>" of Stock  with respect to any holder shall be determined in accordance with the applicable rules of IRC section 382 and the Treasury Regulations thereunder, and shall include, but not be limited to, indirect and constructive ownership, for example, (A) a holding company is considered to beneficially own Stock owned by its subsidiaries, (B) a partner in a partnership (or other entity treated as a partnership for U.S. federal income tax purposes) is considered to beneficially own a proportionate interest in Stock owned by the partnership, (C) an individual and such individual's family members may be treated as one individual, (D) persons or entities acting in concert with a holder to make a coordinated acquisition may be treated as a single entity), and (E) a holder is considered to beneficially own any stock that such holder has an Option to acquire; and (iii) an "<u>Option</u>" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, Stock subject to risk of forfeiture, contract to acquire Stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

4.  The following procedures for monitoring worthless stock deductions with respect to Stock (collectively, the "<u>Procedures for Claiming Worthless Stock Deductions</u>") are hereby approved:

(a)  Any entity (as such term is defined in section 101(15) of the Bankruptcy Code, which includes a person or individual) who currently is or becomes a 50% Shareholder must file with the Court, and serve upon proposed counsel to the Debtors, Gibson, Dunn & Crutcher, LLP, 333 South Grand Avenue, Los Angeles, CA 90071-1512 (Attn: Robert A. Klyman), and Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Rodney Square, Wilmington, DE 19801 (Attn: Michael R. Nestor), a notice of such status, in the form of <u>Exhibit 4</u> attached hereto, on or before the later of (i) twenty (20) days after the date of the Notice of Order (as defined below) and (ii) ten (10) days after becoming a 50% Shareholder.

(b)  (i) Prior to filing any federal or state tax return, any amendment to such a return, or distributing K-1 or other information statement, if any, to its partners or members, claiming or reflecting any deduction for worthlessness of the Stock, for a tax year ending before the Debtors' emergence from chapter 11 protection, such

50% Shareholder must file with the Court, and serve upon counsel to the Debtors, an advance written declaration in the form of Exhibit 5 attached hereto (a "Declaration of Intent to Claim a Worthless Security Deduction"), of the intended claim of worthlessness.

(ii) If a 50% Shareholder is a partnership or other pass-through entity for federal or state income tax purposes, prior to filing any federal or state tax return, or any amendment to such a return, each partner or other owner of such 50% Shareholder must file with the Court, and serve upon counsel to the Debtors, an advance written declaration in the form of Exhibit 5 attached hereto, the Declaration of Intent to Claim a Worthless Security Deduction, prior to filing a return claiming or otherwise reflecting any deduction for worthlessness of the Stock, for a tax year ending before the Debtors' emergence from chapter 11 protection.

(c)     The Debtors will have fifteen (15) calendar days after receipt of a Declaration of Intent to Claim a Worthless Security Deduction to file with the Court and serve on such 50% Shareholder (or partner or owner of such 50% Shareholder) an objection on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes.  If the Debtors file an objection to a Declaration of Intent to Claim a Worthless Security Deduction, the filing of the return or distribution of K-1 or other information statement with such claim shall be enjoined and shall not be effective unless and until such objection is withdrawn by the Debtors or such objection is overruled by a final order of the Court that is no longer subject to appeal.  If the Debtors do not object within such 15-day period, the filing of the return or distribution of K-1 or other information statement with such claim shall be permitted as set forth in the Declaration of Intent to Claim a Worthless Security Deduction.  Additional tax returns within the scope of this paragraph must be the subject of additional notices as set forth herein, with an additional 15-day waiting period.

(d)     For purposes of these procedures:  (i) a "50% Shareholder" is any person owning 50% or more of Stock (within the meaning of IRC section 382(g)(4)(D)), and this calculation shall include, but shall not be limited to, indirect and constructive ownership under the rules of Treasury Regulations Section 1.382-2T(h) other than Treasury Regulations Section 1.382-2T(h)(2)(i)(A), for example, (a) a holding company is considered to beneficially own Stock owned by its subsidiaries, (b) a partner in a partnership (or other entity treated as a partnership for U.S. federal income tax purposes) is considered to beneficially own a proportionate interest in Stock owned by the partnership, (c) an individual and such individual's family members may be treated as one individual, and (d) persons or entities acting in concert with a holder to make a coordinated acquisition may be treated as a single entity), and (e) a holder is considered to beneficially own Stock with respect to which such holder has an Option to acquire; and (ii) an "Option" to acquire Stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including  any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire Stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

5.      The Debtors are authorized, but not directed, to waive in writing, in their discretion, any and all restrictions, stays and notification procedures contained in this Order.

6.      No later than two (2) business days following entry of this Order, the Debtors shall serve by first class mail, postage prepaid, a notice in substantially the form of Exhibit 6 attached hereto (the "Notice of Final Order") to the following (collectively, the "Notice Parties"): (a) directly registered holders of Common Stock on the books and records of the Debtors' transfer agent; (b) the banks, brokers, intermediaries, other nominees or their agents (each, a "Nominee") holding in "street name" on behalf of beneficial holders of Common Stock; (c) holders of Class A Stock; (d) the Debtors' fifty (50) largest unsecured creditors; (e) the transfer agents for any Common Stock; (f) the United States Securities and Exchange Commission; (g) the Internal Revenue Service; and (h) all parties that, as of the entry of this Order, have requested notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002.  With respect to the Notice of Final Order, the Debtors may fill in, or cause to be filled in, any missing dates and other information, correct any typographical errors, conform the provisions thereof to the provisions of this Order, and make such other, nonmaterial changes as the Debtors deem necessary or appropriate.

7.      Each Nominee shall be required to serve the Notice of Final Order on the beneficial holders for the benefit of which it holds Common Stock.  Additionally, any Nominee who sells in excess of 378,014 shares of Common Stock to another entity shall be required to serve a copy of the Notice of Final Order on such purchaser of such Common Stock or any Nominee or entity acting on such purchaser's behalf.

8.      Each transfer agent of the Common Stock shall be required to provide the Debtors' proposed counsel with an excel file containing the names and addresses of all holders

of such Common Stock registered with such transfer agent no later than one (1) business day after entry of this Order; provided, however, that if the transfer agent does not provide this file within one (1) business day after entry of this Order, such transfer agents shall be required to serve the Notice of Order on all holders of such Common Stock that are registered with such transfer agent no later than five (5) business days after being served with the Notice of Final Order.  In addition, all registered holders shall be required to serve the Notice of Final Order on any holder for whose account such registered holder holds Common Stock and so on down the chain of ownership.

9. The Debtors' service on the Notice Parties of the Notice of Final Order shall constitute sufficient notice of this Order and the Procedures for Trading in Stock.

10. The requirements set forth in this Order are in addition to the requirements of all applicable law and do not excuse compliance therewith.

11. The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

12. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

13. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:  _____, 2015
         Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE

## **EXHIBIT 1**

**DECLARATION OF STATUS AS A SUBSTANTIAL SHAREHOLDER**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>THE STANDARD REGISTER COMPANY, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-_____ (___)<br><br>(Jointly Administered)<br><br>**Docket Ref. No. ___** |

### DECLARATION OF STATUS AS A SUBSTANTIAL SHAREHOLDER[2]

      **PLEASE TAKE NOTICE** that _____ (the "Holder") is/has become a Substantial Shareholder with respect to Stock in The Standard Register Company ("Standard Register") or of any Beneficial Ownership thereof.  As needed and upon Standard Register's reasonable request, the Holder will provide to Standard Register on a confidential basis the last four digits of the Holder's taxpayer identification number.

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001).  The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2]    For purposes of this Declaration: (i) a "Substantial Shareholder" is any (a) entity with (or entities who would own as a result of the proposed transfer) Beneficial Ownership of at least 378,014 shares of Standard Register's Common Stock (*i.e.*, approximately 4.5% of the outstanding 8,400,320 shares of Common Stock), or (b) entity (or entities who would own as a result of the proposed transfer) with Beneficial Ownership of shares of Standard Register's Class A Stock; (ii) "Beneficial Ownership" of Stock  with respect to any holder shall be determined in accordance with the applicable rules of IRC section 382 and the Treasury Regulations thereunder, and shall include, but not be limited to, indirect and constructive ownership, for example, (A) a holding company is considered to beneficially own Stock owned by its subsidiaries, (B) a partner in a partnership (or other entity treated as a partnership for U.S. federal income tax purposes) is considered to beneficially own a proportionate interest in Stock owned by the partnership, (C) an individual and such individual's family members may be treated as one individual, (D) persons or entities acting in concert with a holder to make a coordinated acquisition may be treated as a single entity), and (E) a holder is considered to beneficially own any stock that such holder has an Option to acquire; and (iii) an "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, Stock subject to risk of forfeiture, contract to acquire Stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Debtors' Motion For Entry of Interim and Final Orders Establishing Notification Procedures For Dispositions of, Or Claims of Worthless Stock Deductions With Respect To, Standard Register's Stock* [Docket No. __] filed in the above-captioned chapter 11 cases.

**PLEASE TAKE FURTHER NOTICE** that as of _____, 2015, the Holder has Beneficial Ownership of _____ shares of Common Stock and _____ shares of Class A Stock.  The following table sets forth the date(s) on which the Holder purchased, acquired or otherwise accumulated Beneficial Ownership or otherwise has obtained Beneficial Ownership of such Stock:

| Number of Shares of Common Stock or Class A Stock | Date Purchased, Acquired or Otherwise Accumulated |
| --- | --- |
| | |
| | |
| | |
| | |

**PLEASE TAKE FURTHER NOTICE** that pursuant to that certain *Final Order Establishing Notification Procedures For Dispositions of, Or Claims of Worthless Stock Deductions With Respect To, Standard Register's Stock* [Docket No. __], this Declaration is being filed with the Court and served upon proposed counsel to the above-captioned debtors and debtors-in-possession, Gibson, Dunn & Crutcher, LLP, 333 South Grand Avenue, Los Angeles, CA 90071-1512 (Attn: Robert A. Klyman), and Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Rodney Square, Wilmington, DE 19801 (Attn: Michael R. Nestor).

**PLEASE TAKE FURTHER NOTICE** that pursuant to 28 U.S.C. § 1746, under penalty of perjury, the Holder hereby declares that the Holder has examined this Declaration and accompanying attachments (if any) and, to the best of the Holder's knowledge and belief, this Declaration and any attachments which purport to be part of this Declaration are true, correct and complete.

Respectfully submitted,

(Name of Substantial Shareholder)

By:_____

Name:_____

Address:_____

_____

Telephone:_____

Facsimile:_____

Dated:_____

## **EXHIBIT 2**

### **DECLARATION OF INTENT TO PURCHASE,**
### **ACQUIRE OR OTHERWISE ACCUMULATE STOCK**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, *et al.*,[1] | Case No. 15-_____ (___) |
| Debtors. | (Jointly Administered) |
| | **Docket Ref. No. ___** |

## DECLARATION OF INTENT TO PURCHASE,
## ACQUIRE OR OTHERWISE ACCUMULATE STANDARD REGISTER STOCK[2]

        **PLEASE TAKE NOTICE** that _____ (the "Holder") hereby provides notice of the Holder's intention to purchase, acquire or otherwise accumulate (the "Proposed Disposition") one or more shares of Stock in The Standard Register Company

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001).  The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2]    For purposes of this Declaration: (i) a "Substantial Shareholder" is any (a) entity with (or entities who would own as a result of the proposed transfer) Beneficial Ownership of at least 378,014 shares of Standard Register's Common Stock (*i.e.*, approximately 4.5% of the outstanding 8,400,320 shares of Common Stock), or (b) entity (or entities who would own as a result of the proposed transfer) with Beneficial Ownership of shares of Standard Register's Class A Stock; (ii) "Beneficial Ownership" of Stock  with respect to any holder shall be determined in accordance with the applicable rules of IRC section 382 and the Treasury Regulations thereunder, and shall include, but not be limited to, indirect and constructive ownership, for example, (A) a holding company is considered to beneficially own Stock owned by its subsidiaries, (B) a partner in a partnership (or other entity treated as a partnership for U.S. federal income tax purposes) is considered to beneficially own a proportionate interest in Stock owned by the partnership, (C) an individual and such individual's family members may be treated as one individual, (D) persons or entities acting in concert with a holder to make a coordinated acquisition may be treated as a single entity), and (E) a holder is considered to beneficially own any stock that such holder has an Option to acquire; and (iii) an "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, Stock subject to risk of forfeiture, contract to acquire Stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Debtors' Motion For Entry of Interim and Final Orders Establishing Notification Procedures For Dispositions of, Or Claims of Worthless Stock Deductions With Respect To, Standard Register's Stock* [Docket No. __] filed in the above-captioned chapter 11 cases.

("Standard Register") or of any Beneficial Ownership thereof.  As needed and upon Standard Register's reasonable request, the Holder will provide to Standard Register on a confidential basis the last four digits of the Holder's taxpayer identification number.

PLEASE TAKE FURTHER NOTICE that, if applicable, on _____, 2015, the Holder filed a Declaration of Status as a Substantial Shareholder with the United States Bankruptcy Court for the District of Delaware (the "Court") and served copies thereof as set forth therein.

PLEASE TAKE FURTHER NOTICE that as of _____, 2015, the Holder has Beneficial Ownership of _____ shares of Common Stock and/or _____ shares of Class A Stock.

PLEASE TAKE FURTHER NOTICE that pursuant to the Proposed Disposition, the Holder proposes to purchase, acquire or otherwise accumulate _____ shares of Common Stock and/or _____ shares of Class A Stock.  If the Proposed Disposition is permitted to occur, the Holder will have Beneficial Ownership of _____ shares of Common Stock and _____ shares of Class A Stock after such disposition becomes effective.

PLEASE TAKE FURTHER NOTICE that pursuant to that certain *Final Order Establishing Notification Procedures For Dispositions of, Or Claims of Worthless Stock Deductions With Respect To, Standard Register's Stock* [Docket No. __] (the "Order"), this Declaration is being filed with the Court and served upon proposed counsel to the above-captioned debtors and debtors-in-possession, Gibson, Dunn & Crutcher, LLP, 333 South Grand Avenue, Los Angeles, CA 90071-1512 (Attn: Robert A. Klyman), and Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Rodney Square, Wilmington, DE 19801 (Attn: Michael R. Nestor).

PLEASE TAKE FURTHER NOTICE that in accordance with the Order, the Debtors shall have five (5) calendar days after receipt of this Declaration to object to the Proposed Disposition described herein. If the Debtors file an objection, such Proposed Disposition will not be effective unless and until such objection is withdrawn by the Debtors or such objection is overruled by a final order of the Court; *provided, however* that such injunction shall continue if, within three days of entry of such order overruling the objection, the Debtors file a notice of appeal.  If the Debtors do not object within such 5-day period, then after expiration of such period the Proposed Disposition may proceed solely as set forth in this Declaration.

PLEASE TAKE FURTHER NOTICE that any further transactions that may result in the Holder purchasing, acquiring or otherwise accumulating additional shares of Common Stock or Class A Stock will require additional Declarations of Proposed Disposition (as defined in the Order) to be filed with the Court and to be served in the same manner as this Declaration, all as provided for more fully in the Order.

**PLEASE TAKE FURTHER NOTICE** that pursuant to 28 U.S.C. § 1746, under penalty of perjury, the Holder hereby declares that the Holder has examined this Declaration and accompanying attachments (if any) and, to the best of the Holder's knowledge and belief, this Declaration and any attachments which purport to be part of this Declaration are true, correct and complete.

Respectfully submitted,

(Name of Substantial Shareholder)

By:_____

Name:_____

Address:_____

_____

Telephone:_____

Facsimile:_____

Dated:_____

**<u>EXHIBIT 3</u>**

**DECLARATION OF INTENT TO SELL,
TRADE OR OTHERWISE DISPOSE OF STOCK**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, *et al.*,[1] | Case No. 15-_____ (___) |
| Debtors. | (Jointly Administered) |
| | Docket Ref. No. ___ |

## DECLARATION OF INTENT TO SELL,
## TRADE OR OTHERWISE DISPOSE OF STOCK[2]

> **PLEASE TAKE NOTICE** that _____ (the "Holder") hereby provides notice of the Holder's intention to sell, trade or otherwise dispose of (the "Proposed Disposition") shares of Stock in The Standard Register Company ("Standard Register") or of any Beneficial Ownership thereof.  As needed and upon Standard Register's

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001).  The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2]    For purposes of this Declaration: (i) a "Substantial Shareholder" is any (a) entity with (or entities who would own as a result of the proposed transfer) Beneficial Ownership of at least 378,014 shares of Standard Register's Common Stock (*i.e.*, approximately 4.5% of the outstanding 8,400,320 shares of Common Stock), or (b) entity (or entities who would own as a result of the proposed transfer) with Beneficial Ownership of shares of Standard Register's Class A Stock; (ii) "Beneficial Ownership" of Stock  with respect to any holder shall be determined in accordance with the applicable rules of IRC section 382 and the Treasury Regulations thereunder, and shall include, but not be limited to, indirect and constructive ownership, for example, (A) a holding company is considered to beneficially own Stock owned by its subsidiaries, (B) a partner in a partnership (or other entity treated as a partnership for U.S. federal income tax purposes) is considered to beneficially own a proportionate interest in Stock owned by the partnership, (C) an individual and such individual's family members may be treated as one individual, (D) persons or entities acting in concert with a holder to make a coordinated acquisition may be treated as a single entity), and (E) a holder is considered to beneficially own any stock that such holder has an Option to acquire; and (iii) an "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, Stock subject to risk of forfeiture, contract to acquire Stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Debtors' Motion For Entry of Interim and Final Orders Establishing Notification Procedures For Dispositions of, Or Claims of Worthless Stock Deductions With Respect To, Standard Register's Stock* [Docket No. __] filed in the above-captioned chapter 11 cases.

reasonable request, the Holder will provide to Standard Register on a confidential basis the last four digits of the Holder's taxpayer identification number.

**PLEASE TAKE FURTHER NOTICE** that, if applicable, on _____, 2015, the Holder filed a Declaration of Status as a Substantial Shareholder with the United States Bankruptcy Court for the District of Delaware (the "Court") and served copies thereof as set forth therein.

**PLEASE TAKE FURTHER NOTICE** that as of _____, 2015, the Holder has Beneficial Ownership of _____ shares of Common Stock and/or _____ shares of Class A Stock.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Proposed Disposition, the Holder proposes to sell, trade, or otherwise dispose of _____ shares of Common Stock and/or _____ shares of Class A Stock. If the Proposed Disposition is permitted to occur, the Holder will have Beneficial Ownership of _____ shares of Common Stock and _____ shares of Common Stock after such disposition becomes effective.

**PLEASE TAKE FURTHER NOTICE** that pursuant to that certain *Final Order Establishing Notification Procedures For Dispositions of, Or Claims of Worthless Stock Deductions With Respect To, Standard Register's Stock* [Docket No. __] (the "Order"), this Declaration is being filed with the Court and served upon proposed counsel to the above-captioned debtors and debtors-in-possession, Gibson, Dunn & Crutcher, LLP, 333 South Grand Avenue, Los Angeles, CA 90071-1512 (Attn: Robert A. Klyman), and Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Rodney Square, Wilmington, DE 19801 (Attn: Michael R. Nestor).

**PLEASE TAKE FURTHER NOTICE** that in accordance with the Order, the Debtors shall have fifteen (15) calendar days after receipt of this Declaration to object to the Proposed Disposition described herein. If the Debtors file an objection, such Proposed Disposition will not be effective unless and until such objection is withdrawn by the Debtors or such objection is overruled by a final order of the Court that is no longer subject to appeal. If the Debtors do not object within such 15-day period, then after expiration of such period the Proposed Disposition may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further transactions that may result in the Holder selling, trading, or otherwise disposing of additional shares of Common Stock or Class A Stock will require additional Declarations of Proposed Disposition (as defined in the Order) to be filed with the Court and to be served in the same manner as this Declaration, all as provided for more fully in the Order.

**PLEASE TAKE FURTHER NOTICE** that pursuant to 28 U.S.C. § 1746, under penalty of perjury, the Holder hereby declares that the Holder has examined this Declaration and accompanying attachments (if any) and, to the best of the Holder's knowledge and belief, this Declaration and any attachments which purport to be part of this Declaration are true, correct and complete.

Respectfully submitted,

(Name of Substantial Shareholder)

By:_____

Name:_____

Address:_____

_____

Telephone:_____

Facsimile:_____

Dated:_____

## **EXHIBIT 4**

**DECLARATION OF STATUS AS A 50% SHAREHOLDER**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>THE STANDARD REGISTER COMPANY, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-_____ (___)<br><br>(Jointly Administered)<br><br>Docket Ref. No. ___ |

### DECLARATION OF STATUS AS A 50% SHAREHOLDER[2]

      **PLEASE TAKE NOTICE** that _____ (the "Holder") is/has become a 50% Shareholder with respect to Stock in The Standard Register Company ("Standard Register") or of any Beneficial Ownership thereof.  As needed and upon Standard Register's reasonable request, the Holder will provide to Standard Register on a confidential basis the last four digits of the Holder's taxpayer identification number.

      **PLEASE TAKE FURTHER NOTICE** that as of _____, 2015, the Holder has Beneficial Ownership of _____ shares of Common Stock and/or _____ shares of Class A Stock.  The following table sets forth the date(s) on which the Holder purchased,

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001).  The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2]    For purposes of this Declaration: (i) a "50% Shareholder" is any person owning 50% or more of Stock (within the meaning of IRC section 382(g)(4)(D)), and this calculation shall include, but shall not be limited to, indirect and constructive ownership under the rules of Treasury Regulations Section 1.382-2T(h) other than Treasury Regulations Section 1.382-2T(h)(2)(i)(A), for example, (a) a holding company is considered to beneficially own Stock owned by its subsidiaries, (b) a partner in a partnership (or other entity treated as a partnership for U.S. federal income tax purposes) is considered to beneficially own a proportionate interest in Stock owned by the partnership, (c) an individual and such individual's family members may be treated as one individual, and (d) persons or entities acting in concert with a holder to make a coordinated acquisition may be treated as a single entity), and (e) a holder is considered to beneficially own Stock with respect to which such holder has an Option to acquire; and (ii) an "Option" to acquire Stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including  any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire Stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Debtors' Motion For Entry of Interim and Final Orders Establishing Notification Procedures For Dispositions of, Or Claims of Worthless Stock Deductions With Respect To, Standard Register's Stock* [Docket No. __] filed in the above-captioned chapter 11 cases.

acquired or otherwise accumulated Beneficial Ownership or otherwise has obtained Beneficial Ownership of such Stock:

| Number of Shares of Common Stock or Class A Stock | Date Purchased, Acquired or Otherwise Accumulated |
|---|---|
| | |
| | |
| | |
| | |

**PLEASE TAKE FURTHER NOTICE** that pursuant to that certain *Final Order Establishing Notification Procedures For Dispositions of, Or Claims of Worthless Stock Deductions With Respect To, Standard Register's Stock* [Docket No. __] (the "Order"), this Declaration is being filed with the Court and served upon proposed counsel to the above-captioned debtors and debtors-in-possession, Gibson, Dunn & Crutcher, LLP, 333 South Grand Avenue, Los Angeles, CA 90071-1512 (Attn: Robert A. Klyman), and Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Rodney Square, Wilmington, DE 19801 (Attn: Michael R. Nestor).

**PLEASE TAKE FURTHER NOTICE** that pursuant to 28 U.S.C. § 1746, under penalty of perjury, the Holder hereby declares that the Holder has examined this Declaration and accompanying attachments (if any) and, to the best of the Holder's knowledge and belief, this Declaration and any attachments which purport to be part of this Declaration are true, correct and complete.

Respectfully submitted,

(Name of Substantial Shareholder)

By:_____

Name:_____

Address:_____

_____

Telephone:_____

Facsimile:_____

Dated:_____

## **EXHIBIT 5**

**DECLARATION OF INTENT TO CLAIM A WORTHLESS SECURITY DEDUCTION**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>THE STANDARD REGISTER COMPANY, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-_____ (___)<br><br>(Jointly Administered)<br><br>Docket Ref. No. ___ |

## DECLARATION OF INTENT TO CLAIM WORTHLESS STOCK DEDUCTION[2]

**PLEASE TAKE NOTICE** that _____ (the "Holder") hereby provides notice of the Holder's intention to claim a worthless security deduction (the "Proposed Worthlessness Claim") with respect to shares of common stock in The Standard Register Company ("Standard Register") or of any Beneficial Ownership thereof. As needed and upon Standard Register's reasonable request, the Holder will provide to Standard Register on a confidential basis the last four digits of the Holder's taxpayer identification number.

---

[1]   The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2]   For purposes of this Declaration: (i) a "50% Shareholder" is any person owning 50% or more of Stock (within the meaning of IRC section 382(g)(4)(D)), and this calculation shall include, but shall not be limited to, indirect and constructive ownership under the rules of Treasury Regulations Section 1.382-2T(h) other than Treasury Regulations Section 1.382-2T(h)(2)(i)(A), for example, (a) a holding company is considered to beneficially own Stock owned by its subsidiaries, (b) a partner in a partnership (or other entity treated as a partnership for U.S. federal income tax purposes) is considered to beneficially own a proportionate interest in Stock owned by the partnership, (c) an individual and such individual's family members may be treated as one individual, and (d) persons or entities acting in concert with a holder to make a coordinated acquisition may be treated as a single entity), and (e) a holder is considered to beneficially own Stock with respect to which such holder has an Option to acquire; and (ii) an "Option" to acquire Stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including  any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire Stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Debtors' Motion For Entry of Interim and Final Orders Establishing Notification Procedures For Dispositions of, Or Claims of Worthless Stock Deductions With Respect To, Standard Register's Stock* [Docket No. __] filed in the above-captioned chapter 11 cases.

PLEASE TAKE FURTHER NOTICE that, if applicable, on _____, 2015, the Holder filed a Declaration of Status as a 50% Shareholder with the United States Bankruptcy Court for the District of Delaware (the "Court") and served copies thereof as set forth therein.

PLEASE TAKE FURTHER NOTICE that as of _____, 2015, the Holder has Beneficial Ownership of _____ shares of Common Stock and _____ shares of Class A Stock.

PLEASE TAKE FURTHER NOTICE that, _____ proposes to declare for federal/state tax purposes that ____ shares of Common Stock owned by it (whether directly or indirectly through a partnership or other pass-through that is a 50% Shareholder) and _____ shares of Class A Stock owned by it (whether directly or indirectly through a partnership or other pass-through that is a 50% Shareholder) became worthless during the tax year ending _____.

PLEASE TAKE FURTHER NOTICE that pursuant to that certain *Final Order Establishing Notification Procedures For Dispositions of, Or Claims of Worthless Stock Deductions With Respect To, Standard Register's Stock* [Docket No. __] (the "Order"), this Declaration is being filed with the Court and served upon proposed counsel to the above-captioned debtors and debtors-in-possession, Gibson, Dunn & Crutcher, LLP, 333 South Grand Avenue, Los Angeles, CA 90071-1512 (Attn: Robert A. Klyman), and Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Rodney Square, Wilmington, DE 19801 (Attn: Michael R. Nestor).

PLEASE TAKE FURTHER NOTICE that in accordance with the Order, the Debtors shall have five (5) calendar days after receipt of this Declaration to object to the Proposed Worthless Claim described herein. If the Debtors file an objection, such Proposed Worthless Claim will not be effective unless and until such objection is withdrawn by the Debtors or such objection is overruled by a final order of the Court; *provided, however* that such injunction shall continue if, within three days of entry of such order overruling the objection, the Debtors file a notice of appeal. If the Debtors do not object within such 5-day period, then after expiration of such period the Proposed Worthless Claim may proceed solely as set forth in this Declaration.

PLEASE TAKE FURTHER NOTICE that any further transactions that may result in the Holder selling, trading, or otherwise disposing of additional shares of Common Stock or Class A Stock will require additional Declarations of Proposed Disposition (as defined in the Order) to be filed with the Court and to be served in the same manner as this Declaration, all as provided for more fully in the Order.

  **PLEASE TAKE FURTHER NOTICE** that pursuant to 28 U.S.C. § 1746, under penalty of perjury, the Holder hereby declares that the Holder has examined this Declaration and accompanying attachments (if any) and, to the best of the Holder's knowledge and belief, this Declaration and any attachments which purport to be part of this Declaration are true, correct and complete.

           Respectfully submitted,

           (Name of Substantial Shareholder)

           By:_____

           Name:_____

           Address:_____

           _____

           Telephone:_____

           Facsimile:_____

           Dated:_____

## **EXHIBIT 6**

### **NOTICE OF FINAL ORDER**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>THE STANDARD REGISTER COMPANY, *et al.*,[1]<br><br>    Debtors. | Chapter 11<br><br>Case No. 15-_____ (___)<br><br>(Jointly Administered)<br><br>**Docket Ref. No. ___** |

## NOTICE OF FINAL ORDER, ESTABLISHING NOTIFICATION PROCEDURES FOR DISPOSITIONS OF, OR CLAIMS OF WORTHLESS STOCK DEDUCTIONS WITH RESPECT TO, STANDARD REGISTER'S STOCK

**TO: ALL HOLDERS OF COMMON STOCK AND CLASS A STOCK IN THE STANDARD REGISTER COMPANY:**

    **PLEASE TAKE NOTICE** that on _____, 2015 (the "Petition Date"), The Standard Register Company ("Standard Register") and its above-captioned affiliated debtors and debtors in possession (each, a "Debtor," and collectively, the "Debtors") filed voluntary petitions with the United States Bankruptcy Court District of Delaware (the "Court") under chapter 11 of the Bankruptcy Code. Subject to certain exceptions, section 362 of the Bankruptcy Code operates as a stay of any act to obtain possession of, or exercise control over, property of the Debtors' estates.

    **PLEASE TAKE FURTHER NOTICE** that on _____, 2015, the Debtors filed the *Debtors' Motion For Entry of Interim and Final Orders Establishing Notification Procedures For Dispositions of, Or Claims of Worthless Stock Deductions With Respect To, Standard Register's Stock* [Docket No. __] (the "Motion"). On _____, 2015, the Court entered an order

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[Docket No. __] (the "Order")[2] approving the Motion on a final basis and approving the procedures set forth below in order to preserve the Debtors' NOLs and Tax Attributes.[3]

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Order, the following procedures (collectively, the "Procedures for Trading in Stock") shall apply to holding and trading the Stock in Standard Register or of any Beneficial Ownership thereof:

(a)     Any entity (as such term is defined in section 101(15) of the Bankruptcy Code, which includes a person or individual) who currently is or becomes a Substantial Shareholder (as defined below) must file with the Court, and serve upon proposed counsel to the Debtors, Gibson, Dunn & Crutcher, LLP, 333 South Grand Avenue, Los Angeles, CA 90071-1512 (Attn: Robert A. Klyman), and Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Rodney Square, Wilmington, DE 19801 (Attn: Michael R. Nestor), a declaration of such status, substantially in the form of Exhibit 1 attached to the Order, on or before the later of (i) twenty (20) days after the date of the Notice of Order (as defined below) and (ii) ten (10) days after becoming a Substantial Shareholder.

(b)     Before effectuating any disposition of Stock that would result in an increase in the amount of Stock of which a Substantial Shareholder has Beneficial Ownership or would result in an entity becoming a Substantial Shareholder, such Substantial Shareholder must file with the Court, and serve upon proposed counsel to the Debtors, an advance written declaration of the intended disposition of Stock in the form of Exhibit 2 attached to the Order (each, a "Declaration of Intent to Purchase, Acquire or Otherwise Accumulate Stock").

(c)     Before effectuating any disposition of Stock that would result in a decrease in the amount of Stock of which a Substantial Shareholder has Beneficial Ownership, other than any such disposition where the amount of Stock of which such Substantial Shareholder has Beneficial Ownership following such disposition is not less than the lowest amount of Stock of which such Substantial Shareholder had Beneficial Ownership during the three year period ending on the date of such disposition, or would result in a Substantial Shareholder ceasing to be a Substantial Shareholder, such Substantial Shareholder must file with the Court, and serve upon proposed counsel to the Debtors, an advance written declaration of the intended disposition of Common Stock in the form of Exhibit 3 attached to the Order (each, a "Declaration of Intent to Sell, Trade, or Otherwise Dispose of

---

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Order.

[3]     The summary of the Order herein is qualified in its entirety by the actual terms of the Order. If there are any inconsistencies between the summary contained herein and the actual terms of the Order, the actual terms of the Order shall control.

<u>Stock</u>," and together with a Declaration of Intent to Purchase, Acquire or Accumulate Stock, each, a "<u>Declaration of Proposed Disposition</u>").

(d)     The Debtors shall promptly review all Declarations of Proposed Disposition and shall have five (5) calendar days after receipt of a Declaration of Proposed Disposition to file with the Court and serve on such Substantial Shareholder an objection to any proposed disposition of Stock described in the Declaration of Proposed Disposition on the basis that such disposition will cause a Pre-Emergence Ownership Change and thereby adversely affect the Debtors' ability to utilize their Tax Attributes.   If the Debtors file such an objection, such transaction shall be enjoined and would not be effective unless and until such objection is withdrawn by the Debtors or such objection is overruled by a final order of the Court; provided, however, that such injunction shall continue if, within three days of entry of such order overruling the objection, the Debtors file a notice of appeal.  If the Debtors do not object within such 5-day period, such transaction can proceed solely as set forth in the Declaration of Proposed Disposition.  Further transactions within the scope of this paragraph must be the subject of additional Declarations of Proposed Disposition in accordance with the procedures set forth herein, with an additional 5-day waiting period for each Declaration of Proposed Disposition.  The Debtors shall review each Declaration of Proposed Disposition and decide whether to object to, or waive any objection to, any proposed disposition of Stock described therein in the order each such Declaration of Disposition is filed with the Court.

(e)     For purposes of these procedures:  (i) a "<u>Substantial Shareholder</u>" is any (a) entity with (or entities who would own as a result of the proposed transfer) Beneficial Ownership of at least 378,014 shares of Standard Register's Common Stock (*i.e.*, approximately 4.5% of the outstanding 8,400,320 shares of Common Stock), or (b) entity (or entities who would own as a result of the proposed transfer) with Beneficial Ownership of shares of Standard Register's Class A Stock; (ii) "<u>Beneficial Ownership</u>" of Stock   with respect to any holder shall be determined in accordance with the applicable rules of IRC section 382 and the Treasury Regulations thereunder, and shall include, but not be limited to, indirect and constructive ownership, for example, (A) a holding company is considered to beneficially own Stock owned by its subsidiaries, (B) a partner in a partnership (or other entity treated as a partnership for U.S. federal income tax purposes) is considered to beneficially own a proportionate interest in Stock owned by the partnership, (C) an individual and such individual's family members may be treated as one individual, (D) persons or entities acting in concert with a holder to make a coordinated acquisition may be treated as a single entity), and (E) a holder is considered to beneficially own any stock that such holder has an Option to acquire; and (iii) an "<u>Option</u>" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, Stock subject to risk of forfeiture, contract to acquire Stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Order, the following procedures (collectively, the "Procedures for Claiming Worthless Stock Deductions") shall apply to claims for tax purposes that the Common Stock is worthless:

(f)     Any entity (as such term is defined in section 101(15) of the Bankruptcy Code, which includes a person or individual) who currently is or becomes a 50% Shareholder must file with the Court, and serve upon counsel to the Debtors and, a notice of such status, in the form of Exhibit 4 attached to the Order, on or before the later of (i) twenty (20) days after the date of the Notice of Order (as defined below) and (ii) ten (10) days after becoming a 50% Shareholder.

(g)     (i) Prior to filing any federal or state tax return, any amendment to such a return, or distributing K-1 or other information statement, if any, to its partners or members, claiming or reflecting any deduction for worthlessness of the Stock, for a tax year ending before the Debtors' emergence from chapter 11 protection, such 50% Shareholder must file with the Court, and serve upon counsel to the Debtors, an advance written declaration in the form of Exhibit 5 attached to the Order (a "Declaration of Intent to Claim a Worthless Security Deduction"), of the intended claim of worthlessness.

        (ii) If a 50% Shareholder is a partnership or other pass-through entity for federal or state income tax purposes, prior to filing any federal or state tax return, or any amendment to such a return, each partner or other owner of such 50% Shareholder must file with the Court, and serve upon counsel to the Debtors, an advance written declaration in the form of Exhibit 5 attached to the Order, the Declaration of Intent to Claim a Worthless Security Deduction, prior to filing a return claiming or otherwise reflecting any deduction for worthlessness of the Stock, for a tax year ending before the Debtors' emergence from chapter 11 protection.

(h)     The Debtors will have fifteen (15) calendar days after receipt of a Declaration of Intent to Claim a Worthless Security Deduction to file with the Court and serve on such 50% Shareholder (or partner or owner of such 50% Shareholder) an objection on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes.  If the Debtors file an objection to a Declaration of Intent to Claim a Worthless Security Deduction, the filing of the return or distribution of K-1 or other information statement with such claim shall be enjoined and shall not be effective unless and until such objection is withdrawn by the Debtors or such objection is overruled by a final order of the Court that is no longer subject to appeal.  If the Debtors do not object within such 15-day period, the filing of the return or distribution of K-1 or other information statement with such claim shall be permitted as set forth in the Declaration of Intent to Claim a Worthless Security Deduction.  Additional tax returns within the scope of this paragraph must be the subject of additional notices as set forth herein, with an additional 15-day waiting period.

(i)     For purposes of these procedures:  (i) a "50% Shareholder" is any person owning 50% or more of Stock (within the meaning of IRC section 382(g)(4)(D)), and this

calculation shall include, but shall not be limited to, indirect and constructive ownership under the rules of Treasury Regulations Section 1.382-2T(h) other than Treasury Regulations Section 1.382-2T(h)(2)(i)(A), for example, (a) a holding company is considered to beneficially own Stock owned by its subsidiaries, (b) a partner in a partnership (or other entity treated as a partnership for U.S. federal income tax purposes) is considered to beneficially own a proportionate interest in Stock owned by the partnership, (c) an individual and such individual's family members may be treated as one individual, and (d) persons or entities acting in concert with a holder to make a coordinated acquisition may be treated as a single entity), and (e) a holder is considered to beneficially own Stock with respect to which such holder has an Option to acquire; and (ii) an "Option" to acquire Stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including  any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire Stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE** that upon the request of any entity, Prime Clerk LLC, the claims and noticing agent in these chapter 11 cases, will provide a form of each of the required declarations described above and a copy of the Order, and such documents are also available at http://cases.primeclerk.com/standardregister.

**PLEASE TAKE FURTHER NOTICE** that any failure to follow the Procedures for Trading in Stock and the Procedures for Claiming Worthless Stock Deductions shall constitute a violation of, among other things, the automatic stay provisions of section 362 of the Bankruptcy Code, and any prohibited purchase, sale, trade, or other disposition of the Stock in violation of the Order and the Procedures for Trading in Stock shall be null and void *ab initio* and may be punished by contempt or other sanctions imposed by the Court.

***Remainder of page intentionally left blank***

01:16772586.4

      **PLEASE TAKE FURTHER NOTICE** that, the requirements set forth in this Notice and the Order are in addition to the requirements of all applicable law and do not excuse compliance therewith.


Dated: March ___, 2015
Wilmington, Delaware

       _____

       Michael R. Nestor (No. 3526)
       Kara Hammond Coyle (No. 4410)
       Maris J. Kandestin (No. 5294)
       Andrew L. Magaziner (No. 5426)
       YOUNG CONAWAY STARGATT & TAYLOR, LLP
       Rodney Square
       1000 North King Street
       Wilmington, Delaware 19801
       Telephone:  (302) 571-6600
       Facsimile:  (302) 571-1253
       mnestor@ycst.com
       kcoyle@ycst.com
       mkandestin@ycst.com
       amagaziner@ycst.com

       -and-

       Robert A. Klyman (CA No. 142723)
       Samuel A. Newman (CA No. 217042)
       Jeremy L. Graves (CO No. 45522)
       Sabina Jacobs (CA No. 274829)
       GIBSON, DUNN & CRUTCHER LLP
       333 South Grand Avenue
       Los Angeles, CA 90071-1512
       Telephone: (213) 229-7000
       Facsimile: (213) 229-7520
       rklyman@gibsondunn.com
       snewman@gibsondunn.com
       jgraves@gibsondunn.com
       sjacobs@gibsondunn.com

       *Proposed Counsel to the Debtors and*
       *Debtors in Possession*

01:16772586.4