## **ANNEX 1**

## **CONTRACT NOTICE**

01:16789816.2

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, *et al.*,[1] | Case No. 15-_____ (___) |
| Debtors. | Jointly Administered |
| | **Re: Docket Nos. ___** |

## NOTICE OF (I) ENTRY INTO STALKING HORSE AGREEMENT AND (II) POTENTIAL ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.      On March 12, 2015, The Standard Register Company and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") filed a motion (the "Sale Motion") with the United States Bankruptcy Court for the District of Delaware (the "Court") seeking among other things, entry of an order:  (a) approving and authorizing (i) bidding procedures in connection with the sale of substantially all of the Debtors' assets (collectively, the "Transferred Assets"); (ii) stalking horse bid protections; (iii) the form and manner of notice of the sale hearing (the "Sale Hearing"); and (iv) other related relief; and (b) authorizing and approving the sale of the Transferred Assets free and clear of all liens, claims, and encumbrances (except Permitted Encumbrances); (ii) approving the asset purchase agreement (the "Purchase Agreement") entered into by and between the Debtors, as sellers, and a group led by an affiliate of Silver Point Capital, L.P. (the "Stalking Horse") (or if the Stalking Horse is not the Successful Bidder, then a modified Purchase Agreement); (iii) authorizing and approving the assumption and assignment of certain executory contracts and unexpired leases (collectively, the "Assumed Contracts"); and (iv) related relief.[2]

2.      On _____, 2015, the Court entered an order (the "Bidding Procedures Order") approving, among other things, procedures for the assumption and assignment of the Assumed Contracts (the "Assumption Procedures").

3.      The Sale Hearing is currently scheduled to be held on _____, 2015 at __:__ _.m. **(prevailing Eastern Time)** at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, Wilmington DE 19801, before the Honorable _____, United States Bankruptcy Judge for the United States Bankrutpcy Court for the District of Delaware.  The Sale Hearing may be adjourned or rescheduled without notice other than by announcement of the adjourned date at the Sale Hearing or

---

[1]      The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001).  The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2]      Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Sale Motion.

notation on any applicable hearing agenda, provided that the Debtors first consult with the Consultation Parties.

4.      The Debtors may seek to assume and assign the Assumed Contracts identified on Exhibit 1 attached hereto (the "Potential Assignment Schedule") in connection with the sale of the Transferred Assets.  The Potential Assignment Schedule identifies, among other things, the amount, if any, determined by the Debtors to be necessary to be paid to cure any existing default under each Assumed Contract (the "Cure Amount").  In certain instances the Debtors and the counterparty to an Assumed Contract have, or will have agreed, or are in negotiations to reach an agreement with respect to a reduced Cure Amount as part of the process.  Such agreed amounts are listed as Proposed Cure Amounts on the attached Potential Assignment Schedule.  With respect to Assumed Contracts that continue to be subject to negotiations between the Debtors and the Stalking Horse, on the one hand, and the counter-party on the other, the Proposed Cure Amount is scheduled as "Under Negotiation."  The Debtors reserve the right to delete items from, supplement and modify the Potential Assignment Schedule at any time, provided that to the extent that the Debtors add an Agreement to the Potential Assignment Schedule or modify the Cure Amount, the affected party shall receive a separate notice and an opportunity to object to such addition or modification.

5.      Objections, if any, to the proposed assumption and assignment of any of the Assuemd Contract must:  (a) be in writing, (b) set forth the basis for the objection as well as any Cure Amount that the objector asserts to be due (in all cases with appropriate documentation in support thereof), and (c) be filed with the Clerk of the Court, United States Bankruptcy Court for the District of Delaware, 824 North Market Street, Wilmington DE 19801, and served on the following parties so as to be actually received no later than 4:00 p.m. (prevailing Eastern Time) on _____, 2015 (the "Objection Deadline"):   upon (i) co-counsel to the Debtors: Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166 (Attn: Robert Klyman, Esq.) and Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801 (Attn: Michael R. Nestor, Esq.); (ii) counsel to the Official Committee of Unsecured Creditors: _____ (Attn: _____, Esq.); and (iii) counsel the Stalking Horse: Skadden, Arps, Slate, Meagher & Flom LLP, 155 N. Wacker Drive, Chicago, IL 60606 (Attn: Kimberly DeBeers, Ron Meisler).  If any objections are received, a hearing on such objections (the "Cure Objection Hearing") will be held on _____, 2015 at __:__ _.m. (prevailing Eastern Time) at the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Wilmington, DE 19801, before the Honorable _____, United States Bankruptcy Judge for the United States Bankruptcy Court for the District of Delaware.  The Cure Objection Hearing may be adjourned or rescheduled without further notice except as announced at the Cure Objection Hearing.

6.      To the extent that any entity does not timely object as set forth above, such entity shall be (a) forever barred from objecting to the assumption and assignment of any of the Assumed Contracts identified on this Assumption Notice, including, without limitation, asserting any additional cure payments or requesting additional adequate assurance of future performance, (b) deemed to have consented to the applicable Cure Amount, if any, and to the assumption and assignment of the applicable Assumed Contract, (c) bound to such corresponding Cure Amount, if any, (d) deemed to have agreed that the Stalking Horse has provided adequate assurance of future performance within the meaning of section 365(b)(1)(C) of the Bankruptcy Code, (e) deemed to have agreed that all defaults under the applicable Assumed Contract arising or continuing prior to the effective date of the assignment have been cured as a result or precondition of the assignment, such that the Stalking Horse or the Debtors shall have no liability or obligation with respect to any default occurring or continuing prior to the assignment, and from and after the date of the assignment the applicable Assumed Contract shall remain in full force and effect for the benefit of the Stalking Horse and such entity in accordance with its terms, (f) deemed to have waived any right to terminate the applicable Assumed Contract or designate an early termination date under the applicable Assumed Contract as a result of any default that occurred and/or was continuing

prior to the assignment date, and (g) deemed to have agreed that the terms of the Sale Order shall apply to the assumption and assignment of the applicable Assumed Contract.

7.    Any request for adequate assurance information regarding the Stalking Horse (a "Request for Adequate Assurance") must include an email address, postal address and/or facsimile number to which a response to such request will be sent. Upon receiving a Request for Adequate Assurance, the Debtors, in consultation with the Stalking Horse, shall promptly provide such party with any non-confidential information reasonably related to adequate assurance by email, facsimile or overnight delivery.

8.    Failure of any entity to timely file or raise any objection as set forth herein shall be deemed to constitute consent to the sale of the Transferred Assets to the Stalking Horse and other relief requested in the Sale Motion, and be a bar to any objection to the Sale Motion, the sale of the Transferred Assets, assumption and assignment of the applicable contracts and leases and acceptance of the Proposed Cure Amount, or the Debtors' consummation and performance of the terms of the asset purchase agreement entered into with the Stalking Horse, if authorized by the Court.

Dated:  _____, 2015
Wilmington, Delaware

        _/s/_____
        Michael R. Nestor (No. 3526)
        Kara Hammond Coyle (No. 4410)
        Maris J. Kandestin (No. 5294)
        Andrew L. Magaziner (No. 5426)
        YOUNG CONAWAY STARGATT & TAYLOR, LLP
        Rodney Square
        1000 North King Street
        Wilmington, Delaware 19801
        Telephone:    (302) 571-6600
        Facsimile:    (302) 571-1253
        mnestor@ycst.com
        kcoyle@ycst.com
        mkandestin@ycst.com
        amagaziner@ycst.com

        -and-

        Robert A. Klyman (CA No. 142723)
        Samuel A. Newman (CA No. 217042)
        Jeremy L. Graves (CO No. 45522)
        Sabina Jacobs (CA No. 274829)
        GIBSON, DUNN & CRUTCHER LLP
        333 South Grand Avenue
        Los Angeles, CA 90071-1512
        Telephone: (213) 229-7000
        Facsimile: (213) 229-7520
        rklyman@gibsondunn.com
        snewman@gibsondunn.com
        jgraves@gibsondunn.com
        sjacobs@gibsondunn.com

        *Counsel to the Debtors and Debtors in Possession*

01:16785617.2

**<u>Exhibit 1</u>**

Potential Assignment Schedule

| Contract Counterparty | Description of Agreement | Scheduled Amount | Proposed Cure Amount ($) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| Contract Counterparty | Description of Agreement | Scheduled Amount | Proposed Cure Amount ($) |
|---|---|---|---|
|  |  |  |  |