## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, *et al.*,[1] | Case No. 15-10541 (BLS) |
| Debtors. | (Joint Administration Requested) |

### DEBTORS' FIRST OMNIBUS MOTION FOR ORDER AUTHORIZING REJECTION OF CERTAIN UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY *NUNC PRO TUNC* TO THE PETITION DATE

> **LANDLORDS RECEIVING THIS FIRST OMNIBUS LEASE MOTION SHOULD LOCATE THEIR NAMES AND LEASES IN THE SCHEDULE OF LEASES ATTACHED TO THE PROPOSED ORDER AS SCHEDULE 1**

The Standard Register Company ("Standard Register") and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") hereby move this Court (the "Motion") for entry of an order, substantially in the form annexed hereto as Exhibit A (the "Proposed Order"), pursuant to sections 105(a) and 365(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6003, 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Debtors to reject certain unexpired leases of non-residential real property for properties that the Debtors no longer use (collectively, the "Vacant Leases"). In support of the Motion, the Debtors rely upon and incorporate by reference the *Declaration of Kevin Carmody in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* (the "First Day Declaration"), which was filed

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

with the Court concurrently herewith.  In further support of this Motion, the Debtors respectfully

represent as follows:

## JURISDICTION AND VENUE

1.        The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and

157, and the *Amended Standing Order of Reference* from the United States District Court for the

District of Delaware dated as of February 29, 2012.  This is a core proceeding pursuant to 28

U.S.C. § 157(b), and pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final

order by the Court in connection with this Motion to the extent that it is later determined that the

Court, absent consent of the parties, cannot enter final orders or judgments in connection

herewith consistent with Article III of the United States Constitution.  Venue is proper before

this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the

relief requested herein are sections 105(a) and 365(a) of the Bankruptcy Code and Bankruptcy

Rules 6003, 6004 and 6006.

## BACKGROUND

**A.        General Background**

2.        On the date hereof (the "Petition Date"), each of the Debtors commenced a

voluntary case under chapter 11 of the Bankruptcy Code.  Pursuant to sections 1107(a) and 1108

of the Bankruptcy Code, the Debtors are continuing to manage their financial affairs as debtors

in possession.

3.        Contemporaneously herewith, the Debtors filed a motion seeking joint

administration of their chapter 11 cases (collectively, the "Chapter 11 Cases") pursuant to

Bankruptcy Rule 1015(b) and Local Rule 1015-1.  No trustee, examiner, or official committee of

unsecured creditors has been appointed in these cases.

4.     Information regarding the Debtors' history and business operations, capital structure and primary secured indebtedness, and the events leading up to the commencement of these Chapter 11 Cases, can be found in the First Day Declaration.

**B.     Leases for Vacant Property**

5.     Prior to the Petition Date, the Debtors entered into various lease agreements for with respect to certain properties.  Following Standard Register's acquisition of WorkflowOne, LLC, in 2013, the Debtors commenced a restructuring process to streamline their operations and to implement various savings and efficiency initiatives, including the consolidation of facilities and warehouses.  Certain leased properties (collectively, the "Premises") were vacated in the course of this restructuring process.

6.     Because the Debtors no longer occupy and use these properties, the Debtors seek the Court's authorization to reject the currently unexpired lease agreements related thereto.  The Vacant Leases are summarized in the table below and the respective landlords (collectively, the "Landlords") are listed on Schedule 1 to the Proposed Order:

| Property Location | Reason for Rejection | Lease Term Expiration | Security Deposit | Monthly Expense |
|---|---|---|---|---|
| 60 Walnut Ave., Suite 310 Clark, NJ 07066 | Space vacated during restructuring process. | 7/31/2015 | - | $6,328.12 |
| 13545 Barrett Parkway, Ste. 350 St. Louis, MO 63021 | Space vacated during restructuring process. | 7/31/2015 | $9,009.28 | $4,338.54 |
| 2 International Dr., Ste. 306 Nashville, TN 37217 | Space vacated during restructuring process. | 9/30/2015 | - | $3,584.53 |
| 1609 S. Bluebell Rd. Brenham, TX 77833 | Space vacated during restructuring process. | 1/31/2016 | - | $16,500.00 |
| 1-5 Sassacus Dr. Westborough, MA 01581 | Space vacated during restructuring process. | 3/30/2016 | $26,354.17 | $79,771.66 |
| 2481-B 152nd Ave. Redmond, WA 98052 | Space vacated during restructuring process. | 5/31/2016 | $8,259.00 | $2,727.00 |

| 1650 Westfork Dr., Ste. 101-108 Lithia Springs, GA 30057 | Space vacated during restructuring process. | 2/28/2016 | - | $28,666.28 |
|---|---|---|---|---|

## RELIEF REQUESTED

7.      The Debtors seek entry of an order authorizing the Debtors to reject the Vacant Leases *nunc pro tunc* to the Petition Date.  As part of their cost-cutting, restructuring and consolidation efforts, the Debtors have decided that they will no longer need and can no longer afford to support the costs of the Vacant Leases on a going-forward basis.

8.      The Debtors have provided ample notice to the Landlords of their irrevocable surrender of the Premises that are the subject of the Vacant Leases before the Petition Date. Specifically, on or before the Petition Date, the Debtors had vacated each of the Premises, provided written notice to each of the Landlords that the Debtors had unequivocally and irrevocably surrendered the Premises and turned over all keys associated with the Premises.

9.      As a result of the foregoing prepetition actions by the Debtors, the Landlords had ample notice of the Debtors' irrevocable and unequivocal prepetition surrender of the Premises. Immediate rejection therefore benefits the Landlords, who already have possession of the Premises, by allowing them to immediately use or re-let the Premises without the uncertainty inherent in prolonged Court proceedings.

## BASIS FOR RELIEF REQUESTED

10.     Section 365(a) of the Bankruptcy Code provides that a trustee or debtor in possession, "subject to the court's approval may . . . reject any executory contract or unexpired lease of the debtor."  11 U.S.C. § 365(a); *see also In re Univ. Med. Ctr.*, 973 F.2d 1065, 1075 (3d Cir. 1992).  "This provision allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed."  *Stewart Title Guar. Co. v. Old*

*Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (quoting *Phoenix Exploration,*

*Inc. v. Yaquinto (In re Murexco Petroleum, Inc.)*, 15 F.3d 60, 62 (5th Cir. 1994)).

11.     The decision to assume or reject an executory contract or unexpired lease is a

matter within the "business judgment" of the trustee.  *See NLRB v. Bildisco & Bildisco (In re*

*Bildisco),* 682 F.2d 72, 79 (3d Cir. 1982) ("The usual test for rejection of an executory contract is

simply whether rejection would benefit the estate, the 'business judgment' test."); *Delightful*

*Music Ltd. v. Taylor (In re Taylor)*, 913 F.2d 102, 107 (3d Cir. 1990); *see also Computer Sales*

*Int'l, Inc. v. Fed. Mogul (In re Fed. Mogul Global, Inc.)*, 293 B.R. 124, 126 (D. Del. 2003); *In re*

*HQ Global Holdings*, 290 B.R. 507, 511 (Bankr. D. Del. 2003).  The business judgment standard

mandates that a court approve a trustee's business decision unless the decision is the product of

bad faith, whim or caprice.  *See In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D.

Del. 2001); *see also Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R. 310, 315

(Bankr. D. Utah 1981) ("court approval under Section 365(a), if required, except in extraordinary

situations, should be granted as a matter of course").

12.     Rejection of an executory contract or unexpired lease is appropriate where

rejection of the contract would benefit the estate.  *See Sharon Steel Corp. v. Nat'l Fuel Gas*

*Distribution Corp.*, 872 F.2d 36, 39 (3d Cir. 1989).  The standard for rejection is satisfied when a

trustee or debtor has made a business determination that rejection will benefit the estate.  *See*

*Commercial Fin., Ltd. v. Hawaii Dimensions, Inc. (In re Hawaii Dimensions, Inc.)*, 47 B.R. 425,

427 (D. Haw. 1985) ("Under the business judgment test, a court should approve a debtor's

proposed rejection if such rejection will benefit the estate.").

13.     If the trustee's or debtor's business judgment has been reasonably exercised, a

court should approve the assumption or rejection of an unexpired lease or executory contract.

*See, e.g.*, *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984); *In re Fed. Mogul Global, Inc.*, 293 B.R. at 126. In applying the business judgment standard, courts show great deference to the trustee's or debtor's decisions to reject. *See e.g.*, *Bildisco & Bildisco*, 465 U.S. at 523; *In re Fed. Mogul Global, Inc.*, 293 B.R. at 126 (court should approve a debtor's decision to reject a contract unless the decision is the product of bad faith or a gross abuse of discretion); *In re Summit Land Co.*, 13 B.R. at 315 (absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course").

14.     Pursuant to section 365(a) of the Bankruptcy Code, the Debtors seek to reject the Vacant Leases *nunc pro tunc* to the Petition Date in order to avoid the possibility of incurring any additional expenses and costs related to the Vacant Leases. *See Bildisco & Bildisco*, 465 U.S. at 523 (stating that rejection relates back to the petition date). A court may permit such retrospective rejection to avoid unduly exposing a debtor's estate to unwarranted postpetition administrative or other expenses. *See In re Amber's Stores*, 193 B.R. 819, 827 (N.D. Tex. 1996)*; see also Thinking Machs. V. Mellon Fin. Servs. Corp. (In re Thinking Machs. Corp.)*, 67 F.3d 1021, 1028 (1st Cir. 1995) ("bankruptcy courts may enter retroactive orders of approval, and should do so when the balance of equities preponderates in favor of such remediation"); *Constant Ltd. P'ship v. Jamesway Corp. (In re Jamesway Corp.)*, 179 B.R. 33, 37-38 (S.D.N.Y. 1995) (affirming bankruptcy court's retroactive approval of lease rejection); *see also Stonebriar Mall Ltd. P'ship v. CCI Wireless, LLC (In re CCI Wireless, LLC)*, 297 B.R. 133, 140 (D. Col. 2003) (holding that a bankruptcy court "has authority under section 365(d)(3) to set the effective date of rejection at least as early as the filing date of the motion to reject").

15.     Courts in this jurisdiction have previously considered the question of retroactive rejection. *See In re Namco Cybertainment, Inc.*, Case No. 98-00173 (PJW) (Bankr. D. Del. Feb.

6, 1998) [Docket No. 45].  In *Namco*, the Court permitted retroactive rejection on the conditions that (a) the vehicles (and the keys thereto) subject to a lease were surrendered with an *unequivocal* statement of abandonment to the landlord or lessor, (b) the motion was filed and served on the landlord or lessor, (c) the official committee has consented to the relief requested in the motion, and (d) the debtor acknowledged that it would not have the right to withdraw the motion prior to the hearing.

16.     Here, the Debtors will do all that is required for rejection of the Vacant Leases *nunc pro tunc* to the Petition Date.  Here, on or before the Petition Date, the Debtors had vacated each of the Premises, provided written notice to each of the Landlords that the Debtors had unequivocally and irrevocably surrendered the Premises and turned over all keys associated with the Premises.

17.     The Debtors seek to reject the Vacant Leases based on the belief that the Vacant Leases are, and, absent rejection, will continue to be, a burden on the Debtors' estates.  The Debtors ceased operating at the Premises prior to the Petition Date and have no further use for the Premises.  The Vacant Leases no longer provide any economic benefit to the Debtors. Additionally, the Debtors have determined, in their reasonable business judgment, that there is no net benefit that can be realized from an attempt to market and assign the Vacant Leases, and the Debtors do not believe that the value of any Vacant Lease will increase in the immediate future.  As a result, the Debtors have determined that rejection of the Vacant Leases is in the best interest of the Debtors' estates and creditors.

18.     For all the above reasons, the Debtors submit that rejection of the Vacant Leases as of the Petition Date is in the best interests of the Debtors' estates, creditors and other parties in

interest.  Accordingly, rejection of the Vacant Leases *nunc pro tunc* to the Petition Date is appropriate.

## REQUEST FOR WAIVER OF STAY

19.    To implement the foregoing, the Debtors seek a waiver of any stay of the effectiveness of the order approving this Motion.  Pursuant to Bankruptcy Rule 6004(h), any "order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise."  The Debtors submit that the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtors for the reasons set forth herein.  Accordingly, the Debtors submit that ample cause exists to justify a waiver of the 14-day stay imposed by Bankruptcy Rule 6004(h).

20.    To implement the foregoing immediately, the Debtors respectfully request a waiver of the notice requirements of Bankruptcy Rule 6004(a) to the extent that they are deemed applicable.

## DEBTORS' RESERVATION OF RIGHTS

21.    The Debtors may have claims against the Landlords arising under, or independently of, the Vacant Leases.  The Debtors do not waive such claims by the filing of the Motion or by the rejection of the Vacant Leases.

22.    The Debtors are constantly reviewing and evaluating their remaining unexpired leases to identify those that may be beneficial to a restructuring and those that may not.  As the process continues, the Debtors may identify additional leases to be assumed or rejected.  Accordingly, the Debtors reserve the right to seek to assume or reject additional leases in the future.  This Motion should not be construed as a determination that any leases not listed herein are to be assumed or rejected.

23.     Nothing contained herein is intended or should be construed as an admission of the validity of any claim against the Debtors; a waiver of the Debtors' rights to dispute any claim; or an approval, assumption, or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code except as expressly set forth herein.

### NOTICE

24.     The Debtors will provide notice of this Motion to: (i) the Office of the United States Trustee for the District of Delaware; (ii) holders of the 50 largest unsecured claims on a consolidated basis against the Debtors; (iii) counsel for Silver Point Finance, LLC, in its capacity as administrative agent under the Debtors' First Lien Credit Agreement and Second Lien Credit Agreement; (iv) counsel for Bank of America, N.A., in its capacity as administrative agent under the Debtors' Amended and Restated Loan and Security Agreement; (v) counsel to the agents under the Debtors' proposed debtor-in-possession financing facility; (vi) the Landlords; and (vii) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated:    March 12, 2015
        Wilmington, Delaware

*/s/ Maris J. Kandestin*
Michael R. Nestor (No. 3526)
Kara Hammond Coyle (No. 4410)
Maris J. Kandestin (No. 5294)
Andrew L. Magaziner (No. 5426)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
mnestor@ycst.com
kcoyle@ycst.com
mkandestin@ycst.com
amagaziner@ycst.com

-and-

Robert A. Klyman (CA No. 142723)
Samuel A. Newman (CA No. 217042)
Jeremy L. Graves (CO No. 45522)
Sabina Jacobs (CA No. 274829)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-1512
Telephone: (213) 229-7000
Facsimile: (213) 229-7520
rklyman@gibsondunn.com
snewman@gibsondunn.com
jgraves@gibsondunn.com
sjacobs@gibsondunn.com

*Proposed Counsel to the Debtors and Debtors in Possession*

**<u>EXHIBIT A</u>**

**PROPOSED ORDER**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:

THE STANDARD REGISTER COMPANY,
*et al.*,

Debtors. [1]

Chapter 11

Case No. 15-10541 (BLS)

(Jointly Administered)

**Re: Docket No. ___**

### ORDER AUTHORIZING THE DEBTORS TO REJECT CERTAIN
### UNEXPIRED LEASES EFFECTIVE AS OF THE PETITION DATE

Upon the *Debtors' First Omnibus Motion for an Order Authorizing the Debtors to Reject*

*Certain Unexpired Leases of Non-Residential Real Property* Nunc Pro Tunc *to the Petition Date*

(the "Motion")[2] filed by the above-captioned debtors and debtors in possession (collectively, the

"Debtors"); and the Court having found that it has jurisdiction over this matter pursuant to 28

U.S.C. §§ 1334(b) and 157, and the *Amended Standing Order of Reference* from the United

States District Court for the District of Delaware dated as of February 29, 2012; and the Court

having found that venue of these cases and the Motion in this district is proper pursuant to 28

U.S.C. §§ 1408 and 1409; and the Court having found that this matter is a core proceeding

pursuant to 28 U.S.C. § 157(b); and the Court having found that it may enter a final order

consistent with Article III of the United States Constitution; and the Court having found that

notice of the Motion has been given as set forth in the Motion and that such notice is adequate

and no other or further notice need be given; and the Court having considered the First Day

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  The
Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register
Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard
Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register
Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard
Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001).  The
headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2]    All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

Declaration; and upon the record of the hearing and all of the proceedings had before the Court;

and the Court having found that the relief sought in the Motion is in the best interests of the

Debtors, their estates, their creditors and all other parties in interest; and the Court having found

that the legal and factual bases set forth in the Motion establish just cause for the relief granted

herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      The Debtors are authorized to reject the Vacant Leases *nunc pro tunc* to the

Petition Date, and the Vacant Leases set forth on Schedule 1 attached hereto are hereby rejected

effective as of the Petition Date.

3.      Within three (3) business days after entry of this Order, the Debtors shall serve

this Order on the Landlords.

4.      The Landlords shall have until the date fixed by this Court pursuant to Federal

Rule of Bankruptcy Procedure 3003(c)(3) to file any claim for damages arising from the

rejection of the Vacant Leases.

5.      The Debtors do not waive any claims they may have against any Landlords,

whether or not such claims arise under, are related to the rejection of, or are independent of the

Vacant Leases.

6.      Nothing herein shall prejudice the rights of the Debtors to argue that any claim for

damages arising from the rejection of the Vacant Leases is limited to the remedies available

under any applicable termination provision of such lease/contract, or that any such claim is an

obligation of a third party, and not that of the Debtors or their estates.

7.      Nothing in the Motion or this Order shall be deemed or construed as an approval of an assumption of any contract pursuant to section 365 of the Bankruptcy Code, and all such rights are reserved.

8.      Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6006(c) and the Local Rules are satisfied by such notice.

9.      To the extent that Bankruptcy Rule 6004(h) is applicable, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

11.     The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2015
Wilmington, Delaware

_____

UNITED STATES BANKRUPTCY JUDGE

# SCHEDULE 1

## REJECTED LEASES

| Property Location | Landlord |
|---|---|
| 60 Walnut Ave., Suite 310<br>Clark, NJ 07066 | TAK Realty and Investment, LLC<br>60 Walnut Ave., Suite 400<br>Clark, NJ 07066 |
| 13545 Barrett Parkway Dr., Suite 350<br>St. Louis, MO 63021 | BWC Exchangepoint LLC c/o Solon Gershman Inc.<br>13545 Barrett Parkway, Suite 102<br>St. Louis, MO 63021 |
| 2 International Dr., Suite 306<br>Nashville, TN 37217 | MPC Holdings, LLC<br>Metropolitan Nashville Airport<br>One Terminal Drive, Suite 501<br>Nashville, TN 37214 |
| 1609 S. Bluebell Rd.<br>Brenham, TX 77833 | Rita Blumenfeld<br>5100 San Felipe, #163E<br>Houston, TX 77056 |
| 1-5 Sassacus Dr.<br>Westborough, MA 01581 | The Realty Associates Fund IX<br>c/o Lincoln Property Company<br>67 South Bedford Street<br>Burlington, MA 01803 |
| 2481-B 152nd Ave.<br>Redmond, WA 98052 | PS Business Parks<br>2525 152nd Avenue NE<br>Redmond, WA 98052 |
| 1650 Westfork Dr., Suites 101-108<br>Lithia Springs, GA 30057 | ProLogis Trust<br>2791 Peterson Place<br>Norcross, GA 30071 |

01:16770683.2