IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, et al.,[1] | Case No. 15-10541 (BLS) |
| Debtors. | (Jointly Administered) |
| | Re: Docket No. 12 |

## ORDER AUTHORIZING PAYMENT
## OF PREPETITION CLAIMS OF FOREIGN VENDORS

Upon the *Debtors' Motion for Entry of An Order Authorizing Payment of Prepetition Claims of Foreign Vendors* (the "Motion")[2] of Standard Register and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"); and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and the Court having found that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having determined that it may enter a final order consistent with Article III of the United States Constitution; and in consideration of the First Day Declaration; and it appearing that notice of the Motion has been given as set forth in the Motion and that such notice is

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

adequate and no other or further notice need be given; and a hearing having been held to consider the relief requested in the Motion; and upon the record of the hearing on the Motion and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. The Debtors' payment of Foreign Claims owed to Foreign Vendors shall not exceed, in the aggregate, $1.6 million, unless otherwise ordered by the Court.

3. The Debtors are authorized, in their sole discretion, to pay the Foreign Claims of Foreign Vendors upon such terms and in the manner provided in the Motion and this Order, in the ordinary course of business, when due, and not on an accelerated basis, *provided, however*, that any Foreign Vendor that accepts payment pursuant to the authority granted in this Order agrees to supply goods and services to the Debtors postpetition on (a) the most favorable trade terms and practices (including, without limitation, credit limits, pricing, timing of payments, allowances, rebates, discounts, and other applicable terms and programs) in effect between the Foreign Vendor and the Debtors within one year before the Petition Date or (b) such other trade terms and practices as agreed to by the Debtors and the Foreign Vendor (the "<u>Customary Trade Terms</u>"); *provided further, however*, that the Debtors have the right to adjust normal trade terms with any Foreign Vendor according to the facts and circumstances.

4. Any Foreign Vendor that accepts payment from the Debtors on account of all or a portion of a prepetition claim pursuant to this Order shall be deemed to (a) agree to the terms and provisions of this Order and (b) have waived, to the extent so paid, any and all prepetition claims, of any type, kind, or priority (including any reclamation claim), against the Debtors, their assets and properties to the extent of such payment.

5. Each of the Banks is authorized to honor checks presented for payment and all fund transfer requests made by the Debtors, to the extent that sufficient funds are on deposit in the applicable accounts, in accordance with this Order and any other order of this Court.

6. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests in connection with any Foreign Claims that are dishonored or rejected.

7. Nothing contained herein shall be construed as an admission of the validity or priority of any claim against the Debtors; a waiver of the Debtors' rights to dispute any claim; or an approval, assumption, or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code; and any payment made pursuant to the Court's order shall not be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

8. The Debtors expressly reserve their rights to contest any invoice or claim with respect to Foreign Vendors in accordance with applicable law and to assume or reject any agreements with such parties in accordance with the applicable provisions of the Bankruptcy Code. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

9. The requirements set forth in Bankruptcy Rule 6004(a) are satisfied by the contents of the Motion.

01:16790766.2

10. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

12. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: 3/13, 2015
Wilmington, Delaware

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE