# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, *et al.*,[1] | Case No. 15-10541 (BLS) |
| Debtors. | (Jointly Administered) |
| | Re: Docket No. 9 |

## INTERIM ORDER AUTHORIZING THE DEBTORS TO PAY CERTAIN PREPETITION CLAIMS OF CRITICAL VENDORS, SHIPPERS AND FREIGHT CARRIERS

Upon the *Debtors' Motion for Interim and Final Orders Authorizing Debtors to Pay Certain Prepetition Claims of Critical Vendors, Shippers and Freight Carriers* (the "Motion")[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"); the Court having reviewed the Motion and having heard the statements of counsel regarding the relief requested in the Motion at a hearing before the Court (the "Hearing"); and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and the Court having found that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that notice of the Motion has been given as set forth in the Motion and

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2] All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

that such notice is adequate and no other or further notice need be given; and the Court having determined that it may enter a final order consistent with Article III of the United States Constitution; and the Court having considered the First Day Declaration; and the Court having found that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the Court having found that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties in interest; and after due deliberation and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein on an interim basis until such time as the Court conducts a final hearing on this matter (the "Final Hearing").

2. The Final Hearing shall take place on April 1, 2015 at 10:00 a.m. (prevailing Eastern Time). Any objections or responses to the Motion shall be filed on or before 4:00 p.m. (prevailing Eastern Time) March 25, 2015 and served on the parties required by Local Rule 2002-1(b).

3. The Debtors are authorized, but not directed, in the exercise of their reasonable business judgment, to pay Critical Vendor Claims and Shipper Claims in an amount not to exceed $12.2 million and $2.8 million, respectively, during the interim period from the date of this Interim Order until the date that a final order is entered in this matter, unless otherwise ordered by the Court; *provided, however*, that the Debtors shall not make any payment (or series of payments) to any individual Critical Vendor or Shipper (including any affiliates thereof) in excess of $250,000 (the "Individual Vendor Limit") unless the Debtors first give notice of such proposed payment and appropriate back-up documentation and information to the administrative agent under the Debtors' debtor-in-possession term loan credit facility (the "Term Loan DIP

Agent") and the Term Loan Agent either grants written consent to such payment or fails to disapprove such payment with five days of the giving of such notice; *provided, further*, that th Individual Vendor Limit shall be reduced dollar for dollar for all payments made on account of the prepetition claims of a Critical Vendor or Shipper (including any affiliates thereof) pursuant to another order of the Court.

4. The Debtors are authorized to pay the Critical Vendor Claims in the ordinary course of business when due, not on an accelerated basis; *provided, however*, that any Critical Vendor that accepts payment pursuant to the authority granted in this Interim Order must agree to (a) supply goods and services to the Debtors post-petition on Customary Trade Terms (as defined below) or on such other favorable terms as are acceptable to the Debtors, and (b) not cancel on less than ninety (90) days' notice any contract or agreement whereby it provides goods and/or services to the Debtors.

5. Any Critical Vendor that accepts payment pursuant to the authority granted in this Interim Order shall be deemed to (a) agree to the terms and provisions of this Interim Order and (b) have waived, to the extent paid, any and all prepetition claims against the Debtors, their assets and their properties.

6. Any payments with respect to prepetition claims hereunder shall first be used to satisfy any allowed claim of the applicable Critical Vendor or Shipper that is entitled to priority under section 503(b)(9) of the Bankruptcy Code, and thereafter to satisfy the applicable Critical Vendor's or Shipper's general unsecured claims.

7. The Debtors may, in their discretion, enter into a Trade Agreement with an individual Critical Vendor on the terms set forth in the Motion and hereby incorporated by reference.

8. The Debtors shall condition the payment of Critical Vendor Claims on the agreement of the individual Critical Vendor to continue supplying goods and services to the Debtors on terms that are as or more favorable to the Debtors as the most favorable trade terms, practices, and programs in effect between the Critical Vendor and the Debtors in the one (1) year period preceding the Petition Date (the "<u>Customary Trade Terms</u>"), or such other trade terms as are agreed to by the Debtors and the Critical Vendor.

9. The Debtors may, in their sole discretion, declare a Trade Agreement with an individual Critical Vendor terminated, together with the other benefits to the Critical Vendor as contained in this Interim Order, on the date the Debtors deliver notice to the Critical Vendor that the Critical Vendor (a) has not complied with the terms and provisions of the Trade Agreement or (b) has failed to continue to provide Customary Trade Terms to the Debtors.

10. If a Trade Agreement is terminated as set forth above or a Critical Vendor or Shipper who has received payment of a prepetition claim later refuses to continue to supply goods and/or services to the Debtors on Customary Trade Terms during the pendency of these Chapter 11 Cases, the Debtors may declare (a) that the payment of the payment of such Critical Vendor Claim or Shipper Claim is a voidable postpetition transfer pursuant to section 549(a) of the Bankruptcy Code that the Debtors may recover in cash or in goods from such Critical Vendor or Shipper (including by setoff against postpetition obligations), or (b) that the Critical Vendor or Shipper shall immediately return the payment of its Critical Vendor Claim or Shipper Claim without giving effect to alleged setoff rights, recoupment rights, adjustments, or offsets or any type whatsoever, it being the explicit intention of the Court to return the parties to their position immediately prior to entry of this Interim Order with respect to all prepetition claims.

11. The execution of a Trade Agreement by the Debtors shall not constitute a waiver of any other cause of action, including any avoidance action that may be held by the Debtors.

12. Upon the Debtors' payment of the Shipper Claims, any lien securing such Shipper Claim shall be immediately released, void, and of no further force and effect, without further action by the Debtors.

13. Nothing herein shall prejudice the Debtors' rights to request additional authority to pay Critical Vendor Claims and Shipper Claims.

14. Each of the Banks is authorized to honor checks presented for payment and all fund transfer requests made by the Debtors, to the extent that sufficient funds are on deposit in the applicable accounts, in accordance with this Order and any other order of this Court.

15. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests in connection with any Critical Vendor Claims or Shipper Claims that are dishonored or rejected.

16. Nothing in the Motion or this Interim Order, or the Debtors' payment of any claims pursuant to this Interim Order, shall be deemed or construed as: (a) an admission as to the validity of any claim or Lien against the Debtors or their estates; (b) a waiver of the Debtors' right to dispute any claim or Lien; (c) an approval or assumption of any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (d) an admission of the priority status of any claim, whether under section 503(b)(9) of the Bankruptcy Code or otherwise; or (e) a modification of the Debtors' rights to seek relief under any section of the Bankruptcy Code on account of any amounts owed or paid to any Critical Vendor.

17. The Debtors shall maintain a matrix summarizing (a) the name of each Critical Vendor or Shipper paid; (b) the amount paid to each Critical Vendor or Shipper; (c) the type of

goods or services provided by each Critical Vendor or Shipper; and (d) other pertinent information. This matrix shall be updated regularly and provided to the Term Loan DIP Agent no less frequently than weekly. The Term Loan DIP Agent shall keep the matrix confidential and shall not disclose its contents to anyone, except its professional advisors or as otherwise authorized by the Debtors or this Court. The Debtors shall provide the matrix on a confidential basis to the U.S. Trustee. The Debtors shall provide the matrix on a confidential basis to counsel for any official committee appointed in these Chapter 11 Cases after such committee executes a confidentiality agreement in a form satisfactory to the Debtors. The U.S. Trustee and counsel for any official committee appointed in these cases shall not disclose the contents of the matrix to anyone, except as provided in the confidentiality agreement or as otherwise authorized by the Debtors or this Court.

18. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

19. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

20. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry.

21. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Interim Order in accordance with the Motion.

22. This Court shall retain jurisdiction over all matters arising from or related to the interpretation, implementation and enforcement of this Interim Order.

Dated: _____3/13_____, 2015
Wilmington, Delaware

THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

01:16790702.3

6