IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, et al.,[1] | Case No. 15-10541 (BLS) |
| Debtors. | (Jointly Administered) |
| | Re: Docket No. 8 |

**ORDER (I) AUTHORIZING CONTINUATION OF, AND PAYMENT OF PREPETITION OBLIGATIONS INCURRED IN THE ORDINARY COURSE OF BUSINESS IN CONNECTION WITH, VARIOUS INSURANCE POLICIES, AND (II) AUTHORIZING BANKS TO HONOR AND PROCESS CHECKS AND ELECTRONIC TRANSFER REQUESTS RELATED THERETO**

Upon the *Debtors' Motion for Order (i) Authorizing Continuation of, and Payment of Prepetition Obligations Incurred in the Ordinary Course of Business in Connection With, Various Insurance Policies, and (ii) Authorizing Banks to Honor and Process Checks and Electronic Transfer Requests Related Thereto* (the "Motion")[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"); and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and the Court having found that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2] All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

01:16790694.2

found that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given; and the Court having determined that it may enter a final order consistent with Article III of the United States Constitution; and upon consideration of the First Day Declaration; and a hearing having been held to consider the relief requested in the Motion; and upon the record of the hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Debtors are authorized, but not directed, without interruption and in accordance with the same practices and procedures as were in effect before the Petition Date, to maintain and honor all of their prepetition Insurance Obligations under or in connection with the Insurance Policies.

3. The Debtors are authorized, but not directed, without interruption and in accordance with the same practices and procedures as were in effect before the Petition Date, to maintain and honor all their obligations under or in connection with the Workers' Compensation Policies.

4. The Debtors are authorized to renew or to obtain new insurance policies or to execute other agreements in connection with the Insurance Policies.

5. Each of the Banks is authorized to honor checks presented for payment and all fund transfer requests made by the Debtors, to the extent that sufficient funds are on deposit in the applicable accounts, in accordance with this Order and any other order of this Court.

6. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests in connection with any Insurance Obligations that are dishonored or rejected.

7. Nothing in the Motion or this Order, or the Debtors' payment of any claims pursuant to this Order, shall be deemed or construed as: (a) an admission as to the validity of any claim or Lien against the Debtors or their estates; (b) a waiver of the Debtors' right to dispute any claim or Lien; (c) an admission of the priority status of any claim, whether under section 503(b)(9) of the Bankruptcy Code or otherwise; or (d) a modification of the Debtors' rights to seek relief under any section of the Bankruptcy Code on account of any amounts owed or paid on account of any Insurance Policies.

8. Nothing herein shall be deemed to constitute the post-petition assumption of any executory contract under section 365 of the Bankruptcy Code or authority to lift or modify the automatic stay set forth in section 362 of the Bankruptcy Code. To the extent that the Insurance Obligations, the Insurance Bond, or the Workers' Compensation Policies or any related contracts or agreements are deemed executory contracts under section 365 of the Bankruptcy Code, neither the relief granted hereby nor any actions or payments made by the Debtors pursuant to this Order shall be deemed an assumption or rejection of any such contract or agreement pursuant to section 365 of the Bankruptcy Code, or that any such contract or agreement is an executory contract under section 365 of the Bankruptcy Code.

9. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

10. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

11. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

13. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: 3/13, 2015
Wilmington, Delaware

THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE