## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, et al.,[1] | Case No. 15-10541 (BLS) |
| | (Jointly Administered) |
| | Re: Docket No. 4 |

## ORDER AUTHORIZING RETENTION AND APPOINTMENT
## OF PRIME CLERK LLC AS CLAIMS AND NOTICING AGENT

Upon the application (the "Application") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for retention and appointment of Prime Clerk LLC ("Prime Clerk") as claims and noticing agent ("Claims and Noticing Agent") pursuant to 28 U.S.C. § 156(c), section 105(a) of the Bankruptcy Code[2] and Local Rule 2002-1(f) to, among other things, (i) distribute required notices to parties in interest, (ii) receive, maintain, docket and otherwise administer the proofs of claim filed in the Debtors' chapter 11 cases and (iii) provide such other administrative services – as required by the Debtors – that would fall within the purview of services to be provided by the Clerk's office; and upon the First Day Declaration and the Frishberg Declaration submitted in support of the Application; and the Debtors having estimated that there are in excess of 50,000 creditors or other parties in interest in these Chapter 11 Cases, many of which are expected to file proofs of claim; and it appearing that the receiving, docketing and maintaining of proofs of claim would be unduly time consuming and burdensome for the Clerk; and the Court being authorized under 28 U.S.C. § 156(c) to utilize, at the Debtors' expense, outside agents and facilities to provide notices to parties in title 11 cases and to receive,

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

docket, maintain, photocopy and transmit proofs of claim; and the Court being satisfied that Prime Clerk has the capability and experience to provide such services and that Prime Clerk does not hold an interest adverse to the Debtors or the estates respecting the matters upon which it is to be engaged; and good and sufficient notice of the Application having been given and no other or further notice being required; and it appearing that the employment of Prime Clerk is in the best interests of the Debtors, their estates and creditors; and sufficient cause appearing therefor; it is hereby ORDERED THAT:

1.      Notwithstanding the terms of the Engagement Agreement attached to the Application, the Application is approved solely as set forth in this Order.

2.      The Debtors are authorized to retain Prime Clerk as Claims and Noticing Agent effective *nunc pro tunc* to the Petition Date under the terms of the Engagement Agreement, and Prime Clerk is authorized and directed to perform noticing services and to receive, maintain, record and otherwise administer the proofs of claim filed in these Chapter 11 Cases, and all related tasks, all as described in the Application.

3.      Prime Clerk shall serve as the custodian of court records and shall be designated as the authorized repository for all proofs of claim filed in these chapter 11 cases and is authorized and directed to maintain official claims registers for each of the Debtors and to provide the Clerk with a certified duplicate thereof upon the request of the Clerk.

4.      Prime Clerk is authorized and directed to obtain a post office box or address for the receipt of proofs of claim.

5.      Prime Clerk is authorized to take such other action to comply with all duties set forth in the Application and the Engagement Agreement.

6.      The Debtors are authorized to compensate Prime Clerk in accordance with the terms of the Engagement Agreement upon the receipt of reasonably detailed invoices setting

01:16790564.2

2

forth the services provided by Prime Clerk and the rates charged for each, and to reimburse Prime Clerk for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for Prime Clerk to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses.

7.      Prime Clerk shall maintain records of all services showing dates, categories of services, fees charged and expenses incurred, and shall serve monthly invoices on the Debtors, the office of the United States Trustee, counsel for the Debtors, counsel for any official committee monitoring the expenses of the Debtors and any party-in-interest who specifically requests service of the monthly invoices.

8.      The parties shall meet and confer in an attempt to resolve any dispute which may arise relating to the Engagement Agreement or monthly invoices; provided that the parties may seek resolution of the matter from the Court if resolution is not achieved.

9.      Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of Prime Clerk under this Order shall be an administrative expense of the Debtors' estates.

10.     Prime Clerk may apply its retainer to all prepetition invoices, which retainer shall be replenished to the original retainer amount, and thereafter, Prime Clerk may hold its retainer under the Engagement Agreement during the Chapter 11 Cases as security for the payment of fees and expenses incurred under the Engagement Agreement.

11.     The Debtors shall indemnify Prime Clerk under the terms of the Engagement Agreement, as modified pursuant to this Order.

12.     Prime Clerk shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Agreement for services other than the services

01:16790564.2

provided under the Engagement Agreement, unless such services and the indemnification, contribution or reimbursement therefor are approved by the Court.

13.     Notwithstanding anything to the contrary in the Engagement Agreement, the Debtors shall have no obligation to indemnify Prime Clerk, or provide contribution or reimbursement to Prime Clerk, for any claim or expense that is either:  (i) judicially determined (the determination having become final) to have arisen from Prime Clerk's gross negligence, willful misconduct or fraud; (ii) for a contractual dispute in which the Debtors allege the breach of Prime Clerk's contractual obligations if the Court determines that indemnification, contribution or reimbursement would not be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination under (i) or (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which Prime Clerk should not receive indemnity, contribution or reimbursement under the terms of the Engagement Agreement as modified by this Order.

14.     If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these Chapter 11 Cases (that order having become a final order no longer subject to appeal), or (ii) the entry of an order closing these Chapter 11 Cases, Prime Clerk believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Agreement (as modified by this Order), including the advancement of defense costs, Prime Clerk must file an application therefor in this Court, and the Debtors may not pay any such amounts to Prime Clerk before the entry of an order by this Court approving the payment.  This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Prime Clerk for indemnification, contribution or reimbursement, and not a

01:16790564.2

provision limiting the duration of the Debtors' obligation to indemnify Prime Clerk. All parties in interest shall retain the right to object to any demand by Prime Clerk for indemnification, contribution or reimbursement.

15.     In the event Prime Clerk is unable to provide the services set out in this order, Prime Clerk will immediately notify the Clerk and the Debtors' attorney and, upon approval of the Court, cause to have all original proofs of claim and computer information turned over to another claims and noticing agent with the advice and consent of the Clerk and the Debtors' counsel.

16.     Notwithstanding the terms of the Engagement Agreement, including paragraph 6 thereof, prior to the confirmation of any chapter 11 plan in these chapter 11 cases, Prime Clerk shall not be authorized to establish any account in the name of and as agent for the Debtors without further order of the Court.

17.     The Debtors may submit a separate retention application, pursuant to section 327 of the Bankruptcy Code and/or any applicable law, for work that is to be performed pursuant to the Engagement Agreement by Prime Clerk but is not specifically authorized by this Order.

18.     Prime Clerk shall comply with relevant statutory provisions and rules of procedure, including the Local Rules, general orders and applicable guidelines.

19.     The Debtors and Prime Clerk are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

20.     Notwithstanding any term in the Engagement Agreement to the contrary, the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

21.     Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order

shall be immediately effective and enforceable upon its entry.

      22.      Prime Clerk shall not cease providing claims processing services during the chapter 11 case(s) for any reason, including nonpayment, without an order of the Court.

      23.      In the event of any inconsistency between the Engagement Agreement, the Application and this Order, this Order shall govern.

Dated:  March __13__, 2015
        Wilmington, Delaware

                                    _____
                                    THE HONORABLE CHRISTOPHER S. SONTCHI
                                    UNITED STATES BANKRUPTCY JUDGE

01:16790564.2