## EXHIBIT A

## PROPOSED ORDER

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, *et al.*,[1] | Case No. 15- 10541 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. __** |

### ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF GIBSON, DUNN & CRUTCHER LLP AS GENERAL BANKRUPTCY AND RESTRUCTURING CO-COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for an order approving the employment and retention of Gibson, Dunn & Crutcher LLP ("Gibson Dunn") as general bankruptcy and restructuring co-counsel for the Debtors *nunc pro tunc* to the Petition Date, on the terms and conditions set forth in the Application and the Engagement Letter, and pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"); and the Court having reviewed and considered the Klyman Declaration and the Sowar Declaration; and the Court having found that it has jurisdiction over this matter pursuant to 28

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

U.S.C. §§ 1334(b) and 157; and the Court having found that venue of these cases and the

Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court

having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court

having found that notice of the Application has been given as set forth in the Application and

that such notice is adequate and no other or further notice need be given; and the Court having

determined that it may enter a final order consistent with Article III of the United States

Constitution; and the Court having found that Gibson Dunn does not hold or represent an interest

adverse to the Debtors' estates, and is a disinterested person under section 101(14) of the

Bankruptcy Code; and the Court having found that the employment and retention of Gibson

Dunn is necessary and in the best interest of the Debtors, their estates, their creditors, and all

other parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Application is GRANTED as set forth herein.

2.      Pursuant to section 327(a) of the Bankruptcy Code, the Debtors shall be, and

hereby are, authorized to employ Gibson Dunn *nunc pro tunc* to the Petition Date, as their co-

counsel to render general legal services to the Debtors as needed throughout the course of these

Chapter 11 Cases, including all professional services as outlined in the Application, and Gibson

Dunn is hereby authorized to perform any and all such necessary and appropriate professional

services for the Debtors in these cases.

3.      Gibson Dunn shall charge the Debtors for its legal services in accordance with its

ordinary and customary hourly rates in effect on the date services are rendered, and Gibson Dunn

will maintain detailed records of all actual, necessary and appropriate costs and expenses

incurred in connection with the aforementioned professional services.

4.      Gibson Dunn shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court.  Gibson Dunn also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective as of November 1, 2013, both in connection with this application and the interim and final fee applications to be filed by Gibson Dunn in these Chapter 11 Cases.  Gibson Dunn shall apply the Remaining Advance Payment if and when a Carve-Out Trigger Notice is delivered in accordance with the DIP Order; if no such Carve-Out Trigger Notice is delivered, Gibson Dunn will apply the Remaining Advance Payment to its Final Fee Application that is approved by the Court.

5.      Gibson Dunn shall not charge a markup to the Debtors with respect to fees billed by contract attorneys who are hired by Gibson Dunn to provide services to the Debtors and shall ensure that any such contract attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.

6.      Gibson Dunn shall provide ten business days' notice to the Debtors, the U.S. Trustee, and any official committee before any increases in the rates set forth in the Application or the Engagement Letter are implemented and shall file such notice with the Court.

7.      The Debtors and Gibson Dunn are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

3

8.      Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules are satisfied by the contents of the Application.

9.      To the extent the Application, the Klyman Declaration, the Sowar Declaration, or the Engagement Letter are inconsistent with this Order, the terms of this Order shall govern.

10.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11.      This Court shall retain jurisdiction over all matters arising from or related to the interpretation, implementation, and enforcement of this order.

Dated: _____, 2015
        Wilmington, Delaware


_____
BRENDAN L. SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE

101871108.7