## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, *et al.*,[1] | Case No. 15-10541 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Objection Deadline: April 6, 2015 at 4:00 p.m. (ET)**<br>**Hearing Date: April 13, 2015 at 10:00 a.m. (ET)** |

## DEBTORS' APPLICATION FOR AN ORDER, PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE, AUTHORIZING THE RETENTION AND EMPLOYMENT OF YOUNG CONAWAY STARGATT & TAYLOR, LLP AS CO-COUNSEL TO THE DEBTORS, *NUNC PRO TUNC* TO THE PETITION DATE

The Standard Register Company and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") hereby submit this application (the "Application"), pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order, substantially in the form attached hereto as Exhibit D (the "Proposed Order"), authorizing the Debtors to retain and employ Young Conaway Stargatt & Taylor, LLP (the "Firm" or "Young Conaway") as co-counsel to the Debtors, effective *nunc pro tunc* to the

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

Petition Date.[2]  In support of this Application, the Debtors rely upon the declaration of Michael R. Nestor (the "Nestor Declaration"), attached hereto as Exhibit A, the declaration of Gerard D. Sowar (the "Sowar Declaration"), attached hereto as Exhibit B, and submit their statement pursuant to Bankruptcy Rule 2016 (the "Rule 2016 Statement"), a copy of which is attached hereto as Exhibit C.  In further support of this Application, the Debtors respectfully represent as follows:

**JURISDICTION**

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b), and the Debtors consent, pursuant to Local Rule 9013-1(f), to entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.     Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory bases for the relief requested herein are section 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1.

**BACKGROUND**

3.     On March 12, 2015 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court").  Pursuant to sections 1107(a) and 1108 of the

---

[2]     Capitalized terms used herein, but not yet defined, have the meaning given to them below.

Bankruptcy Code, the Debtors are continuing to manage their financial affairs as debtors in possession.

4.    On the Petition Date, the Debtors filed a motion seeking joint administration of the Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b).  No trustee, examiner, or official committee of unsecured creditors has been appointed in these cases.

5.    Information regarding the Debtors' history and business operations, capital structure and primary secured indebtedness, and the events leading up to the commencement of these Chapter 11 Cases is set forth in the *Declaration of Kevin Carmody in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* [Docket No. 2] (the "First Day Declaration"), which was filed on the Petition Date.

## RELIEF REQUESTED

6.    By this Application, the Debtors request entry of an order authorizing them to retain and employ Young Conaway as co-counsel to the Debtors in the Chapter 11 Cases, *nunc pro tunc* to the Petition Date.

## BASIS FOR RELIEF REQUESTED

### A.    Young Conaway's Qualifications

7.    The Debtors seek to retain Young Conaway as their co-counsel in light of the Firm's extensive knowledge, expertise, and experience in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code.  Young Conaway's knowledge, expertise, and experience practicing before the Court will enable the Firm to work in an efficient and cost-effective manner on behalf of the Debtors' estates. Additionally, in preparing for the Chapter 11 Cases, Young Conaway has become familiar with the Debtors' business and affairs and many of the potential legal issues that may arise in the context of the Chapter 11 Cases.  Since its engagement, the Firm has advised the Debtors and the

Debtors' proposed lead counsel, Gibson, Dunn & Crutcher LLP ("Gibson Dunn"), on, among other things, local rules, practices, and procedures with respect to various restructuring issues. Accordingly, the Debtors believe that Young Conaway is uniquely qualified to represent them as co-counsel in the Chapter 11 Cases and will do so in an expedient manner.

8.     In selecting Young Conaway, the Debtors reviewed the rates of Young Conaway, including rates for bankruptcy services, and compared them to outside law firms that the Debtors have used in the past to determine that the rates are reasonable. Young Conaway has informed the Debtors that its current hourly rates are the Firm's standard hourly rates for work of the nature proposed herein. Young Conaway further informed the Debtors that the Firm operates in both national and regional marketplaces for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialty, the Firm's expertise, performance and reputation, the nature of the work involved, as well as other factors.

9.     The Debtors' finance and legal departments supervise all legal fees and expenses in order to reasonably manage costs. The Debtors have procedures and policies for reviewing fees of outside counsel, and the Debtors intend to review fees in the Chapter 11 Cases in accordance with such procedures and policies. The rates Young Conaway charged the Debtors in the period prior to the Petition Date are the same as the rates Young Conaway has indicated it will charge the Debtors post-petition. Young Conaway has informed the Debtors (and discloses herein) that the Firm's hourly rates are subject to periodic adjustments to reflect economic and other conditions.

10.     The Debtors recognize that it is their responsibility to closely monitor the billing practices of their counsel to ensure that the fees and expenses paid by the Debtors' estates remain consistent with the Debtors' expectations and the exigencies of these cases. The Debtors

01:16830174.1                                    4

will continue to review the invoices that Young Conaway regularly submits.  As they did prepetition, the Debtors will continue to bring discipline, predictability, client involvement, and accountability to the process of reviewing professional fees and expense reimbursement requests.

## B.    Payment of Fees and Expenses

11.    Young Conaway will seek Court approval of its compensation and reimbursement of its actual, necessary and reasonable expenses, and other charges incurred by the Firm in connection with the Chapter 11 Cases, upon the filing of appropriate applications for interim and final compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.  The principal attorneys and paralegal presently designated to represent the Debtors, and their current standard hourly rates, are:

|   |   |   |
|---|---|---|
| a. | Michael R. Nestor | $725.00 per hour |
| b. | Kara Hammond Coyle | $485.00 per hour |
| c. | Maris J. Kandestin | $460.00 per hour |
| d. | Andrew L. Magaziner | $400.00 per hour |
| e. | Elizabeth S. Justison | $310.00 per hour |
| f. | Troy Bollman (paralegal) | $190.00 per hour |

The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions.  Other attorneys and paralegals from Young Conaway may from time to time also serve the Debtors in connection with the matters described herein.

12.    The hourly rates set forth above are the Firm's standard hourly rates for work of this nature.  These rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.  It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in

connection with the client's case.  The expenses charged to clients include, among other things, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses approved by the client, such as secretarial and other overtime. The Firm will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients.  The Firm believes that it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

13.    Young Conaway was retained by the Debtors pursuant to an engagement agreement dated as of February 24, 2015 (the "Engagement Agreement").  In accordance with the Engagement Agreement, Young Conaway received retainers totaling $133,465.00 (collectively, the "Retainer") in connection with the planning and preparation of initial documents and its proposed post-petition representation of the Debtors as well as for chapter 11 filing fees.  Of the $133,465.00 in retainers received, $125,000 was received from The Standard Register Company, $2,500 was received from Standard Register Holding, S. de R.L. de C.V., $2,500 was received from Standard Register de México, S. de R.L. de C.V., $2,500 was received from Standard Register Servicios, S. de R.L. de C.V., and $965 was received from Standard Register Technologies Canada ULC.  The Retainer was supplemented with an additional $50,000 on March 11, 2015.  After applying a portion of the Retainer to the outstanding balance as of the Petition Date, including fees and expenses associated with the filing of these chapter 11 cases,

Young Conaway continues to hold a Retainer in the amount of $13,115.03. The remainder will constitute a general retainer as security for post-petition services and expenses.[3]

14.    In this case, the general security retainer is appropriate for several reasons. *See In re Insilco Tech., Inc.*, 291 B.R. 628, 634 (Bankr. D. Del. 2003) ("Factors to be considered, include . . . whether terms of an engagement agreement reflect normal business terms in the marketplace; . . . the relationship between the Debtor and the professionals, *i.e.*, whether the parties involved are sophisticated business entities with equal bargaining power who engaged in an arms-length negotiation[] [and] whether the retention, as proposed, is in the best interests of the estate[.]"); *see also In re CTC Commc'n Grp., Inc.*, Case No. 02-12873 (PJW) (Bankr. D. Del. May 22, 2003), Hr'g Tr. 43 ("I agree and adopt wholeheartedly Judge Carey's decision in the *Insilco* case."). First, these types of retainer agreements reflect normal business terms in the marketplace. *See Insilco*, 291 B.R. at 634 ("[I]t is not disputed that the taking of [security] retainers is a practice now common in the market place."). Second, both Young Conaway and the Debtors are sophisticated business entities that have negotiated the retainer at arm's length. Third, the retention of Young Conaway is in the best interests of the Debtors' estates, because the retention agreement and retainer allow the Debtors to maintain the prepetition relationship established with Young Conaway. Thus, under the standards articulated in *In re Insilco Technologies, Inc.*, and adopted in *In re CTC Communications Group, Inc.*, the facts and circumstances of the Chapter 11 Cases support the approval of the security retainer.

15.    As set forth in the Nestor Declaration, Young Conaway has not shared nor agreed to share any of its compensation from the Debtors with any other person, other than as permitted by section 504 of the Bankruptcy Code.

---

[3]    The Rule 2016 Statement is attached hereto as Exhibit C.

01:16830174.1

7

**C.**     **Services to be Provided**

16.     The professional services that Young Conaway will render to the Debtors include, but shall not be limited to, the following:

- providing legal advice with respect to the Debtors' powers and duties as debtors in possession in the continued operation of their business, management of their properties, and the potential sale of substantially all of their assets;

- preparing and pursuing confirmation of a plan and approval of a disclosure statement, as applicable;

- preparing, on behalf of the Debtors, necessary applications, motions, answers, orders, reports, and other legal papers;

- appearing in Court and protecting the interests of the Debtors before the Court; and

- performing all other legal services for the Debtors that may be necessary and proper in these proceedings.

17.     By separate applications, the Debtors are seeking Court approval for the retention of:   (a) Gibson Dunn, as the Debtors' lead restructuring counsel; (b) McKinsey Recovery and Transformation Services U.S., LLC, to provide (i) temporary employees in a consulting capacity, and (ii) Kevin Carmody as the Debtors' Chief Restructuring Officer; (c) Lazard Fréres & Co. LLC and Middle Market LLC, as their investment banker; (d) Prime Clerk LLC, as their administrative advisor and claims and noticing agent; (e) Palisades Capital Advisors, LLC as their pension advisor; and (f) Dinsmore & Shohl LLP as their special counsel and conflicts counsel.  The Debtors may also file motions or applications to employ additional professionals.

18.     Each of the firms listed above works, and will continue to work, under the direction of the Debtors' management.  The Debtors' directors and senior management are committed to minimizing duplication of services to reduce professional costs, among other

things.  To that end, Young Conaway will work closely with each professional to ensure that there is no unnecessary duplication of effort or cost.

**D.    Bankruptcy Rule 2014 Disclosure**

19.    To the best of the Debtors' knowledge, and except as disclosed herein and in the Nestor Declaration, Young Conaway has not represented the Debtors, their creditors, or any other parties-in-interest, or their respective attorneys, in any matter relating to the Debtors or their estates.  Young Conaway is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that the Firm, its partners, counsel, and associates:

a.    are not creditors, equity security holders, or insiders of the Debtors;

b.    are not and were not, within two (2) years of the Petition Date, directors, officers, or employees of the Debtors; and

c.    do not have an interest materially adverse to the interests of the Debtors' estates or of any class of the Debtors' creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, any of the Debtors, or for any other reason.

20.    For the above reasons, the Debtors submit that Young Conaway's employment is necessary and in the best interests of the Debtors and their estates.

**NOTICE**

21.    The Debtors will provide notice of this Motion to: (i) the Office of the United States Trustee for the District of Delaware; (ii) holders of the 50 largest unsecured claims on a consolidated basis against the Debtors; (iii) counsel for Silver Point Finance, LLC, in its capacity as administrative agent under the Debtors' First Lien Credit Agreement and Second Lien Credit Agreement; (iv) counsel for Bank of America, N.A, in its capacity as administrative agent under the Debtors' Amended and Restated Loan and Security Agreement; (v) counsel to the agents under the Debtors' proposed debtor-in-possession financing facility; and (vi) all

parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.  Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-1(m).  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

[<em>remainder of page intentionally left blank</em>]

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order granting the relief requested herein, such other and further relief as is just and proper.

Dated: _MARCH 23_, 2015

The Standard Register Company, on behalf of itself and its affiliated Debtors and Debtors in Possession

_Gerard D. Sowar_
Gerard D. Sowar
Executive Vice President, General Counsel and
Secretary of The Standard Register Company

01:16830174.1                                         10