# EXHIBIT B

# SOWAR DECLARATION

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, *et al.*,[1] | Case No. 15-10541 (BLS) |
| Debtors. | Jointly Administered |

**DECLARATION OF GERARD D. SOWAR IN SUPPORT OF DEBTORS'**
**APPLICATION FOR AN ORDER, PURSUANT TO SECTION 327(A) OF THE**
**BANKRUPTCY CODE, AUTHORIZING THE RETENTION AND EMPLOYMENT OF**
**DINSMORE & SHOHL LLP AS COUNSEL TO THE DEBTORS,**
***NUNC PRO TUNC* TO THE PETITION DATE**

Pursuant to 28 U.S.C. § 1746, I, Gerard D. Sowar, hereby submit this declaration (this "Declaration") under penalty of perjury:

1. I am the Executive Vice President, General Counsel, and Secretary of The Standard Register Company, one of the debtors and debtors in possession (collectively, "the "Debtors") in the above-captioned matter.

2. I submit this Declaration in support of the *Debtors' Application for an Order, Pursuant to Section 327(a) of the Bankruptcy Code, Authorizing the Retention and Employment of Dinsmore & Shohl LLP as Co-Counsel to the Debtors,* Nunc Pro Tunc *to the Petition Date* (the "Application").[2] Except as otherwise noted, all facts in this Declaration are

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

based on my personal knowledge of the matters set forth herein, information gathered from my review of relevant documents, and information supplied to me by other members of the Debtors' management and the Debtors' advisors.

3.    The Debtors have retained Dinsmore as legal counsel for nearly 20 years. During the course of their relationship, Dinsmore has increased the types of services it provides through the acquisition of attorneys that provided services to the Debtors at prior firms. Dinsmore is a national, full service law firm, with more than 575 legal professionals in 18 offices located across the United States. The Debtors have maintained their long standing relationship with Dinsmore due to Dinsmore's expertise and knowledge in a number of legal fields as well as its extensive understanding and institutional knowledge of the Debtors' business and affairs. Over the length of the relationship, Dinsmore has represented the Debtors on a number of legal matters, including general corporate representation, intellectual property, employee benefits, real estate, privacy, employment, commercial and intellectual property litigation, and securities. Therefore, the Debtors believe that Dinsmore is uniquely qualified to represent them as special counsel during these bankruptcy proceedings.

4.    Due to the longstanding relationship between the Debtors and Dinsmore, and the primary role of Dinsmore being to continue to provide counsel consistent with past practice, the Debtors did not enter into a new engagement letter with Dinsmore related to these bankruptcy proceedings. The Debtors understand that Dinsmore will continue to charge the Debtors rates that are consistent with the past practice between the parties, including applying certain discounts that were offered over the last several years through the pre-petition period of 2015 and continuing during the pendency of these proceedings. The one modification with respect to the relationship and billing practice between the parties is that beginning with a wire

transfer on January 20, 2015, the Debtors agreed to fund an evergreen retainer for the benefit and security of Dinsmore.  As a result of the importance we place on our longstanding relationship and the institutional knowledge of Dinsmore, we believe a general security retainer is appropriate during these bankruptcy proceedings to ensure our immediate and uninterrupted access to highly skilled and experienced counsel to address the issues with which Dinsmore is engaged.

5. In my capacity as general counsel, I am responsible for supervising outside counsel retained by the Debtors in the ordinary course of business.  As discussed below, I am also responsible for reviewing the invoices regularly submitted by Dinsmore, and can confirm that the rates Dinsmore charged the Debtors in the prepetition period, after applying the appropriate discounts, are the same as the rates Dinsmore will charge the Debtors in the postpetition period, subject to periodic adjustment to reflect economic and other conditions.

6. The Debtors have approved or will approve Dinsmore's prospective budget and staffing plan for the three-month period beginning on the Petition Date, recognizing that in the course of large chapter 11 cases like these, it is possible that there may be a number of unforeseen fees and expenses that will need to be addressed by the Debtors and Dinsmore.  In accordance with the U.S. Trustee Guidelines, the budget may be amended as necessary to reflect changed expectations or unanticipated developments.  The Debtors further recognize that it is their responsibility to closely monitor the billing practices of their counsel to ensure the fees and expenses paid by the estates remain consistent with the Debtors' expectations and the exigencies of these chapter 11 cases.  The Debtors will continue to review the invoices that Dinsmore regularly submits, and, together with Dinsmore, periodically amend the budget and staffing plans, as these cases develop.

7. As they did prepetition, the Debtors will continue to bring discipline, predictability, client involvement, and accountability to the counsel fees and expenses reimbursement process. While every company and chapter 11 case is unique, these budgets will provide guidance on the periods of time involved and the level of the attorneys and professionals that will work on various matters, as well as projections of average hourly rates for the attorneys and professionals for various matters.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge and belief.

Dated: March 23, 2015        By: _/s/ Gerard D. Sowar_____
                                  Gerard D. Sowar
                                  Executive Vice President, General Counsel and
                                  Secretary of The Standard Register Company