**EXHIBIT C**

**RULE 2016 STATEMENT**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>THE STANDARD REGISTER COMPANY, *et al.*<br><br>Debtors[1] | Chapter 11<br><br>Case No. 15-10541 (BLS)<br><br>(Jointly Administered) |

### STATEMENT PURSUANT TO RULE 2016 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND SECTION 329 OF THE BANKRUPTCY CODE

1. Dinsmore & Shohl LLP ("Dinsmore"), pursuant to Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 329 of chapter 11 of the United Stated Bankruptcy Code (the "Bankruptcy Code"), states that the undersigned is proposed special corporate, litigation, and conflicts counsel for the above-captioned debtors and debtors in possession (collectively, the "Debtors") in these chapter 11 cases.

2. Compensation agreed to be paid by the Debtors to Dinsmore is to be for legal services rendered in connection with these cases. Subject to certain historical discounts as detailed in the Lewis Declaration, the Debtors have agreed to pay Dinsmore at the firm's standard hourly rates for the legal services rendered, or to be rendered, by its various attorneys and paralegals in connection with these cases on the Debtors' behalf. The Debtors have agreed to reimburse Dinsmore for its actual and necessary expenses incurred in connection with these cases.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

3. The services to be rendered include all those services set forth in the Debtors' Application for Entry of an Order Authorizing the Debtors to Employ and Retain Dinsmore & Shohl LLP as Special Counsel, Pursuant to 11 U.S.C. § 327(e), Effective Nunc Pro Tunc to the Petition Date (the "Application").

4. As detailed in the Lewis Declaration, Dinsmore received payments over the prior 12 months of $1,527,618.50, including $659,131.99 since the funding in advance on January 20, 2015. A portion of the advance funding (the "Retainer") has been applied to prepetition fees and expenses. A portion of the remaining Retainer will be applied to any outstanding balances existing as of the Petition Date and to fees and expenses accrued and authorized in the Chapter 11 Cases until the remaining amount equals $200,000.[2] The remainder will constitute a general retainer as security for post-petition services and expenses.

5. As set forth in the Lewis Declaration, Dinsmore has a current balance of approximately $370,868.01 on its fee advances. Dinsmore will apply any unpaid prepetition fees and expenses against the Retainer and thereafter, will apply post-petition fees and expenses against the Retainer until the amount of the Retainer equals $200,000. The Debtors propose that the remaining $200,000 of the Retainer paid to Dinsmore and not expended for prepetition or post-petition services and disbursements be treated as a general security retainer to be held by Dinsmore as security throughout these chapter 11 cases until Dinsmore's fees and expenses are awarded by final order of this Court and payable to Dinsmore.

6. The Debtors desire to retain Dinsmore under the retainer arrangement set forth in the Lewis Declaration because of the extensive legal services that may be required and the fact that the nature and extent of such services are not known at this time. To the best of Debtors'

---

[2] Dinsmore has not yet completed its final reconciliation of prepetition fees and expenses applied against the Retainer. Details regarding such final reconciliation will be included in the Firm's first application for interim compensation.

knowledge, Dinsmore does not hold or represent any interest adverse to the Debtors' estates, Dinsmore is a "disinterested person" as that phrase is defined in Section 101(14) of the Bankruptcy Code, and Dinsmore's employment is necessary and in the best interests of the Debtors and the Debtors' estates.

7. Dinsmore will seek approval of payment of compensation upon Dinsmore's filing of appropriate applications for allowance of interim or final compensation pursuant to section 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of Bankruptcy Practice and Procedure of the United Stated Bankruptcy Court for the District of Delaware and Orders of this Court.

8. No agreement or understanding exists between Dinsmore and any other person for the sharing of compensation received or to be received for services rendered by Dinsmore in or in connection with these chapter 11 cases, except among the members of Dinsmore .

Dated:   March 23, 2015

Respectfully submitted,

DINSMORE & SHOHL LLP

*/s/ Kim Martin Lewis*
Kim Martin Lewis (OH#  0043533)
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202
Telephone:  513-977-8200
Facsimile:  513-977-8141
kim.lewis@dinsmore.com