## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, *et al.*,[1] | Case No. 15- 10541 (BLS) |
| Debtors. | (Jointly Administered) |
| | Hearing Date: April 13, 2015 at 10:00 a.m. (ET)<br>Obj. Deadline: April 6, 2015 at 4:00 p.m. (ET) |

### DEBTORS' APPLICATION FOR AN ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF PRIME CLERK LLC AS ADMINISTRATIVE ADVISOR NUNC PRO TUNC TO THE PETITION DATE

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this application (the "Application") for entry of an order, substantially in the form of **Exhibit A** hereto (the "Retention Order"), authorizing the employment and retention of Prime Clerk LLC ("Prime Clerk") as administrative advisor ("Administrative Advisor") in the Debtors' chapter 11 cases effective *nunc pro tunc* to the Petition Date (as defined below).  In support of this Application, the Debtors submit the Declaration of Michael J. Frishberg, Co-President and Chief Operating Officer of Prime Clerk (the "Frishberg Declaration"), attached hereto as **Exhibit B**, and respectfully represent as follows:

### Jurisdiction and Venue

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b), and the *Amended Standing Order of Reference* from the United States District Court for

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001).  The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

the District of Delaware dated as of February 29, 2012.  This is a core proceeding pursuant to 28

U.S.C. § 157(b) and pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and

Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local

Rules"), the Debtors consent to the entry of a final order by the Court in connection with this

Application to the extent that it is later determined that the Court, absent consent of the parties,

cannot enter final orders or judgments in connection herewith consistent with Article III of the

United States Constitution.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and

1409

## **Background**

2.      On March 12, 2015 (the "Petition Date"), each of the Debtors commenced a

voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are continuing to

manage their financial affairs as debtors in possession.  These chapter 11 cases are jointly

administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules").

3.      Information regarding the Debtors' history and business operations, capital

structure and primary secured indebtedness, and the events leading up to the commencement of

these Chapter 11 Cases, can be found in *Declaration of Kevin Carmody in Support of the*

*Debtors' Chapter 11 Petitions and Requests for First Day Relief* [Docket No. 2] (the "First Day

Declaration").

## **Relief Requested**

4.      The Debtors previously filed an application (the "Section 156(c) Application") for

an order appointing Prime Clerk as claims and noticing agent pursuant to 28 U.S.C. § 156(c),

16840052.1

section 105(a) of the Bankruptcy Code and Local Rule 2002-1(f), which application was granted

by this Court on March 13, 2015 [Docket No. 54] (the "Section 156(c) Order").  The Debtors

believe that administration of these chapter 11 cases will require Prime Clerk to perform duties

outside the scope of services described in the Section 156(c) Application.  Therefore, to enable

Prime Clerk to provide services beyond that authorized by the Section 156(c) Order, the Debtors

submit this Application, pursuant to section 327 of the Bankruptcy Code, Bankruptcy Rules

2014(a) and 2016 and Local Rules 2014-1 and 2016-1, for an order authorizing the Debtors to

employ and retain Prime Clerk as Administrative Advisor for the Debtors in accordance with the

Engagement Agreement attached hereto as **Exhibit C** (the "Engagement Agreement").

## Prime Clerk's Qualifications

5.        Prime Clerk is comprised of leading industry professionals with significant

experience in both the legal and administrative aspects of large, complex chapter 11 cases.  Prime

Clerk's professionals have experience in noticing, claims administration, solicitation, balloting

and facilitating other administrative aspects of chapter 11 cases and experience in matters of this

size and complexity.  Prime Clerk's professionals have acted as debtor's counsel or official

claims and noticing agent in many large bankruptcy cases in this District and in other districts

nationwide.  Prime Clerk's active cases include: *In re Altegrity, Inc.*, No. 15-10226 (LSS)

(Bankr. D. Del. 2015); *In re RadioShack Corp.*, No. 15-10197 (BLS) (Bankr. D. Del.); *In re C.*

*Wonder LLC*, Case No. 15-11127 (MBK) (Bankr. D.N.J.); *In re Caesars Entm't Operating Co.,*

*Inc.*, No. 15-01145 (ABG) (Bankr. N.D. Ill.); *In re dELiA\*s, Inc.*, No. 14-23678 (RDD) (Bankr.

S.D.N.Y.); *In re Aereo, Inc.*, No. 14-13200 (SHL) (Bankr. S.D.N.Y.); *In re Dendreon Corp.*, No.

14-12515 (PJW) (Bankr. D. Del.); *In re ALCO Stores, Inc.*, No. 14-34941 (SGJ) (Bankr. N.D.

Tex.); *In re Inversiones Alsacia S.A.*, No. 14-12896 (MG) (Bankr. S.D.N.Y.); *In re SIGA Tech.,*

*Inc.*, No. 14-12623 (SHL) (Bankr. S.D.N.Y.); *In re NII Holdings, Inc.*, No. 14- 12611 (SCC)

(Bankr. S.D.N.Y.); *In re Trump Entertainment Resorts, Inc.*, No. 14-12103 (KG) (Bankr. D.

Del.); *In re Mineral Park, Inc.*, No. 14-11996 (KJC) (Bankr. D. Del.); *In re Entegra Power

Group LLC*, No. 14-11859 (PJW) (Bankr. D. Del.); *In re Windsor Petroleum Transp. Corp.*, No.

14-11708 (PJW) (Bankr. D. Del).

## Services to be Provided

6.      Pursuant to the Engagement Agreement, the Debtors seek to retain Prime Clerk to

provide, among other things, the following bankruptcy administration services, if and to the

extent requested:

(a)     Assist with, among other things, solicitation, balloting and tabulation of votes, and prepare any related reports, as required in support of confirmation of a chapter 11 plan, and in connection with such services, process requests for documents from parties in interest, including, if applicable, brokerage firms, bank back-offices and institutional holders;

(b)     Prepare an official ballot certification and, if necessary, testify in support of the ballot tabulation results;

(c)     Assist with the preparation of the Debtors' schedules of assets and liabilities and statements of financial affairs and gather data in conjunction therewith;

(d)     Provide a confidential data room, if requested;

(e)     Manage and coordinate any distributions pursuant to a chapter 11 plan; and

(f)     Provide such other processing, solicitation, balloting and other administrative services described in the Engagement Agreement, but not included in the Section 156(c) Application, as may be requested from time to time by the Debtors, the Court or the Office of the Clerk of the Bankruptcy Court (the "Clerk").

## **Professional Compensation**

7.      The fees Prime Clerk will charge in connection with providing services to the

Debtors are set forth in the Engagement Agreement.  The Debtors respectfully submit that Prime

Clerk's rates are competitive and comparable to the rates its competitors charge for similar

services.  Indeed, the Debtors conducted a review and competitive comparison of other firms and

reviewed the rates of other firms before selecting Prime Clerk as Administrative Advisor.  The

Debtors believe Prime Clerk's rates are more than reasonable given the quality of Prime Clerk's

services and its professionals' bankruptcy expertise.  Additionally, Prime Clerk will seek

reimbursement from the Debtors for reasonable expenses in accordance with the terms of the

Engagement Agreement.

8.      Prime Clerk intends to apply to the Court for allowance of compensation and

reimbursement of expenses incurred after the Petition Date in connection with the services it

provides as Administrative Advisor pursuant to the Engagement Agreement.  Prime Clerk will

comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local

Rules and any orders entered in these chapter 11 cases regarding professional compensation and

reimbursement of expenses.

9.      Additionally, under the terms of the Engagement Agreement, the Debtors have

agreed to indemnify, defend and hold harmless Prime Clerk and its members, officers,

employees, representatives and agents under certain circumstances specified in the Engagement

Agreement, except in circumstances resulting solely from Prime Clerk's gross negligence or

willful misconduct or as otherwise provided in the Engagement Agreement.  The Debtors believe

that such an indemnification obligation is customary, reasonable and necessary to retain the

services of an Administrative Advisor in these chapter 11 cases.

### Disinterestedness

10.     Prime Clerk has reviewed its electronic database to determine whether it has any relationships with the creditors and parties in interest provided by the Debtors, and, to the best of the Debtors' knowledge, information, and belief, and except as disclosed in the Frishberg Declaration, Prime Clerk is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent any interest materially adverse to the Debtors' estates in connection with any matter on which it would be employed.

11.     Prime Clerk believes that it does not have any relationships with creditors or parties in interest that would present a disqualifying conflict of interest.  Prime Clerk will supplement its disclosure to the Court if any facts or circumstances are discovered that would require such additional disclosure.

### Basis for Relief

12.     Section 327(a) of the Bankruptcy Code provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

13.     Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, and proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective

16840052.1

> attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee.

Fed. R. Bankr. P. 2014.

14.     Additionally, Local Rule 2014-1 requires an entity seeking approval of employment under section 327(a) of the Bankruptcy Code to file an application, supporting declaration, and proposed order, all of which have been satisfied by this Application and the exhibits attached hereto.

15.     In light of the size and complexity of these chapter 11 cases, the Debtors respectfully submit that retaining and employing Prime Clerk pursuant to the terms of the Engagement Agreement is necessary and in the best interests of the Debtors' estates and all parties in interest to these chapter 11 cases.  The Debtors also believe that the terms and conditions of the Engagement Agreement are reasonable in light of the anticipated high volume of creditors and other parties-in-interest that will be involved in these cases.

16.     Accordingly, to help manage administrative tasks with respect to the thousands of creditors and other parties in interest that are expected to be involved in the Debtors' chapter 11 cases, and the complexity of such cases, the Debtors respectfully request the Court enter an order appointing Prime Clerk as the Administrative Advisor in these chapter 11 cases pursuant to sections 327(a), 330 and 331 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and Local Rules 2014-1 and 2016-1.

## Notice

17.     The Debtors have provided copies of this Application to: (i) the Office of the United States Trustee for the District of Delaware; (ii) holders of the 50 largest unsecured claims on a consolidated basis against the Debtors; (iii) counsel for Silver Point Finance, LLC, in its

capacity as administrative agent under the Debtors' First Lien Credit Agreement and Second Lien

Credit Agreement; (iv) counsel for Bank of America, N.A., in its capacity as administrative agent

under the Debtors' Amended and Restated Loan and Security Agreement; (v) counsel to the

agents under the Debtors' proposed debtor-in-possession financing facility; and (vi) all parties

that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy

Rule 2002.  The Debtors submit that no further notice is necessary under the circumstances.

16840052.1

WHEREFORE, the Debtors request entry of an order, substantially in the form annexed hereto as **Exhibit A**, authorizing the employment and retention of Prime Clerk as Administrative Advisor for the Debtors and granting such other relief as may be appropriate.

Dated: March 23, 2015

Respectfully submitted,
The Standard Register Company, *et al.*

_____
Kevin Carmody, Chief Restructuring Officer