# Exhibit B

**Frishberg Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, *et al.*,[1] | Case No. 15- 10541 (BLS) |
| Debtors. | (Jointly Administered) |
| | Docket Ref. No. ___ |

**DECLARATION OF MICHAEL J. FRISHBERG IN SUPPORT
OF DEBTORS' APPLICATION FOR AN ORDER AUTHORIZING
EMPLOYMENT AND RETENTION OF PRIME CLERK LLC AS
ADMINISTRATIVE ADVISOR NUNC PRO TUNC TO THE PETITION DATE**

I, Michael J. Frishberg, under penalty of perjury, declare as follows:

1. I am the Co-President and Chief Operating Officer of Prime Clerk LLC ("Prime Clerk"), a chapter 11 administrative services firm whose offices are located at 830 3rd Avenue, 9th Floor, New York, New York 10022. Except as otherwise noted, I have personal knowledge of the matters set forth herein, and if called and sworn as a witness, I could and would testify competently thereto.

2. This Declaration is made in support of the above-captioned debtors' (collectively, the "Debtors") *Application for an Order Authorizing Employment and Retention of Prime Clerk LLC as Administrative Advisor* Nunc Pro Tunc *to the Petition Date* (the "Application").[2]

3. Prime Clerk is comprised of leading industry professionals with significant experience in both the legal and administrative aspects of large, complex chapter 11 cases. Prime

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

16840052.1

Clerk's professionals have experience in noticing, claims administration, solicitation, balloting and facilitating other administrative aspects of chapter 11 cases and experience in matters of this size and complexity.  Prime Clerk's professionals have acted as debtor's counsel or official claims and noticing agent in many large bankruptcy cases in this District and in other districts nationwide.  Prime Clerk's active cases include: *In re Altegrity, Inc.*, No. 15-10226 (LSS) (Bankr. D. Del. 2015); *In re RadioShack Corp.*, No. 15-10197 (BLS) (Bankr. D. Del.); *In re C. Wonder LLC*, Case No. 15-11127 (MBK) (Bankr. D.N.J.); *In re Caesars Entm't Operating Co., Inc.*, No. 15-01145 (ABG) (Bankr. N.D. Ill.); *In re dELiA*s, Inc.*, No. 14-23678 (RDD) (Bankr. S.D.N.Y.); *In re Aereo, Inc.*, No. 14-13200 (SHL) (Bankr. S.D.N.Y.); *In re Dendreon Corp.*, No. 14-12515 (PJW) (Bankr. D. Del.); *In re ALCO Stores, Inc.*, No. 14-34941 (SGJ) (Bankr. N.D. Tex.); *In re Inversiones Alsacia S.A.*, No. 14-12896 (MG) (Bankr. S.D.N.Y.); *In re SIGA Tech., Inc.*, No. 14-12623 (SHL) (Bankr. S.D.N.Y.); *In re NII Holdings, Inc.*, No. 14- 12611 (SCC) (Bankr. S.D.N.Y.); *In re Trump Entertainment Resorts, Inc.*, No. 14-12103 (KG) (Bankr. D. Del.); *In re Mineral Park, Inc.*, No. 14-11996 (KJC) (Bankr. D. Del.); *In re Entegra Power Group LLC*, No. 14-11859 (PJW) (Bankr. D. Del.); *In re Windsor Petroleum Transp. Corp.*, No. 14-11708 (PJW) (Bankr. D. Del).

4. As Administrative Advisor, Prime Clerk will perform the bankruptcy administration services specified in the Application and the Engagement Agreement.  In performing such services, Prime Clerk will charge the Debtors the rates set forth in the Engagement Agreement, which is attached as **Exhibit C** to the Application.

5. Prime Clerk is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, in that Prime Clerk and its professional personnel:

---

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

16840052.1

2

      (a)      are not creditors, equity security holders, or insiders of the Debtors;

      (b)      are not and were not, within two years before the date of the filing of these cases, directors, officers, or employees of the Debtors; and

      (c)      do not have an interest materially adverse to the interest of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors.

6.    I caused to be submitted for review by our conflicts system the names of all known potential parties-in-interest (the "Potential Parties in Interest") in these chapter 11 cases. The list of Potential Parties in Interest was provided by the Debtors and included the Debtors, non-Debtor affiliates, current and former directors and officers of the Debtors, significant stockholders, secured creditors, the Debtors' 50 largest unsecured creditors on a consolidated basis, contract counterparties, landlords, vendors, insurers, utilities, governmental authorities and other parties. The results of the conflict check were compiled and reviewed by Prime Clerk professionals under my supervision. At this time, and as set forth in further detail herein, Prime Clerk is not aware of any relationship that would present a disqualifying conflict of interest. Should Prime Clerk discover any new relevant facts or relationships bearing on the matters described herein during the period of its retention, Prime Clerk will use reasonable efforts to file promptly a supplemental declaration.

7.    To the best of my knowledge, and based solely upon information provided to me by the Debtors, and except as provided herein, neither Prime Clerk, nor any of its professionals, has any materially adverse connection to the Debtors, their creditors or other relevant parties. Prime Clerk may have relationships with certain of the Debtors' creditors as vendors or in connection with cases in which Prime Clerk serves or has served in a neutral capacity as Claims and Noticing Agent and/or Administrative Advisor for another chapter 11 debtor.

16840052.1

8. Certain of Prime Clerk's professionals were partners of or formerly employed by firms that are providing or may provide professional services to parties in interest in these cases. Such firms include Kirkland & Ellis LLP; Weil, Gotshal & Manges LLP; O'Melveny & Myers LLP; Mayer Brown LLP; Willkie Farr & Gallagher LLP; Togut, Segal & Segal LLP; Fried, Frank, Harris, Shriver & Jacobson LLP; Bracewell & Giuliani LLP; Proskauer Rose LLP; McKinsey & Company; KPMG LLP; Epiq Bankruptcy Solutions, LLC; Donlin, Recano & Company, Inc. and Kurtzman Carson Consultants LLC. Except as disclosed herein, these professionals did not work on any matters involving the Debtors while employed by their previous firms. Moreover, these professionals were not employed by their previous firms when these chapter 11 cases were filed.

9. Heather Aaronson is an employee of Prime Clerk and has and will continue to perform services for the Debtors in these Chapter 11 Cases. From May 2012 through January 2015, Ms. Aaronson was an employee of McKinsey Recovery & Transformation Services U.S., LLC ("McKinsey"). McKinsey employs the Debtors' proposed chief restructuring officer. While employed by McKinsey, Ms. Aaronson did not work on any matters involving the Debtors.

10. Prime Clerk has and will continue to represent clients in matters unrelated to these chapter 11 cases. In addition, Prime Clerk and its personnel have and will continue to have relationships in the ordinary course of its business with certain vendors, professionals and other parties in interest that may be involved in the Debtors' chapter 11 cases. Prime Clerk may also provide professional services to entities or persons that may be creditors or parties in interest in these chapter 11 cases, which services do not directly relate to, or have any direct connection with, these chapter 11 cases or the Debtors.

16840052.1

11. Prime Clerk and its personnel in their individual capacities regularly utilize the services of law firms, accounting firms and financial advisors. Such firms engaged by Prime Clerk or its personnel may appear in chapter 11 cases representing the Debtors or parties in interest. All engagements where such firms represent Prime Clerk or its personnel in their individual capacities are unrelated to these chapter 11 cases.

12. From time to time, Prime Clerk partners or employees personally invest in mutual funds, retirement funds, private equity funds, venture capital funds, hedge funds and other types of investment funds (the "Investment Funds"), through which such individuals indirectly acquire a debt or equity security of many companies, one of which may be one of the Debtors or their affiliates, often without Prime Clerk's or its personnel's knowledge. Each Prime Clerk partner or employee generally owns substantially less than one percent of such Investment Fund, does not manage or otherwise control such Investment Fund and has no influence over the Investment Fund's decision to buy, sell or vote any particular security. The Investment Fund is generally operated as a blind pool, meaning that when the Prime Clerk partners or employees make an investment in the Investment Fund, he, she or they do not know what securities the blind pool Investment Fund will purchase or sell, and have no control over such purchases or sales.

13. From time to time, Prime Clerk partners or employees may personally directly acquire a debt or equity security of a company which may be one of the Debtors or their affiliates. Prime Clerk has a policy prohibiting its partners and employees from using confidential information that may come to their attention in the course of their work. In this regard, all Prime Clerk partners and employees are barred from trading in securities with respect to which they possess confidential information.

14. To the best of my knowledge, neither Prime Clerk nor any of its partners or

16840052.1

5

employees represents any interest materially adverse to the Debtors' estates with respect to any matter upon which Prime Clerk is to be engaged. Based on the foregoing, I believe that Prime Clerk is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

16840052.1

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge and belief.

Executed on March 23, 2015

_____
Michael J. Frishberg
Co-President and Chief Operating Officer
Prime Clerk LLC