**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>THE STANDARD REGISTER COMPANY, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-10541 (BLS)<br><br>(Jointly Administered)<br><br>Hearing Date: April 13, 2015 at 10:00 a.m. (ET)<br>Obj. Deadline: April 6, 2015 at 4:00 p.m. (ET) |

**DEBTORS' MOTION FOR AN ADMINISTRATIVE ORDER, PURSUANT TO
SECTIONS 331 AND 105(A) OF THE BANKRUPTCY CODE, BANKRUPTCY RULE
2016(A), AND LOCAL RULE 2016-2, ESTABLISHING PROCEDURES FOR
<u>INTERIM COMPENSATION AND REIMBURSEMENT OF PROFESSIONALS</u>**

The Standard Register Company ("<u>Standard Register</u>") and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "<u>Debtors</u>") hereby move this Court (the "<u>Motion</u>") for entry of an order, substantially in the form annexed hereto as <u>Exhibit A</u>, pursuant to sections 105(a) and 331 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), establishing procedures for interim compensation of professional services and reimbursement of professional expenses of professionals in these chapter 11 cases (the "<u>Chapter 11 Cases</u>"). In support of the Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

101874495.2

**JURISDICTION AND VENUE**

1.   The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b), and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b) and pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are sections 105(a) and 331 of the Bankruptcy Code, Bankruptcy Rule 2016(a), and Local Rule 2016-2.

**BACKGROUND**

A.   **General Background**

2.   On March 12, 2015 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court").  Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are continuing to manage their financial affairs as debtors in possession.  No trustee, examiner, or official committee of unsecured creditors has been appointed in these Chapter 11 Cases.

3.   Information regarding the Debtors' history and business operations, capital structure and primary secured indebtedness, and the events leading up to the commencement of these Chapter 11 Cases is set forth in the *Declaration of Kevin Carmody in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* [Docket No. 2] (the "First Day Declaration"), which was filed on the Petition Date.

**B.      Retention of Professionals**

4.      The Debtors have filed or will file applications to retain, pursuant to section 327 of the Bankruptcy Code, the following bankruptcy professionals (each a "Professional" and together the "Professionals"):  (a) as their general bankruptcy and restructuring co-counsel (i) Gibson, Dunn & Crutcher LLP and (ii) Young Conaway Stargatt & Taylor, LLP; (b) Lazard Fréres & Co. LLC and Lazard Middle Market LLC, as their investment banker and financial advisor; (c) Palisades Capital Advisors, as their pension advisor; (d) Dinsmore & Shohl LLP, as their conflicts counsel and (e) Prime Clerk LLC, as their administrative advisor and claims and noticing agent.  The Debtors may need to retain other professionals in the Chapter 11 Cases under section 327 of the Bankruptcy Code.  Such professionals would likewise be subject to the compensation and reimbursement procedures set forth in this Motion.  In addition, any statutory committee of unsecured creditors (a "Committee") that may be appointed in the Chapter 11 Cases will likely retain counsel and other professionals under section 1103 of the Bankruptcy Code to assist in the performance of its statutory duties.

**RELIEF REQUESTED**

5.      By this Motion, the Debtors seek entry of an order authorizing and establishing procedures for the compensation and reimbursement of Professionals on a monthly basis, comparable to those procedures established in other chapter 11 cases filed in the District of Delaware.  Such an order would enable the Court, the U.S. Trustee, and all other interested parties to monitor the fees and expenses incurred by the Professionals in the Chapter 11 Cases.

## THE PROPOSED COMPENSATION PROCEDURES

6.      The Debtors propose that monthly payment of compensation and reimbursement of expenses of the Professionals (the "Compensation Procedures") be structured as follows:

(a)     No earlier than the 5th day of each calendar month following the month for which compensation is sought, each Professional seeking interim allowance of its fees and expenses may file an application (including the relevant time entry and description and expense detail) with the Court pursuant to section 331 of the Bankruptcy Code for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month (a "Monthly Fee Application"), and serve a copy of such Monthly Fee Application, by hand or overnight delivery, on the following parties (collectively, the "Notice Parties"): (i) the Standard Register Company, 600 Albany Street, Dayton, OH 45417 (Attn: Kevin Carmody, CRO), (ii) the attorneys for the Debtors, (A) Gibson, Dunn & Crutcher LLP, 333 South Grand Avenue, Los Angeles, CA 90071 (Attn: Robert A. Klyman) and (B) Young Conaway Stargatt & Taylor, LLP, 1000 N. King Street, Rodney Square, Wilmington, DE 19801 (Attn: Michael R. Nestor); (iii) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Mark Kenney); (iv) counsel for Silver Point Finance, LLC, Skadden, Arps, Slate, Meagher & Flom LLP, 155 N. Wacker Drive, Chicago, IL 60606-1720 (Attn: Ron E. Meisler) and (v) counsel for any official committee appointed in these Chapter 11 Cases. Any Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application that includes a request for compensation earned or expenses incurred during previous months. All Monthly Fee Applications shall comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable orders of this Court. The first Monthly Fee Application submitted by each Professional shall cover the period from the Petition Date through and including March 31, 2015.

(b)     Each Notice Party will have fifteen (15) days after service of a Monthly Fee Application (the "Objection Deadline") to object to the requested fees and expenses in accordance with the procedures described in subparagraph (c) below. Upon the expiration of the Objection Deadline, each Professional may file with the Court a certificate of no objection (a "CNO") with respect to the unopposed portion of the fees and expenses requested in its Monthly Fee Application. After a CNO is filed, the Debtors are authorized to pay the applicable Professional an amount (the "Actual Monthly Payment") equal to the lesser of (i) 80% of the fees and 100% of the expenses requested in the Monthly Fee Application (the "Maximum Monthly Payment") or (ii) 80% of the fees and 100% of the expenses not subject to an objection pursuant to subparagraph (c) below.

(c)     If any Notice Party objects to a Professional's Monthly Fee Application, it must, on or before the expiration of the Objection Deadline, file with the Court

and serve on such Professional and each other Notice Party a written objection (an "Objection") so as to be received on or before the Objection Deadline. Any such Objection shall identify with specificity the objectionable fees and/or expenses, including the amount of such objected to fees and/or expenses, and the basis for such Objection. Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution within fifteen (15) days after service of the Objection, the affected Professional may either: (i) file a response to the Objection with the Court, together with a request for payment of the difference, if any, between the Maximum Monthly Payment and the Actual Monthly Payment made to such Professional (the "Incremental Amount") or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and rule on the Objection if requested by the parties.

(d) With respect to the first three-month period after the Petition Date (March 12, 2015 through May 31, 2015), and each subsequent three-month period, each Professional shall file with the Court and serve on the Notice Parties an application (an "Interim Fee Application") for interim allowance of compensation and reimbursement of expenses sought in the Monthly Fee Applications filed during each such three-month period (the "Interim Fee Period") pursuant to section 331 of the Bankruptcy Code. The Interim Fee Application must identify the covered Monthly Fee Applications and include any other information requested by the Court or required by the applicable Local Rules. Interim Fee Applications shall be filed with the Court and served on the Notice Parties within forty-five (45) days after the end of the applicable Interim Fee Period. Each Professional shall file its first Interim Fee Application on or before July 15, 2015, and the first Interim Fee Application shall cover the Interim Fee Period from the Petition Date through and including May 31, 2015. Objections, if any, to the Interim Fee Applications shall be filed and served upon the affected Professional and the Notice Parties so as to be received on or before the twentieth (20th) day (or the next business day if such day is not a business day) following service of the Interim Fee Application.

(e) The Debtors shall request that the Court schedule a hearing on Interim Fee Applications at least once every three (3) months or at such other intervals as this Court deems appropriate. The Court, in its discretion, may approve an uncontested Interim Fee Application without the need for a hearing, upon the Professional's filing of a CNO. Upon allowance by the Court of a Professional's Interim Fee Application, the Debtors shall be authorized to promptly pay such Professional all requested fees (including the 20% holdback) and expenses not previously paid.

(f) The pendency of an Objection to payment of compensation or reimbursement of expenses shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses pursuant to the Compensation Procedures.

  (g) Neither (i) the payment of or the failure to pay, in whole or in part, compensation for services and reimbursement of expenses under the Compensation Procedures nor (ii) the filing of or the failure to file an Objection to any Monthly Fee Application or Interim Fee Application will bind any party in interest or the Court with respect to the allowance of interim or final applications for compensation for services and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals in accordance with the Compensation Procedures are subject to disgorgement until final allowance by the Court.

  (h) Any Professional that fails to file a Monthly Fee Application or an Interim Fee Application when due shall be ineligible to receive further monthly or interim payments of fees or expenses with respect to any subsequent period until such time as a Monthly Fee Application or an Interim Fee Application covering the prior period is filed and served by the Professional. There shall be no other penalties for failing to file a Monthly Fee Application or an Interim Fee Application in a timely manner.

  (i) Professionals shall file final applications for compensation and reimbursement (the "<u>Final Fee Applications</u>") by such deadline as may be established in a confirmed chapter 11 plan or in an order of this Court. All Final Fee Applications shall comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable orders of this Court.

  (j) Copies of all Monthly Fee Applications, Interim Fee Applications, Final Fee Applications, and notices of any hearings thereon (each a "<u>Hearing Notice</u>") must be served upon only the Notice Parties. All other parties who file a request for service of notices pursuant to Bankruptcy Rule 2002 shall be entitled to receive only a copy of a Hearing Notice in connection with each Monthly Fee Application, each Interim Fee Application, and each Final Fee Application. Notice given in accordance with this Order is deemed sufficient and adequate and in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

7. The procedures described herein will enable all parties to monitor closely costs of administration. Moreover, such procedures will permit the Debtors to maintain a more predictable cash flow and an efficient cash management system.

8. The Debtors also request that each member of a Committee be permitted to submit statements of expenses (excluding third-party legal fees and expenses of individual Committee members) and supporting vouchers to the Committee's counsel, which counsel will collect and submit the Committee members' requests for reimbursement in accordance with the

Compensation Procedures. Approval of these Compensation Procedures, however, will not authorize payment of such expenses to the extent that such authorization does not exist under the Bankruptcy Code, applicable Third Circuit law, the Bankruptcy Rules, the Local Rules, or the practices of this Court.

9. In addition, the Debtors further request that the Court limit service of the Monthly Fee Applications, Interim Fee Applications, Final Fee Applications and Hearing Notices as follows: (i) the Notice Parties shall be entitled to receive the Monthly Fee Applications, Interim Fee Applications, Final Fee Applications, and Hearing Notices and (ii) the parties in interest requesting notice pursuant to Bankruptcy Rule 2002 shall be entitled to receive only the Hearing Notices. Providing notice of fee applications in this manner will permit the parties most active in these Chapter 11 Cases to monitor the fees and expenses incurred by Professionals and will avoid unnecessary duplication and mailing expenses.

10. The Debtors will include all payments made to Professionals in accordance with the Compensation Procedures in their monthly operating reports identifying the amounts paid to each Professional.

## BASIS FOR RELIEF REQUESTED

11. Section 331 of the Bankruptcy Code provides, in relevant part, as follows:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

11 U.S.C. § 331.

12. Absent an order of this Court, Bankruptcy Code section 331 limits the Professionals rendering services in these Chapter 11 Cases to payment of fees and expenses to only three (3) times per year.

13. Congress's intent in enacting section 331 is expressed unequivocally in the House and Senate Reports accompanying enactment of the Bankruptcy Code:

> The court may permit more frequent applications if the circumstances warrant, such as in very large cases where the legal work is extensive and merits more frequent payments. The court is authorized to allow and order disbursement to the applicant of compensation and reimbursement that is otherwise allowable under section 330.

H.R. Rep. No. 595, 95th Cong., 1st Sess. 330 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 41-42 (1978).

14. Bankruptcy Code section 105(a) provides, in relevant part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Thus, the Court has the authority to enter an order establishing procedures for interim compensation and reimbursement of expenses.

15. The Compensation Procedures would promote efficiency and streamline the compensation process and enable the Court, the United States Trustee for the District of Delaware (the "U.S. Trustee"), and all other parties to monitor effectively the Professionals' fees and expenses incurred in these Chapter 11 Cases.

16. Moreover, implementing the Compensation Procedures is justified in these Chapter 11 Cases because they present a number of complex issues that, together with the day-to-day administration of the Chapter 11 Cases, must be addressed by the Debtors' limited staff and resources. In addition, it is anticipated that several Professionals will be involved, such that

absent streamlined compensation procedures, the professional fee application and review process could be burdensome on the Debtors, the Professionals, the Court, and other parties.

17. The Compensation Procedures will (i) substantially reduce the burden imposed on the Court by avoiding the need for the immediate review of Monthly Fee Applications, (ii) enable parties in interest to monitor more closely the costs of administering these cases, (iii) diminish undue financial burdens on the Professionals and avoid having Professionals fund the costs of the Debtors' reorganization, and (iv) permit the Debtors to better predict and manage their monthly cash needs.

18. The Compensation Procedures are appropriate and consistent with interim compensation procedures established in other large chapter 11 cases in this District. *See, e.g., In re OnCure Holdings, Inc.,* Case No. 13-11540 (KG) (Bankr. D. Del. July 24, 2013); *In re Penson Worldwide, Inc.,* Case No. 13-10061 (PJW) (Bankr. D. Del. Feb. 7, 2013); *In re Vertis Holdings, Inc.,* Case No. 12-12821 (CSS) (Bankr. D. Del. Nov. 13, 2012); *In re B456 Sys., Inc.,* Case No. 12-12859 (KJC) (Bankr. D. Del. Nov. 7, 2012); *In re Digital Domain Media Group, Inc.,* Case No. 12-12568 (BLS) (Bankr. D. Del. Oct. 22, 2012); *In re AES Eastern Energy,* Case No. 11-14138 (KJC) (Bankr. D. Del. Jan. 26, 2012); *In re Graceway Pharmaceuticals, LLC,* Case No. 11-13036 (MFW) (Bankr. D. Del. Sept. 30, 2011).

19. Accordingly, the relief requested is in the best interests of the Debtors, their estates, and their creditors.

## **NOTICE**

20. The Debtors shall provide notice of this Motion to: (a) the Office of the United States Trustee for the District of Delaware; (b) holders of the 50 largest unsecured claims on a consolidated basis against the Debtors; (c) counsel for Silver Point Finance, LLC, in its capacity as administrative agent under the Debtors' First Lien Credit Agreement and Second Lien Credit

Agreement; (d) counsel for Bank of America, N.A., in its capacity as administrative agent under the Debtors' Amended and Restated Loan and Security Agreement; (e) counsel to the agents under the Debtors' debtor-in-possession financing facilities; and (f) all parties that have filed a request for notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

[*remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated:  March 23, 2015
        Wilmington, Delaware

*/s/ Kara Hammond Coyle*
Michael R. Nestor (No. 3526)
Kara Hammond Coyle (No. 4410)
Maris J. Kandestin (No. 5294)
Andrew Magaziner (No. 5426)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
mnestor@ycst.com
kcoyle@ycst.com
mkandestin@ycst.com
amagaziner@ycst.com

-and-

Robert A. Klyman (CA No. 142723)
Samuel A. Newman (CA No. 217042)
Jeremy L. Graves (CO No. 45522)
Sabina Jacobs (CA No. 274829)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-1512
Telephone: (213) 229-7000
Facsimile: (213) 229-7520
rklyman@gibsondunn.com
snewman@gibsondunn.com
jgraves@gibsondunn.com
sjacobs@gibsondunn.com

*Proposed Counsel to the Debtors and Debtors in Possession*