**<u>EXHIBIT A</u>**

**PROPOSED ORDER**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, *et al.*,[1] | Case No. 15-10541 (BLS) |
| Debtors. | (Jointly Administered) |
| | Re:  Docket No. ___ |

## ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS

Upon the *Debtors' Motion for an Administrative Order, Pursuant to Section 331 and 105(A) of the Bankruptcy Code, Bankruptcy Rule 2016(A), and Local Rule 2016-2, Establishing Procedures for Interim Compensation and Reimbursement of Professionals* (the "Motion")[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"); and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and the Court having found that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given; and the Court having determined that it may enter a final order consistent with Article III of the United States

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001).  The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2]    All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

Constitution; and a hearing having been held to consider the relief requested in the Motion; and

the Court having found and determined that the relief sought in the Motion is in the best interests

of the Debtors, their estates, their creditors and all other parties in interest; and that the legal and

factual bases set forth in the Motion establish just cause for the relief granted herein; and after

due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      Except as may otherwise be provided in orders of the Court authorizing the

retention of specific Professionals, all Professionals in these Chapter 11 Cases pursuant to order

of the Court may seek compensation for professional services rendered and reimbursement of

expenses incurred in accordance with the following Compensation Procedures:

> (a)      No earlier than the 5th day of each calendar month following the month for which compensation is sought, each Professional seeking interim allowance of its fees and expenses may file an application (including the relevant time entry and description and expense detail) with the Court pursuant to section 331 of the Bankruptcy Code for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month (a "Monthly Fee Application"), and serve a copy of such Monthly Fee Application, by hand or overnight delivery, on the following parties (collectively, the "Notice Parties"): (i) the Standard Register Company, 600 Albany Street, Dayton, OH 45417 (Attn: Kevin Carmody, CRO), (ii) the attorneys for the Debtors, (A) Gibson, Dunn & Crutcher LLP, 333 South Grand Avenue, Los Angeles, CA 90071 (Attn: Robert A. Klyman) and (B) Young Conaway Stargatt & Taylor, LLP, 1000 N. King Street, Rodney Square, Wilmington, DE 19801 (Attn: Michael R. Nestor); (iii) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Mark Kenney); (iv) counsel for Silver Point Finance, LLC, Skadden, Arps, Slate, Meagher & Flom LLP, 155 N. Wacker Drive, Chicago, IL 60606-1720 (Attn: Ron E. Meisler); and (v) counsel for any official committee appointed in these Chapter 11 Cases.  Any Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application that includes a request for compensation earned or expenses incurred during previous months.  All Monthly Fee Applications shall comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable orders of this Court.  The first Monthly Fee Application submitted by

2

each Professional shall cover the period from the Petition Date through and including March 31, 2015.

(b)      Each Notice Party will have fifteen (15) days after service of a Monthly Fee Application (the "Objection Deadline") to object to the requested fees and expenses in accordance with the procedures described in subparagraph (c) below. Upon the expiration of the Objection Deadline, each Professional may file with the Court a certificate of no objection (a "CNO") with respect to the unopposed portion of the fees and expenses requested in its Monthly Fee Application. After a CNO is filed, the Debtors are authorized to pay the applicable Professional an amount (the "Actual Monthly Payment") equal to the lesser of (i) 80% of the fees and 100% of the expenses requested in the Monthly Fee Application (the "Maximum Monthly Payment") or (ii) 80% of the fees and 100% of the expenses not subject to an objection pursuant to subparagraph (c) below.

(c)      If any Notice Party objects to a Professional's Monthly Fee Application, it must, on or before the expiration of the Objection Deadline, file with the Court and serve on such Professional and each other Notice Party a written objection (an "Objection") so as to be received on or before the Objection Deadline. Any such Objection shall identify with specificity the objectionable fees and/or expenses, including the amount of such objected to fees and/or expenses, and the basis for such Objection. Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution within fifteen (15) days after service of the Objection, the affected Professional may either: (i) file a response to the Objection with the Court, together with a request for payment of the difference, if any, between the Maximum Monthly Payment and the Actual Monthly Payment made to such Professional (the "Incremental Amount") or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and rule on the Objection if requested by the parties.

(d)      With respect to the first three-month period after the Petition Date (March 12, 2015 through May 31, 2015), and each subsequent three-month period, each Professional shall file with this Court and serve on the Notice Parties an application (an "Interim Fee Application") for interim allowance of compensation and reimbursement of expenses sought in the Monthly Fee Applications filed during each such three-month period (the "Interim Fee Period") pursuant to section 331 of the Bankruptcy Code. The Interim Fee Application must identify the covered Monthly Fee Applications and include any other information requested by the Court or required by the applicable Local Rules. Interim Fee Applications shall be filed with this Court and served on the Notice Parties within forty-five (45) days after the end of the applicable Interim Fee Period. Each Professional shall file its first Interim Fee Application on or before July 15, 2015, and the first Interim Fee Application shall cover the Interim Fee Period from the Petition Date through and including May 31, 2015. Objections, if any, to the Interim Fee Applications shall be filed and served upon the affected Professional

3

and the Notice Parties so as to be received on or before the twentieth (20th) day (or the next business day if such day is not a business day) following service of the Interim Fee Application.

(e)    The Debtors shall request that this Court schedule a hearing on Interim Fee Applications at least once every three (3) months or at such other intervals as this Court deems appropriate.  The Court, in its discretion, may approve an uncontested Interim Fee Application without the need for a hearing, upon the Professional's filing of a CNO.  Upon allowance by the Court of a Professional's Interim Fee Application, the Debtors shall be authorized to promptly pay such Professional all requested fees (including the 20% holdback) and expenses not previously paid.

(f)    The pendency of an Objection to payment of compensation or reimbursement of expenses shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses pursuant to the Compensation Procedures.

(g)    Neither (i) the payment of or the failure to pay, in whole or in part, compensation for services and reimbursement of expenses under the Compensation Procedures nor (ii) the filing of or the failure to file an Objection to any Monthly Fee Application or Interim Fee Application will bind any party in interest or the Court with respect to the allowance of interim or final applications for compensation for services and reimbursement of expenses of Professionals.  All fees and expenses paid to Professionals in accordance with the Compensation Procedures are subject to disgorgement until final allowance by the Court.

(h)    Any Professional that fails to file a Monthly Fee Application or an Interim Fee Application when due shall be ineligible to receive further monthly or interim payments of fees or expenses with respect to any subsequent period until such time as a Monthly Fee Application or an Interim Fee Application covering the prior period is filed and served by the Professional.  There shall be no other penalties for failing to file a Monthly Fee Application or an Interim Fee Application in a timely manner.

(i)    Professionals shall file final applications for compensation and reimbursement (the "Final Fee Applications") by such deadline as may be established in a confirmed chapter 11 plan or in an order of this Court.  All Final Fee Applications shall comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable orders of this Court.

(j)    Copies of all Monthly Fee Applications, Interim Fee Applications, Final Fee Applications, and notices of any hearings thereon (each a "Hearing Notice") must be served upon only the Notice Parties.  All other parties who file a request for service of notices pursuant to Bankruptcy Rule 2002 shall be entitled to receive only a copy of a Hearing Notice in connection with each Monthly Fee Application, each Interim Fee Application, and each Final Fee Application.

Notice given in accordance with this Order is deemed sufficient and adequate and in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

3.      Each member of a Committee be permitted to submit statements of expenses (excluding third-party legal fees and expenses of individual Committee members) and supporting vouchers to the Committee's counsel, which counsel will collect and submit the Committee members' requests for reimbursement in accordance with the Compensation Procedures; provided, however, that Committee members' requests for reimbursement of attorneys' fees and expenses must be made by separate application and scheduled for hearing upon proper notice.

4.      Service of the Monthly Fee Applications, Interim Fee Applications, final fee applications and Hearing Notices is approved as follows:  (i) the Notice Parties shall be entitled to receive the Monthly Fee Applications, Interim Fee Applications, final fee applications, and notices of any hearing thereon and (ii) the parties in interest requesting notice pursuant to Bankruptcy Rule 2002 shall be entitled to receive only Hearing Notices.

5.      The Debtors will include all payments made to Professionals in accordance with the Compensation Procedures in their monthly operating reports identifying the amounts paid to each Professional.

6.      Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

7.      All time periods set forth in this order shall be calculated in accordance with Bankruptcy Rule 9006(a).

8.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

5

9.      The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2015
          Wilmington, Delaware

_____
BRENDAN L. SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE