# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>THE STANDARD REGISTER COMPANY, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-10541 (BLS)<br><br>Jointly Administered<br><br>Hearing Date: April 13, 2015 at 10:00 a.m. (ET)<br>Obj. Deadline: April 6, 2015 at 4:00 p.m. (ET) |

## DEBTORS' MOTION FOR ORDER AUTHORIZING THE EMPLOYMENT AND PAYMENT OF PROFESSIONALS USED IN THE ORDINARY COURSE OF BUSINESS

The Standard Register Company ("Standard Register") and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") hereby move this Court (the "Motion") for entry of an order, substantially in the form annexed hereto as Exhibit A, pursuant to sections 105, 327, 328, 330, and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure for the District Court of Delaware (the "Local Rules") authorizing the Debtors to employ and pay professionals used in the ordinary course of business pursuant to the procedures and limitations proposed herein. In support of the Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

01:16830318.1

**JURISDICTION AND VENUE**

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b), and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 105, 327, 328, 330, and 331 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rule 2014-1.

**BACKGROUND**

**A.    General Background**

2.  On March 12, 2015 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court"). Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are continuing to manage their financial affairs as debtors in possession. No trustee, examiner, or official committee of unsecured creditors has been appointed in these chapter 11 cases (the "Chapter 11 Cases").

3.  Information regarding the Debtors' history and business operations, capital structure and primary secured indebtedness, and the events leading up to the commencement of these Chapter 11 Cases is set forth in the *Declaration of Kevin Carmody in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* [Docket No. 2] (the "First Day Declaration"), which was filed on the Petition Date.

**B.    Ordinary Course Professionals**

4.    The Debtors employ various attorneys, accountants, auditors, and other professionals in the ordinary course of their business (each an "Ordinary Course Professional" and collectively, the "Ordinary Course Professionals").  These Ordinary Course Professionals provide services for the Debtors in a variety of matters related to the day-to-day operations of the Debtors' business, unrelated to these Chapter 11 Cases, including specialized legal services, accounting services, auditing and tax services, and certain consulting services.  A nonexclusive list of the Debtors' current Ordinary Course Professionals (the "OCP List") is annexed hereto as Exhibits B-1 and B-2.  The Debtors reserve the right to supplement the OCP List as necessary in the course of these Chapter 11 Cases, subject to the procedures set forth herein.

5.    The Ordinary Course Professionals have extensive background knowledge, expertise, and familiarity with the Debtors and their business operations.  The continued employment and compensation of the Ordinary Course Professionals is in the best interests of the Debtors' estates, their creditors, and other parties in interest.  In light of the substantial number of Ordinary Course Professionals, and the significant costs associated with the preparation of employment applications for professionals who will receive relatively modest fees, the Debtors submit that it would be impractical and inefficient for the Debtors and their legal advisors to prepare and submit individual applications and proposed retention orders for each Ordinary Course Professional.

6.    In contrast, individual retention applications will be required for any professionals that the Debtors seek to employ in connection with the conduct of the Chapter 11 Cases or in connection with special matters not appropriate for ordinary course treatment (collectively, the "Chapter 11 Professionals").  Moreover, the Chapter 11 Professionals will be permitted to be compensated and reimbursed only in accordance with applicable provisions of the Bankruptcy

Code, the Bankruptcy Rules, the Local Rules, the United States Trustee Fee Guidelines (the "UST Fee Guidelines"), and any orders entered in these Chapter 11 Cases governing professional compensation and reimbursement for services rendered and expenses incurred.

## RELIEF REQUESTED

7. By this Motion, the Debtors seek entry of an order authorizing the Debtors to employ and compensate the Ordinary Course Professionals listed on the OCP List in accordance with the OCP Procedures, without the need for each Ordinary Course Professional to file a formal application for retention and compensation pursuant to sections 327, 328, and 330 of the Bankruptcy Code.

## THE PROPOSED OCP PROCEDURES

8. The Debtors request that the Court approve the following procedures for the retention and payment of the Ordinary Course Professionals (the "OCP Procedures"):

   (a) The Debtors shall be authorized to pay, without formal application to the Court by any Ordinary Course Professional, 100% of the fees and disbursements requested by each Ordinary Course Professional retained by the Debtors pursuant to the OCP Procedures upon submission to the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered after the Petition Date; provided, however, that fees paid to Ordinary Course Professionals, excluding costs and disbursements, may not exceed (a) $50,000 per month per each Ordinary Course Professional listed on Exhibit B-1 hereto, calculated as an average over a rolling three-month period while these Chapter 11 Cases are pending or (b) $25,000 per month per each Ordinary Course Professional listed on Exhibit B-2 hereto, calculated as an average over a rolling three-month period while these Chapter 11 Cases are pending (each an "OCP Cap" and together, the "OCP Caps").

   (b) Any payments to an Ordinary Course Professional in excess of the OCP Caps shall be subject to prior approval of the Court in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the UST Fee Guidelines, and any applicable orders of the Court.

   (c) Aggregate payments to the Ordinary Course Professionals for services other than audit services shall not exceed $100,000 per month without the consent of Silver Point Finance, LLC, as administrative agent under that certain Super-

Priority Priming Debtor in Possession Delayed Draw Term Loan Credit Agreement dated as of March 12, 2015.

(d)     Each Ordinary Course Professional on the OCP List that is an attorney shall file and serve a declaration of disinterestedness substantially in the form annexed hereto as Exhibit C-1 (the "Attorney OCP Declaration") and each Ordinary Course Professional on the OCP List that is a non-attorney shall file and serve a declaration of disinterestedness substantially in the form annexed hereto as Exhibit C-2 (the "Professional OCP Declaration" together with the Attorney Declaration, a "Declaration of Disinterestedness").  Each Ordinary Course Professional shall file and serve, at least 14 calendar days prior to submitting an invoice to the Debtors, a Declaration of Disinterestedness upon:  (i) the Standard Register Company, 600 Albany Street, Dayton, OH 45417 (Attn: Kevin Carmody, CRO), (ii) the attorneys for the Debtors, (A) Gibson, Dunn & Crutcher LLP, 333 South Grand Avenue, Los Angeles, CA 90071 (Attn: Robert A. Klyman) and (B) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801 (Attn: Michael R. Nestor); (iii) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Mark Kenney); (iv) counsel to any statutory committee appointed in the Chapter 11 Cases; and (v) counsel for Silver Point Finance, LLC, Skadden, Arps, Slate, Meagher & Flom LLP, 155 N. Wacker Drive, Chicago, IL 60606-1720 (Attn: Ron E. Meisler) (collectively, the "Notice Parties").

(e)     The Notice Parties shall have 10 days after the date of filing of each Ordinary Course Professional's Declaration of Disinterestedness (the "Objection Deadline") to object to the retention of such Ordinary Course Professional.  The objecting party shall file any such objection and serve such objection upon the Notice Parties and the respective Ordinary Course Professional on or before the Objection Deadline.  If any such objection cannot be resolved within 10 days of its receipt, the matter shall be scheduled for hearing before the Court at the next regularly scheduled omnibus hearing date that is no less than 10 days from that date or on a date otherwise agreeable to the parties.  The Debtors shall not be authorized to retain and pay such Ordinary Course Professional until all outstanding objections have been withdrawn, resolved, or overruled by order of the Court.

(f)     If no objection is received from any of the Notice Parties by the Objection Deadline with respect to any particular Ordinary Course Professional, the Debtors shall be authorized to retain such Ordinary Course Professional as of the date such Ordinary Course Professional commenced providing services to the Debtors and pay such Ordinary Course Professional as set forth below.

(g)     Within thirty (30) calendar days after the end of, and with respect to, each full three (3) month after the Petition Date (including any initial partial month in the first period), the Debtors shall file with the Court and serve on the Notice Parties a statement with respect to each Ordinary Course Professional paid during

such period.  Each Ordinary Course Professional's statement shall include the following information:  (i) the name of the Ordinary Course Professional; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that Ordinary Course Professional during the reported quarter; and (iii) a general description of the services rendered by that Ordinary Course Professional.

(h) The Debtors reserve the right to retain additional Ordinary Course Professionals from time to time during these Chapter 11 Cases by (i) including such Ordinary Course Professionals on an amended or supplemental OCP List that is filed with the Court and served on the Notice Parties and (ii) having such additional Ordinary Course Professionals comply with the OCP Procedures.

**BASIS FOR RELIEF REQUESTED**

9. The Debtors represent that (a) the retention of the Ordinary Course Professionals is necessary for the day-to-day operations of the Debtors' businesses, (b) expenses for the Ordinary Course Professionals will be monitored, and (c) the Ordinary Course Professionals will not perform substantial services related to the administration of the Chapter 11 Cases without filing an application with the Court for separate retention as a non-ordinary course professional.

10. Bankruptcy Code section 327(a) requires a debtor to obtain court approval to retain and employ a "professional" to assist the debtor in the conduct of its chapter 11 case. *See* 11 U.S.C. § 327(a). According to the prevailing case law in this District, the following factors are used to determine whether an entity is a "professional" within the meaning of section 327(a):

(a) whether the entity controls, manages, administers, invests, purchases or sells assets that are significant to the debtor's reorganization;

(b) whether the entity is involved in negotiating the terms of a plan of reorganization;

(c) whether the entity is directly related to the type of work carried out by the debtor or to the routine maintenance of the debtor's business operations;

(d) whether the entity is given discretion or autonomy to exercise his or her own professional judgment in some part of the administration of the debtor's estate;

   (e) the extent of the entity's involvement in the administration of the debtor's estate; and

   (f) whether the entity's services involve some degree of special knowledge or skill, such that it can be considered a "professional" within the ordinary meaning of the term.

*See, e.g., In re Am. Tissue, Inc.*, 331 B.R. 169, 173 (Bankr. D. Del. 2005); *In re First Merchants Acceptance Corp.*, 1997 WL 873551, at *2 (D. Del. Dec. 15, 1997) (defining "professionals" within the meaning of section 327 as those whose "occupations . . . play a central role in the administration of the debtor proceeding, and not those occupations which are [merely] involved in the day-to-day mechanics of the debtor's business . . . [or those who are] given discretion or autonomy in some part of administration of the debtor's estate"). These factors must be considered in the totality of the circumstances; none of the factors alone is dispositive. *See In re First Merchants*, 1997 WL 873551, at *3.

  11. Considering all of these factors, the Debtors believe that the Ordinary Course Professionals are not "professionals," whose retention must be approved by the Court, within the meaning of Bankruptcy Code section 327(a). In particular, the Ordinary Course Professionals will not be involved in the administration of the Chapter 11 Cases, but instead will provide services in connection with the Debtors' ongoing business operations that are ordinarily provided by non-bankruptcy professionals. Nevertheless, out of an abundance of caution, the Debtors seek the relief requested in this Motion to avoid any subsequent controversy as to the Debtors' employment and payment of the Ordinary Course Professionals during the Chapter 11 Cases. The Debtors will seek specific authority from this Court under Bankruptcy Code section 327 to retain any professionals involved in the conduct of these Chapter 11 Cases.

  12. The Debtors and their estates would be well served by the continued retention of the Ordinary Course Professionals because of their prior relationships with the Debtors and their

understanding of the Debtors' operations. Moreover, in light of the substantial number of Ordinary Course Professionals and the significant costs associated with the preparation of retention applications for professionals who will receive relatively modest fees, the Debtors submit that it would be impractical, inefficient, and extremely costly for the Debtors and their legal advisors to prepare and submit individual applications and proposed retention orders for each Ordinary Course Professional. The time delay attendant to such a process would also be potentially disruptive to the professional services that are required for the day-to-day operation of the Debtors' business. Therefore, the Debtors submit that it is in the best interests of all creditors and parties in interest to avoid any disruption in the services provided by the Ordinary Course Professionals.

13. Although some of the Ordinary Course Professionals may hold unsecured claims against the Debtors in connection with services rendered to the Debtors prepetition, the Debtors do not believe that any of the Ordinary Course Professionals have an interest materially adverse to the Debtors, their creditors, or other parties in interest. Moreover, the OCP Procedures require each Ordinary Course Professional to file a Declaration of Disinterestedness to be eligible for compensation.

14. Courts in this district and elsewhere have granted the same or similar relief to chapter 11 debtors in other large chapter 11 cases. *See, e.g., In re USEC Inc.,* No. 14-10475 (CSS) (Bankr. D. Del. Mar. 36, 2014); *In re Tuscany International Holdings (U.S.A.) Ltd.,* No. 14-10193 (KG) (Bankr. D. Del. Mar. 21, 2014); *In re Fisker Auto. Holdings, Inc.,* No. 13-13087 (KG) (Bankr. D. Del. Dec. 30, 2013); *In re A123 Sys., Inc.,* Case No. 12-12859 (KJC) (Bankr. D. Del. Nov. 7, 2012); *In re Vertis Holdings, Inc.,* Case No. 12-12821 (CSS) (Bankr. D. Del. Nov. 20, 2012); *In re Digital Domain Media Group, Inc.,* Case No. 12-12568 (BLS) (Bankr. D. Del.

Oct. 31, 2012); *In re Ritz Camera & Image, L.L.C.,* Case No. 12-11868 (KG) (Bankr. D. Del. Aug. 24, 2012); *In re WP Steel Venture LLC,* Case No. 12-11661 (KJC) (Bankr. D. Del. June 19, 2012); *In re Traffic Control and Safety Corp.,* Case No. 12-11287 (KJC) (Bankr. D. Del. May 7, 2012).

## **NOTICE**

15. The Debtors shall provide notice of this Motion to: (a) the Office of the United States Trustee for the District of Delaware; (b) holders of the 50 largest unsecured claims on a consolidated basis against the Debtors; (c) counsel for Silver Point Finance, LLC, in its capacity as administrative agent under the Debtors' First Lien Credit Agreement and Second Lien Credit Agreement; (d) counsel for Bank of America, N.A., in its capacity as administrative agent under the Debtors' Amended and Restated Loan and Security Agreement; (e) counsel to the agents under the Debtors' debtor-in-possession financing facilities; (f) all parties that have filed a request for notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002; and (g) the Ordinary Course Professionals. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated:  March 23, 2015
       Wilmington, Delaware

*/s/ Kara Hammond Coyle*
Michael R. Nestor (No. 3526)
Kara Hammond Coyle (No. 4410)
Maris J. Kandestin (No. 5294)
Andrew Magaziner (No. 5426)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
mnestor@ycst.com
kcoyle@ycst.com
mkandestin@ycst.com
amagaziner@ycst.com

-and-

Robert A. Klyman (CA No. 142723)
Samuel A. Newman (CA No. 217042)
Jeremy L. Graves (CO No. 45522)
Sabina Jacobs (CA No. 274829)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-1512
Telephone: (213) 229-7000
Facsimile: (213) 229-7520
rklyman@gibsondunn.com
snewman@gibsondunn.com
jgraves@gibsondunn.com
sjacobs@gibsondunn.com

*Proposed Counsel to the Debtors and Debtors in Possession*