## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, *et al.*,[1] | Case No. 15-10541 (BLS) |
| Debtors. | Jointly Administered |
| | **Hearing Date: April 13, 2015 at 10:00 a.m. (ET)**<br>**Obj. Deadline: April 6, 2015 at 4:00 p.m. (ET)** |

## DEBTORS' MOTION FOR ORDER EXTENDING
## THE TIME TO FILE SCHEDULES AND STATEMENTS

The Standard Register Company ("Standard Register") and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") hereby move this Court (the "Motion") for entry of an order , substantially in the form annexed hereto as Exhibit A, pursuant to sections 105(a) and 521(a)(1)(B) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 1001-1(c) and1007-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), extending the time within which the Debtors must file their schedules and statements of financial affairs by thirty (30) days, for a total of sixty (60) days from the Petition Date (as defined below).  In support of this Motion, the Debtors respectfully represent as follows:

---

[1]  The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001).  The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b), and the *Amended Standing Order of Reference* of the United States District Court for the District of Delaware dated as of February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b) and pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief requested herein are sections 105(a) and 521(a)(1)(B) of the Bankruptcy Code, Bankruptcy Rule 1007, and Local Rules 1001-1(c) and1007-1(b).

## BACKGROUND

2. On March 12, 2015 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court").  Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are continuing to manage their financial affairs as debtors in possession.  No trustee, examiner, or official committee of unsecured creditors has been appointed in these chapter 11 cases (the "Chapter 11 Cases").

3. Information regarding the Debtors' history and business operations, capital structure and primary secured indebtedness, and the events leading up to the commencement of these Chapter 11 Cases is set forth in the *Declaration of Kevin Carmody in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* [Docket No. 2] (the "First Day Declaration"), which was filed on the Petition Date.

## RELIEF REQUESTED

4.     The Debtors seek entry of an order extending the time within which the Debtors must file their schedule of assets and liabilities, schedules of current income and expenditures, schedules of executory contracts and unexpired leases, and statements of financial affairs by thirty (30) days (for a total of sixty (60) days after the Petition Date), without prejudice to the Debtors seeking further extensions of such time.

## BASIS FOR RELIEF REQUESTED

5.     Bankruptcy Rule 1007(b) and (c) requires a chapter 11 debtor to file, within fourteen (14) days of its petition date (the "Schedules Deadline"), (a) a schedule of assets and liabilities, (b) a schedule of current income and expenditures, (c) a schedule of executory contracts and unexpired leases, and (d) a statement of financial affairs (collectively, the "Schedules and Statements"). Local Rule 1007-1(b) automatically extends the Schedules Deadline to thirty (30) days from the petition date for a voluntary chapter 11 debtor that has more than 200 creditors, provided that the debtor's petition is accompanied by a list of all such creditors and their addresses (the "Creditor List"). Bankruptcy Rule 1007(c) and Local Rule 1007-1(b) permit the court to further extend the Schedules Deadline "for cause."

6.     In these Chapter 11 Cases, the Debtors (a) filed voluntary chapter 11 petitions, (b) filed a Creditor List along with their petitions, and (c) have more than 200 creditors. Accordingly, Bankruptcy Rule 1007(c) and Local Rule 1007-1(b) require the Debtors to file their Schedules and Statements within 30 days of the Petition Date.

7.     The Debtors respectfully submit that cause exists to extend the Debtors' time to file the Schedules and Statements. To complete the Schedules and Statements, the Debtors must collect, review, and assemble a substantial amount of information. The Debtors estimate that they have more than 50,000 creditors (including current and former employees). To conduct

their business operations, the Debtors maintain voluminous books and records and complex accounting systems.  Given the size and complexity of their business operations, the number of creditors, the fact that certain prepetition invoices have likely not yet been received, and the extensive efforts that the Debtors' management and other professionals have devoted towards preparations for filing these Chapter 11 Cases, the Debtors have been unable to compile all of the information required to complete the Schedules and Statements.

8.      Moreover, given the urgency with which the Debtors have sought chapter 11 relief and the numerous critical operational matters that the Debtors' accountants and legal personnel must address in the early days of the Chapter 11 Cases, the Debtors will not be in a position to complete the Schedules and Statements by the Schedules Deadline.  Nevertheless, recognizing the importance of the Schedules and Statements in these Chapter 11 Cases, the Debtors intend to complete the Schedules and Statements as quickly as possible under the circumstances.

9.      Accordingly, the Debtors respectfully request that the Court further extend the Schedules Deadline by an additional thirty (30) days (for a total of sixty (60) days from the Petition Date) without prejudice to the Debtors' right to seek further extensions of such period upon a showing of cause pursuant to Bankruptcy Rule 1007 and Local Rule 1007-1(b).  In light of the substantial size, scope, and complexity of these Chapter 11 Cases and the volume of material that must be compiled and reviewed by the Debtors' staff and professionals in order to complete the Schedules and Statements for the Debtors during the hectic early days of these Chapter 11 Cases, there is ample "cause" justifying the requested extension.

10.      The additional time requested herein also should help ensure that the Schedules and Statements are as accurate as possible.  Rushing to complete the Schedules and Statements

so soon after the Petition Date would likely compromise the completeness and accuracy of the Schedules and Statements.

11.     Courts in this district have routinely found cause to extend the deadlines imposed by Bankruptcy Rule 1007 and Local Rule 1007-1(b).  *See, e.g., In re Optim Energy, LLC*, Case No. 14-10262 (BLS) (Bankr. D. Del. Mar. 13, 2014) (granting 30-day extension of time for filing schedules and statements); *In re Sorenson Commc'ns, Inc.*, Case No. 14-10454 (BLS) (Bankr. D. Del. Mar. 3, 2014) (same); *In re Physiotherapy Holdings, Inc.*, No. 13-12965 (KG) (Bankr. D. Del. Dec. 6, 2013) (granting 64-day extension to file schedules and statements); *In re Longview Power, LLC*, No. 13-12211 (BLS) (Bankr. D. Del. Nov. 12, 2013) (granting 74-day extension to file schedules and statements); *In re OnCure Holdings, Inc.*, Case No. 13-11540 (KG) (Bankr. D. Del. July 23, 2013) (granting 30-day extension of time for filing schedules and statements, for a total of 60 days from petition date); *In re Synagro Techs., Inc.*, Case No. 13-11041 (BLS) (Bankr. D. Del. Apr. 25, 2013) (same); *In re Dex One Corp.*, No. 13-10533 (KG) (Bankr. D. Del. Mar. 18, 2013) (granting 60-day extension to file schedules and statements); *In re Overseas Shipholding Grp., Inc.*, Case No. 12-20000 (PJW) (Bankr. D. Del. Nov. 15, 2012) (granting 75-day extension to file schedules and statements).

## NOTICE

12.     The Debtors have provided notice of this Application to: (i) the Office of the United States Trustee for the District of Delaware; (ii) holders of the 50 largest unsecured claims on a consolidated basis against the Debtors; (iii) counsel for Silver Point Finance, LLC, in its capacity as administrative agent under the Debtors' First Lien Credit Agreement and Second Lien Credit Agreement; (iv) counsel for Bank of America, N.A., in its capacity as administrative agent under the Debtors' Amended and Restated Loan and Security Agreement; (v) counsel to the agents under the Debtors' proposed debtor-in-possession financing facility; and (vi) all

parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested

herein and such other and further relief as the Court may deem just and proper.

Dated:    March 23, 2015
          Wilmington, Delaware                 */s/ Kara Hammond Coyle*_____
                                               Michael R. Nestor (No. 3526)
                                               Kara Hammond Coyle (No. 4410)
                                               Maris J. Kandestin (No. 5294)
                                               Andrew Magaziner (No. 5426)
                                               YOUNG CONAWAY STARGATT & TAYLOR, LLP
                                               Rodney Square
                                               1000 North King Street
                                               Wilmington, Delaware 19801
                                               Telephone: (302) 571-6600
                                               Facsimile: (302) 571-1253
                                               mnestor@ycst.com
                                               kcoyle@ycst.com
                                               mkandestin@ycst.com
                                               amagaziner@ycst.com

                                               -and-

                                               Robert A. Klyman (CA No. 142723)
                                               Samuel A. Newman (CA No. 217042)
                                               Jeremy L. Graves (CO No. 45522)
                                               Sabina Jacobs (CA No. 274829)
                                               GIBSON, DUNN & CRUTCHER LLP
                                               333 South Grand Avenue
                                               Los Angeles, CA 90071-1512
                                               Telephone: (213) 229-7000
                                               Facsimile: (213) 229-7520
                                               rklyman@gibsondunn.com
                                               snewman@gibsondunn.com
                                               jgraves@gibsondunn.com
                                               sjacobs@gibsondunn.com

                                               *Proposed Counsel to the Debtors and*
                                               *Debtors in Possession*