**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re*:<br><br>The Standard Register Company, *et al.*,[1] | Chapter 11<br>Case No. 15-10541-BLS<br>(Jointly Administered)<br>**Hearing: April 1, 2015 at 10:00 a.m. (ET)**<br>**Re: Docket Nos. 14 & 58** |

**LIMITED OBJECTION BY VOLT CONSULTING GROUP, LTD. TO THE DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING PAYMENT OF CERTAIN PREPETITION WORKFORCE CLAIMS, INCLUDING WAGES, SALARIES AND OTHER COMPENSATION, (II) AUTHORIZING PAYMENT OF CERTAIN EMPLOYEE BENEFITS AND CONFIRMING RIGHT TO CONTINUE EMPLOYEE BENEFITS ON POSTPETITION BASIS, (III) AUTHORIZING PAYMENT OF REIMBURSEMENT TO EMPLOYEES FOR EXPENSES INCURRED PREPETITION, (IV) AUTHORIZING PAYMENT OF WITHHOLDING AND PAYROLL-RELATED TAXES, (V) AUTHORIZING PAYMENT OF WORKERS' COMPENSATION OBLIGATIONS, AND (VI) AUTHORIZING PAYMENT OF PREPETITION CLAIMS <u>OWING TO ADMINISTRATORS AND THIRD PARTY PROVIDERS</u>**

Volt Consulting Group, Ltd. ("Volt"), by and through its undersigned counsel, hereby files this limited objection (the "Objection") to the *Debtors' Motion For Entry of Interim And Final Orders (I) Authorizing Payment of Certain Prepetition Workforce Claims, Including Wages, Salaries And Other Compensation, (II) Authorizing Payment of Certain Employee Benefits And Confirming Right To Continue Employee Benefits on Postpetition Basis, (III) Authorizing Payment of Reimbursement To Employees For Expenses Incurred Prepetition, (IV) Authorizing Payment of Withholding And Payroll-Related Taxes, (V) Authorizing Payment of Workers' Compensation Obligations, And (VI) Authorizing Payment of Prepetition Claims*

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company, Standard Register Technologies, Inc., Standard Register International, Inc., iMedConsent, LLC, Standard Register or Puerto Rico Inc., Standard Register Mexico Holding Company, Standard Register Holding, S. de R.L. de C.V., Standard Register de Mexico, S. de R.L. de C.V., Standard Register Servicios, S. de R.L. de C.V., and Standard Register Technologies Canada ULC.

1

*Owing To Administrators And Third Party Providers* (the "Motion") [D.I. 14], and in support thereof respectfully represents as follows:

## BACKGROUND

1. Volt manages approximately thirty-five (35) staffing companies (the "Vendors") that supply contract workers to the Debtors. Volt oversees the invoicing, billing, coordination, and – most importantly – payment of these Vendors for Debtors. In exchange, Volt receives a management fee of approximately three percent (3%).

2. Volt is owed over $2 million by the Debtors from before the petition date. With the exception of its management fee, Volt would have paid this money to the Vendors. Regardless of whether Volt is paid by the Debtors, the Vendors are required by state law to pay the Debtors' contract workers. Thus, the Debtors' non-payment of Volt has had (and continues to have) a knock-on effect that filters down to the Vendors and, ultimately, the Debtors' contract workers.

## LIMITED OBJECTION

3. According to the Motion, "[t]he Debtors…regularly utilize the services of contract workers…to provide a variety of…services." *See*, Motion (D.I. 14), at ¶ 5. "The Contract Workers are provided by Volt…in the U.S. and Integrated Human Resource Planning S.C. ('Integrated HR') in Mexico[.]" *Id.*

4. Volt has no relationship with Integrated HR. However, in requesting payment of the pre-petition wages owed to the Debtors' contract workers, the Motion states, in relevant part:

> [T]he Debtors estimate that the *aggregate* amount owing to Volt and Integrated HR on account of the Contract Workers for services performed prior to the Petition Date is approximately $1.9 million[.] *See*, Motion (D.I. 14), at ¶ 15. (emphasis added)

5. First, by aggregating the amounts owed to Volt and Integrated HR, there is no way to tell how much the Debtors propose paying Volt. Second, as of the petition date Volt was

2

actually owed at least $2,012,495.93.  As such, whatever may be owed to Integrated HR, the Motion does not allocate sufficient funds to pay the pre-petition wages of the contract workers managed by Volt.  Finally, the Debtors seek to preserve discretion concerning whether to pay *anything* to the contract workers provided by Volt.  *See*, Motion (D.I. 14), at ¶ 15.

### **RELIEF REQUESTED**

6.    As the Motion acknowledges, "[t]he Debtors would be irreparably harmed without the services of the Contract Workers because such parties play a critical role in the Debtors' day-to-day operations[.]"  *See*, Motion (D.I. 14), at ¶ 15.  As such, it is respectfully submitted the Debtors should be required – rather than given an *option* – to pay a minimum of $2,012,495.93 to Volt for the pre-petition wages of the contract workers managed by Volt.  Otherwise, Volt's Vendors will suffer serious financial harm from which many will not recover, and whose owners may face personal liability under state labor laws.  Volt, in turn, will likely be exposed to years of expensive litigation due to the losses faced by the Vendors.

7.    Pursuant to Local Rule 9013-1(h), Volt consents to the entry of final orders by this Court if it is determined that the Court, absent consent of the parties, cannot enter final orders consistent with Article III of the United States Constitution.

[*Signature page follows*]

Dated: Wilmington, Delaware
March 25, 2014

Respectfully submitted,

*/s/ Peter M. Sweeney*
Peter M. Sweeney (DE # 3671)
BLAKELEY LLP
1000 N. West Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 415-9908
Email: psweeney@blakeleyllp.com

– and –

David M. Mannion[*]
BLAKELEY LLP
54 W. 40th Street
New York, NY 10018
Telephone: (917) 472-9587
Email: dmannion@blakeleyllp.com

*Attorneys for Ad Hoc Committee of Section 503(b)(9) Creditors*

[*]Motion for admission *pro hac vice* filed concurrently.