## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>THE STANDARD REGISTER COMPANY, *et al*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-10541 (BLS)<br><br>(Jointly Administered)<br><br>**Hearing Date: May 12, 2015 at 10:00 a.m. (ET)**<br>**Objections Due: April 17, 2015 at 4:00 p.m. (ET)** |

### MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER ESTABLISHING PROCEDURES FOR COMPLIANCE WITH 11 U.S.C. §§ 1102(b)(3) AND 1103(c)

The official committee of unsecured creditors (the "Committee") of The Standard Register Company and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), hereby submits this motion (the "Motion") for entry of an order establishing procedures for compliance with sections 1102(b)(3) and 1103(c) of title 11 of the United States Code (the "Bankruptcy Code"). In support of the Motion, the Committee states as follows:

### JURISDICTION

1. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* dated February 29, 2012 (Sleet, C.J.). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief requested herein are sections 105(a), 107(b)(1), 1102(b)(3) and 1103(c) of the Bankruptcy Code.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

**BACKGROUND**

3. On March 12, 2015 (the "Petition Date"), each of the Debtors filed a voluntary petition (collectively, the "Chapter 11 Cases") for relief under chapter 11 of title 11 the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware.

4. Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are continuing to manage their financial affairs as debtors in possession.

5. On March 24, 2015 (the "Formation Date"), the Office of the United States Trustee appointed the Committee pursuant to section 1102(a)(1) of the Bankruptcy Code. On the same day, the Committee retained Lowenstein Sandler LLP to serve as its counsel. Thereafter the Committee retained Polsinelli PC to serve as its Delaware bankruptcy counsel. No trustee or examiner has been appointed in the Debtors' bankruptcy cases.

6. Information regarding the Debtors' history and business operations, capital structure and primary secured indebtedness, and the events leading up to the commencement of these Chapter 11 Cases, can be found in the *Declaration of Kevin Carmody in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* [Docket No. 2] (the "First Day Declaration").

**RELIEF REQUESTED**

7. The Committee seeks an order, effective as of the Formation Date, (i) clarifying that section 1102(b)(3) of the Bankruptcy Code does not require the Committee to disseminate proprietary, non-public confidential information (the "Confidential Information") concerning the Debtors, and (ii) deeming the Committee and its advisors to be in compliance with section 1102(b)(3) of the Bankruptcy Code as a result of the implementation of certain procedures described herein (the "Procedures").

8. The relief requested in this Motion carefully balances the Debtors' interest in safeguarding Confidential Information from public dissemination with the Committee's interest in performing its statutory obligations.

9. The Committee's counsel intends to establish a website (the "<u>Website</u>") to make certain non-confidential information available to general unsecured creditors. The Website address will be: <u>http://www.omnimgt.com/SBLite/StandardRegistar</u>.[2]

10. The information available on the Website will include, but is not limited to: (i) the Petition Date, the case number, and general information about the Debtors' Chapter 11 Cases; (ii) the contact information for the Debtors, the Debtors' professionals, the Committee, and the Committee's professionals; (iii) information regarding significant events in the Chapter 11 Cases and relevant deadlines, including the claims bar date and any pleadings that are relevant thereto; (iv) any press releases issued by the Committee or the Debtors; (v) general case information, which will be updated periodically; and (vi) any other information that the Committee, in its sole discretion, deems appropriate, subject to the restrictions and limitations imposed by the Court.

11. Additionally, the Website will allow general unsecured creditors to send questions and comments in connection with the Chapter 11 Cases (the "<u>E-mail</u>

---

[2] In an effort to be cost effective, the Committee will use the services of Rust Omni ("<u>Rust Omni</u>"), a vendor specializing in the creation and maintenance of such websites. As the Committee's proposed bankruptcy counsel, Lowenstein Sandler LLP will pay Rust Omni's invoices and then seek reimbursement of same through subsequently filed fee applications. The same procedures have been used by committee counsel in *In re Universal Cooperatives, Inc.*, Case No, 14-11187 (MFW) (Bankr. D. Del. Jul. 8, 2014); *In re Gridway Energy Holdings*, Case No. 14-10833 (CSS) (Bankr. D. Del. Jun. 27, 2014); *In re Exide Technologies, et al.,* Case No. 13-11482 (Bank. D. Del. June 6, 2013), *In re Handy Hardware Wholesale, Inc.,* Case No. 13-10060 (Bankr. D. Del. Feb. 25, 2013); *In re Hussey Copper Corp., et al.,* Case No. 11-13010 (Bankr. D. Del. Dec. 8, 2011), *In re Manistique Papers, Inc.,* Case No. 11-12562 (Bankr. D. Del. Nov. 28, 2011), *Chef Solutions Holdings, LLC, et al.,* Case No. 11-13139 (Bankr. D. Del. Nov. 13, 2011), *American Safety Razor Company, LLC, et al.,* Case No. 10-12351 (Bankr. D. Del. Sept. 13, 2010) and *In re Sonix Medical Resources Inc.* Case No. 09-77781 (Bankr. E.D.N.Y).

Correspondence"). Any written communication with general unsecured creditors with respect to E-mail Correspondence will be made by the Committee's counsel, in their reasonable discretion.

## BASIS FOR RELIEF REQUESTED

12. Section 1102 of the Bankruptcy Code requires the dissemination of information to creditors holding unsecured claims but who are not appointed to the creditors' committee. The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 enacted section 1102(b)(3), which requires creditors' committees to "provide access to information for creditors who (i) hold claims of the kind represented by that committee; and (ii) are not appointed to the committee." 11 U.S.C. § 1102(b)(3)(A).

13. Because section 1102(b)(3)(A) omits a precise definition of the scope of information that creditors' committees must make available to creditors, the specific disclosure requirements of section 1102(b)(3)(A) remain unclear. *See In re Refco Inc.*, 336 B.R. 187, 190 (Bankr. S.D.N.Y. 2006).

14. The legislative history of section 1102(b)(3) likewise fails to describe, limit, or provide any interpretative guidance. The House Report merely states that:

> Section 405(b) requires the committee to give creditors having claims of the kind represented by the committee access to information. In addition, the committee must solicit and receive comments from these creditors, and pursuant to court order, make additional reports or disclosures available to them.

*See* H.R. Rep. No. 109-31, Pt. 1, 109th Cong. 1st Sess. 87 (2005).

15. A broad reading of section 1102(b)(3) requires creditors' committees to provide access to and disclose all information received in connection with the bankruptcy case regardless of whether the request seeks confidential or privileged information. This broad interpretation of section 1102(b)(3) often creates tension between debtors and creditors' committees to the extent that creditors seek access to confidential or proprietary information.

16. Moreover, an overly broad reading of "section 1102(b)(3)(A) might . . . impose an obligation contrary to other applicable laws and the [c]ommittee's fiduciary duties and hamper the [c]ommittee's performance under section 1103 of the Bankruptcy Code." *Refco*, 336 B.R. at 190.

17. Section 1103(c) of the Bankruptcy Code sets forth the primary duties of the creditors' committees, including, but not limited to, investigating the acts of the Debtors and participating in the formulation of a plan. To properly perform its duties under section 1103(c), the Committee must have access to the Debtors' Confidential Information. To facilitate open communication, the Debtors and the Committee are bound by certain confidentiality requirements.

18. The Committee believes that the sharing of <u>all</u> information without limitations would be detrimental to the Debtors' business and ability to maximize value. Among other things, disclosure of business costs and proprietary practices would allow competitors to compete for business in an unfair manner. Moreover, information relating to the Debtors' employees is sensitive in nature, and public disclosure of that information would be damaging to the Debtors' operations. If there was a risk that the Debtors' Confidential Information could be disclosed to any creditor, the Debtors would probably be unwilling to share such information with the Committee. The inability of the Committee to gain access to Confidential Information, in turn, would limit the ability of the Committee to fulfill its statutory obligations under the Bankruptcy Code.

19. The statutory provision requiring creditors' committees to provide unfettered access to information also impacts the attorney-client privilege and work product privilege between a committee and its counsel or other agents. *Cf. In re Baldwin-United Corp.*, 38 B.R. 802, 805 (Bankr. S.D. Ohio 1984) (creditors' committee entitled to protection of

attorney-client privilege). In *Refco*, the court stated that "[m]aintaining confidentiality against unsecured creditors generally may be necessary to preserve the committee's attorney-client privilege." *Refco*, 336 B.R. at 197. The *Refco* court further noted that "one should proceed cautiously concerning the disclosure of information that could reasonably have the effect of waiving the attorney-client or other privilege . . . notwithstanding Bankruptcy Code section 1102(b)(3)." *Id.*

20. Given the magnitude of this issue, the Committee seeks clarification that section 1102(b)(3) of the Bankruptcy Code does not require the Committee to disseminate proprietary, non-public Confidential Information and attorney-client communications concerning the Debtors, and that the Committee and its advisors are in compliance with section 1102(b)(3) of the Bankruptcy Code as a result of the implementation of the Procedures.

21. Various statutory provisions empower this Court to grant the relief requested herein. Section 105(a) of the Bankruptcy Code states that the Court may "issue any order…that is necessary or appropriate to carry out the provisions of this title." The relief requested herein is necessary for the Committee to fulfill its statutory mandates under sections 1102(b)(3) and 1103(c) of the Bankruptcy Code. Because section 1102(b)(3)(A) of the Bankruptcy Code might have a substantial chilling effect on information the Debtors may be willing to share with the Committee, or on the Committee's development of independent analysis, the Committee's request is necessary and appropriate to carry out the provisions of the Bankruptcy Code.

22. Further, section 107(b)(1) of the Bankruptcy Code provides that "on request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information." Section

107(b)(1) and Rule 9018 of the Federal Rules of Bankruptcy Procedure empower this Court to protect the Debtors' Confidential Information from disclosure to general unsecured creditors.

23. Courts in this jurisdiction have granted similar relief to that requested herein. *See, e.g., In re Universal Cooperatives, Inc.*, Case No, 14-11187 (MFW) (Bankr. D. Del. Jul. 8, 2014); *In re Gridway Energy Holdings*, Case No. 14-10833 (CSS) (Bankr. D. Del. Jun. 27, 2014); *In re Exide Technologies, et al.,* Case No. 13-11482 (KJC) (Bank. D. Del. June 6, 2013), *In re Handy Hardware Wholesale, Inc.,* Case No. 13-10060 (MFW) (Bankr. D. Del. Feb. 25, 2013); *In re Hussey Copper Corp., et al.,* Case No. 11-13010 (BLS) (Bankr. D. Del. Dec. 8, 2011), *In re Manistique Papers, Inc.,* Case No. 11-12562 (KJC) (Bankr. D. Del. Nov. 28, 2011), *Chef Solutions Holdings, LLC, et al.,* Case No. 11-13139 (KG) (Bankr. D. Del. Nov. 13, 2011), *In re Sun-Times Media Group, Inc., et al.,* 09-11092 (CSS) (Bankr. D. Del. June 10, 2009), *In re Pliant Corporation, et al.*, 09-10443 (MFW) (Bankr. D. Del. April 1, 2009), *In re AFY Holding Company,* 08-12175 (PJW) (Bankr. D. Del. Oct. 30, 2008), *In re Rehrig International Incorporated,* 08-12064 (KJC) (Bankr. D. Del. Oct. 23, 2008), *In re American LaFrance, LLC*, 08-10178 (BLS) (Bankr. D. Del. Mar. 17, 2008); *In re Domain, Inc.*, 08-10132 (PJW) (Bankr. D. Del. Feb. 20, 2008).

24. The requirements of sections 1102(b)(3) and 1103(c) of the Bankruptcy Code must be properly balanced. The Procedures proposed herein will provide a means for general unsecured creditors to contact the Committee or its counsel and will provide those creditors access to information as required by section 1102(b)(3). However, the Procedures also reflect and take into account the interests of the Debtors in preventing the dissemination of Confidential Information to the general public.

**NOTICE**

25. Notice of this Motion has been provided to (i) the Office of the United States Trustee; (ii) counsel for the Debtors; (iii) counsel to the Debtors' pre-petition and post-petition secured lenders; and (iv) all parties that filed a request for notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Committee respectfully submits that no other or further notice of the Motion is required.

**NO PRIOR REQUEST**

26. No previous motion for the relief requested herein has been made by the Committee to this or any other court.

**WHEREFORE**, the Committee requests the entry of an order, effective as of the Formation Date, (a) deeming the Committee and its advisors to be in compliance with section 1102(b)(3) of the Bankruptcy Code as a result of the implementation of the Procedures, (b) finding that the Committee is not required to share the Debtors' Confidential Information with its constituents, and (c) granting such other related relief as the Court deems just and proper.

Dated: March 28, 2015

**LOWENSTEIN SANDLER LLP**
Kenneth A. Rosen, Esq.
Sharon L. Levine, Esq.
65 Livingston Avenue
Roseland, NJ  07068
Telephone:  (973) 597-2500
Facsimile:  (973) 597-2400

-and –

Gerald C. Bender, Esq.
1251 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 262-6700
Facsimile:  (212) 262-7402

*Proposed Counsel to the Official Committee of Unsecured Creditors*

-9-

-and-

**POLSINELLI PC**

*/s/ Christopher A. Ward*
Christopher A. Ward (Del. Bar No. 3877)
Justin K. Edelson (Del. Bar No. 5002)
Shanti M. Katona (Del. Bar No. 5352)
222 Delaware Avenue, Suite 1101
Wilmington, DE 19801
Telephone: (302) 252-0920
Facsimile: (302) 252-0921
cward@polsinelli.com
skatona@polsinelli.com
jedelson@polsinelli.com

*Proposed Delaware Bankruptcy Counsel to the Official Committee of Unsecured Creditors*