**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>THE STANDARD REGISTER COMPANY, *et al*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-10541 (BLS)<br><br>(Jointly Administered)<br><br>**Re: Docket Nos. 9 and 50** |

**LIMITED OBJECTION[2] AND RESERVATION OF RIGHTS OF THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS TO THE RELIEF REQUESTED IN
DEBTORS' CRITICAL VENDOR MOTION**

The Official Committee of Unsecured Creditors (the "Committee") of The Standard Register Company and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), hereby submits this limited objection and reservation of rights (the "Objection") to the *Debtors' Motion for Interim and Final Orders Authorizing Debtors to Pay Certain Prepetition Claims of Critical Vendors, Shippers And Freight Carriers* [Docket No. 9] (the "Critical Vendor Motion").[3] In support of this Objection, the Committee respectfully represents as follows:

**INTRODUCTION**

1. Although the Committee was appointed only a few days ago, it has been diligently reviewing the Debtors financial situation and recent acquisitions. In performing its due diligence, the Committee's professionals have requested information from the Debtors

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2] The Committee's deadline to object to the Critical Vendor Motion was extended upon consent of Debtors' counsel.

[3] Capitalized terms used but not defined herein shall have the meaning ascribed to such term in the Critical Vendor Motion.

including certain facts described in the Critical Vendor Motion. Despite preliminary discussions, the Committee professionals have not received all of the information requested. However, based on information it has reviewed to date, the Committee has concerns with respect to certain payments made to Insiders (as defined below) during the two-year period prior to the filing of these Chapter 11 Cases, and the continuation of such payments post-petition.

2.      Accordingly, the Committee objects to the entry of a final order approving the Critical Vendor Motion ("Final Order") absent: (a) receiving further information from the Debtors and/or (b) the Committee's modifications and reservation of rights being incorporated into the Final Order approved by this Court.

## BACKGROUND

A.    **General Background**

1.      On March 12, 2015 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief (the "Chapter 11 Cases") under chapter 11 of title 11 the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware. No trustee or examiner has been appointed in the Chapter 11 Cases.

2.      Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are continuing to manage their financial affairs as debtors in possession.

3.      On March 24, 2015, the Office of the United States Trustee appointed the Committee pursuant to section 1102(a)(1) of the Bankruptcy Code. *See* Docket No. 99. The Committee is comprised of seven members: (a) Pension Benefit Guaranty Corporation, (b) Timothy V. Webb, (c) Georgia-Pacific Consumer Products LP, (d) Gary Becker, (e) Mark A. Platt, (f) Veritiv Corporation, and (g) The Flesh Company. On the same day, the Committee selected Lowenstein Sandler LLP and Polsinelli PC to serve as its co-counsel.

-3-

4.  Information regarding the Debtors' history and business operations, capital structure and primary secured indebtedness, and the events leading up to the commencement of these Chapter 11 Cases, can be found in the *Declaration of Kevin Carmody in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* [Docket No. 2] (the "First Day Declaration").

B.  **The Critical Vendor Motion**

5.  The Debtors seek authority to pay, in their discretion, claims for certain vendors ("Critical Vendor Claims") and shippers ("Shipper Claims") in the aggregate of $20 million, $17.2 million and $2.8 million respectively. *See* Critical Vendor Motion at ¶ 29. By Order dated March 13, 2015, the Critical Vendor Motion was approved on an interim basis (the "Interim Order"). *See* Docket No. 50. The Interim Order authorizes the Debtors to pay Critical Vendor Claims and Shipper Claims in an amount not to exceed $12.2 million and $2.8 million, respectively. *See* Interim Order at ¶ 3.

6.  In the Final Order, Debtors are seeking authorization to pay additional $5 million on account of Critical Vendor Claims. *See* Critical Vendor Motion at ¶ 29.

**LIMITED OBJECTION**

7.  As a fiduciary of the Debtors' estates, the Committee is obligated "to investigate the acts, conduct, assets, liabilities" of the Debtors. *See* 11 U.S.C. § 1103(c)(2). The Committee's statutory obligations also include investigating the Debtors' business operations. *Id.* The Committee brings this Limited Objection in furtherance of its fiduciary duties in these Chapter 11 Cases.

8.  As potential recoveries for general unsecured creditors in these Chapter 11 Cases is unknown, any relief granted by the Court in connection with payment of Critical Vendor

Claims and Shipper Claims should be limited to those entities whose services are absolutely critical to the Debtors' operations. Accordingly the need for Committee oversight is necessary to ensure that Critical Vendor relief is not used for any other purpose.

9. Accordingly, the Committee requests that the Debtors be directed to disclose, on a confidential basis, the identities of and amounts to be paid to proposed Critical Vendors pursuant to the Final Order and all Critical Vendors paid, and the amount paid under the Interim Order. Finally, the Committee must have an opportunity to address inappropriate payments and/or payment terms. A revised proposed Final Order outlining these changes is attached hereto as **Exhibit A**.

10. The Committee is in discussions with the Debtors regarding the issues raised in this Limited Objection. As these issues are not yet resolved, the Committee files this Limited Objection out of an abundance of caution. However, the Committee is hopeful that the issues will be resolved prior to the hearing on the Critical Vendor Motion.

## RESERVATION OF RIGHTS

11. The Committee expressly reserves all of its rights to assert additional objections to the Critical Vendor Motion and/or to amend or supplement this Limited Objection at any time prior to or at any hearing to consider the Critical Vendor Motion.

**WHEREFORE**, for the foregoing reasons, the Committee requests that the Court enter the revised form of Final Order attached hereto and grant the Committee such further relief as the Court deems just and proper.

Dated: March 31, 2015
Wilmington, Delaware

**LOWENSTEIN SANDLER LLP**
Kenneth A. Rosen, Esq.
Sharon L. Levine, Esq.
Wojciech F. Jung, Esq.
65 Livingston Avenue
Roseland, NJ 07068
Telephone: (973) 597-2500
Facsimile: (973) 597-2400

-and –

Gerald C. Bender, Esq.
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 262-6700
Facsimile: (212) 262-7402

*Proposed Counsel to the Official Committee of Unsecured Creditors*

-and-

**POLSINELLI PC**

   */s/ Christopher A. Ward*
Christopher A. Ward (Del. Bar No. 3877)
Justin K. Edelson (Del. Bar No. 5002)
Shanti M. Katona (Del. Bar No. 5352)
222 Delaware Avenue, Suite 1101
Wilmington, DE 19801
Telephone: (302) 252-0920
Facsimile: (302) 252-0921

*Proposed Delaware Bankruptcy Counsel to the Official Committee of Unsecured Creditors*