# **EXHIBIT A**

**FINAL ORDER**

01:16890105.1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, *et al.*,[1] | Case No. 15-10541 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket Nos. 6 & 55** |

**FINAL ORDER (A) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING OR DISCONTINUING SERVICE; (B) APPROVING THE DEBTORS' PROPOSED ADEQUATE ASSURANCE OF PAYMENT FOR POSTPETITION SERVICES; AND (C) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS FOR ADDITIONAL ADEQUATE ASSURANCE OF PAYMENT**

Upon the *Debtors' Motion for Interim and Final Orders (a) Prohibiting Utility Providers from Altering, Refusing or Discontinuing Service; (b) Approving the Debtors' Proposed Adequate Assurance of Payment for Postpetition Services; and (c) Establishing Procedures for Resolving Requests for Additional Adequate Assurance of Payment* (the "Motion")[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"); and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and the Court having found that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and

---

[1] The Debtors and the last four digits of their respective U.S. federal taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (n/a); Standard Register de México, S. de R.L. de C.V. (n/a); Standard Register Servicios, S. de R.L. de C.V. (n/a); and Standard Register Technologies Canada ULC (n/a). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2] All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

the Court having found that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given; and the Court having determined that it may enter a final order consistent with Article III of the United States Constitution; and upon consideration of the First Day Declaration; and a hearing having been held to consider the relief requested in the Motion; and upon the record of all hearings on the Motion and all of the proceedings had before the Court; and the Court having previously entered the *Interim Order (A) Prohibiting Utility Providers from Altering, Refusing or Discontinuing Service; (B) Approving the Debtors' Proposed Adequate Assurance of Payment for Postpetition Services; and (C) Establishing Procedures for Resolving Requests for Additional Adequate Assurance of Payment* [Docket No. 55]; and the *Objection of Certain Utility Companies to the Debtors' Motion for Interim and Final Orders (A) Prohibiting Utility Companies from Altering, Refusing or Discontinuing Service; (B) Approving the Debtors' Proposed Adequate Assurance of Payment for Postpetition Services; and (C) Establishing Procedures for Resolving Requests for Additional Adequate Assurance* [Docket No. 100] (the "Objection") and the joinder of Metropolitan Edison Company to the Objection [Docket No. 103] having been resolved and withdrawn; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein on a final basis.

2. The Debtors are authorized to pay on a timely basis, in accordance with their prepetition practices, all undisputed invoices for Utility Services rendered by the Utility Providers to the Debtors after the Petition Date.

01:16836902.3

3. To the extent not otherwise already done, the Debtors shall provide an Adequate Assurance Deposit for all Utility Providers by depositing $591,520 into a segregated Adequate Assurance Deposit Account upon entry of this Final Order. No Adequate Assurance Deposit will be made on account of Utility Services furnished by a Utility Provider that holds a security deposit in an amount that is greater than the cost of two weeks for such Utility Services.

4. The Proposed Adequate Assurance comprises the Adequate Assurance Deposit and the Debtor's ability to pay for future utility services in the ordinary course of business and constitutes sufficient adequate assurance of future payment to the Utility Providers to satisfy the requirements of section 366 of the Bankruptcy Code.

5. The Utility Providers are prohibited from (a) altering, refusing, or discontinuing Utility Services to, or discriminating against, the Debtors on the basis of the commencement of the Chapter 11 Cases or on account of any unpaid prepetition charges or (b) requiring additional adequate assurance of payment other than the Proposed Adequate Assurance, as a condition of the Debtors continuing to receive Utility Services.

6. The following Adequate Assurance Procedures are approved:

    a. If a Utility Provider is not satisfied with the Proposed Adequate Assurance and seeks additional assurance of payment in the form of a deposit, letter of credit, prepayment, or otherwise, it must serve an Additional Assurance Request upon proposed counsel to the Debtors, (i) Gibson, Dunn & Crutcher LLP, 333 South Grand Avenue, Los Angeles, CA 90071 (Attn: Sabina Jacobs, Esq.) and (ii) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801 (Attn: Elizabeth Justison, Esq.) (collectively, the "Notice Parties");

    b. Each Additional Assurance Request must (i) be made in writing; (ii) set forth all location(s) for which utility services are provided and the relevant account number(s); (iii) include a summary of the Debtors' payment history relevant to the affected account(s); (iv) describe any deposits or other security currently held by the requesting Utility Provider; and (v) identify and explain the basis of the Utility Provider's proposed adequate assurance requirement under section 366(c)(2) of the Bankruptcy Code;

      c.      Upon the Notice Parties' receipt of an Additional Assurance Request at the address set forth in subparagraph (a) above, the Debtors shall promptly negotiate with such Utility Provider to resolve such Utility Provider's Additional Assurance Request;

      d.      The Debtors may, in their discretion, resolve an Additional Assurance Request by mutual agreement with the requesting Utility Provider without further notice to the Court or any other party in interest and may, in connection with any such agreement and in their discretion, provide a Utility Provider with additional adequate assurance of future payment, including, but not limited to, cash deposits, prepayments, and/or other forms of security, without further order of the Court to the extent the Debtors believe such additional assurance is reasonable in the exercise of their business judgment;

      e.      If the Debtors determine that a timely received Additional Assurance Request is not reasonable and are unable to reach an alternative resolution with the applicable Utility Provider, the Debtors shall calendar the matter (the "Adequate Assurance Dispute") for the next regularly scheduled omnibus hearing to determine the adequacy of assurance of payment pursuant to section 366(c)(3) of the Bankruptcy Code;

      f.      Pending resolution of any such Adequate Assurance Dispute, any such Utility Provider shall be prohibited from altering, refusing, or discontinuing service to the Debtors on account of unpaid charges for prepetition services, the filing of the Chapter 11 Cases, or any objection to the adequacy of the Proposed Adequate Assurance; and

      g.      The Debtors may, in their discretion, resolve any Adequate Assurance Dispute by mutual agreement with the requesting Utility Provider without further notice to the Court or any other party in interest and may, in connection with any such agreement and in their discretion, provide a Utility Provider with additional adequate assurance of future payment, including, but not limited to, a cash deposit, prepayment, letter of credit, and/or other forms of security, without further order of the Court to the extent the Debtors believe that such additional assurance is reasonable in the exercise of their business judgment and the Debtors may, by mutual agreement with the objecting Utility Provider and without further order of the Court, reduce the Adequate Assurance Deposit by an amount not exceeding the requesting Utility Provider's estimated two-week utility expense.

7.      The Debtors may supplement the Utility Providers List without further order of the Court with Additional Utility Providers if such Additional Utility Providers were inadvertently omitted from the Utility Providers List, and the Debtors will file as soon as practicable with the Court a supplement to Exhibit C annexed to the Motion that adds the name

of any Additional Utility Provider to the Utility Providers List.  The Debtors will then serve by email or by facsimile transmission (or, where the Debtors do not have the email address or fax number of an Additional Utility Provider, by First Class Mail) a copy of the Motion and this signed Final Order on any Additional Utility Provider.

8. No money may be withdrawn from the Adequate Assurance Deposit Account except (a) in compliance with the Adequate Assurance Procedures, (b) by mutual agreements of the Debtors and the applicable Utility Provider, or (c) by further order of the Court.  If the Debtors fail to pay for any legitimate post-petition Utility Services when due, a Utility Provider may access only that portion of the Adequate Assurance Deposit attributable to it in the Adequate Assurance Deposit Account.

9. Upon confirmation of any chapter 11 plan in these chapter 11 cases, and without further order of the Court, all amounts in the Adequate Assurance Deposit Account shall be immediately available for the Debtors' use, in their sole discretion.

10. The Debtors shall administer the Adequate Assurance Deposit Account in accordance with the terms of this Final Order.

11. Nothing contained herein constitutes a finding that any entity is or is not a Utility Provider hereunder or under section 366 of the Bankruptcy Code, whether or not such entity is listed on the Utility Providers List.

12. Within two (2) business days of the date of this Final Order, the Debtors shall serve a copy of this Final Order and the Motion on each Utility Provider identified on the Utility Providers List.  Within two (2) business days of filing a supplement to the Utility Providers List, as applicable, the Debtors shall serve a copy of this Final Order and the Motion on any Additional Utility Provider.

13. Nothing in this Order authorizes the Debtors to pay prepetition claims without further order of the Court.

14. Nothing in the Motion or this Final Order, or the Debtors' payment of any claims pursuant to this Final Order, shall be deemed or construed as: (a) an admission as to the validity of any claim or Lien against the Debtors or their estates; (b) a waiver of the Debtors' right to dispute any claim or Lien; (c) an approval or assumption of any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (d) an admission of the priority status of any claim, whether under section 503(b)(9) of the Bankruptcy Code or otherwise; or (e) a modification of the Debtors' rights to seek relief under any section of the Bankruptcy Code on account of any amounts owed or paid to any Utility Provider.

15. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be immediately effective and enforceable upon its entry.

16. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Order in accordance with the Motion.

17. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Final Order.

Dated: _____, 2015
Wilmington, Delaware

                                              BRENDAN L. SHANNON
                                              CHIEF UNITED STATES BANKRUPTCY JUDGE