IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>THE STANDARD REGISTER COMPANY, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 15-10541 (BLS)<br><br>(Jointly Administered)<br><br>Re: Docket No. 26 |

**ORDER AUTHORIZING THE DEBTORS TO REJECT CERTAIN
UNEXPIRED LEASES EFFECTIVE AS OF THE PETITION DATE**

Upon the *Debtors' First Omnibus Motion for an Order Authorizing the Debtors to Reject Certain Unexpired Leases of Non-Residential Real Property* Nunc Pro Tunc *to the Petition Date* (the "Motion")[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"); and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and the Court having found that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given; and the Court having considered the First Day

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2] All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

01:16770683.2

Declaration; and upon the record of the hearing and all of the proceedings had before the Court; and the Court having found that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties in interest; and the Court having found that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Debtors are authorized to reject the Vacant Leases *nunc pro tunc* to the Petition Date, and the Vacant Leases set forth on <u>Schedule 1</u> attached hereto are hereby rejected effective as of the Petition Date.

3. Within three (3) business days after entry of this Order, the Debtors shall serve this Order on the Landlords.

4. The Landlords shall have until the date fixed by this Court pursuant to Federal Rule of Bankruptcy Procedure 3003(c)(3) to file any claim for damages arising from the rejection of the Vacant Leases.

5. The Debtors do not waive any claims they may have against any Landlords, whether or not such claims arise under, are related to the rejection of, or are independent of the Vacant Leases.

6. Nothing herein shall prejudice the rights of the Debtors to argue that any claim for damages arising from the rejection of the Vacant Leases is limited to the remedies available under any applicable termination provision of such lease/contract, or that any such claim is an obligation of a third party, and not that of the Debtors or their estates.

7. Nothing in the Motion or this Order shall be deemed or construed as an approval of an assumption of any contract pursuant to section 365 of the Bankruptcy Code, and all such rights are reserved.

8. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6006(c) and the Local Rules are satisfied by such notice.

9. To the extent that Bankruptcy Rule 6004(h) is applicable, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

11. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: April 6, 2015
Wilmington, Delaware

BRENDAN L. SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE