# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| The Standard Register Company, *et al.*,[1] | ) Case No. 15-10541-BLS |
| | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Hearing: May 12, 2015 at 10:00 a.m. |
| | ) Objection Deadline: May 5, 2015 at 4:00 p.m. |

## GEORGIA-PACIFIC CONSUMER PRODUCTS LP'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO PERMIT SETOFF UNDER SECTION 553 OF THE BANKRUPTCY CODE

Georgia-Pacific Consumer Products LP ("*Georgia-Pacific*") moves the Court under section 362(d)(1) of title 11 of the United States Code (the "*Bankruptcy Code*") and Rules 4001(a) and 9014 of the Federal Rules of Bankruptcy Procedure, for relief from the automatic stay to setoff (or recoup) part of the prepetition debt The Standard Register Company (the "*Debtor*") owes to Georgia-Pacific against prepetition unpaid allowances, rebates, or discounts Georgia-Pacific owes to the Debtor, in each case arising under the Sale and Purchase Agreement, dated April 1, 2013 (as amended, the "*Purchase Agreement*").[2] In support of its motion, Georgia-Pacific states as follows:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company, Standard Register Technologies, Inc., Standard Register International, Inc., iMedConsent, LLC, Standard Register or Puerto Rico Inc., Standard Register Mexico Holding Company, Standard Register Holding, S. de R.L. de C.V., Standard Register de Mexico, S. de R.L. de C.V., Standard Register Servicios, S. de R.L. de C.V., and Standard Register Technologies Canada ULC.

[2] A copy of the Purchase Agreement is available upon written request. Because the Purchase Agreement contains confidential and proprietary information, any such request may be subject to execution of an appropriate confidentiality and nondisclosure agreement.

## I. INTRODUCTION

1. This Court should grant Georgia-Pacific relief from the automatic stay to setoff (or recoup) approximately $2,245,744.01 in amounts it presently owes to the Debtor against the Debtor's prepetition unpaid indebtedness of $3,681,585.45, all of which arise under the Purchase Agreement. Specifically, Georgia-Pacific seeks to setoff the amounts it owes to the Debtor against its prepetition, outstanding accounts receivable, beginning with the oldest outstanding invoices. Per the Purchase Agreement, Georgia-Pacific has supplied and continues to supply the Debtor with certain paper products on consignment (the "***Products***"). Under the Purchase Agreement, the Debtor is entitled to certain rebates, allowances, or discounts, all of which Georgia-Pacific pays in arrears. Because the debts owing between Georgia-Pacific and the Debtor are prepetition, mutual debts, Georgia-Pacific should be granted relief from the automatic stay to setoff (or recoup) such debts under section 553 of the Bankruptcy Code.

## II. BRIEF FACTUAL BACKGROUND

### A. General Background

2. On March 12, 2015 (the "***Petition Date***"), the Debtor and certain of its affiliates filed voluntary petitions under chapter 11 of the Bankruptcy Code. The Debtor presently intends to sell substantially all its assets under section 363 of the Bankruptcy Code. Docket No. 23.

3. In 2012, Georgia-Pacific began supplying Products to the Debtor's predecessor, Workflow One LLC. After Workflow One LLC and the Debtor merged in the third quarter of 2014, the Purchase Agreement was assigned by Workflow One LLC to the Debtor per a Notice of Assignment of Contracts with Workflow One LLC to The Standard Register Company, dated July 2, 2014.

4. Under the Purchase Agreement, Georgia-Pacific has supplied and continues to supply Products to the Debtor. Certain of the Products are sold on consignment to certain of the Debtor's facilities (the "*Consignment Facilities*")[3] located throughout the United States.

5. As expressly provided in the Purchase Agreement, regarding the Products consigned at the Consignment Facilities, Georgia-Pacific maintains full legal and beneficial title to the Products until the Debtor withdraws the Products from consignment, at which time a sale is recognized and the Debtor is invoiced. Specifically, the Purchase Agreement provides:

> Full legal and beneficial ownership and title to the Consignment Stock shall remain with Supplier and not merely a retained security interest, notwithstanding the provisions of Article 2-401 of the Uniform Commercial Code. Further, the Consignment Stock shall not be deemed to be held by [Debtor] "on sale or return," notwithstanding the provisions of Article 2-326 of the Uniform Commercial Code.

Purchase Agreement § 5(b)(ii).

6. As required by the Purchase Agreement, the Debtor must keep the consigned Products identifiable as Georgia-Pacific's property and is not permitted to intermingle the consigned Products with other products. *Id.* § 5(b)(i).

7. Thus, per the terms of the Purchase Agreement and applicable law, the consigned Products are not property of the estate under section 541 of the Bankruptcy Code. Nor does any purported security interest of any secured lender attach to such consigned Products.[4]

---

[3] Although not attached hereto due to the confidential and proprietary nature of the Purchase Agreement, the Consignment Facilities are included on Exhibit C to the Purchase Agreement.

[4] Nonetheless, Georgia-Pacific filed UCC-1 financing statements to perfect its interests in the Products should any court of competent jurisdiction determine that it holds a security interest in the Products as opposed to legal and beneficial title.

**B.     Prepetition, Mutual Debts Between Debtor and Georgia-Pacific**

8.     Under the Purchase Agreement, the Debtor is entitled to four types of allowances, rebates, or discounts (collectively, the "*Credits*"), if the Debtor satisfies all the conditions under the Purchase Agreement to warrant such Credits. These Credits are defined in the Purchase Agreement as the Program Rebate, the Volume Rebate, the Cash Discount, and the Prompt Pay Rebate.

9.     These Credits are not deducted from the invoice price; rather, the Purchase Agreement clarifies that such Credits are paid monthly in arrears: "[Debtor] acknowledges and agrees that the invoices will not reflect the Net Price of Products as the calculation of allowances, rebates, and discounts is done in arrears." Purchase Agreement § 4(d).

10.    Attached as Exhibit A is a detailed listing of each of the Credits, which represents the debt Georgia-Pacific believes it owes to the Debtor (collectively, the "*Prepetition Credit Amounts*"). As of the Petition Date, the Debtor owed Georgia-Pacific the sum of $3,681,585.45 (the "*Georgia-Pacific Prepetition A/R*"). Attached as Exhibit B is a detailed listing of the calculation of the Georgia-Pacific Prepetition A/R.

### III.    RELIEF REQUESTED

11.    Georgia-Pacific's motion seeks entry of an order substantially in the form attached hereto as Exhibit C granting it relief from the automatic stay for "cause" under section 362(d)(1), to the extent the stay applies, so Georgia-Pacific can exercise its rights to setoff (or

recoup)[5] under section 553 of the Bankruptcy Code by applying the Prepetition Credit Amounts to the oldest outstanding invoices representing the Georgia-Pacific Prepetition A/R..

### IV. ARGUMENT AND CITATION OF AUTHORITY

#### A. This Court Should Find Cause Under Section 362(d)(1) to Permit Georgia-Pacific to Setoff the Prepetition Credit Amounts Against the Georgia-Pacific Prepetition A/R

12. Section 553 of the Bankruptcy Code does not codify the right to setoff, but it does preserve the right under applicable non-bankruptcy law, as it provides, in pertinent part:

> (a) Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect the right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before commence of the case. . . .

11. US.C. § 553(a).

13. Under section 553, "[t]he right to setoff exists where there are mutual debts between parties." *SEC v. Elliot*, 953 F.2d 1560, 1572 (11th Cir. 1992). Indeed, the right to setoff mutual obligations allows "entities to apply their mutual debts against each other, thereby avoiding 'the absurdity of making A pay B when B owes A.'" *See Citizens Bank v. Strumpf*, 516 U.S. 16, 18 (1995) (citation omitted). Although section 553(a) of the Bankruptcy Code is clear that a creditor's setoff rights are recognized and enforceable under the Bankruptcy Code, any action by a creditor to setoff a debt owing to the debtor that arose prior to the debtor's filing of its bankruptcy petition against a debt owed by the debtor is subject to the automatic stay. 11 U.S.C. § 362(a)(7). Under section 362(d)(1) of the Bankruptcy Code, however, a bankruptcy

---

[5] Georgia-Pacific reserves its right to contend that the amounts it is owed from the Debtor and the amounts it owes to the Debtor arise out of the same transaction or occurrence and are subject to the equitable doctrine of recoupment, which is not subject to the automatic stay. *Univ. Med. Ctr. v. Sullivan (In re Univ. Med. Ctr.)*, 973 F.2d 1065, 1081 (3d Cir. 1992)

court may grant a party relief from the automatic stay for "cause." 11 U.S.C. § 362(d)(1). Because "cause" is not defined in the Bankruptcy Code, whether relief should be granted is to be determined based on the facts of each case. *See In re Mazzeo*, 167 F.3d 139, 142 (2d Cir. 1999).

14. Although "cause" is not defined, bankruptcy courts have consistently found a creditor's desire to exercise a setoff right constitutes "cause" for relief from the automatic stay. *See e.g.,* 11 U.S.C. § 553(a) (listing section 362 as one of the few exceptions to a creditor's setoff right); *In re Garden Ridge Corp.*, 338 B.R. 627, 631-32 (Bankr. D. Del. 2006); *Official Comm. of Unsecured Creditors v. Mfr. and Traders Trust Co. (In re Bennett Funding Group, Inc.)*, 146 F.3d 136, 140-41 (2d Cir. 1998) (holding that the bankruptcy court did not abuse its discretion by lifting the automatic stay to allow bank to exercise right of setoff).

15. To effectuate and appropriately preserve one's right to setoff, the party seeking setoff must demonstrate that: (1) it has an independent right of setoff under federal or state law, (2) the setoff must involve a mutual debt (that is, both parties owe each other money), (3) both obligations arose before bankruptcy, and (4) the setoff does not fall within the exceptions enumerated in Section 553 of the Bankruptcy Code. *See In re Dillard Ford, Inc.*, 940 F.2d 1507, 1512 (11th Cir. 1991). Georgia-Pacific can demonstrate all four mandatory requirements of setoff under section 553 of the Bankruptcy Code.

B. **Georgia-Pacific Has a Valid Right of Setoff**

16. First, Georgia-Pacific has an independent right of setoff under state law, which is preserved under section 553. Ohio law is the governing law under the Purchase Agreement. Purchase Agreement § 19. And Ohio law is consistent with the requirements of section 553(a). Indeed, the Ohio Supreme Court has defined setoff as "that right which exists between two

parties, each of whom under an independent contract owes a definite amount to the other, to set off their respective debts by way of mutual deduction." *Tejeda v. Toledo Surgeons, Inc.*, 186 Ohio App. 3d 465, 476, 928 N.E.2d 1138, 1146 (2009) (citing *Witham v. S. Side Bldg. & Loan Ass'n of Lima*, 133 Ohio St. 560, 562, 15 N.E.2d 149, 150 (1938)).

17.  Second, the debts owing between Georgia-Pacific and the Debtor are mutual. Although the Bankruptcy Code does not define "mutual," it has been interpreted to mean "the entity that owes a debt is the same entity that is owed a debt." *Carlton Co. v. Jenkins (In re Jenkins)*, No. 03-60548, 2004 WL 768574 at *3 (Bankr. S.D. Ga. Mar. 30, 2004). Debts are only considered "mutual" when "they are due to and from the same persons in the same capacity." *E.g. In re Semcrude, L.P.*, 399 B.R. 388, 393 (Bankr. D. Del. 2009) (citing *Westinghouse Credit Corp. v. D'Urso*, 278 F.3d 138, 149 (2d Cir. 2002)). In this instance, both Georgia-Pacific and the Debtor owe each other a debt and such debts arise out of the same contract (the Purchase Agreement), which is between Georgia-Pacific and Debtor. Thus, the parties' debts—the Prepetition Credit Amounts and the Georgia-Pacific Prepetition A/R—are mutual.

18.  Third, as evidenced by Exhibit A and Exhibit B, the debts owing between Georgia-Pacific and the Debtor arose before the Petition Date.

19.  Finally, Georgia-Pacific's setoff right is not curtailed by the exceptions set forth in section 553(a)(1)-(3). Georgia-Pacific's claim has not been disallowed, its claims have not been transferred to a third party, and the Georgia-Pacific Prepetition A/R was not incurred for the purpose of obtaining a right of setoff against the Debtor.

## V. CONCLUSION

20. All the conditions for setoff under section 553(a) are present. Thus, Georgia-Pacific's setoff right is preserved and so "cause" exists to lift the automatic stay to permit Georgia-Pacific to apply the Prepetition Credit Amounts in satisfaction, in part, of the Georgia-Pacific Prepetition A/R, beginning with the oldest outstanding invoices. This Court should therefore grant this motion.

WHEREFORE, Georgia-Pacific seeks entry of an order, a copy of which is attached hereto as Exhibit C: (i) granting the motion; (ii) authorizing Georgia-Pacific to offset any amount owed by Georgia-Pacific to the Debtor against the claims of Georgia-Pacific against the Debtor by offsetting such amounts against Georgia-Pacific's oldest outstanding invoices; and (iii) granting to Georgia-Pacific such other and further relief as is just and proper.

April 6, 2015

MORRIS JAMES LLP

/s/ *signature*

Jeffrey R. Waxman (Bar No. 4159)
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801-1494
Telephone: (302) 888-6800
Email: jwaxman@morrisjames.com

-and-

David A. Wender (GA Bar No. 748117)
Jonathan T. Edwards (GA Bar No. 134100)
Alston & Bird LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
Telephone: 404-881-7000

*Attorneys for Georgia-Pacific Consumer Products LP*