IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>THE STANDARD REGISTER COMPANY, *et al*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No.  15-10541 (BLS)<br><br>(Jointly Administered)<br><br>RE:  Docket No. 202 |

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS'
MOTION FOR AN ORDER AUTHORIZING THE COMMITTEE TO
FILE UNDER SEAL THE OBJECTION OF THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS TO THE DEBTORS'
MOTION TO APPROVE POSTPETITION FINANCING**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases (the "Chapter 11 Cases") of the above-captioned debtors-in-possession (the "Debtors"), hereby moves this Court (the "Motion") for an Order, substantially in the form attached hereto as **Exhibit A**, pursuant to section 107(b)(1) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Committee to file: (i) an un-redacted version of the *Objection of the Official Committee of Unsecured Creditors to the Debtors' Motion to Approve Postpetition Financing* (the "Committee DIP Objection") only under seal; and (ii) a redacted version of the Committee

---

[1]  The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

DIP Objection in its current form on the docket.[2]  In support of this Motion, the Committee respectfully states as follows:

## JURISDICTION AND PROCEDURAL BACKGROUND

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157.  This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory basis for the relief requested herein is section 107(b)(1) of the Bankruptcy Code, as supplemented by Bankruptcy Rule 9018 and Local Rule 9018-1.

4. On March 12, 2015 (the "Petition Date"), the Debtors commenced these Chapter 11 Cases by filing voluntary petitions under chapter 11 of the Bankruptcy Code.  No trustee or examiner has been appointed in these Chapter 11 Cases.  Accordingly, the Debtors are operating their business and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On March 24, 2015, the Office of the United States Trustee appointed the Committee.  The Committee consists of seven members: (a) the Pension Benefit Guaranty Corporation (the "PBGC"), (b) Timothy V. Webb, (c) Georgia-Pacific Consumer Products LP, (d) Gary Becker, (e) Mark A. Platt, (f) Veritiv Corporation, and (g) The Flesh Company.  See D.I. 99.

## FACTS RELEVANT TO THIS MOTION

6. On October 13, 2014, the Debtors filed the *Debtors' Motion for Order (A) Authorizing Debtors (I) to Provide Adequate Protection to the Debtors' Secured Lenders, (II) to Obtain Interim Postpetition Financing on a Superpriority, Secured and Priming Basis in Favor*

---

[2] Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to them in the Committee DIP Objection.

*of Silver Point Finance, LLC, as Administrative Agent for Proposed DIP Term Lenders, and Bank of America, N.A., as Administrative Agent for Proposed DIP ABL Lenders, and (III) to Modify the Automatic Stay; and (B) Scheduling, and Establishing Deadlines Relating to a Final Hearing and Entry of a Final Order on Postpetition Financing* [D.I. 15] (the "DIP Motion"), seeking, among other things, this Court's approval of the Debtors' DIP Loans (as defined in the DIP Motion).

7. The Debtors and the Committee have been in discussions regarding entry into a non-disclosure agreement (the "Confidentiality Agreement") in exchange for the Committee gaining access to certain confidential, proprietary information of the Debtors. While discussions to finalize the Confidentiality Agreement are underway, the Debtors have produced documents to the Committee on an "attorneys' eyes only" basis. The Committee files this Motion to avoid disclosing any confidential information.

## RELIEF REQUESTED

8. By this Motion, the Committee respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Committee to file: (i) an un-redacted version of the Committee DIP Objection only under seal; and (ii) a redacted version of the Committee DIP Objection in its current form on the docket.

9. The Debtors will provide un-redacted copies of the Committee DIP Objection to (i) the Debtors, (ii) the DIP Lenders (as defined in the Committee DIP Objection) and (iii) the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") pursuant to section 107(c)(3) of the Bankruptcy Code (together, the "Confidential Parties").

## BASIS FOR RELIEF REQUESTED

10. Pursuant to section 107(b) of the Bankruptcy Code, the Court may authorize the Committee to file the Committee DIP Objection under seal. Section 107(b) provides:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may--
>
> (1)   protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2)   protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).

11.   Bankruptcy Rule 9018 sets forth the procedures by which a party in interest may obtain a protective order authorizing the filing of a document under seal. Bankruptcy Rule 9018 reads in relevant part:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

Fed. R. Bankr. P. 9018.

12.   Local Rule 9018-1(b) additionally provides, in relevant part, that "[a]ny party who seeks to file documents under seal must file a motion to that effect." Del. Bankr. L.R. 9018-1(b).

13.   The Court has defined "commercial information" as "information which would result in 'an unfair advantage to competitors by providing them with information as to the commercial operations of the debtor.'" *In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006) (citing *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27-28 (2d Cir. 1994)). Moreover, commercial information does not need to rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. It need only be confidential and commercial in nature. *See Orion Pictures*, 21 F.3d at 28 (noting that an interested party has only to show that the information to be sealed is "confidential and commercial" in nature).

4

50174350.1

14. In this case, the Committee DIP Objection contains limited excerpts from certain minutes of the meeting of the Debtors' board of directors. This sort of information has been provided on a confidential basis and typically is not publicly disclosed. Moreover, disclosure may also cause the Committee to violate the "attorneys' eyes only" agreement that permitted its professionals to view the Debtors' board minutes and other documents.

15. Most importantly, consideration of these terms is essential to the Committee's ability to place critical arguments made in the Committee DIP Objection in their appropriate context. If the Committee is not permitted to file this information under seal, it will be forced to remove this information and re-file a cleansed version of the Committee DIP Objection that does not give the Court as full a record in support of the Committee DIP Objection.

16. For the foregoing reasons, the Committee respectfully submits that the Court should enter the proposed Order authorizing the Committee to file certain provisions of the Committee DIP Objection under seal because of the sensitive economic and commercial information contained therein and the harm that would befall the Debtors, the Debtors' estates, the Committee, and the DIP Lenders, if such information became public.

## NOTICE

17. Notice of this Motion has been provided to: (a) counsel for the Debtors, (b) counsel for the DIP Term Agent, (c) counsel for the DIP ABL Agent, (d) the Office of the United States Trustee for the District of Delaware and (e) any party who has requested notice pursuant to Bankruptcy Rule 2002 and Local Rules 2002-1(b) and 2004-1. In light of the nature of the relief requested in this Motion, the Committee respectfully submits that no further notice is necessary.

## **NO PRIOR REQUEST**

18. No prior motion for the relief requested herein has been made to this or any other court.

*[Remainder of Page Left Intentionally Blank]*

50174350.1

WHEREFORE, the Committee respectfully requests that the Court enter an order substantially in the form attached hereto as **Exhibit A**: (i) granting the relief requested in this Motion; and (ii) granting such other and further relief as may be just and proper.

Dated: April 6, 2015

Respectfully Submitted,

**LOWENSTEIN SANDLER LLP**
Kenneth A. Rosen, Esq.
Sharon L. Levine, Esq.
Andrew Behlmann, Esq.
65 Livingston Avenue
Roseland, NJ  07068
Telephone:  (973-597-2500
Facsimile:  (973) 597-2400

 -and -

Gerald C. Bender, Esq.
1251 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 262-6700
Facsimile:  (212) 262-7402

*Proposed Counsel to the Committee*

 -and-

**POLSINELLI PC**

/s/ *Christopher A. Ward*
Christopher A. Ward (DE Bar No. 3877)
Justin K. Edelson (DE Bar No. 5002)
222 Delaware Avenue
Suite 1101
Wilmington, DE 19801
Telephone:  (302) 252-0920
Facsimile:  (302) 252-0921
cward@polsinelli.com
jedelson@polsinelli.com

*Proposed Delaware Counsel to the Committee*

50174350.1