**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>THE STANDARD REGISTER COMPANY, *et al*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No.  15-10541 (BLS)<br><br>(Jointly Administered)<br><br>RE:  Docket Nos. 202 and 203 |

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS'
MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 102(1) AND 105,
FED. BANKR. R. 9006 AND DEL. BANKR.  L.R. 9006-1(E) SHORTENING
NOTICE WITH RESPECT TO THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS' MOTION FOR AN ORDER AUTHORIZING
THE COMMITTEE TO FILE UNDER SEAL THE OBJECTION OF THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE
DEBTORS' MOTION TO APPROVE POSTPETITION FINANCING**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases (the "Chapter 11 Cases") of the above-captioned debtors-in-possession (the "Debtors"), hereby moves (the "Motion to Shorten") for an Order, substantially in the form attached hereto as **Exhibit A**, pursuant to sections 102(1) and 105 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), shortening the time for notice of the *Official Committee of Unsecured Creditors' Motion for an Order Authorizing the Committee to File Under Seal the Objection of the Official*

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

50174352.1

*Committee of Unsecured Creditors to the Debtors' Motion to Approve Postpetition Financing* (the "Seal Motion").[2] In support of this Motion to Shorten, the Committee respectfully states as follows:

## JURISDICTION AND PROCEDURAL BACKGROUND

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 102(1) and 105(a) of the Bankruptcy Code, as supplemented by Bankruptcy Rule 9006 and Local Rule 9006-1(e).

4. On March 12, 2015 (the "Petition Date"), the Debtors commenced these Chapter 11 Cases by filing voluntary petitions under chapter 11 of the Bankruptcy Code. No trustee or examiner has been appointed in these Chapter 11 Cases. Accordingly, the Debtors are operating their business and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On March 24, 2015, the Office of the United States Trustee appointed the Committee. The Committee consists of seven members: (a) the Pension Benefit Guaranty Corporation (the "PBGC"), (b) Timothy V. Webb, (c) Georgia-Pacific Consumer Products LP, (d) Gary Becker, (e) Mark A. Platt, (f) Veritiv Corporation, and (g) The Flesh Company. See D.I. 99.

## RELIEF REQUESTED

6. By this Motion to Shorten, the Committee respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, (i) shortening notice with

---

[2] Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to them in the Committee DIP Objection.

respect to the Seal Motion; (ii) scheduling the Seal Motion to be heard at the hearing currently scheduled for **April 13, 2015 at 10:00 a.m. (ET)** (the "Hearing"); (iii) requiring objections, if any, to the Seal Motion to be filed **at or before the Hearing**; and (iv) granting such other relief as the Court deems just and proper.

## BASIS FOR RELIEF REQUESTED

7. Section 102(1) of the Bankruptcy Code explains that the phrase "after notice and a hearing" requires only such notice and opportunity for a hearing as may be appropriate under the circumstances. 11 U.S.C. § 102(1).

8. Section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

9. Local Rule 9006-1 requires "all motion papers shall be filed and served... at least eighteen (18) days (twenty-one (21) days if service is by first class mail; nineteen (19) days if service is by overnight delivery) prior to the hearing date." According to Local Rule 9006-1(e), however, the notice period may be shortened "by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e).

10. Moreover, according to Bankruptcy Rule 9006(c), "the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1). In exercising such discretion, the court should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re Philadelphia Newspapers, LLC*, 690 F.3d 161, 172 (3d Cir. 2012) (noting the commonality of such motions "given the accelerated time frame of bankruptcy proceedings");

50174352.1

*see also Hester v. NCNB Nat'l Bank (In re Hester)*, 899 F.2d 361, 364 n.3 (5th Cir. 1990) ("[M]otions for material reductions in the notice period are routinely granted by bankruptcy courts.").

11.     The Committee respectfully submits that shortening notice for the Seal Motion is appropriate under the circumstances. The Committee was formed on March 24, 2015. Immediately following the Committee's retention of Lowenstein Sandler LLP as its counsel, counsel for the Committee requested certain documents from the Debtors and their lenders with respect to the Debtors' request for post-petition financing, which the Debtors and their lenders have recently begun to produce. The hearing to approve the Debtors' proposed post-petition financing arrangements is scheduled for April 13, 2015 (the "DIP Hearing"), approximately one week from the date of this Motion to Shorten.

12.     Contemporaneously herewith, the Committee filed the *Objection of the Official Committee of Unsecured Creditors to the Debtors' Motion to Approve Postpetition Financing* (the "Committee DIP Objection") and corresponding Seal Motion. As described more fully in the Seal Motion, the Committee DIP Objection contains limited excerpts from certain minutes of the meeting of the Debtors' board of directors and certain other documents provided "for attorneys' eyes only." Disclosure may cause the Committee to violate this "attorneys' eyes only" agreement that permitted its professionals to view these board minutes and other documents in an un-redacted form.

13.     The Committee believes that this information is vital to the Committee's ability to present the Court with the most complete record in support of the Committee DIP Objection. As such, the Committee may be prejudiced if consideration of the Seal Motion is delayed until a

4

later hearing date. Thus, the Committee believes that a hearing on the Seal Motion on shortened notice is in the best interest of the Debtors' estates and creditors.

14. Additionally, the shortened notice requested will not unduly prejudice any party in interest. The proposed deadline for objecting to the relief requested in the Committee Cross-Motion allows parties to object at the Hearing, giving any such parties ample time and notice (more than a week) to review and formulate a response, if any.

15. For the foregoing reasons, the Committee submits that shortening notice for the Seal Motion is appropriate under the circumstances.

## NOTICE

16. Notice of this Motion to Shorten has been provided via facsimile, overnight mail and/or hand delivery to: (a) counsel for the Debtors, (b) counsel for the DIP Term Agent, (c) counsel for the DIP ABL Agent, (d) the Office of the United States Trustee for the District of Delaware and (e) any party who has requested notice pursuant to Bankruptcy Rule 2002 and Local Rules 2002-1(b) and 2004-1. In light of the nature of the relief requested in this Motion, the Committee respectfully submits that no further notice is necessary.

## NO PRIOR REQUEST

17. No prior motion for the relief requested herein has been made to this or any other court.

50174352.1

WHEREFORE, the Committee respectfully requests that the Court enter an order substantially in the form attached hereto as **Exhibit A**: (i) granting the relief requested in this Motion to Shorten; and (ii) granting such other and further relief as may be just and proper.

Dated: April 6, 2015    Respectfully Submitted,

**LOWENSTEIN SANDLER LLP**
Kenneth A. Rosen, Esq.
Sharon L. Levine, Esq.
Andrew Behlmann, Esq.
65 Livingston Avenue
Roseland, NJ  07068
Telephone:  (973-597-2500
Facsimile:  (973) 597-2400

 -and -

Gerald C. Bender, Esq.
1251 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 262-6700
Facsimile:  (212) 262-7402

*Proposed Counsel to the Committee*

 -and-

**POLSINELLI PC**

/s/ *Christopher A. Ward*
Christopher A. Ward (DE Bar No. 3877)
Justin K. Edelson (DE Bar No. 5002)
222 Delaware Avenue
Suite 1101
Wilmington, DE 19801
Telephone:  (302) 252-0920
Facsimile:  (302) 252-0921
cward@polsinelli.com
jedelson@polsinelli.com

*Proposed Delaware Counsel to the Committee*

50174352.1