**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | Case No. 15-10541 |
| THE STANDARD REGISTER COMPANY, et al.,[1]: | | (Jointly Administered) |
| | : | |
| Debtors. | : | Docket Ref. Nos. 13, 57 |

## DECLARATION REGARDING STATUS AS A SUBSTANTIAL SHAREHOLDER[2]

**PLEASE TAKE NOTICE** that, as further explained in the Attachment hereto, the undersigned Trust (the "Holder") files this Declaration as owner of Stock in The Standard Register Company ("Standard Register"). As needed and upon Standard Register's reasonable request, the Holder will provide to Standard Register on a confidential basis the last four digits of the Holder's taxpayer identification number.

**PLEASE TAKE FURTHER NOTICE** that as of April 2, 2015, the Holder has ownership of 514,382 shares of Common Stock and 214,324 shares of Class A Stock. The following table sets forth the date(s) on which the Holder purchased, acquired or otherwise accumulated ownership or otherwise has obtained ownership of such Stock:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). According to the Debtors, the headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2] For purposes of this Declaration: (i) a "Substantial Shareholder" is any (a) entity with (or entities who would own as a result of the proposed transfer) Beneficial Ownership of at least 378,014 shares of Standard Register's Common Stock (i.e., approximately 4.5% of the outstanding 8,400,320 shares of Common Stock), or (b) entity (or entities who would own as a result of the proposed transfer) with Beneficial Ownership of shares of Standard Register's Class A Stock; (ii) "Beneficial Ownership" of Stock with respect to any holder shall be determined in accordance with the applicable rules of IRC section 382 and the Treasury Regulations thereunder, and shall include, but not be limited to, indirect and constructive ownership, for example, (A) a holding company is considered to beneficially own Stock owned by its subsidiaries, (B) a partner in a partnership (or other entity treated as a partnership for U.S. federal income tax purposes) is considered to beneficially own a proportionate interest in Stock owned by the partnership, (C) an individual and such individual's family members may be treated as one individual, (D) persons or entities acting in concert with a holder to make a coordinated acquisition may be treated as a single entity), and (E) a holder is considered to beneficially own any stock that such holder has an Option to acquire; and (iii) an "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, Stock subject to risk of forfeiture, contract to acquire Stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Debtors' Motion For Entry of Interim and Final Orders Establishing Notification Procedures For Dispositions of, Or Claims of Worthless Stock Deductions With Respect To, Standard Register's Stock* [Docket No. 13] filed in the above-captioned chapter 11 cases.

| Number of Shares of Common Stock or Class A Stock | Date Purchased, Acquired or Otherwise Accumulated |
| --- | --- |
| 514,382 shares of Common Stock | 7/27/1939 |
| 214,324 shares of Class A Stock | 7/27/1939 |

**PLEASE TAKE FURTHER NOTICE** that pursuant to that certain *Interim Order Establishing Notification Procedures For Dispositions of, Or Claims of Worthless Stock Deductions With Respect To, Standard Register's Stock* [Docket No. 57], this Declaration is being filed with the Court and served upon proposed counsel to the above-captioned debtors and debtors-in-possession, Gibson, Dunn & Crutcher, LLP, 333 South Grand Avenue, Los Angeles, CA 90071-1512 (Attn: Robert A. Klyman), and Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Rodney Square, Wilmington, DE 19801 (Attn: Michael R. Nestor).

**PLEASE TAKE FURTHER NOTICE** that pursuant to 28 U.S.C. § 1746, under penalty of perjury, the Holder hereby declares that the Holder has examined this Declaration and the accompanying Attachment and, to the best of the Holder's knowledge and belief, this Declaration and such Attachment, which is part of this Declaration, are true, correct and complete.

Respectfully submitted,

**Fifth Third Bank, as Trustee of the Inter-Vivos Trust Established by Indenture Executed on December 29, 1939 by William C. Sherman**

By: /s/ Jonathan W Reynolds

Name: JONATHAN W REYNOLDS

Address: 38 FOUNTAIN SQ PLAZA MD 1090HB
CINCINNATI OH 45263

Telephone: 513 534 7934

Facsimile: 513 534 0950

Dated: 4/2/15

**Attachment to Declaration of Status as a Substantial Shareholder submitted by Fifth Third Bank, as Trustee of the Inter-Vivos Trust Established by Indenture Executed on December 29, 1939 by William C. Sherman ("<u>Trust</u>").**

The undersigned is the Trustee ("<u>Trustee</u>") of the Trust, which owns the Number of Shares of Common Stock and Class A Stock described on the Declaration (collectively, the "<u>Shares</u>").

For purposes of IRC § 382 and the Treasury Regulations thereunder, stock that is owned directly by a trust (other than an employee trust described in IRC § 401(a) or a grantor trust described in IRC §§ 671-79) is treated as being owned by its beneficiaries in proportion to their actuarial interests in the trust, and as no longer being owned by the trust. The beneficiaries' actuarial interests in the trust are determined using the factors and methods prescribed in § 20.2031-7 of the Treasury Regulations for use in ascertaining the value of an interest in property for estate tax purposes. See IRC §§ 318(a)(2)(B)(i), 382(l)(3)(A)(ii)(II), Treas. Reg. §§ 1.318-3(b), 1.382-2T(h)(1), (2)(i)(A).

Under these rules, the Trustee believes it does not have any Beneficial Ownership of any of the Shares, and instead, the beneficiaries of such trust have Beneficial Ownership of the Shares based on their actuarial interests in the Trust. The beneficiaries of the trust include a large number of current, remainder and contingent beneficiaries, as well as unborn and/or unknown beneficiaries (collectively, the "<u>Beneficiaries</u>"), each of which has an actuarial interest in the Trust, although some of these actuarial interests are extremely small. Because the Trust owns, *inter alia*, shares of Class A Stock, it is likely that each of the Beneficiaries is deemed to be a "Substantial Shareholder" as described in the attached Declaration, however, none of the Beneficiaries has the power to sell or vote any of the Shares, such power being completely vested in the Trustee.