# **EXHIBIT B**

**BLACKLINE**

01:16947384.1

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, *et al.*,[1] | Case No. 15-10541 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. ⎯⎯87** |

### ORDER AUTHORIZING THE DEBTORS TO (I) EMPLOY AND RETAIN MCKINSEY RECOVERY & TRANSFORMATION SERVICES U.S., LLC TO PROVIDE INTERIM MANAGEMENT SERVICES PURSUANT TO 11 U.S.C. § 363, AND (II) DESIGNATE KEVIN CARMODY AS CHIEF RESTRUCTURING OFFICER *NUNC PRO TUNC* TO THE PETITION DATE

Upon the *Debtors' Motion for Order Authorizing the Debtors to (i) Employ and Retain McKinsey Recovery & Transformation Services U.S., LLC to Provide Interim Management Services Pursuant to 11 U.S.C. § 363, and (ii) Designate Kevin Carmody as Chief Restructuring Officer, Nunc Pro Tunc to the Petition Date* (the "Motion")[2] of Standard Register and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") for entry of an order, pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code"), (i) authorizing the Debtors to retain and employ McKinsey Recovery & Transformation Services U.S., LLC ("McKinsey RTS") to provide interim management services, and (ii) designating Kevin Carmody ("Mr. Carmody") as Chief Restructuring Officer ("CRO") to the Debtors, *nunc pro tunc* to the Petition Date, on the terms and

---

[1] The Debtors and the last four digits of their respective U.S. federal taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (n/a); Standard Register de México, S. de R.L. de C.V. (n/a); Standard Register Servicios, S. de R.L. de C.V. (n/a); and Standard Register Technologies Canada ULC (n/a). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

01:16932718.3

conditions set forth in the Motion and the CRO Engagement Letter, a copy of which is attached to the Motion as <u>Exhibit C</u>; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and the Court having found that venue of these cases and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given; and the Court having determined that it may enter a final order consistent with Article III of the United States Constitution; and upon consideration of the First Day Declaration and the Carmody Declaration; and upon the record of these Chapter 11 Cases; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors are authorized, effective *nunc pro tunc* to the Petition Date, to (i) engage McKinsey RTS on the terms set forth in the CRO Engagement Letter as modified by this Order; and (ii) designate Mr. Kevin Carmody as CRO for the Debtors, subject to the following terms, which apply notwithstanding anything in the Motion or the CRO Engagement Letter, or any exhibits related thereto, to the contrary:

a) McKinsey RTS shall not act in more than one of the following capacities (crisis manager, financial advisor, claims agent/claims administrator, or investor/acquirer) in connection with the Chapter 11 Cases.

b) In the event the Debtors seek to have McKinsey RTS personnel assume executive officer positions that are different than the positions disclosed in the Motion, or to materially modify the terms of the CRO Engagement Letter, as modified herein, by either (i) modifying the functions of the personnel, (ii) adding new personnel, or (iii) altering or expanding the scope of the CRO Engagement Letter, as modified herein, a motion to modify the retention shall be filed.

c) McKinsey RTS shall file with the Court with copies to (i) the Office of the United States Trustee for the District of Delaware ("U.S. Trustee"), (ii) counsel for Silver Point Finance, LLC, in its capacity as administrative agent under (a) the Pre-Petition Term Loan Agreements and (b) the DIP Term Loan Agreement,[3] ~~and~~ (iii) counsel to the Committee; and (iv) Bank of America, N.A., as administrative and collateral agent under the pre-petition and post-petition ABL Facilities, a report of staffing on the engagement for the previous month (the "Staffing Reports") by the 20th of each month for the previous month, with the first report, covering the March 2015 stub period, being due on April 20, 2015. The Staffing Reports shall include the names and functions filled of the individuals assigned, and shall be due by the 20th of each month for the previous month. Notice for the Staffing Reports will provide for a time period of at least fourteen (14) days for objections by parties in interest. All staffing shall be subject to review by the Court in the event an objection is filed. In addition, McKinsey RTS shall file with the Court, and provide notice to (i) the U.S. Trustee, (ii) counsel for Silver Point Finance, LLC, in its capacity as administrative agent under (a) the Pre-Petition Term Loan Agreements and (b) the DIP Term Loan Agreement,[4] ~~and~~ (iii) counsel to the Committee; and (iv) Bank of America, N.A., as administrative and collateral agent under the pre-petition and post-petition ABL Facilities, reports of compensation earned and expenses incurred on quarterly basis (the "Quarterly Reports"). The Quarterly Reports shall summarize the service provided, identify the compensation earned by each executive officer and staff employee provided, and itemize the expenses incurred, and shall be due no later than twenty (20) days after the end of a quarter with the first being due on June 30, 2015. The notice shall provide a time period of at least fourteen (14) days for objections by parties in interest. All compensation shall be subject to review by the Court in the event an objection is filed. For the avoidance of doubt, Mr. Carmody and the Retained Staff are not bound by Local Rule 2016-2 with respect to the Staffing Reports or the Quarterly Reports, as applicable.

---

[3] As such terms are defined in the DIP Motion. [Docket No. 15].

[4] As such terms are defined in the DIP Motion. [Docket No. 15].

    d) No principal, employee or independent contractor of McKinsey RTS shall serve as a director of any of the Debtors during the pendency of the Chapter 11 Cases.

    e) Notwithstanding anything to the contrary in the Motion or the CRO Engagement Letter, the Debtors are permitted to indemnify those McKinsey RTS employees serving as executive officers on the same terms as provided to the Debtors' other officers and directors under the corporate bylaws, certificates of incorporation, or applicable state laws, along with insurance coverage under the Debtors' D&O policy. In addition, the CRO and any Retained Staff will be entitled to the benefit of the most favorable indemnification, reimbursement, contribution and insurance provisions provided by the Debtors and their affiliates in the Debtors' charter, by-laws or other organizational documents, by contract or otherwise. There shall be no indemnification of McKinsey RTS or its affiliates.

    f) McKinsey RTS shall not be required to apply to the Court for payment of its monthly invoices. Monthly invoices shall be paid in the ordinary course of business by the Debtors in accordance with the RTS Fee and Expense Structure and the RTS Reimbursement Policy.

    g) For a period of three years after the conclusion of the engagement, McKinsey RTS shall not make any investments in the Debtors or the reorganized Debtors.

    h) McKinsey RTS shall disclose any and all facts that may have a bearing on whether the firm, its subsidiaries, certain of its affiliates, and/or any individuals working on the engagement hold or represent any interest adverse to the Debtor, its creditors, or other parties in interest. The obligation to disclose identified in this subparagraph is a continuing obligation.

3. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

4. Any success fees, transaction fees, or other back-end fees, whether negotiated prior to entry of this Order or through a subsequent amendment to the CRO Engagement Letter, shall be approved by the Court at the conclusion of the cases on a reasonableness standard and are not being pre-approved by the entry of this Order. No success fee, transaction fee, or back-end fee shall be sought upon conversion of the cases, dismissal of the cases for cause, or appointment of a trustee.

5. 4. All compensation and reimbursement due to, and other rights of McKinsey RTS and Mr. Carmody in accordance with the CRO Engagement Letter, as modified by this Order, including without limitation the indemnification obligations, shall be treated and allowed (subject to the compensation review procedures identified herein) as administrative expenses in accordance with section 503 of the Bankruptcy Code and shall be paid in accordance with the CRO Engagement Letter.

6. In not opposing Court approval of the Motion, none of the DIP Credit Parties (as such term is defined in the interim order entered on March 13, 2015 [Docket No. 59] (the "Interim DIP Financing Order"), approving debtor-in-possession financing for the Debtors) shall be deemed to have (i) waived any objection, or consented, to any change or modification to the Budget (as defined in the Interim DIP Financing Order) which the Debtors may propose or seek in order to pay any compensation or expenses to McKinsey RTS or which otherwise might result from the Debtors paying such compensation or expenses or (ii) agreed to any payment of such compensation or expenses as a surcharge against, or other carve out from, their respective primary collateral.

7. 5. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. 6. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: _____, 2015
Wilmington, Delaware

_____
THE HONORABLE BRENDAN L. SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE