# EXHIBIT B

**BLACKLINE**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, *et al.*,[1] | Case No. 15-10541 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. 88** |

**ORDER AUTHORIZING THE DEBTORS TO EMPLOY AND RETAIN DINSMORE & SHOHL LLP AS SPECIAL COUNSEL, PURSUANT TO 11 U.S.C. § 327(E), EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the *Debtors' Application for Entry of an Order Authorizing the Debtors to Employ and Retain Dinsmore & Shohl LLP as Special Counsel, Pursuant to 11 U.S.C. § 327(e), Effective Nunc Pro Tunc to the Petition Date* (the "Application")[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"); and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and the Court having found that venue of these cases and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that notice of the Application has been given as set forth in the Application and that such notice is adequate and no other or further notice need be given; and the Court having determined that it may enter a final order consistent with Article III of the United States Constitution; and upon consideration of

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

01:16945174.2

the First Day Declaration, the Lewis Declaration, and the Sowar Declaration; and upon the record all of the proceedings had before the Court; and the Court being satisfied that Dinsmore & Shohl LLP represents no interest adverse to the Debtors and their estates as to the matters upon which it is to be engaged and is disinterested under Section 101(3) of the Bankruptcy Code, as modified by Section 1107(b) of the Bankruptcy Code; and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estates, their creditors and all other parties in interest; and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

ORDERED, ADJUDGED AND DECREED:

1. The Application is GRANTED, as set forth herein.

2. The retention and employment of Dinsmore & Shohl LLP as special counsel to the Debtors pursuant to sections 327(e) of the Bankruptcy Code on the terms set forth in the Application and the Lewis Declaration, is hereby approved, *nunc pro tunc* to the Petition Date.

3. Dinsmore & Shohl LLP shall be compensated in accordance with the procedures set forth in the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of this Court.

4. Upon application of any accrued and unpaid prepetition fees and expenses and approved post-petition fees and expenses until the Retainer equals $200,000, the remaining Retainer maintained by Dinsmore shall be held by Dinsmore as security throughout these chapter 11 cases, until Dinsmore's fees and expenses are awarded by final order of this Court and payable to Dinsmore

5. Dinsmore & Shohl LLP shall file the budgets approved by the Debtors for the applicable billing period with each monthly fee application.

6. In not opposing Court approval of the Application, none of the DIP Credit Parties (as such term is defined in the interim order entered on March 13, 2015 [Docket No. 59] (the "Interim DIP Financing Order"), approving debtor-in-possession financing for the Debtors) shall be deemed to have (i) waived any objection, or consented, to any change or modification to the Budget (as defined in the Interim DIP Financing Order) which the Debtors may propose or seek in order to pay any compensation or expenses to Dinsmore & Shohl LLP or which otherwise might result from the Debtors paying such compensation or expenses or (ii) agreed to any payment of such compensation or expenses as a surcharge against, or other carve out from, their respective primary collateral.

7. ~~6.~~ This Court shall retain jurisdiction over all matters arising from or related to the interpretation, implementation, and enforcement of this order.

Dated: April ___, 2015
Wilmington, Delaware

_____
THE HONORABLE BRENDAN L. SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE