IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, et al.,[1] | Case No. 15-10541 (BLS) |
| Debtors. | (Jointly Administered) |
| | Re: Docket Nos. 5, 9, 13, 50, 56, 57, 149, 151, and 201 |

## DEBTORS' OMNIBUS REPLY IN SUPPORT OF ENTRY OF FINAL ORDERS ON CERTAIN FIRST DAY MOTIONS

The Standard Register Company ("Standard Register") and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors") hereby submit this omnibus reply (the "Reply") in support of the (i) *Debtors' Motion for Order Authorizing (a) Continued Use of Cash Management System; (b) Maintenance of Existing Bank Accounts; (c) Continued Use of Existing Business Forms; (d) Continued Performance of Intercompany Transactions in the Ordinary Course of Business and Grant of Administrative Expense Status for Postpetition Intercompany Claims; and (e) Interim Waiver of Section 345(b) Deposit and Investment Requirements* [Docket No. 5] (the "Cash Management Motion"); (ii) *Debtors' Motion for Interim and Final Orders Authorizing Debtors to Pay Certain Prepetition Claims of Critical Vendors, Shippers and Freight Carriers* [Docket No. 9] (the "Critical Vendors Motion"); and (iii) *Debtors' Motion for Entry of Interim and Final Orders Establishing Notification Procedures for Dispositions of, or Claims of Worthless Stock*

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

*Deductions with Respect to, Standard Register's Stock* [Docket No. 13] (the "NOL Motion" and, together with the Cash Management Motion and Critical Vendors Motion, the "Motions")[2] and respectfully represent as follows:

## PRELIMINARY STATEMENT

1. The Debtors have worked with the Committee to address and incorporate most of the Committee's concerns with respect to the entry of final orders approving the Debtors' first day motions. However, the Debtors and the Committee have certain outstanding disagreements regarding the precise language of the orders approving the Cash Management, Critical Vendors, and NOL Motions on a final basis.

2. The Committee's actions and statements so far in this case evince the Committee's view that this is "a typical type of Committee case where you simply . . . look for your piece in order to extract a cost [for] the benefit of using the Bankruptcy Court." Hr'g Tr. at 20, April 1, 2015. Most of the remaining disagreements between the Debtors and the Committee relate to areas where the Committee believes that it should have a consent and/or objection right over something that is properly decided by the Debtors as debtors-in-possession, in their business judgment. The Debtors believe that a Kindergarten lesson on overreaching may be apropos here: If you give a mouse (the Committee) a cookie (an objection and/or consent right), it's going to ask for a glass of milk (*i.e.*, use the objection/consent right to overreach in seeking concessions to which it is not entitled).

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in each of the respective Motions.

## BACKGROUND

A.  **General Background**

3.  On March 12, 2015 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are continuing to manage their financial affairs as debtors in possession.

4.  The Debtors' chapter 11 cases (the "Chapter 11 Cases") are being jointly administered pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1. An official committee of unsecured creditors (the "Committee") was appointed on March 24, 2015.

5.  Information regarding the Debtors' history and business operations, capital structure and primary secured indebtedness, and the events leading up to the commencement of these Chapter 11 Cases can be found in the *Declaration of Kevin Carmody In Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* [Docket No. 2] (the "First Day Declaration").

B.  **The Court's Approval of the Motions on an Interim Basis**

6.  On March 13, 2015, this Court approved the Motions on an interim basis. *See* Docket Nos. 50, 56 & 57.

C.  **The Committee's Objections**

7.  On March 31, 2015, the Committee filed a limited objection to the Critical Vendor Motion [Docket No. 149] (the "Critical Vendor Objection"). Also on March 31, 2015, the Committee filed a limited objection to the NOL Motion [Docket No. 151] (the "NOL Objection"). On April 6, 2015, the Committee filed a limited objection to the Cash Management Motion [Docket No. 201] (the "Cash Management Objection").

3

## REPLY

8. The Debtors have worked with the Committee to resolve the various objections, and the Debtors have been successful in substantially narrowing the issues. What remains is a disagreement as to the precise language the Court should include in the final orders on a limited number of points. To assist the Court, the Debtors have attached hereto as <u>Exhibit A-1</u>, <u>Exhibit B-1</u>, and <u>Exhibit C-1</u>, respectively, the Debtors' revised proposed final orders. The Debtors have also attached hereto as <u>Exhibit A-2</u>, <u>Exhibit B-2</u>, and <u>Exhibit C-2</u>, respectively, redlines that show how the Debtors' prposed orders differ from the Committee's proposed orders.

### A. Critical Vendor Motion

9. The sole remaining dispute between the Debtors and the Committee relates to the Committee's consent right over critical vendor payments that exceed $250,000. The Debtors have agreed to give the agent under the Debtors' Term DIP facility (the "<u>Term Loan DIP Agent</u>") a consent right over these payments. The Debtors and the Term Loan DIP Agent have developed a working relationship for review of proposed payments, and the Term Loan DIP Agent acts as a check on the Debtors' decisions to make large payments to critical vendors. Given that there is already one party reviewing the Debtors' decisions, and in light of the potentially time-sensitive nature of the payments, the Debtors believe that adding an additional party to the review process will only foster additional expense and unnecessary delay. Therefore, the Debtors believe that the Committee's request to be granted an additional consent right should be denied.

### B. NOL Motion

10. In the NOL Objection, the Committee complains that the Debtors' proposed order "does not include the Committee as a notice party" entitled to notification of a proposed disposition and seeks to have an objection right over proposed dispositions of stock. The

Debtors have agreed to include the Committee as a notice party and have even agreed that they will consider whether to file an objection to a proposed disposition of stock "in consultation with the Committee." However, the Debtors believe that as estate fiduciaries that know the issues related to their NOLs better than anyone, the Debtors are best positioned to determine whether an objection to a proposed disposition of stock is warranted in any particular circumstance. Accordingly, the Debtors do not see a need for the Committee to have a specially crafted objection right.

C.     **Cash Management Motion**

11.    In the Cash Management Objection, the Committee raises concerns about the Debtors' "unbridled authority to shift cash among the various Debtors" and the priority given to postpetition inter-Debtor transfers. Cash Mgmt. Obj. at 2.

12.    Specifically, the Committee argues that "the Debtors should be prohibited from making Intercompany Transfers from any affiliates that were not parties to the Prepetition Term Loans or the ABL Loan, unless (a) the Debtors implement detailed transaction reporting that will enable the Committee to trace the flow of funds and (b) such Intercompany Transfers are subject in all respects to the Committee's investigation and challenge rights in connection with the DIP Financing." *Id.* ¶ 16.

13.    Additionally, the Committee argues that the Debtors should provide the Committee with well beyond what is typical or required in the Schedules of Assets and Liabilities and Statements of Finacial Affairs, and under U.S. Trustee reporting requirements— including (a) projected amounts of cash transferred or expected to be transferred; (b) any interest and fees paid in connection with Intercompany Transactions; (c) outstanding amounts due to and due from each Debtor and nondebtor entity as of the Petition Date; (d) balance sheets, income statements, and cash flow statements for all Debtors and non-debtor entities; (e) a detailed

explanation of how the Intercompany Transactions are repaid; (f) at least three business days' notice of any proposed Intercompany Transfers to any non-Debtor and/or foreign affiliates of the Debtors; (g) weekly reconciliation reports with respect to each Debtor and non-debtor entity; and (h) historical intercompany loan and cash balance information for each of the Debtors and their affiliates. *Id.* ¶¶ 18-19.

14.     The Committee's concerns appear to be largely driven by a mistaken belief that the Debtors will transfer cash that is unencumbered to a Debtor that has pledged its cash as collateral for financing. The most gaping flaw in the Committee's reasoning stems from the following basic fact: the Debtors have no unencumbered cash. All of the Debtors' cash has been pledged to their DIP lenders to secure the DIP Loans. Given this state of affairs, there is no basis to force the Debtors to engage in a weekly forensic accounting exercise.

15.     The Committee further asserts that this "comprehensive reporting and tracking system" is necessary to "prevent[] the Debtors from hiding cash in inaccessible entities (including offshore affiliates)." Cash Mgmt. Obj. ¶ 13. Respectfully, the Committee's assertion is preposterous. The Debtors are estate fiduciaries, will not "hide cash," and have nothing to gain by "hiding cash." And, the Debtors only have one non-debtor affiliate—a joint venture in the United States in which they own only a minority interest. The Debtors are required by Bankruptcy Rule 2015.3 to provide reports related to this entity's activity and the Debtors will do so; but this Court should not burden the Debtors with unnecessary reporting obligations that are predicated on unfounded fears.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested in the Motions and enter the orders attached hereto as <u>Exhibit A-1</u>, <u>Exhibit B-1</u>, and <u>Exhibit C-1</u>, respectively.

Dated: April 10, 2015
Wilmington, Delaware

/s/ *signature*

Michael R. Nestor (No. 3526)
Kara Hammond Coyle (No. 4410)
Maris J. Kandestin (No. 5294)
Andrew Magaziner (No. 5426)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
mnestor@ycst.com
kcoyle@ycst.com
mkandestin@ycst.com
amagaziner@ycst.com

-and-

Michael A. Rosenthal (NY No. 4697561)
Robert A. Klyman (CA No. 142723)
Samuel A. Newman (CA No. 217042)
Jeremy L. Graves (CO No. 45522)
Sabina Jacobs (CA No. 274829)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-1512
Telephone : (213) 229-7000
Facsimile : (213) 229-7520
mrosenthal@gibsondunn.com
rklyman@gibsondunn.com
snewman@gibsondunn.com
jgraves@gibsondunn.com
sjacobs@gibsondunn.com

*Proposed Counsel to the Debtors and Debtors in Possession*