## Exhibit B-1

## Debtors' Proposed NOL Order

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, *et al.*,[1] | Case No. 15-10541 (BLS) |
| Debtors. | (Jointly Administered) |
|  | Re: Docket Nos. 13 & 57 |

### FINAL ORDER ESTABLISHING NOTIFICATION
### PROCEDURES FOR DISPOSITIONS OF, OR CLAIMS OF WORTHLESS STOCK
### DEDUCTIONS WITH RESPECT TO, STANDARD REGISTER'S STOCK

Upon the Motion[2] of Standard Register and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") for the entry of interim and final orders, pursuant to sections 105(a), 362 and 541 of title 11 of the Bankruptcy Code, establishing notification procedures that must be satisfied before certain dispositions of, or claims of worthless stock deductions with respect to, equity securities in Standard Register or of any beneficial ownership thereof are deemed effective; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012; and the Court having found that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001).  The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2]    All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having

found that notice of the Motion has been given as set forth in the Motion and that such notice is

adequate and no other or further notice need be given; and the Court having determined that it

may enter a final order consistent with Article III of the United States Constitution; and upon

consideration of the First Day Declaration; and the Court having entered that certain *Interim*

*Order Establishing Notification procedures for Dispositions of, or claims of Worthless Stock*

*Deductions With Respect to, Standard Register's Stock* [Docket No. 57]; and a hearing having

been held to consider the relief requested in the Motion; and upon the record of the hearing on

the Motion and all of the proceedings had before the Court; and the Court having found and

determined that the relief sought in the Motion is in the best interests of the Debtors, their

estates, their creditors and all other parties in interest; and that the legal and factual bases set

forth in the Motion establish just cause for the relief granted herein; and after due deliberation

and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.    The Motion is GRANTED on an final basis as set forth herein.

2.    Any purchase, sale, or other disposition of, or declaration of worthless stock

deduction with respect to, Stock in Standard Register or of any Beneficial Ownership (as defined

below) thereof in violation of the procedures set forth herein (including the notice requirements

set forth below) shall be null and void *ab initio*.

3.    The following procedures for monitoring the trading of Stock (collectively, the

"Procedures for Trading in Stock") are hereby approved:

  a.    Any entity (as such term is defined in section 101(15) of the Bankruptcy Code,
        which includes a person or individual) who currently is or becomes a Substantial
        Shareholder (as defined below) must file with the Court, and serve upon proposed
        counsel to the Debtors, Gibson, Dunn & Crutcher, LLP, 333 South Grand

Avenue, Los Angeles, CA 90071-1512 (Attn: Robert A. Klyman), and Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Rodney Square, Wilmington, DE 19801 (Attn: Michael R. Nestor) and proposed counsel to the Official Committee of Unsecured Creditors of the Debtors (the "Committee"), Lowenstein Sandler LLP, 65 Livingston Avenue, Roseland, NJ 07068 (Attn: Sharon L. Levine) and Polsinelli PC, 222 Delaware Avenue, Suite 1101, Wilmington, DE 19801 (Attn: Christopher A. Ward), a declaration of such status, substantially in the form of Exhibit 1 attached hereto, on or before the later of (i) twenty (20) days after the date of the Notice of Order (as defined below) and (ii) ten (10) days after becoming a Substantial Shareholder.

b. Before effectuating any disposition of Stock that would result in an increase in the amount of Stock of which a Substantial Shareholder has Beneficial Ownership or would result in an entity becoming a Substantial Shareholder, such Substantial Shareholder must file with the Court, and serve upon proposed counsel to the Debtors and the Committee, an advance written declaration of the intended disposition of Stock in the form of Exhibit 2 attached hereto (each, a "Declaration of Intent to Purchase, Acquire or Otherwise Accumulate Stock").

c. Before effectuating any disposition of Stock that would result in a decrease in the amount of Stock of which a Substantial Shareholder has Beneficial Ownership, other than any such disposition where the amount of Stock of which such Substantial Shareholder has Beneficial Ownership following such disposition is not less than the lowest amount of Stock of which such Substantial Shareholder had Beneficial Ownership during the three (3) year period ending on the date of such disposition, or would result in a Substantial Shareholder ceasing to be a Substantial Shareholder, such Substantial Shareholder must file with the Court, and serve upon proposed counsel to the Debtors and the Committee, an advance written declaration of the intended disposition of Stock in the form of Exhibit 3 attached hereto (each, a "Declaration of Intent to Sell, Trade, or Otherwise Dispose of Stock," and together with a Declaration of Intent to Purchase, Acquire or Accumulate Stock, each, a "Declaration of Proposed Disposition").

d. The Debtors, in consultation with the Committee, shall promptly review all Declarations of Proposed Disposition and shall have five (5) calendar days after receipt of a Declaration of Proposed Disposition to file with the Court and serve on such Substantial Shareholder an objection to any proposed disposition of Stock described in the Declaration of Proposed Disposition on the basis that such disposition will cause a Pre-Emergence Ownership Change and thereby adversely affect the Debtors' ability to utilize their Tax Attributes as a result of a Pre-Emergence Ownership Change. If the Debtors file such an objection, such transaction shall be enjoined and would not be effective unless and until such objection is withdrawn by the Debtors or such objection is overruled by a final order of the Court; provided, however, that such injunction shall continue if, within three days of entry of such order overruling the objection, the Debtors file a notice of appeal. If the Debtors do not object within such 5-day period, such transaction can proceed solely as set forth in the Declaration of Proposed

Disposition. Further transactions within the scope of this paragraph must be the subject of additional Declarations of Proposed Disposition in accordance with the procedures set forth herein, with an additional 5-day waiting period for each Declaration of Proposed Disposition. The Debtors shall review each Declaration of Proposed Disposition and decide whether to object to, or waive any objection to, any proposed disposition of Stock described therein in the order each such Declaration of Disposition is filed with the Court.

e.  For purposes of these procedures: (i) a "Substantial Shareholder" is any (a) entity with (or entities who would own as a result of the proposed transfer) Beneficial Ownership of at least 378,014 shares of Standard Register's Common Stock (*i.e.*, approximately 4.5% of the outstanding 8,400,320 shares of Common Stock), or (b) entity (or entities who would own as a result of the proposed transfer) with Beneficial Ownership of any shares of Standard Register's Class A Stock; (ii) "Beneficial Ownership" of Stock with respect to any holder shall be determined in accordance with the applicable rules of IRC section 382 and the Treasury Regulations thereunder, and shall include, but not be limited to, indirect and constructive ownership, for example, (A) a holding company is considered to beneficially own Stock owned by its subsidiaries, (B) a partner in a partnership (or other entity treated as a partnership for U.S. federal income tax purposes) is considered to beneficially own a proportionate interest in Stock owned by the partnership, (C) an individual and such individual's family members may be treated as one individual, (D) persons or entities acting in concert with a holder to make a coordinated acquisition may be treated as a single entity), and (E) a holder is considered to beneficially own any stock that such holder has an Option to acquire; and (iii) an "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, Stock subject to risk of forfeiture, contract to acquire Stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

4.  The following procedures for monitoring worthless stock deductions with respect to Stock (collectively, the "Procedures for Claiming Worthless Stock Deductions") are hereby approved:

(a)  Any entity (as such term is defined in section 101(15) of the Bankruptcy Code, which includes a person or individual) who currently is or becomes a 50% Shareholder must file with the Court, and serve upon proposed counsel to the Debtors, Gibson, Dunn & Crutcher, LLP, 333 South Grand Avenue, Los Angeles, CA 90071-1512 (Attn: Robert A. Klyman), and Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Rodney Square, Wilmington, DE 19801 (Attn: Michael R. Nestor) and proposed counsel to the Committee, Lowenstein Sandler LLP, 65 Livingston Avenue, Roseland, NJ 07068 (Attn: Sharon L. Levine) and Polsinelli PC, 222 Delaware Avenue, Suite 1101, Wilmington, DE 19801 (Attn: Christopher A. Ward), a notice of such status, in the form of Exhibit

<u>4</u> attached hereto, on or before the later of (i) twenty (20) days after the date of the Notice of Order (as defined below) and (ii) ten (10) days after becoming a 50% Shareholder.

(b)    (i) Prior to filing any federal or state tax return, any amendment to such a return, or distributing K-1 or other information statement, if any, to its partners or members, claiming or reflecting any deduction for worthlessness of the Stock, for a tax year ending before the Debtors' emergence from chapter 11 protection, such 50% Shareholder must file with the Court, and serve upon proposed counsel to the Debtors and the Committee, an advance written declaration in the form of <u>Exhibit 5</u> attached hereto (a "<u>Declaration of Intent to Claim a Worthless Security Deduction</u>"), of the intended claim of worthlessness.

(ii) If a 50% Shareholder is a partnership or other pass-through entity for federal or state income tax purposes, prior to filing any federal or state tax return, or any amendment to such a return, each partner or other owner of such 50% Shareholder must file with the Court, and serve upon proposed counsel to the Debtors and the Committee, an advance written declaration in the form of <u>Exhibit 5</u> attached hereto, the Declaration of Intent to Claim a Worthless Security Deduction, prior to filing a return claiming or otherwise reflecting any deduction for worthlessness of the Stock, for a tax year ending before the Debtors' emergence from chapter 11 protection.

(c)    The Debtors will have fifteen (15) calendar days after receipt of a Declaration of Intent to Claim a Worthless Security Deduction to file with the Court and serve on such 50% Shareholder (or partner or owner of such 50% Shareholder) an objection on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes.  If the Debtors file an objection to a Declaration of Intent to Claim a Worthless Security Deduction, the filing of the return or distribution of K-1 or other information statement with such claim shall be enjoined and shall not be effective unless and until such objection is withdrawn by the Debtors or such objection is overruled by a final order of the Court that is no longer subject to appeal.  If the Debtors do not object within such 15-day period, the filing of the return or distribution of K-1 or other information statement with such claim shall be permitted as set forth in the Declaration of Intent to Claim a Worthless Security Deduction. Additional tax returns within the scope of this paragraph must be the subject of additional notices as set forth herein, with an additional 15-day waiting period.

(d)    For purposes of these procedures: (i) a "<u>50% Shareholder</u>" is any person owning 50% or more of Stock (within the meaning of IRC section 382(g)(4)(D)), and this calculation shall include, but shall not be limited to, indirect and constructive ownership under the rules of Treasury Regulations Section 1.382-2T(h) other than Treasury Regulations Section 1.382-2T(h)(2)(i)(A), for example, (a) a holding company is considered to beneficially own Stock owned by its subsidiaries, (b) a partner in a partnership (or other entity treated as a partnership for U.S. federal income tax purposes) is considered to beneficially own a proportionate interest in

Stock owned by the partnership, (c) an individual and such individual's family members may be treated as one individual, and (d) persons or entities acting in concert with a holder to make a coordinated acquisition may be treated as a single entity), and (e) a holder is considered to beneficially own Stock with respect to which such holder has an Option to acquire; and (ii) an "Option" to acquire Stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire Stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

5.    The Debtors are authorized, but not directed, to waive in writing, after prior consultation with the Committee, any and all restrictions, stays and notification procedures contained in this Order; *provided, however*, that if the Committee objects to the requested waiver within three (3) days from the receipt of the request in writing then the waiver shall not be effective until the objection is resolved by an agreement of the Debtors and the Committee or further order of this Court.

6.    No later than two (2) business days following entry of this Order, the Debtors shall serve by first class mail, postage prepaid, a notice in substantially the form of Exhibit 6 attached hereto (the "Notice of Final Order") to the following (collectively, the "Notice Parties"): (a) directly registered holders of Common Stock on the books and records of the Debtors' transfer agent; (b) the banks, brokers, intermediaries, other nominees or their agents (each, a "Nominee") holding in "street name" on behalf of beneficial holders of Common Stock; (c) holders of Class A Stock; (d) counsel to the Committee; (e) the transfer agents for any Common Stock; (f) the United States Securities and Exchange Commission; (g) the Internal Revenue Service; and (h) all parties that, as of the entry of this Order, have requested notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002. With respect to the Notice of Final Order, the Debtors may fill in, or cause to be filled in, any missing dates and other information, correct any typographical errors, conform the provisions thereof to the provisions of this Order, and make such other, nonmaterial changes as the Debtors deem necessary or appropriate.

7.    Each Nominee shall be required to serve the Notice of Final Order on the beneficial holders for the benefit of which it holds Common Stock. Additionally, any Nominee who sells in excess of 378,014 shares of Common Stock to another entity shall be required to serve a copy of the Notice of Final Order on such purchaser of such Common Stock or any Nominee or entity acting on such purchaser's behalf.

8.    Each transfer agent of the Common Stock shall be required to provide the Debtors' proposed counsel with an excel file containing the names and addresses of all holders of such Common Stock registered with such transfer agent no later than one (1) business day after entry of this Order; provided, however, that if the transfer agent does not provide this file within one (1) business day after entry of this Order, such transfer agents shall be required to serve the Notice of Order on all holders of such Common Stock that are registered with such transfer agent no later than five (5) business days after being served with the Notice of Final Order. In addition, all registered holders shall be required to serve the Notice of Final Order on any holder for whose account such registered holder holds Common Stock and so on down the chain of ownership.

9.    The Debtors' service on the Notice Parties of the Notice of Final Order shall constitute sufficient notice of this Order and the Procedures for Trading in Stock.

10.    The requirements set forth in this Order are in addition to the requirements of all applicable law and do not excuse compliance therewith.

11.    The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

12.    Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

13.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2015
          Wilmington, Delaware

_____
BRENDAN L. SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

## DECLARATION OF STATUS AS A SUBSTANTIAL SHAREHOLDER

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>THE STANDARD REGISTER COMPANY, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-10541 (BLS)<br><br>(Jointly Administered)<br><br>Re: Docket Nos. 13 & \_\_\_ |

## DECLARATION OF STATUS AS A SUBSTANTIAL SHAREHOLDER[2]

**PLEASE TAKE NOTICE** that _____ (the "Holder") is/has become a Substantial Shareholder with respect to Stock in The Standard Register Company ("Standard Register") or of any Beneficial Ownership thereof.  As needed and upon Standard Register's reasonable request, the Holder will provide to Standard Register on a confidential basis the last four digits of the Holder's taxpayer identification number.

---

[1]  The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001).  The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2]  For purposes of this Declaration: (i) a "Substantial Shareholder" is any (a) entity with (or entities who would own as a result of the proposed transfer) Beneficial Ownership of at least 378,014 shares of Standard Register's Common Stock (*i.e.*, approximately 4.5% of the outstanding 8,400,320 shares of Common Stock), or (b) entity (or entities who would own as a result of the proposed transfer) with Beneficial Ownership of shares of Standard Register's Class A Stock; (ii) "Beneficial Ownership" of Stock  with respect to any holder shall be determined in accordance with the applicable rules of IRC section 382 and the Treasury Regulations thereunder, and shall include, but not be limited to, indirect and constructive ownership, for example, (A) a holding company is considered to beneficially own Stock owned by its subsidiaries, (B) a partner in a partnership (or other entity treated as a partnership for U.S. federal income tax purposes) is considered to beneficially own a proportionate interest in Stock owned by the partnership, (C) an individual and such individual's family members may be treated as one individual, (D) persons or entities acting in concert with a holder to make a coordinated acquisition may be treated as a single entity), and (E) a holder is considered to beneficially own any stock that such holder has an Option to acquire; and (iii) an "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, Stock subject to risk of forfeiture, contract to acquire Stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Debtors' Motion For Entry of Interim and Final Orders Establishing Notification Procedures For Dispositions of, Or Claims of Worthless Stock Deductions With Respect To, Standard Register's Stock* [Docket No. 13] filed in the above-captioned chapter 11 cases.

**PLEASE TAKE FURTHER NOTICE** that as of _____, 2015, the Holder has Beneficial Ownership of _____ shares of Common Stock and _____ shares of Class A Stock.  The following table sets forth the date(s) on which the Holder purchased, acquired or otherwise accumulated Beneficial Ownership or otherwise has obtained Beneficial Ownership of such Stock:

| Number of Shares of Common Stock or Class A Stock | Date Purchased, Acquired or Otherwise Accumulated |
| --- | --- |
|  |  |
|  |  |
|  |  |
|  |  |

**PLEASE TAKE FURTHER NOTICE** that pursuant to that certain *Final Order Establishing Notification Procedures For Dispositions of, Or Claims of Worthless Stock Deductions With Respect To, Standard Register's Stock* [Docket No. __], this Declaration is being filed with the Court and served upon proposed counsel to the above-captioned debtors and debtors-in-possession, Gibson, Dunn & Crutcher, LLP, 333 South Grand Avenue, Los Angeles, CA 90071-1512 (Attn: Robert A. Klyman), and Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Rodney Square, Wilmington, DE 19801 (Attn: Michael R. Nestor).

**PLEASE TAKE FURTHER NOTICE** that pursuant to 28 U.S.C. § 1746, under penalty of perjury, the Holder hereby declares that the Holder has examined this Declaration and accompanying attachments (if any) and, to the best of the Holder's knowledge and belief, this Declaration and any attachments which purport to be part of this Declaration are true, correct and complete.

Respectfully submitted,

(Name of Substantial Shareholder)

By:_____

Name:_____

Address:_____

_____

Telephone:_____

Facsimile:_____

Dated:_____

# EXHIBIT 2

## DECLARATION OF INTENT TO PURCHASE,
## ACQUIRE OR OTHERWISE ACCUMULATE STOCK

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, *et al.*,[1] | Case No. 15-10541 (BLS) |
| Debtors. | (Jointly Administered) |
| | Re:  Docket Nos. 13 & ___ |

## DECLARATION OF INTENT TO PURCHASE,
## ACQUIRE OR OTHERWISE ACCUMULATE STANDARD REGISTER STOCK[2]

       **PLEASE TAKE NOTICE** that _____ (the "Holder") hereby provides notice of the Holder's intention to purchase, acquire or otherwise accumulate (the "Proposed Disposition") one or more shares of Stock in The Standard Register Company

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001).  The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2] For purposes of this Declaration: (i) a "Substantial Shareholder" is any (a) entity with (or entities who would own as a result of the proposed transfer) Beneficial Ownership of at least 378,014 shares of Standard Register's Common Stock (*i.e.*, approximately 4.5% of the outstanding 8,400,320 shares of Common Stock), or (b) entity (or entities who would own as a result of the proposed transfer) with Beneficial Ownership of shares of Standard Register's Class A Stock; (ii) "Beneficial Ownership" of Stock  with respect to any holder shall be determined in accordance with the applicable rules of IRC section 382 and the Treasury Regulations thereunder, and shall include, but not be limited to, indirect and constructive ownership, for example, (A) a holding company is considered to beneficially own Stock owned by its subsidiaries, (B) a partner in a partnership (or other entity treated as a partnership for U.S. federal income tax purposes) is considered to beneficially own a proportionate interest in Stock owned by the partnership, (C) an individual and such individual's family members may be treated as one individual, (D) persons or entities acting in concert with a holder to make a coordinated acquisition may be treated as a single entity), and (E) a holder is considered to beneficially own any stock that such holder has an Option to acquire; and (iii) an "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, Stock subject to risk of forfeiture, contract to acquire Stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Debtors' Motion For Entry of Interim and Final Orders Establishing Notification Procedures For Dispositions of, Or Claims of Worthless Stock Deductions With Respect To, Standard Register's Stock* [Docket No. 13] filed in the above-captioned chapter 11 cases.

("Standard Register") or of any Beneficial Ownership thereof. As needed and upon Standard Register's reasonable request, the Holder will provide to Standard Register on a confidential basis the last four digits of the Holder's taxpayer identification number.

**PLEASE TAKE FURTHER NOTICE** that, if applicable, on _____, 2015, the Holder filed a Declaration of Status as a Substantial Shareholder with the United States Bankruptcy Court for the District of Delaware (the "Court") and served copies thereof as set forth therein.

**PLEASE TAKE FURTHER NOTICE** that as of _____, 2015, the Holder has Beneficial Ownership of _____ shares of Common Stock and/or _____ shares of Class A Stock.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Proposed Disposition, the Holder proposes to purchase, acquire or otherwise accumulate _____ shares of Common Stock and/or _____ shares of Class A Stock. If the Proposed Disposition is permitted to occur, the Holder will have Beneficial Ownership of _____ shares of Common Stock and _____ shares of Class A Stock after such disposition becomes effective.

**PLEASE TAKE FURTHER NOTICE** that pursuant to that certain *Final Order Establishing Notification Procedures For Dispositions of, Or Claims of Worthless Stock Deductions With Respect To, Standard Register's Stock* [Docket No. __] (the "Order"), this Declaration is being filed with the Court and served upon proposed counsel to the above-captioned debtors and debtors-in-possession, Gibson, Dunn & Crutcher, LLP, 333 South Grand Avenue, Los Angeles, CA 90071-1512 (Attn: Robert A. Klyman), and Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Rodney Square, Wilmington, DE 19801 (Attn: Michael R. Nestor).

**PLEASE TAKE FURTHER NOTICE** that in accordance with the Order, the Debtors shall have five (5) calendar days after receipt of this Declaration to object to the Proposed Disposition described herein. If the Debtors file an objection, such Proposed Disposition will not be effective unless and until such objection is withdrawn by the Debtors or such objection is overruled by a final order of the Court; *provided, however* that such injunction shall continue if, within three days of entry of such order overruling the objection, the Debtors file a notice of appeal. If the Debtors do not object within such 5-day period, then after expiration of such period the Proposed Disposition may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further transactions that may result in the Holder purchasing, acquiring or otherwise accumulating additional shares of Common Stock or Class A Stock will require additional Declarations of Proposed Disposition (as defined in the Order) to be filed with the Court and to be served in the same manner as this Declaration, all as provided for more fully in the Order.

**PLEASE TAKE FURTHER NOTICE** that pursuant to 28 U.S.C. § 1746, under penalty of perjury, the Holder hereby declares that the Holder has examined this Declaration and accompanying attachments (if any) and, to the best of the Holder's knowledge and belief, this Declaration and any attachments which purport to be part of this Declaration are true, correct and complete.

Respectfully submitted,

(Name of Substantial Shareholder)

By:_____

Name:_____

Address:_____

_____

Telephone:_____

Facsimile:_____

Dated:_____

## EXHIBIT 3

### DECLARATION OF INTENT TO SELL,
### TRADE OR OTHERWISE DISPOSE OF STOCK

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | |
| | Chapter 11 |
| THE STANDARD REGISTER COMPANY, *et al.*,[1] | Case No. 15-10541 (BLS) |
| Debtors. | (Jointly Administered) |
| | Re: Docket Nos. 13 & ___ |

## DECLARATION OF INTENT TO SELL,
## TRADE OR OTHERWISE DISPOSE OF STOCK[2]

      **PLEASE TAKE NOTICE** that _____ (the "Holder") hereby provides notice of the Holder's intention to sell, trade or otherwise dispose of (the "Proposed Disposition") shares of Stock in The Standard Register Company ("Standard Register") or of any Beneficial Ownership thereof.  As needed and upon Standard Register's

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2]    For purposes of this Declaration: (i) a "Substantial Shareholder" is any (a) entity with (or entities who would own as a result of the proposed transfer) Beneficial Ownership of at least 378,014 shares of Standard Register's Common Stock (*i.e.*, approximately 4.5% of the outstanding 8,400,320 shares of Common Stock), or (b) entity (or entities who would own as a result of the proposed transfer) with Beneficial Ownership of shares of Standard Register's Class A Stock; (ii) "Beneficial Ownership" of Stock with respect to any holder shall be determined in accordance with the applicable rules of IRC section 382 and the Treasury Regulations thereunder, and shall include, but not be limited to, indirect and constructive ownership, for example, (A) a holding company is considered to beneficially own Stock owned by its subsidiaries, (B) a partner in a partnership (or other entity treated as a partnership for U.S. federal income tax purposes) is considered to beneficially own a proportionate interest in Stock owned by the partnership, (C) an individual and such individual's family members may be treated as one individual, (D) persons or entities acting in concert with a holder to make a coordinated acquisition may be treated as a single entity), and (E) a holder is considered to beneficially own any stock that such holder has an Option to acquire; and (iii) an "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, Stock subject to risk of forfeiture, contract to acquire Stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Debtors' Motion For Entry of Interim and Final Orders Establishing Notification Procedures For Dispositions of, Or Claims of Worthless Stock Deductions With Respect To, Standard Register's Stock* [Docket No. 13] filed in the above-captioned chapter 11 cases.

reasonable request, the Holder will provide to Standard Register on a confidential basis the last four digits of the Holder's taxpayer identification number.

**PLEASE TAKE FURTHER NOTICE** that, if applicable, on _____, 2015, the Holder filed a Declaration of Status as a Substantial Shareholder with the United States Bankruptcy Court for the District of Delaware (the "Court") and served copies thereof as set forth therein.

**PLEASE TAKE FURTHER NOTICE** that as of _____, 2015, the Holder has Beneficial Ownership of _____ shares of Common Stock and/or _____ shares of Class A Stock.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Proposed Disposition, the Holder proposes to sell, trade, or otherwise dispose of _____ shares of Common Stock and/or _____ shares of Class A Stock. If the Proposed Disposition is permitted to occur, the Holder will have Beneficial Ownership of _____ shares of Common Stock and _____ shares of Common Stock after such disposition becomes effective.

**PLEASE TAKE FURTHER NOTICE** that pursuant to that certain *Final Order Establishing Notification Procedures For Dispositions of, Or Claims of Worthless Stock Deductions With Respect To, Standard Register's Stock* [Docket No. __] (the "Order"), this Declaration is being filed with the Court and served upon proposed counsel to the above-captioned debtors and debtors-in-possession, Gibson, Dunn & Crutcher, LLP, 333 South Grand Avenue, Los Angeles, CA 90071-1512 (Attn: Robert A. Klyman), and Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Rodney Square, Wilmington, DE 19801 (Attn: Michael R. Nestor).

**PLEASE TAKE FURTHER NOTICE** that in accordance with the Order, the Debtors shall have fifteen (15) calendar days after receipt of this Declaration to object to the Proposed Disposition described herein. If the Debtors file an objection, such Proposed Disposition will not be effective unless and until such objection is withdrawn by the Debtors or such objection is overruled by a final order of the Court that is no longer subject to appeal. If the Debtors do not object within such 15-day period, then after expiration of such period the Proposed Disposition may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further transactions that may result in the Holder selling, trading, or otherwise disposing of additional shares of Common Stock or Class A Stock will require additional Declarations of Proposed Disposition (as defined in the Order) to be filed with the Court and to be served in the same manner as this Declaration, all as provided for more fully in the Order.

**PLEASE TAKE FURTHER NOTICE** that pursuant to 28 U.S.C. § 1746, under penalty of perjury, the Holder hereby declares that the Holder has examined this Declaration and accompanying attachments (if any) and, to the best of the Holder's knowledge and belief, this Declaration and any attachments which purport to be part of this Declaration are true, correct and complete.

Respectfully submitted,

(Name of Substantial Shareholder)

By:_____

Name:_____

Address:_____

_____

Telephone:_____

Facsimile:_____

Dated:_____

## EXHIBIT 4

### DECLARATION OF STATUS AS A 50% SHAREHOLDER

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>THE STANDARD REGISTER COMPANY, *et al.*,[1]<br><br>    Debtors. | Chapter 11<br><br>Case No. 15-10541 (BLS)<br><br>(Jointly Administered)<br><br>Re: Docket Nos. 13 & ____ |

## DECLARATION OF STATUS AS A 50% SHAREHOLDER[2]

    **PLEASE TAKE NOTICE** that _____ (the "Holder") is/has become a 50% Shareholder with respect to Stock in The Standard Register Company ("Standard Register") or of any Beneficial Ownership thereof. As needed and upon Standard Register's reasonable request, the Holder will provide to Standard Register on a confidential basis the last four digits of the Holder's taxpayer identification number.

    **PLEASE TAKE FURTHER NOTICE** that as of _____, 2015, the Holder has Beneficial Ownership of _____ shares of Common Stock and/or _____ shares of Class A Stock. The following table sets forth the date(s) on which the Holder purchased,

---

[1]   The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2]   For purposes of this Declaration: (i) a "50% Shareholder" is any person owning 50% or more of Stock (within the meaning of IRC section 382(g)(4)(D)), and this calculation shall include, but shall not be limited to, indirect and constructive ownership under the rules of Treasury Regulations Section 1.382-2T(h) other than Treasury Regulations Section 1.382-2T(h)(2)(i)(A), for example, (a) a holding company is considered to beneficially own Stock owned by its subsidiaries, (b) a partner in a partnership (or other entity treated as a partnership for U.S. federal income tax purposes) is considered to beneficially own a proportionate interest in Stock owned by the partnership, (c) an individual and such individual's family members may be treated as one individual, and (d) persons or entities acting in concert with a holder to make a coordinated acquisition may be treated as a single entity), and (e) a holder is considered to beneficially own Stock with respect to which such holder has an Option to acquire; and (ii) an "Option" to acquire Stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire Stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Debtors' Motion For Entry of Interim and Final Orders Establishing Notification Procedures For Dispositions of, Or Claims of Worthless Stock Deductions With Respect To, Standard Register's Stock* [Docket No. 13] filed in the above-captioned chapter 11 cases.

acquired or otherwise accumulated Beneficial Ownership or otherwise has obtained Beneficial Ownership of such Stock:

| Number of Shares of Common Stock or Class A Stock | Date Purchased, Acquired or Otherwise Accumulated |
|---|---|
| | |
| | |
| | |
| | |

**PLEASE TAKE FURTHER NOTICE** that pursuant to that certain *Final Order Establishing Notification Procedures For Dispositions of, Or Claims of Worthless Stock Deductions With Respect To, Standard Register's Stock* [Docket No. __] (the "Order"), this Declaration is being filed with the Court and served upon proposed counsel to the above-captioned debtors and debtors-in-possession, Gibson, Dunn & Crutcher, LLP, 333 South Grand Avenue, Los Angeles, CA 90071-1512 (Attn: Robert A. Klyman), and Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Rodney Square, Wilmington, DE 19801 (Attn: Michael R. Nestor).

**PLEASE TAKE FURTHER NOTICE** that pursuant to 28 U.S.C. § 1746, under penalty of perjury, the Holder hereby declares that the Holder has examined this Declaration and accompanying attachments (if any) and, to the best of the Holder's knowledge and belief, this Declaration and any attachments which purport to be part of this Declaration are true, correct and complete.

Respectfully submitted,

(Name of Substantial Shareholder)

By:_____

Name:_____

Address:_____

_____

Telephone:_____

Facsimile:_____

Dated:_____

## EXHIBIT 5

### DECLARATION OF INTENT TO CLAIM A WORTHLESS SECURITY DEDUCTION

Error! No

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, *et al.*,[1] | Case No. 15-10541 (BLS) |
| Debtors. | (Jointly Administered) |
| | Re: Docket Nos. 13 & ___ |

## DECLARATION OF INTENT TO CLAIM WORTHLESS STOCK DEDUCTION[2]

**PLEASE TAKE NOTICE** that _____ (the "Holder") hereby provides notice of the Holder's intention to claim a worthless security deduction (the "Proposed Worthlessness Claim") with respect to shares of common stock in The Standard Register Company ("Standard Register") or of any Beneficial Ownership thereof. As needed and upon Standard Register's reasonable request, the Holder will provide to Standard Register on a confidential basis the last four digits of the Holder's taxpayer identification number.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2] For purposes of this Declaration: (i) a "50% Shareholder" is any person owning 50% or more of Stock (within the meaning of IRC section 382(g)(4)(D)), and this calculation shall include, but shall not be limited to, indirect and constructive ownership under the rules of Treasury Regulations Section 1.382-2T(h) other than Treasury Regulations Section 1.382-2T(h)(2)(i)(A), for example, (a) a holding company is considered to beneficially own Stock owned by its subsidiaries, (b) a partner in a partnership (or other entity treated as a partnership for U.S. federal income tax purposes) is considered to beneficially own a proportionate interest in Stock owned by the partnership, (c) an individual and such individual's family members may be treated as one individual, and (d) persons or entities acting in concert with a holder to make a coordinated acquisition may be treated as a single entity), and (e) a holder is considered to beneficially own Stock with respect to which such holder has an Option to acquire; and (ii) an "Option" to acquire Stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire Stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Debtors' Motion For Entry of Interim and Final Orders Establishing Notification Procedures For Dispositions of, Or Claims of Worthless Stock Deductions With Respect To, Standard Register's Stock* [Docket No. 13] filed in the above-captioned chapter 11 cases.

Error! No

**PLEASE TAKE FURTHER NOTICE** that, if applicable, on _____, 2015, the Holder filed a Declaration of Status as a 50% Shareholder with the United States Bankruptcy Court for the District of Delaware (the "Court") and served copies thereof as set forth therein.

**PLEASE TAKE FURTHER NOTICE** that as of _____, 2015, the Holder has Beneficial Ownership of _____ shares of Common Stock and _____ shares of Class A Stock.

**PLEASE TAKE FURTHER NOTICE** that, _____ proposes to declare for federal/state tax purposes that _____ shares of Common Stock owned by it (whether directly or indirectly through a partnership or other pass-through that is a 50% Shareholder) and _____ shares of Class A Stock owned by it (whether directly or indirectly through a partnership or other pass-through that is a 50% Shareholder) became worthless during the tax year ending _____.

**PLEASE TAKE FURTHER NOTICE** that pursuant to that certain *Final Order Establishing Notification Procedures For Dispositions of, Or Claims of Worthless Stock Deductions With Respect To, Standard Register's Stock* [Docket No. __] (the "Order"), this Declaration is being filed with the Court and served upon proposed counsel to the above-captioned debtors and debtors-in-possession, Gibson, Dunn & Crutcher, LLP, 333 South Grand Avenue, Los Angeles, CA 90071-1512 (Attn: Robert A. Klyman), and Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Rodney Square, Wilmington, DE 19801 (Attn: Michael R. Nestor).

**PLEASE TAKE FURTHER NOTICE** that in accordance with the Order, the Debtors shall have five (5) calendar days after receipt of this Declaration to object to the Proposed Worthless Claim described herein. If the Debtors file an objection, such Proposed Worthless Claim will not be effective unless and until such objection is withdrawn by the Debtors or such objection is overruled by a final order of the Court; *provided, however* that such injunction shall continue if, within three days of entry of such order overruling the objection, the Debtors file a notice of appeal. If the Debtors do not object within such 5-day period, then after expiration of such period the Proposed Worthless Claim may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further transactions that may result in the Holder selling, trading, or otherwise disposing of additional shares of Common Stock or Class A Stock will require additional Declarations of Proposed Disposition (as defined in the Order) to be filed with the Court and to be served in the same manner as this Declaration, all as provided for more fully in the Order.

Error! No

**PLEASE TAKE FURTHER NOTICE** that pursuant to 28 U.S.C. § 1746, under penalty of perjury, the Holder hereby declares that the Holder has examined this Declaration and accompanying attachments (if any) and, to the best of the Holder's knowledge and belief, this Declaration and any attachments which purport to be part of this Declaration are true, correct and complete.

Respectfully submitted,

(Name of Substantial Shareholder)

By:_____

Name:_____

Address:_____

_____

Telephone:_____

Facsimile:_____

Dated:_____

## EXHIBIT 6

## NOTICE OF FINAL ORDER

Error! No

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, *et al.*,[1] | Case No. 15-10541 (BLS) |
| Debtors. | (Jointly Administered) |
| | Re:  Docket Nos. 13 & ___ |

### NOTICE OF FINAL ORDER, ESTABLISHING NOTIFICATION PROCEDURES FOR DISPOSITIONS OF, OR CLAIMS OF WORTHLESS STOCK DEDUCTIONS WITH RESPECT TO, STANDARD REGISTER'S STOCK

**TO:    ALL HOLDERS OF COMMON STOCK AND CLASS A STOCK IN THE STANDARD REGISTER COMPANY:**

**PLEASE TAKE NOTICE** that on March 12, 2015 (the "Petition Date"), The Standard Register Company ("Standard Register") and its above-captioned affiliated debtors and debtors in possession (each, a "Debtor," and collectively, the "Debtors") filed voluntary petitions with the United States Bankruptcy Court District of Delaware (the "Court") under chapter 11 of the Bankruptcy Code.  Subject to certain exceptions, section 362 of the Bankruptcy Code operates as a stay of any act to obtain possession of, or exercise control over, property of the Debtors' estates.

**PLEASE TAKE FURTHER NOTICE** that on March 12, 2015, the Debtors filed the *Debtors' Motion For Entry of Interim and Final Orders Establishing Notification Procedures For Dispositions of, Or Claims of Worthless Stock Deductions With Respect To, Standard Register's Stock* [Docket No. 13] (the "Motion").  On _____, 2015, the Court entered

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001).  The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

an order [Docket No. __] (the "Order")[2] approving the Motion on a final basis and approving the procedures set forth below in order to preserve the Debtors' NOLs and Tax Attributes.[3]

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Order, the following procedures (collectively, the "Procedures for Trading in Stock") shall apply to holding and trading the Stock in Standard Register or of any Beneficial Ownership thereof:

(a)     Any entity (as such term is defined in section 101(15) of the Bankruptcy Code, which includes a person or individual) who currently is or becomes a Substantial Shareholder (as defined below) must file with the Court, and serve upon proposed counsel to the Debtors, Gibson, Dunn & Crutcher, LLP, 333 South Grand Avenue, Los Angeles, CA 90071-1512 (Attn: Robert A. Klyman), and Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Rodney Square, Wilmington, DE 19801 (Attn: Michael R. Nestor), a declaration of such status, substantially in the form of Exhibit 1 attached to the Order, on or before the later of (i) twenty (20) days after the date of the Notice of Order (as defined below) and (ii) ten (10) days after becoming a Substantial Shareholder.

(b)     Before effectuating any disposition of Stock that would result in an increase in the amount of Stock of which a Substantial Shareholder has Beneficial Ownership or would result in an entity becoming a Substantial Shareholder, such Substantial Shareholder must file with the Court, and serve upon proposed counsel to the Debtors, an advance written declaration of the intended disposition of Stock in the form of Exhibit 2 attached to the Order (each, a "Declaration of Intent to Purchase, Acquire or Otherwise Accumulate Stock").

(c)     Before effectuating any disposition of Stock that would result in a decrease in the amount of Stock of which a Substantial Shareholder has Beneficial Ownership, other than any such disposition where the amount of Stock of which such Substantial Shareholder has Beneficial Ownership following such disposition is not less than the lowest amount of Stock of which such Substantial Shareholder had Beneficial Ownership during the three year period ending on the date of such disposition, or would result in a Substantial Shareholder ceasing to be a Substantial Shareholder, such Substantial Shareholder must file with the Court, and serve upon proposed counsel to the Debtors, an advance written declaration of the intended disposition of Common Stock in the form of Exhibit 3 attached to the Order (each, a "Declaration of Intent to Sell, Trade, or Otherwise Dispose of

---

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Order.

[3]     The summary of the Order herein is qualified in its entirety by the actual terms of the Order. If there are any inconsistencies between the summary contained herein and the actual terms of the Order, the actual terms of the Order shall control.

Error! No

Stock," and together with a Declaration of Intent to Purchase, Acquire or Accumulate Stock, each, a "Declaration of Proposed Disposition").

(d)     The Debtors shall promptly review all Declarations of Proposed Disposition and shall have five (5) calendar days after receipt of a Declaration of Proposed Disposition to file with the Court and serve on such Substantial Shareholder an objection to any proposed disposition of Stock described in the Declaration of Proposed Disposition on the basis that such disposition will cause a Pre-Emergence Ownership Change and thereby adversely affect the Debtors' ability to utilize their Tax Attributes.  If the Debtors file such an objection, such transaction shall be enjoined and would not be effective unless and until such objection is withdrawn by the Debtors or such objection is overruled by a final order of the Court; provided, however, that such injunction shall continue if, within three days of entry of such order overruling the objection, the Debtors file a notice of appeal.  If the Debtors do not object within such 5-day period, such transaction can proceed solely as set forth in the Declaration of Proposed Disposition.  Further transactions within the scope of this paragraph must be the subject of additional Declarations of Proposed Disposition in accordance with the procedures set forth herein, with an additional 5-day waiting period for each Declaration of Proposed Disposition.  The Debtors shall review each Declaration of Proposed Disposition and decide whether to object to, or waive any objection to, any proposed disposition of Stock described therein in the order each such Declaration of Disposition is filed with the Court.

(e)     For purposes of these procedures:  (i) a "Substantial Shareholder" is any (a) entity with (or entities who would own as a result of the proposed transfer) Beneficial Ownership of at least 378,014 shares of Standard Register's Common Stock (*i.e.*, approximately 4.5% of the outstanding 8,400,320 shares of Common Stock), or (b) entity (or entities who would own as a result of the proposed transfer) with Beneficial Ownership of shares of Standard Register's Class A Stock; (ii) "Beneficial Ownership" of Stock  with respect to any holder shall be determined in accordance with the applicable rules of IRC section 382 and the Treasury Regulations thereunder, and shall include, but not be limited to, indirect and constructive ownership, for example, (A) a holding company is considered to beneficially own Stock owned by its subsidiaries, (B) a partner in a partnership (or other entity treated as a partnership for U.S. federal income tax purposes) is considered to beneficially own a proportionate interest in Stock owned by the partnership, (C) an individual and such individual's family members may be treated as one individual, (D) persons or entities acting in concert with a holder to make a coordinated acquisition may be treated as a single entity), and (E) a holder is considered to beneficially own any stock that such holder has an Option to acquire; and (iii) an "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, Stock subject to risk of forfeiture, contract to acquire Stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

Error! No

3

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Order, the following procedures (collectively, the "Procedures for Claiming Worthless Stock Deductions") shall apply to claims for tax purposes that the Common Stock is worthless:

(a)     Any entity (as such term is defined in section 101(15) of the Bankruptcy Code, which includes a person or individual) who currently is or becomes a 50% Shareholder must file with the Court, and serve upon counsel to the Debtors and, a notice of such status, in the form of Exhibit 4 attached to the Order, on or before the later of (i) twenty (20) days after the date of the Notice of Order (as defined below) and (ii) ten (10) days after becoming a 50% Shareholder.

(b)     (i) Prior to filing any federal or state tax return, any amendment to such a return, or distributing K-1 or other information statement, if any, to its partners or members, claiming or reflecting any deduction for worthlessness of the Stock, for a tax year ending before the Debtors' emergence from chapter 11 protection, such 50% Shareholder must file with the Court, and serve upon counsel to the Debtors, an advance written declaration in the form of Exhibit 5 attached to the Order (a "Declaration of Intent to Claim a Worthless Security Deduction"), of the intended claim of worthlessness.

(ii) If a 50% Shareholder is a partnership or other pass-through entity for federal or state income tax purposes, prior to filing any federal or state tax return, or any amendment to such a return, each partner or other owner of such 50% Shareholder must file with the Court, and serve upon counsel to the Debtors, an advance written declaration in the form of Exhibit 5 attached to the Order, the Declaration of Intent to Claim a Worthless Security Deduction, prior to filing a return claiming or otherwise reflecting any deduction for worthlessness of the Stock, for a tax year ending before the Debtors' emergence from chapter 11 protection.

(c)     The Debtors will have fifteen (15) calendar days after receipt of a Declaration of Intent to Claim a Worthless Security Deduction to file with the Court and serve on such 50% Shareholder (or partner or owner of such 50% Shareholder) an objection on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes.  If the Debtors file an objection to a Declaration of Intent to Claim a Worthless Security Deduction, the filing of the return or distribution of K-1 or other information statement with such claim shall be enjoined and shall not be effective unless and until such objection is withdrawn by the Debtors or such objection is overruled by a final order of the Court that is no longer subject to appeal.  If the Debtors do not object within such 15-day period, the filing of the return or distribution of K-1 or other information statement with such claim shall be permitted as set forth in the Declaration of Intent to Claim a Worthless Security Deduction.  Additional tax returns within the scope of this paragraph must be the subject of additional notices as set forth herein, with an additional 15-day waiting period.

(d)     For purposes of these procedures:  (i) a "50% Shareholder" is any person owning 50% or more of Stock (within the meaning of IRC section 382(g)(4)(D)), and this

calculation shall include, but shall not be limited to, indirect and constructive ownership under the rules of Treasury Regulations Section 1.382-2T(h) other than Treasury Regulations Section 1.382-2T(h)(2)(i)(A), for example, (a) a holding company is considered to beneficially own Stock owned by its subsidiaries, (b) a partner in a partnership (or other entity treated as a partnership for U.S. federal income tax purposes) is considered to beneficially own a proportionate interest in Stock owned by the partnership, (c) an individual and such individual's family members may be treated as one individual, and (d) persons or entities acting in concert with a holder to make a coordinated acquisition may be treated as a single entity), and (e) a holder is considered to beneficially own Stock with respect to which such holder has an Option to acquire; and (ii) an "Option" to acquire Stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire Stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE** that upon the request of any entity, Prime Clerk LLC, the claims and noticing agent in these chapter 11 cases, will provide a form of each of the required declarations described above and a copy of the Order, and such documents are also available at http://cases.primeclerk.com/standardregister.

**PLEASE TAKE FURTHER NOTICE** that any failure to follow the Procedures for Trading in Stock and the Procedures for Claiming Worthless Stock Deductions shall constitute a violation of, among other things, the automatic stay provisions of section 362 of the Bankruptcy Code, and any prohibited purchase, sale, trade, or other disposition of the Stock in violation of the Order and the Procedures for Trading in Stock shall be null and void *ab initio* and may be punished by contempt or other sanctions imposed by the Court.

*Remainder of page intentionally left blank*

Error! No

**PLEASE TAKE FURTHER NOTICE** that, the requirements set forth in this Notice and the Order are in addition to the requirements of all applicable law and do not excuse compliance therewith.

Dated: March ___, 2015
Wilmington, Delaware

_____
Michael R. Nestor (No. 3526)
Kara Hammond Coyle (No. 4410)
Maris J. Kandestin (No. 5294)
Andrew L. Magaziner (No. 5426)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253
mnestor@ycst.com
kcoyle@ycst.com
mkandestin@ycst.com
amagaziner@ycst.com

-and-

Robert A. Klyman (CA No. 142723)
Samuel A. Newman (CA No. 217042)
Jeremy L. Graves (CO No. 45522)
Sabina Jacobs (CA No. 274829)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-1512
Telephone: (213) 229-7000
Facsimile: (213) 229-7520
rklyman@gibsondunn.com
snewman@gibsondunn.com
jgraves@gibsondunn.com
sjacobs@gibsondunn.com

*Proposed Counsel to the Debtors and
Debtors in Possession*

Error! No