# EXHIBIT A

## REVISED ORDER

01:16945329.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, *et al.*,[1] | Case No. 15-10541 (BLS) |
| Debtors. | Jointly Administered |
| | Re: Docket No. 92 |

**ORDER AUTHORIZING THE EMPLOYMENT AND PAYMENT OF PROFESSIONALS USED IN THE ORDINARY COURSE OF BUSINESS**

Upon the *Debtors' Motion for Order Authorizing the Employment and Payment of Professionals Used in the Ordinary Course of Business* (the "Motion")[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"); and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and the Court having found that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given; and the Court having determined that it may enter a final order consistent with Article III of the United States Constitution; and upon consideration of the First Day Declaration; and a hearing having been held to consider the

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2] All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

01:16952459.1

relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Debtors are authorized to retain and pay the professionals identified on the OCP List annexed to the Motion as Exhibits B-1 and B-2 (each an "Ordinary Course Professional" and collectively, the "Ordinary Course Professionals") in the ordinary course of business pursuant to the following procedures (the "OCP Procedures"):

> (a) The Debtors shall be authorized to pay, without formal application to the Court by any Ordinary Course Professional, 100% of the fees and disbursements requested by each Ordinary Course Professional retained by the Debtors pursuant to the OCP Procedures upon submission to the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered after the Petition Date; _provided_, _however_, that such invoice will also be provided to counsel to the Official Committee of Unsecured Creditors (the "Committee") and that payment on such invoice shall be made only if no objection thereto is filed within 21 days from the receipt of such invoice; and in the event a timely objection is filed, payment shall be made either upon a consensual resolution of such objection or upon order of the Court; _provided_, _further_, that fees paid to Ordinary Course Professionals, excluding costs and disbursements, may not exceed (a) $50,000 per month per each Ordinary Course Professional listed on Exhibit B-1 hereto, calculated as an average over a rolling three-month period while these Chapter 11 Cases are pending or (b) $25,000 per month per each Ordinary Course Professional listed on Exhibit B-2 hereto, calculated as an average over a rolling three-month period while these Chapter 11 Cases are pending (each an "OCP Cap" and together, the "OCP Caps").
>
> (b) Any payments to an Ordinary Course Professional in excess of the OCP Caps shall be subject to prior approval of the Court in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the UST Fee Guidelines, and any applicable orders of the Court.
>
> (c) Aggregate payments to the Ordinary Course Professionals for services other than audit services shall not exceed $100,000 per month without the consent of (i) Silver Point Finance, LLC, as administrative agent under that certain Super-

Priority Priming Debtor in Possession Delayed Draw Term Loan Credit Agreement dated as of March 12, 2015, and (ii) the Committee.

(d) Each Ordinary Course Professional on the OCP List that is an attorney shall file and serve a declaration of disinterestedness substantially in the form annexed hereto as Exhibit C-1 (the "Attorney OCP Declaration") and each Ordinary Course Professional on the OCP List that is a non-attorney shall file and serve a declaration of disinterestedness substantially in the form annexed hereto as Exhibit C-2 (the "Professional OCP Declaration" together with the Attorney Declaration, a "Declaration of Disinterestedness").  Each Ordinary Course Professional shall file and serve, at least 14 calendar days prior to submitting an invoice to the Debtors, a Declaration of Disinterestedness upon:  (i) the Standard Register Company, 600 Albany Street, Dayton, OH 45417 (Attn: Kevin Carmody, CRO), (ii) the attorneys for the Debtors, (A) Gibson, Dunn & Crutcher LLP, 333 South Grand Avenue, Los Angeles, CA 90071 (Attn: Robert A. Klyman) and (B) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801 (Attn: Michael R. Nestor); (iii) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Mark Kenney); (iv) counsel to the Committee, Lowenstein Sandler LLP, 1251 Avenue of the Americas, New York, NY 10020 (Attn: Wojciech F. Jung, Esq.); (v) counsel to Silver Point Finance, LLC, Skadden, Arps, Slate, Meagher & Flom LLP, 155 N. Wacker Drive, Chicago, IL 60606-1720 (Attn: Ron E. Meisler); and (vi) counsel to Bank of America, N.A., Parker, Hudson, Rainer & Dobbs LLP, 1500 Marquis Two Tower, 285 Peachtree Center Avenue, Atlanta, GA 30303 (Attn: C. Edward Dobbs, Esq.) (collectively, the "Notice Parties").

(e) The Notice Parties shall have 10 days after the date of filing of each Ordinary Course Professional's Declaration of Disinterestedness (the "Objection Deadline") to object to the retention of such Ordinary Course Professional.  The objecting party shall file any such objection and serve such objection upon the Notice Parties and the respective Ordinary Course Professional on or before the Objection Deadline.  If any such objection cannot be resolved within 10 days of its receipt, the matter shall be scheduled for hearing before the Court at the next regularly scheduled omnibus hearing date that is no less than 10 days from that date or on a date otherwise agreeable to the parties.  The Debtors shall not be authorized to retain and pay such Ordinary Course Professional until all outstanding objections have been withdrawn, resolved, or overruled by order of the Court.

(f) If no objection is received from any of the Notice Parties by the Objection Deadline with respect to any particular Ordinary Course Professional, the Debtors shall be authorized to retain such Ordinary Course Professional as of the date such Ordinary Course Professional commenced providing services to the Debtors and pay such Ordinary Course Professional as set forth below.

(g) Within thirty (30) calendar days after the end of, and with respect to, each full three (3) month after the Petition Date (including any initial partial month in the first period), the Debtors shall file with the Court and serve on the Notice Parties a statement with respect to each Ordinary Course Professional paid during such period. Each Ordinary Course Professional's statement shall include the following information: (i) the name of the Ordinary Course Professional; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that Ordinary Course Professional during the reported quarter; and (iii) a general description of the services rendered by that Ordinary Course Professional.

(h) The Debtors reserve the right to retain additional Ordinary Course Professionals from time to time during these Chapter 11 Cases by (i) including such Ordinary Course Professionals on an amended or supplemental OCP List that is filed with the Court and served on the Notice Parties and (ii) having such additional Ordinary Course Professionals comply with the OCP Procedures.

3. The Debtors are authorized to supplement the OCP List as necessary to add or remove Ordinary Course Professionals, from time to time in their sole discretion, without the need for any further hearing and without the need to file individual retention applications for newly added Ordinary Course Professionals. In such event, the Debtors shall file the amended or supplemental OCP List with the Court and serve such list on the Notice Parties. Parties of interest shall have 14 days to object to any amended or supplemental OCP List. Each additional Ordinary Course Professional listed in the OCP List shall serve a Declaration of Disinterestedness on the Notice Parties as provided in the OCP Procedures. If no objections are timely filed to any such additional Ordinary Course Professional's Declaration of Disinterestedness, then retention of such Ordinary Course Professionals shall be deemed approved by the Court pursuant to this Order without a hearing or further order.

4. Nothing in the Motion or this Order, or the Debtors' payment of any claims pursuant to this Order, shall be deemed or construed as: (a) an admission as to the validity of any claim or Lien against the Debtors or their estates; (b) a waiver of the Debtors' right to dispute any claim or Lien; (c) an approval or assumption of any agreement, contract, or lease

pursuant to section 365 of the Bankruptcy Code; (d) an admission of the priority status of any claim, whether under section 503(b)(9) of the Bankruptcy Code or otherwise; or (e) a modification of the Debtors' rights to seek relief under any section of the Bankruptcy Code on account of any amounts owed or paid to.

5.      The automatic stay shall be modified to authorize any professional employed by the Debtors as an Ordinary Course Professional, upon approval of the Debtors and 5 days' notice to counsel to the Committee, to apply prepetition retainers held by such Ordinary Course Professional to prepetition fees in accordance with applicable non-bankruptcy law.

6.      In not opposing Court approval of the Motion, none of the DIP Credit Parties (as such term is defined in the interim order entered on March 13, 2015 [Docket No. 59] (the "Interim DIP Financing Order"), approving debtor-in-possession financing for the Debtors) shall be deemed to have (i) waived any objection, or consented, to any change or modification to the Budget (as defined in the Interim DIP Financing Order) that the Debtors may propose or seek in order to pay any fees or expenses to Ordinary Course Professionals or which otherwise might result from the Debtors' payment of fees or expenses of Ordinary Course Professionals, or (ii) agreed to have any payment of such fees or expenses be deemed a surcharge against, or other carve-out from, their respective primary collateral.

7.      This Order shall not apply to any professional retained by the Debtors pursuant to a separate order of the Court.

8.      Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

9.      All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

10. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062 or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

12. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: April _____, 2015
Wilmington, Delaware

_____
Brendan L. Shannon
Chief United States Bankruptcy Judge

# EXHIBIT B-1

**Ordinary Course Professionals
Subject to $50,000 OCP Cap**

| **Ordinary Course Professional** | **Mailing Address** | **Type of Service** |
|---|---|---|
| Ernst & Young LLP | Pittsburg National Bk<br>P.O. Box 640382<br>Pittsburgh, PA 15264-0382 | SOC 1 audit services |
| Frost Brown Todd LLC | 3300 Great American Tower<br>301 E. Fourth Street<br>Cincinnati, OH 45202<br>Attn: Steve Haughey, Esq. | Litigation services |
| Kaufman & Canoles, P.C. | 150 W. Main Street, Suite 2100<br>Norfolk, VA 23510-1665<br>Attn: L. Scott Seymour, Esq. | General legal services |
| McGladrey LLP | 2000 West Dorothy Lane<br>Dayton, OH 45439<br>Attn: Daniel P. Steward | External auditors |

# EXHIBIT B-2

**Ordinary Course Professionals
Subject to $25,000 OCP Cap**

| Ordinary Course Professional | Mailing Address | Type of Service |
|---|---|---|
| Beiser Greer & Landis, LLP. | Suite 400, PNC Center<br>6 N. Main Street<br>Dayton, OH 45402<br>Attn: David P. Williamson, Esq | Litigation services |
| Brightline CPAS and Associates | 1300 N. West Shore Blvd., #240<br>Tampa, FL 33607 | SOC 1 audit services |
| Brixey & Meyer | 2991 Newmark Dr.<br>Miamisburg, OH 45342 | Accounting services |
| Bruce Garrison | 465 Kilkenny Ct<br>Kettering, OH 45440 | Ohio sales tax consultant |
| Charles Russell | 5 Fleet Place,<br>London EC4M 7RD<br>Attn: David Berry, Esq. | Legal services related to UK commercial matters |
| Coolidge Wall | Suite 600, 33 W. First Street<br>Dayton, OH 45402<br>Attn: David C. Korte, Esq. | Legal services related to workers' compensation |
| Davis Wright Tremaine LLP | 777 108th Avenue NE, Suite 2300<br>Bellevue, WA 98004-5149<br>Attn: David J. Ubaldi, Esq. | Legal services |
| Deloitte & Touche LLP | 250 E. Fifth Street, Suite 1900<br>Cincinnati, OH 45202<br>Attn: Thomas P. Haberman | Audit and accounting services |
| Deloitte Tax LLC | P.O. Box 2079<br>Carol Stream, IL 60132-2079 | Tax auditor |
| Doherty, Wallace, Pillsbury and Murphy, P.C. | One Monarch Place, Suite 1900<br>Springfield, MA 01144-1900<br>Attn: John L. McCarthey, Esq. | Litigation services |
| Faruki, Ireland & Cox P.L.L. | 500 Courthouse Plaza, S.W.<br>10 N. Ludlow Street<br>Dayton, OH 45402<br>Attn: Jeff Ireland, Esq. | Litigation services |
| Funkunaga Malayoshi Hershey & Ching | Davies Pacific Center, Suite 1200<br>841 Bishop Street<br>Honolulu, Hawaii 96813<br>Attn: James H. Hershey, Esq. | Litigation services |
| Jacobson Press & Fields P.C. | 168 North Merarnec Avenue<br>Suite 150<br>Clayton, MO 63105<br>Attn: Matthew R. Fields, Esq. | Litigation services |
| Lucas and Cavalier, LLC | 1500 Walnut Street, Suite 1500<br>Philadelphia, PA 19102<br>Attn: Robert M. Cavalier, Esq. | Litigation services |

| Ordinary Course Professional | Mailing Address | Type of Service |
|---|---|---|
| McConnell Valdes LLC | P.O. Box 364225<br>San Juan, PR 00936-4225 | Puerto Rico counsel |
| McGuireWoods | 2001 K Street, N.S., Suite 400<br>Washington, DC 20006<br>Attn: Douglas M. Foley, Esq. | Litigation services |
| McInnes Cooper | 1300-1969 Upper Water Street<br>Purdy's Wharf Tower II<br>P.O. Box 730<br>Halifax, NS B 3J 2V1 Canada<br>Attn: Barry D. Horne, Esq. | Canada counsel |
| McManis Faulkner | 50 W. San Fernando Street, Suite 1000, Tenth Floor<br>San Jose, CA 95113<br>Attn: James McManis, Esq. | Legal services related to workers compensation |
| Meissner Tierney Fisher & Nichols | 111 E. Kilbourn Avenue, 19th Floor<br>Milwaukee, WI 53202-6622<br>Attn: Mark Malloy, Esq. | Litigation services |
| Offit Kurman | 8171 Maple Lawn Boulevard<br>Suite 200<br>Maple Lawn, MD 20759<br>Attn: Scott Kamins, Esq. | Legal services related to labor and employment |
| Ogier | Oger House<br>The Esplanade<br>St. Helier, Jersey JE4 9WG<br>Attn: Marc Yates | UK counsel |
| Ronald D. Niesley | 11853 Old Mill Road<br>Union, OH 5322 | Tax consultant |
| Roshell Grigsby | 491 N. Preble County Line Rd.<br>West Alexandria, OH 45381 | Revenue recognition consultant |
| Rutan & Tucker LLP | 611 Anton Blvd, Suite 1400<br>Costa Mesa, CA 92626<br>Attn: Mark J. Payne, Esq. | Legal services related to labor and employment |
| Ryan Smith & Carbine Ltd | 98 Merchants Row, Mead Bldg.<br>P.O. Box 310<br>Rutland, VT 05702-0310<br>Attn: Mark F. Werle, Gregory J. Boulbol, Esq., Jennifer McCave, Esq. | Litigation services |
| Shumacher, Loop & Kendrick, LLP | Huntington Center<br>41 S. High Street, Suite 2400<br>Columbus, OH 43215<br>Attn: Kevin Braig, Esq. | Litigation services |
| Sidley Austin LLP | One S. Dearborn<br>Chicago, IL 60603<br>Attn: Scott J. HeymanEsq. | Litigation services |
| Taft Stettinius & Hollister | 40 N. Main Street, Suite 1700<br>Dayton, OH 45423<br>Attn: Jeffrey A. Mullins, Esq. | Legal services related to workers compensation |
| Thompson Hine | Austin Landing I<br>100050 Innovation Drive, Suite 400<br>Dayton, OH 45342<br>Attn: Stephen J. Axtell, Esq. | Legal services related to environmental matters |

01:16952459.1

| Ordinary Course Professional | Mailing Address | Type of Service |
|---|---|---|
| Von Wobeser | Guillermo Gonzalez Camarena 1100, Piso 7<br>Colonia Santa Fe, Centro de Ciudad, Delegacion Alvaro Obregon, C.P. 01210 Mexico, D.F.<br>Attn: Javier Lizardi, Esq. | Mexico counsel |

# **EXHIBIT C-1**

## **FORM OF ATTORNEY OCP DECLARATION**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, *et al.*,[1] | Case No. 15-10541 (BLS) |
| Debtors. | Jointly Administered |

**DECLARATION OF DISINTERESTEDNESS BY**
**ATTORNEY USED IN THE ORDINARY COURSE OF BUSINESS**

I, _____, declare under penalty of perjury:

1. I am a [position] of [insert name of sole proprietorship or company], located at [Street, City, State, Zip Code] (the "Firm").

2. The Standard Register Company and its affiliates, as debtors and debtors in possession (collectively, the "Debtors") have requested that the Firm provide legal services to the Debtors, and the Firm has consented to provide such services.

3. The Firm may have performed legal services in the past, may currently perform legal services, and may perform legal services in the future, in matters unrelated to the above-captioned chapter 11 cases (the "Chapter 11 Cases"), for persons that are parties-in-interest in these Chapter 11 Cases. The Firm does not perform legal services for any such person in connection with these Chapter 11 Cases, or have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

01:16952459.1

4. The Firm [has/has not] provided services to the Debtors prior to the commencement of these Chapter 11 Cases.

5. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties-in-interest in these Chapter 11 Cases.

6. Neither I nor any principal, partner, director, officer, etc. of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Firm.

7. Neither I nor any principal, partner, director, officer, etc. of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed.

8. The Debtors owe the Firm $[_____] for prepetition services, the payment of which is subject to limitations contained in title 11 of the United States Code.

9. As of the date the Chapter 11 Cases were commenced, March 12, 2015 (the "Petition Date"), the Firm [was/was not] party to an agreement for indemnification with certain of the Debtors. [A copy of such agreement is attached as Exhibit A to this declaration.]

10. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon the conclusion of such inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: _____, 2015

_____
[DECLARANT]

# EXHIBIT C-2

**FORM OF PROFESSIONAL OCP DECLARATION**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, *et al.*,[1] | Case No. 15-10541 (BLS) |
| Debtors. | Jointly Administered |

**DECLARATION OF DISINTERESTEDNESS BY
PROFESSIONAL USED IN THE ORDINARY COURSE OF BUSINESS**

I, _____, declare under penalty of perjury:

1. I am a [position] of [insert name of sole proprietorship or company], located at [Street, City, State, Zip Code] (the "Firm").

2. The Standard Register Company and its affiliates, as debtors and debtors in possession (collectively, the "Debtors") have requested that the Firm provide [specific description of services] to the Debtors, and the Firm has consented to provide such services.

3. The Firm may have performed services in the past, may currently perform services, and may perform services in the future, in matters unrelated to the above-captioned chapter 11 cases (the "Chapter 11 Cases"), for persons that are parties-in-interest in these Chapter 11 Cases. The Firm does not perform services for any such person in connection with these Chapter 11 Cases, or have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

4. The Firm [has/has not] provided services to the Debtors prior to the commencement of these Chapter 11 Cases.

5. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties-in-interest in these Chapter 11 Cases.

6. Neither I nor any principal, partner, director, officer, etc. of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Firm.

7. Neither I nor any principal, partner, director, officer, etc. of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed.

8. The Firm is either not owed any amounts for prepetition services or the Firm has agreed to waive any amounts owed on account of services rendered and expenses incurred prior to the commencement of the Chapter 11 Cases in connection with the Firm's employment by the Debtors.

9. As of the date the Chapter 11 Cases were commenced, March 12, 2015 (the "Petition Date"), the Firm [was/was not] party to an agreement for indemnification with certain of the Debtors. [A copy of such agreement is attached as Exhibit A to this declaration.]

10. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon the conclusion of such inquiry, or at any time during the period of its

employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: _____, 2015

_____
[DECLARANT]