# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                           :
       In re                               :   Chapter 11
                                           :
THE STANDARD REGISTER COMPANY,             :   Case No. 15-10541 (BLS)
et al.,                                    :
                                           :   (Jointly Administered)
                                           :
              Debtors.                     :   Re: Docket Nos. 23, 106, 119, and 200.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

**MOTION OF SILVER POINT FINANCE, LLC FOR ENTRY OF AN ORDER, PURSUANT TO BANKRUPTCY RULE 9006(b) AND LOCAL RULE 9006-1(d) FOR LEAVE TO FILE A REPLY TO THE OBJECTION OF THE OFFICIAL COMMITTEE TO ENTRY OF THE SALE PROCEDURES ORDER**

Silver Point Finance, LLC ( "**Silver Point**"), hereby moves (this "**Motion**") for entry of an order, substantially in the form attached hereto as Exhibit A, pursuant to Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 9006-1(d) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), granting Silver Point leave and permission to file the *Reply of Silver Point Finance, LLC to Objection of the Official Committee of Unsecured Creditors to the Relief Sought in the Sale Motion* (the "**Sale Reply**"). In support of this Motion, Silver Point respectfully represents as follows:

1. The Debtors commenced these chapter 11 cases on March 12, 2015 (the "**Petition Date**"). On March 24, 2015, the U.S. Trustee appointed the Official Committee of Unsecured Creditors (the "**Committee**").

2. On the petition date the Debtors filed the following motion:

- *Debtors' Motion for (I) an Order (A) Establishing Sale Procedures Relating to the Sale of Substantially all of the Debtors' Assets; (B)*

> *Approving Bid Protections; (C) Establishing Procedures Relating to the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, Including Notice of Proposed Cure Amounts; (D) Approving Form and Manner of Notice of all Procedures, Protections, Schedules, and Agreements; (E) Scheduling a Hearing to Consider the Proposed Sale; and (F) Granting Certain Related Relief; and (II) an Order (A) Approving the Sale of Substantially all of the Debtors' Assets and (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale* (Docket No. 23) (the "**Sale Motion**").

3. By agreement among various parties and with consent of the Court, the hearing to consider entry of the Sale Procedures Order[1] was adjourned from April 1 to April 13, 2015.

4. On April 6, 2015, the Committee filed an objection to the Sale Motion (the "**Committee Objection**"). The Committee Objection is lengthy and raises numerous legal and factual claims in opposition to the Sale Motion. As the DIP Term Agent and an affiliate of the proposed Stalking Horse, Silver Point has an obvious interest in the relief requested in the Sale Motion. Silver Point's interest here is particularly acute because the Committee Objection appears to question Silver Point's motives and conduct in these chapter 11 cases. Accordingly, Silver Point feels compelled to reply to the Committee Objection and believes that it has a unique perspective on the issues that will be useful to the Court.

5. Silver Point respectfully requests that the Court grant Silver Point leave to file its Sale Reply herewith. Pursuant to the Local Rules, reply papers are due at 4:00 p.m. the day prior to the deadline for filing the hearing agenda. Del. Bankr. LR 9006-1(d). The hearing agenda for the April 13 hearing was due on April 9, *see* Del. Bankr. L.R. 9029-3(a)(i), so Silver Point's reply would have been due on Wednesday, April 8 at 4:00 p.m.—less than 48 hours after

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Sale Motion, as applicable.

2

the Committee Objection was filed. However, Bankruptcy Rule 9006(b) permits the Court to enlarge the time to file the Sale Reply for cause. Fed. R. Bankr. P. 9006(b). In light of the complexity of the issues and the length of the Committee Objection, it was not feasible for Silver Point to file its Sale Reply by April 8. Moreover, Silver Point understands that the Debtors intend to seek relief substantially identical to that requested herein. Thus, granting the relief requested herein will ensure that all reply papers related to the Committee Objection and other matters scheduled for hearing on April 13 are filed on substantially the same schedule.

WHEREFORE, Silver Point respectfully requests that the Court enter an order, in substantially the form attached hereto as <u>Exhibit A</u>, granting Silver Point leave and permission to file a Sale Reply to the Committee Objection and such other and further relief as the Court deems just and proper.

DATED:   April 10, 2015
             Wilmington, Delaware

                      SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By:   */s/ Sarah E. Pierce*
Sarah E. Pierce (I.D. No. 4648)
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
Telephone: (302) 651-3000
Fax: (302) 651-3001

- and -

Ron E. Meisler
Albert H. Hogan III (*pro hac vice admission pending*)
Christopher M. Dressel
Carl T. Tullson
155 North Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 407-0700
Fax: (312) 407-041

*Attorneys for Silver Point Finance, LLC and Standard Acquisition Holdings, LLC*