IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, et al.,[1] | Case No. 15-10541 (BLS) |
| Debtors. | (Jointly Administered) |
| | Re: Docket No. 90 |

## ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF PRIME CLERK LLC AS ADMINISTRATIVE ADVISOR *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application (the "Application") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for employment and retention of Prime Clerk LLC ("Prime Clerk") as administrative advisor ("Administrative Advisor") *nunc pro tunc* to the Petition Date pursuant to section 327(a) of the Bankruptcy Code,[2] Bankruptcy Rules 2014 and 201 and Local Rules 2014-1 and 2016-1, all as more fully described in the Application; and upon the First Day Declaration and the Frishberg Declaration submitted in support of the Application; and the Court being satisfied that Prime Clerk has the capability and experience to provide the services described in the Application and that Prime Clerk does not hold an interest adverse to the Debtors or the estates respecting the matters upon which it is to be engaged; and good and sufficient notice of the Application having been given and no other or further notice being required; and it appearing that the employment of Prime Clerk is in the best interests of the Debtors, their estates and creditors; and sufficient cause appearing therefor; it is hereby

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

01:16945194.3

ORDERED THAT:

1. The Application is APPROVED as set forth in this Order.

2. The Debtors are authorized to retain Prime Clerk as Administrative Advisor effective *nunc pro tunc* to the Petition Date under the terms of the Engagement Agreement, and Prime Clerk is authorized to perform the bankruptcy administration services described in the Application and set forth in the Engagement Agreement.

3. Prime Clerk is authorized to take such other action to comply with all duties set forth in the Application.

4. Prime Clerk shall apply to the Court for allowance of compensation and reimbursement of expenses incurred after the Petition Date in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any orders entered in these cases regarding professional compensation and reimbursement of expenses.

5. The Debtors shall indemnify Prime Clerk under the terms of the Engagement Agreement, as modified pursuant to this Order.

6. Prime Clerk shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Agreement for services other than the services provided under the Engagement Agreement, unless such services and the indemnification, contribution or reimbursement therefor are approved by the Court.

7. Notwithstanding anything to the contrary in the Engagement Agreement, the Debtors shall have no obligation to indemnify Prime Clerk, or provide contribution or reimbursement to Prime Clerk, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Prime Clerk's gross negligence, willful misconduct or fraud; (ii) for a contractual dispute in which the Debtors allege the breach

01:169451.

of Prime Clerk's contractual obligations if the Court determines that indemnification, contribution or reimbursement would not be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination under (i) or (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which Prime Clerk should not receive indemnity, contribution or reimbursement under the terms of the Engagement Agreement as modified by this Order.

8. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become a final order no longer subject to appeal), or (ii) the entry of an order closing these chapter 11 cases, Prime Clerk believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Agreement (as modified by this Order), including the advancement of defense costs, Prime Clerk must file an application therefor in this Court, and the Debtors may not pay any such amounts to Prime Clerk before the entry of an order by this Court approving the payment. This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Prime Clerk for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Prime Clerk. All parties in interest shall retain the right to object to any demand by Prime Clerk for indemnification, contribution or reimbursement.

9. The limitation of liability section in paragraph 10 of the Engagement Agreement is deemed to be of no force or effect with respect to the services to be provided pursuant to this Order.

10. The Debtors and Prime Clerk are authorized to take all actions necessary to

01:16945194.3

effectuate the relief granted pursuant to this Order in accordance with the Application.

11. Notwithstanding any term in the Engagement Agreement to the contrary, the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

12. Notwithstanding anything to the contrary contained herein, any payment to be made, or authorization contained, hereunder shall be subject to the requirements imposed on the Debtors under any approved order regarding post-petition financing and any budget in connection therewith.

13. In not opposing Court approval of the Application, none of the DIP Credit Parties (as such term is defined in the interim order entered on March 13, 2015 [Docket No. 59] (the "Interim DIP Financing Order"), approving debtor-in-possession financing for the Debtors) shall be deemed to have (i) waived any objection, or consented, to any change or modification to the Budget (as defined in the Interim DIP Financing Order) which the Debtors may propose or seek in order to pay any compensation or expenses to Prime Clerk or which otherwise might result from the Debtors paying such compensation or expenses or (ii) agreed to any payment of such compensation or expenses as a surcharge against, or other carve out from, their respective primary collateral.

14. Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry.

15. In the event of any inconsistency between the Engagement Agreement, the Application and this Order, this Order shall govern.

Dated: April 10, 2015
Wilmington, Delaware

Brendan L. Shannon
Chief United States Bankruptcy Judge

01:16945194.3