IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, et al.,[1] | Case No. 15-10541 (BLS) |
| Debtors. | Jointly Administered |
| | Re: Docket No. 92 |

## ORDER AUTHORIZING THE EMPLOYMENT AND PAYMENT OF PROFESSIONALS USED IN THE ORDINARY COURSE OF BUSINESS

Upon the *Debtors' Motion for Order Authorizing the Employment and Payment of Professionals Used in the Ordinary Course of Business* (the "Motion")[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"); and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and the Court having found that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given; and the Court having determined that it may enter a final order consistent with Article III of the United States Constitution; and upon consideration of the First Day Declaration; and a hearing having been held to consider the

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2] All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

01:16952459.1

relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Debtors are authorized to retain and pay the professionals identified on the OCP List annexed to the Motion as Exhibits B-1 and B-2 (each an "Ordinary Course Professional" and collectively, the "Ordinary Course Professionals") in the ordinary course of business pursuant to the following procedures (the "OCP Procedures"):

> (a) The Debtors shall be authorized to pay, without formal application to the Court by any Ordinary Course Professional, 100% of the fees and disbursements requested by each Ordinary Course Professional retained by the Debtors pursuant to the OCP Procedures upon submission to the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered after the Petition Date; provided, however, that such invoice will also be provided to counsel to the Official Committee of Unsecured Creditors (the "Committee") and that payment on such invoice shall be made only if no objection thereto is filed within 21 days from the receipt of such invoice; and in the event a timely objection is filed, payment shall be made either upon a consensual resolution of such objection or upon order of the Court; provided, further, that fees paid to Ordinary Course Professionals, excluding costs and disbursements, may not exceed (a) $50,000 per month per each Ordinary Course Professional listed on Exhibit B-1 hereto, calculated as an average over a rolling three-month period while these Chapter 11 Cases are pending or (b) $25,000 per month per each Ordinary Course Professional listed on Exhibit B-2 hereto, calculated as an average over a rolling three-month period while these Chapter 11 Cases are pending (each an "OCP Cap" and together, the "OCP Caps").
>
> (b) Any payments to an Ordinary Course Professional in excess of the OCP Caps shall be subject to prior approval of the Court in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the UST Fee Guidelines, and any applicable orders of the Court.
>
> (c) Aggregate payments to the Ordinary Course Professionals for services other than audit services shall not exceed $100,000 per month without the consent of (i) Silver Point Finance, LLC, as administrative agent under that certain Super-

Priority Priming Debtor in Possession Delayed Draw Term Loan Credit Agreement dated as of March 12, 2015, and (ii) the Committee.

(d)  Each Ordinary Course Professional on the OCP List that is an attorney shall file and serve a declaration of disinterestedness substantially in the form annexed hereto as Exhibit C-1 (the "Attorney OCP Declaration") and each Ordinary Course Professional on the OCP List that is a non-attorney shall file and serve a declaration of disinterestedness substantially in the form annexed hereto as Exhibit C-2 (the "Professional OCP Declaration" together with the Attorney Declaration, a "Declaration of Disinterestedness").  Each Ordinary Course Professional shall file and serve, at least 14 calendar days prior to submitting an invoice to the Debtors, a Declaration of Disinterestedness upon: (i) the Standard Register Company, 600 Albany Street, Dayton, OH 45417 (Attn: Kevin Carmody, CRO), (ii) the attorneys for the Debtors, (A) Gibson, Dunn & Crutcher LLP, 333 South Grand Avenue, Los Angeles, CA 90071 (Attn: Robert A. Klyman) and (B) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801 (Attn: Michael R. Nestor); (iii) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Mark Kenney); (iv) counsel to the Committee, Lowenstein Sandler LLP, 1251 Avenue of the Americas, New York, NY 10020 (Attn: Wojciech F. Jung, Esq.); (v) counsel to Silver Point Finance, LLC, Skadden, Arps, Slate, Meagher & Flom LLP, 155 N. Wacker Drive, Chicago, IL 60606-1720 (Attn: Ron E. Meisler); and (vi) counsel to Bank of America, N.A., Parker, Hudson, Rainer & Dobbs LLP, 1500 Marquis Two Tower, 285 Peachtree Center Avenue, Atlanta, GA 30303 (Attn: C. Edward Dobbs, Esq.) (collectively, the "Notice Parties").

(e)  The Notice Parties shall have 10 days after the date of filing of each Ordinary Course Professional's Declaration of Disinterestedness (the "Objection Deadline") to object to the retention of such Ordinary Course Professional.  The objecting party shall file any such objection and serve such objection upon the Notice Parties and the respective Ordinary Course Professional on or before the Objection Deadline.  If any such objection cannot be resolved within 10 days of its receipt, the matter shall be scheduled for hearing before the Court at the next regularly scheduled omnibus hearing date that is no less than 10 days from that date or on a date otherwise agreeable to the parties.  The Debtors shall not be authorized to retain and pay such Ordinary Course Professional until all outstanding objections have been withdrawn, resolved, or overruled by order of the Court.

(f)  If no objection is received from any of the Notice Parties by the Objection Deadline with respect to any particular Ordinary Course Professional, the Debtors shall be authorized to retain such Ordinary Course Professional as of the date such Ordinary Course Professional commenced providing services to the Debtors and pay such Ordinary Course Professional as set forth below.

(g)  Within thirty (30) calendar days after the end of, and with respect to, each full three (3) month after the Petition Date (including any initial partial month in the first period), the Debtors shall file with the Court and serve on the Notice Parties a statement with respect to each Ordinary Course Professional paid during such period. Each Ordinary Course Professional's statement shall include the following information: (i) the name of the Ordinary Course Professional; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that Ordinary Course Professional during the reported quarter; and (iii) a general description of the services rendered by that Ordinary Course Professional.

(h)  The Debtors reserve the right to retain additional Ordinary Course Professionals from time to time during these Chapter 11 Cases by (i) including such Ordinary Course Professionals on an amended or supplemental OCP List that is filed with the Court and served on the Notice Parties and (ii) having such additional Ordinary Course Professionals comply with the OCP Procedures.

3.  The Debtors are authorized to supplement the OCP List as necessary to add or remove Ordinary Course Professionals, from time to time in their sole discretion, without the need for any further hearing and without the need to file individual retention applications for newly added Ordinary Course Professionals. In such event, the Debtors shall file the amended or supplemental OCP List with the Court and serve such list on the Notice Parties. Parties of interest shall have 14 days to object to any amended or supplemental OCP List. Each additional Ordinary Course Professional listed in the OCP List shall serve a Declaration of Disinterestedness on the Notice Parties as provided in the OCP Procedures. If no objections are timely filed to any such additional Ordinary Course Professional's Declaration of Disinterestedness, then retention of such Ordinary Course Professionals shall be deemed approved by the Court pursuant to this Order without a hearing or further order.

4.  Nothing in the Motion or this Order, or the Debtors' payment of any claims pursuant to this Order, shall be deemed or construed as: (a) an admission as to the validity of any claim or Lien against the Debtors or their estates; (b) a waiver of the Debtors' right to dispute any claim or Lien; (c) an approval or assumption of any agreement, contract, or lease

pursuant to section 365 of the Bankruptcy Code; (d) an admission of the priority status of any claim, whether under section 503(b)(9) of the Bankruptcy Code or otherwise; or (e) a modification of the Debtors' rights to seek relief under any section of the Bankruptcy Code on account of any amounts owed or paid to.

5. The automatic stay shall be modified to authorize any professional employed by the Debtors as an Ordinary Course Professional, upon approval of the Debtors and 5 days' notice to counsel to the Committee, to apply prepetition retainers held by such Ordinary Course Professional to prepetition fees in accordance with applicable non-bankruptcy law.

6. In not opposing Court approval of the Motion, none of the DIP Credit Parties (as such term is defined in the interim order entered on March 13, 2015 [Docket No. 59] (the "Interim DIP Financing Order"), approving debtor-in-possession financing for the Debtors) shall be deemed to have (i) waived any objection, or consented, to any change or modification to the Budget (as defined in the Interim DIP Financing Order) that the Debtors may propose or seek in order to pay any fees or expenses to Ordinary Course Professionals or which otherwise might result from the Debtors' payment of fees or expenses of Ordinary Course Professionals, or (ii) agreed to have any payment of such fees or expenses be deemed a surcharge against, or other carve-out from, their respective primary collateral.

7. This Order shall not apply to any professional retained by the Debtors pursuant to a separate order of the Court.

8. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

9. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

10. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062 or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

12. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: April 10, 2015
Wilmington, Delaware

Brendan L. Shannon
Chief United States Bankruptcy Judge