# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, et al.,[1] | Case No. 15-10541 (BLS) |
| Debtors. | (Jointly Administered) |
| | Re: Docket Nos. 9 & 50 |

## FINAL ORDER AUTHORIZING THE DEBTORS TO PAY CERTAIN PREPETITION CLAIMS OF CRITICAL VENDORS, SHIPPERS AND FREIGHT CARRIERS

Upon the *Debtors' Motion for Interim and Final Orders Authorizing Debtors to Pay Certain Prepetition Claims of Critical Vendors, Shippers and Freight Carriers* (the "Motion")[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"); the Court having reviewed the Motion and having heard the statements of counsel regarding the relief requested in the Motion at a hearing before the Court (the "Hearing"); and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012; and the Court having found that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given; and the Court having

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2] All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

01:16952356.1

determined that it may enter a final order consistent with Article III of the United States Constitution; and the Court having considered the First Day Declaration; and the Court having previously entered the *Interim Order (A) Authorizing the Debtors to Pay Certain Prepetition Claims of Critical Vendors, Shippers and Freight Carriers; and (B) Authorizing Banks and Other Financial Institutions to Honor and Process Related Checks and Transfers* [Docket No. 50] (the "Interim Order"); and the Court having found that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the Court having found that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties in interest; and after due deliberation and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein on a final basis.

2. Objections to this Motion, if any, shall be and hereby are OVERRULED.

3. The Debtors are authorized, but not directed, in the exercise of their reasonable business judgment, to pay Critical Vendor Claims and Shipper Claims in an amount not to exceed $17.2 million and $2.8 million, respectively, in the aggregate (including amounts paid pursuant to the Interim Order), unless otherwise ordered by the Court; *provided, however*, that the Debtors shall not make any payment (or series of payments) to any individual Critical Vendor or Shipper (including any affiliates thereof) in excess of $250,000 (the "Individual Vendor Limit") unless the Debtors (a) give notice of such proposed payment and appropriate back-up documentation and information to the administrative agent under the Debtors' debtor-in-possession term loan credit facility (the "Term Loan DIP Agent") and (b) the Term Loan DIP Agent shall either grant written consent to such payment or fail to disapprove such payment with five (5) days of the giving of such notice. The Individual Vendor Limit shall be reduced dollar

for dollar for all payments made on account of the prepetition claims to a Critical Vendor or Shipper (including affiliates thereof) pursuant to an order of this Court.

4. The Debtors are authorized to pay the Critical Vendor Claims in the ordinary course of business when due, not on an accelerated basis; *provided, however*, that any Critical Vendor that accepts payment pursuant to the authority granted in this Final Order must agree to (a) supply goods and services to the Debtors post-petition on Customary Trade Terms (as defined below) or on such other favorable terms as are acceptable to the Debtors, and (b) not cancel on less than ninety (90) days' notice any contract or agreement whereby it provides goods and/or services to the Debtors.

5. Any Critical Vendor that accepts payment pursuant to the authority granted in this Final Order shall be deemed to (a) agree to the terms and provisions of this Final Order and (b) to the extent paid, have waived any and all prepetition claims against the Debtors, their assets and their properties.

6. Any payments with respect to prepetition claims hereunder shall first be used to satisfy any allowed claim of the applicable Critical Vendor or Shipper that is entitled to priority under section 503(b)(9) of the Bankruptcy Code, and thereafter to satisfy the applicable Critical Vendor's or Shipper's general unsecured claims.

7. The Debtors, in consultation with the Official Committee of Unsecured Creditors of the Debtors (the "<u>Committee</u>"), may enter into a Trade Agreement with an individual Critical Vendor on the terms set forth in the Motion and hereby incorporated by reference.

8. The Debtors shall condition the payment of Critical Vendor Claims on the agreement of the individual Critical Vendor to continue supplying goods and services to the Debtors on terms that are as or more favorable to the Debtors as the most favorable trade terms,

practices, and programs in effect between the Critical Vendor and the Debtors in the one (1) year period preceding the Petition Date (the "Customary Trade Terms"), or such other trade terms as are agreed to by the Debtors and the Critical Vendor.

9. Upon at least three (3) business days' advance notice to the applicable Critical Vendor, the Committee and the Term Loan DIP Agent, the Debtors may terminate the Trade Agreement with an individual Critical Vendor along with the other benefits to the Critical Vendor as contained in this Final Order (a "Termination").  A Termination will be deemed effective upon the date that the Debtors deliver notice of the Termination to the Critical Vendor advising that the Critical Vendor (a) has not complied with the terms and provisions of the Trade Agreement or (b) has failed to continue to provide Customary Trade Terms to the Debtors; *provided, however*, that if an objection is timely asserted during the three (3) business days' advance notice period the Termination will be deemed effective upon agreement of the Debtors and the objecting party or further order of the Court.

10. If a Trade Agreement is subject to a Termination or a Critical Vendor or Shipper who has received payment of a prepetition claim later refuses to continue to supply goods and/or services to the Debtors on Customary Trade Terms during the pendency of these Chapter 11 Cases, the Debtors may declare (a) that the payment of such Critical Vendor Claim or Shipper Claim is a voidable postpetition transfer pursuant to section 549(a) of the Bankruptcy Code and that the Debtors may recover in cash or in goods from such Critical Vendor or Shipper (including by setoff against postpetition obligations), or (b) that the Critical Vendor or Shipper shall immediately return the payment of its Critical Vendor Claim or Shipper Claim without giving effect to alleged setoff rights, recoupment rights, adjustments, or offsets or any type whatsoever , it being the explicit intention of the Court to return the parties to their position immediately prior

to entry of this Order with respect to all prepetition claims. If the Debtors seek to recover a payment pursuant to section (b) of this paragraph, nothing shall preclude a party from contesting such treatment by making a written request (a "Request") to the Debtors to schedule a hearing before this Court. If a Request is made, a hearing on the Request will be scheduled for the next omnibus hearing date that is not less than thirty days after the Request is received. The Debtors shall provide notice of the hearing to the party making the Request and other interested parties in accordance with the Bankruptcy Code and orders of this Court.

11. The execution of a Trade Agreement by the Debtors shall not constitute a waiver of any cause of action, including any avoidance action that may be held by the Debtors.

12. Upon the Debtors' payment of the Shipper Claims, any lien securing such Shipper Claim shall be immediately released, void, and of no further force and effect, without further action by the Debtors.

13. Nothing herein shall prejudice the Debtors' rights to request additional authority to pay Critical Vendor Claims and Shipper Claims.

14. Each of the Banks is authorized to honor checks presented for payment and all fund transfer requests made by the Debtors, to the extent that sufficient funds are on deposit in the applicable accounts, in accordance with this Order and any other order of this Court.

15. The Debtors are authorized to issue postpetition checks, and/or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests in connection with any Critical Vendor Claims or Shipper Claims that are dishonored or rejected.

16. Nothing in the Motion or this Final Order, or the Debtors' payment of any claims pursuant to this Final Order, shall be deemed or construed as: (a) an admission as to the validity of any claim or Lien against the Debtors or their estates; (b) a waiver of the Debtors' right to

dispute any claim or Lien; (c) an approval or assumption of any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (d) an admission of the priority status of any claim, whether under section 503(b)(9) of the Bankruptcy Code or otherwise; or (e) a modification of any of the Debtors' rights to seek relief under any section of the Bankruptcy Code on account of any amounts owed or paid to any Critical Vendor.

17. The Debtors shall maintain a matrix summarizing (a) the name of each Critical Vendor or Shipper paid; (b) the amount paid to each Critical Vendor or Shipper; (c) the type of goods or services provided by each Critical Vendor or Shipper; and (d) other pertinent information. This matrix shall be updated regularly and provided to counsel to the Committee, the Term Loan DIP Agent and the administrative agent under the Debtors' debtor-in-possession ABL credit facility (the "ABL DIP Agent") no less frequently than weekly. Counsel to the Committee, the Term Loan DIP Agent and the ABL DIP Agent shall keep the details of the matrix confidential and shall not disclose its contents to anyone, except their professional advisors or as otherwise authorized by the Debtors or this Court; *provided, however*, that counsel to the Committee may share with the Committee the total dollars paid and the number of vendors receiving payments under this Order. The Debtors shall provide the matrix on a confidential basis to the U.S. Trustee. The U.S. Trustee shall not disclose the contents of the matrix to anyone, except as otherwise authorized by the Debtors or further order of this Court.

18. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

19. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

20. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be immediately effective and enforceable upon its entry.

21. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Order in accordance with the Motion.

22. This Court shall retain jurisdiction over all matters arising from or related to the interpretation, implementation and enforcement of this Final Order.

Dated: April 13, 2015
Wilmington, Delaware

_____
BRENDAN L. SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE