# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>THE STANDARD REGISTER COMPANY, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-10541 (BLS)<br><br>(Jointly Administered)<br><br>**Re: Docket Nos. 14 & 58** |

**FINAL ORDER (I) AUTHORIZING PAYMENT OF CERTAIN PREPETITION WORKFORCE CLAIMS, INCLUDING WAGES, SALARIES AND OTHER COMPENSATION, (II) AUTHORIZING PAYMENT OF CERTAIN EMPLOYEE BENEFITS AND CONFIRMING RIGHT TO CONTINUE EMPLOYEE BENEFITS ON POSTPETITION BASIS, (III) AUTHORIZING PAYMENT OF REIMBURSEMENT TO EMPLOYEES FOR PREPETITION EXPENSES, (IV) AUTHORIZING PAYMENT OF WITHHOLDING AND PAYROLL-RELATED TAXES, (V) AUTHORIZING PAYMENT OF WORKERS' COMPENSATION OBLIGATIONS, AND (VI) AUTHORIZING PAYMENT OF PREPETITION CLAIMS OWING TO ADMINISTRATORS AND THIRD PARTY PROVIDERS**

Upon the *Debtors' Motion for Entry of Interim and Final Orders (i) Authorizing Payment of Certain Prepetition Workforce Claims, Including Wages, Salaries and Other Compensation, (ii) Authorizing Payment of Certain Employee Benefits and Confirming Right to Continue Employee Benefits on Postpetition Basis, (iii) Authorizing Payment of Reimbursement to Employees for Expenses Incurred Prepetition, (iv) Authorizing Payment of Withholding and Payroll-Related Taxes, (v) Authorizing Payment of Workers' Compensation Obligations, and (vi) Authorizing Payment of Prepetition Claims Owing to Administrators and Third Party*

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

01:16944918.1

*Providers* (the "Motion")[2] of Standard Register and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"); and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and the Court having found that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having determined that it may enter a final order consistent with Article III of the United States Constitution; and in consideration of the First Day Declaration; and it appearing that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given; and the Court having entered that certain *Interim Order (I) Authorizing Payment of Certain Prepetition Workforce Claims, Including Wages, Salaries and Other Compensation, (II) Authorizing Payment of Certain Employee Benefits and Confirming Right to Continue Employee Benefits on Postpetition Basis, (III) Authorizing Payment of Reimbursement to Employees for Prepetition Expenses, (IV) Authorizing Payment of Withholding and Payroll-Related Taxes, (V) Authorizing Payment of Workers' Compensation Obligations, and (Vi) Authorizing Payment of Prepetition Claims Owing to Administrators or Third Party Providers* [Docket No. 58] (the "Interim Order"); and a hearing or hearings having been held to consider the relief requested in the Motion; and upon the record of such hearing or hearings, and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties in interest; and that the legal and factual bases

---

[2] All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein on a final basis.

2. Except as otherwise set forth herein, the Debtors are authorized, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, but not obligated or directed, in the reasonable exercise of their business judgment and in the ordinary course of business, to pay and honor amounts on account of Employee Compensation Obligations[3] and Contract Workers Obligations (exclusive of Withholding Obligations); *provided, however*, that without prejudice to the Debtors' right to seek additional payments at any time subsequent hereto, the aggregate amount of such payments on account of Employee Compensation Obligations and Contract Workers Obligations (exclusive of Withholding Obligations) shall not exceed $7.8 million unless further ordered by the Court.

3. The Debtors and any applicable third parties are authorized to continue to allocate and distribute Withholding Obligations to the appropriate third-party recipients or taxing authorities in accordance with the Debtors' stated policies and prepetition practices.

4. The Debtors are authorized, but not directed, to continue to honor their Reimbursable Expense Obligations, including any prepetition obligations, to Employees in accordance with the Debtors' stated policies and prepetition practices, and are authorized to satisfy such Reimbursable Expense Obligations in an amount not to exceed $1 million; *provided, however*, that satisfaction of prepetition Reimbursable Expense Obligations shall only be allowed

---

[3] Employees shall also include independent contractors employed directly by the Debtors, and Employee Compensation Obligations shall also include amounts owed to such independent contractors.

to the extent Employees have paid for such expenses directly from their own funds or are otherwise personally liable for such expenses.

5. The Debtors are authorized, but not directed, to make payments under the Bonus Programs to non-insiders in an aggregate amount not to exceed $300,000. The Debtors are further authorized, but not directed, to maintain the Bonus Programs in the ordinary course of business.

6. The Debtors are authorized, but not directed, to make payments to non-insiders for Commissions earned prior to the Petition Date, in an aggregate amount not to exceed $2.3 million, and to continue paying Commissions in the ordinary course of business.

7. The Debtors are authorized, but not directed, to honor the obligations under the Profit Sharing Plan in the ordinary course of business and in accordance with the Debtors' prepetition practice, and to make payments under the Profit Sharing Plan earned prior to the Petition Date in an aggregate amount not to exceed $25,000; *provided, however*, that no such Employees receiving payments on account of the Profit Sharing Plan shall receive payments exceeding $12,475 in the aggregate, inclusive of other payments for prepetition claims contemplated by this Final Order or those made pursuant to the Interim Order.

8. The Debtors are authorized, but not directed, to honor the Employee Benefit Plans in the ordinary course of business and in accordance with the Debtors' prepetition policies and programs, and to make any necessary contributions to such programs and pay any unpaid premium, claim, or amount owed as of the Petition Date with respect thereto; *provided, however*, that the Debtors may not pay in excess of $4.6 million in the aggregate on account of Employee Benefit Plans and the Employee Benefits Obligations, exclusive of Withholding Obligations.

9. The Debtors are authorized, but not directed, to satisfy the Todd Administrative Fee Obligations in an aggregate amount not to exceed $9,400.

10. The Debtors are authorized to continue the Equity Incentive Plan in the ordinary course of business, and the Equity Incentive Plan shall be limited to the vesting or issuance of securities authorized prior to the Petition Date and no other compensation shall be made thereunder.

11. The Debtors are authorized, but not directed, to honor all obligations under the Debtors' PTO and Vacation Time policies, including payout of accrued PTO and Vacation Time only where local law requires.

12. Without further order from the Court, the Debtors shall not make any payments under the Incentive Programs to or for the benefit of an insider as defined by section 101(35) of the Bankruptcy Code ("Insider").

13. The Debtors are authorized, but not directed, to honor Severance Obligations owed to non-Insider Former Employees up to the statutory priority limit of $12,475 per non-Insider Former Employee, pursuant to section 507(a)(4) of the Bankruptcy Code, and in an aggregate amount not to exceed $400,000 for all non-Insider Former Employees, and to continue the Severance Plan in the ordinary course of business. No payments in furtherance of Severance Obligations shall be made under section 503(c) of the Bankruptcy Code.

14. The Debtors are authorized, but not directed, to pay all processing and administrative fees associated with and all costs and expenses incidental to payment of the Compensation Obligations and the Employee Benefits Obligations, including the Payroll Administrator Obligations.

15. Nothing in the Motion, the Interim Order, or this Final Order, nor as a result of any payment made pursuant to this Final Order, shall be deemed or construed as an admission as to the validity or priority of any claim against the Debtors, an approval or assumption of any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code, or a waiver of the right of the Debtors, or shall impair the ability of the Debtors, or any other party in interest, to the extent applicable, to contest the validity and amount of any payment made pursuant to this Final Order.

16. Each of the Processors is authorized to receive, process, honor, and pay all checks and transfers issued or requested by the Debtors, to the extent that sufficient funds are on deposit in the applicable accounts, in accordance with this Final Order and any other order of this Court.

17. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests in connection with any Compensation Obligations and Employee Benefits Obligations that are dishonored or rejected.

18. Nothing in the Motion or this Final Order shall (a) limit or otherwise prejudice the Official Committee of Unsecured Creditors' rights and remedies with respect to claims and causes of action, if any, against any Employees including an Insider of the Debtors and/or (b) be deemed to permit a violation of section 503(c) of the Bankruptcy Code.

19. Notwithstanding anything to the contrary contained herein, any payment to be made, or authorization contained, hereunder shall be subject to the requirements imposed on the Debtors under any approved order regarding post-petition financing and any budget in connection therewith.

20. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be immediately effective and enforceable upon its entry.

21. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Order in accordance with the Motion.

22. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Final Order.

Dated: April 13, 2015
Wilmington, Delaware

_____
Brendan L. Shannon
Chief United States Bankruptcy Judge