IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>THE STANDARD REGISTER COMPANY, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-10541 (BLS)<br><br>(Jointly Administered)<br><br>Re: Docket Nos. 13 & 57 |

**FINAL ORDER ESTABLISHING NOTIFICATION
PROCEDURES FOR DISPOSITIONS OF, OR CLAIMS OF WORTHLESS STOCK
DEDUCTIONS WITH RESPECT TO, STANDARD REGISTER'S STOCK**

Upon the Motion[2] of Standard Register and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") for the entry of interim and final orders, pursuant to sections 105(a), 362 and 541 of title 11 of the Bankruptcy Code, establishing notification procedures that must be satisfied before certain dispositions of, or claims of worthless stock deductions with respect to, equity securities in Standard Register or of any beneficial ownership thereof are deemed effective; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012; and the Court having found that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2] All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

01:16952285.1

found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given; and the Court having determined that it may enter a final order consistent with Article III of the United States Constitution; and upon consideration of the First Day Declaration; and the Court having entered that certain *Interim Order Establishing Notification procedures for Dispositions of, or claims of Worthless Stock Deductions With Respect to, Standard Register's Stock* [Docket No. 57]; and a hearing having been held to consider the relief requested in the Motion; and upon the record of the hearing on the Motion and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on an final basis as set forth herein.

2. Any purchase, sale, or other disposition of, or declaration of worthless stock deduction with respect to, Stock in Standard Register or of any Beneficial Ownership (as defined below) thereof in violation of the procedures set forth herein (including the notice requirements set forth below) shall be null and void *ab initio*.

3. The following procedures for monitoring the trading of Stock (collectively, the "Procedures for Trading in Stock") are hereby approved:

   a. Any entity (as such term is defined in section 101(15) of the Bankruptcy Code, which includes a person or individual) who currently is or becomes a Substantial Shareholder (as defined below) must file with the Court, and serve upon proposed counsel to the Debtors, Gibson, Dunn & Crutcher, LLP, 333 South Grand

Avenue, Los Angeles, CA 90071-1512 (Attn: Robert A. Klyman), and Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Rodney Square, Wilmington, DE 19801 (Attn: Michael R. Nestor) and proposed counsel to the Official Committee of Unsecured Creditors of the Debtors (the "Committee"), Lowenstein Sandler LLP, 65 Livingston Avenue, Roseland, NJ 07068 (Attn: Sharon L. Levine) and Polsinelli PC, 222 Delaware Avenue, Suite 1101, Wilmington, DE 19801 (Attn: Christopher A. Ward), a declaration of such status, substantially in the form of Exhibit 1 attached hereto, on or before the later of (i) twenty (20) days after the date of the Notice of Order (as defined below) and (ii) ten (10) days after becoming a Substantial Shareholder.

b. Before effectuating any disposition of Stock that would result in an increase in the amount of Stock of which a Substantial Shareholder has Beneficial Ownership or would result in an entity becoming a Substantial Shareholder, such Substantial Shareholder must file with the Court, and serve upon proposed counsel to the Debtors and the Committee, an advance written declaration of the intended disposition of Stock in the form of Exhibit 2 attached hereto (each, a "Declaration of Intent to Purchase, Acquire or Otherwise Accumulate Stock").

c. Before effectuating any disposition of Stock that would result in a decrease in the amount of Stock of which a Substantial Shareholder has Beneficial Ownership, other than any such disposition where the amount of Stock of which such Substantial Shareholder has Beneficial Ownership following such disposition is not less than the lowest amount of Stock of which such Substantial Shareholder had Beneficial Ownership during the three (3) year period ending on the date of such disposition, or would result in a Substantial Shareholder ceasing to be a Substantial Shareholder, such Substantial Shareholder must file with the Court, and serve upon proposed counsel to the Debtors and the Committee, an advance written declaration of the intended disposition of Stock in the form of Exhibit 3 attached hereto (each, a "Declaration of Intent to Sell, Trade, or Otherwise Dispose of Stock," and together with a Declaration of Intent to Purchase, Acquire or Accumulate Stock, each, a "Declaration of Proposed Disposition").

d. The Debtors, in consultation with the Committee, shall promptly review all Declarations of Proposed Disposition and shall have five (5) calendar days after receipt of a Declaration of Proposed Disposition to file with the Court and serve on such Substantial Shareholder an objection to any proposed disposition of Stock described in the Declaration of Proposed Disposition on the basis that such disposition will cause a Pre-Emergence Ownership Change and thereby adversely affect the Debtors' ability to utilize their Tax Attributes as a result of a Pre-Emergence Ownership Change. If the Debtors file such an objection, such transaction shall be enjoined and would not be effective unless and until such objection is withdrawn by the Debtors or such objection is overruled by a final order of the Court; provided, however, that such injunction shall continue if, within three days of entry of such order overruling the objection, the Debtors file a notice of appeal. If the Debtors do not object within such 5-day period, such transaction can proceed solely as set forth in the Declaration of Proposed

Disposition. Further transactions within the scope of this paragraph must be the subject of additional Declarations of Proposed Disposition in accordance with the procedures set forth herein, with an additional 5-day waiting period for each Declaration of Proposed Disposition. The Debtors shall review each Declaration of Proposed Disposition and decide whether to object to, or waive any objection to, any proposed disposition of Stock described therein in the order each such Declaration of Disposition is filed with the Court.

e. For purposes of these procedures: (i) a "Substantial Shareholder" is any (a) entity with (or entities who would own as a result of the proposed transfer) Beneficial Ownership of at least 378,014 shares of Standard Register's Common Stock (*i.e.*, approximately 4.5% of the outstanding 8,400,320 shares of Common Stock), or (b) entity (or entities who would own as a result of the proposed transfer) with Beneficial Ownership of any shares of Standard Register's Class A Stock; (ii) "Beneficial Ownership" of Stock with respect to any holder shall be determined in accordance with the applicable rules of IRC section 382 and the Treasury Regulations thereunder, and shall include, but not be limited to, indirect and constructive ownership, for example, (A) a holding company is considered to beneficially own Stock owned by its subsidiaries, (B) a partner in a partnership (or other entity treated as a partnership for U.S. federal income tax purposes) is considered to beneficially own a proportionate interest in Stock owned by the partnership, (C) an individual and such individual's family members may be treated as one individual, (D) persons or entities acting in concert with a holder to make a coordinated acquisition may be treated as a single entity), and (E) a holder is considered to beneficially own any stock that such holder has an Option to acquire; and (iii) an "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, Stock subject to risk of forfeiture, contract to acquire Stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

4. The following procedures for monitoring worthless stock deductions with respect to Stock (collectively, the "Procedures for Claiming Worthless Stock Deductions") are hereby approved:

(a) Any entity (as such term is defined in section 101(15) of the Bankruptcy Code, which includes a person or individual) who currently is or becomes a 50% Shareholder must file with the Court, and serve upon proposed counsel to the Debtors, Gibson, Dunn & Crutcher, LLP, 333 South Grand Avenue, Los Angeles, CA 90071-1512 (Attn: Robert A. Klyman), and Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Rodney Square, Wilmington, DE 19801 (Attn: Michael R. Nestor) and proposed counsel to the Committee, Lowenstein Sandler LLP, 65 Livingston Avenue, Roseland, NJ 07068 (Attn: Sharon L. Levine) and Polsinelli PC, 222 Delaware Avenue, Suite 1101, Wilmington, DE 19801 (Attn: Christopher A. Ward), a notice of such status, in the form of Exhibit

    4 attached hereto, on or before the later of (i) twenty (20) days after the date of the Notice of Order (as defined below) and (ii) ten (10) days after becoming a 50% Shareholder.

(b)  (i) Prior to filing any federal or state tax return, any amendment to such a return, or distributing K-1 or other information statement, if any, to its partners or members, claiming or reflecting any deduction for worthlessness of the Stock, for a tax year ending before the Debtors' emergence from chapter 11 protection, such 50% Shareholder must file with the Court, and serve upon proposed counsel to the Debtors and the Committee, an advance written declaration in the form of Exhibit 5 attached hereto (a "Declaration of Intent to Claim a Worthless Security Deduction"), of the intended claim of worthlessness.

   (ii) If a 50% Shareholder is a partnership or other pass-through entity for federal or state income tax purposes, prior to filing any federal or state tax return, or any amendment to such a return, each partner or other owner of such 50% Shareholder must file with the Court, and serve upon proposed counsel to the Debtors and the Committee, an advance written declaration in the form of Exhibit 5 attached hereto, the Declaration of Intent to Claim a Worthless Security Deduction, prior to filing a return claiming or otherwise reflecting any deduction for worthlessness of the Stock, for a tax year ending before the Debtors' emergence from chapter 11 protection.

(c)  The Debtors will have fifteen (15) calendar days after receipt of a Declaration of Intent to Claim a Worthless Security Deduction to file with the Court and serve on such 50% Shareholder (or partner or owner of such 50% Shareholder) an objection on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes. If the Debtors file an objection to a Declaration of Intent to Claim a Worthless Security Deduction, the filing of the return or distribution of K-1 or other information statement with such claim shall be enjoined and shall not be effective unless and until such objection is withdrawn by the Debtors or such objection is overruled by a final order of the Court that is no longer subject to appeal. If the Debtors do not object within such 15-day period, the filing of the return or distribution of K-1 or other information statement with such claim shall be permitted as set forth in the Declaration of Intent to Claim a Worthless Security Deduction. Additional tax returns within the scope of this paragraph must be the subject of additional notices as set forth herein, with an additional 15-day waiting period.

(d)  For purposes of these procedures: (i) a "50% Shareholder" is any person owning 50% or more of Stock (within the meaning of IRC section 382(g)(4)(D)), and this calculation shall include, but shall not be limited to, indirect and constructive ownership under the rules of Treasury Regulations Section 1.382-2T(h) other than Treasury Regulations Section 1.382-2T(h)(2)(i)(A), for example, (a) a holding company is considered to beneficially own Stock owned by its subsidiaries, (b) a partner in a partnership (or other entity treated as a partnership for U.S. federal income tax purposes) is considered to beneficially own a proportionate interest in

Stock owned by the partnership, (c) an individual and such individual's family members may be treated as one individual, and (d) persons or entities acting in concert with a holder to make a coordinated acquisition may be treated as a single entity), and (e) a holder is considered to beneficially own Stock with respect to which such holder has an Option to acquire; and (ii) an "Option" to acquire Stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire Stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

5. The Debtors are authorized, but not directed, to waive in writing, after prior consultation with the Committee, any and all restrictions, stays and notification procedures contained in this Order; *provided, however*, that if the Committee objects to the requested waiver within three (3) days from the receipt of the request in writing then the waiver shall not be effective until the objection is resolved by an agreement of the Debtors and the Committee or further order of this Court.

6. No later than two (2) business days following entry of this Order, the Debtors shall serve by first class mail, postage prepaid, a notice in substantially the form of Exhibit 6 attached hereto (the "Notice of Final Order") to the following (collectively, the "Notice Parties"): (a) directly registered holders of Common Stock on the books and records of the Debtors' transfer agent; (b) the banks, brokers, intermediaries, other nominees or their agents (each, a "Nominee") holding in "street name" on behalf of beneficial holders of Common Stock; (c) holders of Class A Stock; (d) counsel to the Committee; (e) the transfer agents for any Common Stock; (f) the United States Securities and Exchange Commission; (g) the Internal Revenue Service; and (h) all parties that, as of the entry of this Order, have requested notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002. With respect to the Notice of Final Order, the Debtors may fill in, or cause to be filled in, any missing dates and other information, correct any typographical errors, conform the provisions thereof to the provisions of this Order, and make such other, nonmaterial changes as the Debtors deem necessary or appropriate.

7. Each Nominee shall be required to serve the Notice of Final Order on the beneficial holders for the benefit of which it holds Common Stock. Additionally, any Nominee who sells in excess of 378,014 shares of Common Stock to another entity shall be required to serve a copy of the Notice of Final Order on such purchaser of such Common Stock or any Nominee or entity acting on such purchaser's behalf.

8. Each transfer agent of the Common Stock shall be required to provide the Debtors' proposed counsel with an excel file containing the names and addresses of all holders of such Common Stock registered with such transfer agent no later than one (1) business day after entry of this Order; provided, however, that if the transfer agent does not provide this file within one (1) business day after entry of this Order, such transfer agents shall be required to serve the Notice of Order on all holders of such Common Stock that are registered with such transfer agent no later than five (5) business days after being served with the Notice of Final Order. In addition, all registered holders shall be required to serve the Notice of Final Order on any holder for whose account such registered holder holds Common Stock and so on down the chain of ownership.

9. The Debtors' service on the Notice Parties of the Notice of Final Order shall constitute sufficient notice of this Order and the Procedures for Trading in Stock.

10. The requirements set forth in this Order are in addition to the requirements of all applicable law and do not excuse compliance therewith.

11. The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

12. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

13. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: April 13, 2015
Wilmington, Delaware

_____
BRENDAN L. SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE