**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: <br><br> THE STANDARD REGISTER COMPANY, *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 15-10541 (BLS) <br><br> (Jointly Administered) <br><br> Docket Ref. Nos. 13 & 268 |

**NOTICE OF FINAL ORDER, ESTABLISHING NOTIFICATION
PROCEDURES FOR DISPOSITIONS OF, OR CLAIMS OF WORTHLESS STOCK
DEDUCTIONS WITH RESPECT TO, STANDARD REGISTER'S STOCK**

**TO: ALL HOLDERS OF COMMON STOCK AND CLASS A STOCK IN THE STANDARD REGISTER COMPANY:**

      **PLEASE TAKE NOTICE** that on March 12, 2015 (the "Petition Date"), The Standard Register Company ("Standard Register") and its above-captioned affiliated debtors and debtors in possession (each, a "Debtor," and collectively, the "Debtors") filed voluntary petitions with the United States Bankruptcy Court District of Delaware (the "Court") under chapter 11 of the Bankruptcy Code. Subject to certain exceptions, section 362 of the Bankruptcy Code operates as a stay of any act to obtain possession of, or exercise control over, property of the Debtors' estates.

      **PLEASE TAKE FURTHER NOTICE** that on March 12, 2015, the Debtors filed the *Debtors' Motion for Entry of Interim and Final Orders Establishing Notification Procedures for Dispositions of, or Claims of Worthless Stock Deductions with Respect to, Standard Register's Stock* [Docket No. 13] (the "Motion"). On April 13, 2015, the Court entered an order [Docket No. 268] (the "Order")[2] approving the Motion on a final basis and approving the procedures set forth below in order to preserve the Debtors' NOLs and Tax Attributes.[3]

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Order.

[3] The summary of the Order herein is qualified in its entirety by the actual terms of the Order. If there are any inconsistencies between the summary contained herein and the actual terms of the Order, the actual terms of the Order shall control.

01:16968134.1

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Order, the following procedures (collectively, the "Procedures for Trading in Stock") shall apply to holding and trading the Stock in Standard Register or of any Beneficial Ownership thereof:

(a) Any entity (as such term is defined in section 101(15) of the Bankruptcy Code, which includes a person or individual) who currently is or becomes a Substantial Shareholder (as defined below) must file with the Court, and serve upon proposed counsel to the Debtors, Gibson, Dunn & Crutcher, LLP, 333 South Grand Avenue, Los Angeles, CA 90071-1512 (Attn: Robert A. Klyman), and Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Rodney Square, Wilmington, DE 19801 (Attn: Michael R. Nestor), a declaration of such status, substantially in the form of Exhibit 1 attached to the Order, on or before the later of (i) twenty (20) days after the date of the Notice of Order (as defined below) and (ii) ten (10) days after becoming a Substantial Shareholder.

(b) Before effectuating any disposition of Stock that would result in an increase in the amount of Stock of which a Substantial Shareholder has Beneficial Ownership or would result in an entity becoming a Substantial Shareholder, such Substantial Shareholder must file with the Court, and serve upon proposed counsel to the Debtors, an advance written declaration of the intended disposition of Stock in the form of Exhibit 2 attached to the Order (each, a "Declaration of Intent to Purchase, Acquire or Otherwise Accumulate Stock").

(c) Before effectuating any disposition of Stock that would result in a decrease in the amount of Stock of which a Substantial Shareholder has Beneficial Ownership, other than any such disposition where the amount of Stock of which such Substantial Shareholder has Beneficial Ownership following such disposition is not less than the lowest amount of Stock of which such Substantial Shareholder had Beneficial Ownership during the three year period ending on the date of such disposition, or would result in a Substantial Shareholder ceasing to be a Substantial Shareholder, such Substantial Shareholder must file with the Court, and serve upon proposed counsel to the Debtors, an advance written declaration of the intended disposition of Common Stock in the form of Exhibit 3 attached to the Order (each, a "Declaration of Intent to Sell, Trade, or Otherwise Dispose of Stock," and together with a Declaration of Intent to Purchase, Acquire or Accumulate Stock, each, a "Declaration of Proposed Disposition").

(d) The Debtors shall promptly review all Declarations of Proposed Disposition and shall have five (5) calendar days after receipt of a Declaration of Proposed Disposition to file with the Court and serve on such Substantial Shareholder an objection to any proposed disposition of Stock described in the Declaration of Proposed Disposition on the basis that such disposition will cause a Pre-Emergence Ownership Change and thereby adversely affect the Debtors' ability to utilize their Tax Attributes. If the Debtors file such an objection, such transaction shall be enjoined and would not be effective unless and until such objection is withdrawn by the Debtors or such objection is overruled by a final order of the Court; provided, however, that such injunction shall continue if,

within three days of entry of such order overruling the objection, the Debtors file a notice of appeal. If the Debtors do not object within such 5-day period, such transaction can proceed solely as set forth in the Declaration of Proposed Disposition. Further transactions within the scope of this paragraph must be the subject of additional Declarations of Proposed Disposition in accordance with the procedures set forth herein, with an additional 5-day waiting period for each Declaration of Proposed Disposition. The Debtors shall review each Declaration of Proposed Disposition and decide whether to object to, or waive any objection to, any proposed disposition of Stock described therein in the order each such Declaration of Disposition is filed with the Court.

(e)   For purposes of these procedures: (i) a "<u>Substantial Shareholder</u>" is any (a) entity with (or entities who would own as a result of the proposed transfer) Beneficial Ownership of at least 378,014 shares of Standard Register's Common Stock (*i.e.*, approximately 4.5% of the outstanding 8,400,320 shares of Common Stock), or (b) entity (or entities who would own as a result of the proposed transfer) with Beneficial Ownership of shares of Standard Register's Class A Stock; (ii) "<u>Beneficial Ownership</u>" of Stock with respect to any holder shall be determined in accordance with the applicable rules of IRC section 382 and the Treasury Regulations thereunder, and shall include, but not be limited to, indirect and constructive ownership, for example, (A) a holding company is considered to beneficially own Stock owned by its subsidiaries, (B) a partner in a partnership (or other entity treated as a partnership for U.S. federal income tax purposes) is considered to beneficially own a proportionate interest in Stock owned by the partnership, (C) an individual and such individual's family members may be treated as one individual, (D) persons or entities acting in concert with a holder to make a coordinated acquisition may be treated as a single entity), and (E) a holder is considered to beneficially own any stock that such holder has an Option to acquire; and (iii) an "<u>Option</u>" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, Stock subject to risk of forfeiture, contract to acquire Stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Order, the following procedures (collectively, the "<u>Procedures for Claiming Worthless Stock Deductions</u>") shall apply to claims for tax purposes that the Common Stock is worthless:

(a)   Any entity (as such term is defined in section 101(15) of the Bankruptcy Code, which includes a person or individual) who currently is or becomes a 50% Shareholder must file with the Court, and serve upon counsel to the Debtors and, a notice of such status, in the form of <u>Exhibit 4</u> attached to the Order, on or before the later of (i) twenty (20) days after the date of the Notice of Order (as defined below) and (ii) ten (10) days after becoming a 50% Shareholder.

(b)   (i) Prior to filing any federal or state tax return, any amendment to such a return, or distributing K-1 or other information statement, if any, to its partners or

members, claiming or reflecting any deduction for worthlessness of the Stock, for a tax year ending before the Debtors' emergence from chapter 11 protection, such 50% Shareholder must file with the Court, and serve upon counsel to the Debtors, an advance written declaration in the form of Exhibit 5 attached to the Order (a "Declaration of Intent to Claim a Worthless Security Deduction"), of the intended claim of worthlessness.

(ii) If a 50% Shareholder is a partnership or other pass-through entity for federal or state income tax purposes, prior to filing any federal or state tax return, or any amendment to such a return, each partner or other owner of such 50% Shareholder must file with the Court, and serve upon counsel to the Debtors, an advance written declaration in the form of Exhibit 5 attached to the Order, the Declaration of Intent to Claim a Worthless Security Deduction, prior to filing a return claiming or otherwise reflecting any deduction for worthlessness of the Stock, for a tax year ending before the Debtors' emergence from chapter 11 protection.

(c) The Debtors will have fifteen (15) calendar days after receipt of a Declaration of Intent to Claim a Worthless Security Deduction to file with the Court and serve on such 50% Shareholder (or partner or owner of such 50% Shareholder) an objection on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes.  If the Debtors file an objection to a Declaration of Intent to Claim a Worthless Security Deduction, the filing of the return or distribution of K-1 or other information statement with such claim shall be enjoined and shall not be effective unless and until such objection is withdrawn by the Debtors or such objection is overruled by a final order of the Court that is no longer subject to appeal.  If the Debtors do not object within such 15-day period, the filing of the return or distribution of K-1 or other information statement with such claim shall be permitted as set forth in the Declaration of Intent to Claim a Worthless Security Deduction.  Additional tax returns within the scope of this paragraph must be the subject of additional notices as set forth herein, with an additional 15-day waiting period.

(d) For purposes of these procedures:  (i) a "50% Shareholder" is any person owning 50% or more of Stock (within the meaning of IRC section 382(g)(4)(D)), and this calculation shall include, but shall not be limited to, indirect and constructive ownership under the rules of Treasury Regulations Section 1.382-2T(h) other than Treasury Regulations Section 1.382-2T(h)(2)(i)(A), for example, (a) a holding company is considered to beneficially own Stock owned by its subsidiaries, (b) a partner in a partnership (or other entity treated as a partnership for U.S. federal income tax purposes) is considered to beneficially own a proportionate interest in Stock owned by the partnership, (c) an individual and such individual's family members may be treated as one individual, and (d) persons or entities acting in concert with a holder to make a coordinated acquisition may be treated as a single entity), and (e) a holder is considered to beneficially own Stock with respect to which such holder has an Option to acquire; and (ii) an "Option" to acquire Stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including  any contingent purchase, warrant, convertible debt, put, stock subject

01:16968134.1

to risk of forfeiture, contract to acquire Stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE** that upon the request of any entity, Prime Clerk LLC, the claims and noticing agent in these chapter 11 cases, will provide a form of each of the required declarations described above and a copy of the Order, and such documents are also available at http://cases.primeclerk.com/standardregister.

**PLEASE TAKE FURTHER NOTICE** that any failure to follow the Procedures for Trading in Stock and the Procedures for Claiming Worthless Stock Deductions shall constitute a violation of, among other things, the automatic stay provisions of section 362 of the Bankruptcy Code, and any prohibited purchase, sale, trade, or other disposition of the Stock in violation of the Order and the Procedures for Trading in Stock shall be null and void *ab initio* and may be punished by contempt or other sanctions imposed by the Court.

*Remainder of page intentionally left blank*

**PLEASE TAKE FURTHER NOTICE** that, the requirements set forth in this Notice and the Order are in addition to the requirements of all applicable law and do not excuse compliance therewith.

Dated: April 14, 2015
Wilmington, Delaware

*/s/ Kara Hammond Coyle*
Michael R. Nestor (No. 3526)
Kara Hammond Coyle (No. 4410)
Maris J. Kandestin (No. 5294)
Andrew L. Magaziner (No. 5426)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253
mnestor@ycst.com
kcoyle@ycst.com
mkandestin@ycst.com
amagaziner@ycst.com

-and-

Michael A. Rosenthal (NY No. 4697561)
Robert A. Klyman (CA No. 142723)
Samuel A. Newman (CA No. 217042)
Jeremy L. Graves (CO No. 45522)
Sabina Jacobs (CA No. 274829)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-1512
Telephone: (213) 229-7000
Facsimile: (213) 229-7520
mrosenthal@gibsondunn.com
rklyman@gibsondunn.com
snewman@gibsondunn.com
jgraves@gibsondunn.com
sjacobs@gibsondunn.com

*Counsel to the Debtors and Debtors in Possession*