## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, *et al.*,[1] | Case No. 15-10541 (BLS) |
| Debtors. | Jointly Administered |

## CERTIFICATION OF COUNSEL REGARDING ORDER APPROVING STIPULATION AND [PROPOSED] PROTECTIVE ORDER

The undersigned hereby certifies as follows:

1.    The above-captioned debtors and debtors in possession (collectively, the "Debtors") and the Official Committee of Unsecured Creditors (the "Committee") have entered into the *Stipulation and [Proposed] Protective Order* (the "Stipulation") to protect confidential or otherwise sensitive information that has been or will be produced in formal or informal discovery.

2.    The Stipulation and a proposed form of order (the "Proposed Order") are attached hereto as Exhibit 1.

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001).  The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as <u>Exhibit 1</u> at the earliest convenience of the Court.

Dated:   April 16, 2015
        Wilmington, Delaware

*/s/ Maris J. Kandestin*
Michael R. Nestor (No. 3526)
Kara Hammond Coyle (No. 4410)
Maris J. Kandestin (No. 5294)
Andrew L. Magaziner (No. 5426)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253
mnestor@ycst.com
kcoyle@ycst.com
mkandestin@ycst.com
amagaziner@ycst.com

-and-

Michael A. Rosenthal (NY No. 4697561)
Robert A. Klyman (CA No. 142723)
Samuel A. Newman (CA No. 217042)
Jeremy L. Graves (CO No. 45522)
Sabina Jacobs (CA No. 274829)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-1512
Telephone:  (213) 229-7000
Facsimile:  (213) 229-7520
mrosenthal@gibsondunn.com
rklyman@gibsondunn.com
snewman@gibsondunn.com
jgraves@gibsondunn.com
sjacobs@gibsondunn.com

*Counsel to the Debtors and
Debtors in Possession*

01:16931314.1

# Exhibit 1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, *et al.*,[1] | Case No. 15-10541 (BLS) |
| Debtors. | (Jointly Administered) |

### STIPULATION AND [PROPOSED] PROTECTIVE ORDER

    This Stipulation and Proposed Protective Order (the "Stipulation" or "Protective Order") is entered into by and among: (i) The Standard Register Company ("Standard Register") and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"); and (ii) the Official Committee of Unsecured Creditors (the "CUC") in the above-captioned chapter 11 cases (each a "Party" and collectively, the "Parties"). The Parties hereby stipulate, by and through their respective attorneys of record, subject to Court approval, to entry of the following Protective Order:

    1.    This Stipulation shall apply to any information, document or thing that has been or will be produced in discovery or otherwise (the "Discovery Materials") in the above-captioned chapter 11 cases (the "Proceedings"). Discovery Materials also shall include, without limitation, testimony adduced at depositions; answers to interrogatories and requests for admission; documents and things produced in discovery or voluntarily or pursuant to any other type of request; and documents and things provided pursuant to subpoena in connection with the Proceedings.

---

[1]    The Debtors and the last four digits of their respective U.S. federal taxpayer identification numbers are as follows:  The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (n/a); Standard Register de México, S. de R.L. de C.V. (n/a); Standard Register Servicios, S. de R.L. de C.V. (n/a); and Standard Register Technologies Canada ULC (n/a).  The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

Discovery Materials shall also include all information, filings, documents, and things derived from, based on or incorporating any of the foregoing material.

2.      This Stipulation governs the production or provision of Discovery Materials and does not affect, amend or modify any existing confidentiality agreements, intercreditor agreements, or protective orders applicable to the Parties, and nothing in this Stipulation shall constitute a waiver of any rights under such agreements or orders. For the avoidance of doubt, Discovery Materials shall not include due diligence information provided to a counterparty for use in evaluating a potential strategic transaction with the Debtors; this Protective Order shall not abrogate, amend, or modify any confidentiality agreements or obligations attaching to the disclosure of such due diligence information.

3.      Discovery Materials, or information derived therefrom, shall be used solely in connection with the Proceedings, and shall not be used in any other proceeding or for any other purpose, unless the Discovery Materials fall within the provisions of subparagraphs 4(a) to (d) below, provided, however, that nothing herein shall preclude or otherwise prevent any person who receives and/or reviews Discovery Materials from participating in any other proceeding.

**Designation of Discovery Materials as Confidential.**

4.      Any party or non-Party providing Discovery Materials (the "Designating Party") may designate as "Confidential" that portion of any Discovery Material produced or disclosed in the Proceedings (whether or not the Designating Party is the Party that produced or disclosed those Discovery Materials) that the Designating Party in good faith believes meets the criteria in paragraph 5 below, provided that, Confidential Information shall not include:

2

(a)    information that is at any time independently developed by the Receiving Party (as defined in paragraph 7 below) without use of or reliance upon any Discovery Materials;

(b)    information that was, prior to disclosure, rightfully in the possession of the Receiving Party and not otherwise subject to a duty of confidentiality;

(c)    information that is publicly available in substantially the same form in which it was provided by the Party producing or disclosing the information; and

(d)    information that was, is, or becomes public knowledge, other than in violation of this Protective Order.

5.    A Designating Party only may designate as "Confidential" any Discovery Materials, or any portion thereof, that it reasonably and in good faith believes are proprietary or commercially sensitive, contain private personal information, contain non-public financial information, or are subject to protection under applicable law or regulation ("Confidential Information"). Confidential Information includes, but is not limited to, the following types of information:

(a)    non-public information that is of a personal nature;

(b)    non-public information that is of a business, financial, or commercial nature;

(c)    non-public information that constitutes confidential research or business development, confidential technical information and data, or trade secrets;

(d)    non-public information relating to finances, employee compensation, or taxes concerning one or more of the Parties, its affiliates, employees, or clients;

3

(e)      information that is not generally known to persons other than the Designating Party and its representatives, agents, employees, and affiliates about products, processes, operations, computer programs, marketing, business plans, accounting records, customer lists, supplier lists, formulae, collection, tabulation and analyses of data, materials, working papers, plans, devices, research, and methods of doing business; and

(f)      information that a Party is required by contract, law or regulation to protect from disclosure.

6.      Where practicable, the Designating Party shall designate Discovery Materials as Confidential by applying the legend "Confidential" to the Discovery Materials.  In the case of data stored in electronic form, where practicable, the legend shall be printed on the cover or container of the disk, tape or other medium in which the electronic data is produced.  Where the Designating Party was not the Party that produced or disclosed the Discovery Materials, the Designating Party shall designate Discovery Materials as Confidential by written notice to the other Parties, including via e-mail.

**Non-Disclosure of Confidential Information.**

7.      Subject to paragraphs 8 and 9 below, the CUC, which, for the avoidance of doubt includes the current seven (7) creditors appointed by the United States Trustee for Region _ to the Committee (each such creditor, a "Member" and collectively, the "Members"), whether through their individuals designated to serve as primary, and, if they choose, alternate representatives to attend Committee meetings ("Representative(s)") or otherwise, will not directly or indirectly share any Confidential Information with any third parties, including, without limitation, the media or any employees, representatives or agents of the Member's

4

respective businesses, affiliates and entities (the "Committee Member's Company") who are not Representatives of Members.  For avoidance of doubt, Representatives of a Member shall include such persons, including counsel, financial advisors, employees and other advisors, who reasonably have a need to receive and review the Confidential Information in order to assist the Member in executing its duties as a Member of the Committee.

8.      Confidential Information shall be maintained in confidence and shall not be shared by any Party that receives the Confidential Information (the "Receiving Party") with any person other than:

(a)      the Receiving Party's counsel (including in-house and local counsel) participating in the Proceedings and their legal, clerical, or support staff, including temporary or contract staff;

(b)      the Receiving Party's present or former officers, directors, trustees, partners, members or employees whose review of the Confidential Information is necessary (as determined in the reasonable discretion of the Receiving Party) for the Proceedings;

(c)      the Receiving Party's affiliates and such affiliates' managers, administrators, present or former officers, directors, trustees, partners, or employees whose review of the Confidential Information is necessary (as determined in the reasonable discretion of the Receiving Party) for the Proceedings, in which case each such affiliate will be bound by the provisions of this Stipulation, and the Receiving Party will be responsible for any violations of the Stipulation by its affiliates;

(d)      expert witnesses or consultants who are employed or retained by the Receiving Party or its counsel in connection with the Proceedings, provided that counsel,

5

in good faith, requires their assistance, and further provided that any report created by such expert or consultant relying on or incorporating Confidential Information in whole or in part shall be designated as Confidential Information by the Party responsible for its creation;

(e)    any author or original recipient of the Confidential Information;

(f)    deponents and witnesses or prospective witnesses in the Proceedings, where such disclosure is reasonably necessary for the purposes of trial preparation, factual investigation, or discovery;

(g)    the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") or any court to which an appeal of the Proceedings is taken, and their personnel, subject to paragraph 11 below;

(h)    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for purposes of the Proceedings; and

(i)    any other person, with the express written authorization of the Designating Party, or upon order of the Bankruptcy Court.

9.    Notwithstanding any provision or term of this Protective Order, Member Pension Benefit Guaranty Corporation ("PBGC"), as a governmental agency, may disclose any Confidential Information: (i) to the Executive Branch of the United States, PBGC and PBGC Board of Directors' officials, advisors, consultants, and representatives who have a need to know the information as part of their job responsibilities ("Officials"); (ii) as required by law; (iii) that become available to PBGC on a non-confidential basis or from or in connection with any litigation between PBGC and the Debtors; (iv) in connection with any court or administrative proceeding, or (v) upon request from Congress or any committee, joint committee or

6

subcommittee thereof, including the Comptroller General and Congressional Budget Office.

PBGC will inform all Officials having access to Confidential Information that such information

is subject to this Protective Order.  Notwithstanding any provision or term of this Protective

Order, PBGC may disclose information about the amount of underfunding in any pension plan

covered by Title IV of ERISA, including information about guaranteed benefit liabilities,

unfunded benefit liabilities, plan assets, and funding ratios, whether or not this information is

contained in or derived from Confidential Information, and may provide analyses of Confidential

Information to rebut publicly any public statement, release, or announcement by the Debtors or

its representatives regarding Debtors' defined benefit pension plans.

      10.    Advisors' Eyes Only.  Notwithstanding the other provisions of this Stipulation,

including paragraph 7, a Designating Party may designate certain Confidential Information as

"Advisors' Eyes Only," in which case such Confidential Information may be viewed by a

Receiving Party's counsel (and other outside advisors that have executed Exhibit A) and the

parties identified in paragraphs 7(d)-(e), (f)(but excluding potential witnesses), and (g)-(i) and

subject to paragraph 11, but may not otherwise be disclosed.  "Advisors' Eyes Only" means that

subset of Confidential Information, as defined in paragraph 5 above, which would not normally

be disclosed to the Parties or to the public at large, would be maintained in confidence, and that

the Designating Party in good faith believes is so personally, economically, or competitively

sensitive that disclosure would materially affect or threaten injury to personal, business,

commercial or financial interests.  Such Confidential Information includes, but is not limited to,

trade secrets or other highly sensitive competitive personal, financial, commercial or proprietary

research and development information.  The requirements of paragraphs 4(a)-(d) and 6 above are

hereby incorporated by reference and will apply to such Advisors' Eyes Only Information

produced in the Proceedings, except that the marking shall state: "Confidential – Advisors' Eyes Only." Where the Designating Party was not the Party that produced or disclosed the Discovery Materials, the Designating Party shall designate Discovery Materials as Advisors' Eyes Only by written notice to the other Parties. Where the CUC is the Receiving Party with respect to any Confidential Information designated Advisors' Eyes Only, such Confidential Information may be viewed by the CUC's counsel (and other outside advisors that have executed Exhibit A) but not the counsel, professional advisors, or other Representatives of individual Members of the CUC.

11.    <u>Depositions</u>. During any deposition or interview, if counsel for any Party reasonably believes that any answer to a question will result in the disclosure of Confidential Information or Advisors' Eyes Only Information, counsel may require that all persons other than the reporter, counsel, and individuals entitled to view the Confidential Information or Advisors' Eyes Only Information, as the case may be, leave the room during the relevant portion of the deposition or interview. Any Party shall have the right to designate on the record, or within ten business days following receipt of the final transcript of the deposition, any portion of the deposition transcript as Confidential Information or Advisors' Eyes Only Information, subject to the guidelines established in paragraphs 5 and 8 above. Transcripts of testimony or portions thereof so designated during the deposition may, at the option of any Party, be appropriately marked and bound separately.

12.    <u>Non-Disclosure Declaration</u>. Counsel for a Receiving Party shall provide a copy of this Protective Order to a representative of any professional firm or individual who is retained in connection with the Proceedings and is otherwise entitled to receive Confidential Information pursuant to the terms of this Order (the "<u>Permitted Recipients</u>"), and the Permitted Recipient must execute a Non-Disclosure Declaration in the form annexed as Exhibit A hereto prior to

receiving any Confidential Information.  The Receiving Party's counsel shall maintain all Non-Disclosure Declarations.

13.    Filing Of Confidential Information.  All Confidential Information or Advisors' Eyes Only Information filed in any court, and all portions of pleadings, motions, or other papers filed with a court that disclose Confidential Information or Advisors' Eyes Only Information, shall be filed in redacted form, with all Confidential Information and Advisors' Eyes Only Information redacted along with an unredacted copy filed under seal with the Clerk of the Court and kept under seal until further order of the relevant Court, and provided to the Court and all Parties entitled to receive such Confidential Information or Advisors' Eyes Only Information.

14.    Disclosure in Court Proceeding.  Counsel shall confer on such procedures as are necessary to protect the confidentiality of Confidential Information or Advisors' Eyes Only Information used in the course of any court Proceedings, and in the event counsel cannot agree on such procedures, the question shall be submitted to the court in which the materials are to be used for resolution.

15.    Disclosure Required by Law.  In the event that a Receiving Party or a Permitted Recipient is required, by interrogatories, subpoena, civil investigative demand, demand from a regulatory body, or similar legal process or applicable law or regulation, to disclose any Confidential Information or Advisors' Eyes Only Information, it is agreed that the Receiving Party or Permitted Recipient, if so entitled given the nature of the legal process, demand, or request at issue, will provide all of the Parties with prompt notice of such event so that one or more of the Parties may seek a protective order or other appropriate remedy or, with the consent of all of the Parties, waive compliance with the applicable provisions of this Stipulation.  In the event that one or more of the Parties determines to seek such protective order or other remedy,

the Receiving Party or Permitted Recipient shall reasonably cooperate with the Party seeking the

protective order or other remedy, provided that the terms of the relief sought by the applying

Party will not narrow the scope of this Stipulation.  In the event such protective order or other

remedy is not obtained and disclosure of Confidential Information or Advisors' Eyes Information

is required under law, or all of the Parties grant a waiver hereunder, the Receiving Party or

Permitted Recipient (i) may, without liability hereunder, furnish that portion (and only that

portion) of the Confidential Information or Advisors' Eyes Only Information that the Receiving

Party or Permitted Recipient is legally required to disclose, and (ii) will exercise its

commercially reasonable efforts to have confidential treatment accorded to the Confidential

Information and Advisors' Eyes Only Information so furnished.  Nothing herein shall be

construed as requiring the Receiving Party or anyone else covered by this Order to challenge or

appeal any order directing production of Confidential Information or Advisors' Eyes Only

Information covered by this Protective Order, or to subject himself or itself to any penalties for

non-compliance with any legal process or order, or to seek any relief from this Court.

   16. <u>No Waiver</u>.  The failure to designate any Discovery Materials as Confidential or

Advisors' Eyes Only does not constitute a waiver of such claim.  If at any time any of the Parties

determines or realizes that certain testimony or some portion of Discovery Materials that was

previously produced should be designated as Confidential Information or Advisors' Eyes Only

Information, that Party may notify all of the other Parties in writing, and such designated

testimony or portion of Discovery Materials will thereafter be treated as Confidential

Information or Advisors' Eyes Only Information under the terms of this Stipulation, provided

that the Party designating the Confidential Information or Advisors' Eyes Only Information

shall, at its cost, provide the other Parties with substitute copies, bearing the appropriate legend

where practicable, of any such Discovery Materials. If such information has been disclosed by a

Receiving Party between the time of production or receipt of the transcript containing the

testimony and the time at which a Party gives notice that the Discovery Materials are to be

designated as Confidential Information or Advisors' Eyes Only Information, such disclosure

does not constitute a violation of this Protective Order.

17.    Disputes over Designation of Discovery Materials. In the event that any Party

objects to any designation of testimony or Discovery Materials as Confidential Information or

Advisors' Eyes Only Information (the "Objecting Party"), the Objecting Party shall notify the

other Parties in writing, stating the grounds of the objection. The Parties shall have one business

day following the Designating Party's receipt of an objection from the Objecting Party to attempt

to resolve the objection, at the end of which the Objecting Party may seek a ruling from the

Bankruptcy Court on an expedited basis that such information should not be treated as

Confidential Information or Advisors' Eyes Only Information. No Confidential Information or

Advisors' Eyes Only Information shall be filed in the public record prior to such a determination

by the Bankruptcy Court.

18.    Inadvertent Production. In the event that any Party inadvertently produces any

material that it determines is privileged or otherwise immune from discovery, in whole or in part,

pursuant to the attorney-client privilege, work product doctrine, common interest doctrine, or any

other applicable privilege or protection from disclosure (the "Inadvertently Producing Party"),

such materials ("Protected Information") may be retrieved by the Inadvertently Producing Party

by giving written notice to the other Parties receiving such Protected Information. Inadvertent

production of Protected Information shall not be deemed a waiver of, or estoppel as to, any claim

asserted by the Inadvertently Producing Party that the materials in question constitute Protected

Information. Upon receipt of written notice that an Inadvertently Producing Party intends to retrieve Protected Information, the other Parties or any other persons who have received a copy of the Protected Information shall promptly return all copies of such Protected Information to the Inadvertently Producing Party. The terms of this paragraph shall not be deemed a waiver of the other Parties' right to challenge the Inadvertently Producing Party's designation of materials as Protected Information (provided, however, that any such challenge to the designation may be made only following the return of such identified documents to the Inadvertently Producing Party). The Parties shall not use any inadvertently produced Protected Information, or information gleaned exclusively from any inadvertently produced Protected Information, in connection with the Proceedings or any other actions. No disclosure, production, or exchange of Discovery Materials in this case shall constitute a waiver of any applicable attorney-client privilege, any applicable work product protection or any other privilege in this or any other federal or state proceeding under any circumstances.

19.    No Bar Against Seeking Further Protection. Nothing in this Stipulation shall be construed as preventing any Party from seeking further protection for or disclosure of any Discovery Material under Rule 26(c) of the Federal Rules of Civil Procedure.

20.    No Admission Regarding Admissibility or Relevancy. Nothing in this Stipulation shall be construed to affect in any way the admissibility or relevance of any Discovery Material or other evidence.

21.    No Bar to Use of Party's Own Discovery Material. This Stipulation has no effect on, and shall not apply to, a producing Party's use or disclosure of its own Discovery Material for any purposes whatsoever.

22.    Binding Effect. The Parties agree to submit this Stipulation for entry by the

Bankruptcy Court and to be bound by its terms while awaiting its entry by the Bankruptcy Court.

The provisions of this Protective Order shall, absent written consent of all of the Parties or

further order of the Bankruptcy Court, continue to be binding throughout the conclusion of the

Proceedings and any related litigation, including without limitation any appeals therefrom.

Within sixty (60) calendar days after receiving notice of an entry of an order, judgment, or

decree finally disposing of the Proceedings and any related litigation, including the exhaustion of

all possible appeals and other review, the Parties shall, upon written request by any Designating

Party, either (i) return all Confidential Information and Advisors' Eyes Only Information and all

copies thereof (including summaries and excerpts and including all such material provided by a

Party to any other persons, whether or not in accordance herewith) to counsel for the Party that

produced or disclosed such materials, or (ii) destroy or cause to be destroyed all Confidential

Information and Advisors' Eyes Only Information.  As to documents that have been received

electronically and that cannot be returned, deleted, or destroyed, the recipient must take

reasonable measures to ensure that unauthorized persons do not have access to Confidential

Information and Advisors' Eyes Only Information present on the recipient's computer, server, or

any backup media.  Notwithstanding the foregoing, counsel to any Party shall be entitled to

retain court papers, deposition and court transcripts, and attorney work product that refer to or

relate to Confidential Information and Advisors' Eyes Only Information.  Additionally, the

Parties and Permitted Recipients shall be entitled to maintain Confidential Information or

Advisors' Eyes Only Information to the extent required by law or regulation (including

regulations of a stock exchange or a self-regulatory body), or internal document retention

policies; provided, however, that such information shall remain subject to the terms of this Protective Order.

23.     Notice.  Notice required or permitted to be given for any purpose under this Protective Order shall be delivered to the following Parties in writing by electronic mail and U.S. Mail as follows: (i) Debtors, by and through its counsel, Gibson, Dunn & Crutcher LLP, 333 South Grand Avenue, Los Angeles, CA 90071-1512 (Attn: Brian M. Lutz, blutz@gibsondunn.com; and Robert A. Klyman, rklyman@gibsondunn.com); (ii) CUC, by and through its counsel, Lowenstein Sandler LLP, 65 Livingston Avenue, Roseland, NJ 07068 (Attn: Kenneth A. Rosen, krosen@lowenstein.com, Sharon L. Levine, slevine@lowenstein.com, and Paul Kizel, pkizel@lowenstein.com)  These designations can be changed by providing notice to the Parties in writing by electronic mail and U.S. Mail in accordance with this paragraph.

24.     Additional Parties.  Additional parties may be added to this Stipulation in the future in the following manner:  Any additional party that has executed and delivered to all existing Parties a complete and executed Acknowledgment in the form attached hereto as Exhibit B shall become subject to all of the provisions of this Stipulation and any resulting Protective Order as if the additional party were an original Party.

25.     Continuing Jurisdiction.  The Bankruptcy Court retains exclusive jurisdiction to enforce, modify, or vacate all or any portion of this Stipulation upon appropriate motion by a party in interest.  Nothing herein shall preclude any party from seeking to amend or modify the terms of this Protective Order upon appropriate motion and order of the Bankruptcy Court.

26.     Irreparable Damages.  A Receiving Party acknowledges that irreparable damages would occur to a Designating Party if Confidential Information or Advisors' Eyes Only Information were disclosed in violation of this Stipulation and that remedies at law for any actual

14

or threatened breach by the Receiving Party shall be inadequate and that the Designating Party will be entitled to equitable relief, including injunction and specific performance, in the event of any breach of the provisions of this Stipulation.

28. <u>Advice of Counsel</u>. Nothing herein shall prevent or otherwise restrict counsel from rendering advice to their clients in connection with the Proceeding and, in the course thereof, relying on examination of Discovery Materials.

28. <u>Counterparts</u>. This Stipulation may be executed in multiple counterparts. The Parties agree that their respective signatures will be effective and a counterpart containing an electronic copy of the signature page shall have the same force and effect as an original.

*Remainder of Page Intentionally Left Blank*

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Accepted and agreed:

THE STANDARD REGISTER COMPANY


By: _____          Date: 4-7-15
Name: Brian M. Lutz
GIBSON, DUNN & CRUTCHER LLP


THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS


By: _____          Date: 4-8-15
Name: Sharon Levine
LOWENSTEIN SANDLER LLP


**IT IS SO ORDERED.**

_____
Honorable Brendan L. Shannon
United States Bankruptcy Judge

16

## EXHIBIT A

### NON-DISCLOSURE DECLARATION

I, Gary N Becker , declare under penalty of perjury, the following:

I reside at in the City/ County of Broomall / Delaware and State of Pennsylvania ;

I have read the annexed Protective Order, dated _____April 7th_____, 2015, in the above-captioned matter.

I am fully familiar with and agree to comply with and be bound by the provisions of that Protective Order and consent to the jurisdiction of the United States Bankruptcy Court for the District of Delaware.

I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use, except solely for the purpose of this proceeding, any information designated as Confidential or Advisors' Eyes Only.[1]

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: _____4/8/15_____

Gary N Becker

---

[1]    Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Protective Order.

## EXHIBIT B

### ACKNOWLEDGMENT

The undersigned hereby acknowledges and agrees to the following terms and conditions:

I have read the annexed Protective Order, dated ___April 7th___, 2015, in the above-captioned matter.

I am fully familiar with and agree to comply with and be bound by the provisions of that Protective Order and consent to the jurisdiction of the United States Bankruptcy Court for the District of Delaware.

I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use, except solely for the purpose of this proceeding, any information designated as Confidential or Advisors' Eyes Only.[3]

Dated: ___4/8/15___

___Gary N Becker___

---

[3]    Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Protective Order.

2

## EXHIBIT A

### NON-DISCLOSURE DECLARATION

I, _MARK PLATT,_ declare under penalty of perjury, the following:

I reside at in the City/ County of _Montgomery_ and State of _Ohio_ ;

I have read the annexed Protective Order, dated _April 8 7_, 2015, in the above-captioned matter.

I am fully familiar with and agree to comply with and be bound by the provisions of that Protective Order and consent to the jurisdiction of the United States Bankruptcy Court for the District of Delaware.

I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use, except solely for the purpose of this proceeding, any information designated as Confidential or Advisors' Eyes Only.[1]

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: _April 8 2015_

_Mark G. Platt_

---

[1]  Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Protective Order.

## EXHIBIT B

### ACKNOWLEDGMENT

The undersigned hereby acknowledges and agrees to the following terms and conditions:

I have read the annexed Protective Order, dated *April 7*, 2015, in the above-captioned matter.

I am fully familiar with and agree to comply with and be bound by the provisions of that Protective Order and consent to the jurisdiction of the United States Bankruptcy Court for the District of Delaware.

I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use, except solely for the purpose of this proceeding, any information designated as Confidential or Advisors' Eyes Only.[3]

Dated: *April 8 2015*

*Mark G. Platt*

---

[3]    Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Protective Order.

## EXHIBIT A

### NON-DISCLOSURE DECLARATION

I, _JAMES SALVADOR_ declare under penalty of perjury, the following:

I reside at in the City/ County of _BARTLETT_ and State of _ILLINOIS_;

I have read the annexed Protective Order, dated _APRIL 8_, 2015, in the above-captioned matter.

I am fully familiar with and agree to comply with and be bound by the provisions of that Protective Order and consent to the jurisdiction of the United States Bankruptcy Court for the District of Delaware.

I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use, except solely for the purpose of this proceeding, any information designated as Confidential or Advisors' Eyes Only.[1]

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: _4-8-15_

_James P. Salvador_
_C/O VERITIV CORPORATION_

---

[1]  Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Protective Order.

## EXHIBIT B

### ACKNOWLEDGMENT

The undersigned hereby acknowledges and agrees to the following terms and conditions:

I have read the annexed Protective Order, dated _04-08_____, 2015, in the above-captioned matter.

I am fully familiar with and agree to comply with and be bound by the provisions of that Protective Order and consent to the jurisdiction of the United States Bankruptcy Court for the District of Delaware.

I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use, except solely for the purpose of this proceeding, any information designated as Confidential or Advisors' Eyes Only.[3]

Dated: _4-8-15_____

_James P. Sabulsky_
C/O VERITIV CORPORATION

---

[3]   Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Protective Order.

2

## EXHIBIT A

## NON-DISCLOSURE DECLARATION

I, _TIMOTHY J WEBB_, declare under penalty of perjury, the following:

I reside at in the City/ County of _MARICOPA_ and State of _AZ_ ;

I have read the annexed Protective Order, dated _April 8_ , 2015, in the above-captioned matter.

I am fully familiar with and agree to comply with and be bound by the provisions of that Protective Order and consent to the jurisdiction of the United States Bankruptcy Court for the District of Delaware.

I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use, except solely for the purpose of this proceeding, any information designated as Confidential or Advisors' Eyes Only.[1]

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: _4-8-15_

_Timothy J. Webb_

---

[1] Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Protective Order.

## EXHIBIT B

## ACKNOWLEDGMENT

The undersigned hereby acknowledges and agrees to the following terms and conditions:

I have read the annexed Protective Order, dated _4-8-15_, 2015, in the above-captioned matter.

I am fully familiar with and agree to comply with and be bound by the provisions of that Protective Order and consent to the jurisdiction of the United States Bankruptcy Court for the District of Delaware.

I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use, except solely for the purpose of this proceeding, any information designated as Confidential or Advisors' Eyes Only.[3]

Dated: _4-8-15_

_Timothy J Webb_

---

[3] Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Protective Order.

2

## EXHIBIT A

### NON-DISCLOSURE DECLARATION

I, _Jack Butler_, declare under penalty of perjury, the following:

I reside at in the City/ County of _Bay Village_ and State of _Ohio_ ;

I have read the annexed Protective Order, dated _April 7_, 2015, in the above-captioned matter.

I am fully familiar with and agree to comply with and be bound by the provisions of that Protective Order and consent to the jurisdiction of the United States Bankruptcy Court for the District of Delaware.

I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use, except solely for the purpose of this proceeding, any information designated as Confidential or Advisors' Eyes Only.[1]

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: _4/8/15_

_____

---

[1]    Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Protective Order.

## EXHIBIT B

### ACKNOWLEDGMENT

The undersigned hereby acknowledges and agrees to the following terms and conditions:

I have read the annexed Protective Order, dated _April 7_, 2015, in the above-captioned matter.

I am fully familiar with and agree to comply with and be bound by the provisions of that Protective Order and consent to the jurisdiction of the United States Bankruptcy Court for the District of Delaware.

I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use, except solely for the purpose of this proceeding, any information designated as Confidential or Advisors' Eyes Only.[3]

Dated: _4/8/15_

_____

---

[3]   Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Protective Order.

2

## EXHIBIT A

### NON-DISCLOSURE DECLARATION

I, *Brian Q Winterbottom* declare under penalty of perjury, the following:

I reside at in the City/ County of *Glen Carbon* and State of *Illinois* ;

I have read the annexed Protective Order, dated *April 7* , 2015, in the above-captioned matter.

I am fully familiar with and agree to comply with and be bound by the provisions of that Protective Order and consent to the jurisdiction of the United States Bankruptcy Court for the District of Delaware.

I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use, except solely for the purpose of this proceeding, any information designated as Confidential or Advisors' Eyes Only.[1]

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: *April 8, 2015*

*Brian Q Winterbottom*

---

[1]    Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Protective Order.

## EXHIBIT B

## ACKNOWLEDGMENT

The undersigned hereby acknowledges and agrees to the following terms and conditions:

I have read the annexed Protective Order, dated _April 7_ , 2015, in the above-captioned matter.

I am fully familiar with and agree to comply with and be bound by the provisions of that Protective Order and consent to the jurisdiction of the United States Bankruptcy Court for the District of Delaware.

I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use, except solely for the purpose of this proceeding, any information designated as Confidential or Advisors' Eyes Only.[3]

Dated: _April 8, 2015_

_____

---
[3]   Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Protective Order.

2

**EXHIBIT A**

**NON-DISCLOSURE DECLARATION**

I, _Richard Lauter_, declare under penalty of perjury, the following:

I reside at in the City/ County of _Stockbridge/ Henry_ and State of _Georgia_ ;

I have read the annexed Protective Order, dated _4-7-15_ , 2015, in the above-captioned matter.

I am fully familiar with and agree to comply with and be bound by the provisions of that Protective Order and consent to the jurisdiction of the United States Bankruptcy Court for the District of Delaware.

I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use, except solely for the purpose of this proceeding, any information designated as Confidential or Advisors' Eyes Only.[1]

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: _4-9-15_

_Richard Lauter_

---

[1]    Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Protective Order.

## EXHIBIT B

### ACKNOWLEDGMENT

The undersigned hereby acknowledges and agrees to the following terms and conditions:

I have read the annexed Protective Order, dated _4-7-15_____, 2015, in the above-captioned matter.

I am fully familiar with and agree to comply with and be bound by the provisions of that Protective Order and consent to the jurisdiction of the United States Bankruptcy Court for the District of Delaware.

I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use, except solely for the purpose of this proceeding, any information designated as Confidential or Advisors' Eyes Only.[3]

Dated: _4-9-15_____

_[signature]_

---

[3]   Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Protective Order.

2

**EXHIBIT A**

**NON-DISCLOSURE DECLARATION**

I, _ELIZABETH J. KROOS_ declare under penalty of perjury, the following:

I reside at in the City/ County of _ESSEX_ and State of _NJ_ ;

I have read the annexed Protective Order, dated _April 8_ , 2015, in the above-captioned matter.

I am fully familiar with and agree to comply with and be bound by the provisions of that Protective Order and consent to the jurisdiction of the United States Bankruptcy Court for the District of Delaware.

I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use, except solely for the purpose of this proceeding, any information designated as Confidential or Advisors' Eyes Only.[1]

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: _4-8-15_

---

[1]   Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Protective Order.

**EXHIBIT B**

**ACKNOWLEDGMENT**

    The undersigned hereby acknowledges and agrees to the following terms and conditions:

    I have read the annexed Protective Order, dated _April 8_, 2015, in the above-captioned matter.

    I am fully familiar with and agree to comply with and be bound by the provisions of that Protective Order and consent to the jurisdiction of the United States Bankruptcy Court for the District of Delaware.

    I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use, except solely for the purpose of this proceeding, any information designated as Confidential or Advisors' Eyes Only.[3]

Dated: _4-8-15_

---

[3]   Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Protective Order.

2

**EXHIBIT A**

**NON-DISCLOSURE DECLARATION**

I, _LEON  SzLEziNski_ declare under penalty of perjury, the following:

I reside at in the City/ County of ___Bronx___ and State of _New York_;

I have read the annexed Protective Order, dated ___4/7/15___, 2015, in the above-captioned matter.

I am fully familiar with and agree to comply with and be bound by the provisions of that Protective Order and consent to the jurisdiction of the United States Bankruptcy Court for the District of Delaware.

I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use, except solely for the purpose of this proceeding, any information designated as Confidential or Advisors' Eyes Only.[1]

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: ___4/10/15___

_[signature]_

---

[1]  Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Protective Order.

**EXHIBIT B**

**ACKNOWLEDGMENT**

The undersigned hereby acknowledges and agrees to the following terms and conditions:

I have read the annexed Protective Order, dated ___4/7___, 2015, in the above-captioned matter.

I am fully familiar with and agree to comply with and be bound by the provisions of that Protective Order and consent to the jurisdiction of the United States Bankruptcy Court for the District of Delaware.

I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use, except solely for the purpose of this proceeding, any information designated as Confidential or Advisors' Eyes Only.[3]

Dated: ___4/10/15___

_____

---

[3]   Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Protective Order.

2