**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>THE STANDARD REGISTER COMPANY, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-10541 (BLS)<br><br>Jointly Administered<br><br>Sale Objection Deadline: June 1, 2015 at 4:00 p.m. (ET) (Stalking Horse); June 16, 2015 at 4:00 p.m. (ET) (Successful Bidder)<br><br>Re: Docket Nos. 23 & 286 |

### NOTICE OF SALE, SALE PROCEDURES, AUCTION AND SALE HEARING

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. On March 12, 2015, The Standard Register Company and its affiliated debtors and debtors in possession in the above-captioned cases (each a "Debtor," and collectively, the "Debtors") filed with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") their motion (the "Motion")[2] for entry of an order (the "Sale Procedures Order"), (a)(i) scheduling a hearing on approval of the proposed sale of all or substantially all of the Debtors' assets (the "Sale"), free and clear of all liens, claims and encumbrances, pursuant to that certain asset purchase agreement (the "Stalking Horse APA") entered into by and between the Debtors, as sellers, and a group led by an affiliate of Silver Point Capital, L.P. (the "Stalking Horse") (or if the Stalking Horse is not the Successful Bidder, then a modified purchase agreement (the "Purchase Agreement")), and the assumption and assignment of certain executory contracts and unexpired leases (collectively, the "Assumed Contracts") to the Stalking Horse (or if the Stalking Horse is not the Successful Bidder, then to the Successful Bidder); (ii) authorizing and approving certain proposed sale procedures (collectively, the "Sale Procedures") in connection with the Sale, certain proposed assumption and assignment procedures (collectively, the "Assumption and Assignment Procedures") for the Assumed Contracts, the Break-Up Fee, the Expense Reimbursement Amount, and the form and manner of notice thereof; and (iii) granting related relief; and (b) an order (the "Sale Order"), (i) authorizing and approving the Stalking Horse APA (or if the Stalking Horse is not the Successful Bidder, then a Purchase Agreement); (ii) authorizing and approving the Sale, free and clear of all liens, claims and encumbrances; (iii) authorizing and approving the assumption and assignment of the Assumed Contracts to the Stalking Horse (or if the Stalking Horse is not the Successful Bidder, then to the Successful Bidder); and (iv) granting related relief.

2. On April 15, 2015, the Bankruptcy Court entered the Sale Procedures Order [Docket No. 286]. Pursuant to the Sale Procedures Order, in the event that the Debtors timely receive one or more Qualified Bids for the Transferred Assets other than the Stalking Horse's Qualified Bid, the Auction shall be held at the offices of co-counsel to the Debtors, Gibson, Dunn & Crutcher LLP, 200 Park Avenue,

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion. Any summary of the Sale Procedures and the Sale Procedures Order contained herein is qualified in its entirety by the actual terms and conditions thereof. To the extent that there is any conflict between any such summary and such actual terms and conditions, the actual terms and conditions shall control.

New York, NY 10166, on June 15, 2015, beginning at 10:00 a.m. (ET).  Only the Stalking Horse and all Qualified Bidders with Qualified Bids, as determined in accordance with the Sale Procedures, shall be entitled to make any subsequent bids at the Auction.  A Qualified Bidder, other than the Stalking Horse and the Second Lien Bidders with respect to any credit bid for all or a portion of the obligations under the Prepetition Second Lien Credit Agreement, that desires to make a bid shall deliver a written or electronic copy of its bid to the parties identified in the Sale Procedures so as to be received on or before **June 11, 2015 at 4:00 p.m. (ET)** (the "Bid Deadline") and otherwise comply with the Sale Procedures.  **FAILURE TO ABIDE BY THE SALE PROCEDURES MAY RESULT IN A BID FOR THE TRANSFERRED ASSETS TO NOT BE CONSIDERED.**  Unless determined otherwise by the Debtors, after consultation with the Consultation Parties, a Bid delivered after the Bid Deadline shall not constitute a Qualified Bid.  Any party interested in bidding on the Transferred Assets should contact Lazard Middle Market LLC, 600 Fifth Avenue, Suite 800, New York, New York 10020, Attn: Andrew Torgove.

3. If no timely Qualified Bids other than the Stalking Horse's Qualified Bid are submitted on or before the Bid Deadline, the Debtors, after consultation with the Consultation Parties (as defined in the Sale Procedures) and counsel to the Official Committee of Unsecured Creditors (the "Committee"), shall not hold an Auction and shall request at the Sale Hearing that the Bankruptcy Court approve the Stalking Horse APA, and the transactions contemplated thereunder, and/or the sale of the Transferred Assets.

4. The Successful Bid (or if no Qualified Bid other than that of the Stalking Horse is received, then the Stalking Horse APA) will be subject to Bankruptcy Court approval.  The hearing (the "Sale Hearing") to approve the Sale to the Successful Bidder (or if no Qualified Bid other than that of the Stalking Horse is received, then to the Stalking Horse), free and clear of all liens, claims and encumbrances or to approve the sale of the Transferred Assets, shall take place on **June 17, 2015 at 10:00 a.m. (ET)**, before the Honorable Brendan L. Shannon, Chief United States Bankruptcy Judge, 824 North Market Street, 6th Floor, Courtroom No. 3, Wilmington, DE 19801.  The Debtors may, in their sole discretion and after consultation with the Consultation Parties, designate the Back-Up Bid (and the corresponding Back-Up Bidder) to purchase the Transferred Assets, without the need for further order of the Bankruptcy Court and without the need for further notice to any interested parties, in the event that the Successful Bidder does not close the Sale.  The Sale Hearing may be adjourned or rescheduled without notice other than by announcement of the adjourned date at the Sale Hearing or notation on any applicable hearing agenda, provided that the Debtors first consult with the Consultation Parties.

5. **Any objections to the Sale or the relief requested in connection with the Sale (a "Sale Objection") must:  (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Rules; (c) set forth the specific basis for the Sale Objection; (d) be filed with the Clerk of the Bankruptcy Court, 824 N. Market Street, 3rd Floor, Wilmington, DE 19801, together with proof of service, on or before 4:00 p.m. (ET) on June 1, 2015, with respect to the Sale to the Stalking Horse, and on or before 4:00 p.m. (ET) on June 16, 2015, with respect to the Sale to a Successful Bidder (the "Sale Objection Deadline"); and (e) be served, so as to be actually received on or before the Sale Objection Deadline, upon (i) co-counsel to the Debtors: Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166 (Attn: Barbara Becker, Esq. and Michael A. Rosenthal, Esq.) and Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801 (Attn: Michael R. Nestor, Esq.); (ii) counsel to the Official Committee of Unsecured Creditors: Lowenstein Sandler LLP, 1251 Avenue of the Americas New York, NY 10020 (Attn: Sharon L. Levine, Esq. and Wojciech F. Jung, Esq.); (iii) counsel the Stalking Horse: Skadden, Arps, Slate, Meagher & Flom LLP, 155 N. Wacker Drive, Chicago, IL 60606 (Attn: Ron Meisler, Esq. and Christopher M. Dressel, Esq.); and (iv) counsel to the Pre-Petition ABL Agent and ABL DIP Agent: Parker, Hudson, Rainer & Dobbs LLP, 1500 Marquis Two Tower, 285 Peachtree Center Avenue, Atlanta, Georgia 30303 (Attn: Edward Dobbs, Esq. and James S. Rankin, Jr., Esq., and Richard Layton & Finger, One Rodney Square, 920 North King Street,**

**Wilmington, DE 19801 (Attn: Mark D. Collins, Esq.). If a Sale Objection is not filed and served in accordance with the foregoing requirements, the objecting party shall be barred from objecting to the Sale and shall not be heard at the Sale Hearing, and the Bankruptcy Court may enter the Sale Order without further notice to such party.**

6. Copies of the Motion, the Sale Procedures, the Sale Procedures Order, and the Stalking Horse APA may be obtained by parties in interest free of charge on PrimeClerk's dedicated webpage related to these chapter 11 cases (cases.primeclerk.com/standardregister). Copies of such documents are also available for inspection during regular business hours at the Clerk of the Bankruptcy Court, 824 N. Market Street, 3rd Floor, Wilmington, DE 19801, and may be viewed for a fee on the internet at the Bankruptcy Court's website (http://www.deb.uscourts.gov/) by following the directions for accessing the ECF system on such website.

Dated: April 16, 2015
Wilmington, Delaware

    /s/ Maris J. Kandestin
Michael R. Nestor (No. 3526)
Kara Hammond Coyle (No. 4410)
Maris J. Kandestin (No. 5294)
Andrew L. Magaziner (No. 5426)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:   (302) 571-6600
Facsimile:    (302) 571-1253
mnestor@ycst.com
kcoyle@ycst.com
mkandestin@ycst.com
amagaziner@ycst.com

-and-

Michael A. Rosenthal (NY No. 4697561)
Robert A. Klyman (CA No. 142723)
Samuel A. Newman (CA No. 217042)
Jeremy L. Graves (CO No. 45522)
Sabina Jacobs (CA No. 274829)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-1512
Telephone: (213) 229-7000
Facsimile: (213) 229-7520
mrosenthal@gibsondunn.com
rklyman@gibsondunn.com
snewman@gibsondunn.com
jgraves@gibsondunn.com
sjacobs@gibsondunn.com

*Counsel to the Debtors and Debtors in Possession*