**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>THE STANDARD REGISTER COMPANY, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-10541 (BLS)<br><br>Jointly Administered<br><br>Hearing Date: May 12, 2015 at 10:00 a.m. (ET)<br>Obj. Deadline: May 4, 2015 at 4:00 p.m. (ET) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER, PURSUANT TO SECTION 107(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 9018 AND LOCAL RULE 9018-1(b), AUTHORIZING THE DEBTORS TO FILE A SUMMARY OF THEIR KEY EMPLOYEE INCENTIVE PLAN, INCLUDING THE EXHIBITS ATTACHED THERETO, UNDER SEAL AND (II) DIRECTING PARTIES TO <u>REDACT CONFIDENTIAL INFORMATION</u>**

The Standard Register Company and its affiliated debtors as debtors in possession in the above-captioned cases (collectively, the "<u>Debtors</u>") submit this motion (the "<u>Seal Motion</u>") for entry of an order in the form attached hereto as <u>Exhibit A</u> (the "<u>Proposed Order</u>"), pursuant to section 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "<u>Bankruptcy Code</u>"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rule 9018-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), (i) authorizing the Debtors to file a summary description of their key employee incentive plan (the "<u>KEIP Summary</u>"), as well as the exhibits (the "<u>KEIP Exhibits</u>")[2] annexed thereto, under seal and

---

[1]  The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001).  The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2]  The KEIP Exhibits include summary terms of the Debtors' business model, a schedule of the KEIP Participants, and individual bonus opportunities for each KEIP Participant.

01:16924952.5

(ii) directing parties to redact confidential information. The KEIP Summary is referenced and described in the *Debtors' Motion for Entry of an Order, Pursuant to Sections 105, 363(b) and 503(c) of the Bankruptcy Code, (I) Approving the Debtors' Key Employee Incentive Plan; (II) Authorizing the Debtors to Pay Incentive Bonuses to Certain Employees; and (III) Granting Related Relief* (the "KEIP Motion"),[3] which the Debtors have filed contemporaneously with this Seal Motion. In support of this Seal Motion, the Debtors respectfully represent as follows:

## BACKGROUND

1. On March 12, 2015, each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court"). Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are continuing to manage their financial affairs as debtors in possession. No request for a trustee or examiner has been made in these chapter 11 cases (collectively, the "Chapter 11 Cases").

2. On March 24, 2015, the Office of the United States Trustee for the District of Delaware (the "UST") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee").

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and pursuant to Local Rule 9013-1(f), the Debtors consent to entry of a final order by the Court in connection with this Seal Motion to the extent

---

[3] Capitalized terms used, but not otherwise defined herein, have the meanings ascribed to them in the KEIP Motion.

that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory bases for the relief requested herein are sections 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1(b).

## RELIEF REQUESTED

5. By this Seal Motion, the Debtors seek entry of an order (i) authorizing the Debtors to file the KEIP Summary and KEIP Exhibits under seal and (ii) directing parties to redact confidential information.

## BASIS FOR RELIEF

6. Section 107(b) of the Bankruptcy Code enables the Court to issue orders that protect parties from the potential harm that could result from disclosing confidential information:

> On the request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may … protect an entity with respect to a trade secret or confidential research, development, or commercial information …

11 U.S.C. § 107(b).

7. Bankruptcy Rule 9018 provides the procedures by which a party may seek relief under section 107(b) of the Bankruptcy Code:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information …

Fed. R. Bankr. P. 9018.

8. If the Court finds that an interested party is requesting information covered by section 107(b) of the Bankruptcy Code "the court is required to protect a requesting

01:16924952.5

3

party and has no discretion to deny the application." In re Orion Pictures Corp., 21 F.3d 24, 27 (2d. Cir. 1994). Delaware courts have defined "commercial information" as "information which would result in an 'unfair advantage to competitors by providing them with information as to the commercial operations of the debtor." In re Alterra Healthcare Corp., 353 B.R. 66, 75 (Bankr. D. Del. 2006) (quoting In re Orion Pictures Corp., 21 F.3d 27-28).

9.  Here, sufficient cause exists for the Court to grant this Seal Motion to protect the Debtors' confidential commercial information. The KEIP Summary contains confidential non-public information regarding the Debtors' business plan, including with respect to forecasted EBITDARP and revenue targets, and the KEIP Exhibits contain sensitive non-public information regarding the identities of the KEIP Participants and the salaries they receive (collectively, the "Confidential Information"). If the Confidential Information were disclosed, the Debtors' competitors would gain an unfair advantage because they could potentially use such information to lure away the KEIP Participants by offering enhanced compensation and benefits. Moreover, disclosure of the business plan captured in the KEIP Summary and included in the KEIP Exhibits could negatively affect the ongoing Sale Process and undermine the Debtors' ability to maximize value for all interested parties. Similarly, the loss of the KEIP Participants to the Debtors' competitors at this critical stage in these Chapter 11 Cases, while the Sale Process remains ongoing, would impair the Debtors' business operations and would negatively affect the Debtors' ability to preserve and maximize the going concern value of the Debtors' business. Finally, public disclosure of the names of the KEIP Participants, along with sensitive salary and compensation information, may cause harm or distress to the KEIP Participants themselves or to employees not participating in the KEIP, thus lowering employee morale and further disrupting the functioning of the Debtors' business.

10. For the above reasons, the Debtors respectfully request that the Court permit the Debtors to file the KEIP Summary and the KEIP Exhibits under seal. To the extent that parties file responsive pleadings to this Seal Motion or the KEIP Motion, the Debtors respectfully request that the Court order such parties to redact any Confidential Information in their pleadings, without the need for further orders from the Court.

11. The Debtors will provide the KEIP Summary and the KEIP Exhibits to the Court and the UST, as well as proposed counsel to the Committee and counsel the Debtors' postpetition lenders on a confidential basis.

## NOTICE

12. Notice of this Motion has been provided to: (i) the UST; (ii) proposed counsel to the Committee; (iii) counsel for Silver Point Finance, LLC, in its capacity as administrative agent under the Debtors' First Lien Credit Agreement and Second Lien Credit Agreement; (iv) counsel for Bank of America, N.A., in its capacity as administrative agent under the Debtors' Amended and Restated Loan and Security Agreement; (v) counsel to the agents under the Debtors' proposed debtor-in-possession financing facility; and (vi) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto, granting the relief requested herein and granting the Debtors such other and further relief as is just and proper.

Dated: April 19, 2015
Wilmington, Delaware

*/s/ Andrew L. Magaziner*
Michael R. Nestor (No. 3526)
Kara Hammond Coyle (No. 4410)
Maris J. Kandestin (No. 5294)
Andrew L. Magaziner (No. 5426)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
mnestor@ycst.com
kcoyle@ycst.com
mkandestin@ycst.com
amagaziner@ycst.com

-and-

Michael A. Rosenthal (NY No. 4697561)
Robert A. Klyman (CA No. 142723)
Samuel A. Newman (CA No. 217042)
Jeremy L. Graves (CO No. 45522)
Sabina Jacobs (CA No. 274829)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-1512
Telephone: (213) 229-7000
Facsimile: (213) 229-7520
mrosenthal@gibsondunn.com
rklyman@gibsondunn.com
snewman@gibsondunn.com
jgraves@gibsondunn.com
sjacobs@gibsondunn.com

*Counsel to the Debtors and Debtors in Possession*