**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>THE STANDARD REGISTER COMPANY, *et al*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-10541 (BLS)<br><br>(Jointly Administered)<br><br>**Hearing Date: May 12, 2015 at 10:00 a.m. (ET)**<br>**Objections Due: May 5, 2015 at 4:00 p.m. (ET)** |

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT AND RETENTION OF LOWENSTEIN SANDLER LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS EFFECTIVE AS OF MARCH 24, 2015**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the bankruptcy cases of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), by its Co-Chairs, The Pension Benefit Guaranty Corporation and Timothy V. Webb, hereby submits this application (the "Application"), pursuant sections 328 and 1103 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for the entry of an order authorizing and approving the employment and retention of Lowenstein Sandler LLP ("Lowenstein Sandler") as counsel for the Committee, effective as of March 24, 2015. The Declaration of Sharon L. Levine, Esq. (the "Levine Declaration"), a partner of Lowenstein Sandler, attached hereto as **Exhibit A**, and the

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

Declaration of Timothy Webb in his capacity as a co-chair of the Committee, attached hereto as **Exhibit B**, are incorporated herein by reference. In support of this Application, the Committee respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* dated February 29, 2012 (Sleet, C.J.). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought herein are sections 328(a) and 1103 of the Bankruptcy Code, Rule 2014(a) of the Bankruptcy Rules, and Rule 2014-1 of the Local Rules.

## BACKGROUND

3. On March 12, 2015 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware. No trustee or examiner has been appointed in the Chapter 11 Cases.

4. Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are continuing to manage their financial affairs as debtors in possession.

5. On March 24, 2015, the Office of the United States Trustee appointed the Committee pursuant to section 1102(a)(1) of the Bankruptcy Code. See Docket No. 99. The Committee is comprised of seven members: (a) Pension Benefit Guaranty Corporation, (b) Timothy V. Webb, (c) Georgia-Pacific Consumer Products LP, (d) Gary Becker, (e) Mark A. Platt, (f) Veritiv Corporation, and (g) The Flesh Company. On the same day, the Committee selected Lowenstein Sandler LLP and Polsinelli PC to serve as its co-counsel.

6. Information regarding the Debtors' history and business operations, capital structure and primary secured indebtedness, and the events leading up to the commencement of these Chapter 11 Cases, can be found in the *Declaration of Kevin Carmody in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* [Docket No. 2] (the "First Day Declaration").

**RELIEF REQUESTED**

7. By this Application, the Committee seeks the entry of an order authorizing and approving the employment of Lowenstein Sandler as its counsel to perform services relating to the Debtors' Chapter 11 Cases, effective as of March 24, 2015.

8. The Committee believes that it is necessary to employ attorneys to render the professional services described herein, and that without such professional assistance, neither the Committee's evaluation of the operations of the Debtors nor its meaningful participation in the negotiation, promulgation and evaluation of any sale of assets or plan of reorganization would be possible.

9. Pursuant to section 1103(b) of the Bankruptcy Code, an attorney employed to represent a committee may not, while employed by such committee, represent any other entity having an adverse interest in connection with the case. Lowenstein Sandler has advised the Committee that Lowenstein Sandler does not hold or represent any other entity having an adverse interest in connection with the Debtors' bankruptcy cases and does not have any connections with the Bankruptcy Judge presiding over the Debtors' cases, the United States Trustee or any person employed by the Office of the United States Trustee, except as set forth in the Levine Declaration (submitted herewith) setting forth Lowenstein Sandler's connections with the Debtors, their creditors, and other parties-in-interest.

10. The Committee selected Lowenstein Sandler because of its attorneys' experience and knowledge in bankruptcy matters. The Committee believes that Lowenstein Sandler is well qualified to represent the Committee in the Debtors' bankruptcy cases. Lowenstein Sandler has represented official committees in numerous major chapter 11 cases, including, without limitation, *In re: Phoenix Payment Systems*, Case No. 14-11848 (MFW) (Bankr. D. Del. Oct. 29, 2014); *In re: Universal Cooperatives, Inc.*, Case No. 14-11187 (Bankr. D. Del. Jul. 8, 2014); *In re: Gridway Energy Holdings, Inc.*, Case No. 14-10833 (Bankr. D. Del. May 28, 2014); *In re: Exide Technologies*, Case No. 13-11482 (KJC) (Bankr. D. Del. Aug. 6, 2013); *In re: Southern Air Holdings, Inc.*, *et* al., Case No. 12-12690 (Bankr. D. Del. Sept. 28, 2012); *In re: Graceway Pharmaceuticals, LLC*, Case No. 11-13036 (Bankr. D. Del. Sept. 29, 2011); *In re: Nebraska Book Company, Inc.*, Case No. 11-12005 (Bankr. D. Del. June 27, 2011); *In re: Harry and David Holdings, Inc., et al.,* Case No. 11-10884 (Bankr. D. Del. March 28, 2011); *In re: PCAA Parent LLC*, Case No. 10-10250 (Bankr. D. Del. Jan. 28, 2010); *In re: Hayes-Lemmerz International, Inc.*, Case No. 09-11655 (Bankr. D. Del. May 11, 2009); *In re: Foamex International, Inc.*, Case No. 09-10560 (Bankr. D. Del. Feb. 18, 2009); *In re: Pliant Corp.*, Case No. 09-10443 (Bankr. D. Del. Feb. 11, 2009); *In re: Hines Horticulture, Inc.*, Case No. 08-11922 (Bankr. D. Del. Sept. 10, 2008); *In re: Borders Group, Inc. et al.*, Case No. 11-10614 (Bankr. S.D.N.Y. Feb. 16, 2011); *In re: Lear Corp.*, Case No. 09-14326 (Bankr. S.D.N.Y. July 31, 2009); and *In re: ION Media Networks, Inc.*, Case No. 09-13125 (Bankr. S.D.N.Y. June 23, 2009).

11. The professional services that Lowenstein Sandler will provide to the Committee include, but are not limited to:

(a) advise the Committee with respect to its rights, duties, and powers in these Chapter 11 Cases;

(b) assist and advise the Committee in its consultations with the Debtors relative to the administration of these Chapter 11 Cases;

(c) assist the Committee in analyzing the claims of the Debtors' creditors and the Debtors' capital structure and in negotiating with holders of claims and equity interests;

(d) assist the Committee in its investigation of the acts, conduct, assets, liabilities, and financial condition of the Debtors and of the operation of the Debtors' businesses;

(e) assist the Committee in its investigation of the liens and claims of the holders of the Debtors' pre-petition debt and the prosecution of any claims or causes of action revealed by such investigation;

(f) assist the Committee in its analysis of, and negotiations with, the Debtors or any third party concerning matters related to, among other things, the assumption or rejection of certain leases of nonresidential real property and executory contracts, asset dispositions, sale of assets, financing of other transactions and the terms of one or more plans of reorganization for the Debtors and accompanying disclosure statements and related plan documents;

(g) assist and advise the Committee as to its communications to unsecured creditors regarding significant matters in these Chapter 11 Cases;

(h) represent the Committee at hearings and other proceedings;

(i) review and analyze applications, orders, statements of operations, and schedules filed with the Court and advise the Committee as to their propriety;

(j) assist the Committee in preparing pleadings and applications as may be necessary in furtherance of the Committee's interests and objectives;

(k) prepare, on behalf of the Committee, any pleadings, including without limitation, motions, memoranda, complaints, adversary complaints, objections, or comments in connection with any of the foregoing; and

(l) perform such other legal services as may be required or are otherwise deemed to be in the interests of the Committee in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code, Bankruptcy Rules, or other applicable law.

12. Subject to the Court's approval and pursuant to sections 328, 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the rules and other procedures which this Court may

fix, and the Guidelines promulgated by the United States Trustee, the Committee requests that Lowenstein Sandler be compensated on an hourly basis, plus reimbursement of the actual and necessary expenses that Lowenstein Sandler incurs in accordance with the ordinary and customary rates which are in effect on the date the services are rendered.

13. Lowenstein Sandler's hourly rates are as follows:

| | |
|---|---|
| Partners of the Firm | $500 - $995 |
| Senior Counsel and Counsel (generally 10 or more years' experience) | $385 - $695 |
| Associates (generally less than 6 years' experience) | $275 - $515 |
| Paralegals and Assistants | $110 - $280 |

14. The hourly charges set forth above are based upon the experience and expertise of the attorney or legal assistant involved. The hourly rates are subject to periodic adjustments, which occur annually on or about July 1, to reflect economic and other conditions. Lowenstein Sandler will advise the Debtors and the United States Trustee of any increases in its hourly rates.

15. The Committee understands that any compensation and expenses paid to Lowenstein Sandler must be approved by the Court upon application consistent with the Bankruptcy Code, applicable Federal Rules of Bankruptcy Procedure, any Orders of the Court respecting compensation of professionals, and the Guidelines promulgated by the United States Trustee.

16. To the best of the Committee's knowledge, while Lowenstein Sandler does represent certain creditors of the Debtors on wholly unrelated matters, it does not represent any entity having an adverse interest in connection with the Debtors' cases, is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, and does not

represent or hold any interest adverse to the interests of the Debtors' estates with respect to the matters for which it is to be employed.

17. By separate application, the Committee is also seeking approval to employ Polsinelli PC ("Polsinelli") to serve as its Delaware counsel in this case. The Committee believes that if this Court approves the employment of Lowenstein Sandler and Polsinelli, these firms will allocate their delivery of services to the Committee so as to avoid any unnecessary duplication of services. Moreover, the Committee believes that the efficient allocation of responsibility for legal matters in this case between Lowenstein Sandler and Polsinelli will reduce the cost of monitoring these proceedings, as well as the time and expense associated with travel by Lowenstein Sandler with respect to matters that can be handled as effectively by Delaware counsel. It is the carefully considered view of the Committee that, considering the size and complexity of this case and the various interests involved, representation of the Committee by Lowenstein Sandler and Polsinelli is necessary and in the best interests of the Committee.

18. The Committee is seeking to retain Lowenstein Sandler *nunc pro tunc* to March 24, 2015. Such relief is warranted by the extraordinary circumstances presented by this case. The Third Circuit has identified "time pressure to begin service" and absence of prejudice as factors favoring *nunc pro tunc* retention. *See Matter of Arkansas Co.*, 798 F.2d 645, 650 (3d Cir. 1986). The complexity, intense activity, and speed that have characterized this case has necessitated that Lowenstein Sandler focus immediate attention on time-sensitive matters and promptly devote substantial resources to the representation of the Committee pending submission and approval of this Application.

**NOTICE**

19. Notice of this Application will be provided to (i) the Office of the United States Trustee; (ii) counsel for the Debtors; (iii) counsel to the DIP Term Agent; (iv) counsel for the

DIP ABL Agent; and (v) all parties that filed a request for notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Committee respectfully submits that no other or further notice of the Application is required.

20. No previous application for relief sought herein has been made to this or any other Court.

[ *signature page follows* ]

**WHEREFORE**, the Committee respectfully requests that this Court enter an Order, substantially in the form submitted herewith, authorizing the Committee to retain and employ Lowenstein Sandler as counsel to the Committee, effective as of March 24, 2015, and grant the Committee such other and further relief as the Court deems just or proper.

Dated: April 17, 2015

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE STANDARD REGISTER COMPANY** in their capacity as Designated Signatories of the Committee and not in their individual capacities

By: ______________________________
The Pension Benefit Guaranty Corporation
Co-Chairperson of Committee

By: ______________________________
Timothy Webb
Co-Chairperson of Committee

**WHEREFORE**, the Committee respectfully requests that this Court enter an Order, substantially in the form submitted herewith, authorizing the Committee to retain and employ Lowenstein Sandler as counsel to the Committee, effective as of March 24, 2015, and grant the Committee such other and further relief as the Court deems just or proper.

Dated: April 17, 2015

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE STANDARD REGISTER COMPANY** in their capacity as Designated Signatories of the Committee and not in their individual capacities

By:______________________________
The Pension Benefit Guaranty Corporation
Co-Chairperson of Committee

By: Timothy V. Webb
Timothy Webb
Co-Chairperson of Committee