IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>THE STANDARD REGISTER COMPANY, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-10541 (BLS)<br><br>Jointly Administered |

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER UNDER BANKRUPTCY CODE SECTIONS 328(a) AND 1103(a) AND BANKRUPTCY RULES 2014(a) AND 2016(b) APPROVING THE EMPLOYMENT AND RETENTION OF POLSINELLI PC *NUNC PRO TUNC* TO MARCH 24, 2015, AS DELAWARE COUNSEL AND CONFLICTS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

The Official Committee of Unsecured Creditors (the "Creditors' Committee"), appointed on March 24, 2015, in the above-captioned chapter 11 cases of The Standard Register Company and its affiliated debtors and debtors in possession (collectively, the "Debtors"), hereby submits this application (the "Application") pursuant to sections 328(a) and 1103(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for an order authorizing the retention and employment of POLSINELLI PC ("Polsinelli") as Delaware counsel and conflicts counsel for the Creditors' Committee *nunc pro tunc* to March 24, 2015. In support of this Application, the Creditors' Committee submits the Declaration of Christopher A. Ward, Esq. (the "Ward Declaration") attached hereto as Exhibit A, which is incorporated by reference herein. In further support of this Application, the Creditors' Committee respectfully represents as follows:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

1

50187276.3

## I.
## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The Creditors' Committee confirms its consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by this Court in connection with this Application to the extent that it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper in this District and before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.
## BACKGROUND

3. On March 12, 2015 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court") commencing the above-captioned chapter 11 cases (the "Cases"). The factual background regarding the Debtors, including their business operations and the events leading to the filing of these Cases, is set forth in detail in the *Declaration of Kevin Carmody in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* [Docket No. 2].

50187276.3

4. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. No trustee or examiner has been appointed in these Cases.

6. On March 24, 2015, the Office of the United States Trustee appointed the Creditors' Committee [Docket No. 99].

7. The Committee members include: (i) Pension Benefit Guaranty Corporation; (ii) Timothy V. Webb; (iii) Georgia-Pacific Consumer Products LP; (iv) Gary Becker; (v) Mark A. Platt; (vi) Veritiv Corporation; and (vii) The Flesh Company.

8. The Creditors' Committee has retained the following advisors: Lowenstein Sandler LLP, as its lead counsel; Polsinelli, as its Delaware counsel and conflicts counsel; and Jefferies LLC and Zolfo Cooper as its financial advisors.

## III.
## RELIEF REQUESTED

9. By this Application, the Creditors' Committee seeks to employ and retain Polsinelli *nunc pro tunc* to March 24, 2015 to represent the Creditors' Committee as their Delaware counsel and conflicts counsel in connection with the Debtors' Cases. Accordingly, the Creditors' Committee respectfully requests entry of an order pursuant to section 328(a) and 1103(a) of the Bankruptcy Code, in substantially the form attached hereto, authorizing the Creditors' Committee to employ and retain Polsinelli as their Delaware counsel and conflicts counsel in these Cases.

## IV.
## BASIS FOR RELIEF REQUESTED

10. Section 328(a) of the Bankruptcy Code empowers a committee appointed under section 1102 of the Bankruptcy Code to employ attorneys under section 1103 of the Bankruptcy Code under any reasonable terms and conditions with the court's approval. 11 U.S.C. § 328(a). Pursuant to section 1103(b) of the Bankruptcy Code, an attorney employed to represent a committee may not, while employed by such committee, represent any other entity having an adverse interest in connection with the case. 11 U.S.C. § 1103(b).

11. In connection with the proposed retention by the Creditors' Committee in these Chapter 11 Cases, Polsinelli received a list identifying more than 900 parties-in-interest from the Debtors. To the best of the Creditors' Committee's knowledge, information and belief, and except as disclosed herein and in the Ward Declaration, neither Polsinelli nor any of its shareholders, counsel, of counsel, senior partners, or associates has had or presently have any connections with the Debtors, their creditors, equity security holders, or any other party-in-interest, or their respective attorneys, accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, in any matters related to the Debtors or their estates. Polsinelli is a "disinterested person" as defined in the Bankruptcy Code.

12. The Creditors' Committee has selected Polsinelli because of its attorneys' experience and knowledge in chapter 11 cases pending in the United States Bankruptcy Court for the District of Delaware and because of the absence of any conflict of interest. Polsinelli has advised the Creditors' Committee that Polsinelli may have in the past represented or opposed, may currently represent or oppose, and may in the future represent or oppose, in matters wholly unrelated to the Debtors' pending Cases, entities that are claimants of the Debtors or other parties-in-interest (or service providers thereto) in these Cases. Polsinelli has not (except as

4

50187276.3

disclosed in the Ward Declaration) and will not represent any such parties, or any of their affiliates or subsidiaries, in relation to the Creditors' Committee, the Debtors, or these Cases.

13. The Creditors' Committee seeks to retain Polsinelli as their Delaware counsel and conflicts counsel because of Polsinelli's extensive general legal experience and knowledge, and in particular, its recognized expertise in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code; its expertise, experience, and knowledge in practicing before this Court; its proximity to this Court; and its ability to respond quickly to emergency hearings and other emergency matters in this Court. Further, Polsinelli's appearance before this Court for the applications, motions, and other matters in these Cases will be efficient and cost-effective for the Debtors' estates. The Creditors' Committee believes that Polsinelli is both well-qualified and uniquely able to represent them in these Cases in a most efficient and timely manner.

14. Polsinelli has extensive experience in numerous other chapter 11 bankruptcy cases including, *inter alia*, recent engagements as: Delaware bankruptcy counsel and conflicts counsel to the Official Committee of TCEH Unsecured Creditors of Energy Future Competitive Holdings Company LLC, Texas Competitive Electric Holdings Company LLC, and their direct and indirect subsidiaries; Delaware bankruptcy counsel to the Official Committee of Unsecured Creditors of Allied Nevada Gold; Delaware Bankruptcy Counsel to Official Committee of Unsecured Creditors of Saab Cars North America; and Delaware bankruptcy counsel to the Official Committee of Unsecured Creditors in the chapter 11 case of Simplexity, LLC.

15. By separate application, the Creditors' Committee is also seeking approval to employ Lowenstein Sandler LLP ("Lowenstein") to serve as lead bankruptcy counsel in these Cases. The Creditors' Committee believes that if this Court approves the employment of

Lowenstein and Polsinelli, these firms will allocate their delivery of services to the Creditors' Committee so as to avoid any unnecessary duplication of services. Polsinelli and Lowenstein have worked together in the past and have developed a good working rapport that will assure that there is no duplication of effort in these Cases. It is the carefully considered view of the Creditors' Committee that, considering the various interests involved in these Cases, including the fact that these Cases are pending in Delaware and Delaware counsel is a requirement under the Local Rules, that representation of the Creditors' Committee by Lowenstein and Polsinelli is necessary, advisable, and in the best interests of the Creditors' Committee.

16. In addition, Lowenstein and Polsinelli have held organizational meetings to discuss the appropriate scope of services of both firms and the firms have developed a working plan to assure that there are no duplication of services rendered on behalf of the Creditors' Committee.

17. The services Polsinelli has rendered and may be required to render for the Creditors' Committee include, without limitation, the following:

(a) in conjunction with Lowenstein, providing legal advice with respect to the powers and duties available to the Creditors' Committee, an official committee appointed under section 1102 of the Bankruptcy Code;

(b) assisting Lowenstein in the investigation of the acts, conduct, assets, liabilities and financial condition of the Debtors, the operation of the Debtors' businesses, and any other matter relevant to these cases or to the formulation of a plan or plans of reorganization or liquidation;

(c) assisting Lowenstein in preparing on behalf of the Creditors' Committee necessary applications, motions, complaints, answers, orders, agreements and other legal papers;

50187276.3

(d) reviewing, analyzing, and assisting Lowenstein in responding to all pleadings filed by the Debtors or other parties-in-interest in these Cases and appearing in Court to present necessary motions, applications and pleadings and to otherwise protect the interest of the Creditors' Committee;

(e) consulting with the Debtors and their professionals, other parties-in-interest and their professionals, and the United States Trustee concerning the administration of the Debtors' respective estates;

(f) representing the Creditors' Committee at hearings and other judicial proceedings;

(g) advising the Creditors' Committee on practice and procedure in the United States Bankruptcy Court for the District of Delaware and with respect to the Local Rules and local practice; and

(h) performing all other legal services for the Creditors' Committee in connection with these Cases.

18. Section 328(a) of the Bankruptcy Code authorizes the employment of a professional person on any reasonable terms and conditions of employment, including on an hourly basis. 11 U.S.C. § 328(a). Subject to this Court's approval and in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, the Creditors' Committee requests that Polsinelli be compensated on an hourly basis, plus reimbursement of the actual and necessary expenses that Polsinelli incurs, in accordance with the ordinary and customary rates which are in effect on the date the services are rendered, subject to discounts that Polsinelli agreed to provide for the benefit of the Creditors' Committee. All Polsinelli professionals shall invoice at a 10% discount from their standard hourly rates.

7

19.     Polsinelli has advised the Creditors' Committee that Polsinelli's discounted hourly rates for professionals who will be primarily responsible for this matter range from $270 to $900 per hour for shareholders, from $180 to $405 per hour for associates and senior counsel, and from $90 to $270 per hour for paraprofessionals. The primary attorneys and paralegals expected to represent the Creditors' Committee, and their respective discounted hourly rates are:

(a)     Christopher A. Ward (Delaware shareholder)        $585 per hour

(b)     Justin K. Edelson (Delaware associate)            $378 per hour

(c)     Jarrett K. Vine (Delaware associate)              $324 per hour

(d)     Lindsey M. Suprum (Delaware paralegal)            $238.50 per hour

Other attorneys and paralegals will render services to the Creditors' Committee as needed. These rates are commensurate with the standard national rates charged by Polsinelli to other similarly situated clients and on similar matters. The hourly rates set forth above are subject to periodic adjustment to reflect economic and other conditions.

20.     The Creditors' Committee also submits that such rates are reasonable and should be approved by the Court at this time, subject to a determination of the amounts to be paid to Polsinelli upon applications for allowance. Moreover, the Creditors' Committee, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, propose to reimburse Polsinelli for its actual and necessary expenses.

## V.
## NO PRIOR REQUEST

21.     The Creditors' Committee has made no previous application or motion for the relief sought herein to this or any other Court.

## VI.
## NOTICE

22. The Creditors' Committee shall provide notice of this Application on the date hereof via U.S. first class mail to: (a) the Office of the U.S. Trustee for the District of Delaware; (b) counsel to the Debtors; (c) counsel to the DIP Lenders; and (d) all other parties that have requested notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b). The Creditors' Committee submits that, in light of the nature of the relief requested, no other or further notice need be given.

*[ signature page follows ]*

## CONCLUSION

WHEREFORE, the Creditors' Committee respectfully requests the relief requested herein and such other and further relief as is just and proper.

        **OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE STANDARD REGISTER COMPANY** in their capacity as Designated Signatories of the Committee and not in their individual capacities

By: *[signature]*
        The Pension Benefit Guaranty Corporation
        Co-Chairperson of Committee

By:_____
        Timothy Webb
        Co-Chairperson of Committee

Dated: April 20, 2015

## CONCLUSION

WHEREFORE, the Creditors' Committee respectfully requests the relief requested herein and such other and further relief as is just and proper.

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE STANDARD REGISTER COMPANY** in their capacity as Designated Signatories of the Committee and not in their individual capacities

By:_____
The Pension Benefit Guaranty Corporation
Co-Chairperson of Committee

By: /s/ Timothy V. Webb
Timothy Webb
Co-Chairperson of Committee

Dated: April 17, 2015