**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>THE STANDARD REGISTER COMPANY, *et al*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-10541 (BLS)<br><br>(Jointly Administered)<br><br>Hearing Date: May 12, 2015 at 10:00 a.m. (ET)<br>Objections Due: May 5, 2015 at 4:00 p.m. (ET) |

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE STANDARD REGISTER COMPANY., ET AL. FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF ZOLFO COOPER, LLC AS FINANCIAL AND FORENSIC ADVISORS, *NUNC PRO TUNC* TO MARCH 24, 2015**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the bankruptcy case of the above-captioned Debtors and Debtors-in-possession (the "Debtors") submit this application (the "Application"), pursuant sections 327, 328 and 1103 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for the entry of an order authorizing and approving the employment and retention Zolfo Cooper, LLC ("Zolfo Cooper") as financial and forensic advisors to the Committee, effective as of March 24, 2015, pursuant to the engagement letter (the "Zolfo Cooper Engagement Letter") attached to the Affidavit of David MacGreevey (the

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

30954/2
04/16/2015 36058283.1

"MacGreevey Affidavit"), which is attached hereto as **Exhibit B** and is incorporated herein by reference. In support of this Application, the Committee respectfully represents as follows:

## BACKGROUND

1. On March 12, 2015 (the "Petition Date"), the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2. The Debtors continue to operate its business and manage its property as a Debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. No trustee or examiner has been appointed in the Debtors' bankruptcy case.

4. On March 24, 2015, the Office of the United States Trustee appointed the Committee pursuant to section 1102 of the Bankruptcy Code. On that same date, the Committee selected Lowenstein Sandler LLP to serve as its bankruptcy counsel and Polsinelli PC to serve as local Delaware counsel.

5. On March 24, 2015, the Committee selected Zolfo Cooper to serve as financial and forensic advisors.

## JURISDICTION

6. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7. The statutory predicates for the relief sought herein are sections 327, 328 and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1.

## RELIEF REQUESTED

8. By this Application, the Committee seeks the entry of an order authorizing and approving the retention and employment of Zolfo Cooper as its bankruptcy consultant and financial advisor, in accordance with the terms and conditions set forth in the Zolfo Cooper

Engagement Letter, effective as March 24, 2015, pursuant to sections 327, 328 and 1103 of the Bankruptcy Code and Bankruptcy Rule 2014.

9. The Committee is familiar with the professional standing and reputation of Zolfo Cooper. The Committee understands and recognizes that Zolfo Cooper has a wealth of experience in providing financial advisory services in restructurings and reorganizations across the United States and has exemplary qualifications to perform the services required in this case.

## BASIS FOR RELIEF REQUESTED

10. The Committee believes that it is necessary and appropriate to employ a financial advisor to render the professional services described herein to, among other things, assist the Committee with the analysis and evaluation of the Debtors' financial position. The Debtors is a large and complex company and the Committee requires the services of an experienced financial advisor such as Zolfo Cooper to guide the Committee through the Debtors' reorganization efforts.

11. The Committee believes that Zolfo Cooper is well qualified to serve as financial and forensic advisors to the Committee. Zolfo Cooper specializes in assisting and advising committees, Debtors, creditors, investors and court-appointed officials in bankruptcy proceedings and out-of-court workouts. Its services have included advising committees in other cases and providing assistance in developing/analyzing and evaluating, negotiating and confirming plans of reorganization and testifying regarding debt restructuring. Zolfo Cooper has been retained in numerous nationally prominent bankruptcy proceedings. Zolfo Cooper's qualifications, including a description of its staffing and approach in providing services are more fully set forth in the MacGreevey Affidavit and in the Statement of Qualifications attached

thereto.

## SCOPE OF SERVICES

12. As further set forth in the Zolfo Cooper Engagement Letter, the Committee is seeking to retain Zolfo Cooper as financial and forensic advisors to provide a broad range of services to the Committee, including, but not limited to:[2]

(a) Monitor the Debtors' cash flow and operating performance, including:

   (i) Comparing actual financial and operating results to plans,

   (ii) Evaluating the adequacy of financial and operating controls,

   (iii) Tracking the status of the Debtors'/Debtors' professionals' progress relative to developing and implementing programs such as preparation of a business plan, identifying and disposing of non-productive assets, and other such activities,

   (iv) Preparing periodic presentations to the Committee summarizing findings and observations resulting from ZC's monitoring activities;

(b) Analyze and comment on operating and cash flow projections, business plans, operating results, financial statements, other documents and information provided by the Debtors/Debtors' professionals, and other information and data pursuant to the Committee's request;

(c) Advise the Committee concerning interfacing with the Debtors, other constituencies and their respective professionals;

(d) Prepare for and attend meetings of the Committee and subcommittees thereof;

(e) Analyze claims and perform investigations of potential preferential transfers, fraudulent conveyances, related-party transactions and such other transactions as may be requested by the Committee;

(f) Analyze and advise the Committee about the Debtors' proposed Plan of Reorganization, the underlying Business Plan, including the related assumptions and rationale, and the related Disclosure Statement;

(g) Provide forensic and litigation consulting services at the direction of the Committee's legal counsel; and

---

[2] The Application includes a summary of the terms of Zolfo Cooper's engagement. The Zolfo Cooper Engagement Letter, however, shall control in all respects.

(h)   Provide other services as requested by the Committee.

**FEES AND TERMS OF RETENTION**

13.   The MacGreevey Affidavit sets forth the terms and conditions of Zolfo Cooper's employment, its staffing and approach and its billing practices. Zolfo Cooper has requested that the Committee seek this Court's approval of such matters with the filing of this Application.

14.   Subject to Court approval and in accordance with the reasonableness standard provided for in section 328(a) of the Bankruptcy Code, Zolfo Cooper will seek compensation in accordance with its customary practices and in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, applicable orders of this Court, and guidelines established by the U.S. Trustee. Notwithstanding anything to the contrary contained herein, the United States Trustee retains all rights to respond or object to Zolfo Cooper's interim and final applications for compensation and reimbursement of expenses on all grounds including but not limited to, reasonableness pursuant to section 330 of the Bankruptcy Code.

15.   Zolfo Cooper charges based on actual hours expended to perform its services at standard hourly rates established for each employee, as adjusted semi-annually. It is the customary practice of the firm to bill clients for travel time consistent with guidelines of the jurisdiction. For this jurisdiction, therefore, Zolfo Cooper will apply a 50% discount rate to non-working travel time billed. Time entries are recorded in six minute increments. Fees reflect economies resulting from the use of paraprofessional and support personnel to develop schedules and analyses, input computer data, perform research, work on fee applications, and other activities necessary to the efficient administration of a case. Zolfo Cooper does not include support services in the Firm's overhead for the purpose of establishing billing rates. Billing rates are generally representative of prevailing market rates, as awarded by other courts in similar

circumstances, based on the customary compensation charged by comparably skilled practitioners in bankruptcy and non-bankruptcy engagements.

16. The billing rates for professionals who may be assigned to this engagement in effect as of January 1, 2015, are as follows:

| | |
|---|---|
| Managing Directors | $775 - $925 |
| Professional Staff | $265 - $770 |
| Support Personnel | $ 60 - $310 |

17. Zolfo Cooper charges for reasonably incurred, out-of-pocket expenses associated with an assignment including, but not limited to, costs of reproduction, typing, our legal counsel, any applicable state sales or excise taxes and other direct expenses. Except as follows, all expenses will be billed at actual cost, exclusive of amortization of the cost of any investment, equipment or capital outlay: (i) internal charges for outgoing out-of-town facsimile transmissions will be billed at $1.00 per page for domestic transmissions and $2.50 per page for foreign transmissions, and (ii) internal photocopy charges will be billed at $.10 per page.

18. Zolfo Cooper will provide a monthly fee statement for services rendered and out-of-pocket expenses incurred which will be accompanied by a list of professional, paraprofessional and support personnel providing services, their respective billing rates; the aggregate hours expended by each such person; and a general description of the services rendered, summarized by discrete project; a detailed description of the services performed by each professional, paraprofessional and support person providing such services; the time expended organized by Debtors, by discrete project, by day and a reasonably detailed breakdown of the disbursements incurred. The Committee believes that Zolfo Cooper's fee structure is consistent with, and typical of, compensation arrangements entered into by Zolfo Cooper and

other comparable financial advisory firms in connection with chapter 11 cases.

19.    The Zolfo Cooper Engagement Letter also includes a request for indemnification. The terms of the indemnification provision were fully negotiated at arms-length between the Committee and Zolfo Cooper and the Committee respectfully submits that such indemnification provision is reasonable and consistent with the practice of courts in this district. Notwithstanding the aforementioned indemnification provision, Zolfo Cooper's liability will be limited to the extent permitted by *In re United Artists Theatre Co.,* 315 F.3d 217, 234 (3d Cir. 2003).

## ZOLFO COOPER'S DISINTERESTEDNESS

20.    The Committee submits that the retention of Zolfo Cooper under the terms described herein is appropriate under sections 327, 328 and 1103 of the Bankruptcy Code. Section 327(a) of the Bankruptcy Code, made applicable by section 1103 of the Bankruptcy Code, empowers a committee, with the Court's approval, to employ professionals "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent them or assist the Debtors in possession in carrying out its duties under this title." 11 U.S.C. § 327(a). Section 101(14) of the Bankruptcy Code defines "disinterested person" as a person that:

(A)    is not a creditor, an equity security holder, or an insider;

(B)    is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtors; and

(C)    Does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors.

11 U.S.C. § 101(14).

21.    Pursuant to section 1103(b) of the Bankruptcy Code, a professional employed to represent a committee may not, while employed by such committee, represent any other entity

having an adverse interest in connection with the case.

22. Zolfo Cooper is not owed any amounts with respect to pre-petition fees and expenses.

23. To the best of the Committee's knowledge, information and belief, Zolfo Cooper is not related to or connected with and neither holds nor represents any interest adverse to the Debtors, its estate, its creditors or any other party in interest herein or their respective attorneys or the U.S. Trustee or anyone employed in the Office of the U.S. Trustee in the matters for which Zolfo Cooper is proposed to be retained, except that Zolfo Cooper is connected with the Committee by virtue of this engagement, and Zolfo Cooper may represent or have represented certain of the Debtors' creditors or other parties in interest herein, or interests adverse to such creditors or other parties in interest herein, in matters unrelated to this chapter 11 case. Consequently, Zolfo Cooper is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code and as required by section 1103(b) of the Bankruptcy Code. The MacGreevey Affidavit, executed on behalf of Zolfo Cooper in accordance with section 1103(a) of the Bankruptcy Code and Bankruptcy Rule 2014, is appended hereto and incorporated herein by reference. The Committee's knowledge, information and belief regarding the matters set forth in this paragraph is based, and made in reliance, upon the MacGreevey Affidavit. Zolfo Cooper informed the Committee that it has undertaken a detailed search of available information as set forth below, to determine and to disclose, whether it is performing or has performed services for any significant creditors, equity security holders or insiders in unrelated matters.

24. In connection with its proposed retention by the Committee in this case, Zolfo Cooper conducted a review of its professional contacts with the Debtors, its affiliates and other interested parties identified on a list ("<u>Interested Party List</u>") provided to Zolfo Cooper by

proposed counsel to the Committee in this proceeding. Zolfo Cooper ran the Interested Party List through Zolfo Cooper's relationship conflict database ("Database"), which is an Access computer database containing names of individuals and entities that are present or recent former clients of Zolfo Cooper. Zolfo Cooper then reviewed those results, which review was completed under the supervision of the in-house General Counsel of Zolfo Cooper. Based upon the information presently available, Zolfo Cooper is aware of no conflicts in connection with this engagement. A summary of such relationships is set forth in Schedule 1 to the MacGreevey Affidavit. None of the services that were or will be provided in the course of these other engagements: (i) is connected in any way to this proceeding; (ii) will impact or conflict with or be adverse to the Debtors and its estates or the Committee in this proceeding; and (iii) will compromise Zolfo Cooper's ability to provide services in this proceeding.

25.    It should be understood that Zolfo Cooper's present or former clients and their affiliates, officers, directors, principal shareholders and their respective affiliates may have had relationships with parties in interest in this bankruptcy case of which Zolfo Cooper was not informed or, subsequent to the performance of Zolfo Cooper's services, may have developed relationships with such parties of which Zolfo Cooper is unaware.

26.    Further, it should be understood that the "Zolfo Cooper" trademark name is owned by Zolfo Cooper Holdings, LLC, Zolfo Cooper's parent company, and it is used in the United States by Zolfo Cooper, LLC and its subsidiaries. The Zolfo Cooper trademark is used in the Cayman Islands, the British Virgin Islands, Hong Kong and the People's Republic of China under license agreements, without common ownership with Zolfo Cooper.

27.    To the best of Zolfo Cooper's knowledge and belief, except as set forth in Schedule 1 to the MacGreevey Affidavit, none of Zolfo Cooper's current or former clients

(including their affiliates, officers, directors, principal shareholders and their respective affiliates) is connected to the entities listed below, other parties in interest herein or interests adverse to such parties:

28. Zolfo Cooper has indicated that it will promptly update the MacGreevey Affidavit, disclosing any material developments regarding the Debtors or any other pertinent relationships that require disclosure in the above-captioned case, if and when any such developments or relationships come to Zolfo Cooper's attention.

## APPLICABLE AUTHORITY

29. The Committee seeks approval of the engagement and retention of Zolfo Cooper pursuant to sections 327, 328 and 1102 of the Bankruptcy Code. Section 327 of the Bankruptcy Code authorizes a Debtors to employ professionals that "do not hold or represent an interest adverse to the estate, and that are disinterested persons." 11 U.S.C. § 327(a). In addition, section 328(a) of the Bankruptcy Code provides that a Committee "with the court's approval, may employ or authorize the employment of a professional person under section 327… on any reasonable terms and under section 327 . . . on any reasonable terms and conditions of employment, including a retainer, on an hourly basis, or on a contingency fee basis." 11 U.S.C. § 328(a). Thus, section 328(a) provides for flexibility in the compensation structure provided to retained professionals. As the Fifth Circuit noted in *Donaldson Lufkin & Jenrette Securities Corp. v. National Gypsum* (*In re National Gypsum Co.*):

> Prior to 1978 the most able professionals were often unwilling to work for bankruptcy estates where their compensation would be subject to the uncertainties of what a judge thought the work was worth after it had been done. That uncertainty continues under the present § 330 of the Bankruptcy Code, which provides that the court award to professional consultants "reasonable compensation" based on relevant factors of time and comparable costs, etc. Under present § 328 the professional may avoid that uncertainty by obtaining court approval of compensation agreed to with the trustee (or Debtors or

committee).

123 F.3d 861, 862 (5th Cir. 1997) (internal citations and emphasis omitted).

30. Therefore, the Committee is seeking to retain Zolfo Cooper under section 328(a) of the Bankruptcy Code, as is customarily done with professionals in the financial advisory industry. Notwithstanding the foregoing, the U.S. Trustee retains all rights to object to Zolfo Cooper's interim and final fee applications (including expense reimbursement) on all grounds, including but not limited to the reasonableness standard provided for in section 330 of the Bankruptcy Code.

31. Courts in this Circuit have approved similar fee arrangements for financial advisors that contain reasonable terms and conditions under section 328 of the Bankruptcy Code. *See e.g. In re Coda Holdings, Inc.,* Case No 13-11153 (CSS) (Bankr. D. Del. 2013)*; In re WP Steel Venture, LLC,* Case No 12-11661 (KJC) (Bankr. D. Del.); *In re Overseas Shipholding Group, Inc.*, Case No 12-20000 (PJW) (Bankr. D. Del. 2012); *In re Nebraska Book Company, Inc.*, Case No. 11-13005 (PJW) (Bankr. D. Del. 2011).

32. In addition, as discussed above, and in more detail in the MacGreevey Affidavit, Zolfo Cooper satisfies the standards set forth in the Bankruptcy Code for a disinterested persons as defined by section 101(14) of the Bankruptcy Code. Zolfo Cooper, and its professionals, (a) are not creditors, equity security holders, or insiders of the Debtors; (b) are not and were not, within two (2) years before the date of the filing of the Debtors' chapter 11 petition, a director, officer, or employee of the Debtors; and (c) do not represent or hold an interest adverse to the interests of the estate with respect to the matters in which Zolfo Cooper is proposed to be employed.

33. Bankruptcy Rule 2014 sets forth certain elements which must be provided in a retention application in support of a professional person. The Committee submits Zolfo Cooper

has satisfied all of the necessary requirements to be approved as financial advisor to the Committee.

34. The Committee respectfully submits that retention of Zolfo Cooper, including approval of the Zolfo Cooper Engagement Letter (including the proposed indemnification) is reasonable and customary and in the best interest of the Committee.

## NOTICE

35. Notice of this Application has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Debtors,; (c) Counsel for Silver Point Finance LLC, in its capacity as administrative agent under the Debtors' First Lien Credit Agreement and Second Lien Credit Agreement; (d) counsel for Bank of America, N.A., in its capacity as administrative agent under the Debtors' Amended and Restated Loan and Security Agreement; (e) counsel to the agents under the Debtors' debtor-in-posession financing facilities; and (f) those parties requesting notice pursuant to Bankruptcy Rule 2002.  The Committee submits that no other or further notice is necessary or required.

36. No previous application for relief sought herein has been made to this or any other Court.

[ *signature page follows* ]

**WHEREFORE**, the Committee respectfully requests that this Court enter an Order, substantially in the form submitted herewith, authorizing the Committee to retain and employ Zolfo Cooper as financial advisor to the Committee, effective as of March 24, 2015, and grant the Committee such other and further relief as the Court deems just or proper.

OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE STANDARD REGISTER COMPANY in their capacity as Designated Signatories of the Committee and not in their individual capacities

By: _____
The Pension Benefit Guaranty Corporation
Co-Chairperson of Committee

By: _____
Timothy Webb
Co-Chairperson of Committee

Dated: April 20, 2015

WHEREFORE, the Committee respectfully requests that this Court enter an Order, substantially in the form submitted herewith, authorizing the Committee to retain and employ Zolfo Cooper as financial advisor to the Committee, effective as of March 24, 2015, and grant the Committee such other and further relief as the Court deems just or proper.

OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE STANDARD REGISTER COMPANY in their capacity as Designated Signatories of the Committee and not in their individual capacities

By:_____
The Pension Benefit Guaranty Corporation
Co-Chairperson of Committee

By: /s/ Timothy V. Webb
Timothy Webb
Co-Chairperson of Committee

Dated: April 17, 2015