## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>THE STANDARD REGISTER COMPANY, *et al*,[1]<br><br>                         Debtors. | Chapter 11<br><br>Case No.  15-10541 (BLS)<br><br>(Jointly Administered)<br><br>**Hearing Date: May 12, 2015 at 10:00 a.m. (ET)**<br>**Objections Due: May 5, 2015 at 4:00 p.m. (ET)** |

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER (I) AUTHORIZING THE COMMITTEE TO RETAIN AND EMPLOY JEFFERIES LLC AS ITS INVESTMENT BANKER, *NUNC PRO TUNC* TO MARCH 24, 2015 AND (II) WAIVING CERTAIN REQUIREMENTS OF LOCAL RULE 2016-2**

The official committee of unsecured creditors (the "Committee") of The Standard Register Company and its affiliated debtors and debtors in possession (collectively, the "Debtors") hereby submits this application (this "Application"), pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Practice and Procedure of the United States Bankruptcy Code for the District of Delaware (the "Local Rules"), for entry of an order, substantially in the form attached hereto as Exhibit A, (a) authorizing the Committee to retain and employ Jefferies LLC ("Jefferies") as its exclusive investment banker, *nunc pro tunc* to March 24, 2015, pursuant to that certain engagement letter attached hereto as Exhibit B (the "Engagement Letter") and (b) waiving certain of the information requirements of Local Rule 2016-2.  In support of this Application, the Committee

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

submits the Declaration of Leon Szlezinger, Managing Director and Joint Global Head of Restructuring & Recapitalization at Jefferies (the "Szlezinger Declaration"), a copy of which is attached hereto as Exhibit C.  In further support of this Application, the Committee respectfully states as follows:

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory and other bases for the relief requested herein are Bankruptcy Code sections 328(a) and 1103(a), Bankruptcy Rule 2014, and Local Rule 2014-1.

## BACKGROUND

3.      On March 12, 2015 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware.  The Debtors continue to manage and operate their businesses and properties as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108. No trustee or examiner has been appointed in these chapter 11 cases.

4.      On March 24, 2015, the Office of the United States Trustee appointed the Committee pursuant to section 1102(a)(1) of the Bankruptcy Code.  Shortly after its formation, the Committee selected Jefferies as its investment banker, subject to this Court's approval.

5.      Information regarding the Debtors' history and business operations, capital structure and primary secured indebtedness, and the events leading up to the commencement of these chapter 11 cases, can be found in the *Declaration of Kevin Carmody in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* [Docket No. 2].

**RELIEF REQUESTED**

6.      By this Application, the Committee seeks entry of an order (a) authorizing the Committee to retain and employ Jefferies as its exclusive investment banker pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, *nunc pro tunc* to March 24, 2015, pursuant to the terms and subject to the conditions of the Engagement Letter attached hereto as <u>Exhibit B</u> and (b) waiving certain of the information requirements of Local Rule 2016-2.  The Engagement Letter describes (i) the various services that the Committee seeks Jefferies to perform on its behalf during these chapter 11 cases and (ii) the terms and conditions of Jefferies' proposed engagement by the Committee.  Jefferies' provision of services to the Committee is conditioned upon, and subject to, the Court's approval of the Engagement Letter.

**THE NEED FOR JEFFERIES' SERVICES AND JEFFERIES' QUALIFICATIONS**

7.      The Committee submits this Application because of its need to retain a qualified investment banker to assist it in the critical tasks associated with guiding the Committee through the Debtors' chapter 11 cases.  The Committee believes that its retention of an investment banker is necessary and appropriate to enable it to evaluate the financial and economic issues raised by the Debtors' chapter 11 proceedings and to effectively fulfill its statutory duties.

8.      The Committee has selected Jefferies as its investment banker in these cases based upon Jefferies' extensive experience in matters involving complex financial restructurings; and Jefferies' excellent reputation for the services that it has rendered in chapter 11 cases on behalf of debtors and creditor constituencies throughout the United States.

9.      As set forth in the Szlezinger Declaration, Jefferies is a full-service investment banking firm, with approximately 3,900 employees in more than 30 offices around the world. Jefferies and its senior professionals have extensive expertise providing investment banking

services to financially distressed companies, creditors, committees, equity holders, asset purchasers and other constituencies in reorganization proceedings and complex financial restructurings, both in and out of court. Jefferies and its professionals are providing or have provided investment banking, financial advisory and other services in connection with the following recent cases: In re Caesars Entm't Operating Co., Inc., No. 15-01145 (ABG) (Bankr. N.D. Ill. Mar. 26, 2015); In re MPM Silicones, LLC, No. 14-22503 (RDD) (Bankr. S.D.N.Y. June 10, 2014); In re Brookstone Holdings Corp., No. 14-10752 (BLS) (Bankr. D. Del. Apr. 23, 2014); In re Event Rentals, Inc., No. 14-10282 (PJW) (Bankr. D. Del. Mar. 14, 2014); In re Velti Inc., No. 13-12878 (PJW) (Bankr. D. Del. Dec. 2, 2013); In re Excel Maritime Carriers Ltd., Case No. 13-23030 (Bankr. S.D.N.Y. July 1, 2013) (RDD); In re OnCure Holdings, Inc., No. 13-11540 (KG) (Bankr. D. Del. June 14, 2013); In re GMX Res. Inc., No. 13-11456 (SAH) (Bankr. W.D. Okla. May 17, 2013); In re K-V Discovery Solutions, Inc., No. 12-13346 (ALG) (Bankr. S.D.N.Y. Oct. 10, 2012); In re ATP Oil & Gas Corp., No. 12-36187 (MI) (Bankr. S.D. Tex. Oct. 4, 2012); In re Eastman Kodak Co., No. 12-10202 (ALG) (Bankr. S.D.N.Y. Apr. 19, 2012); In re Borders Grp., Inc., No. 11-10614 (MG) (Bankr. S.D.N.Y. Feb. 16, 2011); In re MSR Golf Resort LLC, No. 11-10372 (SHL) (Bankr. S.D.N.Y. Feb. 1, 2011).

## SERVICES TO BE PROVIDED BY JEFFERIES

10.    If the Application is approved, the Committee anticipates that Jefferies will perform the following investment banking services pursuant to the Engagement Letter, among others, as mutually agreed upon by Jefferies and the Committee and as appropriate:[2]

---

[2]    To the extent there is any inconsistency between this summary of the services set forth in the Engagement Letter and the terms of the Engagement Letter, the terms of the Engagement Letter shall control.

(a)     becoming familiar with, to the extent Jefferies deems appropriate, and analyzing, the business, operations, properties, financial condition and prospects of the Debtors;

(b)     advising the Committee on the current state of the "restructuring market";

(c)     advising the Committee on a sale, disposition or other business transaction or series of transactions, including, without limitation, merger, reverse merger, liquidation, tender or exchange offer, stock purchase, asset purchase, recapitalization, reorganization, consolidation, amalgamation, joint venture, strategic partnership, license, a sale under section 363 of the Bankruptcy Code (including any "credit bid" made pursuant to section 363(k) of the Bankruptcy Code and including under a plan pursuant to the Bankruptcy Code) (any of the foregoing, an "M&A Transaction");

(d)     assisting and advising the Committee in examining and analyzing any potential or proposed restructuring, amending, redeeming or otherwise adjusting the Debtors' outstanding indebtedness or overall capital structure and related strategies in connection therewith, whether pursuant to a chapter 11 plan or otherwise (a "Restructuring" and, together with an "M&A Transaction," a "Transaction"), including, where appropriate, assisting the Committee in developing its own strategy for accomplishing a Transaction;

(e)     assisting and advising the Committee in evaluating and analyzing the proposed implementation of any Transaction, including the value of the securities or debt instruments, if any, that may be issued in any such Transaction;

(f)     assisting and advising the Committee in evaluating potential financing transactions by the Debtors;

(g)     assisting and advising the Committee on tactics and strategies for negotiating with other stakeholders;

(h)     attending meetings of the Committee with respect to matters on which Jefferies has been engaged to advise the Committee hereunder;

(i)     providing testimony, as necessary and appropriate, with respect to matters on which Jefferies has been engaged to advise the Committee hereunder, in any proceeding before the Bankruptcy Court; and

(j)     rendering such other investment banking and financial advisory services as may from time to time be agreed upon by the Committee and Jefferies, including, but not limited to, providing expert testimony, and other expert and investment banking and financial advisory support related to any threatened, expected, or initiated litigation.

11.     The Committee does not believe that the services to be rendered by Jefferies will be duplicative of the services performed by any other professional, and Jefferies will work together with the other professionals retained by the Committee to minimize and avoid duplication of services.   The Committee firmly believes that Jefferies will provide these necessary services in a cost-effective, efficient and timely manner.

## PROFESSIONAL COMPENSATION

12.     As set forth more fully in the Engagement Letter, and subject to the terms thereof and the Court's approval, the Committee and Jefferies have agreed to the following compensation and expense reimbursement (the "Fee and Expense Structure"):[3]

- **Monthly Fee**.  A monthly fee (the "Monthly Fee") equal to $100,000 per month until the expiration or termination of the Engagement Letter.  The first Monthly Fee will be prorated to cover the period of March 24, 2015 through March 31, 2015.  Monthly Fees shall be due and paid in accordance with the rules and procedures governing these cases.  Fifty percent of Monthly Fee payments actually paid to and retained by Jefferies in excess of $200,000 will be credited once against any Transaction Fee due to Jefferies

- **Transaction Fee**.  Upon the consummation of any M&A Transaction, a fee (the "M&A Transaction Fee") equal to $750,000 plus 1% of the Transaction Value of such M&A Transaction in excess of $275,000,000.  Upon the consummation of any Restructuring that is not an M&A Transaction, Jefferies shall be paid a fee (the "Restructuring Fee" and, together with any M&A Transaction Fee, a "Transaction Fee") equal to (A) $1,750,000 if the Committee either supports or does not file and prosecute any material objection to such Restructuring (or, if the Committee does file and prosecute any material objection to such Restructuring, such objection is either withdrawn, settled or otherwise consensually resolved) and (B) $750,000 if the Committee does prosecute any material objection to such Restructuring and such objection is not settled or withdrawn.  Notwithstanding the foregoing, for any Transaction or series of Transactions that qualify as both an M&A Transaction and a Restructuring, Jefferies shall only be entitled to the higher of the M&A Transaction Fee and the Restructuring Fee.

---

[3]     To the extent there is any inconsistency between the summary of the Fee and Expense Structure set forth in this Application and the Fee and Expense Structure as set forth in the Engagement Letter, the terms of the Engagement Letter shall control.  All terms used in the Fee and Expense Structure not otherwise defined herein shall have the meanings ascribed to such terms in the Engagement Letter.

- **<u>Expert Fee</u>**. Should Jefferies produce an expert report or otherwise provide expert testimony in the form of deposition or live testimony in connection with an expert report, a fee of $350,000, which shall be creditable against any Transaction Fee due to Jefferies.

13.     In addition to any fees that may be paid to Jefferies under the Engagement Letter, whether or not any Transaction occurs, Jefferies shall be reimbursed, pursuant to rules and orders governing these cases, for all out-of-pocket expenses (including reasonable fees and expenses of its counsel, and the reasonable fees and expenses of any other independent experts retained by Jefferies) incurred by Jefferies in connection with the engagement contemplated under the Engagement Letter.

14.     During the pendency of these chapter 11 cases, Jefferies shall apply to the Court for the allowance of compensation for professional services rendered and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any other applicable procedures and orders of the Court and consistent with the proposed compensation arrangement set forth in the Engagement Letter.

15.     The Committee believes that the Fee and Expense Structure set forth in the Engagement Letter includes reasonable terms and conditions of employment and should be approved under section 328(a) of the Bankruptcy Code.  The Fee and Expense Structure appropriately reflects the nature of the services to be provided by Jefferies and the fee structures typically utilized by leading investment banking firms of similar stature to Jefferies for comparable engagements, both in and out of court.  The Fee and Expense structure is consistent with Jefferies' normal and customary billing practices for cases of this size and complexity that require the level of scope and services outlined herein.  In particular, the Committee believes that the Fee and Expense Structure creates a proper balance between fixed monthly fees and contingency fees.   Moreover, similar fixed and contingency fee arrangements have been

approved and implemented in other recent large chapter 11 cases in this District.  See In re Brookstone Holdings Corp., No. 14-10752 (BLS) (Bankr. D. Del. Apr. 23, 2014); In re Event Rentals, Inc., No. 14-10282 (PJW) (Bankr. D. Del. Mar. 14, 2014); In re Velti Inc., No. 13-12878 (PJW) (Bankr. D. Del. Dec. 2, 2013); In re OnCure Holdings, Inc., No. 13-11540 (KG) (Bankr. D. Del. June 14, 2013).  Notwithstanding the foregoing, Jefferies agrees that the U.S. Trustee may review Jefferies' compensation under section 330 of the Bankruptcy Code.

16.     The Committee further believes that the Fee and Expense Structure includes reasonable terms and conditions of employment in light of (a) industry practice, (b) market rates charged for comparable services both in and out of the chapter 11 context, (c) Jefferies' substantial experience with respect to investment banking services and (d) the nature and scope of work to be performed by Jefferies in these cases.

17.     Consistent with its ordinary practice and the practice of investment bankers in other chapter 11 cases whose fee arrangements are not hours-based, Jefferies does not maintain contemporaneous time records or provide or conform to a schedule of hourly rates for its professionals.  Given the foregoing and that Jefferies' compensation is based on fixed fees, the Committee requests that, pursuant to Local Rule 2016-2(h), Jefferies' professionals be excused from the information requirements set forth in Local Rule 2016-2(d).  Jefferies will nonetheless maintain reasonably detailed summary time records in one-half hour increments, which records shall indicate the total hours incurred by each professional for each day and provide a brief description of the nature of the work performed.

## THE INDEMNIFICATION OBLIGATIONS TO JEFFERIES[4]

18.     As part of the overall compensation payable to Jefferies under the terms of the Engagement Letter, the Engagement Letter provides for certain indemnification obligations to Jefferies and its affiliates and each of their respective directors, officers, managers, members, partners, employees and agents and any other controlling persons, for and against any claims, liabilities, losses, damages, costs and expenses, as incurred, related to or arising out of or in connection with Jefferies' services.  Such terms of indemnification, as modified by the proposed order authorizing Jefferies' retention, reflect the qualifications and limits on such terms that are customary in this jurisdiction and are in substantially the same form as terms that have been approved by this Court in other recent cases.  See In re Brookstone Holdings Corp., No. 14-10752 (BLS) (Bankr. D. Del. Apr. 23, 2014); In re Event Rentals, Inc., No. 14-10282 (PJW) (Bankr. D. Del. Mar. 14, 2014); In re Velti Inc., No. 13-12878 (PJW) (Bankr. D. Del. Dec. 2, 2013); In re OnCure Holdings, Inc., No. 13-11540 (KG) (Bankr. D. Del. June 14, 2013).

## JEFFERIES' DISCLOSURES CONCERNING ITS CONNECTIONS WITH THE DEBTORS AND OTHER PARTIES IN INTEREST

19.     Jefferies has informed the Committee that as of the date hereof, except as set forth in the Szlezinger Declaration, (a) it has no connections with the Debtors, their creditor or other parties in interest in these chapter 11 cases; (b) it does not have or represent any entity having an interest adverse to the interests of the Debtors' estates or of any class of creditors or equity security holders; and (c) neither Jefferies nor any employee of Jefferies (i) is a creditor, equity security holder or an insider of the Debtors or (ii) is or was, within two years before the Petition Date, a director, officer, or employee of any of the Debtors.  In addition, none of the Jefferies

---

[4]     To the extent there is any inconsistency between the summary of the indemnification provisions set forth in this Application and the indemnifications set forth in Schedule A to the Engagement Letter, the terms of the Engagement Letter shall control.

professionals expected to assist the Committee in these chapter 11 cases are related or connected to any United States Bankruptcy Judge for the District of Delaware, the U.S. Trustee, or any person employed in the office of the U.S. Trustee.

20.     The Committee has been advised that Jefferies has agreed not to share with any other person or firm the compensation to be paid for professional services rendered in connection with these chapter 11 cases in accordance with section 504(a) of the Bankruptcy Code.

21.     Based on the foregoing, the Committee believes that Jefferies is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code and utilized in section 328(c) of the Bankruptcy Code.

## BASIS FOR RELIEF

22.     The Committee seeks entry of an order authorizing the Committee to retain and employ Jefferies pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code.  Section 1103(a) of the Bankruptcy Code provides, in relevant part, that the Committee, with the Court's approval, "may select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee."  11 U.S.C. § 1103(a).  Section 328(a) of the Bankruptcy Code, moreover, provides, in relevant part, that the Committee, "with the court's approval, may employ or authorize the employment of a professional person under section . . . 1103 . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis . . . ."  11 U.S.C. § 328(a).

23.     Given the numerous issues that Jefferies may be required to address in performing its services for the Committee pursuant to the Engagement Letter, Jefferies' commitment to the variable time requirements and effort necessary to address all such issues as

they arise, and the market prices for Jefferies' services for engagements of this nature, the Committee submits that the terms and conditions of the Engagement Letter are fair, reasonable and market-based under the standards set forth in section 328(a) of the Bankruptcy Code.  The Committee also believes that the Fee and Expense Structure appropriately reflects (a) the nature and scope of Jefferies' services, (b) Jefferies' substantial experience with respect to investment banking services and (c) the fee structures typically utilized by Jefferies and other investment banks, which do not bill their clients on an hourly basis, in bankruptcy or otherwise.

24.    As set forth above, and notwithstanding approval of the Engagement Letter under section 328(a) of the Bankruptcy Code, Jefferies intends to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these chapter 11 cases, subject to the Court's approval and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any other applicable procedures and orders of this Court, with certain limited modifications as set forth herein.

25.    In light of the foregoing, the Committee submits that the retention of Jefferies is in the best interests of the Debtors, their creditors and all parties in interest in this these chapter 11 cases.  As noted above, Jefferies has extensive experience in matters involving complex financial restructurings and an excellent reputation for the services that it has rendered in chapter 11 cases on behalf of debtors and creditor constituencies throughout the United States.  The Committee therefore submits that it has satisfied the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules to support entry of an order authorizing the Committee to retain and employ Jefferies in these chapter 11 cases on the terms described herein and in the Engagement Letter.

## **<u>NO PRIOR REQUEST</u>**

26.     No prior application for the relief requested herein has been made to this or any other court.

*Remainder of Page Intentionally Left Blank*

WHEREFORE, the Committee respectfully requests entry of an order, in substantially

the form attached hereto as Exhibit A, (a) approving the employment and retention of Jefferies as

investment banker to the Committee, *nunc pro tunc* to March 24, 2015, pursuant to sections

328(a) and 1103(a) of the Bankruptcy Code, Rule 2014 of the Bankruptcy Rules, and Rule 2014-

1 of the Local Rules and in accordance with the terms and conditions reflected in the

Engagement Letter; (b) approving the terms of Jefferies' employment, including the Fee and

Expense Structure; (c) waiving certain of the information requirements of Local Rule 2016-2;

and (d) granting the Committee such other and further relief as the Court deems just and proper.

**OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF THE STANDARD
REGISTER COMPANY** in their capacity as
Designated Signatories of the Committee and not
in their individual capacities

By: _____

The Pension Benefit Guaranty Corporation
Co-Chairperson of Committee


By: _____

Timothy Webb
Co-Chairperson of Committee



Dated: April 20, 2015

13

WHEREFORE, the Committee respectfully requests entry of an order, in substantially the form attached hereto as Exhibit A, (a) approving the employment and retention of Jefferies as investment banker to the Committee, *nunc pro tunc* to March 24, 2015, pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, Rule 2014 of the Bankruptcy Rules, and Rule 2014-1 of the Local Rules and in accordance with the terms and conditions reflected in the Engagement Letter; (b) approving the terms of Jefferies' employment, including the Fee and Expense Structure; (c) waiving certain of the information requirements of Local Rule 2016-2; and (d) granting the Committee such other and further relief as the Court deems just and proper.

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE STANDARD REGISTER COMPANY** in their capacity as Designated Signatories of the Committee and not in their individual capacities

By:_____

The Pension Benefit Guaranty Corporation
Co-Chairperson of Committee

By:_____

Timothy Webb
Co-Chairperson of Committee

Dated: April 17, 2015