# **EXHIBIT B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>THE STANDARD REGISTER COMPANY, et al,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-10541 (BLS)<br><br>(Jointly Administered) |

**ORDER ESTABLISHING PROCEDURES FOR COMPLIANCE
WITH 11 U.S.C. §§ 1102(b)(3) AND 1103(c) BY THE OFFICIAL
<u>COMMITTEE OF UNSECURED CREDITORS</u>**

Upon the motion (the "Motion")[2] of the official committee of unsecured creditors (the "Committee") of the above captioned debtors and debtors in possession (the "Debtors"), for entry of an order (the "Order") establishing procedures for the Committee's compliance with sections 1102(b)(3) and 1103(c) of title 11 of the United States Code (the "Bankruptcy Code"); and due and proper notice of the Motion having been given; and it appearing that no other or further notice is required; and it appearing that the Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334; and it appearing that venue is proper pursuant to 28 U.S.C. § 1408 and 1409; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that the relief requested is in the best interests of the Committee, the Debtors, the Debtors' estates, and their creditors, and after due deliberation, and sufficient cause appearing therefor,

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

30954/2
04/16/2015 35610852.1

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is granted as provided herein.

2. The relief granted herein shall be effective *nunc pro tunc* to the Formation Date.

3. The Committee, its professionals and its individual members and their respective representatives, shall be deemed in compliance with sections 1102(b)(3) and 1103(c) of the Bankruptcy Code by: (a) establishing a website at http://www.omnimgt.com/SBLite/StandardRegister (the "Website") to make certain information available to creditors, (b) making available on the Website information regarding the Chapter 11 Cases, including: (i) the Petition Date, the case number, and general information about the Debtors' Chapter 11 Cases; (ii) the contact information for the Debtors, the Debtors' professionals, the Committee, and the Committee's professionals; (iii) information regarding significant events in the Chapter 11 Cases and relevant deadlines, including the claims bar date and any pleadings that are relevant thereto; (iv) any press releases issued by the Committee or the Debtors; (v) general Chapter 11 Case information updated periodically; (vi) any pleadings or information filed with the Court or otherwise publicly available or any other information that the Committee, after consultation with the Debtors and/or its professionals, deems appropriate, subject to the restrictions and limitations imposed by the Court; (c) allowing unsecured creditors to send questions and comments in connection with the Chapter 11 Cases on the Website (the "Email Correspondence"); and (d) authorizing the Committee and its counsel, in their reasonable discretion, to review and, subject to the restrictions and limitations herein, respond to the Email Correspondence.

4. The Committee may use the services of Rust Omni as a vendor to administer the Website without further order of the Court. Rust Omni may be paid by the Committee's counsel for its services related to the creation and maintenance of the Website. Committee counsel may seek reimbursement of those expenses through its fee applications subsequently filed with the Court.

5. The Committee's counsel is hereby authorized, in its reasonable discretion, to communicate with general unsecured creditors and/or respond to Email Correspondence on behalf of the Committee.

6. Notwithstanding any construction of section 1102(b)(3) of the Bankruptcy Code to the contrary, the Committee, its professionals, its individual members and their respective representatives, advisors and counsel shall not be authorized or required, without order of the Court or consent of the Debtors, which consent shall not be unreasonably withheld, to disseminate any (i) Confidential Information, or (ii) any other information if the effect of such disclosure would constitute a general waiver of the attorney-client, work-product or other privilege, to anyone other than its members, counsel, advisors, consultants and all of their agents and employees. Nothing shall restrict or otherwise prevent the Committee from providing access to Confidential Information that is not privileged information to any creditors who (i) hold claims of the kind represented by the Committee and (ii) are not appointed to the Committee, provided that such creditors execute a confidentiality agreement that is acceptable in form to the Debtors and the Committee.

7. The Committee shall not have or incur any liability to any entity for acts taken or omitted to be taken with respect to its obligations under section 1102(b)(3) of the Bankruptcy Code as long as the Committee and its professionals have acted in compliance with the procedures set forth herein and any confidentiality agreement; provided, however, that the foregoing shall not preclude or abridge the right of any creditor to move before the Court for an order requiring the production of other or additional information, to the extent available; provided, further, however that nothing contained in this Order shall (i) modify or abridge immunities otherwise available to the Committee or professionals employed by the Committee under applicable bankruptcy or non-bankruptcy law, nor (ii) modify or abridge the rights of the Debtors with respect to any Confidential Information, or rights under confidentiality agreements with any member of the Committee or their professionals.

8. Nothing in this Order requires the Committee to provide access to information to, or solicit comments from, any entity that has not demonstrated to the satisfaction of the Committee that it holds claims of the kind described in section 1102(b)(3) of the Bankruptcy Code.

9. In the event of a dispute over the dissemination of Confidential Information by the Committee or its professionals pursuant to this Order, the Debtors may seek, by way of motion, and on an emergency basis, an order enjoining such dissemination.

10. If anything in this Order conflicts with any confidentiality agreement entered into by and between (i) the Debtors and (ii) the Committee, individual members of the Committee, and/or its professionals, those confidentiality agreements shall control.

11. Entry of this Order is without prejudice to the rights of the Committee to seek a further order of the Court addressing any additional relief concerning compliance with section 1102(b)(3) of the Bankruptcy Code.

12. Nothing in this Order shall prejudice or otherwise affect the procedural rights of creditors to seek relief under section 1102(b)(3)(C) of the Bankruptcy Code.

13. The Court shall retain jurisdiction with respect to all matters arising from and related to the implementation of this Order.

Dated: _____, 2015

The Honorable Brendan L. Shannon  
United States Bankruptcy Judge