## EXHIBIT B

## Declaration of John D. Behm

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, *et al.*,[1] | Case No. 15-10541 (BLS) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF JOHN D. BEHM IN SUPPORT OF DEBTORS' MOTION
FOR ORDER (I) AUTHORIZING THE PRIVATE SALE BY THE DEBTORS OF
THE PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES,
AND OTHER INTERESTS; (II) APPROVING THE
PURCHASE AGREEMENT; AND (III) GRANTING RELATED RELIEF**

I, John D. Behm, hereby declare as follows:

1. I am a Managing Principal of Cresa Partners of Pennsylvania, Inc. t/a Cresa Philadelphia, and I submit this declaration (the "Declaration") in support of the *Debtors' Motion For Order (i) Authorizing the Private Sale by the Debtors of the Property Free and Clear of Liens, Claims, Encumbrances, and Other Interests, (ii) Approving the Purchase Agreement, and (III) Granting Related Relief* (the "Motion").[2]

2. I have worked as a real estate broker for approximately eight years and a licensed salesperson for the five years prior in the Commonwealth of Pennsylvania. In this time, I have been involved in the sale of more than 30 commercial properties

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2] All capitalized terms used and not otherwise defined in this Declaration have the meanings ascribed to them in the Motion.

01:17001463.1

3. Except as otherwise indicated herein, all facts set forth in this Declaration are based upon my personal knowledge, information learned from my review of relevant documents, and information supplied to me by employees who are under my supervision. If called upon to testify, I could and would testify competently to the facts set forth herein.

**A.    Description of the Property**

4. The Property includes approximately 5.045 acres of land area, with a one-story light industrial facility and a two-story office building containing a total of approximately 67,000 square feet of building area.

5. The Property was previously owned by Workflow Holdings, LLC, and the Debtors acquired the property in connection with their acquisition of Workflow Holdings, LLC, WorkflowOne, LLC, and their affiliates in 2013. The Debtors have another facility located approximately five miles from the Property, and the Property has been vacant since mid-February 2015.

**B.    The Debtors' Marketing Efforts for Sale**

6. The Debtors entered into an agreement with Jones Lang LaSalle, Inc. and Cresa Partners of Pennsylvania, Inc. t/a Cresa Philadelphia (together, the "Broker") to market the Property beginning in October 2014. Since that time, the Property has been shown to at least two interested parties and listed through several widely-used commercial real estate services, including, without limitation, Costar, and the Broker's internet website. As a result of these efforts, which also included the preparation and targeted circulation of detailed marketing brochures for the Property, a solicitation campaign to area real estate brokers, a marketing sign installed on the Property, and a notice provided to the York County Economic Development Corporation, the Debtors received two qualified offers for the Property, the highest of which was received from the Purchaser for a purchase price of $2,200,000 (the "Purchase Price"). The

01:17001463.1

other offer was for substantially less than the Purchase Price, contained a financing contingency, and a contemplated longer closing period.

7. I assisted in negotiating the Purchase Agreement, and a true and correct copy is attached to the Proposed Order as Exhibit 1.

8. As a result of the Purchaser's interest in the Property, and its willingness to provide fair and reasonable consideration based on that interest, I believe that the Debtors would benefit from the approval of the Sale without the added time, energy, and expenses associated with a public auction. If the Debtors were forced to conduct a public auction for the Property, or if the Debtors were required to include the Property in the sale of substantially all of the Debtors' other assets, I do not believe they will receive more than the Purchase Price for the Property.

9. I also believe that a private sale of the Property to the Purchaser under the terms and conditions of the Purchase Agreement is more likely to close in a timely and efficient manner than a public auction because the agreement provides them with a strong indication that the Purchaser is motivated to close the contemplated transaction in such a manner. Given the Purchaser's strong desire to close on an expedited basis so that it can obtain access to the Property as soon as practicable, I believe that the Sale represents the best opportunity to extract immediate and meaningful value from the Property in the amount of the Purchase Price.

10. I believe that the Purchase Price is a fair and reasonable price for the Property. The Purchase Price under the Purchase Agreement was the result of extensive marketing and arm's length negotiations. I do not believe that the Debtors could obtain a higher price for the Property under current market conditions.

11. In working on the Debtors' behalf, I and the other professionals have strived to attain the highest price possible for the Property. Neither I, nor the other professionals working

with me have sought to collude with the Purchaser—or any other party—at any time in connection with the Sale. I am not aware of any agreement between the Purchaser and any other party with respect to the purchase price for the Property, and I believe the Purchaser has negotiated at arm's length and in good faith with respect to the Sale.

*[Remainder of page intentionally left blank]*

01:17001463.1

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 21st day of April, 2015.

John D. Behm