## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, *et al.*,[1] | Case No. 15-10541 (BLS) |
| Debtors. | Jointly Administered |
| | **Hearing Date:** May 12, 2015 at 10:00 a.m. (ET) |
| | **Objection Deadline:** May 5, 2015 at 4:00 p.m. (ET) |

### MOTION OF DEBTORS FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY RULE 3003(c)(3) AND LOCAL RULE 2002-1(e) ESTABLISHING BAR DATES AND RELATED PROCEDURES FOR FILING PROOFS OF CLAIM (INCLUDING FOR ADMINISTRATIVE EXPENSE CLAIMS ARISING UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE) AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF

The Standard Register Company and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") submit this motion (the "Motion") for entry of an order, in substantially the form attached hereto as Exhibit A (the "Bar Date Order"), (i) establishing July 8, 2015 at 5:00 p.m. (Prevailing Eastern Time) (the "General Bar Date") as the last date and time by which creditors (as defined in section 101(10) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code")), other than creditors asserting administrative priority claims under section 503(b)(9) of the Bankruptcy Code, may file proofs of claim (the "Proofs of Claim") in these Chapter 11 Cases (as defined below); (ii) establishing June 9, 2015 at 5:00 p.m. (Prevailing Eastern Time) (the "503(b)(9) Bar Date") as the bar date by which all entities asserting administrative priority claims under section 503(b)(9) of the Bankruptcy Code must file proofs of claim ("Section 503(b)(9) Claims"); (iii) establishing

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001).  The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

September 8, 2015 (the "Governmental Bar Date" and collectively with the General Bar Date and the 503(b)(9) Bar Date, the "Bar Dates") as the date by which all governmental units must file proofs of claim in these cases; (iv) establishing related procedures for filing Proofs of Claim; (v) approving the form and scope of notice of the Bar Dates in substantially the form attached to the Bar Date Order as Exhibit 1 (the "Bar Date Notice"); (vi) approving mailing procedures with respect thereto; and (vii) granting additional relief as requested below.  In support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are sections 105(a), 501, 502, and 1111(a) of the Bankruptcy Code, Rules 2002(a)(7), 3003(c), and 5005(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2002-1.

## BACKGROUND

3.     On March 12, 2015, each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the

District of Delaware (the "Court").  Pursuant to sections 1107(a) and 1108 of the Bankruptcy

Code, the Debtors are continuing to manage their financial affairs as debtors in possession.  No

request for a trustee or examiner has been made in these chapter 11 cases (collectively, the

"Chapter 11 Cases").

           4.      On March 24, 2015, the Office of the United States Trustee for the District

of Delaware (the "UST") appointed the statutory committee of unsecured creditors pursuant to

section 1102 of the Bankruptcy Code (the "Committee").

           5.      Information regarding the Debtors' history and business operations,

capital structure and primary secured indebtedness, and the events leading up to the

commencement of these Chapter 11 Cases, can be found in *Declaration of Kevin Carmody in*

*Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* [Docket No. 2]

(the "First Day Declaration").

## RELIEF REQUESTED

           6.      Pursuant to Bankruptcy Rule 3003(c)(3), the Debtors request that the

Court (i) establish July 8, 2015 at 5:00 p.m. (Prevailing Eastern Time) as the General Bar Date

for creditors (as defined in section 101(10) of the Bankruptcy Code) to file Proofs of Claim in

the Debtors' Chapter 11 Cases; (ii) establish June 9, 2015 at 5:00 p.m. (Prevailing Eastern Time)

as the 503(b)(9) Bar Date, (iii) establish September 8, 2015 as the Governmental Bar Date; (iv)

establish related procedures for filing Proofs of Claim; (v) approve the form and scope of the Bar

Date Notice; (vi) approve mailing procedures with respect thereto; and (vii) grant additional

relief as requested below.

## A.     Establishment of a Bar Date

           7.      Bankruptcy Rule 3003(c)(2) provides that any creditor or equity security

holder who asserts a claim (as defined in section 101(5) of the Bankruptcy Code) against or

interest in the Debtors that arose, or is deemed to have arisen, prior to the Petition Date and whose claim or interest is either (i) not listed on the Debtors' schedules of assets and liabilities (collectively, the "Schedules") or (ii) is listed on the Schedules as disputed, contingent or unliquidated, must file a proof of claim or interest. Bankruptcy Rule 3003(c)(3) provides that the Court shall fix the time within which proofs of claim or interest must be filed in a chapter 11 case.

8.      The Debtors request that the Court establish July 8, 2014 at 5:00 p.m. (Prevailing Eastern Time) as the General Bar Date in these Chapter 11 Cases.[2] The General Bar Date would be the date by which all creditors (as defined in section 101(10) of the Bankruptcy Code) holding prepetition claims (as defined in section 101(5) of the Bankruptcy Code) must file Proofs of Claim unless they fall within one of the exceptions set forth in this Motion. Subject to these exceptions, the General Bar Date would apply to all creditors holding claims against the Debtors that arose, or are deemed to have arisen, prior to the Petition Date, including, without limitation, secured claims, unsecured priority claims (including, without limitation, claims entitled to priority under sections 507(a)(3) through 507(a)(10) of the Bankruptcy Code) and unsecured non-priority claims (the holder of any such claims, the "Claimant").

9.      In addition, the Debtors received goods in the ordinary course of business prior to the Petition Date and believe that the vendors and suppliers of such goods will likely seek allowance of Section 503(b)(9) Claims in connection therewith. Section 503(b)(9) of the Bankruptcy Code does not set forth any date by which Section 503(b)(9) Claims must be asserted. As Congress recognized, however, Sections 503(b)(9) Claims potentially overlap with reclamation claims. *See, e.g.*, 11 U.S.C. § 546(c)(2). Accordingly, the Debtors seek approval of the 503(b)(9) Bar Date to permit an expeditious determination of the Section 503(b)(9) Claims.

---

[2]      The Debtors intend to file their Schedules on or before May 11, 2015.

10.     Moreover, section 502(b)(9) of the Bankruptcy Code provides that governmental units (as defined in section 101(27) of the Bankruptcy Code) shall have 180 days after the petition date, or such later time as the Bankruptcy Rules may provide, to file proofs of claim or interest.  Accordingly, because the proposed General Bar Date is earlier than 180 days after the Petition Date, the Debtors request that the Court establish September 8, 2015 at 5:00 p.m. (Prevailing Eastern Time) as the Governmental Bar Date.

11.     Pursuant to the Bar Date Order, each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust and governmental unit) that holds or seeks to assert a claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors that arose, or is deemed to have arisen, prior to the Petition Date (including, without limitation, claims entitled to administrative priority status under section 503(b)(9) of the Bankruptcy Code) must file with Prime Clerk LLC ("Prime Clerk"), the Debtors' claims and noticing agent, an original, written proof of such claim that substantially conforms to the Proof of Claim form attached to the Bar Date Order as Exhibit 2 (the "Proof of Claim Form") either by (i) mailing the original Proof of Claim by regular mail to The Standard Register Company Claims Processing Center, c/o Prime Clerk LLC, 830 3rd Avenue, 9th Floor, New York, NY 10022, (ii) delivering such original Proof of Claim by overnight mail, courier service, hand delivery, or in person to the address set forth in the preceding clause, or (iii) completing the electronic Proof of Claim Form (an "Electronic Proof of Claim") available online at http://cases.primeclerk.com/standardregister.  The Debtors request that the Bar Date Order provide that (i) Proofs of Claim sent by facsimile, telecopy or electronic mail will **not** be accepted and (ii) Proofs of Claim are deemed timely filed only if such claims are **actually received** by Prime Clerk on or before 5:00 p.m. (Prevailing Eastern Time) on the applicable Bar Date.  The Debtors propose that properly filing an original, written Proof of Claim or an

Electronic Proof of Claim that substantially conforms to the Proof of Claim Form be deemed to satisfy the procedural requirements for the assertion of administrative priority claims under section 503(b)(9) of the Bankruptcy Code (which, despite their priority status, are pre-petition claims); provided, however, that all other administrative claims under section 503(b) of the Bankruptcy Code must be made by separate requests for payment in accordance with section 503(a) of the Bankruptcy Code and will not be deemed proper if made by Proof of Claim.

        12.    The Debtors propose that holders of the following claims **not** be required to file a Proof of Claim on or before the applicable Bar Date solely with respect to such claims:

    (i)     a claim against the Debtors for which a signed proof of claim has already been properly filed with the Clerk of the Bankruptcy Court for the District of Delaware or Prime Clerk in a form substantially similar to Official Bankruptcy Form No. 10;

    (ii)     a claim that is listed on the Debtors' Schedules if and only if  (i) such claim is not scheduled as "disputed," "contingent," or "unliquidated" **and** (ii) the holder of such claim agrees with the amount, nature and priority of the claim as set forth in the Schedules;

    (iii)     an administrative expense claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code);

    (iv)     an administrative expense claim for post-petition fees and expenses incurred by any professional allowable under sections 330, 331, and 503(b) of the Bankruptcy Code;

    (v)     a claim that has been paid in full by the Debtors in accordance with the Bankruptcy Code or an order of this Court;[3]

    (vi)     a claim that has been allowed by an order of this Court entered on or before the applicable Bar Date;

    (vii)     a claim for which specific deadlines have been fixed by an order of this Court entered on or before the applicable Bar Date;

---

[3]     To the extent that any amounts paid by the Debtors to a creditor are subject to disgorgement pursuant to a postpetition trade agreement or otherwise, that creditor shall have until the later of (i) the General Bar Date and (ii) thirty (30) days from the date of any disgorgement to file a Proof of Claim for the disgorged amount.

(viii)    a claim for any of the DIP Obligations as defined in the *Final Order (I) Authorizing Debtors in Possession to Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105,362, 363, and 364, (II) Granting Liens and Superpriority Claims to Postpetition Lenders Pursuant to 11 U.S.C. § 364, and (III) Providing Adequate Protection to Prepetition Credit Parties and Modifying Automatic Stay Pursuant to 11 U.S.C. §§ 361, 362, 363, and 364* [Docket No. 290] (the "Final DIP Order"),

(ix)    a claim by the Pre-Petition ABL Agent and the Pre-Petition Term Agents on account of the Pre-Petition Debt (as defined in the Final DIP Order); and

(x)    a claim for fees relating to these cases under 28 U.S.C. § 1930.

13.    <u>Equity Interests</u>.  The Debtors propose that any person or entity holding an equity security (as defined in section 101(16) of the Bankruptcy Code and including, without limitation, common stock, preferred stock, warrants, or stock options) or other ownership interest in the Debtors (an "<u>Interest Holder</u>") not be required to file a proof of interest on or before the Bar Date; <u>provided</u>, <u>however</u>, that an Interest Holder that wishes to assert claims against the Debtors that arise out of or relate to the ownership or purchase of an equity security or other ownership interest, including, but not limited to, a claim for damages or rescission based on the purchase or sale of such equity security or other ownership interest, must file a Proof of Claim on or before the applicable Bar Date.  The Debtors reserve the right to seek relief at a later date establishing a deadline for Interest Holders to file proofs of interest.

14.    <u>Rejection Bar Date</u>.  The Debtors further propose that any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (a) the General Bar Date or (b) 5:00 p.m. (Prevailing Eastern Time) on the date that is thirty (30) days from the date that the Debtors provide written notice of the rejection date to the affected creditor (unless the order authorizing such rejection provides otherwise).

15.    <u>Amended Schedules Bar Date</u>.  The Debtors further propose that, if the Debtors amend their Schedules, the deadline for those creditors affected by any such amendment shall be the later of (i) the General Bar Date or (ii) 5:00 p.m. (Prevailing Eastern Time) on the date that is twenty-one (21) days from the date that the Debtors provide written notice to the affected creditor that the Schedules have been amended.

**B.    <u>Notice of the Bar Date Order and the Bar Dates</u>**

16.    To provide adequate notice to creditors, the Debtors propose to serve the Bar Date Notice, together with a copy of the Proof of Claim Form, by first class United States mail, postage prepaid (or equivalent service), to the following parties:

(i)    the UST

(ii)    all known potential Claimants and their counsel (if known), including all persons and entities listed in the Schedules at the addresses set forth therein as potentially holding claims;

(iii)    counsel to the Committee;

(iv)    all parties that have requested notice of the proceedings in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002 as of the date of the Bar Date Order;

(v)    all known holders of equity securities in the Debtors as of the date of the Bar Date Order;

(vi)    all known parties to executory contracts and unexpired leases with the Debtors;

(vii)    all known parties to litigation with the Debtors;

(viii)    the District Director of the Internal Revenue Service for the District of Delaware;

(ix)    all other known taxing authorities for the jurisdictions in which the Debtors maintain or conduct business;

(x)    the Securities and Exchange Commission; and

(xi)    the United States Attorney for the District of Delaware and the state attorneys for the jurisdictions in which the Debtors do business.

17.     The Debtors propose to serve the Bar Date Notice and Proof of Claim Form within three (3) business days after entry of the Bar Date Order. The proposed Bar Date Notice provides creditors and parties in interest with sufficient and appropriate information regarding who must file a Proof of Claim, the procedure for filing a Proof of Claim and the consequences of failing to timely file a Proof of Claim. Accordingly, the Debtors request that the Court approve the form and scope of the proposed Bar Date Notice.

## C.     **Publication Notice**

18.     In light of the size, complexity, and geographic diversity of the Debtors' operations, potential claims against the Debtors may exist that the Debtors have not been able to identify on the Schedules. Such unknown potential claims may include, for example: (i) claims of trade vendors that failed to submit invoices to the Debtors; (ii) claims of former employees; (iii) claims of persons or entities with potential unasserted causes of action against the Debtors; and (iv) other claims that, for various other reasons, are not recorded in the Debtors' books and records. Accordingly, the Debtors believe that: (i) it is appropriate to provide notice of the Bar Dates to these persons or entities whose names and addresses are unknown to the Debtors; and (ii) it is advisable to provide supplemental notice to known holders of potential claims. Therefore, pursuant to Bankruptcy Rule 2002(1),[4] the Debtors request authority to publish notice of the Bar Dates substantially in the form attached to the Bar Date Order as Exhibit 3 (the "Publication Notice") once in *USA Today*, once in a local newspaper in Dayton, Ohio, and once in a trade journal as soon as practicable after entry of the Bar Date Order. In the Debtors' judgment, these publications are likely to reach the widest possible audience of creditors who may not otherwise have notice of these Chapter 11 Cases.

---

[4]     Bankruptcy Rule 2002(1) provides that "[t]he court may order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice."

D.      **Requirements for Preparing and Filing Proofs of Claim**

19.      For holders of potential claims listed in the Schedules, the Proof of Claim

Form mailed to such holders will indicate how the Debtors have scheduled the holder's claim in

the Schedules, including (a) the amount of the scheduled claim, if any; (b) whether the claim is

listed as disputed, contingent, or unliquidated; and (c) whether the claim is listed as a secured,

unsecured priority, or unsecured non-priority claim.

20.      The Debtors request that all Claimants, except for those exempted from

filing a Proof of Claim pursuant to paragraph 12 above, file a Proof of Claim that substantially

complies with the Proof of Claim Form.  The Debtors request that the Court require that each

Proof of Claim filed must: (i) be signed; (ii) be written in the English language; (iii) be

denominated in lawful currency of the United States; (iv) conform substantially to the Proof of

Claim Form or Official Form 10;[5] (v) specify the Debtor against which the Proof of Claim is

filed as well as the bankruptcy case number corresponding to such Debtor; (vi) set forth with

specificity the legal and factual basis for the alleged claim; and (vii) include supporting

documentation or an explanation as to why such documentation is not available.

21.      The Debtors further request that all Claimants, except for those exempted

from filing a Proof of Claim pursuant to paragraph 12 above, be permitted to file a Proof of

Claim electronically by completing the Proof of Claim Form accessible at the website dedicated

to these Chapter 11 Cases, http://cases.primeclerk.com/standardregister.

22.      The Debtors further request that Claimants filing Section 503(b)(9) Claims

(or proofs thereof) attach to the Proof of Claim a supplemental statement setting forth with

specificity: (i) the date of shipment of the goods the Claimant contends the Debtors received in

the twenty (20) days before the Petition Date; (ii) the date, place, and method (including carrier

---

[5]      Official Form 10 can be found at http://www.uscourts.gov/bkforms/index.html, the Official Website for the
United States Bankruptcy Courts.

name) of delivery of the goods the Claimant contends the Debtors received in the twenty (20) days before the Petition Date; (iii) the value of the goods the Claimant contends the Debtors received in the twenty (20) days before the Petition Date; (iv) whether the Claimant timely made a demand to reclaim such goods under section 546(c) of the Bankruptcy Code, including any documentation identifying such demand; and (v) (A) whether the value of such goods the Claimant contends the Debtors received in the twenty (20) days before the Petition Date represents a combination of services and goods, (B) the percentage of value related to services and related to goods, and (C) whether the Claimant has filed any other claim against any Debtor regarding the goods the Claimant contends the Debtors received in the twenty (20) days before the Petition Date.  Such supplemental statement must be supported by documentation attached thereto, including invoices, receipts, bills of lading, and the like identifying the particular goods the Claimant contends the Debtors received in the twenty (20) days before the Petition Date.

E.    **Consequences of Failure to File Proof of Claim by the Bar Dates**

23.    The Debtors propose that, pursuant to Bankruptcy Rule 3003(c)(2), any Claimant that is required to file a Proof of Claim in these Chapter 11 Cases pursuant to the Bankruptcy Code, the Bankruptcy Rules or the Bar Date Order with respect to a particular claim against the Debtors, but that fails to do so properly by the applicable Bar Date, should be forever barred, estopped, and enjoined from (i) asserting such claim against the Debtors and their estates (or filing a Proof of Claim with respect thereto), and the Debtors and their properties and estates shall be forever discharged from any and all indebtedness or liability with respect to such claim and (ii) voting upon, or receiving distributions under, any chapter 11 plan in these Chapter 11 Cases or otherwise in respect of or on account of such claim.  Such Claimant shall not be treated as a creditor with respect to such claim for any purpose in these Chapter 11 Cases.

F.    **The Debtors' Reservation of Rights**

24.    Nothing contained herein or in the Bar Date Order, the Publication Notice or the Bar Date Notice is intended or should be construed as a waiver of any of the Debtors' rights, including, without limitation, its rights to: (i) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (ii) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; or (iii) otherwise amend the Schedules. In addition, nothing contained herein or in the Bar Date Order, the Publication Notice, or the Bar Date Notice is intended to be an admission of the validity of any claim against the Debtors or an approval, assumption, or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

## BASIS FOR RELIEF

25.    Section 105(a) of the Bankruptcy Code provides that bankruptcy courts "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a). Pursuant to Bankruptcy Rules 2002(a)(7) and 3003(c)(3), while the Court must fix the time within which Proofs of Claim must be filed, creditors are entitled to at least twenty one days' notice by mail of the deadline fixed for filing Proofs of Claim.

26.    The punctual resolution of prepetition claims is essential to the Debtors' successful sale process and to the efficient administration of their estates. As described in the *Declaration of Andrew Torgrove in Support of Debtors' Sale Motion and Motion to Approve Postpetition Financing* [Docket No. 246] (the "Torgrove Declaration"), the Debtors and certain of their non-debtor affiliates entered into an asset purchase agreement, dated as of March 12, 2015 (the "Stalking Horse APA"), with their first and second lien lenders ("Silver Point"). The Stalking Horse APA and corresponding timeline contemplates a solution to the Debtors' liquidity

crisis that represents the best possible outcome under the circumstances. Because they filed for chapter 11 protection with adequate postpetition financing, a stalking horse bidder, and the certainty of a sale in June, the Debtors have been able to stabilize their customer and vendor base and provide comfort to their employees, thereby preserving the going concern value of the Debtors' businesses. It is vital to the Debtors ability to maximize the value for their estates that there is no deviation from this clear path to a timely sale. As such, a prompt bar date that will allow the Debtors and Silver Point (or, if Silver Point is not the successful bidder, then the successful bidder) sufficient time to analyze the Proofs of Claim as necessary in order to prepare for the sale in compliance with the terms of the Stalking Horse APA (or, if Silver Point is not the successful bidder, then the successful bidder's asset purchase agreement) is necessary to avoid any material harm to the Debtors' enterprise value.

27.     In order for the Debtors to meet the sale timeline, it is particularly vital that Section 503(b)(9) Claims be filed in early June before the sale hearing (the "Sale Hearing") scheduled for June 17, 2015 at 10:00 a.m. (ET). The Stalking Horse APA contemplates Silver Point's assumption and payment of "all Liabilities for the trade payables arising after the Petition Date, or subject to administrative expense status under section 503(b)(9) of the Bankruptcy Code with the vendors provided to the US Buyer prior to the date hereof." Stalking Horse APA § 2.3(iv). Moreover, section 7.3(g) of the Stalking Horse APA provides that Silver Point is not obligated to consummate the transactions contemplated by the Stalking Horse APA if the aggregate amount of the Assumed Liabilities pursuant to Section 2.3(a)(iv) of such APA exceed $18,000,000. As such, the Debtors and Silver Point must have a definite measure of the amount of 503(b)(9) Claims prior to the Sale Hearing. For that reason, the Debtors are requesting a 503(b)(9) Bar Date of June 9, 2015, which is twenty-nine days earlier than the proposed General Bar Date of July 8, 2015.

28.      As it specifically relates to claims seeking administrative expenses, the Bankruptcy Code plainly recognizes the importance to the administration of the estate of limiting the lifespan of such claims, requiring that Claimants seeking administrative expense Claims under section 503(a) "timely file" such claims. *See* 11 U.S.C. § 503(a); 11 U.S.C. § 1129(a)(9)(A) (requiring payment in full of claims asserted under sections 503(b) and 502(f) prior to court approval of a reorganization plan); *see also In re Am. Metallurgical Prods. Co. v. Kirkpatrick & Lockhart,* 228 B.R. 146, 154 (Bankr. W.D. Pa. 1998) (noting that an administrative expense claim may be tardily filed only for cause).

29.      The General Bar Date, the 503(b)(9) Bar Date, the Governmental Bar Date, the Bar Date Order, the Bar Date Notice, and the Publication Notice proposed by the Debtors are fair, reasonable, and adequate. The Debtors propose that creditors be given approximately twenty-five (25) days' notice of the time fixed for filing Proofs of Claim for Section 503(b)(9) Claims, a notice period exceeding that required by Bankruptcy Rule 2002(a)(7) and fully complying with requirements of the Due Process Clause of the Fifth Amendment of the United States Constitution as construed by the Supreme Court in *Mullane v. Central Hanover Bank and Trust Co.*, 339 U.S. 306 (1950). The Debtors propose giving creditors subject to the General Bar Date approximately fifty (50) days' notice of the time fixed for filing Proofs of Claim. The procedures proposed herein are appropriate and fair to all parties affected thereby in that they provide ample notice and give sufficient time to creditors within which to file any necessary proofs of claims. Granting the relief requested will facilitate the orderly confirmation and implementation of any chapter 11 plan in these Chapter 11 Cases and expedite any payment of claims to creditors.

30.      In light of the foregoing, the Debtors believe that their ability to resolve claims in the manner requested will assist in the consensual resolution of many such claims,

assist in the efficient administration of the Debtors' reorganization, and ultimately maximize value for the Debtors, their estates, and all parties in interest. Accordingly, the relief requested in this Motion is in the best interest of the Debtors and their estates.

## NOTICE

31.    Notice of this Motion will be given to: (i) the UST; (ii) proposed counsel to the Committee; (iii) counsel for Silver Point Finance, LLC, in its capacity as administrative agent under the Debtors' First Lien Credit Agreement and Second Lien Credit Agreement; (iv) counsel for Bank of America, N.A., in its capacity as administrative agent under the Debtors' Amended and Restated Loan and Security Agreement; (v) counsel to the agents under the Debtors' debtor-in-possession financing facility; and (vi) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

32.    A copy of the Motion and Proof of Claim Form is available on the Court's website: http://www.deb.uscourts.gov or at http://cases.primeclerk.com/standardregister.

**WHEREFORE**, the Debtors respectfully request that the Court enter the proposed Bar Date Order, substantially in the form attached hereto as <u>Exhibit A</u>, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated:   April 23, 2015
         Wilmington, Delaware

/s/ Kara Hammond Coyle
Michael R. Nestor (No. 3526)
Kara Hammond Coyle (No. 4410)
Maris J. Kandestin (No. 5294)
Andrew L. Magaziner (No. 5426)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253
mnestor@ycst.com
kcoyle@ycst.com
mkandestin@ycst.com
amagaziner@ycst.com

-and-

Michael A. Rosenthal (NY No. 4697561)
Samuel A. Newman (CA No. 217042)
Jeremy L. Graves (CO No. 45522)
Sabina Jacobs (CA No. 274829)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-1512
Telephone:  (213) 229-7000
Facsimile:  (213) 229-7520
mrosenthal@gibsondunn.com
snewman@gibsondunn.com
jgraves@gibsondunn.com
sjacobs@gibsondunn.com

*Counsel to the Debtors and*
*Debtors in Possession*