## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, *et al.*,[1] | Case No. 15-10541 (BLS) |
| Debtors. | (Jointly Administered) |
|  | **Obj. Deadline: May 7, 2015 at 4:00 p.m. (EST)** |
|  | **Re: Docket No. 261** |

## NOTICE OF FILING OF DECLARATION OF DISINTERESTEDNESS BY ORDINARY COURSE PROFESSIONAL SHUMAKER, LOOPY & KENDRICK, LLP

**PLEASE TAKE NOTICE** that on April 13, 2015, the United States Bankruptcy Court for the District of Delaware (the "Court") entered the *Order Authorizing the Employment and Payment of Professionals Used in the Ordinary Course of Business* (the "Order") [Docket No. 261].[2]

**PLEASE TAKE FURTHER NOTICE** that in accordance with the procedures set forth in the Order, the Debtors hereby file the Declaration of Disinterestedness, attached hereto as Exhibit A, for Shumaker, Loopy & Kendrick, LLP.

**PLEASE TAKE FURTHER NOTICE** that any objections to the retention of Shumaker, Loopy & Kendrick, LLP must be filed with the Court, and at the same time served upon the Notice Parties, on or before **May 7, 2015, at 4:00 p.m. (EST).**

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001).  The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2]    All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Order.

Dated:    April 27, 2015
Wilmington, Delaware

*/s/ Andrew L. Magaziner*
Michael R. Nestor (No. 3526)
Kara Hammond Coyle (No. 4410)
Maris J. Kandestin (No. 5294)
Andrew L. Magaziner (No. 5426)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 571-6600
Facsimile:    (302) 571-1253
mnestor@ycst.com
kcoyle@ycst.com
mkandestin@ycst.com
amagaziner@ycst.com

-and-

Michael A. Rosenthal (NY No. 4697561)
Robert A. Klyman (CA No. 142723)
Samuel A. Newman (CA No. 217042)
Jeremy L. Graves (CO No. 45522)
Sabina Jacobs (CA No. 274829)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-1512
Telephone: (213) 229-7000
Facsimile: (213) 229-7520
mrosenthal@gibsondunn.com
rklyman@gibsondunn.com
snewman@gibsondunn.com
jgraves@gibsondunn.com
sjacobs@gibsondunn.com

*Counsel to the Debtors and
Debtors in Possession*

01:17017768.1

## EXHIBIT A

## DECLARATION OF DISINTERESTEDNESS

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, *et al.*,[1] | Case No. 15-10541 (BLS) |
| Debtors. | Jointly Administered |

## DECLARATION OF DISINTERESTEDNESS BY
## ATTORNEY USED IN THE ORDINARY COURSE OF BUSINESS

I, Kevin P. Braig, declare under penalty of perjury:

1.    I am a partner of Shumaker, Loopy & Kendrick, LLP, located at 41 South High Street, Suite 2400, Columbus, Ohio 43215 (the "Firm").

2.    The Standard Register Company and its affiliates, as debtors and debtors in possession (collectively, the "Debtors") have requested that the Firm provide legal services to the Debtors in connection with environmental matters, including the on-going remediation of hazardous substance contamination at Debtor's former facility in Terre Haute, Indiana, and the Firm has consented to provide such services.

3.    The Firm may have performed legal services in the past, may currently perform legal services, and may perform legal services in the future, in matters unrelated to the above-captioned chapter 11 cases (the "Chapter 11 Cases"), for persons that are parties-in-interest in these Chapter 11 Cases. The Firm does not perform legal services for any such person in

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

connection with these Chapter 11 Cases, or have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates.

4.      The Firm has provided services to the Debtors prior to the commencement of these Chapter 11 Cases.

5.      As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties-in-interest in these Chapter 11 Cases.

6.      Neither I nor any principal, partner, director, officer, etc. of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Firm.

7.      Neither I nor any principal, partner, director, officer, etc. of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed.

8.      The Debtors owe the Firm Fourteen Thousand Six Hundred Forty-one Dollars and thirty-seven cents ($14,641.37) for prepetition services, the payment of which is subject to limitations contained in title 11 of the United States Code.

9.      As of the date the Chapter 11 Cases were commenced, March 12, 2015 (the "Petition Date"), the Firm was a party to an agreement for indemnification with certain of the Debtors.  A copy of such agreement is attached as Exhibit A to this declaration.

10.     The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon the conclusion of such inquiry, or at any time during the period of its

employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: __April 21__, 2015

_____
[DECLARANT]

**EXHIBIT A**

## ESCROW AGREEMENT

Except as specifically modified by written instruction executed by all parties and accepted by Escrow Agent, this Escrow Agreement (hereinafter described as the "Escrow Agreement") shall apply to this Escrow Agreement and the property or funds received hereunder.

Escrow Agent: Shumaker, Loop & Kendrick, LLP maintaining offices at 1000 Jackson Street, Toledo, Ohio 43604 (Attention: William Heywood III) is herein referred to as "Escrow Agent."

**A. Deposit:** Escrow Agent hereby acknowledges receipt of and shall deposit the sum of One Hundred Fifty Thousand and 00/100 Dollars ($150,000.00) (hereinafter described as the "Initial Deposit") paid by wire transfer, as Escrow Agent, in a segregated interest bearing account maintained at Waterford Bank, N.A. with offices at 3900 North McCord Road, Toledo, Ohio 43617, Account No. 6011696.

The Deposit and all interest accrued thereon, as well as any other property or funds (hereinafter described as the "Escrow") received by Escrow Agent, including the additional deposit of One Hundred Fifty Thousand and 00/100 Dollars ($150,000.00) (hereinafter described as the "Additional Deposit"), if deposited on or about April 15, 2015 pursuant to the terms of the Settlement Agreement, and any other deposit shall be released in accordance with the terms hereof, and the terms of that certain Settlement Agreement (the "Settlement Agreement") by and between PEERLESS INSURANCE COMPANY ("Peerless") and THE STANDARD REGISTER COMPANY ("Standard Register"), dated as of August 27, 2014, a copy of which is attached hereto as Exhibit A and incorporated herein by reference. Collectively, both the Initial Deposit and the Additional Deposit, if deposited, are hereinafter described as the "Deposit." Notwithstanding any provision in this Escrow Agreement to the contrary, the Escrow Agent is under no duty or obligation of inquiry to review the Settlement Agreement for any provision that may be in conflict with any provision contained herein. Escrow Agent has no duty of inquiry with respect to the address of any party, unless Escrow Agent is notified of a party's address in writing. Escrow Agent shall not be responsible for any interest except for interest that is actually received. Nothing in this Escrow Agreement shall be deemed to waive or limit any of Standard Register's rights or remedies under the Settlement Agreement and Escrow Agent shall not be deemed to have waived any right or remedy it may have unless said waiver is in writing signed by Escrow Agent and only to the extent set forth in such waiver.

**B. Release:** If any portion of the Escrow is to be released, Standard Register shall deliver written notice to the Escrow Agent on the date which is the first to occur of: (i) five (5) days prior to the date of the requested release of any Deposit, or (ii) such longer period required under the Settlement Agreement, which notice shall indicate to whom the Deposit is being released, the amount to be released and the documentation supporting such release ("Notification of Release"). If Escrow Agent receives a demand from Peerless for release of the Deposit and Standard Register objects to the release of the Deposit, Standard Register shall send a written notice to the Escrow Agent and Peerless of its objection to the release of the Deposit ("Objection") within five (5) business days. In the event that Escrow Agent has not received an Objection within five (5) business days, then Escrow Agent shall promptly release the Deposit as demanded.

**C. Initiation of Litigation By Third Parties, Hold Harmless, Indemnity & Attorneys' Fees:** If litigation or an interpleader action is initiated relating to this Escrow Agreement, Standard Register agrees that Standard Register shall hold harmless, defend, and indemnify Escrow Agent from any and all loss, damages, claims, liabilities, judgments and other costs and expenses of every kind and nature which may be incurred by Escrow Agent by reason of its acceptance of, and its performance under, this Escrow Agreement (including, without limitation, reasonable attorneys' fees, costs and expenses) except for any acts or omissions arising from Escrow Agent's willful default or gross negligence.

**D. Conflicting Demands On Escrow Agent - Attorneys' Fees/Court Costs:** If Standard Register makes a timely Objection to Escrow Agent releasing the Deposit and Peerless makes a conflicting

demand upon Escrow Agent to release Deposit, Escrow Agent may refuse to comply with any such instruction, claim or demand that conflicts with Standard Register's Objection and shall not release the Deposit or make any other disposition of the Deposit that is inconsistent with this Paragraph D. Further, the Escrow Agent shall not be or become liable in any way to Standard Register, Peerless or any other person for Escrow Agent's failure or refusal to comply with instructions, claims or demands that conflict with Standard Register's Objection. Escrow Agent shall be entitled to continue to refrain from releasing the Deposit until such conflicting or adverse demands (i) shall have been resolved by agreement of both Standard Register and Peerless and Escrow Agent is authorized in writing by both Standard Register and Peerless to release the Deposit; or (ii) shall have finally been determined in a court of competent jurisdiction; or (iii) Escrow Agent may in its sole discretion, but shall not be required to, bring an interpleader action. Any such interpleader action shall not be deemed to be the "fault" of Escrow Agent. Any action taken by Standard Register under this Paragraph D. shall be subject to the hold harmless, defense, and indemnity provisions contained in Paragraph C. of this Escrow Agreement.

**E. Escrow Agent Fee:** Escrow Agent shall not receive a fee of for its services as Escrow Agent, but shall be entitled to reimbursement of actual costs and expense incurred in serving as Escrow Agent.

**F. Discharge of Escrow Agent:** Upon completion of the disbursement of the Escrow, Escrow Agent shall be automatically released and discharged of its escrow obligations hereunder.

**G. Agents of Escrow Agent:** These conditions of escrow shall apply to and be for the benefit of agents of Escrow Agent employed by it for services in connection with this Escrow, as well as for the benefit of Escrow Agent.

**A. Entire Agreement, Governing Law and Forum Selection:** This Escrow Agreement constitutes the entire agreement between the parties and shall not be amended or modified except in a writing signed by both parties. If there is any litigation or dispute about or involving the Escrow Agreement and/or Escrow Agent's actions thereunder, the parties agree that the dispute shall be governed by the laws of the State of Ohio, USA, without regard to conflict of law provisions, and consent to exclusive personal jurisdiction and venue in the state and federal courts of the United States located in the State of Ohio, County of Lucas.

Standard Register Tax I.D. #: 31-0455440

[Remaining page intentionally left blank]

**STANDARD REGISTER COMPANY:**

By: _Gerard D. Sowar_

Name: _Gerard D. Sowar_

Title: _EVP, General Counsel & Secretary_

Date: _JANUARY 15, 2015_

**ESCROW AGENT:**

**SHUMAKER, LOOP & KENDRICK, LLP**

By: _William H. Heywood III_

Name: _WILLIAM H. HEYWOOD III_

Title: _Partner_

Date: _January 15, 2015_

**EXHIBIT A**
**SETTLEMENT AGREEMENT**

## SETTLEMENT AGREEMENT

NOW COME the parties, individually and by and through respective counsel, and hereby STIPULATE and AGREE to the settlement of this matter on the following terms:

1.  This matter is settled for a total settlement payment of $750,000 from The Standard Register Company ("Standard Register") to Peerless Insurance Company ("Peerless"; every reference to Peerless herein shall include The Netherlands Insurance Company). Neither Peerless nor Connor Homes, LLC ("Connor Homes") shall have any settlement payment obligations to any other party under the terms of this Settlement Agreement ("Agreement"). All claims between the parties shall be dismissed with prejudice.

2.  Standard Register will pay Peerless a total of $750,000, as follows:

    a.  $450,000 shall be paid directly to Peerless within thirty days of the execution of this Agreement;

    b.  $150,000 shall be paid to Peerless or into escrow, as required by this Agreement, on or before January 15, 2015; and,

    c.  $150,000 shall be paid to Peerless or into escrow, as required by this Agreement, on or before April 15, 2015.

3.  As a condition of this Agreement, Connor Homes represents to Standard Register that it will finish the remediation of the subject property ("the Property") currently being undertaken; obtain a certificate of completion from the State of Vermont; and, provide Standard Register with a true and accurate copy of the certificate of completion.

HAYES & WINDISH
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
15 PLEASANT STREET
WOODSTOCK, VT 05091
(802) 457-1123

{00167352.DOCX:}

4.  Peerless represents that it will pay costs associated with Connor Homes' obligation to remediate the Property to the extent of the applicable limits of policy no. CBP 8134444 (effective April 10, 2010 to April 10, 2011) and policy no. CU 8137246 (effective April 10, 2010 to April 10, 2011), which collectively provide $3,000,000 in liability coverage. Peerless also represents that any amounts actually paid by Standard Register to Peerless under this Agreement (exclusive of interest) shall replenish the limits of the Peerless policies and, if necessary to comply with remediation requirements of the State of Vermont, be used to remediate the Property. Notwithstanding anything contained herein to the contrary, Peerless' coverage obligations for remediation of the Property shall not exceed $3,000,000 plus amounts actually paid by Standard Register to Peerless under this Agreement (exclusive of interest).

5.  In the event that a certificate of completion is not obtained and provided to Standard Register on or before January 15, 2015, Standard Register shall make its $150,000 payment due that day into an escrow account where it will be held until Standard Register is provided with a true and accurate copy of the certificate of completion or until released pursuant to the provisions of Section 6 of this Agreement. In the event that a certificate of completion is not obtained and provided to Standard Register on or before April 15, 2015, Standard Register shall makes its $150,000 payment due that day into an escrow account, where it will be held until Standard Register is provided a true and accurate copy of the certificate of completion or until released pursuant to the provisions of Paragraph 6 of this Agreement. Standard Register shall provide Peerless with

HAYES & WINDISH
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
61 PLEASANT STREET
WOODSTOCK, VT 05091
(802) 457-2133

{00167352.DOCX:}

written confirmation of all payments being made into escrow within three days of each payment. All funds being paid into escrow shall be deposited into an interest bearing bank account under the sole and exclusive control of the law firm of Standard Register's undersigned counsel identified below, and shall remain there until disposed pursuant to the terms of this Agreement.

6.   In connection with its obligations to provide insurance coverage for the remedial efforts at the site, Peerless shall, if necessary, first exhaust the stated policy limits of $3,000,000, and then, if necessary, apply the proceeds of the first payment of $450,000 received from Standard Register. If, after exhaustion of the Peerless policy limits of $3,000,000 and the additional $450,000 first payment received from Standard Register, the certificate of completion has not yet been obtained from the State of Vermont, the escrowed funds shall be released to Peerless and shall be utilized solely to pay for remedial costs as ordered by the State of Vermont, until exhausted or until a certificate of completion is obtained and provided to Standard Register. To obtain the funds from escrow, Peerless shall present Standard Register with invoices for remedial work at the site, and Standard Register shall, within twenty-one days of receipt of the invoices, release to Peerless from escrow, amounts sufficient to pay for all costs reflected in the invoices. If Standard Register fails to release to Peerless from escrow amounts sufficient to pay for such costs within twenty-one days, the balance of all funds remaining in escrow at that time shall be released to Peerless immediately. Within twenty-one days of receiving a true and accurate copy of the certificate of completion, Standard Register shall release to Peerless

HAYES & WINDISH
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
11 PLEASANT STREET
WOODSTOCK, VT 05091
(802) 457-1131

{00167352.DOCX:}

any funds remaining in escrow  If prior to the expenditure of all funds from the escrow account for remedial costs or the obtainment of a certificate of completion: 1) Connor Homes abandons its effort to obtain a certificate of completion from the State of Vermont's Agency of Natural Resources; or, 2) Connor Homes ceases remedial activity at the Site for a period of six months; there shall be a breach of this Agreement and Standard Register may exercise its remedies at law and equity.  For purposes of this provision, "abandonment" is defined as the cessation of all remedial activities at the site for a period of at least six months, without express permission from the Agency of Natural Resources, or without first obtaining a certificate of completion from the State of Vermont.

7.    If the 2015 payments are not made by the identified date, Standard Register shall have a ten day grace period to cure the delinquency. If Standard Register does not cure the delinquency within ten days, then Standard Register will be in default and interest will begin to accrue from the last date to cure until payment is made on all sums that remain due and owing at the rate of 6% simple interest. If the failure to pay and cure is on the January 15, 2015 payment, then the latter April 15, 2015 payment shall be accelerated and become immediately due and owing, and interest thereon will immediately begin to accrue until payment is made on all sums that remain due and owing at the rate of 6% simple interest.

8.    The parties' respective releases of liability herein shall not apply to any breach of the representations and/or obligations contained in this Agreement by any other party.

HAYES & WINDISH
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
45 PLEASANT STREET
WOODSTOCK, VT 05091
(802) 457-1122

{00167352.DOCX:}

9.  The parties shall execute mutual releases within ten days of the execution of this

Agreement, and shall transmit an electronic copy of the executed release to the

opposing party within the same time period. Peerless will fully and finally

release

Standard Register from all claims, liabilities, obligations, causes of action,

and/or damages, whether known or unknown, relating to the Property, in a form

attached hereto as Exhibit A. Standard Register will fully and finally release

Peerless and Connor Homes from all claims, liabilities, obligations, causes of

action, and/or damages, whether known or unknown, relating to the Property, in

a form attached hereto as Exhibit B. Connor Homes will fully and finally release

Standard Register from all claims, liabilities, obligations, causes of action,

and/or damages, whether known or unknown, relating to the Property, in a form

attached hereto as Exhibit C. The original executed releases shall be held in

escrow by counsel for the releasing parties until the first payment of $450,000 is

made by Standard Register, at which time the releases shall be transmitted in

their original form to counsel for the part(ies) being released.

10. Peerless will dismiss its lawsuit against Standard Register with prejudice within

ten days after receiving the first payment of $450,000. Standard Register will

dismiss its counterclaims against Peerless and its third-party complaint against

Connor Homes with prejudice simultaneously and in the same pleading with

Peerless' dismissal with prejudice against Standard Register.  A true and

accurate copy of the proposed form of the dismissal is attached hereto as Exhibit

D.

HAYES & WINDISH
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
45 PLEASANT STREET
WOODSTOCK, VT 05091
(802) 457-1113

{00167352.DOCX:}

11. The federal court maintains jurisdiction over this case pursuant to *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994), solely for the purpose of enforcing the Agreement, if necessary.

12. This Agreement has been jointly negotiated and drafted, and represents the full and complete agreement of the parties hereto. The language of this Agreement shall be construed as a whole according to its fair meaning.

13. The parties hereto represent and declare that in executing this Stipulation they rely solely upon their own judgment, belief and knowledge and the advice and recommendations of their own independently chosen counsel concerning the nature, extent and duration of their rights and claims hereunder.

14. The provisions of this Agreement may be waived, amended, supplemented or otherwise modified from time to time, in whole or in part, only by a writing signed by the all of the parties hereto.

15. In the event that any party is reasonably required to retain counsel for the purpose of enforcing or preventing the breach of any provision hereof, including, but not limited to, instituting or defending any action or proceeding to enforce any provision hereof, by reason of any alleged breach of any provisions hereof, including the successful defense of any action to rescind or reform this Agreement, then whichever party prevails shall be entitled to be reimbursed by the other party for all reasonable costs and expenses incurred thereby, including, but not limited to, reasonable attorneys' fees.

16. Notice to any party under this Agreement shall be deemed effective if mailed by

HAYES & WINDISH
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
15 PLEASANT STREET
WOODSTOCK, VT 05091
(802) 457-3133

{00167352.DOCX:}

U.S. Mail, first class, postage prepaid, addressed to its counsel of record on file with the court in this action as of the entry date of this Agreement.

17. By entering into this Agreement, no party makes any admission concerning any claim or defense and each party acknowledges this settlement is a compromise solely to terminate further controversy and the parties specifically disclaim any liability. The parties shall execute such additional documents as are reasonably requested to implement this Agreement. This Agreement shall be interpreted under the laws of the State of Vermont. It is further agreed that this Agreement may be signed in multiple counterparts and, upon signature by all parties to the Agreement, shall be binding on all parties. Signatures transmitted by electronic means are binding to the same extent as original signatures.

18. Each party and its insurer shall bear its own costs and attorneys' fees in connection with this matter.

PLAINTIFF
PEERLESS INSURANCE COMPANY

By: _____     _____
    Its Duly Authorized Agent       Richard Windish, Esq.
    Dated: 8/25/2014                COUNSEL FOR PLAINTIFF PEERLESS
                                    INSURANCE COMPANY


DEFENDANT
THE STANDARD REGISTER COMPANY

By: _____     _____
    Its Duly Authorized Agent       Kevin Braig, Esq.
    Dated: __/__/____               COUNSEL FOR DEFENDANT/THIRD PARTY
                                    PLAINTIFF THE STANDARD REGISTER
                                    COMPANY

HAYES & WINDISH
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
15 PLEASANT STREET
WOODSTOCK, VT 05091
(802) 457-1213

{00167352.DOCX:}

U.S. Mail, first class, postage prepaid, addressed to its counsel of record on file

with the court in this action as of the entry date of this Agreement.

17.     By entering into this Agreement, no party makes any admission concerning any

claim or defense and each party acknowledges this settlement is a compromise

solely to terminate further controversy and the parties specifically disclaim any

liability. The parties shall execute such additional documents as are reasonably

requested to implement this Agreement. This Agreement shall be interpreted

under the laws of the State of Vermont. It is further agreed that this Agreement

may be signed in multiple counterparts and, upon signature by all parties to the

Agreement, shall be binding on all parties. Signatures transmitted by electronic

means are binding to the same extent as original signatures.

18.     Each party and its insurer shall bear its own costs and attorneys' fees in

connection with this matter.

PLAINTIFF
PEERLESS INSURANCE COMPANY

By: _____      _____
     Its Duly Authorized Agent          Richard Windish, Esq.
     Dated: __/__/____              COUNSEL FOR PLAINTIFF PEERLESS
                                     INSURANCE COMPANY

DEFENDANT
THE STANDARD REGISTER COMPANY

By: _____      _____
     Its Duly Authorized Agent          Kevin Braig, Esq.
     Dated: 8/27/2014             COUNSEL FOR DEFENDANT/THIRD PARTY
     Robert M. Ginnan            PLAINTIFF THE STANDARD REGISTER
     EVP, Treasurer & CFO         COMPANY

HAYES & WINDISH
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
11 ELM STREET
WOODSTOCK, VT 05091
(802) 457-2112

{00167352.DOCX:}

THIRD PARTY DEFENDANT
CONNOR HOMES, LLC.

By: _____          _____
     Its Duly Authorized Agent          Richard Windish, Esq.
     Dated: _8/27/2014_          COUNSEL FOR THIRD PARTY DEFENDANT
                     CONNOR HOMES, LLC.

**EXHIBIT A** TO SETTLEMENT AGREEMENT

**GENERAL RELEASE OF ALL CLAIMS**
**THE STANDARD REGISTER COMPANY**

The Standard Register Company ("Standard Register") hereby signs this General Release of All Claims ("Release") against Peerless Insurance Company ("Peerless") and Connor Homes, LLC ("Connor Homes") on this __ day of August, 2014;

1.      Standard Register, for and in consideration of the mutual promises and terms of payment and dismissal set forth in the settlement agreement between the parties, does hereby fully and forever release, remise, settle, cancel, acquit and discharge Peerless and Connor Homes, and its past, present and future officers, directors, stockholders, attorneys, agents, servants, representatives, employees, insurers, predecessors and successors in interest, from any and all, known or unknown, costs, causes of action, suits, obligations, damages, liabilities, claims and demands whatsoever, in law or in equity, against Peerless and Connor Homes and their directors, officers, employees, attorneys, successors and assigns, that Standard Register had, has, or may in the future have, including but not limited to all costs, causes of action, suits, obligations, damages, liabilities, claims and demands asserted in or that could have been asserted in the case captioned *Peerless Insurance Company a/s/o Connor Homes, LLC v. The Standard Register Company*, Case No. 1:12-cv-253.

2.      Standard Register hereby further covenants and agrees that no part of the aforesaid costs, causes of action, suits, obligations, damages, liabilities, claims and demands of any nature whatsoever, known or unknown, whether legal, equitable, or otherwise, has been assigned or transferred, and that Standard Register is the real party in interest to said costs, causes of action, suits, obligations, damages, liabilities, claims and demands of any nature whatsoever, known or unknown, whether legal, equitable, or otherwise.

3.      Standard acknowledges that this Release shall not in any way be construed as an admission by Peerless or Connor Homes of any liability or that Peerless or Connor Homes acted wrongfully toward Standard Register or any other person, or that Standard Register has rights against Peerless or Connor Homes, and that the terms set forth settlement agreement is a compromise solely to terminate further controversy, and Peerless and Connor Homes specifically disclaim any liability to, or wrongful acts against, Standard Register or any other person, on the part of itself, their employees or its agents.

4.      Standard Register represents and agrees that Standard Register will keep the terms, amount, and fact of this Release completely confidential, and that Standard Register will not hereafter disclose any information concerning this Release to anyone, except Standard Registers' attorneys, accountants, insurers and other business advisors as necessary.

5.      **Standard Register declares that the terms of this Release have been completely read, are fully understood, and are voluntarily accepted, after complete consideration of all facts, and with full knowledge of her legal rights for the purpose of making a full and final compromise, adjustment, and settlement of any and all claims, dispute or otherwise.**

{00167358.DOC:}- 1 -

6.    This Release is binding upon, and shall inure to the benefit of, Peerless and Connor Homes and Standard Register and their respective successors, assigns, attorneys, agents, directors, officers, employees, and representatives.

7.    Standard Register's release of liability herein shall not apply to any breach of the representations of, and/or obligations of, any other party and contained in the Settlement Agreement.

**IN WITNESS WHEREOF**, Standard Register, by its signature hereunto duly authorized, has executed this Release on the dates hereinafter written.

THE STANDARD REGISTER COMPANY

By:    Robert M. Ginnan
Title:    EVP, Treasurer & CFO

Date: 8/27/2014

STATE OF Ohio        )
                     )    ss:
COUNTY OF Montgomery )

Before me, a Notary Public in and for said state and county, personally appeared Robert M. Ginnan, who acknowledged execution of the foregoing General Release of All Claims as his/her free act and deed on this 27th day of August, 2014.

Notary Public

TERESA L. MYERS, Notary Public
In and for the State of Ohio
My Commission Expires April 20, 2016

{00167358.DOC:}

**EXHIBIT B** TO SETTLEMENT AGREEMENT

**GENERAL RELEASE OF ALL CLAIMS**
**PEERLESS INSURANCE COMPANY**

Peerless Insurance Company ("Peerless") hereby signs this General Release of All Claims ("Release") against The Standard Register Company ("Standard Register") on this __ day of August, 2014;

1.      Peerless, for and in consideration of the sum of **SEVEN HUNDRED FIFTY THOUSAND DOLLARS AND NO CENTS ($750,000)**     and the mutual promises and terms of payment and dismissal set forth in the settlement agreement between the parties, does hereby fully and forever release, remise, settle, cancel, acquit and discharge Standard Register, and its past, present and future officers, directors, stockholders, attorneys, agents, servants, representatives, employees, insurers, predecessors and successors in interest, from any and all, known or unknown, costs, causes of action, suits, obligations, damages, liabilities, claims and demands whatsoever, in law or in equity, against Standard Register and its directors, officers, employees, attorneys, successors and assigns, that Peerless had, has, or may in the future have, including but not limited to all costs, causes of action, suits, obligations, damages, liabilities, claims and demands asserted in or that could have been asserted in the case captioned *Peerless Insurance Company a/s/o Connor Homes, LLC v. The Standard Register Company*, Case No. 1:12-cv-253.

2.      Peerless hereby further covenants and agrees that no part of the aforesaid costs, causes of action, suits, obligations, damages, liabilities, claims and demands of any nature whatsoever, known or unknown, whether legal, equitable, or otherwise, has been assigned or transferred, and that Peerless is the real party in interest to said costs, causes of action, suits, obligations, damages, liabilities, claims and demands of any nature whatsoever, known or unknown, whether legal, equitable, or otherwise.

3.      Peerless acknowledges that this Release shall not in any way be construed as an admission by Standard Register of any liability or that Standard Register acted wrongfully toward Peerless or any other person, or that Peerless has rights against Standard Register, and the payment and terms set forth in the settlement agreement and herein is a compromise solely to terminate further controversy, and Standard Register specifically disclaims any liability to, or wrongful acts against, Peerless or any other person, on the part of itself, its employees or its agents.

4.      Peerless represents and agrees that Peerless will keep the terms, amount, and fact of this Release completely confidential, and that Peerless will not hereafter disclose any information concerning this Release to anyone, except Peerless' attorneys, insurers accountants, and other business advisors as necessary.

5.      **Peerless declares that the terms of this Release have been completely read, are fully understood, and are voluntarily accepted, after complete consideration of all facts, and with full knowledge of her legal rights for the purpose of making a full and final compromise, adjustment, and settlement of any and all claims, dispute or otherwise.**

{00167353.DOC:}- 1 -

6.      This Release is binding upon, and shall inure to the benefit of, Peerless and Standard Register and their respective successors, assigns, attorneys, agents, directors, officers, employees, and representatives.

7.      Peerless Insurance Company's release of liability herein shall not apply to any breach of the representations of, and/or obligations of, any other party and contained in the Settlement Agreement.

**IN WITNESS WHEREOF**, Peerless Insurance Company, by its signature hereunto duly authorized, has executed this Release on the dates hereinafter written.

**PEERLESS INSURANCE COMPANY**

By: _David C. Blose_

Title: _Unit Director_

Date: _8/25/14_

STATE OF NEW HAMPSHIRE )
                        )     ss:
COUNTY OF Strafford )

        Before me, a Notary Public in and for said state and county, personally appeared _David Blose_, who acknowledged execution of the foregoing General Release of All Claims as his/her free act and deed on this _25th_ day of August, 2014.

_____
Notary Public

MARLA FIELDS
Notary Public • New Hampshire
My Commission Expires October 21, 2014

{00167353.DOC;}

**EXHIBIT C** TO SETTLEMENT AGREEMENT

## GENERAL RELEASE OF ALL CLAIMS
## CONNOR HOMES, LLC

Connor Homes, LLC ("Connor Homes") hereby signs this General Release of All Claims ("Release") against The Standard Register Company ("Standard Register") on this __ day of August, 2014;

1.     Connor Homes, for and in consideration of the mutual promises and terms of payment and dismissal set forth in the settlement agreement between the parties, does hereby fully and forever release, remise, settle, cancel, acquit and discharge Standard Register, and its past, present and future officers, directors, stockholders, attorneys, agents, servants, representatives, employees, insurers, predecessors and successors in interest, from any and all, known or unknown, costs, causes of action, suits, obligations, damages, liabilities, claims and demands whatsoever, in law or in equity, against Standard Register and its directors, officers, employees, attorneys, successors and assigns, that Peerless had, has, or may in the future have, including but not limited to all costs, causes of action, suits, obligations, damages, liabilities, claims and demands asserted in or that could have been asserted in the case captioned *Peerless Insurance Company a/s/o Connor Homes, LLC v. The Standard Register Company*, Case No. 1:12-cv-253 and/or that relates in any way whatsoever to the Property and/or Connor Homes' purchase thereof.

2.     Connor Homes hereby further covenants and agrees that no part of the aforesaid costs, causes of action, suits, obligations, damages, liabilities, claims and demands of any nature whatsoever, known or unknown, whether legal, equitable, or otherwise, has been assigned or transferred, and that Connor Homes is the real party in interest to said costs, causes of action, suits, obligations, damages, liabilities, claims and demands of any nature whatsoever, known or unknown, whether legal, equitable, or otherwise.

3.     Connor Homes acknowledges that this Release shall not in any way be construed as an admission by Standard Register of any liability or that Standard Register acted wrongfully toward Peerless or any other person, or that Peerless has rights against Standard Register, and the payment and terms set forth in the settlement agreement and herein is a compromise solely to terminate further controversy, and Standard Register specifically disclaims any liability to, or wrongful acts against, Connor Homes or any other person, on the part of itself, its employees or its agents.

4.     Connor Homes represents and agrees that Connor Homes will keep the terms, amount, and fact of this Release completely confidential, and that Connor Homes will not hereafter disclose any information concerning this Release to anyone, except Connor Homes' attorneys, insurers accountants, and other business advisors as necessary.

5.     **Connor Homes declares that the terms of this Release have been completely read, are fully understood, and are voluntarily accepted, after complete consideration of all facts, and with full knowledge of her legal rights for the purpose of making a full and final compromise, adjustment, and settlement of any and all claims, dispute or otherwise.**

6.    This Release is binding upon, and shall inure to the benefit of, Connor Homes and Standard Register and their respective successors, assigns, attorneys, agents, directors, officers, employees, and representatives.

7.    Connor Homes' release of liability herein shall not apply to any breach of the representations of, and/or obligations of, any other party and contained in the Settlement Agreement.

**IN WITNESS WHEREOF**, Connor Homes, LLC, by its signature hereunto duly authorized, has executed this Release on the dates hereinafter written.

**CONNOR HOMES, LLC**

By: _____

Title: _____

Date: _____

**STATE OF** Vermont    )
                        )    **ss:**
**COUNTY OF** Addison    )


Before me, a Notary Public in and for said state and county, personally appeared David Auth, who acknowledged execution of the foregoing General Release of All Claims as his/her free act and deed on this 26 day of August, 2014.

_____
Notary Public    2/10/14

{00167359.DOC:}