# EXHIBIT "B-2"

### RAYMOND LEASING CORPORATION
Equipment Master Lease Agreement
Terms And Conditions

Date: AUG 3 0 2011

Agreement Number: 23914

| LESSEE Name and Address |
| --- |
| WORKFLOWONE LLC |
| 2235 SOUTHWEST BLVD |
| GROVE CITY, Ohio  43123 |
| DBA Name (if any) |
| |
| Telephone: () |

| LESSOR Name and Address |
| --- |
| RAYMOND STORAGE CONCEPTS, INC. |
| 4350 INDECO COURT |
| CINCINNATI, Ohio  45241 |
| |
| |
| Telephone:  (513) 891-7290 |

IN WITNESS WHEREOF, THE PARTIES HERETO HAVE CAUSED THIS LEASE TO BE EXECUTED AS OF THE DAY AND YEAR FIRST ABOVE WRITTEN.  LESSEE ACKNOWLEDGES RECEIPT OF A COPY OF THIS LEASE.

| LESSEE |
| --- |
| Lessee Name:  WORKFLOWONE LLC |
| By: |
| Typed Name:  Allen Jackson |
| Title:  Ops Manager |
| WITNESS OR ATTEST: |

| LESSOR |
| --- |
| Lessor    Name:    RAYMOND    STORAGE CONCEPTS, INC. |
| By: |
| Typed Name:  Scott C. Wolcott |
| Title:  President |
| WITNESS OR ATTEST: |

(If Corporation, authorized person must sign and state his title.  If Partnership, partner must sign firm name and also sign as partner.  If Proprietorship, Agreement should be in name of, and signed by, individual owner and also show the name under which individual does business.  If Limited Liability Corporation, authorized person must sign and state his title.)

Notice of Assignment

ASSIGNMENT:  FOR VALUE RECEIVED, the undersigned Lessor does hereby sell, assign, transfer and set over to RAYMOND LEASING CORPORATION its successors and assigns, all of the undersigned's right, title and interest in and to the foregoing Lease (herein called Instrument), the Equipment covered thereby and all rentals and other sums due or to become due thereunder.

1    Undersigned Lessor warrants that the Instrument is genuine, collectible, enforceable, contains the entire Agreement of the parties with respect to the property covered thereby, and is and will continue free from defenses and offsets; all signatures, names and addresses, amounts and other statements contained therein are genuine, true and correct; the property has been

    delivered to the LESSEE in satisfactory condition and has been accepted by LESSEE, the Instrument evidences a valid reservation of title to or first lien upon the property covered thereby and has been so filed or recorded, if permitted or required by law, as to be effective against all persons.

2.    Undersigned Lessor agrees, on RAYMOND LEASING CORPORATION's request, to assist RAYMOND LEASING CORPORATION in collecting sums due under the Instrument and in enforcing RAYMOND LEASING CORPORATION'S right to repossess in the event of a default.

Attest:  **ASSIGNMENT ACCEPTED**
Date :  RAYMOND LEASING CORP.
GREENE, NEW YORK 13778

Lessor: RAYMOND STORAGE CONCEPTS, INC.
By :
Title:  President

Raymond is a registered trademark of The Raymond Corporation
All Rights Reserved  **AUTHORIZED SIGNATURE**

Revised 7/20/07                                                                    vi

AUG 3 0 2011

## RAYMOND LEASING CORPORATION
### Equipment Master Lease Agreement
### Terms And Conditions

### 1. LEASE OF EQUIPMENT

Subject to the terms and conditions hereof, LESSOR hereby leases to LESSEE and LESSEE hereby leases from LESSOR the personal property described in Schedule A or on any Supplemental Schedule(s) (hereinafter collectively referred to as "Schedule") complete with all additions, attachments, accessories and replacement parts described therein (hereinafter collectively referred to as "Equipment").

### 2. RENTAL TERM

The Rental Term of the Lease for Equipment shall commence on the date of LESSEE's execution of the Certificate of Delivery and Installation ("Acceptance Date"). The Rental Term of the Lease shall run for the number of months specified in the Schedule(s) measured from the Acceptance Date, unless otherwise terminated or extended, pursuant to the provisions of this Lease.

In the event that LESSEE does not return the Equipment in accordance with section 16 hereof, the Rental Term shall be automatically extended on a month-to-month basis and the monthly rental for such extension shall be equal to 150% of the monthly rental set forth in the Schedule applicable to the Equipment and all other terms of this Agreement shall apply during the extended term.

### 3. DELIVERY

LESSOR agrees to cause Equipment to be delivered to LESSEE but assumes no liability for loss or damage arising from late delivery or nonfulfillment of contract by reason of fires, strikes, delays in transportation, regulations of the United States Government, or any cause unavoidable or beyond the control of the LESSOR. Equipment shall be delivered to LESSEE at LESSEE'S expense and shall be kept and used at the location set out in the Certificate of Delivery and Installation.

### 4. RENTAL

LESSEE agrees to pay the monthly rental charge set forth in the Schedule(s) in advance. In addition, any applicable sales or use tax shall be paid by LESSEE in the manner prescribed by the state in which the Equipment is located. Upon signing the Schedule(s), LESSEE shall pay LESSOR the first & last monthly rental charge. Upon the Acceptance Date of the Equipment LESSEE shall pay the transportation charges computed from the manufacturer's plant. On the corresponding day of each month thereafter, LESSEE shall continue making the remaining monthly payments until the total rental shall have been paid in full. LESSEE acknowledges and agrees that its obligations hereunder, including, without limitation, its obligation to make payments, shall be unconditional and irrevocable under any and all circumstances, shall not be subject to cancellation, termination, modification, or repudiation by LESSEE, and shall be paid and performed by LESSEE without notice or demand and without any abatement, reduction, diminution, setoff, defense, counterclaim or recoupment whatsoever.

The monthly rental shall be paid to LESSOR at its above address or at such other address as LESSOR shall direct in writing. If any rental payment hereunder is made subsequent to the tenth day following its due date, such payment, whenever made, may bear interest at the option of LESSOR, at the highest lawful contract rate, not to exceed one and one half percent per month, computed thereon from its due date to the date when paid.

### 5. LOCATION AND IDENTIFICATION OF EQUIPMENT

Equipment shall be located at the address to which Equipment is to be shipped, as set forth in the Certificate of Delivery and Installation, and shall not be removed from such location without the prior written consent of LESSOR. LESSEE will not change or remove any insignia or lettering which is on Equipment at the time of delivery thereof or which is thereafter placed thereon indicating LESSOR's ownership thereof, and at any time during the term of this Lease, upon request of LESSOR, LESSEE will affix to Equipment, in a prominent place, labels, plates or other such markings supplied by LESSOR stating that Equipment is owned by LESSOR.

### 6. OPERATION, MAINTENANCE, CARE AND DAMAGE

LESSEE covenants not to allow the use of Equipment by other than trained and competent employees of LESSEE. LESSEE covenants and warrants that, during the term hereof, the Equipment shall at all times be used and operated in compliance with the laws of the jurisdiction in which it is located, and with the provisions of all applicable insurance policies and manufacturer's operation manuals and in compliance with all acts, rules, regulations, or orders of any administrative or government body having the authority to regulate the use or operation of the Equipment. LESSEE shall pay all costs and expenses of operation.

LESSEE agrees during the life of this Lease, at its own cost and expense, to maintain Equipment in the condition it is received by LESSEE, make all regular maintenance inspections called for by the Operations and

Raymond is a registered trademark of The Raymond Corporation
All Rights Reserved

Revised 4/6/04

i

RAYMOND LEASING CORPORATION
Equipment Master Lease Agreement
Terms And Conditions

Maintenance Manual, perform all necessary repairs and to return Equipment to LESSOR at the end of this Lease or the early termination thereof for any reason in the same condition as received, reasonable wear and tear excepted, as defined in Section 16. LESSEE shall pay or reimburse LESSOR for any loss due to damage to, or destruction of, Equipment from any cause whatsoever. Repair and maintenance work shall be performed only by qualified persons who are acceptable to LESSOR.

LESSEE shall not, without prior approval of LESSOR, affix or install any accessories, replacements or other device to the Equipment and all repairs, replacements, accessories, attachments and devices furnished or affixed to such Equipment, unless otherwise agreed to in writing, shall be the property of the LESSOR.

### 7. WARRANTY

LESSEE agrees that (a) each unit of Equipment is of a size, type and capacity selected by LESSEE, (b) each unit is suitable for LESSEE's purposes and contains all necessary safety options, and that LESSOR has made no representation or warranty, expressed or implied, with respect to the Equipment. THERE ARE NO IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. LESSOR will deliver to LESSEE the factory warranty for each new unit of Equipment to enable LESSEE to obtain customary warranty service furnished on such units during the term of this Lease.

### 8. LIABILITY

LESSEE assumes all risk and liability arising from LESSEE's possession, use and operation of Equipment from the point of shipment to LESSEE to the point of receipt by LESSOR and agrees to indemnify and hold LESSOR harmless from any and all of the following, whether the same be actual or alleged unless directly caused by the negligence of LESSOR: all loss, damage, claims, suits, taxes, liens, penalties, fines, liability and expense (including attorney's fees) howsoever arising or incurred because of such possession, use and operation of Equipment including, but not limited to, damages for injuries or death to persons or injury to or destruction of property, claims and liens for storage, labor and materials and all loss of, and damage to, Equipment.

### 9. INSURANCE

LESSEE, at its own expense, shall keep Equipment insured at the full replacement value thereof against fire and theft and under extended coverage and shall carry public liability insurance against bodily injury, including death, and against property damage in the amount of at least $1 million. All such insurance shall be with loss payable to LESSOR and LESSOR's assignees, as their interest may appear, and shall be in amounts and with companies acceptable to LESSOR. In addition, LESSOR and LESSOR's assignees shall be named as an additional insured on all public liability insurance policies. LESSEE, on request of LESSOR, shall furnish certificates of such insurance to LESSOR which shall provide for thirty (30) days prior notice of cancellation.

### 10. COMPLIANCE WITH LAWS AND TAXES

Unless otherwise agreed in writing by the parties, LESSOR will declare and pay when due all license fees, registration fees, assessments, charges and taxes, whether municipal, state or federal, including, but not limited to sales, use, excise and property taxes, and penalties and interest with respect thereto, excluding, however, any taxes based on or measured solely by, LESSEE'S net income. The amount of all said taxes, fees and similar charges shall be payable by LESSEE as additional rent with the first rental payment after LESSOR has paid any such charges.

### 11. TITLE OF LESSOR; RECORDING

Title to Equipment shall at all times remain in LESSOR. LESSEE shall at all times keep Equipment free and clear from all levies, attachments, liens, encumbrances and charges, or other judicial process of every kind whatsoever. LESSEE shall give LESSOR immediate written notice thereof and shall indemnify and save LESSOR harmless from any loss or damage caused thereby. LESSEE will cooperate with LESSOR and take whatever action may be necessary, including signing documents, to enable LESSOR to file, register or record, and refile, re-register or re-record, this Lease or evidence hereof, whether memorandum of Lease or financing statement, in such offices as LESSOR may determine and wherever required or permitted by law, for the proper protection of LESSOR's title to Equipment. Equipment is and shall remain personal property irrespective of its use or manner of attachment to realty, and LESSEE will not cause or permit Equipment to be attached to realty in such manner that it might become part of such realty without securing the prior written consent of LESSOR, so that Equipment shall remain personal property and may be removed at the option of LESSOR. LESSEE hereby authorizes LESSOR and LESSOR's assignee and each subsequent assignee to file a financing statement signed only by LESSOR or such assignee in all places where necessary to perfect LESSOR's security interest in all jurisdictions where such authorization is permitted by law.

Raymond is a registered trademark of The Raymond Corporation
All Rights Reserved

Revised 4/6/04

RAYMOND LEASING CORPORATION
Equipment Master Lease Agreement
Terms And Conditions

### 12. INSPECTION

LESSEE shall, whenever requested, advise LESSOR of the exact location of Equipment and shall give LESSOR immediate notice of any attachment or other judicial process affecting Equipment, and indemnify and save LESSOR harmless from any loss or damage caused thereby. LESSOR may, with prior notice, at all reasonable times enter upon any job, building or place where Equipment is located for the purpose of inspecting the Equipment.

### 13. DEFAULT AND REMEDIES

Each of the following will constitute an "Event of Default" hereunder: (i) LESSEE fails to pay the rental or any other sums payable hereunder when the same become due; (ii) LESSEE defaults in or fails to perform any other term or condition hereof and the failure to perform such term or condition continues for more than ten (10) days after LESSOR has sent written notice to LESSEE specifying such failure or default; (iii) LESSEE should default under the terms of any other agreement with LESSOR, or LESSOR's assignees or affiliates of LESSOR's assignees; (iv) a Trustee or Receiver shall be appointed for LESSEE or its property; (v) LESSEE shall make an assignment for the benefit of creditors; (vi) LESSEE is the subject of any proceeding under the Bankruptcy Act or becomes insolvent; (vii) LESSEE attempts to remove, sell, transfer, encumber, sublet or part with the possession of the Equipment or do any act or thing tending to impair the title of LESSOR. Upon any such Event of Default, LESSOR, at its option, may do any one or more of the following:

A)    Proceed by appropriate court action or actions, either at law or in equity, to enforce performance by LESSEE of the applicable covenants and terms of this Lease or to recover damages for the breach of such covenants and terms thereof;

B)    Terminate LESSEE's right to possession of the Equipment under the Lease, whereupon all right, title and interest of LESSEE to or in the Equipment shall absolutely cease and thereupon LESSOR may, directly or by its agent, enter upon the premises of LESSEE or other premises where the Equipment may be and take possession thereof and thenceforth hold, possess and enjoy the same, free from any right of LESSEE or its successors or assigns, including any receiver, trustee in bankruptcy, or creditor of LESSEE, to hold or use said Equipment for any purposes whatsoever; but LESSOR shall nevertheless have a right to recover from LESSEE any and all amounts including rents which, under the terms of this Lease, may be then due and unpaid hereunder for use of said Equipment together with any other remedies set forth herein.

C)    Declare that all sums due and to become due hereunder ("Unpaid Rents") are payable forthwith.

D)    In addition to being entitled to take possession of the Equipment as hereinbefore described, recover as damages an amount equal to the Unpaid Rents, plus the residual value of the Equipment set forth on Schedule A, or if no residual value is set forth on Schedule A, the anticipated wholesale fair market value of the Equipment at the end of the Rental Term as determined in good faith by LESSOR, less the wholesale fair market value of the Equipment as of the date that the Equipment is returned to LESSOR as determined in good faith by LESSOR.

In addition to the remedies set forth above, LESSOR shall be entitled to recover a reasonable sum for attorney's fees and such expenses as shall be expended or incurred in the seizure of items of Equipment, in the collection of any amount due hereunder, in the enforcement of any other right or privilege hereunder or in any consultation or action in connection with any of the foregoing, including appeals.

The remedies provided by this section 13 shall be cumulative and shall be in addition to all other remedies in LESSOR's favor existing at law or in equity.

### 14. ASSIGNMENT

LESSEE shall not assign, sell, sublet, encumber or otherwise transfer this Lease or the Equipment or any rights thereto, without the prior written consent of LESSOR.

LESSOR may assign or otherwise transfer this Lease or the amounts due or to become due hereunder or its right, title and interest in and to Equipment. If any such assignment is made, LESSEE agrees that it will not assert against the assignee any claim or defense which LESSEE may have against the LESSOR; LESSEE reserving such remedies hereunder solely against LESSOR but not LESSOR's assignee. The term "LESSOR" wherever used in this Lease includes LESSOR's assignee except as the context may otherwise require or as may be otherwise stated herein.

### 15. POSSESSION AND USE

Raymond is a registered trademark of The Raymond Corporation
All Rights Reserved

Revised 4/6/04

RAYMOND LEASING CORPORATION
Equipment Master Lease Agreement
Terms And Conditions

LESSOR covenants to and with LESSEE that LESSOR is the lawful owner of Equipment free from all encumbrances and that, conditioned upon LESSEE's performing the conditions hereof, LESSEE shall peaceably and quietly hold, possess and use Equipment during said term without hindrance.

**16. RETURN OF EQUIPMENT**

Upon the expiration or sooner termination of this Lease, LESSEE will immediately return the Equipment in the condition as required by Section 6 above, preparation, freight and insurance prepaid, to LESSOR or to Raymond Leasing Corporation, as directed by LESSOR or it assignee. LESSEE shall provide LESSOR with proof of shipment, such as a bill of lading or other similar document, upon shipment of the Equipment. In the event any Equipment is not returned in this required condition, LESSEE shall reimburse LESSOR for the cost of repairing the Equipment to the required condition.

An inspection to verify condition, as required by Section 6 above, must be performed by an authorized Raymond service representative prior to Equipment removal from LESSEE's premises. Such required condition is described as:

- Units may have no structural damage. No bent tractor or warped uprights, bent or dented tractor frames or out of square reach scissors. Hydraulic cylinders must not be bent, nicked or gouged. Hose reels must not be bent or damaged.

- All covers and guards must be in place with no sheet metal or glass damage.

- All parts, pieces, components and optional equipment must  be present, installed and operational.

- All motors shall be in good condition with no need for armature or motor replacement.

- Each unit shall have serviceable tires that must not have cuts, gouges or chunks missing.

- Each unit shall be free of unauthorized decals, decorations, communications, graffiti or other markings or coatings.

- No excessive wear necessitating major component repair or replacement caused by lack of maintenance as detailed in Operation and Maintenance Manuals/Maintenance Instructions. (Example: material shaved off uprights due to lack of proper lubrication and/or shimming of roller bearings, bottom carriage plate worn out due to lack of lift chain adjustment, excessive drive unit wear due to lack of lubrication.) Note: These are examples only and do not constitute a full and complete list.

- Batteries must be capable of holding a charge sufficient to operate the applicable Equipment.

- Chargers must be in good operating condition with no sheet metal damage and complete with all direct current leads and plugs.

**17. CONSTRUCTION OF AGREEMENT**

This agreement shall be construed in accordance with the laws of the State of New York. If any provision of this Agreement is determined by any court of competent jurisdiction to be invalid, such provision shall be determined null and void, but without invalidating the remaining provisions hereof. No representations, understanding, promises, options or warranties, oral or written, express or implied, and no implied warranty of merchantability or fitness of purpose, have been made by either party unless endorsed hereon in writing. Each of LESSEE and LESSOR hereby waives all rights to trial by jury in any judicial proceeding brought by it involving directly or indirectly, any matter in any way arising out of, related to, or connected with this Master Lease Agreement and/or any related schedules and/or other related documents. Further, each of LESSEE and LESSOR hereby agrees to exclude mediation and/or arbitration as alternative dispute resolution procedures with respect to any dispute arising under or in connection with this Master Lease Agreement and/or any related schedules and/or other related documents.

**18. GENERAL**

Raymond is a registered trademark of The Raymond Corporation
All Rights Reserved

Revised 4/6/04

## RAYMOND LEASING CORPORATION
### Equipment Master Lease Agreement
### Terms And Conditions

Time is of the essence. Waiver of any default shall not waive any other default. LESSOR's failure to require strict performance by LESSEE of any provision of this Lease shall not diminish LESSOR's right thereafter to require strict performance of any provision. Any notice required to be given shall be in writing, directed to the other party at its address shown on the face of this agreement until either party gives written notice of a different address.

Any notice, prepaid and properly addressed, shall be deemed delivered when deposited with the U.S. Mails. No obligation of LESSOR hereunder shall survive any termination of this Lease, and should LESSOR permit the use of any item of Equipment beyond the term specified therefore, the obligations of LESSEE shall continue and such permissive use shall not be construed as a renewal of the term or a waiver of any right or continuation of any obligation of LESSOR hereunder, and LESSOR may take possession of any such Equipment at any time on demand. Except as herein expressly provided, this lease is irrevocable for the full term or extended term hereof.

In the event that LESSEE shall fail to perform any of its obligations under this Lease, the LESSOR may, at its option, perform the same for the account of LESSEE without thereby waiving such default, and any amount paid or expense incurred shall be payable by the LESSEE upon demand as additional rent for the Equipment.

### 19. ADDITIONAL EQUIPMENT

LESSEE may, from time to time, add other units to the Schedules.

Upon notice of such action and with the submission of the applicable first month rental payment, LESSOR will add the additional Equipment to the Schedule showing Equipment covered by the Lease and immediately reissue the Schedule, dating the same and sequentially numbering the new Schedule, which shall at such time be incorporated herein by reference, to the same effect as if the revised Schedule had been a part of this Lease when initially executed by the parties hereto.

LESSOR will send a copy of such revised Schedule to LESSEE for attachment to its copy of the basic Lease Agreement.

LESSOR may terminate LESSEE's right to add additional Equipment upon thirty (30) days written notice. The termination of such right shall not affect the liability of one party to the other with respect to Equipment previously delivered.

### 20. ENTIRE AGREEMENT

This Lease, together with all Schedules, Certificate of Delivery and Installation, or Riders now or hereafter added, shall contain the entire Agreement of the parties related to its subject matter and supersedes all prior proposals and negotiations. It cannot be modified, amended or rescinded except in writing signed by both parties.

Raymond is a registered trademark of The Raymond Corporation
All Rights Reserved

Revised 4/6/04

V

RAYMOND LEASING CORPORATION
Schedule A

Date: AUG 3 0 2011                    Agreement Number: 239141

1.   Lessor and Lessee have entered into an Equipment Master Lease Agreement including this Schedule A (collectively the "Lease"), pursuant to which Lessor and Lessee have agreed to lease the Equipment described on Page ix.

2.   THIS LEASE IS FOR A PERIOD OF 60 MONTHS. Lease rental Payments of $206.90 (and applicable taxes) are due to be made monthly, commencing on the Acceptance Date indicated on Certificate of Delivery and Installation (herein referred to as "Acceptance Date"). The first and last rental payments shall be due and payable in advance upon the signing of this Schedule A. Rental payments thereafter will be due and payable monthly on the corresponding day of each month following the Acceptance Date for the full term of the Lease. Lessee agrees to pay all taxes, filing fees and other similar charges with respect to payments made under the Master Lease Agreement and the leases related thereto.

3.   Lessee has the option to purchase the Equipment under this lease at the end of the term for the Purchase Option stated below, plus any applicable taxes. If the purchase option stated below is FAIR MARKET VALUE, it will be reasonably determined by the Equipment Manufacturer.

     If the Purchase Option is not exercised at the expiration of the Lease term, Lessee will immediately return this Equipment to Lessor in the same condition as received, normal wear and tear excepted. In the event any Equipment is not returned in the required condition, Lessee shall reimburse Lessor for its actual, out-of-pocket cost of repairing the Equipment to the required condition. Required condition is as described in the Equipment Master Lease Agreement, Section 16, RETURN OF EQUIPMENT.

4.   Except as amended herein, the aforesaid Equipment Master Lease Agreement, as such, may have been previously amended, shall remain in full force and effect.

5.   Purchase Option: Fair Market Value

6.   Excess Use Charge:

     The rental rate set forth herein is based upon average monthly usage of the Equipment as stated below. The Allowable Hours for the Equipment leased hereunder shall be equal to the number of months in the Term, as set forth in section 2 of this Schedule A, multiplied by the monthly usage selected herein. In the event that the Equipment has been used in excess of the Allowable Hours when it is returned to LESSOR or its assignee, then LESSEE shall pay to LESSOR or its assignee, an amount equal to the overtime charge multiplied by the number of hours in excess of the Allowable Hours.

| Allowable Hours | Overtime Charge |
|---|---|
| X   166.67 hrs (2000 hrs/yr) | $2 |
| n/a  333.33 hrs (4000 hrs/yr) | |
| n/a  500 hrs (6000 hrs/yr) | |

AGREED TO AND ACCEPTED AS OF:        By execution hereof, the signer certifies having read, accepted and
                                     duly executed this Equipment Master Lease Agreement on behalf of Lessee.

Lessee:   WORKFLOWONE LLC                    Lessor:   RAYMOND STORAGE CONCEPTS, INC.

By:       _____              By:       _____

Title:    OPERATIONS MANAGER                 Title:    President

Dated:    08.17.11                           Dated:    8/25/11

Raymond is a registered trademark of The Raymond Corporation
All Rights Reserved

Revised 7/20/07

RAYMOND LEASING CORPORATION
Schedule A

7.      ASSIGNMENT:  FOR VALUE RECEIVED, the undersigned does hereby sell, assign, transfer and set over to RAYMOND LEASING CORPORATION its successors and assigns, all of the undersigned's right, title and interest in and to the foregoing Lease (herein called Instrument), the Equipment covered thereby and all rents and other sums due, or to become due, thereunder.

a.      Undersigned warrants that the Instrument is genuine, collectible, enforceable, contains the entire Agreement of the parties with respect to the property covered thereby, and is and will continue free from defense and offsets; all signatures, names and addresses, amounts and other statements contained therein are genuine, true and correct; the property has been delivered to the LESSEE in satisfactory condition and has been accepted by LESSEE; the Instrument evidences a valid reservation of title to or first lien upon the property covered thereby and has been filed or recorded, if permitted or required by law, as to be effective against all persons.

b.      Undersigned agrees, on RAYMOND LEASING CORPORATION'S request to assist RAYMOND LEASING CORPORATION in collecting sums due under the Instrument and in enforcing RAYMOND LEASING CORPORATION'S right to repossess in the event of a default.

AGREED TO AND ACCEPTED AS OF:      By execution hereof, the signer certifies having read, accepted and
                                    duly executed this Equipment Master Lease Agreement on behalf of Lessee.

Attest:  _____    Lessor:  RAYMOND STORAGE CONCEPTS,
                                               INC.
Title:   OPERATIONS MANAGER          By:  _____
Dated:   08-17-11                    Title:  President
                                     Dated:  8/25/11

ASSIGNMENT ACCEPTED
RAYMOND LEASING CORP
GREENE, NEW YORK 13778

_____

AUTHORIZED SIGNATURE
AUG 3 0 2011

Raymond is a registered trademark of The Raymond Corporation
All Rights Reserved

Revised 7/20/07

RAYMOND LEASING CORPORATION
Schedule A

Date: _____

Equipment Description Lines                    Agreement Number: _____

| Quantity | Manufacturer | Description | Model | Serial Number |
|----------|--------------|-------------|-------|---------------|
| 1 | Raymond | Walkie | 8400FRE60L | 840-11-89476 |
| | Enersys | Battery | 12-085P-13 | MJG1065180 |
| | Enersys | Charger | EH3-12-900Y | JG86356 |

Raymond is a registered trademark of The Raymond Corporation
All Rights Reserved

Revised 7/20/07

ix

RAYMOND LEASING CORPORATION
Certificate of Delivery and Installation

Date: AUG 3 0 2011                    Agreement Number: 2 3 9 1 4 1

The Lease between RAYMOND STORAGE CONCEPTS, INC. (the "LESSOR") and WORKFLOWONE LLC (the "LESSEE")

| Quantity | Manufacturer | Description | Model | Serial Number |
|---|---|---|---|---|
| 1 | Raymond | Walkie | 8400FRE60L | 840-11-89476 |
| | Enersys | Battery | 12-085P-13 | MJG1065180 |
| | Enersys | Charger | EH3-12-900Y | JG86356 |

Equipment Location: 3185 Lewis Center Way
Grove City, OH  43123

County:  FRANKLIN ✓

1.    ITEMS OF EQUIPMENT:
      The LESSEE hereby certifies and warrants to LESSOR that the above items of Equipment have been delivered to the location indicated above, tested and inspected by the LESSEE, or LESSEE has had reasonable opportunity to do so, found to be in good order and accepted as items of Equipment under the Lease, all on the Acceptance Date indicated below. The serial number of each item of Equipment, as specified above, has been verified. LESSEE approves full payment therefore by LESSOR to supplier(s).

2.    REPRESENTATIONS BY THE LESSEE:
      The LESSEE hereby represents and warrants to LESSOR that (i) no Event of Default or event which, with the giving of notice or the lapse of time, or both, would become such an Event of Default under the Lease has occurred and is continuing, and (ii) the LESSEE has obtained, and there are in full force and effect, all insurance policies with respect to the Equipment and public liability required to be obtained under the terms of the Lease.

3.    SHOULD LESSEE HEREAFTER DISCOVER ANY DEFECT, UNFITNESS OR FAILURE OF PERFORMANCE OF EQUIPMENT (INCLUDING, WITHOUT LIMITATION, SOFTWARE SYSTEMS AND PROGRAMMING), LESSEE'S OBLIGATIONS TO LESSOR, INCLUDING THE OBLIGATION TO PAY RENTS WHEN DUE, REMAIN IN EFFECT AS MORE FULLY STATED IN THE TERMS AND CONDITIONS OF THE LEASE. IN SUCH EVENT, LESSEE'S EXCLUSIVE RECOURSE SHALL BE AGAINST THE MANUFACTURER, SUPPLIER, PROGRAMMER AND/OR SERVICING AGENT FOR THE EQUIPMENT, AS IN LESSEE'S JUDGMENT APPEARS APPROPRIATE.

Acceptance Date:  08.17.11

          Name of Lessee:   WORKFLOWONE LLC

          Signed By: Michael Ufcoy

          Title:  OPERATIONS MANAGER

x

## RAYMOND LEASING CORPORATION
### Schedule A

Date: OCT 0 5 2011                    Agreement Number: 239142

1.  Lessor and Lessee have entered into an Equipment Master Lease Agreement including this Schedule A (collectively the "Lease"), pursuant to which Lessor and Lessee have agreed to lease the Equipment described on Page iii.

2.  THIS LEASE IS FOR A PERIOD OF 60 MONTHS.  Lease rental Payments of $475.40 (and applicable taxes) are due to be made monthly, commencing on the Acceptance Date indicated on Certificate of Delivery and Installation (herein referred to as "Acceptance Date").  The first and last rental payments shall be due and payable in advance upon the signing of this Schedule A. Rental payments thereafter will be due and payable monthly on the corresponding day of each month following the Acceptance Date for the full term of the Lease.  Lessee agrees to pay all taxes, filing fees and other similar charges with respect to payments made under the Master Lease Agreement and the leases related thereto.

3.  Lessee has the option to purchase the Equipment under this lease at the end of the term for the Purchase Option stated below, plus any applicable taxes.  If the purchase option stated below is FAIR MARKET VALUE, it will be reasonably determined by the Equipment Manufacturer.

    If the Purchase Option is not exercised at the expiration of the Lease term, Lessee will immediately return this Equipment to Lessor in the same condition as received, normal wear and tear excepted.  In the event any Equipment is not returned in the required condition, Lessee shall reimburse Lessor for its actual, out-of-pocket cost of repairing the Equipment to the required condition. Required condition is as described in the Equipment Master Lease Agreement, Section 16, RETURN OF EQUIPMENT.

4.  Except as amended herein, the aforesaid Equipment Master Lease Agreement, as such, may have been previously amended, shall remain in full force and effect.

5.  Purchase Option:  Fair Market Value

6.  Excess Use Charge:

    The rental rate set forth herein is based upon average monthly usage of the Equipment as stated below.  The Allowable Hours for the Equipment leased hereunder shall be equal to the number of months in the Term, as set forth in section 2 of this Schedule A, multiplied by the monthly usage selected herein.  In the event that the Equipment has been used in excess of the Allowable Hours when it is returned to LESSOR or its assignee, then LESSEE shall pay to LESSOR or its assignee, an amount equal to the overtime charge multiplied by the number of hours in excess of the Allowable Hours.

| Allowable Hours | Overtime Charge |
|---|---|
| X   166.67 hrs (2000 hrs/yr) | $2 |
| n/a  333.33 hrs (4000 hrs/yr) | |
| n/a  500 hrs (6000 hrs/yr) | |

AGREED TO AND ACCEPTED AS OF:         By execution hereof, the signer certifies having read, accepted and duly executed this Equipment Master Lease Agreement on behalf of Lessee.

Lessee:  WORKFLOWONE LLC                    Lessor:  RAYMOND STORAGE CONCEPTS, INC.

By:  _____              By:  _____

Title:  _Logistics Manager_                Title:  _President_

Dated:  _9/27/11_                          Dated:  _9/29/11_

Raymond is a registered trademark of The Raymond Corporation
All Rights Reserved

Revised 7/20/07                    i

# RAYMOND LEASING CORPORATION
## Schedule A

7.   **ASSIGNMENT:** FOR VALUE RECEIVED, the undersigned does hereby sell, assign, transfer and set over to RAYMOND LEASING CORPORATION its successors and assigns, all of the undersigned's right, title and interest in and to the foregoing Lease (herein called Instrument), the Equipment covered thereby and all rents and other sums due, or to become due, thereunder.

    a.   Undersigned warrants that the Instrument is genuine, collectible, enforceable, contains the entire Agreement of the parties with respect to the property covered thereby, and is and will continue free from defense and offsets; all signatures, names and addresses, amounts and other statements contained therein are genuine, true and correct; the property has been delivered to the LESSEE in satisfactory condition and has been accepted by LESSEE; the Instrument evidences a valid reservation of title to or first lien upon the property covered thereby and has been filed or recorded, if permitted or required by law, as to be effective against all persons.

    b.   Undersigned agrees, on RAYMOND LEASING CORPORATION'S request to assist RAYMOND LEASING CORPORATION in collecting sums due under the Instrument and in enforcing RAYMOND LEASING CORPORATION'S right to repossess in the event of a default.

AGREED TO AND ACCEPTED AS OF:    By execution hereof, the signer certifies having read, accepted and duly executed this Equipment Master Lease Agreement on behalf of Lessee.

Attest:     **ASSIGNMENT ACCEPTED**   Lessor:    RAYMOND STORAGE CONCEPTS, INC.

Title:     ~~RAYMOND LEASING CORP~~

Dated:     ~~GREENE, NEW YORK 13778~~   By:

Title:

Dated:   9/29/11

**AUTHORIZED SIGNATURE**

OCT 0 5 2011

Raymond is a registered trademark of The Raymond Corporation
All Rights Reserved

Revised 7/20/07           ii

RAYMOND LEASING CORPORATION
Schedule A

Date:                                          Agreement Number:  _____

Equipment Description Lines

| Quantity | Manufacturer | Description | Model | Serial Number |
|---|---|---|---|---|
| 1 | Raymond | Counterbalance | 470C50 | 470-11-HM30373 |
|   | Enersys | Battery | 18-85P-23 | MJH1067866 |
|   | Enersys | Charger | EH3-18-1200Y | JG86927 |

Raymond is a registered trademark of The Raymond Corporation
All Rights Reserved

Revised 7/20/07                                iii

RAYMOND LEASING CORPORATION
Certificate of Delivery And Installation

Date: OCT 0 5 2011                    Agreement Number: 2 3 9 1 4 2

The Lease between RAYMOND STORAGE CONCEPTS, INC. (the "LESSOR") and WORKFLOWONE LLC (the "LESSEE")

| Quantity | Manufacturer | Description | Model | Serial Number |
|----------|--------------|-------------|-------|---------------|
| 1 | Raymond | Counterbalance | 470C50 | 470-11-HM30373 |
| | Enersys | Battery | 18-85P-23 | MJH1067866 |
| | Enersys | Charger | EH3-18-1200Y | JG86927 |

Equipment Location:  4001 Performance Road
                     Charlotte, NC  28214-8090  ✓

County: Mecklenburg ✓

1.  ITEMS OF EQUIPMENT:
    The LESSEE hereby certifies and warrants to LESSOR that the above items of Equipment have been delivered to the location indicated above, tested and inspected by the LESSEE, or LESSEE has had reasonable opportunity to do so, found to be in good order and accepted as items of Equipment under the Lease, all on the Acceptance Date indicated below.  The serial number of each item of Equipment, as specified above, has been verified.  LESSEE approves full payment therefore by LESSOR to supplier(s).

2.  REPRESENTATIONS BY THE LESSEE:
    The LESSEE hereby represents and warrants to LESSOR that (i) no Event of Default or event which, with the giving of notice or the lapse of time, or both, would become such an Event of Default under the Lease has occurred and is continuing, and (ii) the LESSEE has obtained, and there are in full force and effect, all insurance policies with respect to the Equipment and public liability required to be obtained under the terms of the Lease.

3.  SHOULD LESSEE HEREAFTER DISCOVER ANY DEFECT, UNFITNESS OR FAILURE OF PERFORMANCE OF EQUIPMENT (INCLUDING, WITHOUT LIMITATION, SOFTWARE SYSTEMS AND PROGRAMMING), LESSEE'S OBLIGATIONS TO LESSOR, INCLUDING THE OBLIGATION TO PAY RENTS WHEN DUE, REMAIN IN EFFECT AS MORE FULLY STATED IN THE TERMS AND CONDITIONS OF THE LEASE.  IN SUCH EVENT, LESSEE'S EXCLUSIVE RECOURSE SHALL BE AGAINST THE MANUFACTURER, SUPPLIER, PROGRAMMER AND/OR SERVICING AGENT FOR THE EQUIPMENT, AS IN LESSEE'S JUDGMENT APPEARS APPROPRIATE.

Acceptance Date: 9-27-11

Name of Lessee:  WORKFLOWONE LLC

Signed By: _A David Yahit_

Title: _Logistics Manager_

Raymond is a registered trademark of The Raymond Corporation
All Rights Reserved

Revised 4/6/04                              iv

RAYMOND LEASING CORPORATION
Schedule A

Date: OCT 0 5 2011                    Agreement Number: 239143

1.    Lessor and Lessee have entered into an Equipment Master Lease Agreement including this Schedule A (collectively the "Lease"), pursuant to which Lessor and Lessee have agreed to lease the Equipment described on Page iii.

2.    THIS LEASE IS FOR A PERIOD OF 60 MONTHS. Lease rental Payments of $480.17 (and applicable taxes) are due to be made monthly, commencing on the Acceptance Date indicated on Certificate of Delivery and Installation (herein referred to as "Acceptance Date"). The first and last rental payments shall be due and payable in advance upon the signing of this Schedule A. Rental payments thereafter will be due and payable monthly on the corresponding day of each month following the Acceptance Date for the full term of the Lease. Lessee agrees to pay all taxes, filing fees and other similar charges with respect to payments made under the Master Lease Agreement and the leases related thereto.

3.    Lessee has the option to purchase the Equipment under this lease at the end of the term for the Purchase Option stated below, plus any applicable taxes. If the purchase option stated below is FAIR MARKET VALUE, it will be reasonably determined by the Equipment Manufacturer.

      If the Purchase Option is not exercised at the expiration of the Lease term, Lessee will immediately return this Equipment to Lessor in the same condition as received, normal wear and tear excepted. In the event any Equipment is not returned in the required condition, Lessee shall reimburse Lessor for its actual, out-of-pocket cost of repairing the Equipment to the required condition. Required condition is as described in the Equipment Master Lease Agreement, Section 16, RETURN OF EQUIPMENT.

4.    Except as amended herein, the aforesaid Equipment Master Lease Agreement, as such, may have been previously amended, shall remain in full force and effect.

5.    Purchase Option: Fair Market Value

6.    Excess Use Charge:

      The rental rate set forth herein is based upon average monthly usage of the Equipment as stated below. The Allowable Hours for the Equipment leased hereunder shall be equal to the number of months in the Term, as set forth in section 2 of this Schedule A, multiplied by the monthly usage selected herein. In the event that the Equipment has been used in excess of the Allowable Hours when it is returned to LESSOR or its assignee, then LESSEE shall pay to LESSOR or its assignee, an amount equal to the overtime charge multiplied by the number of hours in excess of the Allowable Hours.

| Allowable Hours | Overtime Charge |
|---|---|
| X   166.67 hrs (2000 hrs/yr) | $2 |
| n/a  333.33 hrs (4000 hrs/yr) | |
| n/a  500 hrs (6000 hrs/yr) | |

AGREED TO AND ACCEPTED AS OF:    By execution hereof, the signer certifies having read, accepted and duly executed this Equipment Master Lease Agreement on behalf of Lessee.

| | | | |
|---|---|---|---|
| Lessee: | WORKFLOWONE LLC | Lessor: | RAYMOND STORAGE CONCEPTS, INC. |
| By: | _[signature]_ | By: | _[signature]_ |
| Title: | Operations Manager | Title: | President |
| Dated: | 9.27.11 | Dated: | 9/29/11 |

Raymond is a registered trademark of The Raymond Corporation
All Rights Reserved

Revised 7/20/07                    i

RAYMOND LEASING CORPORATION
Schedule A

7.      ASSIGNMENT: FOR VALUE RECEIVED, the undersigned does hereby sell, assign, transfer and set over to RAYMOND LEASING CORPORATION its successors and assigns, all of the undersigned's right, title and interest in and to the foregoing Lease (herein called Instrument), the Equipment covered thereby and all rents and other sums due, or to become due, thereunder.

a.      Undersigned warrants that the Instrument is genuine, collectible, enforceable, contains the entire Agreement of the parties with respect to the property covered thereby, and is and will continue free from defense and offsets; all signatures, names and addresses, amounts and other statements contained therein are genuine, true and correct; the property has been delivered to the LESSEE in satisfactory condition and has been accepted by LESSEE; the Instrument evidences a valid reservation of title to or first lien upon the property covered thereby and has been filed or recorded, if permitted or required by law, as to be effective against all persons.

b.      Undersigned agrees, on RAYMOND LEASING CORPORATION'S request to assist RAYMOND LEASING CORPORATION in collecting sums due under the Instrument and in enforcing RAYMOND LEASING CORPORATION'S right to repossess in the event of a default.

AGREED TO AND ACCEPTED AS OF:      By execution hereof, the signer certifies having read, accepted and duly executed this Equipment Master Lease Agreement on behalf of Lessee.

Attest:      ASSIGNMENT ACCEPTED      Lessor:      RAYMOND STORAGE CONCEPTS, INC.
            RAYMOND LEASING CORP
Title:                                              By:
Dated:      GREENE, NEW YORK 13778      Title:
                                                Dated:      9/29/11

            AUTHORIZED SIGNATURE
                  OCT 0 5 2011

Raymond is a registered trademark of The Raymond Corporation
All Rights Reserved

Revised 7/20/07                          ii

RAYMOND LEASING CORPORATION
Schedule A

Date:                                        Agreement Number:  _____

Equipment Description Lines

| Quantity | Manufacturer | Description | Model | Serial Number |
|---|---|---|---|---|
| 1 | Raymond | Orderpicker | 540OPC30TT | 540-11-C12017 |
| | Enersys | Battery | 12-125P-15 | MJH1067788 |
| | Enersys | Charger | EH3-12-900Y | JG86873 |

Raymond is a registered trademark of The Raymond Corporation
All Rights Reserved

Revised 7/20/07                              III

RAYMOND LEASING CORPORATION
Certificate of Delivery And Installation

Date: OCT 0 5 2011                    Agreement Number: 2 3 9 1 4 3

The Lease between RAYMOND STORAGE CONCEPTS, INC. (the "LESSOR") and WORKFLOWONE LLC (the "LESSEE")

| Quantity | Manufacturer | Description | Model | Serial Number |
|----------|-------------|-------------|-------|---------------|
| 1 | Raymond | Orderpicker | 540OPC30TT | 540-11-C12017 |
|  | Enersys | Battery | 12-125P-15 | MJH1067788 |
|  | Enersys | Charger | EH3-12-900Y | JG86873 |

Equipment Location:  1650 Westfork Drive
Lithia Springs, GA  30122

County: Douglas ✓

1.    ITEMS OF EQUIPMENT:
The LESSEE hereby certifies and warrants to LESSOR that the above items of Equipment have been delivered to the location indicated above, tested and inspected by the LESSEE, or LESSEE has had reasonable opportunity to do so, found to be in good order and accepted as items of Equipment under the Lease, all on the Acceptance Date indicated below. The serial number of each item of Equipment, as specified above, has been verified. LESSEE approves full payment therefore by LESSOR to supplier(s).

2.    REPRESENTATIONS BY THE LESSEE:
The LESSEE hereby represents and warrants to LESSOR that (i) no Event of Default or event which, with the giving of notice or the lapse of time, or both, would become such an Event of Default under the Lease has occurred and is continuing, and (ii) the LESSEE has obtained, and there are in full force and effect, all insurance policies with respect to the Equipment and public liability required to be obtained under the terms of the Lease.

3.    SHOULD LESSEE HEREAFTER DISCOVER ANY DEFECT, UNFITNESS OR FAILURE OF PERFORMANCE OF EQUIPMENT (INCLUDING, WITHOUT LIMITATION, SOFTWARE SYSTEMS AND PROGRAMMING), LESSEE'S OBLIGATIONS TO LESSOR, INCLUDING THE OBLIGATION TO PAY RENTS WHEN DUE, REMAIN IN EFFECT AS MORE FULLY STATED IN THE TERMS AND CONDITIONS OF THE LEASE. IN SUCH EVENT, LESSEE'S EXCLUSIVE RECOURSE SHALL BE AGAINST THE MANUFACTURER, SUPPLIER, PROGRAMMER AND/OR SERVICING AGENT FOR THE EQUIPMENT, AS IN LESSEE'S JUDGMENT APPEARS APPROPRIATE.

Acceptance Date: 9-27-11

Name of Lessee:  WORKFLOWONE LLC

Signed By: _David Keith_

Title: _Logistics Manager_

Raymond is a registered trademark of The Raymond Corporation
All Rights Reserved

Revised 4/6/04                    iv

RAYMOND LEASING CORPORATION
Schedule A

Date: JAN 1 8 2012                    Agreement Number: 2 39145

1.    Lessor and Lessee have entered into an Equipment Master Lease Agreement including this Schedule A (collectively the "Lease"),
      pursuant to which Lessor and Lessee have agreed to lease the Equipment described on Page iii.
      5 892.08 LF 1/18/12.

2.    THIS LEASE IS FOR A PERIOD OF 60 MONTHS. Lease rental Payments of $6032.51 (and applicable taxes) are due to be
      made monthly, commencing on the Acceptance Date indicated on Certificate of Delivery and Installation (herein referred to as
      "Acceptance Date"). The first and last rental payments shall be due and payable in advance upon the signing of this Schedule A.
      Rental payments thereafter will be due and payable monthly on the corresponding day of each month following the Acceptance Date
      for the full term of the Lease. Lessee agrees to pay all taxes, filing fees and other similar charges with respect to payments made
      under the Master Lease Agreement and the leases related thereto.

3.    Lessee has the option to purchase the Equipment under this lease at the end of the term for the Purchase Option stated below, plus
      any applicable taxes. If the purchase option stated below is FAIR MARKET VALUE, it will be reasonably determined by the
      Equipment Manufacturer.

      If the Purchase Option is not exercised at the expiration of the Lease term, Lessee will immediately return this Equipment to Lessor
      in the same condition as received, normal wear and tear excepted. In the event any Equipment is not returned in the required
      condition, Lessee shall reimburse Lessor for its actual, out-of-pocket cost of repairing the Equipment to the required condition.
      Required condition is as described in the Equipment Master Lease Agreement, Section 16, RETURN OF EQUIPMENT.

4.    Except as amended herein, the aforesaid Equipment Master Lease Agreement, as such, may have been previously amended, shall
      remain in full force and effect.

5.    Purchase Option:  Fair Market Value

6.    Excess Use Charge:

      The rental rate set forth herein is based upon average monthly usage of the Equipment as stated below. The Allowable Hours
      for the Equipment leased hereunder shall be equal to the number of months in the Term, as set forth in section 2 of this Schedule A,
      multiplied by the monthly usage selected herein. In the event that the Equipment has been used in excess of the Allowable Hours
      when it is returned to LESSOR or its assignee, then LESSEE shall pay to LESSOR or its assignee, an amount equal to the overtime
      charge multiplied by the number of hours in excess of the Allowable Hours.

      **Allowable Hours**                          **Overtime Charge**

      X   166.67 hrs (2000 hrs/yr)                 $$ 2.41
      n/a 333.33 hrs (4000 hrs/yr)
      n/a 500 hrs (6000 hrs/yr)

AGREED TO AND ACCEPTED AS OF:      By execution hereof, the signer certifies having read, accepted and
                                   duly executed this Equipment Master Lease Agreement on behalf of Lessee.

Lessee:  WORKFLOWONE LLC                   Lessor:  RAYMOND STORAGE CONCEPTS, INC.

By:                                        By:

Title:  OOS MANAGER                        Title:  President

Dated:  11 / 11 / 11                       Dated:  11 /14 /11

Raymond is a registered trademark of The Raymond Corporation
All Rights Reserved

Revised 7/20/07                    i

**RAYMOND LEASING CORPORATION**
Schedule A

7.   ASSIGNMENT: FOR VALUE RECEIVED, the undersigned does hereby sell, assign, transfer and set over to RAYMOND LEASING CORPORATION its successors and assigns, all of the undersigned's right, title and interest in and to the foregoing Lease (herein called Instrument), the Equipment covered thereby and all rents and other sums due, or to become due, thereunder.

    a.   Undersigned warrants that the Instrument is genuine, collectible, enforceable, contains the entire Agreement of the parties with respect to the property covered thereby, and is and will continue free from defense and offsets; all signatures, names and addresses, amounts and other statements contained therein are genuine, true and correct; the property has been delivered to the LESSEE in satisfactory condition and has been accepted by LESSEE; the Instrument evidences a valid reservation of title to or first lien upon the property covered thereby and has been filed or recorded, if permitted or required by law, as to be effective against all persons.

    b.   Undersigned agrees, on RAYMOND LEASING CORPORATION'S request to assist RAYMOND LEASING CORPORATION in collecting sums due under the Instrument and in enforcing RAYMOND LEASING CORPORATION'S right to repossess in the event of a default.

AGREED TO AND ACCEPTED AS OF:    By execution hereof, the signer certifies having read, accepted and duly executed this Equipment Master Lease Agreement on behalf of Lessee.

Attest: _____    Lessor:  RAYMOND STORAGE CONCEPTS, INC.

Title: _Ops Manager_____    By: _____

Dated: _11/4/11_____    Title: _President_____

ASSIGNMENT ACCEPTED    Dated: _11/4/11_____
RAYMOND LEASING CORP
GREENE, NEW YORK 13778

_____

AUTHORIZED SIGNATURE
JAN 1 8 2012

Raymond is a registered trademark of The Raymond Corporation
All Rights Reserved

Revised 7/20/07            ii

RAYMOND LEASING CORPORATION
Schedule A

Date:                                                   Agreement Number: _____

Equipment Description Lines

| Quantity | Manufacturer | Description | Model | Serial Number |
|---|---|---|---|---|
| 11 | Raymond | Orderpicker | 540OPC30TT | 540-11-A12430,540-11-A12431,540-11-A12432, 540-11-A12434,540-11-A12436,540-11-A12437, 540-11-A12438,540-11-A12428,540-11-A12429, 540-11-A12433,540-11-A12435 |
|  | Enersys | Battery | 12-125P-15 | MJJ1072758,MJJ1072759,MJJ1072760,MJJ1072761, MJJ1072762,MJJ1072763,MJJ1072764,MJJ1072765, MJJ1072766,MJJ1072767,MJJ1072769 |
|  | Enersys | Charger | EH3-12-900Y | JI91959,JI91960,JI91961,JI91962,JI91963,JI91964, JI91965,JI91966,JI91967,JI91968,JI91969 |
| 3 | Raymond | Walkie | 8400FRE60L | 840-11-90599,840-11-90598,840-11-90597 |
|  | Enersys | Battery | 12-85P-13 | MJJ1072790,MJJ1072791,MJJ1072792 |
|  | Enersys | Charger | EH3-12-900Y | JI91956,JI91957,JI91958 |

Raymond is a registered trademark of The Raymond Corporation
All Rights Reserved

Revised 7/20/07                                iii

RAYMOND LEASING CORPORATION
Certificate of Delivery And Installation

Date: _JAN 1 8 2012_                    Agreement Number: _Q39145_

The Lease between RAYMOND STORAGE CONCEPTS, INC. (the "LESSOR") and WORKFLOWONE LLC (the "LESSEE")

| Quantity | Manufacturer | Description | Model | Serial Number |
|----------|--------------|-------------|-------|---------------|
| 11 | Raymond | Orderpicker | 540OPC30TT | 540-11-A12430,540-11-A12431,540-11-A12432, 540-11-A12434,540-11-A12436,540-11-A12437, 540-11-A12438,540-11-A12428,540-11-A12429, 540-11-A12433,540-11-A12435 |
| | Enersys | Battery | 12-125P-15 | MJJ1072758,MJJ1072759,MJJ1072760,MJJ1072761, MJJ1072762,MJJ1072763,MJJ1072764,MJJ1072765, MJJ1072766,MJJ1072767,MJJ1072769 |
| | Enersys | Charger | EH3-12-900Y | JI91959,JI91960,JI91961,JI91962,JI91963,JI91964, JI91965,JI91966,JI91967,JI91968,JI91969 |
| 3 | Raymond | Walkie | 8400FRE60L | 840-11-90599,840-11-90598,840-11-90597 |
| | Enerys | Battery | 12-85P-13 | MJJ1072790,MJJ1072791,MJJ1072792 |
| | Enersys | Charger | EH3-12-900Y | JI91956,JI91957,JI91958 |

Equipment Location:  3125 Lewis Centre Way
                     Grove City, OH  43123 ✓

County:  FRANKLIN ✓

1.     ITEMS OF EQUIPMENT:
       The LESSEE hereby certifies and warrants to LESSOR that the above items of Equipment have been delivered to the location indicated above, tested and inspected by the LESSEE, or LESSEE has had reasonable opportunity to do so, found to be in good order and accepted as items of Equipment under the Lease, all on the Acceptance Date indicated below. The serial number of each item of Equipment, as specified above, has been verified. LESSEE approves full payment therefore by LESSOR to supplier(s).

2.     REPRESENTATIONS BY THE LESSEE:
       The LESSEE hereby represents and warrants to LESSOR that (i) no Event of Default or event which, with the giving of notice or the lapse of time, or both, would become such an Event of Default under the Lease has occurred and is continuing, and (ii) the LESSEE has obtained, and there are in full force and effect, all insurance policies with respect to the Equipment and public liability required to be obtained under the terms of the Lease.

3.     SHOULD LESSEE HEREAFTER DISCOVER ANY DEFECT, UNFITNESS OR FAILURE OF PERFORMANCE OF EQUIPMENT (INCLUDING, WITHOUT LIMITATION, SOFTWARE SYSTEMS AND PROGRAMMING), LESSEE'S OBLIGATIONS TO LESSOR, INCLUDING THE OBLIGATION TO PAY RENTS WHEN DUE, REMAIN IN EFFECT AS MORE FULLY STATED IN THE TERMS AND CONDITIONS OF THE LEASE. IN SUCH EVENT, LESSEE'S EXCLUSIVE RECOURSE SHALL BE AGAINST THE MANUFACTURER, SUPPLIER, PROGRAMMER AND/OR SERVICING AGENT FOR THE EQUIPMENT, AS IN LESSEE'S JUDGMENT APPEARS APPROPRIATE.

Acceptance Date: _11 / 11 / 11_

       Name of Lessee:  WORKFLOWONE LLC

       Signed By: _[signature]_ ALLEN JACKSON

       Title: _OPS MANAGER_

Raymond is a registered trademark of The Raymond Corporation
All Rights Reserved

Revised 4/6/04                              iv

## RAYMOND LEASING CORPORATION
### Schedule A

Date: JAN 2 4 2012                    Agreement Number: 239146

1.    Lessor and Lessee have entered into an Equipment Master Lease Agreement including this Schedule A (collectively the "Lease"), pursuant to which Lessor and Lessee have agreed to lease the Equipment described on Page iii.

2.    THIS LEASE IS FOR A PERIOD OF 62 MONTHS. Lease rental Payments of $2214.81 (and applicable taxes) are due to be made monthly, commencing on the Acceptance Date indicated on Certificate of Delivery and Installation (herein referred to as "Acceptance Date"). The first and last rental payments shall be due and payable in advance upon the signing of this Schedule A. Rental payments thereafter will be due and payable monthly on the corresponding day of each month following the Acceptance Date for the full term of the Lease. Lessee agrees to pay all taxes, filing fees and other similar charges with respect to payments made under the Master Lease Agreement and the leases related thereto.

3.    Lessee has the option to purchase the Equipment under this lease at the end of the term for the Purchase Option stated below, plus any applicable taxes. If the purchase option stated below is FAIR MARKET VALUE, it will be reasonably determined by the Equipment Manufacturer.

      If the Purchase Option is not exercised at the expiration of the Lease term, Lessee will immediately return this Equipment to Lessor in the same condition as received, normal wear and tear excepted. In the event any Equipment is not returned in the required condition, Lessee shall reimburse Lessor for its actual, out-of-pocket cost of repairing the Equipment to the required condition. Required condition is as described in the Equipment Master Lease Agreement, Section 16, RETURN OF EQUIPMENT.

4.    Except as amended herein, the aforesaid Equipment Master Lease Agreement, as such, may have been previously amended, shall remain in full force and effect.

5.    Purchase Option:  Fair Market Value

6.    Excess Use Charge:

      The rental rate set forth herein is based upon average monthly usage of the Equipment as stated below. The Allowable Hours for the Equipment leased hereunder shall be equal to the number of months in the Term, as set forth in section 2 of this Schedule A, multiplied by the monthly usage selected herein. In the event that the Equipment has been used in excess of the Allowable Hours when it is returned to LESSOR or its assignee, then LESSEE shall pay to LESSOR or its assignee, an amount equal to the overtime charge multiplied by the number of hours in excess of the Allowable Hours.

| Allowable Hours | Overtime Charge |
|---|---|
| X   166.67 hrs (2000 hrs/yr) | $2 |
| n/a  333.33 hrs (4000 hrs/yr) | |
| n/a  500 hrs (6000 hrs/yr) | |

AGREED TO AND ACCEPTED AS OF:        By execution hereof, the signer certifies having read, accepted and
                                     duly executed this Equipment Master Lease Agreement on behalf of Lessee.

Lessee    WORKFLOWONE LLC              Lessor:    RAYMOND STORAGE CONCEPTS, INC.
:

By: _____         By: _____
         (Authorized Signature)                  (Authorized Signature)
Title: _THOMAS J. KOENIG_              Title: _President_

Dated: ___1/5/12___                   Dated: ___1/9/12___

Raymond is a registered trademark of The Raymond Corporation
All Rights Reserved

Revised 7/20/07                       i

APPROVED AS TO FORM
ML/SY
1-5-12
WORKFLOWONE LEGAL DEPT.

RAYMOND LEASING CORPORATION
Schedule A

7.       ASSIGNMENT: FOR VALUE RECEIVED, the undersigned does hereby sell, assign, transfer and set over to RAYMOND LEASING CORPORATION its successors and assigns, all of the undersigned's right, title and interest in and to the foregoing Lease (herein called Instrument), the Equipment covered thereby and all rents and other sums due, or to become due, thereunder.

a.    Undersigned warrants that the Instrument is genuine, collectible, enforceable, contains the entire Agreement of the parties with respect to the property covered thereby, and is and will continue free from defense and offsets; all signatures, names and addresses, amounts and other statements contained therein are genuine, true and correct; the property has been delivered to the LESSEE in satisfactory condition and has been accepted by LESSEE; the Instrument evidences a valid reservation of title to or first lien upon the property covered thereby and has been filed or recorded, if permitted or required by law, as to be effective against all persons.

b.    Undersigned agrees, on RAYMOND LEASING CORPORATION'S request to assist RAYMOND LEASING CORPORATION in collecting sums due under the Instrument and in enforcing RAYMOND LEASING CORPORATION'S right to repossess in the event of a default.

AGREED TO AND ACCEPTED AS OF:          By execution hereof, the signer certifies having read, accepted and
                                                                         duly executed this Equipment Master Lease Agreement on behalf of Lessee.

Attest:    ASSIGNMENT ACCEPTED   Lessor:    RAYMOND STORAGE CONCEPTS,
               RAYMOND LEASING CORP                   INC.
Title:                                                                   By:
Dated:    GREENE, NEW YORK 13778       Title:
                                                                           Dated:    1/9/12

               AUTHORIZED SIGNATURE

               JAN 2 4 2012

Raymond is a registered trademark of The Raymond Corporation
All Rights Reserved

Revised 7/20/07                              ii

RAYMOND LEASING CORPORATION
Schedule A

Date:                                            Agreement Number:
Equipment Description Lines

| Quantity | Manufacturer | Description | Model | Serial Number |
|---|---|---|---|---|
| 1 | Toyota | Toyota MODEL 7FBEU20 | 7FBEU20 | 19778 |
| | Toyota | Toyota MODEL 7FBEU20 with Cascade Paper Roll Clamp 20H-REP-B005 | 7FBEU20/ CLAMP | 19840 |
| | Toyota | Toyota MODEL 8FBCU32 with Cascade Paper Roll Clamp 20H-REP-B005 | 8FBCU32/ CLAMP | 60910 |
| 2 | Enersys | Battery Model 24-85P-15 | 24-85P-15 | MJE1058126,MJE1058248 |
| 1 | Enersys | Battery Model 24-85P-21 | 24-85P-21 | MJD1055047 |
| 2 | Enersys | Charger Model HFIQWALL / EQ3-W8-1 | EQ3-W8-1YI | JD81120,JD81121 |
| 1 | Enersys | Charger Model Enforcer HFIQWALL / EQ3-W10-1Y | EQ3-W10-1YI | JD81097 |

Raymond is a registered trademark of The Raymond Corporation
All Rights Reserved

Revised 7/20/07                        iii

RAYMOND LEASING CORPORATION
Certificate of Delivery And Installation

Date: JAN 2 4 2012                     Agreement Number: 039146
The Lease between RAYMOND STORAGE CONCEPTS, INC. (the "LESSOR") and WORKFLOWONE LLC (the "LESSEE")

| Quantity | Manufacturer | Description | Model | Serial Number |
|---|---|---|---|---|
| 1 | Toyota | Toyota MODEL 7FBEU20 | 7FBEU20 | 19778 |
| | Toyota | Toyota MODEL 7FBEU20 with Cascade Paper Roll Clamp 20H-REP-B005 | 7FBEU20/ CLAMP | 19840 |
| | Toyota | Toyota MODEL 8FBCU32 with Cascade Paper Roll Clamp 20H-REP-B005 | 8FBCU32/ CLAMP | 60910 |
| 2 | Enersys | Battery Model 24-85P-15 | 24-85P-15 | MJE1058126,MJE1058248 |
| 1 | Enersys | Battery Model 24-85P-21 | 24-85P-21 | MJD1055047 |
| 2 | Enersys | Charger Model HFIQWALL / EQ3-W8-1 | EQ3-W8-1YI | JD81120,JD81121 |
| 1 | Enersys | Charger Model Enforcer HFIQWALL / EQ3-W10-1Y | EQ3-W10-1YI | JD81097 |

Equipment Location:  220 EAST MONUMENT AVE.     5775 Brisa Street
                     DAYTON, OH 45402            Livermore, CA 94550 ✓

County:    Alameda ✓

1.    ITEMS OF EQUIPMENT:
      The LESSEE hereby certifies and warrants to LESSOR that the above items of Equipment have been delivered to the location indicated above, tested and inspected by the LESSEE, or LESSEE has had reasonable opportunity to do so, found to be in good order and accepted as items of Equipment under the Lease, all on the Acceptance Date indicated below. The serial number of each item of Equipment, as specified above, has been verified. LESSEE approves full payment therefore by LESSOR to supplier(s).

2.    REPRESENTATIONS BY THE LESSEE:
      The LESSEE hereby represents and warrants to LESSOR that (i) no Event of Default or event which, with the giving of notice or the lapse of time, or both, would become such an Event of Default under the Lease has occurred and is continuing, and (ii) the LESSEE has obtained, and there are in full force and effect, all insurance policies with respect to the Equipment and public liability required to be obtained under the terms of the Lease.

3.    SHOULD LESSEE HEREAFTER DISCOVER ANY DEFECT, UNFITNESS OR FAILURE OF PERFORMANCE OF EQUIPMENT (INCLUDING, WITHOUT LIMITATION, SOFTWARE SYSTEMS AND PROGRAMMING), LESSEE'S OBLIGATIONS TO LESSOR, INCLUDING THE OBLIGATION TO PAY RENTS WHEN DUE, REMAIN IN EFFECT AS MORE FULLY STATED IN THE TERMS AND CONDITIONS OF THE LEASE. IN SUCH EVENT, LESSEE'S EXCLUSIVE RECOURSE SHALL BE AGAINST THE MANUFACTURER, SUPPLIER, PROGRAMMER AND/OR SERVICING AGENT FOR THE EQUIPMENT, AS IN LESSEE'S JUDGMENT APPEARS APPROPRIATE.

Acceptance Date:  1-1-12

              Name of Lessee:   WORKFLOWONE LLC

              Signed By: _____

                         Thomas I. Koenig
              Title:  VICE-PRESIDENT & CFO

Raymond is a registered trademark of The Raymond Corporation
All Rights Reserved

Revised 4/6/04                              iv


APPROVED AS TO FORM
WORKFLOWONE LLC
mcls4
1-5-12

## RAYMOND LEASING CORPORATION
Schedule A

Date: JAN 2 4 2012                    Agreement Number: 4447H 239147

1.  Lessor and Lessee have entered into an Equipment Master Lease Agreement including this Schedule A (collectively the "Lease"), pursuant to which Lessor and Lessee have agreed to lease the Equipment described on Page iii.

2.  THIS LEASE IS FOR A PERIOD OF 60 MONTHS. Lease rental Payments of $570.56 (and applicable taxes) are due to be made monthly, commencing on the Acceptance Date indicated on Certificate of Delivery and Installation (herein referred to as "Acceptance Date"). The first and last rental payments shall be due and payable in advance upon the signing of this Schedule A. Rental payments thereafter will be due and payable monthly on the corresponding day of each month following the Acceptance Date for the full term of the Lease. Lessee agrees to pay all taxes, filing fees and other similar charges with respect to payments made under the Master Lease Agreement and the leases related thereto.

3.  Lessee has the option to purchase the Equipment under this lease at the end of the term for the Purchase Option stated below, plus any applicable taxes. If the purchase option stated below is FAIR MARKET VALUE, it will be reasonably determined by the Equipment Manufacturer.

    If the Purchase Option is not exercised at the expiration of the Lease term, Lessee will immediately return this Equipment to Lessor in the same condition as received, normal wear and tear excepted. In the event any Equipment is not returned in the required condition, Lessee shall reimburse Lessor for its actual, out-of-pocket cost of repairing the Equipment to the required condition. Required condition is as described in the Equipment Master Lease Agreement, Section 16, RETURN OF EQUIPMENT.

4.  Except as amended herein, the aforesaid Equipment Master Lease Agreement, as such, may have been previously amended, shall remain in full force and effect.

5.  Purchase Option: Fair Market Value

6.  Excess Use Charge:

    The rental rate set forth herein is based upon average monthly usage of the Equipment as stated below. The Allowable Hours for the Equipment leased hereunder shall be equal to the number of months in the Term, as set forth in section 2 of this Schedule A, multiplied by the monthly usage selected herein. In the event that the Equipment has been used in excess of the Allowable Hours when it is returned to LESSOR or its assignee, then LESSEE shall pay to LESSOR or its assignee, an amount equal to the overtime charge multiplied by the number of hours in excess of the Allowable Hours.

| Allowable Hours | Overtime Charge |
|---|---|
| X   166.67 hrs (2000 hrs/yr) | $2 |
| n/a  333.33 hrs (4000 hrs/yr) | |
| n/a  500 hrs (6000 hrs/yr) | |

AGREED TO AND ACCEPTED AS OF:    By execution hereof, the signer certifies having read, accepted and duly executed this Equipment Master Lease Agreement on behalf of Lessee.

Lessee: WORKFLOWONE LLC                    Lessor: RAYMOND STORAGE CONCEPTS, INC.

By: _____                By: _____

Title: VICE-PRESIDENT & CFO                Title: President

Dated: 1/5/12                              Dated: 1/9/12

Raymond is a registered trademark of The Raymond Corporation.
All Rights Reserved

Revised 7/20/07

APPROVED AS TO FORM
ML/JY
1-5-12
WORKFLOWONE LEGAL DEPT.

RAYMOND LEASING CORPORATION
Schedule A

7.       ASSIGNMENT:  FOR VALUE RECEIVED, the undersigned does hereby sell, assign, transfer and set over to RAYMOND LEASING CORPORATION its successors and assigns, all of the undersigned's right, title and interest in and to the foregoing Lease (herein called Instrument), the Equipment covered thereby and all rents and other sums due, or to become due, thereunder.

a.    Undersigned warrants that the Instrument is genuine, collectible, enforceable, contains the entire Agreement of the parties with respect to the property covered thereby, and is and will continue free from defense and offsets; all signatures, names and addresses, amounts and other statements contained therein are genuine, true and correct; the property has been delivered to the LESSEE in satisfactory condition and has been accepted by LESSEE; the Instrument evidences a valid reservation of title to or first lien upon the property covered thereby and has been filed or recorded, if permitted or required by law, as to be effective against all persons.

b.    Undersigned agrees, on RAYMOND LEASING CORPORATION'S request to assist RAYMOND LEASING CORPORATION in collecting sums due under the Instrument and in enforcing RAYMOND LEASING CORPORATION'S right to repossess in the event of a default.

AGREED TO AND ACCEPTED AS OF:        By execution hereof, the signer certifies having read, accepted and
                                                                    duly executed this Equipment Master Lease Agreement on behalf of Lessee.

Attest: ASSIGNMENT ACCEPTED Lessor:    RAYMOND STORAGE CONCEPTS,
Title:  RAYMOND LEASING CORP        INC.
                                                            By:
Dated: GREENE, NEW YORK 13778 Title:
                                                            Dated: 1/9/12

AUTHORIZED SIGNATURE
JAN 2 4 2012

Raymond is a registered trademark of The Raymond Corporation
All Rights Reserved

Revised 7/20/07                          ii

RAYMOND LEASING CORPORATION
Schedule A

Date:                                    Agreement Number:
Equipment Description Lines

| Quantity | Manufacturer | Description | Model | Serial Number |
|---|---|---|---|---|
| 1 | Raymond | Reach | 7400R45TT | 740-11-BB26000 |
| | Enersys | Battery | 18-125P-13 | MJK1077090 |
| | Enersys | Charger | EL3-18-750Y | JK95797 |

Raymond is a registered trademark of The Raymond Corporation
All Rights Reserved

### RAYMOND LEASING CORPORATION
Certificate of Delivery And Installation

Date: JAN 2 4 2012                    Agreement Number: HHH 239147

The Lease between RAYMOND STORAGE CONCEPTS, INC. (the "LESSOR") and WORKFLOWONE LLC (the "LESSEE")

| Quantity | Manufacturer | Description | Model | Serial Number |
|----------|-------------|-------------|-------|---------------|
| 1 | Raymond | Reach | 7400R45TT | 740-11-BB26000 |
| | Enersys | Battery | 18-125P-13 | MJK1D77090 |
| | Enersys | Charger | EL3-18-750Y | JK95797 |

Equipment Location:  10735 W. Little York Suite 100
                     Houston, TX  77041-4072

County: HARRIS

1.    ITEMS OF EQUIPMENT:
      The LESSEE hereby certifies and warrants to LESSOR that the above items of Equipment have been delivered to the location indicated above, tested and inspected by the LESSEE, or LESSEE has had reasonable opportunity to do so, found to be in good order and accepted as items of Equipment under the Lease, all on the Acceptance Date indicated below. The serial number of each item of Equipment, as specified above, has been verified. LESSEE approves full payment therefore by LESSOR to supplier(s).

2.    REPRESENTATIONS BY THE LESSEE:
      The LESSEE hereby represents and warrants to LESSOR that (i) no Event of Default or event which, with the giving of notice or the lapse of time, or both, would become such an Event of Default under the Lease has occurred and is continuing, and (ii) the LESSEE has obtained, and there are in full force and effect, all insurance policies with respect to the Equipment and public liability required to be obtained under the terms of the Lease.

3.    SHOULD LESSEE HEREAFTER DISCOVER ANY DEFECT, UNFITNESS OR FAILURE OF PERFORMANCE OF EQUIPMENT (INCLUDING, WITHOUT LIMITATION, SOFTWARE SYSTEMS AND PROGRAMMING), LESSEE'S OBLIGATIONS TO LESSOR, INCLUDING THE OBLIGATION TO PAY RENTS WHEN DUE, REMAIN IN EFFECT AS MORE FULLY STATED IN THE TERMS AND CONDITIONS OF THE LEASE. IN SUCH EVENT, LESSEE'S EXCLUSIVE RECOURSE SHALL BE AGAINST THE MANUFACTURER, SUPPLIER, PROGRAMMER AND/OR SERVICING AGENT FOR THE EQUIPMENT, AS IN LESSEE'S JUDGMENT APPEARS APPROPRIATE.

Acceptance Date:  1-6-12

        Name of Lessee:   WORKFLOWONE LLC

        Signed By:  _____
                    THOMAS J. ICOGNIC
        Title:  VICE-PRESIDENT  Y C F O

Raymond is a registered trademark of The Raymond Corporation
All Rights Reserved

Revised 4/6/04                    lv

APPROVED AS TO FORM
WORKFLOWONE LEGAL DEPT.
MLS4
1-5-12