EXHIBIT "B-3"

# RAYMOND LEASING CORPORATION
## Equipment Master Lease Agreement
### Terms And Conditions

Date: JAN 3 0 2013

Agreement Number: 30798

| LESSEE Name and Address | LESSOR Name and Address |
|---|---|
| WORKFLOWONE LLC | RAYMOND STORAGE CONCEPTS, INC. |
| 220 EAST MONUMENT AVE. | 4350 INDECO COURT |
| DAYTON, Ohio  45402 | CINCINNATI, Ohio  45241 |
| DBA Name (if any): | |
| Telephone:  (937) 630-8109 | Telephone:  (513) 891-7290 |

IN WITNESS WHEREOF, THE PARTIES HERETO HAVE CAUSED THIS LEASE TO BE EXECUTED AS OF THE DAY AND YEAR FIRST ABOVE WRITTEN.   LESSEE ACKNOWLEDGES RECEIPT OF A COPY OF THIS LEASE.

| LESSEE | LESSOR |
|---|---|
| Lessee Name: WORKFLOWONE LLC | Lessor Name: RAYMOND STORAGE CONCEPTS, INC. |
| By *: _____ (Authorized Signature) | By: _____ (Authorized Signature) |
| Typed Name: Thomas J. Koenig | Typed Name: Joseph Nartker |
| Title: Vice President & CFO | Title: Controller |
| WITNESS OR ATTEST: | WITNESS OR ATTEST: |

(If Corporation, authorized person must sign and state his title.  If Partnership, partner must sign firm name and also sign as partner.  If Proprietorship, Agreement should be in name of, and signed by, individual owner and also show the name under which individual does business.  If Limited Liability Corporation, authorized person must sign and state his title.)

Notice of Assignment

ASSIGNMENT:  FOR VALUE RECEIVED, the undersigned Lessor does hereby sell, assign, transfer and set over to RAYMOND LEASING CORPORATION its successors and assigns, all of the undersigned's right, title and interest in and to the foregoing Lease (herein called Instrument), the Equipment covered thereby and all rentals and other sums due or to become due thereunder.

1.  Undersigned Lessor warrants that the Instrument is genuine, collectible, enforceable, contains the entire Agreement of the parties with respect to the property covered thereby, and is and will continue free from defenses and offsets; all signatures, names and addresses, amounts and other statements contained therein are genuine, true and correct; the property has been delivered to the LESSEE in satisfactory condition and has been accepted by LESSEE, the Instrument evidences a valid reservation of title to or first lien upon the property covered thereby and has been so filed or recorded, if permitted or required by law, as to be effective against all persons.

2.  Undersigned Lessor agrees, on RAYMOND LEASING CORPORATION's request, to assist RAYMOND LEASING CORPORATION in collecting sums due under the Instrument and in enforcing RAYMOND LEASING CORPORATION'S right to repossess in the event of a default.

Attest:

Date :

ASSIGNMENT ACCEPTED
RAYMOND LEASING CORP
GREENE, NEW YORK 13778

AUTHORIZED SIGNATURE
JAN 3 0 2013

Lessor: RAYMOND STORAGE CONCEPTS, INC.

By : _____

Title: Controller

Raymond is a registered trademark of The Raymond Corporation
All Rights Reserved

Revised 9/16/11



## RAYMOND LEASING CORPORATION
### Equipment Master Lease Agreement
### Terms And Conditions

1. LEASE OF EQUIPMENT

Subject to the terms and conditions hereof, LESSOR hereby leases to LESSEE and LESSEE hereby leases from LESSOR the personal property described in Schedule A or on any Supplemental Schedule(s) (hereinafter collectively referred to as "Schedule") complete with all additions, attachments, accessories and replacement parts described therein (hereinafter collectively referred to as "Equipment").

2. RENTAL TERM

The Rental Term of the Lease for Equipment shall commence on the date of LESSEE's execution of the Certificate of Delivery and Installation ("Acceptance Date"). The Rental Term of the Lease shall run for the number of months specified in the Schedule(s) measured from the Acceptance Date, unless otherwise terminated or extended, pursuant to the provisions of this Lease.

In the event that LESSEE does not return the Equipment in accordance with section 16 hereof, the Rental Term shall be automatically extended on a month-to-month basis and the monthly rental for such extension shall be equal to 100% of the monthly rental set forth in the Schedule applicable to the Equipment and all other terms of this Agreement shall apply during the extended term.

3. DELIVERY

LESSOR agrees to cause Equipment to be delivered to LESSEE but assumes no liability for loss or damage arising from late delivery or nonfulfillment of contract by reason of fires, strikes, delays in transportation, regulations of the United States Government, or any cause unavoidable or beyond the control of the LESSOR. Equipment shall be delivered to LESSEE at LESSEE'S expense and shall be kept and used at the location set out in the Certificate of Delivery and Installation.

4. RENTAL

LESSEE agrees to pay the monthly rental charge set forth in the Schedule(s) in advance. In addition, any applicable sales or use tax shall be paid by LESSEE in the manner prescribed by the state in which the Equipment is located. Upon signing the Schedule(s), LESSEE shall pay LESSOR the first & last monthly rental charge. Upon the Acceptance Date of the Equipment LESSEE shall pay the transportation charges computed from the manufacturer's plant. On the corresponding day of each month thereafter, LESSEE shall continue making the remaining monthly payments until the total rental shall have been paid in full. LESSEE acknowledges and agrees that its obligations hereunder, including, without limitation, its obligation to make payments, shall be unconditional and irrevocable under any and all circumstances, shall not be subject to cancellation, termination, modification, or repudiation by LESSEE, and shall be paid and performed by LESSEE without notice or demand and without any abatement, reduction, diminution, setoff, defense, counterclaim or recoupment whatsoever.

The monthly rental shall be paid to LESSOR at its above address or at such other address as LESSOR shall direct in writing, free and clear of any offset, currency conversion charges, credit card fees, bank charges, or other fees (collectively "Fees"). If any rental payment hereunder is subject to any Fees, then the amount of all undisputed Fees and similar charges shall be payable by LESSEE as additional rent with the first rental payment after LESSOR has paid any such charges. If any rental payment hereunder is made subsequent to the tenth day following its due date, such payment, whenever made, may bear interest at the option of LESSOR, at the highest lawful contract rate, not to exceed one and one half percent per month, computed thereon from its due date to the date when paid.

5. LOCATION AND IDENTIFICATION OF EQUIPMENT

Equipment shall be located at the address to which Equipment is to be shipped, as set forth in the Certificate of Delivery and Installation, and shall not be removed from such location without the prior written consent of LESSOR. LESSEE will not change or remove any insignia or lettering which is on Equipment at the time of delivery thereof or which is thereafter placed thereon indicating LESSOR's ownership thereof, and at any time during the term of this Lease, upon request of LESSOR, LESSEE will affix to Equipment, in a prominent place, labels, plates or other such markings supplied by LESSOR stating that Equipment is owned by LESSOR.

Raymond is a registered trademark of The Raymond Corporation
All Rights Reserved

Revised 9/16/11

RAYMOND LEASING CORPORATION
Equipment Master Lease Agreement
Terms And Conditions

6. OPERATION, MAINTENANCE, CARE AND DAMAGE

LESSEE covenants not to allow the use of Equipment by other than trained and competent employees of LESSEE. LESSEE covenants and warrants that, during the term hereof, the Equipment shall at all times be used and operated in compliance with the laws of the jurisdiction in which it is located, and with the provisions of all applicable insurance policies and manufacturer's operation manuals and in compliance with all acts, rules, regulations, or orders of any administrative or government body having the authority to regulate the use or operation of the Equipment. LESSEE shall pay all costs and expenses of operation.

LESSEE agrees during the life of this Lease, at its own cost and expense, to maintain Equipment in the condition it is received by LESSEE, make all regular maintenance inspections called for by the Operations and Maintenance Manual, perform all necessary repairs and to return Equipment to LESSOR at the end of this Lease or the early termination thereof for any reason in the same condition as received, reasonable wear and tear excepted, as defined in Section 16. LESSEE shall pay or reimburse LESSOR for any loss due to damage to, or destruction of, Equipment from any cause whatsoever. Repair and maintenance work shall be performed only by qualified persons who are acceptable to LESSOR.

LESSEE shall not, without prior approval of LESSOR, affix or install any accessories, replacements or other device to the Equipment and all repairs, replacements, accessories, attachments and devices furnished or affixed to such Equipment, unless otherwise agreed to in writing, shall be the property of the LESSOR.

7. WARRANTY

LESSEE agrees that (a) each unit of Equipment is of a size, type and capacity selected by LESSEE, (b) each unit is suitable for LESSEE's purposes and contains all necessary safety options, and that LESSOR has made no representation or warranty, expressed or implied, with respect to the Equipment. THERE ARE NO IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. LESSOR will deliver to LESSEE the factory warranty for each new unit of Equipment to enable LESSEE to obtain customary warranty service furnished on such units during the term of this Lease.

8. LIABILITY

LESSEE assumes all risk and liability arising from LESSEE's possession, use and operation of Equipment from the point of shipment to LESSEE to the point of receipt by LESSOR and agrees to indemnify and hold LESSOR harmless from any and all of the following, whether the same be actual or alleged unless directly caused by the negligence of LESSOR: all loss, damage, claims, suits, taxes, liens, penalties, fines, liability and expense (including attorney's fees) howsoever arising or incurred because of such possession, use and operation of Equipment including, but not limited to, damages for injuries or death to persons or injury to or destruction of property, claims and liens for storage, labor and materials and all loss of, and damage to, Equipment.

9. INSURANCE

LESSEE, at its own expense, shall keep Equipment insured at the full replacement value thereof against loss by fire, theft, destruction or other damage and shall carry public liability insurance against bodily injury, including death, and against property damage in the amount of at least $1 million per occurance/$2 million aggregate ("Required Insurance"). All such Required Insurance shall be with loss payable to LESSOR and LESSOR's assignees, as their interest may appear, and shall be in amounts and with companies acceptable to LESSOR. In addition, LESSOR and LESSOR's assignees shallbe named as an additional insured with respect to Required Insurance. LESSEE must provide LESSOR with satisfactory written evidence of Required Insurance within ten (10) days of the commencement of this lease or any subsequent written request by LESSOR. If LESSEE does not do so, then in lieu of other remedies for default, LESSOR in its discretion and at its sole option may (but is not required to) obtain insurance from an insurer of LESSOR'S choosing, which may be an affiliate of LESSOR, in such forms and amounts as LESSOR deems reasonable to protect its interests (collectively "Equipment Insurance"). Equipment Insurance will cover the Equipment and LESSOR; it will not name LESSEE as an insured and may not cover all of LESSEE'S interest in the Equipment and will be subject to cancellation at any time. LESSEE agrees to pay LESSOR periodic charges for Equipment Insurance (collectively "Insurance Charges") that include: an insurance premium that may be higher than if LESSEE maintained the Required Insurance separately; a finance charge of up to 1.5% per month on any advances made by LESSOR
Raymond is a registered trademark of The Raymond Corporation
All Rights Reserved

Revised 9/16/11

ii

RAYMOND LEASING CORPORATION
Equipment Master Lease Agreement
Terms And Conditions

or LESSOR'S agents; and commissions, billing and processing fees; any or all of which may generate a profit to LESSOR or LESSOR'S agents. LESSOR may add Insurance Charges to the monthly rental charge as additional rent. LESSOR shall discontinue billing or debiting Insurance Charges for Equipment Insurance upon receipt of satisfactory evidence of Required Insurance. LESSEE must promptly notify LESSOR of any loss or damage to Equipment which makes any item of Equipment unfit for continued or repairable use. LESSEE must apply all proceeds from Required Insurance to the obligations set forth herein before applying such proceeds to any other purpose.

SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDINACE WITH POLICY PROVISIONS.

## 10. COMPLIANCE WITH LAWS AND TAXES

Unless otherwise agreed in writing by the parties, LESSOR will declare and pay when due all license fees, registration fees, assessments, charges and taxes, whether municipal, state or federal, including, but not limited to sales, use, excise and property taxes, and penalties and interest with respect thereto, excluding, however, any taxes based on, or measured solely by, LESSEE'S net income. The amount of all said taxes, fees and similar charges shall be payable by LESSEE as additional rent with the first rental payment after LESSOR has paid any such charges.

## 11. TITLE OF LESSOR; RECORDING

Title to Equipment shall at all times remain in LESSOR. LESSEE shall at all times keep Equipment free and clear from all levies, attachments, liens, encumbrances and charges, or other judicial process of every kind whatsoever. LESSEE shall give LESSOR immediate written notice thereof and shall indemnify and save LESSOR harmless from any loss or damage caused thereby. LESSEE will cooperate with LESSOR and take whatever action may be necessary, including signing documents, to enable LESSOR to file, register or record, and refile, re-register or re-record, this Lease or evidence hereof, whether memorandum of Lease or financing statement, in such offices as LESSOR may determine and wherever required or permitted by law, for the proper protection of LESSOR's title to Equipment. LESSEE agrees to pay the filing fees associated with the registration or recording of this Lease or financing statement in the amount of a one-time $90.00 ("Filing Fee"). Such Filing Fee shall be payable by LESSEE as additional rent with the first rental payment after LESSOR has paid a fee to file or record this Lease or a financing statement. Equipment is and shall remain personal property irrespective of its use or manner of attachment to realty, and LESSEE will not cause or permit Equipment to be attached to realty in such manner that it might become part of such realty without securing the prior written consent of LESSOR, so that Equipment shall remain personal property and may be removed at the option of LESSOR. LESSEE hereby authorizes LESSOR and LESSOR's assignee and each subsequent assignee to file a financing statement signed only by LESSOR or such assignee in all places where necessary to perfect LESSOR's security interest in all jurisdictions where such authorization is permitted by law.

## 12. INSPECTION

LESSEE shall, whenever requested, advise LESSOR of the exact location of Equipment and shall give LESSOR immediate notice of any attachment or other judicial process affecting Equipment, and indemnify and save LESSOR harmless from any loss or damage caused thereby. LESSOR may, with prior notice, at all reasonable times enter upon any job, building or place where Equipment is located for the purpose of inspecting the Equipment.

## 13. DEFAULT AND REMEDIES

Each of the following will constitute an "Event of Default" hereunder: (i) LESSEE fails to pay the rental or any other sums payable hereunder when the same become due; (ii) LESSEE defaults in or fails to perform any other term or condition hereof and the failure to perform such term or condition continues for more than ten (10) days after LESSOR has sent written notice to LESSEE specifying such failure or default; (iii) LESSEE should default under the terms of any other agreement with LESSOR, or LESSOR's assignees or affiliates of LESSOR's assignees; (iv) a Trustee or Receiver shall be appointed for LESSEE or its property; (v) LESSEE shall make an assignment for the benefit of creditors; (vi) LESSEE is the subject of any proceeding under the Bankruptcy Act or becomes insolvent; (vi) LESSEE attempts to remove, sell, transfer, encumber, sublet or part with the possession of the Equipment or do any act or thing tending to impair the title of LESSOR. Upon any such Event of Default, LESSOR, at its option, may do any one or more of the following:

Raymond is a registered trademark of The Raymond Corporation
All Rights Reserved

Revised 9/16/11

RAYMOND LEASING CORPORATION
Equipment Master Lease Agreement
Terms And Conditions

A)   Proceed by appropriate court action or actions, either at law or in equity, to enforce performance by LESSEE of the applicable covenants and terms of this Lease or to recover damages for the breach of such covenants and terms thereof;

B)   Terminate LESSEE's right to possession of the Equipment under the Lease, whereupon all right, title and interest of LESSEE to or in the Equipment shall absolutely cease and thereupon LESSOR may, directly or by its agent, enter upon the premises of LESSEE or other premises where the Equipment may be and take possession thereof and thenceforth hold, possess and enjoy the same, free from any right of LESSEE or its successors or assigns, including any receiver, trustee in bankruptcy, or creditor of LESSEE, to hold or use said Equipment for any purposes whatsoever; but LESSOR shall nevertheless have a right to recover from LESSEE any and all amounts including rents which, under the terms of this Lease, may be then due and unpaid hereunder for use of said Equipment together with any other remedies set forth herein.

C)   Declare that all sums due and to become due hereunder ("Unpaid Rents") are payable forthwith.

D)   In addition to being entitled to take possession of the Equipment as hereinbefore described, recover as damages an amount equal to the Unpaid Rents, plus the residual value of the Equipment set forth on Schedule A, or if no residual value is set forth on Schedule A, the anticipated wholesale fair market value of the Equipment at the end of the Rental Term as determined in good faith by LESSOR, less the wholesale fair market value of the Equipment as of the date that the Equipment is returned to LESSOR as determined in good faith by LESSOR.

In addition to the remedies set forth above, LESSOR shall be entitled to recover a reasonable sum for attorney's fees and such expenses as shall be expended or incurred in the seizure of items of Equipment, in the collection of any amount due hereunder, in the enforcement of any other right or privilege hereunder or in any consultation or action in connection with any of the foregoing, including appeals.

The remedies provided by this section 13 shall be cumulative and shall be in addition to all other remedies in LESSOR's favor existing at law or in equity

14. ASSIGNMENT

LESSEE shall not assign, sell, sublet, encumber or otherwise transfer this Lease or the Equipment or any rights thereto, without the prior written consent of LESSOR, which shall not be unreasonably withheld.

LESSOR may assign or otherwise transfer this Lease or the amounts due or to become due hereunder or its right, title and interest in and to Equipment. If any such assignment is made, LESSEE agrees that it will not assert against the assignee any claim or defense which LESSEE may have against the LESSOR; LESSEE reserving such remedies hereunder solely against LESSOR but not LESSOR's assignee. The term "LESSOR" wherever used in this Lease includes LESSOR's assignee except as the context may otherwise require or as may be otherwise stated herein.

15. POSSESSION AND USE

LESSOR covenants to and with LESSEE that LESSOR is the lawful owner of Equipment free from all encumbrances and that, conditioned upon LESSEE's performing the conditions hereof, LESSEE shall peaceably and quietly hold, possess and use Equipment during said term without hindrance.

16. RETURN OF EQUIPMENT

Upon the expiration or sooner termination of this Lease, LESSEE will immediately return the Equipment in the condition as required by Section 6 above, preparation, freight and insurance prepaid, to LESSOR or to Raymond Leasing Corporation, as directed by LESSOR or it assignee. LESSEE shall provide LESSOR with proof of shipment, such as a bill of lading or other similar document, upon shipment of the Equipment. In the event any Equipment is not returned in this required condition, LESSEE shall reimburse LESSOR for the cost of repairing the Equipment to the required condition.

An inspection to verify condition, as required by Section 6 above, must be performed by an authorized Raymond service representative prior to Equipment removal from LESSEE's premises. Such required condition is described as:

Raymond is a registered trademark of The Raymond Corporation
All Rights Reserved

Revised 9/16/11

iv

RAYMOND LEASING CORPORATION
Equipment Master Lease Agreement
Terms And Conditions

- Units may have no structural damage. No bent tractor or warped uprights, bent or dented tractor frames or out of square reach scissors. Hydraulic cylinders must not be bent, nicked or gouged. Hose reels must not be bent or damaged.

- All covers and guards must be in place with no sheet metal or glass damage.

- All parts, pieces, components and optional equipment must be present, installed and operational.

- All motors shall be in good condition with no need for armature or motor replacement.

- Each unit shall have serviceable tires that must not have cuts, gouges or chunks missing.

- Each unit shall be free of unauthorized decals, decorations, communications, graffiti or othermarkings or coatings.

- No excessive wear necessitating major component repair or replacement caused by lack of maintenance as detailed in Operation and Maintenance Manuals/Maintenance Instructions. (Example: material shaved off uprights due to lack of proper lubrication and/or shimming of roller bearings, bottom carriage plate worn out due to lack of lift chain adjustment, excessive drive unit wear due to lack of lubrication.) Note: These are examples only and do not constitute a full and complete list.

- Batteries must be capable of holding a charge sufficient to operate the applicable Equipment.

- Chargers must be in good operating condition with no sheet metal damage and complete with all direct current leads and plugs.

17. CONSTRUCTION OF AGREEMENT

This agreement shall be construed in accordance with the laws of the State of New York. If any provision of this Agreement is determined by any court of competent jurisdiction to be invalid, such provision shall be determined null and void, but without invalidating the remaining provisions hereof. No representations, understanding, promises, options or warranties, oral or written, express or implied, and no implied warranty of merchantability or fitness of purpose, have been made by either party unless endorsed hereon in writing. Each of LESSEE and LESSOR hereby waives all rights to trial by jury in any judicial proceeding brought by it involving directly or indirectly, any matter in any way arising out of, related to, or connected with this Master Lease Agreement and/or any related schedules and/or other related documents. Further, each of LESSEE and LESSOR hereby agrees to exclude mediation and/or arbitration as alternative dispute resolution procedures with respect to any dispute arising under or in connection with this Master Lease Agreement and/or any related schedules and/or other related documents.

18. GENERAL

Time is of the essence. Waiver of any default shall not waive any other default. LESSOR's failure to require strict performance by LESSEE of any provision of this Lease shall not diminish LESSOR's right thereafter to require strict performance of any provision. Any notice required to be given shall be in writing, directed to the other party at its address shown on the face of this agreement until either party gives written notice of a different address.

Any notice, prepaid and properly addressed, shall be deemed delivered when deposited with the U.S. Mails. No obligation of LESSOR hereunder shall survive any termination of this Lease, and should LESSOR permit the use of any item of Equipment beyond the term specified therefore, the obligations of LESSEE shall continue and such permissive use shall not be construed as a renewal of the term or a waiver of any right or continuation of any obligation of LESSOR hereunder, and LESSOR may take possession of any such Equipment at any time on demand. Except as herein expressly provided, this lease is irrevocable for the full term or extended term hereof.

In the event that LESSEE shall fail to perform any of its obligations under this Lease, the LESSOR may, at its option, perform the same for the account of LESSEE without thereby waiving such default, and any amount paid or expense incurred shall be payable by the LESSEE upon demand as additional rent for the Equipment.

Raymond is a registered trademark of The Raymond Corporation
All Rights Reserved

Revised 9/16/11

RAYMOND LEASING CORPORATION
Equipment Master Lease Agreement
Terms And Conditions

19. ADDITIONAL EQUIPMENT

LESSEE may, from time to time, add other units to the Schedules.

Upon notice of such action and with the submission of the applicable first month rental payment, LESSOR will add the additional Equipment to the Schedule showing Equipment covered by the Lease and immediately reissue the Schedule, dating the same and sequentially numbering the new Schedule, which shall at such time be incorporated herein by reference, to the same effect as if the revised Schedule had been a part of this Lease when initially executed by the parties hereto.

LESSOR will send a copy of such revised Schedule to LESSEE for attachment to its copy of the basic Lease Agreement.

LESSOR may terminate LESSEE's right to add additional Equipment upon thirty (30) days written notice. The termination of such right shall not affect the liability of one party to the other with respect to Equipment previously delivered.

20. ENTIRE AGREEMENT

This Lease, together with all Schedules, Certificate of Delivery and Installation, or Riders now or hereafter added, shall contain the entire Agreement of the parties related to its subject matter and supersedes all prior proposals and negotiations. It cannot be modified, amended or rescinded except in writing signed by both parties.

Raymond is a registered trademark of The Raymond Corporation
All Rights Reserved

Revised 9/16/11

### RAYMOND LEASING CORPORATION
### Schedule A

Date: **JAN 3 0 2013**          Agreement Number: *30798/*

1.      Lessor and Lessee have entered into an Equipment Master Lease Agreement including this Schedule A (collectively the "Lease"), pursuant to which Lessor and Lessee have agreed to lease the Equipment described on Page iii.

2.      THIS LEASE IS FOR A PERIOD OF 60 MONTHS.  Lease rental Payments of $960.55 (and applicable taxes) are due to be made monthly, commencing on the Acceptance Date indicated on Certificate of Delivery and Installation (herein referred to as "Acceptance Date").  The first and last rental payments shall be due and payable in advance upon the signing of this Schedule A. Rental payments thereafter will be due and payable monthly on the corresponding day of each month following the Acceptance Date for the full term of the Lease.  Lessee agrees to pay all taxes, filing fees and other similar charges with respect to payments made under the Master Lease Agreement and the leases related thereto.

3.      Lessee has the option to purchase the Equipment under this lease at the end of the term for the Purchase Option stated below, plus any applicable taxes.  If the purchase option stated below is  FAIR MARKET VALUE,  it will be reasonably determined by the Equipment Manufacturer.

   If the Purchase Option is not exercised at the expiration of the Lease term, Lessee will immediately return this Equipment to Lessor in the same condition as received, normal wear and tear excepted.  In the event any Equipment is not returned in the required condition, Lessee shall reimburse Lessor for its actual, out-of-pocket cost of repairing the Equipment to the required condition. Required condition is as described in the Equipment Master Lease Agreement, Section 16, RETURN OF EQUIPMENT.

4.      Except as amended herein, the aforesaid Equipment Master Lease Agreement, as such, may have been previously amended, shall remain in full force and effect.

5.      Purchase Option:  Fair Market Value

6.      Excess Use Charge:

   The rental rate set forth herein is based upon average monthly usage of the Equipment as stated below.  The Allowable Hours for the Equipment leased hereunder shall be equal to the number of months in the Term, as set forth in section 2 of this Schedule A, multiplied by the monthly usage selected herein.  In the event that the Equipment has been used in excess of the Allowable Hours when it is returned to LESSOR or its assignee, then LESSEE shall pay to LESSOR or its assignee, an amount equal to the overtime charge multiplied by the number of hours in excess of the Allowable Hours.

| Allowable Hours | Overtime Charge |
|---|---|
| X   166.67 hrs (2000 hrs/yr) | $2.23 |
| n/a  333.33 hrs (4000 hrs/yr) | |
| n/a  500 hrs (6000 hrs/yr) | |

AGREED TO AND ACCEPTED AS OF:          By execution hereof, the signer certifies having read, accepted and duly executed this Equipment Master Lease Agreement on behalf of Lessee.

Lessee:  WORKFLOWONE LLC                     Lessor:   RAYMOND STORAGE CONCEPTS, INC.

By: _____                  By: _____
      (Authorized Signature)                             (Authorized Signature)

Title:  VICE-PRESIDENT + CFO                 Title:  President

Dated:  11-27-12                             Dated:  1/9/13

                                             Livermore, CA

                                             Prop. # 073112

Raymond is a registered trademark of the Raymond Corporation.
All Rights Reserved

Revised 7/20/07

APPROVED AS TO FORM
mHsy
11-27-12
WORKFLOWONE LEGAL DEPT.

i

RAYMOND LEASING CORPORATION
Schedule A

7.    **ASSIGNMENT:** FOR VALUE RECEIVED, the undersigned does hereby sell, assign, transfer and set over to RAYMOND LEASING CORPORATION its successors and assigns, all of the undersigned's right, title and interest in and to the foregoing Lease (herein called Instrument), the Equipment covered thereby and all rents and other sums due, or to become due, thereunder.

a.    Undersigned warrants that the Instrument is genuine, collectible, enforceable, contains the entire Agreement of the parties with respect to the property covered thereby, and is and will continue free from defense and offsets; all signatures, names and addresses, amounts and other statements contained therein are genuine, true and correct; the property has been delivered to the LESSEE in satisfactory condition and has been accepted by LESSEE; the Instrument evidences a valid reservation of title to or first lien upon the property covered thereby and has been filed or recorded, if permitted or required by law, as to be effective against all persons.

b.    Undersigned agrees, on RAYMOND LEASING CORPORATION'S request to assist RAYMOND LEASING CORPORATION in collecting sums due under the Instrument and in enforcing RAYMOND LEASING CORPORATION'S right to repossess in the event of a default.

AGREED TO AND ACCEPTED AS OF:        By execution hereof, the signer certifies having read, accepted and
                                     duly executed this Equipment Master Lease Agreement on behalf of Lessee.

Attest: _____        Lessor:    RAYMOND STORAGE CONCEPTS,
                                                   INC.
Title:  _VICE-PRESIDENT & CFO_        By: _____
Dated:  _11-27-12_                    Title: _President_
                                     Dated: _1/9/13_


ASSIGNMENT ACCEPTED
RAYMOND LEASING CORP
GREENE, NEW YORK 13778

_____
AUTHORIZED SIGNATURE
JAN 3 0 2013

Raymond is a registered trademark of The Raymond Corporation
All Rights Reserved

Revised 7/20/07                                    ii

RAYMOND LEASING CORPORATION
Schedule A

Date:  JAN 3 0 2013                      Agreement Number:  *307981*

Equipment Description Lines

| Quantity | Manufacturer | Description | Model | Serial Number |
|----------|--------------|-------------|-------|---------------|
| 1 | Raymond | Orderpicker | 540-OPC30TT | 540-12-C15672 |
| 1 | Enersys | Battery | 12-E125-15 | RKL754282 |
| 1 | Enersys | Charger | EH3-12-900Y | KJ126286 |
| 1 | Raymond | Reach | 750-R35TT | 750-12-AA35683 |
| 1 | Enersys | Battery | 18-E125-13 | RKL754283 |
| 1 | Enersys | Charger | EH3-18-1200Y | KJ126415 |

Raymond is a registered trademark of The Raymond Corporation
All Rights Reserved

Revised 7/20/07                                      iii

RAYMOND LEASING CORPORATION
Certificate of Delivery And Installation

Date:   JAN 3 0 2013                 Agreement Number:   307981

The Lease between RAYMOND STORAGE CONCEPTS, INC. (the "LESSOR") and  WORKFLOWONE LLC (the "LESSEE")

| Quantity | Manufacturer | Description | Model | Serial Number |
|----------|--------------|-------------|-------|---------------|
| 1 | Raymond | Orderpicker | 540-OPC30TT | 540-12-C15672 |
| 1 | Enersys | Battery | 12-E125-15 | RKL754282 |
| 1 | Enersys | Charger | EH3-12-900Y | KJ126286 |
| 1 | Raymond | Reach | 750-R35TT | 750-12-AA35683 |
| 1 | Enersys | Battery | 18-E125-13 | RKL754283 |
| 1 | Enersys | Charger | EH3-18-1200Y | KJ126415 |

Equipment Location:  5775 Brisa Street, Livermore, CA  94550

County:     Alameda

1       ITEMS OF EQUIPMENT:
        The LESSEE hereby certifies and warrants to LESSOR that the above items of Equipment have been delivered to the location
        indicated above, tested and inspected by the LESSEE, or LESSEE has had reasonable opportunity to do so, found to be in good order
        and accepted as items of Equipment under the Lease, all on the Acceptance Date indicated below. The serial number of each item of
        Equipment, as specified above, has been verified. LESSEE approves full payment therefore by LESSOR to supplier(s).

2.      REPRESENTATIONS BY THE LESSEE:
        The LESSEE hereby represents and warrants to LESSOR that (i) no Event of Default or event which, with the giving of notice or the
        lapse of time, or both, would become such an Event of Default under the Lease has occurred and is continuing, and (ii) the LESSEE
        has obtained, and there are in full force and effect, all insurance policies with respect to the Equipment and public liability required to
        be obtained under the terms of the Lease.

3       SHOULD LESSEE HEREAFTER DISCOVER ANY DEFECT, UNFITNESS OR FAILURE OF PERFORMANCE OF
        EQUIPMENT (INCLUDING, WITHOUT LIMITATION, SOFTWARE SYSTEMS AND PROGRAMMING), LESSEE'S
        OBLIGATIONS TO LESSOR, INCLUDING THE OBLIGATION TO PAY RENTS WHEN DUE, REMAIN IN EFFECT AS
        MORE FULLY STATED IN THE TERMS AND CONDITIONS OF THE LEASE. IN SUCH EVENT, LESSEE'S EXCLUSIVE
        RECOURSE SHALL BE AGAINST THE MANUFACTURER, SUPPLIER, PROGRAMMER AND/OR SERVICING AGENT
        FOR THE EQUIPMENT, AS IN LESSEE'S JUDGMENT APPEARS APPROPRIATE.

Acceptance Date:  12-21-12

        Name of Lessee:     WORKFLOWONE LLC

        Signed By:  _Mike McClary_     M. Lee M°Clary

        Title:  _BSC Manager_

Acceptance Date:

        Name of Lessee:    WORKFLOWONE LLC

Raymond is a registered trademark of The Raymond Corporation
All Rights Reserved

Revised 4/6/04                                   IV

RAYMOND LEASING CORPORATION
Schedule A

Date: JAN 3 0 2013                    Agreement Number: 307982

1.      Lessor and Lessee have entered into an Equipment Master Lease Agreement including this Schedule A (collectively the "Lease"), pursuant to which Lessor and Lessee have agreed to lease the Equipment described on Page iii.

2.      THIS LEASE IS FOR A PERIOD OF 60 MONTHS. Lease rental Payments of $471.12 (and applicable taxes) are due to be made monthly, commencing on the Acceptance Date indicated on Certificate of Delivery and Installation (herein referred to as "Acceptance Date"). The first and last rental payments shall be due and payable in advance upon the signing of this Schedule A. Rental payments thereafter will be due and payable monthly on the corresponding day of each month following the Acceptance Date for the full term of the Lease. Lessee agrees to pay all taxes, filing fees and other similar charges with respect to payments made under the Master Lease Agreement and the leases related thereto.

3.      Lessee has the option to purchase the Equipment under this lease at the end of the term for the Purchase Option stated below, plus any applicable taxes. If the purchase option stated below is FAIR MARKET VALUE, it will be reasonably determined by the Equipment Manufacturer.

        If the Purchase Option is not exercised at the expiration of the Lease term, Lessee will immediately return this Equipment to Lessor in the same condition as received, normal wear and tear excepted. In the event any Equipment is not returned in the required condition, Lessee shall reimburse Lessor for its actual, out-of-pocket cost of repairing the Equipment to the required condition. Required condition is as described in the Equipment Master Lease Agreement, Section 16, RETURN OF EQUIPMENT.

4.      Except as amended herein, the aforesaid Equipment Master Lease Agreement, as such, may have been previously amended, shall remain in full force and effect.

5.      Purchase Option: Fair Market Value

6.      Excess Use Charge:

        The rental rate set forth herein is based upon average monthly usage of the Equipment as stated below. The Allowable Hours for the Equipment leased hereunder shall be equal to the number of months in the Term, as set forth in section 2 of this Schedule A, multiplied by the monthly usage selected herein. In the event that the Equipment has been used in excess of the Allowable Hours when it is returned to LESSOR or its assignee, then LESSEE shall pay to LESSOR or its assignee, an amount equal to the overtime charge multiplied by the number of hours in excess of the Allowable Hours.

| Allowable Hours | Overtime Charge |
|---|---|
| X   166.67 hrs (2000 hrs/yr) | $2.03 |
| n/a  333.33 hrs (4000 hrs/yr) | |
| n/a  500 hrs (6000 hrs/yr) | |

AGREED TO AND ACCEPTED AS OF:          By execution hereof, the signer certifies having read, accepted and duly executed this Equipment Master Lease Agreement on behalf of Lessee.

Lessee:  WORKFLOWONE LLC                Lessor:  RAYMOND STORAGE CONCEPTS, INC.

By: _____            By: _____
        (Authorized Signature)                  (Authorized Signature)

Title: VICE - PRESIDENT + CFO           Title: President

Dated: 11-27-12                         Dated: 1/9/13

APPROVED AS TO FORM
mLls4
11-27-12
WORKFLOWONE LEGAL DEPT.

Coldwater, OH

Proposal# 073112

Raymond is a registered trademark of The Raymond Corporation
All Rights Reserved

Revised 7/20/07                                    i

RAYMOND LEASING CORPORATION
Schedule A

7.    ASSIGNMENT:  FOR VALUE RECEIVED, the undersigned does hereby sell, assign, transfer and set over to RAYMOND LEASING CORPORATION its successors and assigns, all of the undersigned's right, title and interest in and to the foregoing Lease (herein called Instrument), the Equipment covered thereby and all rents and other sums due, or to become due, thereunder.

    a.    Undersigned warrants that the Instrument is genuine, collectible, enforceable, contains the entire Agreement of the parties with respect to the property covered thereby, and is and will continue free from defense and offsets; all signatures, names and addresses, amounts and other statements contained therein are genuine, true and correct; the property has been delivered to the LESSEE in satisfactory condition and has been accepted by LESSEE; the Instrument evidences a valid reservation of title to or first lien upon the property covered thereby and has been filed or recorded, if permitted or required by law, as to be effective against all persons.

    b.    Undersigned agrees, on RAYMOND LEASING CORPORATION'S request to assist RAYMOND LEASING CORPORATION in collecting sums due under the Instrument and in enforcing RAYMOND LEASING CORPORATION'S right to repossess in the event of a default.

AGREED TO AND ACCEPTED AS OF:    By execution hereof, the signer certifies having read, accepted and
                                      duly executed this Equipment Master Lease Agreement on behalf of Lessee.

Attest: _____    Lessor:  RAYMOND STORAGE CONCEPTS, INC.
Title: _VICE-PRESIDENT & CFO___    By: _____
Dated: ___11-27-12_____    Title: __President_____
                                    Dated: __1/9/13_____

ASSIGNMENT ACCEPTED
RAYMOND LEASING CORP
GREENE, NEW YORK 13778

AUTHORIZED SIGNATURE

JAN 3 0 2013

Raymond is a registered trademark of The Raymond Corporation
All Rights Reserved

Revised 7/20/07          ii

RAYMOND LEASING CORPORATION
Schedule A

Date: JAN 3 0 2013                    Agreement Number: 307982

Equipment Description Lines

| Quantity | Manufacturer | Description | Model | Serial Number |
|----------|--------------|-------------|-------|---------------|
| 1 | Raymond | Counterbalance | 470C50 | 470-12-HM30668 |
| 1 | Enersys | Battery | 18-E85-23 | RKJ742863 |
| 1 | Enersys | Charger | EH3-18-1200Y | KJ124894 |

Raymond is a registered trademark of The Raymond Corporation
All Rights Reserved

Revised 7/20/07                    iii

JAN 3 0 2013

RAYMOND LEASING CORPORATION
Certificate of Delivery And Installation

*307982*

Date: *12-11-2012*

Agreement Number: *290097*

The Lease between RAYMOND STORAGE CONCEPTS, INC. (the "LESSOR") and   WORKFLOWONE LLC (the "LESSEE")

| Quantity | Manufacturer | Description | Model | Serial Number |
|----------|-------------|-------------|-------|---------------|
| 1 | Raymond | Counterbalance | 470C50 | 470-12-HM30668 |
| 1 | Enersys | Battery | 18-E85-23 | RKJ742863 |
| 1 | Enersys | Charger | EH3-18-1200Y | KJ124894 |

Equipment Location:  515 W. Sycamore Street, Coldwater, OH 45828

County:      Mercer

1. ITEMS OF EQUIPMENT:
   The LESSEE hereby certifies and warrants to LESSOR that the above items of Equipment have been delivered to the location indicated above, tested and inspected by the LESSEE, or LESSEE has had reasonable opportunity to do so, found to be in good order and accepted as items of Equipment under the Lease, all on the Acceptance Date indicated below. The serial number of each item of Equipment, as specified above, has been verified. LESSEE approves full payment therefore by LESSOR to supplier(s).

2. REPRESENTATIONS BY THE LESSEE:
   The LESSEE hereby represents and warrants to LESSOR that (i) no Event of Default or event which, with the giving of notice or the lapse of time, or both, would become such an Event of Default under the Lease has occurred and is continuing, and (ii) the LESSEE has obtained, and there are in full force and effect, all insurance policies with respect to the Equipment and public liability required to be obtained under the terms of the Lease.

3. SHOULD LESSEE HEREAFTER DISCOVER ANY DEFECT, UNFITNESS OR FAILURE OF PERFORMANCE OF EQUIPMENT (INCLUDING, WITHOUT LIMITATION, SOFTWARE SYSTEMS AND PROGRAMMING), LESSEE'S OBLIGATIONS TO LESSOR, INCLUDING THE OBLIGATION TO PAY RENTS WHEN DUE, REMAIN IN EFFECT AS MORE FULLY STATED IN THE TERMS AND CONDITIONS OF THE LEASE. IN SUCH EVENT, LESSEE'S EXCLUSIVE RECOURSE SHALL BE AGAINST THE MANUFACTURER, SUPPLIER, PROGRAMMER AND/OR SERVICING AGENT FOR THE EQUIPMENT, AS IN LESSEE'S JUDGMENT APPEARS APPROPRIATE.

Acceptance Date: *12-11-2012*

Name of Lessee:    WORKFLOWONE LLC

Signed By: *Rich Kim*

Title: *Plant manager . Coldwater*

Raymond is a registered trademark of The Raymond Corporation
All Rights Reserved

Revised 4/6/04                                    lv

RAYMOND LEASING CORPORATION
Schedule A

Date: JAN 3 0 2013                    Agreement Number: 307983

1.   Lessor and Lessee have entered into an Equipment Master Lease Agreement including this Schedule A (collectively the "Lease"), pursuant to which Lessor and Lessee have agreed to lease the Equipment described on Page iii.

2.   THIS LEASE IS FOR A PERIOD OF 60  MONTHS.  Lease rental Payments of  $1321.98 (and applicable taxes) are due to be made monthly, commencing on the Acceptance Date indicated on Certificate of Delivery and Installation (herein referred to as "Acceptance Date").  The first and last rental payments shall be due and payable in advance upon the signing of this Schedule A. Rental payments thereafter will be due and payable monthly on the corresponding day of each month following the Acceptance Date for the full term of the Lease.  Lessee agrees to pay all taxes, filing fees and other similar charges with respect to payments made under the Master Lease Agreement and the leases related thereto.

3.   Lessee has the option to purchase the Equipment under this lease at the end of the term for the Purchase Option stated below, plus any applicable taxes.  If the purchase option stated below is  FAIR MARKET VALUE, it will be reasonably determined by the Equipment Manufacturer.

     If the Purchase Option is not exercised at the expiration of the Lease term, Lessee will immediately return this Equipment to Lessor in the same condition as received, normal wear and tear excepted.  In the event any Equipment is not returned in the required condition, Lessee shall reimburse Lessor for its actual, out-of-pocket cost of repairing the Equipment to the required condition. Required condition is as described in the Equipment Master Lease Agreement, Section 16, RETURN OF EQUIPMENT.

4.   Except as amended herein, the aforesaid Equipment Master Lease Agreement, as such, may have been previously amended, shall remain in full force and effect.

5.   Purchase Option:  Fair Market Value

6.   Excess Use Charge:

     The rental rate set forth herein is based upon average monthly usage of the Equipment as stated below.  The Allowable Hours for the Equipment leased hereunder shall be equal to the number of months in the Term, as set forth in section 2 of this Schedule A, multiplied by the monthly usage selected herein.  In the event that the Equipment has been used in excess of the Allowable Hours when it is returned to LESSOR or its assignee,  then LESSEE shall pay to LESSOR or its assignee, an amount equal to the overtime charge multiplied by the number of hours in excess of the Allowable Hours.

     | **Allowable Hours** | **Overtime Charge** |
     |---|---|
     | X   166.67 hrs (2000 hrs/yr) | $2.06 |
     | n/a   333.33 hrs (4000 hrs/yr) | |
     | n/a   500 hrs (6000 hrs/yr) | |

AGREED TO AND ACCEPTED AS OF:        By execution hereof, the signer certifies having read, accepted and
                                     duly executed this Equipment Master Lease Agreement on behalf of Lessee.

Lessee   WORKFLOWONE LLC                 Lessor:   RAYMOND STORAGE CONCEPTS, INC.

By                                       By:
     (Authorized Signature)                   (Authorized Signature)
Title   VICE - PRESIDENT + CFO           Title:  President
Dated   11-27-12                         Dated:  1/9/13

                                         Ontario, CA
                                         Proposal # 073112

Raymond is a registered trademark of The Raymond Corporation
All Rights Reserved

Revised 7/20/07                                                                          i

APPROVED AS TO FORM
WORKFLOWONE LEGAL DEPT.
m L/54
11-27-12

RAYMOND LEASING CORPORATION
Schedule A

7.    **ASSIGNMENT:**  FOR VALUE RECEIVED, the undersigned does hereby sell, assign, transfer and set over to RAYMOND LEASING CORPORATION its successors and assigns, all of the undersigned's right, title and interest in and to the foregoing Lease (herein called Instrument), the Equipment covered thereby and all rents and other sums due, or to become due, thereunder.

a.    Undersigned warrants that the Instrument is genuine, collectible, enforceable, contains the entire Agreement of the parties with respect to the property covered thereby, and is and will continue free from defense and offsets; all signatures, names and addresses, amounts and other statements contained therein are genuine, true and correct; the property has been delivered to the LESSEE in satisfactory condition and has been accepted by LESSEE; the Instrument evidences a valid reservation of title to or first lien upon the property covered thereby and has been filed or recorded, if permitted or required by law, as to be effective against all persons.

b.    Undersigned agrees, on RAYMOND LEASING CORPORATION'S request to assist RAYMOND LEASING CORPORATION in collecting sums due under the Instrument and in enforcing RAYMOND LEASING CORPORATION'S right to repossess in the event of a default.

AGREED TO AND ACCEPTED AS OF:          By execution hereof, the signer certifies having read, accepted and duly executed this Equipment Master Lease Agreement on behalf of Lessee.

Attest: _____       Lessor:   RAYMOND STORAGE CONCEPTS, INC.

Title:  _VICE- PRESIDENT  & CFO_           By: _____

Dated:  _11-27-12_                         Title: _President_

                                           Dated: _1/9/13_

WORKFLOW/PHONE LEGAL DEPT.
mLJSY
11-27-12
APPROVED AS TO FORM

ASSIGNMENT ACCEPTED
RAYMOND LEASING CORP
GREENE, NEW YORK 13778

AUTHORIZED SIGNATURE
JAN 3 0 2013

Raymond is a registered trademark of The Raymond Corporation
All Rights Reserved

Revised 7/20/07                                    ii

## RAYMOND LEASING CORPORATION
### Schedule A

Date:    JAN 3 0 2013                    Agreement Number: _307983_

Equipment Description Lines

| Quantity | Manufacturer | Description | Model | Serial Number |
|----------|--------------|-------------|-------|---------------|
| 3 | Raymond | Orderpicker | 540-OPC30TT | 540-12-C15674,540-12-C15675,540-12-C15676 |
| 3 | Enersys | Battery | 12-E125-15 | RKK747258,RKK747259,RKK747260 |
| 3 | Enersys | Charger | EH3-12-900Y | KJ125519,KJ125520,KJ125521 |

Raymond is a registered trademark of The Raymond Corporation
All Rights Reserved

Revised 7/20/07                    iii

RAYMOND LEASING CORPORATION
Certificate of Delivery And Installation

Date: **JAN 3 0 2013**                    Agreement Number: _807983_

The Lease between RAYMOND STORAGE CONCEPTS, INC. (the "LESSOR") and   WORKFLOWONE LLC (the "LESSEE")

| Quantity | Manufacturer | Description | Model | Serial Number |
|----------|--------------|-------------|-------|---------------|
| 3 | Raymond | Orderpicker | 540-OPC30TT | 540-12-C15674,540-12-C15675,540-12-C15676 |
| 3 | Enersys | Battery | 12-E125-15 | RKK747258,RKK747259,RKK747260 |
| 3 | Enersys | Charger | EH3-12-900Y | KJ125519,KJ125520,KJ125521 |

Equipment Location:  425 South Rockefeller Ave., Ontario, CA  91761

**County:**      San Bernardino

1.    ITEMS OF EQUIPMENT:
The LESSEE hereby certifies and warrants to LESSOR that the above items of Equipment have been delivered to the location indicated above, tested and inspected by the LESSEE, or LESSEE has had reasonable opportunity to do so, found to be in good order and accepted as items of Equipment under the Lease, all on the Acceptance Date indicated below. The serial number of each item of Equipment, as specified above, has been verified. LESSEE approves full payment therefore by LESSOR to supplier(s).

2.    REPRESENTATIONS BY THE LESSEE:
The LESSEE hereby represents and warrants to LESSOR that (i) no Event of Default or event which, with the giving of notice or the lapse of time, or both, would become such an Event of Default under the Lease has occurred and is continuing, and (ii) the LESSEE has obtained, and there are in full force and effect, all insurance policies with respect to the Equipment and public liability required to be obtained under the terms of the Lease.

3.    SHOULD LESSEE HEREAFTER DISCOVER ANY DEFECT, UNFITNESS OR FAILURE OF PERFORMANCE OF EQUIPMENT (INCLUDING, WITHOUT LIMITATION, SOFTWARE SYSTEMS AND PROGRAMMING), LESSEE'S OBLIGATIONS TO LESSOR, INCLUDING THE OBLIGATION TO PAY RENTS WHEN DUE, REMAIN IN EFFECT AS MORE FULLY STATED IN THE TERMS AND CONDITIONS OF THE LEASE. IN SUCH EVENT, LESSEE'S EXCLUSIVE RECOURSE SHALL BE AGAINST THE MANUFACTURER, SUPPLIER, PROGRAMMER AND/OR SERVICING AGENT FOR THE EQUIPMENT, AS IN LESSEE'S JUDGMENT APPEARS APPROPRIATE.

Acceptance Date: _12/20/12_

Name of Lessee:   WORKFLOWONE LLC

Signed By: _Kimberly Arnau_

Title: _Operations Manager_

Raymond is a registered trademark of The Raymond Corporation
All Rights Reserved

Revised 4/6/04                          iv

**RAYMOND LEASING CORPORATION**
Schedule A

Date:  JAN 3 0 2013              Agreement Number:  30 7W8 4

1.  Lessor and Lessee have entered into an Equipment Master Lease Agreement including this Schedule A (collectively the "Lease"), pursuant to which Lessor and Lessee have agreed to lease the Equipment described on Page iii.

2.  THIS LEASE IS FOR A PERIOD OF 60 MONTHS. Lease rental Payments of $1337.99 (and applicable taxes) are due to be made monthly, commencing on the Acceptance Date indicated on Certificate of Delivery and Installation (herein referred to as "Acceptance Date"). The first and last rental payments shall be due and payable in advance upon the signing of this Schedule A. Rental payments thereafter will be due and payable monthly on the corresponding day of each month following the Acceptance Date for the full term of the Lease. Lessee agrees to pay all taxes, filing fees and other similar charges with respect to payments made under the Master Lease Agreement and the leases related thereto.

3.  Lessee has the option to purchase the Equipment under this lease at the end of the term for the Purchase Option stated below, plus any applicable taxes. If the purchase option stated below is FAIR MARKET VALUE, it will be reasonably determined by the Equipment Manufacturer.

    If the Purchase Option is not exercised at the expiration of the Lease term, Lessee will immediately return this Equipment to Lessor in the same condition as received, normal wear and tear excepted. In the event any Equipment is not returned in the required condition, Lessee shall reimburse Lessor for its actual, out-of-pocket cost of repairing the Equipment to the required condition. Required condition is as described in the Equipment Master Lease Agreement, Section 16, RETURN OF EQUIPMENT.

4.  Except as amended herein, the aforesaid Equipment Master Lease Agreement, as such, may have been previously amended, shall remain in full force and effect.

5.  Purchase Option:  Fair Market Value

6.  Excess Use Charge:

    The rental rate set forth herein is based upon average monthly usage of the Equipment as stated below. The Allowable Hours for the Equipment leased hereunder shall be equal to the number of months in the Term, as set forth in section 2 of this Schedule A, multiplied by the monthly usage selected herein. In the event that the Equipment has been used in excess of the Allowable Hours when it is returned to LESSOR or its assignee, then LESSEE shall pay to LESSOR or its assignee, an amount equal to the overtime charge multiplied by the number of hours in excess of the Allowable Hours.

| Allowable Hours | Overtime Charge |
|---|---|
| X   166.67 hrs (2000 hrs/yr) | $6.91 |
| n/a   333.33 hrs (4000 hrs/yr) | |
| n/a   500 hrs (6000 hrs/yr) | |

AGREED TO AND ACCEPTED AS OF:        By execution hereof, the signer certifies having read, accepted and duly executed this Equipment Master Lease Agreement on behalf of Lessee.

Lessee:  WORKFLOWONE LLC                    Lessor:  RAYMOND STORAGE CONCEPTS, INC.

By:  _____            By:  _____
         (Authorized Signature)                       (Authorized Signature)
Title:  VICE-PRESIDEN                     Title:  President
Dated:  11-27-12                          Dated:  1/9/13

                                          Ontario, CA

                                          Proposal # 062512

Raymond is a registered trademark of the Raymond Corporation.
All Rights Reserved

Revised 7/20/07                                                            i

APPROVED AS TO FORM  mc/sy  11-27-12  WORKFLOWONE LEGAL DEPT.

RAYMOND LEASING CORPORATION
Schedule A

7.      ASSIGNMENT: FOR VALUE RECEIVED, the undersigned does hereby sell, assign, transfer and set over to RAYMOND LEASING CORPORATION its successors and assigns, all of the undersigned's right, title and interest in and to the foregoing Lease (herein called Instrument), the Equipment covered thereby and all rents and other sums due, or to become due, thereunder.

a.      Undersigned warrants that the Instrument is genuine, collectible, enforceable, contains the entire Agreement of the parties with respect to the property covered thereby, and is and will continue free from defense and offsets; all signatures, names and addresses, amounts and other statements contained therein are genuine, true and correct; the property has been delivered to the LESSEE in satisfactory condition and has been accepted by LESSEE; the Instrument evidences a valid reservation of title to or first lien upon the property covered thereby and has been filed or recorded, if permitted or required by law, as to be effective against all persons.

b.      Undersigned agrees, on RAYMOND LEASING CORPORATION'S request to assist RAYMOND LEASING CORPORATION in collecting sums due under the Instrument and in enforcing RAYMOND LEASING CORPORATION'S right to repossess in the event of a default.

AGREED TO AND ACCEPTED AS OF:        By execution hereof, the signer certifies having read, accepted and
                                       duly executed this Equipment Master Lease Agreement on behalf of Lessee.

Attest: _____        Lessor:   RAYMOND STORAGE CONCEPTS,
                                                 INC.
Title:  _VICE-PRESIDENT  & CFO_        By:     _____
Dated:  _11-27-12_                     Title:  _President_
                                       Dated:  _1/9/13_


ASSIGNMENT ACCEPTED
RAYMOND LEASING CORP
GREENE, NEW YORK 13778

AUTHORIZED SIGNATURE
JAN 3 0 2013

Raymond is a registered trademark of The Raymond Corporation
All Rights Reserved

Revised 7/20/07                        ii

RAYMOND LEASING CORPORATION
Schedule A

Date:    JAN 3 0 2013                    Agreement Number: _307984_

Equipment Description Lines

| Quantity | Manufacturer | Description | Model | Serial Number |
|----------|--------------|-------------|-------|---------------|
| 1 | Raymond | Swing-Reach | 960-CSR30T | 960-12-02279 |
| 1 | Enersys | Battery | 24-E125-13 | RKK747261 |
| 1 | Enersys | Charger | EH3-24-1000Y | KJ125791 |

Raymond is a registered trademark of The Raymond Corporation
All Rights Reserved

Revised 7/20/07                              iii

RAYMOND LEASING CORPORATION
Certificate of Delivery And Installation

Date: JAN 3 0 2013

Agreement Number: *307984*

The Lease between RAYMOND STORAGE CONCEPTS, INC. (the "LESSOR") and   WORKFLOWONE LLC (the "LESSEE")

| Quantity | Manufacturer | Description | Model | Serial Number |
|----------|--------------|-------------|-------|---------------|
| 1 | Raymond | Swing-Reach | 960-CSR30T | 960-12-02279 |
| 1 | Enersys | Battery | 24-E125-13 | RKK747261 |
| 1 | Enersys | Charger | EH3-24-1000Y | KJ125791 |

Equipment Location:  425 South Fockefeller Ave., Ontario, CA  91761-7866

County:     San Bernardino

1.      ITEMS OF EQUIPMENT:
The LESSEE hereby certifies and warrants to LESSOR that the above items of Equipment have been delivered to the location indicated above, tested and inspected by the LESSEE, or LESSEE has had reasonable opportunity to do so, found to be in good order and accepted as items of Equipment under the Lease, all on the Acceptance Date indicated below.  The serial number of each item of Equipment, as specified above, has been verified.  LESSEE approves full payment therefore by LESSOR to supplier(s).

2.      REPRESENTATIONS BY THE LESSEE:
The LESSEE hereby represents and warrants to LESSOR that (i) no Event of Default or event which, with the giving of notice or the lapse of time, or both, would become such an Event of Default under the Lease has occurred and is continuing, and (ii) the LESSEE has obtained, and there are in full force and effect, all insurance policies with respect to the Equipment and public liability required to be obtained under the terms of the Lease.

3.      SHOULD LESSEE HEREAFTER DISCOVER ANY DEFECT, UNFITNESS OR FAILURE OF PERFORMANCE OF EQUIPMENT (INCLUDING, WITHOUT LIMITATION, SOFTWARE SYSTEMS AND PROGRAMMING), LESSEE'S OBLIGATIONS TO LESSOR, INCLUDING THE OBLIGATION TO PAY RENTS WHEN DUE, REMAIN IN EFFECT AS MORE FULLY STATED IN THE TERMS AND CONDITIONS OF THE LEASE.  IN SUCH EVENT, LESSEE'S EXCLUSIVE RECOURSE SHALL BE AGAINST THE MANUFACTURER, SUPPLIER, PROGRAMMER AND/OR SERVICING AGENT FOR THE EQUIPMENT, AS IN LESSEE'S JUDGMENT APPEARS APPROPRIATE.

Acceptance Date: 11-16-12

Name of Lessee:   WORKFLOWONE LLC

Signed By: *Kimberly Araw*

Title: *Operations Mgr.*

Raymond is a registered trademark of The Raymond Corporation
All Rights Reserved

Revised 4/6/04                                    iv

## RAYMOND LEASING CORPORATION
### Schedule A

Date:    JAN 3 0 2013                    Agreement Number:  *307985*

1.    Lessor and Lessee have entered into an Equipment Master Lease Agreement including this Schedule A (collectively the "Lease"), pursuant to which Lessor and Lessee have agreed to lease the Equipment described on Page iii.

2.    THIS LEASE IS FOR A PERIOD OF 60 MONTHS.  Lease rental Payments of $1352.55 (and applicable taxes) are due to be made monthly, commencing on the Acceptance Date indicated on Certificate of Delivery and Installation (herein referred to as "Acceptance Date").  The first and last rental payments shall be due and payable in advance upon the signing of this Schedule A. Rental payments thereafter will be due and payable monthly on the corresponding day of each month following the Acceptance Date for the full term of the Lease.  Lessee agrees to pay all taxes, filing fees and other similar charges with respect to payments made under the Master Lease Agreement and the leases related thereto.

3.    Lessee has the option to purchase the Equipment under this lease at the end of the term for the Purchase Option stated below, plus any applicable taxes.  If the purchase option stated below is  FAIR MARKET VALUE,  it will be reasonably determined by the Equipment Manufacturer.

     If the Purchase Option is not exercised at the expiration of the Lease term, Lessee will immediately return this Equipment to Lessor in the same condition as received, normal wear and tear excepted.  In the event any Equipment is not returned in the required condition, Lessee shall reimburse Lessor for its actual, out-of-pocket cost of repairing the Equipment to the required condition. Required condition is as described in the Equipment Master Lease Agreement, Section 16, RETURN OF EQUIPMENT.

4.    Except as amended herein, the aforesaid Equipment Master Lease Agreement, as such, may have been previously amended, shall remain in full force and effect.

5.    Purchase Option:  Fair Market Value

6.    Excess Use Charge:

     The rental rate set forth herein is based upon average monthly usage of the Equipment as stated below.  The Allowable Hours for the Equipment leased hereunder shall be equal to the number of months in the Term, as set forth in section 2 of this Schedule A, multiplied by the monthly usage selected herein.  In the event that the Equipment has been used in excess of the Allowable Hours when it is returned to LESSOR or its assignee,  then LESSEE shall pay to LESSOR or its assignee, an amount equal to the overtime charge multiplied by the number of hours in excess of the Allowable Hours.

| Allowable Hours | Overtime Charge |
|---|---|
| X   166.67 hrs (2000 hrs/yr) | $7.01 |
| n/a   333.33 hrs (4000 hrs/yr) | |
| n/a   500 hrs (6000 hrs/yr) | |

AGREED TO AND ACCEPTED AS OF:             By execution hereof, the signer certifies having read, accepted and
                                          duly executed this Equipment Master Lease Agreement on behalf of Lessee.

Lessee:  WORKFLOWONE LLC          Lessor:   RAYMOND STORAGE CONCEPTS, INC.

By:  _____      By:  _____
        (Authorized Signature)                (Authorized Signature)

Title:  VICE - PRESIDENT & CFO    Title:  President

Dated:  11-27-12                  Dated:  1/9/13

APPROVED AS TO FORM
m/Ly
WORKFLOWONE LEGAL DEPT.
11-27-12

GroveCity, OH
Proposal # 062512

Raymond is a registered trademark of The Raymond Corporation
All Rights Reserved

Revised 7/20/07

RAYMOND LEASING CORPORATION
Schedule A

7.    ASSIGNMENT: FOR VALUE RECEIVED, the undersigned does hereby sell, assign, transfer and set over to RAYMOND LEASING CORPORATION its successors and assigns, all of the undersigned's right, title and interest in and to the foregoing Lease (herein called Instrument), the Equipment covered thereby and all rents and other sums due, or to become due, thereunder.

   a.    Undersigned warrants that the Instrument is genuine, collectible, enforceable, contains the entire Agreement of the parties with respect to the property covered thereby, and is and will continue free from defense and offsets; all signatures, names and addresses, amounts and other statements contained therein are genuine, true and correct; the property has been delivered to the LESSEE in satisfactory condition and has been accepted by LESSEE; the Instrument evidences a valid reservation of title to or first lien upon the property covered thereby and has been filed or recorded, if permitted or required by law, as to be effective against all persons.

   b.    Undersigned agrees, on RAYMOND LEASING CORPORATION'S request to assist RAYMOND LEASING CORPORATION in collecting sums due under the Instrument and in enforcing RAYMOND LEASING CORPORATION'S right to repossess in the event of a default.

AGREED TO AND ACCEPTED AS OF:    By execution hereof, the signer certifies having read, accepted and duly executed this Equipment Master Lease Agreement on behalf of Lessee.

Attest: _____    Lessor:    RAYMOND STORAGE CONCEPTS, INC.

Title: _VICE-PRESIDENT & CFO_    By: _____

Dated: _11-27-12_    Title: _President_

    Dated: _1/9/13_

ASSIGNMENT ACCEPTED
RAYMOND LEASING CORP
GREENE, NEW YORK 13778

AUTHORIZED SIGNATURE
JAN 3 0 2013

Raymond is a registered trademark of The Raymond Corporation
All Rights Reserved

Revised 7/20/07    ii

RAYMOND LEASING CORPORATION
Schedule A

Date:    JAN 3 0 2013                    Agreement Number: *307985*

Equipment Description Lines

| Quantity | Manufacturer | Description | Model | Serial Number |
|----------|--------------|-------------|-------|---------------|
| 1 | Raymond | Swing-Reach | 960-CSR30T | 960-12-02280 |
| 1 | Enersys | Battery | 24-E125-13 | RKJ742862 |
| 1 | Enersys | Charger | EH3-24-1000Y | KJ125085 |

Raymond is a registered trademark of The Raymond Corporation
All Rights Reserved

Revised 7/20/07                                iii

JAN 3 0 2013

**RAYMOND LEASING CORPORATION**
Certificate of Delivery And Installation

Date: _12-11-12_

Agreement Number: _307985_

The Lease between RAYMOND STORAGE CONCEPTS, INC. (the "LESSOR") and    WORKFLOWONE LLC (the "LESSEE")

| Quantity | Manufacturer | Description | Model | Serial Number |
|----------|--------------|-------------|-------|---------------|
| 1 | Raymond | Swing-Reach | 960-CSR30T | 960-12-02280 |
| 1 | Enersys | Battery | 24-E125-13 | RKJ742862 |
| 1 | Enersys | Charger | EH3-24-1000Y | KJ125085 |

Equipment Location:  3125 Lewis Centre Way, Grove City, OH  43123

County:      Franklin

1.    ITEMS OF EQUIPMENT:
The LESSEE hereby certifies and warrants to LESSOR that the above items of Equipment have been delivered to the location indicated above, tested and inspected by the LESSEE, or LESSEE has had reasonable opportunity to do so, found to be in good order and accepted as items of Equipment under the Lease, all on the Acceptance Date indicated below.  The serial number of each item of Equipment, as specified above, has been verified.  LESSEE approves full payment therefore by LESSOR to supplier(s).

2.    REPRESENTATIONS BY THE LESSEE:
The LESSEE hereby represents and warrants to LESSOR that (i) no Event of Default or event which, with the giving of notice or the lapse of time, or both, would become such an Event of Default under the Lease has occurred and is continuing, and (ii) the LESSEE has obtained, and there are in full force and effect, all insurance policies with respect to the Equipment and public liability required to be obtained under the terms of the Lease.

3.    SHOULD LESSEE HEREAFTER DISCOVER ANY DEFECT, UNFITNESS OR FAILURE OF PERFORMANCE OF EQUIPMENT (INCLUDING, WITHOUT LIMITATION, SOFTWARE SYSTEMS AND PROGRAMMING), LESSEE'S OBLIGATIONS TO LESSOR, INCLUDING THE OBLIGATION TO PAY RENTS WHEN DUE, REMAIN IN EFFECT AS MORE FULLY STATED IN THE TERMS AND CONDITIONS OF THE LEASE. IN SUCH EVENT, LESSEE'S EXCLUSIVE RECOURSE SHALL BE AGAINST THE MANUFACTURER, SUPPLIER, PROGRAMMER AND/OR SERVICING AGENT FOR THE EQUIPMENT, AS IN LESSEE'S JUDGMENT APPEARS APPROPRIATE.

Acceptance Date: _12-11-12_

Name of Lessee:    WORKFLOWONE LLC

Signed By:

Title:    _Inv/Iso Supervisor_

Raymond is a registered trademark of The Raymond Corporation
All Rights Reserved

Revised 4/6/04                iv

RAYMOND LEASING CORPORATION
Schedule A

Date:    FEB 1 4 2013                    Agreement Number:    307986

1.    Lessor and Lessee have entered into an Equipment Master Lease Agreement including this Schedule A (collectively the "Lease"), pursuant to which Lessor and Lessee have agreed to lease the Equipment described on Page iii.

2.    THIS LEASE IS FOR A PERIOD OF 60  MONTHS.  Lease rental Payments of $538.74 (and applicable taxes) are due to be made monthly, commencing on the Acceptance Date indicated on Certificate of Delivery and Installation (herein referred to as "Acceptance Date").  The first and last rental payments shall be due and payable in advance upon the signing of this Schedule A. Rental payments thereafter will be due and payable monthly on the corresponding day of each month following the Acceptance Date for the full term of the Lease.  Lessee agrees to pay all taxes, filing fees and other similar charges with respect to payments made under the Master Lease Agreement and the leases related thereto.

3.    Lessee has the option to purchase the Equipment under this lease at the end of the term for the Purchase Option stated below, plus any applicable taxes.  If the purchase option stated below is  FAIR MARKET VALUE,  it will be reasonably determined by the Equipment Manufacturer.

    If the Purchase Option is not exercised at the expiration of the Lease term, Lessee will immediately return this Equipment to Lessor in the same condition as received, normal wear and tear excepted.  In the event any Equipment is not returned in the required condition, Lessee shall reimburse Lessor for its actual, out-of-pocket cost of repairing the Equipment to the required condition. Required condition is as described in the Equipment Master Lease Agreement, Section 16, RETURN OF EQUIPMENT.

4.    Except as amended herein, the aforesaid Equipment Master Lease Agreement, as such, may have been previously amended, shall remain in full force and effect.

5.    Purchase Option:  Fair Market Value

6.    Excess Use Charge:

    The rental rate set forth herein is based upon average monthly usage of the Equipment as stated below.  The Allowable Hours for the Equipment leased hereunder shall be equal to the number of months in the Term, as set forth in section 2 of this Schedule A, multiplied by the monthly usage selected herein.  In the event that the Equipment has been used in excess of the Allowable Hours when it is returned to LESSOR or its assignee,  then LESSEE shall pay to LESSOR or its assignee, an amount equal to the overtime charge multiplied by the number of hours in excess of the Allowable Hours.

| Allowable Hours | Overtime Charge |
|---|---|
| X   166.67 hrs (2000 hrs/yr) | $2.5 |
| n/a  333.33 hrs (4000 hrs/yr) | |
| n/a  500 hrs (6000 hrs/yr) | |

AGREED TO AND ACCEPTED AS OF:        By execution hereof, the signer certifies having read, accepted and
                                     duly executed this Equipment Master Lease Agreement on behalf of Lessee.

Lessee:  WORKFLOWONE LLC          Lessor:    RAYMOND STORAGE CONCEPTS, INC.

By:  _____    By:  _____
        (Authorized Signature)              (Authorized Signature)
Title:  VICE-PRESIDENT   & CFO    Title:  President

Dated:  11-27-12                  Dated:  1/9/13

APPROVED AS TO FORM
WORKFLOWONE LEGAL DEPT.
mulsy
11-27-12

Grove City, OH

Raymond is a registered trademark of The Raymond Corporation
All Rights Reserved

Revised 7/20/07
i

RAYMOND LEASING CORPORATION
Schedule A

7.  **ASSIGNMENT:** FOR VALUE RECEIVED, the undersigned does hereby sell, assign, transfer and set over to RAYMOND LEASING CORPORATION its successors and assigns, all of the undersigned's right, title and interest in and to the foregoing Lease (herein called Instrument), the Equipment covered thereby and all rents and other sums due, or to become due, thereunder.

   a.  Undersigned warrants that the Instrument is genuine, collectible, enforceable, contains the entire Agreement of the parties with respect to the property covered thereby, and is and will continue free from defense and offsets; all signatures, names and addresses, amounts and other statements contained therein are genuine, true and correct; the property has been delivered to the LESSEE in satisfactory condition and has been accepted by LESSEE; the Instrument evidences a valid reservation of title to or first lien upon the property covered thereby and has been filed or recorded, if permitted or required by law, as to be effective against all persons.

   b.  Undersigned agrees, on RAYMOND LEASING CORPORATION'S request to assist RAYMOND LEASING CORPORATION in collecting sums due under the Instrument and in enforcing RAYMOND LEASING CORPORATION'S right to repossess in the event of a default.

AGREED TO AND ACCEPTED AS OF:    By execution hereof, the signer certifies having read, accepted and duly executed this Equipment Master Lease Agreement on behalf of Lessee.

Attest: _____    Lessor:  RAYMOND STORAGE CONCEPTS, INC.

Title: _VICE-PRESIDENT + CFO_     By: _____

Dated: _11-27-12_                 Title: _President_

                                  Dated: _1/9/13_

ASSIGNMENT ACCEPTED
RAYMOND LEASING CORP
GREENE, NEW YORK 13778

AUTHORIZED SIGNATURE
FEB 1 4 2013

WORKFLOWING LEGAL DEPT. APPROVED AS TO FORM
mcsy
11-27-12

Raymond is a registered trademark of The Raymond Corporation
All Rights Reserved

Revised 7/20/07                    ii

RAYMOND LEASING CORPORATION
Schedule A

Date:    FEB 1 4 2013                    Agreement Number: _307986_

Equipment Description Lines

| Quantity | Manufacturer | Description | Model | Serial Number |
|----------|--------------|-------------|-------|---------------|
| 1 | Raymond | Reach | 750-R35TT | 750-12-AB35720 |
| 1 | Enersys | Battery | 18-E125-13 | RKL754204 |
| 1 | Enersys | Charger | EH3-18-1200Y | ~~KJ126423~~ _A 1 3058 7_ |

LF
2/14/13.

Raymond is a registered trademark of The Raymond Corporation
All Rights Reserved

Revised 7/20/07                    iii

# RAYMOND LEASING CORPORATION
### Certificate of Delivery and Installation

FEB 1 4 2013

Date: 2-12-13                                    Agreement Number: 307986

The Lease between RAYMOND STORAGE CONCEPTS, INC. (the "LESSOR") and WORKFLOWONE LLC (the "LESSEE")

| Quantity | Manufacturer | Description | Model | Serial Number |
|----------|--------------|-------------|-------|---------------|
| 1 | Raymond | Reach | 750-R35TT | 750-12-AB35720 |
| 1 | Enersys | Battery | 18-E125-13 | RKL754204 |
| 1 | Enersys | Charger | EF3-18-750B | LA130587 |

**Equipment Location:**    3125 Lewis Centre Way, Grove City, OH  43123

**County:**    Franklin

*\* For additional Equipment Description, use Page ii.*

1. **ITEMS OF EQUIPMENT:**
   The LESSEE hereby certifies and warrants to LESSOR that the above items of Equipment  have been delivered to the location indicated above, tested and inspected by the LESSEE, or LESSEE has had reasonable opportunity to do so, found to be in good order and accepted as items of Equipment under the Lease, all on the Acceptance Date indicated below.  The serial number of each item of Equipment, as specified above, has been verified.  LESSEE approves full payment therefore by LESSOR to supplier(s).

2. **REPRESENTATIONS BY THE LESSEE:**
   The LESSEE hereby represents and warrants to LESSOR that (i) no Event of Default or event which, with the giving of notice or the lapse of time, or both, would become such an Event of Default under the Lease has occurred and is continuing, and (ii) the LESSEE has obtained, and there are in full force and effect, all insurance policies with respect to the Equipment and public liability required to be obtained under the terms of the Lease.

3. SHOULD LESSEE HEREAFTER DISCOVER ANY DEFECT, UNFITNESS OR FAILURE OF PERFORMANCE OF EQUIPMENT (INCLUDING, WITHOUT LIMITATION, SOFTWARE SYSTEMS AND PROGRAMMING), LESSEE'S OBLIGATIONS TO LESSOR, INCLUDING THE OBLIGATION TO PAY RENTS WHEN DUE, REMAIN IN EFFECT AS MORE FULLY STATED IN THE TERMS AND CONDITIONS OF THE LEASE.  IN SUCH EVENT, LESSEE'S EXCLUSIVE RECOURSE SHALL BE AGAINST THE MANUFACTURER, SUPPLIER, PROGRAMMER AND/OR SERVICING AGENT FOR THE EQUIPMENT, AS IN LESSEE'S JUDGMENT APPEARS APPROPRIATE.

Acceptance Date: 2-12-13

Name of Lessee:    WORKFLOWONE LLC

Signed By: Mike Cooper

Title: Production Supervisor

Raymond is a registered trademark of The Raymond Corporation.
All rights reserved.

i

RAYMOND LEASING CORPORATION
Schedule A

Date:        JUL 3 1 2013                Agreement Number:    *307987*

1.      Lessor and Lessee have entered into an Equipment Master Lease Agreement including this Schedule A (collectively the "Lease"),
        pursuant to which Lessor and Lessee have agreed to lease the Equipment described on Page iii.

2.      THIS LEASE IS FOR A PERIOD OF 60  MONTHS.  Lease rental Payments of $2176.18 (and applicable taxes) are due to be
        made monthly, commencing on the Acceptance Date indicated on Certificate of Delivery and Installation (herein referred to as
        "Acceptance Date").  The first and last rental payments shall be due and payable in advance upon the signing of this Schedule A.
        Rental payments thereafter will be due and payable monthly on the corresponding day of each month following the Acceptance Date
        for the full term of the Lease.  Lessee agrees to pay all taxes, filing fees and other similar charges with respect to payments made
        under the Master Lease Agreement and the leases related thereto.

3.      Lessee has the option to purchase the Equipment under this lease at the end of the term for the Purchase Option stated below, plus
        any applicable taxes.  If the purchase option stated below is  FAIR MARKET VALUE,  it will be reasonably determined by the
        Equipment Manufacturer.

        If the Purchase Option is not exercised at the expiration of the Lease term, Lessee will immediately return this Equipment to Lessor
        in the same condition as received, normal wear and tear excepted.  In the event any Equipment is not returned in the required
        condition, Lessee shall reimburse Lessor for its actual, out-of-pocket cost of repairing the Equipment to the required condition.
        Required condition is as described in the Equipment Master Lease Agreement, Section 16, RETURN OF EQUIPMENT.

4.      Except as amended herein, the aforesaid Equipment Master Lease Agreement, as such, may have been previously amended, shall
        remain in full force and effect.

5.      Purchase Option:  Full Payout ($1.00)

6.      Excess Use Charge:

        The rental rate set forth herein is based upon average monthly usage of the Equipment as stated below.  The Allowable Hours
        for the Equipment leased hereunder shall be equal to the number of months in the Term, as set forth in section 2 of this Schedule A,
        multiplied by the monthly usage selected herein.  In the event that the Equipment has been used in excess of the Allowable Hours
        when it is returned to LESSOR or its assignee,  then LESSEE shall pay to LESSOR or its assignee, an amount equal to the overtime
        charge multiplied by the number of hours in excess of the Allowable Hours.

| Allowable Hours | Overtime Charge |
|---|---|
| n/a  166.67 hrs (2000 hrs/yr) | $ |
| n/a  333.33 hrs (4000 hrs/yr) | |
| n/a  500 hrs (6000 hrs/yr) | |

AGREED TO AND ACCEPTED AS OF:        By execution hereof, the signer certifies having read, accepted and
                                     duly executed this Equipment Master Lease Agreement on behalf of Lessee.

Lessee:    WORKFLOWONE LLC                          Lessor:    RAYMOND STORAGE CONCEPTS, INC.

By:        _(Authorized Signature)_                 By:        _(Authorized Signature)_

Title:     VICE-PRESIDENT  + CFO                    Title:     Controller

Dated:     4/25/13                                  Dated:     5/13/13

Raymond is a registered trademark of The Raymond Corporation
All Rights Reserved

Revised 7/20/07                                                                      i

RAYMOND LEASING CORPORATION
Schedule A

7.    ASSIGNMENT:  FOR VALUE RECEIVED, the undersigned does hereby sell, assign, transfer and set over to RAYMOND LEASING CORPORATION its successors and assigns, all of the undersigned's right, title and interest in and to the foregoing Lease (herein called Instrument), the Equipment covered thereby and all rents and other sums due, or to become due, thereunder.

a.    Undersigned warrants that the Instrument is genuine, collectible, enforceable, contains the entire Agreement of the parties with respect to the property covered thereby, and is and will continue free from defense and offsets; all signatures, names and addresses, amounts and other statements contained therein are genuine, true and correct; the property has been delivered to the LESSEE in satisfactory condition and has been accepted by LESSEE; the Instrument evidences a valid reservation of title to or first lien upon the property covered thereby and has been filed or recorded, if permitted or required by law, as to be effective against all persons.

b.    Undersigned agrees, on RAYMOND LEASING CORPORATION'S request to assist RAYMOND LEASING CORPORATION in collecting sums due under the Instrument and in enforcing RAYMOND LEASING CORPORATION'S right to repossess in the event of a default.

AGREED TO AND ACCEPTED AS OF:       By execution hereof, the signer certifies having read, accepted and
                                                                    duly executed this Equipment Master Lease Agreement on behalf of Lessee.

ASSIGNMENT ACCEPTED
RAYMOND LEASING CORP.

Attest:                                                                    RAYMOND STORAGE CONCEPTS, INC.
Title:     GREENE, NEW YORK 13778                     Title:
Dated:                                                                    Title:  _JOSEPH V. VAN TKEL_
                                                                              Dated:  _5/13/13_

AUTHORIZED SIGNATURE
JUL 3 1 2013

Raymond is a registered trademark of The Raymond Corporation
All Rights Reserved

Revised 7/20/07                                              ii

RAYMOND LEASING CORPORATION
Schedule A

Date: JUL 3 1 2013                    Agreement Number: 307987

Equipment Description Lines

| Quantity | Manufacturer | Description | Model | Serial Number |
|---|---|---|---|---|
| 1 | Non-Raymond Eq | Generac Generator and Automatic Transfer Switche | Non-Raymond Eq SD250-S | 8199966 |
| 1 | Sales Tax | Sales Tax on Non-Raymond | Sales Tax | |

Raymond is a registered trademark of The Raymond Corporation
All Rights Reserved

Revised 7/20/07                    iii

RAYMOND LEASING CORPORATION
Certificate of Delivery And Installation

Date: **JUL 3 1 2013**                   Agreement Number: _307987_

The Lease between RAYMOND STORAGE CONCEPTS, INC. (the "LESSOR") and
WORKFLOWONE LLC (the "LESSEE")

| Quantity | Manufacturer | Description | Model | Serial Number |
|---|---|---|---|---|
| 1 | Non-Raymond Eq | Generac Generator and Automatic Transfer Switche  (250KW) | ~~Non Raymond Eq~~ SD0 250 | 8199966 |
| 1 | Sales Tax | Sales Tax on Non-Raymond | Sales Tax | |

Equipment Location:        3185 Lewis Centre Way - Grove City, OH  43123

County:        Franklin

1.    ITEMS OF EQUIPMENT:
      The LESSEE hereby certifies and warrants to LESSOR that the above items of Equipment have been delivered to the
      location indicated above, tested and inspected by the LESSEE, or LESSEE has had reasonable opportunity to do so, found to
      be in good order and accepted as items of Equipment under the Lease, all on the Acceptance Date indicated below.  The
      serial number of each item of Equipment, as specified above, has been verified.  LESSEE approves full payment therefore by
      LESSOR to supplier(s).

2.    REPRESENTATIONS BY THE LESSEE:
      The LESSEE hereby represents and warrants to LESSOR that (i) no Event of Default or event which, with the giving of
      notice or the lapse of time, or both, would become such an Event of Default under the Lease has occurred and is continuing,
      and (ii) the LESSEE has obtained, and there are in full force and effect, all insurance policies with respect to the Equipment
      and public liability required to be obtained under the terms of the Lease.

3.    SHOULD LESSEE HEREAFTER DISCOVER ANY DEFECT, UNFITNESS OR FAILURE OF PERFORMANCE OF
      EQUIPMENT (INCLUDING, WITHOUT LIMITATION, SOFTWARE SYSTEMS AND PROGRAMMING), LESSEE'S
      OBLIGATIONS TO LESSOR, INCLUDING THE OBLIGATION TO PAY RENTS WHEN DUE, REMAIN IN EFFECT
      AS MORE FULLY STATED IN THE TERMS AND CONDITIONS OF THE LEASE.  IN SUCH EVENT, LESSEE'S
      EXCLUSIVE RECOURSE SHALL BE AGAINST THE MANUFACTURER, SUPPLIER, PROGRAMMER AND/OR
      SERVICING AGENT FOR THE EQUIPMENT, AS IN LESSEE'S JUDGMENT APPEARS APPROPRIATE.

Acceptance Date: _7/23/13_

        Name of Lessee:    WORKFLOWONE LLC

        Signed By: _____

        Title: _MANAGER, ENGINEERING SERVICES_

Raymond is a registered trademark of The Raymond Corporation
All Rights Reserved