# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| THE STANDARD REGISTER ) | Case No. 15-10541 (BLS) |
| COMPANY, *et al.*,[1] ) | |
| ) | Jointly Administered |
| Debtors. ) | |
| ) | **Re: Docket Nos. 23 & 286, 307, 356, 379** |
| ) | |

**LIMITED OBJECTION OF RAYMOND LEASING CORPORATION, RAYMOND STORAGE CONCEPTS, INC. AND RAYMOND OF NEW JERSEY, LLC TO CURE AMOUNTS LISTED IN THE NOTICE OF (I) ENTRY INTO STALKING HORSE AGREEMENT AND (II) POTENTIAL ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS, AS AMENDED**

Raymond Leasing Corporation ("Raymond Leasing"), Raymond Storage Concepts, Inc. ("Raymond Storage") and Raymond of New Jersey, LLC ("NJ Raymond"), (collectively, "Raymond"), by and through their undersigned counsel, hereby objects (the "Objection") to the cure amounts listed in the *Notice of (i) Entry Into Stalking Horse Agreement and (ii) Potential Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale of Substantially all of the Debtors' Assets* [Docket No. 307], and as it was amended [Docket No. 356]. In support of its Objection, Raymond states the following:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001).  The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

1

1. On March 12, 2015, (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code. Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are continuing to manage their financial affairs as debtors in possession.

2. On the Petition Date, the Debtors filed the *Motion for (I) an Order (A) Establishing Sale Procedures Relating to the Sale of Substantially All of the Debtors' Assets; (B) Approving Bid Protections; (C) Establishing Procedures Relating to the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, Including Notice of Proposed Cure Amounts; (D) Approving Form and Manner of Notice of All Procedures, Protections, Schedules, and Agreements; (E) Scheduling a Hearing to Consider the Proposed Sale; and (F) Granting Certain Related Relief; and (II) an Order (A) Approving the Sale of Substantially All of the Debtors' Assets and (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale* [Docket No. 23] (the "Sale Motion").

3. On April 17, 2015, the Debtors filed the *Notice of (I) Entry into Stalking Horse Agreement and (II) Potential Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale of Substantially All of the Debtors' Assets* [Docket No. 307].

4. On April 27, 2015, the Debtors filed the *First Amended Notice of (I) Entry into Stalking Horse Agreement and (II) Potential Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale of Substantially All of the Debtors' Assets* [Docket No. 356] (the "Assumption Notice"). A copy of the pertinent page of the list of contracts to be assumed is attached hereto as **Exhibit "A".**

5. Raymond appears on the Assumption Notice. However, the Assumption Notice does not define which specific leases or contracts are subject to the Assumption Notice. Raymond Leasing is unclear as to which Master Leases and related schedules are being assumed.

6. On the Petition Date, Raymond Leasing was party to four Master Leases containing various Schedules, as shown on **Exhibit "B"** for various pieces of warehouse equipment. Each of the Schedules have varying amounts due, both pre- and post-petition. A copy of each of the Master Leases with the various schedules are attached hereto as "**Exhibits B-1 through B-4**". The cure amount is listed as of the Petition Date. All pre- and post-petition arrears must be paid in order for the Master Leases and their respective schedules to be assumed and assigned.

7. NJ Raymond was party to a rental and service agreement with the Debtor for use of certain equipment and for maintenance on the Raymond equipment. NJ Raymond has continued to service equipment, post-petition. A copy of the rental agreement, correspondence concerning the contracts and pre-petition repairs are attached hereto as **Exhibit "C"**. A copy of the outstanding amounts due pre-petition are attached hereto as **Exhibit "D"**.

8. Raymond Storage had a number of contracts with the Debtor. It is unclear from the Assumption Notice, which contracts, if any, are being assumed.

9. In addition, Raymond Storage has a number of rental agreements with the Debtors for equipment. Copies of the Lease agreements are attached hereto as **Exhibit "E"**. The amount due to cure the pre-petition defaults is $28,165.78. A list of the outstanding pre-petition invoices is attached hereto as **Exhibit "F"**.

10. Raymond Storage was also party to a Comprehensive Fixed Maintenance Service Contract with the Debtors on the Petition Date, a copy of which is attached hereto as **Exhibit "H"**. The Debtors have the cure listed as $0.00 when there are pre-petition outstanding invoices in the

amount of $9,180.52. The cure must accurately reflect the amounts due. A list of the outstanding invoices is attached hereto as **Exhibit "G"**.

11. On the Petition Date, the Debtors were party to an agreement with Raymond Storage for the rental of three new Raymond Walkie Pallet Trucks, Model 102T-F45L. The agreement was signed on or about January 15, 2015 by the CFO of The Standard Register Company. The equipment is ready for delivery, but, unless the Debtors intend to assume this rental agreement, Raymond Storage does not intend to deliver it. A copy of the rental agreement is attached hereto as **Exhibit "H"**.

12. On the Petition Date, the Debtors were party to a contract with Raymond Storage for the lease of two new Raymond OrderPickers and CounterBalances with batteries and Chargers. Attached as **Exhibit "I"** is a copy of the pending contracts. The equipment is ready for delivery, but, unless the Debtors intend to assume this rental agreement, Raymond Storage does not intend to deliver it.

13. Pursuant to 11 U.S.C. §365 (b) clearly states:

(b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—

(A) cures, or provides adequate assurance that the trustee will promptly cure, such default other than a default that is a breach of a provision relating to the satisfaction of any provision (other than a penalty rate or penalty provision) relating to a default arising from any failure to perform nonmonetary obligations under an unexpired lease of real property, if it is impossible for the trustee to cure such default by performing nonmonetary acts at and after the time of assumption, except that if such default arises from a failure to operate in accordance with a nonresidential real property lease, then such default shall be cured by performance at and after the time of assumption in accordance with such lease, and pecuniary losses resulting from such default shall be compensated in accordance with the provisions of this paragraph;

(B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

(C) provides adequate assurance of future performance under such contract or lease.

14. The Debtors must make clear in their Assumption Notice which contracts/leases they intend to assume and provide a number consistent with what Raymond asserts is due under each contract/lease. Raymond asserts the Assumption Notice should look like the chart provided below:

| Contract Counterparty | Description of Agreement | Proposed Amount of Pre-Petition Cure |
|---|---|---|
| Raymond Leasing Corporation | Master Lease Agreement 21788 and Schedules 2178813, 2178814, 2178816, 2178817 | $6,305.50 |
| Raymond Leasing Corporation | Master Lease Agreement 239141 and Schedules 239141, 239142, 239143, 239145, 239145, 239146, 239147 | $20,090.38 |
| Raymond Leasing Corporation | Master Lease Agreement 30798 and Schedules 307981, 307982, 307983, 307984, 307985, 307986, 307987 | $13,694.08 |
| Raymond Leasing Corporation | Master Lease Agreement 20030 and Schedule 200304 | $5,810.91 |
| Raymond of New Jersey, LLC | Rental Agreements for various pieces of Equipment with Maintenance of Same | $19,513.63 |
| Raymond Storage Concepts, Inc. | Rental Agreements for various pieces of Equipment | $28,165.78 |
| Raymond Storage Concepts, Inc. | Comprehensive Fixed Price Maintenance Contract | $9,180.52 |
| Raymond Storage Concepts, Inc. | Lease for Walkie Pallet Trucks | $0.00 |
| Raymond Storage Concepts, Inc. | Lease for OrderPickers and Counterbalance with Batteries and Chargers | $2,388.18 |

WHEREFORE, Raymond respectfully requests this Court order the Debtors to amend or clarify their Assumption Notice to provide accurate Contract References and cure amounts, as shown above.

                              PHILLIPS, GOLDMAN & SPENCE, P.A.

                              */s/ Stephen W. Spence*
                              Stephen W. Spence, Esquire (#2033)
                              1200 North Broom Street
                              Wilmington, DE 19806
                              302-655-4200 (tel.)
                              302-655-4210 (fax)
                              sws@pgslaw.com
                              *Counsel to Raymond Leasing Corporation*
                              *and Raymond Storage Concepts, Inc.*

Date: May 4, 2015

**CERTIFICATE OF SERVICE**

I, Celeste A. Hartman, Senior Paralegal, do hereby certify that I am over the age of 18 and that on May 4, 2015, I caused a copy of the *Limited Objection of Raymond Leasing Corporation, Raymond Storage Concepts, Inc. And Raymond of New Jersey, LLC to Cure Amounts Listed in the Notice of (I) Entry Into Stalking Horse Agreement and (II) Potential Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale of Substantially all of the Debtors' Assets* upon all persons receiving notice through the Court's cm/ecf system and upon the persons listed below via U.S. First Class Mail.

Gibson, Dunn & Crutcher LLP
Barbara Becker, Esquire
Michael A. Rosenthal, Esquire
200 Park Avenue
New York, NY 10166

Parker, Hudson, Rainer & Dobbs LLP
Edward Dobbs, Esquire
James S. Rankin, Jr. , Esquire
1500 Marquis Two Tower
285 Peachtree Center Avenue
Atlanta, Georgia 30303

Young Conaway Stargatt & Taylor, LLP
Michael R. Nestor, Esquire
Rodney Square North
1000 North King Street
Wilmington, DE 19801

Richard Layton & Finger
Mark D. Collins, Esquire
One Rodney Square
920 North King Street
Wilmington, Delaware 19801

Skadden, Arps, Slate, Meagher & Flom LLP
Ron Meisler, Esquire
Christopher Dressel, Esquire
155 N. Wacker Drive
Chicago, IL 60606

Lowenstein Sandler LLP
Sharon L. Levine, Esquire
Wojciech Jung, Esquire
1251 Avenue of the Americas
New York, NY 10020

Under penalty of perjury, I certify the foregoing to be true and correct.

*/s/ Celeste A. Hartman*
CELESTE A. HARTMAN