UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| | : Case No. 15-10541-BLS |
| The Standard Register Company, et al.[1] | : (Jointly Administered) |
| | : Proposed Hearing Date: |
| Debtors. | : Proposed Objection Deadline: |

### DECLARATION OF CHANNON LEMON IN SUPPORT OF MOTION BY CARESOURCE MANAGEMENT GROUP CO. FOR AN ORDER PURSUANT TO 11 U.S.C. § 362(d) GRANTING RELIEF FROM STAY TO PERMIT THE SETOFF OF MUTUAL PRE-PETITION CLAIMS

This Declaration is made pursuant to the requirements of Local Bankruptcy Rule 4001-1 and is given to support the Motion of CareSource Management Group Co. for an Order Pursuant to 11 U.S.C. § 362(d) Granting Relief from Stay to Permit the Setoff of Mutual Pre-Petition Claims (the "CareSource Motion").

The Declarant states as follows under the penalty of perjury pursuant to 28 U.S.C. § 1746:

1. My name is Channon Lemon. I am the Vice President, Enterprise Vendor Management of CareSource Management Group Co. ("CareSource"). My job duties with CareSource generally include the following: executive responsibility for the entire scope of the strategic sourcing process and for the development and maintenance of the full life cycle of vendor relationships for CareSource.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company, Standard Register Technologies, Inc., Standard Register International, Inc., iMedConsent, LLC, Standard Register or Puerto Rico Inc., Standard Register Mexico Holding Company, Standard Register Holding, S. de R.L. de C.V., Standard Register de Mexico, S. de R.L. de C.V., Standard Register Servicios, S. de R.L. de C.V., and Standard Register Technologies Canada ULC.

1

2. I am personally familiar with the Agreements[2] and with the business arrangements between CareSource and the Debtor.

3. I am also personally familiar with the CareSource Claims and with the Invoices.

4. Unless otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge. I have reviewed the CareSource Motion and it is accurate to the best of my knowledge and I agree with all of the statements and representations made by CareSource in the CareSource Motion.

5. CareSource is a managed care company servicing the needs of health care consumers. CareSource is headquartered in Dayton, OH.

6. CareSource and the Debtor entered into a Master Services Agreement that was effective on July 22, 2014. CareSource and the Debtor executed Amendment No. 1 to the Master Services Agreement effective on October 15, 2014. CareSource and the Debtor executed Amendment No. 2 to the Master Services Agreement effective on December 30, 2014. Accurate copies of the Master Services Agreement, Amendment No. 1 to the Master Services Agreement and Amendment No. 2 to the Master Services Agreement are attached collectively as Exhibit A to the CareSource Motion.

7. The Debtor agreed pursuant to the Master Services Agreement to provide certain printing services and printed products to CareSource upon terms and conditions contained in the Master Services Agreement.

8. CareSource and the Debtor executed a Delegated Services Agreement effective on January 14, 2015. An accurate copy of the Delegated Services Agreement is attached to the CareSource Motion as Exhibit B.

---

[2] Unless otherwise indicated, all capitalized terms in this Declaration shall have the same meaning as in the CareSource Motion.

2

9. The Delegated Services Agreement contains certain information that is the same as or similar to information contained in the Master Services Agreement. However, the Delegated Services Agreement also contains additional information that is necessary for CareSource and the Debtor to comply with applicable health care laws and regulations, including certain privacy requirements.

10. Paragraph 6.3 of the Master Services Agreement provides as follows (in this paragraph the term "CONTRACTOR" refers to the Debtor):

> **6.3** **Indemnification.** Contractor shall indemnify CARESOURCE against and hold CARESOURCE harmless from all liability and loss, and against all claims and action, including but not limited to court costs and attorneys' fees, as a result of third party claims based on or arising out of injury or death to persons, or damage or loss of property, caused by the negligent acts or willful misconduct of Contractor in connection with the performance of this Agreement.

11. On November 12-14, 2014, the Debtor produced some printed materials for CareSource. These printed materials contained errors that have created issues and damages for CareSource and that will continue to create issues and damages. (the "Printing Error Claims"). The Printing Errors Claims result from the mistakes and negligence of the Debtor.

12. On or about February 5, 2015 CareSource sent to the Debtor a Correction Action Plan Notification (the "CAP") describing the Printing Error Claims and also describing certain other problems with the performance by the Debtor pursuant to the Agreements. The Debtor responded to the CAP and acknowledged that the Debtor made the errors that resulted in the Printing Error Claims.

13. Also, from the date of the Master Services Agreement through the date of the Debtor's petition, the Debtor invoiced CareSource for approximately ■■■■■■■ of services and product provided by Debtor pursuant to the Agreement. Pursuant to the terms of Exhibit A

3

of the Master Services Agreement, the Debtor owes CareSource ▮▮▮▮▮▮▮▮▮▮ in the form of a rebate in the approximate amount of ▮▮▮▮▮▮ (the "Incentive Claim").

14. The Debtor has invoiced CareSource in the amount of ▮▮▮▮▮▮ for pre-petition services and product provided by Standard Register pursuant to the Agreements. The Invoices are unpaid by CareSource at this time.

Dated: May 1, 2015

*/s/ Channon Lemon*

Printed Name: Channon Lemon

Title: Vice President, Enterprise Vendor Management of CareSource

8793217v1