**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE STANDARD REGISTER COMPANY, *et al.*,[1] | ) | Case No. 15-10541 (BLS) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtor. | ) | |
| | ) | Re: D.I. 307, 356 |

**FLEXCON COMPANY, INC.'S LIMITED OBJECTION TO (I) POTENTIAL
ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS IN
CONNECTION WITH SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS
AND (II) CURE AMOUNTS RELATED THERETO**

FLEXcon Company, Inc. ("FLEXcon") submits this limited objection (the "Objection")
to the Notice of (I) Entry Into Stalking Horse Agreement and (II) Potential Assumption and
Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale
of Substantially All of the Debtors' Assets [D.I. No. 307], as amended [D.I. No. 356]
(collectively, the "Assumption and Cure Notices") and in support of the Objection states as
follows:

**Relevant Factual Background**

1.        On March 12, 2015 (the "Petition Date"), each of the Debtors filed voluntary
petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.*

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

(the "Bankruptcy Code"). Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are continuing to manage their businesses and financial affairs as debtors-in-possession.

2.    On the Petition Date, the Debtors filed their Motion for (I) an Order (A) Establishing Sale Procedures Relating to the Sale of Substantially All of the Debtors' Assets; (B) Approving Bid Protections; (C) Establishing Procedures Relating to the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, Including Notice of Proposed Cure Amounts; (D) Approving Form and Manner of Notice of All Procedures, Protections, Schedules, and Agreements; (E) Scheduling a Hearing to Consider the Proposed Sale; and (F) Granting Certain Related Relief; and (II) an Order (A) Approving the Sale of Substantially All of the Debtors' Assets and (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale [D.I. No. 23] (the "Sale Procedures Motion").

3.    On April 15, 2015, the Court entered the Order (I) Establishing Sale Procedures Relating to the Sale of Substantially All of the Debtors' Assets; (II) Approving the Maximum Reimbursement Amount; (III) Establishing Procedures Relating to the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, Including Notice of Proposed Cure Amounts; (IV) Approving Form and Manner of Notice of All Procedures, Protections, Schedules, and Agreements; (V) Scheduling a Hearing to Consider the Proposed Sale; and (VI) Granting Certain Related Relief [D.I. No. 286] (the "Sale Procedures Order").

4.    Pursuant to the Sale Procedures Order, on April 17, 2015, the Debtors filed the Notice of (I) Entry Into Stalking Horse Agreement and (II) Potential Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale of Substantially All of the Debtors' Assets [D.I. No. 307].

5.      On April 27, 2015, the Debtors filed the First Amended Notice of (I) Entry Into Stalking Horse Agreement and (II) Potential Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale of Substantially All of the Debtors' Assets [D.I. No. 356].

6.      In each of the Assumption and Cure Notices, the Debtors identified Potentially Assumable Contracts to which FLEXcon may be a counter-party as follows:

| Contract Counterparty | Description of Agreement | Proposed Cure Amount ($) |
|---|---|---|
| Flexcon | Flexcon Engagement Letter | $141,761.55 |
| FLEXcon Company | Non-Disclosure Agreement | $0.00 |

Notice [D.I. No. 307] at ECF p. 35 of 103 and First Amended Notice [D.I. No. 356] at ECF p. 42 of 122.

### Limited Objection

7.      Section 365(b)(1)(A) of the Bankruptcy Code provides that the trustee may not assume an executory contract unless the trustee "cures, or provides adequate assurance that the trustee will promptly cure" any default under the contract. 11 U.S.C. § 365(b)(1)(A). According to the United States Court of Appeals for the Second Circuit, "[i]f the debtor is in default on the contract, it will not be allowed to assume the contract unless, at the time of the assumption it, *inter alia*, (a) cures, or provides adequate assurance that it will promptly cure, the default, and (b) provides adequate assurance of its future performance of its obligations under the contract. . . . Congress's intent in imposing these conditions on the ability of the debtor to assume the contract was "to insure that the contracting parties receive the full benefit of their bargain if they are

forced to continue performance." *In re Ionosphere Clubs, Inc.*, 85 F.3d 992, 999 (2nd Cir. 1996) (*internal citations omitted*).

8.    FLEXcon has ongoing business relationships with the Debtors, and may be a counter-party to one or more executory contracts that the Debtors intend to assume.

9.    Based upon the description of agreements set forth in the Assumption and Cure Notices, FLEXcon has been unable to determine the contracts to which it is a counter-party that the Debtors intend to assume and assign to the Stalking Horse or the Successful Bidder.

10.    FLEXcon does not object, *per se*, to assumption and assignment of the contracts identified in the Assumption and Cure Notices to which FLEXcon is a counter-party; however, FLEXcon objects to the assumption and assignment of the contracts identified in the Assumption and Cure Notices until such time as the Debtors identify, with specificity, the contracts to be assumed and assigned.

11.    Because it cannot identify which executory contracts the Debtors intend to assume and assign, FLEXcon also objects to the Proposed Cure Amounts identified in the Assumption and Cure Notices. FLEXcon also objects to the Proposed Cure Amounts identified in the Assumption and Cure Notices to the extent that the Assumption and Cure Notices may be incorrect as to those amounts that were in default as of the Petition Date and may not reflect all defaults under the contracts identified in the Assumption and Cure Notices.

12.    Because FLEXcon cannot identify the executory contracts to which it is a counter-party that the Debtors intend to assume and assign, FLEXcon cannot state the cure amounts with certainty.

13.    As of the Petition Date, FLEXcon had claims against the Debtors in the approximate aggregate amount of $579,860.69. FLEXcon is in the process of reconciling the

prepetition balances owed to it with respect to all contracts to which it is a counter-party. FLEXcon will supplement this Objection with additional information and supporting documentation upon completion of the reconciliation process and upon specific identification of the contracts to be assumed.

14.     FLEXcon also objects to the Assumption and Cure Notices insofar as any postpetition performance by FLEXcon of any contract to be assumed may give rise to additional accounts receivable that, as of the prospective time of assumption and assignment, may be due or past-due and properly included in the Cure Amount.

15.     FLEXcon also objects to the assumption and assignment of its contracts to the Stalking Horse or the Successful Bidder until such time as the Stalking Horse or the Successful Bidder provides adequate assurance of future performance as is required by section 365(b)(1) of the Bankruptcy Code.

16.     FLEXcon further reserves its rights, in the event that additional executory contracts are not assumed, to assert any claims for damages, which claims may include all amounts allowable under applicable law.

17.     FLEXcon further objects to the adequacy and accuracy of the Assumption and Cure Notices insofar as there may be other contracts with FLEXcon that may or will be assumed and assigned but which have not been included in the Assumption and Cure Notices.

18.     FLEXcon reserves the right to amend or supplement this Objection as additional facts are learned.

Respectfully submitted,

Dated: May 7, 2015

CLARK HILL PLC

Scott N. Schreiber
150 N. Michigan Avenue
Suite 2700
Chicago, Illinois 60601
Telephone: (312) 985-5595
Facsimile: (312) 985-5984
sschreiber@clarkhill.com

/s/ Edward J. Kosmowski
Edward J. Kosmowski (DE ID #3849)
824 N. Market Street, Suite 710
Wilmington, Delaware 19801
Telephone: (302) 250-4748
Facsimile: (302) 421-9439
ekosmowski@clarkhill.com

and

Shannon L. Deeby (P60242)
151 South Old Woodward Avenue
Suite 200
Birmingham, Michigan 48009
Telephone: (248) 988-5889
Facsimile: (248) 988-2504
sdeeby@clarkhill.com

*Counsel to the FLEXcon Company, Inc.,*