IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>THE STANDARD REGISTER COMPANY, *et al.*,[1]<br><br>                Debtors. | Chapter 11<br><br>Case No. 15-10541 (BLS)<br>Jointly Administered<br><br>Re: Dkt. Nos. 356, 307, 286, 211 & 23 |

### OBJECTION OF DG3 NORTH AMERICA, INC. TO THE DEBTORS' PROPOSED CURE AMOUNT IN CONNECTION WITH ASSUMPTION OF EXECUTORY CONTRACTS

DG3 North America, Inc. ("DG3"), a creditor and party-in-interest herein, by and through its undersigned counsel, submits this objection (the "Objection") to the cure amount proposed by The Standard Register Company and its debtor affiliates in the above-captioned cases (collectively, the "Debtors") in the *Notice of (I) Entry into Stalking Horse Agreement and (II) Potential Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale of Substantially all of the Debtors' Assets* [Docket No. 307], as amended on April 27, 2015 [Docket No. 356]. In support of its Objection, DG3 states as follows:

### BACKGROUND

1.      On April 17, 2015, in accordance with the procedures for the assumption and assignment of certain executory contracts and unexpired leases, the Debtors filed their *Notice of (I) Entry into Stalking Horse Agreement and (II) Potential Assumption and Assignment of*

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de Mèxico, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

*Certain Executory Contracts and Unexpired Leases in Connection with the Sale of Substantially all of the Debtors' Assets* [Docket No. 307], as amended on April 27, 2015 [Docket No. 356], wherein the Debtors listed their contracts with DG3 (the "DG3 Contracts"), among the executory contracts and unexpired leases that the Debtors may seek to assume and assign in connection with the sale of substantially all of the Debtors' assets (the "Assumption Notices").

2. In the Assumption Notices the Debtors proposed a cure amount of $0.00 (the "Cure Amount") for the DG3 Contracts despite the fact that prior to the March 12, 2015 petition date (the "Petition Date"), DG3 shipped certain goods valued at $96,455.44 for which the Debtors did not remit payment (the "Goods"). Declaration of Brian J. Conti, filed contemporaneously herewith at ¶ 3.

3. The Debtors proposed Cure Amount is curious in light of the fact that the Debtors have twice received notice of DG3's reclamation claim.[2] First, on March 12, 2015, DG3's counsel sent a reclamation demand letter to the Debtors' counsel, including a schedule of unpaid prepetition invoices (the "Demand Letter"). Second, on April 7, 2015, DG3 filed with the Court its notice of delivery of the Demand Letter [Docket No. 211], again providing notice to the Debtors of unpaid prepetition invoices.

4. As of the date hereof, $96,455.44 remains due and owing by the Debtors to DG3 on account of unpaid prepetition invoices and therefore, DG3 objects to the proposed Cure Amount of $0.00 as set forth in the Assumption Notices. Accordingly, to the extent that the Debtors seek to assume the DG3 Contracts, the correct amount required to cure the Debtors' prepetition defaults to DG3 is $96,455.44.

---

[2] DG3 has a reclamation claim pursuant to 11 U.S.C. § 546(c) for the Goods shipped during the forty-five days preceding the Petition Date. Since the Petition Date, DG3's counsel has had the opportunity to reconcile its books and records and has determined that its reclamation claim is actually $41,229.50.

#2206686 v2
106903-57498

## RELIEF REQUESTED

### A. The Debtors Should Pay DG3 $96,455.44 in Connection with the Assumption of the DG3 Contracts

5. Bankruptcy Code section 365(b) strictly conditions a debtor's ability to assume contracts as follows:

> (1) If there has been a default in an executory contract or unexpired lease of the debtor, the [debtor] may not assume such contract or lease unless, at the time of assumption of such contract or lease, the [debtor] –
>
> (A) cures, or provides adequate assurance that the [debtor] will promptly cure, such default …;
>
> (B) compensates, or provides adequate assurance that the [debtor] will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; *and*
>
> (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b) (*emphasis added*).

6. Pursuant to section 365(b)(1)(A), as a condition to the assumption of an executory contract or unexpired lease, a debtor must either "cure" existing monetary defaults under the agreement or provide "adequate assurance" that it will "promptly cure" those existing defaults. 11 U.S.C. § 365(b)(1)(A). The cure of all defaults is a mandatory prerequisite to the assumption of an executory contract; cure payments are not discretionary. Kimmelman v. Port Auth. of N.Y. & N.J. (In re Kiwi Int'l Air Lines, Inc.), 344 F.3d 311, 318 (3d Cir. 2003) ("In order to assume such an agreement, the debtor in possession *must* cure defaults and provide assurance of future performance.") (*emphasis added*).

7. Here, before the Debtors can assume the DG3 Contracts, they must cure all defaults under the DG3 Contracts, including the payment of the outstanding balance of

3

$96,455.44, and provide adequate assurance of future performance to DG3. They have not met that burden.

8.    Thus, DG3 respectfully requests that the Court fix the DG3 cure amount at $96,455.44.

## CONCLUSION

**WHEREFORE**, DG3 respectfully requests that the Court enter an Order (i) requiring the Debtors to cure, or provide adequate assurances that they will promptly cure, all defaults under the DG3 Contracts, and (ii) grant such other relief as this Court deems just and proper.

Dated: May 7, 2015

**GIBBONS P.C.**

By: /s/ *Natasha M. Songonuga*
Natasha M. Songonuga, Esq. (Bar No. 5391)
1000 N. West Street, Suite 1200
Wilmington, DE 19801-1058
Telephone: (302) 295-4875
Facsimile: (302) 295-4876
E-mail: nsongonuga@gibbonslaw.com

-and-

Mark B. Conlan, Esq. (admitted *pro hac vice*)
Laura S. Dunn, Esq. (admitted *pro hac vice*)
One Gateway Center
Newark, New Jersey 07102-5310
Telephone: (973) 596-4545
Facsimile: (973) 639-6356
E-mail: mconlan@gibbonslaw.com
         ldunn@gibbonslaw.com

*Counsel for DG3 North America, Inc.*