IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| THE STANDARD REGISTER COMPANY, *et al.*,[1] | ) Case No. 15-10541 (BLS) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) Related Docket Nos. 23, 307 |

**LIMITED OBJECTION OF ENNIS, INC. TO ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS LISTED IN THE NOTICE OF (I) ENTRY INTO STALKING HORSE AGREEMENT AND (II) POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS**

Ennis, Inc. ("Ennis"), with its affiliates Atlas Tag and Label, Inc. ("Atlas"), Forms Manufacturers, Inc. ("FMI"), Kay Toledo Tag ("Kay Toledo"), Printgraphics, Trade Envelope, and Special Service Partners ("SSP," and together with Ennis and all other affiliates, the "Ennis Entities"), by and through their undersigned counsel, files this limited objection (the "Objection") to the *Notice of (i) Entry Into Stalking Horse Agreement and (ii) Potential Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale of Substantially all of the Debtors' Assets* (Docket No. 307) (the "Cure Notice").

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

## CASE BACKGROUND

1. On March 12, 2015 (the "Petition Date"), The Standard Register Company and various subsidiaries (collectively, the "Debtors") commenced voluntary chapter 11 bankruptcy cases. On the Petition Date, the Debtors filed the *Motion for (I) an Order (A) Establishing Sale Procedures Relating to the Sale of Substantially All of the Debtors' Assets; (B) Approving Bid Protections; (C) Establishing Procedures Relating to the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, Including Notice of Proposed Cure Amounts; (D) Approving Form and Manner of Notice of All Procedures, Protections, Schedules, and Agreements; (E) Scheduling a Hearing to Consider the Proposed Sale; and (F) Granting Certain Related Relief; and (II) an Order (A) Approving the Sale of Substantially All of the Debtors' Assets and (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale* (Docket No. 23).

2. On April 17, 2015, the Debtors filed the Cure Notice.[2]

## THE PARTIES' CONTRACTUAL RELATIONSHIP

3. For substantially all of the Ennis Entities (for example, Ennis, Atlas, FMI, and Trade Envelope, among others), their ongoing contractual relationship with the Debtors is governed by a single master agreement.[3] In particular, the current and ongoing relationship between such Ennis Entities and the applicable Debtors is governed by the Subcontractor Confidentiality, Indemnification, Intellectual Property, and Non-Competition Agreement signed

---

[2] The Debtors later amended the Cure Notice on April 27, 2015, to add contracts unrelated to any Ennis Entity. *See* Docket No. 356.

[3] Additionally, when Ennis purchased the assets of Trade Envelope in 2007, it did not purchase and assume the contract listed in the Cure Notice (KETT-1-974); when Ennis purchased the assets of Atlas Tag in 2010, it did not purchase and assume the contracts listed in the Cure Notice (KETT-1-7852, KETT-1-7849); and when Ennis purchased the assets of FMI in 2014, it did not purchase and assume the contracts listed in the Cure Notice (KETT-1-3807, KETT-1-3814). The contract identification numbers listed in parentheses refer to the PDF identifiers on the files sent to Ennis by the Debtors upon Ennis's request after receiving the Cure Notice.

on January 2, 2008, as amended or modified by the letter agreement regarding the preferred supplier rebate program effective as of February 1, 2012, as further amended or modified by the letter agreement effective as of February 10, 2012, and as further amended or modified by the Addendum to Agreements effective as of June 1, 2014 (the "June 1 Addendum," and together with the other agreements listed above, the "Master Agreement"). A limited number of other ongoing business relationships between Ennis affiliates and the Debtors are memorialized in separate agreements to be assumed, and it is Ennis's desire for those agreements ultimately to be merged and incorporated into the Master Agreement for overall efficiency at some point in time.

## LIMITED OBJECTION

4. The Ennis Entities have worked with the Debtors to gain more information regarding the proposed assumption and assignment of the contracts, including the Master Agreement, related to the Ennis Entities. The Ennis Entities would request the following revisions and make the following requests prior to the assumption and assignment of the applicable Ennis Entity agreements:

5. Print Graphics. Two contracts relate to a company named "Print Graphics," located in Grand Prairie, Texas. This entity is unrelated to the similarly named Ennis affiliate Printgraphics. Ennis is not the proper notice party for these agreements.

6. Printgraphics. Two contracts included in the Cure Notice relate to Printgraphics. After comparing the two agreements sent to Ennis by Debtors' counsel, the documents appear to be duplicates. Ennis respectfully requests that the Debtors remove one of the entries from the Cure Notice.

7. Confirmation of Negotiated Amendments to Cure Notice. Debtors' counsel, in cooperation with Ennis, has agreed to add the June 1 Addendum to the list of assumed contracts.

Counsel for the Debtors has also agreed to remove the Global Sourcing Solutions Agreement between Ennis Business Forms and The Relizon Company in light of the termination of this agreement in 2009. This paragraph confirms the agreement between Ennis and the Debtors to make these changes.

8. <u>Reservation of Rights Regarding Cure Amounts</u>. Ennis has compared its books and records to the cure amounts listed in the Cure Notice. In some instances, the Debtors' proposed cure amounts are higher than those reflected in Ennis's records, but the Debtors' amounts may take into account delivery of additional goods and services by Ennis Entities that are not yet reflected in Ennis' records, including such deliveries in the postpetition period. For other entities, Ennis reflects a higher amount owed than the proposed cure amount. A listing of the outstanding invoices reflected on Ennis's accounting system as of approximately February 1, 2015 is attached here to as <u>Exhibit A</u>. Ennis intends to work with the Debtors to reconcile and reach resolution as to the proper aggregate cure amount before the hearing date of this Objection and, therefore, expressly reserves its rights concerning such aggregate cure amount pending such reconciliation and presumed resolution.

9. <u>Request for Information Regarding Adequate Assurance of Future Performance by Standard Acquisition Holdings, LLC (the "Stalking Horse")</u>. Pursuant to paragraph 7 of the Cure Notice, Ennis requests information regarding the Stalking Horse's adequate assurance of future performance of its contracts. The response to this Request for Adequate Assurance (as defined in the Cure Notice) should be sent to the following parties: Michael Magill (michael_magill@ennis.com); Jim Prince (jim.prince@bakerbotts.com); and Mark Desgrosseilliers (MDesgrosseilliers@wcsr.com).

10. <u>Request for Information Regarding Adequate Assurance of Future Performance by Qualified Bidders[4] Other Than the Stalking Horse</u>. Pursuant to the proposed auction and bidding procedures (the "<u>Sale Procedures</u>") approved in the *Order (I) Establishing Sale Procedures Relating to the Sale of Substantially All of the Debtors' Assets; (II) Approving the Maximum Reimbursement Amount; (III) Establishing Procedures Relating to the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, Including Notice of Proposed Cure Amounts; (IV) Approving Form and Manner of Notice of All Procedures, Protections, Schedules, and Agreements; (V) Scheduling a Hearing to Consider the Proposed Sale; and (VI) Granting Certain Related Relief* (Docket No. 286), Ennis hereby requests a copy of the information provided to the Debtors by a Qualified Bidder in connection with an applicable Qualified Bid to demonstrate adequate assurance of future performance of Ennis's contracts. Such information should be sent to the parties listed in paragraph 9.

---

[4] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Sale Procedures.

11. <u>Request for Additional Information</u>. Section 2.11 of the Asset Purchase Agreement among the Debtors and the Stalking Horse, dated as of March 11, 2015 (the "<u>Stalking Horse APA</u>") allows the Buyers (as defined therein) to designate wholly-owned subsidiaries or affiliates (defined in the Stalking Horse APA as "<u>Designated Buyers</u>") to, among other things, purchase specified assets and pay any associated cure amounts. Under this provision, Ennis's contracts may be assigned to an unknown third party. In the event that any Ennis Entity's contract is assigned to a Designated Buyer, Ennis hereby requests notice of such assignment and an opportunity to request adequate assurance from that party.

Dated: May 7, 2015

*[signature]*
Mark L. Desgrosseilliers (Del. Bar No. 4083)
Morgan L. Patterson (Del. Bar No. 5388)
Womble Carlyle Sandridge & Rice, LLP
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801
Telephone: (302) 252-4320
Facsimile: (302) 252-4330
E-mail: mdesgrosseilliers@wcsr.com
E-mail: mpatterson@wcsr.com

and

James Prince
Meggie S. Gilstrap
Baker Botts L.L.P.
2001 Ross Ave.
Dallas, TX 75201-2980
Telephone: (214) 953-6612
Facsimile: (214) 661-4612
E-mail: jim.prince@bakerbotts.com
E-mail: meggie.gilstrap@bakerbotts.com

*Counsel for Ennis, Inc.*