IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE STANDARD REGISTER | ) | Case No. 15-10541 (BLS) |
| COMPANY, *et al.*, | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Re: Docket Nos. 23, 286, and 307** |

**OBJECTION OF PACKAGING CORPORATION OF AMERICA TO
CURE AMOUNTS LISTED IN THE NOTICE OF (I) ENTRY INTO
STALKING HORSE AGREEMENT AND (II) POTENTIAL ASSUMPTION
AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND
UNEXPIRED LEASES IN CONNECTION WITH THE SALE OF
SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS**

Packaging Corporation of America ("PCA") hereby files this objection (this "Objection") to the cure amounts listed in the Notice of (I) Entry into Stalking Horse Agreement and (II) Potential Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale of Substantially all of the Debtors' Assets filed on April 17, 2015 [Docket No. 307] (the "Notice"), and in support thereof states as follows:

**BACKGROUND**

1. This case was commenced by the filing of voluntary chapter 11 cases by the Debtors on March 12, 2015 (the "Petition Date").

2. On April 17, 2015, the Debtors filed the Notice.

3. On April 27, 2015, the Debtors filed a first amendment to the Notice [Docket No. 356] (the "Amended Notice"); however, the changes to the Notice made in the Amended Notice are not relevant to PCA.

4. The entity "Packaging Corp of America" is listed on page 59 of Exhibit 1 to the Notice as being the Contract Counterparty to a "Preferred Certified Supplier Agreement" with an unspecified one of the Debtors, and the Debtors list the Proposed Cure Amount for this contract as being zero (the "First PCA Cure Amount").

5. The entity "Packaging Corporation of America" is listed on page 59 of Exhibit 1 to the Notice as being the Contract Counterparty to a "Preferred Certified Supplier Agreement" with an unspecified one of the Debtors, and the Debtors list the Proposed Cure Amount for this contract as being zero (the "Second PCA Cure Amount").

6. The entity "Packaging Corporation of America" is listed on page 59 of Exhibit 1 to the Notice as being the Contract Counterparty to a "Container Sales Agreement" with an unspecified one of the Debtors, and the Debtors list the Proposed Cure Amount for this contract as being $82,415.63 (the "Third PCA Cure Amount").

7. On the Petition Date, PCA was owed by the Debtors a total amount of not less than $139,561.40.

8. The three executory contracts alleged between the Debtors and "Packaging Corp. of America" and "Packaging Corporation of American" are only cursorily described in the Notice. Therefore, it is impossible for PCA to determine what executory contract is being referred to by the Debtors in the First PCA Cure Amount, the Second PCA Cure Amount, and the Third PCA Cure Amount.

9. PCA objects to the Notice on grounds that the executory contract descriptions for the First PCA Cure Amount, the Second PCA Cure Amount, and the Third PCA Cure Amount are so vague that PCA is unable to determine the executory contract to which they

refer, and thus it is not possible to determine whether the Notice complies with the cure requirements of 11 § U.S.C. 365(b)(1)(A) with regard to each of these executory contracts.

10. PCA further objects to the Notice on grounds that, in the aggregate, the First PCA Cure Amount, the Second PCA Cure Amount, and the Third PCA Cure Amount substantially understate the amount necessary to cure the defaults existing on the Petition Date, which amount PCA believes to be, in the aggregate, not less than $139,561.40, and thus the Notice does not comply with the cure requirements of 11 § U.S.C. 365(b)(1)(A) with regard to these executory contracts in the aggregate.

11. PCA further objects to the Notice on grounds that the Debtors have not provided to PCA adequate assurance of future performance by the assignee of the executory contracts as required by 11 § U.S.C. 365(b)(1)(C).

WHEREFORE, for the reasons set forth above, PCA objects to the Notice and requests that the Debtors amend the Notice to provide a meaningful and sufficient description of each of the three PCA executory contracts and show the accurate cure amount for each of PCA's executory contracts, and that the Debtors provide to PCA adequate assurance of future performance by the assignee of the executory contracts.

Dated this 7th day of May, 2015.

Respectfully Submitted,

PACHULSKI STANG ZIEHL & JONES LLP

__/s/ Bradford J. Sandler__
Bradford J. Sandler (DE Bar No. 4142)
919 North Market Street, 17th Floor
Wilmington, DE 19899
Telephone: 302-652-4100
Facsimile: 302-652-4400
bsandler@pszjlaw.com

*Counsel to Packaging Corporation of America*