IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE STANDARD REGISTER | ) | Case No. 15-10541-BLS |
| COMPANY *et al.*,[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Re: Dkt. Nos. 23, 286, 307, 356 |

**LIMITED OBJECTION OF COMPUTER SCIENCES CORPORATION
TO PROPOSED CURE AMOUNT LISTED IN DEBTORS' NOTICE OF
(I) ENTRY INTO STALKING HORSE AGREEMENT AND
(II) POTENTIAL ASSUMPTION AND ASSIGNMENT OF
CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES
IN CONNECTION WITH THE SALE OF
SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS**

Computer Sciences Corporation ("CSC"), by its attorneys, and pursuant to 11 U.S.C. §

365, submits this limited objection to the Proposed Cure Amount (as defined below) set forth on

the Notice of (I) Entry into Stalking Horse Agreement and (II) Potential Assumption and

Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale

of Substantially All of the Debtors' Assets [Docket No. 307] (the "Assumption Notice") filed by

the Debtors (defined below) on April 17, 2015, and respectfully represents as follows:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The
Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies,
Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto
Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de
C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de
C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned
Debtors is located at 600 Albany Street, Dayton, Ohio 45417

## Background

1.     On or about March 1, 2010, The Standard Register Company ("SRC") and CSC entered into that certain Information Technology Services Agreement (the "Services Agreement") pursuant to which CSC agreed to provide various information technology services to SRC in exchange for SRC's payment of monthly service charges.[2]  CSC issued monthly invoices to SRC for such charges.

2.     By Amendment No. 7 dated February 27, 2015, the term of the Services Agreement was extended from March 1, 2015 to February 28, 2018.

3.     On March 12, 2015 (the "Petition Date"), SRC and its affiliated debtors identified above (collectively the "Debtors") filed voluntary petitions for relief in this Court under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

4.     On March 12, 2015, the Debtors also filed a motion to sell property free and clear of liens, and seeking ancillary relief including *inter alia* relief with respect to assumption and assignment of certain executory contracts (the "Sale Procedures Motion") [Docket No. 23].

5.     On April 15, 2015, the Court entered an order granting the Sale Procedures Motion [Docket No. 286] (the "Bidding Procedures Order") approving, among other things, procedures for the assumption and assignment of certain executory contracts and unexpired leases (collectively, the "Assumed Contracts").

6.     In accordance with the Bidding Procedures Order, on April 17, 2015, the Debtors filed and served their Assumption Notice, identifying CSC as a contract counterparty and the Services Agreement as an Assumed Contract.

---

[2] Due to its voluminous size, the Services Agreement and any amendments thereto are available for review upon request.

7.      On page 18 of Exhibit 1 to the Assumption Notice, the Debtors assert the cure amount for the Services Agreement is Four Hundred Ninety-eight Thousand One Hundred Thirteen Dollars and twenty-two cents ($498,113.22) (the "Proposed Cure Amount").

8.      The Assumption Notice identifies a second contract with CSC, the "Vendor Agreement," and asserts a cure amount of $0.00.  CSC believes that the Vendor Agreement refers to the Statement of Work attached as Exhibit A to the Services Agreement, which is not an executory contract separate and distinct from the Services Agreement that may also be assumed and assigned by the Debtors.

9.      Paragraph 5 of the Assumption Notice provides that objections to any Cure Amount (as defined in the Assumption Notice) must be filed and served on various parties by 4:00 p.m. Eastern Time on May 8, 2015 (the "Objection Deadline").

10.      On April 27, 2015, the Debtors filed a First Amended Notice of (I) Entry into Stalking Horse Agreement and (II) Potential Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale of Substantially All of the Debtors' Assets [Docket No. 356] (the "Amended Assumption Notice").  The Amended Assumption Notice makes no changes to the Assumption Notice with respect to CSC.

11.      CSC does not object to the assumption and assignment of the Services Agreement *per se* and has begun, or is prepared to begin, efforts to reach a consensual resolution of its objection to the Proposed Cure Amount with the Debtors.  CSC asserts this objection for the purpose of preserving its objection to the Proposed Cure Amount.

12.     To the extent the Vendor Agreement is other than the Statement of Work identified above, which is not a contract separate from the Services Agreement, CSC objects to the assumption of such contract on the basis that it has been inadequately described in the Assumption Notice.

**Objection to Proposed Cure Amount**

13.     To assume and assign the Services Agreement, the Debtors must satisfy the requirements of section 365 of the Bankruptcy Code.  Specifically, section 365(b)(1) states in relevant part:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee--
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default . . . ;
>
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
> (C) provides adequate assurance of future performance under such contract or lease.

14.     Debtors are in default pursuant to the Services Agreement.

15.     CSC objects to the Proposed Cure Amount and asserts that according to CSC's books and records, the correct cure amount for the Services Agreement is Eight Hundred Eleven Thousand Nine Hundred Seventy-seven Dollars and ninety-nine cents ($811,977.99) (the "Correct Cure Amount").  Copies of unpaid invoices issued to Debtors totalling the Correct Cure Amount are attached hereto collectively as Exhibit A.

## **Request for Adequate Assurance**

16.     Pursuant to section 365(b)(1)(C) of the Bankruptcy Code, CSC requests that the Debtors and the Stalking Horse (as defined in the Assumption Notice) or any other subsequent assignee provide adequate assurance of future performance of all future obligations under the Services Agreement.  In accordance with Paragraph 7 of the Assumption Notice, any adequate assurance information should be delivered to:

> Computer Sciences Corporation
> c/o Christopher L. Perkins, Esq.
> LeClairRyan, A Professional Corporation
> Riverfront Plaza – East Tower, 8th Floor
> 951 East Byrd Street
> Richmond, Virginia 23219
> Phone:  804.783.7550
> Fax:  804.783.7686
> christopher.perkins@leclairryan.com

## **Reservation of Rights**

17.     CSC intends to continue working with the Debtors and the Stalking Horse to resolve any dispute regarding the appropriate cure amount with respect to the Services Agreement.  CSC, however, expressly reserves its right to amend, modify or supplement this limited objection or to provide any additional information or documentation as may be requested by the Court in connection with its determination of the cure amount required to be paid pursuant to section 365 of the Bankruptcy Code to permit the assumption and/or assignment of the Services Agreement.

18.     CSC also expressly reserves the right to object to the proposed assumption and/or assignment of any agreement, including, but not limited to, the Services Agreement and the Vendor Agreement, on the grounds that any such agreement is not an executory contract or that the terms of the proposed assumption and assignment would not fulfill all of the requirements of

section 365 of the Bankruptcy Code.  Moreover, the filing of this limited objection shall not affect a waiver of, and CSC hereby reserves, all rights to object to any relief requested in these chapter 11 cases on any grounds.

WHEREFORE, CSC respectfully requests that the Court: (a) condition any assumption and assignment of the Services Agreement on the payment in full for all outstanding amounts due to CSC under the Services Agreement in compliance with section 365 of the Bankruptcy Code; and (b) grant such other and further relief as the Court deems just and proper.

Dated:  May 7, 2015               LECLAIRRYAN

                 /s/ Andrew L. Cole
                 Andrew L. Cole (No. 5712)
                 180 Admiral Cochrane Drive, Suite 370
                 Annapolis, Maryland 21401
                 (410) 224-3000
                 (410) 224-0098 (Facsimile)
                 andrew.cole@leclairryan.com

                 *Attorneys for Computer Sciences Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify, that on this 7th day of May, 2015, copies of the foregoing, together with any exhibits or attachments was served *via* the Court's CM/ECF system upon all registered users who have entered an appearance in this case, and *via* first class mail, postage pre-paid, upon:

Barbara Becker, Esquire
Michael A. Rosenthal, Esquire
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166

Mark D. Collins, Esquire
Richard Layton & Finger
One Rodney Square
920 North King Street
Wilmington, DE 19801

Edward Dobbs, Esquire
James S. Rankin, Jr. , Esquire
Parker, Hudson, Rainer & Dobbs LLP
1500 Marquis Two Tower
285 Peachtree Center Avenue
Atlanta, GA 30303

Ron Meisler, Esquire
Christopher Dressel, Esquire
Skadden, Arps, Slate, Meagher & Flom LLP
155 N. Wacker Drive
Chicago, IL 60606

Michael R. Nestor, Esquire
Young Conaway Stargatt & Taylor, LLP
Rodney Square North
1000 North King Street
Wilmington, DE 19801

Sharon L. Levine, Esquire
Wojciech Jung, Esquire
Lowenstein Sandler LLP
1251 Avenue of the Americas
New York, NY 10020

/s/ Andrew L. Cole
Andrew L. Cole (5712)