**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| THE STANDARD REGISTER COMPANY, *et al.*,[1] | ) Case No. 15-10541 (BLS) |
| | ) |
| | ) Jointly Administered |
| *Debtors.* | ) |
| | ) Hearing Date: June 17, 2015 at 10:00 a.m. |
| | ) Objection Deadline: May 8, 2015 at 4:00 p.m. |
| | ) Re: Docket Nos. 23, 286 and 307 |

**LIMITED OBJECTION OF AVERY DENNISON CORPORATION TO
DEBTORS' NOTICE OF (I) ENTRY INTO STALKING HORSE AGREEMENT
AND (II) POTENTIAL ASSUMPTION AND ASSIGNMENT OF CERTAIN
EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION
WITH THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS**

Avery Dennison Corporation ("Avery Dennison"), by and through counsel, respectfully objects on a limited basis (this "Objection") to the Notice of (i) Entry Into Stalking Horse Agreement and (ii) Potential Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale of Substantially All of the Debtors' Assets (ECF Doc. 307, the "Cure Notice") filed by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") pursuant to this Court's April 15, 2015 Order approving, among other things, procedures for the assumption and assignment of assumed contracts (ECF Doc. 286, the "Bidding Procedures Order"). In support of this Objection, Avery Dennison respectfully states as follows:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

7763480/

**BACKGROUND**

1.      On March 12, 2015 (the "Petition Date"), the Debtors commenced these jointly administered cases under chapter 11 of the Bankruptcy Code.

2.      On April 15, 2015, the Court entered the Bidding Procedures Order. The Bidding Procedures Order sets forth the procedures for the sale of substantially all of the Debtors' assets, including procedures for: (a) the assumption and assignment of contracts that may be assumed and assigned pursuant to the Purchase Agreement between the Debtors and the Stalking Horse;[2] and (b) the delivery of the Cure Notice to non-debtor counterparties for each contract that may be assumed and assigned.

3.      Pursuant to the Bidding Procedures Order, the Cure Notice included an Exhibit 1 – Potential Assignment Schedule identifying the contracts that may be assumed and assigned pursuant to the Purchase Agreement. According to the Cure Notice, the Potential Assignment Schedule identifies, among other things, the amount determined by the Debtors to be necessary to be paid to cure any existing default under each identified contract. (Cure Notice, ¶4.) The Potential Assignment Schedule includes the following:

| **Contract Counterparty** | **Description of Agreement** | **Proposed Cure Amount ($)** |
|---|---|---|
| Avery Dennison Business Media Division | Global Sourcing Solutions Agreement | $1,054,108.67 |

4.      The Cure Notice indicates that any objections to the possible assumption and assignment of an identified contract must be filed and served so as to be actually received no later than May 8, 2015 at 4:00 p.m. (Prevailing Eastern Time).

---

[2] Capitalized terms not defined herein shall have the meanings given to them in the Cure Notice.

7763480/

**OBJECTION**

5. Avery Dennison does not object to the Debtors' proposed sale of assets as set forth in Bidding Procedures Order nor does Avery Dennison object to the assumption and assignment of the Agreement (as defined below); provided, of course, that the correct cure amount is paid in full at the time of assumption and/or assignment. However, Avery Dennison does object to the Cure Notice, because the Cure Notice misidentifies the relevant contract, the contract counterparty and the cure amount with respect to Avery Dennison.

6. Avery Dennison (through its Label and Packaging Materials – North America division) sells labels and other goods to debtor The Standard Register Company ("Standard Register") pursuant to a certain Confidential 2013 – 2016 Supply Agreement dated August 1, 2013 (the "Agreement") between Avery Dennison, Standard Register and Standard Register's "subsidiary" Workflow One, LLC.[3] Due to the confidential nature of the Agreement, Avery Dennison has not attached a copy of the Agreement to this Objection but has supplied a copy of the Agreement to the Debtors' counsel and will also to the Debtors' business representatives. As of May 6, 2015, a total of $1,287,264.41 was in default under the Agreement (the "Cure Amount"). The Cure Amount represents invoices for goods sold by Avery Dennison to Standard Register for which payment has not been made to Avery Dennison in accordance with the terms of the Agreement.

7. Avery Dennison does not have a "Business Media Division," and as a result is not a party to the improperly described "Global Sourcing Solutions Agreement" between its "Business Media Division" and any of the Debtors. In any event, Avery Dennison sells goods to Standard Register pursuant to the Agreement, and the Cure Amount, as set forth herein,

---

[3] The Agreement identifies Workflow One, LLC as a subsidiary of Standard Register. On information and belief, Workflow One, LLC is merely a division of Standard Register.

7763480/

3

represents the amount in default under the Agreement as of May 6, 2015. To the extent that the Debtors seek to assume any other agreement other than the Agreement as defined in this Objection, Avery Dennison objects to such assumption and assignment in that Avery Dennison is not a party to any other agreement with the Debtors. Moreover, there should be no other attempt by the Debtors to set any other cure amount other than the one for this Agreement.

8. In short, the relevant contract is the Agreement (as defined above) and not any Global Sourcing Solutions Agreement. The correct counterparty is Avery Dennison, through its Label and Packaging Materials – North America division, and not a "Business Media Division." Finally, the amount in default under the Agreement, as of May 6, 2015, is not $1,054,108.67 but $1,287,264.41. In support of this Objection and to establish the dollar figure of the Cure Amount, Avery Dennison provides the attached <u>Exhibit A</u> which lists in detail all of the invoices which are out of terms, remain unpaid and therefore in default. Avery Dennison reserves its right to supplement or amend this Objection to, among other things, reflect additional amounts that go into default under the Agreement between now and the June 17, 2015 hearing date currently set for the determination of cure objections.

9. Under 11 U.S.C. § 365(b)(1), a debtor can assume an executory contract only if the debtor, at the time of such assumption, cures or provides adequate assurance that the debtor will promptly cure outstanding defaults. *Kimmelman v. Port Auth. of N.Y. & N.J. (In re Kiwi Int'l Air Lines, Inc.)*, 344 F.3d 311, 317-18 (3d Cir. 2003); *In re DBSI, Inc.*, 405 B.R. 698, 704 (Bankr. D. Del. 2009) (citing *In re U.S. Wireless Data, Inc.*, 547 F.3d 484, 489 (2nd Cir. 2008)); *see also*, *In re Stoltz*, 315 F.3d 80, 86 (2nd Cir. 2002). Avery Dennison does not concede that an executory contract exists between Avery Dennison and Standard Register and reserves its right to contest the executory nature of the Agreement. Nevertheless, in the event the Court

determines that an executory contract subject to assumption and assignment exists between Avery Dennison and Standard Register, the Agreement is such executory contract and the cure amount for the Agreement is, at a minimum, $1,287,264.41.

10. Avery Dennison continues to communicate with Standard Register and its counsel to identify the relevant contract and reconcile the cure amounts owed by Standard Register to Avery Dennison. Avery Dennison is supplying Debtors' counsel copies of all open invoices to hopefully reconcile the correct cure amount owed. Nevertheless, due to the pending objection deadline, Avery Dennison has filed this Objection out of an abundance of caution to preserve all of its rights and possible objections to the Cure Notice.

11. Avery Dennison reserves all rights to amend and/or supplement this Objection, including the information contained on Exhibit A.

WHEREFORE, Avery Dennison Corporation respectfully requests that the Court deny the relief requested by the Debtors in the Cure Notice or grant such other and further relief as is just and appropriate.

*[Signature page to follow.]*

| | |
|---|---|
| Dated:  May 7, 2015 | **MORRIS JAMES LLP** |

/s/ Brett D. Fallon
Brett D. Fallon (DE No. 2480)
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE  19899-2306
Tel:  (302) 888-6800
Fax:  (302) 571-1750
Email:  bfallon@morrisjames.com

      -and-

**FRANTZ WARD LLP**
John F. Kostelnik  (Ohio Bar # 0014919)
Timothy J. Richards (Ohio Bar # 0078198)
200 Public Square, Suite 3000
Cleveland, OH  44114-1230
Tel: (216) 515-1660
Fax: (216) 515-1650 (fax)
Email:  jkostelnik@frantzward.com
        trichards@frantzward.com

*Attorneys for Avery Dennison Corporation*