**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re*:<br><br>The Standard Register Company, *et al.*,[1] | Chapter 11<br>Case No. 15-10541-BLS<br>(Jointly Administered)<br>Hearing: June 17, 2015 at 10:00 a.m. (ET)<br>Related Docket Nos: 23, 286, 307 & 356 |

**LIMITED OBJECTION OF VOLT CONSULTING GROUP, LTD. TO NOTICE OF (I) ENTRY INTO STALKING HORSE AGREEMENT AND (II) POTENTIAL ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS**

Volt Consulting Group, Ltd. ("Volt"), by and through its undersigned counsel, hereby submits this limited objection (the "Objection") to the proposed cure amount listed in the *Notice of (I) Entry Into Stalking Horse Agreement and (II) Potential Assumption and Assignment of Certain Executory Contracts and Unexpired Leases In Connection With the Sale of Substantially All of the Debtors' Assets* (the "Cure Notice") [D.I. 307], as amended [D.I. 356], and in support of the Objection respectfully states as follows:

**A.  Relevant Procedural Background.**

1.  The Cure Notice requires counter-parties to contracts that may be assumed to file objections to the proposed "Cure Amount" relating to their contracts. The Cure Notice defines "Cure Amount" as the amount "necessary to be paid to cure any existing default under each Assumed Contract." *See*, D.I. 307, at p. 2, ¶ 4. Any unresolved objections relating to the

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company, Standard Register Technologies, Inc., Standard Register International, Inc., iMedConsent, LLC, Standard Register or Puerto Rico Inc., Standard Register Mexico Holding Company, Standard Register Holding, S. de R.L. de C.V., Standard Register de Mexico, S. de R.L. de C.V., Standard Register Servicios, S. de R.L. de C.V., and Standard Register Technologies Canada ULC.

1

proposed cure amounts in the Cure Notice are to be heard by the Court on June 17, 2015 at 10:00 a.m. (the "Sale Hearing").

**B.    Relevant Factual Background.**

2.    Volt manages around thirty-five (35) staffing companies (the "Vendors") that supply contract workers to the Debtors. Volt oversees the invoicing, billing, coordination, and payment of these Vendors for the Debtors. These services are provided under a contract entered into between Volt's predecessor and The Standard Register Company ("Standard") on March 17, 2004, and amended at various times thereafter (the "Contract").

3.    Some of the contract workers supplied by Volt provided services pre-petition but did not turn in their time cards until after the petition date. As such, Volt was unable to invoice the Debtors for those pre-petition services until after the petition date. Volt is still providing services to the Debtors and some of its post-petition invoices have included sums for pre-petition services provided by contract workers who turned in their time cards after the petition date. The Debtors have excluded those sums from their post-petition payments to Volt. As such, the actual amount of Volt's pre-petition claim has continued to increase since the petition date.

**LIMITED OBJECTION AND RESERVATION OF RIGHTS**

4.    The Cure Notice incorrectly states that the "cure amount" with respect to Volt's Contract is $1,645,395.59. *See*, Cure Notice [D.I. 307], at p. 97; *see also*, Amended Cure Notice [D.I. 356], at p. 115. In fact, Volt is owed $1,655,019.99 in relation to Standard's pre-petition defaults under the Contract (the "Revised Cure Amount"). A true and correct copy of supporting documentation relating to the Revised Cure Amount is annexed hereto as Exhibit A.

5.    In addition, some contract workers may turn in time cards for pre-petition services after the date of this Objection. Thus, the Revised Cure Amount may continue to increase. Volt reserves the right to supplement the Revised Cure Amount at or before the Sale Hearing, and to

seek a commitment from the successful bidder for the Debtors' assets that they will pay for pre-petition services relating to any time cards turned in after the Sale Hearing. In addition, Volt reserves its rights with respect to any post-petition defaults which must also be cured in the event the Contract is sought to be assumed.

### REQUEST FOR ADEQUATE ASSURANCE

6. The Cure Notice also requires counter-parties to contracts that may be assumed to request adequate assurance information concerning the stalking horse bidder in conjunction with any objection to the proposed cure amount. *See*, D.I. 307, at p. 3, ¶ 7. Volt hereby requests adequate assurance information for the stalking horse bidder or any other successful bidder. In addition, if the stalking horse bidder or any other successful bidder seeks to transfer or assign Volt's Contract to another party, Volt requests adequate assurance information for such assignee or transferee.

7. Pursuant to Local Rule 9013-1(h), Volt consents to the entry of final orders by this Court if it is determined that the Court, absent consent of the parties, cannot enter final orders consistent with Article III of the United States Constitution.

[*Signature page follows*]

Dated: Wilmington, Delaware
May 7, 2015

Respectfully submitted,

 */s/ Peter M. Sweeney*
Peter M. Sweeney (DE # 3671)
BLAKELEY LLP
1000 N. West Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 415-9908
Email: psweeney@blakeleyllp.com

– and –

David M. Mannion
BLAKELEY LLP
54 W. 40th Street
New York, NY 10018
Telephone: (917) 472-9587
Email: dmannion@blakeleyllp.com

*Attorneys for Volt Consulting Group, Ltd.*