## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE STANDARD REGISTER | ) | Case No. 15-10541 (BLS) |
| COMPANY, *et al.*[1] | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Re: Docket No. 307** |

### LIBERTY MUTUAL INSURANCE COMPANY'S OBJECTION TO DEBTORS' NOTICE OF (I) ENTRY INTO STALKING HORSE AGREEMENT AND (II) POTENTIAL ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS

Liberty Mutual Insurance Company and its affiliates and subsidiaries (collectively, "Liberty") hereby file this objection (the "Objection") to the Debtors' Notice of (I) Entry Into Stalking Horse Agreement and (II) Potential Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale of Substantially All of the Debtors' Assets [Docket No. 307] (the "Notice"), and respectfully state as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue is proper under 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND

2.      On March 12, 2015, the Debtors commenced these cases by filing voluntary

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001).  The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

petitions for relief under chapter 11 of the Bankruptcy Code.

3.      On April 17, 2015, the Debtors filed the Notice, pursuant to which the Debtors seek to potentially assume and assign a "Workers Compensation and Employers Liability [sic] Insurance Policy" to which Liberty is party (the "Policy"), and assert that no ($0.00) cure amount is owed. See Notice, Exhibit 1, p. 49.

## OBJECTION

**A.      The Policy Cannot Be Assumed Without Liberty's Consent**

4.      A debtor "may not assume or assign any executory contract . . . if . . . applicable law excuses a party, other than the debtor . . . from accepting performance from or rendering performance to an entity other than the debtor . . . and such party does not consent to such assumption or assignment". 11 U.S.C. § 365(c); see also In re West Elecs., Inc., 852 F.2d 79, 83 (3d Cir. 1988) (debtor could not assume contract without government's consent because applicable law prohibited assignment absent consent).

5.      Here, any proposed assignment of the Policy by the Debtors is invalid because (a) Liberty has not consented to such assignment, (b) the Policy expressly states that the Debtor may not assign the Policy without Liberty's written consent,[2] and (c) such anti-assignment provisions are enforceable under non-bankruptcy law. See, e.g., Allied Corp. v. Frola, 1992 U.S. Dist. LEXIS 15778, at *14 (D.N.J. 1992) ("A policy of insurance is a contract of indemnity, personal to the party to whom it is issued . . . it cannot be transferred to a third person so as to be valid in his hands against the insurer, without the insurer's consent.") (quoting Kase v. Hartford Fire Ins. Co., 58 N.J.L. 34 (1895)); Sec. Nat'l Bank of Springfield v. Gen. Motors Corp., 345 Mass. 434, 442 (1963) ("It is settled law that parties to a contract can agree that the contract in all its terms

---

[2] See Policy, Part Six. Due to its voluminous nature, a copy of the Policy is not attached hereto, but will be provided to the Debtors and other appropriate parties in interest upon request.

Error! Unknown document property name.

shall be nonassignable both at law and in equity") (citations and internal quotations omitted); Mercedes-Benz of W. Chester v. Am. Family Ins., 2010 Ohio App. LEXIS 1898, *19 (Ohio Ct. App. May 24, 2010) ("Because an insurance policy is a contract between an insured and the insurer, we will not disturb the plain language of the contract . . . Since [the insurer] did not consent to the assignment, any attempt to assign interest in the policy is invalid").

6.    In addition, courts have found proposed assignments inappropriate when they would increase the risks of the obligor or insurer. See, e.g., Mercedes-Benz, 2010 Ohio App. LEXIS 1898 at *20 (denying assignment that would have "materially changed [the insurer's] duty and materially increased its burden or risk under the contract"); see also In re Schick, 235 B.R. 318, 323 (Bankr. S.D.N.Y. 1999) ("Generally, a right is not assignable if assignment would materially change the duty of the obligor, increase his burden or risk or impair the chance of receiving a return performance or reduce its value") (citation omitted).

7.    Here, Liberty's right to oppose assignment of the Policy protects Liberty by: (i) preventing a stranger to the Policy from reaping its benefits without satisfying the insured's obligations; (ii) preserving the business relationship that gave rise to the Policy; (iii) ensuring that the risk contemplated by the Policy is not expanded; and (iv) protecting Liberty's right to settle or try cases and to enforce the insured's duty of cooperation in connection with the investigation and assignment of any loss.

8.    Liberty does not consent to any assignment of the Policy.  The Debtors cannot unilaterally eliminate Liberty's right to approve such assignments, thereby exposing Liberty to additional risk.

Error! Unknown document property name.

**B.     The Debtors May Not Assign The Policy Without Providing Adequate Assurance of Future Performance and Curing All Defaults**

9.     As a condition to assumption and assignment of an executory contract, a debtor must cure all defaults and provide adequate assurance of future performance thereunder. Specifically, 11 U.S.C. § 365(b)(1) provides, in pertinent part:

> (b)(1)  If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of the assumption of such contract or lease, the trustee—
>
> > (A) cures, or provides adequate assurance that the trustee will promptly cure, such default . . . [and]
> >
> > (C) provides adequate assurance of future performance under such contract or lease.

10.     Liberty objects to the Debtors' proposed $0.00 cure amount.  The Debtors presently owe Liberty no less than $182,742.00 under the Policy.  Moreover, additional amounts will become due to Liberty as claims made under the Policy are presented and benefits due are paid or the claims are resolved.  To date, the Debtors have not provided any assurance that these amounts will be paid as they come due.

11.     In addition, the Debtors may not assume the Policy unless they provide adequate assurance of future performance thereunder.  11 U.S.C. § 365(b)(1)(C).  The Debtors bear the burden of satisfying the requirements for assumption and assignment. In re M. Fine Lumber Co., Inc., 383 B.R. 565, 573 (Bankr. E.D.N.Y. 2008) (citation omitted).  Here, the Debtors have not met their burden of demonstrating that any assignee will continue performing under the Policy.

12.     Liberty does not concede that the Policy may be assigned by the Debtors.  But if the Policy is assigned, Liberty is entitled to have all defaults cured and to assurances that the assignee will assume all of the obligations under the Policy, pay amounts due to Liberty when due, and otherwise perform its duties in the ordinary course of business.

4

Error! Unknown document property name.

### RESERVATION OF RIGHTS

13.     Liberty expressly reserves all of its rights, claims and remedies under the Policy and applicable law.  Liberty further expressly reserves its right to amend and/or supplement this Objection.  Nothing contained herein shall constitute a waiver of any of Liberty's rights and remedies, including, without limitation, its rights of setoff and/or recoupment.

### CONCLUSION

**WHEREFORE**, Liberty respectfully requests that this Court enter an order prohibiting the Debtors from assuming, assigning, or otherwise transferring the Policy and granting Liberty such further relief as may be just and proper.

SEITZ, VAN OGTROP & GREEN, P.A.

/s/  *R. Karl Hill*

_____
R. Karl Hill, Esq. (DE# 2747)
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE
Tel:  (302) 888-0600
Fax:  (302) 888-0606

-and-

Douglas R. Gooding, Esq.
Gregory A. Kopacz, Esq.
CHOATE HALL & STEWART, LLP
Two International Place
Boston, MA 02110
Telephone: (617) 248-5000
Facsimile: (617) 248-4000

Dated: May 8, 2015

5