**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, *et al.*, | Case No. 15-10541 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. 23** |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS
OF THE NEW YORK AND PRESBYTERIAN HOSPITAL**

The New York and Presbyterian Hospital (the "**NYPH**"), by its undersigned counsel, submits this limited objection and reservation of rights (the "**Limited Objection**") in response to certain notices from The Standard Register Company, et al. (the "**Debtors**") regarding the Debtors' (i) entry into stalking horse agreement and (ii) potential assumption and assignment of certain executory contracts and unexpired leases in connection with the sale of substantially all of the Debtors' assets (the "**Notices**") and respectfully submits as follows:

**BACKGROUND**

1.      NYPH is party to three contracts with the Debtors, as follows:

a.      Master Services Agreement dated as of September 24, 2012, as amended (the "**MSA**");

b.      Novation Group Purchasing Organization Participation Agreement dated December 1, 2009 (the "**Novation Agreement**") which incorporates terms of the Document Management Purchase and SmartWorks Use Agreement between NYPH and the Debtors dated November 1, 2007 (the "**2007 Agreement**"); and

c.      Business Associate Agreement dated September 17, 2014 (collectively with the MSA and the Novation Agreement, the "**Contracts**").

2.      The Notices provide notice of the potential assumption and assignment of the Contracts to the stalking horse purchaser (the "**Stalking Horse**") or another successful bidder (the "**Successful Bidder**") for the Debtors' assets.  The Notices propose a cure amount of $0.00 for each of the Contracts.

## LIMITED OBJECTION

3.      NYPH does not object to the proposed cure amounts.  However, NYPH objects to the assumption and assignment of the Contracts to the extent that adequate assurance of future performance under section 365(b)(1) of the Bankruptcy Code cannot be demonstrated by the Stalking Horse or the Successful Bidder, as applicable.

4.      NYPH requests that information evidencing adequate assurance of future performance of the Contracts by the Stalking Horse or the Successful Bidder be delivered to the undersigned, with a copy to:

> Edward A. Pisacreta, Esq.
> Associate General Counsel, Office of Legal Affairs & Risk Management
> The New York and Presbyterian Hospital
> 525 East 68th Street, Box 88
> New York, NY 10065
> Fax: (212) 746-8603
> Email: edp9017@nyp.orgmailto:

5.      In addition, Section 9.3 of the MSA states that the MSA may not be assigned by a party without the prior consent of the other party.  NYPH reserves its right to object to the assumption and assignment of the MSA pursuant to the terms of the MSA and section 365(c) of the Bankruptcy Code.

6.    In addition, Section 22 of the 2007 Agreement, which is incorporated into the Novation Agreement, provides that assignment by a party requires the prior written consent of the other party.  NYPH reserves its right to object to the assumption and assignment of the Novation Agreement pursuant to the terms of the Novation Agreement and the 2007 Agreement and section 365(c) of the Bankruptcy Code.

WHEREFORE, NYPH reserves its right to object to the proposed assumption and assignment of the Contracts and requests that the Debtors promptly provide the requested information regarding adequate assurance of future performance.

Dated: New York, NY
         May 8, 2015

Respectfully Submitted,

*/s/ Wendy G. Marcari*
Wendy G. Marcari (WM 8494)
EPSTEIN BECKER & GREEN, P.C.
250 Park Avenue
New York, NY  10017
Telephone:  (212) 351–3747
Fax:  (212) 878-8600
wmarcari@ebglaw.com

*Counsel to The New York and Presbyterian Hospital*

FIRM:29885200v1

3