# EXHIBIT A

**Revised Form of Order**

01:17070505.1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, *et al.*,[1] | Case No. 15-10541 (BLS) |
| Debtors. | Jointly Administered |
| | **Re: Docket No. 340** |

**ORDER PURSUANT TO BANKRUPTCY RULE 3003(c)(3) AND LOCAL RULE
2002-1(e) ESTABLISHING BAR DATES AND RELATED PROCEDURES FOR FILING
PROOFS OF CLAIM (INCLUDING FOR ADMINISTRATIVE EXPENSE CLAIMS
ARISING UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE) AND
APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

Upon consideration of the motion (the "Motion")[2] of the Debtors for entry of an

order, pursuant to Bankruptcy Rule 3003(c)(3) and Local Rule 2002-1(e), establishing Bar Dates

and related procedures by which creditors must file their Proofs of Claim, as more fully

described in the Motion; and this Court having reviewed the Motion; and this Court having

determined that the relief requested in the Motion is in the best interests of the Debtors, their

estates, their creditors, and other parties in interest; and this Court having jurisdiction to consider

the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and

the *Amended Standing Order of Reference* from the United States District Court for the District

of Delaware dated as of February 29, 2012; and it appearing that proper and adequate notice of

the Motion has been given and that no other or further notice is necessary; and upon the record

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001).  The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2]    Capitalized terms used but not otherwise defined herein shall have the same meanings ascribed to them in the Motion.

herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.　　　The Motion is GRANTED as set forth herein.

2.　　　The Court hereby approves (i) the forms of the Bar Date Notice, the Proof of Claim Form, and the Publication Notice, substantially in the forms attached to this Order as Exhibit 1, Exhibit 2 and Exhibit 3, respectively, and (ii) the manner of providing notice of the Bar Dates as described in the Motion.

3.　　　Pursuant to Bankruptcy Rule 3003(c)(2), any creditor (as defined in section 101(10) of the Bankruptcy Code) or equity security holder (as defined in section 101(17) of the Bankruptcy Code) who asserts a claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors that arose, or is deemed to have arisen, prior to March 12, 2015 (the "Petition Date") and whose claim is either (i) not listed on the Debtors' schedules of assets and liabilities (collectively, the "Schedules") or (ii) is listed on the Schedules as disputed, contingent or unliquidated, must file a Proof of Claim on or prior to July 8, 2015 at 5:00 p.m. (Prevailing Eastern Time) (the "General Bar Date") as provided in this Order.

4.　　　Notwithstanding paragraph 3 above, any Section 503(b)(9) Claim must be filed on or prior to June 9, 2015 at 5:00 p.m. (Prevailing Eastern Time) (the "503(b)(9) Bar Date") as provided in this Order.

5.　　　Notwithstanding paragraph 3 above, the deadline for governmental units (as defined in section 101(27) of the Bankruptcy Code) to file a Proof of Claim against the Debtors is September 8, 2015 at 5:00 p.m. (Prevailing Eastern Time) (the "Governmental Bar Date").

6.      Any person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust and governmental unit) that holds, or seeks to assert, a claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors that arose, or is deemed to have arisen, prior to the Petition Date, no matter how remote, contingent, or unliquidated, including, without limitation, secured claims, unsecured priority claims (including, without limitation, claims entitled to priority under sections 507(a)(3) through 507(a)(10) of the Bankruptcy Code) and unsecured non-priority claims (the holder of any such claim, the "Claimant"), must properly file a Proof of Claim on or before the applicable Bar Date in order to share in the Debtors' estates.

7.      All Claimants must submit (by overnight mail, courier service, hand delivery, regular mail, in person or electronically through the online Proof of Claim Form available at http://cases.primeclerk.com/standardregister) an original, written proof of claim that substantially conforms to the Proof of Claim Form so as to be **actually received** by Prime Clerk LLC ("Prime Clerk"), the Debtors' claims and noticing agent, by no later than 5:00 p.m. (Prevailing Eastern Time) on or before the applicable Bar Date at the following address:

> The Standard Register Company Claims Processing Center
> c/o Prime Clerk LLC
> 830 3rd Avenue, 9th Floor
> New York, NY 10022

8.      A Proof of Claim must satisfy all of the following requirements to be considered properly and timely filed in these Chapter 11 Cases:

(i)      be **actually received** by Prime Clerk as described in paragraph 6 above by overnight mail, courier service, hand delivery, regular mail, in person or electronically through the Proof of Claim Form available on Prime Clerk's website on or before the applicable Bar Date;

(ii)     be signed by the Claimant;

(iii)    be written in the English language;

(iv)    be denominated in lawful currency of the United States;

(v)    conform substantially to the Proof of Claim Form or Official Form 10;

(vi)    specify the Debtor against which the Proof of Claim is filed as well as the bankruptcy case number corresponding to such Debtor;

(vii)    set forth with specificity the legal and factual basis for the alleged claim; and

(viii)    include supporting documentation or an explanation as to why such documentation is not available.

9.    Proofs of Claim sent to Prime Clerk by facsimile, telecopy or electronic mail will **not** be accepted and will **not** be considered properly or timely filed for any purpose in these Chapter 11 Cases.

10.    Holders of a claim for pension benefits under The Stanreco Retirement Plan or any other defined benefit pension plan covered under Title IV of the Employee Retirement Income Security Act (each a "<u>Defined Benefit Plan</u>") <u>should not</u> file a proof of claim.  If the Defined Benefit Plan terminates, the Pension Benefit Guaranty Corporation will pay claims for pension benefits pursuant to Title IV of the Employee Retirement Income Security Act.  If the Defined Benefit Plan does not terminate, claims for pension benefits will be paid from the Defined Benefit Plan's trust.  In addition, and notwithstanding the above paragraphs, holders of the following claims are **not** required to file a Proof of Claim on or before the applicable Bar Date solely with respect to such claim:

(i)    a claim against the Debtors for which a signed proof of claim has already been properly filed with the Clerk of the Bankruptcy Court for the District of Delaware or Prime Clerk in a form substantially similar to Official Bankruptcy Form No. 10;

(ii)    a claim that is listed on the Debtors' Schedules if and only if  (i) such claim is not scheduled as "disputed," "contingent," or "unliquidated" **and** (ii) the holder of such claim agrees with the amount, nature and priority of the claim as set forth in the Schedules;

(iii)    an administrative expense claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code);

(iv)    an administrative expense claim for post-petition fees and expenses incurred by any professional allowable under sections 330, 331, and 503(b) of the Bankruptcy Code;

(v)    a claim that has been paid in full by the Debtors in accordance with the Bankruptcy Code or an order of this Court;

(vi)    a claim that has been allowed by an order of this Court entered on or before the applicable Bar Date;

(vii)    a claim for which specific deadlines have been fixed by an order of this Court entered on or before the applicable Bar Date;

(viii)    a claim for any of the DIP Obligations as defined in the *Final Order (I) Authorizing Debtors in Possession to Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105,362, 363, and 364, (II) Granting Liens and Superpriority Claims to Postpetition Lenders Pursuant to 11 U.S.C. § 364, and (III) Providing Adequate Protection to Prepetition Credit Parties and Modifying Automatic Stay Pursuant to 11 U.S.C. §§ 361, 362, 363, and 364* [Docket No. 290] (the "Final DIP Order");

(ix)    a claim by the Pre-Petition ABL Agent and the Pre-Petition Term Agents on account of the Pre-Petition Debt (as defined in the Final DIP Order);

(x)    a claim for fees relating to these cases under 28 U.S.C. § 1930; and

(xi)    a claim for pension benefits under any defined contribution plan covering salaried employees, including unpaid deferred vested pension benefits and unpaid lump-sum pension benefit distributions, including, for the avoidance of doubt, any claims arising under the Uarco Incorporated Supplemental Executive Retirement Plan (collectively, "Pension Benefits"); provided, however, that the Debtors shall retain the right to set a separate deadline for claims asserting Pension Benefits. If and to the extent that the Debtors determine it is necessary or appropriate to set a deadline for claims asserting Pension Benefits, the Debtors shall (a) file a list of their known Pension Benefits obligations, along with a statement of the Debtors' method of calculating such obligations, and (b) thereafter file a modified version of the Bar Date Notice (the "Benefits Notice") setting a deadline that provides no less than forty-five (45) days' notice of the deadline to file claims seeking Pension Benefits, and shall serve such

Benefits Notice on all parties known, based on the Debtors' books and records, to have a claim for Pension Benefits. The Debtors shall serve such Benefits Notice on the affected parties, along with an individualized calculation of each beneficiary's claim(s) related to the Pension Benefits. Upon the filing and service of such Benefits Notice, the bar date for claims asserting Pension Benefits shall be as set forth in such Benefits Notice and all other provisions set forth in this Order, including, but not limited to, the consequences set forth in <u>paragraph 20</u> hereof for failure to file a Proof of Claim, shall apply to any claims asserting Pension Benefits.

11.     Any Claimant exempted from filing a Proof of Claim pursuant to <u>paragraph 10</u> above must still properly and timely file a Proof of Claim for any other claim that does not fall within the exemptions provided by <u>paragraph 10</u> above.

12.     Any person or entity holding an equity security (as defined in section 101(16) of the Bankruptcy Code and including, without limitation, common stock, preferred stock, warrants, or stock options) or other ownership interest in the Debtors (an "<u>Interest Holder</u>") is not required to file a proof of interest on or before the applicable Bar Date; <u>provided</u>, however, that an Interest Holder that wishes to assert claims against the Debtors that arise out of or relate to the ownership or purchase of an equity security or other ownership interest, including, but not limited to, a claim for damages or rescission based on the purchase or sale of such equity security or other ownership interest, must file a Proof of Claim on or before the applicable Bar Date. The Debtors reserve the right to seek relief at a later date establishing a deadline for Interest Holders to file proofs of interest.

13.     To the extent that any amounts paid by the Debtors to a creditor are subject to disgorgement pursuant to a postpetition trade agreement or otherwise, such creditor shall have until the later of (a) the General Bar Date and (b) thirty (30) days from the date of any disgorgement to file a Proof of Claim for the disgorged amount.

14.     Any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (a) the General Bar Date or (b) 5:00 p.m. (Prevailing Eastern Time) on the date that is thirty (30) days from the date that the Debtors provide written notice of the rejection date to the affected creditor (unless the order authorizing such rejection provides otherwise).

15.     If the Debtors amend their Schedules, then the deadline to submit a Proof of Claim for those creditors affected by any such amendment shall be the later of (i) the applicable Bar Date or (ii) 5:00 p.m. (Prevailing Eastern Time) on the date that is twenty-one (21) days from the date that the Debtors provide written notice to the affected creditor that the Schedules have been amended.

16.     Within three (3) business days after entry of this Order, the Debtors shall serve the Bar Date Notice, together with a copy of the Proof of Claim Form, by first class United States mail, postage prepaid (or equivalent service), to the following parties:

(i)     the UST

(ii)    all known potential Claimants and their counsel (if known), including all persons and entities listed in the Schedules at the addresses set forth therein as potentially holding claims;

(iii)   counsel to the Committee;

(iv)    all parties that have requested notice of the proceedings in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002 as of the date of the Bar Date Order;

(v)     all known holders of equity securities in the Debtors as of the date of the Bar Date Order;

(vi)    all known parties to executory contracts and unexpired leases with the Debtors;

(vii)   all known parties to litigation with the Debtors;

(viii)    the District Director of the Internal Revenue Service for the District of Delaware;

(ix)    all other known taxing authorities for the jurisdictions in which the Debtors maintain or conduct business;

(x)    the Securities and Exchange Commission; and

(xi)    the United States Attorney for the District of Delaware and the state attorneys for the jurisdictions in which the Debtors do business.

17.    In accordance with Bankruptcy Rule 2002(a)(7), service of the Bar Date Notice and Proof of Claim Form in the manner set forth in this Order is and shall be deemed to be good and sufficient notice of the Bar Date to known Claimants.

18.    Pursuant to Bankruptcy Rule 2002(l), the Debtors shall cause the Publication Notice to be published once in *USA Today*, once in a local newspaper in Dayton, Ohio, and once in a trade journal as soon as practicable after entry of this Order.  Such form and manner of publication notice is hereby approved and authorized and is and shall be deemed to be good and sufficient notice of the Bar Dates to unknown Claimants.

19.    Claimants filing claims under section 503(b)(9) of the Bankruptcy Code (or proofs thereof) shall attach to the Proof of Claim a supplemental statement setting forth with specificity: (i) the date of shipment of the goods the Claimant contends the Debtors received in the twenty (20) days before the Petition Date; (ii) the date, place, and method (including carrier name) of delivery of the goods the Claimant contends the Debtors received in the twenty (20) days before the Petition Date; (iii) the value of the goods the Claimant contends the Debtors received in the twenty (20) days before the Petition Date; (iv) whether the Claimant timely made a demand to reclaim such goods under section 546(c) of the Bankruptcy Code, including any documentation identifying such demand; and (v) (A) whether the value of such goods the Claimant contends the Debtors received in the twenty (20) days before the Petition Date

represents a combination of services and goods, (B) the percentage of value related to services and related to goods, and (C) whether the Claimant has filed any other claim against any Debtor regarding the goods the Claimant contends the Debtors received in the twenty (20) days before the Petition Date.  Such supplemental statement must be supported by documentation attached thereto, including invoices, receipts, bills of lading, and the like identifying the particular goods the Claimant contends the Debtors received in the twenty (20) days before the Petition Date.

20.    Pursuant to Bankruptcy Rule 3003(c)(2), any Claimant that is required to file a Proof of Claim in these Chapter 11 Cases pursuant to the Bankruptcy Code, the Bankruptcy Rules or this Order with respect to a particular claim against the Debtors, but that fails to do so properly by the applicable Bar Date, shall not, with respect to such claim, be treated as a creditor of the Debtors for the purpose of voting on, or receiving distributions under, any chapter 11 plan in these Chapter 11 Cases.

21.    Nothing contained in this Order, the Publication Notice, or the Bar Date Notice is intended or shall be construed as a waiver of any of the Debtors' rights, including, without limitation, their rights to: (i) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability or classification thereof; (ii) subsequently designate any scheduled claim as disputed, contingent or unliquidated; or (iii) otherwise amend or supplement the Schedules.  In addition, nothing contained in this Order, the Publication Notice, or the Bar Date Notice is intended or shall be construed as an admission of the validity of any claim against the Debtors or an approval, assumption or rejection of any agreement, contract or lease under section 365 of the Bankruptcy Code.  All such rights and remedies are reserved.

22.     The provisions of this Order apply to all claims of whatever character or nature against the Debtors or their assets, whether secured or unsecured, priority or non-priority, liquidated or unliquidated, fixed or contingent.

23.     All Claimants who desire to rely on the Schedules with respect to filing a proof of claim in these Chapter 11 Cases shall have the sole responsibility for determining that their respective claim is accurately listed therein.

24.     Notwithstanding the possible application of Bankruptcy Rules 6004(h), 7062 or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

25.     The Debtors and Prime Clerk are authorized to take all actions necessary or appropriate to effectuate the relief granted pursuant to this Order.

26.     The Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to this Order.

Dated: _____, 2015
            Wilmington, Delaware

_____
BRENDAN L. SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE

## <u>Exhibit 1</u>

**Bar Date Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, *et al.*,[1] | Case No. 15-10541 (BLS) |
| Debtors. | Jointly Administered |

### NOTICE OF DEADLINES FOR THE FILING OF PROOFS OF CLAIM, INCLUDING FOR CLAIMS ASSERTED UNDER SECTION 503(B)(9) OF THE BANKRUPTCY CODE

TO: ALL POTENTIAL HOLDERS OF CLAIMS AGAINST THE DEBTORS (AS LISTED BELOW)

Please take notice that on March 12, 2015 (the "Petition Date"), the debtors and debtors in possession in the above-captioned cases (together, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases") with the United States Bankruptcy Court for the District of Delaware (the "Court").

Please take further notice that on [__], 2015, the Court entered an order (the "Bar Date Order") establishing **July 8, 2015, at 5:00 p.m. (Prevailing Eastern Time)** (the "General Bar Date") as the last date and time for each person or entity to file a proof of claim in the Chapter 11 Cases (the "Proof of Claim" or "Proofs of Claims," as applicable); provided, however, that, solely with respect to any entity filing a claim based on section 503(b)(9) of the Bankruptcy Code, the last date and time for such entity to file a Proof of Claim in the Chapter 11 Cases is **June 9, 2015 at 5:00 p.m. (Prevailing Eastern Time)** (the "503(b)(9) Bar Date"); provided, further, that, solely with respect to a governmental unit, the last date and time for such governmental unit to file a Proof of Claim in the Chapter 11 Cases is **September 8, 2015 at 5:00 p.m. (Prevailing Eastern Time)** (the "Governmental Bar Date," and together with the General Bar Date and the 503(b)(9) Bar Date, the "Bar Dates").

For your convenience, enclosed with this Notice is a proof of claim form (the "Proof of Claim Form"). To the extent your claim is listed in the Debtors' schedules of assets and liabilities filed in these Chapter 11 Cases (collectively, the "Schedules"), such Proof of Claim Form identifies on its face the amount, nature and classification of your claim in the Schedules.

Please take further notice that the Bar Date Order and the procedures set forth therein and herein for the filing of Proofs of Claim apply to all claims (the holder of any such claim, a "Claimant") against the Debtors that arose, or are deemed to have arisen, prior to the Petition Date, regardless of their character or nature, whether secured or unsecured, priority or non-priority, liquidated or unliquidated, fixed or contingent, including, without limitation, claims entitled to administrative priority status under section 503(b)(9) of the Bankruptcy Code, no matter how remote or contingent.

As used in this Notice, the term "creditor" has the meaning given to it in section 101(10) of the Bankruptcy Code, and includes all persons, entities, estates, trusts, governmental units and the United States Trustee. In addition, the terms "persons," "entities" and "governmental units" are defined in sections 101(41), 101(15) and 101(27) of the Bankruptcy Code, respectively.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

As used in this Notice, the term "claim" or "Claim" has the meaning given to it in section 101(5) of the Bankruptcy Code, and includes as to or against the Debtors: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

> **YOU ARE RECEIVING THIS NOTICE BECAUSE YOU MAY HAVE OR YOU MAY ASSERT A CLAIM AGAINST THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES.  THEREFORE, YOU SHOULD READ THIS NOTICE CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY.  IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**General Information about the Debtors' Cases**.  The Debtors' cases are being jointly administered under case number 15-10541 (BLS).  No request for the appointment of a trustee, examiner or committee has yet been made in these Chapter 11 Cases.

**Individual Debtor Information**.  The last four digits of each Debtor's federal tax identification number are set forth below.  The Debtors' mailing address is 600 Albany Street, Dayton, Ohio 45417.

| Debtor | Case No. | EID# (Last 4 Digits) |
|---|---|---|
| The Standard Register Company | 15-10541 | 5440 |
| Standard Register Holding Company | 15-10542 | 3186 |
| Standard Register Technologies, Inc. | 15-10543 | 3180 |
| Standard Register International, Inc. | 15-10544 | 1861 |
| iMedConsent, LLC | 15-10540 | 6337 |
| Standard Register of Puerto Rico Inc. | 15-10545 | 0578 |
| Standard Register Mexico Holding Company | 15-10546 | 1624 |
| Standard Register Holding, S. de R.L. de C.V. | 15-10547 | 4GR4 |
| Standard Register de México, S. de R.L. de C.V. | 15-10548 | 4FN0 |
| Standard Register Servicios, D. de R.L. de C.V. | 15-10549 | 43K5 |
| Standard Register Technologies Canada ULC | 15-10550 | 0001 |

**A CLAIMANT SHOULD CONSULT AN ATTORNEY IF THE CLAIMANT HAS ANY QUESTIONS, INCLUDING WHETHER SUCH CLAIMANT SHOULD FILE A PROOF OF CLAIM.**

1.      **PERSONS OR ENTITIES WHO MUST FILE A PROOF OF CLAIM.**

Any person or entity that has or seeks to assert a claim against the Debtors which arose, or is deemed to have arisen, prior to the Petition Date, including, without limitation, a claim under section 503(b)(9) of the Bankruptcy Code, **MUST FILE A PROOF OF CLAIM ON OR BEFORE THE APPLICABLE BAR DATE** in order to potentially share in the Debtors' estates.

Under the Bar Date Order, the filing of a Proof of Claim Form shall be deemed to satisfy the procedural requirements for the assertion of administrative priority claims under section 503(b)(9) of the Bankruptcy Code.  All other administrative claims under section 503(b) of the Bankruptcy Code must be made by separate requests for payment in accordance with section 503(a) of the Bankruptcy Code and shall not be deemed proper if made by proof of claim.  No deadline has yet been established for the filing of administrative claims other than claims under section 503(b)(9) of the Bankruptcy Code.  **Claims under section 503(b)(9) of the Bankruptcy Code must be filed by the 503(b)(9) Bar Date**.

Acts or omissions of the Debtors that occurred or arose before the Petition Date may give rise to Claims against the Debtors that must be filed by the applicable Bar Date, notwithstanding that such Claims may not have matured, are contingent or have not become fixed or liquidated prior to or as of the Petition Date.

**THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS BELIEVE THAT YOU HAVE A CLAIM.   A CLAIMANT SHOULD CONSULT AN ATTORNEY IF THE CLAIMANT HAS ANY QUESTIONS, INCLUDING WHETHER SUCH CLAIMANT SHOULD FILE A PROOF OF CLAIM.**

A.     <u>**Claims For Which No Proof of Claim is Required to be Filed**</u>.

Holders of a claim for pension benefits under The Stanreco Retirement Plan or any other defined benefit pension plan covered under Title IV of the Employee Retirement Income Security Act (each a "<u>Defined Benefit Plan</u>") <u>should not</u> file a proof of claim.  If the Defined Benefit Plan terminates, the Pension Benefit Guaranty Corporation will pay claims for pension benefits pursuant to Title IV of the Employee Retirement Income Security Act.  If the Defined Benefit Plan does not terminate, claims for pension benefits will be paid from the Defined Benefit Plan's trust.  In addition, and notwithstanding the above paragraphs, holders of the following claims are **<u>not</u>** required to file a Proof of Claim on or before the applicable Bar Date solely with respect to such claim:

(i)      a claim against the Debtors for which a signed proof of claim  has already been properly filed with the Clerk of the Bankruptcy Court for the District of Delaware or Prime Clerk LLC in a form substantially similar to Official Bankruptcy Form No. 10;

(ii)     a claim that is listed on the Debtors' Schedules if and only if  (i) such claim is not scheduled as "disputed," "contingent," or "unliquidated" **and** (ii) the holder of such claim agrees with the amount, nature and priority of the claim as set forth in the Schedules;

(iii)    an administrative expense claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code);

(iv)    an administrative expense claim for post-petition fees and expenses incurred by any professional allowable under sections 330, 331, and 503(b) of the Bankruptcy Code;

(v)     a claim that has been paid in full by the Debtors in accordance with the Bankruptcy Code or an order of this Court;

(vi)    a claim that has been allowed by an order of this Court entered on or before the applicable Bar Date;

(vii)   a claim for which specific deadlines have been fixed by an order of this Court entered on or before the applicable Bar Date;

(viii)  a claim for any of the DIP Obligations as defined in the *Final Order (I) Authorizing Debtors in Possession to Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105,362, 363, and 364, (II) Granting Liens and Superpriority Claims to Postpetition Lenders Pursuant to 11 U.S.C. § 364, and (III) Providing Adequate Protection to Prepetition Credit Parties and Modifying Automatic Stay Pursuant to 11 U.S.C. §§ 361, 362, 363, and 364* [Docket No. 290] (the "<u>Final DIP Order</u>");

(ix)    a claim by the Pre-Petition ABL Agent and the Pre-Petition Term Agents on account of the Pre-Petition Debt (as defined in the Final DIP Order);

(x)     a claim for fees relating to these cases under 28 U.S.C. § 1930; and

(xi)    a claim for pension benefits under any defined contribution plan covering salaried employees, including unpaid deferred vested pension benefits and unpaid lump-sum pension benefit distributions, including, for the avoidance of doubt, any claims arising under the Uarco Incorporated Supplemental Executive Retirement Plan (collectively, "<u>Pension Benefits</u>"); provided, <u>however</u>, that the Debtors shall retain the right to set a separate deadline for claims asserting Pension Benefits.  If and to the extent that the Debtors determine it is necessary or

appropriate to set a deadline for claims asserting Pension Benefits, the Debtors shall (a) file a list of their known Pension Benefits obligations, along with a statement of the Debtors' method of calculating such obligations, and (b) thereafter file a modified version of the Bar Date Notice (the "Benefits Notice") setting a deadline that provides no less than forty-five (45) days' notice of the deadline to file claims seeking Pension Benefits, and shall serve such Benefits Notice on all parties known, based on the Debtors' books and records, to have a claim for Pension Benefits.  The Debtors shall serve such Benefits Notice on the affected parties, along with an individualized calculation of each beneficiary's claim(s) related to the Pension Benefits.  Upon the filing and service of such Benefits Notice, the bar date for claims asserting Pension Benefits shall be as set forth in such Benefits Notice and all other provisions set forth in the Bar Date Order, including, but not limited to, the consequences set forth in paragraph 20 thereof for failure to file a Proof of Claim, shall apply to any claims asserting Pension Benefits.

**Please take notice that any Claimant exempted from filing a Proof of Claim pursuant to paragraph A above must still properly and timely file a Proof of Claim for any other claim that does not fall within the exemptions provided by paragraph A above.**  As set forth in clause (v) above, creditors are not required to file a proof of claim with respect to any amounts paid by the Debtors.  To the extent that any amounts paid by the Debtors to a creditor are subject to disgorgement pursuant to a postpetition trade agreement or otherwise, such creditor shall have until the later of (i) the applicable Bar Date and (ii) thirty (30) days from the date of any disgorgement to file a Proof of Claim for the disgorged amount.

### B.        No Bar Date for Proof of Interest.

Any person or entity holding an equity security (as defined in section 101(16) of the Bankruptcy Code and including, without limitation, common stock, preferred stock, warrants, or stock options) or other ownership interest in the Debtors (an "Interest Holder") is not required to file a proof of interest on or before the applicable Bar Date; provided, however, that an Interest Holder that wishes to assert claims against the Debtors that arise out of or relate to the ownership or purchase of an equity security or other ownership interest, including, but not limited to, a claim for damages or rescission based on the purchase or sale of such equity security or other ownership interest, must file a Proof of Claim on or before the applicable Bar Date.  The Debtors have reserved the right to establish at a later time a bar date requiring Interest Holders to file proofs of interest.  If such a bar date is established, Interest Holders will be notified in writing of the bar date for filing of proofs of interest at the appropriate time.

### C.        Claims Arising from Rejected Executory Contracts or Unexpired Leases.

Any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (a) the General Bar Date or (b) 5:00 p.m. (Prevailing Eastern Time) on the date that is thirty (30) days from the date that the Debtors provide written notice of the rejection date to the affected creditor (unless the order authorizing such rejection provides otherwise).

### D.        Amendment to the Debtors' Schedules.

If the Debtors amend their Schedules, then the deadline to submit a Proof of Claim for those creditors affected by any such amendment shall be the later of (i) the applicable Bar Date or (ii) 5:00 p.m. (Prevailing Eastern Time) on the date that is twenty-one (21) days from the date that the Debtors provide written notice to the affected creditor that the Schedules have been amended.

### 2.        WHEN AND WHERE TO FILE.

All Claimants must submit (by overnight mail, courier service, hand delivery, regular mail or in person) an original, written Proof of Claim that substantially conforms to the Proof of Claim Form so as to be **actually received** by Prime Clerk LLC ("Prime Clerk"), the Debtors' claims and notice agent, by no later than 5:00 p.m. (Prevailing Eastern Time) on or before the applicable Bar Date at the following address:

The Standard Register Company Claims Processing Center
c/o Prime Clerk LLC
830 3rd Avenue, 9th Floor
New York, NY 10022

Alternatively, Claimants may submit a Proof of Claim electronically by completing the Proof of Claim Form that can be accessed at Prime Clerk's website, http://cases.primeclerk.com/standardregister.

Proofs of Claim will be deemed timely filed only if **actually received** by Prime Clerk on or before the applicable Bar Date. Proofs of Claim may **not** be delivered by facsimile, telecopy, or electronic mail transmission. Any facsimile, telecopy, or electronic mail submissions will not be accepted and will not be deemed filed until a proof of claim is submitted to Prime Clerk by overnight mail, courier service, hand delivery, regular mail or in person.

Claimants wishing to receive acknowledgment that their Proofs of Claim were received by Prime Clerk must submit (i) a copy of the Proof of Claim and (ii) a self-addressed, stamped envelope (in addition to the original Proof of Claim sent to Prime Clerk).

**3.      CONTENTS OF A PROOF OF CLAIM.**

As noted above, the Debtors are enclosing a Proof of Claim Form for use in these Chapter 11 Cases, or you may use another proof of claim form that substantially conforms to Official Bankruptcy Form No. 10. The Proof of Claim Form is available free of charge on Prime Clerk's website at http://cases.primeclerk.com/standardregister.

To be valid, your Proof of Claim **MUST** (i) be signed by the Claimant; (ii) be written in the English language; (iii) be denominated in lawful currency of the United States; (iv) conform substantially to the Proof of Claim Form or Official Form 10; (v) specify the Debtor against which the Proof of Claim is filed as well as the bankruptcy case number corresponding to such Debtor; (vi) set forth with specificity the legal and factual basis for the alleged claim; and (vii) include supporting documentation or an explanation as to why such documentation is not available.

**If you are filing a Claim under section 503(b)(9) of the Bankruptcy Code, you must indicate in Box 6 of the Proof of Claim Form the amount of the Claim that arises under section 503(b)(9) of the Bankruptcy Code. For each Claim under section 503(b)(9) of the Bankruptcy Code, you must attach to the Proof of Claim Form a supplemental statement setting forth with specificity: (i) the date of shipment of the goods you contend the Debtors received in the twenty (20) days before the Petition Date; (ii) the date, place, and method (including carrier name) of delivery of the goods you contend the Debtors received in the twenty (20) days before the Petition Date; (iii) the value of the goods you contend the Debtors received in the twenty (20) days before the Petition Date; (iv) whether you timely made a demand to reclaim such goods under section 546(c) of the Bankruptcy Code, and, if so, include any documentation identifying such demand; and (v) (A) whether the value of such goods the Claimant contends the Debtors received in the twenty (20) days before the Petition Date represents a combination of services and goods, (B) the percentage of value related to services and related to goods, and (C) whether the Claimant has filed any other claim against any Debtor regarding the goods the Claimant contends the Debtors received in the twenty (20) days before the Petition Date. Such supplemental statement must be supported by documentation attached thereto, including invoices, receipts, bills of lading, and the like identifying the particular goods the Claimant contends the Debtors received in the twenty (20) days before the Petition Date.**

**4.      CONSEQUENCES OF FAILURE TO FILE PROOF OF CLAIM BY THE BAR DATE.**

Pursuant to Bankruptcy Rule 3003(c)(2), any Claimant that is required to file a Proof of Claim in these Chapter 11 Cases pursuant to the Bankruptcy Code, the Bankruptcy Rules or the Bar Date Order with respect to a particular claim against the Debtors, but that fails to do so properly by the applicable Bar Date, shall not, with respect to such claim, be treated as a creditor of the Debtors for the purpose of voting on, or receiving distributions under, any chapter 11 plan in these Chapter 11 Cases.

5.    **CONTINGENT CLAIMS.**

Acts or omissions of or by the Debtors that occurred, or that are deemed to have occurred, prior to the Petition Date, including, without limitation, acts or omissions related to any indemnity agreement, guarantee, services provided to or rendered by the Debtors, or goods provided to or by the Debtors, may give rise to claims against the Debtors notwithstanding the fact that such claims (or any injuries on which they may be based) may be contingent or may not have matured or become fixed or liquidated prior to the Petition Date. Therefore, any person or entity that holds a claim or potential claim against the Debtors, no matter how remote, contingent, or unliquidated, **MUST** file a Proof of Claim on or before the applicable Bar Date.

6.    **THE DEBTORS' SCHEDULES.**

You may be listed as the holder of a claim against the Debtors in the Schedules. The Schedules are available free of charge on Prime Clerk's website at http://cases.primeclerk.com/standardregister. If you rely on the Schedules, it is your responsibility to determine that your claim is accurately listed in the Schedules. As described above, if (i) you agree with the nature, amount and status of your claim as listed in the Schedules **and** (ii) your claim is **NOT** described as "disputed," "contingent," or "unliquidated," then you are not required to file a Proof of Claim in these Chapter 11 Cases with respect to such claim. Otherwise, or if you decide to file a Proof of Claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice and the Bar Date Order.

7.    **RESERVATION OF RIGHTS.**

Nothing contained in this Notice or the Bar Date Order is intended or should be construed as a waiver of any of the Debtor's rights, including without limitation, their rights to: (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability or classification thereof; (b) subsequently designate any scheduled claim as disputed, contingent or unliquidated; or (c) otherwise amend or supplement the Schedules. In addition, nothing contained herein is intended or should be construed as an admission of the validity of any claim against the Debtors or an approval, assumption or rejection of any agreement, contract or lease under section 365 of the Bankruptcy Code. All such rights and remedies are reserved.

8.    **ADDITIONAL INFORMATION.**

The Schedules, the Proof of Claim Form and Bar Date Order are available free of charge on Prime Clerk's website at http://cases.primeclerk.com/standardregister. If you have questions concerning the filing or processing of Claims, you may contact the Debtors' claims agent, Prime Clerk, at (855) 842-4124. If you require additional information regarding the filing of a Proof of Claim, you may contact counsel for the Debtors in writing at the addresses below.

| | |
|---|---|
| Michael R. Nestor (No. 3526) | Michael A. Rosenthal (NY No. 4697561) |
| Kara Hammond Coyle (No. 4410) | Robert A. Klyman (CA No. 142723) |
| Maris J. Kandestin (No. 5294) | Samuel A. Newman (CA No. 217042) |
| Andrew L. Magaziner (No. 5426) | Jeremy L. Graves (CO No. 45522) |
| YOUNG CONAWAY STARGATT & TAYLOR, LLP | Sabina Jacobs (CA No. 274829) |
| Rodney Square | GIBSON, DUNN & CRUTCHER LLP |
| 1000 North King Street | 333 South Grand Avenue |
| Wilmington, Delaware 19801 | Los Angeles, California 90071-1512 |

ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION

## <u>Exhibit 2</u>

**Proof of Claim Form**

| UNITED STATES BANKRUPTCY COURT, DISTRICT OF DELAWARE | PROOF OF CLAIM |
|---|---|

**Indicate Debtor against which you assert a claim by checking the appropriate box below (Check only one Debtor per claim form):**

☐ The Standard Register Company (Case No. 15-10541)
☐ Standard Register Holding Company (Case No. 15-10542)
☐ Standard Register Technologies, Inc. (Case No. 15-10543)
☐ Standard Register International, Inc. (Case No. 15-10544)
☐ iMedconsent, LLC (Case No. 15-10540)

☐ Standard Register of Puerto Rico Inc. (Case No. 15-10545)
☐ Standard Register Mexico Holding Company (Case No. 15-10546)
☐ Standard Register Holding, S. de R.L. de C.V. (Case No. 15-10547)
☐ Standard Register de Mexico, S. de R.L. de C.V. (Case No. 15-10548)
☐ Standard Register Servicios, S. de R.L. de C.V. (Case No. 15-10549)
☐ Standard Register Technologies Canada ULC (Case No. 15-10550)

NOTE:  *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file requests for payment of an administrative expense according to 11 U.S.C. § 503.*

**COURT USE ONLY**

Name of Creditor (the person or other entity to whom the debtor owes money or property):

Name and address where notices should be sent:

❏ Check this box if this claim amends a previously filed claim.

**Court Claim Number:**_____
 (*If known*)

Filed on:_____

Telephone number:                        email:

Name and address where payment should be sent (if different from above):

❏ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim.  Attach copy of statement giving particulars.

Telephone number:                        email:

**1. Amount of Claim as of Date Case Filed:**          $_____

If all or part of the claim is **secured**, complete **item 4**. If all or part of the claim is entitled to **priority**, complete **item 5**.

❏ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim.  Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** _____
   (See instruction #2)

| **3.  Last four digits of any number by which creditor identifies debtor:** <br><br> ___ ___ ___ ___ | **3a.  Debtor may have scheduled account as:** <br><br> _____ <br> (See instruction #3a) | **3b. Uniform Claim Identifier (optional):** <br><br> __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ <br> (See instruction #3b) |
|---|---|---|

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:**

$_____

**Nature of property or right of setoff:** ❏ Real Estate   ❏ Motor Vehicle   ❏ Other
**Describe:**

**Basis for perfection:** _____

**Value of Property: $_____**

**Amount of Secured Claim:**   $_____

**Annual Interest Rate_____% ❏ Fixed  or  ❏ Variable**
**(when case was filed)**

**Amount Unsecured:**   $_____

**5.  Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).  If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

❏ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

❏ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

❏ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

**Amount entitled to priority:**

$_____

❏ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

❏ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

❏ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(___).

*Amounts are subject to adjustment on 4/1/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Claim Pursuant to 11 U.S.C. § 503(b)(9):** Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.

$_____ **(See instruction #6)**

**7. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

**8. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, or security agreements. If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #8, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS.  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**9. Signature:** (See instruction #9)

Check the appropriate box.

❑ I am the creditor.    ❑ I am the creditor's authorized agent.    ❑ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)    ❑ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: _____
Title: _____
Company: _____
Address and telephone number (if different from notice address above):

_____
_____
_____

Telephone number: _____  email: _____

_____
(Signature)                                          (Date)

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571.

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

### Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**

Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**

Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**

State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**

State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**

State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**

Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**

If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**

Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien

documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**

If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Claim Pursuant to 11 U.S.C. § 503(b)(9):**

Check this box if you have a claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim. (See DEFINITIONS, below.)

**7. Credits:**

An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**8. Documents:**

Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**9. Date and Signature:**

The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

---

### _____DEFINITIONS_____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy case. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. § 506 (a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding.

In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507 (a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

### _____INFORMATION_____

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, please enclose a stamped self-addressed envelope and a copy of this proof of claim. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at http://cases.primeclerk.com/standardregister.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

PLEASE SEND COMPLETED PROOF(S) OF CLAIM TO:

**The Standard Register Company**
**Claims Processing Center**
**c/o Prime Clerk LLC**
**830 3rd Avenue, 9th Floor**
**New York, NY 10022**

**Exhibit 3**

**Publication Notice**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, *et al.*,[1] | Case No. 15-10541 (BLS) |
| Debtors. | Jointly Administered |

### NOTICE OF DEADLINE FOR THE FILING OF PROOFS OF CLAIM, INCLUDING FOR CLAIMS ASSERTED UNDER SECTION 503(B)(9) OF THE BANKRUPTCY CODE

### PLEASE TAKE NOTICE OF THE FOLLOWING:

On March 12, 2015 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court"). On [__], 2015, the Court entered an order [Docket No. ____] (the "Bar Date Order") establishing certain deadlines for the filing of proofs of claim in the chapter 11 cases of the following debtors and debtors in possession (together, the "Debtors"):

| Debtor | Case Number |
|---|---|
| The Standard Register Company | 15-10541 |
| Standard Register Holding Company | 15-10542 |
| Standard Register Technologies, Inc. | 15-10543 |
| Standard Register International, Inc. | 15-10544 |
| iMedConsent, LLC | 15-10540 |
| Standard Register of Puerto Rico Inc. | 15-10545 |
| Standard Register Mexico Holding Company | 15-10546 |
| Standard Register Holding, S. de R.L. de C.V. | 15-10547 |
| Standard Register de México, S. de R.L. de C.V. | 15-10548 |
| Standard Register Servicios, D. de R.L. de C.V. | 15-10549 |
| Standard Register Technologies Canada ULC | 15-10550 |

Pursuant to the Bar Date Order, each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, and trust) that holds or seeks to assert a claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors that arose, or is deemed to have arisen, prior to the Petition Date, no matter how remote or contingent such right to payment or equitable remedy may be, **MUST FILE A PROOF OF CLAIM** on or before **5:00 p.m. (Prevailing Eastern Time), on July 8, 2015** (the "General Bar Date"), by sending an original proof of claim form to Prime

---

[1]     The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001).  The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

Clerk LLC ("**Prime Clerk**"), or by completing the online proof of claim form available at http://cases.primeclerk.com/standardregister, so that it is **actually received** on or before the General Bar Date; provided, however, that, solely with respect to any entity filing a claim based on section 503(b)(9) of the Bankruptcy Code, the last date and time for such entity to file a Proof of Claim in the Chapter 11 Cases is **June 9, 2015 at 5:00 p.m. (Prevailing Eastern Time)**; provided, further, that, solely with respect to a governmental unit, the last date and time for such governmental unit to file a Proof of Claim in the Chapter 11 Cases is **September 8, 2015 at 5:00 p.m. (Prevailing Eastern Time)**.  Proofs of claim must be sent by overnight mail, courier service, hand delivery, regular mail or in person, or completed electronically through Prime Clerk's website.  Proofs of claim sent by facsimile, telecopy or electronic mail will **not** be accepted and will **not** be considered properly or timely filed for any purpose in these Chapter 11 Cases.

PURSUANT TO BANKRUPTCY RULE 3003(C)(2), ANY CLAIMANT THAT IS REQUIRED TO FILE A PROOF OF CLAIM IN THESE CHAPTER 11 CASES PURSUANT TO THE BANKRUPTCY CODE, THE BANKRUPTCY RULES OR THE BAR DATE ORDER WITH RESPECT TO A PARTICULAR CLAIM AGAINST THE DEBTORS, BUT THAT FAILS TO DO SO PROPERLY BY THE APPLICABLE BAR DATE, SHALL NOT, WITH RESPECT TO SUCH CLAIM, BE TREATED AS A CREDITOR OF THE DEBTORS FOR THE PURPOSE OF VOTING ON, OR RECEIVING DISTRIBUTIONS UNDER, ANY CHAPTER 11 PLAN IN THESE CHAPTER 11 CASES.

A copy of the Bar Date Order and proof of claim form may be obtained by contacting the Debtors' Claims Agent, in writing, at Prime Clerk, 830 3rd Avenue, 9th Floor, New York, NY 10022, or online at http://cases.primeclerk.com/standardregister.  The Bar Date Order can also be viewed on the Court's website at www.deb.uscourts.gov.  If you have questions concerning the filing or processing of claims, you may contact the Debtors' claims agent, Prime Clerk, at (855) 842-4124.

Dated: [__], 2015                                BY THE ORDER OF THE COURT
        Wilmington, Delaware                     THE HONORABLE BRENDAN L. SHANNON

<u>Attorneys For Debtors And Debtors In Possession</u>

Michael R. Nestor (No. 3526)                  Michael A. Rosenthal (NY No. 4697561)
Kara Hammond Coyle (No. 4410)                 Robert A. Klyman (CA No. 142723)
Maris J. Kandestin (No. 5294)                 Samuel A. Newman (CA No. 217042)
Andrew L. Magaziner (No. 5426)                Jeremy L. Graves (CO No. 45522)
YOUNG CONAWAY STARGATT & TAYLOR,              Sabina Jacobs (CA No. 274829)
LLP                                           GIBSON, DUNN & CRUTCHER LLP
Rodney Square                                 333 South Grand Avenue
1000 North King Street                        Los Angeles, California 90071-1512
Wilmington, Delaware 19801