## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>The Standard Register Company, *et. al.,*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-10541 (BLS)<br><br>(Jointly Administered)<br><br>**Objection Deadline: May 8, 2015 at 4:00 p.m.**<br>**Hearing Date: June 17, 2015 at 10:00 a.m.**<br>**Related Docket Nos. 23, 286, 307, 356** |

### LIMITED CURE OBJECTION AND RESERVATION OF RIGHTS OF UNITED PARCEL SERVICE, INC., AND VARIOUS SUBSIDIARIES, TO THE DEBTORS' NOTICE OF (I) ENTRY INTO STALKING HORSE AGREEMENT AND (II) POTENTIAL ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS

United Parcel Service, Inc., and various subsidiaries (collectively, "UPS"), hereby files its *Limited Cure Objection And Reservation Of Rights Of United Parcel Service, Inc., And Various Subsidiaries, To The Debtors' Notice Of (I) Entry Into Stalking Horse Agreement And (II) Potential Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases In Connection With The Sale Of Substantially All Of The Debtors' Assets* (the "Limited Objection") with respect to the Debtors' potential assumption and assignment and cure cost proposed for certain executory contracts and unexpired leases to which UPS is a counterparty.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

This Limited Cure Objection is based on the matters set forth herein, the files and the records in this case, and such other and further evidence as may be submitted at or before the hearing on this matter.

UPS requests that the Court take judicial notice of the pleadings filed in this case,[2] and the facts set forth in the Court's Orders, findings of fact and/or conclusions of law pursuant to Rule 201 of the Federal Rules of Evidence (as incorporated by Rule 9017 of the Federal Rules of Bankruptcy Procedure).

## RELIEF SOUGHT BY DEBTORS' SALE MOTION

The Standard Register Company (the "Debtor"), and its jointly administered debtors (collectively, the "**Debtors**"),  filed their Sale Motion seeking, *inter alia*, entry of an Order: (i) approving certain sale, bidding, auction, assumption and assignment, and notice procedures related to the sale of substantially all of the Debtors' assets.  The Debtors identify various "United Parcel Service" and "UPS" Contracts that they seek to assume and assign to the Buyer with a cure amount of $0.00. *See*, Cure Notice at pg. 94.

## RELIEF REQUESTED BY UPS

UPS is the non-debtor counterparty to those certain contracts whereby UPS provides shipping services on products shipped by the Debtors (the "UPS Contract" as hereinafter identified).

By this Limited Objection, UPS seeks the entry of an Order denying the assumption and/or assignment of any executory contract or unexpired lease to which UPS is a counterparty (including, without limitation, all executory contracts and unexpired leases that

---

[2] All capitalized terms used herein and not otherwise defined shall have the respective meanings ascribed to them in the Bidding Procedure Order.

may be subject to any Cure Notice and the UPS Contract) <u>unless the Court's Order expressly</u> <u>provides that</u> assumption of the any executory contracts or unexpired leases to which UPS is a counterparty (including, without limitation, the UPS Contract and any Excluded UPS Contract) and their assignment to the Buyer is conditioned upon meeting <u>the following conditions</u>:

(1)    Payment of **$1,755,546.06** for pre-petition amounts that are due and owing, but unpaid, as of March 12, 2015, (the "Alleged Cure Amount"), plus any administrative expenses that are due and owing, but unpaid at the time of entry of the Assignment Order, to cure the defaults under the UPS Contract (as hereinafter identified);

(2)    Reservation of all rights, interests, claims and/or defenses of UPS pertaining to the Excluded UPS Contracts (as hereinafter identified), including without limitation the right to object to the assumption and/or assignment by the Debtor of any such Excluded UPS Contracts and/or the right to payment of all monetary defaults that exist with respect to each such contract, shall be expressly reserved; and,

(3)    Such other and further relief as the Court deems necessary to protect the rights, interests, claims and/or defenses of UPS in this matter.

## BACKGROUND

1.    Prior to March 12, 2015 (the "Petition Date"), the Debtor entered into that certain *UPS Incentive Program Agreement,* dated October 6, 2014, as amended from time to time, and that certain *Master Service Agreement,* dated April 10, 2013, as amended from time to time, for certain shipping services (the "Services") to be provided to the Debtors by certain UPS entities (collectively the "UPS Contracts"). True and accurate copies of the UPS Contracts are available upon request from UPS, but are not attached hereto due to the

confidentiality provisions contained within the UPS Contracts. The Debtors have continued

to use the Services provided under the UPS Contracts from and after the Petition Date of

these cases.

  2.  On March 12, 2015, the, Debtors  filed their Voluntary Petitions in the above-

captioned Court seeking relief under Chapter 11 of Title 11 of the United States Code (the

"**Bankruptcy Code**"), and, continually since that date, the Debtors have operated as debtors-

in-possession with respect to their bankruptcy, and pursuant to the *Order Directing Joint*

*Administration of Related Chapter 11 Cases* [ECF No. 46], the cases are being jointly

administered by the Court under the Standard Register Company case.

  3.  On March 12, 2015, the Debtors filed the *Debtors' Motion For (I) An Order*

*(A) Establishing Sale Procedures Relating To The Sale Of Substantially All Of The Debtors'*

*Assets; (B) Approving Bid Protections; (C) Establishing Procedures Relating To The*

*Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases,*

*Including Notice Of Proposed Cure Amounts; (D) Approving Form And Manner Of Notice*

*Of All Procedures, Protections, Schedules, And Agreements; (E) Scheduling A Hearing To*

*Consider The Proposed Sale; And (F) Granting Certain Related Relief; And (II) An Order*

*(A) Approving The Sale Of Substantially All Of The Debtors' Assets And (B) Authorizing The*

*Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases In*

*Connection With The Sale* [ECF No. 23] (the "Sales Motion")*.*

  4.  On April 15, 2015, the Court entered its *Order (I) Establishing Sale*

*Procedures Relating To The Sale Of Substantially  All Of The Debtors' Assets; (II) Approving*

*The Maximum Reimbursement Amount; (III) Establishing Procedures Relating To The*

*Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases,*

*Including Notice Of Proposed Cure Amounts; (IV) Approving Form And Manner Of Notice*

*Of All Procedures, Protections, Schedules, And Agreements; (V) Scheduling A Hearing To*

*Consider The Proposed Sale; And (VI) Granting Certain Related Relief* [ECF No. 286] (the

"Bidding Procedures Order").

5.     On April 17, 2015, pursuant to the Bidding Procedures Order, the Debtors

filed the *Notice of Possible Assumption of the Debtors' Executory Contracts and Unexpired*

*Leases and Proposed Cure Amounts* [ECF No. 307], as amended on April 27, 2015 [ECF No.

356], (the "Cure Notice"). Pursuant to the Cure Notice, the Debtors' intend to: (1) assume

and assign the contracts listed below; and, (2) lists cure amounts for the Noticed Contracts as

set forth below. The Bidding Procedures Order and the Cure Notice provides that objections

to the cure amounts must be filed by May 8, 2015 at 4:00 p.m. (Prevailing Eastern Time).

| Counter Party | Contract Name and Description | Cure Amount |
|---|---|---|
| United Parcel Service | UPS Technical Support Services Agreement | $0.00 |
| United Parcel Service, Inc. | UPS Incentive Program Agreement | $0.00 |
| United Parcel Services Co | Software License and Services Agreement | $0.00 |
| United Parcel Service, Inc. | UPS Incentive Program Agreement Addendum | $0.00 |
| UPS Professional Services | Work Order | $0.00 |
| UPS Professional Services, Inc. | Work Order | $0.00 |
| UPS Professional Services, Inc. | Master Consulting and Professional Services Agreement | $3,744.14 |
| UPS Professional Services, Inc. | Master Consulting and Professional Services Agreement | $0.00 |
| UPS Professional Services, Inc. | Novatus Agreement Summary | $0.00 |
| UPS Professional Services, Inc. | Master Consulting and Professional Services Agreement for Workflow One | $0.00 |
| UPS Supply Chain Solutions, Inc. | Master Service Agreement | $0.00 |
| UPS Supply Chain Solutions, Inc. | Master Service Agreement | $585,743.61 |

| UPS Supply Chain Solutions, Inc. | Maintenance/Service Agreement | $0.00 |
| UPS Supply Chain Solutions, Inc. | Other Vendor Agreement-Direct | $0.00 |

## CURE AMOUNT

6.      The Debtors have failed to make all payments as required pursuant to the UPS Contracts. As of March 12, 2015, the aggregate pre-petition monetary default due under the UPS Contract was $1,755,546.06 (the **"Alleged Cure Amount"**)**.** A summary of the Alleged Cure Amount is attached hereto as <u>Exhibit A</u> and incorporated by reference herein as if fully set forth.  The Invoices related to the Claim contain voluminous pages which have already been provided to the Debtors by UPS since the Petition Date and thus they are not attached hereto, but will be provided to the Debtors once again upon request.

7.      Additionally,  the Debtors have continued to use and benefit from the Services provided under the UPS Contracts from and after the Petition Date, and UPS represents that any amounts that accrue from and after the Petition Date through the assumption of the Contract, subject to 11 U.S.C. §503(b), constitute administrative expenses and, therefore, all such amounts are entitled to priority in payment as permitted by 11 U.S.C. §507, and the Debtors' are obligated to pay such additional administrative expenses that accrue through the date of the entry of an Order approving the assumption and assignment of the UPS Contract.

## GROUNDS FOR THE RELIEF REQUESTED
### All Defaults Under An Assumed Contract Must Be Cured As A Condition Of Assumption And Assignment

8.      Pursuant to 11 U.S.C. §365(b)(1) of the Bankruptcy Code, in the event that a debtor has defaulted on an executory contract or unexpired lease, the debtor is prohibited from

assuming the contract unless it: "Under section 365(b)(1)(A), both pre- and post-petition

defaults must be cured:  'The other party to the contract or lease that the [debtor in possession

or] trustee proposes to assume is entitled to insist that any defaults, whenever they may have

occurred, be cured, that appropriate compensation be provided, and that, a past default

having occurred, adequate assurance of future performance is available.'"  3 COLLIER ON

BANKRUPTCY § 365.05[2] (Alan N. Resnick & Henry J. Sommer eds., 15th Ed. (Rev.

2008).)    Accordingly, to assume an executory contract, a debtor must cure all

monetary defaults existing as of the effective date of such assumption (or provide adequate

assurance of prompt cure of such amount).  *See, Stoltz v. Brattleboro Housing Authority,*

315 F.3d 80, 94 (2nd Cir. 2002).   These conditions "protec[t] the creditor's pecuniary

interests before requiring a creditor to continue a contractual relationship with a debtor." *Id.*

9.    Under section 365(b)(1)(A),  adequate assurance of prompt cure can be

shown only by "a firm commitment to make all payments and at least a reasonably

demonstrable capability to do so."  *See, In re Embers 86th Street, Inc.,* 184 B.R. 892,

900-01 (Bankr. S.D.N.Y. 1995) [citing *In re R.H. Neil, Inc.,* 58 B.R. 969 (Bankr.

S.D.N.Y. 1986)]; *Accord,* 2 William L. Norton, Jr. & William L. Norton III,

NORTON BANKRUPTCY LAW AND PRACTICE § 46:29 (3rd ed. 2008) [emphasis in

original] ("Adequate assurance requires a firm commitment by the trustee or debtor-in-

possession to make all payments or, at a minimum, to demonstrate a reasonable ability to do

so.").

10.    Under section 365(b)(1)(C), assumption and assignment of an executory

contract is improper unless a debtor or its assignee demonstrates adequate assurance of

future performance.  *See, e.g., In re Metromedia Fiber Network, Inc.,* 335 B.R. 41, 65-66 (Bankr. S.D.N.Y. 2005) [denying proposed assumption where debtor failed to provide adequate assurance of future performance].

11.     Accordingly, UPS contends that the Debtors must cure all monetary defaults, both pre-petition and post-petition monetary defaults, in full as soon as practicable after the Court enters any Order approving the assumption and assignment of the UPS Contracts.  In this instance, as of March 12, 2015, the Debtors' aggregate monetary default under the UPS Contract is **$1,755,546.06** and this amount plus any additional administrative expenses that accrue through the date of the entry of an Order approving the Sale and assumption and assignment of the contracts, must be cured in full as a pre-condition of assumption and assignment of the UPS Contracts.

## <u>RESERVATION OF RIGHTS</u>

12.     In light of fact that the Cure  Notice identifying certain executory contracts and unexpired leases is vague in regards to the description of the Noticed Contract, by this  Limited Cure Objection, UPS expressly reserves all of its rights, claims, causes of action and defenses (the "Reservation of Rights") pertaining to any and all other executory contracts and unexpired leases (a) to which it is a non-Debtor counterparty (individually, an "Excluded UPS Contract" and, collectively, the "Excluded UPS Contracts") but (b) which have not been identified as the UPS Contract, including but not limited to the right (i) to object to the assumption and/or assignment by the Debtors of any such Excluded UPS Contracts and/or (ii)  to payment of all monetary defaults that exist with respect to each such contract.

WHEREFORE, the Limited Cure Objection seeks entry of an Order denying any assumption and/or assignment of any executory contract or unexpired lease to which UPS is a counterparty (including, without limitation, all executory contracts and unexpired leases that may be subject to any Cure Notice and the UPS Contract) unless the Court's Order expressly provides that assumption of the executory contracts or unexpired leases to which UPS is a counterparty (including, without limitation, the UPS Contract and any Excluded UPS Contract) and their assignment to the Buyer is conditioned upon –

(1)     Payment of **$1,755,546.06** for pre-petition amounts that are due and owing, but unpaid, as of March 12, 2015, plus any additional administrative expenses that become due and owing, but unpaid at the time of entry of the Sales Order, to cure the Alleged Cure Amount.

(2)     Reservation of all rights, interests, claims and/or defenses of UPS pertaining to the Excluded UPS Contracts, including without limitation the right to object to the assumption and/or assignment by the Debtors of any such Excluded UPS Contracts and/or the right to payment of all monetary defaults that exist with respect to each such contract, shall be expressly reserved; and,

(3)     Such other and further relief as the Court deems necessary to protect the rights, interests, claims and/or defenses of UPS in this matter.

*-Signature Page to Follow-*

Dated:  May 8, 2015

Respectfully submitted,

ASHBY & GEDDES, P.A.

*/s/ Ricardo Palacio*
Ricardo Palacio (#3765)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
Facsimile: (302) 654-2067
E-mail: rpalacio@ashby-geddes.com

-and-

BIALSON, BERGEN & SCHWAB,
A Professional Corporation
Kenneth T. Law, Esq.
2600 El Camino Real, Suite 300
Palo Alto, CA 94306
Telephone: (650) 857-9500
Fax:  (650) 494-2738
E-mail: Klaw@bbslaw.com

*Attorneys for Creditor*
*United Parcel Service, Inc.*

{00983370;v1 }