**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | ) Chapter 11 <br> ) <br> ) Case No. 15-10541 (BLS) <br> ) Jointly Administered <br> ) <br> ) Hearing Date: Jun. 17, 2015, 10:00 a.m. <br> ) Obj. Deadline: May 8, 2015, 4:00 p.m. <br> ) Related Docket Nos. 307 & 356 |
| THE STANDARD REGISTER COMPANY, *et al.*[1], | |
| Debtors. | |

**OBJECTION OF VERIZON COMMUNICATIONS INC.
AND ITS SUBSIDIARIES TO PROPOSED CURE AMOUNTS IN
NOTICE OF POTENTIAL ASSUMPTION AND ASSIGNMENT OF CERTAIN
EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION
WITH THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS**

COMES NOW, Verizon Communications Inc. and its subsidiaries, ("Verizon"), by and through counsel, and in support of its objection to certain proposed cure amounts set forth in the *Notice of Potential Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale of Substantially All of the Debtors' Assets*, states as follows:

**INTRODUCTION**

Verizon delivers advanced data and voice solutions to The Standard Register Company, *et al.* ("Debtors") pursuant to one or more telecommunications service agreements. The Debtors seek to establish the cure amounts for potentially assuming and assigning the agreements. Although Verizon does not generally oppose assumption and assignment of the agreements, it objects to such assumption and assignment to the extent that the proposed cure amounts fails to satisfy all existing defaults under the agreement in accordance with 11 U.S.C. § 365(b).

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

CORE/0048629.0839/106798154.1
ME1 20323377v.1

**FACTS**

1. On March 12, 2015, each of the Debtors filed a voluntary petition for relief with this Court under Chapter 11 of the Bankruptcy Code. The Debtors' cases are jointly administered.

2. The Debtors are operating their businesses and maintaining their assets as debtors in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

3. Prior to the filing of the Chapter 11 proceedings one or more of the Debtors were parties to one or more telecommunications agreements with Verizon.

4. The Debtors are pursuing a sale of substantially all of their assets, which is to include the assignment of certain executory contracts and unexpired leases to the purchaser. On March 12, 2015, the Debtors filed the *Debtors' Motion for (I) an Order (A) Establishing Sale Procedures Relating to the Sale of Substantially All of the Debtors' Assets; (B) Approving Bid Protections; (C) Establishing Procedures Relating to the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, Including Notice of Proposed Cure Amounts; (D) Approving Form and Manner of Notice of All Procedures, Protections, Schedules, and Agreements; (E) Scheduling a Hearing to Consider the Proposed Sale; and (F) Granting Certain Related Relief; and (II) an Order (A) Approving the Sale of Substantially All of the Debtors' Assets and (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale* [Docket No. 23] (the "Sale Motion").

5. On April 15, 2015, the Court entered an *Order (I) Establishing Sale Procedures Relating to the Sale of Substantially All of the Debtors' Assets; (II) Approving the Maximum Reimbursement Amount; (III) Establishing Procedures Relating to the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, Including Notice of Proposed*

*Cure Amounts; (IV) Approving Form and Manner of Notice of All Procedures, Protections, Schedules, and Agreements; (V) Scheduling a Hearing to Consider the Proposed Sale; and (VI) Granting Certain Related Relief* [Docket No. 286] (the "Sale Procedures Order"), approving the sale procedures portion of the Sale Motion.

6. In accordance with the Sale Procedures Order, on April 17, 2015, the Debtors filed the *Notice of (I) Entry into Stalking Horse Agreement and (II) Potential Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale of Substantially All of the Debtors' Assets* [Docket No. 307], containing a list of executory contracts and unexpired leases to potentially be assumed and assigned in connection with the sale, and proposed cure amounts for each. A *First Amended Notice of (I) Entry into Stalking Horse Agreement and (II) Potential Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale of Substantially All of the Debtors' Assets* [Docket No. 356] (collectively with Docket No. 307, the "Cure Notice") was filed on April 27, 2015. The Cure Notice set a cure objection deadline of May 8, 2015 (the "Cure Objection Deadline").

7. Exhibit 1 to the Cure Notice included the following agreements with Verizon entities:

| Contract Counterparty | Description of Agreement | Proposed Cure Amount ($) |
|---|---|---|
| MCI Communication Services, Inc dba Verizon Business Services | Partial Local Letter of Agency/Authorization to Obtain Customer Information | $0.00 |
| Verizon Business | Agency Authorization to Obtain Customer Information | $0.00 |
| Verizon Business Network Services Inc | Second Amendment to the Verizon Business Service Agreement | $0.00 |
| Verizon Business Network Services Inc. | Twenty-Fifth Amendment to the Verison [sic] Business Service Agreement | $0.00 |
| Verizon Business Network Services, Inc. | Vendor Agreement | $0.00 |

| Verizon Business Services Inc. | Thirty-Eigth [sic] Amendment to the Verizon Business Service Agreement | $38,405.02 |
|---|---|---|
| Verizon Services Corp | Twenty-Fourth Amendment to the Verison [sic] Business Agreement | $0.00 |

(the "Agreements"), with the above proposed cure amounts.

## LIMITED OBJECTION

8. Verizon does not oppose the assumption and assignment of the Agreements provided that it receives the prompt cure required by 11 U.S.C. § 365.

9. Verizon is still in the process of reconciling its accounts with the Debtors. However, as set forth on the initial analysis attached hereto as Exhibit A, it appears that the amounts listed in the Cure Notice are insufficient to cure the debt owed to Verizon and assume and assign the Agreements. According to Verizon's initial analysis, the pre-petition balances owed under the Agreements total $202,594.64.

10. 11 U.S.C. § 365(b)(1) states, in pertinent part:

> (b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure such default . . . ;
>
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
> (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

11. A cure under 11 U.S.C. § 365 means that all unpaid amounts due under the agreement have been paid. *In re Network Access Solutions, Corp.*, 330 B.R. 67, 76 (Bankr. D. Del. 2005).

12. As the case proceeds and Verizon continues to provide post-petition services to the Debtors' estates, additional amounts become due under the Agreements. In addition to the pre-petition amounts due, any post-petition amounts due must also be paid to Verizon in order to cure the existing defaults.

13. Verizon does not seek more than the amounts due under the relevant invoices as a cure. Verizon reserves the right to amend the cure amount demanded as it completes its analysis of the amounts due, and looks forward to working with the Debtors in order to reach an agreement as to the amounts necessary to fully cure the Agreements.

14. Verizon also asks that payment of the cure amounts for assumption and assignment of the Agreements be sent to counsel at Stinson Leonard Street listed below so that they may be properly applied to the Debtors' contractual accounts.

**Intentionally Blank**

**WHEREFORE**, Verizon respectfully requests that this Court enter an Order: (a) conditioning the assumption and assignment of the Agreements upon the payment of the cure amounts described herein; and (b) granting such other and further relief as this Court deems equitable and proper.

Dated: May 8, 2015

                **MCCARTER & ENGLISH, LLP**

                /s/ *William F. Taylor, Jr.*
William F. Taylor, Jr. (DE Bar #2936)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
Tel: 302-984-6300; Fax: 302-984-6399
wtaylor@mccarter.com

and

Darrell W. Clark
STINSON LEONARD STREET LLP
1775 Pennsylvania Ave., NW, Suite 800
Washington, DC 20006
Tel: 202-785-9100; Fax: 202-785-9163
darrell.clark@stinsonleonard.com

*Attorneys for Verizon Communications Inc.*
*and its subsidiaries*