IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| THE STANDARD REGISTER | § | Case No. 15-10541 (BLS) |
| COMPANY, et al.[1] | § | |
| | § | (Jointly Administered) |
| Debtors. | § | |
| | § | Re: Docket Nos. 23, 286, 307 and 356 |

## OBJECTION TO NOTICE, AND AMENDED NOTICE, OF (I) ENTRY INTO STALKING HORSE AGREEMENT AND (II) POTENTIAL ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS

**COMES NOW** Buck Consultants, LLC ("**Buck**") and files this, its Objection to Notice, and Amended Notice, of (I) Entry Into Stalking Horse Agreement and (II) Potential Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection With the Sale of Substantially All of the Debtors' Assets ("**Objection**") and, in support thereof, would respectfully show unto the Court as follows:

1. On March 12, 2015 ("**Petition Date**"), The Standard Register Company and its affiliated debtors and debtors-in-possession (collectively, "**Debtors**"), after filing their respective bankruptcy petitions, filed a Motion for (I) an Order (A) Establishing Sale Procedures Relating to the Sale of Substantially All of the Debtors' Assets; (B) Approving Bid Protections; (C)

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

Establishing Procedures Relating to the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, Including Notice of Proposed Cure Amounts; (D) Approving Form and Manner of Notice of All Procedures, Protections, Schedules, and Agreements; (E) Scheduling a Hearing to Consider the Proposed Sale; and (F) Granting Certain Related Relief; and (II) an Order (A) Approving the Sale of Substantially All of the Debtors' Assets and (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale ("**Sale Motion**") (**Dkt.023**). In their Sale Motion, the Debtors sought approval to establish bid procedures and bid protections, hold an auction and to approve a sale of their business operations.

2. On April 15, 2015, the Court entered its Order (**Dkt.286**), approving, among other things, the procedures for assumption and assignment of the various executory contracts and unexpired leases and scheduling a sale hearing for June 17, 2015.

3. In connection with the sale process, on April 17, 2015, Debtors filed their Notice of (i) Entry into Stalking Horse Agreement and (ii) Potential Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale of Substantially All of the Debtors' Assets (**Dkt.307**) ("**Cure Notice**") in which they notified counterparties to various contracts of its intent to assume and assign contracts, and listed the various cure amounts for each contract.

4. On April 27, 2015, Debtors filed their First Amended Notice of (i) Entry into Stalking Horse Agreement and (ii) Potential Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale of Substantially All of the Debtors' Assets (**Dkt.356**) ("**Amended Cure Notice**"), amending their list of various contracts they intend to assume and assign, as well as the cure amounts for the contracts.

5. According to the Cure Notice and Amended Cure Notice, Debtors are seeking to assume certain agreements with Buck as follows:

    a. Letter Modification to Consultant Contract (**Dkt.307.P17**)

    b. Letter of Agreement (**Dkt.307.P17**)

The cure amounts listed for each of the above are listed at $0.00.

6. Buck provides actuarial and consulting services in accordance with the requirements of the Internal Revenue Services and the Pension Benefit Guaranty Corporation for both the Qualified and Non-Qualified Pension Plans of the Debtors.

7. Through November 30, 2014, the Debtors were indebted to Buck in the amount of $17,265.00. A true and correct copy of Buck's invoice to Debtors showing such Pre-Petition debt is attached hereto as **Exhibit A**.

8. For the period of December 1, 2014 through March 12, 2015, the Debtors were indebted to Buck in the amount of $78,669.00. In accordance with the terms of the Letter Agreement, Buck agreed to a fee reduction of $78,000.00 in certain fees. These waived fees were applied to this invoice, leaving an actual amount due of $669.00. A true and correct copy of Buck's Invoice to Debtors showing such Pre-Petition debt is attached hereto as **Exhibit B.**

9. Section 365(b)(1) of the BANKRUPTCY CODE clearly states:

(b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—

    (A) cures, or provides adequate assurance that the trustee will promptly cure, such default other than a default that is a breach of a provision relating to the satisfaction of any provision (other than a penalty rate or penalty provision) relating to a default arising from any failure to perform nonmonetary obligations under an unexpired lease of real property, if it is impossible for the trustee to cure such default by performing nonmonetary acts at and after the

time of assumption, except that if such default arises from a failure to operate in accordance with a nonresidential real property lease, then such default shall be cured by performance at and after the time of assumption in accordance with such lease, and pecuniary losses resulting from such default shall be compensated in accordance with the provisions of this paragraph;

(B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

(C) provides adequate assurance of future performance under such contract or lease.

10. The unpaid invoices of $17,265.00 and $669.00 were due and owing on Petition Date. Buck objects to the proposed cure amount of zero. The actual cure amount is $17,934.00 and such amount must be paid in accordance with Section 365(b)(1) of the BANKRUPTCY CODE.

**WHEREFORE, PREMISES CONSIDERED,** Buck Consultants, LLC prays:

1. that the cure amount of $17,934.00 be paid; and

2. for such other and further relief as it may show itself to be justly entitled.

Respectfully submitted,

SINGER & LEVICK, P.C.

By:     /s/ Michelle E. Shriro
     Michelle E. Shriro
     Delaware Bar No. 3219

16200 Addison Road, Suite 140
Addison, Texas 75001
Phone: 972.388.5533
Fax: 972.380.5748
Email: mshriro@singerlevick.com

ATTORNEYS FOR BUCK CONSULTANTS, LLC

OBJECTION TO NOTICE, AND AMENDED, NOTICE, OF (I) ENTRY INTO STALKING HORSE
AGREEMENT AND (II) POTENTIAL ASSUMPTION AND ASSIGNMENT OF CERTAIN
EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH SALE OF
SUBSTANTIALLY ALL OF THE DEBTORS ASSETS– Page 4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District, as well as to the parties listed below via email as required by the Court's Order (Dkt.286), on this 8th day of May, 2015.

| **Counsel for Debtors:**<br>Gibson, Dunn & Crutcher LLP<br>200 Park Avenue<br>New York, NY 10166<br>Attn: Barbara Becker<br>Via Email: bbecker@gibsondunn.com<br>Attn: Michael A. Rosenthal<br>Via Email: mrosenthal@gibsondunn.com<br><br>**and**<br><br>Young Conaway Stargatt & Taylor LLP<br>1000 North King Street<br>Wilmington DE 19081<br>Attn: Michael R. Nestor<br>Via Email: mnestor@ycst.com | **Counsel for Pre-Petition ABL Agent and ABL DIP Agent:**<br>Parker, Hudson, Rainer & Dobbs LLP<br>1500 Marquis Two Tower<br>285 Peachtree Center Avenue<br>Atlanta, GA 30303<br>Attn: C. Edward Dobbs<br>Via Email: ced@phrd.com<br>James S. Rankin, Jr.<br>Via Email: jsr@phrd.com<br><br>**and**<br><br>Richards Layton & Finger<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801<br>Attn: Mark D. Collins<br>Via Email: Collins@rlf.com |
| --- | --- |
| **Counsel for Stalking Horse and Pre-Petition Term Loan Agent:**<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>155 N. Wacker Drive<br>Chicago, IL 60606<br>Attn: Ron Meisler<br>Via Email: ron.meisler@skadden.com<br>Attn: Christopher M. Dressel<br>Via Email: christopher.dressel@skadden.com | **Counsel to the Committee:**<br>Lowenstein Sandler LLP<br>1251 Avenue of the Americas<br>New York, NY 10020<br>Attn: Sharon L. Levine<br>Via Email: slevine@lowenstein.com<br>Wojciech Jung<br>Via Email: wjung@lowenstein.com |

                                                  /s/Michelle E. Shriro
                                                  Michelle E. Shriro

Exhibit A



Buck Consultants, LLC
485 Lexington Ave
New York, NY 10017-2630

December 31, 2014

Mr. James M. Vaughn, CPA
jim.vaughn@standardregister.com
The Standard Register Company
600 Albany Street
Dayton, OH 45417

Client #: 00011123
Invoice #: 2215043
Total Due This Invoice: $17,265.00
Terms: Net Due in 30 Days

**EFT/ACH to:**
Buck Consultants, LLC
Wells Fargo Bank
2975 Regent Blvd.
Irving, TX 75063
Account #: 4121887111
Routing #: 121000248

**Mail To:**
Buck Consultants, LLC
P.O. Box 202617
Dallas, TX 75320-2617

**Direct Inquiries to:**
Veronica Pulbere - Accounting Dept.
Email: Veronica.Pulbere@Xerox.com
Phone: (201) 902-2417

---

Expenses payable by the Company:

| | |
|---|---:|
| Services rendered through November 30, 2014 and related to services for the Flexible Benefits Plan: | $ 3,265 |
| Services rendered through November 30, 2014 and related to services for the Non-Qualified Plans: | $ 14,000 |
| Services rendered through November 30, 2014 and related to the Stanreco Retirement Plan: | $ 0 |
| | **$ 17,265** |

# Exhibit B



Buck Consultants, LLC  
485 Lexington Ave  
New York, NY 10017-2630

April 28, 2015

Mr. James M. Vaughn, CPA  
jim.vaughn@standardregister.com  
The Standard Register Company  
600 Albany Street  
Dayton, OH 45417

Client #: 00011123  
Invoice #:  
Total Due This Invoice:  
Terms: Net Due in 30 Days

**EFT/ACH to:**  
Buck Consultants, LLC  
Wells Fargo Bank  
2975 Regent Blvd.  
Irving, TX 75063  
Account #: 4121887111  
Routing #: 121000248

**Mail To:**  
Buck Consultants, LLC  
P.O. Box 202617  
Dallas, TX 75320-2617

**Direct Inquiries to:**  
Veronica Pulbere - Accounting Dept.  
Email: Veronica.Pulbere@Xerox.com  
Phone: (201) 902-2417

---

Expenses payable by the Company:

Services rendered through March 12, 2015 and related to services for the Non-Qualified Plans:

- December 31, 2014 Year-End Disclosures $ 12,374

Services rendered through March 12, 2015 and related to the Stanreco Retirement Plan:

- December 31, 2014 Year-End Disclosures $ 11,006
- Five-Year Projections 2,247
- Reflect alternative mortality assumption at 12/31/2014 2,738
- Discussion of potential bankruptcy filing and its implications on plan participants 6,318

Expenses payable by the Trust:

Services rendered through March 12, 2015 and related to the Stanreco Retirement Plan:

- 2015 Valuation Work including data preparation and preliminary liabilities $ 30,136
- Monthly calls with Jim Vaughn to discuss contribution requirements and strategy $ 1,874
- Five-Year Projections $ 2,247
- Responding to PBGC requests for information $ 4,667
- Ongoing dialogue with IRS regarding qualification status of PEP Plan Design $ 3,272
- Research and Plan Administration assistance on benefit calculations $ 1,790

Total Fees $ 78,669

Less: Credit per letter of agreement dated 12/26/2012 ($ 78,000)

Balance Due from Pension Trust **$ 669**