## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, *et al.*,[1] | Case No. 15-10541 (BLS) |
| Debtors. | Jointly Administered |
| | **Re: Docket No. 340** |

### ORDER PURSUANT TO BANKRUPTCY RULE 3003(c)(3) AND LOCAL RULE 2002-1(e) ESTABLISHING BAR DATES AND RELATED PROCEDURES FOR FILING PROOFS OF CLAIM (INCLUDING FOR ADMINISTRATIVE EXPENSE CLAIMS ARISING UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE) AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF

Upon consideration of the motion (the "Motion")[2] of the Debtors for entry of an order, pursuant to Bankruptcy Rule 3003(c)(3) and Local Rule 2002-1(e), establishing Bar Dates and related procedures by which creditors must file their Proofs of Claim, as more fully described in the Motion; and this Court having reviewed the Motion; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001).  The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2]    Capitalized terms used but not otherwise defined herein shall have the same meanings ascribed to them in the Motion.

herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      The Court hereby approves (i) the forms of the Bar Date Notice, the Proof of Claim Form, and the Publication Notice, substantially in the forms attached to this Order as Exhibit 1, Exhibit 2 and Exhibit 3, respectively, and (ii) the manner of providing notice of the Bar Dates as described in the Motion.

3.      Pursuant to Bankruptcy Rule 3003(c)(2), any creditor (as defined in section 101(10) of the Bankruptcy Code) or equity security holder (as defined in section 101(17) of the Bankruptcy Code) who asserts a claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors that arose, or is deemed to have arisen, prior to March 12, 2015 (the "Petition Date") and whose claim is either (i) not listed on the Debtors' schedules of assets and liabilities (collectively, the "Schedules") or (ii) is listed on the Schedules as disputed, contingent or unliquidated, must file a Proof of Claim on or prior to July 8, 2015 at 5:00 p.m. (Prevailing Eastern Time) (the "General Bar Date") as provided in this Order.

4.      Notwithstanding paragraph 3 above, any Section 503(b)(9) Claim must be filed on or prior to June 9, 2015 at 5:00 p.m. (Prevailing Eastern Time) (the "503(b)(9) Bar Date") as provided in this Order.

5.      Notwithstanding paragraph 3 above, the deadline for governmental units (as defined in section 101(27) of the Bankruptcy Code) to file a Proof of Claim against the Debtors is September 8, 2015 at 5:00 p.m. (Prevailing Eastern Time) (the "Governmental Bar Date").

6.      Any person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust and governmental unit) that holds, or seeks to assert, a claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors that arose, or is deemed to have arisen, prior to the Petition Date, no matter how remote, contingent, or unliquidated, including, without limitation, secured claims, unsecured priority claims (including, without limitation, claims entitled to priority under sections 507(a)(3) through 507(a)(10) of the Bankruptcy Code) and unsecured non-priority claims (the holder of any such claim, the "Claimant"), must properly file a Proof of Claim on or before the applicable Bar Date in order to share in the Debtors' estates.

7.      All Claimants must submit (by overnight mail, courier service, hand delivery, regular mail, in person or electronically through the online Proof of Claim Form available at http://cases.primeclerk.com/standardregister) an original, written proof of claim that substantially conforms to the Proof of Claim Form so as to be **actually received** by Prime Clerk LLC ("Prime Clerk"), the Debtors' claims and noticing agent, by no later than 5:00 p.m. (Prevailing Eastern Time) on or before the applicable Bar Date at the following address:

> The Standard Register Company Claims Processing Center
> c/o Prime Clerk LLC
> 830 3rd Avenue, 9th Floor
> New York, NY 10022

8.      A Proof of Claim must satisfy all of the following requirements to be considered properly and timely filed in these Chapter 11 Cases:

(i)     be **actually received** by Prime Clerk as described in paragraph 6 above by overnight mail, courier service, hand delivery, regular mail, in person or electronically through the Proof of Claim Form available on Prime Clerk's website on or before the applicable Bar Date;

(ii)    be signed by the Claimant;

(iii)   be written in the English language;

01:17057193.2

3

(iv)    be denominated in lawful currency of the United States;

(v)    conform substantially to the Proof of Claim Form or Official Form 10;

(vi)    specify the Debtor against which the Proof of Claim is filed as well as the bankruptcy case number corresponding to such Debtor;

(vii)    set forth with specificity the legal and factual basis for the alleged claim; and

(viii)    include supporting documentation or an explanation as to why such documentation is not available.

9.    Proofs of Claim sent to Prime Clerk by facsimile, telecopy or electronic mail will **not** be accepted and will **not** be considered properly or timely filed for any purpose in these Chapter 11 Cases.

10.    Holders of a claim for pension benefits under The Stanreco Retirement Plan or any other defined benefit pension plan covered under Title IV of the Employee Retirement Income Security Act (each a "Defined Benefit Plan") should not file a proof of claim.  If the Defined Benefit Plan terminates, the Pension Benefit Guaranty Corporation will pay claims for pension benefits pursuant to Title IV of the Employee Retirement Income Security Act.  If the Defined Benefit Plan does not terminate, claims for pension benefits will be paid from the Defined Benefit Plan's trust.  In addition, and notwithstanding the above paragraphs, holders of the following claims are **not** required to file a Proof of Claim on or before the applicable Bar Date solely with respect to such claim:

(i)    a claim against the Debtors for which a signed proof of claim has already been properly filed with the Clerk of the Bankruptcy Court for the District of Delaware or Prime Clerk in a form substantially similar to Official Bankruptcy Form No. 10;

(ii)    a claim that is listed on the Debtors' Schedules if and only if  (i) such claim is not scheduled as "disputed," "contingent," or "unliquidated" **and** (ii) the holder of such claim agrees with the amount, nature and priority of the claim as set forth in the Schedules;

(iii)   an administrative expense claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code);

(iv)   an administrative expense claim for post-petition fees and expenses incurred by any professional allowable under sections 330, 331, and 503(b) of the Bankruptcy Code;

(v)    a claim that has been paid in full by the Debtors in accordance with the Bankruptcy Code or an order of this Court;

(vi)   a claim that has been allowed by an order of this Court entered on or before the applicable Bar Date;

(vii)  a claim for which specific deadlines have been fixed by an order of this Court entered on or before the applicable Bar Date;

(viii) a claim for any of the DIP Obligations as defined in the *Final Order (I) Authorizing Debtors in Possession to Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105,362, 363, and 364, (II) Granting Liens and Superpriority Claims to Postpetition Lenders Pursuant to 11 U.S.C. § 364, and (III) Providing Adequate Protection to Prepetition Credit Parties and Modifying Automatic Stay Pursuant to 11 U.S.C. §§ 361, 362, 363, and 364* [Docket No. 290] (the "Final DIP Order");

(ix)   a claim by the Pre-Petition ABL Agent and the Pre-Petition Term Agents on account of the Pre-Petition Debt (as defined in the Final DIP Order);

(x)    a claim for fees relating to these cases under 28 U.S.C. § 1930; and

(xi)   a claim for pension benefits under any defined contribution plan covering salaried employees, including unpaid deferred vested pension benefits and unpaid lump-sum pension benefit distributions, including, for the avoidance of doubt, any claims arising under the Uarco Incorporated Supplemental Executive Retirement Plan (collectively, "Pension Benefits"); provided, however, that the Debtors shall retain the right to set a separate deadline for claims asserting Pension Benefits. If and to the extent that the Debtors determine it is necessary or appropriate to set a deadline for claims asserting Pension Benefits, the Debtors shall (a) file a list of their known Pension Benefits obligations, along with a statement of the Debtors' method of calculating such obligations, and (b) thereafter file a modified version of the Bar Date Notice (the "Benefits Notice") setting a deadline that provides no less than forty-five (45) days' notice of the deadline to file claims seeking Pension Benefits, and shall serve such

Benefits Notice on all parties known, based on the Debtors' books and records, to have a claim for Pension Benefits. The Debtors shall serve such Benefits Notice on the affected parties, along with an individualized calculation of each beneficiary's claim(s) related to the Pension Benefits. Upon the filing and service of such Benefits Notice, the bar date for claims asserting Pension Benefits shall be as set forth in such Benefits Notice and all other provisions set forth in this Order, including, but not limited to, the consequences set forth in paragraph 20 hereof for failure to file a Proof of Claim, shall apply to any claims asserting Pension Benefits.

11.    Any Claimant exempted from filing a Proof of Claim pursuant to paragraph 10 above must still properly and timely file a Proof of Claim for any other claim that does not fall within the exemptions provided by paragraph 10 above.

12.    Any person or entity holding an equity security (as defined in section 101(16) of the Bankruptcy Code and including, without limitation, common stock, preferred stock, warrants, or stock options) or other ownership interest in the Debtors (an "Interest Holder") is not required to file a proof of interest on or before the applicable Bar Date; provided, however, that an Interest Holder that wishes to assert claims against the Debtors that arise out of or relate to the ownership or purchase of an equity security or other ownership interest, including, but not limited to, a claim for damages or rescission based on the purchase or sale of such equity security or other ownership interest, must file a Proof of Claim on or before the applicable Bar Date. The Debtors reserve the right to seek relief at a later date establishing a deadline for Interest Holders to file proofs of interest.

13.    To the extent that any amounts paid by the Debtors to a creditor are subject to disgorgement pursuant to a postpetition trade agreement or otherwise, such creditor shall have until the later of (a) the General Bar Date and (b) thirty (30) days from the date of any disgorgement to file a Proof of Claim for the disgorged amount.

14.     Any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (a) the General Bar Date or (b) 5:00 p.m. (Prevailing Eastern Time) on the date that is thirty (30) days from the date that the Debtors provide written notice of the rejection date to the affected creditor (unless the order authorizing such rejection provides otherwise).

15.     If the Debtors amend their Schedules, then the deadline to submit a Proof of Claim for those creditors affected by any such amendment shall be the later of (i) the applicable Bar Date or (ii) 5:00 p.m. (Prevailing Eastern Time) on the date that is twenty-one (21) days from the date that the Debtors provide written notice to the affected creditor that the Schedules have been amended.

16.     Within three (3) business days after entry of this Order, the Debtors shall serve the Bar Date Notice, together with a copy of the Proof of Claim Form, by first class United States mail, postage prepaid (or equivalent service), to the following parties:

(i)     the UST

(ii)    all known potential Claimants and their counsel (if known), including all persons and entities listed in the Schedules at the addresses set forth therein as potentially holding claims;

(iii)   counsel to the Committee;

(iv)    all parties that have requested notice of the proceedings in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002 as of the date of the Bar Date Order;

(v)     all known holders of equity securities in the Debtors as of the date of the Bar Date Order;

(vi)    all known parties to executory contracts and unexpired leases with the Debtors;

(vii)   all known parties to litigation with the Debtors;

01:17057193.2

(viii)   the District Director of the Internal Revenue Service for the District of Delaware;

(ix)    all other known taxing authorities for the jurisdictions in which the Debtors maintain or conduct business;

(x)     the Securities and Exchange Commission; and

(xi)    the United States Attorney for the District of Delaware and the state attorneys for the jurisdictions in which the Debtors do business.

17.     In accordance with Bankruptcy Rule 2002(a)(7), service of the Bar Date Notice and Proof of Claim Form in the manner set forth in this Order is and shall be deemed to be good and sufficient notice of the Bar Date to known Claimants.

18.     Pursuant to Bankruptcy Rule 2002(l), the Debtors shall cause the Publication Notice to be published once in *USA Today*, once in a local newspaper in Dayton, Ohio, and once in a trade journal as soon as practicable after entry of this Order.  Such form and manner of publication notice is hereby approved and authorized and is and shall be deemed to be good and sufficient notice of the Bar Dates to unknown Claimants.

19.     Claimants filing claims under section 503(b)(9) of the Bankruptcy Code (or proofs thereof) shall attach to the Proof of Claim a supplemental statement setting forth with specificity: (i) the date of shipment of the goods the Claimant contends the Debtors received in the twenty (20) days before the Petition Date; (ii) the date, place, and method (including carrier name) of delivery of the goods the Claimant contends the Debtors received in the twenty (20) days before the Petition Date; (iii) the value of the goods the Claimant contends the Debtors received in the twenty (20) days before the Petition Date; (iv) whether the Claimant timely made a demand to reclaim such goods under section 546(c) of the Bankruptcy Code, including any documentation identifying such demand; and (v) (A) whether the value of such goods the Claimant contends the Debtors received in the twenty (20) days before the Petition Date

represents a combination of services and goods, (B) the percentage of value related to services and related to goods, and (C) whether the Claimant has filed any other claim against any Debtor regarding the goods the Claimant contends the Debtors received in the twenty (20) days before the Petition Date. Such supplemental statement must be supported by documentation attached thereto, including invoices, receipts, bills of lading, and the like identifying the particular goods the Claimant contends the Debtors received in the twenty (20) days before the Petition Date.

20.     Pursuant to Bankruptcy Rule 3003(c)(2), any Claimant that is required to file a Proof of Claim in these Chapter 11 Cases pursuant to the Bankruptcy Code, the Bankruptcy Rules or this Order with respect to a particular claim against the Debtors, but that fails to do so properly by the applicable Bar Date, shall not, with respect to such claim, be treated as a creditor of the Debtors for the purpose of voting on, or receiving distributions under, any chapter 11 plan in these Chapter 11 Cases.

21.     Nothing contained in this Order, the Publication Notice, or the Bar Date Notice is intended or shall be construed as a waiver of any of the Debtors' rights, including, without limitation, their rights to: (i) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability or classification thereof; (ii) subsequently designate any scheduled claim as disputed, contingent or unliquidated; or (iii) otherwise amend or supplement the Schedules. In addition, nothing contained in this Order, the Publication Notice, or the Bar Date Notice is intended or shall be construed as an admission of the validity of any claim against the Debtors or an approval, assumption or rejection of any agreement, contract or lease under section 365 of the Bankruptcy Code. All such rights and remedies are reserved.

22.    The provisions of this Order apply to all claims of whatever character or nature against the Debtors or their assets, whether secured or unsecured, priority or non-priority, liquidated or unliquidated, fixed or contingent.

23.    All Claimants who desire to rely on the Schedules with respect to filing a proof of claim in these Chapter 11 Cases shall have the sole responsibility for determining that their respective claim is accurately listed therein.

24.    Notwithstanding the possible application of Bankruptcy Rules 6004(h), 7062 or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

25.    The Debtors and Prime Clerk are authorized to take all actions necessary or appropriate to effectuate the relief granted pursuant to this Order.

26.    The Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to this Order.

Dated: May 8   , 2015
       Wilmington, Delaware

BRENDAN L. SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE