## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, *et al.*,[1] | Case No. 15-10541 (BLS) |
| Debtors. | (Jointly Administered) |
| | Re: Docket No. 327 |

## ORDER (I) AUTHORIZING THE PRIVATE SALE BY THE DEBTORS OF THE PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING THE PURCHASE AGREEMENT; AND (III) GRANTING RELATED RELIEF

Upon consideration of the *Debtors' Motion For Order (i) Authorizing the Private Sale by the Debtors of the Property Free and Clear of Liens, Claims, Encumbrances, and Other Interests, (ii) Approving the Purchase Agreement, and (III) Granting Related Relief* (the "Motion")[2] of the above captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order, pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 6004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (i) authorizing the private sale (the "Sale") of certain real property located at 325 Busser Rd., York County, PA 17318 along with certain improvements and fixtures

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Error! No

(collectively, the "Property") on an "as is, where is" basis, free and clear of any and all liens, claims, encumbrances, and other interests to SB Busser, LLC (or an affiliate thereof) (the "Purchaser") pursuant to the terms and conditions of the Contract to Purchase and Sell Commercial Real Estate, dated as of March 4, 2015 (the "Purchase Agreement"), by and between The Standard Register Company (the "Seller") and the Purchaser, a copy of which is attached hereto as Exhibit 1, (ii) authorizing and approving the terms of the Purchase Agreement and (iii) granting certain related relief; and a hearing (the "Hearing") on the Motion and the Sale contemplated therein having been held before the Court on May 12, 2015; and it appearing from the affidavit of service filed with the Court and from the record that due and sufficient notice of the Motion, the Hearing, and the relief sought in connection therewith having been provided to all parties in interest; and it further appearing that no other or further notice hereof is required; and this Court having reviewed and considered the Motion and any objections thereto; and this Court having heard statements of counsel and the evidence presented at the Hearing in support of the relief requested in the Motion; and it appearing that the relief requested in the Motion is in the best interest of the Debtors' estates, their creditors, and other parties in interest; and it further appearing that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause therefor,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Motion is hereby GRANTED as set forth herein.

2.      The Purchase Agreement and the transactions contemplated thereby, including payment of the brokerage fee, shall be, and hereby are, approved; provided, however, the indemnification provision of Section 11 of the Purchase Agreement is void and shall have no force or effect as against any of the Debtors.

**Error! No**

3.      Subject to paragraph 4 below, the Debtors shall be, and hereby are, authorized to sell the Property to the Purchaser upon the terms and conditions set forth in the Purchase Agreement free and clear of any liens, claims, or encumbrances on the Property; provided, that any liens, claims or encumbrances on the Property shall attach to the proceeds of the Sale with the same priority, validity, force and effect as they attached to the Property immediately before the closing date of the sale (the "Closing Date").

4.      The net proceeds from the sale of the Property will be utilized by the Debtors in accordance with the terms of the order authorizing postpetition financing [Docket No. 290] (the "DIP Financing Order") or any post-petition financing order in effect at the time such Sale closes, and the applicable DIP Financing Documents.[3]  Specifically, on the Closing Date, the net sale proceeds shall be used to make a prepayment of Term DIP Obligations.  To the extent that the amount of net sale proceeds exceeds the amount of Term DIP Obligations outstanding as of the Closing Date, then such excess shall be paid on the Closing Date to the First Lien Term Agent on behalf of the First Lien Term Lenders and shall be applied in accordance with Section 3.1 of the Pre-Petition First Lien Term Loan Agreement; provided, however, that such payment, if any, received by the First Lien Term Lenders shall be subject to any remedy that may be available against them in the event of a timely and successful challenge pursuant to paragraph 28 of the DIP Financing Order.

5.      Pursuant to 11 U.S.C. § 363(m), the Purchaser shall be, and hereby is, deemed to have purchased the Property in "good faith."

6.      Notwithstanding the provisions of Bankruptcy Rule 6004 or any applicable provisions of the Local Rules, this Order shall not be stayed for 14 days after the entry hereof,

---

[3]  Certain capitalized terms used but not defined paragraph 4 hereof shall have the meanings ascribed to such terms in the DIP Financing Order.

**Error! No**

but shall be effective and enforceable immediately upon entry, and the 14-day stay provided in such rules is hereby expressly waived and shall not apply.

7.      Any and all objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are hereby overruled on the merits.

8.      The terms and provisions of this Order shall be binding in all respects upon the Debtors, their estates, all creditors, officers, directors, advisors, members, managers, and all holders of equity in the Debtors, all holders of any claim(s) (whether known or unknown) against the Debtors, any holders of liens, claims, encumbrances, or interest against or on all or any portion of the Property, the Purchaser, and all successors and assigns of the Purchaser, and any trustees, if any, subsequently appointed in the Chapter 11 Cases or upon a conversion to chapter 7 under the Bankruptcy Code of the Chapter 11 Cases.

9.      This Court shall retain jurisdiction over the parties for the purpose of enforcing the terms and provisions of this Order.

Dated: May 8 , 2015
      Wilmington, Delaware

                                          Brendan L. Shannon
                                          Chief United States Bankruptcy Judge

Error! No

4