Lessor's Copy



CISCO.
Capital

## SCHEDULE NO. 006-000

**Master Agreement to Lease Equipment No. 6670**

**THIS SCHEDULE NO. 006-000** (this "Schedule") dated as of September 18, 2008, by and between **CISCO SYSTEMS CAPITAL CORPORATION** ("Lessor"), having its principal place of business at 170 West Tasman Drive, Mailstop SJC13/3, San Jose, California 95134, and The Standard Register Company ("Lessee"), having its principal place of business at 600 Albany Street, Dayton, Ohio 45401, supplements that certain Master Agreement to Lease Equipment No. 6670 (the "Agreement", and together with this Schedule, the "Lease") between Lessor and Lessee, incorporated herein by this reference. Capitalized terms not otherwise defined herein have the meanings specified in the Agreement.

**1.  EQUIPMENT DESCRIPTION.** Quantity, manufacturer, and model of the Equipment subject to this Schedule are as specified in Annex A hereto. Lessee acknowledges that complete and definitive descriptive and location information regarding the Equipment may not be available at the time of preparation of this Schedule and any Certificate of Acceptance and hereby irrevocably authorizes Lessor, without any further action or agreement by Lessee, to modify or replace any annex to this Schedule or any Certificate of Acceptance in order to supplement, correct or replace such information, as Lessor may deem appropriate, to the extent necessary to accurately document the Equipment information subject to the Schedule, and agrees to be bound thereby as though attached hereto or thereto in such form at the time of Lessee's execution of this Schedule or such Certificate of Acceptance.

**2.  EQUIPMENT LOCATION.** The Equipment shall at all times be installed or located at the location specified in Annex A or in the applicable Certificate of Acceptance, or such other location as is permitted under the Agreement.

**3.  EQUIPMENT COST.** The "Equipment Cost" for any item of Equipment is the sum of (a) the equipment purchase price specified in the invoice now or hereafter issued by the Vendor in relation to the Equipment, plus (b) all insurance, installation, cabling, maintenance, software and related expenses to the extent paid or financed by Lessor in its discretion (collectively, "Soft Costs") and as may be reflected in Annex A hereto. The aggregate Equipment Cost for all Equipment under this Schedule is $1,034,428.78.

**4.  RENTAL PAYMENT AMOUNT.** The monthly rental payment in respect of the Equipment ("Rent") is set forth below:

| Payments | Payment Amount |
|---|---|
| 1 – 60 | $ 17,898.80 |

**5.  LEASE TERM.** The "Lease Term" of this Lease shall begin on the Commencement Date and shall consist of an "Original Term" equal to 60 months, and the Original Term shall automatically be extended on a month-to-month basis (each, an "Extended Term") unless either party notifies the other not later than ninety (90) days prior to the end of the Original Term or, for any Extended Term, thirty (30) days prior to the end of such Extended Term, of its election not to extend such lease term or extended term. The "Commencement Date" of this Lease and the "Acceptance Date" of the Equipment shall be the earlier to occur of the execution date specified in the certificate of acceptance, if any, delivered by Lessee ("Certificate of Acceptance") relating to the Equipment, or if the Equipment is delivered in multiple shipments, relating to the last item of Equipment delivered to Lessee. Notwithstanding any provision to the contrary contained in any Lease Document, Lessee shall be deemed to have irrevocably accepted, for purposes of the Lease, the Equipment on the Commencement Date. Lessee agrees to complete, sign and return to Lessor any Certificate of Acceptance sent to Lessee,

Lessor's Copy

within five days of Lessee's receipt and acceptance, or deemed acceptance, of the relevant Equipment, and, if Lessee fails to do so, Lessee shall (i) be deemed to have accepted such Certificate of Acceptance and (ii) be deemed to have authorized Lessor as attorney-in-fact, coupled with an interest, to complete and sign the Certificate of Acceptance on behalf and in the name of Lessee.

**6.   RENT PAYMENTS.**  Rent for the Original Term shall be payable in 60 consecutive monthly payments in advance, on the first day of each such period, commencing with the first day of the calendar month immediately following the Commencement Date (unless the Commencement Date is the first day of the month and rent is payable in advance, in which case the first Rent payment shall be due on such date). Lessor agrees that no Rent shall be payable for any period prior to the Commencement Date or for the period from the Commencement Date (provided such date is not the first day of the month) until, but not including, the first day of the calendar month immediately following the Commencement Date. Unless otherwise agreed in writing by the Lessor at such time, the Rent for any Extended Term shall be payable monthly, in advance, and shall be an amount equivalent to that of the original Rent, adjusted, as applicable, for Soft Costs.

**7.   END OF TERM PURCHASE OPTION PRICE.**  Lessee may or shall, as the case may be, purchase the Equipment in accordance with the terms of Paragraph 8 for the following amount (as checked and completed by Lessor):

☐   (a)       $    1.00

☒   (b)       Fair Market Value (as defined in Paragraph 8).

**8.   END OF TERM PURCHASE OPTION.**

(a)  If option (b) is selected at Paragraph 7, this Lease shall be deemed an **"FMV Lease"** and Lessee shall have an end of term purchase option as follows.  (If no option is selected at Paragraph 7, option (b) shall be deemed to apply.)  Provided this Lease has not been terminated earlier and there exists no Event of Default or event which with notice, lapse of time or both, would be an Event of Default, not earlier than 90 days and not later than 30 days before the end of the Original Term, Lessee may deliver to Lessor an irrevocable notice electing to purchase all (but not less than all) of the Equipment at the end of the Original Term for an amount equal to the amount specified in the provision selected (or deemed selected) in Paragraph 7, which amount Lessee shall pay to Lessor on the last day of the Original Term.  If no such notice is delivered by Lessee to Lessor within such period, Lessee shall be deemed to have waived any right to purchase such Equipment.

(b)  If option (a) of Paragraph 7 is selected, Lessee shall pay Lessor the amount specified in such option on the last day of the Original Term.

(c)  Upon full payment to it of the amount specified in clause (a) or (b) of this Paragraph 8, Lessor shall transfer its right, title and interest in and to such Equipment to Lessee without recourse or warranty, except that Lessor shall warrant that Lessor shall transfer to Lessee good and marketable title in and to such Equipment, free and clear of any lien or encumbrance arising by or through Lessor.

(d)  **"Fair Market Value"** shall mean the value which would be obtained in an arm's-length transaction between an informed and willing buyer-user (other than a lessee currently in possession or a used equipment dealer) under no compulsion to buy, and an informed and willing seller under no compulsion to sell and, in such determination, costs of removal from the location of current use shall not be a deduction from such value.  Fair Market Value shall be determined by the mutual agreement of Lessor and Lessee in accordance with the preceding sentence or, if Lessee and Lessor cannot agree within 20 days after Lessee's notice of election to purchase under clause (a) of this Paragraph 8, by a qualified independent equipment appraiser selected by Lessor, at Lessee's cost.  Notwithstanding the foregoing, in no event will the "Fair Market Value" for Equipment hereunder at the expiration of the Original Term exceed 10.43% of Equipment Cost as defined in Paragraph 3(a) above.

Lessor's Copy

**9.   CASUALTY VALUE.** The Casualty Value of the Equipment shall at any time be the greater of (a) Fair Market Value at such time; or (b) as of the date of shipment from the Vendor, 110% of Equipment Cost, such amount to decrease from month to month thereafter by 1.69% of Equipment Cost.

**IN WITNESS WHEREOF,** Lessor and Lessee have caused this Schedule to be duly executed by their authorized representatives as of the date first above written.  Each signatory of the Lessee represents that he or she is authorized to execute and deliver this Schedule on behalf of Lessee.

Cisco Systems Capital Corporation, Lessor

By: _____

Print Name: _____Nevin Garland_____

Title: _____Territory Manager_____
         Cisco Systems Capital

The Standard Register Company, Lessee

By: _____

Print Name: ___Joseph P. Morgan Jr.___

Title: _____CEO_____

---


CISCO
Capital

## CERTIFICATE OF ACCEPTANCE

THIS **CERTIFICATE OF ACCEPTANCE** (this "Acceptance Certificate") UNDER SCHEDULE NO. 006-000, DATED AS OF September 19, 2008 TO MASTER AGREEMENT TO LEASE EQUIPMENT NO. 6670, DATED AS OF June 3, 2008, IS BETWEEN **Cisco Systems Capital Corporation**, Lessor, and The Standard Register Company, Lessee.

      This Acceptance Certificate is issued pursuant to the Master Agreement to Lease Equipment ("Master Agreement") and Schedule ("Schedule" and, together with the Master Agreement, the "Lease") designated above. Unless otherwise set forth herein, the terms used in this Acceptance Certificate shall have the same meanings defined in such Lease. Annex A, attached hereto, has been delivered to and accepted by Lessee as of the date of signature below for purposes of the Lease. Except as expressly set forth otherwise in the Lease, the Commencement Date shall be the execution date of this Acceptance Certificate.

      Lessee confirms and agrees that (i) no Event of Default under any Lease entered into pursuant to the Master Agreement has occurred and is continuing, and (ii) the representations and warranties in the Lease, if any, are correct and complete as though made on and as of the date hereof and shall continue to be correct and complete throughout the Lease Term of each item of Equipment accepted hereby.

      The person signing this Acceptance Certificate on behalf of Lessee hereby certifies that such person has read and acknowledges all terms and conditions of the Lease, and is duly authorized to execute this Acceptance Certificate on behalf of Lessee. This Acceptance Certificate shall be executed by Lessee and promptly returned to Lessor.

**The Standard Register Company, Lessee**

By: _____

Title: _____CFO_____

Acceptance Date: __4|28|10_____

ANNEX A

Lessor's Copy



CISCO
Capital

AMENDMENT NO. 1 TO SCHEDULE NO. 007-000

THIS AMENDMENT NO. 1 TO SCHEDULE NO. 007-000 is entered into as of May 14, 2009, by and between **Cisco Systems Capital Corporation** ("Lessor") and The Standard Register Company("Lessee"). Lessor and Lessee have entered into that certain Master Agreement to Lease Equipment No. 6670 ("Master Agreement") and, in connection therewith, have executed, among other things, that certain Schedule No. 007-000 dated November 6, 2008 (the "Schedule").

Lessor and Lessee hereby agree to amend and modify the Schedule as follows:

1.  Section 3, last sentence, is hereby deleted and the following is substituted in place thereof: The aggregate Equipment Cost for all Equipment under this Schedule is $105,219.62 plus Financed Tax amount of $ 5,410.19 with the Total Finance Amount of $110,629.81

2.  Section 4 is hereby deleted and the following is substituted in place thereof: The Monthly rental payment in respect of the Equipment ("Rent") is set forth below:

| Payments | Payment Amount |
|---|---|
| 1 to 60 | $2,038.52 |

Except as otherwise expressly provided herein, all other terms and conditions of the Schedule remain unmodified and in full force and effect. The parties agree that the understandings and agreements set forth herein represent the entire understanding of the parties hereto with respect to the subject matter contained in this Amendment. Except to the extent modified hereby, Lessee hereby reaffirms all of its obligations under the Schedule.

The parties hereto have executed this Amendment effective as of the date first set forth above.

**Cisco Systems Capital Corporation, Lessor**

By: _____
Nevin Garland
Title: Territory Manager.
Cisco Systems Capital
Date: 8/27/2009

**The Standard Register Company, Lessee**

By: _____
Title: CFO
Date: 6/25/09

Lessor's Copy

Page 1 of 1


CISCO
Capital

SCHEDULE NO. 007-000

**Master Agreement to Lease Equipment No. 6670**

THIS SCHEDULE NO. 007-000 (this "**Schedule**") dated as of November 6, 2008, by and between **CISCO SYSTEMS CAPITAL CORPORATION** ("**Lessor**"), having its principal place of business at 170 West Tasman Drive, Mailstop SJC13/3, San Jose, California 95134, and The Standard Register Company ("**Lessee**"), having its principal place of business at 600 Albany Street, Dayton, Ohio 45401, supplements that certain Master Agreement to Lease Equipment No. 6670 (the "**Agreement**", and together with this Schedule, the "**Lease**") between Lessor and Lessee, incorporated herein by this reference. Capitalized terms not otherwise defined herein have the meanings specified in the Agreement.

1.  **EQUIPMENT DESCRIPTION.** Quantity, manufacturer, and model of the Equipment subject to this Schedule are as specified in Annex A hereto. Lessee acknowledges that complete and definitive descriptive and location information regarding the Equipment may not be available at the time of preparation of this Schedule and any Certificate of Acceptance and hereby irrevocably authorizes Lessor, without any further action or agreement by Lessee, to modify or replace any annex to this Schedule or any Certificate of Acceptance in order to supplement, correct or replace such information, as Lessor may deem appropriate, to the extent necessary to accurately document the Equipment information subject to the Schedule, and agrees to be bound thereby as though attached hereto or thereto in such form at the time of Lessee's execution of this Schedule or such Certificate of Acceptance.

2.  **EQUIPMENT LOCATION.** The Equipment shall at all times be installed or located at the location specified in Annex A or in the applicable Certificate of Acceptance, or such other location as is permitted under the Agreement.

3.  **EQUIPMENT COST.** The "**Equipment Cost**" for any item of Equipment is the sum of (a) the equipment purchase price specified in the invoice now or hereafter issued by the Vendor in relation to the Equipment, plus (b) all insurance, installation, cabling, maintenance, software and related expenses to the extent paid or financed by Lessor in its discretion (collectively, "**Soft Costs**") and as may be reflected in Annex A hereto. The aggregate Equipment Cost for all Equipment under this Schedule is $105,219.616.

4.  **RENTAL PAYMENT AMOUNT.** The monthly rental payment in respect of the Equipment ("**Rent**") is set forth below:

| Payments | Payment Amount |
|---|---|
| 1 – 60 | $ 1,929.63 |

5.  **LEASE TERM.** The "**Lease Term**" of this Lease shall begin on the Commencement Date and shall consist of an "**Original Term**" equal to 60 months, and the Original Term shall automatically be extended on a month-to-month basis (each, an "**Extended Term**") unless either party notifies the other not later than ninety (90) days prior to the end of the Original Term or, for any Extended Term, thirty (30) days prior to the end of such Extended Term, of its election not to extend such lease term or extended term. The "**Commencement Date**" of this Lease and the "**Acceptance Date**" of the Equipment shall be the earlier to occur of the execution date specified in the certificate of acceptance, if any, delivered by Lessee ("**Certificate of Acceptance**") relating to the Equipment, or if the Equipment is delivered in multiple shipments, relating to the last item of Equipment delivered to Lessee. Notwithstanding any provision to the contrary contained in any Lease Document, Lessee shall be deemed to have irrevocably accepted, for purposes of the Lease, the Equipment on the Commencement Date. Lessee agrees to complete, sign and return to Lessor any Certificate of Acceptance sent to Lessee,

Lessor's Copy

Page 2 of 1

within five days of Lessee's receipt and acceptance, or deemed acceptance, of the relevant Equipment, and, if Lessee fails to do so, Lessee shall (i) be deemed to have accepted and ratified such Certificate of Acceptance and (ii) be deemed to have authorized Lessor as attorney-in-fact, coupled with an interest, to complete and sign the Certificate of Acceptance on behalf and in the name of Lessee.

**6.   RENT PAYMENTS.**  Rent for the Original Term shall be payable in 60 consecutive monthly payments in advance, on the first day of each such period, commencing with the first day of the calendar month immediately following the Commencement Date (unless the Commencement Date is the first day of the month and rent is payable in advance, in which case the first Rent payment shall be due on such date).  Lessor agrees that no Rent shall be payable for any period prior to the Commencement Date or for the period from the Commencement Date (provided such date is not the first day of the month) until, but not including, the first day of the calendar month immediately following the Commencement Date.  Unless otherwise agreed in writing by the Lessor at such time, the Rent for any Extended Term shall be payable monthly, in advance, and shall be an amount equivalent to that of the original Rent, adjusted, as applicable, for Soft Costs.

**7.   END OF TERM PURCHASE OPTION PRICE.**  Lessee may or shall, as the case may be, purchase the Equipment in accordance with the terms of Paragraph 8 for the following amount (as checked and completed by Lessor):

☐   (a)      $     1.00

☒   (b)      Fair Market Value (as defined in Paragraph 8).

**8.   END OF TERM PURCHASE OPTION.**

(a)  If option (b) is selected at Paragraph 7, this Lease shall be deemed an **"FMV Lease"** and Lessee shall have an end of term purchase option as follows.  (If no option is selected at Paragraph 7, option (b) shall be deemed to apply.)  Provided this Lease has not been terminated earlier and there exists no Event of Default or event which with notice, lapse of time or both, would be an Event of Default, not earlier than 90 days and not later than 30 days before the end of the Original Term, Lessee may deliver to Lessor an irrevocable notice electing to purchase all (but not less than all) of the Equipment at the end of the Original Term for an amount equal to the amount specified in the provision selected (or deemed selected) in Paragraph 7, which amount Lessee shall pay to Lessor on the last day of the Original Term.  If no such notice is delivered by Lessee to Lessor within such period, Lessee shall be deemed to have waived any right to purchase such Equipment.

(b)  If option (a) of Paragraph 7 is selected, Lessee shall pay Lessor the amount specified in such option on the last day of the Original Term.

(c)  Upon full payment to it of the amount specified in clause (a) or (b) of this Paragraph 8, Lessor shall transfer its right, title and interest in and to such Equipment to Lessee without recourse or warranty, except that Lessor shall warrant that Lessor shall transfer to Lessee good and marketable title in and to such Equipment, free and clear of any lien or encumbrance arising by or through Lessor.

(d)  **"Fair Market Value"** shall mean the value which would be obtained in an arm's-length transaction between an informed and willing buyer-user (other than a lessee currently in possession or a used equipment dealer) under no compulsion to buy, and an informed and willing seller under no compulsion to sell and, in such determination, costs of removal from the location of current use shall not be a deduction from such value.  Fair Market Value shall be determined by the mutual agreement of Lessor and Lessee in accordance with the preceding sentence or, if Lessee and Lessor cannot agree within 20 days after Lessee's notice of election to purchase under clause (a) of this Paragraph 8, by a qualified independent equipment appraiser selected by Lessor, at Lessee's cost.  Notwithstanding the foregoing, in no event will the "Fair Market Value" for Equipment hereunder at the expiration of the Original Term exceed 10.43% of Equipment Cost as defined in Paragraph 3(a) above.

Lessor's Copy

**9.   CASUALTY VALUE.**  The Casualty Value of the Equipment shall at any time be the greater of (a) Fair Market Value at such time; or (b) as of the date of shipment from the Vendor, 110% of Equipment Cost, such amount to decrease from month to month thereafter by 1.69% of Equipment Cost.

**IN WITNESS WHEREOF,** Lessor and Lessee have caused this Schedule to be duly executed by their authorized representatives as of the date first above written.  Each signatory of the Lessee represents that he or she is authorized to execute and deliver this Schedule on behalf of Lessee.

Cisco Systems Capital Corporation, Lessor

By: _____

Print Name: _____Nevin Garland_____

Title: _____Territory Manager_____
                Cisco Systems Capital

The Standard Register Company, Lessee

By: _____

Print Name: _____Joseph Morgen_____

Title: _____CEO_____

CISCO
Capital

**ANNEX A**

**The Standard Register Company**
MLA No. 6070
Schedule No. 007490

| Sales Order | Lessee PO Number | CSC PO Number | Invoice Number | Invoice Date | Part Number | Qty | Unit Price | Extended Amount | Net Amount | Shipping & Handling | Street 1 | City | St | Zip |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| N/A | 1-2ZT0H | 71988 | TC000000059DD0G070 | 01-JAN-2009 | Location Subtotal | | | $3,139.98 | $3,139.98 | $0.00 | 330 CONGRESS ST | Boston | MA | 02210 |
| N/A | 1-2ZT0H | 71988 | TC000000059DD0G070 | 01-JAN-2009 | WS-C3560-48PS-S | 1 | $2,891.67 | $2,891.67 | $2,891.67 | $0.00 | 330 CONGRESS ST | Boston | MA | 02210 |
| N/A | 1-2ZT0H | 71988 | TC000000059DD0G070 | 01-JAN-2009 | GLC-SX-MM= | 1 | $248.31 | $248.31 | $248.31 | $0.00 | 330 CONGRESS ST | Boston | MA | 02210 |
| N/A | 1-2ZT0H | 71988 | TC000000059DD0G070 | 01-JAN-2009 | Location Subtotal | | | $3,139.98 | $3,139.98 | $0.00 | 1743 RCSTRATA AVE | Buena Park | CA | 90621 |
| N/A | 1-2ZT0H | 71988 | TC000000059DD0G070 | 01-JAN-2009 | WS-C3560-48PS-S | 1 | $2,891.67 | $2,891.67 | $2,891.67 | $0.00 | 1743 RCSTRATA AVE | Buena Park | CA | 90621 |
| N/A | 1-2ZT0H | 71988 | TC000000059DD0G070 | 01-JAN-2009 | GLC-SX-MM= | 1 | $248.31 | $248.31 | $248.31 | $0.00 | 1743 RCSTRATA AVE | Buena Park | CA | 90621 |
| N/A | 1-2ZT0H | 71988 | TC000000059DD0G070 | 01-JAN-2009 | Location Subtotal | | | $3,139.98 | $3,139.98 | $0.00 | 11711 N MERIDIAN ST | Carmel | IN | 46032 |
| N/A | 1-2ZT0H | 71988 | TC000000059DD0G070 | 01-JAN-2009 | WS-C3560-48PS-S | 1 | $2,891.67 | $2,891.67 | $2,891.67 | $0.00 | 11711 N MERIDIAN ST | Carmel | IN | 46032 |
| N/A | 1-2ZT0H | 71988 | TC000000059DD0G070 | 01-JAN-2009 | GLC-SX-MM= | 1 | $248.31 | $248.31 | $248.31 | $0.00 | 11711 N MERIDIAN ST | Carmel | IN | 46032 |
| N/A | 1-2ZT0H | 71988 | TC000000059DD0G070 | 01-JAN-2009 | Location Subtotal | | | $248.31 | $248.31 | $0.00 | 10 S RIVERSIDE PLZ STE 1810 | Chicago | IL | 60606 |
| N/A | 1-2ZT0H | 71988 | TC000000059DD0G070 | 01-JAN-2009 | GLC-SX-MM= | 1 | $248.31 | $248.31 | $248.31 | $0.00 | 10 S RIVERSIDE PLZ STE 1810 | Chicago | IL | 60606 |
| N/A | 1-100HA5 | 71989 | TC000000059DD0G070 | 01-JAN-2009 | Location Subtotal | | | $32,237.20 | $32,237.20 | $1,254.20 | 600 ALBANY ST | Dayton | OH | 45408 |
| N/A | 1-100HA5 | 71989 | TC000000059DD0G070 | 01-JAN-2009 | FREIGHT | 1 | $0.00 | $0.00 | $0.00 | $370.40 | 600 ALBANY ST | Dayton | OH | 45408 |
| N/A | 1-100HA5 | 71989 | TC000000059DD0G070 | 01-JAN-2009 | WS-C3560-48PS-S | 11 | $1,884.70 | $20,730.66 | $5,654.10 | $0.00 | 600 ALBANY ST | Dayton | OH | 45408 |
| N/A | 1-100HA5 | 71989 | TC000000059DD0G070 | 01-JAN-2009 | C48-AC | 3 | $0.00 | $0.00 | $0.00 | $0.00 | 600 ALBANY ST | Dayton | OH | 45408 |
| N/A | 1-100HA5 | 71989 | TC000000059DD0G070 | 01-JAN-2009 | GLC-SX-MM= | 13 | $248.31 | $5,654.10 | $5,214.50 | $0.00 | 600 ALBANY ST | Dayton | OH | 45408 |
| N/A | 1-2ZT0H | 71996 | TC000000059DD0G070 | 01-JAN-2009 | WS-CAC-300W= | 14 | $1,489.88 | $5,959.52 | $5,959.52 | $0.00 | 600 ALBANY ST | Dayton | OH | 45408 |
| N/A | 1-2ZT0H | 71996 | TC000000059DD0G070 | 01-JAN-2009 | GLC-SX-MM= | 14 | $248.31 | $3,163.10 | $3,163.10 | $0.00 | 600 ALBANY ST | Dayton | OH | 45408 |
| N/A | 1-2ZT0H | 71996 | TC000000059DD0G070 | 01-JAN-2009 | WS-C3560-48PS-S | 1 | $1,884.70 | $1,884.70 | $1,884.70 | $0.00 | 600 ALBANY ST | Dayton | OH | 45408 |
| N/A | 1-2ZT0H | 71996 | TC000000059DD0G070 | 01-JAN-2009 | C48-AC | 3 | $12.42 | $12.42 | $12.42 | $0.00 | 600 ALBANY ST | Dayton | OH | 45408 |
| N/A | 1-2ZT0H | 71996 | TC000000059DD0G070 | 01-JAN-2009 | 3C-ANT4915YD= | 11 | $422.13 | $422.13 | $422.13 | $0.00 | 600 ALBANY ST | Dayton | OH | 45408 |
| N/A | 1-2ZT0H | 71996 | TC000000059DD0G070 | 01-JAN-2009 | FREIGHT | 11 | $0.00 | $0.00 | $0.00 | $0.00 | 600 ALBANY ST | Dayton | OH | 45408 |
| N/A | 1-2ZT0H | 71996 | TC000000059DD0G070 | 01-JAN-2009 | WS-C3560-48PS-S | 11 | $1,884.70 | $20,731.70 | | $0.00 | 600 ALBANY ST | Dayton | OH | 45408 |
| N/A | 1-2ZT0H | 71996 | TC000000059DD0G070 | 01-JAN-2009 | GLC-SX-MM= | 3 | $248.31 | $248.31 | | $0.00 | 600 ALBANY ST | Dayton | OH | 45408 |
| N/A | 1-2ZT0H | 71996 | TC000000059DD0G070 | 01-JAN-2009 | Location Subtotal | 3 | | $8,975.00 | $8,975.00 | $0.00 | 600 ALBANY ST | Dayton | OH | 45408 |
| N/A | 1-2ZT0H | 71996 | TC000000059DD0G070 | 01-JAN-2009 | WS-C3560-48PS-S | | | $3,139.98 | $3,139.98 | $0.00 | 600 ALBANY ST | Dayton | OH | 45408 |
| N/A | 1-2ZT0H | 71988 | TC000000059DD0G070 | 01-JAN-2009 | Location Subtotal | | | $2,891.67 | $2,891.67 | $0.00 | 1255 Terminus Dr. | Lithia Springs | GA | 30122 |
| N/A | 1-2ZT0H | 71988 | TC000000059DD0G070 | 01-JAN-2009 | GLC-SX-MM= | 1 | $248.31 | $248.31 | $248.31 | $0.00 | 1255 Terminus Dr. | Lithia Springs | GA | 30122 |
| N/A | 1-2ZT0H | 71988 | TC000000059DD0G070 | 01-JAN-2009 | WS-C3560-48PS-S | 2 | $248.31 | $248.31 | $248.31 | $0.00 | 1255 Terminus Dr. | Lithia Springs | GA | 30122 |
| N/A | 1-2ZT0H | 71983 | TC000000059DD0G070 | 01-JAN-2009 | Location Subtotal | | | $1,884.70 | $1,884.70 | $0.00 | 4289 EAGLE FILL DR | High Point | NC | 27265 |
| N/A | 1-2ZT0H | 71983 | TC000000059DD0G070 | 01-JAN-2009 | GLC-SX-MM= | 1 | $248.31 | $496.62 | $496.62 | $0.00 | 4289 EAGLE FILL DR | High Point | NC | 27265 |
| N/A | 1-2ZT0H | 71983 | TC000000059DD0G070 | 01-JAN-2009 | WS-C3560-48PS-S | 2 | $248.31 | $496.62 | $496.62 | $0.00 | 4289 EAGLE FILL DR | High Point | NC | 27265 |
| N/A | 1-2ZT0H | 71980 | TC000000059DD0G070 | 01-JAN-2009 | Location Subtotal | | | $2,381.32 | $2,381.32 | $2,124.00 | 7578 KINGSPOINTE PKWY | Orlando | FL | 32819 |
| N/A | 1-2ZT0H | 71980 | TC000000059DD0G070 | 01-JAN-2009 | GLC-SX-MM= | 1 | $2,891.67 | $2,891.67 | $2,891.67 | $0.00 | 7578 KINGSPOINTE PKWY | Orlando | FL | 32819 |
| N/A | 1-2ZT0H | 71980 | TC000000059DD0G070 | 01-JAN-2009 | WS-C3560-48PS-S | 1 | $248.31 | $248.31 | $248.31 | $0.00 | 7578 KINGSPOINTE PKWY | Orlando | FL | 32819 |
| N/A | 1-2ZT0H | 71988 | TC000000059DC0G070 | 01-JAN-2009 | Location Subtotal | | | $3,139.98 | $3,139.98 | $0.00 | 25 East Park Drive | Mount Holly | NJ | 08060 |
| N/A | 1-2ZT0H | 71988 | TC000000059DC0G070 | 01-JAN-2009 | HWIC-CDMA= | 1 | $2,891.67 | $2,891.67 | $2,891.67 | $0.00 | 25 East Park Drive | Mount Holly | NJ | 08060 |
| N/A | 1-2ZT0H | 71988 | TC000000059DC0G070 | 01-JAN-2009 | GLC-SX-MM= | 1 | $248.31 | $248.31 | $248.31 | $0.00 | 25 East Park Drive | Mount Holly | NJ | 08060 |
| N/A | 1-2ZT0H | 71988 | TC000000059DC0G070 | 01-JAN-2009 | Location Subtotal | | | $3,388.29 | $3,388.29 | $0.00 | 1750 MILLER AVE | Shelbyville | IN | 46176 |
| N/A | 1-2ZT0H | 71988 | TC000000059DC0G070 | 01-JAN-2009 | GLC-SX-MM= | 2 | $248.31 | $496.62 | $496.62 | $0.00 | 1750 MILLER AVE | Shelbyville | IN | 46176 |
| N/A | 1-2ZT0H | 71988 | TC000000059DC0G070 | 01-JAN-2009 | WS-C3560-48PS-S | 1 | $2,891.67 | $2,891.67 | $2,891.67 | $0.00 | 1750 MILLER AVE | Shelbyville | IN | 46176 |

| | | | | | | Qty | | | | | Address | City | State | Zip |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| N/A | 1-ZZTOH | 71988 | TC0C00300596DD06070 | 01-JAN-2009 | GLC-SX-MM= | 2 | $248.31 | $496.62 | $496.62 | $0.00 | 1750 MILLER AVE | Shelbyville | IN | 46176 |
| | | | | | Location Subtotal | 2 | $248.31 | $496.62 | $496.62 | $0.00 | | | | |
| N/A | 1-ZZTOH | 71988 | TC0C00300596DD06070 | 01-JAN-2009 | WS-C3560-48PS-S | 2 | $2,591.67 | $5,783.33 | $5,783.33 | $0.00 | 6125 INDUSTRIAL BLVD | Toccoa | GA | 30577 |
| N/A | 1-ZZTOH | 71988 | TC0C00300596DD06070 | 01-JAN-2009 | GLC-SX-MM= | 2 | $248.31 | $496.62 | $496.62 | $0.00 | 6125 INDUSTRIAL BLVD | Toccoa | GA | 30577 |
| | | | | | Location Subtotal | | $3,388.29 | $3,388.29 | | $0.00 | | | | |
| N/A | 1-ZZTOH | 71985 | TC0C00000596DD06070 | 01-JAN-2009 | WS-C3560-24PS-S | 1 | $1,884.70 | $1,884.70 | $1,884.70 | $0.00 | 3315 URBANCREST INDUSTRIAL DR | Urbancrest | OH | 43123 |
| N/A | 1-ZZTOH | 71983 | TC0C00000596DD06070 | 01-JAN-2009 | GLC-SX-MM= | 2 | $248.31 | $496.62 | $496.62 | $0.00 | 3315 URBANCREST INDUSTRIAL DR | Urbancrest | OH | 43123 |
| | | | | | Location Subtotal | | $6,279.95 | $6,279.95 | $6,279.95 | $0.00 | | | | |
| N/A | 1-ZZTOH | 71986 | TC0C00000590DD06070 | 01-JAN-2009 | WS-C3560-48PS-S | 2 | $2,891.67 | $5,783.33 | $5,783.33 | $0.00 | 3885 Seaport Blvd | West Sacramento | CA | 95391 |
| N/A | 1-ZZTOH | 71983 | TC0C00000596DD06070 | 01-JAN-2009 | GLC-SX-MM= | 4 | $248.31 | $993.24 | $993.24 | $0.00 | 3885 Seaport Blvd | West Sacramento | CA | 95691 |
| | | | | | Location Subtotal | | $6,776.57 | $6,776.57 | $6,776.57 | $0.00 | | | | |
| | | | | | Pro-rated Taxes | | $0.00 | $0.00 | | | | | | |
| | | | | | Grand Total | | $105,219.62 | $105,219.62 | $6,776.57 | $2,124.00 | | | | |



CISCO.

Capital

## CERTIFICATE OF ACCEPTANCE

THIS **CERTIFICATE OF ACCEPTANCE** (this "Acceptance Certificate") UNDER SCHEDULE NO. 007-000, DATED AS OF November 19, 2008 TO MASTER AGREEMENT TO LEASE EQUIPMENT NO. 6670, DATED AS OF June 3, 2008, IS BETWEEN **Cisco Systems Capital Corporation**, Lessor, and The Standard Register Company, Lessee.

This Acceptance Certificate is issued pursuant to the Master Agreement to Lease Equipment ("Master Agreement") and Schedule ("Schedule" and, together with the Master Agreement, the "Lease") designated above. Unless otherwise set forth herein, the terms used in this Acceptance Certificate shall have the same meanings defined in such Lease. Annex A, attached hereto, has been delivered to and accepted by Lessee as of the date of signature below for purposes of the Lease. Except as expressly set forth otherwise in the Lease, the Commencement Date shall be the execution date of this Acceptance Certificate.

Lessee confirms and agrees that (i) no Event of Default under any Lease entered into pursuant to the Master Agreement has occurred and is continuing, and (ii) the representations and warranties in the Lease, if any, are correct and complete as though made on and as of the date hereof and shall continue to be correct and complete throughout the Lease Term of each item of Equipment accepted hereby.

The person signing this Acceptance Certificate on behalf of Lessee hereby certifies that such person has read and acknowledges all terms and conditions of the Lease, and is duly authorized to execute this Acceptance Certificate on behalf of Lessee. This Acceptance Certificate shall be executed by Lessee and promptly returned to Lessor.

**The Standard Register Company,**
**Lessee**

By: _____

Title: _C I O_____

Acceptance Date: _4/15/2009_____



LESSOR'S COPY

**AMENDMENT NO. 1 TO SCHEDULE NO. 008-000**

THIS AMENDMENT NO. 1 TO SCHEDULE NO. 008-000 is entered into as of October 19, 2009, by and between **Cisco Systems Capital Corporation** ("Lessor") and The Standard Register Company("Lessee"). Lessor and Lessee have entered into that certain Master Agreement to Lease Equipment No. 6670 ("Master Agreement") and, in connection therewith, have executed, among other things, that certain Schedule No. 008-000 dated February 18, 2009 (the "Schedule").

Lessor and Lessee hereby agree to amend and modify the Schedule as follows:

1.  Section 3, last sentence, is hereby deleted and the following is substituted in place thereof: The aggregate Equipment Cost for all Equipment under this Schedule $124,105.17 plus a Financed Upfront Tax Amount of $932.65 with a Total Financed Amount of $125,037.82.

2.  Section 4 is hereby deleted and the following is substituted in place thereof: The Monthly rental payment in respect of the Equipment (**"Rent"**) is set forth below:

| Payments | Payment Amount |
|----------|----------------|
| 1 to 60  | $2,455.98      |

Except as otherwise expressly provided herein, all other terms and conditions of the Schedule remain unmodified and in full force and effect. The parties agree that the understandings and agreements set forth herein represent the entire understanding of the parties hereto with respect to the subject matter contained in this Amendment. Except to the extent modified hereby, Lessee hereby reaffirms all of its obligations under the Schedule.

The parties hereto have executed this Amendment effective as of the date first set forth above.

**Cisco Systems Capital Corporation, Lessor**

By: _____
Nevin Garland
Title: _____
Territory Manager
Cisco Systems Capital
Date: _____
1/11/2010

**The Standard Register Company, Lessee**

By: _____

Title: _____CFO_____

Date: _____10|29|09_____

LESSOR'S COPY

Page 1 of 3


CISCO
Capital

SCHEDULE NO. 008-000

**Master Agreement to Lease Equipment No. 6670**

**THIS SCHEDULE NO. 008-000** (this "**Schedule**") dated as of February 18, 2009, by and between **CISCO SYSTEMS CAPITAL CORPORATION** ("**Lessor**"), having its principal place of business at 170 West Tasman Drive, Mailstop SJC13/3, San Jose, California 95134, and The Standard Register Company ("**Lessee**"), having its principal place of business at 600 Albany Street, Dayton, Ohio 45401, supplements that certain Master Agreement to Lease Equipment No. 6670 (the "**Agreement**", and together with this Schedule, the "**Lease**") between Lessor and Lessee, incorporated herein by this reference. Capitalized terms not otherwise defined herein have the meanings specified in the Agreement.

1.   **EQUIPMENT DESCRIPTION.** Quantity, manufacturer, and model of the Equipment subject to this Schedule are as specified in Annex A hereto. Lessee acknowledges that complete and definitive descriptive and location information regarding the Equipment may not be available at the time of preparation of this Schedule and any Certificate of Acceptance and hereby irrevocably authorizes Lessor, without any further action or agreement by Lessee, to modify or replace any annex to this Schedule or any Certificate of Acceptance in order to supplement, correct or replace such information, as Lessor may deem appropriate, to the extent necessary to accurately document the Equipment information subject to the Schedule, and agrees to be bound thereby as though attached hereto or thereto in such form at the time of Lessee's execution of this Schedule or such Certificate of Acceptance.

2.   **EQUIPMENT LOCATION.** The Equipment shall at all times be installed or located at the location specified in Annex A or in the applicable Certificate of Acceptance, or such other location as is permitted under the Agreement.

3.   **EQUIPMENT COST.** The "**Equipment Cost**" for any item of Equipment is the sum of (a) the equipment purchase price specified in the invoice now or hereafter issued by the Vendor in relation to the Equipment, plus (b) all insurance, installation, cabling, maintenance, software and related expenses to the extent paid or financed by Lessor in its discretion (collectively, "**Soft Costs**") and as may be reflected in Annex A hereto. The aggregate Equipment Cost for all Equipment under this Schedule is $124,105.17.

4.   **RENTAL PAYMENT AMOUNT.** The monthly rental payment in respect of the Equipment ("**Rent**") is set forth below:

| Payments | Payment Amount |
|---|---|
| 1 – 60 | $ 2,438.08 |

5.   **LEASE TERM.** The "**Lease Term**" of this Lease shall begin on the Commencement Date and shall consist of an "**Original Term**" equal to 60 months, and the Original Term shall automatically be extended on a month-to-month basis (each, an "**Extended Term**") unless either party notifies the other not later than ninety (90) days prior to the end of the Original Term or, for any Extended Term, thirty (30) days prior to the end of such Extended Term, of its election not to extend such lease term or extended term. The "**Commencement Date**" of this Lease and the "**Acceptance Date**" of the Equipment shall be the earlier to occur of the execution date specified in the certificate of acceptance, if any, delivered by Lessee ("**Certificate of Acceptance**") relating to the Equipment, or if the Equipment is delivered in multiple shipments, relating to the last item of Equipment delivered to Lessee. Notwithstanding any provision to the contrary contained in any Lease Document, Lessee shall be deemed to have irrevocably accepted, for purposes of the Lease, the Equipment on the Commencement Date. Lessee agrees to complete, sign and return to Lessor any Certificate of Acceptance sent to Lessee,

LESSOR'S COPY

within five days of Lessee's receipt and acceptance, or deemed acceptance, of the relevant Equipment, and, if Lessee fails to do so, Lessee shall (i) be deemed to have accepted and ratified such Certificate of Acceptance and (ii) be deemed to have authorized Lessor as attorney-in-fact, coupled with an interest, to complete and sign the Certificate of Acceptance on behalf and in the name of Lessee.

**6.   RENT PAYMENTS.**  Rent for the Original Term shall be payable in 60 consecutive monthly payments in advance, on the first day of each such period, commencing with the first day of the calendar month immediately following the Commencement Date (unless the Commencement Date is the first day of the month and rent is payable in advance, in which case the first Rent payment shall be due on such date).  Lessor agrees that no Rent shall be payable for any period prior to the Commencement Date or for the period from the Commencement Date (provided such date is not the first day of the month) until, but not including, the first day of the calendar month immediately following the Commencement Date.  Unless otherwise agreed in writing by the Lessor at such time, the Rent for any Extended Term shall be payable monthly, in advance, and shall be an amount equivalent to that of the original Rent, adjusted, as applicable, for Soft Costs.

**7.   END OF TERM PURCHASE OPTION PRICE.**  Lessee may or shall, as the case may be, purchase the Equipment in accordance with the terms of Paragraph 8 for the following amount (as checked and completed by Lessor):

☐   (a)         $    1.00

☒   (b)         Fair Market Value (as defined in Paragraph 8).

**8.   END OF TERM PURCHASE OPTION.**

     (a)  If option (b) is selected at Paragraph 7, this Lease shall be deemed an **"FMV Lease"** and Lessee shall have an end of term purchase option as follows.  (If no option is selected at Paragraph 7, option (b) shall be deemed to apply.)  Provided this Lease has not been terminated earlier and there exists no Event of Default or event which with notice, lapse of time or both, would be an Event of Default, not earlier than 90 days and not later than 30 days before the end of the Original Term, Lessee may deliver to Lessor an irrevocable notice electing to purchase all (but not less than all) of the Equipment at the end of the Original Term for an amount equal to the amount specified in the provision selected (or deemed selected) in Paragraph 7, which amount Lessee shall pay to Lessor on the last day of the Original Term.  If no such notice is delivered by Lessee to Lessor within such period, Lessee shall be deemed to have waived any right to purchase such Equipment.

     (b)  If option (a) of Paragraph 7 is selected, Lessee shall pay Lessor the amount specified in such option on the last day of the Original Term.

     (c)  Upon full payment to it of the amount specified in clause (a) or (b) of this Paragraph 8, Lessor shall transfer its right, title and interest in and to such Equipment to Lessee without recourse or warranty, except that Lessor shall warrant that Lessor shall transfer to Lessee good and marketable title in and to such Equipment, free and clear of any lien or encumbrance arising by or through Lessor.

     (d)  **"Fair Market Value"** shall mean the value which would be obtained in an arm's-length transaction between an informed and willing buyer-user (other than a lessee currently in possession or a used equipment dealer) under no compulsion to buy, and an informed and willing seller under no compulsion to sell and, in such determination, costs of removal from the location of current use shall not be a deduction from such value.  Fair Market Value shall be determined by the mutual agreement of Lessor and Lessee in accordance with the preceding sentence or, if Lessee and Lessor cannot agree within 20 days after Lessee's notice of election to purchase under clause (a) of this Paragraph 8, by a qualified independent equipment appraiser selected by Lessor, at Lessee's cost.  Notwithstanding the foregoing, in no event will the "Fair Market Value" for Equipment hereunder at the expiration of the Original Term exceed 10.43% of Equipment Cost as defined in Paragraph 3(a) above.

LESSOR'S COPY

**9.   CASUALTY VALUE.** The Casualty Value of the Equipment shall at any time be the greater of (a) Fair Market Value at such time; or (b) as of the date of shipment from the Vendor, 110% of Equipment Cost, such amount to decrease from month to month thereafter by 1.69% of Equipment Cost.

**IN WITNESS WHEREOF,** Lessor and Lessee have caused this Schedule to be duly executed by their authorized representatives as of the date first above written.  Each signatory of the Lessee represents that he or she is authorized to execute and deliver this Schedule on behalf of Lessee.

Cisco Systems Capital Corporation, Lessor

By: _____

Print Name: ~~Nevin Garland~~

Title: ~~Territory Manager~~
~~Cisco Systems Capital~~

The Standard Register Company, Lessee

By: _____

Print Name: Joseph P. Morgan Jr.

Title: Pes/CEO

---

MLA EQUIPMENT SCHEDULE
REVISION DATE: 1/01/2007

CISCO CAPITAL CONFIDENTIAL



## CERTIFICATE OF ACCEPTANCE

THIS **CERTIFICATE OF ACCEPTANCE** (this "Acceptance Certificate") UNDER SCHEDULE NO. 008-000, DATED AS OF February 18, 2009 TO MASTER AGREEMENT TO LEASE EQUIPMENT NO. 6670, DATED AS OF June 3, 2008, IS BETWEEN **Cisco Systems Capital Corporation**, Lessor, and The Standard Register Company, Lessee.

This Acceptance Certificate is issued pursuant to the Master Agreement to Lease Equipment ("Master Agreement") and Schedule ("Schedule" and, together with the Master Agreement, the "Lease") designated above. Unless otherwise set forth herein, the terms used in this Acceptance Certificate shall have the same meanings defined in such Lease. Annex A, attached hereto, has been delivered to and accepted by Lessee as of the date of signature below for purposes of the Lease. Except as expressly set forth otherwise in the Lease, the Commencement Date shall be the execution date of this Acceptance Certificate.

Lessee confirms and agrees that (i) no Event of Default under any Lease entered into pursuant to the Master Agreement has occurred and is continuing, and (ii) the representations and warranties in the Lease, if any, are correct and complete as though made on and as of the date hereof and shall continue to be correct and complete throughout the Lease Term of each item of Equipment accepted hereby.

The person signing this Acceptance Certificate on behalf of Lessee hereby certifies that such person has read and acknowledges all terms and conditions of the Lease, and is duly authorized to execute this Acceptance Certificate on behalf of Lessee. This Acceptance Certificate shall be executed by Lessee and promptly returned to Lessor.

**The Standard Register Company,**
Lessee

By: _____

Title: _____CFO_____

Acceptance Date: __10|29|09__

# ANNEX A

**The Standard Register Company**
MLA No. 6670
Schedule No. 008-400

cisco
Capital

| Sales Order | Lessee PO Number | CSC PO Number | Invoice Number | Invoice Date | Part Number | Qty | Unit Price | Extended Amount | Net Amount | Net Shipping & Handling | Street 1: | City | St | Zip |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| N/A | Quote# 1-15U92A | 72867 | TC00200008419N05623 | 19-SEP-2009 | GLC-SX-MM= | 6 | $242.37 | $1,454.23 | $1,454.23 | $0.00 | 21 PARKER DR | AVON | MA | 02322 |
| N/A | Quote# 1-15U92A | 72867 | TC00200008419N05623 | 19-SEP-2009 | WS-C3560-8PS-S | 3 | $1,049.47 | $3,148.41 | $3,148.41 | $0.00 | 21 PARKER DR | AVON | MA | 02322 |
| | | | | | Location Subtotal | | | $4,602.64 | $4,602.64 | $0.00 | | | | |
| N/A | Quote# 1-16U92A | 72867 | TC00200008419N05623 | 19-SEP-2009 | WS-C3560-8PS-S | 3 | $1,049.47 | $3,148.41 | $3,148.41 | $0.00 | 2908 COMMODORE DR | Carrollton | TX | 75007 |
| N/A | Quote# 1-16U92A | 72867 | TC00200008419N05623 | 19-SEP-2009 | WS-C3750G-12S-S | 1 | $3,875.53 | $3,875.53 | $3,875.53 | $0.00 | 2908 COMMODORE DR | Carrollton | TX | 75007 |
| N/A | Quote# 1-16U92A | 72867 | TC00200008419N05623 | 19-SEP-2009 | GLC-SX-MM= | 6 | $242.37 | $1,454.23 | $1,454.23 | $0.00 | 2908 COMMODORE DR | Carrollton | TX | 75007 |
| N/A | Quote# 1-16U92A | 72867 | TC00200008419N05623 | 19-SEP-2009 | CAB-STACK-50CM | 1 | $0.00 | $0.00 | $0.00 | $0.00 | 600 ALBANY ST | Dayton | OH | 45408 |
| N/A | Quote# 1-16U92A | 72867 | TC00200008419N05623 | 19-SEP-2009 | WIC-1T= | 1 | $193.90 | $193.90 | $193.90 | $0.00 | 600 ALBANY ST | Dayton | OH | 45408 |
| N/A | Quote# 1-16U92A | 72867 | TC00200008419N05623 | 19-SEP-2009 | CAB-232FC= | 1 | $48.47 | $48.47 | $48.47 | $0.00 | 600 ALBANY ST | Dayton | OH | 45408 |
| N/A | Quote# 1-16U92A | 72867 | TC00200008419N05623 | 19-SEP-2009 | FREIGHT | 1 | $6,957.42 | $6,957.42 | $6,957.42 | $0.00 | 600 ALBANY ST | Dayton | OH | 45408 |
| | | | | | Location Subtotal | | | $11,658.94 | $11,658.94 | $0.00 | | | | |
| N/A | Quote# 1-16U92A | 72867 | TC00200008419N05623 | 19-SEP-2009 | WMC2-3NFT-T1/1E/= | 1 | $959.50 | $959.50 | $959.50 | $0.00 | 1235 TERMINUS DR | LITHIA SPRINGS | GA | 30122 |
| | | | | | Location Subtotal | | | $959.50 | $959.50 | $0.00 | | | | |
| N/A | Quote# 1-16U92A | 72867 | TC00200008419N05623 | 19-SEP-2009 | WS-C3560-8PS-S | 28 | | $908.59 | $908.59 | $0.00 | 1803 ROCK RIVER RD | MONROE | NC | 28110 |
| N/A | Quote# 1-16U92A | 72867 | TC00200008419N05623 | 19-SEP-2009 | WS-C3750G-12S-S | 4 | $3,875.53 | $15,742.03 | $15,742.03 | $0.00 | 1803 ROCK RIVER RD | MONROE | NC | 28110 |
| N/A | Quote# 1-16U92A | 72867 | TC00200008419N05623 | 19-SEP-2009 | GLC-SX-MM= | | | $5,393.19 | $5,393.19 | $0.00 | 1803 ROCK RIVER RD | MONROE | NC | 28110 |
| | | | | | Location Subtotal | | | $23,010.75 | $23,010.75 | $0.00 | | | | |
| N/A | Quote# 1-16U92A | 72867 | TC00200008419N05623 | 19-SEP-2009 | WS-C3560-8PS-S | | $242.37 | $242.37 | $242.37 | $0.00 | 840 W CARVER RD | TEMPE | AZ | 85284 |
| N/A | Quote# 1-16U92A | 72867 | TC00200008419N05623 | 19-SEP-2009 | WIC-1T= | 1 | $193.90 | $193.90 | $193.90 | $0.00 | 840 W CARVER RD | TEMPE | AZ | 85284 |
| N/A | Quote# 1-16U92A | 72867 | TC00200008419N05623 | 19-SEP-2009 | CAB-232FC= | 1 | $48.47 | $48.47 | $48.47 | $0.00 | 840 W CARVER RD | TEMPE | AZ | 85284 |
| | | | | | Location Subtotal | | | $7,268.30 | $7,268.30 | $0.00 | | | | |
| N/A | Quote# 1-16U92A | 72867 | TC00200008419N05623 | 19-SEP-2009 | GLC-SX-MM= | | $242.37 | $6,295.61 | $6,295.61 | $0.00 | 325 BUTLER DR | Murfreesboro | TN | 37127 |
| N/A | Quote# 1-16U92A | 72867 | TC00200008419N05623 | 19-SEP-2009 | WS-C3560-8PS-S | | | $959.48 | $959.48 | $0.00 | 325 BUTLER DR | Murfreesboro | TN | 37127 |
| | | | | | Location Subtotal | | | $7,255.09 | $7,255.09 | $0.00 | | | | |
| N/A | Quote# 1-16U92A | 72867 | TC00200008419N05623 | 19-SEP-2009 | WS-C3560-8PS-S | 5 | | $3,148.41 | $3,148.41 | $0.00 | 259 HARTFORD TPKE | Tolland | CT | 06084 |
| N/A | Quote# 1-16U92A | 72867 | TC00200008419N05623 | 19-SEP-2009 | WS-C3750G-12S-S | | $3,875.53 | $3,875.53 | $3,875.53 | $0.00 | 259 HARTFORD TPKE | Tolland | CT | 06084 |
| N/A | Quote# 1-16U92A | 72867 | TC00200008419N05623 | 19-SEP-2009 | GLC-SX-MM= | 6 | $242.37 | $1,454.23 | $1,454.23 | $0.00 | 259 HARTFORD TPKE | Tolland | CT | 06084 |
| N/A | Quote# 1-16U92A | 72867 | TC00200008419N05623 | 19-SEP-2009 | WIC-1T= | 1 | $193.90 | $193.90 | $193.90 | $0.00 | 259 HARTFORD TPKE | Tolland | CT | 06084 |
| N/A | Quote# 1-16U92A | 72867 | TC00200008419N05623 | 19-SEP-2009 | CAB-232FC= | 1 | $48.47 | $48.47 | $48.47 | $0.00 | 259 HARTFORD TPKE | Tolland | CT | 06084 |
| | | | | | Location Subtotal | | | $15,017.34 | $15,017.34 | $0.00 | | | | |
| N/A | Quote# 1-16U92A | 72867 | TC00200008419N05623 | 19-SEP-2009 | WS-C3560-8PS-S | | | $8,445.22 | $8,445.22 | $0.00 | 3385 Seaport Blvd | West Sacramento | CA | 95691 |
| N/A | Quote# 1-16U92A | 72867 | TC00200008419N05623 | 19-SEP-2009 | WS-C3750G-12S-S | | $3,875.53 | $3,875.53 | $3,875.53 | $0.00 | 3385 Seaport Blvd | West Sacramento | CA | 95691 |
| N/A | Quote# 1-16U92A | 72867 | TC00200008419N05623 | 19-SEP-2009 | GLC-SX-MM= | 10 | $242.37 | $2,423.71 | $2,423.71 | $0.00 | 3385 Seaport Blvd | West Sacramento | CA | 95691 |
| N/A | Quote# 1-16U92A | 72867 | TC00200008419N05623 | 19-SEP-2009 | WIC-1T= | 1 | $193.90 | $193.90 | $193.90 | $0.00 | 3385 Seaport Blvd | West Sacramento | CA | 95691 |
| N/A | Quote# 1-16U92A | 72867 | TC00200008419N05623 | 19-SEP-2009 | CAB-232FC= | 1 | $48.47 | $48.47 | $48.47 | $0.00 | 3385 Seaport Blvd | West Sacramento | CA | 95691 |
| | | | | | Location Subtotal | | | $15,986.82 | $15,986.82 | $0.00 | | | | |
| N/A | Quote# 1-15U92A | 72867 | TC00200019N05623 | 19-SEP-2009 | CAB-AC | 1 | $48.47 | $48.47 | $48.47 | $0.00 | 121 MOUNT ZION RD | York | PA | 17402 |
| N/A | Quote# 1-15U92A | 72867 | TC00200019N05623 | 19-SEP-2009 | GISCO2851-SRST3K9 | 1 | $4,180.36 | $4,180.36 | $4,180.36 | $0.00 | 121 MOUNT ZION RD | York | PA | 17402 |
| | | | | | Location Subtotal | | | $4,180.36 | $4,180.36 | $0.00 | | | | |

| | Quote# | | | | Description | Qty | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| N/A | Quote# 1-6UJ92A | 72687 | TC00000008N05623 | 19-SEP-2009 | S28NJESN9-12415T | 1 | $384.94 | $384.94 | $384.94 | | 121 MOUNT ZION RD | YORK | PA 17402 |
| N/A | Quote# 1-6UJ92A | 72687 | TC00000008N05623 | 19-SEP-2009 | PVDM2-48 | 1 | $363.56 | $363.56 | $363.56 | | 121 MOUNT ZION RD | York | PA 17402 |
| N/A | Quote# 1-6UJ92A | 72687 | TC00000008N05623 | 19-SEP-2009 | PVDM2-48 | 1 | $1,193.39 | $1,193.39 | $1,193.39 | | 121 MOUNT ZION RD | York | PA 17402 |
| N/A | Quote# 1-6UJ92A | 72687 | TC00000008N05623 | 19-SEP-2009 | FL-CUBE-25 | 1 | $1,430.00 | $1,430.00 | $1,430.00 | | 121 MOUNT ZION RD | York | PA 17402 |
| N/A | Quote# 1-6UJ92A | 72687 | TC00000008N05623 | 19-SEP-2009 | FL-CUBE-25 | 1 | $1,430.00 | $1,430.00 | $1,430.00 | | 121 MOUNT ZION RD | York | PA 17402 |
| N/A | Quote# 1-6UJ92A | 72687 | TC00000008N05623 | 19-SEP-2009 | ROUTER-SDM-CD | 1 | $0.00 | $0.00 | $0.00 | | 121 MOUNT ZION RD | York | PA 17402 |
| N/A | Quote# 1-6UJ92A | 72687 | TC00000008N05623 | 19-SEP-2009 | ACS-2321-51-STAN | 1 | $0.00 | $0.00 | $0.00 | | 121 MOUNT ZION RD | York | PA 17402 |
| N/A | Quote# 1-6UJ92A | 72687 | TC00000008N05623 | 19-SEP-2009 | FL-SRST-100 | 1 | $0.00 | $0.00 | $0.00 | | 121 MOUNT ZION RD | York | PA 17402 |
| N/A | Quote# 1-6UJ92A | 72687 | TC00000008N05623 | 19-SEP-2009 | MEM2800-256D-INC | 1 | $0.00 | $0.00 | $0.00 | | 121 MOUNT ZION RD | York | PA 17402 |
| N/A | Quote# 1-6UJ92A | 72687 | TC00000008N05623 | 19-SEP-2009 | MEM2800-64U128CF | 1 | $0.00 | $0.00 | $0.00 | | 121 MOUNT ZION RD | York | PA 17402 |
| N/A | Quote# 1-6UJ92A | 72687 | TC00000008N05623 | 19-SEP-2009 | PWR-2821-51-AC | 1 | $0.00 | $0.00 | $0.00 | | 121 MOUNT ZION RD | York | PA 17402 |
| N/A | Quote# 1-6UJ92A | 72687 | TC00000008N05623 | 19-SEP-2009 | VIC2-4FXO- | 1 | $337.80 | $337.80 | $337.80 | | 121 MOUNT ZION RD | York | PA 17402 |
| N/A | Quote# 1-6UJ92A | 72687 | TC00000008N05623 | 19-SEP-2009 | VWIC2-2MFT-T1-E1* | 4 | $969.50 | $969.50 | $969.50 | | 121 MOUNT ZION RD | York | PA 17402 |
| N/A | Quote# 1-6UJ92A | 72687 | TC00000008N05623 | 19-SEP-2009 | WS-C3560-48PS-S | 4 | $3,146.41 | $12,593.62 | $12,593.62 | | 121 MOUNT ZION RD | York | PA 17402 |
| N/A | Quote# 1-6UJ92A | 72687 | TC00000008N05623 | 19-SEP-2009 | WS-C3750G-12S-S | 1 | $3,875.53 | $3,875.53 | $3,875.53 | | 121 MOUNT ZION RD | York | PA 17402 |
| N/A | Quote# 1-6UJ92A | 72687 | TC00000008N05623 | 19-SEP-2009 | GLC-SX-MM= | 10 | $242.37 | $2,423.71 | $2,423.71 | | 121 MOUNT ZION RD | York | PA 17402 |

Location Subtotal: $27,739.41 $27,739.41

Financed Taxes: $932.85 $932.85 $0.00

Grand Total: $125,037.82 $125,037.82 $0.00

# Lessor's Copy


CISCO
Capital

SCHEDULE NO. 009-000

**Master Agreement to Lease Equipment No. 6670**

**THIS SCHEDULE NO. 009-000** (this "**Schedule**") dated as of April 02, 2009, by and between **CISCO SYSTEMS CAPITAL CORPORATION** ("**Lessor**"), having its principal place of business at 170 West Tasman Drive, Mailstop SJC13/3, San Jose, California 95134, and The Standard Register Company ("**Lessee**"), having its principal place of business at 600 Albany Street, Dayton, Ohio 45401, supplements that certain Master Agreement to Lease Equipment No. 6670 (the "**Agreement**", and together with this Schedule, the "**Lease**") between Lessor and Lessee, incorporated herein by this reference. Capitalized terms not otherwise defined herein have the meanings specified in the Agreement.

1. **EQUIPMENT DESCRIPTION.** Quantity, manufacturer, and model of the Equipment subject to this Schedule are as specified in Annex A hereto. Lessee acknowledges that complete and definitive descriptive and location information regarding the Equipment may not be available at the time of preparation of this Schedule and any Certificate of Acceptance and hereby irrevocably authorizes Lessor, without any further action or agreement by Lessee, to modify or replace any annex to this Schedule or any Certificate of Acceptance in order to supplement, correct or replace such information, as Lessor may deem appropriate, to the extent necessary to accurately document the Equipment information subject to the Schedule, and agrees to be bound thereby as though attached hereto or thereto in such form at the time of Lessee's execution of this Schedule or such Certificate of Acceptance.

2. **EQUIPMENT LOCATION.** The Equipment shall at all times be installed or located at the location specified in Annex A or in the applicable Certificate of Acceptance, or such other location as is permitted under the Agreement.

3. **EQUIPMENT COST.** The "**Equipment Cost**" for any item of Equipment is the sum of (a) the equipment purchase price specified in the invoice now or hereafter issued by the Vendor in relation to the Equipment, plus (b) all insurance, installation, cabling, maintenance, software and related expenses to the extent paid or financed by Lessor in its discretion (collectively, "**Soft Costs**") and as may be reflected in Annex A hereto. The aggregate Equipment Cost for all Equipment under this Schedule is $5,144.24.

4. **RENTAL PAYMENT AMOUNT.** The monthly rental payment in respect of the Equipment ("**Rent**") is set forth below:

| Payments | Payment Amount |
|---|---|
| 1 – 60 | $ 90.62 |

5. **LEASE TERM.** The "**Lease Term**" of this Lease shall begin on the Commencement Date and shall consist of an "**Original Term**" equal to 60 months, and the Original Term shall automatically be extended on a month-to-month basis (each, an "**Extended Term**") unless either party notifies the other not later than ninety (90) days prior to the end of the Original Term or, for any Extended Term, thirty (30) days prior to the end of such Extended Term, of its election not to extend such lease term or extended term. The "**Commencement Date**" of this Lease and the "**Acceptance Date**" of the Equipment shall be the earlier to occur of the execution date specified in the certificate of acceptance, if any, delivered by Lessee ("**Certificate of Acceptance**") relating to the Equipment, or if the Equipment is delivered in multiple shipments, relating to the last item of Equipment delivered to Lessee. Notwithstanding any provision to the contrary contained in any Lease Document, Lessee shall be deemed to have irrevocably accepted, for purposes of the Lease, the Equipment on the Commencement Date. Lessee agrees to complete, sign and return to Lessor any Certificate of Acceptance sent to Lessee,

MLA EQUIPMENT SCHEDULE                                                    CISCO CAPITAL CONFIDENTIAL
REVISION DATE: 1/01/2007

Lessor's Copy

within five days of Lessee's receipt and acceptance, or deemed acceptance, of the relevant Equipment, and, if Lessee fails to do so, Lessee shall (i) be deemed to have accepted and ratified such Certificate of Acceptance and (ii) be deemed to have authorized Lessor as attorney-in-fact, coupled with an interest, to complete and sign the Certificate of Acceptance on behalf and in the name of Lessee.

**6.    RENT PAYMENTS.** Rent for the Original Term shall be payable in 60 consecutive monthly payments in advance, on the first day of each such period, commencing with the first day of the calendar month immediately following the Commencement Date (unless the Commencement Date is the first day of the month and rent is payable in advance, in which case the first Rent payment shall be due on such date). Lessor agrees that no Rent shall be payable for any period prior to the Commencement Date or for the period from the Commencement Date (provided such date is not the first day of the month) until, but not including, the first day of the calendar month immediately following the Commencement Date. Unless otherwise agreed in writing by the Lessor at such time, the Rent for any Extended Term shall be payable monthly, in advance, and shall be an amount equivalent to that of the original Rent, adjusted, as applicable, for Soft Costs.

**7.    END OF TERM PURCHASE OPTION PRICE.** Lessee may or shall, as the case may be, purchase the Equipment in accordance with the terms of Paragraph 8 for the following amount (as checked and completed by Lessor):

☐    (a)    $    1.00

☒    (b)    Fair Market Value (as defined in Paragraph 8).

**8.    END OF TERM PURCHASE OPTION.**

(a) If option (b) is selected at Paragraph 7, this Lease shall be deemed an "**FMV Lease**" and Lessee shall have an end of term purchase option as follows. (If no option is selected at Paragraph 7, option (b) shall be deemed to apply.) Provided this Lease has not been terminated earlier and there exists no Event of Default or event which with notice, lapse of time or both, would be an Event of Default, not earlier than 90 days and not later than 30 days before the end of the Original Term, Lessee may deliver to Lessor an irrevocable notice electing to purchase all (but not less than all) of the Equipment at the end of the Original Term for an amount equal to the amount specified in the provision selected (or deemed selected) in Paragraph 7, which amount Lessee shall pay to Lessor on the last day of the Original Term. If no such notice is delivered by Lessee to Lessor within such period, Lessee shall be deemed to have waived any right to purchase such Equipment.

(b) If option (a) of Paragraph 7 is selected, Lessee shall pay Lessor the amount specified in such option on the last day of the Original Term.

(c) Upon full payment to it of the amount specified in clause (a) or (b) of this Paragraph 8, Lessor shall transfer its right, title and interest in and to such Equipment to Lessee without recourse or warranty, except that Lessor shall warrant that Lessor shall transfer to Lessee good and marketable title in and to such Equipment, free and clear of any lien or encumbrance arising by or through Lessor.

(d) "**Fair Market Value**" shall mean the value which would be obtained in an arm's-length transaction between an informed and willing buyer-user (other than a lessee currently in possession or a used equipment dealer) under no compulsion to buy, and an informed and willing seller under no compulsion to sell and, in such determination, costs of removal from the location of current use shall not be a deduction from such value. Fair Market Value shall be determined by the mutual agreement of Lessor and Lessee in accordance with the preceding sentence or, if Lessee and Lessor cannot agree within 20 days after Lessee's notice of election to purchase under clause (a) of this Paragraph 8, by a qualified independent equipment appraiser selected by Lessor, at Lessee's cost. Notwithstanding the foregoing, in no event will the "Fair Market Value" for Equipment hereunder at the expiration of the Original Term exceed 22% of Equipment Cost as defined in Paragraph 3(a) above.

---

Lessor's Copy

**9.   CASUALTY VALUE.**  The Casualty Value of the Equipment shall at any time be the greater of (a) Fair Market Value at such time; or (b) as of the date of shipment from the Vendor, 110% of Equipment Cost, such amount to decrease from month to month thereafter by 1.69% of Equipment Cost.

**IN WITNESS WHEREOF,** Lessor and Lessee have caused this Schedule to be duly executed by their authorized representatives as of the date first above written.  Each signatory of the Lessee represents that he or she is authorized to execute and deliver this Schedule on behalf of Lessee.

Cisco Systems Capital Corporation, Lessor

By: _____

Print Name: _____Nevin Garland_____

Title: _____Territory Manager_____
              Cisco Systems Capital

The Standard Register Company, Lessee

By: _____

Print Name: _Robert M. Ginnan_

Title: _VP, Treasurer & CFO_

CISCO CAPITAL CONFIDENTIAL



## SCHEDULE NO. 009-000

**Master Agreement to Lease Equipment No. 6670**

**THIS SCHEDULE NO. 009-000** (this "Schedule") dated as of April 02, 2009, by and between **CISCO SYSTEMS CAPITAL CORPORATION** ("Lessor"), having its principal place of business at 170 West Tasman Drive, Mailstop SJC13/3, San Jose, California 95134, and The Standard Register Company ("Lessee"), having its principal place of business at 600 Albany Street, Dayton, Ohio 45401, supplements that certain Master Agreement to Lease Equipment No. 6670 (the "Agreement", and together with this Schedule, the "Lease") between Lessor and Lessee, incorporated herein by this reference. Capitalized terms not otherwise defined herein have the meanings specified in the Agreement.

1.  **EQUIPMENT DESCRIPTION.** Quantity, manufacturer, and model of the Equipment subject to this Schedule are as specified in Annex A hereto. Lessee acknowledges that complete and definitive descriptive and location information regarding the Equipment may not be available at the time of preparation of this Schedule and any Certificate of Acceptance and hereby irrevocably authorizes Lessor, without any further action or agreement by Lessee, to modify or replace any annex to this Schedule or any Certificate of Acceptance in order to supplement, correct or replace such information, as Lessor may deem appropriate, to the extent necessary to accurately document the Equipment information subject to the Schedule, and agrees to be bound thereby as though attached hereto or thereto in such form at the time of Lessee's execution of this Schedule or such Certificate of Acceptance.

2.  **EQUIPMENT LOCATION.** The Equipment shall at all times be installed or located at the location specified in Annex A or in the applicable Certificate of Acceptance, or such other location as is permitted under the Agreement.

3.  **EQUIPMENT COST.** The "Equipment Cost" for any item of Equipment is the sum of (a) the equipment purchase price specified in the invoice now or hereafter issued by the Vendor in relation to the Equipment, plus (b) all insurance, installation, cabling, maintenance, software and related expenses to the extent paid or financed by Lessor in its discretion (collectively, "Soft Costs") and as may be reflected in Annex A hereto. The aggregate Equipment Cost for all Equipment under this Schedule is $5,144.24.

4.  **RENTAL PAYMENT AMOUNT.** The monthly rental payment in respect of the Equipment ("Rent") is set forth below:

| Payments | Payment Amount |
|---|---|
| 1 – 60 | $ 90.62 |

5.  **LEASE TERM.** The "Lease Term" of this Lease shall begin on the Commencement Date and shall consist of an "Original Term" equal to 60 months, and the Original Term shall automatically be extended on a month-to-month basis (each, an "Extended Term") unless either party notifies the other not later than ninety (90) days prior to the end of the Original Term or, for any Extended Term, thirty (30) days prior to the end of such Extended Term, of its election not to extend such lease term or extended term. The "Commencement Date" of this Lease and the "Acceptance Date" of the Equipment shall be the earlier to occur of the execution date specified in the certificate of acceptance, if any, delivered by Lessee ("Certificate of Acceptance") relating to the Equipment, or if the Equipment is delivered in multiple shipments, relating to the last item of Equipment delivered to Lessee. Notwithstanding any provision to the contrary contained in any Lease Document, Lessee shall be deemed to have irrevocably accepted, for purposes of the Lease, the Equipment on the Commencement Date. Lessee agrees to complete, sign and return to Lessor any Certificate of Acceptance sent to Lessee,

within five days of Lessee's receipt and acceptance, or deemed acceptance, of the relevant Equipment, and, if Lessee fails to do so, Lessee shall (i) be deemed to have accepted and ratified such Certificate of Acceptance and (ii) be deemed to have authorized Lessor as attorney-in-fact, coupled with an interest, to complete and sign the Certificate of Acceptance on behalf and in the name of Lessee.

6.   **RENT PAYMENTS.**  Rent for the Original Term shall be payable in 60 consecutive monthly payments in advance, on the first day of each such period, commencing with the first day of the calendar month immediately following the Commencement Date (unless the Commencement Date is the first day of the month and rent is payable in advance, in which case the first Rent payment shall be due on such date).  Lessor agrees that no Rent shall be payable for any period prior to the Commencement Date or for the period from the Commencement Date (provided such date is not the first day of the month) until, but not including, the first day of the calendar month immediately following the Commencement Date.  Unless otherwise agreed in writing by the Lessor at such time, the Rent for any Extended Term shall be payable monthly, in advance, and shall be an amount equivalent to that of the original Rent, adjusted, as applicable, for Soft Costs.

7.   **END OF TERM PURCHASE OPTION PRICE.**  Lessee may or shall, as the case may be, purchase the Equipment in accordance with the terms of Paragraph 8 for the following amount (as checked and completed by Lessor):

☐   (a)        $    1.00

☒   (b)        Fair Market Value (as defined in Paragraph 8).

8.   **END OF TERM PURCHASE OPTION.**

(a)  If option (b) is selected at Paragraph 7, this Lease shall be deemed an "FMV Lease" and Lessee shall have an end of term purchase option as follows.  (If no option is selected at Paragraph 7, option (b) shall be deemed to apply.)  Provided this Lease has not been terminated earlier and there exists no Event of Default or event which with notice, lapse of time or both, would be an Event of Default, not earlier than 90 days and not later than 30 days before the end of the Original Term, Lessee may deliver to Lessor an irrevocable notice electing to purchase all (but not less than all) of the Equipment at the end of the Original Term for an amount equal to the amount specified in the provision selected (or deemed selected) in Paragraph 7, which amount Lessee shall pay to Lessor on the last day of the Original Term.  If no such notice is delivered by Lessee to Lessor within such period, Lessee shall be deemed to have waived any right to purchase such Equipment.

(b)  If option (a) of Paragraph 7 is selected, Lessee shall pay Lessor the amount specified in such option on the last day of the Original Term.

(c)  Upon full payment to it of the amount specified in clause (a) or (b) of this Paragraph 8, Lessor shall transfer its right, title and interest in and to such Equipment to Lessee without recourse or warranty, except that Lessor shall warrant that Lessor shall transfer to Lessee good and marketable title in and to such Equipment, free and clear of any lien or encumbrance arising by or through Lessor.

(d)  "Fair Market Value" shall mean the value which would be obtained in an arm's-length transaction between an informed and willing buyer-user (other than a lessee currently in possession or a used equipment dealer) under no compulsion to buy, and an informed and willing seller under no compulsion to sell and, in such determination, costs of removal from the location of current use shall not be a deduction from such value.  Fair Market Value shall be determined by the mutual agreement of Lessor and Lessee in accordance with the preceding sentence or, if Lessee and Lessor cannot agree within 20 days after Lessee's notice of election to purchase under clause (a) of this Paragraph 8, by a qualified independent equipment appraiser selected by Lessor, at Lessee's cost.  Notwithstanding the foregoing, in no event will the "Fair Market Value" for Equipment hereunder at the expiration of the Original Term exceed 22% of Equipment Cost as defined in Paragraph 3(a) above.

Page 3 of 3

**9.   CASUALTY VALUE.** The Casualty Value of the Equipment shall at any time be the greater of (a) Fair Market Value at such time; or (b) as of the date of shipment from the Vendor, 110% of Equipment Cost, such amount to decrease from month to month thereafter by 1.69% of Equipment Cost.

**IN WITNESS WHEREOF,** Lessor and Lessee have caused this Schedule to be duly executed by their authorized representatives as of the date first above written.  Each signatory of the Lessee represents that he or she is authorized to execute and deliver this Schedule on behalf of Lessee.

Cisco Systems Capital Corporation, Lessor                    The Standard Register Company, Lessee

By: _____                                By: _____

Print Name: _____Nevin Garland_____                          Print Name: _____

Title: _____Territory Manager_____                           Title: _____
_____Cisco Systems Capital_____


CISCO
Capital

## CERTIFICATE OF ACCEPTANCE

THIS **CERTIFICATE OF ACCEPTANCE** (this "Acceptance Certificate") UNDER
SCHEDULE NO. 009-000, DATED AS OF April 2, 2009 TO MASTER AGREEMENT TO
LEASE EQUIPMENT NO. 6670, DATED AS OF June 3, 2008, IS BETWEEN **Cisco Systems
Capital Corporation**, Lessor, and The Standard Register Company, Lessee.

      This Acceptance Certificate is issued pursuant to the Master Agreement to Lease
Equipment ("Master Agreement") and Schedule ("Schedule" and, together with the Master
Agreement, the "Lease") designated above. Unless otherwise set forth herein, the terms used in
this Acceptance Certificate shall have the same meanings defined in such Lease. Annex A,
attached hereto, has been delivered to and accepted by Lessee as of the date of signature below
for purposes of the Lease. Except as expressly set forth otherwise in the Lease, the
Commencement Date shall be the execution date of this Acceptance Certificate.

      Lessee confirms and agrees that (i) no Event of Default under any Lease entered
into pursuant to the Master Agreement has occurred and is continuing, and (ii) the representations
and warranties in the Lease, if any, are correct and complete as though made on and as of the date
hereof and shall continue to be correct and complete throughout the Lease Term of each item of
Equipment accepted hereby.

      The person signing this Acceptance Certificate on behalf of Lessee hereby certifies
that such person has read and acknowledges all terms and conditions of the Lease, and is duly
authorized to execute this Acceptance Certificate on behalf of Lessee. This Acceptance
Certificate shall be executed by Lessee and promptly returned to Lessor.

**The Standard Register Company,**
Lessee

By: _____

Title: _____

Acceptance Date: _____

# ANNEX A

**CISCO** Capital

## The Standard Register Company
MLA No. 6670
Schedule No. 009-000

| Sales Order | Lease PO Number | CSC PO Number | Invoice Number | Invoice Date | Part Number | Qty | Unit Price | Extended Amount | Net Amount | Shipping & Handling | Street 1: | City | St | Zip |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| N/A | 1-17UNWG | 73341 | TC000000812DD07027 | 01-JUN-2009 | PVDM2-64= | 2 | $1,573.40 | $3,146.81 | $3,146.81 | $0.00 | 631 INDUSTRIAL BLVD. | Toccoa | GA | 30577 |
| N/A | 1-17UNWG | 73341 | TC000000812DD07027 | 01-JUN-2009 | VWIC2-2MFT-T1/E1= | 2 | $947.80 | $1,895.61 | $1,895.61 | $0.00 | 631 INDUSTRIAL BLVD. | Toccoa | GA | 30577 |
| N/A | 1-17UNWG | 73341 | TC000000812DD07027 | 01-JUN-2009 | FREIGHT | 1 | $101.82 | $101.82 | $101.82 | $0.00 | 631 INDUSTRIAL BLVD. | Toccoa | GA | 30577 |
| | | | | | Location Subtotal | | | $5,144.24 | $5,144.24 | $0.00 | | | | |
| | | | | | Financed Taxes | | | $0.00 | $0.00 | | | | | |
| | | | | | Grand Total | | | $5,144.24 | $5,144.24 | $0.00 | | | | |

 CISCO
Capital

AMENDMENT NO. 1 TO SCHEDULE NO. 010-000

 LESSOR'S COPY

THIS AMENDMENT NO. 1 TO SCHEDULE NO. 010-000 is entered into as of November 4, 2009, by and between **Cisco Systems Capital Corporation** ("Lessor") and The Standard Register Company("Lessee"). Lessor and Lessee have entered into that certain Master Agreement to Lease Equipment No. 6670 ("Master Agreement") and, in connection therewith, have executed, among other things, that certain Schedule No. 010-000 dated September 9, 2009 (the "Schedule").

Lessor and Lessee hereby agree to amend and modify the Schedule as follows:

1. Section 3, last sentence, is hereby deleted and the following is substituted in place thereof: The aggregate Equipment Cost for all Equipment under this Schedule is $39,453.18 plus a Financed Upfront Tax of $2,303.91 for a Total Financed Amount of $41,757.09.

2. Section 4 is hereby deleted and the following is substituted in place thereof: The Monthly rental payment in respect of the Equipment ("**Rent**") is set forth below:

| Payments | Payment Amount |
|---|---|
| 1 to 60 | $797.56 |

Except as otherwise expressly provided herein, all other terms and conditions of the Schedule remain unmodified and in full force and effect. The parties agree that the understandings and agreements set forth herein represent the entire understanding of the parties hereto with respect to the subject matter contained in this Amendment. Except to the extent modified hereby, Lessee hereby reaffirms all of its obligations under the Schedule.

The parties hereto have executed this Amendment effective as of the date first set forth above.

**Cisco Systems Capital Corporation, Lessor**

By: _____
Nevin Garland
Title: Territory Manager
Cisco Systems Capital

Date: 1/11/2010

**The Standard Register Company, Lessee**

By: _____

Title: C F O

Date: 11/30/09



SCHEDULE NO. 010-000

**Master Agreement to Lease Equipment No. 6670**

**THIS SCHEDULE NO. 010-000** (this "**Schedule**") dated as of September 9, 2009, by and between **Cisco Systems Capital Corporation** ("**Lessor**"), having its principal place of business at 170 West Tasman Drive, Mailstop SJC13/3, San Jose, California 95134, and **The Standard Register Company** ("**Lessee**"), having its principal place of business at 600 Albany Street, Dayton, OH 45401, supplements that certain Master Agreement to Lease Equipment No. 6670 (the "**Agreement**", and together with this Schedule, the "**Lease**") between Lessor and Lessee, incorporated herein by this reference. Capitalized terms not otherwise defined herein have the meanings specified in the Agreement.

**1.    EQUIPMENT DESCRIPTION.**  Quantity, manufacturer, and model of the Equipment subject to this Schedule are as specified in Annex A hereto. Lessee acknowledges that complete and definitive descriptive and location information regarding the Equipment may not be available at the time of preparation of this Schedule and any Certificate of Acceptance and hereby irrevocably authorizes Lessor, without any further action or agreement by Lessee, to modify or replace any annex to this Schedule or any Certificate of Acceptance in order to supplement, correct or replace such information, as Lessor may deem appropriate, to the extent necessary to accurately document the Equipment information subject to the Schedule, and agrees to be bound thereby as though attached hereto or thereto in such form at the time of Lessee's execution of this Schedule or such Certificate of Acceptance.

**2.    EQUIPMENT LOCATION.**  The Equipment shall at all times be installed or located at the location specified in Annex A or in the applicable Certificate of Acceptance, or such other location as is permitted under the Agreement.

**3.    EQUIPMENT COST.**  The "**Equipment Cost**" for any item of Equipment is the sum of (a) the equipment purchase price specified in the invoice now or hereafter issued by the Vendor in relation to the Equipment, plus (b) all insurance, installation, cabling, maintenance, software and related expenses to the extent paid or financed by Lessor in its discretion (collectively, "**Soft Costs**") and as may be reflected in Annex A hereto. The aggregate Equipment Cost for all Equipment under this Schedule is $39,453.18.

**4.    RENTAL PAYMENT AMOUNT.**  The Monthly rental payment in respect of the Equipment ("**Rent**") is set forth below:

| Payments | Payment Amount |
|---|---|
| 1 to 60 | $752.13 |

**5.    LEASE TERM.**  The "**Lease Term**" of this Lease shall begin on the Commencement Date and shall consist of an "**Original Term**" equal to sixty (60) months, and the Original Term shall automatically be extended on a Monthly basis (each, an "**Extended Term**") unless either party notifies the other not later than ninety (90) days prior to the end of the Original Term or, for any Extended Term, thirty (30) days prior to the end of such Extended Term, of its election not to extend such lease term or extended term. The "**Commencement Date**" of this Lease and the "**Acceptance Date**" of the Equipment shall be the earlier to occur of the execution date specified in the certificate of acceptance, if any, delivered by Lessee ("**Certificate of Acceptance**") relating to the Equipment, or if the Equipment is delivered in multiple shipments, relating to the last item of Equipment delivered to Lessee. Notwithstanding any provision to the contrary contained in any Lease Document, Lessee shall be deemed to have irrevocably accepted, for purposes of the Lease, the Equipment on the Commencement Date. Lessee agrees to complete, sign and return to Lessor any Certificate of

Acceptance sent to Lessee, within five days of Lessee's receipt and acceptance, or deemed acceptance, of the relevant Equipment, and, if Lessee fails to do so, Lessee shall (i) be deemed to have accepted and ratified such Certificate of Acceptance and (ii) be deemed to have authorized Lessor as attorney-in-fact, coupled with an interest, to complete and sign the Certificate of Acceptance on behalf and in the name of Lessee.

**6.    RENT PAYMENTS.** Rent for the Original Term shall be payable in 60 consecutive Monthly payments in advance, on the first day of each such period, commencing with the first day of the calendar month immediately following the Commencement Date (unless the Commencement Date is the first day of the month and rent is payable in advance, in which case the first Rent payment shall be due on such date). Lessor agrees that no Rent shall be payable for any period prior to the Commencement Date or for the period from the Commencement Date (provided such date is not the first day of the month) until, but not including, the first day of the calendar month immediately following the Commencement Date. Unless otherwise agreed in writing by the Lessor at such time, the Rent for any Extended Term shall be payable Monthly, in advance, and shall be an amount equivalent to that of the original Rent, adjusted, as applicable, for Soft Costs.

**7.    END OF TERM PURCHASE OPTION PRICE.** Lessee may or shall, as the case may be, purchase the Equipment in accordance with the terms of Paragraph 8 for the following amount (as checked and completed by Lessor):

> (a)        $1.00

> X   (b)        Fair Market Value (as defined in Paragraph 8).

**8.    END OF TERM PURCHASE OPTION.**

(a)    If option (b) is selected at Paragraph 7, this Lease shall be deemed an "**FMV Lease**" and Lessee shall have an end of term purchase option as follows.  (If no option is selected at Paragraph 7, option (b) shall be deemed to apply.) Provided this Lease has not been terminated earlier and there exists no Event of Default or event which with notice, lapse of time or both, would be an Event of Default, not earlier than 90 days and not later than 30 days before the end of the Original Term, Lessee may deliver to Lessor an irrevocable notice electing to purchase all (but not less than all) of the Equipment at the end of the Original Term for an amount equal to the amount specified in the provision selected (or deemed selected) in Paragraph 7, which amount Lessee shall pay to Lessor on the last day of the Original Term.  If no such notice is delivered by Lessee to Lessor within such period, Lessee shall be deemed to have waived any right to purchase such Equipment.

(b)    If option (a) of Paragraph 7 is selected, Lessee shall pay Lessor the amount specified in such option on the last day of the Original Term.

(c)    Upon full payment to it of the amount specified in clause (a) or (b) of this Paragraph 8, Lessor shall transfer its right, title and interest in and to such Equipment to Lessee without recourse or warranty, except that Lessor shall warrant that such Equipment is free and clear of any lien or encumbrance arising by or through Lessor.

(d)    "**Fair Market Value**" shall mean the value which would be obtained in an arm's-length transaction between an informed and willing buyer-user (other than a lessee currently in possession or a used equipment dealer) under no compulsion to buy, and an informed and willing seller under no compulsion to sell and, in such determination, costs of removal from the location of current use shall not be a deduction from such value. Fair Market Value shall be determined by the mutual agreement of Lessor and Lessee in accordance with the preceding sentence or, if Lessee and Lessor cannot agree within 20 days after Lessee's notice of election to purchase under clause (a) of this Paragraph 8, by a qualified independent equipment appraiser selected by Lessor, at Lessee's cost.

**9. CASUALTY VALUE.** The Casualty Value of the Equipment shall at any time be the greater of (a) Fair Market Value at such time; or (b) as of the date of shipment from the Vendor, 110% of Equipment Cost, such amount to decrease from month to month thereafter by 1.69% of Equipment Cost.

**IN WITNESS WHEREOF,** Lessor and Lessee have caused this Schedule to be duly executed by their authorized representatives as of the date first above written. Each signatory of the Lessee represents that he or she is authorized to execute and deliver this Schedule on behalf of Lessee.

Cisco Systems Capital Corporation, Lessor          The Standard Register Company, Lessee

BY: _____          BY: _____

PRINT NAME: _____          PRINT NAME: ROBERT SINNAN
Nevin Garland
Territory Manager
TITLE: _____          TITLE: CFO
Cisco Systems Capital

ı|ı.ı|ı.
**CISCO**
Capital

## ANNEX A

The Standard Register Company
MLA No. 6670
Schedule No. 010-0000

| Lessee PO Number | CSC PO Number | Invoice Number | Invoice Date | Part Number | Qty | Unit Price | Extended Amount | Net Amount | Shipping & Handling | Street 1 | City | St | Zip |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 7960 | 74929 | TC00000061D2D7912 | 01-OCT-2009 | WS-C3560G-24PS-S | 2 | $2,768.08 | $5,536.16 | $5,536.16 | $0.00 | 600 ALBANY ST | Dayton | OH | 45408 |
| 7960 | 74929 | TC00000061D2D7912 | 01-OCT-2009 | CAB-16AWG-AC | 2 | $0.00 | $0.00 | $0.00 | $0.00 | 600 ALBANY ST | Dayton | OH | 45408 |
| 7960 | 74929 | TC00000061D2D7912 | 01-OCT-2009 | WS-C3560-48PS-S | 6 | $3,213.35 | $19,280.10 | $19,280.10 | $0.00 | 600 ALBANY ST | Dayton | OH | 45408 |
| 7960 | 74929 | TC00000061D2D7912 | 01-OCT-2009 | CAB-AC | 6 | $0.00 | $0.00 | $0.00 | $0.00 | 600 ALBANY ST | Dayton | OH | 45408 |
| 7960 | 74929 | TC00000061D2D7912 | 01-OCT-2009 | GLC-SX-MM= | 16 | $247.37 | $3,957.92 | $3,957.92 | $0.00 | 600 ALBANY ST | Dayton | OH | 45408 |
| 7960 | 74929 | TC00000061D2D7912 | 01-OCT-2009 | FREIGHT | 1 | $0.00 | $0.00 | $0.00 | $760.72 | 600 ALBANY ST | Dayton | OH | 45408 |
| | | | | Location Subtotal | | | $28,774.18 | $28,774.18 | $760.72 | | | | |
| 7960 | 74929 | TC00000028I0D2D7912 | 01-OCT-2009 | WS-C3560G-24PS-S | 1 | $2,768.06 | $2,768.06 | $2,768.06 | $0.00 | 3150 RIDER TRL S | EARTH CITY | MO | 63045 |
| 7960 | 74929 | TC00000028I0D2D7912 | 01-OCT-2009 | CAB-16AWG-AC | 1 | $0.00 | $0.00 | $0.00 | $0.00 | 3150 RIDER TRL S | EARTH CITY | MO | 63045 |
| 7960 | 74929 | TC00000028I0D2D7912 | 01-OCT-2009 | GLC-SX-MM= | 2 | $247.37 | $494.74 | $494.74 | $0.00 | 3150 RIDER TRL S | EARTH CITY | MO | 63045 |
| | | | | Location Subtotal | | | $3,262.82 | $3,262.82 | $0.00 | | | | |
| 7960 | 74929 | TC00000061D2D7912 | 01-OCT-2009 | WS-C3560-48PS-S | 1 | $3,213.35 | $3,213.35 | $3,213.35 | $0.00 | 365 S SCHOOL AVE | Fayetteville | AR | 72701 |
| 7960 | 74929 | TC00000061D2D7912 | 01-OCT-2009 | CAB-AC | 1 | $0.00 | $0.00 | $0.00 | $0.00 | 365 S SCHOOL AVE | Fayetteville | AR | 72701 |
| 7960 | 74929 | TC00000061D2D7912 | 01-OCT-2009 | GLC-SX-MM= | 2 | $247.37 | $494.74 | $494.74 | $0.00 | 365 S SCHOOL AVE | Fayetteville | AR | 72701 |
| | | | | Location Subtotal | | | $3,708.09 | $3,708.09 | $0.00 | | | | |
| 7960 | 74929 | TC00000061D2D7912 | 01-OCT-2009 | WS-C3560-48PS-S | 1 | $3,213.35 | $3,213.35 | $3,213.35 | $0.00 | 7703 KINGSPOINTE PKWY | Orlando | FL | 32819 |
| 7960 | 74929 | TC00000061D2D7912 | 01-OCT-2009 | CAB-AC | 1 | $0.00 | $0.00 | $0.00 | $0.00 | 7703 KINGSPOINTE PKWY | Orlando | FL | 32819 |
| 7960 | 74929 | TC00000061D2D7912 | 01-OCT-2009 | GLC-SX-MM= | 2 | $247.37 | $494.74 | $494.74 | $0.00 | 7703 KINGSPOINTE PKWY | Orlando | FL | 32819 |
| | | | | Location Subtotal | | | $3,708.09 | $3,708.09 | $0.00 | | | | |
| | | | | Financed Taxes | | | $2,303.91 | $2,303.91 | | | | | |
| | | | | Grand Total | | | $41,757.09 | $41,757.09 | $760.72 | | | | |



CISCO
Capital

## CERTIFICATE OF ACCEPTANCE

THIS CERTIFICATE OF ACCEPTANCE (this "Acceptance Certificate") UNDER SCHEDULE NO. 010-000, DATED AS OF September 9, 2009 TO MASTER AGREEMENT TO LEASE EQUIPMENT NO. 6670, DATED AS OF June 3, 2008, IS BETWEEN Cisco Systems Capital Corporation, Lessor, and The Standard Register Company, Lessee.

This Acceptance Certificate is issued pursuant to the Master Agreement to Lease Equipment ("Master Agreement") and Schedule ("Schedule" and, together with the Master Agreement, the "Lease") designated above. Unless otherwise set forth herein, the terms used in this Acceptance Certificate shall have the same meanings defined in such Lease. Annex A, attached hereto, has been delivered to and accepted by Lessee as of the date of signature below for purposes of the Lease. Except as expressly set forth otherwise in the Lease, the Commencement Date shall be the execution date of this Acceptance Certificate.

Lessee confirms and agrees that (i) no Event of Default under any Lease entered into pursuant to the Master Agreement has occurred and is continuing, and (ii) the representations and warranties in the Lease, if any, are correct and complete as though made on and as of the date hereof and shall continue to be correct and complete throughout the Lease Term of each item of Equipment accepted hereby.

The person signing this Acceptance Certificate on behalf of Lessee hereby certifies that such person has read and acknowledges all terms and conditions of the Lease, and is duly authorized to execute this Acceptance Certificate on behalf of Lessee. This Acceptance Certificate shall be executed by Lessee and promptly returned to Lessor.

The Standard Register Company, Lessee

By: _____

Title: _____C F O_____

Acceptance Date: __11 | 30 | 09__





AMENDMENT NO. 1 TO SCHEDULE NO. 011-000

THIS AMENDMENT NO. 1 TO SCHEDULE NO. 011-000 is entered into as of April 20, 2010, by and between **Cisco Systems Capital Corporation** ("Lessor") and The Standard Register Company("Lessee"). Lessor and Lessee have entered into that certain Master Agreement to Lease Equipment No. 6670 ("Master Agreement") and, in connection therewith, have executed, among other things, that certain Schedule No. 011-000 dated December 3, 2009 (the "Schedule").

Lessor and Lessee hereby agree to amend and modify the Schedule as follows:

1. Section 3, last sentence, is hereby deleted and the following is substituted in place thereof: The aggregate Equipment Cost for all Equipment under this Schedule is $77,975.33 plus financed upfront tax of $6,268.96 for a total financed amount of $84,244.29.

2. Section 4 is hereby deleted and the following is substituted in place thereof: The Monthly rental payment in respect of the Equipment ("**Rent**") is set forth below:

| Payments | Payment Amount |
|----------|----------------|
| 1 to 22 | $1,738.35 |
| 23 to 60 | $1,543.68 |

Except as otherwise expressly provided herein, all other terms and conditions of the Schedule remain unmodified and in full force and effect. The parties agree that the understandings and agreements set forth herein represent the entire understanding of the parties hereto with respect to the subject matter contained in this Amendment. Except to the extent modified hereby, Lessee hereby reaffirms all of its obligations under the Schedule.

The parties hereto have executed this Amendment effective as of the date first set forth above.

**Cisco Systems Capital Corporation, Lessor**

By: _____

Title: _____
Nevin Garland
Territory Manager
Cisco Systems Capital

Date: _____
5/7/2010

**The Standard Register Company, Lessee**

By: _____

Title: CFC

Date: 4/28/10

LESSOR'S COPY



**SCHEDULE NO. 011-000**

**Master Agreement to Lease Equipment No. 6670**

**THIS SCHEDULE NO. 011-000** (this "**Schedule**") dated as of December 3, 2009, by and between **Cisco Systems Capital Corporation** ("**Lessor**"), having its principal place of business at 170 West Tasman Drive, Mailstop SJC13/3, San Jose, California 95134, and **The Standard Register Company** ("**Lessee**"), having its principal place of business at 600 Albany Street, Dayton, OH 45401, supplements that certain Master Agreement to Lease Equipment No. 6670 (the "**Agreement**", and together with this Schedule, the "**Lease**") between Lessor and Lessee, incorporated herein by this reference. Capitalized terms not otherwise defined herein have the meanings specified in the Agreement.

**1. EQUIPMENT DESCRIPTION.** Quantity, manufacturer, and model of the Equipment subject to this Schedule are as specified in <u>Annex A</u> hereto. Lessee acknowledges that complete and definitive descriptive and location information regarding the Equipment may not be available at the time of preparation of this Schedule and any Certificate of Acceptance and hereby irrevocably authorizes Lessor, without any further action or agreement by Lessee, to modify or replace any annex to this Schedule or any Certificate of Acceptance in order to supplement, correct or replace such information, as Lessor may deem appropriate, to the extent necessary to accurately document the Equipment information subject to the Schedule, and agrees to be bound thereby as though attached hereto or thereto in such form at the time of Lessee's execution of this Schedule or such Certificate of Acceptance.

**2. EQUIPMENT LOCATION.** The Equipment shall at all times be installed or located at the location specified in <u>Annex A</u> or in the applicable Certificate of Acceptance, or such other location as is permitted under the Agreement.

**3. EQUIPMENT COST.** The "**Equipment Cost**" for any item of Equipment is the sum of (a) the equipment purchase price specified in the invoice now or hereafter issued by the Vendor in relation to the Equipment, plus (b) all insurance, installation, cabling, maintenance, software and related expenses to the extent paid or financed by Lessor in its discretion (collectively, "**Soft Costs**") and as may be reflected in <u>Annex A</u> hereto. The aggregate Equipment Cost for all Equipment under this Schedule is $77,975.33.

**4. RENTAL PAYMENT AMOUNT.** The Monthly rental payment in respect of the Equipment ("**Rent**") is set forth below:

| Payments | Payment Amount |
|---|---|
| 1 to 22 | $1,615.90 |
| 23 to 60 | $1,421.23 |

**5. LEASE TERM.** The "**Lease Term**" of this Lease shall begin on the Commencement Date and shall consist of an "**Original Term**" equal to sixty (60) months, and the Original Term shall automatically be extended on a Monthly basis (each, an "**Extended Term**") unless either party notifies the other not later than ninety (90) days prior to the end of the Original Term or, for any Extended Term, thirty (30) days prior to the end of such Extended Term, of its election not to extend such lease term or extended term. The "**Commencement Date**" of this Lease and the "**Acceptance Date**" of the Equipment shall be the earlier to occur of the execution date specified in the certificate of acceptance, if any, delivered by Lessee ("**Certificate of Acceptance**") relating to the Equipment, or if the Equipment is delivered in multiple shipments, relating to the last item of Equipment delivered to Lessee. Notwithstanding any provision to the contrary contained in any Lease Document, Lessee shall be deemed to have irrevocably accepted, for purposes of the Lease, the

LESSOR'S COPY

Equipment on the Commencement Date. Lessee agrees to complete, sign and return to Lessor any Certificate of Acceptance sent to Lessee, within five days of Lessee's receipt and acceptance, or deemed acceptance, of the relevant Equipment, and, if Lessee fails to do so, Lessee shall (i) be deemed to have accepted and ratified such Certificate of Acceptance and (ii) be deemed to have authorized Lessor as attorney-in-fact, coupled with an interest, to complete and sign the Certificate of Acceptance on behalf and in the name of Lessee.

**6.  RENT PAYMENTS.** Rent for the Original Term shall be payable in 60 consecutive Monthly payments in advance, on the first day of each such period, commencing with the first day of the calendar month immediately following the Commencement Date (unless the Commencement Date is the first day of the month and rent is payable in advance, in which case the first Rent payment shall be due on such date). Lessor agrees that no Rent shall be payable for any period prior to the Commencement Date or for the period from the Commencement Date (provided such date is not the first day of the month) until, but not including, the first day of the calendar month immediately following the Commencement Date. Unless otherwise agreed in writing by the Lessor at such time, the Rent for any Extended Term shall be payable Monthly, in advance, and shall be an amount equivalent to that of the original Rent, adjusted, as applicable, for Soft Costs.

**7.  END OF TERM PURCHASE OPTION PRICE.** Lessee may or shall, as the case may be, purchase the Equipment in accordance with the terms of Paragraph 8 for the following amount (as checked and completed by Lessor):

        (a)     $1.00

   **X**  (b)     Fair Market Value (as defined in Paragraph 8).

**8.  END OF TERM PURCHASE OPTION.**
    (a)  If option (b) is selected at Paragraph 7, this Lease shall be deemed an **"FMV Lease"** and Lessee shall have an end of term purchase option as follows. (If no option is selected at Paragraph 7, option (b) shall be deemed to apply.) Provided this Lease has not been terminated earlier and there exists no Event of Default or event which with notice, lapse of time or both, would be an Event of Default, not earlier than 90 days and not later than 30 days before the end of the Original Term, Lessee may deliver to Lessor an irrevocable notice electing to purchase all (but not less than all) of the Equipment at the end of the Original Term for an amount equal to the amount specified in the provision selected (or deemed selected) in Paragraph 7, which amount Lessee shall pay to Lessor on the last day of the Original Term. If no such notice is delivered by Lessee to Lessor within such period, Lessee shall be deemed to have waived any right to purchase such Equipment.

    (b)  If option (a) of Paragraph 7 is selected, Lessee shall pay Lessor the amount specified in such option on the last day of the Original Term.

    (c)  Upon full payment to it of the amount specified in clause (a) or (b) of this Paragraph 8, Lessor shall transfer its right, title and interest in and to such Equipment to Lessee without recourse or warranty, except that Lessor shall warrant that such Equipment is free and clear of any lien or encumbrance arising by or through Lessor.

    (d)  **"Fair Market Value"** shall mean the value which would be obtained in an arm's-length transaction between an informed and willing buyer-user (other than a lessee currently in possession or a used equipment dealer) under no compulsion to buy, and an informed and willing seller under no compulsion to sell and, in such determination, costs of removal from the location of current use shall not be a deduction from such value. Fair Market Value shall be determined by the mutual agreement of Lessor and Lessee in accordance with the preceding sentence or, if Lessee and Lessor cannot agree within 20 days after Lessee's notice of election to purchase under clause (a) of this Paragraph 8, by a qualified independent equipment appraiser selected by Lessor, at Lessee's cost.

LESSOR'S COPY

**9. CASUALTY VALUE.** The Casualty Value of the Equipment shall at any time be the greater of (a) Fair Market Value at such time; or (b) as of the date of shipment from the Vendor, 110% of Equipment Cost, such amount to decrease from month to month thereafter by 1.69% of Equipment Cost.

**IN WITNESS WHEREOF,** Lessor and Lessee have caused this Schedule to be duly executed by their authorized representatives as of the date first above written. Each signatory of the Lessee represents that he or she is authorized to execute and deliver this Schedule on behalf of Lessee.

**Cisco Systems Capital Corporation, Lessor**

BY: _____

PRINT NAME: Nevin Garland
Territory Manager
Cisco Systems Capital

TITLE: _____

**The Standard Register Company, Lessee**

BY: _____

PRINT NAME: Robert Ginnan

TITLE: CFO



CISCO
Capital

## CERTIFICATE OF ACCEPTANCE

THIS **CERTIFICATE OF ACCEPTANCE** (this "Acceptance Certificate") UNDER SCHEDULE NO. 011-000, DATED AS OF December 3, 2009 TO MASTER AGREEMENT TO LEASE EQUIPMENT NO. 6670, DATED AS OF June 3, 2008, IS BETWEEN **Cisco Systems Capital Corporation**, Lessor, and The Standard Register Company, Lessee.

      This Acceptance Certificate is issued pursuant to the Master Agreement to Lease Equipment ("Master Agreement") and Schedule ("Schedule" and, together with the Master Agreement, the "Lease") designated above. Unless otherwise set forth herein, the terms used in this Acceptance Certificate shall have the same meanings defined in such Lease. Annex A, attached hereto, has been delivered to and accepted by Lessee as of the date of signature below for purposes of the Lease. Except as expressly set forth otherwise in the Lease, the Commencement Date shall be the execution date of this Acceptance Certificate.

      Lessee confirms and agrees that (i) no Event of Default under any Lease entered into pursuant to the Master Agreement has occurred and is continuing, and (ii) the representations and warranties in the Lease, if any, are correct and complete as though made on and as of the date hereof and shall continue to be correct and complete throughout the Lease Term of each item of Equipment accepted hereby.

      The person signing this Acceptance Certificate on behalf of Lessee hereby certifies that such person has read and acknowledges all terms and conditions of the Lease, and is duly authorized to execute this Acceptance Certificate on behalf of Lessee. This Acceptance Certificate shall be executed by Lessee and promptly returned to Lessor.

**The Standard Register Company,**
**Lessee**

By: _____

Title: _____ CFO _____

Acceptance Date: _____ 4|28|10 _____

# ANNEX A

**The Standard Register Company**
MLA No. 6670
Schedule No. 011-000

cisco Capital

| Sales Order Number | Lessee PO Number | CSC PO Number | Invoice Number | Invoice Date | Part Number | Qty | Unit Price | Extended Amount | Net Amount | Shipping & Handling | Street 1 | City | St | Zip |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| N/A | 7960 | 76010 | TCC0000059BDD08428 | 01-MAR-2010 | CUWL-LIC-ADDON | 1 | $0.00 | $0.00 | $0.00 | $0.00 | 600 ALBANY ST | Dayton | OH | 45408 |
| N/A | 7960 | 76010 | TCC0000059BDD08428 | 01-MAR-2010 | LIC-UWLSTD-ADDON | 110 | $160.81 | $17,689.10 | $17,689.10 | $0.00 | 600 ALBANY ST | Dayton | OH | 45408 |
| N/A | 7960 | 76010 | TCC0000059BDD08428 | 01-MAR-2010 | UCSS-UWL-STD | 110 | $34.64 | $3,810.40 | $3,810.40 | $0.00 | 600 ALBANY ST | Dayton | OH | 45408 |
| N/A | 7960 | 76010 | TCC0000059BDD08428 | 01-MAR-2010 | PUB-CIP-DEV-UWL | 20 | $74.22 | $1,484.40 | $1,484.40 | $0.00 | 600 ALBANY ST | Dayton | OH | 45408 |
| N/A | 7960 | 76010 | TCC0000059BDD08428 | 01-MAR-2010 | UCSS-PUB-UWL-3-1 | 20 | $22.26 | $445.20 | $445.20 | $0.00 | 600 ALBANY ST | Dayton | OH | 45408 |
| N/A | 7960 | 76010 | TCC0000059BDD08428 | 01-MAR-2010 | UNITY-E-50-UWLA | 1 | $0.00 | $0.00 | $0.00 | $0.00 | 600 ALBANY ST | Dayton | OH | 45408 |
| N/A | 7960 | 76010 | TCC0000059BDD08428 | 01-MAR-2010 | CUVA-CLIENT-UWL | 110 | $0.00 | $0.00 | $0.00 | $0.00 | 600 ALBANY ST | Dayton | OH | 45408 |
| N/A | 7960 | 76010 | TCC0000059BDD08428 | 01-MAR-2010 | CUVA-CLIENT-UWL | 55 | $0.00 | $0.00 | $0.00 | $0.00 | 600 ALBANY ST | Dayton | OH | 45408 |
| N/A | 7960 | 76010 | TCC0000059BDD08428 | 01-MAR-2010 | UPCC-CLIENT-UWL | 55 | $0.00 | $0.00 | $0.00 | $0.00 | 600 ALBANY ST | Dayton | OH | 45408 |
| N/A | 7960 | 76010 | TCC0000059BDD08428 | 01-MAR-2010 | UPCC-CLIENT-UWL | 1 | $0.00 | $0.00 | $0.00 | $0.00 | 600 ALBANY ST | Dayton | OH | 45408 |
| N/A | 7960 | 76010 | TCC0000059BDD08428 | 01-MAR-2010 | EXIST-DEPL-1KTO10K | 1 | $0.00 | $0.00 | $0.00 | $0.00 | 600 ALBANY ST | Dayton | OH | 45408 |
| N/A | 7960 | 76010 | TCC0000059BDD08428 | 01-MAR-2010 | UNITY-4D-UWLA-PAK | 1 | $0.00 | $0.00 | $0.00 | $0.00 | 600 ALBANY ST | Dayton | OH | 45408 |
| N/A | 7960 | 76010 | TCC0000059BDD08428 | 01-MAR-2010 | CUCM-UWL-PAK | 1310 | $0.00 | $0.00 | $0.00 | $0.00 | 600 ALBANY ST | Dayton | OH | 45408 |
| N/A | 7960 | 76010 | TCC0000059BDD08428 | 01-MAR-2010 | UNITY-50-PRO-UWL | 110 | $0.00 | $0.00 | $0.00 | $0.00 | 600 ALBANY ST | Dayton | OH | 45408 |
| N/A | 7960 | 76010 | TCC0000059BDD08428 | 01-MAR-2010 | CIPC-UWL-RTU | 55 | $0.00 | $0.00 | $0.00 | $0.00 | 600 ALBANY ST | Dayton | OH | 45408 |
| N/A | 7960 | 76010 | TCC0000059BDD08428 | 01-MAR-2010 | CIPC-UWL | 1 | $0.00 | $0.00 | $0.00 | $0.00 | 600 ALBANY ST | Dayton | OH | 45408 |
| N/A | 7960 | 76010 | TCC0000059BDD08428 | 01-MAR-2010 | CUVA-UWL | 110 | $0.00 | $0.00 | $0.00 | $0.00 | 600 ALBANY ST | Dayton | OH | 45408 |
| N/A | 7960 | 76010 | TCC0000059BDD08428 | 01-MAR-2010 | CUVA-UWL-RTU | 1 | $0.00 | $0.00 | $0.00 | $0.00 | 600 ALBANY ST | Dayton | OH | 45408 |
| N/A | 7960 | 76010 | TCC0000059BDD08428 | 01-MAR-2010 | LIC-UWL-STD-1K | 110 | $0.00 | $0.00 | $0.00 | $0.00 | 600 ALBANY ST | Dayton | OH | 45408 |
| N/A | 7960 | 76010 | TCC0000059BDD08428 | 01-MAR-2010 | UCSS-ANL-UWL-PAK | 1 | $0.00 | $0.00 | $0.00 | $0.00 | 600 ALBANY ST | Dayton | OH | 45408 |
| N/A | 7960 | 76010 | TCC0000059BDD08428 | 01-MAR-2010 | UCSS-UWL-STD-PK | 1 | $0.00 | $0.00 | $0.00 | $0.00 | 600 ALBANY ST | Dayton | OH | 45408 |
| N/A | 7960 | 76010 | TCC0000059BDD08428 | 01-MAR-2010 | CON-ESW-CUWLLADD | 1 | $6.14 | $122.75 | $122.75 | $0.00 | 600 ALBANY ST | Dayton | OH | 45408 |
| N/A | 7960 | 76010 | TCC0000059BDD08428 | 01-MAR-2010 | CON-ESW-IPDEVUWL | 20 | $0.00 | $0.00 | $0.00 | $0.00 | 600 ALBANY ST | Dayton | OH | 45408 |
| N/A | 7960 | 76010 | TCC0000059BDD08428 | 01-MAR-2010 | CON-ESW-CUWLLADD | 1 | $0.00 | $0.00 | $0.00 | $0.00 | 600 ALBANY ST | Dayton | OH | 45408 |
| N/A | 7960 | 76010 | TCC0000059BDD08428 | 01-MAR-2010 | CON-ESW-50UWVAPK | 1 | $0.00 | $0.00 | $0.00 | $0.00 | 600 ALBANY ST | Dayton | OH | 45408 |
| N/A | 7960 | 76010 | TCC0000059BDD08428 | 01-MAR-2010 | CON-ESW-UWLSTTK | 110 | $0.00 | $0.00 | $0.00 | $0.00 | 600 ALBANY ST | Dayton | OH | 45408 |
| N/A | 7960 | 76010 | TCC0000059BDD08428 | 01-MAR-2010 | CON-ESW-UWLSTTK | 200 | $23.02 | $2,531.82 | $2,531.82 | $0.00 | 600 ALBANY ST | Dayton | OH | 45408 |
| N/A | 7960 | 76010 | TCC0000059BDD08428 | 01-MAR-2010 | CP-7937G= | 2C | $170.70 | $34,140.00 | $34,140.00 | $0.00 | 600 ALBANY ST | Dayton | OH | 45408 |
| N/A | 7960 | 76010 | TCC0000059BDD08428 | 01-MAR-2010 | CON-SNT-CP7937 | 2C | $640.75 | $12,815.00 | $12,815.00 | $0.00 | 600 ALBANY ST | Dayton | OH | 45408 |
| N/A | 7960 | 76010 | TCC0000059BDD08428 | 01-MAR-2010 | CON-SNT-CP7937 | 2C | $73.65 | $1,473.06 | $1,473.06 | $0.00 | 600 ALBANY ST | Dayton | OH | 45408 |
| N/A | 7960 | 76010 | TCC0000059BDD08428 | 01-MAR-2010 | CP-7937-MIC-KIT= | 2C | $173.18 | $3,463.60 | $3,463.60 | $0.00 | 600 ALBANY ST | Dayton | OH | 45408 |
| N/A | 7960 | 76010 | TCC0000059BDD08428 | 01-MAR-2010 | FREIGHT | 1 | $0.00 | $0.00 | $0.00 | $0.00 | 600 ALBANY ST | Dayton | OH | 45408 |

| | | | | | | | **Location Subtotal** | $77,975.33 | $77,975.33 | $997.62 | | | | |
| | | | | | | | **Financed Taxes** | $6,268.96 | $6,268.96 | | | | | |
| | | | | | | | **Grand Total** | $84,244.29 | $64,244.29 | $997.62 | | | | |



LESSOR'S COPY

CISCO.
Capital

SCHEDULE NO. 012-000

**Master Agreement to Lease Equipment No. 6670**

**THIS SCHEDULE NO.** 012-000 (this "**Schedule**") dated as of March 3, 2010, by and between **CISCO SYSTEMS CAPITAL CORPORATION** ("**Lessor**"), having its principal place of business at 170 West Tasman Drive, Mailstop SJC13/3, San Jose, California 95134; and **The Standard Register Company** ("**Lessee**"), having its principal place of business at 600 Albany Street, Dayton, OH 45401, supplements that certain Master Agreement to Lease Equipment No. 6670 (the "**Agreement**", and together with this Schedule, the "**Lease**") between Lessor and Lessee, incorporated herein by this reference. Capitalized terms not otherwise defined herein have the meanings specified in the Agreement.

**1.   EQUIPMENT DESCRIPTION.** Quantity, manufacturer, and model of the Equipment subject to this Schedule are as specified in Annex A hereto. Lessee acknowledges that complete and definitive descriptive and location information regarding the Equipment may not be available at the time of preparation of this Schedule and any Certificate of Acceptance and hereby irrevocably authorizes Lessor, without any further action or agreement by Lessee, to modify or replace any annex to this Schedule or any Certificate of Acceptance in order to supplement, correct or replace such information, as Lessor may deem appropriate, to the extent necessary to accurately document the Equipment information subject to the Schedule, and agrees to be bound thereby as though attached hereto or thereto in such form at the time of Lessee's execution of this Schedule or such Certificate of Acceptance.

**2.   EQUIPMENT LOCATION.** The Equipment shall at all times be installed or located at the location specified in Annex A or in the applicable Certificate of Acceptance, or such other location as is permitted under the Agreement.

**3.   EQUIPMENT COST.** The "**Equipment Cost**" for any item of Equipment is the sum of (a) the equipment purchase price specified in the invoice now or hereafter issued by the Vendor in relation to the Equipment, plus (b) all insurance, installation, cabling, maintenance, software and related expenses to the extent paid or financed by Lessor in its discretion (collectively, "**Soft Costs**") and as may be reflected in Annex A hereto. The aggregate Equipment Cost for all Equipment under this Schedule is $57,390.00.

**4.   RENTAL PAYMENT AMOUNT.** The Monthly rental payment in respect of the Equipment ("**Rent**") is set forth below:

| Payments | Payment Amount |
|---|---|
| 1 to 60 | $1,048.34 |

**5.   LEASE TERM.** The "**Lease Term**" of this Lease shall begin on the Commencement Date and shall consist of an "**Original Term**" equal to sixty (60) months, and the Original Term shall automatically be extended on a month-to-month basis (each, an "**Extended Term**") unless either party notifies the other not later than ninety (90) days prior to the end of the Original Term or, for any Extended Term, thirty (30) days prior to the end of such Extended Term, of its election not to extend such lease term or extended term. The "**Commencement Date**" of this Lease and the "**Acceptance Date**" of the Equipment shall be the earlier to occur of the execution date specified in the certificate of acceptance, if any, delivered by Lessee ("**Certificate of Acceptance**") relating to the Equipment, or if the Equipment is delivered in multiple shipments, relating to the last item of Equipment delivered to Lessee. Notwithstanding any provision to the contrary contained in any Lease Document, Lessee shall be deemed to have irrevocably accepted, for purposes of the Lease, the Equipment on the Commencement Date. Lessee agrees to complete, sign and return to Lessor any Certificate of Acceptance sent to Lessee, within five days of Lessee's receipt and acceptance, or deemed acceptance, of the relevant Equipment, and, if Lessee fails to do so, Lessee shall (i) be deemed to have accepted and ratified such Certificate of Acceptance and (ii) be deemed to have authorized Lessor as attorney-in-fact, coupled with an interest, to complete and sign the Certificate of Acceptance on behalf and in the name of Lessee.

**6.   RENT PAYMENTS.** Rent for the Original Term shall be payable in 60 consecutive monthly payments in advance, on the first day of each such period, commencing with the first day of the calendar month immediately following the Commencement Date (unless the Commencement Date is the first day of the month and rent is payable in advance, in which case the first Rent payment shall be due on such date). Lessor agrees that no Rent shall be payable for any period prior to the

LESSOR'S COPY

Commencement Date or for the period from the Commencement Date (provided such date is not the first day of the month) until, but not including, the first day of the calendar month immediately following the Commencement Date. Unless otherwise agreed in writing by the Lessor at such time, the Rent for any Extended Term shall be payable monthly, in advance, and shall be an amount equivalent to that of the original Rent, adjusted, as applicable, for Soft Costs.

7.    END OF TERM PURCHASE OPTION PRICE.  Lessee may or shall, as the case may be, purchase the Equipment in accordance with the terms of Paragraph 8 for the following amount (as checked and completed by Lessor):

☐   (a)    $   1.00

☒   (b)    Fair Market Value (as defined in Paragraph 8).

8.    END OF TERM PURCHASE OPTION.

(a)  If option (b) is selected at Paragraph 7, this Lease shall be deemed an "FMV Lease" and Lessee shall have an end of term purchase option as follows.  (If no option is selected at Paragraph 7, option (b) shall be deemed to apply.)  Provided this Lease has not been terminated earlier and there exists no Event of Default or event which with notice, lapse of time or both, would be an Event of Default, not earlier than 90 days and not later than 30 days before the end of the Original Term, Lessee may deliver to Lessor an irrevocable notice electing to purchase all (but not less than all) of the Equipment at the end of the Original Term for an amount equal to the amount specified in the provision selected (or deemed selected) in Paragraph 7, which amount Lessee shall pay to Lessor on the last day of the Original Term.  If no such notice is delivered by Lessee to Lessor within such period, Lessee shall be deemed to have waived any right to purchase such Equipment.

(b)  If option (a) of Paragraph 7 is selected, Lessee shall pay Lessor the amount specified in such option on the last day of the Original Term.

(c)  Upon full payment to it of the amount specified in clause (a) or (b) of this Paragraph 8, Lessor shall transfer its right, title and interest in and to such Equipment to Lessee without recourse or warranty, except that Lessor shall warrant that Lessor shall transfer to Lessee good and marketable title in and to such Equipment free and clear of any lien or encumbrance arising by or through Lessor.

(d)  "Fair Market Value" shall mean the value which would be obtained in an arm's-length transaction between an informed and willing buyer-user (other than a lessee currently in possession or a used equipment dealer) under no compulsion to buy, and an informed and willing seller under no compulsion to sell and, in such determination, costs of removal from the location of current use shall not be a deduction from such value.  Fair Market Value shall be determined by the mutual agreement of Lessor and Lessee in accordance with the preceding sentence or, if Lessee and Lessor cannot agree within 20 days after Lessee's notice of election to purchase under clause (a) of this Paragraph 8, by a qualified independent equipment appraiser selected by Lessor, at Lessee's cost.

9.    CASUALTY VALUE.  The Casualty Value of the Equipment shall at any time be the greater of (a) Fair Market Value at such time; or (b) as of the date of shipment from the Vendor, 110% of Equipment Cost, such amount to decrease from month to month thereafter by 1.69% of Equipment Cost.

IN WITNESS WHEREOF, Lessor and Lessee have caused this Schedule to be duly executed by their authorized representatives as of the date first above written.  Each signatory of the Lessee represents that he or she is authorized to execute and deliver this Schedule on behalf of Lessee.

Cisco Systems Capital Corporation, Lessor

By: _____

Print Name: _____
                        Nevin Garland
                        Territory Manager
Title: _____
                        Cisco Systems Capital


The Standard Register Company, Lessee

By: _____

Print Name: ROBERT M. GINNAN

Title: CFO



CISCO
Capital

## CERTIFICATE OF ACCEPTANCE

THIS CERTIFICATE OF ACCEPTANCE (this "Acceptance Certificate") UNDER SCHEDULE NO. 012-000, DATED AS OF March 3, 2010 TO MASTER AGREEMENT TO LEASE EQUIPMENT NO. 6670, DATED AS OF June 3, 2008, IS BETWEEN Cisco Systems Capital Corporation, Lessor, and The Standard Register Company, Lessee.

      This Acceptance Certificate is issued pursuant to the Master Agreement to Lease Equipment ("Master Agreement") and Schedule ("Schedule" and, together with the Master Agreement, the "Lease") designated above. Unless otherwise set forth herein, the terms used in this Acceptance Certificate shall have the same meanings defined in such Lease. Annex A, attached hereto, has been delivered to and accepted by Lessee as of the date of signature below for purposes of the Lease. Except as expressly set forth otherwise in the Lease, the Commencement Date shall be the execution date of this Acceptance Certificate.

      Lessee confirms and agrees that (i) no Event of Default under any Lease entered into pursuant to the Master Agreement has occurred and is continuing, and (ii) the representations and warranties in the Lease, if any, are correct and complete as though made on and as of the date hereof and shall continue to be correct and complete throughout the Lease Term of each item of Equipment accepted hereby.

      The person signing this Acceptance Certificate on behalf of Lessee hereby certifies that such person has read and acknowledges all terms and conditions of the Lease, and is duly authorized to execute this Acceptance Certificate on behalf of Lessee. This Acceptance Certificate shall be executed by Lessee and promptly returned to Lessor.

**The Standard Register Company,**
Lessee

By: _Robt M Ginn_

Title: _CHIEF FINANCIAL OFFICER_

Acceptance Date: _10 / 1 / 10_

**CISCO** Capital

## ANNEX A

### The Standard Register Company
MLA No. 6670
Schedule No. 012-000

| Sales Order | Lessee PO Number | CSC PO Number | Invoice Number | Invoice Date | Part Number | Qty | Unit Price | Extended Amount | Net Amount | Shipping & Handling | Street 1: | City | St | Zip |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| N/A | 7960 | 76983 | TC00000005690DD08838 | 25-JUN-2010 | CP-7941G= | 43 | $170.68 | $7,339.24 | $7,339.24 | $0.00 | 900 KIMBERLY DR | Carol Stream | IL | 60188 |
| N/A | 7960 | 76983 | TC00000005690DD08838 | 25-JUN-2010 | CP-7941G= | 1 | $170.68 | $170.68 | $170.68 | $0.00 | 900 KIMBERLY DR | Carol Stream | IL | 60188 |
| N/A | 7960 | 76983 | TC00000005690DD08838 | 25-JUN-2010 | L-LIC-UWL-STD-ADD | 44 | $160.80 | $7,075.20 | $7,075.20 | $0.00 | 900 KIMBERLY DR | Carol Stream | IL | 60188 |
| N/A | 7960 | 76983 | TC00000005690DD08838 | 25-JUN-2010 | L-UCSS-UWL-STD-3-1 | 44 | $34.63 | $1,523.72 | $1,523.72 | $0.00 | 900 KIMBERLY DR | Carol Stream | IL | 60188 |
| N/A | 7960 | 76983 | TC00000005690DD08838 | 25-JUN-2010 | L-CUVA-CLIENT-UWL | 44 | $0.00 | $0.00 | $0.00 | $0.00 | 900 KIMBERLY DR | Carol Stream | IL | 60188 |
| N/A | 7960 | 76983 | TC00000005690DD08838 | 25-JUN-2010 | L-IPC7-CLIENT-UWL | 44 | $0.00 | $0.00 | $0.00 | $0.00 | 900 KIMBERLY DR | Carol Stream | IL | 60188 |
| N/A | 7960 | 76983 | TC00000005690DD08838 | 25-JUN-2010 | L-CUCM-UWL | 550 | $0.00 | $0.00 | $0.00 | $0.00 | 900 KIMBERLY DR | Carol Stream | IL | 60188 |
| N/A | 7960 | 76983 | TC00000005690DD08838 | 25-JUN-2010 | L-LIC-UWL-STD1 | 44 | $0.00 | $0.00 | $0.00 | $0.00 | 900 KIMBERLY DR | Carol Stream | IL | 60188 |
| | | | | | **Location Subtotal** | | | $16,108.84 | $16,108.84 | $0.00 | | | | |
| N/A | 7960 | 76983 | TC00000005690DD08839 | 25-JUN-2010 | CP-7941G= | 56 | $170.68 | $9,558.08 | $9,556.08 | $0.00 | 600 Albany St. | Dayton | OH | 45408 |
| N/A | 7960 | 76983 | TC00000005690DD08838 | 25-JUN-2010 | CP-7961G= | 50 | $220.15 | $11,007.50 | $11,007.50 | $0.00 | 600 Albany St. | Dayton | OH | 45408 |
| N/A | 7960 | 76983 | TC00000005690DD08839 | 25-JUN-2010 | L-CUWL-LIC-ADDON | 1 | $0.00 | $0.00 | $0.00 | $0.00 | 600 Albany St. | Dayton | OH | 45408 |
| N/A | 7960 | 76983 | TC00000005690DD08838 | 25-JUN-2010 | L-LIC-UWL-STD-ADD | 106 | $160.80 | $17,044.80 | $17,044.80 | $0.00 | 600 Albany St. | Dayton | OH | 45408 |
| N/A | 7960 | 76983 | TC00000005690DD08838 | 25-JUN-2010 | L-UCSS-UWL-STD-3-1 | 106 | $34.63 | $3,670.78 | $3,670.78 | $0.00 | 600 Albany St. | Dayton | OH | 45408 |
| N/A | 7960 | 76983 | TC00000005690DD08838 | 25-JUN-2010 | L-CUVA-CLIENT-UWL | 106 | $0.00 | $0.00 | $0.00 | $0.00 | 600 Albany St. | Dayton | OH | 45408 |
| N/A | 7960 | 76983 | TC00000005690DD08838 | 25-JUN-2010 | L-IPC7-CLIENT-UWL | 106 | $0.00 | $0.00 | $0.00 | $0.00 | 600 Albany St. | Dayton | OH | 45408 |
| N/A | 7960 | 76983 | TC00000005690DD08838 | 25-JUN-2010 | L-EXST-DEP-1KT010K | 1 | $0.00 | $0.00 | $0.00 | $0.00 | 600 Albany St. | Dayton | OH | 45408 |
| N/A | 7960 | 76983 | TC00000005690DD08838 | 25-JUN-2010 | L-CIPC-UWL-RTU | 1 | $0.00 | $0.00 | $0.00 | $0.00 | 600 Albany St. | Dayton | OH | 45408 |
| N/A | 7960 | 76983 | TC00000005690DD08838 | 25-JUN-2010 | L-CUCM-UWL | 1100 | $0.00 | $0.00 | $0.00 | $0.00 | 600 Albany St. | Dayton | OH | 45408 |
| N/A | 7960 | 76983 | TC00000005690DD08838 | 25-JUN-2010 | L-CUCM-UWL-PAK | 1 | $0.00 | $0.00 | $0.00 | $0.00 | 600 Albany St. | Dayton | OH | 45408 |
| N/A | 7960 | 76983 | TC00000005690DD08838 | 25-JUN-2010 | L-CUVA-UWL-RTU | 1 | $0.00 | $0.00 | $0.00 | $0.00 | 600 Albany St. | Dayton | OH | 45408 |
| N/A | 7960 | 76983 | TC00000005690DD08838 | 25-JUN-2010 | L-LIC-UWL-STD1 | 106 | $0.00 | $0.00 | $0.00 | $0.00 | 600 Albany St. | Dayton | OH | 45408 |
| N/A | 7960 | 76983 | TC00000005690DD08838 | 25-JUN-2010 | L-UCSS-UWL-STD-PAK | 1 | $0.00 | $0.00 | $0.00 | $0.00 | 600 Albany St. | Dayton | OH | 45408 |
| N/A | 7960 | 76983 | TC00000005690DD08838 | 25-JUN-2010 | FREIGHT CHARGES | 1 | $0.00 | $0.00 | $555.59 | $555.59 | 600 Albany St. | Dayton | OH | 45408 |
| N/A | 7960 | 76983 | TC00000005690DD08838 | 25-JUN-2010 | FREIGHT CHARGES | 1 | $0.00 | $0.00 | $0.00 | $0.00 | 600 Albany St. | Dayton | OH | 45408 |
| | | | | | **Location Subtotal** | | | $41,281.16 | $41,281.16 | $555.59 | | | | |
| | | | | | **Financed Taxes** | | | $3,632.61 | $3,632.61 | | | | | |
| | | | | | **Grand Total** | | | $61,022.81 | $61,022.81 | $555.59 | | | | |