# EXHIBIT C

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>THE STANDARD REGISTER COMPANY, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-10541 (BLS)<br><br>Jointly Administered<br><br>Re: Docket Nos. 23, 286 & 307 |

**FIRST AMENDED NOTICE OF (I) ENTRY INTO STALKING HORSE AGREEMENT AND (II) POTENTIAL ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. On March 12, 2015, The Standard Register Company and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") filed a motion [Docket No. 23] (the "Sale Motion") with the United States Bankruptcy Court for the District of Delaware (the "Court") seeking among other things, entry of an order: (a) approving and authorizing (i) bidding procedures in connection with the sale of substantially all of the Debtors' assets (collectively, the "Transferred Assets"); (ii) stalking horse bid protections; (iii) the form and manner of notice of the sale hearing (the "Sale Hearing"); and (iv) other related relief; and (b) authorizing and approving the sale of the Transferred Assets free and clear of all liens, claims, and encumbrances (except Permitted Encumbrances); (ii) approving the asset purchase agreement (the "Purchase Agreement") entered into by and between the Debtors, as sellers, and a group led by an affiliate of Silver Point Capital, L.P. (the "Stalking Horse") (or if the Stalking Horse is not the Successful Bidder, then a modified Purchase Agreement); (iii) authorizing and approving the assumption and assignment of certain executory contracts and unexpired leases (collectively, the "Assumed Contracts"); and (iv) related relief.[2]

2. On April 15, 2015, the Court entered an order [Docket No. 286] (the "Bidding Procedures Order") approving, among other things, procedures for the assumption and assignment of the Assumed Contracts (the "Assumption Procedures").

3. The Sale Hearing is currently scheduled to be held on **June 17, 2015 at 10:00 a.m. (prevailing Eastern Time)** at the United States Bankruptcy Court for the District of

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Sale Motion.

01:17020692.1

1

Delaware, 824 North Market Street, Wilmington DE 19801, before the Honorable Brendan L. Shannon, Chief United States Bankruptcy Judge for the United States Bankruptcy Court for the District of Delaware. The Sale Hearing may be adjourned or rescheduled without notice other than by announcement of the adjourned date at the Sale Hearing or notation on any applicable hearing agenda, provided that the Debtors first consult with the Consultation Parties.

4. On April 17, 2015, the Debtors filed that certain *Notice of (i) Entry into Stalking Horse Agreement and (ii) Potential Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale of Substantially All of the Debtors' Assets* [Docket No. 307] (the "Cure Notice"). Attached thereto as Exhibit 1 was a list (the "Potential Assignment Schedule")[3] of Assumed Contracts that the Debtors may seek to assume and assign in connection with the sale of the Transferred Assets. In the Cure Notice, the Debtors reserved the right to delete items from, supplement and modify the Potential Assignment Schedule at any time. The Debtors have amended the Potential Assignment Schedule with respect to certain Assumed Contract(s), and a revised Potential Assignment Schedule (the "First Amended Potential Assignment Schedule") is attached hereto as Exhibit 1. **All revisions to the Potential Assignment Schedule are reflected in bold on the First Amended Potential Assignment Schedule attached hereto**. The Debtors reserve the right to modify the First Amended Potential Assignment Schedule at any time, provided that to the extent that the Debtors add any Assumed Contract(s) to the First Amended Potential Assignment Schedule or modify the Cure Amount(s), the affected party shall receive a separate notice and an opportunity to object to such addition or modification. **Please be advised that the inclusion of any Assumed Contract(s) on the Potential Assignment Schedule or First Amended Potential Assignment Schedule shall not be construed as an admission by the Debtors that such Assumed Contract is an executory contract or unexpired lease as such terms are used in section 365 of the Bankruptcy Code.**

5. Objections, if any, **only to the proposed assumption and assignment of any of the new or revised Assumed Contract(s) and/or Cure Amount(s)** must: (a) be in writing, (b) set forth the basis for the objection as well as any Cure Amount that the objector asserts to be due (in all cases with appropriate documentation in support thereof), and (c) be filed with the Clerk of the Court, United States Bankruptcy Court for the District of Delaware, 824 North Market Street, Wilmington DE 19801, and served on the following parties so as to be **actually received no later than 4:00 p.m. (prevailing Eastern Time) on May 18, 2015 (the "Objection Deadline")**: upon (i) co-counsel to the Debtors: Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166 (Attn: Barbara Becker and Michael A. Rosenthal) and Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801 (Attn: Michael R. Nestor); (ii) counsel the Stalking Horse and Prepetition Term Loan Agent: Skadden, Arps, Slate, Meagher & Flom LLP, 155 N. Wacker Drive, Chicago, IL 60606 (Attn: Ron Meisler and Christopher Dressel; (iii) counsel to the Pre-Petition ABL Agent and ABL DIP Agent: Parker, Hudson, Rainer & Dobbs LLP, 1500 Marquis Two Tower, 285 Peachtree Center Avenue, Atlanta, Georgia 30303 (Attn: Edward Dobbs and James S. Rankin,

---

[3] Due to the confidential nature of the Debtors' customers (collectively, the "Customers"), the Debtors omitted customer names and applicable cure amounts from the Potential Assignment Schedule. Concurrently with its filing, the Debtors sent customized cure notices to all contract counterparties, including the Customers, setting forth the applicable Cure Amount(s) for any Assumed Contract with such parties. Customers that have questions regarding the delivery of the customized Contract Notice may contact the Debtors' claims and noticing agent, Prime Clerk LLC, at (855) 842-4124 or standardregisterinfo@primeclerk.com.

01:17020692.1

Jr., and Richard Layton & Finger, One Rodney Square, 920 North King Street, Wilmington, Delaware 19801 (Attn: Mark D. Collins); and (iv) proposed counsel to the Official Committee of Unsecured Creditors: Lowenstein Sandler LLP, 1251 Avenue of the Americas New York, NY 10020 (Attn: Sharon L. Levine and Wojciech Jung).  If any objections are received and not otherwise resolved, such objections will be heard at the Sale Hearing scheduled for **June 17, 2015 at 10:00 a.m. (prevailing Eastern Time)** at the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Wilmington, DE 19801, before the Honorable Brendan L. Shannon, Chief United States Bankruptcy Judge for the United States Bankruptcy Court for the District of Delaware, or at a later hearing as determined by the Debtors.  **As set forth in the Cure Notice, objections to the proposed assumption and assignment of any Assumed Contract(s) listed on the Potential Assignment Schedule and not otherwise affected by the First Amended Potential Assignment Schedule, attached hereto, remain due on May 8, 2015 at 4:00 p.m. (ET).**

6. To the extent that any entity does not timely object as set forth above, such entity shall be (a) forever barred from objecting to the assumption and assignment of any of the Assumed Contracts identified on this Assumption Notice, including, without limitation, asserting any additional cure payments or requesting additional adequate assurance of future performance, (b) deemed to have consented to the applicable Cure Amount, if any, and to the assumption and assignment of the applicable Assumed Contract, (c) bound to such corresponding Cure Amount, if any, (d) deemed to have agreed that the Stalking Horse has provided adequate assurance of future performance within the meaning of section 365(b)(1)(C) of the Bankruptcy Code, (e) deemed to have agreed that all defaults under the applicable Assumed Contract arising or continuing prior to the effective date of the assignment have been cured as a result or precondition of the assignment, such that the Stalking Horse or the Debtors shall have no liability or obligation with respect to any default occurring or continuing prior to the assignment, and from and after the date of the assignment the applicable Assumed Contract shall remain in full force and effect for the benefit of the Stalking Horse and such entity in accordance with its terms, (f) deemed to have waived any right to terminate the applicable Assumed Contract or designate an early termination date under the applicable Assumed Contract as a result of any default that occurred and/or was continuing prior to the assignment date, and (g) deemed to have agreed that the terms of the Sale Order shall apply to the assumption and assignment of the applicable Assumed Contract.

7. Any request for adequate assurance information regarding the Stalking Horse (a "Request for Adequate Assurance") must include an email address, postal address and/or facsimile number to which a response to such request will be sent.  Upon receiving a Request for Adequate Assurance, the Debtors, in consultation with the Stalking Horse, shall promptly provide such party with any non-confidential information reasonably related to adequate assurance by email, facsimile or overnight delivery.

8. Failure of any entity to timely file or raise any objection as set forth herein shall be deemed to constitute consent to the sale of the Transferred Assets to the Stalking Horse and other relief requested in the Sale Motion, and be a bar to any objection to the Sale Motion, the sale of the Transferred Assets, assumption and assignment of the applicable contracts and leases and acceptance of the Proposed Cure Amount, or the Debtors' consummation and performance of the terms of the asset purchase agreement entered into with the Stalking Horse, if authorized by the Court.

| | |
|---|---|
| Dated: April 27, 2015<br>Wilmington, Delaware | */s/ Andrew L. Magaziner*<br>Michael R. Nestor (No. 3526)<br>Kara Hammond Coyle (No. 4410)<br>Maris J. Kandestin (No. 5294)<br>Andrew L. Magaziner (No. 5426)<br>YOUNG CONAWAY STARGATT & TAYLOR, LLP<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone:    (302) 571-6600<br>Facsimile:    (302) 571-1253<br>mnestor@ycst.com<br>kcoyle@ycst.com<br>mkandestin@ycst.com<br>amagaziner@ycst.com<br><br>-and-<br><br>Michael A. Rosenthal (NY No. 4697561)<br>Robert A. Klyman (CA No. 142723)<br>Samuel A. Newman (CA No. 217042)<br>Jeremy L. Graves (CO No. 45522)<br>Sabina Jacobs (CA No. 274829)<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071-1512<br>Telephone: (213) 229-7000<br>Facsimile: (213) 229-7520<br>mrosenthal@gibsondunn.com<br>rklyman@gibsondunn.com<br>snewman@gibsondunn.com<br>jgraves@gibsondunn.com<br>sjacobs@gibsondunn.com<br><br>*Counsel to the Debtors and Debtors in Possession* |

**Exhibit 1**

First Amended Potential Assignment Schedule

| Contract Counterparty | Description of Agreement | Proposed Cure Amount ($) |
|---|---|---|
| Chris Wentz | WorkflowOne Agreement with Regional Sales Manager | $0.00 |
| Chromatic Technologies | Bilateral Non-Disclosure Agreement | $3,600.00 |
| Chubb de Mexico, Compaiiia de Seguros, S.A. de C. V. | SEGURO DE: MULTIPLE EMPRESARIAL | $0.00 |
| Chubb Group of Insurance Companies | Insurance Agreement | $0.00 |
| Chubb Group of Insurance Companies / VIGILANT INSURANCE COMPANY | International Commercial Insurance | $0.00 |
| Cincinnati Bell Wireless LLC | Wireless Service Agreement | $2,000.05 |
| Cincom | License Agreements | $0.00 |
| Cincom Systems, Inc. | Software Agreement | $0.00 |
| Cintas | Cintas Rental Agreement | $20,921.44 |
| Cintas Corporation | National Shredding Agreement | $27,601.17 |
| Cintas Corporation | Cintas Corporation National Shredding Agreement | $0.00 |
| Cisco Systems | Service Agreement | $0.00 |
| Cisco Systems Capital | Trade Customs Agreement | $0.00 |
| Cisco Systems Capital | Master Agreement | $0.00 |
| Cisco Systems Capital Corporation | Master Agreement | $1,522.99 |
| CIT Communications Finance Corporation | Master Equipment Lease Agreement | $15,658.95 |
| CIT Group, INC | CONTINUING CORPORATE GUARANTY | $0.00 |
| CIT TECHNOLOGIES COROPORATION | MASTER SCHEDULE LEASE AGREEMENT | $0.00 |
| CIT TECHNOLOGIES CORPORATION | MASTER EQUIPEMENT LEASE AGREEMENT SCHEDULE | $0.00 |
| CIT TECHNOLOGIES CORPORATION | MASTER EQUIPEMENT LEASE AGREEMENT SCHEDULE | $0.00 |
| CIT Technologies Corporation | Master Equipment Lease Agreement | $0.00 |
| CIT TECHNOLOGIES CORPORATION | MASTER EQUIPMENT LEASE AGREEMENT SCHEDULE | $0.00 |
| CIT TECHNOLOGIES CORPORATION | MASTER EQUIPMENT LEASE AGREEMENT SCHEDULE | $0.00 |