## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE STANDARD REGISTER COMPANY, *et al.*,[1] | ) | Case No. 15-10541 (BLS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **RE: Docket Nos. 23, 286, 307, 356** |

## OBJECTION OF MEMORIAL HERMANN HEALTH SYSTEM TO NOTICE OF POTENTIAL ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS

Memorial Hermann Health System ("**Memorial Hermann**"), by its undersigned counsel, objects to the proposed *potential* assumption and assignment of certain contracts with Memorial Hermann as set forth in the *First Amended Notice of (I) Entry into Stalking Horse Agreement and (II) Potential Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale of Substantially All of the Debtors' Assets* [Docket No. 356] (the "**First Amended Cure Notice**"), and in support thereof, respectfully states as follows:

## BACKGROUND

1.      On March 12, 2015, The Standard Register Company and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, the "**Debtors**") filed a motion [Docket No. 23] with the United States Bankruptcy Court for

---

[1]      The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

the District of Delaware (the **"Court"**) seeking among other things, entry of an order:  (a) approving and authorizing (i) bidding procedures in connection with the sale of substantially all of the Debtors' assets; (ii) stalking horse bid protections; (iii) the form and manner of notice of the sale hearing; and (iv) other related relief; and (b) authorizing and approving the sale of the transferred assets free and clear of all liens, claims, and encumbrances; (ii) approving the asset purchase agreement entered into by and between the Debtors, as sellers, and a group led by an affiliate of Silver Point Capital, L.P. (the **"Stalking Horse"**); (iii) authorizing and approving the assumption and assignment of certain executory contracts and unexpired leases (collectively, the **"Assumed Contracts"**); and (iv) related relief.

2.      On April 15, 2015, the Court entered an order [Docket No. 286] (the **"Bidding Procedures Order"**) approving, among other things, procedures for the assumption and assignment of the Assumed Contracts (the **"Assumption Procedures"**).

3.      On or about April 17, 2015, the Debtors filed their *Notice of (I) Entry into Stalking Horse Agreement and (II) Potential Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale of Substantially All of the Debtors' Assets* [Docket No. 307] (the "**Original Cure Notice**").  On or about April 27, 2015, the Debtors amended the Original Cure Notice and filed the First Amended Cure Notice.

4.      The Debtors have tentatively indicated that they *might* seek to assume and assign the Assumed Contracts identified on Exhibit 1 to the First Amended Cure Notice (the **"Potential Assignment Schedule"**) in connection with the sale of the transferred assets.

5.      Memorial Hermann has three executory contracts with the Debtors that provide for patient forms, promotional printing services and an online-forms software maintenance including:   (a) that certain Letter of Commitment originally between Memorial Hermann Hospital System (now known as Memorial Hermann) and The Reynolds & Reynolds Company, as amended and assigned to WorkflowOne, a wholly-owned subsidiary of Debtors; (b) that certain letter agreement dated April 3, 2014, as amended; and (c) that certain Business Associate Agreement (the **"Memorial Hermann Contracts"**).

6.      Neither the Potential Assignment Schedule to the Original Cure Notice nor the Potential Assignment Schedule to the First Amended Cure Notice filed with the Court specifically identified the Memorial Hermann Contracts.[2]   Memorial Hermann did receive, however, a notice indicating that Memorial Hermann Contracts *might* be assumed by the Debtors and assigned to the Stalking Horse.

7.      Memorial Hermann has been informed by numerous third-party vendors to the Debtors (together, the **"Subcontractors"**) that the Debtors have failed to pay such Subcontractors for goods and services provided on behalf of the Debtors with respect to the Debtors' performance under the Memorial Hermann Contracts.  Because Memorial Hermann has a direct contractual relationship with the Debtors, not the Subcontractors, Memorial Hermann has always looked to the Debtors for payment of the Subcontractors, which is now at risk given these cases and the Debtors' failure to pay the Subcontractors. Because of the failure of payment from the Debtors, the Subcontractors have indicated to Memorial Hermann that without assurances of payment from Memorial Hermann, the

---

[2]      Memorial Hermann recognizes that the Debtors may have omitted its name from the Original Cure Notice and the First Amended Cure Notice filed with the Court, *see* First Amended Cure Notice at n.3, in order to protect the identity of certain of its customers.

Subcontractors refuse to perform under their contracts with the Debtors for goods and services that Debtors are obligated to provide under the Memorial Hermann Contracts.

8.      Because the failure to file an objection to the *possible* assumption and assignment of the Memorial Hermann Contracts could result the forfeiture of its rights pursuant to the Assumption Procedures, Memorial Hermann is compelled to file this Objection.[3]

## OBJECTION AND DEMAND FOR ADEQUATE ASSURANCE

9.      Section 365(b)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (**"Bankruptcy Code"**) provides that a debtor may not assume an executory contract on which there has been a default unless it:  (a) cures the default or provides adequate assurance that the default will be promptly cured; (b) compensates or provides adequate assurance that any pecuniary loss of the counterparty resulting from the default will be promptly compensated; and (c) provides adequate assurance of future performance under the contract.  11 U.S.C. § 365(b)(1).

---

[3]      *See* First Amended Cure Notice at ¶ 6:

> To the extent that any entity does not timely object as set forth above, such entity shall be (a) forever barred from objecting to the assumption and assignment of any of the Assumed Contracts identified on this Assumption Notice, including, without limitation, asserting any additional cure payments or requesting additional adequate assurance of future performance, (b) deemed to have consented to the applicable Cure Amount, if any, and to the assumption and assignment of the applicable Assumed Contract, (c) bound to such corresponding Cure Amount, if any, (d) deemed to have agreed that the Stalking Horse has provided adequate assurance of future performance within the meaning of section 365(b)(1)(C) of the Bankruptcy Code, (e) deemed to have agreed that all defaults under the applicable Assumed Contract arising or continuing prior to the effective date of the assignment have been cured as a result or precondition of the assignment, such that the Stalking Horse or the Debtors shall have no liability or obligation with respect to any default occurring or continuing prior to the assignment, and from and after the date of the assignment the applicable Assumed Contract shall remain in full force and effect for the benefit of the Stalking Horse and such entity in accordance with its terms, (f) deemed to have waived any right to terminate the applicable Assumed Contract or designate an early termination date under the applicable Assumed Contract as a result of any default that occurred and/or was continuing prior to the assignment date, and (g) deemed to have agreed that the terms of the Sale Order shall apply to the assumption and assignment of the applicable Assumed Contract.

10.     To the extent that the Debtors seek to assume the Memorial Hermann Contacts and subsequently assign them, Memorial Hermann demands financial and performance assurances from the Debtors and the Stalking Horse (or if the Stalking Horse is not the Successful Bidder, the Successful Bidder) pursuant to section 365(b)(1) of the Bankruptcy Code.  11 U.S.C. § 365(b)(1)(A).

11.     Moreover, to the extent that the Debtors seek to assume the Memorial Hermann Contacts and subsequently assign them, Memorial Hermann demands that the Debtors provide additional assurances of payment to and performance of the Subcontractors to ensure that Memorial Hermann is not in the position of having to (i) pay more than once (potentially to the Debtors, the Successful Bidder and to the Subcontractors) for amounts due, if any, under the Memorial Hermann Contacts; or (ii) directly secure performance from the Subcontractors.  Accordingly, in addition to providing additional assurances of payment to and performance of the Subcontractors, Memorial Hermann respectfully requests that any order approving the assumption and assignment of the Memorial Hermann Contracts preserve all of Memorial Hermann's rights under the Memorial Hermann Contacts including its state law, common law or statutory rights, claims, and actions and any rights with respect to setoff and recoupment.

## **RESERVATION OF RIGHTS**

12.     Memorial Hermann reserves all of its rights and remedies including, but not limited to, the right to further object to any future Cure Notice, the right to amend, modify and supplement this objection, the assumption and assignment of the Memorial Hermann Contacts without adequate assurance of future performance including assurances of payment to and performance of the Subcontractors, or to assert any

available state law, common law or statutory rights, claims, and actions and any rights with respect to setoff and recoupment.  This objection shall not constitute an estoppel or waiver of any rights with respect to any defaults under the Memorial Hermann Contacts.

WHEREFORE, Memorial Hermann respectfully requests the entry of an order conditioning the relief requested in the First Amended Cure Notice (as it relates to the Memorial Hermann Contracts) on (A) financial and performance assurances from the Debtors and the Stalking Horse (or if the Stalking Horse is not the Successful Bidder, the Successful Bidder) pursuant to section 365(b)(1) of the Bankruptcy Code including assurances of payment to and performance of the Subcontractors;  (B) the preservation of all of Memorial Hermann's rights under the Memorial Hermann Contacts including its state law, common law or statutory rights, claims and actions and any rights with respect to setoff and recoupment; and (C) the granting of such other and further relief as is just and proper.

Dated: May 8, 2015
      Wilmington, Delaware          BAYARD, P.A.

                                    */s/ Scott D. Cousins*
                                    Scott D. Cousins (No. 3079)
                                    222 Delaware Avenue, Suite 900
                                    Wilmington, Delaware 19801
                                    Telephone: (302) 655-5000
                                    Facsimile: (302) 658-6395
                                    Email: scousins@bayardlaw.com

                                    *Counsel for Memorial Hermann Health System*