**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, *et al.*,[1] | Case No. 15-10541 (BLS) |
| Debtors. | (Jointly Administered) |
| | Re: Docket Nos. 310 & 384 |

**REPLY IN SUPPORT OF DEBTORS' MOTION FOR AN ORDER, PURSUANT TO SECTION 107(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 9018 AND LOCAL RULE 9018-1(b), AUTHORIZING THE DEBTORS TO FILE A SUMMARY OF THEIR KEY EMPLOYEE INCENTIVE PLAN, INCLUDING THE EXHIBITS ATTACHED THERETO, UNDER SEAL AND (II) DIRECTING PARTIES TO REDACT CONFIDENTIAL INFORMATION**

The Standard Register Company and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), hereby file this reply (the "Reply") in further support of the *Debtors' Motion for Entry of an Order, Pursuant to Section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1(b), Authorizing the Debtors to File a Summary of Their Key Employee Incentive Plan, Including the Exhibits Attached Thereto, Under Seal and (II) Directing Parties to Redact Confidential Information* (the "Seal Motion")[2] [Docket No. 310] and in response to the Office of the United States Trustee's (the "UST") objection thereto (the "UST Seal Objection") [Docket No. 384]. In support of this Reply and the Seal Motion, the Debtors respectfully represent:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2] Capitalized terms used herein and not otherwise defined have the respective meanings set forth in the Seal Motion.

**PRELIMINARY STATEMENT**

1.      Through the Seal Motion, the Debtors seek entry of an order authorizing them to file the KEIP Summary and KEIP Exhibits under seal, with copies of the KEIP Summary and KEIP Exhibits provided to the Court, the UST, proposed counsel to the Committee, and counsel to the Debtors' postpetition lenders.  In addition, the Debtors request that the Court direct parties to redact Confidential Information in any responsive pleadings to the Seal Motion or the KEIP Motion.

2.      As the Court is aware, and as the Seal Motion makes clear, this request is critical to the Debtors and the Sale Process, is not unusual, and has been granted by the Court numerous times in the past where, as here, the Debtors have limited the sealed information to confidential commercial information that, if disclosed, would provide an "unfair advantage to competitors by providing them with information as to the commercial operations of the debtor." Simply put, disclosure of the KEIP Summary and KEIP Exhibits would inevitably and irretrievably cause commercial injury to the Debtors at this important juncture in these chapter 11 cases.  And, tellingly, not a single party in interest, other than the UST, has filed an objection to the Seal Motion or formally or informally requested access to the sealed information.  Accordingly, for the reasons set forth in the Seal Motion and below, the Seal Motion should be granted.

**ARGUMENT**

3.      Section 107(b) of the Bankruptcy Code requires the Court to issue orders that protect parties from the potential harm that could result from disclosing confidential commercial information: "On the request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial

01:17057512.5

information . . . ." *See also In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d. Cir. 1994) ("the court is required to protect a requesting party and has no discretion to deny the application").

4. As noted in the Seal Motion and acknowledged in the UST Seal Objection, Delaware courts have defined "commercial information" as "information which would result in an 'unfair advantage to competitors by providing them with information as to the commercial operations of the debtor'" that may reasonably be expected to cause commercial injury to the Debtor. *In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006) (quoting *In re Orion Pictures Corp.*, 21 F.3d at 27-28). Thus, the legal standard for what constitutes confidential commercial information is not in dispute.

5. Moreover, the UST concedes that "[c]ertain of the information contained in the KEIP Summary may be of benefit to the Debtors' competitors and might arguably [give] them an unfair business advantage, such as the ability to lure customers away [and] other information may arguably enable competitors to lure away employees." *See* UST Seal Objection, ¶ 25.

6. Nevertheless, the UST contends that "it is unclear" how the information the Debtors seek to redact in connection with the KEIP Summary and KEIP Exhibits is confidential commercial material because "much of the information the Debtors seek to shield will have to be disclosed at the hearing" on the KEIP Motion. *See id.* ¶ 4, 24. In addition, the UST asserts that the Debtors previously publicly disclosed certain of the confidential information the Debtors now seek to file under seal and, in the future, will have to provide such information in their statements of financial affairs. *See id.* ¶ 22-23.

7. The Debtors respectfully disagree. As detailed in the Seal Motion and as set forth below, the information contained in the KEIP Summary and KEIP Exhibits is clearly confidential commercial information. If, in fact, this information must be disclosed either at the

01:17057512.5

hearing, which the Debtors do not believe will be necessary (*see* paragraph 12 below) or in the statement of financial affairs, the Debtors would present this information, in camera, in the case of the hearing, or on a redacted basis, in the case of the statement of financial affairs.

8. The KEIP Summary contains confidential non-public information regarding the Debtors' 2015 business plan (the "Business Plan"), including forecasted EBITDARP and revenue targets, and the names and salaries of, and proposed incentive payments to, the Debtors' most essential employees. Contrary to the UST's contentions, on a pre-petition basis, the parent company Debtor, which is a public company, did not disclose projections in its annual or quarterly earnings releases and certainly should not be required to do so now at this critical juncture in the Sale Process.

9. The Business Plan is a highly confidential and proprietary document, the release of which would impair the Debtors' ability to compete. Carmody Decl. ¶ 22. In fact, doing so would jeopardize the Sale Process, as such company specific information is only available to bidders (and their representatives) who agree to be bound by strict non-disclosure agreements. *Id.* If this information were to be generally provided to the market, competitors not involved in the Sale Process could take advantage of it. *Id.*

10. The KEIP Exhibits contain sensitive non-public information regarding the identities of the KEIP Participants and the salaries they receive. Protecting this wage information is crucial to the Debtors since its disclosure could be very damaging to the Debtors' business and impair value in connection with the Sale Process. *Id.* ¶ 23. Disclosing the names, salary levels, and incentives of the KEIP Participants, the Debtors' most valued employees, would make them plum pickings for competitors willing to forego the sales process and steal the Debtors' business by hiring the Participants and taking advantage of their skills and contacts.

The loss of KEIP Participants to the Debtors' competitors at this challenging time would impair the Debtors' business operations and would negatively affect the Debtors' efforts to maximize the value of their estates through a sale, or otherwise, thereby causing commercial injury to the Debtors, their value, and their stakeholders. *Id.*

11. Moreover, public disclosure of the names of the KEIP Participants, along with sensitive salary and compensation information, may cause dissension among the ranks of the Debtors' other employees and harm or distress to the Participants themselves, thus lowering employee morale and further disrupting the functioning of the Debtors' business, once again resulting in commercial injury to the Debtors and their estates.

12. Finally, because copies of the KEIP Summary and KEIP Exhibits were provided to the Court, the UST, proposed counsel to the Committee, and counsel to the Debtors' postpetition lenders, it will not be necessary to disclose any confidential information at the hearing. Indeed, the Court has previously allowed similar information in a KEIP Motion to be filed under seal. *See, e.g., In re Green Field Energy Servs., Inc.*, Case No. 13-12783 (KG) (Bankr. D. Del. Jan. 13, 2014); *In re Ultura (LA) Inc.*, Case No. 14-12382 (KG) (Bankr. D. Del. Nov. 19, 2014); *In re Solar Trust of Am., LLC*, Case No. 12-11136 (KG) (Bankr. D. Del. May 11, 2012); *In re Contract Research Solutions, Inc.*, Case No. 12-11004 (KJC) (Bankr. D. Del. April 13, 2012); *In re Accuride Corp.*, Case No. 09-13449 (BLS) (Bankr. D. Del. November 24, 2009). The same result here is compelled by the terms of section 107 of the Bankruptcy Code.

## CONCLUSION

13. For the foregoing reasons, the Debtors respectfully request that (a) the Seal Motion be granted; (b) the Court permit the Debtors to file the KEIP Summary and KEIP Exhibits under seal with copies provided only to the Court, the UST, proposed counsel to the Committee, and counsel to the Debtors' postpetition lenders; (c) the Court direct parties to redact Confidential Information in any responsive pleadings to the Seal Motion or the KEIP Motion; and (d) the Court grant such other relief as is just and proper.

Dated: May 11, 2015
      Wilmington, Delaware

*/s/ Kara Hammond Coyle*
Michael R. Nestor (No. 3526)
Kara Hammond Coyle (No. 4410)
Maris J. Kandestin (No. 5294)
Andrew L. Magaziner (No. 5426)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253

-and-

Michael A. Rosenthal (NY No. 4697561)
Robert A. Klyman (CA No. 142723)
Samuel A. Newman (CA No. 217042)
Jeremy L. Graves (CO No. 45522)
Sabina Jacobs (CA No. 274829)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-1512
Telephone: (213) 229-7000
Facsimile: (213) 229-7520

*Counsel to the Debtors and
Debtors in Possession*

01:17057512.5