IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, et al.,[1] | Case No. 15-10541 (BLS) |
| Debtors. | (Jointly Administered) |
| | Re: Docket Nos. 310, 384 & 410 |

## NOTICE OF FILING OF (I) AMENDED KEY EMPLOYEE INCENTIVE PLAN SUMMARY; AND (II) REVISED PROPOSED ORDER, PURSUANT TO BANKRUPTCY CODE SECTIONS 105, 363(b) AND 503(c), APPROVING DEBTORS' KEY EMPLOYEE INCENTIVE PLAN

**PLEASE TAKE NOTICE** that on April 19, 2015, The Standard Register Company and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") filed the *Debtors' Motion for Entry of an Order, Pursuant to Sections 105, 363(b) and 503(c) of the Bankruptcy Code, (I) Approving the Debtors' Key Employee Incentive Plan; (II) Authorizing the Debtors to Pay Incentive Bonuses to Certain Employees; and (III) Granting Related Relief* [Docket No. 308] (the "Motion").[2] Contemporaneously therewith, the Debtors filed *Debtors' Motion for Entry of an Order, Pursuant to Section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1(b), Authorizing the Debtors to File a Summary of Their Key Employee Incentive Plan, Including the Exhibits Attached Thereto, Under Seal and (II) Directing Parties to Redact Confidential Information* [Docket No. 310] (the "Seal Motion").

**PLEASE TAKE FURTHER NOTICE** that attached to the Motion and filed under seal as Exhibit B was the Key Employee Incentive Plan Summary (the "Original KEIP").

**PLEASE TAKE FURTHER NOTICE** that the Debtors received informal responses regarding the Original KEIP from the Stalking Horse and the Committee and a formal response from the UST [Docket No. 410].

**PLEASE TAKE FURTHER NOTICE** that the Debtors hereby file under seal, attached hereto as Exhibit 1, an amended Key Employee Incentive Plan Summary (the "Amended KEIP"). The Amended KEIP includes several noteworthy revisions based on the informal responses from the Committee and the Stalking Horse. With these revisions, the Amended KEIP is fully supported by the Committee and the Stalking Horse.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the KEIP Motion.

01:17076261.1

**PLEASE TAKE FURTHER NOTICE** that attached hereto as <u>Exhibit 2</u> is a revised proposed form of order (the "<u>Revised Proposed Order</u>") resolving the informal responses of the Committee and the Stalking Horse and reflecting the revisions included in the Amended KEIP. In addition, the Revised Proposed Order incorporates certain comments of the UST. Attached hereto as <u>Exhibit 3</u> is a blackline comparison of the Revised Proposed Order against the Proposed Order.

**PLEASE TAKE FURTHER NOTICE** that the Debtors intend to present the Revised Proposed Order for the Court's consideration at the hearing scheduled for May 12, 2015 at 10:00 a.m. (ET).

Dated: May 11, 2015
Wilmington, Delaware

*/s/ Kara Hammond Coyle*
Michael R. Nestor (No. 3526)
Kara Hammond Coyle (No. 4410)
Maris J. Kandestin (No. 5294)
Andrew L. Magaziner (No. 5426)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:   (302) 571-6600
Facsimile:   (302) 571-1253

-and-

Michael A. Rosenthal (NY No. 4697561)
Robert A. Klyman (CA No. 142723)
Samuel A. Newman (CA No. 217042)
Jeremy L. Graves (CO No. 45522)
Sabina Jacobs (CA No. 274829)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-1512
Telephone: (213) 229-7000
Facsimile: (213) 229-7520

*Counsel to the Debtors and
Debtors in Possession*

01:17076261.1

## Exhibit 1

Amended KEIP

(FILED UNDER SEAL)

01:17076261.1

# Exhibit 2

## Revised Proposed Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, *et al.*,[1] | Case No. 15-10541 (BLS) |
| Debtors. | Jointly Administered |
| | Re: Docket No. ___ |

**ORDER, PURSUANT TO SECTIONS 105, 363(b) AND 503(c) OF THE BANKRUPTCY CODE, (I) APPROVING THE DEBTORS' KEY EMPLOYEE INCENTIVE PLAN; (II) AUTHORIZING THE DEBTORS TO PAY INCENTIVE BONUSES TO CERTAIN EMPLOYEES; AND (III) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of The Standard Register Company and its above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (i) approving the Debtors' key employee incentive plan (the "KEIP"), (ii) authorizing the Debtors to pay incentive bonuses to certain employees as provided in the KEIP, and (iii) granting related relief; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and it appearing that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given; and the

---

[1] The Debtors and the last four digits of their respective U.S. federal taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (n/a); Standard Register de México, S. de R.L. de C.V. (n/a); Standard Register Servicios, S. de R.L. de C.V. (n/a); and Standard Register Technologies Canada ULC (n/a). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Court having determined that it may enter a final order consistent with Article III of the United States Constitution; and upon consideration of the *Declaration of Kevin Carmody in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* [Docket No. 2]; and upon the record of these Chapter 11 Cases; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The KEIP, as amended and filed with the Court on May 11, 2015, is approved.

3. The Debtors are authorized, but not directed, to take all actions necessary to implement the KEIP and effectuate the relief granted pursuant to this Order, and to make all payments provided under the KEIP.

4. All amounts earned and payable under the KEIP shall (i) have administrative expense priority under sections 503(a) and 507(a)(2) of the Bankruptcy Code for all purposes in these Chapter 11 Cases, and (ii) constitute postpetition wage obligations for purposes of the Bid Requirements set forth in the Sale Procedures that are attached to this Court's *Order (I) Establishing Sale Procedures Relating to the Sale of Substantially All of the Debtors' Assets; (II) Approving the Maximum Reimbursement Amount; (III) Establishing Procedures Relating to the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, Including Notice of Proposed Cure Amounts; (IV) Approving Form and*

*Manner of Notice of All Procedures, Protections, Schedules, and Agreements; (V) Scheduling a Hearing to Consider the Proposed Sale; and (VI) Granting Certain Related Relief* [Docket No. 286] (the "Sale Procedures Order").

5. Any amounts that the Debtors receive in connection with a sale conducted pursuant to the Sale Procedures Order that relate to the Debtors' obligations under the KEIP shall be held by the Debtors or their designee in escrow for the sole benefit of the KEIP Participants.

6. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. This Court shall retain jurisdiction with respect to all matters relating to the implementation or interpretation of this Order.

Dated: _____, 2015
Wilmington, Delaware

                                             Brendan L. Shannon
                                             Chief United States Bankruptcy Judge

## Exhibit 3

**Blackline**

01:17076261.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, *et al.*,[1] | Case No. 15-10541 (BLS) |
| Debtors. | Jointly Administered |
| | Re: Docket No. ___ |

**ORDER, PURSUANT TO SECTIONS 105, 363(b) AND 503(c) OF THE BANKRUPTCY CODE, (I) APPROVING THE DEBTORS' KEY EMPLOYEE INCENTIVE PLAN; (II) AUTHORIZING THE DEBTORS TO PAY INCENTIVE BONUSES TO CERTAIN EMPLOYEES; AND (III) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of The Standard Register Company and its above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (i) approving the Debtors' key employee incentive plan (the "KEIP"), (ii) authorizing the Debtors to pay incentive bonuses to certain employees as provided in the KEIP, and (iii) granting related relief; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and it appearing that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given; and the Court having determined that it may enter a final order consistent with Article III of the United

---

[1] The Debtors and the last four digits of their respective U.S. federal taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (n/a); Standard Register de México, S. de R.L. de C.V. (n/a); Standard Register Servicios, S. de R.L. de C.V. (n/a); and Standard Register Technologies Canada ULC (n/a). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

States Constitution; and upon consideration of the *Declaration of Kevin Carmody in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* [Docket No. 2]; and upon the record of these Chapter 11 Cases; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The KEIP, as amended and filed with the Court on May 11, 2015, is approved ~~on the terms described in the Motion~~.

3. The Debtors are authorized, but not directed, to take all actions necessary to implement the KEIP and effectuate the relief granted pursuant to this Order, and to make all payments provided under the KEIP.

4. All amounts earned and payable under the KEIP shall (i) have administrative expense priority under sections 503(a) and 507(a)(2) of the Bankruptcy Code for all purposes in these Chapter 11 Cases, and (ii) constitute postpetition wage obligations for purposes of the Bid Requirements set forth in the Sale Procedures that are attached to this Court's *Order (I) Establishing Sale Procedures Relating to the Sale of Substantially All of the Debtors' Assets; (II) Approving the Maximum Reimbursement Amount; (III) Establishing Procedures Relating to the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, Including Notice of Proposed Cure Amounts; (IV) Approving Form and Manner of Notice of All Procedures, Protections, Schedules, and Agreements; (V) Scheduling a*

*Hearing to Consider the Proposed Sale; and (VI) Granting Certain Related Relief* [Docket No. 286] (the "Sale Procedures Order").

5. Any amounts that the Debtors receive in connection with a sale conducted pursuant to the Sale Procedures Order that relate to the Debtors' obligations under the KEIP shall be held by the Debtors or their designee in escrow for the sole benefit of the KEIP Participants.

6. ~~5.~~ Notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7.    6.-This Court shall retain jurisdiction with respect to all matters relating to the implementation or interpretation of this Order.

Dated: _____, 2015
Wilmington, Delaware

                                             _____
                                             Brendan L. Shannon
                                             Chief United States Bankruptcy Judge

Document comparison by Workshare Compare on Monday, May 11, 2015 9:51:45 AM

| Input: | |
|---|---|
| Document 1 ID | interwovenSite://WORKSITE02/YCST01/17076024/1 |
| Description | #17076024v1<YCST01> - Standard Register - KEIP Motion Order [As Filed] |
| Document 2 ID | interwovenSite://WORKSITE02/YCST01/17076024/3 |
| Description | #17076024v3<YCST01> - Standard Register - KEIP Motion Order [Revised] |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 8 |
| Deletions | 4 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 12 |