IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| THE STANDARD REGISTER COMPANY, et al., ) | Case No. 15-10541 (BLS) |
| ) | Jointly Administered |
| Debtors. ) | |
| ) | D.I. Nos. 23, 286, 307, and 356 |

## LIMITED OBJECTION OF INTERNATIONAL PAPER COMPANY TO DEBTORS' NOTICE OF (I) ENTRY INTO STALKING HORSE AGREEMENT AND (II) POTENTIAL ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS

International Paper Company ("IP") hereby files this limited objection to the notice filed by the above-captioned debtors (the "Debtors") of (I) Entry into Stalking Horse Agreement and (II) Potential Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale of Substantially All of the Debtors' Assets, and in support of its limited objection, IP states as follows:

### BACKGROUND

1.    On March 12, 2015 (the "Petition Date"), the Debtors commenced these jointly administered cases under chapter 11 of the Bankruptcy Code.

2.    On April 15, 2015, this Court entered an order approving, among other things, procedures s in connection with the proposed sale of substantially all of the Debtors' assets, including procedures for: (a) the assumption and assignment of contracts that may be assumed and assigned pursuant to the Purchase Agreement between the Debtors and the Stalking Horse; and (b) the delivery of the Cure Notice to non-debtor counterparties for each contract that may be assumed and assigned (the "Bidding Procedures Order") [Docket No. 286].

3. Pursuant to the Bidding Procedures Order, on April 17, 2015, the Debtors filed and served a notice identifying the contracts that may be assumed and assigned pursuant to the asset purchase agreement [Docket No. 307], and on April 27, 2015, the Debtors filed an amended notice of contracts that may be assumed and assigned pursuant to the asset purchase agreement [Docket No. 356] (the "Cure Notice"). According to the Cure Notice, the Potential Assignment Schedule identifies, among other things, the amount determined by the Debtors to be necessary to be paid to cure any existing default under each identified contract. (Cure Notice, ¶4.) The Cure Notice indicates that any objections to the possible assumption and assignment of an identified contract must be filed and served so as to be actually received no later than May 8, 2015 at 4:00 p.m.

4. The Cure Notice identifies two contracts with IP for "Recyclable Material Purchase" and each is listed with a cure amount of $0 (the "IP Agreements").

5. IP does not object to the Debtors' proposed sale of assets as set forth in Bidding Procedures Order or object to the assumption and assignment of the IP Agreements except that the Debtors must assume executory contracts *cum onere*, that is to say that the Debtors cannot assume and assign some - but not all – of an executory contract. A party cannot accept one favorable portion of an executory contract and reject the other." See, e.g., In re Buffets Holdings Inc., 387 B.R. 115, 119-20 (Bankr. D. Del. 2008) (quoting In re Italian Cook Oil Corp., 190 F.2d 994, 997 (3d Cir.1951)). See also In re Fleming Cos., Inc., 499 F.3d 300, 308 (3d Cir. 2007) (holding that debtor could not assume and assign store lease because an essential term of it required service from a warehouse whose lease had already been rejected); In re ANC Rental Corp., Inc., 277 B.R. 226, 238-39 (Bankr. D.Del. 2002) (holding that debtor may not assume only part of a contract but must assume the entire agreement).

6. The fundamental rule that a debtor must assume contracts cum onere has been expanded to cover contracts that are intended to embody a single or integrated transaction. See, e.g., In re Braniff, 118 B.R. 819, 844 (Bankr. M.D. Fla. 1989) (multiple contract documents may form one uniform agreement). Thus, debtors have not been allowed to assume only one of multiple related agreements where the parties to the agreements intended for them to constitute a single contract. See In re Karfakis, 162, B.R. 719, 725 (Bankr. E.D. Pa. 1993) (court refused to allow debtor to assume real property lease without assuming related franchise agreement).

7. The Debtors are subject to multiple contracts with IP. In the event that the Court determines that the IP Agreements are part of a single integrated transaction, the Debtors cannot assume or assume and assign the IP Agreements without assuming the other agreements that are part of the same transaction and curing any defaults under such other agreements in accordance with Section 365 of the Bankruptcy Code.

WHEREFORE, International Paper Company respectfully requests that the Court (i) deny the relief requested by the Debtors in the Cure Notice and the in connection with the proposed sale as set forth herein, and (ii) grant such other and further relief to International Paper Company as is just and appropriate.

Dated: May 11, 2015

MORRIS JAMES LLP

_____
Jeffrey R. Waxman (No. 4159)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801-1494
Telephone: 302.888.5842
Email: jwaxman@morrisjames.com

Counsel to International Paper Corp.

7766652/2