**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE STANDARD REGISTER COMPANY, *et al.*, | ) | Case 15-10541 (BLS) |
| | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | **Re: Docket No. 307** |
| | ) | |

**DAYTON MAILING SERVICE'S OBJECTION TO**
**NOTICE OF ASSIGNMENT AND CURE [DOCKET NO. 307]**

Dayton Mailing Services, Inc. ("Dayton") is a creditor of the above captioned debtors and debtors in possession (the "Debtors") and counterparty to certain agreements with the Debtors.

Dayton received a *Notice of (I) Entry Into Stalking Horse Agreement and (II) Potential Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in connection with the Sale of Substantially All of the Debtors' Assets* [D.I. 307] (the "Notice") which incorrectly lists certain cure amounts. Dayton therefore objects to the Notice and requests that the Court condition the Debtors' assumption and assignment on payment in full of the cure amounts set forth in this objection.

**Background**

1. On March 12, 2015 (the "Petition Date"), each of the Debtors filed its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2. Also on March 12, 2015, Debtors filed *Motion For Sale of Property Free and Clear of Liens under Section 363(f) // Debtors' Motion for (I) an Order (A) Establishing Sale Procedures Relating to the Sale of Substantially All of the Debtors' Assets; (B) Approving Bid Protections; (C) Establishing Procedures Relating to the Assumption and Assignment of Certain*

*Executory Contracts and Unexpired Leases, Including Notice of Proposed Cure Amounts; (D) Approving Form and Manner of Notice of All Procedures, Protections, Schedules, and Agreements; (E) Scheduling a Hearing to Consider the Proposed Sale; and (F) Granting Certain Related Relief; and (II) an Order (A) Approving the Sale of Substantially All of the Debtors' Assets and (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale* [Docket No. 23] (the "Motion").

3. On March 11, 2015, this Court entered an order [Docket No. 286] (the "Bid Procedures Order") which, among other things, approved procedures for determining cure amounts related to the Debtors' assumption and assignment of certain executory contracts, unexpired leases, and other agreements in connection with the Motion. The Bid Procedures Order required the Debtors to serve a notice on counterparties to executory contracts, unexpired leases and other agreements which Debtors proposed to assume and assign.

4. On April 17, 2015, the Debtors filed the Notice. The Notice lists Dayton's agreements (the "Agreements") as follows:

a. Dayton Mailing Services, Supply Agreement (the "Supply Agreement"), cure amount $321,887.38;

b. Business Associate Agreement for Trade Partners (the "BA Agreement"), cure amount $0; and

c. WorkflowOne LLC Business Associate Agreement for Trade Partners (the "WorkflowOne BA Agreement"), cure amount $0.

5. The pre-petition amount due on the Supply Agreement is not $321,887.38, but is, instead, approximately $564,047.14. On April 7, 2014, Dayton filed proof of claim number 354

(the "Claim").[1] The Claim attaches invoices and supporting documents substantiating the pre-petition amount due. The Claim is not reattached here due to its size, but is incorporated by reference. Moreover, the balance due to Dayton continues to increase post-petition. The post-petition balance is approximately $110,208.29. Therefore, the total monetary cure amount due to Dayton under the Supply Agreement is approximately $674,255.43.

## Argument

6. Section 365(b)(1) of the Bankruptcy Code sets forth the requirements for assuming an executory contract of a debtor. Section 365(b)(1) provides, in relevant part, as follows:

> (b) (1) If there has been a default in an executory contract . . . of the debtor, the trustee may not assume such contract . . . unless, at the time of assumption of such contract . . . , the trustee—
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default . . . ;
>
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract . . . , for any actual pecuniary loss to such party resulting from such default; and
>
> (C) provides adequate assurance of future performance under such contract . . . .

U.S.C. § 365(b)(1).

7. The Debtors are in default under the Supply Agreement for failure to pay the amounts due. As of May 8, 2015, the amount required to cure the default is approximately $674,255.43.

---

1 Dayton further reserves its rights to allege any nonmonetary obligations due under the Supply Agreement.

WHEREFORE, for the foregoing reasons, Dayton respectfully requests that this Court enter an order denying the Notice and condition the assumption and assignment the Supply Agreement on payment in full of the cure amounts set forth in this objection. Dayton further requests all other just and equitable relief as the Court deems necessary and appropriate.

Dated: May 11, 2015
Wilmington, Delaware

**POTTER ANDERSON & CORROON LLP**

Jeremy W. Ryan (DE Bar No. 4057)
Etta R. Mayers (DE Bar No. 4164)
1313 North Market Street, Sixth Floor
P.O. Box 951
Wilmington, DE 19801
Telephone: (302) 984-6000
Facsimile: (302) 658-1192
Email: emayers@potteranderson.com

*Counsel for Dayton Mailing Services, Inc.*