**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, *et al.*,[1] | Case No. 15-10541 (BLS) |
| Debtors. | Jointly Administered |

## GLOBAL NOTES, METHODOLOGY AND SPECIFIC DISCLOSURES REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

### Introduction

The Standard Register Company ("**Standard Register**") and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (each, a "**Debtor**," and collectively, the "**Debtors**"), with the assistance of their advisors, have filed their respective Schedules of Assets and Liabilities (collectively, the "**Schedules**") and Statements of Financial Affairs (collectively, the "**Statements**, and together with the Schedules, the "**Schedules and Statements**") with the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), pursuant to section 521 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

These Global Notes, Methodology, and Specific Disclosures Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (the "**Global Notes**") pertain to, are incorporated by reference in, and comprise an integral part of each Debtor's Schedules and Statements. The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements.

For purposes of filing reports with the Securities and Exchange Commission, the Debtors have historically prepared consolidated financial statements and in accordance with generally accepted accounting principles ("**GAAP**"). Unlike the consolidated financial statements, the Schedules and Statements, in most instances, have been prepared on a nonconsolidated basis and reflect the assets and liabilities of each Debtor. Therefore, some of the financial information included in the Schedules and Statements may differ from that prepared for public reporting

---

[1]  The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001).  The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

purposes.  Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment, and reflect the Debtors' reasonable best efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

Although the Schedules and Statements may, at times, incorporate information prepared in accordance with GAAP, the Schedules and Statements neither purport to represent nor reconcile financial statements otherwise prepared and/or distributed by the Debtors in accordance with GAAP. **The Schedules and Statements should not be relied upon by any persons for information relating to current or future financial conditions, events, or performance of any of the Debtors.**

In preparing the Schedules and Statements, the Debtors relied upon information derived from their books and records that was available at the time of such preparation.  Although the Debtors have made reasonable efforts to ensure the accuracy and completeness of such financial information, inadvertent errors or omissions, as well as the discovery of conflicting, revised, or subsequent information, may cause a material change to the Schedules and Statements. Accordingly, the Debtors reserve all of their rights to amend, supplement, or otherwise modify the Schedules and Statements as is necessary and appropriate.  Notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and Statements.

Mr. Benjamin T. Cutting has signed each of the Schedules and Statements for all of the Debtors except Standard Register Holding, S. De R.L. De C.V., Standard Register Servicios, S. De R.L. De C.V., and Standard Register de Mexico, S. De R.L. De C.V. (collectively, the "**Mexican Debtors**").  Mr. Gerard D. Sowar has signed each of the Schedules and Statements for the Mexican Debtors.  Mr. Cutting is the Chief Financial Officer and an Executive Vice President of Standard Register and an authorized signatory for each of the non-Mexican Debtors.  Mr. Sowar is the Secretary and authorized signatory for each of the Mexican Debtors.  In reviewing and signing the Schedules and Statements, Messrs. Cutting and Sowar necessarily have relied upon the efforts, statements, and representations of various personnel employed by the Debtors and their advisors.  Messrs. Cutting and Sowar have not (and could not have) personally verified the accuracy of each statement and representation contained on the Schedules and Statements, including statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

## Global Notes and Overview of Methodology

1.      **Reservation of Rights**.  Reasonable best efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist.  The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and Statements with respect to claim ("**Claim**") description, designation, or Debtor against which the Claim is asserted; dispute or otherwise assert offsets or defenses to any Claim reflected on the Schedules and Statements as to amount, liability, priority, status, or classification; subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or object to the extent, validity, enforceability, priority, or avoidability of any Claim.  Any failure to designate a Claim on the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such Claim

or amount is not "disputed," "contingent," or "unliquidated." Listing a Claim does not constitute an admission of liability by the Debtor against which the Claim is listed or against any of the Debtors. Furthermore, nothing contained on the Schedules and Statements shall constitute a waiver of rights with respect to the Chapter 11 Cases (collectively, the "**Chapter 11 Cases**"), including, without limitation, issues involving Claims, substantive consolidation, defenses, equitable subordination, recharacterization, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

The listing on the Schedules or Statements (including, without limitation, Schedule B, Schedule F or Statement 3(c)) by the Debtors of any obligation between a Debtor and another Debtor or between a Debtor and a non-Debtor affiliate is a statement of what appears in the Debtors' books and records and does not reflect any admission or conclusion of the Debtors regarding whether such amount would be allowed as a Claim or how such obligations may be classified and/or characterized in a plan of reorganization or by the Bankruptcy Court. The Debtors reserve all rights with respect to such obligations.

**2.**      **Description of Cases and "as of" Information Date**. On March 12, 2015 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On March 13, 2015, the Bankruptcy Court entered an order directing procedural consolidation and joint administration of the Chapter 11 Cases [Docket No. 46]. On March 24, 2015, the United States Trustee for the District of Delaware appointed a statutory committee of unsecured creditors pursuant to section 1102(a)(1) of the Bankruptcy Code [Docket No. 129].

**Except as otherwise noted, the information provided herein is as of the Petition Date, as reconciled by the Debtors on or about April 15, 2015.**

**3.**      **Net Book Value of Assets**. It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations for all of their assets. Accordingly, unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values as of February 28, 2015, in the Debtors' books and records. Furthermore, as applicable, assets that have been fully depreciated or were expensed for accounting purposes do not appear on the Schedules and Statements as they have no net book value. The Debtors reserve their right to amend or adjust the value of each asset or liability set forth herein.

**4.**      **Recharacterization**. Notwithstanding the Debtors' reasonable best efforts to properly characterize, classify, categorize or designate certain Claims, assets, executory contracts, unexpired leases and other items reported on the Schedules and Statements, the Debtors may, nevertheless, have improperly characterized, classified, categorized, designated, or omitted certain items due to the complexity and size of the Debtors' businesses. Accordingly, the Debtors reserve all of their rights to re-characterize, reclassify, re-categorize, re-designate, add or delete items reported on the Schedules and Statements at a later time as is necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases listed

herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

5.     **Liabilities**.  The Debtors maintain ongoing efforts to review and reconcile all prepetition liabilities including the receipt of goods, processing of invoices and application of payments.  In addition, the Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the value of liabilities and the allocation of liabilities between the prepetition and postpetition periods may change.  Accordingly, the Debtors reserve all of their rights to amend, supplement, or otherwise modify the Schedules and Statements as is necessary or appropriate.  The Debtors also reserve the right to alter the priority and allocation of liability to the extent additional information becomes available.

**The liabilities listed on the Schedules do not reflect any analysis of Claims under section 503(b)(9) of the Bankruptcy Code.  Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted Claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any transaction or any document or instrument related to any Claim**.

6.     **Intercompany and Other Transfers**.  Although separate Schedules and Statements have been prepared and filed for each of the Debtors, certain of the information set forth on the Schedules and Statements has been prepared on a consolidated basis.  As a result, the Schedules and Statements do not reflect all intercompany activity.  In addition, pursuant to the terms of the Debtors' prepetition cash management system, each of the individual Debtors' operating and payable accounts (to the extent a Debtor maintains an account) generally are consolidated and transferred into a general concentration account on regular intervals.  The details regarding these transactions are not provided on the Schedules and Statements.

7.     **Real Property and Personal Property–Leased**.  In the ordinary course of their businesses, the Debtors lease real property and various articles of personal property, including vehicles, fixtures, and equipment, from certain third-party lessors.  The Debtors have made reasonable efforts to list all such leases on the Schedules and Statements.  The Debtors have made reasonable efforts to include lease liabilities on Schedule D (secured debt) to the extent the lessor filed a UCC-1.  However, nothing on the Schedules or Statements is or shall be construed as an admission or determination as to the legal status of any lease (including whether to assume and assign or reject such lease or whether it is a true lease or a financing arrangement), and the Debtors reserve all of their rights with respect to all such issues.

8.     **Prepetition Customer Programs**.  The Bankruptcy Court entered an order granting the Debtors the authority to honor certain prepetition customer programs, and claims incurred in connection therewith [Docket No. 49].  Such customer programs include, but are not limited to, prepaid postage, warranties and guaranties, refunds, rebates, prepaid warehousing obligations, prepaid software services, and other similar policies.  Debts arising out of customer programs are generally being satisfied and have not been included on the Schedules.  Accordingly, none of these amounts are specifically identified on the Schedules.

4

9.     **Excluded Assets and Liabilities**.  The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including, without limitation, accrued salaries, employee benefit accruals, and deferred gains.  The Debtors also have excluded rejection damage Claims of counterparties to executory contracts and unexpired leases that may be rejected, to the extent such damage Claims exist.  In addition, certain immaterial assets and liabilities may have been excluded.

10.     **Insiders**.  Solely, for purposes of the Schedules and Statements, the Debtors define "insiders" to include the following:  (a) directors; (b) officers; (c) general partners of the Debtor entities and equity holders holding in excess of 5% of the voting securities the Debtor entities; (d) Debtor/non-Debtor affiliates; and (e) relatives of any of the foregoing (to the extent known by the Debtors).

Persons listed as "insiders" have been included for informational purposes only.  The Debtors do not take any position with respect to:  (a) such person's influence over the control of the Debtors; (b) the management responsibilities or functions of such individual; (c) the decision-making or corporate authority of such individual; or (d) whether such individual is or is not an "insider" under applicable law, including the federal securities laws and the Bankruptcy Code, or with respect to any theories of liability or for any other purpose.

11.     **Intellectual Property Rights**.  The Debtors have attempted to list all of their intellectual property rights.  Exclusion of certain intellectual property shall not be construed as an admission that the Debtors do not have rights in such intellectual property or that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

The Debtors reserve all of their rights with respect to the legal status of any and all such intellectual property rights.

12.     **Executory Contracts and Unexpired Leases**.  Although the Debtors made diligent attempts to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so due to the complexity and size and scope of the Debtors' businesses.  Accordingly, the Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G.

**Moreover, the Debtors have not set forth executory contracts and unexpired leases as assets on the Schedules and Statements, even though these contracts and leases may have some value to the Debtors' estates.  The Debtors' executory contracts and unexpired leases have been included on Schedule G.  The Debtors' rejection of executory contracts and unexpired leases may result in the assertion of rejection damage claims; the Schedules and Statements do not reflect any claims for rejection damages.  The Debtors reserve the right to make any arguments and objections with respect to the assertion of any such claims.**

**13.**    <u>**Materialman's/Mechanic's Liens**</u>.  The inventories, property, and equipment listed on the Schedules and Statements are presented without consideration of any materialman's or mechanic's liens.

**14.**    <u>**Classifications**</u>.  Listing a Claim or contract on (a) Schedule D as "secured," (b) Schedule E as "priority," (c) Schedule F as "unsecured," or (d) on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the Claimant or a waiver of the Debtors' rights to re-characterize or reclassify such Claims or contracts or to setoff of such Claims.

**15.**    <u>**Claims Description**</u>.  Schedules D, E, and F permit each Debtor to designate a Claim as "disputed," "contingent," and/or "unliquidated."  Any failure to designate a Claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by that Debtor that such amount is not "disputed," "contingent," or "unliquidated," or that such Claim is not subject to objection.  The Debtors reserve all of their rights to dispute, or assert offsets or defenses to, any Claim reflected on their respective Schedules and Statements on any grounds, including liability or classification.  Additionally, the Debtors expressly reserve all of their rights to subsequently designate such Claims as "disputed," "contingent," or "unliquidated."  Moreover, listing a Claim does not constitute an admission of liability by the Debtors.

**16.**    <u>**Causes of Action**</u>.  Despite their reasonable best efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third-parties as assets on the Schedules and Statements, including, without limitation, causes of actions arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers.  The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross-Claim, counter-Claim, or recoupment and any Claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law, or in equity, or pursuant to any other theory of law (collectively, "**Causes of Action**") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any Claims or Causes of Action or in any way prejudice or impair the assertion of such Claims or Causes of Action.

**17.**    <u>**Summary of Significant Reporting Policies**</u>.  The following is a summary of significant reporting policies:

        a.     <u>Undetermined Amounts</u>.  The description of an amount as "unknown," "TBD" or "undetermined" is not intended to reflect upon the materiality of such amount.

        b.     <u>Totals</u>.  All totals that are included on the Schedules and Statements represent totals of all known amounts as of the

Petition Date (as reconciled by the Debtors on or about April 15, 2015), unless otherwise noted.  To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

c.  <u>Paid Claims</u>.  Pursuant to various orders entered by the Bankruptcy Court, the Debtors were authorized (but not directed) to pay certain outstanding prepetition Claims, including, without limitation, certain claims of employees for wages, salaries and benefits, certain tax claims, and certain claims of critical and/or foreign vendors.    In addition, the Debtors were authorized to continue honoring obligations in connection with certain customer programs that were in place prior to the Petition Date.  Accordingly, certain outstanding liabilities may have been reduced by postpetition payments made on account of prepetition liabilities.  To the extent that the Debtors have paid or pay any of the Claims listed on the Schedules and Statements pursuant to any order entered by the Bankruptcy Court, the Debtors reserve all of their rights to take any action as is necessary or appropriate to avoid over-payment of or duplicate payments for any such liabilities.

d.  <u>Excluded Assets and Liabilities</u>.  The Debtors have excluded certain accrued liabilities, including accrued salaries and employee benefits and tax accruals from the Schedules and Statements.  Certain other immaterial assets and liabilities may also have been excluded.

e.  <u>Liens</u>.  Property and equipment listed on the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

**18.    Estimates and Assumptions**.  To prepare and file the Schedules in accordance with the deadline established in the  Chapter 11 Cases, management was required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities.  Actual results could differ from those estimates, perhaps materially.  The Debtors reserve all rights to amend the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions.

**19.    Currency**.  Unless otherwise indicated, all amounts are reflected in U.S. dollars.

**20.    Setoffs**.  The Debtors incur certain offsets and other similar rights during the ordinary course of business.  Offsets in the ordinary course can result from various items, including, without limitation, intercompany transactions, pricing discrepancies, returns, warranties, and other disputes between the Debtors and their suppliers, as well as agreements reached with vendors and customers regarding the governing business relationship.  These offsets and other similar rights

are consistent with the ordinary course of business in the Debtors' industry and are, at times, not tracked separately. Therefore, although such offsets and other similar rights may have been accounted for when certain amounts were included on the Schedules, offsets may, in some instances, not be independently accounted for, and as such, are excluded from the Debtors' Schedules and Statements in certain respects.

21. **Confidentiality**. Addresses of individuals, including with respect to the Debtors' employees, officers and directors, are generally not included on the Schedules and Statements for confidentiality reasons. Other addresses may also be redacted to protect the confidentiality of certain parties. The Debtors will mail any required notice or other documents to the address listed in their books and records for such individuals. Additionally, individual names other than insiders may have been reported in summary form on the Schedules and Statements, as applicable.

22. **Global Notes Control**. In the event that the Schedules and Statements differ from the foregoing Global Notes, the Global Notes shall control.

### Specific Disclosures with Respect to the Debtors' Schedules

**Schedule A**. For those Debtors that own real property, such owned real estate is reported at book value, net of accumulated depreciation unless otherwise noted. This amount may be materially different from the fair market value of such real estate. The Debtors may have listed certain assets as real property when such assets are in fact personal property, or the Debtors may have listed certain assets as personal property when such assets are in fact real property. The Debtors reserve all of their rights to re-categorize and/or re-characterize such asset holdings to the extent that the Debtors determine that such holdings were improperly listed.

**Schedule B**. All values included on Schedule B reflect the book value of the Debtors' assets as of February 28, 2015, unless otherwise noted.

> **Schedule B2**. Cash values held in financial accounts are listed on Schedule B2 as of March 11, 2015.

> **Schedule B4**. Unless indicated otherwise in a Debtor's specific response to Schedule B4, the Debtors have included a comprehensive response to Schedule B4 in Schedules B28 and B29.

> **Schedule B9**. The Debtors maintain certain insurance policies essential to continued operations. The terms of these policies are characteristic of insurance policies typically maintained by corporate entities that are similar in size and nature to the Debtors. The Debtors maintain various policies of insurance, including, but not limited to, property, casualty, motor vehicles, workers' compensation, general liability, employer's practice liabilities and director and officer liability. Each insurance policy listed in Schedule B9 includes reference to the last four digits of the applicable policy number. Additional information regarding the insurance policies listed on Schedule B9 can be found in the *Debtors' Motion for Order (I) Authorizing Continuation of, and Payment of Prepetition Obligations Incurred in the Ordinary Course of Business in Connection With, Various Insurance Policies, and (II) Authorizing Banks to Honor and Process Checks and Electronic Transfer Requests Related Thereto* [Docket No. 8].

**Schedules B13 and B14**.  Ownership interests in subsidiaries and joint ventures have been listed on Schedules B13 and B14 (if applicable) as an undetermined amount on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their net book value.

**Schedule B16**.  The Debtors have disclosed the net book value with respect to accounts receivable listed on Schedule B16, which represents the amount of the accounts receivable netted by any "doubtful accounts."  For purposes of Schedule B16, "doubtful accounts" are those accounts that the Debtors have identified as unlikely to be paid given the amount of time such accounts have been outstanding.  Accounts receivable reflected on Schedule B16 were reconciled as of March 11, 2015.

**Schedule B18**.  Refunds that the Debtors requested prior to the Petition Date from the appropriate contract counterparty are reflected on Schedule B18.  Any refunds that the Debtors anticipate seeking from applicable counterparties are captured in the data reflected on Schedule B21.

**Schedules B18 and B21**.  The Debtors' failure to list any contingent and/or unliquidated claim held by the Debtors in response to this question shall not constitute a waiver, release, relinquishment, or forfeiture of such claim.

**Schedule B20**.  Data captured on Schedule B20 is reflected at cash surrender value, and not included on Schedule B9, and was reconciled as of March 11, 2015.

**Schedule B21**.  In the ordinary course of their businesses, the Debtors may have accrued, or may subsequently accrue, certain rights to counter-Claims, setoffs, refunds and/or rebates with their customers and suppliers, or potential warranty Claims against their suppliers.  Additionally, certain of the Debtors may be a party to pending litigation in which the Debtors have asserted, or may assert, Claims as a plaintiff or counter-Claims as a defendant.  Because such Claims are unknown to the Debtors and not quantifiable as of the Petition Date, they are not listed on Schedule B21. The information in Schedule B21 was reconciled as of March 31, 2015

**Schedule B22**.  Patents, Trademarks, and other Intellectual Property are listed in Schedules B22 as an undetermined amount on account of the fact that the fair market value of ownership of such property is dependent on numerous variables and factors and may differ significantly from net book value.  Nothing herein or on the Schedules and Statements shall be construed as an admission or acknowledgment by the Debtors that any particular intellectual property is not transferable either pursuant to its terms or pursuant to provisions of the Bankruptcy Code or has no market value, and the Debtors reserve all rights with respect to any such issues.  The Debtors have not assigned value to, or identified the expiration date for, the patents, copyrights and other intellectual property identified on Schedule B22.  As of the submission of these Schedules and Statements, the Debtors have not been able to determine the applicable expiration date for all of the items listed and the diligence in connection therewith remains ongoing.  The Debtors do not ascribe any accounting value to customer relationships.  Without any historical basis for valuation of the customer relationships, these relationships are not included on Schedule B22. The

information in Schedule B22 was reconciled as of February 28, 2015.

**Schedule B23 – Licenses**.  The Debtors have included software licenses on Schedule B23, but have omitted certain miscellaneous licenses which are believed to have *de minimis* value. The Debtors have not included operating licenses and permits. The information in Schedule B23 was reconciled as of March 31, 2015

**Schedules B28 and B29**.  For purposes of Schedules B28 and B29, the value of certain assets may be included in a fixed asset group or certain assets with a net book value of zero and may not be specifically set forth on Schedule B28 or B29.

**Schedule B30**.  Unless otherwise stated in a specific Debtor's Schedule B30, inventories are carried at cost, net of an allowance for obsolescence. The Debtors have an established cycle count inventory program for certain of their facilities, which applies to the Debtors' facilities and distribution centers where indicated.

**Schedule D**.  The Claims listed on Schedule D arose or were incurred on various dates; a determination of the date upon which each Claim arose or was incurred would be unduly burdensome and cost prohibitive.  Accordingly, not all such dates are included for each Claim.  All Claims listed on Schedule D, however, appear to have arisen or been incurred before the Petition Date.

Except as otherwise agreed pursuant to a stipulation or order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset of a secured creditor listed on Schedule D of any Debtor.  Moreover, although the Debtors have scheduled Claims of various creditors as secured Claims, the Debtors reserve all of their rights to dispute or challenge the secured nature of any such creditor's Claim or the characterization of the structure of any transaction or any document or instrument related to such Claim.  The descriptions provided on Schedule D are solely intended to be a summary—and not an admission—of liability.

Schedule D for each Debtor reflects indebtedness owed pursuant to the Debtors' prepetition secured credit facilities.  Although there are multiple lenders related to such credit facilities, only the administrative agents for such lenders have been listed for purposes of capturing this debt on Schedule D.

To generate the list of creditors holding secured claims by virtue of a UCC filing, the Debtors utilized a UCC lien search that was performed on or about January 15, 2015.  Because this lien search was performed approximately two months prior to the Petition Date, it is possible that certain claimants perfected their respective interests within the intervening period and, to the extent this occurred, these claimants may not be listed on Schedule D.  By listing a party on Schedule D based on a UCC filing, the Debtors are not conceding that such party actually holds a perfected, non-avoidable security interest in the asset that is the subject of such filing, and reserve all rights in connection therewith.

Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of liens.  Nothing in the Global

Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.  Except as specifically stated on Schedule D, real property lessors, utility companies, and other parties that may hold security deposits have not been listed on Schedule D. The Debtors reserve all of their rights to amend Schedule D to the extent that the Debtors determine that any Claims associated with such agreements should be reported on Schedule D.  Nothing herein shall be construed as an admission by the Debtors of the legal rights of the Claimant or a waiver of the Debtors' rights to re-characterize or reclassify such Claim or contract.

Moreover, the Debtors have not included on Schedule D parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights.  Although there are multiple parties that hold a portion of the debt included in the Debtors' prepetition secured credit facilities, only the administrative agents have been listed for purposes of Schedule D.  The amounts outstanding under the Debtors' prepetition secured credit facilities reflect approximate amounts as of the Petition Date.

**Schedule E**.  The Debtors have authority to pay certain prepetition liabilities, including the authority to pay employee wages and other employee benefits in the ordinary course of business (the "**Employee Wage and Benefits Order**") [Docket No. 263].  As a result of the Employee Wage and Benefits Order, the Debtors believe that any employee claims for prepetition amounts related to ongoing payroll and benefits, whether allowable as a priority or nonpriority claim, have been or will be satisfied, and such satisfied amounts are not listed on Schedule E.

The listing of any claim on Schedule E does not constitute an admission by the Debtors that such claim is entitled to priority treatment under 11 U.S.C. § 507.  The Debtors reserve their right to dispute the priority status of any claim on any basis.

The Debtors have also received authority to pay certain taxes, including, but not limited to, sales, use, income and property taxes pursuant to an order of the Bankruptcy Court (the "**Taxes Order**") [Docket No. 53].  The listing of a taxing authority on a Debtor's Schedule E is not an acknowledgement that such taxing authority holds a valid claim against a particular Debtor or that a particular tax claim is entitled to priority under 11 U.S.C. § 507(a)(8) or otherwise.  The Debtors reserve their right to treat any of these claims as postpetition claims.  Given the number of local (non-state or federal level) taxing authorities to which the Debtors remit local payroll withholding tax, and the laborious nature of collecting data relating to such entities due to the manner in which such taxes are recorded on the Debtors' books and records, the Debtors have omitted all such local taxing authorities from Schedule E.  As noted herein, the Debtors have received authority, pursuant to the Taxes Order, to satisfy, among other things, any local withholding tax obligations, and omission thereof does not represent the Debtors' belief that any such prepetition claims either exist or do not exist.  All local taxing jurisdictions are included in the creditor matrix maintained in these cases and will receive notice of the bar date.

**Schedule F**.  The Debtors have used reasonable best efforts to report all general unsecured Claims against the Debtors on Schedule F based upon the Debtors' existing books and records as of the Petition Date, as reconciled as of April 15, 2015.  The Claims of individual creditors for, among other things, products, goods, or services are listed as either the lower of the amounts invoiced by such creditor or the amounts entered on the Debtors' books and records and may not reflect credits or allowances due from such creditors to the applicable Debtor.  Such credits may relate to, for

instance, prepaid postage, volume rebate programs or prepaid software servicing fees. The Debtors reserve all of their rights with respect to any such credits and allowances, including the right to assert objections and/or setoffs with respect to same. <u>The Debtors have not affirmatively determined, in all instances, whether the claims indicated on Schedule F are subject to setoff, or the degree to which setoff applies, and reserve all rights to assert setoff defenses as applicable.</u> Schedule F does not include certain deferred charges, deferred liabilities, accruals, or general reserves. Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals are general estimates of liabilities and do not represent specific Claims as of the Petition Date. The Debtors have made every effort to include as a contingent, unliquidated, or disputed Claim, the Claim of any vendor not included on the Debtors' open accounts payable that is associated with an account that has an accrual or receipt not invoiced.

With respect to all paper vendors, Schedule F reflects amounts gross of applicable rebates; with respect to resell vendors, Schedule F reflects account payables net of rebates.

The Claims listed on Schedule F arose or were incurred on various dates. In certain instances, the date on which a Claim arose is an open issue of fact. Although reasonable efforts have been made to identify the date of incurrence of each Claim, determining the date upon which each Claim on Schedule F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each Claim listed on Schedule F.

The Bankruptcy Court has entered certain orders authorizing the Debtors to pay, in their discretion, certain outstanding pre-petition Claims on a postpetition basis. Each Debtor's Schedule F may not reflect the Debtor's payment of certain Claims pursuant to an order of the Bankruptcy Court, and, to the extent an unsecured Claim has been paid or may be paid it is possible that the Claim amount on Schedule F does not capture or reflect such payment; thus the amount included may be higher than that currently reflected on the Debtors' books and records. Certain Debtors may pay additional Claims listed on Schedule F during the Chapter 11 Cases pursuant to an order of the Bankruptcy Court. The Debtors reserve all of their rights to take any action, as is necessary or appropriate, to avoid over-payment of or duplicate payment for any such liabilities.

Schedule F contains information regarding pending litigation involving the Debtors, to the best of the Debtors' knowledge and belief. The dollar amount of potential Claims associated with any such pending litigation is listed as "undetermined" and marked as contingent, unliquidated, and disputed on the Schedules and Statements. Some of the litigation Claims listed on Schedule F may be subject to subordination pursuant to section 510 of the Bankruptcy Code.

Schedule F also includes potential or threatened legal disputes that are not formally recognized by an administrative, judicial, or other adjudicative proceeding. Any information contained in Schedule F with respect to such potential litigation shall not be a binding representation of the Debtors' liabilities with respect to any of the potential suits and proceedings included therein.

Addresses for all prior and current employees that may hold claims against the Debtors have been omitted to protect the confidentiality of such individuals.

The Debtors expressly incorporate by reference into Schedule F all amounts owed to parties to pending litigation listed in Statement 4(a) as contingent, unliquidated, and disputed claims, to the extent not already listed on Schedule F.

Schedule F reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease. Additionally, Schedule F does not include potential rejection damage Claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected.

No creditors are listed on Schedule F for the Debtors' foreign operating entities because all valid prepetition claims were or are to be paid pursuant to the order entered upon the commencement of these cases authorizing (but not directing) the Debtors to satisfy all prepetition obligations to foreign vendors.

**Schedule G**. The Debtors' businesses are complex. Although the Debtors' existing books, records and financial systems have been relied upon to identify and schedule executory contracts at each of the Debtors and diligent efforts have been made to ensure the accuracy of each Debtor's Schedule G, inadvertent errors, omissions or over-inclusions may have occurred. Certain information, such as the contact information of the counter party, may not be included where such information could not be obtained using the Debtors' reasonable efforts. In addition, certain customers' contract information has been omitted to protect the confidentiality of the Debtors' customer list, and the Debtors have listed their internal account numbers for such parties as appropriate. Counterparties to agreements listed with a notation beginning "HC GPO" are Healthcare Group Purchasing Organizations, the participants of which buy goods and services from Standard Register on terms and conditions negotiated by the organization on behalf of the group's participants.

Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable. The Debtors hereby reserve all of their rights to dispute the validity, status or enforceability of any contracts, agreements or leases set forth on Schedule G and to amend or supplement Schedule G as necessary. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth separately on Schedule G.

Certain confidentiality, purchase order, indemnification and non-compete agreements may not be listed on Schedule G. The Debtors reserve all of their rights with respect to such agreements.

Certain of the contracts and agreements listed on Schedule G may consist of several parts, including, purchase orders, amendments, restatements, waivers, letters and other documents that may not be listed on Schedule G or that may be listed as a single entry. The Debtors expressly reserve their rights to challenge whether such related materials constitute an executory contract, a single contract or agreement or multiple, severable or separate contracts.

The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon. In some cases, the same supplier or provider appears multiple times on Schedule G. This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such supplier or provider.

The Debtors reserve all of their rights, Claims and causes of action with respect to the contracts on Schedule G, including the right to dispute or challenge the characterization of the structure of any transaction or any document or instrument related to a creditor's Claim.

In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their businesses, such as subordination, nondisturbance and attornment agreements, supplemental agreements, amendments/letter agreements, title agreements, indemnity agreements, and confidentiality agreements. Such documents may not be set forth on Schedule G. Further, the Debtors reserve all of their rights to alter or amend these Schedules to the extent that additional information regarding the Debtor obligor to such executory contracts becomes available. Certain of the executory agreements may not have been memorialized and could be subject to dispute. Executory agreements that are oral in nature have not been included on Schedule G.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not valid and binding or is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission. Schedule G may be amended at any time to add any omitted contract, agreement or lease.

The listing of any contract on Schedule G does not constitute an admission by the Debtors as to the validity of any such contract or that such contract is an executory contract or unexpired lease. The Debtors reserve all of their rights to dispute the effectiveness of any such contract listed on Schedule G or to amend Schedule G at any time to remove any contract.

**Schedule H**. For purposes of Schedule H, the Debtors that are either the principal obligors or guarantors under the prepetition debt facilities are listed as Co-Debtors on Schedule H. The Debtors may not have identified certain guarantees associated with the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements. The Debtors reserve all of their rights to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or be unenforceable.

Although there are multiple lenders under the Debtors' prepetition debt facilities, only the administrative agents have been listed for purposes of Schedule H.

In the ordinary course of their businesses, the Debtors may be involved in pending or threatened litigation. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-Claims and counter-Claims against other parties. Because all such Claims are contingent, disputed, or unliquidated, such Claims have not been set forth individually on Schedule H. Litigation matters can be found on each Debtor's Schedule F and Statement 4a, as applicable.

### Specific Disclosures with Respect to the Debtors' Statements

**Statement 1**. In the normal course of business, the Debtors have reported income on a consolidated basis, and as such, amounts in Statement 1 are consolidated and uniform for each Debtor.

**Statement 2**. In the normal course of business, the Debtors have reported income on a consolidated basis, and as such, amounts in Statement 2 are consolidated and uniform for each Debtor.

**Statement 3b**. Statement 3b includes any disbursement or other transfer made by the Debtors except for those made to insiders, statutory employees (in connection with regular earnings), and bankruptcy professionals. Although the Debtors have omitted regular earnings payments for current and former employees, the Debtors have included detail regarding amounts paid to (i) former employees on account of severance or SERP obligations, and (ii) current employees from the Debtors' non-qualified deferred compensation plan.

All payments made to Bank of America, as reflected on Statement 3b, relate to valid, and work-related corporate credit card expenditures incurred by the Debtors' employees, and the Debtors' satisfaction thereof. In addition, certain payments made to Bank of America in connection with the Debtors' prepetition ABL credit facility are also reflected on Statement 3b.

Due to the voluminous nature of Statement 3b, addresses for each taxing authority listed therein are not provided in all instances. Address information for each taxing authority referenced in Statement 3b is included on Schedule E for Standard Register.

The amounts listed in Statement 3b reflect the Debtors' disbursements netted against any check level detail; thus, to the extent a disbursement was made to pay for multiple invoices, only one entry has been listed on Statement 3b. All disbursements listed on Statement 3b are made through the Debtors' cash management system.

**Statement 3c**. Statement 3c accounts for a respective Debtor's intercompany transactions, as well as other transfers to insiders, as applicable. As described in the *Debtors' Motion for Order Authorizing (A) Continued Use of Cash Management System; (B) Maintenance of Existing Bank Accounts; (C) Continued Use of Existing Business Forms; (D) Continued Performance of Intercompany Transactions in the Ordinary Course of Business and Grant of Administrative Expense Status for Postpetition Intercompany Claims; and (E) Interim Waiver of Section 345(b) Deposit and Investment Requirements* [Docket No. 5], in the ordinary course of business certain of the Debtor entities and business divisions maintain business relationships with each other, resulting in intercompany receivables and payables (the "**Intercompany Claims**"). Any payments to another Debtor on account of Intercompany Claims are reflective of the difference between the opening balance and ending balance in the year before the commencement of the chapter 11 cases

and, where applicable, such difference is listed on a Debtor's Statement 3c as a negative number. With respect to Intercompany Claims between Debtors, Statement 3c reflects the book value adjustment of such transfers rather than an actual transfer of funds from one Debtor entity to another.

Expense reimbursements paid directly to a third party have been omitted for purposes of responding to this question.

Credits are reflected on Statement 3c and generally relate to credit card reimbursements for personal expenses incurred on corporate credit cards.

All cash earned by Debtor iMedConsent LLC is transferred by Standard Register, which also pays all of iMedConsent LLC's disbursements, including payroll. Payroll paid by Standard Register is not recorded on the Debtors' books and records as a receivable to Standard Register, and, in the ordinary course of business, Standard Register does not maintain a comprehensive income statement or intercompany accounting notation on its records for such payments. Accordingly, the net result is a continually-growing intercompany receivable balance on iMedConsent LLC's balance sheet and a corresponding payable on Standard Register's balance sheet. As such, Statement 3c does not reflect a true intercompany transaction between these two entities.

**Statement 4a**. Information provided in Statement 4a includes only those legal disputes and administrative proceedings that are formally recognized by an administrative, judicial or other adjudicative forum. Additionally, any information contained in Statement 4a shall not be a binding representation of the Debtors' liabilities with respect to any of the suits and proceedings identified therein.

**Statement 7**. In addition to the gifts noted in Statement 7, the Debtors may make de minimis gifts from time to time.

**Statement 9**. Although all of the Debtors retained or paid the entities and individuals who provided consultation concerning debt consolidation, relief under the Bankruptcy Code, or preparation of a petition in bankruptcy within one year immediately preceding the Petition Date, the great majority of the payments, or property transferred by or on behalf of a Debtor for such services were made by Standard Register and are therefore listed on Standard Register's response to Statement 9. However, certain filing fees incurred in connection with the commencement of these cases were paid by the Debtors' Mexican entities and, as such, are listed in response to the applicable Statement 9 questions.

**Statement 13**. The Debtors routinely incur certain setoffs from customers or suppliers in the ordinary course of business, often times pursuant to certain customer programs. Setoffs in the ordinary course can result from various items including, but not limited to, intercompany transactions, pricing discrepancies, returns, warranties, prepaid postage, refunds, and other disputes or agreements between the Debtors and their customers and/or suppliers. These normal setoffs are consistent with the ordinary course of business in the Debtors' industries and can be particularly voluminous, making it unduly burdensome and costly for the Debtors to list such ordinary course setoffs. Therefore, although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not

independently accounted for when scheduling certain amounts, and as such, are excluded from the Schedules and Statements as applicable.  The Debtors reserve all rights with respect to setoffs and make no admission or waiver thereby.

**Statement 14**.  The responses to Statement 14 do not include equipment leased by the Debtors that is located on the Debtors' premises.  Such leases are included on Schedule G for the appropriate Debtor.

In certain instances, Standard Register's property is held by certain of its customers. With respect to those entries, the Debtors have listed the customers by internal account numbers to protect the confidentiality of the Debtors' customer list.

The Debtors routinely withhold or retain certain funds from employees for payment to certain governmental authorities.  These funds are held in trust for turnover to the applicable government authorities.  Since the Debtors do not retain control of these funds, nor are these funds considered property of the estates, such amounts have not been itemized in response to Statement 14.

**Statement 15**.  The Debtors have listed all changes of address to the corporate offices over the past three years.  Certain addresses listed were used by the Debtors' predecessor, Workflow One LLC, and have been included in responses to this question.

**Statement 17**.  The Debtors have listed environmental information in responses to this question to the best of their ability, based on the information reasonably available to the Debtors at the time the Schedules and Statements were prepared.  To the extent further investigation reveals additional or revised environmental information, the Debtors reserve their rights to amend the Schedules and Statements as necessary and appropriate.

**Statement 19d**.  The Debtors have provided financial statements in the ordinary course of their businesses to numerous financial institutions, creditors, and other parties within two years immediately before the Petition Date, including but not limited to the Debtors' principal secured lenders.  Considering the number of such recipients and the possibility that such information may have been shared with parties without the Debtors' knowledge or consent, the Debtors have not disclosed any parties that may have received such financial statements for the purposes of Statement                                                                                             19d.

**Statement 20a**.  Inventories conducted on Standard Register's property that is held by a customer on a consignment basis have been omitted for purposes Statement 20a.

**Statement 23**.  Unless otherwise indicated in a Debtor's specific response to Statement 23, the Debtors have included a comprehensive response to Statement 23 in Statement 3c.

**\*\*\*\*The Debtors, their officers, employees, agents, attorneys and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained herein. Except as expressly required by the Bankruptcy Code, the Debtors and their officers, employees, agents, attorneys and financial advisors expressly do not undertake any obligation to update, modify revise or re-categorize the information provided herein or to notify any third party should the information be updated, modified, revised or re-categorized.   The Debtors, on behalf of themselves, their officers, employees, agents and advisors disclaim any liability to any third party arising out of or related to the information contained on the Schedules and Statements and reserve all rights with respect thereto.\*\*\*\*\***

B7 (Official Form 7) (04/13)

# United States Bankruptcy Court
## District of Delaware

In re __Standard Register International, Inc.__                                    Case No.    __15-10544__
                                                    Debtor(s)                    Chapter      __11__

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(2), (31).

---

**1. Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$146,352,705.00** | **Operations - 12.29.14 to 03.01.15 (Through Fiscal-end February 2015)** |
| **$903,259,362.00** | **Operations - 12.30.13 to 12.28.14 (Fiscal Year 2014)** |
| **$719,782,823.00** | **Operations - 12.31.12 to 12.29.13 (Fiscal Year 2013)** |

B7 (Official Form 7) (04/13)
2

## 2. Income other than from employment or operation of business

None
☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$15,395.00** | **Interest Income, Gain on Joint Venture, & Miscellaneous Income - 12.29.14 to 03.01.15 (Through Fiscal-end February 2015)** |
| **$93,104.00** | **Interest Income, Gain on Joint Venture, & Miscellaneous Income - 12.30.13 to 12.28.14 (Fiscal Year 2014)** |
| **$65,488.00** | **Interest Income, Gain on Joint Venture, & Miscellaneous Income - 12.31.12 to 12.29.13 (Fiscal Year 2013)** |

## 3. Payments to creditors

None
■

*Complete a. or b., as appropriate, and c.*

a.    *Individual or joint debtor(s) with primarily consumer debts:*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None
■

b.    *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225˚.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None
■

c.    *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

## 4.  Suits and administrative proceedings, executions, garnishments and attachments

None
■

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

˚ *Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B7 (Official Form 7) (04/13)
3

None
■    b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately
preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning
property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not
filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

**5. Repossessions, foreclosures and returns**

None
■    List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or
returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12
or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the
spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

**6. Assignments and receiverships**

None
■    a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of
this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a
joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
| --- | --- | --- |

None
■    b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately
preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning
property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not
filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- | --- |

**7. Gifts**

None
■    List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary
and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions
aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by
either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
| --- | --- | --- | --- |

**8. Losses**

None
■    List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or
since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both
spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
| --- | --- | --- |

B7 (Official Form 7) (04/13)
4

**9. Payments related to debt counseling or bankruptcy**

None ■

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**10. Other transfers**

None ■

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None ■

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

**11. Closed financial accounts**

None ■

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

**12. Safe deposit boxes**

None ■

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

**13. Setoffs**

None ☐

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|
**See Global Notes**

B7 (Official Form 7) (04/13)
5

**14. Property held for another person**

None
■

List all property owned by another person that the debtor holds or controls.

NAME AND ADDRESS OF OWNER          DESCRIPTION AND VALUE OF PROPERTY          LOCATION OF PROPERTY

---

**15. Prior address of debtor**

None
■

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

ADDRESS                                        NAME USED                                        DATES OF OCCUPANCY

---

**16. Spouses and Former Spouses**

None
■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

---

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
■

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

SITE NAME AND ADDRESS          NAME AND ADDRESS OF          DATE OF          ENVIRONMENTAL
                              GOVERNMENTAL UNIT            NOTICE           LAW

None
■

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

SITE NAME AND ADDRESS          NAME AND ADDRESS OF          DATE OF          ENVIRONMENTAL
                              GOVERNMENTAL UNIT            NOTICE           LAW

None
■

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

NAME AND ADDRESS OF
GOVERNMENTAL UNIT                          DOCKET NUMBER                          STATUS OR DISPOSITION

B7 (Official Form 7) (04/13)
6

**18 . Nature, location and name of business**

None
■

a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|-----|------|------|------|

None
■

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|------|---------|

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, records and financial statements**

None
■

a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|------|------|

None
■

b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|------|------|------|

None
■

c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|------|------|

None
☐

d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|------|------|
| **See Global Notes** | |

B7 (Official Form 7) (04/13)
7

**20. Inventories**

None
■ a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

DATE OF INVENTORY                    INVENTORY SUPERVISOR                    DOLLAR AMOUNT OF INVENTORY
                                                                            (Specify cost, market or other basis)

None
■ b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

DATE OF INVENTORY                    NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY
                                     RECORDS

**21 . Current Partners, Officers, Directors and Shareholders**

None
■ a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

NAME AND ADDRESS                    NATURE OF INTEREST                    PERCENTAGE OF INTEREST

None
☐ b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

NAME AND ADDRESS                    TITLE                    NATURE AND PERCENTAGE
                                                            OF STOCK OWNERSHIP
**See SOFA 21b Attachment**

**22 . Former partners, officers, directors and shareholders**

None
■ a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

NAME                    ADDRESS                    DATE OF WITHDRAWAL

None
☐ b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

NAME AND ADDRESS                    TITLE                    DATE OF TERMINATION
**Ginnan, Robert M.**              **Treasurer**            **03/06/15**
**Address on File**

**23 . Withdrawals from a partnership or distributions by a corporation**

None
■ If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

NAME & ADDRESS                    DATE AND PURPOSE                    AMOUNT OF MONEY
OF RECIPIENT,                     OF WITHDRAWAL                      OR DESCRIPTION AND
RELATIONSHIP TO DEBTOR                                               VALUE OF PROPERTY

**24. Tax Consolidation Group.**

None
☐ If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION                    TAXPAYER IDENTIFICATION NUMBER (EIN)
**The Standard Register Company**            **31-0455440**

B7 (Official Form 7) (04/13)
8

**25. Pension Funds.**

None
■

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND                                                    TAXPAYER IDENTIFICATION NUMBER (EIN)

\* \* \* \* \* \*

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date **May 11, 2015**                    Signature **/s/ Benjamin Cutting**
                                                                **Benjamin Cutting**
                                                                **Chief Financial Officer**

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

In re Standard Register International, Inc.

Case No. 15-10544

SOFA 21b - Current Partners, Officers, Directors and Shareholders, corporation

| Name | Address1 | Address2 | Address3 | City | State | Zip | Title | Nature and Percentage of Stock Ownership |
|------|----------|----------|----------|------|-------|-----|-------|------------------------------------------|
| Cutting, Benjamin T. | Address on File | | | | | | Treasurer | N/A |
| Morgan, Joseph P., Jr. | Address on File | | | | | | Sole Director; President | N/A |
| Sowar, Gerard D. | Address on File | | | | | | Secretary | N/A |
| The Standard Register Company | 600 Albany Street | | | Dayton | OH | 45417 | | Owns 100% |