**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, *et al.*,[1] | Case No. 15-10541 (BLS) |
| Debtors. | Jointly Administered |

**GLOBAL NOTES, METHODOLOGY AND SPECIFIC
DISCLOSURES REGARDING THE DEBTORS' SCHEDULES OF
ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

## Introduction

The Standard Register Company ("**Standard Register**") and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (each, a "**Debtor**," and collectively, the "**Debtors**"), with the assistance of their advisors, have filed their respective Schedules of Assets and Liabilities (collectively, the "**Schedules**") and Statements of Financial Affairs (collectively, the "**Statements**, and together with the Schedules, the "**Schedules and Statements**") with the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), pursuant to section 521 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

These Global Notes, Methodology, and Specific Disclosures Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (the "**Global Notes**") pertain to, are incorporated by reference in, and comprise an integral part of each Debtor's Schedules and Statements. The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements.

For purposes of filing reports with the Securities and Exchange Commission, the Debtors have historically prepared consolidated financial statements and in accordance with generally accepted accounting principles ("**GAAP**"). Unlike the consolidated financial statements, the Schedules and Statements, in most instances, have been prepared on a nonconsolidated basis and reflect the assets and liabilities of each Debtor. Therefore, some of the financial information included in the Schedules and Statements may differ from that prepared for public reporting

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001).  The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

purposes. Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment, and reflect the Debtors' reasonable best efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

Although the Schedules and Statements may, at times, incorporate information prepared in accordance with GAAP, the Schedules and Statements neither purport to represent nor reconcile financial statements otherwise prepared and/or distributed by the Debtors in accordance with GAAP. **The Schedules and Statements should not be relied upon by any persons for information relating to current or future financial conditions, events, or performance of any of the Debtors.**

In preparing the Schedules and Statements, the Debtors relied upon information derived from their books and records that was available at the time of such preparation. Although the Debtors have made reasonable efforts to ensure the accuracy and completeness of such financial information, inadvertent errors or omissions, as well as the discovery of conflicting, revised, or subsequent information, may cause a material change to the Schedules and Statements. Accordingly, the Debtors reserve all of their rights to amend, supplement, or otherwise modify the Schedules and Statements as is necessary and appropriate. Notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and Statements.

Mr. Benjamin T. Cutting has signed each of the Schedules and Statements for all of the Debtors except Standard Register Holding, S. De R.L. De C.V., Standard Register Servicios, S. De R.L. De C.V., and Standard Register de Mexico, S. De R.L. De C.V. (collectively, the "**Mexican Debtors**"). Mr. Gerard D. Sowar has signed each of the Schedules and Statements for the Mexican Debtors. Mr. Cutting is the Chief Financial Officer and an Executive Vice President of Standard Register and an authorized signatory for each of the non-Mexican Debtors. Mr. Sowar is the Secretary and authorized signatory for each of the Mexican Debtors. In reviewing and signing the Schedules and Statements, Messrs. Cutting and Sowar necessarily have relied upon the efforts, statements, and representations of various personnel employed by the Debtors and their advisors. Messrs. Cutting and Sowar have not (and could not have) personally verified the accuracy of each statement and representation contained on the Schedules and Statements, including statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

### Global Notes and Overview of Methodology

1.    **Reservation of Rights**.  Reasonable best efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and Statements with respect to claim ("**Claim**") description, designation, or Debtor against which the Claim is asserted; dispute or otherwise assert offsets or defenses to any Claim reflected on the Schedules and Statements as to amount, liability, priority, status, or classification; subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or object to the extent, validity, enforceability, priority, or avoidability of any Claim. Any failure to designate a Claim on the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such Claim

or amount is not "disputed," "contingent," or "unliquidated." Listing a Claim does not constitute an admission of liability by the Debtor against which the Claim is listed or against any of the Debtors. Furthermore, nothing contained on the Schedules and Statements shall constitute a waiver of rights with respect to the Chapter 11 Cases (collectively, the "**Chapter 11 Cases**"), including, without limitation, issues involving Claims, substantive consolidation, defenses, equitable subordination, recharacterization, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

The listing on the Schedules or Statements (including, without limitation, Schedule B, Schedule F or Statement 3(c)) by the Debtors of any obligation between a Debtor and another Debtor or between a Debtor and a non-Debtor affiliate is a statement of what appears in the Debtors' books and records and does not reflect any admission or conclusion of the Debtors regarding whether such amount would be allowed as a Claim or how such obligations may be classified and/or characterized in a plan of reorganization or by the Bankruptcy Court. The Debtors reserve all rights with respect to such obligations.

2.    **Description of Cases and "as of" Information Date**. On March 12, 2015 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On March 13, 2015, the Bankruptcy Court entered an order directing procedural consolidation and joint administration of the Chapter 11 Cases [Docket No. 46]. On March 24, 2015, the United States Trustee for the District of Delaware appointed a statutory committee of unsecured creditors pursuant to section 1102(a)(1) of the Bankruptcy Code [Docket No. 129].

**Except as otherwise noted, the information provided herein is as of the Petition Date, as reconciled by the Debtors on or about April 15, 2015.**

3.    **Net Book Value of Assets**. It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations for all of their assets. Accordingly, unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values as of February 28, 2015, in the Debtors' books and records. Furthermore, as applicable, assets that have been fully depreciated or were expensed for accounting purposes do not appear on the Schedules and Statements as they have no net book value. The Debtors reserve their right to amend or adjust the value of each asset or liability set forth herein.

4.    **Recharacterization**. Notwithstanding the Debtors' reasonable best efforts to properly characterize, classify, categorize or designate certain Claims, assets, executory contracts, unexpired leases and other items reported on the Schedules and Statements, the Debtors may, nevertheless, have improperly characterized, classified, categorized, designated, or omitted certain items due to the complexity and size of the Debtors' businesses. Accordingly, the Debtors reserve all of their rights to re-characterize, reclassify, re-categorize, re-designate, add or delete items reported on the Schedules and Statements at a later time as is necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases listed

herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

5.      **Liabilities**.  The Debtors maintain ongoing efforts to review and reconcile all prepetition liabilities including the receipt of goods, processing of invoices and application of payments.  In addition, the Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the value of liabilities and the allocation of liabilities between the prepetition and postpetition periods may change.  Accordingly, the Debtors reserve all of their rights to amend, supplement, or otherwise modify the Schedules and Statements as is necessary or appropriate.  The Debtors also reserve the right to alter the priority and allocation of liability to the extent additional information becomes available.

**The liabilities listed on the Schedules do not reflect any analysis of Claims under section 503(b)(9) of the Bankruptcy Code.  Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted Claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any transaction or any document or instrument related to any Claim**.

6.      **Intercompany and Other Transfers**.  Although separate Schedules and Statements have been prepared and filed for each of the Debtors, certain of the information set forth on the Schedules and Statements has been prepared on a consolidated basis.  As a result, the Schedules and Statements do not reflect all intercompany activity.  In addition, pursuant to the terms of the Debtors' prepetition cash management system, each of the individual Debtors' operating and payable accounts (to the extent a Debtor maintains an account) generally are consolidated and transferred into a general concentration account on regular intervals.  The details regarding these transactions are not provided on the Schedules and Statements.

7.      **Real Property and Personal Property–Leased**.  In the ordinary course of their businesses, the Debtors lease real property and various articles of personal property, including vehicles, fixtures, and equipment, from certain third-party lessors.  The Debtors have made reasonable efforts to list all such leases on the Schedules and Statements.  The Debtors have made reasonable efforts to include lease liabilities on Schedule D (secured debt) to the extent the lessor filed a UCC-1.  However, nothing on the Schedules or Statements is or shall be construed as an admission or determination as to the legal status of any lease (including whether to assume and assign or reject such lease or whether it is a true lease or a financing arrangement), and the Debtors reserve all of their rights with respect to all such issues.

8.      **Prepetition Customer Programs**.  The Bankruptcy Court entered an order granting the Debtors the authority to honor certain prepetition customer programs, and claims incurred in connection therewith [Docket No. 49].  Such customer programs include, but are not limited to, prepaid postage, warranties and guaranties, refunds, rebates, prepaid warehousing obligations, prepaid software services, and other similar policies.  Debts arising out of customer programs are generally being satisfied and have not been included on the Schedules.  Accordingly, none of these amounts are specifically identified on the Schedules.

9.    **Excluded Assets and Liabilities**.  The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including, without limitation, accrued salaries, employee benefit accruals, and deferred gains.  The Debtors also have excluded rejection damage Claims of counterparties to executory contracts and unexpired leases that may be rejected, to the extent such damage Claims exist.  In addition, certain immaterial assets and liabilities may have been excluded.

10.    **Insiders**.  Solely, for purposes of the Schedules and Statements, the Debtors define "insiders" to include the following:  (a) directors; (b) officers; (c) general partners of the Debtor entities and equity holders holding in excess of 5% of the voting securities the Debtor entities; (d) Debtor/non-Debtor affiliates; and (e) relatives of any of the foregoing (to the extent known by the Debtors).

Persons listed as "insiders" have been included for informational purposes only.  The Debtors do not take any position with respect to:  (a) such person's influence over the control of the Debtors; (b) the management responsibilities or functions of such individual; (c) the decision-making or corporate authority of such individual; or (d) whether such individual is or is not an "insider" under applicable law, including the federal securities laws and the Bankruptcy Code, or with respect to any theories of liability or for any other purpose.

11.    **Intellectual Property Rights**.  The Debtors have attempted to list all of their intellectual property rights.  Exclusion of certain intellectual property shall not be construed as an admission that the Debtors do not have rights in such intellectual property or that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

The Debtors reserve all of their rights with respect to the legal status of any and all such intellectual property rights.

12.    **Executory Contracts and Unexpired Leases**.  Although the Debtors made diligent attempts to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so due to the complexity and size and scope of the Debtors' businesses.  Accordingly, the Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G.

**Moreover, the Debtors have not set forth executory contracts and unexpired leases as assets on the Schedules and Statements, even though these contracts and leases may have some value to the Debtors' estates.  The Debtors' executory contracts and unexpired leases have been included on Schedule G.  The Debtors' rejection of executory contracts and unexpired leases may result in the assertion of rejection damage claims; the Schedules and Statements do not reflect any claims for rejection damages.  The Debtors reserve the right to make any arguments and objections with respect to the assertion of any such claims.**

13.    **Materialman's/Mechanic's Liens**.  The inventories, property, and equipment listed on the Schedules and Statements are presented without consideration of any materialman's or mechanic's liens.

14.    **Classifications**.  Listing a Claim or contract on (a) Schedule D as "secured," (b) Schedule E as "priority," (c) Schedule F as "unsecured," or (d) on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the Claimant or a waiver of the Debtors' rights to re-characterize or reclassify such Claims or contracts or to setoff of such Claims.

15.    **Claims Description**.  Schedules D, E, and F permit each Debtor to designate a Claim as "disputed," "contingent," and/or "unliquidated."  Any failure to designate a Claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by that Debtor that such amount is not "disputed," "contingent," or "unliquidated," or that such Claim is not subject to objection.  The Debtors reserve all of their rights to dispute, or assert offsets or defenses to, any Claim reflected on their respective Schedules and Statements on any grounds, including liability or classification.  Additionally, the Debtors expressly reserve all of their rights to subsequently designate such Claims as "disputed," "contingent," or "unliquidated."  Moreover, listing a Claim does not constitute an admission of liability by the Debtors.

16.    **Causes of Action**.  Despite their reasonable best efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third-parties as assets on the Schedules and Statements, including, without limitation, causes of actions arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers.  The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross-Claim, counter-Claim, or recoupment and any Claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law, or in equity, or pursuant to any other theory of law (collectively, "**Causes of Action**") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any Claims or Causes of Action or in any way prejudice or impair the assertion of such Claims or Causes of Action.

17.    **Summary of Significant Reporting Policies**.  The following is a summary of significant reporting policies:

       a.    Undetermined Amounts.  The description of an amount as "unknown," "TBD" or "undetermined" is not intended to reflect upon the materiality of such amount.

       b.    Totals.  All totals that are included on the Schedules and Statements represent totals of all known amounts as of the

Petition Date (as reconciled by the Debtors on or about April 15, 2015), unless otherwise noted.  To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

c.    Paid Claims.  Pursuant to various orders entered by the Bankruptcy Court, the Debtors were authorized (but not directed) to pay certain outstanding prepetition Claims, including, without limitation, certain claims of employees for wages, salaries and benefits, certain tax claims, and certain claims of critical and/or foreign vendors.    In addition, the Debtors were authorized to continue honoring obligations in connection with certain customer programs that were in place prior to the Petition Date.  Accordingly, certain outstanding liabilities may have been reduced by postpetition payments made on account of prepetition liabilities.  To the extent that the Debtors have paid or pay any of the Claims listed on the Schedules and Statements pursuant to any order entered by the Bankruptcy Court, the Debtors reserve all of their rights to take any action as is necessary or appropriate to avoid over-payment of or duplicate payments for any such liabilities.

d.    Excluded Assets and Liabilities.  The Debtors have excluded certain accrued liabilities, including accrued salaries and employee benefits and tax accruals from the Schedules and Statements.  Certain other immaterial assets and liabilities may also have been excluded.

e.    Liens.  Property and equipment listed on the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

18.    **Estimates and Assumptions**.  To prepare and file the Schedules in accordance with the deadline established in the  Chapter 11 Cases, management was required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities.  Actual results could differ from those estimates, perhaps materially.  The Debtors reserve all rights to amend the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions.

19.    **Currency**.  Unless otherwise indicated, all amounts are reflected in U.S. dollars.

20.    **Setoffs**.  The Debtors incur certain offsets and other similar rights during the ordinary course of business.  Offsets in the ordinary course can result from various items, including, without limitation, intercompany transactions, pricing discrepancies, returns, warranties, and other disputes between the Debtors and their suppliers, as well as agreements reached with vendors and customers regarding the governing business relationship.  These offsets and other similar rights

are consistent with the ordinary course of business in the Debtors' industry and are, at times, not tracked separately.  Therefore, although such offsets and other similar rights may have been accounted for when certain amounts were included on the Schedules, offsets may, in some instances, not be independently accounted for, and as such, are excluded from the Debtors' Schedules and Statements in certain respects.

21.    **Confidentiality**.    Addresses of individuals, including with respect to the Debtors' employees, officers and directors, are generally not included on the Schedules and Statements for confidentiality reasons.  Other addresses may also be redacted to protect the confidentiality of certain parties.  The Debtors will mail any required notice or other documents to the address listed in their books and records for such individuals.  Additionally, individual names other than insiders may have been reported in summary form on the Schedules and Statements, as applicable.

22.    **Global Notes Control**.    In the event that the Schedules and Statements differ from the foregoing Global Notes, the Global Notes shall control.

**Specific Disclosures with Respect to the Debtors' Schedules**

**Schedule A**.  For those Debtors that own real property, such owned real estate is reported at book value, net of accumulated depreciation unless otherwise noted.  This amount may be materially different from the fair market value of such real estate.  The Debtors may have listed certain assets as real property when such assets are in fact personal property, or the Debtors may have listed certain assets as personal property when such assets are in fact real property.  The Debtors reserve all of their rights to re-categorize and/or re-characterize such asset holdings to the extent that the Debtors determine that such holdings were improperly listed.

**Schedule B**.  All values included on Schedule B reflect the book value of the Debtors' assets as of February 28, 2015, unless otherwise noted.

      **Schedule B2**.  Cash values held in financial accounts are listed on Schedule B2 as of March 11, 2015.

      **Schedule B4**.  Unless indicated otherwise in a Debtor's specific response to Schedule B4, the Debtors have included a comprehensive response to Schedule B4 in Schedules B28 and B29.

      **Schedule B9**.  The Debtors maintain certain insurance policies essential to continued operations.  The terms of these policies are characteristic of insurance policies typically maintained by corporate entities that are similar in size and nature to the Debtors.  The Debtors maintain various policies of insurance, including, but not limited to, property, casualty, motor vehicles, workers' compensation, general liability, employer's practice liabilities and director and officer liability. Each insurance policy listed in Schedule B9 includes reference to the last four digits of the applicable policy number. Additional information regarding the insurance policies listed on Schedule B9 can be found in the *Debtors' Motion for Order (I) Authorizing Continuation of, and Payment of Prepetition Obligations Incurred in the Ordinary Course of Business in Connection With, Various Insurance Policies, and (II) Authorizing Banks to Honor and Process Checks and Electronic Transfer Requests Related Thereto* [Docket No. 8].

**Schedules B13 and B14**.  Ownership interests in subsidiaries and joint ventures have been listed on Schedules B13 and B14 (if applicable) as an undetermined amount on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their net book value.

**Schedule B16**.  The Debtors have disclosed the net book value with respect to accounts receivable listed on Schedule B16, which represents the amount of the accounts receivable netted by any "doubtful accounts."  For purposes of Schedule B16, "doubtful accounts" are those accounts that the Debtors have identified as unlikely to be paid given the amount of time such accounts have been outstanding.  Accounts receivable reflected on Schedule B16 were reconciled as of March 11, 2015.

**Schedule B18**.  Refunds that the Debtors requested prior to the Petition Date from the appropriate contract counterparty are reflected on Schedule B18.  Any refunds that the Debtors anticipate seeking from applicable counterparties are captured in the data reflected on Schedule B21.

**Schedules B18 and B21**.  The Debtors' failure to list any contingent and/or unliquidated claim held by the Debtors in response to this question shall not constitute a waiver, release, relinquishment, or forfeiture of such claim.

**Schedule B20**.  Data captured on Schedule B20 is reflected at cash surrender value, and not included on Schedule B9, and was reconciled as of March 11, 2015.

**Schedule B21**.  In the ordinary course of their businesses, the Debtors may have accrued, or may subsequently accrue, certain rights to counter-Claims, setoffs, refunds and/or rebates with their customers and suppliers, or potential warranty Claims against their suppliers.  Additionally, certain of the Debtors may be a party to pending litigation in which the Debtors have asserted, or may assert, Claims as a plaintiff or counter-Claims as a defendant.  Because such Claims are unknown to the Debtors and not quantifiable as of the Petition Date, they are not listed on Schedule B21. The information in Schedule B21 was reconciled as of March 31, 2015

**Schedule B22**.  Patents, Trademarks, and other Intellectual Property are listed in Schedules B22 as an undetermined amount on account of the fact that the fair market value of ownership of such property is dependent on numerous variables and factors and may differ significantly from net book value.  Nothing herein or on the Schedules and Statements shall be construed as an admission or acknowledgment by the Debtors that any particular intellectual property is not transferable either pursuant to its terms or pursuant to provisions of the Bankruptcy Code or has no market value, and the Debtors reserve all rights with respect to any such issues.  The Debtors have not assigned value to, or identified the expiration date for, the patents, copyrights and other intellectual property identified on Schedule B22.  As of the submission of these Schedules and Statements, the Debtors have not been able to determine the applicable expiration date for all of the items listed and the diligence in connection therewith remains ongoing.  The Debtors do not ascribe any accounting value to customer relationships.  Without any historical basis for valuation of the customer relationships, these relationships are not included on Schedule B22. The

information in Schedule B22 was reconciled as of February 28, 2015.

**Schedule B23 – Licenses**.  The Debtors have included software licenses on Schedule B23, but have omitted certain miscellaneous licenses which are believed to have *de minimis* value. The Debtors have not included operating licenses and permits. The information in Schedule B23 was reconciled as of March 31, 2015

**Schedules B28 and B29**.  For purposes of Schedules B28 and B29, the value of certain assets may be included in a fixed asset group or certain assets with a net book value of zero and may not be specifically set forth on Schedule B28 or B29.

**Schedule B30**.  Unless otherwise stated in a specific Debtor's Schedule B30, inventories are carried at cost, net of an allowance for obsolescence. The Debtors have an established cycle count inventory program for certain of their facilities, which applies to the Debtors' facilities and distribution centers where indicated.

**Schedule D**.  The Claims listed on Schedule D arose or were incurred on various dates; a determination of the date upon which each Claim arose or was incurred would be unduly burdensome and cost prohibitive.  Accordingly, not all such dates are included for each Claim.  All Claims listed on Schedule D, however, appear to have arisen or been incurred before the Petition Date.

Except as otherwise agreed pursuant to a stipulation or order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset of a secured creditor listed on Schedule D of any Debtor.  Moreover, although the Debtors have scheduled Claims of various creditors as secured Claims, the Debtors reserve all of their rights to dispute or challenge the secured nature of any such creditor's Claim or the characterization of the structure of any transaction or any document or instrument related to such Claim.  The descriptions provided on Schedule D are solely intended to be a summary—and not an admission—of liability.

Schedule D for each Debtor reflects indebtedness owed pursuant to the Debtors' prepetition secured credit facilities.  Although there are multiple lenders related to such credit facilities, only the administrative agents for such lenders have been listed for purposes of capturing this debt on Schedule D.

To generate the list of creditors holding secured claims by virtue of a UCC filing, the Debtors utilized a UCC lien search that was performed on or about January 15, 2015.  Because this lien search was performed approximately two months prior to the Petition Date, it is possible that certain claimants perfected their respective interests within the intervening period and, to the extent this occurred, these claimants may not be listed on Schedule D.  By listing a party on Schedule D based on a UCC filing, the Debtors are not conceding that such party actually holds a perfected, non-avoidable security interest in the asset that is the subject of such filing, and reserve all rights in connection therewith.

Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of liens.  Nothing in the Global

Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements. Except as specifically stated on Schedule D, real property lessors, utility companies, and other parties that may hold security deposits have not been listed on Schedule D. The Debtors reserve all of their rights to amend Schedule D to the extent that the Debtors determine that any Claims associated with such agreements should be reported on Schedule D. Nothing herein shall be construed as an admission by the Debtors of the legal rights of the Claimant or a waiver of the Debtors' rights to re-characterize or reclassify such Claim or contract.

Moreover, the Debtors have not included on Schedule D parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights. Although there are multiple parties that hold a portion of the debt included in the Debtors' prepetition secured credit facilities, only the administrative agents have been listed for purposes of Schedule D. The amounts outstanding under the Debtors' prepetition secured credit facilities reflect approximate amounts as of the Petition Date.

**Schedule E**. The Debtors have authority to pay certain prepetition liabilities, including the authority to pay employee wages and other employee benefits in the ordinary course of business (the "**Employee Wage and Benefits Order**") [Docket No. 263]. As a result of the Employee Wage and Benefits Order, the Debtors believe that any employee claims for prepetition amounts related to ongoing payroll and benefits, whether allowable as a priority or nonpriority claim, have been or will be satisfied, and such satisfied amounts are not listed on Schedule E.

The listing of any claim on Schedule E does not constitute an admission by the Debtors that such claim is entitled to priority treatment under 11 U.S.C. § 507. The Debtors reserve their right to dispute the priority status of any claim on any basis.

The Debtors have also received authority to pay certain taxes, including, but not limited to, sales, use, income and property taxes pursuant to an order of the Bankruptcy Court (the "**Taxes Order**") [Docket No. 53]. The listing of a taxing authority on a Debtor's Schedule E is not an acknowledgement that such taxing authority holds a valid claim against a particular Debtor or that a particular tax claim is entitled to priority under 11 U.S.C. § 507(a)(8) or otherwise. The Debtors reserve their right to treat any of these claims as postpetition claims. Given the number of local (non-state or federal level) taxing authorities to which the Debtors remit local payroll withholding tax, and the laborious nature of collecting data relating to such entities due to the manner in which such taxes are recorded on the Debtors' books and records, the Debtors have omitted all such local taxing authorities from Schedule E. As noted herein, the Debtors have received authority, pursuant to the Taxes Order, to satisfy, among other things, any local withholding tax obligations, and omission thereof does not represent the Debtors' belief that any such prepetition claims either exist or do not exist. All local taxing jurisdictions are included in the creditor matrix maintained in these cases and will receive notice of the bar date.

**Schedule F**. The Debtors have used reasonable best efforts to report all general unsecured Claims against the Debtors on Schedule F based upon the Debtors' existing books and records as of the Petition Date, as reconciled as of April 15, 2015. The Claims of individual creditors for, among other things, products, goods, or services are listed as either the lower of the amounts invoiced by such creditor or the amounts entered on the Debtors' books and records and may not reflect credits or allowances due from such creditors to the applicable Debtor. Such credits may relate to, for

instance, prepaid postage, volume rebate programs or prepaid software servicing fees. The Debtors reserve all of their rights with respect to any such credits and allowances, including the right to assert objections and/or setoffs with respect to same. <u>The Debtors have not affirmatively determined, in all instances, whether the claims indicated on Schedule F are subject to setoff, or the degree to which setoff applies, and reserve all rights to assert setoff defenses as applicable.</u> Schedule F does not include certain deferred charges, deferred liabilities, accruals, or general reserves. Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals are general estimates of liabilities and do not represent specific Claims as of the Petition Date. The Debtors have made every effort to include as a contingent, unliquidated, or disputed Claim, the Claim of any vendor not included on the Debtors' open accounts payable that is associated with an account that has an accrual or receipt not invoiced.

With respect to all paper vendors, Schedule F reflects amounts gross of applicable rebates; with respect to resell vendors, Schedule F reflects account payables net of rebates.

The Claims listed on Schedule F arose or were incurred on various dates. In certain instances, the date on which a Claim arose is an open issue of fact. Although reasonable efforts have been made to identify the date of incurrence of each Claim, determining the date upon which each Claim on Schedule F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each Claim listed on Schedule F.

The Bankruptcy Court has entered certain orders authorizing the Debtors to pay, in their discretion, certain outstanding pre-petition Claims on a postpetition basis. Each Debtor's Schedule F may not reflect the Debtor's payment of certain Claims pursuant to an order of the Bankruptcy Court, and, to the extent an unsecured Claim has been paid or may be paid it is possible that the Claim amount on Schedule F does not capture or reflect such payment; thus the amount included may be higher than that currently reflected on the Debtors' books and records. Certain Debtors may pay additional Claims listed on Schedule F during the Chapter 11 Cases pursuant to an order of the Bankruptcy Court. The Debtors reserve all of their rights to take any action, as is necessary or appropriate, to avoid over-payment of or duplicate payment for any such liabilities.

Schedule F contains information regarding pending litigation involving the Debtors, to the best of the Debtors' knowledge and belief. The dollar amount of potential Claims associated with any such pending litigation is listed as "undetermined" and marked as contingent, unliquidated, and disputed on the Schedules and Statements. Some of the litigation Claims listed on Schedule F may be subject to subordination pursuant to section 510 of the Bankruptcy Code.

Schedule F also includes potential or threatened legal disputes that are not formally recognized by an administrative, judicial, or other adjudicative proceeding. Any information contained in Schedule F with respect to such potential litigation shall not be a binding representation of the Debtors' liabilities with respect to any of the potential suits and proceedings included therein.

Addresses for all prior and current employees that may hold claims against the Debtors have been omitted to protect the confidentiality of such individuals.

The Debtors expressly incorporate by reference into Schedule F all amounts owed to parties to pending litigation listed in Statement 4(a) as contingent, unliquidated, and disputed claims, to the extent not already listed on Schedule F.

Schedule F reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease. Additionally, Schedule F does not include potential rejection damage Claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected.

No creditors are listed on Schedule F for the Debtors' foreign operating entities because all valid prepetition claims were or are to be paid pursuant to the order entered upon the commencement of these cases authorizing (but not directing) the Debtors to satisfy all prepetition obligations to foreign vendors.

**Schedule G**. The Debtors' businesses are complex. Although the Debtors' existing books, records and financial systems have been relied upon to identify and schedule executory contracts at each of the Debtors and diligent efforts have been made to ensure the accuracy of each Debtor's Schedule G, inadvertent errors, omissions or over-inclusions may have occurred. Certain information, such as the contact information of the counter party, may not be included where such information could not be obtained using the Debtors' reasonable efforts. In addition, certain customers' contract information has been omitted to protect the confidentiality of the Debtors' customer list, and the Debtors have listed their internal account numbers for such parties as appropriate. Counterparties to agreements listed with a notation beginning "HC GPO" are Healthcare Group Purchasing Organizations, the participants of which buy goods and services from Standard Register on terms and conditions negotiated by the organization on behalf of the group's participants.

Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable. The Debtors hereby reserve all of their rights to dispute the validity, status or enforceability of any contracts, agreements or leases set forth on Schedule G and to amend or supplement Schedule G as necessary. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth separately on Schedule G.

Certain confidentiality, purchase order, indemnification and non-compete agreements may not be listed on Schedule G. The Debtors reserve all of their rights with respect to such agreements.

Certain of the contracts and agreements listed on Schedule G may consist of several parts, including, purchase orders, amendments, restatements, waivers, letters and other documents that may not be listed on Schedule G or that may be listed as a single entry. The Debtors expressly reserve their rights to challenge whether such related materials constitute an executory contract, a single contract or agreement or multiple, severable or separate contracts.

The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents.  Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon.  In some cases, the same supplier or provider appears multiple times on Schedule G.  This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such supplier or provider.

The Debtors reserve all of their rights, Claims and causes of action with respect to the contracts on Schedule G, including the right to dispute or challenge the characterization of the structure of any transaction or any document or instrument related to a creditor's Claim.

In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their businesses, such as subordination, nondisturbance and attornment agreements, supplemental agreements, amendments/letter agreements, title agreements, indemnity agreements, and confidentiality agreements.  Such documents may not be set forth on Schedule G.  Further, the Debtors reserve all of their rights to alter or amend these Schedules to the extent that additional information regarding the Debtor obligor to such executory contracts becomes available.  Certain of the executory agreements may not have been memorialized and could be subject to dispute. Executory agreements that are oral in nature have not been included on Schedule G.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not valid and binding or is not an executory contract or unexpired lease.  The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.  Schedule G may be amended at any time to add any omitted contract, agreement or lease.

The listing of any contract on Schedule G does not constitute an admission by the Debtors as to the validity of any such contract or that such contract is an executory contract or unexpired lease. The Debtors reserve all of their rights to dispute the effectiveness of any such contract listed on Schedule G or to amend Schedule G at any time to remove any contract.

**Schedule H**.  For purposes of Schedule H, the Debtors that are either the principal obligors or guarantors under the prepetition debt facilities are listed as Co-Debtors on Schedule H.  The Debtors may not have identified certain guarantees associated with the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements.  The Debtors reserve all of their rights to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or be unenforceable.

Although there are multiple lenders under the Debtors' prepetition debt facilities, only the administrative agents have been listed for purposes of Schedule H.

In the ordinary course of their businesses, the Debtors may be involved in pending or threatened litigation. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-Claims and counter-Claims against other parties. Because all such Claims are contingent, disputed, or unliquidated, such Claims have not been set forth individually on Schedule H. Litigation matters can be found on each Debtor's Schedule F and Statement 4a, as applicable.

## Specific Disclosures with Respect to the Debtors' Statements

**Statement 1**. In the normal course of business, the Debtors have reported income on a consolidated basis, and as such, amounts in Statement 1 are consolidated and uniform for each Debtor.

**Statement 2**. In the normal course of business, the Debtors have reported income on a consolidated basis, and as such, amounts in Statement 2 are consolidated and uniform for each Debtor.

**Statement 3b**. Statement 3b includes any disbursement or other transfer made by the Debtors except for those made to insiders, statutory employees (in connection with regular earnings), and bankruptcy professionals. Although the Debtors have omitted regular earnings payments for current and former employees, the Debtors have included detail regarding amounts paid to (i) former employees on account of severance or SERP obligations, and (ii) current employees from the Debtors' non-qualified deferred compensation plan.

All payments made to Bank of America, as reflected on Statement 3b, relate to valid, and work-related corporate credit card expenditures incurred by the Debtors' employees, and the Debtors' satisfaction thereof. In addition, certain payments made to Bank of America in connection with the Debtors' prepetition ABL credit facility are also reflected on Statement 3b.

Due to the voluminous nature of Statement 3b, addresses for each taxing authority listed therein are not provided in all instances. Address information for each taxing authority referenced in Statement 3b is included on Schedule E for Standard Register.

The amounts listed in Statement 3b reflect the Debtors' disbursements netted against any check level detail; thus, to the extent a disbursement was made to pay for multiple invoices, only one entry has been listed on Statement 3b. All disbursements listed on Statement 3b are made through the Debtors' cash management system.

**Statement 3c**. Statement 3c accounts for a respective Debtor's intercompany transactions, as well as other transfers to insiders, as applicable. As described in the *Debtors' Motion for Order Authorizing (A) Continued Use of Cash Management System; (B) Maintenance of Existing Bank Accounts; (C) Continued Use of Existing Business Forms; (D) Continued Performance of Intercompany Transactions in the Ordinary Course of Business and Grant of Administrative Expense Status for Postpetition Intercompany Claims; and (E) Interim Waiver of Section 345(b) Deposit and Investment Requirements* [Docket No. 5], in the ordinary course of business certain of the Debtor entities and business divisions maintain business relationships with each other, resulting in intercompany receivables and payables (the "**Intercompany Claims**"). Any payments to another Debtor on account of Intercompany Claims are reflective of the difference between the opening balance and ending balance in the year before the commencement of the chapter 11 cases

and, where applicable, such difference is listed on a Debtor's Statement 3c as a negative number. With respect to Intercompany Claims between Debtors, Statement 3c reflects the book value adjustment of such transfers rather than an actual transfer of funds from one Debtor entity to another.

Expense reimbursements paid directly to a third party have been omitted for purposes of responding to this question.

Credits are reflected on Statement 3c and generally relate to credit card reimbursements for personal expenses incurred on corporate credit cards.

All cash earned by Debtor iMedConsent LLC is transferred by Standard Register, which also pays all of iMedConsent LLC's disbursements, including payroll. Payroll paid by Standard Register is not recorded on the Debtors' books and records as a receivable to Standard Register, and, in the ordinary course of business, Standard Register does not maintain a comprehensive income statement or intercompany accounting notation on its records for such payments. Accordingly, the net result is a continually-growing intercompany receivable balance on iMedConsent LLC's balance sheet and a corresponding payable on Standard Register's balance sheet. As such, Statement 3c does not reflect a true intercompany transaction between these two entities.

**Statement 4a**. Information provided in Statement 4a includes only those legal disputes and administrative proceedings that are formally recognized by an administrative, judicial or other adjudicative forum. Additionally, any information contained in Statement 4a shall not be a binding representation of the Debtors' liabilities with respect to any of the suits and proceedings identified therein.

**Statement 7**. In addition to the gifts noted in Statement 7, the Debtors may make de minimis gifts from time to time.

**Statement 9**. Although all of the Debtors retained or paid the entities and individuals who provided consultation concerning debt consolidation, relief under the Bankruptcy Code, or preparation of a petition in bankruptcy within one year immediately preceding the Petition Date, the great majority of the payments, or property transferred by or on behalf of a Debtor for such services were made by Standard Register and are therefore listed on Standard Register's response to Statement 9. However, certain filing fees incurred in connection with the commencement of these cases were paid by the Debtors' Mexican entities and, as such, are listed in response to the applicable Statement 9 questions.

**Statement 13**. The Debtors routinely incur certain setoffs from customers or suppliers in the ordinary course of business, often times pursuant to certain customer programs. Setoffs in the ordinary course can result from various items including, but not limited to, intercompany transactions, pricing discrepancies, returns, warranties, prepaid postage, refunds, and other disputes or agreements between the Debtors and their customers and/or suppliers. These normal setoffs are consistent with the ordinary course of business in the Debtors' industries and can be particularly voluminous, making it unduly burdensome and costly for the Debtors to list such ordinary course setoffs. Therefore, although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not

independently accounted for when scheduling certain amounts, and as such, are excluded from the Schedules and Statements as applicable.  The Debtors reserve all rights with respect to setoffs and make no admission or waiver thereby.

**Statement 14**.  The responses to Statement 14 do not include equipment leased by the Debtors that is located on the Debtors' premises.  Such leases are included on Schedule G for the appropriate Debtor.

In certain instances, Standard Register's property is held by certain of its customers. With respect to those entries, the Debtors have listed the customers by internal account numbers to protect the confidentiality of the Debtors' customer list.

The Debtors routinely withhold or retain certain funds from employees for payment to certain governmental authorities.  These funds are held in trust for turnover to the applicable government authorities.  Since the Debtors do not retain control of these funds, nor are these funds considered property of the estates, such amounts have not been itemized in response to Statement 14.

**Statement 15**.  The Debtors have listed all changes of address to the corporate offices over the past three years.  Certain addresses listed were used by the Debtors' predecessor, Workflow One LLC, and have been included in responses to this question.

**Statement 17**.  The Debtors have listed environmental information in responses to this question to the best of their ability, based on the information reasonably available to the Debtors at the time the Schedules and Statements were prepared.  To the extent further investigation reveals additional or revised environmental information, the Debtors reserve their rights to amend the Schedules and Statements as necessary and appropriate.

**Statement 19d**.  The Debtors have provided financial statements in the ordinary course of their businesses to numerous financial institutions, creditors, and other parties within two years immediately before the Petition Date, including but not limited to the Debtors' principal secured lenders.  Considering the number of such recipients and the possibility that such information may have been shared with parties without the Debtors' knowledge or consent, the Debtors have not disclosed any parties that may have received such financial statements for the purposes of Statement                                                                                                                    19d.

**Statement 20a**.  Inventories conducted on Standard Register's property that is held by a customer on a consignment basis have been omitted for purposes Statement 20a.

**Statement 23**.  Unless otherwise indicated in a Debtor's specific response to Statement 23, the Debtors have included a comprehensive response to Statement 23 in Statement 3c.

**\*\*\*\*The Debtors, their officers, employees, agents, attorneys and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained herein. Except as expressly required by the Bankruptcy Code, the Debtors and their officers, employees, agents, attorneys and financial advisors expressly do not undertake any obligation to update, modify revise or re-categorize the information provided herein or to notify any third party should the information be updated, modified, revised or re-categorized.    The Debtors, on behalf of themselves, their officers, employees, agents and advisors disclaim any liability to any third party arising out of or related to the information contained on the Schedules and Statements and reserve all rights with respect thereto.\*\*\*\*\***

B6 Summary (Official Form 6 - Summary) (12/14)

.

# United States Bankruptcy Court
## District of Delaware

In re   **Standard Register of Puerto Rico Inc.**_____,   Case No.  __**15-10545**_____

                                            Debtor

                                           Chapter_____**11**_____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 0.00 | | |
| B - Personal Property | Yes | 3 | 1,065,113.60 | | |
| C - Property Claimed as Exempt | No | 0 | | | |
| D - Creditors Holding Secured Claims | Yes | 2 | | 310,154,411.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 3 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 1 | | 0.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 2 | | | |
| H - Codebtors | Yes | 2 | | | |
| I - Current Income of Individual Debtor(s) | No | 0 | | | N/A |
| J - Current Expenditures of Individual Debtor(s) | No | 0 | | | N/A |
| Total Number of Sheets of ALL Schedules | | 14 | | | |
| Total Assets | | | 1,065,113.60 | | |
| Total Liabilities | | | | 310,154,411.00 | |

B6A (Official Form 6A) (12/07)

.

In re    **Standard Register of Puerto Rico Inc.**                                    ,        Case No.    **15-10545**
                                                        Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **None** | | | | |

| | | |
|---|---|---|
| Sub-Total > | **0.00** | (Total of this page) |
| Total > | **0.00** | |

___0___  continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

B6B (Official Form 6B) (12/07)

In re    **Standard Register of Puerto Rico Inc.**                    ,    Case No.    **15-10545**
                                            Debtor

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|:---:|---|---|---|
| 1.  Cash on hand | X | | | |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | X | | | |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5.  Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6.  Wearing apparel. | X | | | |
| 7.  Furs and jewelry. | X | | | |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9.  Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |

Sub-Total >                    **0.00**
(Total of this page)

__2__  continuation sheets attached to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    **Standard Register of Puerto Rico Inc.** , Case No. **15-10545**

Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | | **Trade Receivables** | **-** | **552,540.00** |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

Sub-Total > **552,540.00**
(Total of this page)

Sheet __1__ of __2__ continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    **Standard Register of Puerto Rico Inc.**                         ,    Case No.    **15-10545**
                                    Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | | **Inventory - Finished Goods** | - | **512,573.60** |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

Sub-Total >    **512,573.60**
(Total of this page)
Total >    **1,065,113.60**

Sheet __2__ of __2__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

B6D (Official Form 6D) (12/07)

In re    **Standard Register of Puerto Rico Inc.**                    ,    Case No.    **15-10545**
                                            Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No.  **See Schedule D Attachment** | | - | | | | | | |
| | | | Value $                    **0.00** | | | | **310,154,411.00** | **Unknown** |
| Account No. | | | | | | | | |
| | | | Value $ | | | | | |
| Account No. | | | | | | | | |
| | | | Value $ | | | | | |
| Account No. | | | | | | | | |
| | | | Value $ | | | | | |

| | | |
|---|---|---|
| **0** continuation sheets attached | Subtotal (Total of this page) | **310,154,411.00** | **0.00** |
| | Total (Report on Summary of Schedules) | **310,154,411.00** | **0.00** |

In re Standard Register of Puerto Rico Inc.
Case No. 15-10545
Schedule D - Creditors Holding Secured Claims

| Creditor Name | Address1 | Address2 | Address3 | City | State | Zip | CoDebtor | Date Claim was Incurred, Nature of Lien, and Description and Value of Property Subject to Lien | Contingent | Unliquidated | Disputed | Amount of Claim without Deducting Value of Collateral |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| BANK OF AMERICA, N.A. | 300 GALLERIA PARKWAY | SUITE 800 | | ATLANTA | GA | 30339 | X | Revolving Credit Facility | | | | $92,682,562 |
| BANK OF AMERICA, N.A. | 300 GALLERIA PARKWAY | SUITE 800 | | ATLANTA | GA | 30339 | X | Letter of Credit | X | | | $3,570,510 |
| SILVER POINT FINANCE, LLC | 2 GREENWICH PLAZA | | | GREENWICH | CT | 06830 | X | First Lien Term Loan | | | | $115,293,877 |
| SILVER POINT FINANCE, LLC | 2 GREENWICH PLAZA | | | GREENWICH | CT | 06830 | X | Second Lien Term Loan | | | | $98,607,462 |

B6E (Official Form 6E) (4/13)

In re    **Standard Register of Puerto Rico Inc.**                                                    , Case No. ___**15-10545**___
                                    Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

■ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

*\* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

____1____   continuation sheets attached

B6E (Official Form 6E) (4/13) - Cont.

In re    **Standard Register of Puerto Rico Inc.**                          ,    Case No.    **15-10545**
                                                    Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

**Taxes and Certain Other Debts
Owed to Governmental Units**

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY / AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|
| Account No.<br><br>**See Schedule E Attachment** | - | | | X | X | X | | **Unknown** |
| | | | | | | | **Unknown** | **Unknown** |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |

Sheet __1__ of __1__ continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

| | | |
|---|---|---|
| Subtotal | **0.00** | |
| (Total of this page) | **0.00** | **0.00** |
| Total | **0.00** | |
| (Report on Summary of Schedules) | **0.00** | **0.00** |

In re Standard Register of Puerto Rico Inc.
Case No. 15-10545
Schedule E - Creditors Holding Unsecured Priority Claims

| Creditor Name | Address1 | Address2 | Address3 | Address4 | City | State | Zip | Type of Claim | Contingent | Unliquidated | Disputed | Amount of Claim | Amount Entitled to Priority | Amount Not Entitled to Priority, if any |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPARMENTO DEL TRABAJO | SECCION DE CONTRIBUCIONES-PISO 12 | P.O. BOX 191020 | | | SAN JUAN | PR | 00919-1020 | EMPLOYMENT TAX | X | X | X | UNDETERMINED | UNDETERMINED | UNDETERMINED |
| DEPARTMENT OF THE TREASURY | PO BOX 9022501 | | | | SAN JUAN | PR | 00902-2501 | INCOME AND FRANCHISE TAX | X | X | X | UNDETERMINED | UNDETERMINED | UNDETERMINED |
| DEPARTMENT OF THE TREASURY TAXPAYER'S SERVICE BUREAU | (MERCHANT'S REGISTRY) | P.O. BOX 9024140 | | | SAN JUAN | PR | 00902-4140 | EMPLOYMENT TAX | X | X | X | UNDETERMINED | UNDETERMINED | UNDETERMINED |
| MUNICIPIO DE TOA BAJA | DIVISION DE FINANZAS, APARTADO 2359 | | | | TOA BAJA | PR | 00951-2359 | SALES TAX | X | X | X | UNDETERMINED | UNDETERMINED | UNDETERMINED |
| SECRETARY OF THE TREASURY | PO BOX 9024140 | | | | SAN JUAN | PR | 00902-4140 | SALES TAX | X | X | X | UNDETERMINED | UNDETERMINED | UNDETERMINED |

B6F (Official Form 6F) (12/07)

In re **Standard Register of Puerto Rico Inc.** ,    Case No. **15-10545**

Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

■ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. | | | | | | | |
| Account No. | | | | | | | |
| Account No. | | | | | | | |
| Account No. | | | | | | | |

__0__ continuation sheets attached

Subtotal (Total of this page)

Total (Report on Summary of Schedules)    **0.00**

B6G (Official Form 6G) (12/07)

.

In re    **Standard Register of Puerto Rico Inc.**                                    ,        Case No.    **15-10545**
                                                        Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| **See Schedule G Attachment** | |

**0**

_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

In re Standard Register of Puerto Rico Inc.
Case No. 15-10545
Schedule G - Executory Contracts and Unexpired Leases

| Creditor Name | Address1 | Address2 | Address3 | Address4 | City | State | Zip | Country | Description of Contract or Lease and Nature of Debtor's Interest.  State Whether Lease is for Nonresidential Real Property.  State Contract Number of Any Government Contract. |
|---|---|---|---|---|---|---|---|---|---|
| 2156 | ADDRESS ON FILE | | | | | | | | MASTER AGREEMENT |
| 1689 | ADDRESS ON FILE | | | | | | | | MASTER AGREEMENT |

B6H (Official Form 6H) (12/07)

.

In re   **Standard Register of Puerto Rico Inc.**                                    ,    Case No.    **15-10545**
                                    Debtor

# SCHEDULE H - CODEBTORS

    Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.  Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case.  If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐   Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **See Schedule H Attachment** | |

**0**
_____ continuation sheets attached to Schedule of Codebtors

In re Standard Register of Puerto Rico Inc.
Case No. 15-10545
Schedule H - Codebtors

| Name of Codebtor | Address1 | Address2 | Address3 | City | State | Zip | Name of Creditor | Address1 | Address2 | City | State | Zip | Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| iMedConsent, LLC | 30 Perimeter Dr. | Suite 200 | | Atlanta | GA | 30341 | BANK OF AMERICA, N.A. | 300 GALLERIA PARKWAY | SUITE 800 | ATLANTA | GA | 30339 | Revolving Credit Facility |
| iMedConsent, LLC | 30 Perimeter Dr. | Suite 200 | | Atlanta | GA | q | BANK OF AMERICA, N.A. | 300 GALLERIA PARKWAY | SUITE 800 | ATLANTA | GA | 30339 | Letter of Credit |
| iMedConsent, LLC | 30 Perimeter Dr. | Suite 200 | | Atlanta | GA | 30341 | SILVER POINT FINANCE, LLC | 2 GREENWICH PLAZA | | GREENWICH | CT | 06830 | First Lien Term Loan |
| iMedConsent, LLC | 30 Perimeter Dr. | Suite 200 | | Atlanta | GA | 30341 | SILVER POINT FINANCE, LLC | 2 GREENWICH PLAZA | | GREENWICH | CT | 06830 | Second Lien Term Loan |
| Standard Register International, Inc. | 600 Albany St | | | Dayton | OH | 45417 | BANK OF AMERICA, N.A. | 300 GALLERIA PARKWAY | SUITE 800 | ATLANTA | GA | 30339 | Revolving Credit Facility |
| Standard Register International, Inc. | 600 Albany St | | | Dayton | OH | 45417 | BANK OF AMERICA, N.A. | 300 GALLERIA PARKWAY | SUITE 800 | ATLANTA | GA | 30339 | Letter of Credit |
| Standard Register International, Inc. | 600 Albany St | | | Dayton | OH | 45417 | SILVER POINT FINANCE, LLC | 2 GREENWICH PLAZA | | GREENWICH | CT | 06830 | First Lien Term Loan |
| Standard Register International, Inc. | 600 Albany St | | | Dayton | OH | 45417 | SILVER POINT FINANCE, LLC | 2 GREENWICH PLAZA | | GREENWICH | CT | 06830 | Second Lien Term Loan |
| Standard Register Technologies, Inc. | 600 Albany St | | | Dayton | OH | 45417 | BANK OF AMERICA, N.A. | 300 GALLERIA PARKWAY | SUITE 800 | ATLANTA | GA | 30339 | Revolving Credit Facility |
| Standard Register Technologies, Inc. | 600 Albany St | | | Dayton | OH | 45417 | BANK OF AMERICA, N.A. | 300 GALLERIA PARKWAY | SUITE 800 | ATLANTA | GA | 30339 | Letter of Credit |
| Standard Register Technologies, Inc. | 600 Albany St | | | Dayton | OH | 45417 | SILVER POINT FINANCE, LLC | 2 GREENWICH PLAZA | | GREENWICH | CT | 06830 | First Lien Term Loan |
| Standard Register Technologies, Inc. | 600 Albany St | | | Dayton | OH | 45417 | SILVER POINT FINANCE, LLC | 2 GREENWICH PLAZA | | GREENWICH | CT | 06830 | Second Lien Term Loan |
| The Standard Register Company | 600 Albany St | | | Dayton | OH | 45417 | BANK OF AMERICA, N.A. | 300 GALLERIA PARKWAY | SUITE 800 | ATLANTA | GA | 30339 | Revolving Credit Facility |
| The Standard Register Company | 600 Albany St | | | Dayton | OH | 45417 | BANK OF AMERICA, N.A. | 300 GALLERIA PARKWAY | SUITE 800 | ATLANTA | GA | 30339 | Letter of Credit |
| The Standard Register Company | 600 Albany St | | | Dayton | OH | 45417 | SILVER POINT FINANCE, LLC | 2 GREENWICH PLAZA | | GREENWICH | CT | 06830 | First Lien Term Loan |
| The Standard Register Company | 600 Albany St | | | Dayton | OH | 45417 | SILVER POINT FINANCE, LLC | 2 GREENWICH PLAZA | | GREENWICH | CT | 06830 | Second Lien Term Loan |

B6 Declaration (Official Form 6 - Declaration). (12/07)

# United States Bankruptcy Court
### District of Delaware

In re  **Standard Register of Puerto Rico Inc.**

Debtor(s)

Case No.  **15-10545**

Chapter  **11**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the Chief Financial Officer of the corporation named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___16___ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date  **May 11, 2015**

Signature  **/s/ Benjamin Cutting**

**Benjamin Cutting**
**Chief Financial Officer**

*Penalty for making a false statement or concealing property:*  Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.