# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, *et al.*,[1] | Case No. 15-10541 (BLS) |
| Debtors. | Jointly Administered |
| | Re: Docket No. 308 |

## ORDER, PURSUANT TO SECTIONS 105, 363(b) AND 503(c) OF THE BANKRUPTCY CODE, (I) APPROVING THE DEBTORS' KEY EMPLOYEE INCENTIVE PLAN; (II) AUTHORIZING THE DEBTORS TO PAY INCENTIVE BONUSES TO CERTAIN EMPLOYEES; AND (III) GRANTING RELATED RELIEF

Upon consideration of the motion (the "Motion")[2] of The Standard Register Company and its above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (i) approving the Debtors' key employee incentive plan (the "KEIP"), (ii) authorizing the Debtors to pay incentive bonuses to certain employees as provided in the KEIP, and (iii) granting related relief; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and it appearing that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given; and the

---

[1] The Debtors and the last four digits of their respective U.S. federal taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (n/a); Standard Register de México, S. de R.L. de C.V. (n/a); Standard Register Servicios, S. de R.L. de C.V. (n/a); and Standard Register Technologies Canada ULC (n/a). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Court having determined that it may enter a final order consistent with Article III of the United States Constitution; and upon consideration of the *Declaration of Kevin Carmody in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* [Docket No. 2]; and upon the record of these Chapter 11 Cases; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The KEIP, as amended and filed with the Court on May 11, 2015, is approved.

3. The Debtors are authorized, but not directed, to take all actions necessary to implement the KEIP and effectuate the relief granted pursuant to this Order, and to make all payments provided under the KEIP.

4. All amounts earned and payable under the KEIP shall (i) have administrative expense priority under sections 503(a) and 507(a)(2) of the Bankruptcy Code for all purposes in these Chapter 11 Cases, and (ii) constitute postpetition wage obligations for purposes of the Bid Requirements set forth in the Sale Procedures that are attached to this Court's *Order (I) Establishing Sale Procedures Relating to the Sale of Substantially All of the Debtors' Assets; (II) Approving the Maximum Reimbursement Amount; (III) Establishing Procedures Relating to the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, Including Notice of Proposed Cure Amounts; (IV) Approving Form and*

*Manner of Notice of All Procedures, Protections, Schedules, and Agreements; (V) Scheduling a Hearing to Consider the Proposed Sale; and (VI) Granting Certain Related Relief* [Docket No. 286] (the "Sale Procedures Order").

5.     Any amounts that the Debtors receive in connection with a sale conducted pursuant to the Sale Procedures Order that relate to the Debtors' obligations under the KEIP shall be held by the Debtors or their designee in escrow for the sole benefit of the KEIP Participants.

6.     Notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7.     This Court shall retain jurisdiction with respect to all matters relating to the implementation or interpretation of this Order.

Dated: May 12, 2015
Wilmington, Delaware

_____
Brendan L. Shannon
Chief United States Bankruptcy Judge