# **EXHIBIT B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>THE STANDARD REGISTER COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-10541 (BLS)<br><br>(Jointly Administered)<br>Re: D.I. 317 |

**ORDER AUTHORIZING THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF THE STANDARD REGISTER COMPANY, ET AL.
TO EMPLOY AND RETAIN ZOLFO COOPER, LLC AS FINANCIAL AND
FORENSIC ~~ADVISORSS~~ADVISORS, *NUNC PRO TUNC* TO MARCH 24, 2015**

Upon the Application (the "**Application**")[2] of the Official Committee of Unsecured Creditors (the "**Committee**") of The Standard Register Company, et al. (the "**Debtors**"), appointed pursuant to §§ 1102(a) and 1102(b) of Title 11 of the United States Code (the "**Bankruptcy Code**") for entry of an order pursuant to §§ 328 and 1103 of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), authorizing the employment and retention of Zolfo Cooper, LLC ("**Zolfo Cooper**") as financial and forensic advisors to the Committee *nunc pro tunc* to March 24, 2015; and the Court having jurisdiction to consider the Application and the relief requested therein; and consideration of the Application and the relief requested therein being a core proceeding; and venue being proper; and due and proper notice of the Application having been provided, and it appearing that no other or further notice need be provided; and the time for objections having expired; and this

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

Court having reviewed the Application and determined that the employment of Zolfo Cooper ~~is necessary and in the best interest of the Debtors' estate, creditors,~~ by the Committee ~~and other parties in interest and that the terms of compensation being sought by the Application are~~ is reasonable and appropriate; and this Court having considered ~~that~~ the MacGreevey Affidavit; and this Court being satisfied that Zolfo Cooper does not hold~~-~~, or represent any other entity having~~-~~, an adverse interest in connection with these cases and that Zolfo Cooper is a "disinterested person" as that term is defined in § 101(14) of the Bankruptcy Code; and this Court having determined that the legal and factual bases set ~~factual bases set~~ forth in the Application establish just cause for the relief granted herein; and upon all of the proceedings held before this Court and the reasons stated on the record, and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED that

1. The Application is granted to the extent set forth herein.

2. ~~In accordance with §§ 328(a) and~~ Pursuant to section 1103 of the Bankruptcy Code, Bankruptcy Rule 2014 and Rule 2014-1 of the Local Rules, the Committee is authorized and empowered to employ and retain Zolfo Cooper~~-~~, effective as of March 24, 2015, to serve as its financial and forensic advisors in ~~connection with this chapter 11 case nunc pro tunc to March 24, 2015,~~ the above-captioned cases under the terms and for the purposes set forth and as requested in the Application and appended in the MacGreevey Affidavit and attachments thereto, as modified herein.

~~3.  The terms of the Engagement Letter are approved and the Debtors will be bound by such terms, and Zolfo Cooper shall be compensated and reimbursed for the services identified and the fee structure set forth in the Engagement Letter and the Application pursuant to § 328(a) of the Bankruptcy Code.~~

1

3. Zolfo Cooper shall be compensated in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the applicable Bankruptcy Rules, the Local Rules, and any applicable orders entered by this Court in respect of compensation of professionals.

4. Zolfo Cooper is authorized to perform the services enumerated in the Application and the MacGreevey Affidavit.

5. Zolfo Cooper's fees for services will be based on Zolfo Cooper's standard hourly rates, plus expenses, as set forth in the Application, Affidavit and Engagement Letter.

6. Notwithstanding anything to the contrary in the Engagement Letter and Application, the indemnification provisions are hereby modified and restated in ~~its~~ their entirety as follows:

   a. Zolfo Cooper shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letter for services other than those described in the Engagement Letter, unless such services and indemnification ~~therefore~~ therefor are approved by the Court;

   b. The Debtors shall have no obligation to indemnify Zolfo Cooper, or provide contribution or reimbursement to Zolfo Cooper, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Zolfo Cooper's gross negligence or willful misconduct; (ii) for a contractual dispute in which the Debtors alleges the breach of Zolfo Cooper's contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing~~,~~ to be a claim or expense for which Zolfo Cooper should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter as modified by this Order; and

   c. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in this case (that order having become a final order no

longer subject to appeal), and (ii) the entry of an order closing this chapter 11 case, Zolfo Cooper believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including without limitation the advancement of defense costs, Zolfo Cooper must file an application ~~therefore~~ therefor in this Court, and the Debtors may not pay any such amounts to Zolfo Cooper before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by —Zolfo Cooper for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Zolfo Cooper. All parties in interest shall retain the right to object to any demand by Zolfo Cooper for indemnification, contribution or reimbursement.

~~7.~~ 7.     The indemnification provisions in the Engagement Letter are approved, as modified and restated herein.

~~8.~~ 8.     The limitation of liability clause set forth in the Engagement Letter is hereby stricken.

9. ~~Zolfo Cooper shall be compensated in accordance with the procedures set forth in sections 328 and 331 of the Bankruptcy Code, the applicable Bankruptcy Rules, the Local Rules, and any applicable orders entered by this Court in respect of compensation of professionals. Notwithstanding anything to the contrary contained herein, the United States Trustee retains all rights to respond or object to Zolfo Cooper's interim and final applications for compensation and reimbursement of expenses on all grounds including but not limited to, reasonableness pursuant to section 330 of the Bankruptcy Code.~~

~~10.~~ 9.     None of the DIP Credit Parties (as such term is defined in the final order entered on April 16, 2015 [Docket No. 290] (the "DIP Order") approving debtor-in-possession financing for the Debtors) shall, by entry of this Order, be deemed to have (i) waived any objection, or consented, to any change or modification to the Budget (as defined in

3

the ~~Final~~ DIP Order) which the Debtors may propose or seek in order to pay any compensation or expenses to Zolfo Cooper or which otherwise might result from the Debtors paying such compensation or expenses or (ii) agreed to any payment of such compensation or expenses as a surcharge against, or other carve out from, their respective primary collateral.

~~11.~~10. The Committee is authorized and empowered to take all necessary actions to implement the relief granted in this Order.

~~12.~~11. This Court shall retain jurisdiction with respect to all matters arising from or related to this Order or Zolfo Cooper's services for the Committee.

~~13.~~12. To the extent there is an inconsistency between this Order and the Application or the Engagement Letter, the terms of this Order shall govern.

Dated: _____ May ____, 2015
Wilmington, Delaware

_____
THE HONORABLE BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE

4