IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>THE STANDARD REGISTER COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-10541 (BLS)<br><br>(Jointly Administered)<br><br>Hearing Date: June 8, 2015 at 9:30 a.m. ET<br>Objection Deadline: June 1, 2015 at 4:00 p.m. ET |

### THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MOTION FOR AN ORDER AUTHORIZING THE COMMITTEE TO FILE UNDER SEAL THE MOTION (INCLUDING ANY EXHIBITS ATTACHED THERETO) OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER GRANTING THE COMMITTEE STANDING AND AUTHORIZING THE COMMITTEE TO COMMENCE AND PROSECUTE CERTAIN ACTIONS ON BEHALF OF THE DEBTORS' ESTATES

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases (the "Chapter 11 Cases") of the above-captioned debtors-in-possession (the "Debtors"), hereby moves this Court (the "Motion") for an Order, substantially in the form attached hereto as **Exhibit A**, pursuant to section 107(b)(1) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Committee to file: (i) an un-redacted version of the *Motion of the Official Committee of Unsecured Creditors for an Order Granting the Committee Standing and*

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

*Authorizing the Committee to Commence and Prosecute Certain Actions on behalf of the Debtors' Estates* and the draft Adversary Complaint attached as Exhibit 1 thereto (collectively, the "Standing Motion")[2] under seal; and (ii) a redacted version of the Standing Motion on the docket. In support of this Motion, the Committee respectfully states as follows:

## JURISDICTION AND PROCEDURAL BACKGROUND

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory basis for the relief requested herein is section 107(b)(1) of the Bankruptcy Code, as supplemented by Bankruptcy Rule 9018 and Local Rule 9018-1.

4. On March 12, 2015 (the "Petition Date"), the Debtors commenced these Chapter 11 Cases by filing voluntary petitions under chapter 11 of the Bankruptcy Code. No trustee or examiner has been appointed in these Chapter 11 Cases. Accordingly, the Debtors are operating their business and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On March 24, 2015, the Office of the United States Trustee appointed the Committee. See D.I. 99.

## FACTS RELEVANT TO THIS MOTION

6. The Committee, the Debtors, and Silver Point are parties to non-disclosure agreements and a protective order (collectively, the "Confidentiality Agreement") pursuant to which the Debtors and Silver Point have produced certain documents and information to the Committee that they have designated confidential and/or confidential for "attorneys' eyes only."

---

[2] Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to them in the Standing Motion and Complaint.

Because the Standing Motion contains certain information obtained from these documents, the Committee files this Motion to avoid disclosing any confidential information and breaching its obligations under the Confidentiality Agreement (although the Committee does not necessarily agree that all documents and information designated by the Debtors or Silver Point is confidential).

## RELIEF REQUESTED

7.  By this Motion, the Committee respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Committee to file: (i) an un-redacted version of the Standing Motion under seal; and (ii) a redacted version of the Standing Motion on the docket.

8.  The Committee will provide un-redacted copies of the Standing Motion to (i) the Debtors, (ii) the proposed defendants identified in the Standing Motion and (iii) the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") pursuant to section 107(c)(3) of the Bankruptcy Code (together, the "Confidential Parties").

## BASIS FOR RELIEF REQUESTED

9.  Pursuant to section 107(b) of the Bankruptcy Code, the Court may authorize the Committee to file the Standing Motion under seal. Section 107(b) provides:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may--
>
> (1)  protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2)  protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).

3

50409379.1

10. Bankruptcy Rule 9018 sets forth the procedures by which a party in interest may obtain a protective order authorizing the filing of a document under seal. Bankruptcy Rule 9018 reads in relevant part:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

Fed. R. Bankr. P. 9018.

11. Local Rule 9018-1(b) additionally provides, in relevant part, that "[a]ny party who seeks to file documents under seal must file a motion to that effect." Del. Bankr. L.R. 9018-1(b).

12. Section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *See, e.g., Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994); *Phar-Mor, Inc. v. Defendants Named Under Seal (In re Phar-Mor, Inc.)*, 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995). Instead, if the material sought to be protected satisfies one of the categories identified in section 107(b), "the court is *required* to protect a requesting interested party and has no discretion to deny the application." *See Orion Pictures*, 21 F.3d at 27 (emphasis in original).

13. The Standing Motion is based on or contains information from documents that certain parties to the Confidentiality Agreement have designated as confidential. Based on the Committee's obligations under the Confidentiality Agreement, and in an effort to prevent disclosure of any confidential information, out of abundance of caution, the Committee requests that the Court enter an order authorizing the Committee to file publicly on the docket and serve the redacted version of the Standing Motion and to file the unredacted version of the Standing Motion under seal with unredacted copies provided only to the Court, the Office of the United

States Trustee, counsel for the Debtors and counsel for the parties identified as potential defendants in the Standing Motion.

14. For the foregoing reasons, the Committee respectfully submits that the Court should enter the proposed Order granting this Motion.

## NOTICE

15. Notice of this Motion has been provided to: (a) counsel for the Debtors, (b) counsel for the DIP Term Agent, (c) counsel for the DIP ABL Agent, (d) the Office of the United States Trustee for the District of Delaware and (e) any party who has requested notice pursuant to Bankruptcy Rule 2002 and Local Rules 2002-1(b) and 2004-1. In light of the nature of the relief requested in this Motion, the Committee respectfully submits that no further notice is necessary.

## NO PRIOR REQUEST

16. No prior motion for the relief requested herein has been made to this or any other court.

*[Remainder of Page Left Intentionally Blank]*

WHEREFORE, the Committee respectfully requests that the Court enter an order substantially in the form attached hereto as **Exhibit A**: (i) granting the relief requested in this Motion; and (ii) granting such other and further relief as may be just and proper.

Dated: May 18, 2015

Respectfully Submitted,

**LOWENSTEIN SANDLER LLP**
Kenneth A. Rosen, Esq.
Sharon L. Levine, Esq.
Wojciech Jung, Esq.
Andrew Behlmann, Esq.
65 Livingston Avenue
Roseland, NJ 07068
Telephone: (973-597-2500
Facsimile: (973) 597-2400

-and-

Gerald C. Bender, Esq.
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 262-6700
Facsimile: (212) 262-7402

*Counsel to the Committee*

-and-

**POLSINELLI PC**

/s/ *Christopher A. Ward*
Christopher A. Ward (Bar No. 3877)
Justin K. Edelson (Bar No. 5002)
222 Delaware Avenue, Suite 1101
Wilmington, DE 19801
Telephone: (302) 252-0920
Facsimile: (302) 252-0921
cward@polsinelli.com
jedelson@polsinelli.com

*Delaware Counsel to the Committee*