## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| THE STANDARD REGISTER COMPANY, *et al.*,[1] | Case No. 15-10541 (BLS) |
| Debtors. | (Jointly Administered) |

### AFFIDAVIT OF SERVICE

I, Richard M. Allen, depose and say that I am employed by Prime Clerk LLC ("***Prime Clerk***"), the claims and noticing agent for the Debtors in the above-captioned chapter 11 cases.

On May 11, 2015, at my direction and under my supervision, employees of Prime Clerk caused the following document to be served via first class mail on the Cure Notice Parties attached hereto as **Exhibit A**:

- (Customized) Corrected Second Amended Notice of (I) Entry into Stalking Horse Agreement and (II) Potential Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale of Substantially all of the Debtors' Assets [a form of which is attached hereto as **Exhibit B**]

Dated: May 18, 2015

_____
Richard M. Allen

State of New York
County of New York

Subscribed and sworn to (or affirmed) before me on May 18, 2015, by Richard M. Allen, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature: _____

ADAM ADLER
NOTARY PUBLIC-STATE OF NEW YORK
No. 02AD6306134
Qualified in Nassau County
My Commission Expires June 16, 2018

---

[1]	The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

**Exhibit A**

Cure Notice Parties
Served via First Class Mail

| NAME | ADDRESS 1 | ADDRESS 2 | ADDRESS 3 | CITY | STATE | ZIP |
|------|-----------|-----------|-----------|------|-------|-----|
| Apex Color | Richard Ghelerter: President | 200 North Lee Street | | Jacksonville, | FL | 32204 |
| Avery Dennison Business Media Division | Attn: Michael Roughton | 150 N. Orange Grove Blvd. | | Passadena | CA | 91103 |
| B & D Litho California, Inc. | 3800 N 38th Avenue | | | Phoenix | AZ | 85019 |
| Bay State Envelope | Attn: Russell Frizzell | 440 Chauncy Street | | Mansfield | MA | 02048 |
| Bell and Howell, LLC | Attn: General Counsel | 3791 S. Alston Avenue | | Durham | NC | 27713-1803 |
| BERMAN PRINTING | 1441 Western Ave | | | Cincinnati | OH | 45214 |
| Bumgarner, Chad T. | 1603 Spencer Mtn Rd | | | Gastonia | NC | 28054-3047 |
| Chubb and Son | attn: General Counsel | 15 Mountainview Road | | Warren | NJ | 07059 |
| Concur Technologies, Inc. | 18400 N.E. Union Hill Road | Attn: Legal Department | | Redmond | WA | 98052 |
| Crown Credit Company | 44 South Washington St. | | | New Bremen | OH | 45869 |
| Crown Credit Company | 44 South Washington St. | | | New Bremen | OH | 45869 |
| DG3 North America, Inc. | Attn: General Counsel | 100 Burma Road | | Jersey City | NJ | 07310 |
| DS Graphics Inc. | Attn: General Counsel | 120 Stedman Street | | Lowell | MA | 01850 |
| Ennis, Inc. | 2441 Presidential Parkway | | | Midlothian | TX | 76065 |
| Georgia-Pacific Consumer Products LP | Attn: General Counsel | 133 Peachtree Street NE | 36th Floor | Atlanta | GA | 30303 |
| Graphic Communications Union Local No. 594S | 111 North 4th Street | | | Mount Wolf | PA | 17347 |
| Graphics Communications Union Local No. 594S | 3460 North Delaware Avenue | Suite 300 | | Philadelphia | PA | 19134 |
| HART NJ8A-I LLC | c/o Cushman & Walkefiled of NJ | One Meadowlands Plaza | 7th Floor | East Rugherford | NJ | 07073 |
| ID IMAGES, LLC. | Attn: Legal Counsel | 2991 Interstate Pkwy | | Brunswick | OH | 44212 |
| Insight Global, LLC | 4170 Ashford Dunwoody Rd, Suite 250 | | | Atlanta | GA | 30319-1428 |
| IT Xcel Consulting LLC dba XGS.IT | Attn: Denny Hollstegge | 5315 Muhlhauser Road | | Hamilton | OH | 45011 |
| Mafazo LLC | Attn: General Counsel | 3432 Myna Lane | | Miamisburg | OH | 45342 |
| Raby Enterprises Inc. dba NSO Press | 47 Raby Drive | | | Cleveland | GA | 30528 |
| Signature Printing Inc. | 5 Almeida Avenue | | | East Providence | RI | 02914 |
| SMC3 | P.O. Box 2040 | | | Peachtree City | GA | 30269 |
| Starburst Printing and Graphics, Inc. | 300 Hopping Brook Rd. | | | Holliston | MA | 01746 |
| Susan S. Davis | 2029 Century Park East Suite 2100 | | | Los Angeles | CA | 90067 |
| Travers Printing, Inc. | Attn: General Counsel | 32 Mission St | | Gardner | MA | 01440 |
| Vana Solutions, LLC | 4080 Executive Drive | | | Beavercreek | OH | 45385 |
| Wholesale Printing Specialists | Attn: General Counsel | 3 Graf Road | Suite 5 | Newburyport | MA | 01950 |
| Wholesale Printing Specialists | Attn: General Counsel | 360 Merrimack Street | | Lawrence | MA | 01843 |

In re The Standard Register Company, *et al.*
Case No. 15-10541  (BLS)

**Exhibit B**

SRF 2717

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, *et al.*,[1] | Case No. 15-10541 (BLS) |
| Debtors. | Jointly Administered |
| | **Re: Docket Nos. 23, 286, 307, 356 & 461** |

**CORRECTED SECOND AMENDED NOTICE OF (I) ENTRY INTO STALKING HORSE AGREEMENT AND (II) POTENTIAL ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.      On March 12, 2015, The Standard Register Company and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors")  filed a motion [Docket No. 23] (the "Sale Motion") with the United States Bankruptcy Court for the District of Delaware (the "Court") seeking among other things, entry of an order:  (a) approving and authorizing (i) bidding procedures in connection with the sale of substantially all of the Debtors' assets (collectively, the "Transferred Assets"); (ii) stalking horse bid protections; (iii) the form and manner of notice of the sale hearing (the "Sale Hearing"); and (iv) other related relief; and (b) authorizing and approving the sale of the Transferred Assets free and clear of all liens, claims, and encumbrances (except Permitted Encumbrances); (ii) approving the asset purchase agreement (the "Purchase Agreement") entered into by and between the Debtors, as sellers, and a group led by an affiliate of Silver Point Capital, L.P. (the "Stalking Horse") (or if the Stalking Horse is not the Successful Bidder, then a modified Purchase Agreement); (iii) authorizing and approving the assumption and assignment of certain executory contracts and unexpired leases (collectively, the "Assumed Contracts"); and (iv) related relief.[2]

2.      On April 15, 2015, the Court entered an order [Docket No. 286] (the "Bidding Procedures Order") approving, among other things, procedures for the assumption and assignment of the Assumed Contracts (the "Assumption Procedures").

3.      The Sale Hearing is currently scheduled to be held on **June 17, 2015 at 10:00 a.m. (prevailing Eastern Time)** at the United States Bankruptcy Court for the District of

---

[1]      The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001).  The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2]      Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Sale Motion.

Delaware, 824 North Market Street, Wilmington DE 19801, before the Honorable Brendan L. Shannon, Chief United States Bankruptcy Judge for the United States Bankruptcy Court for the District of Delaware.  The Sale Hearing may be adjourned or rescheduled without notice other than by announcement of the adjourned date at the Sale Hearing or notation on any applicable hearing agenda, provided that the Debtors first consult with the Consultation Parties.

4.        On April 17, 2015, the Debtors filed that certain *Notice of (i) Entry into Stalking Horse Agreement and (ii) Potential Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale of Substantially All of the Debtors' Assets* [Docket No. 307] (the "Cure Notice").  Attached thereto as Exhibit 1 was a list (the "Potential Assignment Schedule")[3] of Assumed Contracts that the Debtors may seek to assume and assign in connection with the sale of the Transferred Assets.  In the Cure Notice, the Debtors reserved the right to delete items from, supplement and modify the Potential Assignment Schedule at any time.  On April 27, 2015, the Debtors amended the Potential Assignment Schedule with respect to certain Assumed Contracts (such filing, the "First Amended Potential Assignment Schedule").  The Debtors have further amended the Potential Assignment Schedule with respect to certain Assumed Contracts, and a revised Potential Assignment Schedule (the "Second Amended Potential Assignment Schedule") is attached hereto as Exhibit 1.  **All revisions to the Potential Assignment Schedule are reflected in bold on the Second Amended Potential Assignment Schedule attached hereto**.  The Debtors reserve the right to modify the Second Amended Potential Assignment Schedule at any time, provided that to the extent that the Debtors add any Assumed Contract(s) to the Second Amended Potential Assignment Schedule or modify the Cure Amount(s), the affected party shall receive a separate notice and an opportunity to object to such addition or modification.  **Please be advised that the inclusion of any Assumed Contract(s) on the Second Amended Potential Assignment Schedule shall not be construed as an admission by the Debtors that such Assumed Contract is an executory contract or unexpired lease as such terms are used in section 365 of the Bankruptcy Code.**

5.        Objections, if any, **only to the proposed assumption and assignment of any of the new or revised Assumed Contract(s) and/or Cure Amount(s)** must:  (a) be in writing, (b) set forth the basis for the objection as well as any Cure Amount that the objector asserts to be due (in all cases with appropriate documentation in support thereof), and (c) be filed with the Clerk of the Court, United States Bankruptcy Court for the District of Delaware, 824 North Market Street, Wilmington DE 19801, and served on the following parties so as to be **actually received no later than 4:00 p.m. (prevailing Eastern Time) on May 28, 2015 (the "Objection Deadline")**:  upon (i) co-counsel to the Debtors: Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166 (Attn: Barbara Becker and Michael A. Rosenthal) and Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801 (Attn: Michael R. Nestor); (ii) counsel the Stalking Horse and Prepetition Term Loan Agent: Skadden, Arps, Slate, Meagher & Flom LLP, 155 N. Wacker Drive, Chicago, IL 60606 (Attn: Ron Meisler and Christopher Dressel; (iii) counsel to the Pre-Petition ABL Agent and

---

[3]        Due to the confidential nature of the Debtors' customers (collectively, the "Customers"), the Debtors omitted customer names and applicable cure amounts from the Potential Assignment Schedule.  Concurrently with its filing, the Debtors sent customized cure notices to all contract counterparties, including the Customers, setting forth the applicable Cure Amount(s) for any Assumed Contract with such parties. Customers that have questions regarding the delivery of the customized Contract Notice may contact the Debtors' claims and noticing agent, Prime Clerk LLC, at (855) 842-4124 or standardregisterinfo@primeclerk.com.

ABL DIP Agent: Parker, Hudson, Rainer & Dobbs LLP, 1500 Marquis Two Tower, 285 Peachtree Center Avenue, Atlanta, Georgia 30303 (Attn: Edward Dobbs and James S. Rankin, Jr., and Richard Layton & Finger, One Rodney Square, 920 North King Street, Wilmington, Delaware 19801 (Attn: Mark D. Collins); and (iv) proposed counsel to the Official Committee of Unsecured Creditors: Lowenstein Sandler LLP, 1251 Avenue of the Americas New York, NY 10020 (Attn: Sharon L. Levine and Wojciech Jung).  If any objections are received and not otherwise resolved, such objections will be heard at the Sale Hearing scheduled for **June 17, 2015 at 10:00 a.m. (prevailing Eastern Time)** at the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Wilmington, DE 19801, before the Honorable Brendan L. Shannon, Chief United States Bankruptcy Judge for the United States Bankruptcy Court for the District of Delaware, or at a later hearing as determined by the Debtors.  **Objections to the proposed assumption and assignment of any Assumed Contract(s) previously listed on the Potential Assignment Schedule or the First Amended Potential Assignment Schedule, and not otherwise adversely affected by the Second Amended Potential Assignment Schedule, attached hereto, remain due on May 8, 2015 at 4:00 p.m. (ET), or May 18, 2015 at 4:00 p.m. (ET), as applicable.**

6.      To the extent that any entity does not timely object as set forth above, such entity shall be (a) forever barred from objecting to the assumption and assignment of any of the Assumed Contracts identified on this Assumption Notice, including, without limitation, asserting any additional cure payments or requesting additional adequate assurance of future performance, (b) deemed to have consented to the applicable Cure Amount, if any, and to the assumption and assignment of the applicable Assumed Contract, (c) bound to such corresponding Cure Amount, if any, (d) deemed to have agreed that the Stalking Horse has provided adequate assurance of future performance within the meaning of section 365(b)(1)(C) of the Bankruptcy Code, (e) deemed to have agreed that all defaults under the applicable Assumed Contract arising or continuing prior to the effective date of the assignment have been cured as a result or precondition of the assignment, such that the Stalking Horse or the Debtors shall have no liability or obligation with respect to any default occurring or continuing prior to the assignment, and from and after the date of the assignment the applicable Assumed Contract shall remain in full force and effect for the benefit of the Stalking Horse and such entity in accordance with its terms, (f) deemed to have waived any right to terminate the applicable Assumed Contract or designate an early termination date under the applicable Assumed Contract as a result of any default that occurred and/or was continuing prior to the assignment date, and (g) deemed to have agreed that the terms of the Sale Order shall apply to the assumption and assignment of the applicable Assumed Contract.

7.      Any request for adequate assurance information regarding the Stalking Horse (a "Request for Adequate Assurance") must include an email address, postal address and/or facsimile number to which a response to such request will be sent.  Upon receiving a Request for Adequate Assurance, the Debtors, in consultation with the Stalking Horse, shall promptly provide such party with any non-confidential information reasonably related to adequate assurance by email, facsimile or overnight delivery.

8.      Failure of any entity to timely file or raise any objection as set forth herein shall be deemed to constitute consent to the sale of the Transferred Assets to the Stalking Horse and other relief requested in the Sale Motion, and be a bar to any objection to the Sale Motion, the sale of the Transferred Assets, assumption and assignment of the applicable contracts and leases

3

and acceptance of the Proposed Cure Amount, or the Debtors' consummation and performance of the terms of the asset purchase agreement entered into with the Stalking Horse, if authorized by the Court.

Dated: May 11, 2015
Wilmington, Delaware

_/s/ Andrew L. Magaziner_
Michael R. Nestor (No. 3526)
Kara Hammond Coyle (No. 4410)
Maris J. Kandestin (No. 5294)
Andrew L. Magaziner (No. 5426)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:     (302) 571-6600
Facsimile:     (302) 571-1253
mnestor@ycst.com
kcoyle@ycst.com
mkandestin@ycst.com
amagaziner@ycst.com

-and-

Michael A. Rosenthal (NY No. 4697561)
Robert A. Klyman (CA No. 142723)
Samuel A. Newman (CA No. 217042)
Jeremy L. Graves (CO No. 45522)
Sabina Jacobs (CA No. 274829)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-1512
Telephone: (213) 229-7000
Facsimile: (213) 229-7520
mrosenthal@gibsondunn.com
rklyman@gibsondunn.com
snewman@gibsondunn.com
jgraves@gibsondunn.com
sjacobs@gibsondunn.com

_Counsel to the Debtors and Debtors in Possession_

<u>Exhibit I</u>

Second Amended Potential Assignment Schedule

| Contract Counterparty | Description of Agreement | Proposed Cure Amount ($) |
|---|---|---|
|  |  |  |