# EXHIBIT A

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, *et al.*,[1] | Case No. 15-10541 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. [__]** |

**ORDER AUTHORIZING DEBTORS TO ESTABLISH PROCEDURES TO (A) SETTLE AND SATISFY CLAIMS AGAINST CRITICAL VENDORS, (B) EFFECTUATE SETOFF AGREEMENTS WITH CREDITORS, AND (C) ESTABLISH PROCEDURES TO SETTLE AND SATISFY CLAIMS ASSERTED UNDER SECTION 503(B)(9) OF THE BANKRUPTCY CODE**

Upon the motion (the "Motion")[2] of the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") for entry of an order pursuant to Sections 105(a), 107(b), 365(d)(1), 503(b)(9), 553, and 558 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the Debtors to (a) establish procedures to settle and satisfy claims held against Critical Vendors, (b) establish procedures for effectuating setoff agreements with creditors that hold outstanding payables owed to the Debtors, and (c) establish procedures to settle and satisfy claims asserted against the Debtors pursuant to section 503(b)(9) of the Bankruptcy Code ("503(b)(9) Claims"); and the Court having jurisdiction to consider the Motion

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

01:17143052.1

and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED to the extent set forth herein.

2. The Procedures are approved in their entirety.

3. The Debtors are authorized to compromise and settle claims against Critical Vendors in accordance with the Procedures set forth in the Motion and as follows:

    a. Without further order of the Court or notice to or approval of any other party, the Debtors may enter into a compromise and settlement of any claim, which the Debtors hold against a Critical Vendor, that have an estimated value of less than $250,000.

    b. In those instances where the Debtors hold claims against a Critical Vendor that have an estimated value between $250,000 and $1,000,000, the Debtors shall submit the proposed settlement, which may be submitted electronically, to (a) counsel for the Committee, Lowenstein Sandler LLP (Attn: Sharon L. Levine) and Polsinelli PC (Attn: Christopher A. Ward) and (b) counsel to the agents for the Debtors' postpetition financing facilities, Skadden, Arps, Slate, Meager & Flom LLP (Attn: Ron E. Meisler) and Parker, Hudson, Rainer & Dobbs LLP (Attn: C. Edward Dobbs and James S. Rankin, Jr) (collectively, the "Notice Parties") together with (i) the name of the Critical Vendor party to the settlement; (ii) a summary of the Debtors' claims against the Critical Vendor, including a statement of the settlement amount; (iii) an explanation why the settlement of such claim is favorable to the Debtors and their estates; and (iv) a copy of any proposed settlement agreement (collectively, the "Critical Vendor Claim

Settlement Summary"). The Notice Parties shall be required to submit, in writing (which writing may be delivered electronically), any objections to a proposed settlement reflected in a Critical Vendor Claim Settlement Summary to counsel for the Debtors, Gibson, Dunn & Crutcher LLP (Attn: Michael A. Rosenthal and Jeremy L. Graves), and Young Conaway Stargatt & Taylor LLP (Attn: Michael R. Nestor and Andrew L. Magaziner) (together, the "Debtors' Counsel") on or before five (5) days after service of such Critical Vendor Claim Settlement Summary. In the event that any Notice Party timely objects to the settlement set forth in the Critical Vendor Claim Settlement Summary, the Debtors may not agree to the settlement without first (i) seeking to renegotiate the proposed settlement and submitting a revised Critical Vendor Claim Settlement Summary to the objecting Notice Party in connection therewith or (ii) filing a motion with the Court seeking approval of the proposed settlement. If no objection is raised by any Notice Party to the proposed settlement within the time period set forth above, the Debtors shall be deemed, without further order of the Court, to be authorized by the Court to enter into an agreement to settle the claim at issue on terms no less favorable than those provided in the Critical Vendor Claim Settlement Summary previously submitted to the Notice Parties.[3]

c. The Debtors shall be required to seek separate Court approval, under Bankruptcy Rule 9019, for any compromise or settlement of a claim against a Critical Vendor where the estimated value of the claim is greater than $1,000,000.

4. The Debtors are authorized to enter into the Setoff Agreements in accordance with the Procedures set forth in the Motion and as follows:

a. Without further order of the Court or notice to or approval of any other party, the Debtors may enter into a Setoff Agreement with respect to a claim against a creditor that has a value of up to $100,000.

b. For Setoff Agreements that relate to claims against creditors that have a value greater than $100,000 but less than $1,000,000, the Debtors shall submit the proposed Setoff Agreement to the Notice Parties. The Notice Parties shall be required to submit in writing (which writing may be delivered electronically) any objections to a proposed Setoff Agreement to the Debtors' Counsel on or before five (5) days after service of such Setoff Agreement Summary. In the event that any Notice Party timely objects to the Setoff Agreement, the Debtors may not

---

[3] For the avoidance of doubt, the Debtors reserve the right to also make cash payments to the Critical Vendor in accordance with the terms and procedures of the Final Critical Vendors Order.

01:17143052.1

3

enter into such Setoff Agreement without (i) seeking to renegotiate the proposed Setoff Agreement and submitting a revised Setoff Agreement to the objecting Notice Party in connection therewith or (ii) filing a motion with the Court seeking approval of the proposed Setoff Agreement. If no objection is raised by any Notice Party to the proposed Setoff Agreement within the time period outlined above, the Debtors shall be deemed, without further order of the Court, to be authorized to enter into the proposed Setoff Agreement on terms no less favorable than those provided in the Setoff Agreement previously submitted to the Notice Parties.

    c. The Debtors shall seek separate Court approval, under Bankruptcy Rule 9019, for any Setoff Agreement with respect to a claim against a creditor that has a value greater than $1,000,000.

5. The Debtors are authorized to enter into 503(b)(9) Settlement Agreements in accordance with the Procedures set forth in the Motion and as follows:

    a. During the period from the entry of the order approving the Sale (the "<u>Sale Order)</u> through the closing of the Sale, the Debtors may enter into 503(b)(9) Settlement Agreements in accordance with the Final Critical Vendors Order.

    b. From and after the closing of the Sale, the Debtors shall be authorized to enter into 503(b)(9) Settlement Agreements, without further order of Court, except that settlements involving 503(b)(9) Settlement Agreements in excess of $250,000 shall be subject to the consent of the successful buyer under the Sale (the "<u>Buyer</u>") or further order of the Court. The procedure for obtaining Buyer consent shall be as follows: the Debtors shall provide the Buyer with notice (which notice may be delivered electronically) of a proposed 503(b)(9) Settlement Agreement in excess of $250,000, and the Buyer shall be required to submit in writing (which writing may be delivered electronically) any objections to such 503(b)(9) Settlement Agreement on or before five (5) days after receipt of such notice. In the event that the Buyer timely objects to the 503(b)(9) Settlement Agreement, the Debtors may (i) renegotiate the proposed 503(b)(9) Settlement Agreement and submit the revised 503(b)(9) Settlement Agreement to the Buyer for approval or (ii) file a motion with the Court seeking approval of the proposed 503(b)(9) Settlement Agreement. If no objection is raised by the Buyer to the proposed 503(b)(9) Settlement Agreement within the time period outlined above, the Debtors shall be deemed, without further order of the Court, to be authorized to enter into the proposed 503(b)(9) Settlement Agreement on terms no less favorable than those provided in the 503(b)(9) Settlement Agreement previously submitted to the Buyer.

      c.    The Sale Order shall provide for the payment by the Buyer of any amounts due under a post-closing 503(b)(9) Settlement Agreement, as and to the extent provided in the final Asset Purchase Agreement with such Buyer.

6. The automatic stay imposed by section 362 of the Bankruptcy Code is lifted to the extent necessary to effectuate the relief granted herein.

7. To the extent that the Debtors have a valid right of setoff and/or recoupment, the Debtors are authorized, in their sole discretion, to set off or recoup any valid claims to reduce a creditor's asserted (a) 503(b)(9) Claim, (b) other administrative expense claims, and/or (c) general unsecured claims.

8. To the extent any creditor holds a valid right to setoff with respect to any claims of the Debtors, the claimant is precluded from setting off such amounts (x) without the Debtors' consent, and (y) in a manner inconsistent with the Debtors' exercise of setoff or recoupment with respect to such amounts, without further order of the Court.

9. The Debtors shall prepare, on a monthly basis, reports (the "<u>Monthly Reports</u>") summarizing any such agreements reached pursuant to the Procedures outlined herein. The Monthly Reports shall set forth, as applicable, (i) the name of the applicable Critical Vendor or counterparty to the Setoff Agreement or 503(b)(9) Settlement Agreement; (ii) the estimated value of the claim against the Critical Vendor and the amounts for which such claim has been settled; and (iii) a summary of any Setoff Agreement or 503(b)(9) Settlement Agreement, including disclosure of the receivables and payables which are the subject of the Setoff Agreement or amounts paid under a 503(b)(9) Settlement Agreement. The Debtors shall serve copies of each Monthly Report on the Notice Parties and the U.S. Trustee. The Debtors shall also serve copies of each Monthly Report relating to 503(b)(9) Settlement Agreements on the Buyer.

01:17143052.1

10. Notice of settlements in accordance with the terms and procedures set forth in this Order shall be deemed good and sufficient notice of such settlements, and the requirements of Bankruptcy Rule 2002(a)(3) hereby waived.

11. In connection with the settlement of all or a portion of any claims against Critical Vendors, the Debtors shall condition any resolution of such claim upon the Critical Vendor's agreement to provide goods and services to the Debtors postpetition on terms acceptable to the Debtors and otherwise in accordance with the Final Critical Vendors Order.

12. This Order shall not obligate or require the Debtors to settle any claim that they do not consider, in their sole discretion and business judgment, appropriate to compromise and settle; nor shall this Order obligate the Debtors to settle any claim in excess of the amounts which the Debtors, in their sole discretion and business judgment, believe to be reasonable and appropriate; nor shall this Order preclude Debtors from settling any other claims against their estates upon further application to this Court.

13. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

14. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: June ___, 2015
       Wilmington, Delaware

_____
BRENDAN L. SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE

01:17143052.1