IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| THE STANDARD REGISTER COMPANY, *et al.*,[1] | ) Case 15-10541 (BLS) |
| | ) Jointly Administered |
| | ) |
| Debtors. | ) Re: Docket No. 23 |

**LIMITED OBJECTION TO DEBTORS' MOTION FOR AN (I) ORDER (A) ESTABLISHING SALE PROCEDURES RELATING TO THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS; (B) APPROVING BID PROTECTIONS; (C) ESTABLISHING PROCEDURES RELATING TO THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, INCLUDING NOTICE OF PROPOSED CURE AMOUNTS; (D) APPROVING FORM AND MANNER OF NOTICE OF ALL PROCEDURES, PROTECTIONS, SCHEDULES, AND AGREEMENTS; (E) SCHEDULING A HEARING TO CONSIDER THE PROPOSED SALE; AND (F) GRANTING CERTAIN RELATED RELIEF; AND (II) AN ORDER (A) APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS AND (B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH THE SALE**

Morgan Adhesives Company, LLC d/b/a MACtac ("MACtac"), a creditor and party-in-interest in these bankruptcy cases, by counsel, files this Limited Objection (the "Objection") to the Debtors' Motion for an Order: (I) An Order (A) Establishing Sale Procedures Relating to the Sale of Substantially All of the Debtors' Assets; (B) Approving Bid Protections; (C) Establishing Procedures Relating to the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, Including Notice of Proposed Cure Amounts; (D) Approving Form and Manner of Notice of All Procedures, Protections, Schedules, and Agreements; (E) Scheduling a

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

Hearing to Consider the Proposed Sale; and (F) Granting Certain Related Relief; and (II) an Order (A) Approving the Sale of Substantially All of the Debtors' Assets and (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale [Docket No. 23] (the "Motion"). In support of the Objection, MACtac states as follows:

### Introduction and Factual Background

1. MACtac does not object to the Sale of the Transferred Assets[2] *per se*. However, MACtac believes that certain provisions of the proposed Order attached to the Motion as Exhibit D (the "Proposed Sale Order") are overbroad and improper. As discussed in greater detail below, these provisions may impair the assertion of applicable defenses that MACtac has against receivables and/or rebates that are proposed to be transferred to the Successful Bidder "free and clear" pursuant to Section 363(f) of the Bankruptcy Code.

2. Prior to the Petition Date, MACtac sold goods (the "Goods") to The Standard Register Company (the "Debtor") in the ordinary course of MACtac's business with the Debtor. The Goods were delivered to and received by the Debtors during the reclamation period prescribed by Section 546(c) and have a value of not less than $315,861.86. Accordingly, on March 30, 2015, MACtac filed its Notice of Reclamation Demand relating to the Goods, but none of the Goods were actually reclaimed by MACtac. MACtac's claim pursuant to Section 503(b)(9) of the Bankruptcy Code totals approximately $310,163.36.

3. On May 11, 2015 the Debtor filed its Schedule F [Docket No. 477], identifying MACtac's claim as a "Contingent Trade Payable" owed in the amount of $303,079.44. It is

---

[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

unclear *why* MACtac's claim is listed as "contingent" because MACtac timely delivered all goods that the Debtor ordered from MACtac.

4. As best as MACtac can tell from this cryptic reference in the Debtor's Schedule F, the Debtor appears to be asserting that the amount that the Debtor owes MACtac on its 503(b)(9) claim is conditioned upon the amount of the "rebate" that that the Debtor believes that MACtac owes to the Debtor under an Addendum-MACtac Roll Label Incentive Agreement, dated January 22, 2014 (the "Rebate Agreement"). MACtac has several defenses to any invocation of the Rebate Agreement, as such, the Rebate Agreement cannot be used as an offset to the Debtor's (or Successful Bidder's) obligation to pay MACtac's § 503(b)(9) claim.

5. If and to the extent that the transfer of any receivables and/or rebates to the Successful Bidder pursuant to Section 363(f) of the Bankruptcy Code may adversely impact MACtac's ability to defend against such claims, or against any attempts by the Debtor or the Successful Bidder to offset alleged receivable or rebate claims against amounts owing to MACtac,[3] then MACtac objects. With respect to any account that the Debtor contends MACtac is an account debtor, MACtac does not consent to the transfer "free and clear" of any applicable defenses belonging to MACtac, including, without limitation, MACtac's defenses to any right to setoff and/or recoupment that the Debtor or the Successful Bidder may try to invoke.

## Argument

6. Section 2.1 of the Stalking Horse APA provides, in relevant part, as follows:

> Purchase and Sale of Assets. Upon the terms and subject to the conditions of this Agreement, at the Closing, the Sellers . . . shall sell, assign, transfer, convey and deliver to the applicable Buyer all of the Sellers' right, title and interest as of the Closing Date in and to the Transferred Assets, and the Buyers shall purchase, acquire, accept and pay for the Transferred Assets and assume the applicable

---

[3] Based upon the recently-filed motion to "settle and satisfy" claims asserted under Section 503(b)(9) [Docket No. 560], it appears that this is precisely how the Debtor intends to proceed.

Assumed Liabilities. "Transferred Assets" shall mean all right, title and interest of the Sellers to or under the properties and assets of Sellers of every kind and description, wherever located, whether real, personal or mixed, tangible or intangible (but excluding in each case, for the avoidance of doubt, any Excluded Assets), including all right, title and interest of the Sellers in, to or under:

\*\*\*

(d)    all accounts receivable, notes receivable and other receivables due to the Sellers, together with any unpaid interest or fees accrued thereon or other amounts due with respect thereto;

\*\*\*

(k)    except for the Wind-Down Amount (other than amounts to be returned to the Buyers as set forth in Section 5.15(e) and Section 5.15(f)), all of the Sellers' cash and cash equivalents, and bank accounts;

(l)    to the extent related to the Transferred Assets or Business and except as set forth in Section 2.2(c), all rights, claims or causes of action of the Sellers against third parties arising out of events occurring prior to the Closing, including and, for the avoidance of doubt, arising out of events occurring prior to the Petition Date, and including any rights under or pursuant to any and all warranties, representations and guarantees made by suppliers, manufacturers and contractors relating to products sold, or services provided, to the Sellers;

\*\*\*

(p)    all of the rights and claims of the Sellers available under the U.S. Bankruptcy Code, of whatever kind or nature, as set forth in sections 544 through 551, inclusive, 553, 558 and any other applicable provisions of the U.S. Bankruptcy Code solely with respect to trade obligations paid prior to the Petition Date, and any related claims and actions arising under such sections by operation of Law or otherwise, including any and all proceeds of the foregoing, (such rights and claims not to be prosecuted by the Buyers or any other entity); and

(q)    all credits, prepaid expenses, security deposits, other deposits, refunds, prepaid assets or charges, rebates, setoffs, and loss carryforwards of the Sellers.

7.    The Proposed Sale Order contains provisions that might be interpreted in a way that impairs MACtac's defenses to any claims against it, rebates, or alleged setoff/recoupment rights that are transferred to the Successful Bidder.

8.    By way of example and without limitation, paragraph T the Proposed Sale Order recites the intent of the Stalking Horse Bidder when it says that "[t]he Buyers will not

4

consummate the transactions contemplated by the Stalking Horse APA . . . unless this Court expressly orders that none of the Buyers, their affiliates, their present or contemplated members or shareholders, or the Transferred Assets will have any liability whatsoever with respect to, or be required to satisfy ***in any manner, whether at law or equity, or by payment, setoff, or otherwise***, directly or indirectly, any liens, claims, encumbrances, and other interests...." (Proposed Sale Order, ¶ T at pgs. 12-13 [Docket No. 23-4] (emphasis added).)

9. The Proposed Sale Order provides that "[p]ursuant to 11 U.S.C. § 363 (b) and 363(f), the Transferred Assets shall be transferred to the Buyers upon the Closing Date free and clear of all obligations and Encumbrances (except for Permitted Encumbrances and the Assumed Liabilities) ***of any kind or nature whatsoever***...." (*Id.* ¶ 6 at pg. 19 (emphasis added) and that it "shall be effective as a determination that, upon the Closing of the Sale Transaction, all interests, claims, and Encumbrances ***of any kind or nature whatsoever*** existing as to the Debtors or the Transferred Assets prior to the Closing of the Sale Transaction have been unconditionally released, discharged, and terminated . . ." (*Id.* ¶ 10 at pg. 21), and that "[a]ll persons and entities are prohibited and enjoined from taking any action to adversely affect or interfere with the ability of the Debtors to transfer the Transferred Assets to the Buyers in accordance with the Stalking Horse APA and this Order...." (*Id.* ¶ 9 at pg. 20).

10. Based upon the expansive language quoted above and the proposed finding regarding the parties' intent set forth in paragraph T of the Proposed Sale Order, it appears that the Debtor is attempting to transfer claims that the Debtor believes it has against MACtac (perhaps pursuant to the Rebate Agreement) free and clear of any and all applicable defenses thereto, including MACtac's own defenses of setoff or recoupment. MACtac objects.

11. The only legal basis put forth by the Debtors in support of a sale free and clear is consent. (*See* Mot. ¶ 66, at pg. 29 [Docket No. 23] ("In particular, the Debtors believe that at least Section 363(f)(2) of the Bankruptcy Code will be satisfied....").) MACtac does not consent to any transfer free and clear of *its* defenses, and vigorously objects to any such transfer. Thus, the burden rests upon the Debtors to show that some other subsection of 363(f) would apply.

12. By objecting, MACtac is entitled to entry of an order conditioning the sale upon as necessary to provide adequate protection of MACtac's interest. 11 U.S.C. § 363(e).

13. Based upon the foregoing, the Proposed Sale Order should be amended to state that it does not impair or impact any applicable defenses that MACtac has, or may have, in connection with any accounts and/or rebates to be transferred to the Successful Bidder, including, without limitation, MACtac's own defense of setoff and/or recoupment.

14. MACtac reserves the right to supplement and/or amend this objection, to join in objections filed by others, and to raise objections at the hearing.

WHEREFORE, MACtac respectfully requests that the Court enter an Order that:

A. Conditions the entry of the Proposed Sale Order upon the inclusion of the following proposed language: Morgan Adhesives Company, LLC d/b/a MACtac. Notwithstanding anything contained herein to the contrary (including, without limitation, the provisions of Paragraphs T, 6, 9 and/or 10), the entry of this Order shall not be deemed or construed to be a release, injunction, or impairment of any claims, defenses and/or interests of the Morgan Adhesives Company, LLC d/b/a MACtac ("MACtac") in, against, or with respect to any of the Transferred Assets as to which MACtac is an account debtor or obligor, or to otherwise bar, prejudice or impair the ability of MACtac to assert any claim or interest in the Transferred Assets as a defense (affirmative defense or otherwise) to any claims asserted against

6

MACtac whether such claims against MACtac are asserted via an alleged right of setoff and/or recoupment, or otherwise; and

  B. Granting MACtac all other just and proper relief.

| | |
|---|---|
| Dated: May 29, 2015<br>Wilmington, Delaware | **POTTER ANDERSON & CORROON LLP**<br><br>*/s/ Etta R. Mayers*<br>_____<br>Jeremy W. Ryan (DE Bar No. 4057)<br>Etta R. Mayers (DE Bar No. 4164)<br>1313 North Market Street, Sixth Floor<br>P.O. Box 951<br>Wilmington, DE  19899-0951<br>Telephone:  (302) 984-6000<br>Facsimile:  (302) 658-1192<br><br>-and-<br><br>**HOWARD & HOWARD ATTORNEYS PLLC**<br>Mark A. Bogdanowicz<br>One Technology Plaza, Suite 600<br>Peoria, IL  61602<br>Phone:  (309)999-6320<br>Facsimile:  (309) 672-1568<br><br>*Counsel to Morgan Adhesives Company, LLC d/b/a MACtac* |

PAC 1191227v.1