UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Case No. 15-10541 (BLS) |
| | ) | |
| THE STANDARD REGISTER COMPANY, [1] | ) | Chapter 11 |
| *et al.* | ) | |
| Debtors. | ) | Jointly Administered |
| _____ | ) | |

**LIMITED OBJECTION TO THE DEBTORS' MOTION FOR:
AN ORDER APPROVING THE SALE OF SUBSTANTIALLY ALL OF
THE DEBTORS' ASSETS AND AUTHORIZING THE ASSUMPTION AND
ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND
<u>UNEXPIRED LEASES IN CONNECTION WITH THE SALE</u>**

CDK Global, LLC (f/k/a ADP Dealer Services, Inc.) ( "CDK"), by and through its undersigned counsel, hereby file this limited objection to the above-captioned debtors' (collectively "Debtors") *Motion for (I) An Order (A) Establishing Sales Procedures Relating to the Sale of Substantially of the Debtors' Assets; (B) Approving Bid Protections; (C) Establishing Procedures Relating to the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, Including Notice of Proposed Cure Amounts; (D) Approving Form and Manner of Notice of all Procedures, Protections, Schedules, and Agreements; (E) Scheduling a Hearing to Consider the Proposed Sale; and (F) Granting Certain Related Relief; and (II) an Order (A) Approving the Sale of Substantially All of the Debtors' Assets and (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection With the Sale* (the "Sale Motion")  [Doc.# 23].

1.    On March 12, 2015, the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code.  These cases are being jointly administered.

---

[1] The "Debtors" are as follows: The Standard Register Company, Standard Register Holding Company, Standard Register Technologies, Inc., Standard Register International, Inc., iMedConcent, LLC, Standard Register of Puerto Rico Inc., Standard Register Mexico Holding Company, Standard Register Holding, S. de R.L. de C.V., Standard Register de Mexico, S. de R.L. de C.V., Standard Register Servicios, S. de R.L. de C.V., and Standard Register Technologies Canada ULC.

2.      On March 12, 2015, Debtor filed the Motion seeking *inter alia* the right to sell substantially all of Debtors' assets free and clear of any encumbrances and liens.

3.      At the time of commencement of this case, The Standard Register Company ("SRC") was subject to obligations under two agreements between itself and ADP Dealer Services, Inc. n/k/a CDK[2]. The first agreement is a Strategic Alliance Agreement dated April 25, 2000 which has been amended from time to time (as amended, the "Strategic Alliance Agreement"). The second agreement is a Non-Disclosure Agreement made as of August 26, 2005 ("Non-Disclosure Agreement"). Both contracts relate to the business between CDK and SRC. Under the Strategic Alliance Agreement, SRC provided products and services to various automobile and truck dealerships that had been longstanding customers of CDK and with whom CDK had significant goodwill. When SRC took over the responsibility for providing the products and services, CDK continued to provide SRC with back room services for the business, such as the billing of the customers.

4.      The customer list and goodwill with those dealership customers that CDK provided to SRC for their joint venture was substantial. The customer lists and associated goodwill are "Confidential Information" of CDK (as defined in the Non-Disclosure Agreement) that SRC was required to keep confidential and use only for business arrangements with CDK under the Non-Disclosure Agreement.

5.      The Third Amendment to the Strategic Alliance Agreement dated January 14, 2014 (the "Third Amendment"), provides, *inter alia,* as follows:

> this Agreement, (A) prohibits SSR, except as provided in Section 3 of the Third Amendment to this Agreement, from directly or indirectly selling the Products to the Clients independently of SR's contractual relationship with ADP (i.e., outside of the terms and conditions of this Agreement) during the Initial Term and for a

---

[2] ADP Dealer Services, Inc. converted to an LLC and then changed its name to CDK in the fall of 2014.

> period of three (3) years after termination of this Agreement for any reason other than ADPS' breach of this Agreement….

Third Amendment, para. 2(A) (the "Non-Compete Provision")[3]. The Non-Compete Provision prohibits SRC from providing services to Clients, which term is defined as "present and future ADP [n/k/a CDK] clients and prospects in the dealership market in the U.S. and Canada" outside of the scope of the Strategic Alliance Agreement for three years following the effective date of any termination of the contract.

6.  The Strategic Alliance Agreement terminated as of June 30, 2014. Pursuant to the Non-Compete Provision, SRC continues to be bound by the terms of the Non-Compete Provision until June 30, 2017.

7.  The Motion seeks an order authorizing the sale of substantially all of the Debtors' assets to a stalking horse bidder, or a higher bidder, free and clear of all liens, claims and encumbrances. CDK objects to any sale that attempts to terminate and/or extinguish the Non-Compete Provision or CDK's rights under the Non-Disclosure Agreement.

8.  Because of the Non-Disclosure Agreement, CDK is entitled to have the Confidential Information SRC received from CDK excluded from the assets being sold. Further, no sale of assets can be free from the limitations of the Non-Compete Provision and any buyer must remain bound by its terms.

---

[3] Copies of the documents referenced herein are available subject to confidentiality from counsel for CDK upon request.

WHEREFORE, CDK respectfully requests that no sale of assets (i) include the Confidential Information or (ii) be free from the limitations of the Non-Compete Provision and the obligations of SRC thereunder.

| | |
|---|---|
| May 29, 2015<br>Wilmington, Delaware | BARNES & THORNBURG LLP<br><br>/s/ *Paula K. Jacobi*_____<br>Paula K. Jacobi<br>Timothy McFadden<br>BARNES & THORNBURG LLP<br>One North Wacker Drive<br>Suite 4400<br>Chicago, IL  60606<br>Telephone: (312) 214-4866<br>Facsimile: (312) 759-5646<br>Email:  Paula.Jacobi@btlaw.com<br><br>*/s/ Kevin G. Collins*_____<br>David M. Powlen (DE Bar No. 4978)<br>Kevin G. Collins (DE Bar No. 5149)<br>1000 N. West Street, Suite 1500<br>Wilmington, DE  19801<br>Telephone: (302) 300-3434<br>Facsimile: (302) 300-3456<br>E-Mail:  David.Powlen@btlaw.com<br>E-Mail:  Kevin.Collins@btlaw.com<br><br>*Attorneys for CDK Global, LLC* |

---

[1]