## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> THE STANDARD REGISTER COMPANY, *et al.*, <br><br> Debtor. | Chapter 11 <br><br> Case No. 15-10541-BLS <br><br> Jointly Administered <br><br> Hearing Date: June 17, 2015 <br> Objection Deadlines:  May 8, 2015 at 4:00 p.m. (ET) (Assignment and Assumption and Cure Amount); June 1, 2015 at 4:00 p.m. (ET) (Stalking Horse); June 16, 2015 at 4:00 p.m. (ET)(Successful Bidder) <br><br> Related Docket Nos:  23, 286, 295, 307 |

**CHAOTIC MOON, LLC'S LIMITED OPPOSITION TO DEBTORS' MOTION FOR (I) AN ORDER (A) ESTABLISHING SALE PROCEDURES RELATING TO THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS; (B) APPROVING BID PROTECTIONS;  (C) ESTABLISHING PROCEDURES RELATING TO THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, INCLUDING NOTICE OF PROPOSED CURE AMOUNTS; (D) APPROVING FORM AND MANNER OF NOTICE OF ALL PROCEDURES, PROTECTIONS, SCHEDULES, AND AGREEMENTS; (E) SCHEDULING A HEARING TO CONSIDER THE PROPOSED SALE; AND (F) GRANTING CERTAIN RELATED RELIEF; AND (II) AN ORDER (A) APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS AND (B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH THE SALE**

Chaotic Moon, LLC ("Chaotic Moon"), by and through its attorneys, hereby files this limited opposition (this "Opposition") to Debtors' Motion for (I) An Order (A) Establishing Sales Procedures Relating to the Sale of Substantially All of the Debtors' Assets; (B) Approving Bid Protections; (C) Establishing Procedures Relating to the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, Including Notice of Proposed Cure Amounts; (D) Approving Form and Manner of Notice of All Procedures, Protections, Schedules, and Agreements; (E) Scheduling A Hearing to Consider the Proposed Sale; and (F) Granting

Certain Related Relief; and (II) an Order (A) Approving the Sale of Substantially All of the Debtors' Assets and (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale ("Motion")[Docket No. 23]. The Motion proposes to sell all of the Debtor's assets except for certain Excluded Assets not relevant here.

On April 15, 2015, the Court entered its Order (I) Establishing Sale Procedures Relating to the Sale of Substantially All of the Debtors' Assets; (II) Approving the Maximum Reimbursement Amount; (III) Establishing Procedures Relating to the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, Including Notice of Proposed Cure Amounts; (IV) Approving Form and Manner of Notice of All Procedures, Protections, Schedules, and Agreements; (V) Scheduling a Hearing to Consider the Proposed Sale; and (VI) Granting Certain Related Relief [Docket No. 286]. On April 16, 2015, the Debtors filed a Notice of Sale, Sale Procedures, Auction and Sale Hearing [Docket No. 295]. On April 17, 2015, the Debtors filed a Notice of (I) Entry Into Stalking Horse Agreement and (II) Potential Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection With the Sale of Substantially All of the Debtor's Assets ("Notice")[Docket No. 307]. The Notice indicated that the Debtor's contract with Chaotic Moon was to be assumed and assigned (the "Assignment") with a zero cure amount and set a May 8, 2015 deadline to object or be forever barred.

**PRELIMINARY STATEMENT**

Chaotic Moon objects because: (1) the Debtors apparently intend to sell certain software that belongs to Chaotic Moon and which, therefore, is not property of the estate pursuant to 11 U.S.C. § 541; (2) the Debtors have no right to sell, transfer or assign the Software under applicable non-bankruptcy law without Chaotic Moon's consent; (3) the Debtors are attempting

2

to assume and assign Chaotic Moon's contract with Debtor The Standard Register Company ("Standard") that was terminated by Standard pre-petition and cannot therefore be assumed or assigned; (4) Standard owes Chaotic Moon at least $835,000 in connection with the terminated contract and therefore, if in fact the contract is executory, the proposed zero cure amount ("Cure Amount") is grossly inadequate, manifestly unjust and was proposed in bad faith;  (5) if the contract is executory, it is in default and there is no adequate assurance that the default will promptly be cured or that Chaotic Moon will be compensated for its actual pecuniary loss. Therefore, Chaotic Moon objects to the Motion, to the sale contemplated by the Motion ("Sale"), to the assumption of Chaotic Moon's contract ("Assumption"), and to the Assignment on the grounds set forth above and below.  In support of this Opposition, Chaotic Moon respectfully represents as follows:

## BACKGROUND AND PROCEDURAL HISTORY

1. On March 12, 2015 (the "Petition Date"), Standard commenced this case by filing a voluntary petition for reorganization under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code").

2. Since that time, Standard has continued in possession of its property and has operated and managed its business, as debtor in possession, pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## RELEVANT FACTS

4. Chaotic Moon entered into a Master Services Agreement with Standard dated effective March, 2014 (the "MSA"; no specific date was stated). A copy of the MSA is attached

3

as Exhibit "A". The MSA and certain Statements of Work entered into thereunder generally provided for Chaotic Moon to develop a custom software application system (the "Software"). The MSA provides that title to the Software would be assigned by Chaotic Moon to Standard "upon payment in full of all amounts owed." Standard terminated the MSA in September 2014 without paying Chaotic Moon at least $830,000 owed to it and therefore the title to the Software was never assigned to Standard. Chaotic filed suit against Standard in Texas state court. In its pleadings, Standard acknowledged that it terminated the MSA and that it had not paid the amounts at issue.[1] The Texas lawsuit was stayed by the filing of this bankruptcy case.

5. Chaotic Moon does not consent to the sale of the Software free and clear of Chaotic Moon's interests, nor does Chaotic Moon consent to an assignment of the terminated MSA.

**OBJECTIONS**

6. The issues set forth above as they affect Chaotic Moon must be addressed before the Court decides the Motion or approves the Sale or the Assignment.

7. The Debtor's Motion proposes the sale of assets free and clear of liens, claims, encumbrances and interests. To the extent that the proposed Sale includes the Software, which is owned by Chaotic Moon, Chaotic Moon objects to the Motion because it may not be sold free and clear of Chaotic Moon's interests under applicable non-bankruptcy law without its consent under Section 363(f) of the Code.

8. Chaotic Moon also objects to the Assignment of the MSA pursuant to Section 363(f) of the Code because it is not permissible under applicable non-bankruptcy law and

---

[1] Standard asserted a motion to dismiss and counterclaim in response. Copies of Chaotic Moon's original petition and Standard's motion to dismiss, answer and counterclaim are attached as Exhibits "B" and "C", respectively.

Chaotic Moon does not consent.

9.    The MSA was terminated pre-petition, therefore it may not be assumed or assigned under Section 365 of the Bankruptcy Code. In the alternative, in the event that the MSA is determined to be executory, Chaotic Moon objects to the assumption and assignment of the MSA and to the Cure Amount because the MSA is in default due to the failure of Standard to pay Chaotic Moon at least $835,000 owed to it and the zero Cure Amount proposed by the Debtors is grossly inadequate, manifestly unjust and proposed in bad faith.

10.   In the further alternative, in the event that the MSA is determined to be executory, Chaotic Moon objects to the assumption and assignment because there is no adequate assurance that the default will be cured promptly or that Chaotic Moon will be compensated for its actual pecuniary loss as is required by 11 U.S.C. § 365(b)(1).

11.   At this time, pursuant to Local Rule 7012-1, Chaotic Moon does not consent to entry of final orders or judgments in this Court, and reserves all rights, including the right to commence an adversary proceeding to determine whether Chaotic Moon owns the Software.

[remainder of page intentionally left blank]

**CONCLUSION**

For the foregoing reasons, Chaotic Moon objects to the Motion, the Sale, the Assumption, the Assignment and the Cure Amount and respectfully requests that the Court expressly rule that: (i) the Software may not be sold and the MSA may not be assumed or assigned, (ii) in the alternative, that Chaotic Moon is entitled to a cure amount of at least $835,000 and to adequate assurance that the default will be cured promptly and that Chaotic Moon will be compensated for its actual pecuniary loss, and (iii) Chaotic Moon be granted such further relief as the Court deems just and proper.

Wilmington, Delaware
Dated: May 29, 2015

Bayard, P.A.

/s/ GianClaudio Finizio
Neil B. Glassman (No. 2087)
GianClaudio Finizio (No. 4253)
222 Delaware Avenue, Suite 900
Wilmington, Delaware  19801
Telephone:  (302) 655-5000
Facsimile: (302) 658-6395
Email:  nglassman@bayardlaw.com
            gfinizio@bayardlaw.com

and

Daniel H. Byrne
Lisa C. Fancher
Fritz, Byrne, Head & Fitzpatrick, PLLC
98 San Jacinto Blvd., Suite 2000
Austin, TX  78701
Telephone:  (512) 476-2020
Email :  dbyrne@fbhf.com
            lfancher@fbhf.com

*Counsel for Chaotic Moon, LLC*