**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>THE STANDARD REGISTER COMPANY, *et al.*,<br><br>　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 15-10541 (BLS)<br>(Jointly Administered)<br><br>**Hearing Date**:  June 17, 2015 at 10:00 a.m. (ET)<br>**Objection Deadline**: May 8, 2015 at 4:00 p.m. (ET)<br>(Assignment and Assumption and Cure Amount)<br>**Related D.I. 23, 286, 307 and 569** |

**MOTION OF CHAOTIC MOON, LLC FOR ENTRY OF AN ORDER
ALLOWING LATE FILING OF OBJECTION TO PROPOSED
ASSUMPTION AND ASSIGNMENT AND CURE AMOUNT**

Chaotic Moon, LLC ("Chaotic Moon"), by and through its undersigned counsel, hereby moves (the "Motion") pursuant to Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for the entry of an order allowing the late filing of its objection ("Objection") to the proposed assumption and assignment of its contract with Debtor The Standard Register Company ("Standard") and to the Debtors' proposed cure amount. In support of this Motion, Chaotic Moon respectfully represents as follows:

**BACKGROUND AND PROCEDURAL HISTORY**

1. On March 12, 2015 (the "Petition Date"), Standard commenced this case by filing a voluntary petition for reorganization under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code").

2. Since that time, Standard has continued in possession of its property and has operated and managed its business, as debtor in possession, pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4. On March 12, 2015, Standard and its affiliated debtors filed the Debtors' *Motion for (I) An Order (A) Establishing Sales Procedures Relating to the Sale of Substantially All of the Debtors' Assets; (B) Approving Bid Protections; (C) Establishing Procedures Relating to the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, Including Notice of Proposed Cure Amounts; (D) Approving Form and Manner of Notice of All Procedures, Protections, Schedules, and Agreements; (E) Scheduling A Hearing to Consider the Proposed Sale; and (F) Granting Certain Related Relief; and (II) an Order (A) Approving the Sale of Substantially All of the Debtors' Assets and (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale* ("Sale Motion")[D.I. 23]. The Sale Motion proposes to sell all of the Debtors' assets except for certain Excluded Assets not relevant here.

5. On April 15, 2015, the Court entered its *Order (I) Establishing Sale Procedures Relating to the Sale of Substantially All of the Debtors' Assets; (II) Approving the Maximum Reimbursement Amount; (III) Establishing Procedures Relating to the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, Including Notice of Proposed Cure Amounts; (IV) Approving Form and Manner of Notice of All Procedures, Protections, Schedules, and Agreements; (V) Scheduling a Hearing to Consider the Proposed Sale; and (VI) Granting Certain Related Relief* [D.I. 286].

6. On April 16, 2015, the Debtors filed a Notice of Sale, Sale Procedures, Auction and Sale Hearing [D.I. 295]. On April 17, 2015, the Debtors filed a *Notice of (I) Entry Into Stalking Horse Agreement and (II) Potential Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection With the Sale of Substantially All of the Debtor's Assets* ("Notice") [D.I. 307]. The Notice indicated that the Debtors' contract with Chaotic Moon was to be assumed and assigned (the "Assignment") with a zero cure amount and set a May 8, 2015 deadline to object or be forever barred.

7. Contemporaneously with this Motion, Chaotic Moon is filing its Limited Opposition ("Opposition") to the Sale Motion, which includes the Objection. The Opposition is otherwise timely filed. A copy of the Opposition is attached as Exhibit A.

**RELEVANT FACTS**

8. Chaotic Moon entered into a Master Services Agreement with Standard dated effective March 2014 (the "MSA"; no specific date was stated). A copy of the MSA is attached to the Opposition as Exhibit "A". The MSA and certain Statements of Work entered into thereunder generally provided for Chaotic Moon to develop a custom software application system (the "Software"). The MSA provides that title to the Software would be assigned by Chaotic Moon to Standard "upon payment in full of all amounts owed." Standard terminated the MSA in September 2014 without paying Chaotic Moon at least $830,000 owed to it and therefore the title to the Software was never assigned to Standard. Chaotic filed suit against Standard in Texas state court. In

its pleadings, Standard acknowledged that it terminated the MSA and that it had not paid the amounts at issue.[1] The Texas lawsuit was stayed by the filing of this bankruptcy case.

9. Chaotic Moon does not consent to the sale of the Software free and clear of Chaotic Moon's interests, nor does Chaotic Moon consent to an assignment of the terminated MSA.

10. The Notice was purportedly served on Chaotic Moon, as were dozens of other bankruptcy-related documents, but Chaotic Moon's officers do not recall receiving it, nor would they have understood its significance if they had seen it. After reviewing the Notice recently provided to them by counsel, the title and substance of the Notice was not understood by them, nor would it have been reasonably understood by a typical lay person, to apply to or require action on the part of Chaotic Moon. The officers did not understand what a "stalking horse agreement" was or that the MSA was being alleged by Standard to be an "executory contract" to be assumed and assigned, what an "executory contract" was, what a "cure amount" was, or that failure to object to the proposed zero "cure amount" within an exceptionally short time frame would prevent Chaotic Moon from asserting its rights to the return of the Software or to be paid the $830,000 owed to it.

11. Chaotic Moon has intended at all times to assert its rights and recently retained counsel to represent it in connection with this bankruptcy case. Chaotic Moon subsequently became aware through counsel of the Sale Motion and of the deadline to object to the Sale Motion and authorized the filing of the Opposition. In the course of

---

[1] Standard asserted a motion to dismiss and counterclaim in response. Copies of Chaotic Moon's original petition and Standard's motion to dismiss, answer and counterclaim are attached as Exhibits "B" and "C", respectively, to the Opposition.

preparing the Opposition, counsel became aware of the Notice and that the deadline to object had passed. This Motion is being filed within one business day of that discovery.

## RELIEF REQUESTED

12. By this Motion, Chaotic Moon respectfully requests that this Court exercise its discretion under Bankruptcy Rule 9006(b)(1) and enter an order, substantially in the form submitted herewith, allowing the late filing of the Objection given the equities of the case.

## BASIS FOR RELIEF

13. Bankruptcy Rule 9006(b)(1) provides authority for the Court to extend the deadline to file an objection and states, in relevant part, that

> when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

14. As recognized by the United States Supreme Court, Bankruptcy Rule 9006(b)(1) "grants a reprieve to out-of-time filings that were delayed by 'neglect.'" Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 388 (1993). The Pioneer Court concluded that "by empowering the courts to accept late filings 'where the failure to act was the result of excusable neglect' . . . Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused . . . by intervening circumstances beyond the party's control." Id. See e.g., Jones v. Chemetron Corp., 212 F.3d 199, 205 (3d Cir. 2000); In re Goody's Family Clothing, Inc., 443 B.R. 5, 15 (Bankr. D. Del. 2010); In re Cable & Wireless USA, Inc., 338 B.R. 609, 613 (Bankr. D. Del. 2006).

15. The Supreme Court concluded that the determination of excusable neglect is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," including: (1) the danger of prejudice to the Debtors; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of Chaotic Moon; and (4) whether Chaotic Moon acted in good faith. Id. at 395; Goody's, 443 B.R. at 15. Application of the *Pioneer* factors to the present matter warrant a finding of excusable neglect and allowance of any late filing of the Objection.

16. First, the Debtors will suffer little prejudice, if any, if the Objection is deemed timely filed because it is being filed only three weeks after the short deadline to object and 19 days before a hearing will be held on the Sale Motion. Furthermore, Standard terminated the MSA six months before filing this bankruptcy case and has, according to the Notice, not yet made a final determination as to whether the MSA is executory or whether it will be assumed or assigned. In addition, Standard was well aware as a result of the Texas litigation that Chaotic Moon has consistently asserted that it is owed at least $830,000 by Standard under the MSA. Moreover, the impact on the Debtors and their estates if the late filing of the Objection is allowed is *de minimis*. Standard's schedules alone reflect over $379 million in liabilities.

17. Therefore, allowing the late filing of the Objection will have no significant impact on the administration of the estates or the sale process.

18. Finally, Chaotic Moon has acted in good faith and any neglect in timely filing the Objection is excusable. The Debtors should not be permitted to avoid their

obligations or to deprive Chaotic Moon of its rights based upon a procedural issue that results in little if any prejudice to these estates.

19. Based on the foregoing, Chaotic Moon respectfully submits that application of the *Pioneer* factors to the present case warrant a finding of excusable neglect and cause to allow the late filing of the Objection under Bankruptcy Rule 9006(b)(1).

WHEREFORE, Chaotic Moon respectfully requests that the Court enter an order (1) allowing the late filing of the Objection and (2) granting such other and further relief as the Court deems just and appropriate.

Dated: May 29, 2015
       Wilmington, DE

BAYARD, P.A.

*/s/ GianClaudio Finizio*
Neil B. Glassman (No. 2087)
GianClaudio Finizio (No. 4253)
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19801
Telephone: (302) 655-5000
Facsimile: (302) 658-6395
Email: nglassman@bayardlaw.com
       gfinizio@bayardlaw.com

FRITZ, BYRNE, HEAD & HARRISON, PLLC
98 San Jacinto Boulevard, Suite 2000
Austin, Texas 78701
Telephone: (512) 476-2020
Telecopy: (512) 477-5267
Daniel H. Byrne
Lisa C. Fancher
Email: dbyrne@fbhf.com
       lfancher@fbhf.com

*Counsel for Chaotic Moon, LLC*