IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>THE STANDARD REGISTER CO., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 15-10541 (BLS)<br><br>(Jointly Administered)<br><br>**Hearing Date: June 17, 2015 at 10:00 a.m. (ET)**<br>**Obj. Deadline: June 1, 2015 at 4:00 p.m. (ET)**<br><br>**Ref. Docket No.: 23** |

## LIMITED OBJECTION OF THE REYNOLDS AND REYNOLDS COMPANY TO DEBTORS' MOTION FOR AN ORDER APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS

Pursuant to the Sales Procedures Order (Doc. 286) and 11 U.S.C. §§ 363 and 553, creditor, The Reynolds and Reynolds Company ("Reynolds"), files this Limited Objection ("Objection") to the *Debtors' Motion for (I) an Order (A) Establishing Sale Procedures Relating to the Sale of Substantially All of the Debtors' Assets; (B) Approving Bid Protections; (C) Establishing Procedures Relating to the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, Including Notice of Proposed Cure Amounts; (D) Approving Form and Manner of Notice of All Procedures, Protections, Schedules and Agreements; (E) Scheduling a Hearing to Consider the Proposed Sale; and (F) Granting Certain Related Relief; and (II) an Order (A) Approving the Sale of Substantially All of the Debtors' Assets and (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Expired Leases in Connection with the Sale* [D.I.. 23] (the "Sale Motion"). In support of its Objection, Reynolds states as follows:

### BACKGROUND

1.      Prior to March 12, 2015 (the "Petition Date"), Reynolds did business with debtor, The Standard Register Company ("Debtor"), pursuant to a certain executory contract involving,

among other things, the sales of goods by Reynolds to Debtor and Debtor's provision of warehousing services to Reynolds at Debtor's Ontario, California warehouse facility (the "Contract"). A copy of the Contract is attached to this Objection as Exhibit A.

2.      As of the Petition Date, Debtor owed Reynolds $137,684.89 for goods sold and delivered to Debtor. As of the Petition Date, Reynolds owed Debtor $14,027.18 (the "Recoupment Amount") for services rendered.[1]  A copy of Debtor's invoice to Reynolds is attached to this Objection as Exhibit B.

3.      Since the filing of the Sale Motion, counsel for Reynolds and counsel for Debtor have reached agreement about the appropriate amount to cure the default under the Contract (the "Cure Amount") in the event a buyer ("Buyer") of substantially all of Debtor's assets decides to take assignment of (and, relatedly, in the event Debtor decides to assume) the Contract. The Cure Amount takes into consideration the mutual pre-petition obligations due under the Contract, with a net amount due Reynolds in the event of assumption of $123,657.82.[2]

4.      Although agreement on the Cure Amount has been reached, it is by no means certain that a Buyer will necessarily elect to take assignment of (and, relatedly, that Debtor will choose to assume) the Contract. *See Exhibit E* to the Sale Motion (the "Asset Purchase Agreement") at Section 2.6(d) (allowing up to three business days prior to closing for Buyer to designate executory contracts for assumption and assignment by the Debtor).

5.      Pursuant to Section 2.1(d) of the Asset Purchase Agreement with potential Buyer, Standard Acquisition Holdings, LLC, the parties contemplate that the Buyer will obtain "all accounts receivable . . . and other receivables due to [Debtor] . . ."

---

[1] The invoice actually states $52,601.94 is due for daily services rendered between March 4, 2015 to April 2, 2015. Reynolds prorated the portion of the invoice attributable to the eight days of services rendered prior to the Petition Date and has paid the post-petition balance to Debtor.

[2] A small mathematical discrepancy results from rounding of the obligation due Reynolds.

6.       Debtor seeks to sell its assets to Buyer "free and clear of all claims, liabilities, interests, encumbrances, liens, financing statements, mortgages, mechanics' liens, <u>lis</u> <u>pendens</u>, and all other documents or agreements evidencing interests in and/or claims against such assets." *See Exhibit D* to Sale Motion (the "Proposed Sale Order"), introduction (defining such claims, etc. as "Encumbrances").

7.       Reynolds is satisfied that, in the event the Contract is assumed, assigned, and the Cure Amount is paid, its right to recoupment and/or setoff will have been appropriately effectuated, with no obligation on the part of Reynolds to pay the Recoupment Amount to the Buyer, such sum being used to reduce the total amount required to cure the Contract.

8.       On the other hand, Reynolds is concerned that, in the event the Contract is not assumed, a Buyer holding accounts receivable free and clear of Encumbrances will assert an entitlement to collect the Recoupment Amount from Reynolds despite the pre-petition mutuality of the obligations between Reynolds and Debtor under the Contract and the related limitation on the Debtor's own right to collect such funds.

## LIMITED OBJECTION

9.       Reynolds does not object to the sale of Debtor's assets to a Buyer.  However, it files this Objection to preserve its entitlement to defend the Recoupment Amount from a prospective Buyer and put any prospective Buyer on notice of such defenses.  In addition, Reynolds respectfully requests that its entitlement to assert defenses of recoupment and setoff be appropriately preserved through any order entered by the Bankruptcy Court granting the Sale Motion.

10.     The Bankruptcy Code preserves the right of a creditor to offset mutual, pre-petition obligations, subject, however to Section 363.  11 U.S.C. § 553(a).  A sale free and clear

under Section 363, however, does not eliminate affirmative defenses to purchased accounts receivable. *Folger Adam Sec., Inc. v. DeMatteis / MacGregor, J.V.*, 209 F.3d 252, 261-62 (3d Cir. 2000). *See also MBNA America Bank, N.A. v. Trans World Airlines, Inc. (In re Trans World Airlines, Inc.)*, 275 B.R. 712 (Bankr. D. Del. 2002) (holding that the right of recoupment was not extinguished by section 363(f) sale order). Under Ohio law, which governs the Contract, rights of recoupment and setoff are such affirmative defenses. *See Am. Motorists Ins. Co. v. Olin Hunt Specialty Prods.*, No. 00AP-1313, 2001 Ohio App. LEXIS 4169 (10th Dist., Sep. 20, 2001). Moreover, the very same contract gave rise to both the Recoupment Amount and the receivables. This is precisely in the nature of recoupment, an equitable remedy that permits claims arising out of the same transaction to be adjudicated in one proceeding. *Lee v. Schweiker*, 739 F.2d 870, 875 (3d Cir. 1984) (noting that, in bankruptcy, recoupment doctrine has been applied primarily where creditor's claim against debtor, and debtor's claim against creditor, arise out of same contract). Recoupment has been allowed to be used as a defense where offsetting credits and liabilities arise out of the same transaction. *In re Communications Dynamics, Inc.*, 300 B.R. 220 (Bankr. D. Del. 2003) (holding that, under doctrine of recoupment, creditor had right to use debtor's pre-petition obligation to it to reduce sales credits that creditor owed to debtor arising out of pre-petition equipment deliveries from creditor to debtor). Reynolds' recoupment rights cannot be affected by the proposed sale.

11.    Accordingly, absent language in any Proposed Sale Order expressly preserving Reynolds' rights, a dispute may arise between a Buyer, insisting it is owed the Recoupment Amount as a purchased receivable, and Reynolds, insisting that its defenses to such a claim were not eviscerated by a Sale Order that allows the purchase of the receivable free and clear of "Encumbrances" as that term is broadly used in the Proposed Sale Order. *See Folger, supra*

(buyer of substantially all assets of a debtor pursued non-debtor party to rejected executory contract claiming the purchase of the receivables was free and clear of the non-debtor's defenses to payment).

12.      Also, as a creditor with a claim secured by setoff rights, Reynolds has an interest akin to a lien on the receivables to be sold, and, additionally, pursuant to 11 U.S.C. § 506(a)(1), is treated as a secured claimant to the extent of its setoff rights.  As such, the Debtors cannot sell the receivables under 363(f) free and clear of Unisource's lien on the corresponding receivables.

13.      Furthermore, although sales free and clear have been permitted in certain circumstances, the availability of such relief must be conditioned upon the provision of adequate protection required by sections 361 and 363(e) of the Bankruptcy Code.  *See, e.g., In re Kellstrom Industries, Inc.,* 282 B.R. 787, 794 (Bankr. D. Del. 2002) (conditioning sale of assets on the availability of adequate protection).  The adequate protection must be equivalent to the rights lost by the non-debtor as a result of the relief granted the debtor or trustee under section 363(f) of the Bankruptcy Code.  *Id.* at 794-95. Accordingly, to the extent that a sale of the Debtor's receivables is authorized free and clear of Reynolds' setoff/recoupment rights, the free and clear sale can be granted only if the Debtor also provides Reynolds with adequate protection under sections 361 and 363(e) of the Bankruptcy Code in connection with any approved sale.  To the extent necessary, Reynolds hereby demands adequate protection of its setoff rights.

14.      Reynolds submits that its entitlement to defend the Recoupment Amount should not be adversely affected by any order on the Sale Motion.  To resolve the issue, Reynolds would be satisfied with minor changes to the language of the Debtor's Proposed Sale Order.

WHEREFORE, Reynolds respectfully requests that the Court consider this Objection for purposes of determining the appropriate terms of any order granting the Sale Motion.

Dated: June 1, 2015

**MORRIS JAMES LLP**

Carl N. Kunz, III (DE Bar No. 3201)
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19801-1494
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: ckunz@morrisjames.com

and

Jonathan S. Hawkins (Ohio 0082860)
**THOMPSON HINE LLP**
10050 Innovation Dr. #400
Miamisburg, OH 45342
Telephone: (937) 443-6600
E-mail: jonathan.hawkins@thompsonhine.com

*Counsel to The Reynolds and Reynolds Company*