IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>THE STANDARD REGISTER COMPANY, *et al*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No.  15-10541 (BLS)<br><br>(Jointly Administered)<br><br>D.I. 519, 520<br><br>Objection Deadline: June 1, 2015 at 4:00 p.m. (ET) |

**LIMITED OBJECTION OF THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS TO THE RELIEF SOUGHT IN
DEBTORS' COUNSELS' SECOND FEE APPLICATIONS**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases (the "Chapter 11 Cases") of the above-captioned debtors-in-possession (the "Debtors") hereby submits this limited objection (the "Limited Objection") to the *Second Monthly Application of Gibson, Dunn & Crutcher LLP as General Bankruptcy and Restructuring Co-Counsel for Debtors and Debtors in Possession for Allowance of Compensation and Reimbursement of Expenses Incurred for the Interim Period from April 1, 2015 through and including April 30, 2015* [D.I. 519] (the "Second Gibson Dunn Fee Application") and the *Second Monthly Application of Young Conaway Stargatt & Taylor, LLP as Co-Counsel to the Debtors and Debtors in Possession for Allowance of Compensation and Reimbursement of Expenses Incurred for the Interim Period from April 1, 2015 through and*

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

*including April 30, 2015* [D.I. 520] (the "Second Young Conaway Fee Application" and, together with the Second Gibson Dunn Fee Application, the "Second Fee Applications").[2]  In support of this Limited Objection, the Committee respectfully states as follows:

## BACKGROUND

**A.     General Background:**

1. On March 12, 2015 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware.  No trustee or examiner has been appointed in the Chapter 11 Cases.

2. Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are continuing to manage their financial affairs as debtors-in-possession.

3. On March 24, 2015, the Office of the United States Trustee appointed the Committee pursuant to section 1102(a)(1) of the Bankruptcy Code.

4. Information regarding the Debtors' history and business operations, capital structure and primary secured indebtedness, and the events leading up to the commencement of these Chapter 11 Cases, can be found in the *Declaration of Kevin Carmody in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* [Docket No. 2] (the "First Day Declaration").

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such term in the Second Fee Applications.

B.   **Facts Relevant to this Limited Objection.**

5.   On the Petition Date, the Debtors filed a motion seeking, among other things, the approval of post-petition financing. [D.I. 15] (the "DIP Motion"). On April 16, 2015, the Court entered the final order approving the DIP Motion. [D.I. 290] (the "Final DIP Order").

6.   Footnote six (6) of the Final DIP Order provides that "[t]he Court reserves the right to allocate all amounts provided for under the Professional Fee Budget between and among professionals for the Debtors and the Committee." Final DIP Order at ¶ 19, n.6. The purpose of this provision was to assure that the professional fee budget which allocated substantial amounts for Debtors' professionals and extremely limited amounts for Committee professionals did not prejudice the rights of Committee professionals to get paid.

7.   On May 18, 2015, co-counsel for the Debtors, Gibson Dunn & Crutcher LLP ("Gibson Dunn") and Young, Conaway, Stargatt & Taylor LLP ("Young Conaway" and, together with Gibson Dunn, "Debtors' Counsel") filed the Second Fee Applications. By the Second Fee Applications, Debtors' Counsel has requested allowance of fees and expenses in the aggregate amount of $1,576,726.84 as follows:

- Gibson Dunn has requested allowance of $1,291,716.25 in fees, *plus* $22,773.78 in expense reimbursements for total compensation of $1,314,490.03; and

- Young Conaway has requested allowance of $253,927.50 in fees, *plus* $8,309.31 in expense reimbursements for total compensation of $262,236.81.

**OBJECTION**

8.   The Committee objects to the payment of any fees or expenses requested by Debtors' Counsel through the Second Fee Applications because payment of such fees and expenses at this time would significantly prejudice the ability of Committee professionals to

-3-

receive payment of their fees and expenses by virtue of the depletion of the funds currently available for all estate professionals.

9. In short, immediate payment of the fees and expenses requested in the Second Fee Applications would prejudice other professionals retained in these Chapter 11 Cases by diminishing funds available to pay such professionals. Accordingly, any fees and expenses incurred by the Debtors' professionals, including Debtors' Counsel, should not be paid until such time as the foregoing issues are resolved.

## RESERVATION OF RIGHTS

10. The Committee expressly reserves all of its rights to assert additional objections to the Second Fee Applications and/or to amend or supplement this Limited Objection at any time prior to or at any hearing to consider the Second Fee Applications.

## CONCLUSION

For the foregoing reasons, the Committee respectfully requests that the Court deny the relief sought in the Second Fee Applications unless the issues regarding pro rata payment of professionals' fees incurred in these Chapter 11 Cases are properly addressed.

Dated: June 1, 2015

Respectfully Submitted,

**LOWENSTEIN SANDLER LLP**
Kenneth A. Rosen, Esq.
Sharon L. Levine, Esq.
Wojciech F. Jung, Esq.
Paul Kizel, Esq.
65 Livingston Avenue
Roseland, NJ  07068
Telephone:  (973-597-2500)
Facsimile:  (973) 597-2400

*-and -*

Gerald C. Bender, Esq.
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 262-6700
Facsimile: (212) 262-7402

*Counsel to the Official Committee of Unsecured Creditors*

*-and-*

**POLSINELLI PC**

/s/ *Christopher A. Ward*
Christopher A. Ward (Del. Bar No. 3877)
Justin K. Edelson (Del. Bar No. 5002)
222 Delaware Avenue
Suite 1101
Wilmington, DE 19801
Telephone: (302) 252-0920
Facsimile: (302) 252-0921
cward@polsinelli.com
jedelson@polsinelli.com

*Delaware Counsel to the Official Committee of Unsecured Creditors*