## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **THE STANDARD REGISTER** | ) | Case No. 15-10541 (BLS) |
| **COMPANY**, *et al.*,[1] | ) | |
| | ) | Jointly Administered |
| *Debtors.* | ) | |
| | ) | Hearing Date:  June 17, 2015 at 10:00 a.m. (ET) |
| | ) | Objection Deadline:  June 1, 2015 at 4:00 p.m.  (ET) |
| | ) | **Re:  Docket Nos. 23 & 286** |

### LIMITED OBJECTION OF AVERY DENNISON CORPORATION TO DEBTORS' MOTION FOR AN ORDER (A) APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS AND (B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH THE SALE

Avery Dennison Corporation ("Avery Dennison"), by and through counsel, respectfully

objects on a limited basis (this "Objection") to the Motion for an Order (A) Approving the Sale

of Substantially All of the Debtors' Assets and (B) Authorizing the Assumption and Assignment

of Certain Executory Contracts and Unexpired Leases in Connection With the Sale  (ECF Doc.

23, the "Sale Motion")[2] filed by the above-captioned debtors and debtors-in-possession

(collectively, the "Debtors").  In support of this Objection, Avery Dennison respectfully states as

follows:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2] Capitalized terms not defined in this Objection shall have the meanings given to such terms in the Sale Motion.

7806845/

## BACKGROUND

1.     Avery Dennison (through its Label and Packaging Materials – North America division) sells label stock and other goods to debtor The Standard Register Company ("Standard Register").   Avery Dennison and Standard Register, along with Standard Register's "subsidiary" Workflow One, LLC,[3] are parties to a certain Confidential 2013 – 2016 Supply Agreement dated August 1, 2013 (the "Agreement").  As of the filing of this Objection, Avery Dennison holds valid post-petition, section 503(b)(9) and general unsecured trade claims against Standard Register.

2.     On March 12, 2015 (the "Petition Date"), the Debtors commenced these jointly administered cases under chapter 11 of the Bankruptcy Code and filed the Sale Motion.  The Sale Motion seeks an Order authorizing, among other things, the sale of substantially all of the Debtors' assets to the Stalking Horse (on the terms set forth in the Stalking Horse APA attached to the Sale Motion as Exhibit E) or, alternatively, to the Successful Bidder at the Auction on terms to be submitted for the Court's review and approval.

3.     Under the Stalking Horse APA, the Stalking Horse would assume "all Liabilities for the trade payables arising after the Petition Date, or subject to administrative expense status under section 503(b)(9) of the Bankruptcy Code …."  (Stalking Horse APA, Section 2.3(iv).)

4.     Under the Stalking Horse APA, the Stalking Horse would acquire the Debtors' rights and claims under "sections 544 through 551, inclusive, 553, 558 and any other applicable provisions of the U.S. Bankruptcy Code **solely with respect to trade obligations paid prior to the Petition Date** … **(such rights and claims not to be prosecuted by the Buyers or any other entity** ….)  (Stalking Horse APA, Section 2.1(p).) (Emphasis supplied.)

---

[3] The Agreement identifies Workflow One, LLC as a subsidiary of Standard Register.  On information and belief, Workflow One, LLC is merely a division of Standard Register.

5.      Pursuant to Section 2.1(q) of the Stalking Horse APA, the Debtors apparently intend to transfer to the Purchaser all rights to any credits or <u>rebates</u> (emphasis added).  Avery Dennison currently does not believe that it owes any rebate to the Debtors or any other party; however, to the extent that any rebate would ultimately be due and owing pursuant to the Agreement, it can only be transferred to another party as part of the assumption of the Agreement.

## **OBJECTION**

6.      Generally speaking, Avery Dennison does not object to the proposed sale of the Debtors' assets to the Stalking Horse on the terms set forth in the Stalking Horse APA. Nevertheless, Avery Dennison has filed this Objection for three reasons.  First, to clarify the language of Sections 2.3(iv) and 2.1(p), Avery Dennison requests that the Debtors confirm in any order that Section 2.3(iv) of the Stalking Horse APA will apply to Avery Dennison's post-petition and its 503(b)(9) claims and that Section 2.1(p) will apply to the Debtors' claims, if any, against Avery Dennison.  Second, Avery Dennison requests that Sections 2.3(iv) and 2.1(p) remain unchanged regardless of the Successful Bid and Successful Bidder at the Auction, such that any other bidder may not remove these sections in their redraft of the APA.  Third, that any rebate which might be due or owing by Avery Dennison not be transferred to any buyer except by assumption and assignment pursuant to Section 365 of the Bankruptcy Code.

7.      Section 2.3(iv) of the Stalking Horse APA should be straight forward:  all post-petition and 503(b)(9) claims of the Debtors' trade payables would be assumed and paid in full by the Stalking Horse.  The trade creditors' general unsecured claims would be resolved in the same manner as the general unsecured claims of the Debtors' other creditors or, alternatively, paid in full by the Stalking Horse in connection with the assumption and assignment of an

executory contract.  This relevant sentence however is qualified by "a list provided by Debtors."

Moreover, there are limits on the amounts the Stalking Horse is paying and thus Avery Dennison

does not know whether the 503(b)(9) claims which it has are or are not covered.  The Debtors

should make clear in any order approving the sale that all such 503(b)(9) claims (and post-

petition administrative claims) are being paid by the Stalking Horse Buyer (or any other buyer).

8.      Likewise, Section 2.1(p) of the Stalking Horse APA appears straight forward:  the

Debtors' claims regarding trade obligations under "sections 544 through 551, inclusive, 553, 558

and any other applicable provisions of the U.S. Bankruptcy Code" would be assigned to, and

subsequently waived by, the Stalking Horse.  Avery Dennison believes that it should fall

squarely in this provision but cannot say for sure because the term "trade obligations" are not

defined.

9.      Debtors' counsel has been helpful in discussing these sections but unable to

confirm for Avery Dennison's counsel that Sections 2.3(iv) and 2.1(p) of the Stalking Horse

APA will operate in the manner such that Avery Dennison knows for certain that its interests and

are protected by those two sections.  Debtors' counsel has indicated only that it is the Debtors'

"intention" that Sections 2.3(iv) and 2.1(p) will operate in this manner.

10.      Any rebate which might be due or owing by Avery Dennison to Standard Register

arises solely from the Agreement.  Accordingly, by attempting to assign any such rebate to the

Stalking Horse, Section 2.1(q) of the Stalking Horse APA is an end run around the requirements

of section 365 of the Bankruptcy Code.  More specifically, Section 2.1(q) impermissibly assigns

a benefit of the Agreement to the Stalking Horse without requiring the Stalking Horse to assume

the burdens of the Agreement.  *In re Fleming Cos.*, 499 F.3d 300, 308 (3d Cir. 2007) ("Section

365(f) requires a debtor to assume a contract subject to the benefits and burdens thereunder.

'The [debtor] . . . may not blow hot and cold. If he accepts the contract he accepts it cum onere. If he receives the benefits he must adopt the burdens. He cannot accept one and reject the other.' The cum onere rule 'prevents the [bankruptcy] estate from avoiding obligations that are an integral part of an assumed agreement.'") (Citations omitted.)

11.     For the reasons set forth above, Avery Dennison objects, on a limited basis, to the Sale Motion.  Avery Dennison continues to communicate with Standard Register regarding the Stalking Horse APA and the sale process generally.  Nevertheless, due to the pending objection deadline, Avery Dennison has filed this Objection out of an abundance of caution to preserve all of its rights and possible objections to the Sale Motion.  Avery Dennison reserves all rights to amend and/or supplement this Objection.

WHEREFORE, Avery Dennison Corporation respectfully requests that:

(i)     any Sale Order entered to approve the sale of substantially all of the Debtors' assets specifically provide that the protections of Sections 2.1(p) and 2.3(iv) apply to Avery Dennison;

(ii)     that any rebate which might be due or owing by Avery Dennison is specifically excluded from the APA and shall not be included as being covered by Section 2.1(q) of the APA (except by any subsequent assumption and assignment of the Agreement); and

(iii)     that the protection provided in Sections 2.1(p) and 2.3(iv) to Avery Dennison and the exclusion of any rebate pursuant to Section 2.1(q) for Avery Dennison also be a required element of any sale order to any Successful Bidder, including but not limited to the Stalking Horse purchaser.

Dated:  June 1, 2015

**MORRIS JAMES LLP**

/s/ Brett D. Fallon
Brett D. Fallon (DE No. 2480)
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE  19899-2306
Tel:  (302) 888-6800
Fax:  (302) 571-1750
Email:  bfallon@morrisjames.com

-and-

**FRANTZ WARD LLP**
John F. Kostelnik  (Ohio Bar # 0014919)
Timothy J. Richards (Ohio Bar # 0078198)
200 Public Square, Suite 3000
Cleveland, OH  44114-1230
Tel: (216) 515-1660
Fax: (216) 515-1650 (fax)
Email:  jkostelnik@frantzward.com
        trichards@frantzward.com

*Attorneys for Avery Dennison Corporation*

7806845/