**EXHIBIT A**

**Response to Fifth Count
Objection to Extent and Validity of Prepetition Term Loan Liens[1]**

| Asset | Response | Remarks |
|---|---|---|
| **I.         DEPOSIT ACCOUNTS[2]** | | |
| Bank of America Deposit Accounts | The Prepetition Term Agents[3] have a valid and properly perfected security interest in all Bank of America deposit accounts. | The Committee concedes that the Pre-Petition ABL Agent has a valid and perfected security interest in the Bank of America deposit accounts.  *See* Ex. C to Proposed Complaint.  Pursuant to section 5.4 of the Pre-Petition ABL/Term Lender Intercreditor Agreement, the Pre-Petition ABL Agent is the bailee for perfection for the benefit of the Prepetition Term Agents in respect of all Deposit Accounts (as |

---

[1]   This Exhibit A delineates Silver Point's response to each category of "Term Unencumbered Assets" identified in Exhibit B to the Proposed Complaint.  In certain cases, the Committee's allegations raise highly technical factual and legal issues that may require further investigation.  The responses set forth herein are not intended as a comprehensive exposition of Silver Point's rights but are merely intended to illustrate that the fifth count of the Proposed Complaints raises no allegations that justify conferring derivative standing on the Committee, once the merits of the claims, the likely benefit to the estate if successful, and the cost of pursuing them are considered.  Accordingly, Silver Point reserves its right to amend or supplement these responses, including in the event Silver Point is required to formally answer the Proposed Complaint.  In addition, Silver Point joins in all responses set forth in the response of the Pre-Petition ABL Agent or ABL DIP Agent with respect to common issues of law and fact raised in Exhibits B and C to the Proposed Complaint.

[2]   In addition to the specific responses set forth below with respect to each deposit account, the Prepetition Term Agents may have valid, perfected liens in the proceeds of such deposit accounts if the amounts deposited therein are proceeds of collateral.  The Committee has not pleaded to the contrary.

[3]   Unless otherwise noted, capitalized terms used but not defined herein shall have the meanings ascribed to them in the Objection or, if not defined therein, in the Final DIP Order.

| Asset | Response | Remarks |
|---|---|---|
| | | defined therein). Accordingly, the Prepetition Term Agents have a valid and properly perfected security interest in the Bank of America deposit accounts. |
| Fifth Third Bank – 2581 | The Prepetition Term Agents claim no security interest in this account. | This account is an "Excluded Deposit Account" as set forth in Schedule 4(b) to the Pre-Petition Term Security Agreements.[4] |
| Santander Bank – 2304 | The Prepetition Term Agents claim no security interest in this account. | This account is an "Excluded Deposit Account" as defined in the Pre-Petition Term Loan Agreements because it contains less than $500,000. This account had a zero balance as of the Petition Date. |
| TD Bank – 4086 | The Prepetition Term Agents claim no security interest in this account. | This account is an "Excluded Deposit Account" as set forth in Schedule 4(b) to the Pre-Petition Term Security Agreements. |
| Banamex Deposit Accounts | The Prepetition Term Agents claim no security interest in these accounts. | Banamex is a Mexican bank, and the Debtors' Banamex deposit accounts are held by non-U.S. Debtors who are not Grantors under the Pre-Petition Term |

---

[4]    As used herein, "Pre-Petition Term Security Agreements" means, collectively, that certain First Lien Security and Pledge Agreement and that certain Second Lien Security and Pledge Agreement, each dated as of August 1, 2013, by and among the Prepetition Term Agents and the Grantors signatory thereto. As used herein, "Grantors" has the meaning ascribed to it in the applicable Pre-Petition Term Security Agreement.

| Asset | Response | Remarks |
|---|---|---|
| | | Security Agreements. |
| Royal Bank of Canada – 6912 | The Prepetition Term Agents claim no security interest in this account. | This account is an "Excluded Deposit Account" as defined in the Pre-Petition Term Loan Agreements because it contains less than $500,000.  *See* Pre-Petition Term Loan Agreements § 1.1 (definition of "Excluded Deposit Account"). |
| First Citizens Bank – 9201 | The Prepetition Term Agents claim no security interest in this account. | This account is an "Excluded Deposit Account" as defined in the Pre-Petition Term Loan Agreements because it contains less than $500,000.  *See* Pre-Petition Term Loan Agreements § 1.1 (definition of "Excluded Deposit Account"). |
| First Citizens Bank – 3101 | The Prepetition Term Agents claim no security interest in this account. | This account is an "Excluded Deposit Account" as defined in the Pre-Petition Term Loan Agreements because it contains less than $500,000.  *See* Pre-Petition Term Loan Agreements § 1.1 (definition of "Excluded Deposit Account").  This account had a zero balance as of the Petition Date. |
| First Citizens Bank – 4201 | The Prepetition Term Agents claim no security interest in this account. | This account is an "Excluded Deposit Account" as defined in the Pre-Petition Term Loan Agreements because it contains less than $500,000.  *See* Pre-Petition Term Loan Agreements § 1.1 (definition of "Excluded Deposit Account").  This |

| Asset | Response | Remarks |
|---|---|---|
| | | account had a zero balance as of the Petition Date. |
| **II.    REAL ESTATE** | | |
| 1803 Rocky River Road<br>Monroe, Union County, North Carolina | The Prepetition Term Agents have a valid and properly perfected mortgage on this property. | First Lien Mortgage: Recorded 9/16/13 at Book 6098, Page 165[5]<br><br>Second Lien Mortgage: Recorded 9/16/13 at Book 6098, Page 191 |
| 2142 South Dixie Boulevard<br>Radcliff, Hardin County, Kentucky | The Prepetition Term Agents have a valid and properly perfected mortgage on this property. | First Lien Mortgage: Recorded 9/17/13 at Book 2079, Page 1548<br><br>Second Lien Mortgage: Recorded 9/17/13 at Book 2079, Page 1576 |
| 151 Mount Zion Road<br>York, York County, Pennsylvania | The Prepetition Term Agents have a valid and properly perfected mortgage on this property. | First Lien Mortgage: Recorded 9/17/13 at Instrument # 2013053210<br><br>Second Lien Mortgage: Recorded 9/17/13 at Instrument # 2013053211 |
| 600 Albany Street &<br>120 Campbell Street<br>Dayton, Montgomery County, Ohio | The Prepetition Term Agents have a valid and properly perfected mortgage on this property. | First Lien Mortgage: Recorded 10/7/13 at File # 2013-00070948<br><br>Second Lien Mortgage: Recorded 10/7/13 |

---

[5]    File references in this section are to the records of the applicable local recorder's office.

| Asset | Response | Remarks |
|---|---|---|
| | | at File # 2013-00070949 |
| 325 Butler Drive<br>Murfreesboro, Rutherford County, Tennessee | The Prepetition Term Agents do not claim a recorded mortgage on this property. | |
| 1750 Miller Avenue<br>Shelbyville, Shelby County, Indiana | The Prepetition Term Agents do not claim a recorded mortgage on this property. | |
| 3655 South School Avenue<br>Fayetteville, Washington County, Arizona | The Prepetition Term Agents do not claim a recorded mortgage on this property. | |
| 1251 North Fruitridge Avenue<br>Terre Haute, Vigo County, Indiana | The status of this property remains under review. | |
| 5775 Brisa Street<br>Livermore, Alameda County, California | The Prepetition Term Agents have a valid and properly perfected mortgage on this property. | First Lien Mortgage: Recorded 9/13/13 at Instrument No. 2013306163<br><br>Second Lien Mortgage: Recorded 9/13/13 at Instrument No. 2013306165 |
| 1302 Eisenhower Drive<br>Goshen, Elkhart County, Indiana | The Prepetition Term Agents have a valid and properly perfected mortgage on this property. | First Lien Mortgage: Recorded 8/27/13 at Instrument No. 2013-21068<br><br>Second Lien Mortgage: Recorded 8/27/13 at Instrument No. 2013-21069 |
| 325 Busser Road<br>Manchester Township, York County, Pennsylvania | The Prepetition Term Agents have a valid and properly perfected mortgage on this property. | First Lien Mortgage: Recorded 8/13/13 at Record Book 2245, Page 8650<br><br>Second Lien Mortgage: Recorded 8/13/13 |

| Asset | Response | Remarks |
|---|---|---|
| | | at Record Book 2245, Page 8680 |
| **III.    MOTOR VEHICLES** | | |
| Various Motor Vehicles | The Prepetition Term Agents do not claim a perfected security interest in the motor vehicles listed in part III of Exhibit B to the Proposed Complaint. | |
| **IV.    INTELLECTUAL PROPERTY** | | |
| Copyrights | The Prepetition Term Agents have a valid and perfected security interest in the Debtors' unregistered copyrights.  With respect to the Debtors' registered copyrights, the Committee has not plead sufficient facts to establish a colorable claim that the Prepetition Term Agents' liens on such copyrights are not valid and properly perfected. | Pursuant to section 1.1 of that certain First Lien Copyright Security Agreement and section 1.1 of that certain Second Lien Copyright Security Agreement, each dated as of August 8, 2013, the applicable Debtors granted to the Prepetition Term Agents a security interest in "all copyrights owned by the Grantors."  The Debtors' unregistered copyrights are general intangibles and are perfected pursuant to the Prepetition Term Agents' UCC financing statements.  With respect to registered copyrights, the Debtors were required to file in the United States Copyright Office a separate Notice of Grant of Security Interest for the benefit of each of the Prepetition Term Agents, copies of which were provided to the Committee during discovery.  The burden |

| Asset | Response | Remarks |
|---|---|---|
| | | is on the Committee to demonstrate that the Prepetition Term Agents lack perfected security interest in the registered copyrights, and the Committee has pleaded no specific facts in that regard. |
| **V. COMMERCIAL TORT CLAIMS** | | |
| Commercial Tort Claims | The Prepetition Term Agents do not claim a perfected security interest in the Debtors' commercial tort claims to the extent such commercial tort claims are not specifically identified in the Term Loan Security Agreements. | Pursuant to the Pre-Petition Security Agreements, the Prepetition Term Agents are entitled to a security interest in all commercial tort claims of the Debtors in excess of $ 1 million.  *See* Pre-Petition Security Agreements §§ 2(a)(ix), 4(h). The Grantors have not identified any commercial tort claims in excess of $1 million. |
| **VI. TAX REFUNDS** | | |
| Tax Refunds | The Prepetition Term Agents have a valid and perfected security interest in the tax refunds listed in part VI of Exhibit B of the Proposed Complaint. | Tax refunds are "'general intangibles.'" *In re Kendrick and King Lumber, Inc.*, 14 B.R. 764, 766 (Bankr. W.D. Okla. 1981) (citation omitted); *see also BancorpSouth Bank v. Hazelwood Logistics Ctr., LLC*, 706 F.3d 888, 898-99 (8th Cir. 2013); *In re Palmetto Pump & Irrigation, Inc.*, 81 B.R. 109, 111 (Bankr. M.D. Fla. 1987).  And the Prepetition Term Agents have a security interest in all general intangibles of the |

| Asset | Response | Remarks |
|---|---|---|
| | | Grantors.  *See* Pre-Petition Term Security Agreements § 2(a)(vii).  The Prepetition Term Agents' UCC financing statements are sufficient to perfect the Agents' security interest therein.  *See* 4 James J. White & Robert S. Summers, *Uniform Commercial Code* § 31-10 (6th ed. 2010) (hereinafter "White & Summers"). |
| **VII.    FOREIGN EQUITY** | | |
| Equity Interests in Standard Register Technologies Canada ULC | The Prepetition Term Agents claim no security interest in the equity interests of Standard Register Technologies Canada ULC. | The Pre-Petition Term Security Agreements provide that "the Equity Interest in Standard Register Technologies Canada ULC shall not constitute Collateral."  Pre-Petition Term Security Agreements § 2(a). |
| Thirty-five Percent of Equity Interests in non-U.S. Debtors (other than Standard Register Technologies Canada ULC) | The Prepetition Term Agents claim no security interest in greater than 65% of the voting equity interests of the non-U.S. Debtors (other than Standard Register Technologies Canada ULC). | *See* Pre-Petition Term Security Agreements § 1(c) (definition of "Pledged Equity"). |
| **VIII.   FOREIGN INVENTORY AND EQUIPMENT** | | |
| Computer Software of Standard Register Servicios, S. de R.L. de C.V. | The Prepetition Term Agents claim no security interest in this asset. | Standard Register Servicios, S. de R.L. de C.V. is not a Grantor. |

| Asset | Response | Remarks |
|---|---|---|
| Finished Goods of Standard Register of Puerto Rico, Inc. | The Prepetition Term Agents have a valid and perfected security interest in these goods. | Contrary to the Committee's claim, Puerto Rico is not a foreign country; it is an overseas territory of the United States, and its citizens are citizens of the United States. *See, e.g.*, Jones Act, Pub. L. No. 64-368, 39 Stat. 951 (1917).  Standard Register of Puerto Rico, Inc. (formerly WorkflowOne of Puerto Rico, Inc.), a Delaware corporation, is a Grantor.  The Prepetition Term Agents perfected their security interest in these goods by properly filing a UCC financing statement.[6] |
| Assets of Standard Register de Mexico, S. de R.L. de C.V. | The Prepetition Term Agents claim no security interest in these assets. | Standard Register de Mexico, S. de R.L. de C.V. is not a Grantor. |
| **IX.    LIFE INSURANCE POLICIES** | | |
| Various Life Insurance Policies | The Prepetition Term Agents claim no security interest in these policies. | Silver Point does not purport to acquire these life insurance policies under the Stalking Horse APA.  *See* Stalking Horse APA § 2.2(d). |

---

[6]    WorkflowOne of Puerto Rico Inc. changed its name to Standard Register of Puerto Rico Inc. on June 10, 2014.  The Committee flatly asserts that this name changed renders the Prepetition Term Agents' liens on this entity's assets unperfected.  *See* Proposed Compl. ¶ 173.  That is not correct.  Even if the Prepetition Term Agents failed to file amended UCC financing statements following the name change, their liens would remain perfected as to any collateral acquired before, or in the four months following, the name change.  *See* White & Summers, *supra*, § 31.15.  The Proposed Complaint makes no representation as to when the "finished goods" in question were acquired.

| Asset | Response | Remarks |
|---|---|---|
| **X.    ASSETS OF CERTAIN DEBTORS** | | |
| Assets of Standard Register Holding Company | The Prepetition Term Agents claim no security interest in the assets of Standard Register Holding Company. | Standard Register Holding Company is not a Grantor.  The schedules and statements for this entity (Docket No. 479) indicate that it has no assets other than 10% of the equity interests of Standard Register Holding, S. de R.L. de C.V.  As noted above, the Prepetition Term Agents do not claim a security interest in greater than 65% of the voting equity interests of Standard Register Holding, S. de R.L. de C.V. |
| Assets of Standard Register Mexico Holding Company | The Prepetition Term Agents claim no security interest in the assets of Standard Register Mexico Holding Company. | Standard Register Mexico Holding Company is not a Grantor.  The schedules and statements filed by this entity (Docket No. 487) indicate that it has no assets other than (a) 0.03% of the equity interests of each of Standard Register de Mexico, S. R.L. de C.V. and Standard Register Servicios, S. de R.L. de C.V. and (b) 90% of the equity interests of Standard Register Holding, S. de R.L. de C.V.  Silver Point does not purport to acquire these equity interests under the Stalking Horse APA. *See* APA § 2.2(f). |
| Assets of non-U.S. Debtors | The Prepetition Term Agents claim no security interests in the assets of the non- | The non-U.S. Debtors are not Grantors. |

| Asset | Response | Remarks |
|---|---|---|
| | U.S. Debtors. | |
| **XI.    DEPOSITS** | | |
| Various Security Deposits, Prepaid Rents, and Prepaid Maintenance Contracts | The Prepetition Term Agents have a valid and perfected security interest in these assets; *provided* that the Prepetition Term Agents claim no security interest in the security deposit of Standard Register de Mexico, S. de R.L. de C.V. | Security deposits, prepaid rents, and prepaid maintenance contracts are "general intangibles" under the UCC.  Although colloquially known as "deposits," these rights are not "deposit accounts" as defined in the UCC, but merely contractual rights to the return of money once certain contractual conditions are met.  *See* UCC § 9-102(29) (defining "Deposit account"); *see also* White & Summers, *supra*, § 31-9 (noting that "[a] deposit account must be distinguished from other accounts").  Thus, the special requirements for the perfection of security interests in deposit accounts are inapplicable to the Debtors' security deposits and similar rights.  The Prepetition Term Agents have a security interest in all general intangibles of the Grantors.  *See* Pre-Petition Term Security Agreements § 2(a)(vii).  The Prepetition Term Agents' UCC financing statements are sufficient to perfect the Agents' security interest therein.  *See* White & Summers, *supra*, § 31-10. |

| Asset | Response | Remarks |
|---|---|---|
| **XII.    LEASEHOLDS & IMPROVEMENT INTERESTS** | | |
| Leasehold Interests | The Prepetition Term Agents do not claim a perfected security interest in the Debtors' leaseholds. | The Pre-Petition Security Agreements do not contemplate leasehold mortgages. Silver Point, if the successful bidder, will acquire the Debtors' leasehold interests pursuant to the assumption and assignment provisions of section 365 of the Bankruptcy Code, including by paying any applicable cure amount and providing adequate assurance of future performance for each assigned leasehold. |