## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, *et al.*,[1] | Case No. 15-10541 (BLS) |
| Debtors. | Jointly Administered |
| | **Hearing Date: TBD**<br>**Obj. Deadline: TBD** |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER, PURSUANT TO SECTION 107(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 9018 AND LOCAL RULE 9018-1(b), AUTHORIZING THE DEBTORS TO FILE UNDER SEAL (I) AN UNREDACTED VERSION OF THE DEBTORS' OBJECTION TO COMMITTEE'S MOTION FOR STANDING TO PROSECUTE ESTATE CAUSES OF ACTION, AND (II) UNREDACTED VERSIONS OF DECLARATIONS RELATED THERETO

The Standard Register Company ("Standard Register") and its affiliated debtors as debtors in possession in the above-captioned cases (collectively, the "Debtors") submit this motion (the "Seal Motion") for entry of an order in the form attached hereto as Exhibit I (the "Proposed Order"), pursuant to section 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Debtors to file under seal unredacted versions of (i) the *Debtors' Objection to Committee's Motion for Standing to Prosecute Estate Causes of Action* (the "Debtors' Objection"), (ii) the *Declaration of Robert Ginnan in Support of Debtors' Objection to*

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

*the Committee Motion for an Order Granting Standing* (the "Ginnan Declaration") and (iii) the *Declaration of Joseph P. Morgan, Jr. in Support of Debtors' Objection to the Committee's Motion for an Order Granting Standing* (together with the Ginnan Declaration, the "Debtors' Declarations,"[2] and collectively with the Debtors' Objection, the "Sealed Documents").  The Sealed Documents, together with the *Declaration of Kevin Carmody in Support of Debtors' Objection to the Committee's Motion for an Order Granting Standing* (which has not been redacted and, accordingly, has not been filed under seal), have been filed concurrently herewith and in response to the *Motion of the Official Committee of Unsecured Creditors for an Order Granting the Committee Standing and Authorizing the Committee to Commence and Prosecute Certain Actions on Behalf of the Debtors' Estates* [D.I. 526] (the "Standing Motion"), which was filed under seal on May 18, 2015, by the Official Committee of Unsecured Creditors appointed in these chapter 11 cases (the "Committee").  Contemporaneously with filing the Standing Motion, the Committee filed *The Official Committee of Unsecured Creditors' Motion for an Order Authorizing the Committee to File Under Seal the Motion (Including any Exhibits Attached Thereto) of the Official Committee of Unsecured Creditors for an Order Granting the Committee Standing and Authorizing the Committee to Commence and Prosecute Certain Actions on Behalf of the Debtors' Estates* [D.I. 525] (the "Committee Seal Motion"), which, together with the Standing Motion, will be heard at a hearing scheduled for June 8, 2015.   In support of this Seal Motion, the Debtors respectfully represent as follows:

### **BACKGROUND**

1.      On May 18, 2015, the Committee filed the Standing Motion and the Committee Seal Motion.

---

[2]      By this Seal Motion, the Debtors seek authority to file all exhibits to the Debtors' Declarations, in their entireties, under seal.

2.      As set forth in the Committee Seal Motion, due to the confidential nature of certain information referenced or included in the Standing Motion, the Committee seeks to have the Standing Motion sealed to avoid disclosing any confidential information and breaching its obligations under the Confidentiality Agreement.[3]

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and pursuant to Local Rule 9013-1(f), the Debtors consent to entry of a final order by the Court in connection with this Seal Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory bases for the relief requested herein are sections 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1(b).

## RELIEF REQUESTED

5.      By this Seal Motion, the Debtors seek entry of the Proposed Order authorizing the Debtors to file redacted versions of the Sealed Documents on the docket and unredacted versions of the Sealed Documents under seal.

---

[3]      Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Standing Motion.

**BASIS FOR RELIEF**

6.      Section 107(b) of the Bankruptcy Code enables the Court to issue orders

that protect parties from the potential harm that could result from disclosing confidential

information:

> On the request of a party in interest, the bankruptcy court shall, and
> on the bankruptcy court's own motion, the bankruptcy court may
> … protect an entity with respect to a trade secret or confidential
> research, development, or commercial information …

11 U.S.C. § 107(b).

7.      Bankruptcy Rule 9018 provides the procedures by which a party may seek

relief under section 107(b) of the Bankruptcy Code:

> On motion or on its own initiative, with or without notice, the court
> may make any order which justice requires (1) to protect the estate
> or any entity in respect of a trade secret or other confidential
> research, development, or commercial information …

Fed. R. Bankr. P. 9018.

8.      If the Court finds that an interested party is requesting information

covered by section 107(b) of the Bankruptcy Code "the court is required to protect a requesting

party and has no discretion to deny the application." *In re Orion Pictures Corp.*, 21 F.3d 24, 27

(2d. Cir. 1994).  Delaware courts have defined "commercial information" as "information which

would result in an 'unfair advantage to competitors by providing them with information as to the

commercial operations of the debtor.'" *In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr.

D. Del. 2006) (quoting *In re Orion Pictures Corp.*, 21 F.3d 27-28).

9.      Because the Standing Motion is based on or contains information from

documents that the Committee believes may be subject to the Confidentiality Agreement, and the

Sealed Documents address the legal and factual arguments raised in the Standing Motion, the

Debtors hereby seek to file unredacted versions of the Sealed Documents under seal to similarly

prevent disclosure of any confidential information.  Moreover, the Debtors' Objection and the Debtors' Declarations, as well as the exhibits annexed thereto, discuss confidential information pertaining to the Debtors' financial condition prior to the Petition Date and reports and projections generated by the Debtors' advisors on a confidential basis.  Indeed, among other things, the Debtors' Objection and the Debtors' Declarations respectively disclose anticipated run-rate synergies and projected revenues and annual cost savings related to, or stemming from, Standard Register's acquisition of WorkflowOne prior to the Petition Date, the transaction to which the Standing Motion primarily relates.  This information is strictly confidential and, the Debtors submit, should not be subjected to public disclosure.  The Sealed Documents have been minimally redacted to allow all interested parties to consider the arguments set forth in the Debtors' Objection and the Debtors' Declarations on the merits, and have been redacted in limited instances only to prevent the public disclosure of confidential commercial information.

10.     For the above reasons, the Debtors respectfully request that the Court permit the Debtors to file unredacted versions of the Sealed Documents under seal and redacted versions of the Sealed Documents on the docket.  To the extent that parties file responsive pleadings to the Debtors' Objection or the Debtors' Declarations, the Debtors respectfully request that the Court order such parties to redact any confidential information in their pleadings, including (but not limited to) information redacted in the Sealed Documents, without the need for further orders from the Court.

11.     The Debtors will provide unredacted copies of the Sealed Documents to counsel to the Committee, the Court, the Office of the United States Trustee for the District of Delaware (the "UST"), and counsel to the Debtors' postpetition lenders on a confidential basis.

## NOTICE

12.      Notice of this Seal Motion has been provided to: (i) the UST; (ii) counsel to the Committee; (iii) counsel for Silver Point Finance, LLC, in its capacity as administrative agent under the Debtors' First Lien Credit Agreement and Second Lien Credit Agreement; (iv) counsel for Bank of America, N.A., in its capacity as administrative agent under the Debtors' Amended and Restated Loan and Security Agreement; (v) counsel to the agents under the Debtors' debtor-in-possession financing facilities; and (vi) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed

Order, substantially in the form attached hereto, granting the relief requested herein and such

other and further relief as is just and proper.

Dated:    June 1, 2015
          Wilmington, Delaware          */s/ Andrew L. Magaziner*
                                        Michael R. Nestor (No. 3526)
                                        Kara Hammond Coyle (No. 4410)
                                        Maris J. Kandestin (No. 5294)
                                        Andrew L. Magaziner (No. 5426)
                                        YOUNG CONAWAY STARGATT & TAYLOR, LLP
                                        Rodney Square
                                        1000 North King Street
                                        Wilmington, Delaware 19801
                                        Telephone: (302) 571-6600
                                        Facsimile: (302) 571-1253
                                        mnestor@ycst.com
                                        kcoyle@ycst.com
                                        mkandestin@ycst.com
                                        amagaziner@ycst.com

                                        -and-

                                        Michael A. Rosenthal (NY No. 4697561)
                                        Samuel A. Newman (CA No. 217042)
                                        Jeremy L. Graves (CO No. 45522)
                                        Matthew G. Bouslog (CA No. 280978)
                                        GIBSON, DUNN & CRUTCHER LLP
                                        333 South Grand Avenue
                                        Los Angeles, CA 90071-1512
                                        Telephone: (213) 229-7000
                                        Facsimile: (213) 229-7520
                                        mrosenthal@gibsondunn.com
                                        snewman@gibsondunn.com
                                        jgraves@gibsondunn.com
                                        mbouslog@gibsondunn.com

                                        *Counsel to the Debtors and*
                                        *Debtors in Possession*