UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, *et al.*, | Case No. 15-10541 (BLS) |
| Debtors. | (Jointly Administered)<br>**Rel. Docket No. 23**<br>**Hearing Date: June 17, 2015 at 10:00** |

**LIMITED OBJECTION AND NOTICE OF CURE FOR ASSUMPTION
AND ASSIGNMENT OF PREFERRED CERTIFIED SUPPLIER AGREEMENT**

1.  On March 12, 2015, The Standard Register Company and its affiliated debtors in the above-captioned cases (collectively, the "Debtors") filed a motion [Docket No. 23] with the Court seeking entry of an order: (a) approving and authorizing (i) bidding procedures in connection with the sale of substantially all of the Debtors' assets (collectively, the "Transferred Assets"); (ii) stalking horse bid protections; (iii) the form and manner of notice of the sale hearing (the "Sale Hearing"); and (iv) other related relief; and (b) authorizing and approving the sale of the Transferred Assets free and clear of all liens, claims, and encumbrances (except Permitted Encumbrances); (ii) approving the asset purchase agreement (the "Purchase Agreement") entered into by and between the Debtors, as sellers, and a group led by an affiliate of Silver Point Capital, L.P. (the "Stalking Horse") (or if the Stalking Horse is not the Successful Bidder, then a modified Purchase Agreement); (iii) authorizing and approving the assumption and assignment of certain executory contracts and unexpired leases (collectively, the "Assumed Contracts"); and (iv) related relief (the "Sale Motion")[1].

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Sale Motion.
93013:MOT:10286717.DOC.1

2.  On April 17, 2015, the Debtors filed that certain *Notice of (i) Entry into Stalking Horse Agreement and (ii) Potential Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale of Substantially All of the Debtors' Assets* [Docket No. 307] (the "Cure Notice"). Attached thereto as Exhibit 1 was a list (the "Potential Assignment Schedule") of Assumed Contracts that the Debtors may seek to assume and assign in connection with the sale of the Transferred Assets.

3.  On April 27, 2015, the Debtors amended the Potential Assignment Schedule with respect to certain Assumed Contracts (the "First Amended Potential Assignment Schedule") [Docket No. 356]. Subsequent thereto, on May 11, 2015, the Debtors filed a Second Amended Potential Assignment Schedule, thereby modifying the list of Assumed Contracts (the "Second Amended Potential Assignment Schedule") [Docket No. 497].

4.  On May 14, 2015, the Debtors filed a Third Amended Potential Assignment Schedule with respect to certain Assumed Contracts [Docket No. 515] (the "Third Amended Potential Assignment Schedule").

5.  Customgraphix Printing Corp. ("Customgraphix") and The Standard Register Company are parties to a Preferred Certified Supplier Agreement dated July 1, 2007 identified in Exhibit 1 to the Third Amended Potential Assignment Schedule ("Supplier Agreement").

6.  The Debtors allege that the cure amount to be paid to Customgraphix as a condition to assumption and assignment of the Supplier Agreement is $205,851.4. The Debtors provided no explanation of the cure calculation other than to generally represent that the Stalking Horse Bidder would assume postpetition liabilities and 503(b)(9) claims as a condition to assumption and assignment. Subtracting the 503(b)(9) claim from the Prepetition Claim leaves a balance of

93013:MOT:10286717.DOC.1

$212,127.45. Accordingly, even assuming the Stalking Horse Bidder assumes the 503(b)(9) claim the cure amount listed in Schedule 1 to the Motion is understated. Customgraphix continues to extend credit to the Debtors postpetition and the balance owing Customgraphix under the Supplier Agreement is substantially higher than the cure amount alleged by the Debtors without explanation.

7. Customgraphix does not oppose assumption and assignment of the Supplier Agreement but makes this limited objection to provide notice to the Debtors' prospective assignee of the cure payment required to assume and assign the Supplier Agreement.

8. Customgraphix filed Claim No. 600 in the amount of $282,307.65 which represented the balance owing under the Supplier Agreement as of the March 12, 2015 petition date ("Prepetition Claim").

9. Customgraphix also complied with the Court ordered procedures and the Bankruptcy Code and made a timely reclamation demand and timely filed a priority claim under 11 U.S.C. § 503(b)(9) in the amount of $71,180.20 with copies of invoices and proof of delivery for goods delivered during the twenty day period before the petition date ("503(b)(9) Claim").

10. As of May 22, 2015 the balance owing Customgraphix under postpetition invoices for goods delivered after the petition date per the terms of the Supplier Agreement was $184,754.73. The balance changes on a daily basis as the Debtor pays invoices when due and Customgraphix delivers product to Debtors' customers.

11. If the Buyer/Supplier Agreement Assignee proposes to assume postpetition invoices unpaid by the Debtor as of the effective date of assumption and assignment of the Supplier Agreement then the cure amount is the Prepetition Claim amount or $467,062.38 regardless of the allowed amount of Customgraphix' 503(b)(9) Claim.

12. As a matter of law, the Supplier Agreement cannot be assumed under 11 U.S.C. § 365 until the Prepetition Claim plus all postpetition invoices outstanding under the Supplier Agreement are paid in full. Customgraphix will accept payment of the Prepetition Claim amount as a cure provided the Assignee assumes the postpetition invoices outstanding under the Supplier Agreement as of the effective date of assignment. Alternatively, the Debtor must pay unpaid postpetition invoices in full as a condition to assumption.

WHEREFORE, Customgraphix Printing Corp. respectfully requests that:

(i) any order entered to approve the sale of substantially all of the Debtors' assets specifically provide that the protections of Sections 2.1(p) and 2.3(iv) apply to Customgraphix Printing Corp.; and

(ii) any order approving assumption and assignment of the Customgraphix Supplier Agreement be specifically conditioned upon (1) payment in the amount of $467,062.38 as a cure payment; and (2) Assignee assumption of all postpetition obligations owing Customgraphix under the Supplier Agreement as of the effective date of assignment.

93013:MOT:10286717.DOC.1

Dated: June 3, 2015                    SMITH, KATZENSTEIN & JENKINS LLP

*/s/ Kathleen M. Miller*
Kathleen M. Miller (No. 2898)
The Brandywine Building
1000 West Street, Suite 1501
P.O. Box 410
Wilmington, DE  19899
Telephone: (302) 652-8400
kmiller@skjlaw.com

and

RAVICH MEYER KIRKMAN McGRATH
NAUMAN & TANSEY,
A PROFESSIONAL ASSOCIATION
Michael F. McGrath (MN I.D. 168610)
Will R. Tansey (MN I.D. 323056)
Michael D. Howard (MN I.D. 0391164)
4545 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
(612) 332-8511 - Telephone
(612) 332-8302 - Facsimile

ATTORNEYS FOR CUSTOMGRAPHIX PRINTING CORP.

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of June 2015 a copy of the foregoing LIMITED OBJECTION AND NOTICE OF CURE FOR ASSUMPTION AND ASSIGNMENT OF PREFERRED CERTIFIED SUPPLIER AGREEMENT was served on following by first class mail:

Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166
Attn: Barbara Becker and Michael A. Rosenthal

Young Conaway Stargatt & Taylor, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
Attn: Michael R. Nestor

Skadden, Arps, Slate, Meagher & Flom LLP
155 N. Wacker Drive
Chicago, IL 60606
Attn: Ron Meisler and Christopher Dressel

Parker, Hudson, Rainer & Dobbs LLP
1500 Marquis Two Tower
285 Peachtree Center Avenue
Atlanta, GA 30303
Attn: Edward Dobbs and James S. Rankin, Jr.

Richards Layton & Finger
One Rodney Square
920 North King Street
Wilmington, DE 19801
Attn: Mark D. Collins

Lowenstein Sandler LLP
1251 Avenue of the Americas
New York, NY 10020
Attn: Sharon L. Levine and Wojciech Jung

/s/ Kathleen M. Miller
Kathleen M. Miller (DE ID No. 2898)

93013:MOT:10286717.DOC.1