
**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE STANDARD REGISTER | ) | |
| COMPANY, *et al.*,[1] | ) | Case No. 15-10541 (BLS) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Hearing Date: 6/17/2015 at 10:00 a.m.** |
| | ) | **Obj. Deadline: 6/3/15 at 4:00 p.m. (w/consent)** |
| | ) | |
| | ) | **Re: D.I. 23, 286 & 295** |

**LIMITED OBJECTION BY APPLIED MECHANICAL SYSTEMS, INC.**
**TO THE MOTION FOR AN ORDER APPROVING THE SALE OF**
**SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS**

Applied Mechanical Systems, Inc. ("AMS"), by its undersigned counsel, hereby submits its Limited Objection to the *Motion for an Order Approving the Sale of Substantially All of the Debtors' Assets* [D.I. 23] (the "Sale Motion").[2] In support of its Limited Objection, AMS respectfully states as follows:

**Relevant Background**

1. Pre-petition, AMS, a mechanical contractor based in Ohio specializing in HVAC and plumbing solutions, provided certain services and materials in furtherance of improvements (the "Improvements") on certain real property located on 600 Albany Street, Dayton, Ohio 45417 (the "Real Property") owned (or partly owned) by debtor, The Standard Register

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Sale Motion.

{00016107.2 }

Company ("Debtor").  The first and last of the services and materials were furnished, respectively, on December 11, 2014 and March 13, 2015.

2. Despite due and repeated demand, the Debtor failed to pay AMS for the Improvements made to the Real Property.  Copies of invoices that AMS sent to the Debtor requesting payment are attached hereto as **Exhibit A**.  The Debtor was well aware at all times relevant that AMS was physically present on the Real Property providing improvements to HVAC systems on the Real Property.  As of the Petition Date, the Debtor owed AMS the principal amount of $124,962.24 plus accrued interest, costs, and attorneys' fees and any and all other amounts permitted by law (collectively, the "Claim").

3. Ohio Revised Code § 1311 *et seq*. (the "Ohio Revised Code") protects materialmen such as AMS that supply materials and/or labor for the improvement of real property.  Specifically, the Ohio Revised Code provides for a mechanic's lien on real property to secure payment to a vendor that provides materials and/or labor for the improvement of that real property.  Because AMS was in contractual privity with the Debtor, AMS was excused from providing any notice to the Debtor after initially furnishing labor and/or materials.  Ohio Revised Code § 1311.05(A).

4. Ohio Revised Code § 1311.06 provides that the filing of a mechanic's lien ("Lien") with the recording officer of the county in which the improvement is situated perfects the Lien.

5. When the Debtor failed to pay the Claim, AMS, on April 6, 2015, performed the ministerial act of filing an *Affidavit for Mechanic's Lien* (the "Affidavit") with the Montgomery County Recorder's office in accordance with Ohio Revised Code § 1311.06.  A true and correct copy of the filing is attached hereto as **Exhibit B**.  As required by the Ohio Revised Code, the

Affidavit provides a legal description of the Real Property that benefitted from the Improvements and the Affidavit was filed within 75 days of the last date worked or material was provided. Ohio Revised Code § 1311.06(A).  By reason of the filing, AMS perfected its Lien and it attached to the Debtor's Real Property.  Pursuant to the Ohio Revised Code, the holder of a perfected Lien may proceed to foreclose on the Lien or otherwise force a sale of the property and seek payment from the sale proceeds.  Ohio Revised Code § 1311.16.

6.       On April 7, 2015, AMS provided notice of the Lien to counsel to the Debtor. *See* **Exhibit C.**  The notice included a request for payment.  However, after an exchange of emails, counsel to AMS acknowledged the bankruptcy filing and agreed not to seek to enforce its Lien by foreclosure or any future legal action[3].  A copy of an email from counsel to the Debtor is attached hereto as **Exhibit D**.

*The Debtor Sought and Obtained DIP Financing*

7.       By Motion dated March 2, 2015 (the "DIP Financing Motion"), the Debtors sought approval of DIP Financing [D.I. 15].  The Certificate of Service evidencing service of the DIP Financing Motion does not list AMS as being served even though the Debtor knew or

---

[3] Section 362(b)(3) expressly exempts from the automatic stay "any act to … maintain or continue the perfection of an interest in property of the estate to the extent that the trustee's rights and powers are subject to such  perfection under section 546(b) of [the Bankruptcy Code]."

Section 546(b)(1)(B) provides that:
> "[t]he rights and powers of a trustee under sections 544, 545, and 549 of this title are subject to any generally applicable law that … provides for the maintenance or continuation of perfection of an interest in property to be effective against an entity that acquires rights in such property before the date on which action is taken to effect such maintenance or continuation."

The Ohio Revised Code constitutes "generally applicable law" for § 546(b)(1) purposes.  The filing of the Affidavit is required to perfect the Lien.  Ohio Revised Code § 1311.06.  Further, Ohio Revised Code § 1311.13(A)(1) specifies that a perfected mechanic's lien is "effective from the date the first visible work or labor is performed or the first materials are furnished by the first original contractor, subcontractor, material supplier, or laborer to work, labor on, or provide materials to the improvement."

{00016107.2 }

should have known that AMS made the Improvements, had not been paid, and had the right to file a Lien to secure payment for work performed.  D.I. 76.

*The Sale Seeks to Transfer the Real Property Free and Clear of the Lien*

8.      By the Motion, the Debtor seeks to sell the Real Property free and clear of the Lien.

**Limited Objection**

9.      AMS objects to the Sale of the Real Property free and clear of the Lien unless either: (i) the AMS Claim is paid in full upon the closing of the Sale and its payment is made an express condition of the Sale closing; (ii) its Lien survives the Sale and continues to attach to the Real Property; or (iii) the Lien attaches to the *cash* proceeds of the Sale provided there are sufficient funds in *cash* to pay the Claim in full.

*The Debtor Has Not and Cannot Satisfy Section 363(f)(1)-(5) of the Bankruptcy Code*

10.     It appears the Debtor proposes to sell the Real Property free and clear of the Lien without satisfying the underlying secured Claim.  This attempt should fail because AMS has a perfected Lien and therefore an "interest," *see In re Trans World Airlines, Inc.*, 322 F.3d 283, 289 (2003), being sold and the Debtor cannot satisfy any of the five prerequisites of section 363(f)(1)-(5):

- Section 363(f)(1) is not met because the Ohio Revised Code protects AMS and does not permit a sale free and clear of the Lien.  Although the Debtor may contend that §363(f)(1) is met because the rights of a junior lienholder may be extinguished in a non-bankruptcy foreclosure proceeding, that argument fails for two principal reasons.  First, the Court has not and may not adjudicate the relative priority of lien holders in Real Property in the context of the Sale Motion.  That adjudication requires the full procedural protections afforded by an adversary proceeding.  *See* Rule 7001(2) of the Fed. R. Bankr. P.; *see also SLW Capital, LLC v. Mansaray-Ruffin* (*In re Mansaray-Ruffin*), 530 F.3d 230, 242 (3d Cir. 2008) ("where Rules require an adversary proceeding – which entails a fundamentally different and heightened level of procedural protections – to resolve a particular issue, a creditor has the due process right not to have that

4

{00016107.2 }

issue resolved without one."). <u>Second</u>, §363(f)(1) only permits a sale where the owner of the Real Property; i.e. the Debtor, is authorized under non-bankruptcy law to sell the Real Property free and clear of the Lien, and the Ohio Revised Code does not permit that.

- Section 363(f)(2) is not satisfied and AMS files this Limited Objection to protect its rights and does not consent to the Sale.

- Section 363(f)(3) is not met because, subject to the results of the auction, the aggregate face amount of all liens is far *greater* than the Cash Component. The plain meaning of § 363(f)(3) prohibits a sale free and clear of liens at a price less than the *face amount* of the secured claims, including the Lien and Claim asserted by AMS. *See In re Kellstrom Indus., Inc.*, 282 B.R. 787, 793 (Bankr. D. Del. 2002) (*citing Folger Adam Security, Inc. v. DeMatteis/MacGregor JV,* 209 F.3d 252, 259–60 (3d Cir. 2000) ("Section 363(f)(3) allows a sale if the interest is a lien and the sale proceeds are greater than the value of all liens on the property. Section 101(37) defines a 'lien' as a 'charge against or interest in property to secure payment of a debt or performance of an obligation.' 11 U.S.C. § 101(37). The Third Circuit has explained that a 'lien' is: a charge or encumbrance upon property to secure the payment or performance of a debt, duty, or other obligation. It is distinct from the obligation which it secures. Mortgages, security interests, encumbrances and liabilities possess characteristics similar to a lien."); *see also Clear Channel Outdoor, Inc. v. Knupfer (In re PW, LLC)*, 391 B.R. 25, 39 (B.A.P. 9th Cir. 2008); *In re WDH Howell, LLC*, 298 B.R. 527 (D.N.J. 2003).

- Section 363(f)(4) is not met because there is no pending dispute about the AMS Lien.

- Section 363(f)(5) is not satisfied because the Debtor has not proposed to pay AMS the amount of its Claim to discharge the Lien.

*AMS is Entitled to Adequate Protection of its Lien Interest in the Real Property*

11.     Pursuant to sections 361 and 363(e) of the Bankruptcy Code, the Debtor cannot convey the Real Property "free and clear" of the Lien without providing adequate protection to AMS. Section 363(e) of the Bankruptcy Code provides that: ". . . on request of an entity that has an interest in property . . . proposed to be used, sold or leased . . . the court . . . shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest." 11 U.S.C. § 363(e). Bankruptcy Code section 361 provides "[w]hen adequate protection is required under section . . . 363 . . . such adequate protection may be provided by . . .

(1) requiring the trustee to make a cash payment . . . to such entity . . . (2) providing to such entity an additional or replacement lien . . . or (3) granting such other relief . . . as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property." 11 U.S.C. § 361.

12. The concept of "adequate protection" is intended to ensure that the value of a party's interest in property is not impaired during the course of the bankruptcy case. The purpose of adequate protection is to preserve the *status quo* and to assure the party that its position will not be impaired by reason of the automatic stay. "The concept of adequate protection finds its basis in the Fifth Amendment's protection of property interests." *In re DeSardi*, 340 B.R. 790, 797 (Bankr. S.D. Tex. 2006) (citing H.R. Rep. No. 95-595, 338-40 (1977)). The notion of adequate protection is grounded in the belief that parties should not be deprived of the benefit of their bargain. *Resolution Trust Corp. v. Swedeland Dev. Group, Inc. (In re Swedeland Dev. Group, Inc.)*, 16 F. 3d 552, 564 (3d Cir. 1994) (the whole purpose of adequate protection for a creditor is to insure that the creditor receives the value for which it bargained pre-bankruptcy) (citation omitted). *See also In re World Com, Inc.*, 304 B.R. 611 (Bankr. S.D.N.Y. 2004) (while encumbered property may be sold free and clear of liens, secured creditors' interests in such property must be adequately protected); *In re Allied Products Corp.*, 288 B.R. 533 (Bankr. N.D. Ill. 2003) (same); *In re Gaylord Grain LLC*, 306 B.R. 624 (8th Cir. BAP 2004) (holding that a secured creditor is entitled to a replacement lien in sale proceeds upon sale of encumbered property pursuant to Bankruptcy Code section 363).

13. The Lien asserted by AMS is harmed by the proposed Sale; AMS is entitled to adequate protection of its interest in the Real Property. The Debtor has the evidentiary burden to demonstrate adequate protection. § 363(p)(1)("the trustee has the burden of proof on the issue of

6
{00016107.2 }

adequate protection"); *In re Asay*, 184 B.R. 265 (Bankr. N.D. Tex. 1995) (holding that, even after determining property was property of the estate, "Debtors may not use same until they prove, at a further evidentiary hearing, that they are able to furnish adequate protection"). AMS leaves the Debtor to its burden.

14.     The proposed Sale seeks to sell the Real Property free and clear of the Lien but provides no adequate protection to AMS. Specifically, the Stalking Horse APA limits the Cash Component of the consideration to be paid to solely to the amount necessary to result in "Full Payment of (A) the DIP Obligations … and (B) Pre-Petition ABL Debt." Stalking Horse APA at 2.7(a). That means, as proposed, the Sale provides no cash proceeds to the Debtors or their estates except solely to satisfy the debt described above and no cash proceeds will be available to pay to AMS. Because the Cash Component offered in connection with the Stalking Horse APA does not extend beyond the DIP Obligations and the Pre-Petition ABL Debt, there will be no *cash* sale proceeds to which AMS' Lien even could attach. The only adequate protection that truly can provide the "indubitable equivalent" of AMS' interest in the Real Property is either: (i) payment of the AMS Claim in full as a Lien and secured claim or (ii) survival of the Lien and AMS' attendant rights under the Ohio Revised Code subsequent to the Sale of the Real Property. Absent these protections, the Motion cannot satisfy the legal requirements of Bankruptcy Code sections 361 and 363(e), and the proposed Sale should not be approved.

***The Purchaser is Not Entitled to § 363(m) Good Faith Finding***

15.     In *TMT Procurement Corp. v. Vantage Drilling Co. (In re TMT Procurement Corp.)*, 764 F.3d 512 (5th Cir. 2014), the Fifth Circuit considered a purchaser's good faith. The Fifth Circuit noted that "[t]he proponent of 'good faith' bears the burden of proof." *Id. at* \*15. The Fifth Circuit remarked that a purchaser's good faith is informed, in part, by whether the

purchaser has knowledge of adverse claims. *Id.* at *17. Here, the Buyer has knowledge of AMS' recorded Lien, and that the Cash Component is not sufficient to pay AMS' Claim in full.

16. Finally, AMS specifically objects to the following provisions in the proposed Sale Order:

- ¶¶ M and 18, to the extent it purports to make a factual/legal finding that the "Buyers are good faith purchasers for value" because the Buyers have knowledge of the Lien against Real Property. *See In re TMT Procurement Corp., supra.*

- ¶¶R, S, T, V, DD, 4, 6, 7, 10, 11, 12, 14, 17, 22, 29, 30, 32 and 44, to the extent they purport to find that section 363(f) of the Bankruptcy Code is satisfied, that the Transferred Assets are free and clear of all Encumbrances, that AMS is adequately protected by having its "interests and/or claims, if any, attach to the cash proceeds of the Sale Transaction …." and AMS is directed to release its Lien.

- Decretal ¶ 46, to the extent it seeks to extinguish Bankruptcy Rules 6004 and 6006.

## Reservation of Rights

17. AMS reserves all rights including, without limitation, the right to raise additional objections at the Sale Hearing. AMS requests that the Debtors promptly notify them of any changes to the Proposed Sale Order and/or Form APA, including all schedules thereto.

## Conclusion

**WHEREFORE**, AMS respectfully requests that the Court not approve the Sale unless the Proposed Order is modified consistent with this Limited Objection and the Court grant such other and further relief as is just and proper.

Dated: June 3, 2015
       Wilmington, Delaware

                                Respectfully submitted,

                                **THE ROSNER LAW GROUP LLC**

                      By:    */s/ Frederick B. Rosner*
                              Frederick B. Rosner (DE #3995)

Scott J. Leonhardt (DE #4885)
824 N. Market Street, Suite 810
Wilmington, De 19801
Telephone: 302-777-1111
rosner@teamrosner.com

-and-

**BENJAMIN, YOCUM & HEATHER, LLC**
Patrick M. O'Neill, Esq.
300 Pike Street, Suite 500
Cincinnati, OH 45202
PH (513) 721-5672
FX (513) 562-4388
pmoneill@byhlaw.com

*Counsel to AMS*

9