IN THE UNITED STATES BANKRUPT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| THE STANDARD REGISTER COMPANY, *et al.*, | § | Case No. 15-10541 (BLS) |
| | § | |
| | § | Jointly Administered |
| Debtors. | § | |
| | § | **Re: Docket No. 23, 286** |
| | § | |
| | § | **Obj. Deadline: June 4, 2015 (by consent)** |
| | § | |
| | § | **Hearing Date/Time: June 17, 2015 at 10:00 a.m. (ET)** |

## XEROX CORPORATION'S LIMITED
## OBJECTION TO PROPOSED ASSET SALE TERMS

Xerox Corporation ("**Xerox**") objects in part to the *Debtors' Motion for an Order Approving the Sale of Substantially All of the Debtors' Assets* [D.I. 23] (the "**Sale Motion**"), under which the Debtors seek approval of the proposed sale terms for the sale of substantially all of their assets.[1]

## BACKGROUND

1. Xerox and the Debtors have an extensive business relationship. Among other things, Xerox sells and leases digital reproduction and ancillary equipment to the Debtors.[2] Xerox also provides the Debtors with operational and maintenance services for the Xerox equipment.

2. The various lease and rental agreements between Xerox and the Debtors include (a) a certain Fixed Option Price Lease dated August 23, 2011, under which Xerox leases eight

---

[1] All capitalized terms not otherwise defined herein shall have the same meaning as defined in the Sale Motion [D.I. 23].

[2] A schedule describing the equipment that Xerox has sold, leased or rented to the Debtors, describing the nature of the conveyance, is attached hereto as Exhibit "A" (the "**Equipment Schedule**"). The Equipment Schedule is preliminary in nature and may not include all items of equipment sold, leased or rented by Xerox. Accordingly, Xerox reserves all rights to amend the Equipment Schedule accordingly.

"iGen" digital printing presses to Debtor The Standard Register Company ("**Standard Register**"), and (b) a certain Fixed Option Price Lease dated October 21, 2013, under which Xerox leases one "iGen" digital printing press to Standard Register.

3. As set forth in the Sale Motion, the Debtors seek authority to sell substantially all of their assets under section 363 free and clear of all liens, claims and encumbrances and subject to other terms and conditions.

4. The Sale Motion and the Debtors' other related filings fail to identify whether the Debtors are seeking to sell any equipment subject to a Xerox lease or security interest. Accordingly, Xerox cannot determine if and what items of equipment that Xerox has leased, rented or sold to the Debtors that the Debtors seek to sell as part of their asset sale or, conversely, what items of Xerox equipment in the Debtors' possession are recognized as being owned by Xerox.

5. Regarding the adequate protection of secured creditors holding liens on assets to be sold, the Debtors propose:

> Any lienholder also will be adequately protected by having its liens, if any, attach to the proceeds of the Sale, in the same order of priority, with the same validity, force and effect that such creditor had prior to such sale, subject to any claims and defenses that the Debtors and their estates may possess with respect thereto (except those that have been waived by the Debtors under the Interim DIP Order or the Final DIP Order).

*See* Sale Motion, § 66, p. 29.

## **OBJECTIONS**

6. Xerox objects to the Sale Motion and the sale of assets as proposed thereunder to the extent that the sale would provide for the transfer of equipment or other assets (a) that Xerox has conveyed to the Debtors under lease or rental agreements (collectively, the "**Xerox Leased Equipment**"), or (b) in which Xerox holds a lien securing debt or other obligations of the Debtors to Xerox (the "**Xerox Collateral Equipment**").

7. In particular, Xerox objects to the proposed sale to the extent that the Debtors seek to convey title to the Xerox Leased Equipment, including the "iGen" digital printing presses and related equipment, to any other party (including, but not limited to, the Stalking Horse). Xerox further objects to the proposed sale of the Xerox Collateral Equipment because the terms and conditions providing for the sale of that equipment do not provide for sufficient adequate protection of Xerox's liens.[3]

## DISCUSSION[4]

A. <u>Proposed Sale of Xerox Leased Equipment</u>.

8. A debtor-in-possession may not sell property which it does now own (except with respect to the interests of a co-owner where the debtor holds an undivided interest), and a sale under section 363(f) cannot cut off or estop the ownership rights and claims of any other person in the property to be sold. As phrased by the Third Circuit, "[b]ankruptcy law simply does not authorize a trustee to distribute other people's property among a bankrupt's creditors." *Universal Bonding Ins. Co. v. Gittens & Sprinkle Enters. Inc.*, 960 F.2d 366, 372 (3d Cir. 1992) (quoting *Pearlman v. Reliance Ins. Co.*, 371 U.S. 132, 135-36 (1962)). "Congress did not mean to authorize a bankruptcy estate to benefit from property that the debtor did not own." *Universal Bonding Ins. Co.*, 960 F.2d at 371 (quoting *In the Matter of Quality Holstein Leasing*, 752 F.2d 1009 (5th Cir. 1985)). As held by this Court, "[i]mplicit within the statutory grant of authority to sell property under section 363, however, is the requirement that the estate actually have an interest in the property to be sold." *Gorka v. Joseph (In re Atlantic Gulf Comm. Corp.)*, 326 B.R. 294, 298 (Bankr. D. Del. 2005).

---

[3] On May 8, 2015, Xerox filed its objection to cure claim notices [D.I. 457]. Xerox maintains all of its objections to the cure claims asserted by the Debtors.

[4] All statutory references, unless otherwise indicated, shall be to the Bankruptcy Code, Title 11, United States Code.

9.  Thus, "[a] bankruptcy court may not allow the sale of property as 'property of the estate' without first determining whether the debtor in fact owned the property." *In re Claywell*, 341 B.R. 396, 398 (Bankr. D. Conn. 2006) (quoting *Warnick v. Yassian (In re Rodeo Canon Dev. Corp.)*, 362 F.3d 603, 608-09 (9th Cir. 2004)). *Accord Tambay v. Dickman (In the Matter of Simicich)*, 71 B.R. 48, 50 (Bankr. M.D. Fla. 1987) (holding that person with ownership interests in property sold by the trustee could not be divested of his ownership under section 363(b) or (f): "it is well established that before a trustee can sell any property, he must establish that he has a cognizable legal or equitable ownership interest in the property"). Finally, it goes without saying that the Court may not, pursuant to section 363(f) or any other section of the Bankruptcy Code, order the sale of estate property free and clear of a defense of any party concerning that property. *See Folger Adam Security Inc. v. Dematteis/MacGregor JV*, 209 F.3d 252, 262 (3d Cir. 2000).

10.  Any consideration by this Court of the ownership of the Xerox Lease Equipment within the context of the Sale Motion would be inappropriate. The Debtors have not requested, as part of the relief requested in the Sale Motion, that this Court determine ownership of any of the assets to be sold. Also, the Debtors have not identified with any meaningful degree of particularity the assets that they seek to sell, thus precluding Xerox from determining the Debtors' position regarding ownership of any of the Xerox Leased Equipment. Finally, any competing claims regarding ownership of the Xerox Leased Equipment must be adjudicated in the context of an adversary proceeding. *See* Fed. R. Bankr. Pro. 7001(2).

B.  <u>Adequate Protection of Liens</u>.

11.  Section 363(e) requires that the Debtors provide Xerox with adequate protection for any Xerox Collateral Equipment sold as part of the proposed sale free and clear of Xerox's lien interests under section 363(f).

12. The adequate protection afforded under the proposed sales procedures is insufficient. Under section 363(e), Xerox is entitled to adequate protection for the sale of any Xerox Collateral Equipment free and clear of Xerox's liens. The Debtors propose that secured creditors will receive a replacement lien on proceeds from the sale of assets subject to security interests of creditors. The Sale Motion, however, does not indicate the value to be ascribed to any Xerox Collateral Equipment. Consequently, the amount of proceeds of the sale that would be subject of the proposed replacement liens is undetermined. Thus, unless the Debtors propose to maintain all proceeds from the proposed asset sale until the time that the Xerox Collateral Equipment is valued, whether by order of this Court after a valuation proceeding or by agreement of Xerox and the Debtors, the proposed adequate protection provisions are insufficient to protect the value of Xerox's liens in the Xerox Collateral Equipment.

Accordingly, for the forgoing reasons, Xerox objects to the sale of equipment leased or rented by Xerox to the Debtors and to the sale of any equipment in which Xerox has a lien, and requests that the Sale Motion be denied with respect to those objections.

|  |  |
|---|---|
| Dated: June 4, 2015<br>Wilmington, Delaware | CIARDI CIARDI & ASTIN<br><br>*/s/ Joseph J. McMahon, Jr.*<br>Daniel K. Astin (No. 4068)<br>John D. McLaughlin, Jr. (No. 4123)<br>Joseph J. McMahon, Jr. (No. 4819)<br>1204 N. King Street<br>Wilmington, Delaware 19801<br>Tel: (302) 658-1100<br>Fax: (302) 658-1300<br>jmcmahon@ciardilaw.com<br><br>-and-<br><br>Mark H. Ralston, Esq.<br>FISHMANJACKSON<br>700 Three Galleria Tower<br>13155 Noel Road, L.B. 13<br>Dallas, Texas 75240<br>Tel:  972.419.5500<br>Fax: 972.419.5501<br>mralston@fishmanjackson.com |