## EXHIBIT A

[Term Unencumbered Assets]

A. *<u>Unencumbered Assets stipulated by the Prepetition Term Agents:</u>*

| Asset | Committee's Position | Remarks | Value[1] |
|---|---|---|---|
| **I. DEPOSIT ACCOUNTS** | | | |
| Fifth Third Bank – 2581 | The Prepetition Term Agents do not have a security interest in this account. | See Exhibit A to the Prepetition Term Agents' Objection | $0 |
| Santander Bank – 2304 | The Prepetition Term Agents do not have a security interest in this account. | See Exhibit A to the Prepetition Term Agents' Objection | $0 |
| TD Bank – 4086 | The Prepetition Term Agents do not have a security interest in this account. | See Exhibit A to the Prepetition Term Agents' Objection | $25,530.97 |
| Banamex Deposit Accounts | The Prepetition Term Agents do not have a security interest in this account. | See Exhibit A to the Prepetition Term Agents' Objection | $108,834.82 |
| Royal Bank of Canada – 6912 | The Prepetition Term Agents do not have a security interest in this account. | See Exhibit A to the Prepetition Term Agents' Objection | $4,000 |
| First Citizens Bank – 9201 | The Prepetition Term Agents do not have a security interest in this account. | See Exhibit A to the Prepetition Term Agents' Objection | $90,000 |
| First Citizens Bank – 3101 | The Prepetition Term Agents do not have a security interest in this account. | See Exhibit A to the Prepetition Term Agents' Objection | $0 |
| First Citizens Bank – 4201 | The Prepetition Term Agents do not have a security interest in this account. | See Exhibit A to the Prepetition Term Agents' Objection | $0 |
| **II. REAL ESTATE** | | | |
| 325 Butler Drive Murfreesboro, Rutherford County, Tennessee | The Prepetition Term Agents do not have a recorded mortgage on this property. | See Exhibit A to the Prepetition Term Agents' Objection | $846,043.82 |
| 1750 Miller Avenue Shelbyville, Shelby County, Indiana | The Prepetition Term Agents do not have a recorded mortgage on this property. | See Exhibit A to the Prepetition Term Agents' Objection | $493,698.33 |

---

[1] Unless otherwise noted, values ascribed to the Term Unencumbered Assets are as set forth in the Debtors' Schedules of Assets and Liabilities filed in the Chapter 11 Cases on May 11, 2015.

| Asset | Committee's Position | Remarks | Value[1] |
|---|---|---|---|
| 3655 South School Avenue Fayetteville, Washington County, Arizona | The Prepetition Term Agents do not have a recorded mortgage on this property. | See Exhibit A to the Prepetition Term Agents' Objection | $529,347.28 |
| **III. MOTOR VEHICLES** | | | |
| Various Motor Vehicles | The Prepetition Term Agents do not have a perfected security interest in the motor vehicles listed in part III of Exhibit B to the Proposed Complaint. | See Exhibit A to the Prepetition Term Agents' Objection | $6,481 |
| **IV. COMMERCIAL TORT CLAIMS** | | | |
| Commercial Tort Claims | The Prepetition Term Agents do not have a perfected security interest in the Debtors' commercial tort claims. | See Exhibit A to the Prepetition Term Agents' Objection | Undetermined |
| **V. FOREIGN EQUITY** | | | |
| Equity Interests in Standard Register Technologies Canada ULC | The Prepetition Term Agents do not have a security interest in the equity interests of Standard Register Technologies Canada ULC. | See Exhibit A to the Prepetition Term Agents' Objection | Undetermined |
| Thirty-five Percent of Equity Interests in non-U.S. Debtors (other than Standard Register Technologies Canada ULC) | The Prepetition Term Agents do not have a security interest in greater than 65% of the voting equity interests of the non-U.S. Debtors (other than Standard Register Technologies Canada ULC). | See Exhibit A to the Prepetition Term Agents' Objection | Undetermined |
| **VI. INVENTORY AND EQUIPMENT** | | | |
| Computer Software of Standard Register Servicios, S. de R.L. de C.V. | The Prepetition Term Agents do not have a security interest in this asset. | See Exhibit A to the Prepetition Term Agents' Objection | $797.08 |
| Assets of Standard Register de Mexico, S. de R.L. de C.V. | The Prepetition Term Agents do not have a security interest in these assets. | See Exhibit A to the Prepetition Term Agents' Objection | $1,471,315.12 |
| **VII. LIFE INSURANCE POLICIES** | | | |

| Asset | Committee's Position | Remarks | Value[1] |
|---|---|---|---|
| Various Life Insurance Policies | The Prepetition Term Agents do not have a security interest in these policies. | See Exhibit A to the Prepetition Term Agents' Objection | Minimum Cash Surrender Value: $3,651,889.30<br>Minimum Death Benefit: $7,814,182.40 |
| **VIII. ASSETS OF CERTAIN DEBTORS** | | | |
| Assets of Standard Register Holding Company | The Prepetition Term Agents do not have a security interest in the assets of Standard Register Holding Company. | See Exhibit A to the Prepetition Term Agents' Objection | Undetermined |
| Assets of Standard Register Mexico Holding Company | The Prepetition Term Agents do not have a security interest in the assets of Standard Register Mexico Holding Company. | See Exhibit A to the Prepetition Term Agents' Objection | Undetermined |
| Assets of non-U.S. Debtors | The Prepetition Term Agents do not have security interests in the assets of the non-U.S. Debtors. | See Exhibit A to the Prepetition Term Agents' Objection | Undetermined |
| **IX. LEASEHOLDS & IMPROVEMENT INTERESTS** | | | |
| Leasehold Interests | The Prepetition Term Agents do not have a perfected security interest in the Debtors' leaseholds. | See Exhibit A to the Prepetition Term Agents' Objection | $13,563,768.17 |

B. *Disputed Collateral as between the Committee and the Prepetition Term Agents:*

| Asset | Committee's Position | Remarks | Value |
|---|---|---|---|
| **I. DEPOSIT ACCOUNTS** | | | |
| Proceeds of Collateral in Deposit Accounts identified in AI above. | The Prepetition Term Agents may have valid, perfected liens in the proceeds of the deposit accounts identified in AI above, if the amounts deposited therein are proceeds of collateral, but only to the extend such proceeds of collateral are identifiable. | The Prepetition Term Agents assert that they may have valid, perfected liens in proceeds of certain deposit accounts identified in AI above if the amounts deposited therein are proceeds of collateral.<br><br>The Committee asserts that Term Agents may have valid, perfected liens in such deposit accounts, but only to the extent that the proceeds of collateral deposited therein are identifiable.  Off. Cmt. 7 to UCC 9-315; *Expeditors Int'l of Wash., Inc. v. Liquidating Trust* (*In re Scwinn Cycling & Fitness, Inc.*), 313 B.R. 473, 54 U.C.C. Rep. Serv. 2d 645 (D. Colo. 2004) | Undetermined |
| **II. REAL ESTATE** | | | |
| 1803 Rocky River Road<br>Monroe, Union County, North Carolina | The Committee has requested proof of the validity and perfection of the Prepetition Term Agents' security interest in this property. The Prepetition Term Agents have provided references to the necessary recording documentation, however, further proof has not been provided. | | $468,130.92 |
| 2142 South Dixie Boulevard<br>Radcliff, Hardin County, Kentucky | The Committee has requested proof of the validity and perfection of the Prepetition | | $1,057,618 |

| Asset | Committee's Position | Remarks | Value |
|---|---|---|---|
|  | Term Agents' security interest in this property. The Prepetition Term Agents have provided references to the necessary recording documentation, however, further proof has not been provided. |  |  |
| 151 Mount Zion Road<br>York, York County, Pennsylvania | The Committee has requested proof of the validity and perfection of the Prepetition Term Agents' security interest in this property. The Prepetition Term Agents have provided references to the necessary recording documentation, however, further proof has not been provided. |  | $1,098,289.60 |
| 600 Albany Street &<br>120 Campbell Street<br>Dayton, Montgomery County, Ohio | The Committee has requested proof of the validity and perfection of the Prepetition Term Agents' security interest in this property. The Prepetition Term Agents have provided references to the necessary recording documentation, however, further proof has not been provided. |  | $7,091,000.90 |
| 1251 North Fruitridge Avenue<br>Terre Haute, Vigo County, Indiana | The Committee has requested proof of the validity and perfection of the Prepetition Term Agents' security interest in this property. The Prepetition Term Agents have provided references to the necessary recording documentation, however, further proof has not been provided. The Prepetition Term Agents have not asserted that they have a validly perfected security interest in the property. |  | Undetermined |
| 5775 Brisa Street<br>Livermore, Alameda County, California | The Committee has requested proof of the validity and perfection of the Prepetition Term Agents' security interest in this |  | $6,835,474.60 |

| Asset | Committee's Position | Remarks | Value |
|---|---|---|---|
| | property. The Prepetition Term Agents have provided references to the necessary recording documentation, however, further proof has not been provided. | | |
| 1302 Eisenhower Drive Goshen, Elkhart County, Indiana | The Committee has requested proof of the validity and perfection of the Prepetition Term Agents' security interest in this property. The Prepetition Term Agents have provided references to the necessary recording documentation, however, further proof has not been provided. | | $1,808,222.90 |
| 325 Busser Road Manchester Township, York County, Pennsylvania | The Committee has requested proof of the validity and perfection of the Prepetition Term Agents' security interest in this property. The Prepetition Term Agents have provided references to the necessary recording documentation, however, further proof has not been provided. | | $2,200,000[2] |
| **III. INTELLECTUAL PROPERTY** | | | |
| Copyrights | The Prepetition Term Agents do not have have a valid and perfected security interest in the Debtors' unregistered copyrights. | The Prepetition Term Agents have a valid and perfected security interest in Debtors' unregistered copyrights.  However, in order to have a perfected security interest in Debtors' registered copyrights the Prepetition Term Agents' were required to record the security interest in such registered copyrights with the United States Copyright Office rather than file a UCC-1 statement. *In re Peregrine Entertainment, Ltd.*, 116 B.R. | Undetermined |

---

[2] Amount based on postpetition sale price [D.I. 450].

| Asset | Committee's Position | Remarks | Value |
|---|---|---|---|
| | | 194, 11 U.C.C. Rep. Serv. 2d 1025 (C.D. Cal. 1990). No evidence has been provided of such recordation although a copy of such filing has been requested by the Committee and the Prepetition Term Agents do not assert that they have a perfected security interest in Debtors' registered copyrights. | |
| **IV. TAX REFUNDS** | | | |
| Tax Refunds | The Prepetition Term Agents may have a valid and perfected security interest in the tax refunds listed in part VI of Exhibit B of the Proposed Complaint, but such interests may be avoided by the Committee as a preferential transfer. | In the Objection, the Prepetition Term Agents claim that the values of the tax refunds and tax credits were not substantial enough to litigate over, however, the Debtors have a substantial amount of NOL's, which if applied to the year ending December 31, 2014, would generate a significant refund.<br><br>Additionally, while the Prepetition Term Agents may they have a valid security interest in general intangibles, which includes tax refunds (but not tax credits), the tax refunds for the year ending December 31, 2014 arose on January 1, 2015 and therefore the Prepetition Term Agents' security interest did not attach to the 2014 tax refunds until such date. Accordingly, the transfer of the security interest in the Debtors' 2014 tax refunds constitutes a preferential transfer. The Committee's position is supported by *In re Tousa, Inc., et al.*, 406 B.R. 421 | Minimum value of: $696,725.54 |

| Asset | Committee's Position | Remarks | Value |
|---|---|---|---|
| | | (Bankr. N.D. Fla. 2009).<br><br>Regarding the tax credits, like NOLs, tax credits have an economic value insofar as they can set-off future income. Tax credits are not subject to a security interest. *City of Chicago v. Michigan Beach Housing Cooperative*, 609 N.E.2d 877, 21 U.C.C. Rep. Serv. 2d 786 (Ill. App. Ct. 1993). | |
| **V. INVENTORY AND EQUIPMENT** | | | |
| Finished Goods of Standard Register of Puerto Rico, Inc. | The Second Lien Term Loan Agent does not have a valid and perfected lien with respect to any goods acquired after October 10, 2014. | WorkflowOne of Puerto Rico Inc. changed its name to Standard Register of Puerto Rico Inc. on June 10, 2014.<br><br>The Second Lien Term Agent failed to file an amended UCC financing statement within the four months following, the name change. As such, the Second Lien Term Agents do not have a valid and perfected lien with respect to any goods acquired after October 10, 2014. *See* 4 James J. White & Robert S. Summers, *Uniform Commercial Code* § 31-10 (6th ed. 2010). | $512,573.60 |
| **VI. DEPOSITS** | | | |
| Various Security Deposits, Prepaid Rents, and Prepaid Maintenance Contracts | The Prepetition Term Agents do not have a valid and perfected security interest in these security deposits, prepaid rents and prepaid maintenance contracts if such | To the extent that security deposits, prepaid rents, and prepaid maintenance contracts are contractual rights to the return of money once certain contractual | $10,841,867.51 |

| Asset | Committee's Position | Remarks | Value |
|---|---|---|---|
| | deposits are kept in segregated trusts for the Debtors or in separate accounts that are property of the Debtors or otherwise segregated and being held as property of the Debtors. | conditions are met then the Prepetition Term Agents have a valid and perfected security interest therein.  Further investigation is required to determine whether any such security deposits, prepaid rents and prepaid maintenance contracts are actually deposits kept in segregated accounts in trust for the Debtors, in separate accounts that are property of the Debtors or otherwise segregated and being held as property of the Debtors. The Prepetition Term Agents have not provided any proof with respect to the nature of these assets. | |