# EXHIBIT B

# Retention Order

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, *et al.*,[1] | Case No. 15- 10541 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. 89** |

### ORDER (I) AUTHORIZING THE RETENTION AND EMPLOYMENT OF LAZARD FRERES & CO. LLC AND LAZARD MIDDLE MARKET LLC AS INVESTMENT BANKER TO THE DEBTORS, *NUNC PRO TUNC* TO THE PETITION DATE AND (II) WAIVING CERTAIN INFORMATION REQUIREMENTS OF LOCAL RULE 2016-2

Upon the application (the "Application")[2] of Standard Register and its affiliated debtors and debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") for entry of an order (this "Order") authorizing the Debtors to retain and employ Lazard Frères & Co. LLC ("Lazard Frères") and Lazard Middle Market LLC ("LMM" and together with Lazard Frères, "Lazard") as investment banker for the Debtors, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code; the Court having reviewed the Application and the Torgove Declaration; the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012,

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2] Each capitalized term used, but not otherwise defined herein, shall have the meaning ascribed to such term in the Application.

916407.04-CHISR01A - MSW

(b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (c) Lazard does not hold or represent any interest adverse to the Debtors' estates, (d) Lazard is a "disinterested person" as contemplated under sections 327 and 328 of the Bankruptcy Code and (e) employment of Lazard is necessary and in the best interests of the Debtors' estates, creditors, and other parties in interest; the Court finding that notice of the Application given by the Debtors was sufficient under the circumstances; and the Court having determined that it may enter a final order consistent with Article III of the United States Constitution; and the Court being fully advised on the premises and having determined that the legal and factual bases set forth in the Application, the Torgove Declaration and at the Hearing establish just cause for the relief herein granted, and after due deliberation and cause appearing therefor, it is HEREBY ORDERED that:

1. The Application is GRANTED as set forth herein.

2. The Debtors are authorized, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, to engage, effective as of the Petition Date, upon the terms and for the purposes set forth in the Engagement Letter and the Indemnification Letter, as modified herein, Lazard as investment banker for the Debtors in the above-captioned Chapter 11 Cases *nunc pro tunc* to the Petition Date.

3. Lazard is hereby authorized to perform the services enumerated in the Engagement Letter.

4. Lazard shall be compensated for such services and reimbursed for any related expenses in accordance with section 328(a) of the Bankruptcy Code in accordance with the terms of the Engagement Letter, subject to the Bankruptcy Rules, the Local Rules and any other applicable orders of this Court, including, without limitation, any financing orders or orders approving any Sale Transactions.

5.  None of the fees payable to Lazard shall constitute a "bonus" or fee enhancement under applicable law.

6.  Lazard's compensation shall be subject to the standard of review provided in Bankruptcy Code section 328(a) and not subject to any other standard of review under Bankruptcy Code section 330; provided, however, that the United States Trustee shall be permitted to review Lazard's fees pursuant to the reasonableness standards set forth in section 330 of the Bankruptcy Code.

7.  The Debtors are authorized to pay Lazard the Monthly Fees as provided in the Engagement Letter, without further application to this Court; provided however, that all fees are subject to Court approval at a final fee hearing. Lazard's right to payment of all fees resulting from a Sale Transaction, or to any Restructuring Fee or a Financing Fee, is subject to further entry of an Order of this Court approving Lazard's final fee application.

8.  Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any order of this Court, or any guidelines established by the U.S. Trustee regarding submission and approval of fee applications, Lazard and its professionals: (a) shall be excused from keeping time in one-tenth of an hour increments in connection with the services to be rendered postpetition pursuant to the Engagement Letter, and shall instead submit time records for services rendered postpetition in half-hour time increments and (b) shall not be required to provide or conform to any schedule of hourly rates.

9.  The provisions set forth in the Indemnification Letter are approved, subject, during the pendency of these Chapter 11 Cases, to the following modifications:

    a)  subject to the provisions of subparagraphs (b) and (d) below, the Debtors are authorized to indemnify and to provide contribution and reimbursement to, and shall indemnify, and provide contribution and reimbursement to, the Indemnified Persons in accordance with the

        Indemnification Letter for any claim arising from, related to, or in connection with the services provided for in the Engagement Letter;

b)     notwithstanding any provisions of the Indemnification Letter to the contrary, the Debtors shall have no obligation to indemnify Lazard or provide contribution or reimbursement to Lazard (i) for any claim or expense that is judicially determined (the determination having become final) to have arisen from Lazard's bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct, (ii) for a contractual dispute in which the Debtors allege the breach of Lazard's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to *In re United Artists Theatre Company, et al.*, 315 F.3d 217 (3d Cir. 2003), or (iii) for any claim or expense that is settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing pursuant to subparagraph (c) <u>infra</u>, to be a claim or expense for which Lazard should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter, as modified by this Order;

c)     if during the pendency of these Chapter 11 Cases the indemnification is held unenforceable by reason of the exclusions set forth in subparagraph (b) above and Lazard makes a claim for the payment of any amounts by the Debtors on account of the Debtors' contribution obligations, then the proviso set forth in the second sentence of the contribution provisions in the Indemnification Letter shall not apply; and

d)     if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, Lazard believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter and the Indemnification Letter (as modified by this Order), including without limitation the advancement of defense costs, Lazard must file an application therefore in this Court, and the Debtors may not pay any such amounts to Lazard before the entry of an order by this Court approving such payment. This subparagraph (d) is intended only to specify the period during which the Court shall have jurisdiction over any request for indemnification, contribution or reimbursement by Lazard, and is not a provision limiting the duration of the Debtors' obligation to indemnify Lazard.

10. During the pendency of these Chapter 11 Cases, the second sentence of paragraph 11 of the Engagement Letter shall have no force or effect.

11. For the avoidance of doubt, except for legal fees incurred solely in connection with Lazard's professional retention and compensation applications in connection with these Chapter 11 Cases, any legal fees for which Lazard seeks indemnification, contribution or reimbursement will be subject to paragraph 9(d) of this Order.

12. Notwithstanding any provision of the Engagement Letter to the contrary, during the pendency of these Chapter 11 Cases, to the extent that this Court has jurisdiction over any matters arising out of or related to the Engagement Letter, such matter shall be heard in this Court.

13. Lazard's engagement under the Engagement Letter shall terminate at the closing of any sale of substantially all the Debtors' assets.

14. The Debtors are authorized, empowered and directed to take such actions as may be necessary and appropriate to implement the terms of this Order.

15. The relief granted herein shall be binding upon any chapter 11 trustee appointed in these Chapter 11 Cases, or upon any Chapter 7 trustee appointed in the event of a subsequent conversion of these Chapter 11 Cases to cases under Chapter 7.

16. Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules are satisfied by the contents of the Application.

17. During the pendency of these Chapter 11 Cases, this Court shall retain jurisdiction with respect to all matters related to the interpretation or implementation of this Order.

Dated: April 13, 2015
Wilmington, Delaware

_____
THE HONORABLE BRENDAN L. SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE