UNITED STATES BANKRUPTCY COURT

DISTRICT OF DELAWARE


IN RE:                                        CASE NO. 15-10541(BLS)

                                              (Jointly Administered)


THE STANDARD REGISTER CO., *et al.*,          Chapter 11

   Debtors.

                                              Hearing: June 17, 2015 at 10:00 a.m. ET


**Local Texas Tax Authorities' Objection to Debtors' Motion for (I) an Order
(A) Establishing Sale Procedures . . .; (B) Approving Bid Protections; (C) Establishing
Procedures Relating to the Assumption and Assignment of Certain Executory Contracts . . .
; (D) Approving Form and Manner of Notice . . .; (E) Scheduling A Hearing to Consider the
Proposed Sale; and (F) Granting Certain Related Relief; and
(II) an Order (A) Approving the Sale of Substantially All of the Debtors' Assets and
(B)Authorizing the Assumption and Assignment of Certain Executory Contracts and
Unexpired Leases in Connection with the Sale**


TO THE HONORABLE COURT:

   NOW COME  City of Carrollton, Cypress-Fairbanks ISD, Dallas County, Harris County,

Tarrant County and Washington County (jointly the "Local Texas Tax Authorities" or "Tax

Authorities") and file their Objection to the Debtors' Motion for entry of an Order authorizing

Debtors to sell substantially all their assets and for other related relief (hereinafter the "Sale

Motion").    In support of their Objection, the Tax Authorities would show the Court the

following:

1

I.

The Local Texas Tax Authorities are political subdivisions of the State of Texas authorized to assess and collect ad valorem taxes pursuant to the laws of the State.   The Tax Authorities have filed secured claims totaling approximately $39,000 for ad valorem taxes owed on the Debtors' personal property for 2015 and prior years' taxes.

II.

The claims of the Tax Authorities are secured with unavoidable liens that are superior to that of any other secured claimant pursuant to the Texas Constitution, Article VIII, Section 15, and the Texas Property Tax Code §§ 32.01 and 32.05(b). The priority of the tax claims and related liens is determined under applicable non-bankruptcy law.   11 U.S.C. § 506; Butner v. U.S., 440 U.S. 48, 55 (1979).   The tax lien takes priority over the claim of any holder of a lien on property encumbered by the tax lien, whether or not the debt or lien existed before the attachment of the tax lien.   See Texas Property tax Code §32.05 (b); See also Central Appraisal District of Taylor County v. Dixie-Rose Jewels, Inc., 894 S.W. 2d 841 (Tex. App. 1995) (bank's foreclosure of its purchase money lien on personal property did not defeat or destroy the taxing unit's statutory tax lien).       The tax lien arises on January 1 of each tax year and "floats" to after acquired property. See City of Dallas v. Cornerstone Bank, 879 S.W. 2d 264 (Tex. App. - Dallas 1994).   The tax lien is a lien in solido and is a lien on all personal property of the Debtor.   See In re Universal Seismic, 288 F.3d 205 (5th Cir. 2002).   The tax lien is also unavoidable.   See In re: Winns, 177 B.R. 253 (Bankr. W.D. Tex. 1995).

2

III.

The terms of the proposed sale as set forth in the Sale Motion do not adequately protect the tax liens and claims as required by 11 U.S.C. § 363(e).   The  proceeds from the sale of the Tax Authorities' collateral constitute the cash collateral of these claimants, and to the extent their collateral is sold free and clear of the tax liens, the liens should attach to the sale proceeds. However, merely providing for the liens to attach to the sale proceeds is insufficient to adequately protect the Tax Authorities.   Pursuant to 11 U.S.C. § 363(c) (4), absent consent by these claimants or an order of the Court permitting use of their cash collateral, the Debtors "shall segregate and account for any cash collateral" in their possession.   The Debtors have not filed a motion seeking to use the cash collateral of these claimants nor has there been notice or a hearing on the use of these claimants' collateral.   Accordingly, absent their consent, a segregated account must be established from the sale proceeds to comply with the requirements of § 363(c)(4).

Further, the Tax Authorities object to the use of their collateral to pay any other creditors of this estate.   The proceeds from the sale of the Tax Authorities' collateral should not be distributed to any other party unless and until their claims, including any interest thereon as allowed under 11 U.S.C. §§ 506(b), 511 and 1129, are paid in full.

In the event of a credit bid, there may be no sale proceeds to which the liens can attach or which may be used to pay the claims of the Tax Authorities.   If there is a credit bid by a junior lienholder, the property should be sold subject to the senior tax liens or the liens should be paid at closing. A credit bid by a junior lienholder is an attempt to avoid the consequences of foreclosing/seizing the property under applicable non-bankruptcy law which would require it to

3

take the property subject to the tax liens.   There is no legal or equitable basis for thus

subordinating or avoiding the tax liens.      Absent provisions for the adequate protection of the tax

liens, the Local Texas Tax Authorities object to the approval of a sale on a credit bid.

IV.

　　WHEREFORE, the Local Texas Tax Authorities object to the Debtors' Sale Motion and request

this Court to order appropriate provisions to assure the protection of the position of these secured

tax creditors, and further request other and such relief as is just and proper.

　Dated: June 5th, 2015

　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　LINEBARGER GOGGAN BLAIR & SAMPSON, LLP

　　　　　　　　　　　　　BY:   /s/ Elizabeth Weller
　　　　　　　　　　　　　　　Elizabeth Weller
　　　　　　　　　　　　　　　Tex. Bar No. 00785514

　　　　　　　　　　　　　2777 N. Stemmons Fwy., Ste. 1000
　　　　　　　　　　　　　Dallas, TX 75207
　　　　　　　　　　　　　 (469)221-5075 phone
　　　　　　　　　　　　　(469)221-5003 fax
　　　　　　　　　　　　　BethW@LGBS.com email

　　　　　　　　　　　　　Counsel for the Local Texas Tax Authorities

CERTIFICATE OF SERVICE

I hereby certify that this 5th day of June, 2015 , I caused a true and exact copy of the foregoing to
be served upon all parties to the Court's electronic noticing system and upon the parties set forth on
the attached Service List via email.

　　　　　　　　　　　　　  /s/ Elizabeth Weller

　　　　　　　　　　　　　Elizabeth Weller

4

## Service List

Gibson, Dunn & Crutcher LLP
Barbara Becker at bbecker@gibsondunn.com
Michael Rosenthal at mrosenthal@gibsondunn.com

Lowenstein Sandler LLP
Sharon Levine at slevine@lowenstein.com
Wojciech Jung at wjung@lowenstein.com

Skadden, Arps, Slate, Meagher & Flom LLP
Ron Meisler at ron.meisler@skadden.com
Christopher Dressel at christopher.dressel@skadden.com

Parker, Hudson, Rainer & Dobbs LLP
Edward Dobbs at edobbs@phrd.com
James Rankin at jrankin@phrd.com

Richards Layton & Finger
Mark Collins at collins@rlf.com