# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, *et al.*,[1] | Case No. 15-10541 (BLS) |
| Debtors. | Jointly Administered |
| | Hearing Date: June 29, 2015 at 10:00 a.m. (ET)<br>Obj. Deadline: June 22, 2015 at 4:00 p.m. (ET) |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER EXTENDING TIME TO ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY

The Standard Register Company and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") submit this motion (this "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), extending the time by which the Debtors must decide to assume or reject unexpired leases of nonresidential real property (collectively, the "Unexpired Leases") through and including October 8, 2015. In support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

Delaware (the "Local Rules"), the Debtors consent to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 105(a) and 365(d)(4)(B) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

## BACKGROUND

3.  On March 12, 2015 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court"). Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are continuing to manage their financial affairs as debtors in possession. No request for a trustee or examiner has been made in these chapter 11 cases (collectively, the "Chapter 11 Cases").

4.  On March 24, 2015, the Office of the United States Trustee for the District of Delaware (the "UST") appointed a statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee").

5.  Information regarding the Debtors' history and business operations, capital structure and primary secured indebtedness, and the events leading up to the commencement of these Chapter 11 Cases, can be found in *Declaration of Kevin Carmody in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* [Docket No. 2], filed on the Petition Date and incorporated by reference herein.

## RELIEF REQUESTED

6. July 10, 2015 is the Debtors' current deadline to assume or reject the Unexpired Leases. By this Motion, the Debtors seek entry of the Proposed Order, pursuant to section 365(d)(4)(B) of the Bankruptcy Code, granting a 90-day extension of the time by which they must determine to assume or reject all Unexpired Leases to which a Debtor is a party and which have not yet been rejected, assumed and assigned, expired or otherwise terminated. Such an extension would be without prejudice to the Debtors' rights to seek further extensions of the time to assume or reject the Unexpired Leases with the consent of the affected lessors, as contemplated by section 365(d)(4)(B)(ii) of the Bankruptcy Code.[2]

## BASIS FOR RELIEF

7. Section 365(d)(4)(A)-(B) of the Bankruptcy Code provides that:

(A) Subject to subparagraph (B), an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of—

(i) the date that is 120 days after the date of the order for relief; or

(ii) the date of the entry of an order confirming a plan.

(B) (i) The court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause.

---

[2] The Debtors are serving this Motion upon all known lessors under the Unexpired Leases. However, in the event that any lessor may have been omitted from the service list through inadvertence, clerical error, or for any other reason, this Court may enter an order extending the time in which the Debtors may assume or reject such Unexpired Leases, so long as the Debtors have made a good-faith effort to identify and serve all known lessors. *See In re Am. Healthcare Mgmt.*, Inc., 900 F.2d 827, 830 (5th Cir. 1990) (holding that order extending time for debtor to assume or reject leases may be entered by bankruptcy court without affording other parties notice and a hearing). Inclusion or omission of any instrument in or from this Motion does not constitute an admission by the Debtors that such instrument is or is not a true lease.

> (ii) If the court grants an extension under clause (i), the court may grant a subsequent extension only upon prior written consent of the lessor in each instance.

11 U.S.C. § 365(d)(4)(A)-(B).

8.  The Third Circuit Court of Appeals has stated that "nothing prevents a bankruptcy court from granting an extension because a particular debtor needs additional time to determine whether the assumption or rejection of particular leases is called for by the plan of reorganization that it is attempting to develop." *Channel Home Ctrs. Inc.*, 989 F.2d 682, 689 (3d Cir. 1993); *see also Coleman Oil Co. v. Circle K Corp. (In re Circle K Corp.)*, 127 F.3d 904, 909 (9th Cir. 1997), *cert. denied*, 118 S. Ct. 1166 (1998) (noting that bankruptcy courts often grant a debtor's request for an extension).

9.  The term "cause," as used in section 365(d)(4)(B), is not defined in the Bankruptcy Code, nor does the Bankruptcy Code establish formal criteria for evaluating a request for an extension of the initial 120-day period. Although the decision to extend a debtor's time to assume or reject unexpired leases of nonresidential real property is generally within the sound discretion of the court, in determining whether cause exists for an extension of the initial 120-day period, courts have relied on several factors, including the following:

> (1)  whether the debtor was paying for the use of the property;
>
> (2)  whether the debtor's continued occupation . . . could damage the lessor beyond the compensation available under the Bankruptcy Code;
>
> (3)  whether the lease is the debtor's primary asset; and
>
> (4)  the number of leases the debtor must evaluate.

*See S. St. Seaport L.P. v. Burger Boys, Inc. (In re Burger Boys, Inc.)*, 94 F.3d 755,760-61 (2d Cir. 1996) (citing *Theatre Holding Corp. v. Mauro*, 681 F.2d 102, 105-06 (2d Cir. 1982)); *see also In re Wedtech Corp.*, 72 B.R. 464, 471-72 (Bankr. S.D.N.Y. 1987) (considering, among

other factors, the complexity of the case facing the debtor and the number of leases the debtor must evaluate); *Channel Home Ctrs. Inc.*, 989 F.2d at 689 ("[I]t is permissible for a bankruptcy court to consider a particular debtor's need for more time in order to analyze leases in light of the plan it is formulating." (citing *Wedtech*, 72 B.R at 471-72)). Based on the foregoing, the applicable factors identified in *Burger Boys* for establishing cause for an extension of the time within which the Debtors may assume or reject the Unexpired Leases have been met in these cases.

10. First, lessors of non-residential real property are receiving timely payment of all rent coming due after the Petition Date, as required by section 365(d)(3) of the Bankruptcy Code.

11. Second, the lessors will not be damaged by continued occupation of the leased premises during the proposed extended period. All undisputed obligations under the Unexpired Leases that arise after the Petition Date are being performed in a timely manner, to the extent required by section 365(d)(3) of the Bankruptcy Code.

12. Third, in view of the posture of these Chapter 11 Cases, it would not be prudent for the Debtors to make hasty determinations concerning the assumption or rejection of the Unexpired Leases. On March 12, 2015, the Debtors entered into the Asset Purchase Agreement (the "Stalking Horse APA") with a group led by an affiliate of Silver Point Capital, L.P., as the buyer and stalking horse bidder (the "Stalking Horse"). On the Petition Date, the Debtors filed a motion seeking approval of the Debtors' entry into the Stalking Horse APA and the procedures for soliciting higher and better bids [Docket No. 23] (the "Sale Motion"). These procedures were approved on April 15, 2015 [Docket No. 286], and a hearing to consider the sale of substantially all of the Debtors' assets (the "Sale") is currently scheduled for June 17, 2015.

13.     A supplement to the Sale Motion was filed on May 27, 2015 [Docket No. 559] (the "Sale Motion Supplement").  Pursuant to the Sale Motion Supplement, the Debtors are seeking to establish additional assumption and assignment procedures following the Sale, including an extension of the designation rights period beyond July 10, 2015.  As of the date hereof, it is unclear which Unexpired Leases (if any) will be assumed by the Debtors and assigned to the Stalking Horse or, if the Stalking Horse is not the purchaser, the eventual purchaser of the Debtors' assets as part of the aforementioned sale process.  For that reason, the Debtors, and the Stalking Horse or other eventual purchaser of the Debtors' assets, require additional time to determine whether the Unexpired Leases should be assumed or rejected.

14.     Further, since the Petition Date, the Debtors' management and professional advisors have devoted a significant amount of time and effort towards ensuring a smooth transition of the Debtors' operations into chapter 11.  In conjunction therewith, many additional responsibilities have been thrust upon those individuals, and, consequently, the Debtors have not had sufficient time to evaluate the Unexpired Leases and determine which, if any, should be rejected at this time.

15.     While performing various tasks related to the negotiation of an asset purchase agreement with a stalking horse bidder, and completing the necessary diligence that is attendant thereto, the Debtors also filed their Schedules of Assets and Liabilities and Statements of Financial Affairs, which necessarily required a significant expenditure of time and effort on the part of the Debtors' management and certain of their personnel and professional advisors.  At the same time, the Debtors have also made significant strides in these Chapter 11 Cases, including, but not limited to, with respect to (a) obtaining Court approval for a bar date and implementing notice services in relation thereto; (b) responding to various creditor inquiries; (c) retaining

professionals; (d) evaluating and resolving requests for additional adequate assurance of future payment from certain utility providers; (e) obtaining approval of a key employee incentive plan; and (f) preparing initial and subsequent monthly operating reports.

16.     As a result of the foregoing, the Debtors and potential purchaser(s) of their assets require additional time to evaluate each of the Unexpired Leases.  The Debtors should not be forced, at this stage of the Chapter 11 Cases, to incur administrative claims or reject what may prove to be valuable or necessary assets before the Debtors have had a full opportunity to explore their options with respect to the Unexpired Leases in the overall context of the sale process and these Chapter 11 Cases.  Likewise, the successful purchaser of the Debtors' assets may require additional time to evaluate the Unexpired Leases and make informed decisions with respect thereto.  In sum, the Debtors need additional time to evaluate and assess the value of the Unexpired Leases so that they may assume or reject the Unexpired Leases in a manner that maximizes value for the Debtors' estates.

17.     For the reasons set forth above, the Debtors submit that cause exists for the requested extension through and including October 8, 2015, without prejudice to the Debtors' right to seek further extensions of such deadline with the consent of the affected lessors, as provided in section 365(d)(4)(B)(ii) of the Bankruptcy Code.

## NOTICE

18.     Notice of this Motion will be given to: (i) the UST; (ii) counsel to the Committee; (iii) counsel for Silver Point Finance, LLC, in its capacity as administrative agent under the Debtors' First Lien Credit Agreement and Second Lien Credit Agreement; (iv) counsel for Bank of America, N.A., in its capacity as administrative agent under the Debtors' Amended and Restated Loan and Security Agreement; (v) counsel to the agents under the Debtors' debtor-in-

01:17126771.3

possession financing facility; (vi) the counterparties to the Unexpired Leases; and (vii) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as <u>Exhibit A</u>, granting the relief requested herein and such other and further relief as is just and proper.

Dated: June 8, 2015
Wilmington, Delaware

*/s/ Andrew L. Magaziner*
Michael R. Nestor (No. 3526)
Kara Hammond Coyle (No. 4410)
Maris J. Kandestin (No. 5294)
Andrew L. Magaziner (No. 5426)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
mnestor@ycst.com
kcoyle@ycst.com
mkandestin@ycst.com
amagaziner@ycst.com

-and-

Michael A. Rosenthal (NY No. 4697561)
Samuel A. Newman (CA No. 217042)
Jeremy L. Graves (CO No. 45522)
Matthew G. Bouslog (CA No. 280978)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
mrosenthal@gibsondunn.com
snewman@gibsondunn.com
jgraves@gibsondunn.com
mbouslog@gibsondunn.com

*Counsel to the Debtors and Debtors in Possession*

01:17126771.3