IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, *et al.*,[1] | Case No. 15-10541 (BLS) |
| Debtors. | Jointly Administered |
| | Hearing Date: July 16, 2015 at 10:00 a.m. (ET)<br>Obj. Deadline: June 22, 2015 at 4:00 p.m. (ET) |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER EXTENDING THE PERIOD WITHIN WHICH THE DEBTORS MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452

The Standard Register Company and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") submit this motion (this "Motion") for the entry of an order (the "Proposed Order"), substantially in the form attached hereto as Exhibit A, extending the period within which the Debtors may remove causes of actions and related proceedings pursuant to 28 U.S.C. § 1452 through and including September 8, 2015. In support of this Motion, the Debtors respectfully state as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

01:17131615.2

Delaware (the "Local Rules"), the Debtors consent to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory bases for the relief requested herein are 28 U.S.C. § 1452 and Rules 9006 and 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

3. On March 12, 2015 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court"). Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are continuing to manage their financial affairs as debtors in possession. No request for a trustee or examiner has been made in these chapter 11 cases (collectively, the "Chapter 11 Cases").

4. On March 24, 2015, the Office of the United States Trustee for the District of Delaware (the "UST") appointed a statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee").

5. Information regarding the Debtors' history and business operations, capital structure and primary secured indebtedness, and the events leading up to the commencement of these Chapter 11 Cases, can be found in *Declaration of Kevin Carmody in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* [Docket No. 2], filed on the Petition Date.

01:17131615.2

**RELIEF REQUESTED**

6.       June 10, 2015 is the Debtors' current deadline to file notices of removal pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027 (the "Current Removal Deadline").  By this Motion, the Debtors seek entry of the Proposed Order extending the period within which the Debtors may remove actions and related proceedings by approximately 90 days, through and including September 8, 2015, [2] without prejudice to the rights of the Debtors and their estates to seek further extensions of time within which to remove actions and related proceedings.

**BASIS FOR RELIEF**

7.       Bankruptcy Rule 9027 and 28 U.S.C. § 1452 govern the removal of pending civil actions.  Specifically, section 1452(a) provides that:

> [a] party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).  Bankruptcy Rule 9027(a)(2) further provides, in pertinent part that:

> [i]f the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed in the bankruptcy court only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

8.       Bankruptcy Rule 9006(b) provides that the Court may extend unexpired time periods, such as the Debtors' removal period, without notice:

---

[2]     Pursuant to Local Rule 9006-2, the filing of this Motion before the expiration of the Current Removal Deadline shall automatically extend the Current Removal Deadline until the Court acts on this Motion without the necessity for entry of a bridge order.

01:17131615.2

3

> [W]hen an act is required or allowed to be done at or within a specified period by [the Bankruptcy Rules] or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion … with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order.

*Id.* at 9006(b)(1). Accordingly, the Court is authorized to grant the relief requested herein. *See Raff v. Gordon*, 58 B.R. 988 (Bankr. E.D. Pa. 1986) (stating that period in which to file motion to remove may be expanded pursuant to Bankruptcy Rule 9006); *Jandous Elec. Constr. Corp. v. City of New York (In re Jandous Elec. Constr. Corp.)*, 106 B.R. 48 (Bankr. S.D.N.Y. 1989) (same); *see also, Doan v. Loomis (In re Fort Dodge Creamery Co.)*, 117 B.R. 438 (Bankr. N.D. Iowa 1990) (implying that time period in which removal motion may be filed may be extended pursuant to Bankruptcy Rule 9006); *In re Boyer*, 108 B.R. 19 (Bankr. N.D.N.Y. 1988) (same).

9. The Debtors are parties to actions currently pending in the courts of certain states and federal districts (each, an "Action" and, collectively, the "Actions"), and believe that it is prudent to seek an extension of the time established by Bankruptcy Rule 9027 to protect the rights of the Debtors and their estates to remove the Actions.

10. Since the Petition Date, the Debtors' management and professional advisors have devoted a significant amount of time and effort towards ensuring a smooth transition of the Debtors' operations into chapter 11. Furthermore, both prior and subsequent to the Petition Date, the Debtors and their advisors devoted a substantial amount of time, energy and resources towards marketing substantially all of the Debtors' assets and maximizing value through a going concern sale.

11. While performing various tasks related to the negotiation of an asset purchase agreement with a stalking horse bidder, and completing the necessary diligence that is attendant

thereto, the Debtors also filed their Schedules of Assets and Liabilities and Statements of Financial Affairs, which necessarily required a significant expenditure of time and effort on the part of the Debtors' management and certain of their personnel and professional advisors.  At the same time, the Debtors and their advisors have been dealing with administrative issues attendant to these Chapter 11 Cases, including, but not limited to, (a) obtaining Court approval for a bar date and implementing notice services in relation thereto; (b) responding to various creditor inquiries; (c) retaining professionals; (d) evaluating and resolving requests for additional adequate assurance of future payment from certain utility providers; (e) obtaining approval of a key employee incentive plan; and (f) preparing initial and subsequent monthly operating reports.

12. As a result of the foregoing, the Debtors have not had sufficient time to review the Actions to determine if any should be removed pursuant to Bankruptcy Rule 9027(a). Accordingly, the Debtors submit that extending the Current Removal Deadline is in the best interest of the Debtors, their estates, and creditors.  The extension sought will afford the Debtors an opportunity to make more fully-informed decisions concerning the removal of any Actions, and will assure that the Debtors and their estates do not forfeit the valuable rights afforded to them under 28 U.S.C. § 1452.  Furthermore, the Debtors submit that granting the extension requested herein will not prejudice the rights of their adversaries in the Actions because, in many (if not all) circumstances, such parties may not prosecute these Actions absent relief from the automatic stay.  In addition, nothing herein will prejudice any party to an Action that the Debtors may ultimately attempt to remove from seeking the remand of such Action under 28 U.S.C. § 1452(b) at the appropriate time.

13. For the reasons set forth above, the Debtors submit that extending the Current Removal Deadline through and including September 8, 2015 is necessary, prudent, and in the best interests of the Debtors, their estates and creditors.

## NOTICE

14. Notice of this Motion will be given to: (i) the UST; (ii) counsel to the Committee; (iii) counsel for Silver Point Finance, LLC, in its capacity as administrative agent under the Debtors' First Lien Credit Agreement and Second Lien Credit Agreement; (iv) counsel for Bank of America, N.A., in its capacity as administrative agent under the Debtors' Amended and Restated Loan and Security Agreement; (v) counsel to the agents under the Debtors' debtor-in-possession financing facility; (v) all known parties to the Actions or their counsel, if known; and (vii) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the Debtors respectfully request entry of the Proposed Order, substantially in the form attached hereto as <u>Exhibit A</u>, granting the relief requested herein and such other and further relief as is just and proper.

Dated: June 8, 2015
       Wilmington, Delaware

*/s/ Andrew L. Magaziner*
Michael R. Nestor (No. 3526)
Kara Hammond Coyle (No. 4410)
Maris J. Kandestin (No. 5294)
Andrew L. Magaziner (No. 5426)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
mnestor@ycst.com
kcoyle@ycst.com
mkandestin@ycst.com
amagaziner@ycst.com

-and-

Michael A. Rosenthal (NY No. 4697561)
Samuel A. Newman (CA No. 217042)
Jeremy L. Graves (CO No. 45522)
Matthew G. Bouslog (CA No. 280978)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
mrosenthal@gibsondunn.com
snewman@gibsondunn.com
jgraves@gibsondunn.com
mbouslog@gibsondunn.com

*Counsel to the Debtors and Debtors in Possession*

01:17131615.2