# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|   |   |
|---|---|
| In re: <br><br> THE STANDARD REGISTER COMPANY, *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case 15-10541 (BLS) <br> Jointly Administered <br><br> Re:  Docket No. 560 |

**LIMITED OBJECTION OF MORGAN ADHESIVES COMPANY, LLC D/B/A MACTAC TO DEBTORS' MOTION FOR ENTRY OF AN ORDER ESTABLISHING PROCEDURES TO (A) SETTLE AND SATISFY CLAIMS AGAINST CRITICAL VENDORS, (B) EFFECTUATE SETOFF AGREEMENTS WITH CREDITORS, AND (C) ESTABLISH PROCEUDURES TO SETTLE AND SATISFY CLAIMS ASSERTED UNDER SECTION 503(B)(9) OF THE BANKRUPTCY CODE**

Morgan Adhesives Company, LLC d/b/a MACtac ("MACtac"), a creditor and party-in-interest in these bankruptcy cases, by counsel, files this Limited Objection (the "Objection") to the Debtors' Motion for Entry of an Order Establishing Procedures to (A) Settle and Satisfy Claims Against Critical Vendors, (B) Effectuate Setoff Agreements with Creditors, and (C) Establish Procedures to Settle and Satisfy Claims Asserted Under Section 503(b)(9) of the Bankruptcy Code [Docket No. 560] (the "Motion"). In support of the Objection, MACtac states as follows:

## Introduction and Factual Background

1. Prior to the Petition Date, MACtac sold goods (the "Goods") to The Standard Register Company (the "Debtor") in the ordinary course of MACtac's business with the Debtor. The Goods were delivered to and received by the Debtor during the reclamation period

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

PAC 1192113v.1

prescribed by 11 U.S.C. § 546(c) and have a value of not less than $315,861.86. Accordingly, on March 30, 2015, MACtac filed its Notice of Reclamation Demand relating to the Goods, but none of the Goods were actually reclaimed by MACtac. MACtac's claim pursuant to 11 U.S.C. § 503(b)(9) totals approximately $310,163.36. On June 1, 2015 MACtac timely filed a proof of claim asserting its § 503(b)(9) claim: that claim has been assigned Claim Number 1309.

2. On May 11, 2015 the Debtor filed its Schedule F [Docket No. 477], identifying MACtac's claim as a "Contingent Trade Payable" owed in the amount of $303,079.44. It is unclear *why* MACtac's claim is listed as "contingent" because MACtac timely delivered all goods that the Debtor ordered from MACtac. As best as MACtac could tell from that cryptic reference in the Debtor's Schedule F, the Debtor appeared to be asserting that the amount that the Debtor owes MACtac is conditioned upon the amount of the "rebate" that that the Debtor believes that MACtac owes to the Debtor under an Addendum-MACtac Roll Label Incentive Agreement, dated January 22, 2014 (the "Rebate Agreement").

3. The Motion appears to confirm MACtac's suspicion that the Debtor seeks to use amounts that it claims are owing to the Debtor under rebate agreements to "pay" § 503(b)(9) claims. However, MACtac has several defenses to any invocation of the Rebate Agreement and, consequently, the Rebate Agreement cannot be used as a setoff or recoupment against MACtac's § 503(b)(9) claim.

4. Due process mandates that MACtac be afforded a forum and mechanism to assert its foregoing defenses.

5. On May 29, 2014 MACtac filed a limited objection (Docket No. 567) to the Debtors' motion to sell substantially all of their assets (the "Sale Motion"), so as to *inter alia*

preserve MACtac's defenses to any set off or recoupment claims that the Debtor might try to assert against MACtac.

6. The Sale Motion has not been granted and the sale has not yet occurred. Consequently, it is not clear who owns any alleged right of set off or recoupment against MACtac.

7. Although the Motion recites that it seeks entry of an order establishing a *procedure* for approval of such agreements, the proposed order attached to the Motion (the "Proposed Order") goes beyond establishment and approval of a process. Indeed, paragraphs 7-8 of the proposed order granting the Motion purport to affect substantive rights because they state, in pertinent part:

> 7. To the extent that the Debtors have a valid right of setoff and/or recoupment, the Debtors are authorized, in their sole discretion, to set off or recoup any valid claims to reduce a creditors' asserted (a) 503(b)(9) Claim, (b) other administrative expense claims, and/or (c) general unsecured claims.
> 8. To the extent any creditor holds a valid right to setoff with respect to any claims of the Debtors, the claimant is precluded from setting off such amounts (x) without the Debtors' consent, and (y) in a manner inconsistent with the Debtors' exercise of setoff or recoupment with respect to such amounts, without further order of the Court.

In addition, paragraph 6 of the Proposed Order grants relief from the automatic stay to the extent necessary to effectuate the relief granted in the Proposed Order.

### **Argument**

8. The Motion is premature because the Sale Motion has not been granted, the sale has not yet occurred, and it is not clear who owns any alleged right of set off or recoupment against MACtac.

9. Although the Debtor cites *In re ADI Liquidation, Inc.*, No. 14-12092 (KJC) (Bankr. D. Del. May 20, 2015) for the proposition that a debtor can set off prepetition credits against § 503(b)(9) claims, paragraph 2 of Judge Carey's May 20, 2015 order in *ADI* expressly provides creditors with a forum and mechanism to assert defenses to the set off or recoupment that the debtor proposed to implement, as follows:

> 2. To the extent that the Debtors have a valid right of setoff and/or recoupment **(in an amount agreed to by the claimant or determined by the Court)** and to the extent the Debtors own such Credits (with such ownership of Credits as between the Debtors and C&S to be determined by the Court), the Debtors are authorized, in their sole discretion, to setoff or recoup any valid Credits to reduce secured claims, §503(b)(9) claims, other administrative expense claims and/or general unsecured claims asserted by the claimant against the Debtors.

(Emphasis added.)

10. Unlike Judge Carey's order in *ADI*, the Proposed Order does not condition the amount of any proposed set off or recoupment upon either (i) agreement of the creditor or (ii) determination by the Court. Instead, paragraph 7 of the Proposed Order is silent on the issue of *how* the amount or validity of any proposed set off or recoupment is to be determined. In fact, the Proposed Order purports to give the Debtors a blanket authorization, *in their sole discretion*, to set off or recoup any valid claims to reduce a creditor's § 503(b)(9) claim, without any mechanism for the creditor or the Court to determine, *inter alia*: (i) who owns any alleged right of setoff or recoupment, and/or (ii) the validity or correct amount of any asserted setoff or recoupment that the Debtor seeks to invoke.

11. MACtac is concerned that the Debtor will interpret that silence as authorizing the Debtor to unilaterally decide the alleged validity and amount of the set off or recoupment that the Debtor seeks to force upon MACtac in "payment" of amounts owed to MACtac pursuant to 11 U.S.C. § 503(b)(9). Such a result deprives MACtac of its due process rights to raise its defenses

to any invocation of the Rebate Agreement to "pay" MACtac's § 503(b)(9) claim via setoff or recoupment.

12. The Proposed Order also creates an "uneven playing field" insofar as paragraph 6 thereof grants relief from the automatic stay to summarily effect setoffs/recoupment that the Debtor considers to be valid while, at the same time, paragraph 8 of the Proposed Order stays creditors from invoking their rights of setoff against the Debtors without further order of the Court if the creditor's seeks to invoke a setoff without the Debtor's consent, or in a manner inconsistent with how the Debtor wishes to exercise its perceived rights of setoff or recoupment. This is patently unfair.

13. MACtac reserves the right to supplement and/or amend this objection, to join in objections filed by others, and to raise objections at the hearing.

WHEREFORE, MACtac respectfully requests that the Court enter an order that:

A. Denies the Motion because it is premature, or

B. Conditions entry of the Proposed Order upon inclusion of the following proposed language: "<u>Morgan Adhesives Company, LLC d/b/a MACtac:</u> Notwithstanding anything contained herein to the contrary (including, without limitation, paragraphs 6, 7 or 8 of this Order) the entry of this Order does not entitle any of the Debtors (or any purchaser of any assets of any of the Debtors) to setoff or recoup any claim against MACtac without MACtac's prior written consent or a separate order of this Court (entered after MACtac has been given appropriate notice and an opportunity to be heard) as to the validity and/or amount of such setoff or recoupment."

MACtac also requests such other and further relief as this Court deems proper.

Dated: June 9, 2015
Wilmington, Delaware

**POTTER ANDERSON & CORROON LLP**

*/s/ Etta R. Mayers*

Jeremy W. Ryan (DE Bar No. 4057)
Etta R. Mayers (DE Bar No. 4164)
1313 North Market Street, Sixth Floor
P.O. Box 951
Wilmington, DE 19899-0951
Telephone: (302) 984-6000
Facsimile: (302) 658-1192

-and-

**HOWARD & HOWARD ATTORNEYS PLLC**
Mark A. Bogdanowicz
One Technology Plaza, Suite 600
Peoria, IL 61602
Phone: (309)999-6320
Facsimile: (309) 672-1568

*Counsel to Morgan Adhesives Company, LLC d/b/a MACtac*