IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| **THE STANDARD REGISTER** ) | Case No. 15-10541 (BLS) |
| **COMPANY**, *et al.*,[1] ) | |
| ) | Jointly Administered |
| *Debtors.* ) | |
| ) | Hearing Date: June 17, 2015 at 10:00 a.m. (ET) |
| ) | Objection Deadline: June 10, 2015 at 4:00 p.m. (ET) |
| ) | **Re: Docket No. 560** |

### LIMITED OBJECTION OF AVERY DENNISON CORPORATION TO DEBTORS' MOTION FOR ENTRY OF AN ORDER ESTABLISHING PROCEDURES TO (A) SETTLE AND SATISFY CLAIMS AGAINST CRITICAL VENDORS, (B) EFFECTUATE SETOFF AGREEMENTS WITH CREDITORS, AND (C) ESTABLISH PROCEDURES TO SETTLE AND SATISFY CLAIMS ASSERTED UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE

Avery Dennison Corporation ("Avery Dennison"), by and through counsel, respectfully objects on a limited basis (this "Objection") to the Motion for Entry of an Order Establishing Procedures to (a) Settle and Satisfy Claims Against Critical Vendors, (b) Effectuate Setoff Agreements with Creditors, and (c) Establish Procedures to Settle and Satisfy Claims Asserted under Section 503(b)(9) of the Bankruptcy Code (ECF Doc. 560, the "Motion")[2] filed by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"). In support of this Objection, Avery Dennison respectfully states as follows:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2] Capitalized terms not defined in this Objection shall have the meanings given to such terms in the Motion.

7879234/

**BACKGROUND**

1.      Avery Dennison (through its Label and Packaging Materials – North America division) sells label stock and other goods to debtor The Standard Register Company ("Standard Register"). Avery Dennison and Standard Register, along with Standard Register's "subsidiary" Workflow One, LLC,[3] are parties to a certain Confidential 2013 – 2016 Supply Agreement dated August 1, 2013 (the "Agreement"). As of the filing of this Objection, Avery Dennison holds valid post-petition, section 503(b)(9) and general unsecured trade claims against Standard Register.

2.      On March 12, 2015 (the "Petition Date"), the Debtors commenced these jointly administered cases under chapter 11 of the Bankruptcy Code. On May 27, 2015, the Debtors filed the Motion. The Motion seeks an Order establishing streamlined procedures for the settlement of: (i) critical vendor claims; (ii) claims asserted under section 503(b)(9) of the Bankruptcy Code; and (iii) the setoff and recoupment rights of the Debtors.

3.      In addition to seeking approval of the Procedures, the Motion may seek a conclusion of law that the Debtors are entitled to unilaterally apply any "valid" setoff or recoupment rights, at their discretion, against administrative claims (including 503(b)(9) Claims) before applying such rights against general unsecured claims.

**OBJECTION**

4.      Avery Dennison does not object to the approval of the Procedures. However, Avery Dennison objects to the Motion to the extent it seeks a conclusion of law of any kind or otherwise affects the substantive rights and remedies of Avery Dennison or the setoff and recoupment rights of the Debtors. Avery Dennison's position is that no rebates or any other

---

[3] The Agreement identifies Workflow One, LLC as a subsidiary of Standard Register. On information and belief, Workflow One, LLC is merely a division of Standard Register.

7879234/

amounts are owed or will be owed by Avery Dennison to the Debtors under the Agreement or otherwise.  As a result, the Debtors have no setoff or recoupment rights to apply to Avery Dennison's post-petition, section 503(b)(9) and general unsecured trade claims against Standard Register.  Nevertheless, this Limited Objection is being filed out of an abundance of caution.

5. While the Motion purports to be solely procedural in nature, the proposed Order accompanying the Motion includes the following two provisions:

> 7. To the extent that the Debtors have a valid right of setoff and/or recoupment, the Debtors are authorized, in their sole discretion, to set off or recoup any valid claims to reduce a creditor's asserted (a) 503(b)(9) Claim, (b) other administrative expense claims, and/or (c) general unsecured claims.
>
> 8. To the extent any creditor holds a valid right to setoff with respect to any claims of the Debtors, the claimant is precluded from setting off such amounts (x) without the Debtors' consent, and (y) in a manner inconsistent with the Debtors' exercise of setoff or recoupment with respect to such amounts, without further order of the Court.

6. The purpose and meaning of paragraphs 7 and 8 of the proposed Order are unclear.  Within the procedural context of the Motion, paragraph 7 can be interpreted as simply authorizing the Debtors to settle their claims against a given creditor (on a consensual basis) by setting off such claims against the creditor's administrative expense claims prior to such creditor's general unsecured claims.  Standing alone, paragraph 7 can be interpreted as a conclusion of law that the Debtors are entitled to unilaterally apply their "valid" setoff or recoupment rights, at their discretion, against a creditor's administrative claims (including 503(b)(9) Claims) before applying such rights against such creditor's general unsecured claims.

7. Likewise, paragraph 8 can be interpreted as simply enjoining the Debtors' creditors from exercising their setoff rights without first obtaining an Order from the Court.  Alternatively, paragraph 8 can be interpreted as enjoining the Debtors' creditors, absent a further

Order of the Court, from disputing the Debtors' unilateral application of their "valid" setoff and recoupment rights.

8. The combined effect of paragraphs 7 and 8 of the proposed Order is also unclear. Taken together, paragraphs 7 and 8 can be interpreted as simply preserving the status quo while the Debtors attempt to settle critical vendor claims, 503(b)(9) Claims and setoff and recoupment rights. Alternatively, taken together, paragraphs 7 and 8 can be interpreted as establishing a presumption that the Debtors can unilaterally apply their "valid" setoff or recoupment rights, at their discretion, against administrative expense claims and that creditors must obtain an Order to change the Debtors' chosen application.

9. In addition, the Motion's proposed Order does not provide procedures for or otherwise describe how the Debtors must establish a "valid right of setoff and/or recoupment" as contemplated by paragraph 7. In fact, if the Debtors' setoff and recoupment rights are established by contract, then such contract may restrict (or indeed eliminate) the Debtors' ability to apply such rights in the manner of the Debtors' choosing. The Motion simply ignores this possibility.

10. Avery Dennison objects to the Motion to the extent it seeks a conclusion of law of any kind or otherwise affects the substantive rights and remedies of Avery Dennison. If the Debtors wish to resolve legal issues that they believe are common to critical vendor claims, 503(b)(9) Claims and setoff and recoupment rights, then the Debtors should file a separate Motion (with a separate briefing schedule) seeking a resolution of such common issues.

11. Again, no rebates or any other amounts are owed or will be owed by Avery Dennison to the Debtors under the Agreement or otherwise, and therefore the Debtors have no setoff or recoupment rights to apply to Avery Dennison's post-petition, section 503(b)(9) and

general unsecured trade claims against Standard Register.  Nevertheless, for the reasons set forth above, Avery Dennison objects, on a limited basis, to the Motion.

12. Avery Dennison continues to communicate with the Debtors regarding the Motion, the Stalking Horse APA and the sale process generally.  Due to the pending objection deadline, Avery Dennison has filed this Objection out of an abundance of caution to preserve all of its rights and remedies under the Agreement and applicable law and all possible objections to the Motion.  Avery Dennison reserves all rights to amend and/or supplement this Objection.

WHEREFORE, Avery Dennison Corporation respectfully requests that the Court deny the relief requested by the Debtors in the Motion or grant such other and further relief as is just and appropriate.

Dated: June 10, 2015

**MORRIS JAMES LLP**

*/s/ Brett D. Fallon*
Brett D. Fallon (DE No. 2480)
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE  19899-2306
Tel:  (302) 888-6800
Fax:  (302) 571-1750
Email:  bfallon@morrisjames.com

-and-

**FRANTZ WARD LLP**
John F. Kostelnik  (Ohio Bar # 0014919)
Timothy J. Richards (Ohio Bar # 0078198)
200 Public Square, Suite 3000
Cleveland, OH  44114-1230
Tel: (216) 515-1660
Fax: (216) 515-1650 (fax)
Email:  jkostelnik@frantzward.com
         trichards@frantzward.com

*Attorneys for Avery Dennison Corporation*