IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE STANDARD REGISTER COMPANY, *et al.*[1] | ) ) | Case No. 15-10541 (BLS) |
| | ) | Jointly Administered |
| Debtors. | ) ) | |
| | ) | **Re: Docket No. 559** |

**LIBERTY MUTUAL INSURANCE COMPANY'S OBJECTION TO
SUPPLEMENT TO DEBTORS' MOTION FOR (I) AN ORDER (A)
ESTABLISHING SALE PROCEDURES RELATING TO THE SALE OF
SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS; (B) APPROVING
BID PROTECTIONS; (C) ESTABLISHING PROCEDURES RELATING
TO THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY
CONTRACTS AND UNEXPIRED LEASES, INCLUDING NOTICE OF
PROPOSED CURE AMOUNTS; (D) APPROVING FORM AND MANNER
OF NOTICE OF ALL PROCEDURES, PROTECTIONS, SCHEDULES,
AND AGREEMENTS; (E) SCHEDULING A HEARING TO CONSIDER
THE PROPOSED SALE; AND (F) GRANTING CERTAIN RELATED
RELIEF; AND (II) AN ORDER (A) APPROVING THE SALE OF
SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS AND (B)
AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF
CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES
<u>IN CONNECTION WITH THE SALE (THE "SUPPLEMENT")</u>**

Liberty Mutual Insurance Company ("<u>Liberty</u>") hereby objects to the Supplement[2] [ECF No. 559], and respectfully states as follows:

## BACKGROUND

1. On March 12, 2015, the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "<u>Petition Date</u>").

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in the Supplement.

#10866 v1

2.     That same day, the Debtors filed a motion to approve procedures relating to: (a) the sale of substantially all of their assets (the "Sale"), and (b) the assumption and assignment of executory contracts and unexpired leases [ECF No. 23] (the "Sale Motion"). Attached to the Sale Motion was an Asset Purchase Agreement (the "Stalking Horse APA") which the Debtors entered into prepetition with a group led by an affiliate of Silver Point Capital, L.P., as the buyer and stalking horse bidder (the "Stalking Horse").

3.     On April 15, 2015, this Court entered an order approving the Sale Motion [ECF No. 286] (the "Sales Procedures Order"). A hearing on the Sale is scheduled for June 17, 2015 (the "Sale Hearing").

4.     On April 17, 2015, the Debtors filed a Notice of (I) Entry Into Stalking Horse Agreement and (II) Potential Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale of Substantially All of the Debtors' Assets [ECF No. 307] (the "Notice"). In the Notice, the Debtors sought to potentially assume and assign a "Workers Compensation and Employers Liability [sic] Insurance Policy" to which Liberty is party (the "Policy"), and asserted that no ($0.00) cure amount was owed.

5.     On May 8, 2015, Liberty timely objected to the Notice on the following grounds – (a) the Policy cannot be assumed without Liberty's consent (which Liberty did not provide), (b) the Debtors' proposed cure amount was inaccurate, and (c) the Debtors failed to provide adequate assurance of future performance [ECF No. 436] (the "Assignment Objection").[3]

6.     On May 27, 2015, the Debtors filed the Supplement, pursuant to which the Debtors seek to amend the Sale Procedures Order by providing the Stalking Horse ninety (90) additional days to determine which contracts and leases to assume.

---

[3]     The parties have since reconciled the cure amount.

## OBJECTION

### A.  The Relief Sought in the Supplement is Prejudicial to Liberty

7. The Debtors seek to amend the Sales Procedures Order to provide the Stalking Horse an additional three months after the closing of the Sale to decide whether to assume or reject executory contracts and unexpired leases.[4] While Liberty does not oppose a brief extension, it opposes any extension of the deadline beyond the date the Sale closes.

8. As explained in the Assignment Objection, any proposed assignment of the Policy by the Debtors is invalid because (a) Liberty has not consented to such assignment, (b) the Policy expressly states that the Debtor may not assign the Policy without Liberty's written consent, and (c) such anti-assignment provisions are enforceable under non-bankruptcy law. See, e.g., Allied Corp. v. Frola, 1992 U.S. Dist. LEXIS 15778, at *14 (D.N.J. 1992) ("A policy of insurance is a contract of indemnity, personal to the party to whom it is issued . . . it cannot be transferred to a third person so as to be valid in his hands against the insurer, without the insurer's consent."); Mercedes-Benz of W. Chester v. Am. Family Ins., 2010 Ohio App. LEXIS 1898, *19 (Ohio Ct. App. May 24, 2010) ("Because an insurance policy is a contract between an insured and the insurer, we will not disturb the plain language of the contract . . . Since [the insurer] did not consent to the assignment, any attempt to assign interest in the policy is invalid").

9. Liberty's right to oppose assignment of the Policy protects Liberty by: (i) preventing a stranger to the Policy from reaping its benefits without satisfying the insured's obligations; (ii) preserving the business relationship that gave rise to the Policy; (iii) ensuring that the risk contemplated by the Policy is not expanded; and (iv) protecting Liberty's right to settle or try cases and to enforce the insured's duty of cooperation in connection with the

---

[4] Liberty understands that the Stalking Horse requested that the Debtors file the Supplement, and that no other potential bidder has requested the relief sought in the Supplement. See Objection of the Official Committee of Unsecured Creditors to the Proposed Sale of Substantially All of the Debtors' Assets [ECF No. 580], pp. 13, 40.

investigation and assignment of any loss. If the deadline to assume or reject the Policy is extended beyond the date the Sale closes, Liberty could be forced to provide insurance to a stranger to the Policy, in contravention of its rights thereunder.

10. Accordingly, Liberty objects to the Supplement.

## RESERVATION OF RIGHTS

11. Liberty reserves its right to amend and/or supplement this objection. Liberty expressly reserves its right to raise additional or further objections at the hearing on the Supplement. Nothing contained herein shall constitute a waiver of any of Liberty's rights and remedies.

## CONCLUSION

**WHEREFORE**, Liberty respectfully requests that this Court deny the Supplement and grant Liberty such further relief as may be just and proper.

Dated: June 10, 2015

SEITZ, VAN OGTROP & GREEN, P.A.

/s/ R. Karl Hill
R. Karl Hill, Esq. (DE #2747)
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE
Telephone: (302) 888-0600
Facsimile: (302) 888-0606

-and-

Douglas R. Gooding, Esq.
Gregory A. Kopacz, Esq.
CHOATE HALL & STEWART LLP
Two International Place
Boston, MA 02110
Telephone: (617) 248-5000
Facsimile: (617) 248-4000