IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| THE STANDARD REGISTER | § | Case No. 15-10541 (BLS) |
| COMPANY, *et al.*[1] | § | |
| | § | (Jointly Administered) |
| Debtors. | § | |
| | § | Re:  Docket Nos. 23, 286, 307 and 356 |

## LIMITED OBJECTION TO NOTICE, AND AMENDED NOTICE, OF (I) ENTRY INTO STALKING HORSE AGREEMENT AND (II) POTENTIAL ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS

**COMES NOW** ColFin Cobalt I-II Owner, LLC and ColFin Cobalt III Owner, LLC (together referred to singularly as "**ColFin**") and files this, its Limited Objection to Notice, and Amended Notice, of (I) Entry Into Stalking Horse Agreement and (II) Potential Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection With the Sale of Substantially All of the Debtors' Assets ("**Objection**") and, in support thereof, would respectfully show unto the Court as follows:

1.      On March 12, 2015 ("**Petition Date**"), The Standard Register Company and its affiliated debtors and debtors-in-possession (collectively, "**Debtors**"), after filing their respective bankruptcy petitions, filed a Motion for (I) an Order (A) Establishing Sale Procedures Relating

---

[1]     The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001).  The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

**LIMITED OBJECTION TO NOTICE, AND AMENDED, NOTICE, OF (I) ENTRY INTO STALKING HORSE AGREEMENT AND (II) POTENTIAL ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH SALE OF SUBSTANTIALLY ALL OF THE DEBTORS ASSETS**                                                    **Page 1**

to the Sale of Substantially All of the Debtors' Assets; (B) Approving Bid Protections; (C) Establishing Procedures Relating to the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, Including Notice of Proposed Cure Amounts; (D) Approving Form and Manner of Notice of All Procedures, Protections, Schedules, and Agreements; (E) Scheduling a Hearing to Consider the Proposed Sale; and (F) Granting Certain Related Relief; and (II) an Order (A) Approving the Sale of Substantially All of the Debtors' Assets and (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale ("**Sale Motion**") (**Dkt.023**).  In their Sale Motion, the Debtors sought approval to establish bid procedures and bid protections, hold an auction and to approve a sale of their business operations.

2.     On April 15, 2015, the Court entered its Order (**Dkt.286**), approving, among other things, the procedures for assumption and assignment of the various executory contracts and unexpired leases and scheduling a sale hearing for June 17, 2015.

3.     On May 8, 2015, the Court entered its Order establishing the Bar Dates and related procedures for filing Proofs of Claims (**Dkt.449**).

4.     On May 27, 2015, the Debtors filed a Supplement to their Sale Motion, setting forth "Additional Assumption and Assignment Procedures" (**Dkt.559**) ("**Supplemental Sale Motion**").

5.     ColFin is the landlord currently holding two unexpired, non-residential real property leases with Debtors for properties located in Denver, Colorado and St. Louis, Missouri.

6.     The Supplemental Sale Motion purports to establish a revised procedure for assumption or rejection of contracts and leases.  Under the revised procedure, the Buyer is required to deliver a list of Potential Contracts to the Debtors.  Later, Potential Contracts can be

removed from the list and designated as a Removed Contract, or designated as a Post-Closing Transferred Contract. If a contract is not on the Post-Closing Transferred Contract list after the Asset Review Period, it is deemed as a Removed Contract.

7. ColFin objects only to the method of delivery of the written notice for the listing of the assumption and/or rejection of executory contracts or unexpired leases. The Supplemental Sale Motion does not require that the lists containing the Removed Contracts and/or Post-Closing Transferred Contracts be filed with the Court. Instead, Paragraph 12.a requires the Buyer to deliver notice to each potential counterparty. The method of service is not specified in Paragraph 12.a, but is in Paragraphs 12.g. and 12.h. ColFin would request that Debtors be required to file a list of the Potential Contracts, as well as the Removed and/or Post-Closing Transferred Contracts, with the Court so that the parties can readily ascertain the status of any contract and/or unexpired lease. This is particularly important because under Paragraph 12.j. of the Supplemental Sale Motion, the rejection damage bar date is established at twenty-one (21) days after the delivery of the notice. Since the lists are not filed, the parties must depend on the receipt of a notice (which could be misplaced or sent to an incorrect person) to determine the rejection damage bar date.

8. In addition, Paragraph 14 of the Order establishing the bar dates and related procedures for filing Proofs of Claims specifies the bar date as "thirty (30) days" from delivery of the notice (Dkt.449;P.7). This is inconsistent with the new 21-day deadline specified in the Supplemental Sale Motion. The proposed rejection deadline should be consistent.

9. Additionally, ColFin would join in any objections filed by any other contract counterparty that is not inconsistent with this Objection, and ColFin reserves the right to amend this Limited Objection if need be.

**WHEREFORE, PREMISES CONSIDERED,** ColFin Cobalt I-II Owner, LLC and ColFin Cobalt III Owner, LLC prays:

1. that the Court take note of its Limited Objection to the Sale Order and Supplemental Sale Order filed by Debtors and, in particular, to the Additional Assumption and Assignment Procedures;

2. that the Court order that the written notice of lists for the assumption and/or rejection of executory contracts or unexpired leases be filed with the Court;

3. that the Court modify the claims bar date to be consistent with the previously set rejection bar date; and

4. for such other and further relief as it may show itself to be justly entitled.

Respectfully submitted,

SINGER & LEVICK, P.C.

By: /s/ Michelle E. Shriro
Michelle E. Shriro
Delaware Bar No. 3219

16200 Addison Road, Suite 140
Addison, Texas 75001
Phone: 972.388.5533
Fax: 972.380.5748
Email: mshriro@singerlevick.com

ATTORNEYS FOR COLFIN COBALT I-II OWNER, LLC
AND COLFIN COBALT III OWNER, LLC

# CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the foregoing document has been electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District, as well as to the parties listed below via email as required by the Court's Order (Dkt.286), on this 10th day of June, 2015.

| **Counsel for Debtors:**<br>Gibson, Dunn & Crutcher LLP<br>200 Park Avenue<br>New York, NY 10166<br>Attn: Barbara Becker<br>Via Email: bbecker@gibsondunn.com<br>Attn: Michael A. Rosenthal<br>Via Email: mrosenthal@gibsondunn.com<br><br>**and**<br><br>Young Conaway Stargatt & Taylor LLP<br>1000 North King Street<br>Wilmington DE 19081<br>Attn: Michael R. Nestor<br>Via Email: mnestor@ycst.com | **Counsel for Pre-Petition ABL**<br>**Agent and ABL DIP Agent:**<br>Parker, Hudson, Rainer & Dobbs LLP<br>1500 Marquis Two Tower<br>285 Peachtree Center Avenue<br>Atlanta, GA 30303<br>Attn: C. Edward Dobbs<br>Via Email: ced@phrd.com<br>James S. Rankin, Jr.<br>Via Email: jsr@phrd.com<br><br>**and**<br><br>Richards Layton & Finger<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801<br>Attn: Mark D. Collins<br>Via Email: Collins@rlf.com |
|---|---|
| **Counsel for Stalking Horse**<br>**and Pre-Petition Term Loan Agent:**<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>155 N. Wacker Drive<br>Chicago, IL 60606<br>Attn: Ron Meisler<br>Via Email: ron.meisler@skadden.com<br>Attn: Christopher M. Dressel<br>Via Email: christopher.dressel@skadden.com | **Counsel to the Committee:**<br>Lowenstein Sandler LLP<br>1251 Avenue of the Americas<br>New York, NY 10020<br>Attn: Sharon L. Levine<br>Via Email: slevine@lowenstein.com<br>Wojciech Jung<br>Via Email: wjung@lowenstein.com |

            /s/Michelle E. Shriro
            Michelle E. Shriro