**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, *et al.*,[1] | Case No. 15-10541 (BLS) |
| Debtors. | (Jointly Administered) |
| | Re: Docket Nos. 560, 639, 646, 657, 658 |

**DEBTORS' OMNIBUS REPLY TO OBJECTIONS TO DEBTORS' MOTION FOR ENTRY OF AN ORDER ESTABLISHING PROCEDURES TO (A) SETTLE AND SATISFY CLAIMS AGAINST CRITICAL VENDORS, (B) EFFECTUATE SETOFF AGREEMENTS WITH CREDITORS, AND (C) ESTABLISH PROCEDURES TO SETTLE AND SATISFY CLAIMS ASSERTED UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE**

The Standard Register Company and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") hereby submit this omnibus reply (this "Reply") to the objections to, and in further support of, the *Debtors' Motion For Entry of an Order Establishing Procedures To (A) Settle and Satisfy Claims Against Critical Vendors, (B) Effectuate Setoff Agreements With Creditors, and (C) Establish Procedures* [D.I. No. 560] (the "Setoff Motion")[2] and respectfully represent as follows:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Setoff Motion.

**PRELIMINARY STATEMENT**

1. The Setoff Motion seeks, among other things, to establish procedures to settle and satisfy claims asserted against the Debtors pursuant to section 503(b)(9) of the Bankruptcy Code (the "503(b)(9) Claims").

2. The Debtors received four formal objections to the Setoff Motion. The Debtors have also received one informal objection which has been resolved by the insertion of additional language in a revised form of order (the "Revised Order"). As described below, the Debtors believe the clarifications they have made to the Revised Order, a copy of which is attached as Exhibit A hereto, address the substantive concerns raised by the objecting parties; to the extent such parties remain opposed to the relief requested, the Debtors respectfully submit that such objections are without merit and should be overruled. A blackline comparing the Revised Order against the proposed form of order annexed to the Setoff Motion (the "Proposed Order") is attached as Exhibit B hereto.

**BACKGROUND**

**A.** *The Setoff Motion*

3. On May 27, 2015, the Debtors filed the Setoff Motion seeking, among other things, to establish procedures to settle and satisfy the 503(b)(9) Claims. As described in the Setoff Motion, given the volume of goods received by the Debtors during the 20-day period prior to the Petition Date, the treatment and satisfaction of 503(b)(9) Claims is an important issue in these Chapter 11 Cases. The Asset Purchase Agreement dated March 12, 2015, which contemplates the sale of substantially all of the Debtors' assets (the "Sale"), specifically provides that the buyer will assume liability for the 503(b)(9) Claims, subject to certain limits on overall assumed liabilities. It is necessary, therefore, that the Debtors establish procedures to settle and pay 503(b)(9) Claims after the Sale.

B.   *Objections to the Setoff Motion*

    4.    The following four objections to the Setoff Motion were filed:

    a. Limited Objection of Morgan Adhesives Company [D.I. 639] (the "MACtac Objection");

    b. Limited Objection of Avery Dennison Corporation [D.I. 646] (the "Avery Dennison Objection");

    c. Joinder of International Paper Company [D.I. 657] (the "International Paper Objection"); and

    d. Joinder of Leedsworld, Inc., Bullet Line, LLC and Timeplanner Calendars, Inc. [D.I. 658] (the "Leedsworld Objection").

The MACtac Objection, the Avery Dennison Objection, the International Paper Objection and the Leedsworld Objection, are collectively referred to herein as the "Objections."

    5.    The Debtors also received comments to the proposed form of order from the Committee and, in response thereto, agreed to provide the Committee with consultation rights, as set forth in the Revised Order, when implementing the relief requested (if and once approved).[3]

## OMNIBUS REPLY

A.   **The Debtors Never Intended to Unilaterally Determine the Amount of Their Claims**

    6.    The Objections primarily address Paragraph 7 of the Proposed Order and argue that it is unclear how setoff and/or recoupment rights are to be determined. The paragraph in question would authorize the Debtors to exercise "valid" setoff/recoupment rights, but, as initially proposed, did not address how it will be determined that such rights are, in fact, valid. The Debtors never intended to deprive any counterparties of their due process or other rights related to a determination of any amounts owed to the Debtors by such parties. Accordingly, in

---

[3] The Revised Order also memorializes a resolution reached by and between the Debtors and Georgia-Pacific Consumer Products LP ("Georgia-Pacific") in response to an informal objection received from Georgia-Pacific.

3

an effort to resolve the Objections, the Debtors have revised Paragraph 7 in the manner set forth in the Revised Order, which now includes the bold language below:

> To the extent that the Debtors have a valid right of setoff and/or recoupment **(in an amount agreed to by the claimant or determined by the Court)**, the Debtors are authorized, in their sole discretion, to setoff or recoup any valid Credits to reduce secured claims, §503(b)(9) claims, other administrative expense claims and/or general unsecured claims asserted by the claimant against the Debtors.

7. This additional language clarifies that the Debtors will not be authorized to unilaterally determine the amount of an individual 503(b)(9) Claim or the amount of any setoff or recoupment claim held by the Debtors. With this revised language, the Debtors believe that they have adequately addressed the primary argument raised in the Objections.

**B.  The Proposed Order Does Not Create an Uneven Playing Field as it Complies with the Express Provisions of the Bankruptcy Code**

8. The MACtac Objection argues that the Proposed Order creates an "uneven playing field" with respect to relief from the automatic stay, which MACtac claims is "patently unfair." MACtac Obj. at ¶ 12. The argument is based on language in Paragraph 6 of the Proposed Order which grants relief from the automatic stay to effect setoffs/recoupment that the Debtors consider to be valid, while Paragraph 8 of the Proposed Order stays creditors from invoking their rights of setoff against the Debtors without further order of the Court.

9. While the Debtors do not dispute that the Debtors and creditors will be treated differently with respect to the stay, it is not the Proposed Order that creates this disparity; *rather*, the Bankruptcy Code *itself* mandates disparate treatment as between a debtor's setoff rights and those of a creditor. *See In re ADI Liquidation, Inc.*, No. 14-12092 (KJC) (Bankr. D. Del. May 20, 2015) [Docket No. 2098] [hereinafter referred to as "*ADI*"] (addressing the issue of whether

4

a debtor can choose to set off 503(b)(9) claims ahead of prepetition claims).[4]  The court in *ADI* flatly rejected the same argument MACtac makes regarding the uneven playing field between debtors and creditors with respect to setoff rights:

> The Bankruptcy Code does not treat a debtor's and creditor's right to setoff equally. Allowing the Debtors to offset postpetition claims, while restricting a creditor's setoff rights, is consistent with the plain language of the [Bankruptcy] Code and furthers the goals and objectives of the [Bankruptcy] Code.

*Id*.

10. Accordingly, the MACtac Objection is misplaced. The Bankruptcy Code expressly provides for the "uneven playing field" that MACtac disputes, and the Setoff Motion and the Proposed Order merely follow the Bankruptcy Code and precedential interpretation thereof. Accordingly, the Debtors respectfully submit that the MACtac Objection should be overruled.

**C.   Case Law Supports Authorizing the Debtors to Set Off Against Section 503(b)(9) Claims First, in Their Discretion**

11. The International Paper Objection and the Leedsworld Objection assert that there is no legal basis whereby the Court can permit the Debtors to set off against the 503(b)(9) Claims instead of against general unsecured claims.

12. This assertion is incorrect. The court in *ADI* not only permitted that exact procedure, but expressly affirmed a debtor's right to set off initially against administrative expense claims. *Id*. at 7.

> I agree . . . that applicable case law, the Bankruptcy Code, and equitable considerations support the position that the Debtors may apply their setoff or recoupment rights, at their discretion, against secured claims, administrative claims (including the §503(b)(9) Claims), or general unsecured claims.

---

[4] A copy of Judge Carey's memorandum opinion in *In re ADI Liquidation, Inc.*, issued on May 5, 2015, is attached hereto as Exhibit C.

*Id*. at 7.

13. The Debtors submit that Judge Carey's reasoning in *ADI* was appropriate and should guide this Court's decision with respect to the Setoff Motion. As such, the International Paper Objection and the Leedsworld Objection should be overruled.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that the Court (i) overrule the Objections, (ii) grant the relief requested in the Setoff Motion on the terms set forth in the Revised Order attached hereto as <u>Exhibit A</u>, which will be tendered at the June 17, 2015 hearing, and (iii) grant such other and further relief as the Court deems just and proper.

Dated: June 12, 2015
Wilmington, Delaware

      /s/ *Andrew L. Magaziner*
Michael R. Nestor (No. 3526)
Kara Hammond Coyle (No. 4410)
Maris J. Kandestin (No. 5294)
Andrew L. Magaziner (No. 5426)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
mnestor@ycst.com
kcoyle@ycst.com
mkandestin@ycst.com
amagaziner@ycst.com

-and-

Michael A. Rosenthal (NY No. 4697561)
Samuel A. Newman (CA No. 217042)
Jeremy L. Graves (CO No. 45522)
Matthew G. Bouslog (CA No. 280978)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
mrosenthal@gibsondunn.com
snewman@gibsondunn.com
jgraves@gibsondunn.com
mbouslog@gibsondunn.com

*Counsel to the Debtors and Debtors in Possession*