UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------x
:
In re                                              :      Chapter 11
:
THE STANDARD REGISTER COMPANY,   :      Case No. 15-10541 (BLS)
   *et al.*,                                       :      Objection Deadline: July 2, 2015
:                              at 4:00 p.m. (ET)
Debtor.[1]                                         :
:
---------------------------------------------------x

# FIRST MONTHLY APPLICATION OF ZOLFO COOPER, LLC, FINANCIAL AND FORENSIC ADVISORS TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF STANDARD REGISTER, FOR ALLOWANCE OF INTERIM COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES FOR THE PERIOD MARCH 24, 2015 THROUGH APRIL 30, 2015

| | |
|---|---|
| Name of applicant (the "Applicant"): | Zolfo Cooper, LLC |
| Authorized to provide professional services to: | Official Committee of Unsecured Creditors of The Standard Register Company |
| Date of retention: | *Nunc Pro Tunc* to March 24, 2015 |
| Period for which compensation and reimbursement is sought: | March 24, 2015 through April 30, 2015 |
| Amount of compensation sought as actual, reasonable and necessary: | $ 401,830.50 |
| Amount of payment sought: | $ 321,464.40 (80% of $401,830.5) |
| Amount of expense reimbursement sought as actual, reasonable and necessary: | $ 9,014.16 |

Type of Application:   Monthly  X   Interim ___   Final ___

Is this a first monthly application?   Yes  X   No___   _____

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

## SUMMARY OF HOURS AND FEES BY PROFESSIONAL

| PROFESSIONAL | TITLE | RATE(1) | TOTAL HOURS DURING PERIOD | TOTAL FEES DURING PERIOD |
|---|---|---|---|---|
| David MacGreevey | Managing Director | $795 | 116.0 | $83,594.25 |
| Richard Collura | Managing Director | $775 | 0.6 | $465.00 |
| Charlie Carnaval | Senior Director | $770 | 8.0 | $6,160.00 |
| Bret Fernandes | Senior Director | $770 | 46.7 | $35,959.00 |
| Mark Cervi | Director | $585 | 243.9 | $138,323.25 |
| Raymond Li | Director | $550 | 25.8 | $14,190.00 |
| Corbin Butcher | Associate | $395 | 185.7 | $73,351.50 |
| Eugene Lavrov | Associate | $395 | 97.6 | $34,997.00 |
| Andrew Gern | Analyst | $265 | 27.6 | $7,314.00 |
| Elizabeth Kardos | Counsel | $490 | 2.3 | $1,127.00 |
| **Subtotal for Professionals** | | | 754.2 | $395,481.00 |
| Laurie Verry | Paralegal | $255 | 24.9 | $6,349.50 |
| **Total** | | | 779.1 | 401,830.5 |

(1) Travel time rates are reduced by 50%

Average Billing Rate $ 515.76
Monthly Bill @ 80% $ 321,464.40

## SUMMARY OF HOURS AND FEES BY PROJECT CATEGORY

| PROJECT CODE | PROJECT CATEGORY | TOTAL HOURS DURING PERIOD | TOTAL FEES DURING PERIOD |
|---|---|---|---|
| 1 | Planning & Coordination/ Case Management | 9.8 | $6,570.00 |
| 2 | 363 Sale Process | 3.4 | $2,493.00 |
| 3 | Meetings with UCC Members and/or UCC Professionals | 130.3 | $68,476.50 |
| 4 | Debtor & Debtor's Professional Meetings including Corporate and Operations Site Visits | 20.8 | $13,523.00 |
| 5 | Employee Compensation and Advisor Retention Matters | 40.9 | $23,394.00 |
| 6 | Financial and Other Due Diligence | 259.7 | $129,263.50 |
| 7 | Liquidity, Cash Management and Cash Collateral Analysis | 147.9 | $81,469.00 |
| 8 | Business Plan Analysis and Assessment | 20.9 | $10,696.50 |
| 9 | Other Diligence, Including Critical Vendor Analysis | 3.6 | $2,137.00 |
| 10 | Non-Working Travel Time | 54.6 | $16,539.00 |
| 11 | Retention, Fee Statements and Fee Applications | 28.8 | $8,748.50 |
| 12 | Internal Meetings / Discussions | 23.9 | $13,333.00 |
| 13 | Preparing for and Attending Depositions | 34.5 | $25,187.50 |
| Total | | 779.1 | $ 401,830.50 |

(1) Travel time rates are reduced by 50%

Average Billing Rate  $  515.76
Monthly Bill @ 80%  $  321,464.40

## SUMMARY OF EXPENSES

| Expense Category | Total Expenses During Period |
|---|---:|
| Airfare | $4,889.17 |
| Ground Transportation | $1,425.60 |
| Lodging | $1,343.33 |
| Meals | $748.93 |
| Miscellaneous | $607.13 |
| Total | $ 9,014.16 |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------x
:
*In re* : Chapter 11
:
THE STANDARD REGISTER COMPANY, : Case No. 15-10541 (BLS)
    *et al.*, : Objection Deadline: July 2, 2015
: at 4:00 p.m. (ET)
Debtor. :
:
---------------------------------------------------------x

**FIRST MONTHLY APPLICATION OF ZOLFO COOPER, LLC, FINANCIAL AND FORENSIC ADVISORS TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF STANDARD REGISTER, FOR ALLOWANCE OF INTERIM COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES FOR THE PERIOD MARCH 24, 2015 THROUGH APRIL 30, 2015**

1. On March 12, 2015 (the "Petition Date"), the Debtor commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtor continues to operate its businesses and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On March 24, 2015 the Office of the United States Trustee entered a notice of the Appointment of the Official Committee of Unsecured Creditors (the "Committee") pursuant to § 1102(a)(1) of the Bankruptcy Code.

3. No trustee or examiner has been appointed in the Debtor's bankruptcy case.

4. On March 24, 2015, the Committee selected Zolfo Cooper ("ZC" or the "Firm") to serve as financial and forensic advisors.

5. The Bankruptcy Court entered an order on May 18, 2015 [Docket No. 522] (the "April 20, 2015 Retention Order") authorizing the retention of ZC, *nunc pro tunc* to March 24, 2015, to:

   i. Monitor the Debtor's cash flow and operating performance, including:
      1. Comparing actual financial and operating results to plans,
      2. Evaluating the adequacy of financial and operating controls,
      3. Tracking the status of the Debtor's/Debtor's professionals' progress relative to developing and implementing programs such as preparation of a business plan, identifying and disposing of non-productive assets, and other such activities,
      4. Preparing periodic presentations to the Committee summarizing findings and observations resulting from ZC's monitoring activities;

   ii. Analyze and comment on operating and cash flow projections, business plans, operating results, financial statements, other documents and information provided by the Debtor/Debtor's professionals, and other information and data pursuant to the Committee's request;

   iii. Advise the Committee concerning interfacing with the Debtor, other constituencies and their respective professionals;

   iv. Prepare for and attend meetings of the Committee and subcommittees thereof;

   v. Analyze claims and perform investigations of potential preferential transfers, fraudulent conveyances, related-party transactions and such other transactions as may be requested by the Committee;

   vi. Analyze and advise the Committee about the Debtor's proposed Plan of Reorganization, the underlying Business Plan, including the related assumptions and rationale, and the related Disclosure Statement; and

   vii. Provide forensic and litigation consulting services at the direction of the Committee's legal counsel; and

   viii. Provide other services as requested by the Committee.

6. The May 18, 2015 Retention Order approved the terms of ZC's Fee and Expense Structure set forth in the Engagement Letter and authorized ZC to be compensated pursuant

to the terms of the Engagement Letter and procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Order Establishing Interim Compensation Procedures entered April 13, 2015 (the "Administrative Order") [Docket No. 260], and any other applicable orders of this Court.

7. The Administrative Order provides that upon the expiration of the Objection Deadline, a Professional may file a certificate of no objection (a "CNO") with the court with respect to the unopposed portion of fees and expenses requested in its Monthly Fee Application. After a CNO is filed, the Debtor is authorized and directed to pay the Professional an amount (the "Actual Monthly Payment") equal to the lesser of (i) 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Application (the "Maximum Monthly Payment") and (ii) 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Application that are not subject to an objection.

8. This application is ZC's first monthly application (the "Application") for approval and allowance of interim compensation for the period of March 24, 2015 through April 30, 2015 (the "Application Period"). The Application was reviewed and approved by the Committee's co-chairs.

**Certification**

9. The affiant, a managing director in the firm of ZC, as the professional designated by the Applicant with the responsibility for compliance with the United States Trustee Guidelines, certifies that except as otherwise noted elsewhere herein:

   i. He has read this Application,

      1. He has reviewed Del. Bankr. L.R. 2016-2, and submit that the Application substantially complies therewith,

2. To the best of his knowledge, information and belief, formed after reasonable inquiry:

   a. This Application complies with the mandatory provisions of the United States Trustee Guidelines,

   b. The fees and out-of-pocket expenses are billed in accordance with the billing practices described below, and except as otherwise indicated therein fall within the United States Trustee Guidelines, and

   c. Except to the extent prohibited by the United States Trustee Guidelines, the fees and out-of-pocket expenses sought herein have been billed in accordance with practices customarily employed by the Applicant and accepted by the Applicant's clients.

ii. Notice of this Application has been given to the following parties: (a) the Debtor (Attn: Kevin Carmody, CRO); (b) counsels to the Debtor, Gibson, Dunn & Crutcher LLP (Attn: Robert A. Klyman) and Young Conaway Stargatt & Taylor, LLP (Attn: Michael R. Nestor); (c) counsel for Silver Point Finance LLC, Skadden, Arps, Slate, Meagher & Flom, LLP (Attn: Ron E. Meisler); (d) counsel for Bank of America, N.A., Parker, Hudson, Rainer & Dobbs LLP (Attn: C. Edward Dobbs, Esq.) ; (g) the Office of the United States Trustee for the District of Delaware (Attn: Mark Kenney); (h) counsel and conflicts counsel to the Committee, Lowenstein Sandler LLP (Attn: Wojciech F. Jung, Esq.) and Polsinelli PC (Attn: Christopher A. Ward).

iii. With respect to expenses and reimbursable services incurred for which reimbursement is sought, ZC:

   1. Does not make a profit;

   2. Does not include in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment or capital outlay; and

      3. Seeks reimbursement of services purchased from or contracted for with a third-party vendor only in the amount billed to the Applicant by and paid or to be paid by the Applicant to the vendor.

10. The affiant presently intends to attend the fee hearing; however, if he is unable to do so, he will arrange for a member of the firm, authorized to speak for the firm, to be present.

**Relief Requested**

11. During the Application Period, ZC has provided an aggregate of 699.6 hours for professional services, 24.9 hours for paraprofessional services, and 54.6 hours of professional travel, incurring fees of $401,830.50 and out-of-pocket expenses of $9,014.16. After applying a 20% holdback of fees, the total fees requested for the period is $321,464.40.

12. Exhibit "A" contains a list of project codes. Exhibit "B" contains a list of professionals, paraprofessionals and support personnel providing services; the aggregate hours and professional fees expended by each professional, paraprofessional and support person; summarized by project code. Provided in Exhibit "C" are detailed time descriptions of the services performed by each professional, paraprofessional and support person, organized by discrete project and by day.

13. A summary of out-of-pocket expenses is provided in Exhibit "D" and a detailed analysis of the out-of-pocket expenses incurred showing the amount incurred by each professional in each expense category by day, including any voluntary reductions, during the Application Period is also provided in Exhibit "E" to the Application.

**Billing Practices**

14. Zolfo Cooper charges based on actual hours expended to perform its services at standard hourly rates established for each employee, as adjusted semi-annually. It is the customary practice of the firm to bill clients for travel time consistent with guidelines of the jurisdiction. For this jurisdiction, therefore, Zolfo Cooper will apply a 50% discount rate to non-working travel time billed. Time entries are recorded in six minute increments. Fees reflect economies resulting from the

use of paraprofessional and support personnel to develop schedules and analyses, input computer data, perform research, work on fee applications, and other activities necessary to the efficient administration of a case. Zolfo Cooper does not include support services in the firm's overhead for the purpose of establishing billing rates. Billing rates are generally representative of prevailing market rates, as awarded by other courts in similar circumstances, based on the customary compensation charged by comparably skilled practitioners in bankruptcy and non-bankruptcy engagements. The billing rates for professionals who may be assigned to this engagement in effect as of January 1, 2015 are as follows:

Managing Directors $775 - $925

Professional Staff $265 - $770

Support Personnel $55 - $310

15.     ZC charges its clients only for reasonably incurred, out-of-pocket expenses associated with an assignment.  Except as necessary to comply with applicable court-mandated guidelines for allowance of professional fees and expenses or an applicable Administrative Order, all such expense billings are in accordance with the Firm's customary practices.  ZC personnel stay at convenient, quality hotels and eat at quality restaurants; ZC does not incur costs for luxury accommodations or deluxe meals and when prohibited by applicable administrative order does not bill clients for first class airfare.  Except as follows, all expenses are billed at actual cost, exclusive of amortization of the cost of any investment, equipment or capital outlay: (i) internal charges for facsimile transmissions are $1.00 per page and (ii) internal photocopy charges are $0.10 per page.

**Staffing and Approach**

16.     As one of the world's leading financial advisory, interim management and litigation support firms, with a team of restructuring and litigation specialists in North America,

advising Debtors, creditors, investors and court-appointed officials in formal bankruptcy proceedings and out-of-court workouts, Zolfo Cooper has significant qualifications and experience. Zolfo Cooper has a reputation for quality and breadth of experience, and a proven track record for success, earned by serving clients in numerous nationally prominent bankruptcy proceedings. A substantial portion of Zolfo Cooper's work is advisory and involves Zolfo Cooper's professionals counseling senior client personnel regarding high-level strategic and tactical issues. Consistent with its relatively unique practice, Zolfo Cooper's staff consists primarily of seasoned professionals. Indeed, more than 50% of Zolfo Cooper's professionals have in excess of twenty years of relevant business experience. Both the Firm's internal structure and work approach are designed around its unusual staff composition of senior professionals. Zolfo Cooper's individual staff members are assigned project roles, to bring to bear their particular talents and experience in view of the specific requirements of the engagement. Zolfo Cooper provides high value for its fees, efficiently leveraging its experienced professionals by directing client personnel to perform routine tasks.

17. I, David MacGreevey, the managing director who will be responsible for this engagement, have more than 15 years of experience advising stakeholders on strategic transactions, including restructuring, M&A and capital raises. I have advised committees, management teams, boards of directors and investors on over 40 complex transactions across a variety of industries. In particular, I have advised official committees in the chapter 11 proceedings of Caesars Entertainment, Allied Nevada Gold Corporation, Exide Technologies, Powerwave Technologies, Hartmarx, American Airlines, Kodak, Mesa Airlines, Dura Automotive and Global Crossing, among others. I am a graduate of the University of Richmond and a Certified Insolvency and Restructuring Advisor.

18.     Integral to any team approach, and essential to minimize misunderstandings and assure continuity of service in a large, multifaceted case such as this one, are conferences, meetings and work sessions among the members of the engagement team. Ongoing communications and review of work product facilitate the sharing of information and assure continued alignment with established priorities and objectives, thereby reducing the time expended and avoiding duplicative efforts. ZC communicates continually with its clients on the status and results of its work efforts and interfaces with other professionals to improve coordination and ensure that it does not duplicate services rendered by other professionals retained in the case.

### Summary of Services Provided and Results Achieved

19.     Summarized below is a description of the services provided by ZC to the Committee during the Application Period in each significant service area. The primary focus of Zolfo Cooper was centered around the following areas:

1) *Project Code 1:  Planning and Coordination (9.8 hours)*

    Includes engagement scoping, resource planning, and engagement execution strategy.

2) *Project Code 2: 363 Sale Process (3.4 hours)*

    Primarily includes time spent analyzing and monitoring the company's proposed 363 sale process. In addition, this includes discussion with and analysis completed with other professionals representing the Committee as well as professionals representing potential bidders.

3) *Project Code 3: Meetings with UCC Members and/or UCC Professionals (130.3 hours)*

    Primarily includes time spent updating the Creditors' Committee with regard to status of the case. In addition, discussion with and analysis completed with other professionals representing the Creditors' Committee will be included.

4) *Project Code 4: Debtor & Debtor's Professional Meetings including Corporate and Operations Site Visits  (20.8 hours)*

Time spent attending meetings and discussions with Management and Debtor professionals, either telephonically or onsite at Company properties.

5) *Project Code 5: Employee Compensation and Advisor Retention Matters (40.9 hours)*

Time spent on research and analysis related to Debtor employee compensation matters and Debtor retained professionals. This includes time spent reviewing the Debtor's proposed key employee incentive plan and the Debtor professionals' retention agreement and monthly fee statement to determine reasonableness of engagement.

6) *Project Code 6: Financial and Other Due Diligence (259.7 hours)*

Time spent researching and documenting relevant information regarding the Debtors' state of affairs from public and non-public sources, including, but not limited to, SEC filings, filings on the electronic court docket, press releases, documents and schedules provided in the virtual data room.

7) *Project Code 7: Liquidity, Cash Management and Cash Collateral Analysis (147.9 hours)*

Time spent analyzing and reviewing weekly cash flow statements and their respective variances from budgeted amounts. This category will also include time spent analyzing the Debtors' proposed DIP financing and related budget and challenging their terms in relation to market alternatives. Time also includes preparation for and participation in deposition and court room testimony.

8) *Project Code 8: Business Plan Analysis and Assessment (20.9 hours)*

Time spent analyzing and diligencing the Debtors' business plan, development and review of strategies.

9) *Code 9: Other Diligence, Including Critical Vendor Analysis (3.6 hours)*

Other diligence, including time spent reviewing and analyzing: vendor contracts, company operational matters, leases.

10) *Project Code 10: Non-Working Travel Time (54.6 hours)*

This category includes all non-working travel time, and is billed at 50% of Applicant's regular hourly rates. Non-working travel included a meeting held in Dayton, Ohio with the

Debtor's management team and debtor advisors. Travel also includes time spent travelling to Chicago for Mr. DiNello and Mr. MacGreevey depositions, as well as the time spent travelling to Wilmington for the Debtor's DIP and sales hearing.

11) *Project Code 11: Retention, Fee Statements and Fee Applications (28.8 hours)*

Time billed under this category was for the necessary time that Zolfo Cooper professionals and paraprofessionals spent managing the retention and fee application process. Appropriate staffing levels, including an emphasis on paraprofessionals, were utilized to minimize the cost associated with these activities.

12) *Project Code 12: Internal Meetings / Discussions (23.9 hours)*

Time spent by ZC professionals discussing and brainstorming the case either telephonically or in person.

13) *Project Code 13: Preparing for and Attending Depositions (34.5 hours)*

Time spent on preparing for the deposition, writing and critiquing proffer. Time spent also includes review of the depositions of the Debtor's senior management team and Debtor's advisors.

**Compensation Sought**

20. In view of the assistance provided which precluded other employment, the results achieved, the value added, and the requirement for ZC to finance its deferred and unpaid compensation, ZC requests that it be awarded, at this time, an allowance of interim compensation for professional services rendered in the sum of $401,830.50 and for actual and necessary out-of-pocket expenses incurred in the sum of $9,014.16. Per the Administrative Order, ZC seeks payment of professional fees of $321,464.40 (80% of $401,830.50) and expenses of $9,014.16. This Application is made without prejudice to further or final applications based upon all relevant criteria, including the results achieved in the case as a whole.

WHEREFORE, ZC respectfully requests that it be granted an allowance of interim compensation for professional services rendered as Financial and Forensic Advisor to The Official Committee of Unsecured Creditors of The Standard Register Company, during the period of March 24, 2015 through and including April 30, 2015 in the sum of $401,830.50, without prejudice to a final allowance of compensation, plus reimbursement of actual and necessary out-of-pocket expenses incurred in the sum of $9,014.16, and that the Court grant ZC such other and further relief as is just and proper. Per the Administrative Order, ZC seeks payment of professional fees of $321,464.40 (80% of $401,830.50) and expenses of $9,014.16.

Dated:  June 12, 2015
        New York, New York

_____
David MacGreevey
Managing Director
**ZOLFO COOPER, LLC**
**Bankruptcy Consultants and**
**Financial Advisors**
1114 Avenue of the Americas, 41st Floor
New York, NY 10036
(212) 561-4000

_____
Notary Public

ANDREW T GETTLER
NOTARY PUBLIC-STATE OF NEW YORK
No. 01GE6254819
Qualified in Bronx County
My Commission Expires January 23, 2016