# EXHIBIT A

**Chart of Sale Objections**

# EXHIBIT A

## Chart of Sale Objections

| | Objecting Party | D.I.[1] | Counsel/Contact | Objection | Resolution and Response |
|---|---|---|---|---|---|
| 1. | Avery Dennison Corporation ("Avery Dennison") | 577 | MORRIS JAMES LLP<br>Brett D. Fallon<br>500 Delaware Avenue, Suite 1500<br>P.O. Box 2306<br>Wilmington, DE 19899-2306<br>(302) 888-6800<br>bfallon@morrisjames.com<br><br>and<br><br>FRANTZ WARD LLP<br>John F. Kostelnik<br>Timothy J. Richards<br>200 Public Square, Suite 3000<br>Cleveland, OH 44114-1230<br>(216) 515-1660<br>jkostelnik@frantzward.com<br>trichards@frantzward.com | (1) Avery Dennison requests that the Sale Order provide that Section 2.3(a)(iv) of the Stalking Horse APA shall apply to Avery Dennison's postpetition claims and claims arising under section 503(b)(9) of the Bankruptcy Code, and that Section 2.1(p) of the Stalking Horse APA shall apply to the Debtors' claims, if any, against Avery Dennison. | (1) The Debtors believe the provisions of the Stalking Horse APA are clear and would apply to Avery Dennison, one of the Debtors' vendors. |
| | | | | (2) Avery Dennison requests that Sections 2.3(iv) and 2.1(p) of the Stalking Horse APA remain unchanged regardless of the Successful Bid and Successful Bidder at the Auction, such that any other bidder may not remove these sections in their redraft of the APA. | (2) The Debtors reserve their right to respond to this objection, which may be unnecessary following the Auction. |

---

[1] Docket Nos. with a "N/A" indicate that the Debtors received only an informal response for which an objection was never filed.

1

| | Objecting Party | D.I.[1] | Counsel/Contact | Objection | Resolution and Response |
|---|---|---|---|---|---|
| | | | | (3) Avery Dennison asserts that any rebate which might be due or owing by Avery Dennison should not be transferred to any buyer except by assumption and assignment pursuant to Section 365 of the Bankruptcy Code. | (3) Avery Dennison cites no legal support for this argument. To the extent the Debtors are entitled to a rebate, the Debtors should be authorized to sell such account receivable separate from an obligation to assume and assign the related Contract. *See FormTech Indus. Holdings, LLC v. Magna Powertrain USA, Inc. (In re FormTech Indus., LLC)*, 439 B.R. 352, 363 (Bankr. D. Del. 2010) (recognizing buyer's right to pursue account receivable claim where related contract was rejected). |
| 2. | Applied Mechanical Systems, Inc. ("AMS") | 603 | THE ROSNER LAW GROUP LLC<br>Frederick B. Rosner<br>Scott J. Leonhardt<br>824 N. Market Street, Suite 810<br>Wilmington, DE 19801<br>(302) 777-1111<br>rosner@teamrosner.com<br><br>and<br><br>BENJAMIN, YOCUM & HEATHER, LLC<br>Patrick M. O'Neill<br>300 Pike Street, Suite 500<br>Cincinnati, OH 45202<br>(513) 721-5672<br>pmoneill@byhlaw.com | (1) AMS asserts that the Debtors cannot sell free and clear of its Lien.<br><br>(2) AMS asserts that it is entitled to adequate protection for its interest in the Building and would not be adequately protected under the proposed Sale terms.<br><br>(3) AMS asserts that a buyer is not entitled to a finding of good faith under section 363(m) of the Bankruptcy Code.<br><br>(4) AMS objects to related provisions in the proposed Sale Order and to a waiver of Bankruptcy Rules 6004 and 6006. | *See* Reply. |

|   | Objecting Party | D.I.[1] | Counsel/Contact | Objection | Resolution and Response |
|---|---|---|---|---|---|
| 3. | CDK Global, LLC ("CDK") | 568 | BARNES & THORNBURG LLP<br>Paula K. Jacobi<br>Timothy McFadden<br>One North Wacker Drive<br>Suite 4400<br>Chicago, IL 60606<br>(312) 214-4866<br>Paula.Jacobi@btlaw.com<br><br>and<br><br>David M. Powlen<br>Kevin G. Collins<br>1000 N. West Street, Suite 1500<br>Wilmington, DE 19801<br>(302) 300-3434<br>David.Powlen@btlaw.com<br>Kevin.Collins@btlaw.com | (1) CDK asserts that the Sale should either (a) not include "Confidential Information" (as defined in CDK's Contract) or (b) not be free from the limitations of the "Non-Compete Provision" in CDK's Contract. | (1) The Debtors are working with CDK to address its objection and anticipate reaching a consensual resolution. |

3

| | Objecting Party | D.I.[1] | Counsel/Contact | Objection | Resolution and Response |
|---|---|---|---|---|---|
| 4. | Chaotic Moon, LLC ("Chaotic Moon") | 569[2] | BAYARD, P.A.<br>Neil B. Glassman<br>GianClaudio Finizio<br>222 Delaware Avenue, Suite 900<br>Wilmington, Delaware 19801<br>(302) 655-5000<br>nglassman@bayardlaw.com<br>gfinizio@bayardlaw.com<br><br>and<br><br>FRITZ, BYRNE, HEAD & FITZPATRICK, PLLC<br>Daniel H. Byrne<br>Lisa C. Fancher<br>98 San Jacinto Blvd., Suite 2000<br>Austin, TX 78701<br>(512) 476-2020<br>dbyrne@fbhf.com<br>lfancher@fbhf.com | (1) Chaotic Moon asserts that the Debtors cannot sell certain "Software" developed by Chaotic Moon because Chaotic Moon alleges that the Debtors do not own the Software. | RESOLVED.<br><br>(1) The Debtors have confirmed that the "Software" is not included in the Debtors' Transferred Assets. |
| 5. | City of Carrollton, Cypress-Fairbanks ISD, Dallas County, Harris County, Tarrant County and Washington County (collectively, the "Local Texas Tax Authorities") | 628 | LINEBARGER GOGGAN BLAIR & SAMPSON, LLP<br>Elizabeth Weller<br>2777 N. Stemmons Fwy., Ste. 1000<br>Dallas, TX 75207<br>(469) 221-5075<br>BethW@LGBS.com email | (1) The Local Texas Tax Authorities assert that the Transferred Assets cannot be sold free and clear of applicable ad valorem tax liens. | RESOLVED.<br><br>(1) The Debtors have agreed to sell the Transferred Assets subject to senior ad valorem tax liens, which includes the Local Texas Tax Authorities' tax liens. |

---

[2] Chaotic Moon's Contract Objection, which is contained in the same court filing, is addressed separately in Exhibit B.

|  | Objecting Party | D.I.[1] | Counsel/Contact | Objection | Resolution and Response |
|---|---|---|---|---|---|
| 6. | ColFin Cobalt I-II Owner, LLC and ColFin Cobalt III Owner, LLC (together, "ColFin") | 651 | SINGER & LEVICK, P.C.<br>Michelle E. Shriro<br>16200 Addison Road, Suite 140<br>Addison, Texas 75001<br>(972) 388-5533<br>mshriro@singerlevick.com | (1) ColFin requests that the Debtors be required to file a list of the Potential Contracts, as well as the Removed and/or Post-Closing Transferred Contracts, with the Court so that the parties can readily ascertain the status of any Contract and/or Lease. | (1) The Debtors are working with ColFin to address its objection and anticipate reaching a consensual resolution. |
|  |  |  |  | (2) ColFin requests that the deadline by which a counterparty must assert a claim for rejection damages after designation of its Contract or Lease as a Removed Contract be 30 days following such rejection, rather than 21 days. | RESOLVED.<br><br>(2) The Debtors agree and will revise the proposed Additional Assumption and Assignment Procedures to provide counterparties with 30 days to assert a claim for rejection damages. |

| | Objecting Party | D.I.[1] | Counsel/Contact | Objection | Resolution and Response |
|---|---|---|---|---|---|
| 7. | Customgraphix Printing Corp. ("Customgraphix") | 598 | SMITH, KATZENSTEIN & JENKINS LLP<br>Kathleen M. Miller<br>The Brandywine Building<br>1000 West Street, Suite 1501<br>P.O. Box 410<br>Wilmington, DE 19899<br>(302) 652-8400<br>kmiller@skjlaw.com<br><br>and<br><br>RAVICH MEYER KIRKMAN McGRATH NAUMAN & TANSEY A PROFESSIONAL ASSOCIATION<br><br>Michael F. McGrath<br>Will R. Tansey<br>Michael D. Howard<br>4545 IDS Center<br>80 South Eighth Street<br>Minneapolis, MN 55402<br>(612) 332-8511 | (1) Customgraphix requests that the Sale Order specifically provide that Sections 2.1(p) and 2.3(a)(iv) of the Stalking Horse APA apply to Customgraphix. | (1) The Debtors believe the provisions of the Stalking Horse APA are clear and would apply to Customgraphix, one of the Debtors' vendors. |
| 8. | Georgia-Pacific Consumer Products LP ("Georgia-Pacific") | 606 | MORRIS JAMES LLP<br>Jeffrey R. Waxman<br>500 Delaware Avenue, Suite 1500<br>Wilmington, DE 19801-1494<br>(302) 888-6800<br>jwaxman@morrisjames.com | (1) Georgia-Pacific asserts that the Debtors cannot sell certain "Consigned Products" because Georgia-Pacific asserts such goods are not property of the Debtors' estates. | RESOLVED.<br><br>The Debtors and Georgia-Pacific have agreed to revised language addressing the treatment of the Consigned Products and Georgia Pacific's |

|  | Objecting Party | D.I.[1] | Counsel/Contact | Objection | Resolution and Response |
|---|---|---|---|---|---|
|  |  |  | and<br><br>ALSTON & BIRD LLP<br>David A. Wender<br>Jonathan T. Edwards<br>One Atlantic Center<br>1201 West Peachtree Street<br>Atlanta, GA 30309-3424<br>404-881-7000 | (2) Georgia-Pacific asserts that the Debtors cannot sell the Transferred Assets free and clear of Georgia-Pacific's setoff rights, and Georgia-Pacific demands adequate protection of such rights under section 363(e) of the Bankruptcy Code. | other concerns, which will be incorporated into a revised form of order. |
| 9. | Healthcare Purchasing Alliance, LLC ("HPA") | N/A | BLANK ROME LLP<br>Alan M. Root<br>1201 Market Street Suite 800<br>Wilmington, DE 19801<br>(302) 425-6417<br>Root@BlankRome.com | (1) HPA objects to the Additional Assumption and Assignment Procedures regarding the effective date for rejection of a Contract. | RESOLVED.<br><br>(1) The Debtors and HPA have agreed to revised language addressing HPA's concerns, which will be incorporated into a revised form of order. |
| 10. | International Paper Company ("IP") | 578 | MORRIS JAMES LLP<br>Jeffrey R. Waxman<br>500 Delaware Avenue, Suite 1500<br>Wilmington, DE 19801-1494<br>(302) 888-6800<br>jwaxman@morrisjames.com | (1) IP asserts that the Debtors cannot sell the Transferred Assets free and clear of IP's setoff or recoupment rights, and IP demands adequate protection of such rights under section 363(e) of the Bankruptcy Code. | RESOLVED.<br><br>(1) The Debtors and IP have agreed to revised language addressing IP's concerns, which will be incorporated into a revised form of order. |

| | Objecting Party | D.I.[1] | Counsel/Contact | Objection | Resolution and Response |
|---|---|---|---|---|---|
| 11. | Leedsworld, Inc.; Bullet Line, LLC; Timeplanner Calendards, Inc. (collectively, "Leedsworld") | 594 | MORRIS JAMES LLP<br>Jeffrey R. Waxman<br>500 Delaware Avenue, Suite 1500<br>Wilmington, DE 19801-1494<br>(302) 888-6800<br>jwaxman@morrisjames.com | (1) Leedsworld asserts that the Debtors cannot sell the Transferred Assets free and clear of Leedsworld's setoff or recoupment rights, and Leedsworld demands adequate protection of such rights under section 363(e) of the Bankruptcy Code. | RESOLVED.<br><br>(1) The Debtors and Leedsworld have agreed to revised language addressing Leedsworld's concerns, which will be incorporated into a revised form of order. |
| 12. | Liberty Mutual Insurance Company ("Liberty") | 649 | SEITZ, VAN OGTROP & GREEN, P.A.<br>R. Karl Hill<br>222 Delaware Avenue, Ste 1500<br>P.O. Box 68<br>Wilmington, DE<br>(302) 888-0600<br><br>and<br><br>CHOATE HALL & STEWART, LLP<br>Douglas R. Gooding<br>Gregory A. Kopacz<br>Two International Place<br>Boston, MA 02110<br>(617) 248-5000 | (1) Liberty objects to any extension of time to assume or reject its Contract beyond the Sale Closing. | (1) The Debtors are working with Liberty Mutual to address its objection and anticipate reaching a consensual resolution. |

| | Objecting Party | D.I.[1] | Counsel/Contact | Objection | Resolution and Response |
|---|---|---|---|---|---|
| 13. | Memorial Hermann Health System ("Memorial Hermann") | 459[3] | BAYARD, P.A.<br>Scott D. Cousins<br>222 Delaware Avenue, Suite 900<br>Wilmington, DE 19801<br>(302) 655-5000<br>scousins@bayardlaw.com | (1) Memorial Hermann asserts that it is entitled to have its rights under the Memorial Hermann Contracts fully preserved, including its state law, common law or statutory rights, claims and actions and any rights with respect to setoff and recoupment. | RESOLVED.<br><br>(1) The Debtors and Memorial Hermann have agreed to revised language addressing Memorial Hermann's concerns, which will be incorporated into a revised form of order. |
| 14. | Morgan Adhesives Company, LLC dba MACtac ("MACtac") | 567 | POTTER ANDERSON & CORROON LLP<br>Jeremy W. Ryan<br>Etta R. Mayers<br>1313 North market Street, Sixth Floor<br>PO Box 951<br>Wilmington, DE 19899-0951<br>(302) 984-6000<br><br>and<br><br>HOWARD & HOWARD ATTORNEYS PLLC<br>Mark A. Bogdanowicz<br>One Technology Plaza, Suite 600<br>Peoria, IL 61602<br>(309) 999-6320 | (1) MACtac asserts that the Debtors cannot sell the Transferred Assets free and clear of MACtac's setoff rights, recoupment rights, or contractual defenses, and MACtac demands adequate protection of such rights under section 363(e) of the Bankruptcy Code. | RESOLVED.<br><br>(1) The Debtors and MACtac have agreed to revised language addressing MACtac's concerns, which will be incorporated into a revised form of order. |

---

[3] Memorial Hermann's Contract Objection, which is contained in the same court filing, is addressed separately in Exhibit B.

9

| | Objecting Party | D.I.[1] | Counsel/Contact | Objection | Resolution and Response |
|---|---|---|---|---|---|
| 15. | Multnomah County ("Multnomah") | 591 | Angelika Loomis<br>501 SE Hawthorne Blvd., Room 175<br>Portland, OR 97214<br>(503) 988-3334 | (1) Multnomah asserts that the Transferred Assets cannot be sold free and clear of its ad valorem tax lien. | (1) The Debtors have agreed to sell the Transferred Assets subject to senior ad valorem tax liens, which includes the Multnomah tax lien. *See* Or. Rev. Stat. § 311.405(9)(a) (lien is senior to "all other liens, judgments, mortgages, security interests or encumbrances on the property without regard to date of creation, filing or recording"). |
| 16. | The Official Committee of Unsecured Creditors (the "Committee") | 580 | LOWENSTEIN SANDLER LLP<br>Kenneth A. Rosen<br>Sharon L. Levine<br>Paul Kizel<br>Wojciech F. Jung<br>65 Livingston Avenue<br>Roseland, NJ 07068<br>(973) 597-2500<br><br>and<br><br>Gerald C. Bender<br>1251 Avenue of the Americas<br>New York, NY 10020<br>(212) 262-6700<br><br>and<br><br>POLSINELLI PC<br>Christopher A. Ward<br>Justin K. Edelson<br>222 Delaware Avenue<br>Suite 1101<br>Wilmington, DE 19801 | (1) The Sale should be subject to strict scrutiny.<br><br>(2) The Sale is a *sub rosa* plan and is not proposed in good faith.<br><br>(3) The sale proceeds must be sufficient to pay administrative and other expenses related to plan confirmation.<br><br>(4) The sale leaves the estate administratively insolvent.<br><br>(5) Silver Point should not be allowed to credit bid or receive proceeds of the Sale on account of its liens, and any credit bid should be conditioned upon a bond.<br><br>(6) In the event of a successful credit bid by Silver Point, the Committee should still be entitled to challenge Silver Point's claims and liens. | *See* Reply. |

| Objecting Party | D.I.[1] | Counsel/Contact | Objection | Resolution and Response |
|---|---|---|---|---|
| | | Telephone: (302) 252-0920 | (7) Proceeds of a Sale should not be distributed to any secured lender prior to resolution of the Committee's lien challenge. | |
| | | | (8) Chapter 5 causes of action should be excluded from the Transferred Assets. | |
| | | | (9) The Additional Assumption and Assignment Procedures should not be allowed. | |
| 17. | The Reynolds and Reynolds Company ("Reynolds") | 574 | MORRIS JAMES LLP<br>Carl. N. Kunz, III<br>500 Delaware Avenue, Suite 1500<br>Wilmington, DE 19801-1494<br>(302) 888-6800<br>ckunz@morrisjames.com<br><br>and<br><br>THOMPSON HINE LLP<br>Johnathan S. Hawkins<br>10050 Innovation Dr. #400<br>Miamisburg, OH 45342<br>(937) 443-6600<br>jonathan.hawkins@thompsonhine.com | (1) Reynolds asserts that the Debtors cannot sell the Transferred Assets free and clear of Reynolds's setoff or recoupment rights, and Reynolds demands adequate protection of such rights under section 363(e) of the Bankruptcy Code. | RESOLVED.<br><br>(1) The Debtors and Reynolds have agreed to revised language addressing Reynolds's concerns, which will be incorporated into a revised form of order. |

11

|     | **Objecting Party** | **D.I.[1]** | **Counsel/Contact** | **Objection** | **Resolution and Response** |
|-----|---------------------|-------------|---------------------|---------------|------------------------------|
| 18. | The United States (the "U.S.") | 653[4] | UNITED STATES ATTORNEY<br>Ellen W. Slights<br>1007 Orange Street, Suite 700<br>P.O. Box 2046<br>Wilmington, DE 19899-2046 | (1) The U.S. objects to provisions in the proposed Sale Order that include a waiver of Bankruptcy Rules 6004 and 6006. | (1) *See* Reply. |
|     |                     |             |                     | (2) The U.S. asserts that the Bankruptcy Court should not have exclusive jurisdiction to determine any disputes with the U.S. arising from the Sale. | (2) The Debtors are working with the U.S. to address its concerns and anticipate reaching a consensual resolution. |
| 19. | Xerox Corporation ("Xerox") | 619, 656 | CIARDI CIARDI & ASTIN<br>Daniel K. Astin<br>John D. McLaughlin, Jr.<br>Joseph J. McMahon, Jr.<br>1204 N. King Street<br>Wilmington, DE 19801<br>(302) 658-1100<br>jmcmahon@ciardilaw.com | (1) Xerox asserts that the Debtors cannot sell equipment or other assets (a) that Xerox has conveyed to the Debtors under lease or rental agreements or (b) in which Xerox holds a lien securing debt or other obligations of the Debtors to Xerox. To the extent that the Debtors are selling such equipment, Xerox demands adequate protection. | RESOLVED.<br><br>(1) The Debtors and Xerox have agreed to revised language addressing Xerox's concerns, which will be incorporated into a revised form of order. |

---

[4]   The U.S. Contract Objection, which is contained in the same court filing, is addressed separately in Exhibit A.

| Objecting Party | D.I.[1] | Counsel/Contact | Objection | Resolution and Response |
|---|---|---|---|---|
| | | and<br><br>FISHMANJACKSON<br>Mark H. Ralston<br>700 Three Galleria Tower<br>13155 Noel Road, L.B. 13<br>Dallas, TX 75240<br>(972) 419-5500<br>mralston@fishmanjackson.com | (2) Xerox objects to the Additional Assumption and Assignment Procedures only to the extent that they could be interpreted to modify Xerox's substantive rights or as a waiver of the objections asserted by Xerox. | RESOLVED.<br><br>(2) The Debtors and Xerox have agreed to revised language addressing Xerox's concerns, which will be incorporated into a revised form of order. |

101942277.2