## EXHIBIT B

**Chart of Contract Objections**

**EXHIBIT B-1**

**Chart of Contract Objections**
**(Resolved)**

| | Objecting Party | D.I.[1] | Counsel/Contact | Objection | Resolution and Response |
|---|---|---|---|---|---|
| 1. | ACE American Insurance Company ("ACE") | N/A | WHITE AND WILLIAMS LLP Joseph G. Gibbons 1800 One Liberty Place Philadelphia, PA 19103 (215) 864-7074 Gibbonsj@whiteandwilliams.com | (1) ACE asserts the description of the Contract is inaccurate. | RESOLVED. (1) The Debtors revised the description of the Contract on the final Cure List. |
| 2. | Aetna Life Insurance Company ("Aetna") | N/A | MCGUIREWOODS LLP Nathan Greenberg 1345 Avenue of the Americas Seventh Floor New York, NY 10105-0106 212.548.2148 (Direct Line) ngreenberg@mcguirewoods.com | (1) Aetna asserts that the Cure Amount is incorrect. The Cure List sets forth a Cure Amount of $0.00. | RESOLVED. (1) The Debtors and Aetna have agreed that the appropriate Cure Amount is $0.00. |
| 3. | Apex Color ("Apex") | N/A | THAMES MARKEY & HEEKIN, P.A. Robert A. Heekin Jr. 50 North Laura Street, Suite 1600 Jacksonville, Florida 32202 (904) 358-4000 rah@tmhlaw.net | (1) Apex asserts that the Cure Amount is incorrect. The Cure List sets forth a Cure Amount of $184,966.37. | RESOLVED. (1) The Debtors and Apex have agreed that the appropriate Cure Amount is $194,719.91. |
| 4. | B&D Litho California, Inc. ("B&D") | N/A | Steven Gaynor 602-819-4660 sg@bndlitho.com | (1) B&D asserts that the Cure Amount is incorrect. The Cure List sets forth a Cure Amount of $13,727.21. | RESOLVED. (1) The Debtors and B&D have agreed that the appropriate Cure Amount is $22,555.77. |

---

[1] Docket Nos. with a "N/A" indicate that the Debtors received only an informal response for which an objection was never filed.

| | Objecting Party | D.I.[1] | Counsel/Contact | Objection | Resolution and Response |
|---|---|---|---|---|---|
| 5. | Bell and Howell, LLC ("Bell") | N/A | GOLAN & CHRISTIE LLP<br>Anthony J. D'Agostino<br>70 W Madison, Ste 1500<br>Chicago, IL 60602<br>(312) 696-1362<br>ajdagostino@golanchristie.com | (1) Bell asserts that the Cure Amount is incorrect. The Cure List sets forth a Cure Amount of $86,156.60. | RESOLVED.<br><br>(1) The Debtors and Bell have agreed that the appropriate Cure Amount is $88,004.25. |
| 6. | Buck Consultants, LLC ("Buck") | 448 | SINGER & LEVICK, P.C.<br>Michelle E. Shriro<br>16200 Addison Road, Suite 140<br>Addison, Texas 75001<br>(972) 388-5533<br>mshriro@singerlevick.com | (1) Buck asserts that the Cure Amount should be $17,934.00. The Cure List sets forth a Cure Amount of $0.00. | RESOLVED.<br><br>(1) Following further discussion between the parties, and upon agreement, the appropriate Cure Amount is $0.00. |
| 7. | Chad Bumgarner | 401 | Chad Bumgarner<br>1603 Spencer Mountain Rd.<br>Gastonia, N.C. 28054 | (1) Mr. Bumgarner asserts that the Cure Amount should be $12,090.00. The Cure List sets forth a Cure Amount of $0.00. | RESOLVED.<br><br>(1) The Debtors have updated the Cure List to reflect the amount asserted by Mr. Bumgarner, $12,090.00. |

01:17256453.1

| | Objecting Party | D.I.[1] | Counsel/Contact | Objection | Resolution and Response |
|---|---|---|---|---|---|
| 8. | Chaotic Moon, LLC ("Chaotic Moon") | 569[2] | BAYARD, P.A. Neil B. Glassman GianClaudio Finizio 222 Delaware Avenue, Suite 900 Wilmington, Delaware 19801 (302) 655-5000 nglassman@bayardlaw.com gfinizio@bayardlaw.com and FRITZ, BYRNE, HEAD & FITZPATRICK, PLLC Daniel H. Byrne Lisa C. Fancher 98 San Jacinto Blvd., Suite 2000 Austin, TX 78701 (512) 476-2020 dbyrne@fbhf.com lfancher@fbhf.com | (1) Chaotic Moon asserts its Contract cannot be assumed or assigned. | RESOLVED. (1) The Debtors agree and have removed the Contract from the Cure List. |
| 9. | CEVA Freight, LLC ("CEVA") | N/A | VORYS, SATER, SEYMOUR AND PEASE LLP Thomas H. Grace 700 Louisiana Street, Suite 4100 Houston, TX 77002 (713) 588-7034 thgrace@vorys.com | (1) CEVA asserts that the Cure Amount is incorrect.  The Cure List sets forth a Cure Amount of $260,679.63. | RESOLVED. (1) The Debtors and CEVA have agreed that the appropriate Cure Amount is $338,485.25. |

---

[2]  Chaotic Moon's Sale Objection, which is contained in the same court filing, is addressed separately in Exhibit A.

01:17256453.1

| | Objecting Party | D.I.[1] | Counsel/Contact | Objection | Resolution and Response |
|---|---|---|---|---|---|
| 10. | Cisco Systems Capital Corporation ("Cisco") | 453 | ASHBY & GEDDES, P.A.<br>Ricardo Palacio<br>500 Delaware Avenue, 8th Floor<br>P.O. Box 1150<br>Wilmington, DE 19899<br>(302) 654-1888<br>rpalacio@ashby-geddes.com<br><br>and<br><br>BIALSON, BERGEN & SCHWAB, A Professional Corporation<br>Thomas M. Gaa<br>2600 El Camino Real, Suite 300<br>Palo Alto, CA 94306<br>(650) 857-9500<br>Tgaa@bbslaw.com | (1)  Cisco asserts that the Cure Amount should be $32,810.14, which includes postpetition amounts.  The Cure List sets forth a Cure Amount of $1,522.99. | RESOLVED.<br><br>(1)  The Debtors and Cisco have executed amendments to the underlying agreement, and the Debtors have remitted payments in connection therewith.  Upon agreement of the parties, the appropriate Cure Amount is $0.00. |
| 11. | Concur Technologies, Inc. ("Concur") | N/A | Mark Magner<br>10700 Prairie Lakes Drive<br>Eden Prairie, MN  55344<br>(952) 947-1954<br>mark.magner@concur.com | (1)  Concur asserts that the Cure Amount should be $49,920.08.  The Cure List sets forth a Cure Amount of $0.00. | RESOLVED.<br><br>(1)  The Debtors and Concur have agreed that the appropriate Cure Amount is $49,920.08. |
| 12. | Crown Credit Company ("Crown") | N/A | SEBALY SHILLITO + DYER<br>Robert G. Hanseman<br>1900 Kettering Tower<br>40 N. Main Street<br>Dayton, Ohio  45423-1013<br>(937) 226-5601<br>rhanseman@ssdlaw.com | (1)  Crown inquired about its Contract and the appropriate Cure Amount. | RESOLVED.<br><br>(1)  The Debtors and Crown agreed to add the Crown Contract to the Cure List with a Cure Amount of $7,026.45. |

4

| | Objecting Party | D.I.[1] | Counsel/Contact | Objection | Resolution and Response |
|---|---|---|---|---|---|
| 13. | Dayton Mailing Services, Inc. ("DMS") | 474 | POTTER ANDERSON & CORROON LLP<br>Jeremy W. Ryan<br>Etta R. Mayers<br>1313 North Market Street, Sixth Floor<br>P.O. Box 951<br>Wilmington, DE 19801<br>(302) 984-6000<br>emayers@potteranderson.com | (1) DMS asserts that the Cure Amount should be $674,255.43. The Cure List sets forth a Cure Amount of $321,887.38. | RESOLVED.<br><br>(1) The Debtors and DMS have agreed that the appropriate Cure Amount is $536,098.47. |
| 14. | Deloitte & Touche LLP ("Deloitte") | N/A | Roland Young<br>30 Rockefeller Plaza<br>New York, NY 10112<br>(212) 492 4327<br>rolyoung@deloitte.com | (1) Deloitte asserts that the Cure Amount should be $78,500.00. The Cure List sets forth a Cure Amount of $53,000.00. | RESOLVED.<br><br>(1) The Debtors and Deloitte have agreed that the appropriate Cure Amount is $78,500.00. |
| 15. | DG3 North America, Inc. ("DG3") | 415, 427, 563 | GIBBONS P.C.<br>Natasha M. Songonuga<br>1000 N. West Street, Suite 1200<br>Wilmington, DE 19801-1058<br>(302) 295-4875<br>nsongonuga@gibbonslaw.com<br><br>and<br><br>Mark B. Conlan<br>Laura S. Dunn<br>One Gateway Center<br>Newark, NJ 07102-5310<br>(973) 596-4545<br>mconlan@gibbonslaw.com<br>ldunn@gibbonslaw.com | (1) DG3 asserts that the Cure Amount should be $96,455.44. The Cure List sets forth a Cure Amount of $0.00. | RESOLVED.<br><br>(1) The Debtors and DG3 have agreed that the appropriate Cure Amount is $96,455.44. |

| | Objecting Party | D.I.[1] | Counsel/Contact | Objection | Resolution and Response |
|---|---|---|---|---|---|
| 16. | Electronics for Imaging ("EFI") | N/A | DAVIDOFF HUTCHER & CITRON LLP<br>David H. Wander<br>605 Third Avenue<br>New York, NY 10158<br>(212) 557-7200<br>dhw@dhclegal.com | (1) EFI asserts that the Cure Amount is incorrect. The Cure List sets forth a Cure Amount of $9,884.26. | RESOLVED.<br><br>(1) The Debtors and EFI have agreed that the appropriate Cure Amount is $20,211.01. |
| 17. | The Flesh Company ("Flesh") | N/A | WHITEFORD TAYLOR PRESTON, LLP<br>Chris Samis<br>The Renaissance Centre<br>405 North King Street, Ste 500<br>Wilmington, DE 19801<br>(302) 357-3266<br>csamis@wtplaw.com | (1) Flesh asserts that the Cure Amount is incorrect. The Cure List sets forth a Cure Amount of $395,708.94. | RESOLVED.<br><br>(1) The Debtors and Flesh have agreed that the appropriate Cure Amount is $489,753.57. |

6

| | Objecting Party | D.I.[1] | Counsel/Contact | Objection | Resolution and Response |
|---|---|---|---|---|---|
| 18. | FLEXcon Company, Inc. ("FLEXcon") | 414 | CLARK HILL PLC<br>Scott N. Schreiber<br>150 N. Michigan Avenue<br>Suite 2700<br>Chicago, IL 60601<br>(312) 985-5595<br>sschreiber@clarkhill.com<br><br>and<br><br>Edward J. Kosmowski<br>824 N. Market Street, Suite 710<br>Wilmington, DE 19801<br>(302) 250-4748<br>ekosmowski@clarkhill.com<br><br>and<br><br>Shannon L. Deeby<br>151 South Old Woodward Avenue<br>Suite 200<br>Birmingham, MI 48009<br>(248) 988-5889<br>sdeeby@clarkhill.com | (1) FLEXcon asserts that the Cure Amount should be $579,860.69. The Cure List sets forth a Cure Amount of $141,761.55.<br><br>(2) FLEXcon asserts the description of the Contract is insufficient.<br><br>(3) FLEXcon requests that the Court require the Debtors to provide sufficient adequate assurance of future performance. | RESOLVED.<br><br>The Debtors and FLEXcon agree that there is no executory agreement with FLEXcon subject to assumption and assignment; therefore, the Debtors have removed the Contract from the Cure List. |

7

|   | Objecting Party | D.I.[1] | Counsel/Contact | Objection | Resolution and Response |
|---|---|---|---|---|---|
| 19. | Georgia-Pacific Consumer Products LP ("Georgia-Pacific") | N/A | MORRIS JAMES LLP<br>Jeffrey R. Waxman<br>500 Delaware Avenue, Suite 1500<br>Wilmington, DE 19801-1494<br>(302) 888-6800<br>jwaxman@morrisjames.com<br><br>and<br><br>ALSTON & BIRD LLP<br>David A. Wender<br>Jonathan T. Edwards<br>One Atlantic Center<br>1201 West Peachtree Street<br>Atlanta, GA 30309-3424<br>404-881-7000 | (1) Georgia-Pacific asserts that the Cure Amount is incorrect based on disputes regarding the amount owed to the Debtors on account of volume and other purchase-driven rebates, and the allocation of such rebates. The Cure List sets forth a Cure Amount of $1,310,620.52. | RESOLVED.<br><br>(1) The Debtors and Georgia-Pacific have agreed that the appropriate Cure Amount is $1,381,822.20. |
| 20. | GLS Companies ("GLS") | N/A | STINSON LEONARD STREET LLP<br>Edwin H. Caldie<br>150 South Fifth Street, Suite 2300<br>Minneapolis, MN 55402<br>(612) 335-1404<br>ed.caldie@stinsonleonard.com | (1) GLS asserts that the Cure Amount should be $67,265.91. The Cure List sets forth a Cure Amount of $63,033.36. | RESOLVED.<br><br>(1) The Debtors and GLS have agreed that the appropriate Cure Amount is $64,242.91. |
| 21. | Healthcare Purchasing Alliance, LLC ("HPA") | N/A | BLANK ROME LLP<br>Alan M. Root<br>1201 Market Street Suite 800<br>Wilmington, DE 19801<br>(302) 425-6417<br>Root@BlankRome.com | (1) HPA asserts that the Cure Amount is incorrect. The Cure List sets forth a Cure Amount of $0.00. | RESOLVED.<br><br>(1) The Debtors and HPA have agreed that the appropriate Cure Amount is $81,508.00. |

8

| | Objecting Party | D.I.[1] | Counsel/Contact | Objection | Resolution and Response |
|---|---|---|---|---|---|
| 22. | HM Graphics, Inc. ("HM Graphics") | 463 | DAVIS & KUELTHAU<br>Russell S. Long<br>111 East Kilbourn Avenue,<br>Suite 1400<br>Milwaukee, WI 53202<br>(414) 225-1456<br>rlong@dkattorneys.com | (1)  HM Graphics asserts that the Cure Amount should be $258,454.08. The Cure List sets forth a Cure Amount of $245,031.72. | RESOLVED.<br><br>(1)  The Debtors and HM Graphics have agreed that the appropriate Cure Amount is $258,454.08. |
| 23. | Hudson Energy Services, LLC ("Hudson") | N/A | CONLEY, ROSENBERG, MENDEZ & BRENNIESE LLP<br>Kelly E. Kleist<br>5080 Spectrum Drive, Ste 850E<br>Addison, TX 75001<br>(972) 364-9700<br>kek@crb-law.com | (1)  Hudson's Contract was not listed on the Cure List. Hudson asserts that the Cure Amount should be $11,031.61. | RESOLVED.<br><br>(1)  The Hudson Contract was added to the Cure List with a Cure Amount of $11,031.61. |
| 24. | I.D. Images, LLC ("I.D. Images") | N/A | BLANK ROME LLP<br>Alan M. Root<br>1201 Market Street Suite 800<br>Wilmington, DE 19801<br>(302) 425-6417<br>Root@BlankRome.com | (1)  I.D. Images asserts that the Cure Amount should be incorrect. The Cure List sets forth a Cure Amount of $28,795.52. | RESOLVED.<br><br>(1)  The Debtors and I.D. Images have agreed that the appropriate Cure Amount is $79,529.31. |
| 25. | Insight Global, LLC ("Insight Global") | N/A | Chris Glastetter<br>4170 Ashford Dunwoody Rd, Ste 250<br>Atlanta, GA 30319<br>(404) 257-7921<br>Christopher.Glastetter@insightglobal.net | (1)  Insight Global asserts that the Cure Amount should be incorrect. The Cure List sets forth a Cure Amount of $26,423.72. | RESOLVED.<br><br>(1)  The Debtors and Insight Global have agreed that the appropriate Cure Amount is $31,571.72. |
| 26. | International Paper Company ("IP") | N/A | MORRIS JAMES LLP<br>Jeffrey R. Waxman<br>500 Delaware Avenue, Suite 1500<br>Wilmington, DE 19801-1494<br>(302) 888-6800<br>jwaxman@morrisjames.com | (1)  IP asserts that the two IP Contracts listed on the Cure List must both either be assumed and assigned or rejected. | RESOLVED.<br><br>(1)  The Debtors have advised IP that they will assume and assign both Contracts or reject both Contracts. |

| | Objecting Party | D.I.[1] | Counsel/Contact | Objection | Resolution and Response |
|---|---|---|---|---|---|
| 27. | Iron Mountain | N/A | Joseph Corrigan<br>One Federal Street<br>Boston, MA 02110 USA<br>(617) 535-4744<br>joseph.corrigan@ironmountain.com | (1) Iron Mountain asserts the Contracts and Cure Amounts are incorrect. The Cure List set forth a total Cure Amount of $16,800.50. | RESOLVED.<br><br>(1) The Debtors and Iron Mountain have agreed on the relevant Contracts and to the total Cure Amount of $37,146.41. |
| 28. | James Little | 432 | James Little<br>3101 Clancy Place<br>Charlotte, NC 28227-3202 | (1) Mr. Little asserts that the Cure Amount should be $5,000.00. The Cure List sets forth a Cure Amount of $0.00. | RESOLVED.<br><br>(1) The Debtors have updated the Cure List to reflect the amount asserted by Mr. Little, $5,000.00. |
| 29. | JON-DA Printing Co. Inc. ("JON-DA") | 464 | John Malluzo<br>234-16 Street<br>Jersey City N.J. 07310 | (1) JON-DA asserts that the Cure Amount should be $66,515.56. The Cure List sets forth a Cure Amount of $37,709.92. | RESOLVED.<br><br>(1) The Debtors agree with the asserted Cure Amount of $66,515.56 and advised JON-DA accordingly. |
| 30. | Labelteq Unlimited, Inc. ("Labelteq ") | N/A | WHITEFORD TAYLOR PRESTON, LLP<br>Chris Samis<br>The Renaissance Centre<br>405 North King Street, Ste 500<br>Wilmington, DE 19801<br>(302) 357-3266<br>csamis@wtplaw.com | (1) Labelteq asserts that the Cure Amount is incorrect. The Cure List sets forth a Cure Amount of $38,136.21. | RESOLVED.<br><br>(1) The Debtors and Labelteq have agreed that the appropriate Cure Amount is $47,673.94. |
| 31. | Life Insurance Company of North America, a Cigna Company ("Cigna") | N/A | Mina Bergland<br>900 Cottage Grove Road, B6LPA<br>Hartford, CT  06152<br>(860) 226-5551<br>mina.bergland@cigna.com | (1) Cigna inquired about its Contract and the appropriate Cure Amount. | RESOLVED.<br><br>(1) The Debtors and Cigna have agreed the appropriate Cure amount is $0.00. |

| | Objecting Party | D.I.[1] | Counsel/Contact | Objection | Resolution and Response |
|---|---|---|---|---|---|
| 32. | MedAssets Performance Management Solutions, Inc. ("MedAssets") | N/A | Natalie Gray 5543 Legacy Drive Plano, TX, 75024 (972) 813-2698 ngray@medassets.com | (1)  MedAssets asserts the Contracts and Cure Amounts are incorrect. The Cure List sets forth a total Cure Amount of $199,914.35. | RESOLVED.<br><br>(1)  The Debtors and MedAssets have agreed on the relevant Contracts and to the total Cure Amount of $199,914.35. |
| 33. | Nev's Ink, Inc. ("Nev's Ink") | N/A | REINHART BOERNER VAN DEUREN S.C. Michael D. Jankowski 1000 North Water Street, Ste 1700 Milwaukee, WI 53202 (414) 298-8234 mjankowski@reinhartlaw.com | (1)  Nev's Ink asserts that the Cure Amount is incorrect.  The Cure List sets forth a Cure Amount of $343,249.12. | RESOLVED.<br><br>(1)  The Debtors and Nev's Ink have agreed that the appropriate Cure Amount is $372,500.00. |
| 34. | NSF-ISR Registration Services ("NSF") | N/A | HOWARD & HOWARD Brandon J. Wilson 450 West Fourth Street Royal Oak, MI 48067-2557 248-645-1483 bjw@h2law.com | (1)  NSF asserts that the Cure Amount is incorrect.  The Cure List sets forth a Cure Amount of $0.00. | RESOLVED.<br><br>(1)  The Debtors and NSF have agreed that the appropriate Cure Amount is $10,813.24. |
| 35. | Oracle America, Inc. ("Oracle") | 456 | MARGOLIS EDELSTEIN James E. Huggett 300 Delaware Avenue, Suite 800 Wilmington, DE 19801 (302) 888-1112 jhuggett@margolisedelstein.com<br><br>and<br><br>MAGNOZZI & KYE, LLP Amish R. Doshi, Esq. 23 Green Street, Suite 302 Huntington, NY 11743 (631) 923-2858 | (1)  Oracle asserts the Contracts and Cure Amounts are incorrect.  The Cure List set forth a total Cure Amount of $8,651.73.<br><br>(2)  Oracle asserts that, pursuant to section 365(c), the Contracts are not assignable without Oracle's consent.<br><br>(3)  Oracle asserts that the Transitional Services Agreement contemplated by the Stalking Horse APA may violate the scope of permitted uses under the Oracle Contracts. | RESOLVED.<br><br>The Debtors and Oracle have resolved Oracle's objection through the inclusion of agreed-upon language in the Sale Order.<br><br>Further, the Debtors and Oracle have agreed that the appropriate Cure Amount is $0.00. |

11

| | Objecting Party | D.I.[1] | Counsel/Contact | Objection | Resolution and Response |
|---|---|---|---|---|---|
| | | | and<br><br>BUCHALTER NEMER P.C.<br>Shawn M. Christianson<br>Valerie Bantner Peo<br>55 Second Street, Suite 1700<br>San Francisco, CA 94105<br>(415) 227-0900 | (4) Oracle requests that the Court require the Debtors to provide sufficient adequate assurance of future performance. | |
| 36. | OneTouchPoint East Corp fka Berman Printing ("OneTouchPoint East")<br><br>and<br><br>OneTouchPoint Mountain States LLC fka Raby Enterprises Inc. dba NSO Press ("OneTouchPoint Mountain" and together with OneTouchPoint East, "OneTouchPoint") | N/A | WHYTE HIRSCHBOECK DUDEK S.C.<br>Frank DiCastri<br>555 East Wells Street, Suite 1900<br>Milwaukee, WI 53202-3819<br>(414) 978-5621<br>fdicastri@whdlaw.com | (1) OneTouchPoint asserts that the Cure Amount is incorrect. The Cure List set forth a Cure Amount of $0.00. | RESOLVED.<br><br>(1) The Debtors and OneTouchPoint have agreed that the appropriate Cure Amount is $337,782.59 for OneTouchPoint East and $168,603.53 for OneTouchPoint Mountain. |
| 37. | P.H. Glatfelter Company ("Glatfelter") | N/A | REED SMITH LLP<br>Derek J. Baker<br>Three Logan Square<br>Suite 3100<br>1717 Arch Street<br>Philadelphia, PA 19103<br>215 851 8148<br>dbaker@reedsmith.com | (1) Glatfelter asserts that the Cure Amount is incorrect. The Cure List sets forth a Cure Amount of $68,135.64. | RESOLVED.<br><br>(1) The Debtors and Glatfelter have agreed that the appropriate Cure Amount is $126,386.74. |

| | Objecting Party | D.I.[1] | Counsel/Contact | Objection | Resolution and Response |
|---|---|---|---|---|---|
| 38. | Palmetto Health Alliance ("Palmetto") | N/A | Diane Talbot 7909 Parklane Road, Suite 400 Columbia, SC 29223 803-296-2052 | (1) Palmetto contacted the Debtors with a concern that the Cure List did not include all Palmetto Contracts. | RESOLVED. (1) The Debtors and Palmetto have agreed on the relevant Contracts and have updated the Cure List accordingly. The parties have agreed that the Cure Amount for such Contracts is $0.00. |
| 39. | Print Management Corporation ("Print Management") | N/A | WHITEFORD TAYLOR PRESTON, LLP Chris Samis The Renaissance Centre 405 North King Street, Ste 500 Wilmington, DE 19801 (302) 357-3266 csamis@wtplaw.com | (1) Print Management asserts that the Cure Amount is incorrect. The Cure List sets forth a Cure Amount of $24,212.16. | RESOLVED. (1) The Debtors and Print Management have agreed that the appropriate Cure Amount is $73,617.19. |
| 40. | Print-O-Tape, Inc. ("Print-O-Tape") | 402 | Michael E. Frieburg (847) 362-1476 m-frieburg@printotape.com | (1) Print-O-Tape asserts that the Cure Amount should be $66,477.38. The Cure List sets forth a Cure Amount of $39,777.75. | RESOLVED. (1) The Debtors agree with the asserted Cure Amount of $66,477.38 and advised Print-O-Tape accordingly. |
| 41. | Raymond Leasing Corporation, Raymond Storage Concepts, Inc., and Raymond of New Jersey, LLC (collectively, "Raymond") | 379, 385 | PHILLIPS, GOLDMAN & SPENCE, P.A. Stephen W. Spence 1200 North Broom Street Wilmington, DE 19806 (302) 655-4200 sws@pgslaw.com | (1) Raymond asserts the Contracts and Cure Amounts are incorrect. The Cure List sets forth a total Cure Amount of $80,137.50. | RESOLVED. (1) The Debtors and Raymond have agreed on the relevant Contracts and to the total Cure Amount of $120,846.48. |

13

| | Objecting Party | D.I.[1] | Counsel/Contact | Objection | Resolution and Response |
|---|---|---|---|---|---|
| 42. | The Reynolds and Reynolds Company ("Reynolds") | N/A | MORRIS JAMES LLP<br>Carl. N. Kunz, III<br>500 Delaware Avenue, Suite 1500<br>Wilmington, DE 19801-1494<br>(302) 888-6800<br>ckunz@morrisjames.com<br><br>and<br><br>THOMPSON HINE LLP<br>Johnathan S. Hawkins<br>10050 Innovation Dr. #400<br>Miamisburg, OH 45342<br>(937) 443-6600<br>jonathan.hawkins@thompsonhine.com | (1) Reynolds asserts that the Cure Amount should be $123,657.82. The Cure List sets forth a Cure Amount of $0.00. | RESOLVED.<br><br>(1) The Debtors agree with the asserted Cure Amount of $123,657.82 and advised Reynolds accordingly. |
| 43. | RoundTower Technologies, Inc. ("RoundTower") | N/A | Stephen West<br>4555 Lake Forest Drive<br>Cincinnati, OH 45242<br>513-247-7900<br>Stephen.west@roundtower.com | (1) RoundTower asserts that the Cure Amount should be $21,404.12. The Cure List sets forth a Cure Amount of $0.00. | RESOLVED.<br><br>(1) The Debtors agree with the asserted Cure Amount of $21,404.12 and have advised RoundTower accordingly. |
| 44. | Salesforce.com, Inc. ("Salesforce") | N/A | BIALSON, BERGEN & SCHWAB<br>Thomas M. Gaa<br>2600 El Camino Real, Suite 300<br>Palo Alto, CA 94306<br>(650) 857-9500<br>tgaa@bbslaw.com<br><br>and<br><br>ASHBY & GEDDES, P.A.<br>Ricardo Palacio<br>500 Delaware Avenue, 8th Floor<br>P.O. Box 1150<br>Wilmington, DE 19899<br>(302) 654-1888 | (1) Salesforce asserts that the Cure Amount is incorrect. The Cure List sets forth a Cure Amount of $115,421.61. | RESOLVED.<br><br>(1) The Debtors and Salesforce have agreed that the appropriate Cure Amount is $0.00. |

| | Objecting Party | D.I.[1] | Counsel/Contact | Objection | Resolution and Response |
|---|---|---|---|---|---|
| 45. | Sapphire Printing Group ("Sapphire") | N/A | Steven Gaynor 602-819-4660 sg@bndlitho.com | (1) Sapphire's Contract was not listed on the Cure List. Sapphire asserts that the Cure Amount should be $44,552.00. | RESOLVED. (1) The Sapphire Contract was added to the Cure List with a Cure Amount of $44,552.00. |
| 46. | SMC3 | 361 | David Sexton 500 Westpark Drive PO Box 2040 Peachtree City, GA 30269 777.486.5800 | (1) SMC3 asserts that the Cure Amount should be $399.20. The Cure List sets forth a Cure Amount of $63.20. | RESOLVED. (1) The Debtors agree with the asserted Cure Amount of $399.20 and have advised SMC3 accordingly. |
| 47. | SPM Professional Services LP ("SPM") | N/A | Jeremy Blubaugh 610 Smithfield Street, Suite 200 Pittsburgh, PA 15222 (412) 434-6666 | (1) SPM asserts that the Cure Amount is incorrect. The Cure List sets forth a Cure Amount of $24,863.56. | RESOLVED. (1) The Debtors and SPM have agreed that the appropriate Cure Amount is $25,515.30. |
| 48. | TLF Graphics | N/A | HARRIS BEACH PLLC Kelly Griffith 333 West Washington Street, Suite 200 Syracuse, NY 13202 (315) 214-2017 kgriffith@HarrisBeach.com | (1) TLF Graphics asserts that the Cure Amount is incorrect. The Cure List sets forth a Cure Amount of $113,967.10. | RESOLVED. (1) The Debtors and TLF Graphics have agreed that the appropriate Cure Amount is $199,742.38. |
| 49. | Toyota Motor Sales, U.S.A, Inc. ("Toyota") | N/A | Tobin Lippert Toyota Motor Sales, U.S.A., Inc. (469) 292-1036 Tobin_Lippert@Toyota.com | (1) Toyota asserts the Cure List does not include the correct Contracts. | RESOLVED. (1) The Debtors and Toyota have agreed on the relevant Contracts, and the Debtors have updated the Cure List accordingly. |

15

| | Objecting Party | D.I.[1] | Counsel/Contact | Objection | Resolution and Response |
|---|---|---|---|---|---|
| 50. | The Ultimate Software Group, Inc. ("Ultimate Software") | 417 | AKERMAN LLP<br>Sundeep S. Sidhu<br>420 S. Orange Avenue, Suite 1200<br>Orlando, FL 32801-4904<br>(407) 423-4000<br>sunny.sidhu@akerman.com | (1)  Ultimate Software asserts that the Cure Amount is incorrect.  The Cure List sets forth a Cure Amount of $51,221.39. | RESOLVED.<br><br>(1)  The Debtors and Ultimate Software have agreed that the appropriate Cure Amount is $39,236.48. |
| 51. | United Parcel Service, Inc. and its affiliated companies (collectively, "UPS") | 440 | ASHBY & GEDDES, P.A.<br>Ricardo Palacio<br>500 Delaware Avenue, 8th Floor<br>P.O. Box 1150<br>Wilmington, DE 19899<br>(302) 654-1888<br>rpalacio@ashby-geddes.com<br><br>and<br><br>BIALSON, BERGEN & SCHWAB, A Professional Corporation<br>Kenneth T. Law<br>2600 El Camino Real, Suite 300<br>Palo Alto, CA 94306<br>(650) 857-9500<br>Klaw@bbslaw.com | (1)  UPS asserts the Contracts and Cure Amounts are incorrect.  The Cure List sets forth a total Cure Amount of $585,743.61. | RESOLVED.<br><br>(1)  The Debtors and UPS have agreed on the relevant Contracts and to the total Cure Amount of $1,755,546.06. |
| 52. | Valid USA ("Valid") | N/A | GOLAN & CHRISTIE LLP<br>Anthony J. D'Agostino<br>70 W Madison, Ste 1500<br>Chicago, IL 60602<br>(312) 696-1362<br>ajdagostino@golanchristie.com | (1)  Valid asserts that the Cure Amount is incorrect.  The Cure List sets forth a Cure Amount of $1,394.74. | RESOLVED.<br><br>(1)  The Debtors and Valid have agreed that the appropriate Cure Amount is $8,038.19. |
| 53. | Vana Solutions, LLC ("Vana") | N/A | LAW OFFICES OF IRA H. THOMSEN<br>Denis E. Blasius<br>140 North Main Street, Suite A<br>Springboro, Ohio 45066<br>(937) 748-5001 dblasius@ihtlaw.com | (1)  Vana asserts that the Cure Amount should be $256,350.10.  The Cure List sets forth a Cure Amount of $126,387.50. | RESOLVED.<br><br>(1)  The Debtors agree with the asserted Cure Amount of $256,350.10 and have advised Vana accordingly. |

01:17256453.1

| | Objecting Party | D.I.[1] | Counsel/Contact | Objection | Resolution and Response |
|---|---|---|---|---|---|
| 54. | Verizon Communications Inc. and its subsidiaries ("Verizon") | 447 | MCCARTER & ENGLISH, LLP William F. Taylor, Jr. Renaissance Centre 405 N. King Street, 8th Floor Wilmington, DE 19801 (302) 984-6300 wtaylor@mccarter.com and STINSON LEONARD STREET LLP Darrell W. Clark 1775 Pennsylvania Ave., NW, Suite 800 Washington, DC 20006 (202) 785-9100 darrell.clark@stinsonleonard.com | (1)  Verizon asserts that the Cure Amount should be $256,350.10. The Cure List sets forth a Cure Amount of $126,387.50. (2)  Verizon requests that any Cure Amount be paid to its counsel at Stinson Leonard Street LLP. | RESOLVED. The Debtors and Verizon have agreed that the appropriate Cure Amount is $0.00. Additionally, the Debtors have noted Verizon's request with respect to payment of the Cure Amount. |
| 55. | W. W. Grainger ("Grainger") | N/A | BRYAN CAVE LLP Aaron Davis 161 North Clark Street, Ste 4300 Chicago, IL 60601-3315 (312) 602 5135 aaron.davis@bryancave.com | (1)  Grainger asserts that the Cure Amount should be $251,457.62. The Cure List sets forth a Cure Amount of $245,346.46. | RESOLVED. (1)  The Debtors and Grainger have agreed that the appropriate Cure Amount is $251,457.62. |
| 56. | Westmark Industries, Inc. ("Westmark") | N/A | Jim Krauel jkrauel@westmarkind.com | (1)  Westmark asserts that the Cure Amount is incorrect. The Cure List sets forth a Cure Amount of $69,951.63. | RESOLVED. (1)  The Debtors and Westmark have agreed that the appropriate Cure Amount is $73,720.19. |
| 57. | Wholesale Printing Specialists ("WPS") | N/A | Walter Christiansen (978) 974-9271 walter@wholesaleprinting | (1)  WPS asserts that the Cure Amount is incorrect. The Cure List sets forth a Cure Amount of $12,126.90. | RESOLVED. (1)  The Debtors and WPS have agreed that the appropriate Cure Amount is $11,909.22. |

17

| | Objecting Party | D.I.[1] | Counsel/Contact | Objection | Resolution and Response |
|---|---|---|---|---|---|
| 58. | Wise Business Forms, Inc. ("Wise") | N/A | BRYAN CAVE LLP<br>Leah Fiorenza McNeill<br>One Atlantic Center, Fourteenth Floor<br>1201 W. Peachtree St., N.W.<br>Atlanta, GA 30309-3471<br>(404) 572 6925<br>leah.fiorenza@bryancave.com | (1)  Wise asserts that the Cure Amount should be $67,299.05.  The Cure List sets forth a Cure Amount of $62,128.21. | RESOLVED.<br><br>(1)  The Debtors and Wise have agreed that the appropriate Cure Amount is $66,500.00. |
| 59. | Wright Business Graphics ("Wright") | N/A | WHITEFORD TAYLOR PRESTON, LLP<br>Chris Samis<br>The Renaissance Centre<br>405 North King Street, Ste 500<br>Wilmington, DE 19801<br>(302) 357-3266<br>csamis@wtplaw.com | (1)  Wright asserts that the Cure Amount is incorrect.  The Cure List sets forth a Cure Amount of $249,183.73. | RESOLVED.<br><br>(1)  The Debtors and Wright have agreed that the appropriate Cure Amount is $314,596.60. |

**EXHIBIT B-2**

**Chart of Contract Objections**
**(Unresolved, Partially Unresolved, or Partially Adjourned)**

| | Objecting Party | D.I.[1] | Counsel/Contact | Objection | Resolution and Response |
|---|---|---|---|---|---|
| 1. | Appvion, Inc. f/k/a Appleton Papers Inc. ("Appvion") | 455 | DUANE MORRIS LLP<br>Jarret P. Hitchings (DE 5564)<br>222 Delaware Avenue, Suite 1600<br>Wilmington, DE 19801<br>302.657.4900<br>JPHitchings@duanemorris.com<br><br>Jeffrey W. Spear, Esq.<br>1540 Broadway<br>New York, NY 10036<br>(212) 692-1000<br>JWSpear@duanemorris.com | (1) Appvion asserts that the Cure Amount should be $1,048,121.66. The Cure List sets forth a Cure Amount of $575,979.04.<br><br>(2) Appvion requests that the Court require the Debtors to provide sufficient adequate assurance of future performance. | RESOLVED.<br><br>(1) The Debtors and Appvion have agreed that the appropriate Cure Amount is $706,872.63.<br><br>(2) *See* Reply. |

---

[1] Docket Nos. with a "N/A" indicate that the Debtors received only an informal response for which an objection was never filed.

01:17256460.1

| | Objecting Party | D.I.[1] | Counsel/Contact | Objection | Resolution and Response |
|---|---|---|---|---|---|
| 2. | CareSource Management Group Co. ("CareSource") | 446 | CROSS & SIMON, LLC<br>Christopher P. Simon<br>1105 North Market Street, Suite 901<br>Wilmington, DE 19801<br>(302) 777-4200<br>csimon@crosslaw.com<br><br>BRICKER & ECKLER LLP<br>David M. Whittaker<br>100 South Third Street<br>Columbus, OH 43215<br>(614) 227-2355<br>dwhittaker@bricker.com | (1) CareSource asserts that the Cure Amount is incorrect. The Cure List sets forth a Cure Amount of $0.00.<br><br>(2) CareSource requests that the Court require the Debtors to provide sufficient adequate assurance of future performance. | (1) CareSource's objection solely as to Cure Amount(s) and the request for adequate assurance of future performance will be adjourned to the July 15, 2015 hearing.<br><br>(2) *See* Reply. |
| 3. | Computer Sciences Corporation ("CSC") | 421 | LECLAIRRYAN<br>Andrew L. Cole<br>180 Admiral Cochrane Drive, Suite 370<br>Annapolis, Maryland 21401<br>(410) 224-3000<br>andrew.cole@leclairryan.com | (1) CSC asserts that the Cure Amount should be $811,977.99. The Cure List sets forth a Cure Amount of $498,113.22. | (1) The Debtors and CSC have agreed that the appropriate Cure Amount is $811,977.99. |
| | | | | (2) CSC requests that the Court require the Debtors to provide sufficient adequate assurance of future performance. | (2) *See* Reply. |
| 4. | Customgraphix Printing Corp. ("Customgraphix") | 598 | SMITH, KATZENSTEIN & JENKINS LLP<br>Kathleen M. Miller<br>The Brandywine Building<br>1000 West Street, Suite 1501 | (1) Customgraphix asserts that the Cure Amount should be $467,062.38. The Cure List sets forth a Cure Amount of $205,851.43. | (1) Customgraphix's objection solely as to Cure Amount(s) will be adjourned to the July 15, 2015 hearing. |

| | Objecting Party | D.I.[1] | Counsel/Contact | Objection | Resolution and Response |
|---|---|---|---|---|---|
| | | | P.O. Box 410<br>Wilmington, DE 19899<br>(302) 652-8400<br>kmiller@skjlaw.com<br><br>and<br><br>RAVICH MEYER KIRKMAN McGRATH NAUMAN & TANSEY A PROFESSIONAL ASSOCIATION<br><br>Michael F. McGrath<br>Will R. Tansey<br>Michael D. Howard<br>4545 IDS Center<br>80 South Eighth Street<br>Minneapolis, MN 55402<br>(612) 332-8511 | (2)  Customgraphix requests that the Sale Order provide that the buyer will assume all postpetition obligations owing to Customgraphix | (2)  *See* Reply.<br><br>Additionally, the Debtors reserve all their rights with respect to the untimeliness of the filing of Customgraphix's objection. |
| 5. | Domtar Industries LLC ("Domtar") | 420 | PACHULSKI STANG ZIEHL & JONES LLP<br>Bradford J. Sandler<br>919 North Market Street, 17th Floor<br>Wilmington, DE 19899<br>(302) 652-4100<br>bsandler@pszjlaw.com | (1)  Domtar asserts that the Cure Amount should be $716,575.94. The Cure List sets forth a Cure Amount of $143,068.21. | RESOLVED.<br><br>(1)  Domtar's objection solely as to Cure Amount(s) will be adjourned to the July 15, 2015 hearing. |
| | | | | (2)  Domtar requests that the Court require the Debtors to provide sufficient adequate assurance of future performance. | RESOLVED.<br><br>(2)  *See* Reply. |
| 6. | HART NJ8A-I LLC ("HART") | N/A | COX CASTLE NICHOLSON<br>Susan S. Davis<br>2029 Century Park East, Ste 2100<br>Los Angeles, CA 90067<br>(310) 284-2282 | (1)  HART asserts that the Cure Amount should be $42,197.28.  The Cure List sets forth a Cure Amount of $90,232.54. | RESOLVED.<br><br>(1)  The Debtors and HART have agreed that the appropriate Cure Amount is $42,197.28. |

| | Objecting Party | D.I.[1] | Counsel/Contact | Objection | Resolution and Response |
|---|---|---|---|---|---|
| | | | sdavis@coxcastle.com | (2) HART requests that the Court require the Debtors to provide sufficient adequate assurance of future performance. | (2) *See* Reply. |
| 7. | Hewlett-Packard Company and related entities (collectively, "HP") | N/A | COLE SCHOTZ P.C. Jill B. Bienstock 25 Main Street Hackensack, NJ 07601 (201) 489-3000 jbienstock@coleschotz.com | (1) HP asserts the Contracts and Cure Amounts are incorrect. The Cure List sets forth a total Cure Amount of $751,279.51. | RESOLVED. (1) The Debtors and HP have agreed on the relevant Contracts and to the total Cure Amount of $1,393,137.60. |
| | | | | (2) HP requests that the Court require the Debtors to provide sufficient adequate assurance of future performance. | (2) *See* Reply. |
| 8. | Liberty Mutual insurance Company ("Liberty") | 436 | SEITZ, VAN OGTROP & GREEN, P.A. R. Karl Hill 222 Delaware Avenue, Ste 1500 P.O. Box 68 Wilmington, DE (302) 888-0600  and  CHOATE HALL & STEWART, LLP Douglas R. Gooding Gregory A. Kopacz Two International Place Boston, MA 02110 (617) 248-5000 | (1) Liberty asserts that the Cure Amount should be $182,742.00. The Cure List sets forth a Cure Amount of $0.00. | RESOLVED. (1) The Debtors and Liberty have agreed that the appropriate Cure Amount is $0.00. |
| | | | | (2) Liberty asserts that the Contract cannot be assumed and assigned without Liberty's Consent. | (2) The Debtors are working with Liberty Mutual to address its objection and anticipate reaching a consensual resolution. |
| | | | | (3) Liberty requests that the Court require the Debtors to provide sufficient adequate assurance of future performance. | (3) *See* Reply. |

| | Objecting Party | D.I.[1] | Counsel/Contact | Objection | Resolution and Response |
|---|---|---|---|---|---|
| 9. | Memorial Hermann Health System ("<u>Memorial Hermann</u>") | 459[2] | BAYARD, P.A.<br>Scott D. Cousins<br>222 Delaware Avenue, Suite 900<br>Wilmington, DE 19801<br>(302) 655-5000<br>scousins@bayardlaw.com | (1)  Memorial Hermann requests that the Court require the Debtors to provide sufficient adequate assurance of future performance. | (1)  *See* Reply. |
| | | | | (2)  Memorial Hermann asserts that the Debtors should be required to provide additional assurances of payment to and performance of third-party vendors. | (2)  Memorial Hermann's objection solely as to payment to and performance of third-party vendors will be adjourned to the July 15, 2015 hearing. |
| 10. | ML-AI 125 Wacker, LLC ("<u>ML-AI 125</u>") | 435 | ARNSTEIN & LEHR LLP<br>Kevin H. Morse<br>120 South Riverside Plaza, Ste 1200<br>Chicago, IL 60606<br>(312) 876-7100<br>khmorse@arnstein.com | (1)  ML-AI 125 requests that the Court require the Debtors to provide sufficient adequate assurance of future performance. | (1)  *See* Reply. |
| | | | | (2)  ML-AI 125 does not object to the Cure Amount but reserves its rights to seek to include future, non-defaulted amounts in the Cure Amount. | (2)  *See* Reply. |

---

[2]  Memorial Hermann's Sale Objection, which is contained in the same court filing, is addressed separately in Exhibit A.

01:17256460.1

| | Objecting Party | D.I.[1] | Counsel/Contact | Objection | Resolution and Response |
|---|---|---|---|---|---|
| 11. | National Carton and Coating Company ("National Carton") | 438 | LAW OFFICES OF PATRICK SCANLON, P.A.<br>Patrick Scanlon<br>Darlene Wyatt Blythe<br>203 NE Front Street, Suite 101<br>Milford, DE 19963<br>(302) 424-1996<br>pjs@delcollections.com<br>dwb@delcollections.com | (1) National Carton asserts that the Debtors have "not established financial responsibility and there are no limits placed on the amount of credit to be extended." | (1) National Carton fails to cite any authority or provide any explanation for its claim that the Debtors must establish "financial responsibility" in connection with the assumption and assignment of the Contract under section 365(b).<br><br>To the extent National Carton's objection can be read to assert that the Contract contains financial accommodations and is therefore subject to the limitations set forth in section 365(c)(2), National Carton is mistaken. The Contract is an ordinary supply agreement. |
| | | | | (2) National Carton asserts that the "cure and assumption of this [C]ontract is not in the best interest of the creditors" or the Debtors. | (2) First, there no requirement under section 365 that the Debtors establish the assumption and assignment of a particular contract is in the best interest of the creditors.<br><br>Second, the Debtors submit that the ability to cure and assume the Contract is in the best interest of the Debtors' creditors and the estate because the ability to cure and assume and assign the Contracts and Leases is a material requirement of the Sale. |
| | | | | (3) National Carton requests that the Court require the Debtors to provide sufficient adequate assurance of future performance. | (3) *See* Reply. |

6

| | Objecting Party | D.I.[1] | Counsel/Contact | Objection | Resolution and Response |
|---|---|---|---|---|---|
| 12. | Packaging Corporation of America ("PCA") | 419 | PACHULSKI STANG ZIEHL &JONES LLP<br>Bradford J. Sandler<br>919 North Market Street, 17th Floor<br>Wilmington, DE 19899<br>(302) 652-4100<br>bsandler@pszj law.com | (1)  PCA asserts the Contracts and Cure Amounts are incorrect.  The Cure List sets forth a total Cure Amount of $82,415.63. | RESOLVED.<br><br>(1)  The Debtors and PCA have agreed on the relevant Contracts and to the total Cure Amount of $141,760.57. |
| | | | | (2)  PCA requests that the Court require the Debtors to provide sufficient adequate assurance of future performance. | (2)  *See* Reply. |
| 13. | Pitney Bowes, Inc. ("Pitney") | 429 | MEYER, SUOZZI, ENGLISH & KLEIN, P.C.<br>Isl Edward J LoBello<br>1350 Broadway, Suite 501<br>P.O. Box 822<br>New York, NY 10018-0822<br>(212) 763-7030<br>elobello@msek.com | (1)  Pitney asserts the Contracts and Cure Amounts are incorrect.  The Cure List sets forth a total Cure Amount of $6,545.95. | (1)  The Debtors and Pitney have agreed on the relevant Contracts and to the total Cure Amount of $1,052,451.49. |
| | | | | (2)  Pitney requests that the Court require the Debtors to provide sufficient adequate assurance of future performance. | (2)  *See* Reply. |
| 14. | Prologis | N/A | Natalie Edwards<br>(303) 567-5078<br>nedwards@prologis.com | (1)  Prologis requests that the Court require the Debtors to provide sufficient adequate assurance of future performance. | (1)  *See* Reply. |
| 15. | The New York and Presbyterian Hospital ("NYPH") | 437, 654 | EPSTEIN BECKER & GREEN, P.C.<br>Wendy G. Marcari<br>250 Park Avenue<br>New York, NY 10177<br>(212) 351-3747<br>WMarcari@ebglaw.com | (1)  If NYPH's Contract is assumed and assigned, NYPH is entitled to any accrued rebate for the period prior to the assumption and assignment. | RESOLVED.<br><br>(1) The Debtors and NYPH have agreed to language in the Sale Order resolving this objection. |

| | Objecting Party | D.I.[1] | Counsel/Contact | Objection | Resolution and Response |
|---|---|---|---|---|---|
| | | | | (2) NYPH requests that the Court require the Debtors to provide sufficient adequate assurance of future performance. | (2) *See* Reply. |
| | | | | (3) NYPH reserves its right to object to the assumption and assignment of the Contract pursuant to section 365(c). | (3) The Debtors do not believe section 365(c) is applicable to the NYPH Contract, and they reserve their rights to respond to any further objection by NYPH. |
| 16. | The Paragon, LP ("Paragon") | 451 | BIEGING SHAPIRO & BARBER LLP<br>Duncan E. Barber<br>4582 South Ulster Street Parkway<br>Suite 1650<br>Denver, CO 80237<br>(720) 488-0220<br>dbarber@bsblawyers.com | (1) Paragon asserts it is entitled to costs and attorneys' fees where there are "no amounts owing under the Lease" | (1) *See* Reply. |
| 17. | The United States (the "U.S.") | 653[3] | UNITED STATES ATTORNEY<br>Ellen W. Slights<br>1007 Orange Street, Suite 700<br>P.O. Box 2046<br>Wilmington, DE 19899-2046 | (1) The U.S. asserts that any federal Contract cannot be assumed and assigned without U.S. consent. | (1) The Debtors and the U.S. are working to resolve its objection, and the Debtors anticipate reaching a consensual resolution. |
| 18. | Volt Consulting Group, Ltd. ("Volt") | 430 | BLAKELEY LLP<br>Peter M. Sweeney<br>1000 N. West Street, Suite 1200<br>Wilmington, DE 19801<br>(302) 415-9908<br>psweeney@blakeleyllp.com | (1) Volt asserts that the Cure Amount should be $1,655,019.99. The Cure List sets forth a Cure Amount of $1,645,395.59. | RESOLVED.<br><br>(1) The Debtors agree the Cure Amount is $1,655,019.99. |

---

[3]   The U.S. Sale Objection, which is contained in the same court filing, is addressed separately in Exhibit A.

01:17256460.1

| | Objecting Party | D.I.[1] | Counsel/Contact | Objection | Resolution and Response |
|---|---|---|---|---|---|
| | | | and<br><br>BLAKELEY LLP<br>David M. Mannion<br>54 W. 40th Street<br>New York, NY 10018<br>(917) 472-9587<br>dmannion@blakeleyllp.com | (2) Volt requests that the Court require the Debtors to provide sufficient adequate assurance of future performance. | (2) *See* Reply. |
| 19. | Xerox Corporation ("Xerox") | 457 | CIARDI CIARDI & ASTIN<br>Daniel K. Astin<br>John D. McLaughlin, Jr.<br>Joseph J. McMahon, Jr.<br>1204 N. King Street<br>Wilmington, DE 19801<br>(302) 658-1100<br>jmcmahon@ciardilaw.com<br><br>and<br><br>FISHMANJACKSON<br>Mark H. Ralston<br>700 Three Galleria Tower<br>13155 Noel Road, L.B. 13<br>Dallas, TX 75240<br>(972) 419-5500<br>mralston@fishmanjackson.com | (1) Xerox asserts the Contracts and Cure Amounts are incorrect. The Cure List sets forth a total Cure Amount of $1,005,904.73.<br><br>(2) Xerox asserts that any Contracts including a license for software cannot be assumed and assigned without Xerox consent.<br><br>(3) Xerox asserts that certain Leases are operational leases and the underlying equipment may not be sold. | (1) Xerox's objection solely as to Cure Amount(s), the request for adequate assurance of future performance, and the assignability of the Contracts will be adjourned to the July 15, 2015 hearing.<br><br>(2) *See* (1) above.<br><br>RESOLVED.<br><br>(3) The Debtors and Xerox have agreed to revised language addressing Xerox's concerns, which has been incorporated into a revised form of order. |

101944538.3

01:17256460.1

**EXHIBIT B-3**

**Chart of Contract Objections**
**(Adjourned)**

| | Objecting Party | D.I.[1] | Counsel/Contact | Objection | Resolution and Response |
|---|---|---|---|---|---|
| 1. | American Reprographics Company ("ARC") | N/A | EZRA BRUTZKUS GUBNER LLP<br>Robyn B. Sokol<br>21650 Oxnard St., Suite 500<br>Woodland Hills, CA 91367-4911<br>(818) 827-9000<br>rsokol@ebg-law.com | (1) ARC asserts that the Cure Amount should be $93,433.64. The Cure List sets forth a Cure Amount of $73,004.66. | (1) ARC's objection solely as to Cure Amount(s) will be adjourned to the July 15, 2015 hearing. |
| 2. | Atlas Tag and Label Inc. ("Atlas") | N/A | BAKER BOTTS L.L.P.<br>Jim Prince<br>2001 Ross Ave.<br>Dallas, TX 75201-2980<br>(214) 953-6612<br>jim.prince@bakerbotts.com | (1) Atlas asserts that the Cure Amount is incorrect. The Cure List sets forth a Cure Amount of $47,714.39. | (1) Atlas's objection solely as to Cure Amount(s) will be adjourned to the July 15, 2015 hearing. |
| 3. | Batson Printing LLC ("Batson") | N/A | Michael Baig<br>847.600.5622<br>michaelb@specialtyprintcomm.com | (1) Batson asserts that the Cure Amount should be $380,004.39. The Cure List included the Cure Amount for Batson's Contract as part of the $100,422.48 Cure Amount listed for the Contract with SPC, Batson's parent corporation. | (1) Batson's objection solely as to Cure Amount(s) will be adjourned to the July 15, 2015 hearing. |
| 4. | Ennis Business Forms ("Ennis") | N/A | BAKER BOTTS L.L.P.<br>Jim Prince<br>2001 Ross Ave.<br>Dallas, TX 75201-2980<br>(214) 953-6612<br>jim.prince@bakerbotts.com | (1) Ennis asserts that the Cure Amount is incorrect. The Cure List sets forth a Cure Amount of $32,850.65. | (1) Ennis's objection solely as to Cure Amount(s) will be adjourned to the July 15, 2015 hearing. |

---

[1] Docket Nos. with a "N/A" indicate that the Debtors received only an informal response for which an objection was never filed.

1

| | Objecting Party | D.I.[1] | Counsel/Contact | Objection | Resolution and Response |
|---|---|---|---|---|---|
| 5. | Forms Manufacturer, Inc. ("FMI") | N/A | BAKER BOTTS L.L.P. Jim Prince 2001 Ross Ave. Dallas, TX 75201-2980 (214) 953-6612 jim.prince@bakerbotts.com | (1) FMI asserts that the Cure Amount is incorrect. The Cure List sets forth a Cure Amount of $3,076.25. | (1) FMI's objection solely as to Cure Amount(s) will be adjourned to the July 15, 2015 hearing. |
| 6. | GCCFC 2005-GG5 Terminus Industrial Limited Partnership ("GCCFC") | 441 | BILZIN SUMBERG BAENA PRICE & AXELROD LLP Jeffrey I. Snyder 1450 Brickell Avenue, 23rd Floor Miami, Florida 33131 (305) 374-7580 jsnyder@bilzin.com | (1) GCCFC asserts that the Cure Amount should be $92,530.00 plus attorneys' fees. The Cure List sets forth a Cure Amount of $0.00.<br><br>(2) GCCFC requests that the Court require the Debtors to provide sufficient adequate assurance of future performance in the amount of three times current "Base Rent." | GCCFC's objection solely as to Cure Amount(s) and adequate assurance of future performance will be adjourned to the July 15, 2015 hearing. |
| 7. | Kay Toledo Tag, Inc. ("Kay Toledo") | N/A | BAKER BOTTS L.L.P. Jim Prince 2001 Ross Ave. Dallas, TX 75201-2980 (214) 953-6612 jim.prince@bakerbotts.com | (1) Kay Toledo asserts that the Cure Amount is incorrect. The Cure List set forth a Cure Amount of $17,249.10. | (1) Kay Toledo's objection solely as to Cure Amount(s) will be adjourned to the July 15, 2015 hearing. |
| 8. | Oce Printing Systems USA, Inc. and Oce Financial Services, Inc. (together, "Oce")<br><br>and<br><br>Canon Financial Services, Inc. ("Canon") | N/A | THE LAW OFFICES OF HOWARD N. SOBEL, P.A. Howard N. Sobel 507 Kresson Road P.O. Box 1525 Voorhees, NJ 08043 (856) 424-6400 info@sobellaw.com | (1) Oce and Canon assert that certain Contracts are not included on the Cure List and that the associated Cure Amounts are incorrect. The Cure List sets forth a Cure Amount of $26,001.91 for Oce and $210,071.27 for Canon. | (1) Oce and Canon's objection solely as to Cure Amount(s) and applicable Contracts will be adjourned to the July 15, 2015 hearing. |

01:17256463.1

| | Objecting Party | D.I.[1] | Counsel/Contact | Objection | Resolution and Response |
|---|---|---|---|---|---|
| 9. | Printgraphics | N/A | BAKER BOTTS L.L.P.<br>Jim Prince<br>2001 Ross Ave.<br>Dallas, TX 75201-2980<br>(214) 953-6612<br>jim.prince@bakerbotts.com | (1)  Printgraphics asserts that the Cure Amount is incorrect.  The Cure List sets forth a Cure Amount of $8,330.79. | (1)  Printgraphics's objection solely as to Cure Amount(s) will be adjourned to the July 15, 2015 hearing. |
| 10. | Seebridge Media LLC ("Seebridge") | 445 | MORRIS JAMES LLP<br>Stephen M. Miller<br>500 Delaware Avenue, Suite 1500<br>Wilmington, DE 19801-1494<br>(302) 888-6800<br>smiller@morrisjames.com<br><br>and<br><br>KING & SPALDING LLP<br>Edward Ripley<br>1100 Louisiana Street, Suite 4000<br>Houston, TX 77002<br>(713) 276-7351<br>eripley@kslaw.com | (1)  Seebridge asserts that the Cure Amount should be $587,411.26. The Cure List sets forth a Cure Amount of $411,016.53. | (1)  Seebridge's objection solely as to Cure Amount(s) will be adjourned to the July 15, 2015 hearing. |
| 11. | Special Service Partners ("SSP") | N/A | BAKER BOTTS L.L.P.<br>Jim Prince<br>2001 Ross Ave.<br>Dallas, TX 75201-2980<br>(214) 953-6612<br>jim.prince@bakerbotts.com | (1)  SSP asserts that the Cure Amount is incorrect.  The Cure List sets forth a Cure Amount of $65,056.24. | (1)  SSP's objection solely as to Cure Amount(s) will be adjourned to the July 15, 2015 hearing. |
| 12. | Specialty Print Communications ("SPC") | N/A | Michael Baig<br>847.600.5622<br>michaelb@specialtyprintcomm.com | (1)  SPC asserts that the Cure Amount should be $144,890.09.  The Cure List sets forth a Cure Amount of $100,422.48. | (2)  SPC's objection solely as to Cure Amount(s) will be adjourned to the July 15, 2015 hearing. |