**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, *et al.*,[1] | Case No. 15-10541 (BLS) |
| Debtors. | Jointly Administered |
| | **Re:  Docket Nos. 23, 456, 567, 568, 569, 574, 577, 578, 580, 591, 594, 603, 606, 619, 628 & 653** |

**DEBTORS' MOTION FOR LEAVE AND PERMISSION TO FILE (I) DEBTORS'
OMNIBUS REPLY TO SALE OBJECTIONS AND, (II) AS APPLICABLE,
DEBTORS' REPLY TO COMMITTEE'S SALE OBJECTION**

The Standard Register Company and its affiliated debtors and debtors in possession in the

above-captioned chapter 11 cases (collectively, the "Debtors") hereby submit this motion (this

"Motion") for entry of an order granting the Debtors leave and permission to file (i) the *Debtors'*

*Omnibus Reply to Objections to Debtors' Motion for (I) an Order (A) Establishing Sale*

*Procedures Relating to the Sale of Substantially All of the Debtors' Assets; (B) Approving Bid*

*Protections; (C) Establishing Procedures Relating to the Assumption and Assignment of Certain*

*Executory Contracts and Unexpired Leases, Including Notice of Proposed Cure Amounts;*

*(D) Approving Form and Manner of Notice of All Procedures, Protections, Schedules, and*

*Agreements; (E) Scheduling a Hearing to Consider the Proposed Sale; and (F) Granting Certain*

*Related Relief; and (II) an Order (A) Approving the Sale of Substantially All of the Debtors'*

*Assets and (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and*

*Unexpired Leases in Connection with the Sale* (the "Omnibus Reply"), filed concurrently

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  The
Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register
Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard
Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register
Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard
Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001).  The
headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

herewith, and, to the extent necessary, (ii) the [*Debtors' Reply to Objection of the Official Committee of Unsecured Creditors to the Proposed Sale of Substantially All of the Debtors' Assets*] (the "Committee Objection Reply" and, together with the Omnibus Reply, the "Replies"), as applicable.  In support of this Motion, the Debtors respectfully represent as follows:

1.      On March 12, 2015, the Debtors filed the *Debtors' Motion for (I) an Order (A) Establishing Sale Procedures Relating to the Sale of Substantially All of the Debtors' Assets; (B) Approving Bid Protections; (C) Establishing Procedures Relating to the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, Including Notice of Proposed Cure Amounts; (D) Approving Form and Manner of Notice of All Procedures, Protections, Schedules, and Agreements; (E) Scheduling a Hearing to Consider the Proposed Sale; and (F) Granting Certain Related Relief; and (II) an Order (A) Approving the Sale of Substantially All of the Debtors' Assets and (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale* [Docket No. 23] (the "Sale Motion").  In connection therewith, the Court entered that certain *Order (I) Establishing Sale Procedures Relating to the Sale of Substantially All of the Debtors' Assets; (II) Approving the Maximum Reimbursement Amount; (III) Establishing Procedures Relating to the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, Including Notice of Proposed Cure Amounts; (IV) Approving Form and Manner of Notice of All Procedures, Protections, Schedules, and Agreements; (V) Scheduling a Hearing to Consider the Proposed Sale; and (VI) Granting Certain Related Relief* [Docket No. 286] (the "Sale Procedures Order") on April 15, 2015.

2.      Among other things, the Sale Procedures Order (i) established certain procedures to govern the process by which the Debtors seek to sell (the "Sale") substantially all of their assets (collectively, their "Assets"), (ii) established June 1, 2015 at 4:00 p.m. (ET) as the deadline to submit objections (the "Objection Deadline") to the Sale to Silver Point Capital, L.P. (the "Stalking Horse Bidder"), and (iii) scheduled a hearing on the Sale Motion (the "Sale Hearing") for June 17, 2015 at 10:00 a.m. (ET).  On May 27, 2015, the Debtors also filed a supplement to the Sale Motion [Docket No. 559] (the "Sale Motion Supplement"), whereby the Debtors seek authority to implement certain assumption and assignment procedures that were not included in the Sale Motion, as filed.  Objections to the Sale Motion Supplement were required to be filed and served no later than June 10, 2015 at 4:00 p.m. (ET).

3.      The Debtors received over 100 formal and informal objections, limited objections, or responses (each an "Objection," and collectively, the "Objections") to entry of an order approving the Sale.  The majority of these Objections were filed or submitted in response to cure notices filed and served in conjunction with the Sale Procedures Order and addressed the narrow issue of assumption and assignment of applicable contracts and/or leases, and prepetition defaults in connection therewith.  As further addressed in the Replies, the Objections raise a variety of issues, ranging from disagreements with the Debtors' proposed cure amounts and the assignability of certain contracts and/or unexpired leases, to objections to the proposed terms of the contemplated transaction.

4.      Pursuant to Rule 9006-1(d) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), "[r]eply papers may be filed and, if filed, shall be served so as to be received by 4:00 p.m. prevailing Eastern Time the day prior to the deadline for filing the agenda."  Del. Bankr.

LR. 9006-1(d).  The agenda for the Hearing was required to be filed at 12:00 Noon (ET) on June 15, 2015 (the "Agenda Deadline").  Accordingly, any reply to the Objections was required to be filed by 4:00 p.m. (ET) on June 12, 2015 (the "Reply Deadline").

5.     Since filing the Sale Motion and the Supplemental Sale Motion, the Debtors have been in active negotiations with the Stalking Horse Bidder, on the one hand, and objecting parties on the other, regarding the terms of the proposed Sale.  As a result of these evolving discussions, the Debtors intend to present a revised form of order approving the Sale Motion that resolves the majority of Objections, including with respect to disputes pertaining to cure amounts.  However, given the sheer number of Objections and the scope of issues raised therein, the recent objection deadline applicable to the Supplemental Sale Motion, and the timing of the auction (the "Auction"), which was held on June 15, 2015 at 10:00 a.m. (ET), the Debtors were unable to resolve all of the Objections prior to the Reply Deadline.  As referenced in, and attached to, the Omnibus Reply, the Debtors spent considerable time diligently preparing a thorough chart for the Court's review which details the current status of each Objection.  In the interest of preparing a comprehensive and accurate summary of each Objection and the posture of current negotiations, the Debtors required additional time to prepare the Omnibus Reply. Accordingly, the Debtor hereby seek leave to file the Omnibus Reply concurrently herewith.

6.     In addition, the Debtors request authority to file the Committee Objection Reply after the Auction in the event that the Debtors must address several arguments raised by the Committee in its Objection [Docket No. 580] that may be rendered moot by potential Auction results.  For that reason, the Debtors seek leave to file the Committee Objection Reply on June 16, 2015.

01:17252978.3

7.      The Replies are being filed in support of the Debtors' proposed entry of an order approving the Sale and to respond to the various factual and legal arguments asserted in the Objections.  As such, the Replies set forth the reasons why the arguments raised in the Objections, to the extent not informally resolved, should be overruled, and the Sale Motion granted on a revised basis.  Accordingly, the Debtors believe that the Replies will assist the Court in the consideration of the Sale Motion and the Objections as such pleadings relate to the proposed order approving the Sale and other related relief.

WHEREFORE, the Debtors respectfully request that the Court enter an order, in substantially the form attached hereto as Exhibit A, allowing the Debtors leave and permission to file the Replies and granting such other and further relief as is just and necessary.

Dated:   June 15, 2015
         Wilmington, Delaware

*/s/ Andrew L. Magaziner*
Michael R. Nestor (No. 3526)
Kara Hammond Coyle (No. 4410)
Maris J. Kandestin (No. 5294)
Andrew L. Magaziner (No. 5426)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253
mnestor@ycst.com
kcoyle@ycst.com
mkandestin@ycst.com
amagaziner@ycst.com

-and-

Michael A. Rosenthal (NY No. 4697561)
Samuel A. Newman (CA No. 217042)
Jeremy L. Graves (CO No. 45522)
Matthew G. Bouslog (CA No. 280978)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Telephone:  (212) 351-4000
Facsimile:  (212) 351-4035
mrosenthal@gibsondunn.com
snewman@gibsondunn.com
jgraves@gibsondunn.com
mbouslog@gibsondunn.com

*Counsel to the Debtors and
Debtors in Possession*

01:17252978.3

6