**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, *et al.*,[1] | Case No. 15-10541 (BLS) |
| Debtors. | Jointly Administered |
| | Re: Docket Nos. 23, 286, 307, 356, 461, 497 & 515 |

**NOTICE OF FILING OF FINAL LIST OF EXECUTORY CONTRACTS
AND UNEXPIRED LEASES THAT MAY BE POTENTIALLY ASSUMED AND
ASSIGNED IN CONNECTION WITH THE SALE OF
SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. On March 12, 2015, The Standard Register Company and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") filed a motion [Docket No. 23] (the "Sale Motion") with the United States Bankruptcy Court for the District of Delaware (the "Court") seeking, among other things, authority to assume and assign certain executory contracts and unexpired leases (collectively, the "Assumed Contracts") in connection with the contemplated sale of substantially all of the Debtors' assets.[2]

2. On April 17, 2015, the Debtors filed that certain *Notice of (i) Entry into Stalking Horse Agreement and (ii) Potential Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale of Substantially All of the Debtors' Assets* [Docket No. 307] (the "Cure Notice"). Attached thereto as Exhibit 1 was a list (the "Potential Assignment Schedule") of Assumed Contracts that the Debtors may seek to assume and assign in connection with the sale of the Transferred Assets. In the Cure Notice, the Debtors reserved the right to delete items from, supplement and modify the Potential Assignment Schedule at any time.

3. The Debtors subsequently amended the Potential Assignment Schedule three times and filed and served corresponding amended Cure Notices on affected parties in each instance. See Docket Nos. 356, 497 and 515.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Sale Motion.

01:17097165.1

4.     Following discussions with contract counterparties that responded to the various Cure Notices, the Debtors have revised the Potential Assignment Schedule to reflect agreements reached with such parties regarding the proposed cure amount associated with certain Assumed Contracts and, as applicable, the manner in which agreements are described.  A copy of the revised Potential Assignment Schedule (the "Final Potential Assignment Schedule") is attached hereto as Exhibit A.

5.     Due to the confidential nature of the Debtors' customers (collectively, the "Customers"), and consistent with prior practice with respect to the Potential Assignment Schedule, the Debtors have omitted customer names and applicable cure amounts from the Final Potential Assignment Schedule.  Each Customer received an individualized notice detailing its inclusion on the Potential Assignment Schedule and a corresponding cure amount of $0, and such cure amount remains binding on Customers unless otherwise noted on the Final Potential Assignment Schedule.

6.     Certain parties (collectively, the "Unresolved Cure Parties") were identified in Exhibits B-2 and B-3 (together, the "Adjourned Cure Amount Exhibits") annexed to the Debtors' omnibus reply to sale objections [Docket No. 667], filed on June 15, 2015, as having unresolved cure objections.  The Final Potential Assignment Schedule reflects agreed upon cure amounts, where applicable, for the Unresolved Cure Parties to the extent the Debtors were able to reach a resolution with such parties since the Adjourned Cure Amount Exhibits were filed.  With respect to all other Unresolved Cure Parties that have filed a cure objection and such objection has been adjourned until July 15, 2015, the Final Potential Assignment Schedule shall have no effect on ongoing negotiations between the Debtors, the Buyers and such parties, and the applicable cure amounts on the Final Potential Assignment Schedule relating to the Unresolved Cure Parties shall not be binding in any respect.

7.     The Debtors intend to submit the Final Potential Assignment Schedule, together with a revised form of proposed order approving the Sale Motion, at a hearing scheduled for June 17, 2015 at 10:00 a.m. (ET) before the Honorable Brendan L. Shannon, Chief United States Bankruptcy Judge for the United States Bankruptcy Court for the District of Delaware.

| | |
|---|---|
| Dated: June 16, 2015 | |
| Wilmington, Delaware | */s/ Andrew L. Magaziner* |

                                  Michael R. Nestor (No. 3526)
                                  Kara Hammond Coyle (No. 4410)
                                  Andrew L. Magaziner (No. 5426)
                                  YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
mnestor@ycst.com
kcoyle@ycst.com
mkandestin@ycst.com
amagaziner@ycst.com

-and-

Michael A. Rosenthal (NY No. 4697561)
Jeremy L. Graves (CO No. 45522)
Matthew G. Bouslog (CA No. 280978)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
mrosenthal@gibsondunn.com
jgraves@gibsondunn.com
mbouslog@gibsondunn.com

*Counsel to the Debtors and Debtors in Possession*

01:17097165.1