IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> THE STANDARD REGISTER COMPANY, *et al*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 15-10541 (BLS) <br><br> (Jointly Administered) <br><br> RE: Docket No. 650 <br><br> **Hearing Date:** July 15, 2015 at 11:00 a.m. ET <br> **Objection Deadline:** July 8, 2015 at 4:00 p.m. ET |

**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS FOR RECONSIDERATION OF ORDER (I) AUTHORIZING
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO
RETAIN AND EMPLOY JEFFERIES LLC AS ITS INVESTMENT
BANKER, *NUNC PRO TUNC* TO MARCH 24, 2015, AND (II) WAIVING
CERTAIN REQUIREMENTS OF LOCAL RULE 2016-2**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases (the "Chapter 11 Cases") of the above-captioned debtors and debtors-in-possession (the "Debtors"), hereby submits this *Motion for Reconsideration of the Order (I) Authorizing the Official Committee of Unsecured Creditors to Retain and Employ Jefferies LLC as Its Investment Banker, Nunc Pro Tunc to March 24, 2015, and (II) Waiving Certain Requirements of Local Rule 2016-2* (the "Motion"). In support of this Motion, the Committee respectfully states as follows:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

## JURISDICTION AND BACKGROUND

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory basis for the relief requested herein is Federal Rule of Bankruptcy Procedure 9023 and Federal Rule of Civil Procedure 59.

4. On March 12, 2015 (the "Petition Date"), the Debtors commenced these Chapter 11 Cases by filing voluntary petitions under chapter 11 of the Bankruptcy Code. No trustee or examiner has been appointed in these Chapter 11 Cases. Accordingly, the Debtors are operating their business and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On March 24, 2015, the Office of the United States Trustee appointed the Committee. See Docket No. 99.

6. On April 20, 2015, the Committee filed the *Application of the Official Committee of Unsecured Creditors for an Order (I) Authorizing the Committee to Retain and Employ Jefferies LLC as Its Investment Banker, Nunc Pro Tunc to March 24, 2015, and (II) Waiving Certain Requirements of Local Rule 2016-2* [Docket No. 318] (the "Application"). Objections to the Application were timely filed by Bank of America, N.A. [Docket No. 396], Silver Point Finance, LLC [Docket No. 397], and the Debtors [Docket No. 398].

7. On June 10, 2015, the Court entered the *Order (I) Authorizing the Official Committee of Unsecured Creditors to Retain and Employ Jefferies LLC as Its Investment Banker, Nunc Pro Tunc to March 24, 2015, and (II) Waiving Certain Requirements of Local Rule 2016-2* [Docket No. 650] (the "Retention Order").

8.      On June 19, 2015, the Debtors, Silver Point Finance, LLC, and the Committee entered into that certain *Settlement Agreement Among Debtors, Silver Point Finance, LLC & Official Committee of Unsecured Creditors* (the "Settlement Agreement"), which was filed at Docket No. 696.

9.      On June 19, 2015, the Settlement Agreement was approved pursuant to the *Order (I) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests; (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (III) Granting Certain Related Relief* [Docket No. 698] (the "Sale Order").

10.     As set forth in the Settlement Agreement, all parties thereto have agreed to revised terms of retention for Jefferies including a $750,000.00 reduction in the amount of the Jefferies transaction fee and approval of Jefferies' retention pursuant to Section 328 of the Bankruptcy Code. Attached hereto as **Exhibit A** is a revised retention order (the "Revised Retention Order") that has been agreed to by Jefferies, the Debtors, and Silver Point Finance, LLC. Attached hereto as **Exhibit B** is a blackline comparison showing the changes made to the Revised Retention Order from the Retention Order previously entered by the Court.

## RELIEF REQUESTED AND BASIS THEREFOR

11.     By this Motion, the Committee respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit C**, authorizing reconsideration of the Retention Order.

12.     Motions for reconsideration in the bankruptcy court are generally governed by Bankruptcy Rule 9023. *See* Fed. R. Bankr. P. 9023; *see also* Fed. R. Bankr. P. 9024. Rule 9023 provides that motions for a new trial or amendment of judgments will be governed by Rule 59 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 59. Under the federal rules of

3

50625599.2

procedure, motions to reconsider are typically treated as motions to alter or amend judgment under Fed. R. Civ. P. 59(e). *See In re Taylor*, 343 Fed. App'x 753 (3d Cir. 2009); *Samuel v. Carroll*, 505 F.Supp.2d 256, 261 (D. Del. 2007).

13. As mentioned above, all parties to the Settlement Agreement have agreed to the amended terms in the Revised Retention Order. Accordingly, the Committee respectfully submits that the Court should enter the proposed Order granting this Motion for reconsideration and, ultimately, enter the Revised Retention Order.

## NOTICE

14. Notice of this Motion has been provided to: (a) counsel for the Debtors, (b) counsel for the DIP Term Agent, (c) counsel for the DIP ABL Agent, (d) the Office of the United States Trustee for the District of Delaware and (e) any party who has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested in this Motion, the Committee respectfully submits that no further notice is necessary.

*[Remainder of Page Left Intentionally Blank]*

WHEREFORE, the Committee respectfully requests that the Court enter an order substantially in the form attached hereto as **Exhibit C**: (i) granting the relief requested in this Motion; and (ii) granting such other and further relief as may be just and proper.

Dated: June 23, 2015

Respectfully Submitted,

**LOWENSTEIN SANDLER LLP**
Kenneth A. Rosen, Esq.
Sharon L. Levine, Esq.
Wojciech Jung, Esq.
Andrew Behlmann, Esq.
65 Livingston Avenue
Roseland, NJ 07068
Telephone: (973-597-2500
Facsimile: (973) 597-2400

-*and* -

Gerald C. Bender, Esq.
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 262-6700
Facsimile: (212) 262-7402

*Counsel to the Committee*

-*and*-

**POLSINELLI PC**

/s/ *Christopher A. Ward*
Christopher A. Ward (Bar No. 3877)
Justin K. Edelson (Bar No. 5002)
222 Delaware Avenue, Suite 1101
Wilmington, DE 19801
Telephone: (302) 252-0920
Facsimile: (302) 252-0921
cward@polsinelli.com
jedelson@polsinelli.com

*Delaware Counsel to the Committee*

50625599.2