# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, *et al.*,[1] | Case No. 15-10541 (BLS) |
| Debtors. | Jointly Administered |
| | **Hearing Date:  July 15, 2015 at 11:00 a.m. (ET)**<br>**Objection Deadline:  July 8, 2015 at 4:00 p.m. (ET)** |

## DEBTORS' MOTION FOR ORDER MODIFYING THAT CERTAIN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF MCKINSEY RECOVERY & TRANSFORMATION SERVICES U.S., LLC, TO AUTHORIZE THE APPOINTMENT OF KEVIN CARMODY AS INTERIM PRESIDENT, CHIEF EXECUTIVE OFFICER, AND DIRECTOR

The Standard Register Company and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") hereby submit this Motion (this "Motion") for entry of an order, substantially in the form annexed hereto as Exhibit A (the "Proposed Order"), modifying the engagement of McKinsey Recovery & Transformation Services U.S. LLC ("McKinsey RTS"), as approved pursuant to that certain *Order Authorizing the Debtors to (I) Employ and Retain McKinsey Recovery & Transformation Services U.S., LLC to Provide Interim Management Services Pursuant to 11 U.S.C. § 363, and (II) Designate Kevin Carmody as Chief Restructuring Officer Nunc Pro Tunc to the Petition Date* [Docket No. 257] (the "McKinsey RTS Retention Order," a copy of which is annexed hereto as Exhibit B), to authorize the appointment of Kevin Carmody ("Mr. Carmody") as the Debtors' interim

---

[1]   The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001).  The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

President, Chief Executive Officer, and Director, and approving Mr. Carmody's go-forward

service in any and all capacities previously served by Joseph Morgan with respect to all

applicable Debtors.  Mr. Carmody currently serves as the Debtors' Chief Restructuring Officer,

pursuant to the terms set forth in the McKinsey RTS Retention Order, and the relief requested

herein shall, to the extent approved by the Court, supplement his current service in that capacity.

In support of this Motion, the Debtors respectfully represents as follows:

## JURISDICTION AND VENUE

1.       The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334(b), and the *Amended Standing Order of Reference* from the United States District Court for

the District of Delaware dated as of February 29, 2012.  This is a core proceeding pursuant to 28

U.S.C. § 157(b), and pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and

Procedure of the United States Bankruptcy Court for the District of Delaware, the Debtors

consent to entry of a final order by the Court in connection with this Motion to the extent that it

is later determined that the Court, absent consent of the parties, cannot enter final orders or

judgments in connection herewith consistent with Article III of the United States Constitution.

Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.       The statutory and legal predicates for the relief requested herein are sections 105

and 363 of title 11 of the United States Code (the "Bankruptcy Code").

## GENERAL BACKGROUND

3.       On March 12, 2015 (the "Petition Date"), each of the Debtors commenced a

voluntary case under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases") with the

United States Bankruptcy Court for the District of Delaware (the "Court").  Pursuant to sections

1107(a) and 1108 of the Bankruptcy Code, the Debtors are continuing to manage their financial affairs as debtors in possession.

4.      On March 24, 2015, the Office of the United States Trustee for the District of Delaware (the "UST") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee").

5.      Information regarding the Debtors' history and business operations, capital structure and primary secured indebtedness, and the events leading up to the commencement of these Chapter 11 Cases is set forth in the *Declaration of Kevin Carmody in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* [Docket No.2].

## THE SALE PROCESS AND THE WINDING DOWN OF THE DEBTORS' ESTATES

6.      On March 12, 2015, the Debtors filed the *Debtors' Motion for (I) an Order (A) Establishing Sale Procedures Relating to the Sale of Substantially All of the Debtors' Assets; (B) Approving Bid Protections; (C) Establishing Procedures Relating to the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, Including Notice of Proposed Cure Amounts; (D) Approving Form and Manner of Notice of All Procedures, Protections, Schedules, and Agreements; (E) Scheduling a Hearing to Consider the Proposed Sale; and (F) Granting Certain Related Relief; and (II) an Order (A) Approving the Sale of Substantially All of the Debtors' Assets and (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale* [Docket No. 23] (the "Initial Sale Motion"), and on May 27, 2015, the Debtors filed a supplement to the Initial Sale Motion [Docket No. 559].

7.      On April 15, 2015, the Court entered an order [Docket No. 286] (the "Sale Procedures Order") approving, among other things, the Sale Procedures (as defined in the Sale Procedures Order) and scheduling an auction (the "Auction") to be held on June 15, 2015.

8.      Following the Auction, the bid submitted by Taylor Corporation ("Taylor") was selected as the highest and best offer for substantially all of the Debtors' assets.  On June 17, 2015, the Debtors presented Taylor's bid to the Court and, two days later, the Court entered that certain *Order (I) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests; (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (III) Granting Certain Related Relief* [Docket No. 698] (the "Sale Order"), thereby approving the sale (the "Sale") of substantially all of the Debtors' assets to Taylor.

9.      At this time, the Debtors are taking necessary steps to close the Sale by the middle of July, and, in conjunction therewith, wind down their estates.  Upon closing, the Debtors intend to pursue a chapter 11 plan of liquidation to efficiently and expeditiously conclude these proceedings.

## THE RETENTION OF MCKINSEY RTS

10.      On April 13, 2015, the Court entered the McKinsey RTS Retention Order and, as a result thereof, authorized the Debtors to retain McKinsey RTS to provide restructuring consulting services.  In connection therewith, McKinsey RTS has provided restructuring consultants and temporary staffing to the Debtors during the pendency of these Chapter 11 Cases, during which time Mr. Carmody has served as the Debtors' Chief Restructuring Officer.

11.      The McKinsey RTS Retention Order provides, among other things, that:

> In the event the Debtors seek to have McKinsey RTS personnel assume executive officer positions that are different than the

> positions disclosed in the Motion, or to materially modify the terms of the CRO Engagement Letter, as modified herein, by either (i) modifying the functions of the personnel, (ii) adding new personnel, or (iii) altering or expanding the scope of the CRO Engagement Letter, as modified herein, a motion to modify the retention shall be filed.

McKinsey RTS Retention Order, ¶ 2(b).

12.     On June 18, 2015, the Debtors' current Chief Executive Officer and a member of the Debtors' Board of Directors (the "Board"), Joseph Morgan, advised the Board that he would be stepping down, effective June 26, 2015, from his position on the Board, and his service as an officer of the Debtors would similarly terminate at that time.  In light thereof, also on June 18, 2015, the Board elected Mr. Carmody to serve as interim President, Chief Executive Officer, and Director during the ongoing wind-down of the Debtors' estates, and in any and all capacities previously served by Mr. Morgan with respect to all applicable Debtors.  In connection therewith, McKinsey RTS and the Debtors executed that certain *First Amendment to the Amended and Restated Agreement, dated March 2, 2015, between McKinsey Recovery & Transformation Services U.S., LLC and The Standard Register Company* (the "Engagement Letter Amendment"), a copy of which is attached hereto as Exhibit C, on June 24, 2015.  Mr. Carmody's appointment shall take effect on June 26, 2015.

13.     As the Debtors' Chief Restructuring Officer, Mr. Carmody has been intimately involved in the Debtors' business operations since the commencement of these Chapter 11 Cases, and, indeed, during the months preceding the Petition Date.  In that capacity, Mr. Carmody has played a pivotal role in guiding the Debtors' restructuring strategy.  Accordingly, to assure continuity in the Debtors' leadership as the Debtors take steps to close the Sale and expeditiously and efficiently wind down their estates, the Debtors respectfully request that the Court authorize the Debtors' entry into the Engagement Letter Amendment.  Mr. Carmody's

compensation will remain unchanged and the McKinsey RTS Retention Order, as modified, will continue to control his, and McKinsey RTS's, relationship with the Debtors.

## RELIEF REQUESTED

14.     By this Motion, the Debtors seek entry of an order (i) authorizing the Debtors to modify the retention of McKinsey RTS to authorize the Debtors to appoint Kevin Carmody as the Debtors' interim President, Chief Executive Officer, and Director, in addition to his current role as Chief Restructuring Officer, and approving Mr. Carmody's go-forward service in any and all capacities previously served by Mr. Morgan with respect to all applicable Debtors, and (ii) granting related relief.

## BASIS FOR RELIEF

15.     Pursuant to the McKinsey RTS Retention Order, the Debtors are required to file this Motion because they seek to have McKinsey RTS personnel assume executive officer positions different than the positions approved by the McKinsey RTS Retention Order.  *See* McKinsey RTS Retention Order, ¶ 2(b).  In their business judgment, the Debtors have determined that appointing Mr. Carmody to serve as interim President, Chief Executive Officer, and Director, as well as in any and all capacities previously served by Mr. Morgan with respect to all applicable Debtors, is in the best interest of the Debtors, their estates, and creditors.  For that reason, the Debtors respectfully request that the Court authorize the modification of the McKinsey RTS Order pursuant to sections 363(b) and 105(a) of the Bankruptcy Code.

16.     Pursuant to section 363(b) of the Bankruptcy Code, a court should authorize non-ordinary course business transactions where the debtor has articulated a valid business justification for entry into the transaction.  *See The Dai-Ichi Kangvo Bank, Ltd. v. Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.)*, 242 B.R. 147, 153 (Bank. D. Del. 1999) ("In determining whether to authorize the use, sale or lease of property of the estate under

[section 363(b)(1)] courts require the debtor to show that a sound business purpose justifies such actions."); *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) ("[T]he debtor must articulate some business justification . . . for using, selling or leasing property out of the ordinary course of business, before the court may permit such disposition under § 363(b).").

17.     Section 105 of the Bankruptcy Code further authorizes a debtor's entry into non-ordinary course business transactions.

18.     The Debtors submit that it is within their sound business judgment to appoint Mr. Carmody as the Debtors' interim President, Chief Executive Officer, and Director, and authorize Mr. Carmody to serve in any and all capacities previously served by Mr. Morgan with respect to all applicable Debtors, given the post-Sale posture of these Chapter 11 Cases, Mr. Morgan's recent decision to step down from the Board and no longer serve as the Debtors' Chief Executive Officer, and the estates' interest in maintaining active and engaged leadership familiar with the Debtors' operations and bankruptcy strategy.  Mr. Carmody's appointment will allow for the most seamless transition under the circumstances, to the benefit of the Debtors, their creditors, and their estates.

19.     Based on the foregoing, the Debtors respectfully submit that the modification of McKinsey RTS' engagement is both necessary and beneficial to the Debtors' estates and should be approved.

## NOTICE

20.    Notice of this Motion has been provided to: (i) the UST; (ii) counsel to the Committee; (iii) counsel for Silver Point Finance, LLC, in its capacity as administrative agent under the Debtors' First Lien Credit Agreement and Second Lien Credit Agreement; (iv) counsel for Bank of America, N.A., in its capacity as administrative agent under the Debtors' Amended and Restated Loan and Security Agreement; (v) counsel to the agents under the Debtors' debtor-in-possession financing facility; and (vi) all parties that have filed a notice of appearance and request for service of papers pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as Exhibit A, (i) authorizing the Debtors to modify the retention of McKinsey RTS to authorize the Debtors to appoint Kevin Carmody as the Debtors' interim President, Chief Executive Officer, and Director, and approving Mr. Carmody's go-forward service in any and all capacities previously served by Mr. Morgan with respect to all applicable Debtors, and (ii) granting such other and further relief as the Court deems appropriate.

Dated:    June 24, 2015
          Wilmington, Delaware

*/s/Andrew L. Magaziner*
Michael R. Nestor (No. 3526)
Kara Hammond Coyle (No. 4410)
Maris J. Kandestin (No. 5294)
Andrew L. Magaziner (No. 5426)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253
mnestor@ycst.com
kcoyle@ycst.com
mkandestin@ycst.com
amagaziner@ycst.com

-and-

Michael A. Rosenthal (NY No. 4697561)
Samuel A. Newman (CA No. 217042)
Jeremy L. Graves (CO No. 45522)
Matthew G. Bouslog (CA No. 280978)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Telephone:  (212) 351-4000
Facsimile:  (212) 351-4035
mrosenthal@gibsondunn.com
snewman@gibsondunn.com
jgraves@gibsondunn.com
mbouslog@gibsondunn.com

*Counsel to the Debtors and*
*Debtors in Possession*