IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, *et al.*,[1] | Case No. 15-10541 (BLS) |
| Debtors. | (Jointly Administered) |
| | Hearing Date: July 15, 2015 at 11:00 a.m. (ET)<br>Objection Deadline: July 8, 2015 at 4:00 p.m. (ET) |

**DEBTORS' MOTION FOR AUTHORITY TO (A) TERMINATE
SEVERANCE PLAN AND (B) MODIFY AND/OR
TERMINATE OTHER EMPLOYEE BENEFIT PLANS**

The Standard Register Company ("Standard Register") and its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), hereby submit this Motion (the "Motion") for the entry of an order, substantially in the form annexed hereto as Exhibit A, pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 6004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Debtors to (a) terminate the Standard Register Employee Severance Pay Plan, dated April 1, 2012 (the "Severance Plan"), a copy of which is annexed hereto as Exhibit B, and related obligations, and (b) modify and/or terminate additional employee benefit plans and policies including but not limited to the Standard Register Employee Savings Plan, various health and welfare plans, and executive

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

compensation plans, but specifically excluding the Stanreco Retirement Plan[2] (collectively, the "Additional Employee Plans"), to facilitate the wind-down of those plans in a manner consistent with the Asset Purchase Agreement, dated June 19, 2015 (the "APA"), between the Debtors and Taylor Corporation ("Taylor").  In support of the relief requested herein, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b), and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b) and pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are sections 105(a) and 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, and 9014, and Local Rule 6004-1.

## BACKGROUND

**A.    General Background**

2. On March 12, 2015 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court").  Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are continuing to manage their financial affairs as debtors in

---

[2]  The termination of the Stanreco Retirement Plan is governed by separate termination procedures and is the subject of ongoing discussions with the Pension Benefit Guaranty Corporation.

possession.  No trustee or examiner has been appointed in these chapter 11 cases (the "Chapter 11 Cases").

3. On March 24, 2015, the Office of the United States Trustee for the District of Delaware (the "UST") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee")

4. Information regarding the Debtors' history and business operations, capital structure and primary secured indebtedness, and the events leading up to the commencement of these Chapter 11 Cases is set forth in the *Declaration of Kevin Carmody in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* [Docket No. 2] which was filed on the Petition Date.

5. On June 19, 2015, the Court entered an order [Docket No. 698] authorizing the sale of substantially all of the Debtors' assets (the "Sale") pursuant to the APA.

**B.     The Severance Plan**

6. The Severance Plan provides eligible employees with severance pay if an employee's job is eliminated due to automation, corporate reorganization, downsizing, outsourcing, the sale of part or all of the company, or a similar event.  Base severance pay is one week.  Supplemental severance pay is awarded on the basis of seniority and in exchange for a signed waiver and release.  The Severance Plan further provides for any severance payments to be reduced by any amounts mandated under federal or state law as a result of a mass layoff or similar event.

7. Eligible employees do not have any vested right to severance pay under the Severance Plan, and the Severance Plan specifically states that Standard Register reserves the right, in its sole discretion, to amend or terminate the Severance Plan at any time, retroactively or otherwise.

8.  Section 7.3(f) of the APA provides that the Debtors must terminate the Severance Plan as a condition precedent to closing the Sale.

**C.  Additional Employee Plans**

9.  The Debtors also sponsor the Additional Employee Plans for the benefit of eligible employees.

10.  Pursuant to Sections 2.3 and 5.5 of the APA, Taylor has agreed to assume limited obligations and liability with respect to certain of the Additional Employee Plans.

11.  All obligations not expressly assumed by Taylor have been retained by Debtors, including the obligation to wind down certain employee plans in accordance with applicable law.

## RELIEF REQUESTED

12.  By this Motion, the Debtors, pursuant to sections 105(a) and 363 of Bankruptcy Code, Bankruptcy Rules 2002, 6004, and 9014, and Local Rule 6004-1, request entry of an order authorizing the Debtors to (a) terminate the Severance Plan and related obligations, and (b) modify and/or terminate any Additional Employee Plan, excluding the Stanreco Retirement Plan.

## BASIS FOR RELIEF REQUESTED

13.  In the ordinary course of the Debtors' business, the Debtors establish, revise, and terminate various employee-related polices, including severance, retirement, health and welfare, and other compensation plans. These actions do not constitute "use, sale, or lease" of estate property. Hence, approval under section 363 of the Bankruptcy Code is not required. *See* 11 U.S.C. § 363(c)(1) (court approval not necessary to conduct business in the ordinary course); *see also* 11 U.S.C. § 363(b) (court approval only required for <u>use, sale, or lease</u> of estate property <u>outside the ordinary course of business</u>).

14. Nevertheless, out of an abundance of caution, the Debtors request that the Court enter an order, substantially in the form attached as Exhibit A hereto, *inter alia*, authorizing the Debtors to terminate the Severance Plan and to modify and/or terminate any Additional Employee Plan, again excluding the Stanreco Retirement Plan.

15. Section 363(b)(1) of the Bankruptcy Code provides: "The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Section 105(a) of the Bankruptcy Code provides: "The Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

16. To approve the use, sale, or lease of property out of the ordinary course of business, this Court must find some articulated business justification for the proposed action. *See In re Abbotts Dairies of Pa. Inc.*, 788 F.2d 143, 145-47 (3d Cir. 1986) (implicitly adopting the articulated business justification and good faith tests of *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2d Cir. 1983)); *see also In re Del. & Hudson Ry. Co.*, 124 B.R. 169, 175-76 (D. Del. 1991) (concluding that the Third Circuit had adopted a "sound business purpose" test in *Abbotts Dairies*).

17. Generally, courts have applied four factors in determining whether to approve a proposed transaction outside the ordinary course of business: (a) whether a sound business reason exists for the proposed transaction; (b) whether fair and reasonable consideration is provided; (c) whether the transaction has been proposed and negotiated in good faith; and (d) whether adequate and reasonable notice is provided. *See In re Lionel*, 722 F.2d at 1071 (setting forth the "sound business purpose" test); *In re Abbotts Dairies*, 788 F.2d at 145-57 (implicitly adopting the articulated business justification test and adding the "good faith"

5

requirement). Here, the proposed termination of the Severance Plan and modification and/or termination of any Additional Employee Plan meets the relevant requirements and should be approved.

18. <u>First</u>, the decision to terminate the Severance Plan and modify or terminate any Additional Employee Plan consistent with the terms of the APA and applicable law is an exercise of the Debtors' sound business judgment. As stated above, the Court approved the Sale, and termination of the Severance Plan is a condition precedent to closing the Sale. The Debtors are therefore required to terminate the Severance Plan. Moreover, the authority sought to modify and/or terminate any Additional Employee Plan provides the Debtors with the necessary flexibility to take required and appropriate steps to wind down the Additional Employee Plans in connection with the Sale. While the Debtors are sensitive to employee claims, the Debtors are unable to pay mounting employee claims and must take efforts to reduce liabilities and other administrative expenses—especially following the Sale when the Debtors will have no ongoing operations or revenue.

19. <u>Second</u>, the proposed termination of the Severance Plan and modification and/or termination of any Additional Employee Plan is proposed in good faith. The terms of the APA were negotiated at arms' length with Taylor, and the final bid submitted by Taylor was the highest and best offer received by the Debtors. The Debtors' lenders, along with the Committee, were also actively involved in the negotiations, and no party objected to this provision in the APA.

20. <u>Third</u>, the Debtors intend to provide adequate notice by sending copies of this Motion to all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. The Debtors will provide further notice to employees upon

termination of the Severance Plan and modification and/or termination of any of the Additional Employee Plans.  Accordingly, the Debtors submit that notice is adequate and reasonable under the circumstances.

## REQUEST FOR WAIVER OF STAY

21.     Bankruptcy Rule 6004(h) provides, in relevant part, that an "order authorizing the use, sale, or lease of property . . . is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise."  To the extent applicable, the Debtors request that the order approving termination of the Severance Plan and the modification and/or termination of any of the Additional Employee Plans be effective immediately by providing that the 14-day stay period under Bankruptcy Rule 6004(h) is waived.

22.     The purpose of Bankruptcy Rule 6004(h) is to provide sufficient time for an objecting party to appeal before an order can be implemented.  *See* Advisory Committee Notes to Fed. R. Bankr. P. 6004(h).  Although Bankruptcy Rule 6004(h) and the Advisory Committee Notes are silent as to when a court should "order otherwise" and eliminate or reduce the stay period, *Collier's* suggests that the 14-day stay period should be eliminated to allow a sale or other transaction to close immediately "where there has been no objection to the procedure."  10 Alan N. Resnick & Henry J. Sommer, *Collier on Bankruptcy* ¶ 6004.11 (16th ed.).  Furthermore, *Collier's* provides that if an objection is filed and overruled, and the objecting party informs the court of its intent to appeal, the stay may be reduced to the amount of time actually necessary to file such appeal.  *Id.*

23.     Promptly closing the Sale and realizing value from the Debtors' assets is critically important to the Debtors, Taylor, and other parties in interest.  The Debtors, therefore, submit that satisfying their obligations under the APA and proceeding quickly to closing is in the best

interests of the Debtors' estates. Accordingly, the Debtors request that the Court waive the 14-day stay period under Bankruptcy Rule 6004(h).

## **NOTICE**

24.     Notice of this Motion has been provided to (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Committee; (iii) counsel for Silver Point Finance, LLC, in its capacity as administrative agent under the Debtors' First Lien Credit Agreement and Second Lien Credit Agreement; (iv) counsel for Bank of America, N.A., in its capacity as administrative agent under the Debtors' Amended and Restated Loan and Security Agreement; (v) counsel to the agents under the Debtors' debtor-in-possession financing facility; and (vi) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested herein, and such other and further relief as it deems just and proper.

Dated: June 24,, 2015
Wilmington, Delaware

*/s/ Andrew L. Magaziner*
Michael R. Nestor (No. 3526)
Kara Hammond Coyle (No. 4410)
Maris J. Kandestin (No. 5294)
Andrew L. Magaziner (No. 5426)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
mnestor@ycst.com
kcoyle@ycst.com
mkandestin@ycst.com
amagaziner@ycst.com

-and-

Michael A. Rosenthal (NY No. 4697561)
Samuel A. Newman (CA No. 217042)
Jeremy L. Graves (CO No. 45522)
Matthew G. Bouslog (CA No. 280978)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
mrosenthal@gibsondunn.com
snewman@gibsondunn.com
jgraves@gibsondunn.com
mbouslog@gibsondunn.com

*Counsel to the Debtors and Debtors in Possession*