IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>THE STANDARD REGISTER COMPANY, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 15-10541 (BLS)<br><br>(Jointly Administered) |
| THE STANDARD REGISTER COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>CRAIG H. STOCKMAL; LYNN D. SMITH; FOCUSED IMPRESSIONS, INC.; AND FOCUSED IMPRESSIONS TECHNOLOGY, LLC.<br><br>Defendants. | Adv. Pro. No. 15-50883 (BLS) |

**NOTICE OF RULE 30(B)(6) DEPOSITION
OF PLAINTIFF THE STANDARD REGISTER COMPANY**

**TO:** Michael R. Nestor (No. 3526)
Kara Hammond Koyle (No. 4410)
Maris J. Kandestin (No. 5294)
Andrew L. Magaziner (No. 5426)
YOUNG, CONAWAYR, STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801

Michael Rosenthal (NY No. 4697561)
Samuel A. Newman (CA No. 217042)
Jeremy L. Graves (CO No. 45522)
Kyle J. Kolb (NY No. 5014121)
Matthew G. Bouslog (CA No. 280978)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193

PLEASE TAKE NOTICE that on July 9, 2015 at 10:00 a.m., the defendants, by their

attorneys, will take the deposition on oral examination of Plaintiff The Standard Register

Company ("Standard Register") pursuant to Fed. R. Civ. P. 30(b)(6). The person(s) whom Standard Register designates to be deposed pursuant to Fed. R. Civ. P. 30(b)(6) shall be the individual(s) with knowledge as to all matters known or reasonably available to Standard Register with respect to the areas of inquiry listed on the attached **Schedule A**. The deposition will take place before a Notary Public or other officer duly authorized to administer oaths, at the offices of Todd & Weld, LLP, 1 Federal Street, 27th Floor, Boston, Massachusetts and it will continue from day to day until completed. You are invited to attend and cross-examine.

        Respectfully submitted,

        CRAIG H. STOCKMAL, LYNN D. SMITH,
        FOCUSED IMPRESSIONS, INC., AND
        FOCUSED IMPRESSIONS TECHNOLOGY,
        LLC,

        By their attorneys:

        /s/ Benjamin J. Wish
        William D. Sullivan (No. 2820)
        William A. Hazeltine (No. 3294)
        Elihu E. Allinson III (No 3476)
        901 North Market Street, Suite 1300
        Wilmington, DE 19801
        Tel: (302) 428-8191
        Fax: (302)428-8195

        - and -
        David H. Rich (Mass. BBO #634175)
        Benjamin J. Wish (Mass. BBO #672743)
        Todd & Weld LLP
        One Federal Street, 27th Floor
        Boston, MA 02110
        (617) 720-2626 (telephone)
        (617) 227-5777 (facsimile)

        *Admission Pro Hac Vice pending*

Dated: July 2, 2015

## CERTIFICATE OF SERVICE

I, Benjamin J. Wish, hereby certify that this document has been served via electronic mail and first class mail upon all defense counsel on this 2nd day of July, 2015.

Date:  July 2, 2015                 /s/ Benjamin J. Wish

## Schedule A

## DEFINITIONS

As used herein, the words and phrases set out below shall have the following meanings:

1. "Communication" means any correspondence, contact, discussion, or any other kind of written or oral exchange or transmittal of information (in the form of facts, ideas, inquiries, or otherwise) and any response thereto between two or more persons or entities, including, without limitation, all telephone conversations, face-to-face meetings or conversations, internal or external discussions, or exchanges of a document or documents, whether directly or through "cc" copying.

2. "Document" shall be interpreted in the broadest sense of the word and shall include, without limitation, any writings, drawings, graphs, charts, images, reports of telephone conversations, calendar entries, diary entries, any kind of records of meetings or conversations, sound or mechanical reproductions, printed or graphic representations, emails, computer transmissions, electronic data, computer backup, computer storage, sketches, notes of conversations, and all other written, printed, typed or other reported matter (including electronic or magnetic recordings), photographs, or other data compilations, or other item containing information of any kind or nature, however produced or reproduced, whether an original or a duplicate, whatever its origin or location, and regardless of the form in which such information exists or is maintained.

3. "Person" means any natural person or any legal or business entity.

4. "Complaint" means the complaint you filed in the above-captioned action.

5. A "representative" of a person means any officer, director, agent, employee, attorney, or other representative of such person.

4

6. An "affiliate" of any entity means any person who, directly or indirectly, controls, or is controlled by, or is under common control with such entity. The term "control" and its correlatives, as used above, means the possession, whether direct or indirect, or the power to direct or to cause the direction of the management and policies of a person, whether through ownership of an entity interest, by corporate position, by contract, or otherwise.

7. "Concerning" means relating to, referring to, describing, evidencing, or constituting.

8. "Key Customer" means the customer you referred to as the "Key Customer" in your Complaint.

9. "Stockmal Uarco Salesman Document" means the June 13, 1983 document labeled as a Salesman's Agreement attached to the Complaint in this case as Exhibit A.

10. "Smith Uarco Salesman Document" means the October 19, 1989 document labeled as a Salesman's Agreement attached to the Complaint in this case as Exhibit B.

11. "Standard Register" means The Standard Register Company and any officer, director, agent, employee, attorney, or other representative of Standard Register.

12. "2005 Stockmal Agreement" means the January 10, 2005 document titled as Confidentiality Agreement Enterprise Data Warehouse.

13. "Code of Ethics" means Standard Register's Code of Ethics attached as Exhibit C to the Complaint.

14. "You" or "Your" means Standard Register.

## TOPICS

1. The allegations set forth in the Complaint.

2. Your alleged damages sought in this case, including the method of their calculation.

3. All individuals who have knowledge about the allegations and/or claims in your Complaint.

4. Your contention that Defendants are presently competing or intend to compete with Standard Register.

5. All Standard Register's confidential, proprietary, or trade secret information you claim Stockmal or Smith have accessed or obtained.

6. Your contention that Defendants have used or intend to use any confidential, proprietary, or trade secret information of Standard Register to harm or compete with Standard Register.

7. The manner in which Standard Register determines what information constitutes confidential, proprietary, or trade secret information.

8. All efforts Standard Register has made to protect and maintain the confidentiality of the information you claim is its confidential, proprietary or trade secret information.

9. Your contention that Stockmal, or any of the Defendants, has attempted to undermine, or has undermined, Standard Register's business relationships with customers, including Key Customer.

10. The terms and conditions of Stockmal's employment with Standard Register and all negotiations of any terms and conditions of Stockmal's employment with Standard Register.

11. The terms and conditions of Smith's employment with Standard Register and all negotiations of any terms and conditions of Smith's employment with Standard Register.

12. All agreements that you contend relate to the terms and conditions of Stockmal's employment with Standard Register.

13. All agreements that you contend relate to the terms and conditions of Smith's employment with Standard Register.

14. All communications you have had with Stockmal regarding any potential, actual or contemplated employment agreement, where or not such agreement contains restricted covenants.

15. All communications you have had with Smith regarding any potential, actual or contemplated employment agreement, where or not such agreement contains restricted covenants.

16. The Key Customer.

17. Standard Register's business relationship with the Key Customer.

18. Any and all debts Standard Register owes to Key Customer.

19. The Stockmal Uarco Salesman Document.

20. Your contention that the Stockmal Uarco Salesman Document is enforceable by Standard Register against Stockmal.

21. The Smith Uarco Salesman Document.

22. Your contention that the Smith Uarco Salesman Document is enforceable by Standard Register against Smith

23. The 2005 Stockmal Agreement.

24. The Code of Ethics.

25. Focused Impressions.

26. Focused Technology.

27. Any and all investigations you have undertaken relative to the allegations set forth in the Complaint.

28. Any and all interactions between Defendants and the Key Customer that you contend violate any agreement between any of Defendants and Standard Register.

29. Any and all actions Defendants have taken that you claim violate any agreement between any of the Defendants and Standard Register.

30. Any and all actions Defendants have taken that you claim violate any legal obligation or duty.

4835-7118-3141, v. 1