IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, *et al.*,[1] | Case No. 15-10541 (BLS) |
| Debtors. | (Jointly Administered) |
| | Re: Docket No. 730 |

## ORDER AUTHORIZING DEBTORS TO (A) TERMINATE SEVERANCE PLAN AND (B) MODIFY AND/OR TERMINATE OTHER EMPLOYEE BENEFIT PLANS

Upon consideration of the *Debtors' Motion for Authority to (a) Terminate Severance Plan and (b) Modify and/or Terminate Other Employee Benefit Plans* (the "Motion")[2] of the above captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order, pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 6004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Debtors to (a) terminate the Standard Register Employee Severance Pay Plan, dated April 1, 2012 (the "Severance Plan"), and (b) modify and/or terminate additional employee benefit plans and policies including but not limited to the Standard Register Employee Savings Plan, various health and welfare plans, and executive compensation plans, but

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

specifically excluding the Stanreco Retirement Plan (collectively, the "Additional Employee Plans"), in connection with the Sale; and it appearing that due and sufficient notice of the Motion and the relief sought in connection therewith has been provided to all parties in interest; and it further appearing that no other or further notice hereof is required; and this Court having reviewed and considered the Motion and any objections thereto; and it appearing that the relief requested in the Motion is in the best interest of the Debtors' estates, their creditors, and other parties in interest; and it further appearing that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is hereby GRANTED as set forth herein.

2. The Debtors shall be, and hereby are, authorized to terminate the Severance Plan and related obligations and are authorized to modify and/or terminate any Additional Employee Plan, excluding the Stanreco Retirement Plan.

3. Any and all objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are hereby overruled on the merits.

4. Notwithstanding the provisions of Bankruptcy Rule 6004 or any applicable provisions of the Local Rules, this Order shall not be stayed for 14 days after the entry hereof, but shall be effective and enforceable immediately upon entry, and the 14-day stay provided in such rules is hereby expressly waived and shall not apply.

5. This Court shall retain jurisdiction over the parties for the purpose of enforcing the terms and provisions of this Order.

Dated: July 13, 2015
Wilmington, Delaware

_____
Brendan L. Shannon
Chief United States Bankruptcy Judge