# EXHIBIT A

Execution Version

## STANDARD REGISTER COMPANY GENERAL
## UNSECURED CREDITORS' GUC TRUST AGREEMENT

This *Standard Register Company General Unsecured Creditors' GUC Trust Agreement* (the "GUC Trust Agreement") dated as of July 31, 2015, is entered into by and between The Standard Register Company, Standard Register Holding Company, Standard Register Technologies, Inc., Standard Register International, Inc., iMedConsent, LLC, Standard Register of Puerto Rico Inc., Standard Register Mexico Holding Company, Standard Register Holding, S. de R.L. de C.V., Standard Register de México, S. de R.L. de C.V., Standard Register Servicios, S. de R.L. de C.V. and Standard Register Technologies Canada ULC (collectively, the "Settlor" or Debtors"), on the one hand, and EisnerAmper LLP (the "GUC Trustee") and Anthony R. Calascibetta as the authorized representative of the GUC Trustee, on the other hand, for the benefit of the Beneficiaries (defined below) pursuant to the terms of the *Settlement Agreement Among Debtors, Silver Point Finance, LLC & Official Committee Of Unsecured Creditors* attached as Exhibit A to the *Notice of Filing of Settlement Agreement* [D.I. 696] (the "Settlement"), which Settlement was approved by the *Order (I) Authorizing The Sale Of Substantially All Of The Debtors' Assets Free And Clear Of All Liens, Claims, Encumbrances, And Interests; (II) Authorizing The Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases; And (III) Granting Certain Related Relief* dated June 19, 2015 [D.I. 698] (the "Sale and Settlement Order") entered by the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") in the jointly administered Chapter 11 cases captioned *In re The Standard Register Company, et al.*, Case No. 15-10541 (BLS) (collectively, the "Chapter 11 Cases").

## WITNESSETH

**WHEREAS**, the GUC Trust (defined below) is created pursuant to, and to effectuate, the Settlement and the Sale and Settlement Order; and

**WHEREAS**, the GUC Trust is created on behalf, and for the sole benefit, of the Beneficiaries pursuant to the Settlement and the Sale and Settlement Order; and

**WHEREAS**, the GUC Trust is established as a liquidating trust in accordance with Treasury Regulation Section 301.7701-4(d) for the sole purpose of collecting, liquidating, and distributing the Net Proceeds in an expeditious and orderly manner for the benefit of the Beneficiaries in accordance with the terms of this GUC Trust Agreement and the Settlement with no objective to continue or engage in the conduct of a trade or business; and

**WHEREAS**, the GUC Trust is intended to qualify and be treated as a grantor trust for U.S. federal income tax purposes pursuant to Sections 671 through 677 of the Internal Revenue Code of 1986 (as amended, the "Tax Code");

**WHEREAS**, pursuant to the Settlement and this GUC Trust Agreement, the Settlor, the GUC Trustee and the Beneficiaries are required to treat the transfer of the Distributable Assets to the GUC Trust, for all U.S. federal income tax purposes, as a transfer of the Distributable Assets by the Settlor to the Beneficiaries in satisfaction of their Allowed Claims followed by a transfer of the Distributable Assets by the Beneficiaries to the GUC Trust in exchange for their beneficial interests herein, and to treat the Beneficiaries as the grantors and owners of the GUC Trust in accordance with Treasury Regulation section 301.7701-4; and

**NOW, THEREFORE**, in consideration of the promises and the mutual covenants contained herein and in the Settlement, the Settlor and the GUC Trustee agree as follows:

# ARTICLE I

# DEFINITIONS AND INTERPRETATIONS

1.1     Definitions.

1.1.1   "Allowed Claim"  means a General Unsecured Claim (or any portion thereof) (a) that has been allowed by a Final Order of the Bankruptcy Court (or such court as the Debtors (or successor estate representative), the GUC Trustee and the holder of any such claim agree may adjudicate such claim and any objections thereto), or (b) that either (x) has been scheduled as a liquidated, non-contingent, and undisputed claim in an amount greater than zero on the Debtors' schedules, or (y) is the subject of a timely filed proof of claim as to which either (i) no objection to its allowance has been filed (either by way of objection or amendment to the schedules) within the periods of limitation fixed by the Bankruptcy Code or by any Final Order of the Bankruptcy Court or (ii) any objection to its allowance has been settled, waived through payment, or withdrawn, or has been denied by a Final Order *provided, however*, that for purposes of determining the status of a particular claim, any such claim which has not been previously allowed or disallowed by a Final Order of the Bankruptcy Court shall be deemed a Disputed Claim unless such claim is specifically identified by the Debtors (or successor estate representative) and/or the GUC Trustee as being an Allowed Claim.

1.1.2   "Assets" means the Distributable Assets and the GUC Trust Seed Funding Amount.

1.1.3   "Available GUC Trust Cash" means the gross proceeds generated through the liquidation and monetization of Distributable Assets or any portion thereof, less (a) charges, costs and expenses that are rightly deducted and attributable to the liquidation and monetization of the Distributable Assets including, but not limited to, all costs, expenses, and obligations incurred by the GUC Trust and GUC Trustee (or professionals who may be employed by the

GUC Trustee in administering the GUC Trust) in carrying out the obligations and responsibilities under this GUC Trust Agreement and the Settlement; *provided*, *however*, no such fees shall be paid from the GUC Cash Payment; and (b) the Disputed Claims Reserve.

      1.1.4  "<u>Beneficiaries</u>" means the General Unsecured Creditors whether their claims are Allowed before or after the Effective Date.

      1.1.5  "<u>Claims</u>" has the meaning ascribed to it in section 101(5) of the Bankruptcy Code.

      1.1.6  "<u>Creditors' Committee</u>" means the Official Committee of Unsecured Creditors appointed in the Chapter 11 Cases.

      1.1.7  "<u>D&O Claims</u>" has the meaning ascribed to it in the Settlement.

      1.1.8  "<u>Disallowed Claim</u>" means a General Unsecured Claim that is disallowed by Final Order or agreement between the Debtors and/or GUC Trustee and the applicable claimant.

      1.1.9  "<u>Disputed Claims Reserve</u>" means cash in an amount equal to the Distributions which would have been made to Beneficiaries on account of Disputed Claims if such claims were Allowed or such other amount as may be ordered by the Bankruptcy Court.

      1.1.10  "<u>Disputed Claims</u>" means the General Unsecured Claims that are not Allowed Claims or Disallowed Claims.

      1.1.11  "<u>Distributable Assets</u>" means the assets (and proceeds thereof) transferred to and vested in the GUC Trust on the Effective Date (as defined below) or subsequent thereto that are available for Distribution, which assets are comprised of the GUC Cash Payment, the D&O Claims, the Sharing Payment (as defined in the Settlement), and any other funds or assets

that are available for the benefit of General Unsecured Creditors and are subsequently transferred to the GUC Trust by the Settlor.

1.1.12 "Distribution" means a distribution of property to a Beneficiary in accordance with this GUC Trust Agreement.

1.1.13 "Distribution Date" means any date on which Distributions are made in accordance with this GUC Trust Agreement.

1.1.14 "Encumbrances" means rights, Liens, Claims, liabilities, interests, or other encumbrances of any kind, whether direct, residual, contingent or otherwise.

1.1.15 "Entity" has the meaning ascribed to it in section 101(15) of the Bankruptcy Code.

1.1.16 "Final Order" means an order of the Bankruptcy Court or any other court of competent jurisdiction (a) as to which the time to appeal shall have expired and as to which no appeal shall then be pending or (b) if a timely appeal shall have been filed, such appeal has been resolved by a Final Order or agreement of all the parties to such appeal.

1.1.17 "General Unsecured Claim" means a general unsecured claim filed or scheduled against any of the Debtors.

1.1.18 "General Unsecured Creditor" means a holder of an Allowed Claim.

1.1.19 "GUC Cash Payment" has the meaning ascribed to it in the Settlement, which payment the GUC Trustee shall receive on the Effective Date and deposit into a separate and segregated account to be used solely and exclusively to make Distributions to the Beneficiaries.

1.1.20 "GUC Trust" means the liquidating trust established pursuant to the terms of this GUC Trust Agreement, the Settlement, and the Sale and Settlement Order.

1.1.21 "GUC Trustee" means (a) initially, the person or corporation defined as the "GUC Trustee" above, and (b) any successors or replacements duly appointed under the terms of this GUC Trust Agreement, and is the person referred to as the "GUC Trustee" in the Settlement.

1.1.22 "GUC Trust Oversight Committee" means those members of the Creditors' Committee who agree to serve as members of the GUC Trust Oversight Committee. The initial members of the GUC Trust Oversight Committee shall be all of the current members of the Creditors' Committee.

1.1.23 "GUC Trust Agreement" means this *The Standard Register Company General Unsecured Creditors' GUC Trust Agreement.*

1.1.24 "GUC Trust Seed Funding Amount" has the meaning ascribed to it in the Settlement.

1.1.25 "Lien" has the meaning ascribed to it in section 101(37) of the Bankruptcy Code.

1.1.26 "Net Proceeds" shall mean cash Distributable Assets of the GUC Trust net of all reserves, costs, fees, and expenses of the GUC Trust and GUC Trustee.

1.1.27 "Permitted Investments" shall include (a) short-term direct obligations of, or obligations guaranteed by, the United States of America, (b) short-term obligations of any agency or corporation which is or may hereafter be created by or pursuant to an act of the Congress of the United States as an agency or instrumentality thereof, (c) such other investments as the Bankruptcy Court may approve from time to time, or (d) demand deposits, money market account, or certificates of deposit at any bank or trust company that has, at the time of the deposit, a capital stock and surplus aggregating at least $1,000,000,000, *provided*, *however*, that

the scope of any Permitted Investments shall be limited to include only those investments that a liquidating trust, within the meaning of Treas. Reg. § 301.7701-4(d), may be permitted to hold, pursuant to Treasury Regulations, or any modification in the IRS guidelines, whether set forth in IRS rulings, other IRS pronouncements, or otherwise, and to the investment guidelines of section 345 of the Bankruptcy Code, *provided, further, however*, the requirement of complying with the investment guidelines of section 345 of the Bankruptcy Code may be waived by the GUC Trustee with the approval of the GUC Trust Advisory Board.

1.1.28  "Standing Order" means the Order Granting the Committee Standing and Authorizing the Committee to Commence and Prosecute Certain Actions on Behalf of the Debtors' Estates [D.I. 648].

1.2     Use of Settlement Definitions.  All terms which are used in this GUC Trust Agreement but not defined herein shall have the meaning set forth in the Settlement or Sale and Settlement Order.

1.3     Headings; Interpretation.  The headings in this GUC Trust Agreement are for convenience of reference only and shall not limit or otherwise affect the provisions of this GUC Trust Agreement.  Words denoting the singular number shall include the plural number and vice versa, and words denoting one gender shall include the other gender.

1.4     Particular Words.  Reference in this GUC Trust Agreement to any Section or Article is, unless otherwise specified, to that Section or Article under this GUC Trust Agreement. The words "hereof," "herein," "hereunder," and similar terms shall refer to this GUC Trust Agreement and not to any particular Section or Article of this GUC Trust Agreement.

## ARTICLE II

## DECLARATION OF TRUST

2.1    <u>Creation and Name</u>.  Pursuant to the Settlement and the Sale and Settlement Order, the Settlor hereby establishes and creates the GUC Trust, on behalf of, and for the benefit of the Beneficiaries as of the date hereof (the "<u>Effective Date</u>").  The GUC Trustee may conduct the affairs of the GUC Trust under the name "SRC Liquidating GUC Trust," and is the GUC Trust referred to as the "GUC Trust" in the Settlement.

2.2    <u>Purpose of GUC Trust</u>.  This GUC Trust Agreement is intended to create a grantor trust for United States federal income tax purposes and, to the extent provided by law, shall be governed and construed in all respects as such a grantor trust.  The Settlor and the GUC Trustee, pursuant to the Settlement and Sale and Settlement Order hereby create the GUC Trust solely for the purpose of, liquidating and distribution the Distributable Assets in accordance with the terms of this GUC Trust Agreement, the Settlement and Sale and Settlement Order with no objective to continue or engage in the conduct of a trade or business.  The GUC Trustee shall engage only in activities reasonably necessary to, and consistent with the liquidating purpose of the GUC Trust including, but not limited to, (a) investigating and, if appropriate, pursuing, settling or abandoning causes of action, including but not limited to the D&O Claims not otherwise released under the Settlement, (b) administering and liquidating the Assets, (c) resolving all Disputed Claims and (d) making Distributions from the GUC Trust as provided for in the Settlement and this GUC Trust Agreement.  The activities of the GUC Trust shall be limited to those activities set forth in this GUC Trust Agreement.

2.3    <u>Transfer of Distributable Assets</u>.  Pursuant to the Settlement and the Sale and Settlement Order, the Settlor hereby grants, releases, assigns, conveys, transfers and delivers, on behalf of the Beneficiaries, all of the Settlor's rights, title and interest in the Distributable Assets

in trust for the benefit of the Beneficiaries, free and clear of all Encumbrances of all other Entities for the uses and purposes as specified in the Settlement and this GUC Trust Agreement, it being understood that the GUC Cash Payment shall only be used for Distributions to Beneficiaries. For the avoidance of doubt, the costs and expenses of the GUC Trust shall be funded exclusively from the Assets, exclusive of the GUC Cash Payment.

2.4    Securities Law. It is intended that the interests of the Beneficiaries in the GUC Trust and the entitlements hereunder (the "Beneficial Interests"), if any, of such Beneficiaries, shall not constitute "securities." To the extent applicable and to the extent the Beneficial Interests or any entitlements of the Beneficiaries are deemed to be "securities," the issuance of the Beneficial Interests or the entitlements hereunder or under any Plan shall be exempt, pursuant to section 1145 of the Bankruptcy Code from Section 4(a)(2) of the Securities Act and any state and local laws requiring registration of securities. If the GUC Trustee determines, with the advice of counsel, that the GUC Trust is required to comply with the registration and reporting requirements of the Securities Act of 1933, as amended, the Securities and Exchange Act of 1934, as amended (collectively, the "Securities Act), the Trust Indenture Act of 1939, as amended (the "Trust Indenture Act"), or the Investment Company Act of 1940, as amended (the "Investment Company Act"), then the GUC Trustee shall take any and all actions to comply with such registration and reporting requirements and file necessary periodic reports with the Securities and Exchange Commission. Notwithstanding the foregoing, nothing contained herein shall be deemed to preclude the GUC Trustee from amending this GUC Trust Agreement to make such changes as are deemed necessary or appropriate by the GUC Trustee, with the advice of counsel, to ensure that the GUC Trust is not subject to registration and/or reporting requirement of the Securities Act, the Trust Indenture Act or the Investment Company Act,

provided that such amendments do not adversely affect the Distributions to be made under the terms of this GUC Trust Agreement.

2.5    Appointment and Acceptance of GUC Trustee.  The GUC Trustee accepts the GUC Trust created by this GUC Trust Agreement and the grant, assignment, transfer, conveyance, and delivery to the GUC Trustee, on behalf, and for the benefit, of the Beneficiaries, by the Debtors of all of their respective right, title, and interest in the Distributable Assets, upon and subject to the terms and conditions set forth in this GUC Trust Agreement, the Settlement and the Settlement Order and any subsequent order of the Bankruptcy Court that is consistent with the terms and purpose of the Settlement.

2.6    Transfer of D&O Claims.  The Debtors agree and authorize the GUC Trustee to (a) prosecute, settle, compromise and/or dismiss the claims authorized by the Standing Order, including the D&O Claims, on behalf of, and in the name of, the Debtors and their estates (b) be substituted as plaintiff for the Creditors' Committee in the adversary proceeding captioned *Official Committee of Unsecured Creditors of The Standard Register Company, et al. v. Silver Point Capital, L.P. et al.*, Adv. Proc. No. 15-50771 (BLS) (Bankr. D. Del.), as the same may be amended from time to time, including in accordance with the Settlement.  To the extent that Debtors or their estates receive any recovery from the prosecution of the D&O Claims, including, without limitation, from any applicable insurance provider, the Debtors agree to promptly turn such recovery over to the GUC Trust.

2.7    No Reversion to Debtors or Others.  The Distributable Assets shall be free and clear of all Encumbrances of the Debtors or any other Entity.

2.8    Funding of the GUC Trust Seed Funding Amount.  On the Effective Date, the Debtors shall advance the GUC Trust Seed Funding Amount to the GUC Trust as a loan.  The

GUC Trust shall repay the GUC Trust Seed Funding Amount without interest to the Debtors or their successors or assigns from either the GUC Trust Seed Funding Amount not used to pay costs and expenses of administering the GUC Trust and/or the Net Proceeds, if any, of the liquidation of the Distributable Assets (other than the GUC Cash Payment which shall be utilized exclusively for the payment of Distributions to Beneficiaries).  Except for the obligation of the GUC Trust to repay the GUC Trust Seed Funding Amount as set forth this Section 2.8, the GUC Trust Seed Funding Amount shall be free and clear of all Encumbrances of the Debtors or any other Entity.

## ARTICLE III

## ADMINISTRATION OF THE GUC TRUST

3.1     <u>Rights, Powers, and Privileges</u>.  The GUC Trustee shall have only the rights, powers and privileges expressly provided in this GUC Trust Agreement and in any order of the Bankruptcy Court that is not, absent the consent of the GUC Trustee, inconsistent with the terms and purpose of the Settlement and GUC Trust Agreement.  Subject to the terms of this GUC Trust Agreement, GUC Trustee shall have the power to take the actions specified in this Section 3.1 and any actions reasonably incidental thereto, which the GUC Trustee reasonably determines to be necessary or appropriate to fulfill the purpose of the GUC Trust, including but not limited to:

A.     exercise all power and authority that may be necessary to implement the Settlement on behalf of the GUC Trust and enforce all provisions thereof;

B.     open and maintain bank accounts, make Distributions and take other actions consistent with the Settlement and this GUC Trust Agreement, including the maintenance of appropriate reserves (including the Disputed Claim Reserve), in the name of the GUC Trust;

C.     maintain the books and records of the GUC Trust, including any books and records of the Debtors transferred to the GUC Trust;

D. incur and pay reasonable and necessary expenses in connection with the implementation and consummation of the Settlement;

E. make decisions without court approval, regarding the retention or engagement of professionals or other Entities, and to pay, without court approval, all reasonable fees and expenses of the GUC Trust accruing from and after the Effective Date;

F. collect and liquidate all Assets transferred or to be transferred to the GUC Trust;

G. prepare and file tax returns and related forms and filings on behalf of the GUC Trust;

H. investigate, prosecute and/or settle or abandon causes of action, including but not limited to the D&O Claims, not otherwise released pursuant to the Settlement and transferred to the GUC Trust;

I. seek a determination of tax liability under section 505 of the Bankruptcy Code or otherwise and to pay, or cause to be paid, from the Assets any taxes incurred by the GUC Trustee on or after the Effective Date;

J. invest, or cause to be invested, cash as deemed appropriate by the GUC Trustee, provided, however, such investments shall be Permitted Investments;

K. enter, or cause to be entered, into any agreement or execute any document required by or consistent with this GUC Trust Agreement and the Settlement;

L. abandon, or cause to be abandoned, in any commercially reasonable manner any Distributable Assets that the GUC Trustee reasonably concludes are burdensome or of inconsequential value and benefit to the GUC Trust without any need for Bankruptcy Court approval;

M. prepare and file post-Effective Date operating reports as set forth in this GUC Trust Agreement;

N. take all other actions not inconsistent with the provisions of this GUC Trust Agreement and the Settlement which the GUC Trustee deems reasonably necessary or desirable in connection with the administration and consummation of the GUC Trust and Settlement; and

O. exercise such other powers as may be vested in the GUC Trustee, consistent with the intent and purpose of the GUC Trust Agreement and Settlement, by order of the Bankruptcy Court.

3.2    <u>Transfer of Privileges.</u>    On the Effective Date, the Debtors shall be deemed to transfer to the GUC Trustee the Debtors' evidentiary privileges, including the attorney/client privilege, that relate solely to the Distributable Assets transferred to the GUC Trust.  From and after such transfer, the Debtors and their Estates shall have no further rights or obligations with respect thereto.  Such privileged communications may be shared among the GUC Trustee, attorneys, financial advisors, accountants or other professionals and employees as the GUC Trustee and the GUC Trust Oversight Committee without compromising the privileged nature of such communications, in accordance with the "joint interest" doctrine.

3.3    <u>Agents and Professionals.</u>    The GUC Trustee may, but shall not be required to, consult with and retain Lowenstein Sandler LLP, Zolfo Cooper LLC and such other attorneys, disbursing agent, financial advisors, accountants or other professionals and employees as the GUC Trustee deems appropriate in the reasonable exercise of its discretion, and who the GUC Trustee reasonably determines to have qualifications necessary to assist the GUC Trustee in the proper administration of the GUC Trust after consultation with the GUC Trust Oversight Committee.  Subject to Section 7.9 of this GUC Trust Agreement, the GUC Trustee may pay the reasonable fees, costs and expenses of such persons out of the Assets (excluding the GUC Cash Payment) in the ordinary course of business and, except as set forth below, without any further notice to any party or action, order or approval of the Bankruptcy Court.  The GUC Trustee may retain professionals who previously were employed by the Creditors' Committee or the Debtors.  Professionals retained by the GUC Trustee shall receive compensation and reimbursement of expenses in a manner to be determined by the GUC Trustee, after consultation with the GUC Trust Oversight Committee, and in accordance with the payment procedures set forth in Section 7.9 of this GUC Trust Agreement.

3.4     Safekeeping of Distributable Assets.     All Distributable Assets shall, until distributed as provided herein, be held in trust for the benefit of the Beneficiaries in accordance with the Settlement and this GUC Trust Agreement. The GUC Trustee shall be under no liability for interest or producing income on any Distributable Assets received by it hereunder and held for Distribution to the Beneficiaries, except as such interest or income shall actually be received by the GUC Trustee.

3.5     Fiduciary Duties of the GUC Trustee.     The GUC Trustee shall act in a fiduciary capacity on behalf of the interests of all Beneficiaries who are entitled to receive Distributions pursuant to the terms of the Settlement and this GUC Trust Agreement.

3.6     Limitations on GUC Trustee.     The GUC Trustee shall not at any time, on behalf of the GUC Trust or Beneficiaries, enter into or engage in any trade or business, and no part of the Assets, revenue, or income therefrom shall be used or disposed of by the GUC Trust in furtherance of any trade or business. The GUC Trustee shall not pursue, commence or settle any cause of action, including but not limited to the D&O Claims not otherwise released pursuant to the Settlement without the prior consent of the GUC Trust Oversight Committee.

3.7     Other Activities.     Any individual serving as the GUC Trustee, other than in his or her individual capacity as such, shall be entitled to perform services for and be employed by third parties, *provided, however*, that such performance or employment affords such individual sufficient time to carry out his or her responsibilities as the GUC Trustee. In addition, the GUC Trustee shall not be prohibited from engaging in any trade or business on its own account, provided that such activity does not interfere or conflict with the GUC Trustee's administration of the GUC Trust.

3.8    <u>Investments</u>.  The GUC Trustee may only invest funds held in the GUC Trust in Permitted Investments and, provided that the GUC Trustee does so, it shall have no liability in the event of insolvency of any institution in which the GUC Trustee has invested any of the Assets or any proceeds, revenue, or income therefrom.  The GUC Trustee may expend the cash of the GUC Trust (a) as reasonably necessary to meet contingent liabilities and to maintain the value of the Assets during liquidation, (b) to pay reasonable administrative expenses (including, but not limited to, any taxes imposed on the GUC Trust) and (c) to satisfy other liabilities incurred by the GUC Trust in accordance with the Settlement and this GUC Trust Agreement (including, without limitation, the payment of any taxes), provided, however, the GUC Cash Payment shall be used exclusively to make Distributions to Beneficiaries.

3.9    <u>GUC Trustee Action</u>.  The GUC Trustee shall hold, collect, conserve, protect and administer the GUC Trust in accordance with the provisions of this GUC Trust Agreement and the Settlement, and pay and distribute amounts as set forth herein for the purposes set forth in this GUC Trust Agreement.  The GUC Trustee shall exercise its business judgment for the benefit of the Beneficiaries in order to maximize the value of the Assets and Distributions, giving due regard to the cost, risk, and delay of any course of action.  Any good faith determination by the GUC Trustee as to what actions are in the best interests of the GUC Trust shall be determinative.

3.10    <u>Bankruptcy Court Approval of GUC Trustee Actions</u>.  Except as provided in this GUC Trust Agreement, the GUC Trustee need not seek or obtain an order or approval of the Bankruptcy Court or any other court in the exercise of any power, rights, or discretion conferred hereunder, or account to the Bankruptcy Court or any other court.  Notwithstanding the foregoing in this Section 3.10, the GUC Trustee may submit to the Bankruptcy Court any matter

regarding which the GUC Trustee may desire to have explicit approval of the Bankruptcy Court for the taking of any specific action proposed to be taken by the GUC Trustee with respect to the Assets, the GUC Trust, the GUC Trust Agreement, the Settlement, or the Debtors, including the administration and Distribution of the Assets. The Bankruptcy Court shall retain jurisdiction for such purposes and shall approve or disapprove any such proposed action upon a motion filed by the GUC Trustee. In addition, the GUC Trustee shall have the authority, but not the obligation, to seek Bankruptcy Court approval to sell any Asset free and clear of any and all Encumbrances (to the extent any Asset is not already free and clear of any all such Encumbrances).

3.11 <u>GUC Trust Oversight Committee</u>. Members of the GUC Trust Oversight Committee shall serve without compensation, provided, however, members of the GUC Trust Oversight Committee shall be entitled to reimbursement from the GUC Trust for their reasonable and necessary out of pocket expenses incurred in connection with their service as members of the GUC Trust Oversight Committee.

3.12 <u>GUC Trust Oversight Committee.</u> The GUC Trust Oversight Committee shall be established on the Effective Date and will remain and continue in full force and effect until the GUC Trust is dissolved in accordance with the terms of this GUC Trust Agreement. The GUC Trust Oversight Committee shall have the rights and obligations set forth in this GUC Trust Agreement. In all circumstances, the GUC Trust Oversight Committee shall act in the best interests of all Beneficiaries and in furtherance of the purpose of the GUC Trust. Notwithstanding anything contained in this GUC Trust Agreement, the GUC Trust Oversight Committee shall not take any action which will cause the GUC Trust to fail to qualify as a "liquidating trust" for U.S. federal income tax purposes.

3.13   <u>GUC Trust Oversight Committee Tenure and Replacement.</u> Each member of the GUC Trust Oversight Committee will serve until death, incapacitation or resignation.  A member of the GUC Trust Oversight Committee may resign at any time by providing a written notice of resignation to the GUC Trustee and remaining members of the GUC Trust Oversight Committee. Upon the resignation, death or incapacity of a GUC Trust Oversight Committee member, a successor member may, but shall not be required to, be appointed by a majority of the remaining members of the GUC Trust Oversight Committee.

3.14   <u>GUC Trust Oversight Committee Action.</u>  Except as may otherwise be provided herein, a majority of the members of the GUC Trust Oversight Committee shall constitute a quorum for any action by the GUC Trust Oversight Committee, and the act of a majority of those present at any meeting at which a quorum is present, shall be the act of the GUC Trust Oversight Committee.  In the event of a tie vote, the GUC Trustee shall be deemed a voting member for the sole purpose of breaking any such tie vote of the GUC Trust Oversight Committee.  Any or all members of the GUC Trust Oversight Committee may participate in a regular or special meeting by use of telephone, or similar communications equipment by means of which all persons participating in the meeting may hear each other.  The GUC Trust Oversight Committee may adopt, by majority vote of all members, by-laws or other rules of procedure that are not inconsistent with the terms of this GUC Trust Agreement.  Notwithstanding anything contained in this section 3.14, a GUC Trust Oversight Committee member shall be recused from the GUC Trust Oversights Committee's deliberations and votes on any matters as to which such member has a conflicting interest as determined by both the GUC Trustee and the other members of the GUC Trust Oversight Committee.

3.15    GUC Trust Oversight Committee Action Without a Meeting.  Any action required or permitted to be taken by the GUC Trust Oversight Committee may be taken without a meeting if the action is taken by unanimous written consent, as evidenced by one or more written consents describing the action taken, signed by the members of the GUC Trust Oversight Committee or by such other procedures as may be agreed upon by a majority of the GUC Trust Oversight Committee, including negative notice procedures.

3.16    Periodic Consultation with GUC Trust Oversight Committee.  In addition to any other consultation and reporting requirements set forth in this GUC Trust Agreement, the GUC Trustee shall report and consult with the GUC Trust Oversight Committee at its discretion or as reasonably requested by the GUC Trust Oversight Committee or any member thereof concerning the status and administration of the GUC Trust and the Assets.

3.17    Insurance.  The GUC Trustee may use Assets (other than the GUC Cash Payment) in the GUC Trustee's reasonable business judgment to maintain customary insurance coverage, if available, for the protection of the Assets.  The GUC Trustee shall obtain insurance coverage with respect to the liabilities and obligations of the GUC Trustee and the GUC Trust Oversight Committee (in the form of an errors and omissions policy or otherwise) unless both the GUC Trustee and Liquidating GUC Trust Oversight Committee unanimously agree that such insurance shall not be required.

3.18    Confidentiality.  Any GUC Trustee and members of the GUC Trust Oversight Committee shall, during the period that they serve in such capacity under this GUC Trust Agreement, after removal, incapacitation or resignation, and after dissolution of the GUC Trust, hold strictly confidential and not use for personal gain any material, non-public information of or

pertaining to any Entity to which any of the Assets relates or which it has become aware of in its capacity as GUC Trustee or GUC Trust Oversight Committee member.

## ARTICLE IV

## DISTRIBUTIONS FROM THE GUC TRUST

4.1     <u>Distributions</u>.  Except as provided herein, Distributions of Available GUC Trust Cash shall be made to Beneficiaries on a *pro rata* basis, no less frequently than once annually, such period to be measured from the Effective Date *provided*, *however*, that the GUC Trustee may, after consultation with the GUC Trust Oversight Committee (i) defer a Distribution to the next Distribution Date if the GUC Trustee determines, in the reasonable exercise of the GUC Trustee's discretion, that the amount available for Distribution at such time is insufficient to justify the cost of effecting the Distribution (ii) make more frequent Distributions if the GUC Trustee determines that such interim distributions are warranted and economical; *provided*, *however*, that the GUC Trustee may, in the reasonable exercise of the GUC Trustee's discretion, cause the GUC Trust to retain an amount of Available GUC Trust Cash reasonably necessary to maintain the value of the Assets or to meet GUC Trust liabilities, including maintenance of the Disputed Claims Reserve, and withhold such cash from Distributions to Beneficiaries.  The GUC Trustee shall not make any Distributions of Assets to the Beneficiaries unless the GUC Trustee retains and reserves in the Disputed Claims Reserve such amounts as are reasonably necessary to satisfy amounts that would have been distributed in accordance with this Article IV in respect of Disputed Claims if the Disputed Claims were determined to be Allowed Claims immediately prior to such proposed Distribution to the Beneficiaries. The GUC Trustee shall not make any Distributions to Beneficiaries unless and until the GUC Trust Seed Funding Amount is repaid to the Debtors in accordance with Section 2.8 hereof, *provided, however*, the GUC Trustee may

distribute the GUC Cash Payment to the Beneficiaries prior to the repayment of the GUC Trust Seed Funding Amount.

4.2     Location of Distributions.  Distributions to the Beneficiaries shall be made (a) at the addresses set forth on the claims register maintained in the Chapter 11 Cases or (b) at the addresses set forth in any written notices of address changes delivered to the GUC Trustee after the Effective Date.  The GUC Trustee shall have no obligation to make any effort to determine the correct address of any Beneficiary.

4.3     No Interest on Claims.   Interest shall not accrue on any claims held by the Beneficiaries.

4.4     Fractional Dollars; De Minimis Distributions.  The GUC Trustee shall (a) not be required to make Distributions or payments of fractions of dollars, and whenever any Distribution of a fraction of a dollar would otherwise be required, the actual Distribution made shall reflect a rounding of such fraction to the nearest whole dollar (up or down), with fractions equal to or greater than half a dollar being rounded up, and fractions less than half a dollar rounded down; and (b) have no duty to make a Distribution on account of any Allowed Claim on a Distribution Date (i) if the aggregate amount of all Distributions authorized to be made on such date is less than $1,000,000.00, in which case such Distributions shall be deferred to the next Distribution Date or (ii) if the amount to be distributed to a Beneficiary on a particular Distribution Date is less than $50.00, in which case such Distribution shall be deferred to the next Distribution Date (unless such Distribution is the final Distribution to a Beneficiary, in which case such Distribution shall revert to the GUC Trust to be reallocated and distributed to the remaining Beneficiaries).  After final Distributions have been made in accordance with the terms of this GUC Trust Agreement, if the amount held by the GUC Trust becomes, in the sole

discretion of the GUC Trustee, after consultation with the GUC Trust Advisory Committee, too small to cost-effectively make further distributions, the GUC Trustee may make a charitable donation of the funds to a charitable institution to be selected by the GUC Trustee.

4.5    <u>Compliance with Tax Requirements</u>.  The GUC Trustee shall be authorized to require each Beneficiary to provide it with a current executed Form W-9, W-8, or similar tax form as a condition precedent to being sent a Distribution.  The GUC Trustee shall provide advance written notice of any such requirement to each Beneficiary affected thereby.  The notice shall provide each Beneficiary with a minimum of 60 days after the date of mailing of such notice to provide a current executed Form W-9, W-8, or similar tax form to the GUC Trustee and shall expressly state that a failure to provide such form within the stated period shall result in a forfeiture of the right to receive any Distribution, that any such Distribution shall revert to the GUC Trust for distribution on account of other Allowed Claims and that the claim of the Beneficiary originally entitled to such Distribution shall be waived, discharged and forever barred without further order of the Bankruptcy Court.  If a Beneficiary does not provide the GUC Trustee with a current executed Form W-9, W-8 or similar tax form within the time period specified in such notice, or such later time period agreed to by the GUC Trustee in writing in its discretion, such Beneficiary shall be deemed to have forfeited the right to receive any Distribution, any such Distribution shall revert to the GUC Trust for distribution to other Beneficiaries and the claim originally entitled to such Distribution shall be waived, discharged and forever barred without further order of the Bankruptcy Court.

4.6    <u>Distributions After Allowance or Disallowance of a Disputed Claim</u>.  At the GUC Trustee's reasonable discretion, within 30 days of a Disputed Claim becoming an Allowed Claim, or on the next Distribution Date after the Disputed Claim becomes an Allowed Claim, the

GUC Trustee shall distribute to the Beneficiary thereof, from the Disputed Claims Reserve, such amount of Available GUC Trust Cash as would have been distributed to such Beneficiary if its claim had been an Allowed Claim on the Effective Date.

4.7    Undeliverable Distributions and Unclaimed Property.  If the Distribution to any Beneficiary is returned as undeliverable, no additional Distributions shall be made to such Beneficiary unless and until the GUC Trustee is notified in writing of such Beneficiaries' then-current address, at which time such Distribution shall be made without interest, *provided, however*, that unless a Beneficiary asserts a claim for an undeliverable Distribution within 120 days after such Distribution is returned undelivered such Distribution shall be deemed unclaimed property and all title to and beneficial interest in the Assets represented by any such undeliverable Distributions shall be cancelled and revert to and/or remain in the GUC Trust automatically and without need for further order by the Bankruptcy Court (notwithstanding any applicable federal, state or other escheat, abandoned or unclaimed property laws to the contrary), and such undeliverable Distributions shall be distributed to other Beneficiaries on account of their Allowed Claims.  Nothing contained in this GUC Trust Agreement shall require the GUC Trustee to attempt to locate any Beneficiary.  In the event any check sent to a Beneficiary respecting a Distribution has not been cashed within six (6) months after the Distribution Date, the GUC Trustee may cancel such check and such Distribution shall be deemed unclaimed property and all title to and beneficial interest in the Assets represented by any such undeliverable Distributions shall be cancelled and revert to and/or remain in the GUC Trust automatically and without need for further order by the Bankruptcy Court (notwithstanding any applicable federal, state or other escheat, abandoned or unclaimed property laws to the contrary).

4.8    Payments Limited to Distributable Assets.  Until such time as the GUC Trust Seed Funding Amount is repaid all Distributions to be made by the GUC Trustee to or for the benefit of any Beneficiary shall be made only from the Distributable Assets.

## ARTICLE V

## BENEFICIARIES

5.1    Incidents of Ownership.  The Beneficiaries shall be the sole beneficiaries of the GUC Trust and the Distributable Assets, and the GUC Trustee shall retain only such incidents of ownership as are necessary to undertake the actions and transactions authorized in this GUC Trust Agreement and Settlement.

5.2    Interest Beneficial Only.  The ownership of a beneficial interest in the GUC Trust shall not entitle any Beneficiary or the Settlor to any title in or to the Assets or to any right to call for a partition or division of such Assets or to require an accounting, except as may specifically be provided herein or in any order of the Bankruptcy Court.

5.3    Evidence of Beneficial Interest.  Ownership of a beneficial interest in the Assets shall not be evidenced by any certificate, security, or receipt, or in any other form or manner whatsoever, except as maintained on the books and records of the GUC Trust by the GUC Trustee.  In maintaining the GUC Trustee's register of beneficial interest, the GUC Trustee may rely upon the Debtors' schedules and the official claims register maintained in the Chapter 11 Cases.

5.4    Limits on Transfers and Notice of Transfer of Beneficial Interest.  The interests of Beneficiaries are not negotiable and not transferable except (a) pursuant to applicable laws of descent and distribution or (b) by operation of law.  The GUC Trustee shall not be required to record any transfer which, in the GUC Trustee's sole discretion may be construed to create any uncertainty or ambiguity as to the identity of the holder of the interest in the GUC Trust.  Until

appropriate notification and proof thereof, in a form satisfactory to the GUC Trustee in the exercise of its reasonable discretion, is submitted to the GUC Trustee by registered or certified United States mail, return receipt requested, the GUC Trustee may continue to pay all amounts to or for the benefit of the original Beneficiary.  The GUC Trustee may rely without any further investigation upon any notification and proof of a transfer of a beneficial interest in the GUC Trust submitted in accordance with this Section 5.4 that the GUC Trustee reasonably believes to be genuine.

**ARTICLE VI**

**THIRD PARTY RIGHTS AND LIMITATION OF LIABILITY**

6.1    <u>Reliance</u>.  The GUC Trustee may absolutely and unconditionally rely, and shall be protected in acting upon any resolution, statement, instrument, opinion, report, notice, request, consent, order, or other paper or document that the GUC Trustee reasonably believes in good faith to be genuine.

6.2    <u>Parties Dealing With the GUC Trustee</u>.  In the absence of actual knowledge to the contrary, any Entity dealing with the GUC Trust or the GUC Trustee shall be entitled to rely on the authority of the GUC Trustee or any of the GUC Trustee's agents to act in connection with the Assets and this GUC Trust Agreement.  There shall be no obligation on any Entity dealing with the GUC Trustee to inquire into the validity, expediency or propriety of any transaction by the GUC Trustee or any agent of the GUC Trustee.

6.3    <u>Limited Recourse</u>.  Except as otherwise provided in this GUC Trust Agreement, Entities (including any professionals retained by the GUC Trustee in accordance with this GUC Trust Agreement) engaged in transactions with the GUC Trust or the GUC Trustee shall look only to the Assets (exclusive of the GUC Cash Payment) to satisfy any liability incurred in connection with carrying out the terms of this GUC Trust Agreement.

-24-

6.4     Limitation of Liability.  Except as expressly set forth in this GUC Trust
Agreement, on and after the Effective Date, the GUC Trust shall have no liability on account of
any claims.  Neither the GUC Trustee, the GUC Trust Oversight Committee, their respective
members, designees or professionals, or any of their duly designated agents or representatives
(collectively, the "Covered Persons"), shall be held personally liable for any claim asserted
against them or the GUC Trust in connection with their duties and responsibilities relating to the
Assets and GUC Trust.  Without limiting the generality of the foregoing, none of the Covered
Persons shall be liable for any action taken or omitted to be taken in furtherance of their
responsibilities hereunder, except to the extent that their conduct is determined by Final Order to
be due to their own willful misconduct, gross negligence, self-dealing, or fraud.  The GUC Trust
Oversight Committee shall be entitled to enjoy all of the rights, powers, immunities and
privileges of an official committee of unsecured creditors.  All Entities dealing with the GUC
Trustee, GUC Trust or GUC Trust Oversight Committee shall only look to the Assets (other than
the GUC Cash Payment), or any insurance that may cover such claim, to satisfy any liability
incurred by the GUC Trustee or GUC Trust Oversight Committee.  Nothing contained in this
GUC Trust Agreement or the Settlement shall be deemed to be an assumption by the GUC Trust
or GUC Trustee of any of the liabilities, obligations or duties of the Debtors or the Beneficiaries.
The transfer of the Assets by the Debtors to the GUC Trust is made pursuant to a prior order of
the Bankruptcy Court and the Debtors shall have no liability with respect to such transfer.

6.5     Non-Liability for Acts of Others.  The GUC Trustee and the GUC Trust Oversight
Committee may, in connection with the performance of their functions, and in their sole and
absolute discretion, consult with attorneys, accountants, financial advisors and agents, and shall
not be liable for any act taken, omitted to be taken, or suffered to be done in accordance with

advice or opinions rendered by such persons, regardless of whether such advice or opinions are provided in writing.   Notwithstanding such authority, neither the GUC Trustee nor the GUC Trust Oversight Committee shall be under any obligation to consult with attorneys, accountants, financial advisors or agents, and their determination not to do so shall not result in the imposition of liability on the GUC Trustee or GUC Trust Oversight Committee or their respective members and/or designees.  Any successor GUC Trustee may accept and rely upon any accounting made by or on behalf of any predecessor GUC Trustee hereunder, and any statement or representation made by a predecessor GUC Trustee or its agents as to the Assets or as to any other fact bearing upon the prior administration of the GUC Trust, so long as it has a good faith basis to do so.  A successor GUC Trustee shall not be liable for having accepted and relied in good faith upon any such accounting, statement, or representation if it is later proved to be incomplete, inaccurate, or untrue.  A successor GUC Trustee shall not be liable for any act or omission of any predecessor GUC Trustee, nor have a duty to enforce any claims against any predecessor GUC Trustee on account of any such act or omission.

6.6   Indemnification.  The GUC Trust shall indemnify and hold harmless, to the fullest extent permitted by law, the GUC Trustee, the GUC Trust Oversight Committee and their employees, members, designees and professionals, and all duly designated agents and representatives thereof (in their capacity as such; each, an "Indemnified Party" and collectively, the "Indemnified Parties"), from and against and in respect of all liabilities, losses, damages, claims, costs and expenses (including reasonable attorneys' fees, disbursements, and related expenses) which such Indemnified Parties may incur or to which such Indemnified Parties may become subject in connection with any action, suit, proceeding or investigation brought by or threatened against such Indemnified Party arising out of or due to their acts or omissions, or

consequences of such acts or omissions, with respect to the implementation or administration of the GUC Trust or the Settlement or the discharge of their duties under this GUC Trust Agreement; *provided, however*, that no such indemnification will be made to such persons for actions or omissions that are determined by a Final Order to be a result of such persons' willful misconduct, gross negligence, self-dealing or fraud.  Entities dealing with the GUC Trustee and GUC Trust Oversight Committee may only look to the Assets (other than the GUC Cash Payment) and any applicable insurance coverage to satisfy any liability incurred by the GUC Trustee or the GUC Trust Oversight Committee to such Entity in carrying out the terms of this GUC Trust Agreement, and neither the GUC Trustee nor the GUC Trust Oversight Committee shall have any personal obligation to satisfy any such liability.  Notwithstanding any provision in this GUC Trust Agreement to the contrary, an Indemnified Party shall be entitled to request advances from the GUC Trust to cover reasonable fees and necessary expenses incurred in connection with defending itself in any action brought against it as a result of the acts or omissions, actual or alleged, of an Indemnified Party in its capacity as such; *provided, however*, that the GUC Trustee shall not be required to make any such advances; *provided further, however*, that any Indemnified Parties receiving such advances shall repay the amounts so advanced to the GUC Trust upon the entry of a Final Order of a court of competent jurisdiction finding that such Indemnified Parties were not entitled to such indemnity under the provisions of this Section 6.6.  This indemnification shall survive the death, dissolution, resignation, or removal, as may be applicable, of the Indemnified Parties, or the termination of the GUC Trust, and shall inure to the benefit of the Indemnified Parties' heirs and assigns.

## ARTICLE VII

## SELECTION, REMOVAL AND COMPENSATION OF THE GUC TRUSTEE

7.1    <u>Initial GUC Trustee</u>.  Pursuant to the Settlement, the initial GUC Trustee was selected by the Creditors' Committee.

7.2    <u>Term of Service</u>.  The GUC Trustee shall serve until (a) the completion of all the GUC Trustee's duties, responsibilities and obligations under this GUC Trust Agreement (b) termination of the GUC Trust in accordance with this GUC Trust Agreement, or (c) the GUC Trustee's death or dissolution, incapacitation, resignation, or removal.

7.3    <u>Removal of a GUC Trustee</u>.  Any Entity serving as GUC Trustee may be removed at any time and for any reason by action of the GUC Trust Oversight Committee or upon the determination of the Bankruptcy Court on a motion for cause shown.  Any GUC Trustee so removed is entitled to payment of fees and expenses accrued prior to removal subject to the terms of this GUC Trust Agreement.  Any dispute regarding the compensation to be paid shall be determined by the Bankruptcy Court.

7.4    <u>Resignation of GUC Trustee</u>.  The GUC Trustee may resign at any time by giving the GUC Trust Oversight Committee at least 30 days' written notice of the GUC Trustee's intention to do so or such shorter time as agreed to by the GUC Trust Oversight Board.  Any resigning GUC Trustee is entitled to payment of fees and expenses accrued prior to resignation subject to the terms of this GUC Trust Agreement.  Any dispute regarding the compensation to be paid shall be determined by the Bankruptcy Court.

7.5    <u>Accounting in the Event of Removal or Resignation</u>.  In the event of removal or resignation, the removed or resigning GUC Trustee shall render to the GUC Trust Oversight Committee a full and complete accounting of monies and Assets received, disbursed, and held during the term of office of that GUC Trustee and such other information reasonably requested

-28-

by the GUC Trust Advisory Committee.  Unless an earlier date is agreed to by the removed or resigning GUC Trustee, the removal or resignation shall be effective on the later of (a) the date specified in the notice; (b) the date that is 30 days after the date the notice is delivered; or (c) the date the accounting described in the preceding sentence is delivered.

7.6     Appointment of Successor GUC Trustee.  Upon the resignation, death, incapacity, or removal of a GUC Trustee, the GUC Trust Oversight Committee shall appoint a successor GUC Trustee to fill the vacancy so created.  Any successor GUC Trustee so appointed shall consent to and accept in writing the terms of this GUC Trust Agreement and agree that the provisions of this GUC Trust Agreement shall be binding upon and inure to the benefit of the successor GUC Trustee and all of the successor GUC Trustee's heirs and legal and personal representatives, successors or assigns.  Notwithstanding anything in this GUC Trust Agreement, in the event that a successor GUC Trustee is not appointed within 60 days of the occurrence or effectiveness, as applicable, of the prior GUC Trustee's resignation, death, incapacity, or removal, the Bankruptcy Court, upon the motion of any party-in-interest, including counsel to the GUC Trust, shall approve a successor to serve as the GUC Trustee.

7.7     Powers and Duties of Successor GUC Trustee.  A successor GUC Trustee shall have all the rights, privileges, powers, and duties of the predecessor GUC Trustee under this GUC Trust Agreement, the Settlement, or as provided in a further order of the Bankruptcy Court.

7.8     GUC Trust Continuance.  The death, incapacity, resignation or removal of the GUC Trustee shall not terminate the GUC Trust or revoke any existing agency created pursuant to this GUC Trust Agreement or invalidate any action theretofore taken by the GUC Trustee.

7.9     Compensation and Costs of Administration.   The GUC Trustee shall be compensated hourly with actual expenses reimbursed, or on such other reasonable terms as

determined initially by the Creditors' Committee and then by GUC Trust Oversight Committee, as appropriate; *provided, however*, that the GUC Trustee shall be compensated and reimbursed, as applicable, for services provided and expenses incurred in connection with the formation and implantation of the GUC Trust prior to the Effective Date, on such terms as previously agreed to by the GUC Trust Advisory Committee and the GUC Trustee. Subsequent to the establishment of the initial compensation terms, the GUC Trustee, with the prior written approval of the GUC Trust Oversight Committee, may agree to modify the compensation structure. The GUC Trustee may retain and compensate professionals as provided for in Section 3.3 of this GUC Trust Agreement. The reasonable fees and actual and necessary expenses of such professionals, the GUC Trustee and any disbursing agent shall be paid by the GUC Trustee upon each monthly submission of a fee statement to the GUC Trustee and/or the GUC Trust Oversight Committee, as applicable, in accordance with the following procedures. The GUC Trustee shall deliver his or her invoices or fee statements to the GUC Trust Oversight Committee before payment from the GUC Trust Assets therefor shall be allowed. Any professionals retained by the GUC Trustee pursuant to this GUC Trust Agreement shall deliver their invoices or fee statements to the GUC Trustee and the GUC Trust Oversight Committee before payment from the GUC Trust Assets therefor shall be allowed. Any Entity selected as disbursing agent by the GUC Trustee pursuant to this GUC Trust Agreement and the Settlement shall deliver their invoices or fee statements to the GUC Trustee and the GUC Trust Oversight Committee before payment from the GUC Trust Assets therefor shall be allowed. The GUC Trustee and GUC Trust Oversight Committee, as applicable, shall have 15 days from the delivery of any invoice or fee statement to provide notice of an objection to the fee statement to the professional or Entity seeking compensation or reimbursement of expenses (including the GUC Trustee). For an objection to be valid, it shall be

-30-

in writing and set forth in detail the specific fees objected to and the basis for the objection. The uncontested portion of each invoice shall be paid within 25 days after its original delivery to the GUC Trustee. Any objection that remains unresolved 15 days after it is made shall be submitted to the Bankruptcy Court for resolution.

## ARTICLE VIII

## REPORTING AND TAX MATTERS

8.1     <u>Reporting and Filing Requirements</u>.  Within 60 days after December 31 of each calendar year in which the GUC Trust shall remain in existence, the GUC Trustee shall file a report with the Bankruptcy Court of all Assets received by the GUC Trust, all Available GUC Trust Cash disbursed to Beneficiaries, all Assets held by the GUC Trust and all fees, income, and expenses related to the GUC Trust during the preceding calendar year and such other information as the GUC Trustee deems appropriate. The GUC Trustee's report shall be provided to the GUC Trust Oversight Committee upon filing with the Bankruptcy Court and shall be available to any Beneficiary upon written request.

8.2     <u>Filing of Tax Returns</u>.  The GUC Trustee shall file tax returns for the GUC Trust as a grantor trust pursuant to Treasury Regulation Section 1.671-4(a) and any other applicable laws or regulations; *provided*, *however*, that the GUC Trustee may, in the GUC Trustee's reasonable discretion, determine the best way to report for tax purposes with respect to the Disputed Claims Reserve, including (i) filing a tax election to treat any and all reserves for Disputed General Unsecured Claims as a disputed ownership fund ("<u>DOF</u>") within the meaning of Treasury Income Tax Regulation Section 1.468B-9 for federal income tax purposes rather than to tax such reserve as a part of the GUC Trust or (ii) electing to report as a separate trust or sub-trust or other entity. If an election is made to report the Disputed Claims Reserve as a DOF, the GUC Trust shall comply with all federal and state tax reporting and tax compliance

requirements of the DOF, including but not limited to the filing of a separate federal tax return for the DOF and the payment of federal and/or state income tax due.

8.3    <u>Preparation of Statements</u>.    To the extent reasonably practicable and unless otherwise ordered by the Bankruptcy Court, the GUC Trustee shall, in conjunction with filing the GUC Trust's annual tax return, send to each Beneficiary a statement setting forth the Beneficiary's share of items of income, gain, loss, deduction, or credit and will instruct all such Beneficiaries to report such items on their federal income tax returns.    A final such statement shall also be sent to each Beneficiary within 75 days after the dissolution of the GUC Trust.    The GUC Trust's taxable income, gain, loss, deduction, or credit will be allocated (subject to provisions of the Settlement and any confirmation order entered by the Bankruptcy Court relating to Disputed Claims) to the Beneficiaries in accordance with their relative beneficial interests in the GUC Trust, as determined pursuant to this GUC Trust Agreement and the Settlement.

8.4    <u>Valuation of Assets</u>.    As soon as practicable after the Effective Date, the GUC Trustee, to the extent that it deems it necessary or appropriate in the reasonable exercise of its discretion, shall, in good faith, value the Assets, and such valuation shall be made available from time to time, to the extent relevant, and shall be used consistently by all parties (including the Debtors, the GUC Trustee and the Beneficiaries) for all federal income tax purposes.    The GUC Trustee shall be under no obligation to hire an expert to make such a valuation.

**ARTICLE IX**

**MAINTENANCE OF RECORDS**

9.1    <u>Books and Records</u>. The GUC Trustee shall maintain books and records containing a description of all property from time to time constituting the Assets and an accounting of all receipts and disbursements.    Said books and records shall be open to inspection

by any Beneficiary at any reasonable time during normal business hours and after reasonable advance notice.  The GUC Trustee shall furnish to any Beneficiary upon written request an annual statement of receipts and disbursements, including a summary of all income and expenses of the GUC Trust.

## ARTICLE X

### DURATION OF TRUST

10.1    Duration.  The GUC Trust shall become effective upon the Effective Date of the Settlement, and the GUC Trust and its provisions herein shall remain and continue in full force and effect until the GUC Trust is terminated.

10.2    Termination.  The GUC Trust shall terminate upon the occurrence of the earlier of (a) the final liquidation, administration, and Distribution of the Distributable Assets in accordance with this GUC Trust Agreement and the Settlement and the full performance of all other duties and functions of the GUC Trustee set forth in this GUC Trust Agreement and any further order of the Bankruptcy Court, (b) the fifth anniversary of the Effective Date. Notwithstanding the foregoing, the duration of the GUC Trust may be extended for multiple fixed terms upon motion of the GUC Trustee if approved by the Bankruptcy Court for cause shown prior to the termination of the GUC Trust.  Any such motion shall be filed no earlier than six months prior to the expiration of the term of the GUC Trust and each extended term.  The aggregate of all such extensions shall not exceed three years, unless the GUC Trustee receives a favorable ruling from the IRS that any further extension would not adversely affect the status of the GUC Trust as a liquidating trust within the meaning of section 301.7701-4(d) of the Treasury Regulations for federal income tax purposes.  After (i) the final Distributions pursuant to the Settlement, (ii) the filing by or on behalf of the GUC Trust of a certification of dissolution with the Bankruptcy Court and (iii) any other action deemed appropriate by the GUC Trustee, the

GUC Trust shall be deemed dissolved for all purposes without the necessity for any other or further actions.

10.3    Continuance of GUC Trust for Winding Up.    After the termination of the GUC Trust and for the purpose of liquidating and winding up the affairs of the GUC Trust, the GUC Trustee shall continue to act as such until the GUC Trustee's duties have been fully performed, including, without limitation, such tasks as necessary to wind-up the affairs of the GUC Trust. After the termination of the GUC Trust, the GUC Trustee shall retain for a period of six months the books, records, Beneficiary lists, and certificates and other documents and files which shall have been delivered to or created by the GUC Trustee.    At the GUC Trustee's discretion, all of such records and documents may, but need not, be destroyed at any time after such six month period.    Except as otherwise specifically provided herein, upon the discharge of all liabilities of the GUC Trust and final Distributions pursuant to this GUC Trust Agreement, the GUC Trustee shall have no further duties or obligations hereunder.    For the avoidance of doubt, the limitations on liability contained in this GUC Trust Agreement shall apply to any actions taken by the GUC Trustee during the course of winding up the affairs of the GUC Trust.

## ARTICLE XI

## MISCELLANEOUS

11.1    Jurisdiction.    The Bankruptcy Court shall have exclusive jurisdiction over (a) the GUC Trust and the GUC Trustee with respect to the administration of and activities relating to the GUC Trust, and (b) any issues or disputes arising out of this GUC Trust Agreement; *provided, however*, that notwithstanding the foregoing, the GUC Trustee shall have the power and authority to bring any action in any court of competent jurisdiction to prosecute any cause of

action that constitutes an Asset, including but not limited to the D&O Clams not otherwise released pursuant to the Settlement.

11.2    Notices.  All notices to be given to Beneficiaries may be given by ordinary mail, or may be delivered personally, to the holders at the addresses appearing on the books kept by the GUC Trustee.  Any notice or other communication which may be or is required to be given, served, or sent to the GUC Trustee shall be in writing and shall be sent by registered or certified United States mail, return receipt requested, postage prepaid, or transmitted by email, telex, or facsimile (if receipt is confirmed) addressed as follows:

If to the GUC Trust/GUC Trustee:

EisnerAmper LLP
Attn: Anthony R. Calascibetta
111 Wood Avenue South
Iselin, NJ  08830-2700
Telephone: 732.243.7389
Fax: 732.951.7589
E-mail: anthony.calascibetta@eisneramper.com

With a copy to:

LOWENSTEIN SANDLER LLP
Attn: Sharon L. Levine & Wojciech F. Jung
65 Livingston Avenue
Roseland, NJ 07068
Telephone: 973.597.2500
Fax: 973.597.2465 and 973.597.2375
E-mail: slevine@lowenstein.com and wjung@lowenstein.com

or to such other address as may from time to time be provided in a written notice by the GUC Trustee.

11.3    Bond.  The GUC Trustee may serve with a bond, the terms of which shall be agreed to by the GUC Trust Oversight Committee, and the cost and expense of which shall be borne by the GUC Trust and paid for from the Assets (other than form the GUC Cash Payment).

11.4    <u>Governing Law</u>. This GUC Trust Agreement shall be governed by and construed in accordance with the laws of the State of [New York], without giving effect to conflicts of law principles.

11.5    <u>Successors and Assigns</u>. This GUC Trust Agreement shall inure to the benefit of and shall be binding upon the parties hereto and their respective successors and assigns.

11.6    <u>No Execution</u>. All funds in the GUC Trust shall be deemed *in custodia legis* until such times as the funds have actually been paid to or for the benefit of a Beneficiary, and no Beneficiary or any other Entity can bind, pledge, encumber, execute upon, garnish, or attach the Assets in any manner or compel payment from the GUC Trust except by Final Order of the Bankruptcy Court.

11.7    <u>Amendment</u>. The GUC Trustee, with the prior written approval of a majority of the existing members of the GUC Trust Oversight Committee and, until the effective date of a plan of reorganization/liquidation that may be confirmed in the Debtors' chapter 11 cases, the Debtors, may amend, supplement, or waive any provision of this GUC Trust Agreement, without notice to or the consent of any Beneficiary or the approval of the Bankruptcy Court, in order to: (i) cure any ambiguity, omission, defect, or inconsistency in this GUC Agreement; *provided*, *however*, that such amendments, supplements or waivers shall not be inconsistent with the terms of the Settlement Agreement or adversely affect the Distributions to any of the Beneficiaries or adversely affect the federal income tax status of the GUC Trust as a "liquidating trust"; (ii) comply with any requirements in connection with the federal income tax status of the GUC Trust as a "liquidating trust"; and (iii) comply with any requirements in connection with maintaining that the GUC Trust is not subject to registration or reporting requirements of the Securities Act, the Trust Indenture Act, or the Investment Company Act.  Any substantive

-36-

provision of this GUC Trust Agreement may be amended or waived by the GUC Trustee, after consultation with the GUC Trust Oversight Committee and with the approval of the Bankruptcy Court (upon notice and an opportunity for a hearing); *provided, however*, that no change may be made to this Agreement that would (a) adversely affect the (i) Distributions to any of the Beneficiaries, or (ii) the federal income tax status of the Trust as a "liquidating trust" or (b) modify the stated purpose of the GUC Trust as described in this GUC Trust Agreement). Notwithstanding this Section 11.7, any amendments or modifications to this GUC Trust Agreement shall not be inconsistent with the purpose and intention of the GUC Trust to liquidate in an expeditious but orderly manner the Assets in accordance with Treasury Regulation Section 301.7701- 4(d).

11.8    Severability.   If any term, provision, covenant or restriction contained in this GUC Trust Agreement is held by a court of competent jurisdiction or other authority to be invalid, void, unenforceable or against its regulatory policy, the remainder of the terms, provisions, covenants and restrictions contained in this GUC Trust Agreement shall remain in full force and effect and shall in no way be affected, impaired or invalidated.

11.9    Counterparts.   This GUC Trust Agreement may be executed in any number of counterparts, each of which shall be deemed an original, and such counterparts shall together constitute but one and the same instrument. A facsimile or electronic mail signature of any party shall be considered to have the same binding effect as an original signature.

IN WITNESS WHEREOF, the parties have executed this GUC Trust Agreement (or are deemed to have so executed this GUC Trust Agreement) as of the day and year written above.

EisnerAmper LLP
GUC Trustee

The Standard Register Company, on behalf of itself and affiliated Debtors

By: _____

By: _____

Name: Anthony R. Calascibetta
Title: Its Representative

Name:  Gerard D. Sowar
Title:  Executive Vice President, General Counsel, and Secretary