**<u>EXHIBIT 2</u>**

**Fayetteville Letter**

01:17454173.1

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Michael A. Rosenthal
Direct: +1 212.351.3969
Fax: +1 212.351.6258
MRosenthal@gibsondunn.com

July 17, 2015

VIA E-MAIL AND FEDERAL EXPRESS

Phil Roberts
Graphic Communications Conference / International Brotherhood of
Teamsters, Local No. 197-M
408 Covington Bend
White House, TN 37188
gcirep1@bellsouth.net

Re:    The Standard Register Company; Bankruptcy Case No. 15-10541

Dear Mr. Roberts:

My firm represents The Standard Register Company ("Standard Register"), the debtor in the
above-referenced bankruptcy case. As you are already aware, on March 12, 2015, Standard
Register filed for protection under chapter 11 the Bankruptcy Code. Additionally, as you
may be aware, on June 19, 2015, the United States Bankruptcy Court for the District of
Delaware approved the sale of substantially all of Standard Register's assets to the Taylor
Corporation ("Taylor"). It is anticipated that the sale of substantially all of Standard
Register's assets to Taylor will close on or before July 31, 2015. As a result of the sale, the
Debtor will no longer conduct business operations or have a need to employ any of the
employees located at Standard Register's Fayetteville, Arkansas facility who are subject to
the CBA.

Upon the closing of the sale to Taylor on July 31, 2015, substantially all of Standard
Register's employees will be terminated, including each of the employees that are members
of the Graphic Communications Conference / International Brotherhood of Teamsters, Local
No. 197-M (the "Union") or that are otherwise covered by the Agreement by and between
the Union and The Standard Register Company dated as of February 2, 2015 (the "CBA").
Taylor may make offers of employment to some or all of these terminated employees but is
under no obligation to do so.

As part of our representation of Standard Register, it is our responsibility to review and
resolve the remaining claims against the estate and wind-up the remaining matters left after
the sale to Taylor closes. One of the matters that must be dealt with by Standard Register is
the resolution of any claims that arose or may arise under the CBA.

**GIBSON DUNN**

July 17, 2015
Page 2

In light of the sale of substantially all of Standard Register's assets to Taylor and the cessation of Standard Register's ongoing business operations and resulting termination of substantially all of its employees, Standard Register needs to terminate the CBA in accordance with sections 1113 and 1114 of the Bankruptcy Code, effective as of the date of closing of the Taylor sale. Consequently, Standard Register believes that it is appropriate to reject the CBA, which will allow the parties to calculate and file any claims arising from the CBA so that they may participate in distributions out of the funds remaining in Standard Register's estate, if any. In addition, because Standard Register will have no further operations after the closing of the sale to Taylor, Standard Register will be unable to continue to provide benefits under the terms of the CBA, even if any employees remained eligible to receive such benefits.

Standard Register requests your consent, therefore, to its rejection of the CBA in accordance with section 1113 of the Bankruptcy Code. Attached for your review as Exhibit A is a draft stipulation providing for the rejection of the CBA. You will note that in the stipulation, the Debtors are not seeking to limit the rights of the Union or any individual employee to file any claims such parties might believe they have against Standard Register's estate arising out of the CBA. Standard Register will review and respond to any such claims in the future after they are filed, in the context of the reconciliation of all claims asserted against Standard Register's estate, and payment for valid claims will be made out of any available estate funds.

To the extent that we are unable to come to an agreement on the proposal set forth in the stipulation, Standard Register will file a motion by August 4, 2015 to reject the CBA effective as of the date of the closing of the sale to Taylor.

Under section 1113(b)(1) of the Bankruptcy Code, Standard Register and the Union are required to confer in good faith concerning the rejection of the CBA. Standard Register is prepared to work with you, as an authorized representative of the employees covered by the CBA, to reach a consensual resolution of this matter. Please contact me so that we can discuss the aforementioned proposal with you. If you have any questions for Standard Register, please feel free to contact Marta Sullivan at 937-221-1483.

# GIBSON DUNN

July 17, 2015
Page 3


Sincerely,

Michael A. Rosenthal

MAR/mf


cc:    Danny Hankins
       Graphic Communications Conference / International Brotherhood of Teamsters,
       Local No. 197-M
       3922 Volunteer Drive, Suite 12
       Chattanooga, TN 37416-3901


101961244.3

**EXHIBIT A**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, *et al.*,[1] | Case No. 15-10541 (BLS) |
| Debtors. | Jointly Administered |

## STIPULATION TO REJECT AND TERMINATE
## COLLECTIVE BARGAINING AGREEMENT

This stipulation (the "Stipulation") is entered into by and between The Standard Register Company ("Standard Register") a debtor and debtor in possession in the above-captioned cases (the "Debtor"), and the Graphic Communications Conference / International Brotherhood of Teamsters, Local No. 197-M (the "Union"), to reject and terminate the collective bargaining agreement between the Union and the Debtor.

## RECITALS

WHEREAS, on March 12, 2015 (the "Petition Date") the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), and has continued in possession of its property and has continued to operate its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

WHEREAS, the Union and the Debtor are parties to a collective bargaining agreement, dated February 2, 2015 (as may have been amended, the "CBA"), covering employees at the Debtor's facility located in Fayetteville, Arkansas (the "Facility").

---

[1] The Debtors and the last four digits of their respective U.S. federal taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (n/a); Standard Register de México, S. de R.L. de C.V. (n/a); Standard Register Servicios, S. de R.L. de C.V. (n/a); and Standard Register Technologies Canada ULC (n/a). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

WHEREAS, the Debtor entered into an agreement for the sale of the Facility to the Taylor Corporation or its designee ("Taylor"). As a result of the sale, the Debtor will no longer conduct business operations or employ any of the employees located at the Facility who are subject to the CBA.

WHEREAS, as a result of the sale of the Facility to Taylor, the parties agree that there is no need to continue the CBA.

WHEREAS, the Debtor and the Union agree that the CBA should be rejected and terminated.

WHEREAS, the Debtor and the Union have conferred in good faith, exchanged all relevant information necessary for this Stipulation, and their decision to reject and terminate the CBA is based upon the most complete and reliable information available at this time.

WHEREAS, the Debtor and the Union believe that the balance of equities favors rejection of the CBA in accordance with section 1113 of the Bankruptcy Code.

## **AGREEMENT**

NOW THEREFORE, in consideration of the foregoing, the Debtor and the Union hereby stipulate and agree as follows:

1.      The CBA is rejected and terminated pursuant to 11 U.S.C. § 1113, effective as of July 31, 2015.

2.      The Union and each employee covered by the CBA retain the right to file any claims against the Debtor that arise pursuant to the CBA or as a result of the rejection of the CBA provided for herein.

3.      The Debtor's right to challenge and seek reduction, disallowance, reclassification, re-characterization, subordination or other modification of any claims brought pursuant to the CBA or as a result of the rejection of the CBA provided for herein is hereby preserved.

2

4.       This Stipulation is subject to the approval of the United States Bankruptcy Court for the District of Delaware.

Dated: _____, 2015

THE STANDARD REGISTER COMPANY

_____

By: _____
Title: _____


GRAPHIC COMMUNICATIONS CONFERENCE
/ INTERNATIONAL BROTHERHOOD OF
TEAMSTERS, LOCAL NO. 197-M

_____

By: _____
Title: _____

4