## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, *et al.*, | Case No. 15-10541 (BLS) |
| Debtors. | (Jointly Administered) |

| | |
|---|---|
| THE STANDARD REGISTER COMPANY, | Adv. Pro. No. 15-50883 (BLS) |
| Plaintiff, | |
| vs. | |
| CRAIG H. STOCKMAL; LYNN D. SMITH; FOCUSED IMPRESSIONS, INC.; AND FOCUSED IMPRESSIONS TECHNOLOGY LLC, | |
| Defendants. | |

### CERTIFICATION OF COUNSEL REGARDING ORDER APPROVING SETTLEMENT AGREEMENT AND GENERAL RELEASE

Counsel to Plaintiff, The Standard Register Company ("Standard Register" or "Plaintiff"),[1] on behalf of itself and counsel to the defendants (collectively, "Defendants" and together with Plaintiff, the "Parties") named in the above-captioned adversary proceeding, respectfully certify as follows:

1.     On June 29, 2015, Plaintiff commenced Adversary Proceeding No. 15-50883 (the "Adversary Proceeding") in the United States Bankruptcy Court for the District of Delaware (the

---

[1]     Each capitalized term use, but not otherwise defined herein, shall have the meaning ascribed to such term in the Complaint (as defined below).

"Court") by filing that certain *Adversary Complaint for Injunctive and Other Relief* [Adv. Proc. D.I. 1](the "Complaint")[2] against Defendants.

2.      After a hearing conducted on July 1, 2015, the Court entered that certain *Temporary Restraining Order* [Adv. Proc. D.I. 11] pursuant to which, among other things, a hearing on Plaintiff's request for a preliminary injunction was scheduled for July 15, 2015 (the "Preliminary Injunction Hearing").

3.      Subsequent thereto, the Parties engaged in extensive discovery and settlement negotiations, and, in light thereof, agreed to adjourn the Preliminary Injunction Hearing pending a trial on the merits scheduled for August 20, 2015.  In furtherance of such agreement, the Parties consented to entry of an order extending the temporary restraining order through and including August 20, 2015.  *See* Adv. Proc. D.I. 40.

4.      At this time, and to eliminate the expense, burden and uncertainty of further litigation, the Parties have reached an agreement settling the claims asserted in the Complaint pursuant to the terms and provisions set forth in that certain *Settlement Agreement and General Release* (the "Settlement Agreement") entered into by and between the Parties on August 7, 2015.

5.      Pursuant to the Settlement Agreement, Plaintiff has agreed, with Defendants' consent, to dismiss the Adversary Proceedings on the terms memorialized in the form of order (the "Dismissal Order") attached hereto as Exhibit I. The Settlement Agreement is attached to the Dismissal Order as Exhibit A.

6.      Upon entry of the Dismissal Order, the Adversary Proceeding shall be dismissed and the hearing scheduled for August 20, 2015, shall be cancelled.

---

[2]      Plaintiff filed an amended complaint on July 12, 2015.  References to the "Complaint" herein shall capture all claims set forth in the Complaint, as amended.

WHEREFORE, upon agreement of the Parties, Plaintiff respectfully requests that the

Dismissal Order be entered without further notice or hearing at the Court's earliest convenience.


Dated:    August 13, 2015
          Wilmington, Delaware          */s/ Andrew L. Magaziner*
                                        Michael R. Nestor (No. 3526)
                                        Kara Hammond Coyle (No. 4410)
                                        Andrew L. Magaziner (No. 5426)
                                        YOUNG CONAWAY STARGATT & TAYLOR, LLP
                                        Rodney Square
                                        1000 North King Street
                                        Wilmington, Delaware 19801
                                        Telephone: (302) 571-6600
                                        Facsimile: (302) 571-1253
                                        mnestor@ycst.com
                                        kcoyle@ycst.com
                                        mkandestin@ycst.com
                                        amagaziner@ycst.com

                                        -and-

                                        Michael Rosenthal (NY No. 4697561)
                                        Jeremy L. Graves (CO No. 45522)
                                        Matthew G. Bouslog (CA No. 280978)
                                        Kyle J. Kolb (NY No. 5014121)
                                        GIBSON, DUNN & CRUTCHER LLP
                                        200 Park Avenue
                                        New York, New York 10166-0193
                                        Telephone: (212) 351-4000
                                        Facsimile: (212) 351-4035
                                        mrosenthal@gibsondunn.com
                                        jgraves@gibsondunn.com
                                        mbouslog@gibsondunn.com
                                        kkolb@gibsondunn.com

                                        *Counsel to Plaintiff The Standard Register Company*

**EXHIBIT I**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, *et al.*, | Case No. 15-10541 (BLS) |
| Debtors. | (Jointly Administered) |
| | |
| THE STANDARD REGISTER COMPANY, | Adv. Pro. No. 15-50883 (BLS) |
| Plaintiff, | |
| vs. | **Related Docket Nos. 1, 11 and 36** |
| CRAIG H. STOCKMAL; LYNN D. SMITH; FOCUSED IMPRESSIONS, INC.; AND FOCUSED IMPRESSIONS TECHNOLOGY LLC, | |
| Defendants. | |

### ORDER APPROVING SETTLEMENT AGREEMENT AND GENERAL RELEASE AND DISMISSING ADVERSARY PROCEEDING WITH PREJUDICE

Upon consideration of the *Certification of Counsel Regarding Order Approving Settlement Agreement and General Release* ("Certification of Counsel"); it is hereby

FOUND AND DETERMINED THAT:

A.     On June 29, 2015, Plaintiff commenced the captioned Adversary Proceeding against Defendants.

B.     After a hearing conducted on July 1, 2015, the Court entered that certain *Temporary Restraining Order* ("Temporary Restraining Order") [Adv. Proc. D.I. 11] pursuant to which, among other things, a hearing on Plaintiff's request for a preliminary injunction was scheduled for July 15, 2015 (the "Preliminary Injunction Hearing").

C.    Subsequent thereto, the Parties engaged in extensive discovery and settlement negotiations and agreed to (i) adjourn the Preliminary Injunction Hearing pending a trial on the merits scheduled for August 20, 2015, and (ii) entry of an order extending the Temporary Restraining Order through and including August 20, 2015.

D.    As set forth in the Certification of Counsel, the Parties have agreed, subject to approval of this Court, to settle and dismiss this Adversary Proceeding pursuant to the terms and provisions of that certain *Settlement Agreement and General Release* ("Settlement Agreement"), executed on August 7, 2015, a copy of which is attached hereto as Exhibit A.

E.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

F.    This a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

G.    Due and adequate notice of the relief requested in the Certification of Counsel has been given under the circumstances and no other notice need be given.

H.    The Plaintiff's entry into the Settlement Agreement is a sound exercise of the Plaintiff's business judgment.

I.    The settlement embodied in the Settlement Agreement falls above the lowest range of reasonableness.

J.    The settlement embodied in the Settlement Agreement is in the best interests of the Debtors, their estates, creditors and other parties in interest.

Based on the foregoing, it is hereby ORDERED THAT:

1.    The Settlement Agreement is approved in its entirety.

2.      All terms and provisions of the Settlement Agreement shall have the same force

and effect as if set forth in this Order.

3.      The Temporary Restraining Order shall be, and hereby is, dissolved.

4.      The Adversary Proceeding shall be, and hereby is, dismissed with prejudice with

each Party to bear its own costs and expenses, including attorneys' fees.


Dated:  August _____, 2015                    _____

Brendan L. Shannon
Chief United States Bankruptcy Judge

# EXHIBIT A

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (the "Agreement") is entered into, as of August 7, 2015, by and among The Standard Register Company ("SR" or "Plaintiff"); and (b) Craig H. Stockmal, Lynn D. Smith, Focused Impressions Technology, LLC, and Focused Impressions, Inc. (together, "Defendants"); each of which is a Party, and who together constitute the Parties, to this Agreement.  Subject to the terms and conditions expressly provided herein, this Agreement is intended to fully, finally, and forever compromise, settle, release, resolve, and dismiss with prejudice all claims asserted, or that could have been asserted, in the Action or in connection with the Action.

**WHEREAS**:

A.      Defendants Smith and Stockmal were employed at SR, and resigned on April 3, 2015 and June 19, 2015, respectively;

B.      On June 29, 2015, SR filed a complaint against Defendants in the United States Bankruptcy Court for the District of Delaware, alleging that Defendants had violated their statutory, contractual, and common law duties and obligations to SR (the "Complaint");

C.      On July 12, 2015, SR filed an amended complaint (the "Amended Complaint") which is the operative complaint in the Action;

D.      The Action is presently set for trial on August 20, 2015;

E.      This Agreement constitutes a compromise of matters that are in dispute between the Parties, reached by the Parties after consultation with their respective counsel. The Parties enter into this Agreement voluntarily with the advice of counsel, to eliminate

1

the uncertainty, burden, and expense of further litigation.   Defendants expressly acknowledge and agree that SR's claims in the Complaint and Amended Complaint were brought in good faith, although each of the respective Parties has denied and continues to deny any wrongdoing, and this Agreement shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Parties with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the claims or defenses that the Parties have, or could have, asserted.

**NOW THEREFORE**, it is hereby **AGREED**, by and among the Parties, in exchange for and in consideration of the mutual promises, warranties, and representations undertaken herein, and for other good and valuable consideration, the receipt of which is hereby acknowledged, that:

## DEFINITIONS

1.      As used in this Agreement, the following terms shall have the following meanings:

(a)      "Action" means the adversary proceeding captioned *The Standard Register Company v. Stockmal, et al.*, Adv. Pro. No. 15-50883 (BLS), pending in the Bankruptcy Case.

(b)      "Bankruptcy Case" means the chapter 11 case captioned *In Re Standard Register Company et al*, Case No. 15-10541 (BLS), pending in the United States Bankruptcy Court for the District of Delaware.

(c)      "Confidential Information" means all trade secret, confidential, or proprietary information belonging to SR.

2

(d)     "Court" means the United States Bankruptcy Court for the District of Delaware.

(e)     "Effective Date" means August 7, 2015, or such later date as the Agreement and the Taylor Acknowledgment are signed by each party.

(f)     "Key Customer" means Liberty Mutual Group, and each of the respective past or present parents, subsidiaries, affiliates, successors and predecessors of Liberty Mutual; and each of the respective present officers, directors, shareholders, members, partners, agents, employees, attorneys, advisors, investment advisors, auditors, accountants, insurers and assigns, of the foregoing, in their capacities as such.

(g)     "Released Defendants' Claims" means any and all claims, debts, demands, rights or causes of action or liabilities whatsoever (including without limitation any and all claims for compensation, equity, bonuses, expenses, damages, legal costs, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liabilities), whether known claims or unknown claims, whether arising under federal, state, local, statutory, common or foreign law or in equity, or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, or individual or collective, that Defendants could have asserted in the Action or in any forum, domestic or foreign, whether as a claim, defense, counterclaim, or otherwise, against SR, as of the Effective Date of this Agreement. Notwithstanding the foregoing, neither Stockmal nor Smith waive or relinquish any rights currently possessed either of them to any benefit earned and accrued during their employment, including any retirement or ERISA-protected rights. Further, the term

3

"Defendants' Released Claims" shall not include Claim No. 2069 filed by Smith in the Bankruptcy Case or Claim No. 2070 filed by Stockmal in the Bankruptcy Case and nothing in this Agreement shall constitute a waiver or relinquishment of Claim No. 2069 or Claim No. 2070.

        (h)    "Released Plaintiff's Claims" means any and all claims, debts, demands, rights or causes of action or liabilities whatsoever (including without limitation any and all claims for compensation, equity, bonuses, expenses, damages, legal costs, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liabilities), whether known claims or unknown claims, whether arising under federal, state, local, statutory, common or foreign law or in equity, or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, that SR asserted or could have asserted in the Action or in any forum, domestic or foreign, whether as a claim, defense, counterclaim, or otherwise, against in connection with or in any way relating to the Action, or the allegations made in any pleading in the Action against Defendants. For the avoidance of doubt, the term "Plaintiff's Released Claims" shall include any claims that SR asserted or could have asserted in the Action, as described in the preceding sentence, regarding the alleged misappropriation of Confidential Information in the creation to date of Defendants' software FocusPoint™. Further, the term "Plaintiff's Released Claims" shall not include any objections to Claim No. 2069 filed by Smith in the Bankruptcy Case or Claim No. 2070 filed by Stockmal in the Bankruptcy Case and nothing in this Agreement shall constitute a waiver or relinquishment of any such objections.

4

(i)     "Taylor Acknowledgment" means the acknowledgment of this Agreement by Taylor Corporation in the form of Exhibit A attached hereto.

## RELEASE OF CLAIMS

2.      Upon the Effective Date, without further action by anyone, Plaintiff shall have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived and discharged the Released Plaintiff's Claims against the Defendants, and shall forever be enjoined from prosecuting any or all of the Released Plaintiff's Claims against the Defendants.

3.      Upon the Effective Date, without further action by anyone, the Defendants shall have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived and discharged the Released Defendants' Claims against SR, and shall forever be enjoined from prosecuting any or all of the Released Defendants' Claims against SR. For the avoidance of doubt, Defendants forfeit and surrender any and all rights, claims, or interest, in compensation, reimbursement, or payment of any kind from SR, and expressly acknowledge and agree to forego any future compensation, reimbursement, or payment of any kind from SR. Notwithstanding the foregoing, nothing set forth herein shall constitute a waiver or relinquishment of any rights currently possessed by any Defendant to any benefit earned and accrued during their employment.

4.      Notwithstanding ¶¶ 2-3 above, nothing in this Agreement shall bar any attempt by the Parties to enforce or effectuate the terms of this Agreement.

5

5.      Within three (3) business days after the Effective Date of this Agreement, counsel for the Parties will take such actions as may be necessary and appropriate to discontinue and finally terminate the Action with prejudice and without attorneys' fees or costs to any Party.

## ADDITIONAL SETTLEMENT CONSIDERATION

### Restriction on Competitive Activities with Key Customer

6.      Defendants agree to not communicate with Key Customer in any way relating to any proposed, contemplated, or actual business relationship involving or concerning any of the Defendants until and through September 30, 2015.

### Non-Disclosure of SR's Confidential Information

7.      Defendants represent and warrant that they will not use Confidential Information for any purpose (other than in accordance with this Agreement) and will not disclose Confidential Information to any third party, unless Confidential Information has become part of the public domain through no act attributable to Defendants in any way.

8.      Defendants represent and warrant that any and all Confidential Information in Defendants' possession, custody, or control was produced to SR during the course of discovery in the Action, and will be treated in accordance with paragraph 9.

9.      Within fifteen (15) business days, Defendants agree to delete all Confidential Information, to the extent it exists in Defendants' possession, custody, or control in electronic form, including on Defendants' personal electronic devices and web-based email accounts.

10.     The Stipulation and Protective Order ("Protective Order"), entered by the Court on July 9, 2015, shall be incorporated into and survive this Agreement.  In accordance with ¶ 20 of the Protective Order, Defendants and SR will destroy or return all Confidential or Advisors' Eyes Only materials received during discovery in the Action within sixty (60) days of final disposition of the Action.

### MISCELLANEOUS PROVISIONS

11.     *Effect of Headings*.  The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

12.     *Modifications and Amendments*.  The terms of this Agreement may not be modified or amended except by a writing signed by all Parties (or their successors-in-interest) to this Agreement. The Parties may agree to reasonable extensions of time to carry out any of the provisions of this Agreement.

13.     *Non-Waiver*.  Any condition in this Agreement may be waived by the Party entitled to enforce the condition in a writing signed by that Party or its counsel. The waiver of any breach of this Agreement shall not be deemed a waiver of any other prior or subsequent breach of this Agreement.

14.     *No Other Agreements*.  This Agreement constitutes the entire agreement among the Parties concerning the subject matter hereof. The Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Agreement other than those contained and memorialized herein.

7

15.    ***Multiple Originals.***  This Agreement may be executed in one or more counterparts, including by signature transmitted via facsimile or by a .pdf/.tif image of the signature transmitted via email.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

16.    ***Binding on Parties and Representatives.***  This Agreement shall be binding upon and inure to the benefit of the successors, assigns and affiliates of the Parties, including any corporation, partnership, or other entity into or with which any Party hereto may in the future merge, consolidate or reorganize.

17.    ***Choice of Law.***  The construction, interpretation, operation, effect and validity of this Agreement and all documents necessary to effectuate it shall be governed by the internal laws of the State of Massachusetts without regard to conflict-of-law principles.

18.    ***Construction of Agreement.***  This Agreement shall be deemed to have been jointly drafted by the Parties, and as such, shall not be construed more strictly against one Party than another. The Parties agree and acknowledge that this Agreement is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Agreement.

19.    ***Severability.***  If any provision(s) of this Agreement is held to be illegal, invalid, or unenforceable under present or future laws, any such provision(s) shall be curtailed and limited only to the extent necessary to bring it within the requirements of the law.  In that event, the remainder of this Agreement shall thereafter be construed and enforced as if such illegal, invalid, or unenforceable provision(s) had never comprised a

8

part hereof. In such case, the remaining provision(s) of this Agreement shall continue in full force and effect and shall not be affected by any such illegal, invalid, or unenforceable provision(s) or by severance herefrom.

20.     **Authority to Enter Agreement.**  All persons executing this Agreement, or any related documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to this Agreement to effectuate its terms.

21.     **Advisement of Counsel.**  Each of the Parties has been advised by their respective counsel as to the terms of this Agreement and understands and knowingly and voluntarily agrees to the terms of this Agreement.  By signing this Agreement, Defendants acknowledge that in exchange for the release of claims set forth herein, they will receive consideration they would not otherwise be entitled to receive.

22.     **Costs and Attorneys' Fees.**  Each Party shall bear its own costs and attorneys' fees.

**IN WITNESS WHEREOF,** the Parties hereto have executed this Agreement as of the date first above written.

THE STANDARD REGISTER COMPANY

By:

_____
Signature

Kevin Carmody
Name

President + CEO
Title

CRAIG H. STOCKMAL

_____
Signature

LYNN D. SMITH

_____
Signature

FOCUSED IMPRESSIONS TECHNOLOGY LLC

_____
Signature

_____
Name

_____
Title

10

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement as of

the date first above written.

THE STANDARD REGISTER COMPANY

By:

_____
Signature

_____
Name

_____
Title

CRAIG H. STOCKMAL

_____
Signature

LYNN D. SMITH

_____
Signature

FOCUSED IMPRESSIONS TECHNOLOGY LLC

_____
Signature

CRAIG STOCKMAL
Name

President
Title

10

**IN WITNESS WHEREOF,** the Parties hereto have executed this Agreement as of the date first above written.

THE STANDARD REGISTER COMPANY

By:

_____
Signature

_____
Name

_____
Title

CRAIG H. STOCKMAL

_____
Signature

LYNN D. SMITH

_____
Signature

FOCUSED IMPRESSIONS TECHNOLOGY LLC

_____
Signature

_____
Name

_____
Title

10

FOCUSED IMPRESSIONS, INC.

By:

_____
Signature

CRAIG STOCKMAL
_____
Name

President
_____
Title

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

Taylor Corporation, by and through its authorized representative, hereby acknowledges that it has read the Settlement Agreement and General Release among The Standard Register Company, Craig H. Stockmal, Lynn D. Smith, Focused Impressions Technology, LLC, and Focused Impressions, Inc., entered into as of August 7, 2015 ("Agreement"), understands the terms thereof, and agrees to be bound by the terms of paragraph 2 of the Agreement.

DATED:  August  7, 2015

TAYLOR CORPORATION

By:

_____
Signature

THomas A. Johnson
Name

Vice President & CFO
Title