**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| SRC LIQUIDATION COMPANY, *et al.*,[1] | Case No. 15-10541 (BLS) |
| Debtors. | (Jointly Administered) |
| | Hearing Date: September 14, 2015 at 10:00 a.m. (ET) |
| | Objection Deadline: September 1, 2015 at 4:00 p.m. (ET) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO (I) AMEND INSURANCE AGREEMENT AND (II) ASSUME INSURANCE AGREEMENT AS AMENDED**

SRC Liquidation Company (f/k/a The Standard Register Company) ("Standard Register") and its affiliated debtors and debtors in possession in the above-captioned cases (each a "Debtor," and collectively, the "Debtors"), hereby submit this Motion (this "Motion") for the entry of an order, substantially in the form annexed hereto as Exhibit A, pursuant to sections 105(a), 363, and 365 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (i) authorizing the Debtors to enter into an amendment (the "Amendment"), a copy of which is annexed hereto as Exhibit B, to that certain Administrative Services Agreement as of January 1, 2015 (the "Insurance Agreement") by and among Standard Register and Community Insurance Company d/b/a Anthem Blue Cross and Blue Shield ("Anthem" and together with Standard Register, the "Parties"); (ii) authorizing the Debtors to assume the Insurance Agreement as

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: SRC Liquidation Company (5440); SR Liquidation Holding Company (3186); SR Liquidation Technologies, Inc. (3180); SR Liquidation International, Inc. (1861); iMLiquidation, LLC (6337); SR Liquidation of Puerto Rico Inc. (0578); SR Liquidation Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and SR Liquidation Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

01:17545197.2

amended by the Amendment; and (iii) granting related relief.  In support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b), and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are sections 105(a), 363, and 365 of the Bankruptcy Code, and Bankruptcy Rules 6004 and 6006.

## BACKGROUND

**A.    General Background**

2. On March 12, 2015 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court").  Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are continuing to manage their financial affairs as debtors in possession.  No trustee or examiner has been appointed in these chapter 11 cases (the "Chapter 11 Cases").

3. On March 24, 2015, the Office of the United States Trustee for the District of Delaware appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee").

4.       Information regarding the Debtors' history and business operations, capital structure and primary secured indebtedness, and the events leading up to the commencement of these Chapter 11 Cases is set forth in the *Declaration of Kevin Carmody in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* [Docket No. 2], which was filed on the Petition Date.

5.       On June 19, 2015, the Court entered an order [Docket No. 698] (the "Sale Order") authorizing the sale of substantially all of the Debtors' assets (the "Sale").  The Sale closed on July 31, 2015 (the "Sale Closing Date").  *See* Docket No. 889.

### B.       The Insurance Agreement and the Amendment

6.       Prior to the Sale Closing Date, the Debtors provided their employees various health insurance plans, including certain plans administered by Anthem (the "Anthem Health Plans").  The Anthem Health Plans are funded on a self-insured basis whereby the Debtors are responsible for paying all claims and administrative costs.  The payments are administered by Anthem, and pursuant to the Insurance Agreement, the Debtors pay Anthem an administration fee for its services.

7.       Pursuant to the Amendment, the Parties agreed to terminate ongoing insurance coverage under the Insurance Agreement, but in accordance with the terms of the Amendment, Anthem will continue to process and pay Claims[2] incurred by covered employees prior to and including the Sale Closing Date for the Claims Runout Period, and will process flexible spending account claims incurred on or before July 31, 2015 (collectively, as set forth more fully in the Amendment, the "Services").  The Debtors will reimburse Anthem on account of such Claims paid by Anthem, and the Debtors will pay Anthem a service fee equal to 6% of Claims processed

---

[2]  Capitalized terms not otherwise defined herein shall have the meaning so ascribed in the Insurance Agreement as amended by the Amendment.

3

and paid by Anthem during the Claims Runout Period (which is the same service fee set forth in the Insurance Agreement prior to execution of the Amendment).

8. The Debtors' assumption of the Insurance Agreement as amended by the Amendment was a condition to Anthem entering into and performing under the Amendment. In addition, the Debtors' assumption of the Insurance Agreement as amended by the Amendment is also consideration for Anthem agreeing to enter into a Renewal to the Parties' Stop Loss Policy, which Anthem was not otherwise obligated to do.

## RELIEF REQUESTED

9. By this Motion, the Debtors, pursuant to sections 105(a), 363, and 365 of the Bankruptcy Code and Bankruptcy Rules 6004 and 6006, seek entry of an order (i) authorizing the Debtors to enter into the Amendment, (ii) authorizing the Debtors to assume the Insurance Agreement as amended by the Amendment, and (iii) granting related relief.

## BASIS FOR RELIEF REQUESTED

**A.    The Debtors Should be Authorized to Enter Into the Amendment**

10. Section 363(c)(1) of the Bankruptcy Code provides that a debtor in possession may enter into a transaction "in the ordinary course of business, without notice or a hearing, and may use property of the estate in the ordinary course of business without notice and a hearing." 11 U.S.C. § 363(c)(1).

11. Section 363(b)(1) further provides that a debtor in possession "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Although the Bankruptcy Code does not set forth a standard for determining when it is appropriate for a court to authorize usage of estate property under section 363(b)(1), it is well established that usage of estate property outside of the ordinary course of

4

business requires a sound business purpose. *See In re Del. & Hudson Ry. Co.*, 124 B.R. 169, 175-76 (D. Del. 1991); *see also In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir. 1983).

12. The Debtors submit that amending the Insurance Agreement is an ordinary course transaction that does not require Court approval. However, out of an abundance of caution, the Debtors submit that the relief requested herein is supported by a sound business purpose and should be authorized by the Court because the Services are necessary to assist the Debtors in satisfying postpetition administrative expense claims incurred through the Sale Closing Date. Therefore, the Debtors submit that a sound business purpose exists for entering into the Amendment, and such action should be approved under section 363(b)(1) of the Bankruptcy Code.

**B.  The Debtors' Business Judgment Justifies Assumption of the Insurance Agreement**

13. Under section 365(a) of the Bankruptcy Code, a debtor, "subject to the court's approval, may assume or reject any unexpired lease or executory contract of the debtor." 11 U.S.C. § 365(a). Section 365(b)(1) codifies the requirements for a debtor to assume an unexpired lease or executory contract. This subsection provides:

> (b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default;
>
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
> (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

14. The standard for approval of a debtor's assumption decision is one of "business judgment" about whether assumption is in the best interests of the debtor's estate. *See Grp. of Inst. Investors v. Chicago, Milw., St. Paul & Pac. R.R. Co.*, 318 U.S. 523, 550 (1943); *In re Market Square Inn, Inc.*, 978 F.2d 116, 121 (3d Cir. 1992); *In re Trans World Airlines, Inc.*, 261 B.R. 103, 120-23 (Bankr. D. Del. 2001). "More exacting scrutiny would slow the administration of the debtor's estate and increase its cost, interfere with the Bankruptcy Code's provision for private control of administration of the estate, and threaten the court's ability to control a case impartially." *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1311 (5th Cir. 1985).

15. The Debtors currently have no business operations and have no effective means to process and pay Claims or to process and pay flexible spending account claims. Therefore, the Debtors need Anthem's Services, and the Debtors' assumption of the Insurance Agreement as amended by the Amendment was a condition to Anthem agreeing to enter into the Amendment and performing thereunder. Therefore, the Debtors submit that it is an exercise of sound business judgment to assume the Insurance Agreement as amended by the Amendment to ensure that such Services are provided on a go-forward basis.

16. Further, the Debtors submit that they satisfy the cure and adequate assurance requirements under section 365(b)(1) of the Bankruptcy Code. As of the date hereof, as Anthem has acknowledged, there are no uncured defaults that exist under the Insurance Agreement. Anthem has further acknowledged that the Debtors have provided adequate assurance of the Debtors' future performance under the Insurance Agreement as amended by the Amendment.

## REQUEST FOR WAIVER OF STAY

17. By this Motion, the Debtors seek a waiver of any stay under Bankruptcy Rules 6004 and 6006 of the effectiveness of the order approving this Motion. The Debtors believe it is in the best interest of their estates to continue satisfying postpetition administrative expense

claims on a timely basis, and the Debtors require Anthem's Services to do so. Therefore, the Debtors submit that the fourteen-day stay set forth in Bankruptcy Rules 6004(h) and 6006(d) should be waived so that, in reliance on any order approving this Motion, the Parties can perform their obligations under the Insurance Agreement as amended by the Amendment.

## **NOTICE**

18. Notice of this Motion has been provided to (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Committee; (iii) counsel for Silver Point Finance, LLC, in its capacity as administrative agent under the Debtors' Second Lien Credit Agreement; (iv) counsel for Anthem; and (v) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested herein, and such other and further relief as it deems just and proper.

Dated: August 18, 2015
Wilmington, Delaware

    */s/ Andrew L. Magaziner*
Michael R. Nestor (No. 3526)
Kara Hammond Coyle (No. 4410)
Maris J. Kandestin (No. 5294)
Andrew L. Magaziner (No. 5426)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
mnestor@ycst.com
kcoyle@ycst.com
mkandestin@ycst.com
amagaziner@ycst.com

-and-

Michael A. Rosenthal (NY No. 4697561)
Samuel A. Newman (CA No. 217042)
Jeremy L. Graves (CO No. 45522)
Matthew G. Bouslog (CA No. 280978)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
mrosenthal@gibsondunn.com
snewman@gibsondunn.com
jgraves@gibsondunn.com
mbouslog@gibsondunn.com

*Counsel to the Debtors and Debtors in Possession*

## **EXHIBIT A**

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SRC LIQUIDATION COMPANY, *et al.*,[1] | Case No. 15-10541 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Docket Ref. No. \_\_\_** |

**ORDER AUTHORIZING THE
DEBTORS TO (I) AMEND INSURANCE AGREEMENT AND
(II) ASSUME INSURANCE AGREEMENT AS AMENDED**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") pursuant to sections 105(a), 363, and 365 of the Bankruptcy Code and Bankruptcy Rules 6004 and 6006 (i) authorizing the Debtors to enter into the Amendment to the Insurance Agreement; (ii) authorizing the Debtors to assume the Insurance Agreement as amended; and (iii) granting related relief; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b) and the Court may enter a final order consistent with Article III of the United States Constitution; and venue being proper before the Court pursuant to 28 U.S.C.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: SRC Liquidation Company (5440); SR Liquidation Holding Company (3186); SR Liquidation Technologies, Inc. (3180); SR Liquidation International, Inc. (1861); iMLiquidation, LLC (6337); SR Liquidation of Puerto Rico Inc. (0578); SR Liquidation Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and SR Liquidation Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

§§ 1408 and 1409; and upon consideration of the entire record of these Chapter 11 Cases; and due and sufficient notice of the Motion having been given under the circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation, and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Debtors are authorized to enter into the Amendment and to perform their obligations under the Insurance Agreement as amended by the Amendment pursuant to sections 363(b) and (c) of the Bankruptcy Code.

3. The Debtors are authorized to assume the Insurance Agreement as amended by the Amendment pursuant to section 365 of the Bankruptcy Code, which shall be deemed to have been assumed as of the date hereof.

4. There are no defaults within the meaning of section 365 of the Bankruptcy Code that must be cured under the Insurance Agreement in connection with such assumption.

5. The Debtors have provided adequate assurance of future performance under the Insurance Agreement within the meaning of section 365(b)(1)(C) of the Bankruptcy Code.

6. Notwithstanding any provision in the Bankruptcy Rules to the contrary, (a) this Order shall be effective immediately and enforceable upon its entry, and the stay provided for in Bankruptcy Rules 6004(h) and 6006(d) is hereby waived; (b) the Debtors are not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order; and (c) the Debtors are authorized and empowered to, and may in their discretion and without further

3

delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

      7.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2015
       Wilmington, Delaware

                                     _____
                                     Brendan L. Shannon
                                     Chief United States Bankruptcy Judge

## **EXHIBIT B**

**Amendment**