**EXHIBIT 1**

**Stipulation**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SRC LIQUIDATION COMPANY, *et al.*,[1] | Case No. 15-10541 (BLS) |
| Debtors. | Jointly Administered |

## STIPULATION BY AND BETWEEN THE DEBTORS AND FACTORY MUTUAL INSURANCE COMPANY REGARDING INSURANCE CLAIM

The Standard Register Company ("Standard Register") and its affiliated debtors and debtors in possession in the above-captioned cases (each, a "Debtor," and collectively, the "Debtors") and Factory Mutual Insurance Company ("FM Global" or the "Insurer," and together with the Debtors, the "Parties") through their undersigned counsel, hereby stipulate and agree (this "Stipulation") as follows:

## RECITALS

WHEREAS, on March 12, 2015 (the "Petition Date"), the Debtors commenced voluntary cases under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy

---

[1]   The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: SRC Liquidation Company (5440); SR Liquidation Holding Company (3186); SR Liquidation Technologies, Inc. (3180); SR Liquidation International, Inc. (1861); iMLiquidation, LLC (6337); SR Liquidation of Puerto Rico Inc. (0578); SR Liquidation Mexico Holding Company (1624); SR Liquidation Holding, S. de R.L. de C.V. (4GR4); SR Liquidation de México, S. de R.L. de C.V. (4FN0); SR Liquidation Servicios, S. de R.L. de C.V. (43K5); and SR Liquidation Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

WHEREAS, prior to the Petition Date, FM Global issued that certain insurance policy number ND414 to Standard Register (the "Policy") which insures, subject to the terms, conditions, limitations and provisions of the Policy, all risks of direct physical loss or damage to certain property of the Insured (as that term is use in the Policy).

WHEREAS, on June 10, 2015 (the "Date of Loss"), the Debtors experienced a fire at their facility at 120 Campbell Street, Dayton, Ohio (the "Property").

WHEREAS, the Debtors notified the Insurer of the facts and circumstances surrounding the fire and associated alleged damages (the "Damages") and the Insured's claim on account of the Damages (the "Claim"). The Insurer has assigned the Claim a Claim ID of 444980.

WHEREAS, the Insurer responded to the Claim and is adjusting the Claim in the ordinary course pursuant to the terms and conditions of the Policy. Although the adjustment process remains ongoing, the Insurer has agreed to advance, and Standard Register has agreed to accept, an advance payment with respect to the Claim in the amount of Five Hundred Thousand and No/100 Dollars ($500,000.00) (the "Advance Payment").

WHEREAS the Parties acknowledge that prior to the Date of Loss, the Debtors moved the Bankruptcy Court for authorization to sell substantially all of their assets pursuant to sections 105, 363, and 365 of the Bankruptcy Code (the "363 Sale"). The Property was among the assets that were subject to the 363 Sale. The Parties further acknowledge that after the Date of Loss, on June 19, 2015, the Bankruptcy Court entered an order (the "363 Order") which provided for, among other things, approval of the sale of substantially all of the Debtors' assets, including the

01:17548051.1

2

Property, to Taylor Corporation (the "363 Purchaser") in accordance with that certain asset purchase agreement dated as of June 19, 2015 (the "APA").

WHEREAS, notwithstanding the 363 Sale, as of the date of this Stipulation, the Debtors have legal title to the Property.

WHEREAS, all insurance policies and all proceeds of all insurance policies, including, without limitation, the Policy and all proceeds of the Policy that are paid, could be paid, or are alleged to be payable on account of the Claim or with respect to the Damages (the "Proceeds"), are "Excluded Assets" under the terms of the APA.

WHEREAS, in accordance with the APA, the Parties agree that the Proceeds shall be paid to the Debtors.

WHEREAS, in addition to the foregoing, on April 16, 2015, the Bankruptcy Court entered an order (the "DIP Order"),[2] which, among other things, grants certain Term Adequate Protection Liens to the Pre-Petition Term Agent on all DIP Collateral on account of any Collateral Diminution suffered by the Pre-Petition Term Credit Parties. The Damages resulted in a Collateral Diminution with respect to the Property (which constitutes Pre-Petition Term Collateral), and accordingly the Term Adequate Protection Liens attach to the Proceeds. Furthermore, the Property and the Proceeds constitute Pre-Petition Term Collateral securing the Pre-Petition Term Debt under the Pre-Petition Second Lien Term Loan Agreement, which remains outstanding as of the date hereof.

WHEREAS, other than as set forth above, no person or entity has, or has asserted, any interest in the Claim or the Proceeds.

---

[2]   Capitalized terms used but not defined herein shall have the meanings ascribed to them in the DIP Order.

01:17548051.1

3

WHEREAS, the Parties hereby enter into this Stipulation to ensure that all Proceeds advanced and/or paid with respect to the Claim are paid to the correct party, and to facilitate resolution of the Claim.

**NOW THEREFORE, in consideration of the premiums paid, promises and the mutual covenants contained herein, the Parties hereby do mutually stipulate and agree, and upon the Bankruptcy Court's approval, it shall be ordered and binding on all parties in interest as follows:**

1.      The foregoing recitals and provisions are incorporated herein as if set forth separately below.

2.      Subject to paragraph 6 below, the Advance Payment shall be paid and made payable to the Debtors in the ordinary course of the adjustment of the Claim.

3.      To the extent that FM Global, in its sole and absolute discretion, determines that one or more additional advance payments is warranted, such payments shall be paid to the Debtors, or their order.  The terms and conditions of this Stipulation shall automatically apply to such additional advance payments, and the liens of the applicable Pre-Petition Term Credit Parties shall automatically attach to such additional advance payments to the same extent and in the same manner as to the Advance Payment.

4.      The 363 Purchaser has no interest in the Proceeds and no rights with regard to the Claim.

5.      The applicable Pre-Petition Term Credit Parties have consented to the payment of the Proceeds, including without limitation the Advance Payment, to the Debtors, subject to paragraph 6 below and the terms and conditions of the DIP Order and this Stipulation, which terms and conditions the applicable Pre-Petition Term Credit

Parties shall be entitled to rely upon and have standing to enforce.

6.    In furtherance of the foregoing, the Proceeds shall be deposited in a deposit account designated by the Second Lien Lender Agent and subject to the Term Adequate Protection Liens and Term Loan Security Interests in favor of the applicable Pre-Petition Term Credit Parties. The Debtors shall not be permitted to use the Proceeds except with the prior consent of the Second Lien Lender Agent, and the Second Lien Lender Agent may apply such Proceeds to the payment of the Pre-Petition Term Debt under the Pre-Petition Second Lien Term Loan Agreement without further order of the Court or consent of the Debtors or FM Global.

7.    Full and final resolution of the Claim, including without limitation the execution of a Policyholder Release, shall occur only upon approval of a subsequent, future stipulation, which will be subject to the consent of the Second Lien Lender Agent and, if executed prior to the effectiveness of a chapter 11 plan of reorganization, will be subject to approval of the Bankruptcy Court.

8.    Nothing in this Stipulation shall in any way operate to, or have the effect of, impairing, supplementing, changing, expanding, decreasing, or modifying the Policy, or any term, condition, provision, or limitation of the Policy.

9.    Except as specifically set forth herein, no provision of this Stipulation is intended to or shall affect or benefit any non-debtor.  Other than the applicable Pre-Petition Term Credit Parties, there are no third-party beneficiaries to this agreement, which is solely between the Debtors and FM Global. For the avoidance of doubt, the applicable Pre-Petition Term Credit Parties shall be third-party beneficiaries of, and entitled to rely upon and enforce, the provisions of this Stipulation governing the application or use of the Proceeds.

01:17548051.1

5

10.    This Stipulation is an integrated document, containing the entire undertaking between the Debtors and FM Global regarding the matters addressed herein, and, except as set forth in this Stipulation, no representations, warranties, promises, inducements or considerations have been made or relied upon by the parties.

11.    This Stipulation shall supersede all prior communications between the Parties or their representatives regarding the matters contained herein.

12.    This Stipulation shall be binding upon and shall inure to the benefit of the parties and their respective heirs, executors, legal representatives, successors and permitted assigns.

13.    This Stipulation shall survive the dismissal or conversion of these cases, if any, and shall be binding on any trustee appointed, whether pursuant to a plan, or following conversion to chapter 7 of the Bankruptcy Code.

14.    This Stipulation may be executed in any number of counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereupon and all of which shall constitute one and the same instrument. This Stipulation shall be deemed fully executed when one or more counterparts hereof, individually or taken together, shall bear the signatures of the Parties.

15.    Following execution of this Stipulation, the Debtors, at their own expense, shall use their best efforts to obtain the Bankruptcy Court's approval of this Stipulation as soon as reasonably possible.

IN WITNESS WHEREOF, and in agreement herewith, by and through the undersigned, the Parties have executed and delivered this Stipulation as of the date first set forth below.

Dated: August 19, 2015


_/s/ Andrew L. Magaziner_
Michael R. Nestor (No. 3526)
Kara Hammond Coyle (No. 4410)
Maris J. Kandestin (No. 5294)
Andrew L. Magaziner (No. 5426)
YOUNG   CONAWAY   STARGATT   &
TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
mnestor@ycst.com
kcoyle@ycst.com
mkandestin@ycst.com
amagaziner@ycst.com

-and-

Michael A. Rosenthal (NY No. 4697561)
Samuel A. Newman (CA No. 217042)
Jeremy L. Graves (CO No. 45522)
Matthew G. Bouslog (CA No. 280978)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
mrosenthal@gibsondunn.com
snewman@gibsondunn.com
jgraves@gibsondunn.com
mbouslog@gibsondunn.com

_Counsel to the Debtors and Debtors in Possession_

_/s/ John P. Eggum_
Susan N.K. Gummow
John P. Eggum
FORAN GLENNON PALANDECH PONZI &
RUDLOFF P.C.
222 N. La Salle St., Ste. 1400
Chicago, IL 60601
Tel: (312) 863-5055
Fax: (312) 863-5099
sgummow@fgppr.com
jeggum@fgppr.com

_Counsel to Factory Mutual Insurance Company_

01:17548051.1

7