IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SRC LIQUIDATION COMPANY, *et al.*,[1] | Case No. 15- 10541 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. 86** |

**SUPPLEMENTAL DECLARATION OF MICHAEL R. NESTOR IN SUPPORT OF THE DEBTORS' APPLICATION FOR AN ORDER, PURSUANT TO SECTION 327(A) OF THE BANKRUPTCY CODE, AUTHORIZING THE RETENTION AND EMPLOYMENT OF YOUNG CONAWAY STARGATT & TAYLOR, LLP AS CO-COUNSEL TO THE DEBTORS, *NUNC PRO TUNC* TO THE PETITION DATE**

I, Michael R. Nestor, hereby declare and state as follows:

1. I am a partner in the law firm of Young Conaway Stargatt & Taylor, LLP ("Young Conaway"), co-counsel to the above-captioned debtors (collectively, the "Debtors").

2. On April 13, 2015, the Court entered *Order, Pursuant to Section 327(a) of the Bankruptcy Code, Authorizing the Retention and Employment of Young Conaway Stargatt & Taylor, LLP as Co-Counsel to the Debtors* Nunc Pro Tunc *to the Petition Date* [Docket No. 256].

3. On July 31, 2015, the Debtors closed the sale of substantially all of their assets pursuant to that certain Asset Purchase Agreement by and among the Debtors and Taylor Corporation (together with its designated affiliates, the "Buyer"), dated as of June 19, 2015

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: SRC Liquidation Company (5440); SR Liquidation Holding Company (3186); SR Liquidation Technologies, Inc. (3180); SR Liquidation International, Inc. (1861); iMLiquidation, LLC (6337); SR Liquidation of Puerto Rico Inc. (0578); SR Liquidation Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and SR Liquidation Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

(together with all related documents and agreements, the "Asset Purchase Agreement") and that certain *Order (I) Authorizing the Sale of Substantially all of the Debtors' Assets Free and Clear of all Liens, Claims, Encumbrances, and Interests; (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (III) Granting Certain Related Relief* [Docket No. 698] (the "Sale Order"), which approved the Asset Purchase Agreement.

4. Pursuant to the Asset Purchase Agreement and the Master Transition Services Agreement executed in connection therewith, the Buyer has agreed to pay the allowed fees and costs, including attorneys' fees and costs, incurred by the Debtors in connection with certain actions related to the administration of the Debtors' chapter 11 cases (the "Reimbursable Services"). The Reimbursable Services relate primarily, but not solely, to objections to claims with respect to which the Buyer is obligated to pay or assume some or all of the Debtors' obligations.

5. Young Conaway has agreed to separately account for fees and expenses incurred in performing the Reimbursable Services, and the Buyer has agreed to pay Young Conaway directly for performing such Reimbursable Services. Any funds received by Young Conaway will be held "on account" and applied only in accordance with the provisions of the Interim Compensation Order, including the provisions that require a 20% fee holdback and further Court order before application of the holdback. To the extent that the Court does not allow any portion of the fees and expenses incurred in connection with the Reimbursable Services, Young Conaway will return to the Buyer any excess payments that it has received for performance of the Reimbursable Services.

6. For the avoidance of doubt, the Reimbursable Services are reasonable and necessary services that Young Conaway is performing, as counsel to the Debtors, in connection with the administration and wind-down of the Debtors' chapter 11 cases. Young Conaway does not and will not represent the Buyer in connection with the Reimbursable Services.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 21, 2015

                                                /s/   Michael R. Nestor
                                                    Michael R. Nestor