**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| SRC LIQUIDATION COMPANY, *et al.*,[1] | Case No. 15-10541 (BLS) |
| Debtors. | Jointly Administered |
| | **Hearing Date:  September 21, 2015 at 10:00 a.m. (ET)**<br>**Objection Deadline:  September 4, 2015 at 4:00 p.m. (ET)** |

**DEBTORS' SECOND (2ND) OMNIBUS (SUBSTANTIVE) OBJECTION
TO CLAIMS PURSUANT TO SECTION 502 OF THE BANKRUPTCY CODE,
<u>BANKRUPTCY RULE 3007 AND LOCAL RULE 3007-1</u>**

SRC Liquidation Company and its above-captioned affiliated debtors and debtors in possession (each, a "<u>Debtor</u>," and collectively, the "<u>Debtors</u>") hereby file this objection (this "<u>Objection</u>"), pursuant to section 502 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "<u>Bankruptcy Code</u>"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), to each of the claims (collectively, the "<u>Disputed Claims</u>") filed against the Debtors and their estates that are listed on <u>Exhibit A</u> to the proposed form of order (the "<u>Proposed Order</u>") attached hereto as <u>Exhibit 2</u>, and request the entry of the Proposed Order modifying each of the Disputed Claims on the grounds set forth herein.  In support of this Objection, the Debtors rely on the Declaration of Kevin M. Carmody (the "<u>Carmody Declaration</u>"), a copy of which is attached hereto as <u>Exhibit 1</u>.  In further support of this Objection, the Debtors respectfully represent as follows:

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  SRC Liquidation Company (5440); SR Liquidation Holding Company (3186); SR Liquidation Technologies, Inc. (3180); SR Liquidation International, Inc. (1861); iMLiquidation, LLC (6337); SR Liquidation of Puerto Rico Inc. (0578); SR Liquidation Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and SR Liquidation Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

## JURISDICTION AND VENUE

1.       The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012 (the "Amended Standing Order").  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.  Pursuant to Local Rule 9013-1(f), the Debtors consent to entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.       Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief sought herein are section 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1.

## BACKGROUND

### A.       General Background

3.       On March 12, 2015 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court").  Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are continuing to manage their financial affairs as debtors in possession.  No request for a trustee or examiner has been made in these chapter 11 cases (collectively, the "Chapter 11 Cases").

01:17565202.1

4.      On March 24, 2015, the Office of the United States Trustee for the District of Delaware (the "UST") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee").

5.      Information regarding the Debtors' history and business operations, capital structure and primary secured indebtedness, and the events leading up to the commencement of these Chapter 11 Cases, can be found in *Declaration of Kevin Carmody in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* [Docket No. 2].

**B.      Debtors' Schedules**

6.      On May 11, 2015, each of the Debtors filed their Schedules of Assets and Liabilities [Docket Nos. 475, 477, 479, 481, 483, 485, 487, 489, 491, 493, and 495].

**B.      Proofs of Claim**

7.      On March 13, 2015, the Court entered an order [Docket No. 54] appointing Prime Clerk LLC ("Prime Clerk") as claims and noticing agent in these Chapter 11 Cases.  Among other things, Prime Clerk is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in these chapter 11 cases and (b) maintain official claims registers for each of the Debtors.

## RELIEF REQUESTED

8.      By this Objection, the Debtors seek entry of an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, reclassifying each of the Disputed Claims listed on Exhibit A to the Proposed Order.

9.      In accordance with Local Rule 3007-1(e)(i)(E), the Debtors believe that this Objection complies in all material respects with Local Rule 3007-1.

01:17565202.1

**OBJECTION**

10.     Section 502(b) of the Bankruptcy Code provides that:

> The court, after notice and a hearing, shall determine the amount of [a] claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent . . . such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured.

11 U.S.C. § 502(b)(1).

11.     The Debtors object to the Disputed Claims listed on <u>Exhibit A</u> attached to the Proposed Order pursuant to section 502(b)(1) of the Bankruptcy Code because, based on a review of the Debtors' books and records and the relevant proofs of claim, such claims should be reclassified for the reasons set forth therein.  The Disputed Claims have been characterized as priority claims by the applicable claimants but should be reclassified as general unsecured claims as set forth below.

**A.      Reclassified GUC Claims**

12.     The Disputed Claims identified on <u>Exhibit A</u> to the Proposed Order that are proposed to be reclassified as "General Unsecured Claims" (collectively, the "<u>Reclassified GUC Claims</u>") (a) have been characterized in the respective proofs of claim as priority claims under section 507(a)(1), (4), (7), or (8) of the Bankruptcy Code or (b) do not specify a basis for priority under section 507(a) of the Bankruptcy Code.  The Debtors submit that, upon a review of the Debtors' books and records and the supporting documentation submitted with the Reclassified GUC Claims, there is no discernible basis to characterize the Reclassified GUC Claims as priority claims.  The Reclassified GUC Claims contain no information or documentation supporting the asserted priority status, and the Debtors' books and records reflect that such claims are not entitled to priority status.  Accordingly, the Debtors request that the Court

reclassify each of the Reclassified GUC Claims identified on <u>Exhibit A</u> to the Proposed Order as a general unsecured claim.

**B.      Reclassified 503(b)(9) Claims**

13.      The Disputed Claims identified on <u>Exhibit A</u> to the Proposed Order that are proposed to be reclassified as  "503(b)(9) Claims" (collectively, the "<u>Reclassified 503(b)(9) Claims</u>") either (a) assert a priority claim under one or more sections of 507(a) of the Bankruptcy Code or (b) do not specify a basis for priority under section 507(a) of the Bankruptcy Code; however, each of the claimants appear to have intended to assert a claim under section 503(b)(9) of the Bankruptcy Code.  Accordingly, the Debtors request that the Court reclassify each of the Reclassified 503(b)(9) Claims identified on <u>Exhibit A</u> to the Proposed Order as a claim under section 503(b)(9) of the Bankruptcy Code.  The Debtors will further evaluate the claims, as reclassified, and reconcile such claims in due course.  The Debtors reserve the right to further object to such classification if, upon reconciling the claims, the Debtors determine that such claims are not entitled to administrative expense status under section 503(b)(9) of the Bankruptcy Code.

14.      This objection to the Disputed Claims relates only to the *classification* of the Disputed Claims and, accordingly, does not constitute an objection to amounts asserted in such claims.  Pursuant to Local Rule 3007-1(f), this objection to the Disputed Claims does not prejudice the rights of the Debtors or of any other party in interest to object to such claims (as reclassified) on any other grounds whatsoever.

<u>**RESERVATION OF RIGHTS**</u>

15.      The Debtors expressly reserve the right to amend, modify, or supplement this Objection.  Should one or more of the grounds for this Objection be dismissed or overruled, the Debtors reserve the right to object to any Disputed Claim listed on <u>Exhibit A</u> to the Proposed

01:17565202.1

Order on any other ground.  The Debtors also expressly reserve the right to commence additional proceedings with respect to the claims that are subject to this Objection, including but not limited to proceedings under sections 502(d), 510, 542, 543, 544, 545, 547, 548, 549, 550, 551, and 553 of the Bankruptcy Code.

## **NOTICE**

16.     The Debtors have provided notice of this Objection to (i) the UST; (ii) counsel to the Committee; (iii) counsel for Silver Point Finance, LLC, in its capacity as administrative agent under the Debtors' Second Lien Credit Agreement; (iv) counsel to the agents under the Debtors' debtor-in-possession financing facilities; (v) the holders of the Disputed Claims; and (vi) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

*[Remainder of page intentionally left blank]*

01:17565202.1

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit 2, sustaining this Objection in all respects and granting such other and further relief as the Court may deem just and proper.

Dated:    August 21 2015
          Wilmington, Delaware              */s/ Andrew L. Magaziner*
                                            Michael R. Nestor (No. 3526)
                                            Kara Hammond Coyle (No. 4410)
                                            Maris J. Kandestin (No. 5294)
                                            Andrew L. Magaziner (No. 5426)
                                            YOUNG CONAWAY STARGATT & TAYLOR, LLP
                                            Rodney Square
                                            1000 North King Street
                                            Wilmington, Delaware 19801
                                            Telephone:  (302) 571-6600
                                            Facsimile:  (302) 571-1253
                                            mnestor@ycst.com
                                            kcoyle@ycst.com
                                            mkandestin@ycst.com
                                            amagaziner@ycst.com

                                            -and-

                                            Michael A. Rosenthal (NY No. 4697561)
                                            Samuel A. Newman (CA No. 217042)
                                            Jeremy L. Graves (CO No. 45522)
                                            Matthew G. Bouslog (CA No. 280978)
                                            GIBSON, DUNN & CRUTCHER LLP
                                            200 Park Avenue
                                            New York, New York 10166-0193
                                            Telephone: (212) 351-4000
                                            Facsimile: (212) 351-4035
                                            mrosenthal@gibsondunn.com
                                            snewman@gibsondunn.com
                                            jgraves@gibsondunn.com
                                            mbouslog@gibsondunn.com

                                            *Counsel to the Debtors and*
                                            *Debtors in Possession*

01:17565202.1