**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>SRC LIQUIDATION COMPANY, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-10541 (BLS)<br><br>Jointly Administered<br><br>**Hearing Date:  September 21, 2015 at 10:00 a.m. (ET)**<br>**Objection Deadline:  September 4, 2015 at 4:00 p.m. (ET)** |

**DEBTORS' THIRD (3RD) OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO
CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE,
BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1**

SRC Liquidation Company and its above-captioned affiliated debtors and debtors in possession (each, a "Debtor," and collectively, the "Debtors") hereby file this objection (this "Objection"), pursuant to section 502 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to each of the claims (collectively, the "Disputed Claims") filed against the Debtors and their estates that are listed on Exhibits A and B to the proposed form of order (the "Proposed Order") attached hereto as Exhibit 2, and request the entry of the Proposed Order disallowing or modifying each of the Disputed Claims on the grounds set forth herein.  In support of this Objection, the Debtors rely on the Declaration of Kevin M. Carmody (the "Carmody Declaration"), a copy of which is

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  SRC Liquidation Company (5440); SR Liquidation Holding Company (3186); SR Liquidation Technologies, Inc. (3180); SR Liquidation International, Inc. (1861); iMLiquidation, LLC (6337); SR Liquidation of Puerto Rico Inc. (0578); SR Liquidation Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and SR Liquidation Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

01:17565157.1

attached hereto as <u>Exhibit 1</u>.  In further support of this Objection, the Debtors respectfully represent as follows:

## JURISDICTION

1.　　The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012 (the "<u>Amended Standing Order</u>").  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.  Pursuant to Local Rule 9013-1(f), the Debtors consent to entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.　　Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief sought herein are section 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1.

## BACKGROUND

**A.　　General Background**

3.　　On March 12, 2015, each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>").  Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are continuing to manage their financial affairs as debtors in possession.  No request for a trustee or examiner has been made in these chapter 11 cases (collectively, the "<u>Chapter 11 Cases</u>").

4.  On March 24, 2015, the Office of the United States Trustee for the District of Delaware (the "UST") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee").

5.  Information regarding the Debtors' history and business operations, capital structure and primary secured indebtedness, and the events leading up to the commencement of these Chapter 11 Cases, can be found in *Declaration of Kevin Carmody in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* [Docket No. 2].

**B.  Debtors' Schedules**

6.  On May 11, 2015, each of the Debtors filed their Schedules of Assets and Liabilities [Docket Nos. 475, 477, 479, 481, 483, 485, 487, 489, 491, 493, and 495].

**B.  Proofs of Claim**

7.  On March 13, 2015, the Court entered an order [Docket No. 54] appointing Prime Clerk LLC ("Prime Clerk") as claims and noticing agent in these Chapter 11 Cases.  Among other things, Prime Clerk is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain official claims registers for each Debtor.

## RELIEF REQUESTED

8.  By this Objection, the Debtors seek entry of an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, disallowing in full or otherwise modifying each of the Disputed Claims as set forth herein.

9.  In accordance with Local Rule 3007-1(e)(i)(E), the Debtors believe that this Objection complies in all material respects with Local Rule 3007-1.

**OBJECTION**

10. Section 502(b) of the Bankruptcy Code provides that:

> The court, after notice and a hearing, shall determine the amount of [a] claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent . . . such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured.

11 U.S.C. § 502(b)(1).

11. The Disputed Claims are unenforceable against the Debtors because they are either (a) based solely on ownership of stock in the Debtors and not on account of damages or a claim against the Debtors or (b) claims for priority that are asserted in an amount that exceeds the maximum amount under section 507 of the Bankruptcy Code. Therefore, pursuant to sections 502(b)(1) of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1, the Debtors respectfully request that the Court enter an order disallowing or modifying each Disputed Claim as outlined herein.

**A.    Equity Interest Claims**

12. The claims listed in Exhibit A of the Proposed Order were filed by parties on account of equity interests held in SRC Liquidation Company (f/k/a The Standard Register Company) (collectively, the "Equity Interest Claims"). The Debtors object to the Equity Interest Claims because they were filed by shareholders based solely on stock ownership in the Debtors and not on account of damages or a claim against the Debtors. Therefore, the Debtors hereby object to the Equity Interest Claims and request entry of an order disallowing each of the Equity Interest Claims.

**B.    Excess Priority Employee Claims**

13. The Debtors object to the claims identified on Exhibit B to the Proposed Order to the extent such claims seek priority treatment in excess of the combined statutory cap on priority

wage and benefit claims under section 507 of the Bankruptcy Code (collectively, the "Excess Priority Employee Claims").

14. The Debtors have reviewed the Excess Priority Employee Claims, together with any supporting documentation attached thereto, and have determined that the Excess Priority Claims identified on Exhibit B to the Proposed Order assert an entitlement to priority status in excess of the statutory cap of $12,475 for priority claims of the kind asserted. Accordingly, the Debtors respectfully request that such portions of the Excess Priority Employee Claims over the statutory cap be reclassified as indicated on Exhibit B to the Proposed Order pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1.

15. Failure to reclassify the Excess Priority Employee Claims will award the applicable claimants undue priority status to the detriment of other creditors in these Chapter 11 Cases. Therefore, the Debtors object to each of the Excess Priority Employee Claims included on Exhibit B to the Proposed Order and request that such Excess Priority Employee Claims be modified to reflect the priority status indicated under the column heading "Modified Classification Status."

## RESERVATION OF RIGHTS

16. The Debtors expressly reserve the right to amend, modify, or supplement this Objection. Should one or more of the grounds for this Objection be dismissed or overruled, the Debtors reserve the right to object to any Disputed Claim listed on Exhibits A and B to the Proposed Order on any other ground. The Debtors also expressly reserve the right to commence additional proceedings with respect to the claims that are subject to this Objection, including but not limited to proceedings under sections 502(d), 510, 542, 543, 544, 545, 547, 548, 549, 550, 551, and 553 of the Bankruptcy Code.

**NOTICE**

17. The Debtors have provided notice of this Objection to (i) the UST; (ii) counsel to the Committee; (iii) counsel for Silver Point Finance, LLC, in its capacity as administrative agent under the Debtors' Second Lien Credit Agreement; (iv) counsel to the agents under the Debtors' debtor-in-possession financing facilities; (v) the holders of the Disputed Claims; and (vi) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as <u>Exhibit 2</u>, sustaining this Objection in all respects and granting such other and further relief as the Court may deem just and proper.

Dated:   August 21, 2015
         Wilmington, Delaware              */s/ Andrew L. Magaziner*
                                        Michael R. Nestor (No. 3526)
                                        Kara Hammond Coyle (No. 4410)
Maris J. Kandestin (No. 5294)
Andrew L. Magaziner (No. 5426)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253
mnestor@ycst.com
kcoyle@ycst.com
mkandestin@ycst.com
amagaziner@ycst.com

-and-

Michael A. Rosenthal (NY No. 4697561)
Samuel A. Newman (CA No. 217042)
Jeremy L. Graves (CO No. 45522)
Matthew G. Bouslog (CA No. 280978)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
mrosenthal@gibsondunn.com
snewman@gibsondunn.com
jgraves@gibsondunn.com
mbouslog@gibsondunn.com

*Counsel to the Debtors and
Debtors in Possession*

7