## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, *et al.*,[1] | Case No. 15-10541 (BLS) |
| Debtors. | Jointly Administered |

### AMENDED ORDER (I) AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO RETAIN AND EMPLOY JEFFERIES LLC AS ITS INVESTMENT BANKER, *NUNC PRO TUNC* TO MARCH 24, 2015 AND (II) WAIVING CERTAIN REQUIREMENTS OF LOCAL RULE 2016-2

Upon the request (the "Request") of the official committee of unsecured creditors (the "Committee") of The Standard Register Company and its affiliated debtors and debtors in possession (collectively, the "Debtors") with respect to that certain application (the "Application")[2] for entry of an amended order pursuant to sections 328(a) and 1103(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014, 9023 and 9024 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Practice and Procedure of the United States Bankruptcy Code for the District of Delaware (the "Local Rules"), (a) authorizing the Committee to retain and employ Jefferies LLC ("Jefferies") as its exclusive investment banker, *nunc pro tunc* to March 24, 2015, pursuant to that certain engagement letter attached to the Application as Exhibit B (the "Engagement

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2] Each capitalized term used but not otherwise defined herein shall have the meaning ascribed to such term in the Application.

Letter") and (b) waiving certain of the information requirements of Local Rule 2016-2; and this Court having jurisdiction to consider the Request and the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and due and proper notice of the Request and the Application having been provided; and it appearing that no other or further notice need be provided; and this Court having determined that the Committee's employment of Jefferies is necessary and in the best interests of the Committee and the Debtors' estates and that the terms of compensation set forth in the Engagement Letter as modified herein are reasonable; and this Court being satisfied that Jefferies does not have or represent any entity having an interest adverse to the interests of the Debtors' estates or of any class of creditors or equity security holders; and all objections (if any) to the requested relief having been withdrawn or overruled on the merits; and upon all of the proceedings had before this Court, and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is GRANTED as set forth herein. The prior order entered approving the Application [Docket No. 650] is hereby stricken and replaced in its entirety by this amended order.

2. The Committee is authorized to retain and employ Jefferies as its exclusive investment banker in these chapter 11 cases, pursuant to the terms and subject to the conditions set forth in the Engagement Letter, as modified herein, *nunc pro tunc* to March 24, 2015.

3. Except to the extent set forth herein, the Engagement Letter, including, without limitation, the Fee and Expense Structure, is approved pursuant to section 328(a) of the Bankruptcy Code, and the Debtors are authorized to pay, reimburse and indemnify Jefferies in accordance with the terms and conditions of, and at the times specified in, the Engagement Letter.

4.  Notwithstanding anything to the contrary in the Application or Engagement Letter, Jefferies shall only be entitled to a Transaction Fee for consummation of a Chapter 11 plan for the Debtors pursuant to chapter 11 of the Bankruptcy Code. The Transaction Fee shall be in an amount equal to (A) $1,000,000 if the Committee either supports or does not file and prosecute any material objection to such plan (or, if the Committee does file and prosecute any material objection to such plan, such objection is either withdrawn, settled or otherwise consensually resolved) and (B) $750,000 if the Committee does prosecute any material objection to such plan and such objection is not settled or withdrawn.

5.  Jefferies shall file applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code, such Bankruptcy Rules as may then be applicable, and any applicable orders and procedures of this Court; provided, however, that notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the U.S. Trustee Guidelines, Local Rule 2014-1, and any other applicable orders or procedures of the Court, Jefferies' professionals shall be required only to keep reasonably detailed summary time records in one-half hour increments, which time records shall indicate the total hours incurred by each professional for each day and provide a brief description of the nature of the work performed and shall not be required to keep time records on a project category basis.

6.  The fees and expenses payable to Jefferies pursuant to the Engagement Letter shall be subject to review pursuant to the standards set forth in section 328(a) of the Bankruptcy Code and shall not be subject to the standard of review set forth in section 330 of the Bankruptcy Code, except by the U.S. Trustee, who, for the avoidance of doubt, shall have the right to object to Jefferies' requests for payment of fees and expenses based on the reasonableness standard in

section 330 of the Bankruptcy Code. This Order and the records relating to the Court's consideration of the Application shall not prejudice or otherwise affect the rights of the U.S. Trustee to challenge the reasonableness of Jefferies' compensation and expense reimbursements under sections 330 and 331 of the Bankruptcy Code. Accordingly, nothing in this Order or on the record shall constitute a finding of fact or conclusion of law binding on the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of Jefferies' compensation.

7. The indemnification, contribution and reimbursement provisions included in Schedule A to the Engagement Letter are approved, subject during the pendency of these chapter 11 cases to the following modifications:

   a. subject to the provisions of subparagraphs (b) and (d) below, the Debtors are authorized to indemnify the Indemnified Persons in accordance with the Engagement Letter for any claim arising from, related to, or in connection with their performance of the services described in the Engagement Letter; provided, however, that the Indemnified Persons shall not be indemnified for any claim arising from services other than the services provided under the Engagement Letter, unless such services and the indemnification, contribution, or reimbursement therefor are approved by this Court;

   b. notwithstanding anything to the contrary in the Engagement Letter, the Debtors shall have no obligation to indemnify any person or provide contribution or reimbursement to any person for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen from that person's gross negligence or willful misconduct, or (ii) for a contractual dispute in which the Committee alleges breach of Jefferies' obligations under the Engagement Letter unless this Court determines that indemnification, contribution or reimbursement would be permissible pursuant to In re United Artists Theatre Co., 315 F.3d 217 (3d Cir. 2003) or (iii) settled prior to a judicial determination as to sub-clauses (i) or (ii) above, but determined by this Court, after notice and a hearing, to be a claim or expense for which that person should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letter as modified by this Order;

   c. If, during the pendency of these chapter 11 cases, the indemnification provided in Schedule A to the Engagement Letter is held unenforceable by reason of the exclusions set forth in paragraph (b) above (i.e. gross negligence, willful misconduct, or for a contractual dispute in which the

4

Debtors allege the breach of Jefferies' obligations under the Engagement Letter, unless the Court determines that indemnification would be permissible pursuant to the United Artists decision), and Jefferies makes a claim for the payment of any amounts by the Debtors on account of the Debtors' contribution obligations, then the limitations on Jefferies' contribution obligations set forth in the second and third sentences of the fifth paragraph of Schedule A shall not apply; and

d.  If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these chapter 11 cases, Jefferies believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution or reimbursement obligations under the Engagement Letter (as modified by this Order), including, without limitation, the advancement of defense costs, Jefferies must file an application before this Court and the Debtors may not pay any such amounts before the entry of an order by this Court approving the payment; provided, however, that for the avoidance of doubt, this subparagraph (d) is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses for indemnification, contribution, or reimbursement and not a provision limiting the duration of the Debtors' obligation to indemnify Jefferies.

8. For the avoidance of doubt, (a) Jefferies shall only seek reimbursement of legal fees and costs pursuant to Paragraph 5 of the Engagement Letter to the extent such fees and costs relate to retention and/or compensation matters and/or responding to any discovery in these cases and (b) the reimbursement of any other legal fees and costs, if any, shall be sought pursuant to and in accordance with the Engagement Letter's indemnity as modified by this Order.

9. None of the DIP Credit Parties (as such term is defined in that certain final DIP financing order entered on April 16, 2015 [Docket No. 290] (the "Final DIP Order")) shall, by entry of this Order, be deemed to have (i) waived any objection, or consented, to any change or modification to the Budget (as defined in the Final DIP Order) which the Debtors may propose or seek in order to pay any compensation or expenses to Jefferies or which otherwise might result from the Debtors paying such compensation or expenses or (ii) agreed to any payment of

such compensation or expenses as a surcharge against, or other carve out from, their respective primary collateral.

10. To the extent that there may be any inconsistency between the terms of the Application, the Engagement Letter and this Order, the terms of this Order shall govern.

11. The Committee is authorized and empowered to take all actions necessary to effectuate the relief granted by this Order.

12. Notwithstanding the possible applicability of Bankruptcy Rules 6004, 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: August 24, 2015
Wilmington, Delaware

_____
THE HONORABLE BRENDAN L. SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE