# EXHIBIT A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| SRC LIQUIDATION COMPANY, *et al.*,[1] | Case No. 15-10541 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. \_\_\_** |

**ORDER ESTABLISHING PROCEDURES FOR DEBTORS**
**TO TRANSFER, ABANDON, OR SELL DE MINIMIS ASSETS**

Upon consideration of the *Debtors' Motion to Establish Procedures to Transfer, Abandon, or Sell De Minimis Assets* (the "Motion")[2] of the above captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order pursuant to sections 105(a), 363, and 554 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 6004 and 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 6004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") establishing procedures to transfer, abandon, or sell De Minimis Assets; and it appearing that due and sufficient notice of the Motion and the relief sought in connection therewith has been provided to all parties in interest; and it further appearing that no other or further notice hereof is required; and the Court having reviewed and considered the Motion and any objections thereto; and it appearing that the relief requested in the

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: SRC Liquidation Company (5440); SR Liquidation Holding Company (3186); SR Liquidation Technologies, Inc. (3180); SR Liquidation International, Inc. (1861); iMLiquidation, LLC (6337); SR Liquidation of Puerto Rico Inc. (0578); SR Liquidation Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and SR Liquidation Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Motion is in the best interest of the Debtors' estates, their creditors, and other parties in interest; and it further appearing that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is hereby GRANTED as set forth herein.

2. The Debtors are authorized to transfer, abandon, or sell the De Minimis Assets in accordance with the following procedures:

    a. Upon receiving notice that an asset is designated an Excluded Asset, the Debtors shall provide Silver Point with notice of an opportunity to take title to and possession of such De Minimis Asset (each notice, a "De Minimis Asset Notice"). The Debtors shall serve the De Minimis Asset Notice by electronic mail on the following parties: (i) the UST, (ii) counsel to the Committee, and (iii) counsel to Silver Point (collectively, the "Notice Parties").

    b. If Silver Point notifies the Debtors within two (2) business days that it elects to take title to and possession of such De Minimis Asset, then the Debtors shall file a notice identifying the De Minimis Asset transferred to Silver Point (each notice, a "Transfer Notice"). The Debtors shall serve a copy of the Transfer Notice by electronic mail on the Notice Parties. Immediately upon filing and serving the Transfer Notice on the Notice Parties, the identified De Minimis Asset shall be deemed transferred to Silver Point, and Silver Point shall be vested with title to and the right to possess such De Minimis Asset, and the Debtors shall have no further obligations associated with such De Minimis Asset.

    c. If Silver Point fails to notify the Debtors of its election to take title to and possession of any De Minimis Asset within two (2) business days of receiving a De Minimis Asset Notice, the Debtors shall be authorized, in their sole discretion, to abandon, sell, or otherwise dispose of such De Minimis Asset.

    d. If the Debtors elect to abandon a De Minimis Asset, they shall file a notice identifying the De Minimis Asset to be abandoned (each notice, an "Abandonment Notice"). The Debtors shall serve a copy of the

      Abandonment Notice by electronic mail on the Notice Parties, any party that is known to have asserted an interest in the De Minimis Asset, and those parties entitled to notice in these Chapter 11 Cases under Bankruptcy Rule 2002.  Immediately upon filing and serving the Abandonment Notice on the Notice Parties, the identified De Minimis Asset shall be deemed abandoned.

e.     If the Debtors elect to sell a De Minimis Asset (a "Proposed Sale"), they shall file a notice identifying the De Minimis Asset proposed to be sold (each notice, a "Sale Notice").  The Debtors shall serve a copy of the Sale Notice by electronic mail on the Notice Parties, any party that has asserted an interest in the De Minimis Asset, and those parties entitled to notice in these Chapter 11 Cases under Bankruptcy Rule 2002.  The Sale Notice, to the extent that the Debtors have such information, shall also include (i) the location of the De Minimis Asset; (ii) the economic terms of the Proposed Sale; and (iii) the identity of any non-debtor party to the Proposed Sale, along with a specification of whether that party is an "affiliate" or "insider" of the Debtors as those terms are defined under section 101 of the Bankruptcy Code.

f.     Parties receiving the Sale Notice shall have five (5) business days after the Sale Notice is filed and served to object to a Proposed Sale by filing such objection with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 6th Floor, Wilmington, Delaware 19801 and serving such objection by overnight or hand delivery and electronic mail on the Notice Parties and counsel to the Debtors (the "Sale Objection Deadline").  In the absence of an objection on or before the Sale Objection Deadline, or upon the consent of the Notice Parties, the Debtors may consummate the Proposed Sale without further notice or hearing and such Proposed Sale shall be deemed fully authorized by the Court.

g.     If an objection to a Proposed Sale is timely filed and served by the Sale Objection Deadline, the Debtors shall not proceed with the Proposed Sale unless (i) the objection is withdrawn or otherwise resolved or (ii) the Court overrules such objection at the next regularly scheduled omnibus hearing that is at least five (5) business days after service of the objection upon counsel to the Debtors, or at the next omnibus hearing that is agreed to by the objecting party and the Debtors.

       h.       Any party that acquires a De Minimis Asset sold or abandoned by the Debtors pursuant to these procedures shall acquire such De Minimis Asset on an "as is, where is" basis without any representations or warranties from the Debtors as to the quality or fitness of such De Minimis Asset for either its intended use or any other purposes, and such parties shall take title to such De Minimis Asset free and clear of liens, claims, encumbrances and other interests pursuant to section 363(f) of the Bankruptcy Code, with all such liens, claims, encumbrances and other interests to attach to the proceeds of the sale or abandonment of the De Minimis Asset, if any, and the Debtors shall remit any such proceeds to Silver Point in accordance with the terms of the Settlement Agreement.

3.       Notwithstanding Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

4.       The Debtors are authorized to take any and all actions necessary or appropriate to effectuate the terms of this Order.

5.       The Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

Dated: _____, 2015
       Wilmington, Delaware

                                                              _____
                                                             Brendan L. Shannon
                                                             Chief United States Bankruptcy Judge