**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| SRC LIQUIDATION COMPANY, *et al.*,[1] | Case No. 15-10541 (BLS) |
| Debtors. | Jointly Administered |
| | **Hearing Date:  September 21, 2015 at 10:00 a.m. (ET)**<br>**Objection Deadline:  September 14, 2015 at 4:00 p.m. (ET)** |

**DEBTORS' MOTION FOR AN ORDER (I) SCHEDULING
COMBINED HEARING ON APPROVAL OF DISCLOSURE
STATEMENT AND CONFIRMATION OF PLAN, (II) ESTABLISHING
PROCEDURES FOR SOLICITATION AND TABULATION OF
VOTES ON PLAN AND (III) APPROVING RELATED MATTERS**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby move (this "Motion"), pursuant to sections 105, 1123(a), 1124, 1125, 1126 and 1128 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 3016, 3017 and 3018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2002-1 and 3017-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), for entry of an order: (a) scheduling a combined hearing (the "Combined Hearing") on confirmation of the Debtors' proposed *SRC Liquidation Company et al. Chapter 11 Plan of Liquidation* (as it may be amended or modified, the "Plan") and the adequacy of the Debtors' proposed disclosure statement related thereto (as it may be amended or modified, the "Disclosure Statement"), both of which the Debtors intend to file prior to the hearing on this Motion; (b) approving the form and manner of

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  SRC Liquidation Company (5440); SR Liquidation Holding Company (3186); SR Liquidation Technologies, Inc. (3180); SR Liquidation International, Inc. (1861); iMLiquidation, LLC (6337); SR Liquidation of Puerto Rico Inc. (0578); SR Liquidation Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and SR Liquidation Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

notice of the Combined Hearing (the "Combined Hearing Notice"); (c) establishing procedures for the solicitation and tabulation of votes to accept or reject the Plan, including, among other things, approval of (i) the forms of ballots for submitting votes on the Plan, (ii) the deadline for submission of such ballots, (iii) the proposed solicitation packages to be distributed to creditors for solicitation of votes on the Plan (collectively, the "Solicitation Packages"), and (iv) certain related relief (collectively, the "Solicitation Procedures"); and (d) approving certain additional procedures associated with the Plan confirmation process, among other things. In support of this Motion, the Debtors respectfully represent as follows:

## INTRODUCTION

1.    The Debtors seek to proceed as expeditiously and efficiently as possible to confirm a chapter 11 plan of liquidation, and in furtherance thereof, propose the process outlined herein which will culminate in the Combined Hearing to consider, in tandem, the adequacy of the Disclosure Statement and confirmation of the Plan. Accordingly, by this Motion, the Debtors seek approval of various procedural requests central to the foregoing process.

2.    The Debtors submit that the proposed procedures are necessary and reasonable under the circumstances and comply with the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules and, therefore, should be approved.

3.    For the convenience of the Court and parties in interest, below is a summary of the key dates and deadlines contemplated hereby. The Debtors submit that the proposed timeline is reasonable and appropriate under the circumstances of these chapter 11 cases for the reasons outlined below.

| Date | Event |
|---|---|
| September 14, 2015 | Deadline for objecting to the relief requested herein |
| September 21, 2015 | Hearing to consider approval of this Motion and Record Date (as defined below) |
| September 28, 2015 | Date by which service of Combined Hearing Notice and Solicitation Packages will be completed |
| November 2, 2015 | Voting deadline; deadline for filing objections to approval of the Disclosure Statement and/or to confirmation of the Plan; and deadline for motions pursuant to Bankruptcy Rule 3018 requesting temporary allowance of claims for purposes of voting |
| November 6, 2015 | Deadline for filing the declaration of Prime Clerk LLC certifying the amount and number of allowed claims of each class accepting or rejecting the Plan (the "Tabulation Declaration") |
| November 11, 2015 | Deadline for filing the Debtors' brief in support of the Plan and adequacy of the Disclosure Statement; deadline for filing the Debtors' consolidated reply to any objections to the Plan or adequacy of the Disclosure Statement; and deadline to file response to any Rule 3018 Motions |
| November 16, 2015 | Requested Combined Hearing date, subject to the Court's calendar |

**JURISDICTION AND VENUE**

4.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution. Pursuant to Local Rule 9013-1(f), the Debtors consent to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 105, 1123(a), 1124, 1125,

01:17626701.1

3

1126 and 1128 of the Bankruptcy Code, Bankruptcy Rules 2002, 3016, 3017 and 3018, and Local Bankruptcy Rules 2002-1 and 3017-1.

## BACKGROUND

**A.    General Background**

6.    On March 12, 2015, each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court").  Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are continuing to manage their financial affairs as debtors in possession.  No request for a trustee or examiner has been made in these chapter 11 cases (collectively, the "Chapter 11 Cases").

7.    On March 24, 2015, the Office of the United States Trustee for the District of Delaware (the "UST") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee").

8.    Information regarding the Debtors' history and business operations, capital structure and primary secured indebtedness, and the events leading up to the commencement of these Chapter 11 Cases, can be found in *Declaration of Kevin Carmody in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* [Docket No. 2].

**B.    The Taylor Sale and Wind-Down Efforts**

9.    The Debtors sold substantially all of their assets and business operations to the Taylor Corporation on July 31, 2015, following entry of an order approving such sale on June 19, 2015.  *See* Docket No. 698 (the "Sale Order").  At this time, the Debtors are continuing to liquidate their remaining assets, and based on the current status of their efforts, the Debtors expect to largely complete the sale or liquidation of their non-litigation assets by the time of the Combined Hearing.

10. The Debtors, in consultation with the Committee, believe that confirming a liquidating plan is in the best interest of all creditors and interested parties. To that end, the Debtors are currently formulating the terms of a proposed plan of liquidation and intend to file it and the Disclosure Statement prior to the hearing on this Motion. The Debtors are working on the Plan in consultation with the Committee and with the agent for the Debtors' secured lenders.

## RELIEF REQUESTED

11. Pursuant to sections 105, 1123(a), 1124, 1125, 1126 and 1128 of the Bankruptcy Code, Bankruptcy Rules 2002, 3016, 3017 and 3018, and Local Bankruptcy Rules 2002-1 and 3017-1, the Debtors seek the entry of an order approving, as further detailed below, (a) the Solicitation Procedures, and (b) certain additional procedures associated with confirmation of the Plan, including the approval and scheduling of the Combined Hearing.

**A.    The Classes Under the Plan**

12. Under the Plan, the holders of claims against and interests in the Debtors (other than certain administrative and priority claims, which are unclassified pursuant to section 1123(a)(1) of the Bankruptcy Code) are divided into six classes (collectively, the "Classes"). The Classes and their respective impairment status and voting rights are as follows:

| Class | Type | Status | Voting Rights |
|---|---|---|---|
| I | Other Secured Claims | Unimpaired and Deemed to Accept | Not Entitled to Vote |
| II | Priority Claims | Unimpaired and Deemed to Accept | Not Entitled to Vote |
| III | Second Lien Secured Claim | Impaired | Entitled to Vote |
| IV | General Unsecured Claims | Impaired | Entitled to Vote |

| Class | Type | Status | Voting Rights |
|---|---|---|---|
| V | Subordinated Claims | Impaired and Deemed to Reject | Not Entitled to Vote |
| VI | Equity Interests | Impaired and Deemed to Reject | Not Entitled to Vote |

13.     Two of the six Classes are entitled to vote to accept or reject the Plan, while the remaining four Classes are deemed either to accept or to reject the Plan without voting.

**B.     Request for the Combined Hearing and Hearing-Related Deadlines**

*i.     The Combined Hearing*

14.     Section 1128 of the Bankruptcy Code provides that "[a]fter notice, the court shall hold a hearing on confirmation of a plan" and that "[a] party in interest may object to confirmation of a plan."    11 U.S.C. § 1128; *see also* Fed. R. Bankr. P. 3017(c).[2]

15.     Section 105 of the Bankruptcy Code expressly authorizes a court to "issue an order . . . that . . . provides that the hearing on approval of the disclosure statement may be combined with the hearing on confirmation of the plan" where the court deems a combined hearing to be "appropriate to ensure that the case is handled expeditiously and economically." *See* 11 U.S.C. § 105(d)(2)(B)(vi); *see also In re Gulf Coast Oil Corp.*, 404 B.R. 407, 425 (Bankr. S.D. Tex. 2009) ("Section 1125(f) authorizes combined plans and disclosure statements in small business cases and § 105(d) authorizes the court to combine them in other cases."); *In re Luminent Mortg. Capital Inc.*, Case No. 08-21389 (Bankr. D. Md. May 15, 2009).  Pursuant to this authority, courts in this district have combined hearings on approval of disclosure statements

---

[2] Bankruptcy Rule 3017(c) provides that "[o]n or before approval of the disclosure statement, the court . . . may fix a date for the hearing on confirmation."  Fed. R. Bankr. P. 3017(c).

01:17626701.1

and confirmation of plans in chapter 11 cases that were neither small business cases nor prepackaged cases.  *See, e.g.*, *In re RS Legacy Corporation f/k/a RadioShack Corporation*, Case No. 15-10197 (BLS) (Bankr. D. Del. June 26, 2015); *In re AFA Inv. Inc.*, Case No. 12-11127 (MFW) (Bankr. D. Del. Jan. 16, 2014); *In re Contract Research Solutions, Inc.*, Case No. 12-11004 (KJC) (Bankr. D. Del. July 10, 2012); *In re Rubicon US REIT, Inc.*, Case No. 10-10160 (BLS) (Bankr. D. Del. June 21, 2010).

16. Consistent with the foregoing authority, the Debtors respectfully request that the Court conduct the Combined Hearing to consider approval of the Disclosure Statement and confirmation of the Plan and enter an order scheduling the Combined Hearing for November 16, 2015.  A combined hearing will streamline and expedite the confirmation process, thus benefiting the Debtors' creditors by expediting the timing for all distributions under the Plan.  Further, the Combined Hearing will spare the Debtors from additional administrative expenses associated with a two-stage process.  Preserving the Debtors' resources will benefit the estates by maximizing recoveries to creditors.

    ii.    *The Combined Hearing Notice*

17. The Debtors' proposed form of the Combined Hearing Notice is attached hereto as <u>Exhibit A</u> and incorporated herein by reference.  Among other things, the Combined Hearing Notice sets forth (a) the time and place of the Combined Hearing, (b) the procedures associated with Objections (as defined below), including the Objection Deadline (as defined below), (c) which Classes under the Plan are entitled to vote, (d) the procedures for casting Ballots (as defined below) for voting creditors, and (e) options for obtaining and reviewing electronic or paper copies of the Plan and the Disclosure Statement, for interested parties who do not receive full Solicitation Packages (as defined below).

01:17626701.1

7

18.     The Debtors propose to post the Combined Hearing Notice on the website maintained by their claims and noticing agent, Prime Clerk LLC ("Prime Clerk"), at https://cases.primeclerk.com/standardregister, and to serve the Combined Hearing Notice on their creditors, with such service to be completed by September 28, 2015.  The Debtors request that the Court not require the Debtors to provide the Combined Hearing Notice to equity holders pursuant to Bankruptcy Rule 2002(d).  *See* Fed. R. Bankr. P. 2002(d) (requiring service "upon all equity security holders" of certain documents, including the time fixed for filing objections to and the hearings on the adequacy of the disclosure statement and confirmation of the plan, "<u>unless otherwise ordered by the court</u>") (emphasis added).  It is beyond dispute that equity holders will receive no recovery in these cases.  Under these circumstances, the Debtors submit that incurring the substantial costs associated with serving the Combined Hearing Notice on their equity holders in these cases is not warranted.

19.     The Debtors further submit that service of the Combined Hearing Notice as proposed herein substantially complies with the time periods provided by Bankruptcy Rule 2002[3] and Local Bankruptcy Rule 3017-1.[4]  The Debtors contemplate completing service of the Combined Hearing Notice and Solicitation Packages 49 days prior to the proposed date of the Combined Hearing and 35 days prior to the Objection Deadline (as defined below).  Accordingly, the Debtors believe that service will comply with the time periods contemplated in the Bankruptcy Rules and the Local Bankruptcy Rules, respectively.

---

[3]  Bankruptcy Rule 2002(b) requires at least 28 days' notice by mail to all creditors and indenture trustees of the time set for (a) filing objections to confirmation of a chapter 11 plan and (b) the hearing to consider confirmation of a chapter 11 plan.

[4]  Specifically, Local Bankruptcy Rule 3017-1 provides that a hearing on approval of a disclosure statement shall be at least 35 days following service of the disclosure statement.

01:17626701.1

8

20. In addition, the Debtors propose to publish, pursuant to Bankruptcy Rule 2002(l), the Combined Hearing Notice, in substantially the form attached hereto as Exhibit B, not later than seven business days following entry of the order approving this Motion in the national edition of either *The New York Times*, *The Wall Street Journal* or *USA Today*. The Debtors respectfully submit that the proposed forms of the Combined Hearing Notice attached hereto comport with the requirements of the Bankruptcy Rules and Local Bankruptcy Rules.

    *iii.*    *Objection and Reply Deadlines*

21. The Debtors propose that objections, if any, to approval of the Disclosure Statement and/or to confirmation of the Plan (collectively, "Objections") must: (a) be in writing; (b) state the name and address of the objecting party and the nature of the claim of such party; (c) state with particularity the basis and nature of such Objection (and, if practicable, a proposed modification to the Plan that would resolve such Objection); (d) conform to the Bankruptcy Rules and the Local Bankruptcy Rules, and any orders of the Court; and (e) in accordance with Bankruptcy Rule 3020(b)(1),[5] be filed with the Court and served on the Debtors, the Committee, the UST and counsel to Silver Point Finance, LLC (the "Agent"), in its capacity as administrative and collateral agent for certain secured lenders, so that such Objections are received on or before November 2, 2015 (the "Objection Deadline").

22. The proposed Objection Deadline would be 35 days following the date on which Prime Clerk completes service of the Combined Hearing Notice and the Solicitation Packages. This notice period complies with the Bankruptcy Rules and the Local Bankruptcy Rules. Specifically, as noted above, Bankruptcy Rule 2002(b) requires at least 28 days' notice by mail of

---

[5] Specifically, Bankruptcy Rule 3020(b)(1) provides that "[a]n objection to confirmation of the plan shall be filed and served on the debtor, the trustee, the proponent of the plan, any committee appointed under the [Bankruptcy] Code, and any other entity designated by the court, within a time fixed by the court." Fed. R. Bankr. P. 3020(b)(1).

01:17626701.1

the time set for filing objections to confirmation of a chapter 11 plan.[6] Local Bankruptcy Rule 3017-1 requires the same 28 days' notice of the objection deadline with respect to a disclosure statement.

23.     If there are multiple Objections filed with respect to the Plan and/or the Disclosure Statement, the Debtors submit that the issues raised in any such Objections, and the Debtors' responses or any proposed resolutions to those issues, can be more efficiently and effectively considered by the Court and parties in interest if the Debtors are permitted to file a single, consolidated reply to the Objections. The Debtors respectfully request that parties in interest be permitted to file replies, if any, and briefs in support of the Plan and adequacy of the Disclosure Statement by not later November 11, 2015, assuming that the Court schedules the Combined Hearing for November 16, 2015.

### C.     The Solicitation Procedures

#### i.     *The Record Date*

24.     Establishing a record date (the "Record Date") will benefit the Debtors by providing certainty—and therefore eliminating any potential disputes—in determining which creditors are entitled to receive the Combined Hearing Notice and/or Solicitation Packages. For instance, the Record Date will eliminate any question with respect to any claims filed or transferred[7] on the eve of, or during, the solicitation period. Accordingly, the Debtors

---

[6] Bankruptcy Rule 2002(b) provides that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees not less than 28 days' notice by mail of the time fixed . . . for filing objections and the hearing to consider confirmation of a . . . chapter 11 . . . plan." Fed. R. Bankr. P. 2002(b).

[7] With respect to any claim transfers before the Record Date, for each transferred claim entitled to vote on the Plan, the Debtors propose that the transferee will be entitled to receive a Solicitation Package and cast a Ballot on account of such transferred claim only if: (a) all actions necessary to effect the transfer of the claim pursuant to Bankruptcy Rule 3001(e) have been completed prior to the Record Date; or (b) the transferee files by the Record Date (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (ii) a sworn statement of the transferor supporting the validity of the transfer.

01:17626701.1

respectfully request that the Court establish a Record Date of September 21, 2015, which will, among other things, permit solicitation of the Plan to begin promptly after approval of this Motion.

### ii. The Solicitation Packages

25. A list of the proposed contents of the Solicitation Packages, as well as the Debtors' proposed procedures for serving the Solicitation Packages, are further set forth on Exhibit C attached hereto and incorporated herein by reference. The Debtors propose to complete service of the Solicitation Packages by September 28, 2015, on the UST and all holders of claims entitled to vote on the Plan. In addition, copies of the Combined Hearing Notice will be served on all creditors by September 28, 2015.

### iii. Form of Ballots

26. Bankruptcy Rules 3018(c) and 3017(d) require the Debtors to mail a form of ballot that substantially conforms to Official Form No. 14 only to "creditors and equity security holders entitled to vote on the plan." Fed. R. Bankr. P. 3017(d). The Debtors propose to distribute to creditors entitled to vote on the Plan one or more ballots substantially in the forms attached hereto collectively as Exhibit D and incorporated herein by reference (collectively, the "Ballots"). The Ballots are based on Official Form No. 14, but have been modified to address the particular circumstances of these cases and the voting Classes.

27. In particular, the Ballots contain the "Third Party Opt Out Election" for creditors entitled to vote on the Plan that is contemplated by the Debtors' proposed Plan. Pursuant to the Debtors' settlement with the Committee and the Agent that was approved by the Sale Order (the "Settlement Agreement"),[8] the Debtors and the Committee agreed to "support a Plan containing . .

---

[8] A copy of the Settlement Agreement was filed at Docket Number 696.

01:17626701.1

. 'opt-out' third party releases in favor of the Released Parties . . . ." The Settlement Agreement further clarified that the Plan "shall . . . provide that: (a) Parties voting in favor of the Plan shall be deemed to have granted the Third-Party Release and shall have no option to opt-out of such Third-Party Release; [and] (b) Parties who vote to reject the Plan, or abstain from voting on the Plan, and who do not affirmatively opt-out of the Third-Party Release, shall be deemed to have granted the Third Party Release."

28.     The Third Party Release provision of the Debtors' proposed Plan reads as follows:

**On the Effective Date, (a) each Holder of a Claim who is presumed to have accepted the Plan under section 1126(f) of the Bankruptcy Code (*i.e.*, Holders of Claims in Classes I and II), and (b) each Holder of a Class III and/or Class IV Claim who is entitled to vote on the Plan and does not by the Voting Deadline both (i) vote to reject the Plan or abstain from voting on the Plan and (ii) make the Third Party Opt Out Election on its properly completed and returned Ballot, shall be deemed on behalf of itself and its estate, affiliates, heirs, executors, administrators, successors, assigns, managers, business managers, accountants, attorneys, representatives, consultants, agents, and any and all other Persons or parties claiming under or through them, to release, discharge, and acquit the Silver Point Entities; DLJ Investment Partners, L.P.; DLJ Investment Partners II, L.P., DLJIP II Holdings, L.P.; Credit Suisse AG, Cayman Islands Brand; Credit Suisse Loan Funding LLC; Sargas CLO II Ltd.; WG Horizons CLO I; any other lender under either or both of the First Lien Term Loan Facility or the Second Lien Term Loan Facility; any Person who has served as a director of Workflow Holdings, LLC, WorkflowOne, LLC, or their subsidiaries (collectively, "WorkflowOne"); Anthony DiNello, Frederic Brace, and Robert Peiser; and each of their respective current and former heirs, executors, administrators, predecessors, successors, assigns, subsidiaries, parents, affiliates, divisions, partners, members, interest holders (direct and indirect), officers, directors, employees (including, for the avoidance of doubt, any current or former employee of the Silver Point Entities in his or her capacity as a board member of the Debtors or WorkflowOne), agents, shareholders, managers, accountants, attorneys, representatives, consultants, other professionals, insurers, and any and all other Persons, corporations, or other Entities acting under the direction, control, or on behalf of any of the foregoing, in each case solely in their capacity as such (each of the foregoing, a "Released Party") from any and all claims, counterclaims, disputes, liabilities, suits, demands, defenses, liens, actions, administrative proceedings, and causes of action of every kind and nature, or for any type or form of relief, and from all damages, injuries, losses, contributions,**

**indemnities, compensation, obligations, costs, attorneys' fees, and expenses, of whatever kind and character, whether past or present, known or unknown, suspected or unsuspected, fixed or contingent, asserted or unasserted, accrued or unaccrued, liquidated or unliquidated, whether in law or equity, whether sounding in tort or contract, whether arising under federal or state statutory or common law, or any other applicable international, foreign, or domestic law, rule, statute, regulation, treaty, right, duty, or requirement, and claims of every kind, nature, and character whatsoever, including avoidance claims, causes of actions, and rights of recovery arising under chapter 5 of the Bankruptcy Code and any and all claims based on avoidance powers under any applicable non-bankruptcy law that any such releasing party ever had or claimed to have, or has or claims to have presently or at any future date, against any Released Party arising from or related in any way whatsoever to the Debtors or WorkflowOne. For the avoidance of doubt, the failure to make the Third Party Opt Out Election shall not prevent any Holder of a Claim from receiving a Distribution under the Plan.**

29. The Ballots for Classes III and IV implement these provisions of the Settlement Agreement and the Debtors' proposed Plan. The Debtors respectfully submit that the Ballots comply with the Bankruptcy Rules and should be approved.

  iv.  *Non-Voting Classes*

30. As noted above:

(a) Classes I (Other Secured Claims) and II (Priority Claims) are unimpaired under the Plan and, therefore, are conclusively presumed to accept the Plan in accordance with section 1126(f) of the Bankruptcy Code.[9]

(b) Classes V (Subordinated Claims) and VI (Equity Interests) are impaired and will be not be receiving any distribution under the Plan. Therefore, Class V and Class VI are deemed to reject the Plan without voting pursuant to section 1126(g) of the Bankruptcy Code.[10]

---

[9] Section 1126(f) of the Bankruptcy Code provides that "a class that is not impaired under a plan, and each holder of a claim or interest of such class, is conclusively presumed to have accepted the plan, and solicitation of acceptances with respect to such class from the holders of claims or interests of such class is not required." 11 U.S.C. § 1126(f).

[10] Section 1126(g) of the Bankruptcy Code provides that "a class is deemed not to have accepted a plan if such plan provides that the claims or interests of such class do not entitle the holders of such claims or interests to receive or retain any property under the plan on account of such claims or interests." 11 U.S.C. § 1126(g).

31.     Thus, solicitation of Classes I, II, V, and VI (collectively, the "Non-Voting Classes") under the Plan is not required.  Accordingly, no Ballots have been proposed for creditors and equity interest holders in the Non-Voting Classes.

32.     As noted above, the Debtors will serve the Combined Hearing Notice on all creditors in the Non-Voting Classes and all parties that have filed notices of appearance in these Chapter 11 Cases.  The Combined Hearing Notice shall, among other things:  (a) specify which Classes are and are not entitled to vote to accept or reject the Plan; (b) set forth the means by which copies of the Plan and the Disclosure Statement may be obtained or reviewed; and (c) provide notice of the Combined Hearing and the Objection Deadline.  Accordingly, the Debtors respectfully submit that mailing the Combined Hearing Notice in lieu of Solicitation Packages to creditors in the Non-Voting Classes is appropriate under the circumstances.

    v.     *Voting Deadline for Receipt of Ballots*

33.     Bankruptcy Rule 3017(c) provides that, "[o]n or before approval of [a] disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject [a] plan . . . ."  Fed. R. Bankr. P. 3017(c).  As noted above, the Debtors anticipate commencing the Plan solicitation period by mailing Solicitation Packages, including the Ballots and other approved solicitation materials, by September 28, 2015.  Based on this timing, the Debtors propose that, to be counted as votes to accept or reject the Plan, all Ballots must be properly executed, completed and delivered to Prime Clerk either by (a) regular mail (facilitated by a return envelope that the Debtors will provide with each Ballot); (b) overnight courier; or (c) personal delivery so that, in each case, all Ballots are <u>received</u> by Prime Clerk no later than 5:00 p.m., Eastern Time, on November 2, 2015 (the "Voting Deadline").  No Ballots may be submitted by facsimile or electronic mail, and any such Ballots submitted by facsimile or electronic mail will be neither accepted nor counted.

01:17626701.1

34. The Debtors submit that the proposed solicitation period provides sufficient time for creditors to reach informed decisions to accept or reject the Plan and to timely submit their Ballots. Additionally, approval of the Voting Deadline pursuant to this Motion satisfies the requirements of Bankruptcy Rule 3017(c), which expressly provides for establishing a voting deadline "before approval of the disclosure statement." Fed R. Bankr. P. 3017(c).

*vi.    Procedures for Vote Tabulation*

35. Section 1126(c) of the Bankruptcy Code provides:

> A class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under subsection (e) of this section, that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors, other than any entity designated under subsection (e) of this section, that have accepted or rejected such plan.

11 U.S.C. § 1126(c). Further, Bankruptcy Rule 3018(a) provides that "the court after notice and hearing may temporarily allow the claim . . . in an amount which the court deems proper for the purpose of accepting or rejecting a plan." Fed. R. Bankr. P. 3018(a).

36. <u>Solely for purposes of voting</u> on the Plan—and not for the purpose of the allowance of, or distribution on account of, any claim and without prejudice to the rights of the Debtors in any other context—the Debtors propose that each of the claims in Class IV be temporarily allowed in accordance with the proposed tabulation and claim allowance rules set forth on <u>Exhibit E</u> hereto and incorporated herein by reference (collectively, the "<u>Tabulation Rules</u>"). The Tabulation Rules seek to create clarity and efficiency in how votes to accept or reject the Plan will be counted. Among other things, the Tabulation Rules provide that the lenders under the Second Lien Term Loan Facility shall be deemed, for voting purposes only, to hold allowed Class IV unsecured deficiency claims in the amounts provided by the Agent.

37. With respect to Class III (Second Lien Secured Claims), the Debtors request that this Court direct the administrative agent to provide to the Debtors or Prime Clerk an electronic

01:17626701.1

file listing each participant lender as of the Record Date and the contact information and claim amount for voting purposes for each lender by no later than one (1) business day after the Record Date.

38. The Debtors believe that the Tabulation Rules will establish a fair and equitable voting process. Nevertheless, if any claimant seeks to challenge the allowance of its claim for voting purposes in accordance with the Tabulation Rules, the Debtors propose that such claimant be required to file a motion, pursuant to Bankruptcy Rule 3018(a), for an order temporarily allowing such claim in a different amount for purposes of voting to accept or reject the Plan (a "Rule 3018 Motion") and serve such motion on the Debtors so that it is received on or before the Voting Deadline, with any response by the Debtors or other interested party due on November 11, 2015. Such motion will, to the extent necessary, be heard at the Combined Hearing. In accordance with Bankruptcy Rule 3018, the Debtors further propose that any Ballot submitted by a creditor that files a Rule 3018 Motion will be counted solely in accordance with the Debtors' proposed Tabulation Rules and the other applicable procedures contained herein unless and until the underlying claim is temporarily allowed by the Court for voting purposes in a different amount, after notice and a hearing.

39. The Debtors believe that the proposed Tabulation Rules will establish a fair and equitable voting process.[11] Procedures similar to the above-described Solicitation Procedures have been approved in a number of other large chapter 11 cases in this district and elsewhere. *See, e.g.*, *In re RS Legacy Corporation f/k/a RadioShack Corporation*, Case No. 15-10197 (BLS) (Bankr. D. Del. June 26, 2015); *In re AFA Inv. Inc.*, Case No. 12-11127 (MFW) (Bankr. D. Del.

---

[11] Nothing herein or in the Tabulation Rules is intended to waive or limit the Debtors' rights, pursuant to section 1126(e) of the Bankruptcy Code, to request that the Court designate any Ballot or Ballots as not being cast in good faith.

01:17626701.1

Jan. 16, 2014); *In re OSH 1 Liquidating Corp. (f/k/a Orchard Supply Hardware Stores Corp.)*, Case No. 13-11565 (CSS) (Bankr. D. Del. Nov. 13, 2013); *In re Synagro Technologies, Inc.*, Case No. 13-11041 (BLS) (Bankr. D. Del. July 18, 2013); *In re Trident Microsystems, Inc.*, Case No. 12-10069 (CSS) (Bankr. D. Del. Oct. 22, 2012); *In re Contract Research Solutions, Inc.*, Case No. 12-11004 (KJC) (Bankr. D. Del. July 10, 2012); *In re Evergreen Solar, Inc.*, Case No. 11-12590 (MFW) (Bankr. D. Del. June 4, 2012); *In re Motors Liquidation Co.*, No. 09-50026 (REG) (Bankr. S.D.N.Y. Dec. 8, 2010); *In re Old Carco LLC*, No. 09-50002 (AJG) (Bankr. S.D.N.Y. Jan. 21, 2010); *In re Oldco M Corp.*, No. 09-13412 (MG) (Bankr. S.D.N.Y. Jan. 11, 2010).

## **NOTICE**

40.     Notice of this Motion shall be provided to:  (a) the UST; (b) counsel to the Committee; (c) counsel to the Agent; and (d) all entities that have requested notice pursuant to Bankruptcy Rule 2002.  The Debtors respectfully submit that no further notice of this motion is required.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as <u>Exhibit F</u>:  (a) scheduling the Combined Hearing; (b) approving the Solicitation Procedures, including (i) the form of Ballots, (ii) the Voting Deadline, (iii) the form, content and manner of service of the Solicitation Packages and the Combined Hearing Notice, (iv) the Record Date and (v) the Tabulation Rules; and (c) granting such other and further relief to the Debtors as the Court may deem proper.

Dated:   August 31, 2015
         Wilmington, Delaware

*/s/ Andrew L. Magaziner*
Michael R. Nestor (No. 3526)
Kara Hammond Coyle (No. 4410)
Maris J. Kandestin (No. 5294)
Andrew L. Magaziner (No. 5426)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253
mnestor@ycst.com
kcoyle@ycst.com
mkandestin@ycst.com
amagaziner@ycst.com

-and-

Michael A. Rosenthal (NY No. 4697561)
Jeremy L. Graves (CO No. 45522)
Matthew G. Bouslog (CA No. 280978)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
mrosenthal@gibsondunn.com
jgraves@gibsondunn.com
mbouslog@gibsondunn.com

*Counsel to the Debtors and Debtors in Possession*