# EXHIBIT F

**(Proposed Order Granting Motion)**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| SRC LIQUIDATION COMPANY, *et al.*,[1] | Case No. 15-10541 (BLS) |
| Debtors. | Jointly Administered |
| | Re: Docket No. __ |

**ORDER (I) SCHEDULING COMBINED HEARING
ON APPROVAL OF DISCLOSURE STATEMENT
AND CONFIRMATION OF PLAN, (III) ESTABLISHING
PROCEDURES FOR SOLICITATION AND TABULATION OF
VOTES ON PLAN AND (III) APPROVING RELATED MATTERS**

This matter coming before the Court on the *Debtors' Motion For an Order (I) Scheduling Combined Hearing on Approval of Disclosure Statement and Confirmation of Plan, (II) Establishing Procedures for Solicitation and Tabulation of Votes on Plan and (III) Approving Related Matters* (the "Motion"),[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"); and the Court having reviewed the Motion and having heard the statements of counsel regarding the relief requested in the Motion at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (c) notice of the Motion and the Hearing

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: SRC Liquidation Company (5440); SR Liquidation Holding Company (3186); SR Liquidation Technologies, Inc. (3180); SR Liquidation International, Inc. (1861); iMLiquidation, LLC (6337); SR Liquidation of Puerto Rico Inc. (0578); SR Liquidation Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and SR Liquidation Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion or the applicable exhibits to the Motion.

was adequate under the circumstances, (d) holding the Combined Hearing on approval of the Disclosure Statement and confirmation of the Plan is appropriate to minimize costs to the estates and promote an efficient and expeditious confirmation process, (e) the Solicitation Procedures, including the Tabulation Rules, provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code, and (f) the deadlines, time periods, forms and manner of notices proposed in the Motion are acceptable and adequate, and comply with the Bankruptcy Rules and the Local Bankruptcy Rules; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

    IT IS HEREBY ORDERED THAT:

    1.    The Motion is GRANTED.

*<u>Content and Mailing of Solicitation Packages</u>*

    2.    The form, content and manner of service of the Solicitation Packages, as set forth in <u>Exhibit C</u> to the Motion, are APPROVED in all respects. The Debtors may make conforming and non-substantive changes to the Solicitation Packages at any time in consultation with the Committee and the Agent.

    3.    The Debtors shall complete service of Solicitation Packages by regular U.S. mail solely on (a) holders of claims in the Classes entitled to vote on the Plan, (b) the U.S. Trustee and (c) the Federal Government within five business days of the date hereof.

    4.    Except as otherwise provided herein with respect to service of the Solicitation Packages, the Debtors shall serve the Combined Hearing Notice, by regular U.S. mail, on all creditors and other parties that have filed a notice of appearance in the Chapter 11 Cases. The Debtors shall not provide Solicitation Packages or other notices to Non-Voting Classes except upon express request to do so. The Debtors shall not be required to serve the Combined Hearing Notice or any Solicitation Packages or other notices on the Debtors' equity holders.

5.  The Plan and the Disclosure Statement shall be available at https://cases.primeclerk.com/standardregister, where they can be reviewed and/or downloaded without charge.  Moreover, the Debtors shall provide a copy of the Solicitation Package to any party upon request to the Debtors' voting agent in these cases, Prime Clerk LLC, at the following address, telephone number or email address:   SRC Liquidation Company Ballot Processing, c/o Prime Clerk LLC, 830 Third Avenue, 3rd Floor, New York, NY 10022; (855) 842-4124; srcballots@primeclerk.com.

6.  The Debtors are excused from any requirement to re-serve Solicitation Packages to those entities for which the Debtors have only undeliverable addresses.  Failure to attempt to resend Solicitation Packages to entities for which the Debtors have only undeliverable addresses shall not constitute inadequate notice of the Objection Deadline, the Combined Hearing, the Voting Deadline or any other matter.

*__Approval of Form of Ballots__*

7.  The Ballots, substantially in the forms attached to the Motion collectively as Exhibit D, including the instructions attached to each Ballot, are APPROVED in all respects.  The Debtors may make conforming and non-substantive changes to the Ballots at any time in consultation with the Committee and the Agent.

*__Record Date and Voting Deadline__*

8.  Pursuant to Bankruptcy Rules 3017(d) and 3018(a), September 21, 2015 shall be the Record Date.

9.  With respect to any transferred claim, the transferee will be entitled to receive a Solicitation Package and cast a Ballot on account of such transferred claim only if:  (a) all actions necessary to effect the transfer of the claim pursuant to Bankruptcy Rule 3001(e) have been completed prior to the Record Date; or (b) the transferee files by the Record Date (i) the

01:17626701.1

3

documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (ii) a sworn statement of the transferor supporting the validity of the transfer.

10. To be counted as votes to accept or reject the Plan, all Ballots must be properly executed, completed and delivered to Prime Clerk LLC as the Debtor's voting agent either by (a) regular mail (facilitated by a return envelope provided with each Ballot), (b) overnight courier or (c) personal delivery so that, in each case, all Ballots are <u>received</u> by Prime Clerk LLC **no later than 5:00 p.m., Eastern Time, on November 2, 2015** (the "<u>Voting Deadline</u>"). No Ballots may be submitted by facsimile or electronic mail, and any Ballots submitted by facsimile or electronic mail will be neither accepted nor counted.

### *Tabulation Rules*

11. The Tabulation Rules, as set forth on <u>Exhibit E</u> to the Motion, are APPROVED in all respects, and the Debtors are authorized to apply them.

12. The Debtors' rights pursuant to section 1126(e) of the Bankruptcy Code to request that the Court designate any Ballot or Ballots as not being cast in good faith are expressly preserved.

13. Any claimant seeking to challenge the allowance of its claim for voting purposes in accordance with the Tabulation Rules must file a motion, pursuant to Bankruptcy Rule 3018(a), for an order temporarily allowing such claim in a different amount for purposes of voting to accept or reject the Plan (a "<u>Rule 3018 Motion</u>") and serve such motion on the Debtors and the Committee so that it is received on or before the Voting Deadline, with any response by the Debtors due on November 11, 2015. Such motion shall, to the extent necessary, be heard at the Combined Hearing. In accordance with Bankruptcy Rule 3018, any Ballot submitted by a creditor that files a Rule 3018 Motion will be counted solely in accordance with the Debtors' proposed Tabulation Rules and the other applicable procedures contained herein unless and until

the underlying claim is temporarily allowed by the Court for voting purposes in a different amount, after notice and a hearing.

14. The Debtors shall file the Tabulation Declaration by 4:00 p.m. (ET) on November 6, 2015.

*Combined Hearing*

15. The Combined Hearing shall be held before this Court, in Courtroom No. 1, Sixth Floor, at the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Wilmington, Delaware 19801, on November 16, 2015 at 10:00 a.m. (ET). The Combined Hearing may be continued from time to time by the Court without further notice other than the announcement of the adjourned date at the Combined Hearing or any continued hearing.

16. The Combined Hearing Notice in substantially the form attached to the Motion as Exhibit A is APPROVED. The publication version of the Combined Hearing Notice in the form attached to the Motion as Exhibit B is APPROVED. The Debtors may make conforming and non-substantive changes to either version of the Combined Hearing Notice at any time in consultation with the Committee and the Agent. The Debtors shall publish the Combined Hearing Notice not later than seven business days following entry of this Order in the national edition of *The New York Times, The Wall Street Journal* or *USA Today*.

17. Objections, if any, to approval of the Disclosure Statement and/or confirmation of the Plan must: (a) be in writing; (b) state the name and address of the objecting party and the nature of the claim of such party; (c) state with particularity the basis and nature of such Objection (and, if practicable, a proposed modification to the Plan that would resolve such Objection); (d) conform to the Bankruptcy Rules and the Local Bankruptcy Rules; and (e) be filed with the Court and served on the following parties so that they are received **no later than 5:00 p.m. (prevailing Eastern Time) on November 2, 2015**:

      i.      counsel to the Debtors, Gibson, Dunn & Crutcher, LLP, 200 Park Avenue, New York, New York 10166-0193, Attn: Michael A. Rosenthal, and Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Rodney Square, Wilmington, Delaware 19801, Attn: Michael R. Nestor;

      ii.     the Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 N. King Street, Suite 2207, Lock Box 35, Wilmington, Delaware, 19801, Attn: Mark Kenney, Esq.;

      iii.    counsel to the Agent, Skadden, Arps, Slate, Meagher & Flom, LLP, Four 155 N. Wacker Drive, Chicago, Illinois 60606-1720, Attn: Ron E. Meisler and Christopher M. Dressel; and

      iv.    counsel to the Committee, Lowenstein Sandler LLP, 65 Livingston Avenue, Roseland, New Jersey 07068, Attn: Sharon L. Levine, and Polsinelli PC, 222 Delaware Avenue, Suite 1101, Wilmington, Delaware 19801, Attn: Christopher A. Ward.

18. Parties in interest shall be permitted to file a brief in support of confirmation of the Plan and the adequacy of the Disclosure Statement and reply to any Objections, either separately or by a single, consolidated reply, by not later than 4:00 p.m., Eastern Time, on November 11, 2015.

19. The Debtors are authorized to take (or refrain from taking) any action and as necessary or appropriate to implement the terms of, and the relief granted in, this Order without seeking further Order of the Court.

20. The Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation or enforcement of this Order.

Dated: Wilmington, Delaware
      _____, 2015

                                        Brendan L. Shannon
                                        Chief United States Bankruptcy Judge