TO THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

RE: CHAPTER 11    CASE No. 15-10541 (BLS)

**OBJECTION TO THE RELIEF GRANTED TO DEBTORS ON THE BASIS OF GOODS BEING DROP-SHIPPED**

RESPONDENT:   WHOLESALE PRINTING CO.
          3 Graf Road, Newburyport MA 01950
          978-974-9271

**BASIS OF CLAIM:** Within 20 days prior to the Debtor's filing date of March 12, 2015, work totaling $4,373.28 was performed for the Debtor and billed directly to the Debtor. Of this amount, $622.00 was shipped directly to the Debtor's warehouse, the balance was directly shipped to their clients under the Debtor's cover, but billed directly to the vendor. In addition, prior to the 20 days prior to the Debtor's filing date, work totaling $7528.94 was performed for the Debtor, of which $1560.73 was shipped directly to the Debtor and billed directly to the Debtor, with the balance shipped directly to their clients under the Debtor's cover, and billed directly to the Debtor.

It is our position that the laws being invoked to justify relief for the Debtor are not applicable in this instance, as the fact of goods having been drop-shipped to the Debtor's end clients is immaterial since all goods were contracted by the Debtor and billed directly to the Debtor, and shipped to the end clients under the Debtor's cover, giving all appearance to the end clients that the Debtor manufactured the goods. The end clients were and are not aware of our existence, and so we have no recourse to pursue payment from them. The mechanism set up by the Debtor constitutes constructive delivery to the Debtor.

Since the Debtor billed the end client and received payment from them, it is only right that we be paid in full for having performed the work and having incurred the material and labor expenses for which the Debtor is billing as their own and being paid for. To not reimburse us amounts to the Laws invoked permitting the Debtor to steal from us.

**THEREFORE IT IS OUR POSITION THAT NOT ONLY THE $2,182.73 THAT WAS SHIPPED DIRECTLY TO THE DEBTOR SHOULD BE REIMBURSED TO US, BUT SINCE ALL WORK WAS PERFORMED FOR THE BENEFIT OF THE DEBTOR, WE SHOULD BE REIMBURSED FOR $11,909.22, THE FULL AMOUNT UNPAID BY THE DEBTOR, BOTH PRIOR TO AND FOLLOWING THE 20 DAYS PRIOR TO THE DEBTOR'S FILING DATE OF MARCH 12, 2015.**

PLEASE SEE ATTACHED all documentation supporting our claim, including purchase orders, invoices and shipping verifications.