# EXHIBIT "A"

## SUBCONTRACTOR CONFIDENTIALITY, INDEMNIFICATION, INTELLECTUAL PROPERTY AND NON-COMPETITION AGREEMENT

This SUBCONTRACTOR CONFIDENTIALITY, INDEMNIFICATION, INTELLECTUAL PROPERTY AND NON-COMPETITION AGREEMENT ("Agreement") is made this _5th_ day of _MARCH_, 200_3_, by and between THE STANDARD REGISTER COMPANY, an Ohio corporation ("Standard Register") with its principal place of business located at 600 Albany Street, Dayton, Ohio 45408-1442, and _TLF GRAPHICS_ ("Subcontractor") with its principal place of business located at _172 METRO PARK · ROCHESTER, NY_ Standard Register and Subcontractor shall sometimes be referred to individually as a "Party", and collectively as the "Parties".

### RECITALS

A.      Standard Register desires to subcontract, from time to time, with Subcontractor for services (the "Subcontracted Services") and/or products or product components (the "Subcontracted Products") which Standard Register will then furnish to its customers (the "Customers").

B.      The Subcontracted Services and/or Subcontracted Products (hereinafter referred to collectively as the "Subcontracted Work") shall be purchased from time to time by Standard Register from the Subcontractor pursuant to and in accordance with the terms and conditions contained in purchase orders previously or hereafter issued by Standard Register to the Subcontractor or subcontract agreements previously or hereafter entered into between Standard Register and the Subcontractor.

C.      The Parties anticipate that a purchase order will be issued by Standard Register for each subcontracted project. Each Purchase Order shall hereinafter be referred to as a "Subcontract".

D.      Standard Register and Subcontractor desire to provide for the confidentiality of certain information which the Subcontractor has or will receive from Standard Register and the Customers in connection with the Subcontractor's performance of its obligations under the Subcontracts.

E.      Standard Register and Subcontractor also desire to provide for certain contractual indemnification by the Subcontractor to Standard Register in connection with the Subcontracted Work.

F.      Standard Register and Subcontractor also desire to provide that the Subcontractor will not compete, directly or indirectly, with Standard Register in providing the Subcontracted Work to the Customers.

NOW, THEREFORE, in consideration of the mutual promises and covenants contained in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Standard Register and Subcontractor hereby agree as follows:

1.      WARRANTIES

1.1     Subcontracted Work Warranty. Subcontractor warrants to Standard Register that all Subcontracted Work shall (i) conform to the specifications, drawings, samples or other descriptions specified by Standard Register or, if none are specified, to Subcontractor's standard specifications for the Subcontracted Work, and (ii) be fit and sufficient for the purpose intended, merchantable, of good material and workmanship and free from defect (the "Subcontracted Work Warranty"). Standard Register's inspection, test, acceptance or use of the Subcontracted Work shall not affect Subcontractor's obligations under the Subcontracted Work Warranty. Subcontractor shall replace or correct, at Standard Register's option and at Subcontractor's cost, any Subcontracted Work that does not conform to the Subcontracted Work Warranty. If Subcontractor fails to correct defects in or replace nonconforming Subcontracted Work within ten (10) days from the date Standard Register notifies Subcontractor of the defect or defects, Standard Register may, upon ten (10) days' prior written notice to Subcontractor, either (i) make such corrections or replace such Subcontracted Work and charge Subcontractor for all costs incurred by Standard Register, or (ii) revoke its acceptance of the Subcontracted Work, in which event Subcontractor shall be obligated to refund the purchase price and make all necessary arrangements, at Subcontractor's cost, for the return of the Subcontracted Products to Subcontractor.

1.2     Delivery Warranty. Time is of the essence. If delivery of the Subcontracted Products is not made in the quantities and on the delivery date or dates specified or the rendering of the Subcontracted Services is not completed by the date or dates specified, Standard Register shall have the right, in addition to its other rights and remedies, to take either one or all of the following actions: (i) cancel the delivery by written notice effective when

received by Subcontractor as to Subcontracted Products not yet shipped or Subcontracted Services not yet rendered and to purchase substitute Subcontracted Products or Services elsewhere and charge the Subcontractor with any loss incurred, or (iii) terminate this Agreement and any Subcontracts between Standard Register and the Subcontractor.

2.      CONFIDENTIALITY

2.1      Confidential Information.  In the performance of its obligations under the Subcontracts, Subcontractor may have access, from time to time, to information that is confidential to either Standard Register or its Customers (the "Confidential Information").  Confidential Information will include (i) all information clearly identified in writing at the time of disclosure as confidential and (ii) all information disclosed orally that either is identified as confidential or that a reasonable person at the time of disclosure would assume, under the circumstances, to be Confidential Information.

Confidential Information may include, without limitation, software programs, technical data, methodologies, know-how, processes, designs, new products, developmental work, marketing requirements, marketing plans, customer names, customer information and business information of Standard Register and its Customers, as well as the identity, qualifications and expertise of Standard Register's and its Customers' personnel.

2.2      Exclusions.  Confidential Information will not include information that (i) is or becomes a part of the public domain through no act or omission of the Subcontractor, (ii) was in the Subcontractor's lawful possession prior to the disclosure and had not been obtained by the Subcontractor either directly or indirectly from Standard Register or its Customers, (iii) is lawfully disclosed to the Subcontractor by a third party without restriction on disclosure, or (iv) is independently developed by the Subcontractor.  In addition, nothing contained in this Agreement will be construed to prohibit disclosure of Confidential Information to the extent that such disclosure is required by law or valid order of a court or other governmental authority; provided, however, the Subcontractor will first have given notice to Standard Register or its Customer, if applicable, and will have made a reasonable effort to restrict the scope of disclosure to the greatest extent reasonably possible and to obtain a protective order requiring that the Confidential Information so disclosed be used only for the purposes for which the order was issued.

2.3      Confidentiality Covenant.  The Subcontractor shall hold, by using the same degree of care that it takes for its own information of a similar nature, the Confidential Information in confidence during the term of this Agreement and for a period of three (3) years after the date this Agreement is terminated; provided, however, that with respect to any Confidential Information which is reasonably deemed to be a trade secret under applicable law, the restrictions in this Agreement will continue for so long as, and to the extent that, such Confidential Information remains a trade secret, if such a period is longer than the period set forth in this Agreement (the "Confidentiality Covenant").  In no event shall Subcontractor disclose the Confidential Information in any form to any of its officers, employees or agents or use the Confidential Information for any purpose other than in the performance of its obligations under the Subcontracts.

2.4      Return or Destruction of Confidential Information.  Within three (3) business days from receipt of a written request from either Standard Register or its Customer, the Subcontractor shall either (i) return all copies of any Confidential Information in its possession to Standard Register or its Customers or (ii) if so directed by Standard Register or its Customer, destroy all Confidential Information in its possession and provide Standard Register and its Customer with written certification signed by a duly authorized officer of Subcontractor that the Confidential Information has been destroyed.  The Subcontractor's confidentiality obligations under this Agreement shall continue in full force and effect notwithstanding the return or destruction of the Confidential Information.

3.      INTELLECTUAL PROPERTY AND PREPARATORY MATERIALS

3.1      Intellectual Property and Preparatory Materials.  Standard Register shall retain title and ownership to all SRC Intellectual Property and SRC Preparatory Materials furnished by Standard Register to Subcontractor in order to assist Subcontractor in performing the Subcontracted Work.  The term "SRC Intellectual Property" shall mean any Intellectual Property now or hereafter owned or licensed to Standard Register.  The term "Intellectual Property" shall mean all of a Person's right, title and interest in and to the following: fictitious names, trade names, trademarks, trademark registrations, trademark applications, service marks, service mark registrations, service mark applications, copyrights, copyright registrations, copyright applications, patent rights, licenses with respect to any of the foregoing, trade secrets, proprietary information and know-how inventions, inventor's notes, drawings and designs, customer and vendor lists and the goodwill associated with any of the foregoing now owned or hereafter acquired by a Person.  The term "Person" shall mean any natural person, corporation, association, general or special partnership, limited liability company, joint venture or governmental agency.  The term "SRC Preparatory Materials" shall include, but is not limited to, any plates, negatives, mats and electronic data or files now owned or hereafter acquired by Standard Register in connection with the Subcontracted Work.

3.2   Customer Intellectual Property and Preparatory Materials.   Each Customer shall retain title and ownership to all Customer Intellectual Property and Customer Preparatory Materials furnished by Customer or Standard Register to Subcontractor in order to assist Subcontractor in performing the Subcontracted Work.  The term "Customer Intellectual Property" shall mean any Intellectual Property now owned or licensed to Customer.  The term "Customer Preparatory Materials" shall include, but is not limited to, any plates, negatives, mats and electronic data or files now owned or hereafter acquired or developed by a Customer in connection with the Subcontracted Work.

3.3   Subcontractor Covenants.   Subcontractor hereby covenants to Standard Register that (i) Subcontractor shall only use the SRC Intellectual Property, SRC Preparatory Materials, Customer Intellectual Property and Customer Preparatory Materials to perform the Subcontracted Work in accordance with and subject to any additional limitations as set forth in the Subcontracts, and (ii) to return to Standard Register or Customer, upon Standard Register's demand, the SRC Intellectual Property, SRC Preparatory Materials, Customer Intellectual Property and Customer Preparatory Materials (the "Intellectual Property and Preparatory Materials Covenant").

4.   NON-COMPETITION, GUARANTEED PRICE AND REBATE COVENANTS

4.1   Non-Competition Covenant.   During the term of this Agreement and for a period of one (1) year from the termination date of this Agreement, Subcontractor shall not, directly or indirectly, sell, lease or otherwise provide any products or render any services, including, but not limited to, the Subcontracted Work, to any Customer that has been furnished any Subcontracted Services or Subcontracted Products from Subcontractor by Standard Register during the term of this Agreement (the "Non-Competition Covenant").

4.2   Permitted Product Sales and Services.   Nothing contained in this Agreement shall be construed as prohibiting Subcontractor from selling, leasing or otherwise providing the Subcontracted Products or rendering the Subcontracted Services to any Person that has not received the Subcontracted Products or Subcontracted Services from Standard Register during the term of this Agreement.

4.3   Guaranteed Price Covenant.   If at any time during the term of this Agreement Subcontractor sells any of the Subcontracted Products or renders any of the Subcontracted Services of the same kind, quality and quantity as provided for in any of the Subcontracts to any Person at a price that is lower than the price then in effect under any of the Subcontracts for substantially similar Subcontracted Products or Subcontracted Services, that lower price shall apply for all substantially similar Subcontracted Products and Subcontracted Services purchased by Standard Register from Subcontractor so long as the lower prices remain in effect (the "Guaranteed Price Covenant").

4.4   Rebate Covenant.   Not later than thirty (30) days after the end of each calendar quarter, Subcontractor shall pay Standard Register a rebate in an amount equal to   2   % of the aggregate amount paid Subcontractor by Standard Register in the previous calendar quarter for all Subcontracted Work (the "Rebate Covenant").

4.5   Subcontractor Audit.   Upon reasonable notice from Standard Register, Subcontractor shall grant Standard Register and its auditors reasonable access to Subcontractor's records, systems, controls, processes and procedures related to Subcontractor's performance of the Subcontracted Work for the purpose of performing audits or examinations to determine Subcontractor's compliance with the terms and conditions contained in this Agreement and the Subcontracts including, but not limited to, the Non-Competition Covenant and Guaranteed Price Covenant.

5.   INDEMNIFICATION

5.1   Indemnification.   Subcontractor shall indemnify, defend and hold harmless Standard Register and its Customers and their respective directors, officers and employees of (the "Indemnified Parties"), from and against any and all liabilities, losses, suits, claims, demands, judgments, fines, damages, costs and expenses (including all costs for investigation and defense thereof, including, but not limited to, court costs, paralegal and expert fees and reasonable attorneys' fees) which may be incurred by, charged to or recovered from any of the foregoing ("Indemnified Loss") (i) by reason or on account of damage to or destruction of any property of Standard Register or its Customers, or any property of, injury to or death of any person proximately resulting from or arising out of or in connection with Subcontractor's performance of its obligations under the Subcontracts, or the acts or omissions of the Subcontractor's directors, officers, agents, employees, subcontractors, licensees or invitees, regardless of where the damage, destruction, injury or death occurred, unless such liability, loss, suit, claim, demand, judgment, fine, damage, cost or expense was proximately caused solely by the Indemnified Parties' negligence or by the joint negligence of the Indemnified Parties and any Person other than Subcontractor's directors, officers, agents, employees, subcontractors, licensees, or invitees, (ii) arising out of or in connection with the failure of Subcontractor to keep, observe or perform any of the covenants or agreements in the Subcontracts which are required to be kept, observed or performed by

3

Subcontractor including, but not limited to, the Confidentiality Covenant, Intellectual Property and Preparatory Materials Covenant and Non-Competition Covenant, or (iii) resulting from any claim or action alleging that Standard Register's or its Customers' possession or use of any software, firmware, programming or other item provided by the Subcontractor pursuant to the Subcontracts infringes any Person's patent, copyright, trademark, trade secret, or other intellectual property right (the "Indemnification Covenant"). Standard Register shall provide Subcontractor reasonable notice of any Indemnified Loss for which indemnification will be sought hereunder, allow Subcontractor or its insurer to compromise and defend the Indemnified Loss to the extent of its interests, and reasonably cooperate with the defense of any Indemnified Loss.

5.2   Intellectual Property Indemnification.  In addition to the indemnification provisions stated in Section 5.1 of this Agreement, if Standard Register's use of any software, firmware, programming or other item provided by or on behalf of the Subcontractor is enjoined due to infringement of another person or entity's intellectual property rights, Subcontractor shall promptly, at its sole cost and expense, either (i) modify the infringing item so that it no longer infringes, (ii) procure for Standard Register and its Customer the legal right to continue using the infringing item, or (iii) procure for Standard Register and its Customer a non-infringing replacement item having equal or greater functional capabilities as the infringing item ("Intellectual Property Indemnification").

5.3   Violations of Law.  Subcontractor shall assume all responsibility for any loss which is proximately caused by its violation of any state, federal, municipal or agency law, rule, regulation or order pertaining to performance of its obligations under the Subcontracts. The Subcontractor shall give to the proper authorities all required notices relating to its performance, obtain all official permits and licenses, and pay all proper fees and taxes.

5.4   Term of Indemnification Covenants.  The Indemnification Covenant contained in this Agreement shall remain in full force and effect for five (5) years following the Termination Date of this Agreement. No provision contained in this Agreement shall be construed to negate, abridge or otherwise reduce any other right of indemnity that Standard Register or its Customers may have as to any Person including, but not limited to, Subcontractor.

6.   NON-DISCRIMINATION AND MINORITY BUSINESS DEVELOPMENT.

6.1   Equal Opportunity Employers.  Standard Register and Subcontractor are equal opportunity employers and do not discriminate in employment of Persons or awarding of subcontracts because of a Person's race, sex, age, religion, national origin, veteran or handicap status.

6.2   Compliance.  Subcontractor is aware of and fully informed of Subcontractor's responsibilities and agrees to the provisions under the following: (i) Executive Order 11246, as amended or superseded, in whole or in part, and as contained in Section 202 of said Executive Order as found at 41 C.F.R. § 60-1.4(a) (1-7); (ii) Section 503 of the Rehabilitation Act of 1973 as contained in 41 C.F.R. § 60-741.4; and (iii) The Vietnam Era Veterans' Readjustment Assistance Act of 1974 as contained in 41 C.F.R. § 60-250.4

6.3   Minority Business Development.  Standard Register is committed to serving the diverse needs of its communities by identifying qualified Minority and Women Owned Businesses ("MWBE"), Disabled Business Enterprises ("DBE") and Small Business Enterprises ("SBE"), each certified by appropriate state or local organizations (collectively "Historically Underutilized Businesses") or "HUBs") that add value to the procurement process.

Subcontractor shall use its reasonable best efforts to support Standard Register's utilization of HUBs including, but not limited to, identifying and notifying Standard Register of procurement opportunities that may exist relating to the Subcontracts that include, or may include, HUBs' participation in the production of the Subcontracted Products and the rendering of the Subcontracted Services. Subcontractor shall also assist Standard Register in the continued development of its HUB program including, but not limited to, participating in trade shows, developing seminars and participating in discussions with local councils.

7.   GENERAL

7.1   Effective Date and Termination.  This Agreement shall become effective as of the date Subcontractor has begun its performance of its duties under any of the Subcontracts or the date this Agreement has been fully executed by both Parties, whichever shall occur first. This Agreement shall remain in full force and effect for an initial period of three (3) years with automatic renewal for successive one (1) year periods unless either Party shall furnish the other Party with a written notice not less than sixty (60) days prior to the renewal date that this Agreement shall not be renewed. Standard Register may, at its sole option, terminate this Agreement at any time for its convenience and without cause upon thirty (30) days' prior written notice to Subcontractor. The provisions of this Agreement shall

4

continue to be applicable to all Subcontracted Work which had been ordered by Standard Register and accepted by Subcontractor prior to the date this Agreement is terminated.

7.2    Integration and Amendments. This Agreement and the Subcontracts shall constitute the entire agreement between the Parties with respect to the Subcontracted Work and shall supercede all prior or simultaneous representations, discussions, negotiations, letters, proposals, agreements and understandings between the Parties with respect to the Subcontracted Work, whether written or oral. In the event of any conflict between any provision contained in this Agreement and any Subcontract, the provisions contained in this Agreement shall be controlling. This Agreement may not be amended except by a written agreement executed by both Parties.

7.3    Binding Effect and Assignment. This Agreement shall be binding upon and inure to the benefit of the Parties and the respective successors and assigns including, without limitation, any successor in interest to either Party by merger or otherwise; provided, however, Subcontractor may not assign or delegate the performance of its obligations under this Agreement or the Subcontracts to any Person except with Standard Register's prior written consent. In the event Subcontractor is merged into another Person or its assets are acquired by another Person, Standard Register may terminate this Agreement and all Subcontracts upon ten (10) days' prior written notice to Subcontractor or its successor in interest.

7.4    Third Party Beneficiary. Standard Register's Customers shall be considered to be a third-party beneficiary of the Confidentiality Covenant, the Indemnification Covenant and Intellectual Property Indemnification contained in this Agreement.

7.5    Waiver. Either Party's waiver of any term or condition of this Agreement or any Subcontract must be in writing and shall not be construed to be a waiver of any other term or condition thereof. Either Party's waiver of any term or condition of this Agreement or any Subcontract shall not be deemed a waiver of a subsequent breach of the same term or condition contained in this Agreement or any Subcontract. The failure or delay of either Party to enforce any of its rights under this Agreement or any Subcontract shall not constitute a waiver of such rights or any future rights under this Agreement or any Subcontract.

7.6    Independent Contractors. Standard Register and Subcontractors are independent contractors. Nothing contained in this Agreement or the Subcontracts shall be construed as (i) either creating a partnership or joint venture between the Parties, or (ii) authorizing the other Party from acting as an agent or representative of the other Party. Neither Party shall make any contract, agreement, warranty or representation on behalf of the other Party.

7.7    Injunctive Relief. Subcontractor acknowledges that violation of any of the provisions of the Confidentiality Covenant or the Non-Competition Covenant as contained in this Agreement will cause irreparable loss and harm to Standard Register which cannot be reasonably or adequately compensated by damages in an action at law. Accordingly, in the event of a breach or threatened breach by Subcontractor of either the Confidentiality Covenant or Non-Competition Covenant, Standard Register shall be entitled, without posting bond or other security, to injunctive and other equitable relief to prevent or cure any breach or threatened breach thereof, and Subcontractor agrees that it will not be a defense to any request for such relief that Standard Register has an adequate remedy at law. Notwithstanding the foregoing, Standard Register shall have all other legal remedies as may be appropriate under the circumstances including, inter alia, recovery of damages occasioned by such breach.

7.8    Jury Trial Waiver. The Parties hereby waive trial by jury in any action, proceeding, claim or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Agreement or the Subcontracts.

7.9    Choice of Law and Venue. This Agreement and the Subcontracts shall be governed and construed in accordance with the laws of the State of Ohio without regard to the conflict of law principles. The Parties hereby submit to the exclusive jurisdiction of the courts of the State of Ohio and of the United States located in Montgomery County, Ohio, and each Party agrees not to raise and waive any objections to, or defense based on the venue of, any such court or forum non convenience.

7.10    Survival. The Confidentiality Covenant, Indemnification Covenant, Intellectual Property Covenant, Non-Competition Covenant and Rebate Covenant shall survive the termination of this Agreement for the periods set forth in this Agreement.

7.11    Notices. All notices, consents, waivers and other communications required or permitted to be given pursuant to this Agreement or any Subcontract, shall be in writing and shall be deemed to have been delivered either (i) on the delivery date, if personally delivered, or if delivered by confirmed facsimile or e-mail, (ii) one (1) business day

after delivery to any national overnight courier directing delivery on the next business day, receipt requested, or (iii) three (3) business days after deposit in the United States mail, registered or certified mail, return receipt requested, with adequate postage affixed thereto. All notices to Standard Register shall be sent to Standard Register at 600 Albany Street, Dayton, Ohio 45408-1442, to the attention of Contract Services, and to Subcontractor at its address as set forth in this Agreement, or at such other address as either Party may designate in writing to the other Party.

7.12    <u>Section Titles</u>. The section titles are solely for convenience of reference and shall not affect the meaning or construction of any provision of this Agreement.

7.13    <u>Severability</u>. If any term or provision of this Agreement or the Subcontracts shall be held or deemed to be, or shall in fact be illegal, inoperative or unenforceable, this provision shall not affect any other provision or provisions contained in this Agreement or the Subcontracts.

IN WITNESS WHEREOF, Standard Register and Subcontractor have executed this Subcontractor Confidentiality, Indemnification, Intellectual Property and Non-Competition Agreement by their duly authorized officers or representatives as of the day and year first above written.

"STANDARD REGISTER"                           "SUBCONTRACTOR"

THE STANDARD REGISTER COMPANY,        _TLF GRAPHICS_
an Ohio corporation                              a(n) _NEW YORK CORPORATION_

By _____                     By _____
   Signature                                       Signature

_____                       _VP Sales_____
   Title                                            Title

_3/18/03_____                       _3/5/03_____
   Date                                            Date

WHD:10950

# EXHIBIT "B"

~~you agree with the claim amount and characterization, you do not need to submit this claim form. If you disagree, you must timely file a proof of claim form or be forever barred from further recovery.~~

| UNITED STATES BANKRUPTCY COURT, DISTRICT OF DELAWARE | PROOF OF CLAIM |
|---|---|

**Indicate Debtor against which you assert a claim by checking the appropriate box below (Check only one Debtor per claim form):**

- ☒ The Standard Register Company (Case No. 15-10541)
- ☐ Standard Register Holding Company (Case No. 15-10542)
- ☐ Standard Register Technologies, Inc. (Case No. 15-10543)
- ☐ Standard Register International, Inc. (Case No. 15-10544)
- ☐ iMedconsent, LLC (Case No. 15-10540)
- ☐ Standard Register of Puerto Rico Inc. (Case No. 15-10545)
- ☐ Standard Register Mexico Holding Company (Case No. 15-10546)
- ☐ Standard Register Holding, S. de R.L. de C.V. (Case No. 15-10547)
- ☐ Standard Register de Mexico, S. de R.L. de C.V. (Case No. 15-10548)
- ☐ Standard Register Servicios, S. de R.L. de C.V. (Case No. 15-10549)
- ☐ Standard Register Technologies Canada ULC (Case No. 15-10550)

**NOTE:** *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file requests for payment of an administrative expense according to 11 U.S.C. § 503.*

**COURT USE ONLY**

Name of Creditor (the person or other entity to whom the debtor owes money or property):

**TLF GRAPHICS INC**

Name and address where notices should be sent:

**Harris Beach PLLC, c/o Kelly C. Griffith, Esq.**
**333 West Washington St., Suite 200**
**Syracuse, NY 13202**

Telephone number: 315-423-7100    email: kgriffith@harrisbeach.com

☐ Check this box if this claim amends a previously filed claim.

**Court Claim Number:**_____
   *(If known)*

Filed on:_____

Name and address where payment should be sent (if different from above):

**235 METRO PARK**
**ROCHESTER, NY 14623**

Telephone number: 585-272-5500    email: ron.leblanc@tlfgraphics.com

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:**    $ 139,449.49

If all or part of the claim is **secured**, complete **item 4**. If all or part of the claim is entitled to **priority**, complete **item 5**.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** goods delivered
(See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor: | 3a. Debtor may have scheduled account as: | 3b. Uniform Claim Identifier (optional): |
|---|---|---|
| ___ ___ ___ ___ | _____ <br> (See instruction #3a) | ___ ___ ___ ___ — ___ ___ ___ ___ — ___ ___ ___ ___ — ___ ___ ___ ___ <br> (See instruction #3b) |

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ☐Real Estate   ☐Motor Vehicle   ☐Other
Describe:

**Value of Property:** $_____

**Annual Interest Rate**_____% ☐Fixed   or   ☐Variable
(when case was filed)

**Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:**

$_____

**Basis for perfection:** _____

**Amount of Secured Claim:** $_____

**Amount Unsecured:** $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

- ☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).
- ☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).
- ☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).
- ☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).
- ☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).
- ☒ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)( 2 ).

**Amount entitled to priority:**

$ 139,449.49

*Amounts are subject to adjustment on 4/1/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

aim Number: 1442

**6. Claim Pursuant to 11 U.S.C. § 503(b)(9):** Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.

$ 139,449.49                                                                    (See instruction #6)

**7. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

**8. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, or security agreements. If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #8, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**9. Signature:** (See instruction #9)

Check the appropriate box.

☒ I am the creditor.   ☐ I am the creditor's authorized agent.   ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)   ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:   Ronald LeBlanc
Title:   VP Finance
Company:   TLF Graphics, Inc.
Address and telephone number (if different from notice address above):

**Signature:** *Ronald LeBlanc*
Ronald LeBlanc (May 29, 2015)
(Signature)                              (Date)
**Email:** ron.leblanc@tlfgraphics.com

Telephone number:                    email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**Attach Supporting Documentation** (limited to a single PDF attachment that is less than 5 megabytes in size and under 100 pages):



**IMPORTANT NOTE REGARDING REDACTING YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTATION** When you submit a proof of claim and any supporting documentation you must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

PLEASE REVIEW YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTS AND REDACT ACCORDINGLY PRIOR TO UPLOADING THEM. PROOFS OF CLAIM AND ATTACHMENTS ARE PUBLIC DOCUMENTS THAT WILL BE AVAILABLE FOR ANYONE TO VIEW ONLINE.

A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. The responsibility for redacting personal data identifiers (as defined in Federal Rule of Bankruptcy Procedure 9037) rests solely with the party submitting the documentation and their counsel. Prime Clerk and the Clerk of the Court will not review any document for redaction or compliance with this Rule and you hereby release and agree to hold harmless Prime Clerk and the Clerk of the Court from the disclosure of any personal data identifiers included in your submission. In the event Prime Clerk or the Clerk of the Court discover that personal identifier data or information concerning a minor individual has been included in a pleading, Prime Clerk and the Clerk of the Court are authorized, in their sole discretion, to redact all such information from the text of the filing and make an entry indicating the correction.

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

### Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien

documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Claim Pursuant to 11 U.S.C. § 503(b)(9):**
Check this box if you have a claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim. (See DEFINITIONS, below.)

**7. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**8. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**9. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

---

### DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. § 506 (a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding.

In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507 (a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

---

### INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, please enclose a stamped self-addressed envelope and a copy of this proof of claim. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at http://cases.primeclerk.com/standardregister.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

PLEASE SEND COMPLETED PROOF(S) OF CLAIM TO:

**The Standard Register Company**
Claims Processing Center
c/o Prime Clerk LLC
830 3rd Avenue, 9th Floor
New York, NY 10022

## SUMMARY OF CLAIM

Claimant is asserting a claim under Section 503(b)(9) of the Bankruptcy Code. The date of the shipment of the goods is contained on the attached spreadsheet as the invoice date. The invoices and corresponding shipping documents that support the instant claim are voluminous (over 1,400 pages). The Debtors' Claims Agent limits the size of the claim to under 100 pages; accordingly, such invoices and shipping documents are not included herewith. These invoices and shipping documents have been previously provided to the Debtors and are available for review from counsel for Claimant. The date, place and method of delivery of goods is contained in the invoices and shipping documents associated with each item set forth on the spreadsheet. The value of the goods received by the Debtor within 20 days before the Petition Date is contained on the spreadsheet attached hereto in the Invoice Total column. Claimant did not seek to reclaim the goods because they were not of a type to be reclaimed. The value of the goods that the Debtors received within 20 days before the petition date does not represent a combination of services and goods. The amount of the claim may be subject to reduction upon application of a rebate program.

Claimant reserves its right to file an Amended Proof of Claim or Administrative Expense Claim setting forth the amount and classification of its claim, with respect to changes in the amount, priority, etc., including additional accrued interest and attorneys' fees and costs, or other amounts as allowed by the Court, and to amend any supporting documentation to further support the Claim.

SRC SHIPMENTS INVOICED
2/20/15 - 3/11/2015

| TLF Graphics Invoice Number | TLF Graphics TicketNum | CustomerName | Invoice Total | TLF Graphics Invoice Date | Customer Purchase Order |
|---|---|---|---|---|---|
| 352314 | 371639 | STANDARD REGISTER - RI | $ 1,514.70 | 2/20/2015 | J3747 65303 |
| 352315 | 371642 | STANDARD REGISTER - RI | $ 1,449.84 | 2/20/2015 | J3745 65303 |
| 352316 | 371636 | STANDARD REGISTER - RI | $ 319.44 | 2/20/2015 | J3739 65303 |
| 352317 | 371643 | STANDARD REGISTER - RI | $ 54.98 | 2/20/2015 | J3744 65303 |
| 352318 | 371638 | STANDARD REGISTER - RI | $ 1,204.80 | 2/20/2015 | J3748 65303 |
| 352319 | 371637 | STANDARD REGISTER - RI | $ 53.23 | 2/20/2015 | J3741 65303 |
| 352320 | 371645 | STANDARD REGISTER - RI | $ 185.72 | 2/20/2015 | J3742 65303 |
| 352321 | 371641 | STANDARD REGISTER - RI | $ 122.48 | 2/20/2015 | J3746 65303 |
| 352322 | 371644 | STANDARD REGISTER - RI | $ 47.24 | 2/20/2015 | J3743 65303 |
| 352323 | 371646 | STANDARD REGISTER - RI | $ 96.11 | 2/20/2015 | J3740 65303 |
| 352327 | 371764 | STANDARD REGISTER - RI | $ 139.58 | 2/20/2015 | J3749 65303 |
| 352330 | 371507 | STANDARD REGISTER - NY, NY | $ 768.35 | 2/20/2015 | MULTIPLE |
| 352369 | 369261 | STANDARD REGISTER - CORDOVA, TN | $ 12,884.12 | 2/20/2015 | 5188-M130 |
| 352376 | 370754 | STANDARD REGISTER - DAYTON | $ 793.06 | 2/20/2015 | MULTIPLE |
| 352385 | 371787 | STANDARD REGISTER - DAYTON | $ 113.95 | 2/20/2015 | 2720260 |
| 352392 | 370821 | STANDARD REGISTER - RALEIGH, NC | $ 238.70 | 2/20/2015 | 5188-EN236788 |
| 352396 | 370195 | STANDARD REGISTER - DAYTON | $ 330.00 | 2/20/2015 | 2480219 |
| 352397 | 370192 | STANDARD REGISTER - DAYTON | $ 262.45 | 2/20/2015 | 2480340 |
| 352443 | 370771 | STANDARD REGISTER - RI | $ 160.98 | 2/23/2015 | EN236347 65303 |
| 352450 | 371633 | STANDARD REGISTER - DAYTON | $ 163.35 | 2/23/2015 | 2510490 |
| 352453 | 370970 | STANDARD REGISTER - CINCINNATI, OH | $ 1,016.78 | 2/23/2015 | 5188-EN236947 |
| 352581 | 371063 | STANDARD REGISTER - CINCINNATI, OH | $ 80.98 | 2/23/2015 | 5188-J893089 |
| 352589 | 370853 | STANDARD REGISTER - DAYTON | $ 223.36 | 2/23/2015 | MULTIPLE |
| 352637 | 370265 | STANDARD REGISTER - DAYTON | $ 1,453.94 | 2/23/2015 | 2502682 |
| 352638 | 370204 | STANDARD REGISTER - DAYTON | $ 357.78 | 2/23/2015 | 2480367 |
| 352639 | 370764 | STANDARD REGISTER - DAYTON | $ 224.00 | 2/23/2015 | 2618622 |
| 352709 | 370958 | STANDARD REGISTER - DAYTON | $ 792.71 | 2/24/2015 | 2652636 |
| 352710 | 370729 | STANDARD REGISTER - HAZELWOOD, MO | $ 508.91 | 2/24/2015 | 5188-EN236673 |
| 352712 | 370985 | STANDARD REGISTER - DAYTON | $ 2,055.26 | 2/24/2015 | 2618548 |
| 352713 | 370332 | STANDARD REGISTER - DAYTON | $ 1,330.62 | 2/24/2015 | 7752310 |
| 352731 | 371371 | STANDARD REGISTER - DAYTON | $ 98.12 | 2/24/2015 | 2690394 |
| 352732 | 371651 | STANDARD REGISTER - DAYTON | $ 34.41 | 2/24/2015 | 2700146 |
| 352733 | 371657 | STANDARD REGISTER - DAYTON | $ 34.41 | 2/24/2015 | 2700002 |
| 352734 | 371647 | STANDARD REGISTER - DAYTON | $ 0.93 | 2/24/2015 | 2700025 |
| 352735 | 371667 | STANDARD REGISTER - DAYTON | $ 233.80 | 2/24/2015 | 2680404 |
| 352736 | 371648 | STANDARD REGISTER - DAYTON | $ 5.58 | 2/24/2015 | 2700066 |
| 352751 | 371103 | STANDARD REGISTER - DAYTON | $ 812.48 | 2/24/2015 | 2673110 |
| 352752 | 370613 | STANDARD REGISTER - DAYTON | $ 679.84 | 2/24/2015 | 2603103 |
| 352753 | 371513 | STANDARD REGISTER - DAYTON | $ 415.52 | 2/24/2015 | 2699653 |
| 352800 | 372049 | STANDARD REGISTER - NY, NY | $ 387.27 | 2/25/2015 | MULTIPLE |
| 352801 | 372000 | STANDARD REGISTER - DAYTON, OH | $ 109.16 | 2/25/2015 | 5188-J4806924 |
| 352844 | 369991 | STANDARD REGISTER - DAYTON | $ 817.12 | 2/25/2015 | MULTIPLE |
| 352859 | 371052 | STANDARD REGISTER - CINCINNATI, OH | $ 65.96 | 2/25/2015 | 5188-J893088 |
| 352860 | 371054 | STANDARD REGISTER - CINCINNATI, OH | $ 45.00 | 2/25/2015 | 5188-J893087 |
| 352861 | 371940 | STANDARD REGISTER - CINCINNATI, OH | $ 65.96 | 2/25/2015 | 5188-J993056 |
| 352872 | 370786 | STANDARD REGISTER - GROVE CITY, OH | $ 393.56 | 2/25/2015 | SEE BELOW |
| 352888 | 370609 | STANDARD REGISTER - DAYTON | $ 567.12 | 2/25/2015 | 2603053 |

SRC SHIPMENTS INVOICED
2/20/15 - 3/11/2015

| Invoice Number | TicketNum | CustomerName | Invoice Total | Invoice Date | Purchase Order |
|---|---|---|---|---|---|
| 353713 | 368587 | STANDARD REGISTER - DAYTON, OH | $ 37,330.44 | 2/25/2015 | 5188-EN234485 |
| 352934 | 372012 | STANDARD REGISTER - HAZELWOOD, MO | $ 70.50 | 2/26/2015 | 5188-EN237322 |
| 352945 | 372133 | STANDARD REGISTER - NY, NY | $ 153.79 | 2/26/2015 | MULTIPLE |
| 352963 | 371852 | STANDARD REGISTER - DAYTON | $ 186.00 | 2/26/2015 | 2724303 |
| 352964 | 371855 | STANDARD REGISTER - DAYTON | $ 292.95 | 2/26/2015 | 2721750 |
| 352965 | 371865 | STANDARD REGISTER - DAYTON | $ 481.74 | 2/26/2015 | 2721722 |
| 352969 | 370673 | STANDARD REGISTER - RALEIGH, NC | $ 285.37 | 2/26/2015 | 5188-J3733 |
| 352985 | 371722 | STANDARD REGISTER - DAYTON | $ 270.45 | 2/26/2015 | 2708490 |
| 353324 | 369154 | STANDARD REGISTER - DAYTON | $ 80.91 | 2/26/2015 | 2054815 |
| 353013 | 372217 | STANDARD REGISTER - RI | $ 121.63 | 2/27/2015 | J3753 65303 |
| 353014 | 372213 | STANDARD REGISTER - RI | $ 134.46 | 2/27/2015 | J3769 65303 |
| 353015 | 372221 | STANDARD REGISTER - RI | $ 69.44 | 2/27/2015 | J3770 65303 |
| 353016 | 372216 | STANDARD REGISTER - RI | $ 137.60 | 2/27/2015 | J3754 65303 |
| 353017 | 372218 | STANDARD REGISTER - RI | $ 156.21 | 2/27/2015 | J3752 65303 |
| 353018 | 372220 | STANDARD REGISTER - RI | $ 457.65 | 2/27/2015 | J3751 65303 |
| 353171 | 372096 | STANDARD REGISTER - HAZELWOOD, MO | $ 126.05 | 2/27/2015 | 5188-EN238164 |
| 353172 | 370879 | STANDARD REGISTER - EDISON, NJ | $ 604.65 | 2/27/2015 | 5188-L0908002 |
| 353196 | 370542 | STANDARD REGISTER - DAYTON, OH | $ 801.12 | 2/27/2015 | 5188-EN236518 |
| 353197 | 372225 | STANDARD REGISTER - DAYTON | $ 257.60 | 2/27/2015 | 2768353 |
| 353259 | 367884 | STANDARD REGISTER - DAYTON | $ 2,343.59 | 2/27/2015 | 9531489 |
| 359048 | 362753 | STANDARD REGISTER - DAYTON | $ (76.21) | 3/1/2015 | 5403894 |
| 353309 | 371072 | STANDARD REGISTER - DAYTON | $ 1,809.19 | 3/2/2015 | 2653210 |
| 353310 | 372064 | STANDARD REGISTER - DAYTON | $ 227.27 | 3/2/2015 | 2738414 |
| 353311 | 371391 | STANDARD REGISTER - DAYTON | $ 270.45 | 3/2/2015 | 2673126 |
| 353312 | 371083 | STANDARD REGISTER - DAYTON | $ 3,091.80 | 3/2/2015 | 2672867 |
| 353369 | 372295 | STANDARD REGISTER - DAYTON | $ 289.81 | 3/3/2015 | 2768721 |
| 353374 | 368741 | STANDARD REGISTER - DAYTON, OH | $ 463.14 | 3/3/2015 | 5188-EN187132 |
| 353386 | 372279 | STANDARD REGISTER - DAYTON | $ 3.72 | 3/3/2015 | 2768510 |
| 353387 | 372283 | STANDARD REGISTER - DAYTON | $ 17.67 | 3/3/2015 | 2768547 |
| 353388 | 372294 | STANDARD REGISTER - DAYTON | $ 1.86 | 3/3/2015 | 2768212 |
| 353389 | 372318 | STANDARD REGISTER - DAYTON | $ 2.79 | 3/3/2015 | 2768172 |
| 353390 | 372327 | STANDARD REGISTER - DAYTON | $ 29.76 | 3/3/2015 | 2768198 |
| 353391 | 372289 | STANDARD REGISTER - DAYTON | $ 12.09 | 3/3/2015 | 2808928 |
| 353392 | 372292 | STANDARD REGISTER - DAYTON | $ 7.44 | 3/3/2015 | 2768691 |
| 353393 | 372296 | STANDARD REGISTER - DAYTON | $ 79.05 | 3/3/2015 | 2768672 |
| 353395 | 369442 | STANDARD REGISTER - GREENSBORO, NC | $ 249.99 | 3/3/2015 | 5188-J3703 |
| 353400 | 371942 | STANDARD REGISTER - DAYTON, OH | $ 389.77 | 3/3/2015 | 5188-EN237879 |
| 353401 | 372233 | STANDARD REGISTER - BUFFALO | $ 263.49 | 3/3/2015 | 5188-J4983704 |
| 353403 | 371037 | STANDARD REGISTER - DAYTON | $ 418.08 | 3/3/2015 | 2653085 |
| 353404 | 372069 | STANDARD REGISTER - DAYTON | $ 227.28 | 3/3/2015 | 2738376 |
| 353405 | 371128 | STANDARD REGISTER - DAYTON | $ 831.80 | 3/3/2015 | 2672785 |
| 353436 | 372122 | STANDARD REGISTER - RI | $ 549.72 | 3/4/2015 | J3750 65303 |
| 353438 | 371914 | STANDARD REGISTER - DAYTON | $ 65.34 | 3/4/2015 | 2508373/M2 |
| 353439 | 372887 | STANDARD REGISTER - NY, NY | $ 451.07 | 3/4/2015 | MULTIPLE |
| 353440 | 372935 | STANDARD REGISTER - DAYTON, OH | $ 378.60 | 3/4/2015 | 5188-J4806925 |
| 353454 | 371872 | STANDARD REGISTER - LOUISVILLE, KY | $ 150.16 | 3/4/2015 | 5188-EN237320 |
| 353486 | 371129 | STANDARD REGISTER - DAYTON | $ 831.80 | 3/4/2015 | 2672794 |
| 353487 | 371126 | STANDARD REGISTER - DAYTON | $ 831.80 | 3/4/2015 | 2672781 |

5/14/2015

SRC SHIPMENTS INVOICED
2/20/15 - 3/11/2015

| Invoice Number | TicketNum | CustomerName | Invoice Total | Invoice Date | Purchase Order |
|---|---|---|---|---|---|
| 353488 | 372182 | STANDARD REGISTER - DAYTON | $ 403.42 | 3/4/2015 | 2764952 |
| 353505 | 373112 | STANDARD REGISTER - DAYTON | $ 263.48 | 3/5/2015 | 2882506 |
| 353506 | 372715 | STANDARD REGISTER - DAYTON | $ 57.98 | 3/5/2015 | 2821811 |
| 353507 | 372880 | STANDARD REGISTER - DAYTON | $ 49.14 | 3/5/2015 | 2834313 |
| 353508 | 372716 | STANDARD REGISTER - DAYTON | $ 13.95 | 3/5/2015 | 2821830 |
| 353509 | 372730 | STANDARD REGISTER - DAYTON | $ 186.00 | 3/5/2015 | 2821787 |
| 353510 | 372714 | STANDARD REGISTER - DAYTON | $ 2.79 | 3/5/2015 | 2821782 |
| 353511 | 372726 | STANDARD REGISTER - DAYTON | $ 113.46 | 3/5/2015 | 2821820 |
| 353512 | 372733 | STANDARD REGISTER - DAYTON | $ 81.84 | 3/5/2015 | 2821827 |
| 353516 | 371924 | STANDARD REGISTER - DAYTON | $ 111.19 | 3/5/2015 | 2721667 |
| 353528 | 372934 | STANDARD REGISTER - DAYTON, OH | $ 219.50 | 3/5/2015 | 5188-J4806926 |
| 353529 | 372166 | STANDARD REGISTER - DAYTON | $ 1,608.87 | 3/5/2015 | 2603217 |
| 353533 | 372156 | STANDARD REGISTER - DAYTON | $ 784.08 | 3/5/2015 | 2507771 |
| 353534 | 372159 | STANDARD REGISTER - DAYTON | $ 163.35 | 3/5/2015 | 2508548 |
| 353535 | 371922 | STANDARD REGISTER - DAYTON | $ 196.02 | 3/5/2015 | 2507688 |
| 353536 | 372158 | STANDARD REGISTER - DAYTON | $ 65.34 | 3/5/2015 | 2507879 |
| 353537 | 371923 | STANDARD REGISTER - DAYTON | $ 32.67 | 3/5/2015 | 2507690 |
| 353538 | 372161 | STANDARD REGISTER - DAYTON | $ 65.34 | 3/5/2015 | 2509973 |
| 353539 | 372164 | STANDARD REGISTER - DAYTON | $ 1,568.16 | 3/5/2015 | 2512479 |
| 353540 | 372154 | STANDARD REGISTER - DAYTON | $ 196.02 | 3/5/2015 | 2507695 |
| 353541 | 371921 | STANDARD REGISTER - DAYTON | $ 98.01 | 3/5/2015 | 2507679 |
| 353542 | 371918 | STANDARD REGISTER - DAYTON | $ 65.34 | 3/5/2015 | 2507647 |
| 353543 | 371919 | STANDARD REGISTER - DAYTON | $ 163.35 | 3/5/2015 | 2507664 |
| 353544 | 372167 | STANDARD REGISTER - DAYTON | $ 392.04 | 3/5/2015 | 2510877 |
| 353545 | 371915 | STANDARD REGISTER - DAYTON | $ 65.34 | 3/5/2015 | 2508373/M2 |
| 353572 | 372074 | STANDARD REGISTER - MECHANICSBURG | $ 1,350.45 | 3/5/2015 | 2750515 |
| 353573 | 371944 | STANDARD REGISTER - CINCINNATI, OH | $ 2,639.65 | 3/5/2015 | 5188-M12 |
| 353576 | 372102 | STANDARD REGISTER - DAYTON | $ 463.64 | 3/5/2015 | 2752938 |
| 353577 | 368167 | STANDARD REGISTER - DAYTON | $ 2,726.57 | 3/5/2015 | 8437324 |
| 353578 | 371820 | STANDARD REGISTER - DAYTON | $ 1,132.72 | 3/5/2015 | 2690611 |
| 353624 | 372249 | STANDARD REGISTER - KING OF PRUSSIA, PA | $ 239.75 | 3/5/2015 | 5188-EN238400 |
| 353629 | 372288 | STANDARD REGISTER - DAYTON | $ 313.60 | 3/5/2015 | 2767985 |
| 353630 | 372179 | STANDARD REGISTER - DAYTON | $ 254.86 | 3/5/2015 | 2753607 |
| 353631 | 371125 | STANDARD REGISTER - DAYTON | $ 1,953.96 | 3/5/2015 | 2672804 |
| 353632 | 372178 | STANDARD REGISTER - DAYTON | $ 367.08 | 3/5/2015 | 2753591 |
| 353633 | 372168 | STANDARD REGISTER - DAYTON | $ 462.42 | 3/5/2015 | 2764924 |
| 353634 | 372181 | STANDARD REGISTER - DAYTON | $ 233.34 | 3/5/2015 | 2753448 |
| 353635 | 372231 | STANDARD REGISTER - DAYTON | $ 694.32 | 3/5/2015 | 2767996 |
| 353636 | 372324 | STANDARD REGISTER - DAYTON | $ 1,012.50 | 3/5/2015 | 2768033 |
| 353637 | 372172 | STANDARD REGISTER - DAYTON | $ 1,282.98 | 3/5/2015 | 2753602 |
| 353655 | 373062 | STANDARD REGISTER - RI | $ 314.61 | 3/6/2015 | J3779 65303 |
| 353669 | 373063 | STANDARD REGISTER - RI | $ 1,449.84 | 3/6/2015 | J3780 65303 |
| 353670 | 373064 | STANDARD REGISTER - RI | $ 1,211.76 | 3/6/2015 | J3781 65303 |
| 353671 | 373059 | STANDARD REGISTER - RI | $ 1,212.80 | 3/6/2015 | J3776 65303 |
| 353672 | 373066 | STANDARD REGISTER - RI | $ 860.28 | 3/6/2015 | J3783 65303 |
| 353673 | 373065 | STANDARD REGISTER - RI | $ 256.95 | 3/6/2015 | J3782 65303 |
| 353674 | 373035 | STANDARD REGISTER - RI | $ 121.12 | 3/6/2015 | J3773 65303 |
| 353675 | 373060 | STANDARD REGISTER - RI | $ 217.18 | 3/6/2015 | J3777 65303 |

SRC SHIPMENTS INVOICED
2/20/15 - 3/11/2015

| Invoice Number | TicketNum | CustomerName | Invoice Total | Invoice Date | Purchase Order |
|---|---|---|---|---|---|
| 353676 | 373061 | STANDARD REGISTER  -  RI | $ 25.82 | 3/6/2015 | J3778 65303 |
| 353677 | 373036 | STANDARD REGISTER  -  RI | $ 61.41 | 3/6/2015 | J3774 65303 |
| 353678 | 373033 | STANDARD REGISTER  -  RI | $ 183.36 | 3/6/2015 | J3772 65303 |
| 353716 | 372681 | STANDARD REGISTER  -  BRECKSVILLE, OH | $ 1,192.48 | 3/6/2015 | 5188-M6580423 |
| 353725 | 372066 | STANDARD REGISTER - DAYTON | $ 625.81 | 3/6/2015 | 2747582 |
| 353747 | 372378 | STANDARD REGISTER  -  CHRISTIANSBURG, VA | $ 409.09 | 3/6/2015 | 5188-EN238543 |
| 353755 | 372183 | STANDARD REGISTER - DAYTON | $ 313.64 | 3/6/2015 | 2764966 |
| 353756 | 372322 | STANDARD REGISTER - DAYTON | $ 206.24 | 3/6/2015 | 2809097 |
| 353757 | 372205 | STANDARD REGISTER - DAYTON | $ 679.56 | 3/6/2015 | 2768083 |
| 353758 | 372409 | STANDARD REGISTER - DAYTON | $ 169.80 | 3/6/2015 | 2809867 |
| 353759 | 372232 | STANDARD REGISTER - DAYTON | $ 813.63 | 3/6/2015 | 2821646 |
| 353760 | 371124 | STANDARD REGISTER - DAYTON | $ 1,942.08 | 3/6/2015 | 2672830 |
| 353761 | 372761 | STANDARD REGISTER - DAYTON | $ 262.45 | 3/6/2015 | 2833711 |
| 353762 | 372144 | STANDARD REGISTER - DAYTON | $ 227.27 | 3/6/2015 | 2753438 |
| 353763 | 372415 | STANDARD REGISTER - DAYTON | $ 227.25 | 3/6/2015 | 2809850 |
| 353772 | 372321 | STANDARD REGISTER - DAYTON | $ 206.24 | 3/6/2015 | 2767981 |
| 353780 | 370648 | STANDARD REGISTER - DAYTON | $ (263.57) | 3/6/2015 | 2617648 |
| 353791 | 373312 | STANDARD REGISTER  -  RI | $ 346.18 | 3/9/2015 | J3792 65303 |
| 353837 | 372894 | STANDARD REGISTER  -  KING OF PRUSSIA, PA | $ 351.30 | 3/9/2015 | 5188-EN238893 |
| 353838 | 372712 | STANDARD REGISTER  -  HOUSTON, TX | $ 463.47 | 3/9/2015 | 5188-EN238665 |
| 353841 | 371990 | STANDARD REGISTER  -  KING OF PRUSSIA, PA | $ 660.13 | 3/9/2015 | 5188-EN238021 |
| 353842 | 371994 | STANDARD REGISTER  -  KING OF PRUSSIA, PA | $ 464.76 | 3/9/2015 | 5188-EN238021 |
| 353846 | 372053 | STANDARD REGISTER - DAYTON | $ 289.81 | 3/9/2015 | 2752775 |
| 353847 | 372063 | STANDARD REGISTER - DAYTON | $ 661.40 | 3/9/2015 | 2738405 |
| 353859 | 372374 | STANDARD REGISTER  -  DAYTON, OH | $ 90.11 | 3/9/2015 | 5188-J3771 |
| 353860 | 373020 | STANDARD REGISTER  -  DAYTON, OH | $ 714.00 | 3/9/2015 | 5188-EN239142 |
| 353861 | 373018 | STANDARD REGISTER - DAYTON | $ 367.82 | 3/9/2015 | 5188-EN239142 |
| 353871 | 372308 | STANDARD REGISTER  -  HOUSTON, TX | $ 355.55 | 3/9/2015 | 5188-EN237880 |
| 353875 | 372525 | STANDARD REGISTER - DAYTON | $ 1,387.50 | 3/9/2015 | MULTIPLE |
| 353876 | 372772 | STANDARD REGISTER - DAYTON | $ 696.60 | 3/9/2015 | MULTIPLE |
| 353877 | 372743 | STANDARD REGISTER - DAYTON | $ 164.78 | 3/9/2015 | 2833111 |
| 353878 | 372207 | STANDARD REGISTER - DAYTON | $ 623.85 | 3/9/2015 | 2768076 |
| 353879 | 372210 | STANDARD REGISTER - DAYTON | $ 432.96 | 3/9/2015 | 2767968 |
| 353895 | 373058 | STANDARD REGISTER  -  RI | $ 71.38 | 3/10/2015 | J3775 65303 |
| 353926 | 372120 | STANDARD REGISTER  -  DAYTON, OH | $ 791.56 | 3/10/2015 | 5188-M6580430 |
| 353954 | 372332 | STANDARD REGISTER - DAYTON | $ 317.01 | 3/10/2015 | 2753498 |
| 353976 | 373196 | STANDARD REGISTER - DAYTON | $ 44.64 | 3/10/2015 | 2887962 |
| 353977 | 373103 | STANDARD REGISTER - DAYTON | $ 3.72 | 3/10/2015 | 2871055 |
| 353978 | 373099 | STANDARD REGISTER - DAYTON | $ 0.93 | 3/10/2015 | 2871018 |
| 353979 | 373145 | STANDARD REGISTER - DAYTON | $ 51.15 | 3/10/2015 | 2882374 |
| 353980 | 373215 | STANDARD REGISTER - DAYTON | $ 812.82 | 3/10/2015 | 2871066 |
| 353981 | 373122 | STANDARD REGISTER - DAYTON | $ 98.58 | 3/10/2015 | 2870932 |
| 353982 | 372946 | STANDARD REGISTER - DAYTON | $ 144.70 | 3/10/2015 | 2851388 |
| 353998 | 372850 | STANDARD REGISTER - DAYTON | $ 495.45 | 3/10/2015 | 2834184 |
| 353999 | 372853 | STANDARD REGISTER - DAYTON | $ 559.09 | 3/10/2015 | 2834136 |
| 354000 | 372808 | STANDARD REGISTER - DAYTON | $ 472.36 | 3/10/2015 | 2833779 |
| 354001 | 373174 | STANDARD REGISTER - DAYTON | $ 312.22 | 3/10/2015 | 2882797 |
| 354002 | 372980 | STANDARD REGISTER - DAYTON | $ 1,112.16 | 3/10/2015 | 2851850 |

5/14/2015

## SRC SHIPMENTS INVOICED
### 2/20/15 - 3/11/2015

| Invoice Number | TicketNum | CustomerName | Invoice Total | Invoice Date | Purchase Order |
|---|---|---|---|---|---|
| 354003 | 372866 | STANDARD REGISTER - DAYTON | $ 229.55 | 3/10/2015 | 2834103 |
| 354017 | 373304 | STANDARD REGISTER - NY, NY | $ 594.90 | 3/10/2015 | MULTIPLE |
| 354117 | 373254 | STANDARD REGISTER - DAYTON, OH | $ 8.62 | 3/11/2015 | 5188-EN239488 |
| 354121 | 372797 | STANDARD REGISTER - DAYTON | $ 292.27 | 3/11/2015 | 2833729 |
| | | | $ 139,449.49 | | |

5/14/2015



# Electronic Proof of Claim - 151054100115913

Adobe Document Cloud Document History                    May 29, 2015

| | | |
|---|---|---|
| Created: | May 29, 2015 | |
| By: | Prime Clerk (epoc@primeclerk.com) | |
| Status: | SIGNED | |
| Transaction ID: | XZXGF967D7B3PX5 | |

# "Electronic Proof of Claim - 151054100115913" History

Widget created by Prime Clerk (epoc@primeclerk.com)
May 29, 2015 - 3:21 PM EDT

Widget filled in by Ronald LeBlanc (ron.leblanc@tlfgraphics.com)
May 29, 2015 - 3:29 PM EDT - IP address: 64.80.116.130

Ronald LeBlanc (ron.leblanc@tlfgraphics.com) uploaded the following supporting documents:
  Attachment
May 29, 2015 - 3:29 PM EDT

User email address provided through API (151054100115913)
May 29, 2015 - 3:29 PM EDT - IP address: 64.80.116.130

Signed document emailed to Ronald LeBlanc (ron.leblanc@tlfgraphics.com) and Prime Clerk (epoc@primeclerk.com)
May 29, 2015 - 3:29 PM EDT

# EXHIBIT "C"

# **TLF**GRAPHICS

235 Metro Park, Rochester, NY 14623-2699
Phone: 800-356-2701 • Fax: 585-272-5525
www.tlfgraphics.com

Invoice Date  3/5/2015
Invoice No  *Redacted*
Page  1
Tax ID  *redacted*

## Invoice

**Sold To -**
STANDARD REGISTER - DAYTON
ATTN:ACCOUNTS PAYABLE
PO BOX 1167 - 600 ALBANY STREET
DAYTON, OH 45401
USA

**Shipped To -**
MULTIPLE SHIP TO'S - SEE SUMMARY
STERIS

Customer P.O. No. 2882506   End User P.O. No. A431968   Order Date 3/5/2015   Ticket No. 373112
Customer No. 836   Sales Rep No. 258   SRC TEAM                                              Terms: Net 30 Days

| Ordered | Shipped | Date | Product No. | Description | Price | | Total |
|---------|---------|------|-------------|-------------|-------|------|-------|
| 500 | 120 | 3/5/2015 | P413720770 | *Redacted* | *Redacted* | Per M | *Redacted* |
| 500 | 380 | 3/5/2015 | P413720770 | *Redacted* | *Redacted* | Per M | *Redacted* |
| | 500 | | | | Sub Total: | | |

$0.00
$0.00
Misc:        $0.00

Freight:  FEDEX FIRST OVERNIGHT NO CHARGE ; UPS GROUND PP&A SRC ACCT# *redacted*      *Redacted*

Tax        $0.00
Total Invoice       *Redacted*
Prepayment        $0.00
Balance Due       *Redacted*

# EXHIBIT "D"

Packing Slip No.    418214

Page 1

# Packing Slip / Bill of Lading

Date 3/5/2015

Tracking No.: *Redacted*

Ticket No. *Redacted*

To:

Attn:

*Customer name and Address Redacted*

From:

STANDARD REGISTER -DAYTON
600 ALBANY STREET
PO BOX 1167
DAYTON, OH 45401
USA

PO No.: A431968                    Ref. No.: _____

## SHIP VIA: UPS GROUND PP&A SRC ACCT#A6862F

| Product Number | Description | Ordered | Previous | Shipped | Back Order |
|---|---|---|---|---|---|
| P | *Redacted* | *Redacted* | 0 | | 0 |

### Notes

FREIGHT: Prepaid            Cartons  1            Weight 2.2 lbs.            Shipping Class: 55
Freight Acct. No.

Signature _____    Date _____

Page 1

Packing Slip No.    418212

# Packing Slip / Bill of Lading

Date 3/5/2015

Ticket No. *Redacted*

Tracking No.: *Redacted*

To:

Attn:

*'customer name and address Redacted*

From:
STANDARD REGISTER -DAYTON
600 ALBANY STREET
PO BOX 1167
DAYTON, OH 45401
USA

PO No.: A431968
EARLY A.M. DEL REQUESTED

Ref. No.: 2882506

## SHIP VIA: FEDEX FIRST OVERNIGHT NO CHARGE

| Product Number | Description | Ordered | Previous | Shipped | Back Order |
|---|---|---|---|---|---|
| P4 | *Redacted* | *Redacted* | | | |

## Notes

FREIGHT: Prepaid          Cartons  1          Weight 0.7 lbs.          Shipping Class: 55

Freight Acct. No.

Signature _____          Date _____