## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SRC LIQUIDATION COMPANY, *et al.*,[1] | Case No. 15-10541 (BLS) |
| Debtors. | Jointly Administered |
| | **Hearing Date:  October 14, 2015 at 10:30 a.m. (ET)**<br>**Objection Deadline:  September 18, 2015 at 4:00 p.m. (ET)** |

### DEBTORS' SECOND MOTION FOR ENTRY OF AN ORDER
### EXTENDING THE PERIOD WITHIN WHICH THE DEBTORS
### MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

submit this motion (this "Motion") for the entry of an order (the "Proposed Order"), substantially

in the form attached hereto as Exhibit A, extending the deadline by which the Debtors may

remove causes of actions and related proceedings (the "Removal Deadline"), pursuant to 28

U.S.C. § 1452, by approximately ninety days, through and including December 7, 2015.  In

support of this Motion, the Debtors respectfully state as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and

1334 and the *Amended Standing Order of Reference* from the United States District Court for the

District of Delaware dated as of February 29, 2012.  This matter is a core proceeding within the

meaning of 28 U.S.C. § 157(b)(2), and pursuant to Rule 9013-1(f) of the Local Rules of

Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

---

[1]     The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  SRC Liquidation Company (5440); SR Liquidation Holding Company (3186); SR Liquidation Technologies, Inc. (3180); SR Liquidation International, Inc. (1861); iMLiquidation, LLC (6337); SR Liquidation of Puerto Rico Inc. (0578); SR Liquidation Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and SR Liquidation Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

Delaware (the "Local Rules"), the Debtors consent to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory bases for the relief requested herein are 28 U.S.C. § 1452 and Rules 9006 and 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

### A.      General Background

3.      On March 12, 2015 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Court").  Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are continuing to manage their financial affairs as debtors in possession.  No request for a trustee or examiner has been made in these chapter 11 cases (collectively, the "Chapter 11 Cases").

4.      On March 24, 2015, the Office of the United States Trustee for the District of Delaware (the "UST") appointed a statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee").

5.      Information regarding the Debtors' history and business operations, capital structure and primary secured indebtedness, and the events leading up to the commencement of these Chapter 11 Cases, can be found in *Declaration of Kevin Carmody in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* [Docket No. 2].

**B.      The Prior Extension Request**

6.      On June 8, 2015, the Debtors filed a motion [Docket No. 636] (the "First
Extension Motion") seeking entry of an order extending the initial Removal Deadline.  On June
25, 2015, the Court entered an order [Docket No. 733] (the "First Extension Order") granting the
First Extension Motion and extending the Removal Deadline through and including September 8,
2015 (the "Current Removal Deadline"), without prejudice to the Debtors' rights to seek further
extensions of the Removal Deadline.

## RELIEF REQUESTED

7.      By this Motion, the Debtors seek entry of the Proposed Order extending the
Removal Deadline by approximately 90 days, through and including December 7, 2015, [2]
without prejudice to the rights of the Debtors and their estates to seek further extensions of time
within which to remove actions and related proceedings.

## BASIS FOR RELIEF

8.      Bankruptcy Rule 9027 and 28 U.S.C. § 1452 govern the removal of pending civil
actions.  Specifically, section 1452(a) provides that:

> [a] party may remove any claim or cause of action in a civil action
> other than a proceeding before the United States Tax Court or a civil
> action by a governmental unit to enforce such governmental unit's
> police or regulatory power, to the district court for the district where
> such civil action is pending, if such district court has jurisdiction of
> such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).  Bankruptcy Rule 9027(a)(2) further provides, in pertinent part that:

> [i]f the claim or cause of action in a civil action is pending when a case
> under the [Bankruptcy] Code is commenced, a notice of removal may
> be filed in the bankruptcy court only within the longest of (A) 90 days
> after the order for relief in the case under the Code, (B) 30 days after

---

[2]      Pursuant to Local Rule 9006-2, the filing of this Motion before the expiration of the Current Removal Deadline
shall automatically extend the Current Removal Deadline until the Court acts on this Motion without the
necessity for entry of a bridge order.

> entry of an order terminating a stay, if the claim or cause of action in a
> civil action has been stayed under § 362 of the Code, or (C) 30 days
> after a trustee qualifies in a chapter 11 reorganization case but not later
> than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

9.    Bankruptcy Rule 9006(b) provides that the Court may extend unexpired time

periods, such as the Debtors' removal period, without notice:

> [W]hen an act is required or allowed to be done at or within a
> specified period by [the Bankruptcy Rules] or by a notice given
> thereunder or by order of court, the court for cause shown may at
> any time in its discretion … with or without motion or notice order
> the period enlarged if the request therefor is made before the
> expiration of the period originally prescribed or as extended by a
> previous order.

*Id.* at 9006(b)(1).  Accordingly, the Court is authorized to grant the relief requested herein.  *See*

*Raff v. Gordon*, 58 B.R. 988 (Bankr. E.D. Pa. 1986) (stating that period in which to file a motion

to remove may be expanded pursuant to Bankruptcy Rule 9006); *Jandous Elec. Constr. Corp. v.*

*City of New York (In re Jandous Elec. Constr. Corp.)*, 106 B.R. 48 (Bankr. S.D.N.Y. 1989)

(same); *see also, Doan v. Loomis (In re Fort Dodge Creamery Co.)*, 117 B.R. 438 (Bankr. N.D.

Iowa 1990) (implying that time period in which removal motion may be filed may be extended

pursuant to Bankruptcy Rule 9006); *In re Boyer*, 108 B.R. 19 (Bankr. N.D.N.Y. 1988) (same).

10.    The Debtors are parties to a number of actions currently pending in the courts of

certain states and federal districts (each, an "Action" and, collectively, the "Actions"), and

believe that it is prudent to seek an extension of the time established by Bankruptcy Rule 9027 to

protect the rights of the Debtors and their estates to remove the Actions.

11.    The Debtors submit that extending the Current Removal Deadline is in the best

interests of the Debtors, their estates, and creditors.  As detailed in the First Extension Motion,

during the first several months of these Chapter 11 Cases, the Debtors' management and

professional advisors devoted a significant amount of time and effort towards ensuring a smooth transition of the Debtors' operations into chapter 11.  At the same time, both prior and subsequent to the Petition Date, the Debtors and their advisors devoted a substantial amount of time, energy, and resources towards marketing substantially all of the Debtors' assets and maximizing value through a going concern sale.  At the time the First Extension Order was entered, the Debtors had recently gained Court approval for the sale (the "Sale") of substantially all of the Debtors' assets to Taylor Corporation ("Taylor"), and efforts by all interested parties were ongoing to consummate the transactions contemplated thereby and close the Sale prior to August 1, 2015.

12.    Subsequent to entry of the First Extension Order, the Debtors successfully closed the Sale and transitioned operations to Taylor on July 31, 2015.  In addition, the Debtors have, among other things, (i) conducted extensive due diligence in connection with the claims reconciliation process and filed three claims objections; (ii) negotiated and resolved previously-unresolved cure disputes; (iii) engaged in negotiations with applicable union representatives and taken steps to terminate the Debtors' various collective bargaining agreements; (iv) participated in extensive litigation with ex-employees to protect the best interests of the Debtors and their estates; (v) complied with their various reporting requirements in these Chapter 11 Cases; and (vi) begun formulating a viable plan of liquidation, in cooperation with the Committee, and a streamlined process to wind down the Debtors' remaining affairs in an expeditious and efficient manner.   Moreover, the Debtors continue to work closely with Taylor to ensure that they meet their obligations under the Sale's underlying asset purchase agreement.

13.    As a result of the foregoing, and the other administrative obligations placed on the Debtors and their advisors, the Debtors have not had sufficient time to review the Actions to

determine if any should be removed pursuant to Bankruptcy Rule 9027(a).  Accordingly, the

Debtors submit that extending the Current Removal Deadline is in the best interest of the

Debtors, their estates, and creditors.  The extension sought will afford the Debtors an opportunity

to make more fully-informed decisions concerning the removal of any Actions, and will assure

that the Debtors and their estates do not forfeit the valuable rights afforded to them under 28

U.S.C. § 1452.  Furthermore, the Debtors submit that granting the extension requested herein

will not prejudice the rights of their adversaries in the Actions because, in many (if not all)

circumstances, such parties may not prosecute these Actions absent relief from the automatic

stay.  In addition, nothing herein will prejudice any party to an Action that the Debtors may

ultimately attempt to remove from seeking the remand of such Action under 28 U.S.C.

§ 1452(b) at the appropriate time.

14.     For the reasons set forth above, the Debtors submit that extending the Current

Removal Deadline through and including December 7, 2015, is necessary, prudent, and in the

best interests of the Debtors, their estates and creditors.

## **NOTICE**

15.     Notice of this Motion has been provided to (a) the UST; (b) counsel to the

Committee; (c) counsel to Silver Point, in its capacity as administrative and collateral agent for

certain secured lenders; (d) all known parties to the Actions or their counsel, if known; and (e) all

entities that have requested notice pursuant to Bankruptcy Rule 2002.  The Debtors respectfully

submit that no further notice of this Motion is required.

*[Remainder of Page Intentionally Left Blank]*

01:17645402.2

WHEREFORE, the Debtors respectfully request entry of the Proposed Order,

substantially in the form attached hereto as <u>Exhibit A</u>, granting the relief requested herein and

such other and further relief as is just and proper.

Dated:  September 4, 2015
        Wilmington, Delaware                  */s/ Andrew L. Magaziner*_____
                                              Michael R. Nestor (No. 3526)
                                              Kara Hammond Coyle (No. 4410)
                                              Andrew L. Magaziner (No. 5426)
                                              YOUNG CONAWAY STARGATT & TAYLOR, LLP
                                              Rodney Square
                                              1000 North King Street
                                              Wilmington, Delaware 19801
                                              Telephone:  (302) 571-6600
                                              Facsimile:  (302) 571-1253
                                              mnestor@ycst.com
                                              kcoyle@ycst.com
                                              amagaziner@ycst.com

                                              -and-

                                              Michael A. Rosenthal (NY No. 4697561)
                                              Jeremy L. Graves (CO No. 45522)
                                              Matthew G. Bouslog (CA No. 280978)
                                              GIBSON, DUNN & CRUTCHER LLP
                                              200 Park Avenue
                                              New York, New York 10166-0193
                                              Telephone: (212) 351-4000
                                              Facsimile: (212) 351-4035
                                              mrosenthal@gibsondunn.com
                                              jgraves@gibsondunn.com
                                              mbouslog@gibsondunn.com

                                              *Counsel to the Debtors and*
                                              *Debtors in Possession*

01:17645402.2