IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>The Standard Register Company, *et. al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-10541 (BLS)<br><br>(Jointly Administered)<br><br>Objection Deadline: Sept. 10, 2015 at 4:00 p.m. (extended by agreement)<br><br>Hearing Date: September 21, 2015 at 10:00 a.m.<br><br>Related Docket No. 964 |

### RESPONSE OF HARMONY PRESS, INC. IN OPPOSITION TO DEBTORS' FIRST OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS (DROP-SHIP ADMINISTRATIVE PRIORITY CLAIMS) PURSUANT TO SECTION 502 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 3007 AND LOCAL RULE 3007-1

Harmony Press, Inc. d/b/a Harmony Marketing Group ("Harmony") hereby responds in opposition (the "Response") to the Debtors' First Omnibus (Substantive) Objection to Claims (Drop-Ship Administrative Priority Claims) Pursuant to Section 502 of the Bankruptcy Code Bankruptcy Rule 3007 and Local Rule 3007-1 (the "First Omnibus Objection"). In support thereof, Harmony respectfully represents as follows:

### BACKGROUND

1.  On or about March 12, 2015 (the "Petition Date"), each of the above-captioned debtors (the "Debtors") filed their respective voluntary petitions in the Court seeking

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: SRC Liquidation Company (5440); SR Liquidation Holding Company (3186); SR Liquidation Technologies, Inc. (3180); SR Liquidation International, Inc. (1861); iMedLiquidation, LLC (6337); SR Liquidation of Puerto Rico, Inc. (0578); SR Liquidation Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and SR Liquidation Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. Harmony is a vendor that provided goods and services to the Debtors in the pre-petition period pursuant to that certain Preferred Certified Supplier Agreement (the "Supplier Agreement") dated November 6, 2007, as amended by that certain modification dated January 22, 2012 (the "First Amendment"), and the Addendum to Preferred Subcontractor Agreement effective April 1, 2014 (the "Second Amendment;" the Supplier Agreement, the First and Second Amendments, together, the "Agreement"). A copy of the Agreement is attached hereto as Exhibit A.

3. On or about April 7, 2015, Harmony timely filed proof of claim number 503 asserting a general unsecured claim in the amount of $332,142.68 on account of the pre-petition goods and services that it provided to the Debtors. On or about June 2, 2015, Harmony timely filed amended proof of claim number 1298 in the same aggregate amount, but asserting $140,868.68 as an administrative expense priority claim (the "Harmony 503(b)(9) Claim") pursuant to section 503(b)(9) of the Bankruptcy Code on account of goods that it provided to the Debtors in the 20 days prior to the Debtors' Petition Date.

4. In the First Omnibus Objection, the Debtors object to the Harmony 503(b)(9) Claim on the basis that the goods provided by Harmony were "drop-shipped" by Harmony directly to the Debtors' customers at the Debtors' direction, and that, as such, the Debtors never had the requisite possession of the goods to qualify for administrative expense priority status under section 503(b)(9).

**RESPONSE**

5. Section 503(b)(9) of the Bankruptcy Code provides, in relevant part:

After notice and a hearing, there shall be allowed administrative expenses ... including –

(9) the value of any goods received by the debtor within 20 days before the date

of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of the debtor's business.

11 U.S.C. §503(b)(9).

6. The terms "received" and "receipt" are not defined in the Bankruptcy Code. In re Momenta, Inc., 455 B.R. 353, 358 (Bankr.D.N.H. 2011). To be "received by the debtor" within the meaning of section 503(b)(9), courts have held goods must be "possessed by the debtor, either actually or constructively." In re World Imports, 516 B.F. 296, 300 (E.D. Pa. 2014) (citation omitted). While drop-shipped goods may never come into the actual possession of a debtor, such goods still qualify for administrative expense status under section 503(b)(9) if they come into the debtor's constructive possession "for even a moment" during the 20 days prior to the debtor's petition date. In re Momenta, Inc., 455 B.R. at 360-61 ("a seller may have an administrative expense claim in a drop shipment situation, so long as the debtor at some point had constructive possession of the goods").

7. In determining whether goods have been "received," courts use the same interpretation under section 503(b)(9) and section 546(c) of the Bankruptcy Code. *See e.g.*, In re Momenta, 455 B.R. at 360. The requisite possession that a debtor must have under either statute occurs when a seller "can no longer stop delivery of the goods and is left with only the remedy of reclamation." In re Bill's Dollar Stores, Inc., 164 B.R. 471, 475 (Bankr. D. Del. 1994) (decided under section 546(c)(1)); In re Wezbra Dairy, LLC, 493 B.R. 768, 770 (Bankr.N.D.Ind. 2013). "Constructive possession commonly occurs when goods are delivered to the buyer's agent, often a bailee, and the agent has actual possession of them." In re Wezbra, 493 B.R. at 770 n.4. For instance, in Montello Oil Corp. v. Marin Motor Oil, Inc., the Third Circuit held that oil was received when it was pumped into a storage facility operated by a buyer's bailee, at which point the seller could no longer stop delivery. 740 F.2d 220, 225 (3d Cir. 1984).

8. The goods provided by Harmony were required by the Debtors to be drop shipped to the Debtors' customers. In addition, on information and belief, some or all of the goods that form the basis of the Harmony 503(b)(9) Claim were delivered using the Debtors' selected carrier. See Second Amendment, Paragraph 4, providing that risk of loss transfers to Standard Register at point of shipment when using Standard Register's carrier. Accordingly, Harmony lost the power to stop delivery of the goods when it turned possession over to the Debtors' carrier, and the Debtors had constructive possession of such goods at that point in time, which was within the 20 days prior to the Petition Date. For these reasons, the Debtors' objection to the Harmony 503(b)(9) Claim is at best premature.

9. Harmony continues to review its records to clarify the relevant facts and circumstances concerning delivery of the goods related to its 503(b)(9) Claim and the factors concerning the Debtors' possession of the goods, and reserves its right to supplement this response. Harmony also reserves all of its rights under Fed.R.Bankr.P. 9014 to take discovery from the Debtors with respect to its 503(b)(9) Claim.

WHEREFORE, Harmony respectfully requests that the Court deny the Debtors' Objection, and for such other and further relief as the Court may deem appropriate.

Dated: September 10, 2015

ASHBY & GEDDES, P.A.

/s/ Benjamin W. Keenan
William P. Bowden (#2553)
Benjamin W. Keenan (#4724)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
Facsimile: (302) 654-2067
E-mail: wbowden@ashby-geddes.com
bkeenan@ashby-geddes.com

*Attorneys for Harmony Press, Inc., dba Harmony Marketing Group*