IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| *In re*: | : | Chapter 11 |
| | : | |
| SRC LIQUIDATION COMPANY, *et al.* | : | Case No. 15-10541 (BLS) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |
| | : | Hearing Date: 9/21/15 at 10:00 a.m. |
| | : | Objection Deadline: 9/14/15 at 4:00 p.m. |

**UNITED STATES TRUSTEE'S RESPONSE TO AND RESERVATION OF RIGHTS ON DEBTORS' MOTION FOR AN ORDER (I) SCHEDULING COMBINED HEARING ON APPROVAL OF DISCLOSURE STATEMENT AND CONFIRMATION OF PLAN, (II) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES ON PLAN AND (III) APPROVING RELATED MATTERS (D.I. 992)**

In support of his Response to and Reservation of Rights on the Debtors' Motion for an Order (i) Scheduling Combined Hearing on Approval of Disclosure Statement and Confirmation of Plan, (ii) Establishing Procedures for Solicitation and Tabulation of Votes on Plan and (iii) Approving Related Matters, (the "Motion"), Andrew R. Vara, Acting United States Trustee for Region 3 ("U.S. Trustee"), by undersigned counsel, avers as follows:

1. This Court has jurisdiction to hear this Response and Reservation of Rights.

2. Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with overseeing the administration of Chapter 11 cases filed in this judicial district. This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

3. In furtherance of his case supervisory responsibilities, as well as pursuant to 11 U.S.C. § 307, the U.S. Trustee has standing to raise and be heard on this Response and Reservation of Rights.

4. The Debtors commenced this case on March 12, 2015 by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

5. An official committee of unsecured creditors was formed on March 24, 2015.

6. The Debtors filed the Motion on August 31, 2015.

7. The Debtors have not yet filed their Plan and Disclosure Statement, and those documents may not be filed before the objection deadline applicable to the Motion.

8. Although the relief sought in the Motion may be appropriate, the U.S. Trustee must have an adequate opportunity to review the Plan and Disclosure Statement before the scheduled hearing on the Motion. Such review is critical to ensure that the Plan and Disclosure Statement do not contain provisions, errors, or omissions that render the Plan unconfirmable or that would require re-solicitation before the Plan could be confirmed, thereby undermining the economies sought through the proposed combined hearing.

9. The U.S. Trustee reserves the right to object at the September 21, 2015 hearing on the Motion following receipt and review of the Plan and Disclosure Statement.

WHEREFORE, subject to the foregoing reservation of rights, the United States Trustee respectfully requests that the Court grant such relief as is appropriate.

Respectfully submitted,

**ANDREW R. VARA**
**ACTING UNITED STATES TRUSTEE**
**Region 3**

Dated: September 11, 2015        **BY:**   /s/ Mark S. Kenney
                                           Mark S. Kenney
                                           Trial Attorney
                                           Office of the United States Trustee
                                           J. Caleb Boggs Federal Building
                                           844 King Street, Suite 2207, Lockbox 35
                                           Wilmington, DE 19801
                                           (302) 573-6491
                                           (302) 573-6497 (Fax)