**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| SRC LIQUIDATION COMPANY, *et al.*,[1] | Case No. 15-10541 (BLS) |
| Debtors. | Jointly Administered |
| | Hearing Date: October 14, 2015 at 10:30 a.m. (ET) |
| | Obj. Deadline: September 28, 2015 at 4:00 p.m. (ET) |

**DEBTORS' FOURTH (4TH) OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1**

SRC Liquidation Company and its above-captioned affiliated debtors and debtors in possession (each, a "Debtor," and collectively, the "Debtors") hereby file this objection (this "Objection"), pursuant to section 502 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to each of the claims (collectively, the "Disputed Claims") filed against the Debtors and their estates that are listed on Exhibits A through D to the proposed form of order (the "Proposed Order") attached hereto as Exhibit 2, and request the entry of the Proposed Order disallowing each of the Disputed Claims on the grounds set forth herein. In support of this Objection, the Debtors rely on the Declaration of Kevin M. Carmody (the "Carmody Declaration"), a copy of which is attached

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: SRC Liquidation Company (5440); SR Liquidation Holding Company (3186); SR Liquidation Technologies, Inc. (3180); SR Liquidation International, Inc. (1861); iMLiquidation, LLC (6337); SR Liquidation of Puerto Rico Inc. (0578); SR Liquidation Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and SR Liquidation Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

hereto as Exhibit 1. In further support of this Objection, the Debtors respectfully represent as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012 (the "Amended Standing Order"). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution. Pursuant to Local Rule 9013-1(f), the Debtors consent to entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are section 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1.

## BACKGROUND

**A.    General Background**

3. On March 12, 2015, each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court"). Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are continuing to manage their financial affairs as debtors in possession. No request for a trustee or examiner has been made in these chapter 11 cases (collectively, the "Chapter 11 Cases").

4. On March 24, 2015, the Office of the United States Trustee for the District of Delaware (the "UST") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee").

5. Information regarding the Debtors' history and business operations, capital structure and primary secured indebtedness, and the events leading up to the commencement of these Chapter 11 Cases, can be found in *Declaration of Kevin Carmody in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* [Docket No. 2].

**B.    Debtors' Schedules**

6. On May 11, 2015, each of the Debtors filed their Schedules of Assets and Liabilities [Docket Nos. 475, 477, 479, 481, 483, 485, 487, 489, 491, 493, and 495].

**B.    Proofs of Claim**

7. On March 13, 2015, the Court entered an order [Docket No. 54] appointing Prime Clerk LLC ("Prime Clerk") as claims and noticing agent in these Chapter 11 Cases.  Among other things, Prime Clerk is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain official claims registers for each Debtor.

**B.    Bar Dates**

8. On May 8, 2015, the Court entered the *Order Pursuant to Bankruptcy Rule 3003(c)(3) and Local Rule 2002-1(e) Establishing Bar Dates and Related Procedures for Filing Proofs of Claim (Including for Administrative Expense Claims Arising under Section 503(b)(9) of the Bankruptcy Code) and Approving the Form and Manner of Notice Thereof* [Docket No. 449] (the "Bar Date Order"), establishing (i) July 8, 2015 at 5:00 p.m. (Prevailing Eastern Time) as the deadline by which a person or entity (including, without limitation, each individual,

partnership, joint venture, corporation, estate, and trust), other than a governmental unit, must file a proof of claim based on prepetition claims against the Debtors (the "General Bar Date");[2] (ii) June 9, 2015 at 5:00 p.m. (Prevailing Eastern Time) as the deadline by which a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must be filed (the "Section 503(b)(9) Bar Date"); and (iii) September 8, 2015 at 5:00 p.m. (Prevailing Eastern Time) as the deadline by which any governmental unit (as such term is defined in section 101(27) of the Bankruptcy Code) must file a proof of claim against the Debtors (together with the Section 503(b)(9) Bar Date and General Bar Date, the "Bar Dates").  Finally, the General Bar Date Order exempted from the proof of claim filing requirements:

> Any person or entity holding an equity security (as defined in section 101(16) of the Bankruptcy Code and including, without limitation, common stock, preferred stock, warrants, or stock options) or other ownership interest in the Debtors (an "Interest Holder") is not required to file a proof of interest on or before the applicable Bar Date; provided, however, that an Interest Holder that wishes to assert claims against the Debtors that arise out of or relate to the ownership or purchase of an equity security or other ownership interest, including, but not limited to, a claim for damages or rescission based on the purchase or sale of such equity security or other ownership interest, must file a Proof of Claim on or before the applicable Bar Date.

Bar Date Order ¶ 12.

9.      Notice of the Bar Dates was served on all known creditors and equity holders.  In addition, the Debtors caused to be published notice of the Bar Dates in (a) *USA Today* (National Edition) and the *Dayton Daily News* on May 18, 2015 and (b) *Today on PIWorld*, a daily email newsletter, on four consecutive issues, dated May 26, 2015 through May 29, 2015.  *See* Affidavit of Publication [Docket No. 600] filed on June 3, 2015.

---

[2] Certain classes of claims, including nonqualified pension benefits claims, are excepted from the General Bar Date.

## RELIEF REQUESTED

10. By this Objection, the Debtors seek entry of an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, disallowing in full each of the Disputed Claims as set forth herein.

11. In accordance with Local Rule 3007-1(e)(i)(E), the Debtors believe that this Objection complies in all material respects with Local Rule 3007-1.

## OBJECTION

12. Section 502(b) of the Bankruptcy Code provides that:

> The court, after notice and a hearing, shall determine the amount of [a] claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent . . . such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured.

11 U.S.C. § 502(b)(1).

13. The Disputed Claims are unenforceable against the Debtors because they are either:

   a. based solely on ownership of stock in the Debtors and not on account of damages or a claim against the Debtors;

   b. entirely duplicative of previously filed proofs of claim;

   c. amended and superseded by claims subsequently filed by the creditor asserting the claim; or

   d. untimely as a result of failure to file a claim by the applicable Bar Date.

Therefore, pursuant to sections 502(b)(1) of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1, the Debtors respectfully request that the Court enter an order disallowing each Disputed Claim.

**A.      Equity Interest Claims**

14.     The claims listed in <u>Exhibit A</u> to the Proposed Order were filed by parties on account of equity interests held in SRC Liquidation Company (f/k/a The Standard Register Company) (collectively, the "<u>Equity Interest Claims</u>").  The Debtors object to the Equity Interest Claims because they were filed by shareholders based solely on stock ownership in the Debtors and not on account of damages or a claim against the Debtors.  The ownership of an equity interest in the Debtors does not, in and of itself, constitute a "claim" against the Debtors' estates as the term is defined in section 101(5) of the Bankruptcy Code.  Therefore, the Debtors hereby object to the Equity Interest Claims and request entry of the Proposed Order disallowing each of the Equity Interest Claims.

**B.      Duplicate Claims**

15.     The claims listed in <u>Exhibit B</u> to the Proposed Order under the column heading "Duplicate Claims to be Disallowed" (collectively, the "<u>Duplicate Claims</u>") are duplicative of the subsequently filed proofs of claim identified under the column heading "Remaining Claims" on <u>Exhibit B</u> to the Proposed Order.  The Debtors believe that it was not the intention of the claimants asserting such claims to seek a double recovery against the Debtors' estates.  Instead, the filing of Duplicate Claims appears to be a function of claimants filing multiple proof of claim forms on account of a single claim or filing the same claim with multiple parties (*e.g.* Prime Clerk, the Debtors, and the Debtors' counsel).  Regardless of the claimants' reasons for filing Duplicate Claims, however, only one claim should be allowed for each claimant.

16.     Failure to disallow the Duplicate Claims will result in the applicable claimants receiving an unwarranted double recovery against the Debtors' estates, to the detriment of unsecured creditors in these cases.  Accordingly, the Debtors hereby object to the Duplicate Claims and request entry of an order disallowing each Duplicate Claim listed on <u>Exhibit B</u> to the

Proposed Order. If the Debtors' objection to the Duplicate Claims is sustained, the claims listed under the column heading "Remaining Claims" on <u>Exhibit B</u> to the Proposed Order will remain on the official claims register, subject to the Debtors' right to object on any grounds that bankruptcy or non-bankruptcy law permits. Therefore, any claimant holding a Duplicate Claim will suffer no prejudice by having its Duplicate Claim disallowed.

### C.    Amended and Superseded Claims

17.    The Disputed Claims listed in <u>Exhibit C</u> to the Proposed Order under the column heading "Amended Claims to be Disallowed" are those claims that have been amended and superseded by subsequently-filed proofs of claims identified under the column heading "Remaining Claims" on <u>Exhibit C</u> to the Proposed Order (collectively, the "<u>Amended and Superseded Claims</u>"). The Amended and Superseded Claims, thus, no longer represent valid claims against the Debtors' estates. Failure to disallow the Amended and Superseded Claims would result in the applicable claimants receiving an unwarranted double recovery against the Debtors' estates, to the detriment of unsecured creditors in these cases.

18.    Therefore, the Debtors object to the allowance of each Amended and Superseded Claim listed in <u>Exhibit C</u> to the Proposed Order and request that such Amended and Superseded Claims under the column heading "Amended Claims to be Disallowed" be disallowed. If the Debtors' objection to the Amended and Superseded Claims is sustained, the claims listed under the column heading "Remaining Claim" on <u>Exhibit C</u> to the Proposed Order will remain on the official claims register, subject to the Debtors' right to object on any grounds that bankruptcy or non-bankruptcy law permits. Therefore, any claimant holding an Amended and Superseded Claim will suffer no prejudice by having such claims disallowed.

**D.     Late Filed Claims**

19.     The claims listed in Exhibit D to the Proposed Order were filed after the applicable Bar Date (collectively, the "Late Filed Claims"), on the date listed under the column heading "Claim Filed Date."  Therefore, the Debtors hereby object to the Late Filed Claims and request entry of the Proposed Order disallowing in full each of the Late Filed Claims.

**RESERVATION OF RIGHTS**

20.     The Debtors expressly reserve the right to amend, modify, or supplement this Objection.  Should one or more of the grounds for this Objection be dismissed or overruled, the Debtors reserve the right to object to any Disputed Claim listed on Exhibits A through D to the Proposed Order on any other ground.  The Debtors also expressly reserve the right to commence additional proceedings with respect to the claims that are subject to this Objection, including but not limited to proceedings under sections 502(d), 510, 542, 543, 544, 545, 547, 548, 549, 550, 551, and 553 of the Bankruptcy Code.

**NOTICE**

21.     The Debtors have provided notice of this Objection to (i) the UST; (ii) counsel to the Committee; (iii) counsel for Silver Point Finance, LLC, in its capacity as administrative agent under the Debtors' Second Lien Credit Agreement; (iv) counsel to the agents under the Debtors' debtor-in-possession financing facilities; (v) the holders of the Disputed Claims; and (vi) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as Exhibit 2, sustaining this Objection in all respects and granting such other and further relief as the Court may deem just and proper.

Dated: September 14, 2015
Wilmington, Delaware

*/s/ Elizabeth S. Justison*
Michael R. Nestor (No. 3526)
Kara Hammond Coyle (No. 4410)
Andrew L. Magaziner (No. 5426)
Elizabeth S. Justison (No. 5911)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
mnestor@ycst.com
kcoyle@ycst.com
amagaziner@ycst.com
ejustison@ycst.com

-and-

Michael A. Rosenthal (NY No. 4697561)
Jeremy L. Graves (CO No. 45522)
Matthew G. Bouslog (CA No. 280978)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
mrosenthal@gibsondunn.com
jgraves@gibsondunn.com
mbouslog@gibsondunn.com

*Counsel to the Debtors and Debtors in Possession*