# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SRC LIQUIDATION COMPANY, *et al.*,[1] | Case No. 15-10541 (BLS) |
| Debtors. | Jointly Administered |
| | Re: Docket Nos. 965 & 987 |

## CERTIFICATION OF COUNSEL REGARDING ORDER SUSTAINING DEBTORS' SECOND (2ND) OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 3007 AND LOCAL RULE 3007-1

The undersigned hereby certifies as follows

1. On August 21, 2015, the above captioned debtors and debtors-in-possession (collectively, the "Debtors") filed the *Debtors' Second (2nd) Omnibus (Substantive) Objection to Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1* [Docket No. 965] (the "Objection") with the United States Bankruptcy Court for the District of Delaware (the "Court"). The deadline to file responses to the Objection was initially established as September 4, 2015 at 4:00 p.m. (ET) (the "Objection Deadline").

2. On August 28, 2015 the Debtors filed the *Notice of Corrected Exhibits to Various Omnibus Objections to Claims* (the "Notice") and served such Notice on all affected parties. Pursuant to the Notice, the Objection Deadline was extended to September 11, 2015 at 4:00 p.m. (ET) (the "Extended Objection Deadline") for all claimants affected by the Notice to allow such parties additional time to review the exhibits, as revised. No responses were received

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: SRC Liquidation Company (5440); SR Liquidation Holding Company (3186); SR Liquidation Technologies, Inc. (3180); SR Liquidation International, Inc. (1861); iMLiquidation, LLC (6337); SR Liquidation of Puerto Rico Inc. (0578); SR Liquidation Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and SR Liquidation Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

with respect to the Objection or the Notice by the Extended Objection Deadline.

WHEREFORE, it is hereby respectfully requested that the Order attached hereto as <u>Exhibit I</u> be entered at the earliest convenience of the Court.

Dated: September 16, 2015
Wilmington, Delaware

*/s/ Andrew L. Magaziner*
Michael R. Nestor (No. 3526)
Kara Hammond Coyle (No. 4410)
Andrew L. Magaziner (No. 5426)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
mnestor@ycst.com
kcoyle@ycst.com
amagaziner@ycst.com

-and-

Michael A. Rosenthal (NY No. 4697561)
Samuel A. Newman (CA No. 217042)
Jeremy L. Graves (CO No. 45522)
Matthew G. Bouslog (CA No. 280978)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
mrosenthal@gibsondunn.com
snewman@gibsondunn.com
jgraves@gibsondunn.com
mbouslog@gibsondunn.com

*Counsel to the Debtors and Debtors in Possession*

**EXHIBIT I**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| SRC LIQUIDATION COMPANY, *et al.*,[1] | Case No. 15-10541 (BLS) |
| Debtors. | Jointly Administered |
| | Re: Docket Nos. 965 & 987 |

**ORDER SUSTAINING DEBTORS' SECOND (2ND) OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 3007 AND LOCAL RULE 3007-1**

Upon consideration of the *Debtors' Second (2nd) Omnibus (Substantive) Objection to Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007*-1 (the "Objection")[2] and the Carmody Declaration; and this Court having jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and this Court having found that venue of these Chapter 11 Cases and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having determined that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Objection is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and this Court having determined that notice of the Objection was good and sufficient upon the particular circumstances and that no other or further notice need be given; and upon the record herein; and after due deliberation thereon and

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: SRC Liquidation Company (5440); SR Liquidation Holding Company (3186); SR Liquidation Technologies, Inc. (3180); SR Liquidation International, Inc. (1861); iMLiquidation, LLC (6337); SR Liquidation of Puerto Rico Inc. (0578); SR Liquidation Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and SR Liquidation Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

good and sufficient cause appearing therefor; it is hereby **ORDERED, ADJUDGED, AND DECREED THAT**:

1. The Objection is SUSTAINED as set forth herein.

2. The Disputed Claims identified on the attached Exhibit A are hereby reclassified in the manner set forth in Exhibit A according to the classification designated in the column titled "Modified Reclassification Status" for the respective Disputed Claims. Pursuant to Local Rule 3007-1(f), nothing in this Order shall be construed to prejudice the rights of the Debtors, or any other party in interest, to object to the Disputed Claim listed on Exhibit A (as reclassified) on any other grounds, including further objection to classification or amount asserted.

3. The Debtors' objection to each Disputed Claim addressed in the Objection constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed a separate order with respect to each claim. Any stay of this Order pending appeal by any of the claimants subject to this Order shall only apply to the contested matter that involves such claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters covered hereby.

4. The Debtors' right to commence additional proceedings with respect to the claims that are subject to the Objection, including but not limited to proceedings under sections 502(d), 510, 542, 543, 544, 545, 547, 548, 549, 550, 551, and 553 of the Bankruptcy Code, is also fully reserved and shall not be prejudiced in any way by the filing of the Objection.

5. The Debtors are authorized and empowered to take all steps necessary and appropriate to carry out and otherwise effectuate the terms, conditions, and provisions of this Order.

6.  This Court shall retain jurisdiction over all affected parties with respect to any matters, claims, or rights arising from or related to the implementation and interpretation of this Order.

Dated: _____, 2015
Wilmington, Delaware

_____
Brendon L. Shannon
Chief United States Bankruptcy Judge

**Exhibit A**
**(Disputed Claims)**

| Name of Claimant | Claim No. | Claim Amount and Classification | Modified Reclassification Status | Reason for Reclassification |
|---|---|---|---|---|
| 1040 Avenue of the Americas LLC | 701 | 503(b)(9) Claim: $472.79<br>Priority Claim: $2,055.28 | 503(b)(9) Claim: $472.79<br>General Unsecured Claim: $2,055.28 | Claimant does not provide any basis for asserting that its claim is entitled to priority status under section 507(a)(7) of the Bankruptcy Code. |
| A and E The Graphics Complex | 1314 | 503(b)(9) Claim: $9,749.99<br>Priority Claim: $866.75<br>General Unsecured Claim: $756.03 | 503(b)(9) Claim: $9,749.99<br>General Unsecured Claim: $1,622.78 | Claimant is not a governmental unit and does not provide any basis for asserting that such claim is entitled to priority status under 507(a)(8) of the Bankruptcy Code. |
| A Quick Cut Stamping & Embossing Inc | 1773 | Priority Claim: $4,482.16<br>General Unsecured Claim: $1,872.16 | General Unsecured Claim: $6,354.32 | Claimant is not an individual and, therefore, is not entitled to a priority claim under section 507(a)(4) of the Bankruptcy Code as asserted. |
| Aaron S. Fink, MD, LLC | 535 | Priority Claim: $1,419.35 | General Unsecured Claim: $1,419.35 | Claimant is not an individual and, therefore, is not entitled to a priority claim under section 507(a)(4) of the Bankruptcy Code as asserted. |

| Name of Claimant | Claim No. | Claim Amount and Classification | Modified Reclassification Status | Reason for Reclassification |
|---|---|---|---|---|
| ACCO Brands USA LLC | 2115 | 503(b)(9) Claim: $7,018.87<br>Administrative Claim: $35,682.26<br>Priority Claim: $19,824.55<br>General Unsecured Claim: $23,369.45 | 503(b)(9) Claim: $7,018.87<br>Administrative Claim: $35,682.26<br>General Unsecured Claim: $43,194.00 | Claimant does not provide any basis for asserting that its claim is entitled to priority status beyond the asserted 503(b)(9) Claim. The asserted claim is only partially entitled to administrative expense status under section 503(b)(9) of the Bankruptcy Code, if at all, and the balance of the claim is a general unsecured claim. |
| BSC Acquisition Sub, LLC dba Double Envelope | 133 | Priority Claim: $273,209.53 | 503(b)(9) Claim: $273,209.53 | Claimant attempted to assert an administrative expense claim under section 503(b)(9) of the Bankruptcy Code, and therefore its claim is not entitled to be classified as a priority claim under any other provision of section 507 of the Bankruptcy Code. |
| CDW, LLC | 337 | Priority Claim: $289,713.77<br>General Unsecured Claim: $322,103.40 | 503(b)(9) Claim: $289,713.77<br>General Unsecured Claim: $322,103.40 | Claimant attempted to assert an administrative expense claim under section 503(b)(9) of the Bankruptcy Code, and therefore its claim is not entitled to be classified as a priority claim under any other provision of section 507 of the Bankruptcy Code. |

| Name of Claimant | Claim No. | Claim Amount and Classification | Modified Reclassification Status | Reason for Reclassification |
|---|---|---|---|---|
| Courier Direct, Inc. | 405 | Priority Claim: $648.81 | General Unsecured Claim: $648.81 | Claimant is not an individual and, therefore, is not entitled to a priority claim under section 507(a)(4) of the Bankruptcy Code as asserted. |
| Enterprise Search Associates, LLC | 1 | Priority Claim: $913.50<br>General Unsecured Claim: $12,600.00 | General Unsecured Claim: $13,513.50 | Claimant is not a governmental unit and does not provide any basis for asserting that its claim is entitled to priority status under section 507(a)(8) of the Bankruptcy Code as asserted. |
| Fukunaga Matayoshi Hershey & Ching | 1665 | Priority Claim: $12,846.36<br>General Unsecured Claim: $503.73 | General Unsecured Claim: $13,350.09 | Claimant is not an individual and, therefore, is not entitled to a priority claim under section 507(a)(4) of the Bankruptcy Code as asserted. |
| J.O.B.E. Services Inc. | 1831 | Priority Claim: $34,342.55 | General Unsecured Claim: $34,342.55 | Claimant does not provide any basis for asserting that its claim is entitled to priority status. |
| Knight Products Group LLC | 820 | 503(b)(9) Claim: $628.65<br>Priority Claim: $44.73 | 503(b)(9) Claim: $628.65<br>General Unsecured Claim: $44.73 | Claimant is not a governmental unit and does not provide any basis for asserting that its claim is entitled to priority status under section 507(a)(8) of the Bankruptcy Code. |
| Long, Thomas Brandt | 2327 | Priority Claim: $25,000.00 | General Unsecured Claim: $25,000.00 | Claimant does not provide any basis for asserting that its claim is entitled to priority status. |

| Name of Claimant | Claim No. | Claim Amount and Classification | Modified Reclassification Status | Reason for Reclassification |
|---|---|---|---|---|
| Long, Thomas Brandt | 2328 | Priority Claim: $25,000.00 | General Unsecured Claim: $25,000.00 | Claimant does not provide any basis for asserting that its claim is entitled to priority status. |
| Marietta Group, LLC | 2066 | Priority Claim: $17,404.96 | General Unsecured Claim: $17,404.96 | Claimant is not an individual and does not provide any basis for asserting that its claim is entitled to priority status under section 507(a)(4) of the Bankruptcy Code |
| Marietta Group, LLC | 2121 | Priority Claim: $2,990.63 | General Unsecured Claim: $2,990.63 | Claimant is not an individual and does not provide any basis for asserting that its claim is entitled to priority status under section 507(a)(4) of the Bankruptcy Code. |
| Martinez, Gilberto | 1998 | Priority Claim: $64,796.00 | General Unsecured Claim: $64,796.00 | Claimant does not provide any basis for asserting that its claim is entitled to priority status. |
| Mike Kelker Machine & Tool | 1420 | Priority Claim: $7,925.00 | General Unsecured Claim: $7,925.00 | Claimant is not an individual and does not provide any basis for asserting that its claim is entitled to priority status under section 507(a)(4) of the Bankruptcy Code. |

| Name of Claimant | Claim No. | Claim Amount and Classification | Modified Reclassification Status | Reason for Reclassification |
|---|---|---|---|---|
| MSC Industrial Supply Co. | 468 | Priority Claim: $39.30<br>General Unsecured Claim: $2,585.94 | 503(b)(9) Claim: $39.30<br>General Unsecured Claim: $2,585.94 | Claimant attempted to assert an administrative expense claim under section 503(b)(9) of the Bankruptcy Code, and therefore its claim is not entitled to be classified as a priority claim under any other provision of section 507 of the Bankruptcy Code. |
| Neerav Information Technology (India) Private Limited | 403 | Priority Claim: $21,883.40 | General Unsecured Claim: $21,883.40 | Claimant is not an individual and does not provide any basis for asserting that its claim is entitled to priority status under section 507(a)(4) of the Bankruptcy Code. |
| Photonic Cleaning Technologies, LLC | 865 | Priority Claim: $5,122.45 | General Unsecured Claim: $5,122.45 | Claimant does not provide any basis for asserting that its claim is entitled to priority status under section 507(a)(1) of the Bankruptcy Code. |
| Randstad North America | 2048 | Priority Claim: $67,477.62 | General Unsecured Claim: $67,477.62 | Claimant is not an individual and does not provide any basis for asserting that its claim is entitled to priority status under section 507(a)(4) of the Bankruptcy Code. |

| Name of Claimant | Claim No. | Claim Amount and Classification | Modified Reclassification Status | Reason for Reclassification |
|---|---|---|---|---|
| Security Of Los Angeles | 2135 | Priority Claim: $486.52 | General Unsecured Claim: $486.52 | Claimant does not provide any basis for asserting that its claim is entitled to priority status under section 507(a)(7) of the Bankruptcy Code. |
| Union Hydraulics Inc | 1269 | Priority Claim: $52.46<br>General Unsecured Claim: $2,776.42 | General Unsecured Claim: $2,828.88 | Claimant is not a governmental unit and does not provide any basis for asserting that its claim is entitled to priority status under section 507(a)(8) of the Bankruptcy Code. |
| US Laser LLC | 108 | Priority Claim: $4,772.74 | 503(b)(9) Claim: $4,772.74 | Claimant attempted to assert an administrative expense claim under section 503(b)(9) of the Bankruptcy Code, and therefore its claim is not entitled to be classified as a priority claim under any other provision of section 507 of the Bankruptcy Code. |
| Wallace Graphics, Inc. | 85 | 503(b)(9) Claim: $29,443.50<br>Priority Claim: $12,475.00<br>General Unsecured Claim: $47,680.87 | 503(b)(9) Claim: $29,443.50<br>General Unsecured Claim: $60,155.87 | Claimant is not an individual and does not provide any basis for asserting that its claim is entitled to priority status under section 507(a)(4) of the Bankruptcy Code. |
| Wheeler-Sonoma Printers | 1171 | Priority Claim: $169.46 | General Unsecured Claim: $169.46 | Claimant does not provide any basis for asserting that its claim is entitled to priority status. |