# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SRC LIQUIDATION COMPANY, et al.,[1] | Case No. 15-10541 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Docket Ref. No. 945** |

## ORDER AUTHORIZING THE
## DEBTORS TO (I) AMEND INSURANCE AGREEMENT AND
## (II) ASSUME INSURANCE AGREEMENT AS AMENDED

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") pursuant to sections 105(a), 363, and 365 of the Bankruptcy Code and Bankruptcy Rules 6004 and 6006 (i) authorizing the Debtors to enter into the Amendment to the Insurance Agreement; (ii) authorizing the Debtors to assume the Insurance Agreement as amended; and (iii) granting related relief; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b) and the Court may enter a final order consistent with Article III of the United States Constitution; and venue being proper before the Court pursuant to 28 U.S.C.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: SRC Liquidation Company (5440); SR Liquidation Holding Company (3186); SR Liquidation Technologies, Inc. (3180); SR Liquidation International, Inc. (1861); iMLiquidation, LLC (6337); SR Liquidation of Puerto Rico Inc. (0578); SR Liquidation Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and SR Liquidation Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

§§ 1408 and 1409; and upon consideration of the entire record of these Chapter 11 Cases; and due and sufficient notice of the Motion having been given under the circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation, and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Debtors are authorized to enter into the Amendment and to perform their obligations under the Insurance Agreement as amended by the Amendment pursuant to sections 363(b) and (c) of the Bankruptcy Code.

3. The Debtors are authorized to assume the Insurance Agreement as amended by the Amendment pursuant to section 365 of the Bankruptcy Code, which shall be deemed to have been assumed as of the date hereof.

4. There are no defaults within the meaning of section 365 of the Bankruptcy Code that must be cured under the Insurance Agreement in connection with such assumption.

5. The Debtors have provided adequate assurance of future performance under the Insurance Agreement within the meaning of section 365(b)(1)(C) of the Bankruptcy Code.

6. Notwithstanding any provision in the Bankruptcy Rules to the contrary, (a) this Order shall be effective immediately and enforceable upon its entry, and the stay provided for in Bankruptcy Rules 6004(h) and 6006(d) is hereby waived; (b) the Debtors are not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order; and (c) the Debtors are authorized and empowered to, and may in their discretion and without further

delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

7. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: September 21, 2015
       Wilmington, Delaware

Brendan L. Shannon
Chief United States Bankruptcy Judge

8. The Agent's rights with respect to any IBNR Overpayment, including whether such IBNR Overpayment is an Excluded Asset to which the Agent's Liens and claims attach, are preserved. The Debtor rights and defenses regarding the same are also reserved.

101973204.1

3