**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | Case No. 15-10541-BLS |
| SRC LIQUIDATION COMPANY, *et al.*,[1] | : | (Jointly Administered) |
| | : | |
| Debtors. | : | |
| | : | **Re: Docket No. 1079** |
| | : | |

**MOTION FOR ORDER EXPEDITING CONSIDERATION OF, AND SHORTENING THE NOTICE PERIOD APPLICABLE TO, MOTION BY CARESOURCE MANAGEMENT GROUP CO. FOR AN ORDER AUTHORIZING CARESOURCE MANAGEMENT GROUP CO. TO FILE UNDER SEAL ITS MOTION FOR RELIEF FROM THE SALE ORDER, TO COMPEL ASSUMPTION OR REJECTION OF CERTAIN UNEXPIRED EXECUTORY CONTRACTS, AND FOR RELATED RELIEF**

CareSource Management Group Co. ("CareSource"), files this motion (the "Motion to Shorten") for entry of an order expediting consideration of, and shortening the notice period applicable to, the Motion for Order Expediting Consideration of, and Shortening the Notice Period Applicable to, Motion by CareSource Management Group Co. to File Under Seal its Motion for Relief From the Sale Order, to Compel Assumption or Rejection of Certain Unexpired Executory Contracts, and for Related Relief (the "Motion to Seal"). In support of this Motion to Shorten, CareSource respectfully represent as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: SRC Liquidation Company (5440); SR Liquidation Holding Company (3186); SR Liquidation Technologies, Inc. (3180); SR Liquidation International, Inc. (1861); iMLiquidation, LLC (6337); SR Liquidation of Puerto Rico Inc. (0578); SR Liquidation Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and SR Liquidation Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

2. The statutory predicates for the relief sought herein are sections 105(a) of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 6004-1 and 9006-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

3. Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), Debtors hereby confirm their consent to the entry of a final order by this Court in connection with this Motion to Shorten if it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection therewith consistent with Article III of the United States Constitution.

## BACKGROUND

4. CareSource finds itself in an untenable predicament where it is a party to an agreement with the Debtors, in which the Debtors manage and source CareSource printed communications. This agreement is now administered by the purchaser of the Debtors' assets. The Debtors and purchaser continue to breach this agreement. The Debtors have sold their assets to Taylor Corporation ("Taylor") and declared that their contracts with CareSource are potential contracts to be assumed or rejected by Taylor. The print services CareSource contracted with the Debtors to perform in this agreement are critical to CareSource's business, because federal and state regulations require that CareSource send accurate and timely print communications to its members. Failure to do so can result in regulators assessing a variety of sanctions, such as fines ranging from $5,000 to $30,000 per violation and up to and including termination of CareSource as a Medicaid managed care plan. Accordingly, the Debtors' and purchaser's duty to accurately and timely perform under this agreement is paramount and material to CareSource. The Debtors'

and now Taylor's breaches are irreparably harming CareSource, and the status quo will only exacerbate this situation.

5. Recently, the Debtors informed CareSource on multiple occasions that Taylor intends to reject the Debtors' agreement with CareSource. Yet, as of the filing of this motion, Taylor has not rejected the agreement, and apparently will not do so until the deadline established by the sale order [Docket No. 698] (the "Sale Order"). This situation, in which there are ongoing breaches of an agreement so critical to CareSource's business and in which Taylor has already made an unofficial decision to reject the agreements but refuses to file that decision with this Court prior to the deadline established by the Sale Order, is untenable to CareSource. CareSource has a full calendar of upcoming member communications that must be printed and mailed, as required by regulators. Given this and the history of Debtors' and Taylor's breaches and ongoing quality issues under the agreements, the risk of substantial and catastrophic regulatory sanctions as a result of Debtors' and Taylor's underperformance under the agreements is simply too great for CareSource. To ensure it can meet its regulatory requirements, CareSource needs to be able to immediately contract with a more reliable print vendor, as it will take CareSource time to convert all of its printed communications to another vendor. CareSource therefore seeks to compel either an end to its relationship with the Debtors, or an Order from the Court compelling the purchaser to assume the Debtors' agreements with CareSource and cure all defaults thereunder.

6. Further, given Taylor's statements to the Debtors that it intends to reject the CareSource agreements, but intends to wait until the absolute last day possible to reject, CareSource has been unable to retain a new vendor to provide its printing services and materials. With continuing uncertainty of whether the agreements will be rejected and being forced to wait until November for Taylor to announce its decision, CareSource may not be able to retain and

convert to a new print vendor in time to be able to timely print its member mailings to meet deadlines established by regulators.

7. If the Motion to Seal is not heard soon, CareSource will be irreparably harmed and risk of such harm increases with each passing day.

**RELIEF REQUESTED**

8. By this Motion, CareSource seeks entry of an order expediting consideration of, and shortening the notice period applicable to, the Motion to Seal. Specifically, CareSource respectfully requests that this Court hear the Motion to Seal at a specially scheduled hearing as soon as possible.

9. CareSource also requests that the Court direct that objections or other responses to the Motion to Seal be filed and served so as to actually be received by no later than 12:00 p.m. (prevailing Eastern Time) on business day prior to any scheduled hearing, by CareSource's counsel, Cross & Simon, LLC, Attn: Christopher P. Simon, Esq. and Kevin S. Mann, Esq., 1105 North Market Street, Suite 901, Wilmington, Delaware 19801.

**BASIS FOR RELIEF**

10. Bankruptcy Rule 9006(c)(1) provides that "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced."

11. CareSource submits that good cause and compelling circumstances exist warranting expedited consideration and shortened notice of the Motion to Seal. As indicated in the Motion to Seal, it is important that the Contracts be assumed or rejected as soon as possible.

CareSource believes that any further delay in assuming or rejecting the Contracts would be detrimental to CareSource's business and customers.

12. Accordingly, CareSource respectfully requests that the Motion to Seal be heard as soon as possible. CareSource submits that parties-in-interest, including any statutory committee formed in these chapter 11 cases, will have sufficient time to review, evaluate and comment on the Motion to Seal. CareSource intends to work in good faith with all parties-in-interest to address any issues concerning the Motion to Seal prior to any scheduled hearing.

13. Pursuant to Local Rule 9006-1(e), the Court may rule on this Motion to Shorten without the need for a hearing, but in any event, CareSource requests that the Motion be considered at the Court's earliest convenience.

14. CareSource has not made any prior motion for the relief sought herein to this Court or any other court.

15. CareSource has provided notice of this Motion to Shorten and the Motion to Seal to counsel for the Debtors, by email and hand delivery, to counsel for Taylor by overnight delivery and email, to counsel to the Committee of Unsecured Creditors by hand delivery and email, and to the Office of the United States Trustee by hand delivery and email.

WHEREFORE, CareSource respectfully requests the entry of an order, substantially in the form of the proposed order attached hereto, (a) granting the relief requested herein, and (b) granting other relief as is just and proper.

Dated: September 21, 2015
Wilmington, Delaware

CROSS & SIMON, LLC

*/s/ Christopher P. Simon*
Christopher P. Simon (No. 3697)
Kevin S. Mann (No. 4576)
1105 North Market Street, Suite 901
Wilmington, DE 19801
Telephone: (302) 777-4200
Facsimile: (302) 777-4224
Email: csimon@crosslaw.com
kmann@crosslaw.com

-and-

David M. Whittaker, Esq. (0019307)
(*admitted pro hac vice*)
BRICKER & ECKLER LLP
100 South Third Street
Columbus, OH 43215
Telephone: (614) 227-2355
Facsimile: (614) 227-2390
Email: dwhittaker@bricker.com

*Attorneys for CareSource Management Group Co.*