September 20, 2015

To: The United States Bankruptcy Court for the District of Delaware

Case # 15-10541 (BLS)

Objection Title: Notice of Debtors' Fourth (4th) Omnibus (Non-Substantive) Objections to claims pursuant to Section 502 of the bankruptcy code, bankruptcy rule 3007 and local rule 3007-1.

Jerry L. Yawn, the respondent was promised this amount from my severance package. The amount left owing is $10960.00. Please see attached documentation.

It was never my intention to file duplicate claims. Duplicate forms were sent to my home and it appeared that they were to be completed each time. I am only requesting the original amount of $10960.00, in the first claim filed #782. I therefore object to the claim being disallowed and ask that this error be corrected. I have enclosed a copy of my severance package and the original claim filed.

I will be happy to supply any additional information needed to complete this claim.

Sincerely,

Jerry L. Yawn

113 Whetstine Road, Kings Mountain, NC 28086

Phone: 704-730-1830

**Prime Clerk**
830 Third Ave, 9th Floor
New York, NY 10022

In re The Standard Register Company
Case No. 15-10541
United States Bankruptcy Court for the District of Delaware

**PRIME CLERK RECEIVED YOUR PROOF OF CLAIM.**

Date Filed: 4/27/2015
Proof of Claim No.: 782

For additional information, please visit
http://cases.primeclerk.com/standardregister
, or call us at (855) 842-4124.

Jerry L. Yawn
113 Whetstine Rd
Kings Mountain, NC 28086

6957313

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| THE STANDARD REGISTER COMPANY, *et al.*,[1] | Case No. 15-10541 (BLS) |
| Debtors. | Jointly Administered |
| | **Hearing Date: June 17, 2015 at 10:00 a.m. (ET)** <br> **Obj. Deadline (only to additional provisions described in the Motion): June 10, 2015 at 4:00 p.m. (ET)** |

## NOTICE OF MOTION

TO: (I) THE OFFICE OF THE UNITED STATES TRUSTEE FOR THE DISTRICT OF DELAWARE; (II) COUNSEL TO THE COMMITTEE; (III) COUNSEL FOR SILVER POINT FINANCE, LLC, IN ITS CAPACITY AS ADMINISTRATIVE AGENT UNDER THE DEBTORS' FIRST LIEN CREDIT AGREEMENT AND SECOND LIEN CREDIT AGREEMENT; (IV) COUNSEL FOR BANK OF AMERICA, N.A., IN ITS CAPACITY AS ADMINISTRATIVE AGENT UNDER THE DEBTORS' AMENDED AND RESTATED LOAN AND SECURITY AGREEMENT; (V) COUNSEL TO THE AGENTS UNDER THE DEBTORS' DEBTOR-IN-POSSESSION FINANCING FACILITIES; (VI) COUNTERPARTIES TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (VII) ALL PARTIES THAT HAVE FILED A NOTICE OF APPEARANCE AND REQUEST FOR SERVICE OF PAPERS PURSUANT TO BANKRUPTCY RULE 2002.

PLEASE TAKE NOTICE that The Standard Register Company and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") have filed the **Supplement to Debtors' Motion for (I) an Order (A) Establishing Sale Procedures Relating to the Sale of Substantially All of the Debtors' Assets; (B) Approving Bid Protections; (C) Establishing Procedures Relating to the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, Including Notice of Proposed Cure Amounts; (D) Approving Form and Manner of Notice of All Procedures, Protections, Schedules, and Agreements; (E) Scheduling a Hearing to Consider the Proposed Sale; and (F) Granting Certain Related Relief; and (II) an Order (A) Approving the Sale of Substantially All of The Debtors' Assets and (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale** (the "Motion") with the United States Bankruptcy Court for the District of Delaware (the "Court"). Copies of the Motion may be obtained free of charge from the website for the

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

court appointed claims agent, Prime Clerk LLC, http://cases.primeclerk.com/standardregister, or you may contact Troy Bollman, Paralegal, at (302) 573-7796 or tbollman@ycst.com.

       PLEASE TAKE FURTHER NOTICE that any objections to the relief requested in the Motion, solely with respect to the additional provisions described in the Motion, must be filed on or before **June 10, 2015 at 4:00 p.m. (ET)** (the "Objection Deadline") with the United States Bankruptcy Court for the District of Delaware, 3rd Floor, 824 N. Market Street, Wilmington, Delaware 19801. At the same time, you must serve a copy of any objection upon the undersigned counsel to the Debtors so as to be received on or before the Objection Deadline.

       **PLEASE TAKE FURTHER NOTICE THAT A HEARING TO CONSIDER THE MOTION WILL BE HELD ON JUNE 17, 2015 AT 10:00 A.M. (ET) BEFORE THE HONORABLE BRENDAN L. SHANNON, IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 824 N. MARKET STREET, 6TH FLOOR, COURTROOM #1, WILMINGTON, DELAWARE 19801.**

       **PLEASE TAKE FURTHER NOTICE THAT IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE MOTION WITHOUT FURTHER NOTICE OR A HEARING.**

Dated:   May 27, 2015
          Wilmington, Delaware

*/s/ Kara Hammond Coyle*
Michael R. Nestor (No. 3526)
Kara Hammond Coyle (No. 4410)
Maris J. Kandestin (No. 5294)
Andrew L. Magaziner (No. 5426)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

Michael A. Rosenthal (NY No. 4697561)
Samuel A. Newman (CA No. 217042)
Jeremy L. Graves (CO No. 45522)
Matthew G. Bouslog (CA No. 280978)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

*Counsel to the Debtors and Debtors in Possession*

01:17143130.1



March 19, 2015

Mr. Jerry L. Yawn
113 Whetstine Road
Kings Mountain, NC 28086

Dear Jerry:

Because you are a former employee of Standard Register eligible for severance, I want to make you aware that on March 12, 2015 Standard Register and its subsidiaries filed voluntary petitions under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware.

As part of the restructuring process, we are initiating a sale of the Company. Our largest secured lender, Silver Point Capital, has offered to purchase the Company subject to a court-supervised auction process. We believe that this is the best option to provide long-term stability and continuity for our customers and suppliers.

Absent a court order, Standard Register is prohibited by federal bankruptcy law from paying for services or goods provided prior to March 12, 2015. This includes severance payments that were triggered by events or terminations prior to that date, even if the payments are due after that date. You will not receive any more severance payments effective immediately.

However, the loss of your unpaid severance benefits may entitle you to file a proof of claims with the bankruptcy court. Information about this process will be made available on our claims agent's site http://cases.primeclerk.com/standardregister or by contacting our toll free Restructuring Information Line at (855) 842-4124 (US) or (929) 247-4937 (International). By making a claim, you may be able to recover a portion of your unpaid severance benefits.

Please note that, if you have elected "COBRA" health continuation coverage from Standard Register, coverage remains available, and you can retain the coverage by continuing to pay your COBRA premiums. You will be notified separately in the event this changes.

You may also be eligible for state unemployment benefits. You should contact your state unemployment agency for additional information.

If you have any further questions, please contact our Restructuring Information Line toll free at (855) 842-4124 (US) or (929) 247-4937 (International).

Sincerely,

*Marta A. Sullivan*

Marta A. Sullivan

Vice President, Human Resources

SR SEVERANCE LETTER GDC COMMENTS 3-17.DOCX

600 Albany Street, Dayton, OH 45417-3405     800-755-6405     standardregister.com

B 10 Modified (Official Form 10) (04/13) cont.

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Claim Pursuant to 11 U.S.C. §503(b)(9):**
Check this box if you have a claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim. (See DEFINITIONS, below.)

**7. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**8. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**9. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

---

## _____DEFINITIONS_____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

## _____INFORMATION_____

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, please enclose a stamped self-addressed envelope and a copy of this proof of claim. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at
https://cases.primeclerk.com/standardregister/.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, *any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.), and any applicable orders of the bankruptcy court.*

**PLEASE SEND COMPLETED PROOF(S) OF CLAIM TO:**

The Standard Register Claims Processing Center
c/o Prime Clerk LLC
830 3rd Avenue, 9th Floor
New York, NY 10022

B 10 Modified (Official Form 10) (04/13)

# UNITED STATES BANKRUPTCY COURT, DISTRICT OF DELAWARE

**PROOF OF CLAIM**

List the **name** and **case number** of the Debtor against which you assert a claim below. (**List only one Debtor per claim form.**)

Standard Register Case # 15-10541

Note: *This form should not be used to make a claim for an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) arising after commencement of the case. A request for payment of an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) may be filed pursuant to 11 U.S.C. § 503.*

**Name of Creditor** (the person or other entity to whom the debtor owes money or property):
Jerry L. Yawn

**Name and address where notices should be sent:**
Jerry L. Yawn
113 Whetstine Rd, Kings Mountain, NC 28086

**Telephone number:** 704-730-1830     **email:** yawnj@bellsouth.net

☐ Check this box if this claim amends a previously filed claim.

**Court Claim Number:** _____
(*If known*)

**Filed on:** _____

**Name and address where payment should be sent (if different from above):**

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**Telephone number:**     **email:**

1. **Amount of Claim as of Date Case Filed:** $_____
   If all or part of the claim is secured, complete item 4.
   If all or part of the claim is entitled to priority, complete item 5.
   ☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. **Basis for Claim:** Severence that was promised was not paid.
   (See instruction #2)

3. **Last four digits of any number by which creditor identifies debtor:** 3918

   **3a. Debtor may have scheduled account as:** _____
   (See instruction #3a)

   **3b. Uniform Claim Identifier (optional):** _____
   (See instruction #3b)

4. **Secured Claim** (See instruction #4)
   Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.
   **Nature of property or right of setoff:** ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
   **Describe:** _____
   **Value of Property:** $_____   **Annual Interest Rate** _____ %  ☐ Fixed  ☐ Variable
   (when case was filed)
   **Amount of arrearage and other charges, as of the time case was filed, included in secured claim,**
   **if any:** $_____    **Basis for perfection:** _____
   **Amount of Secured Claim:** $_____    **Amount Unsecured:** $_____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

   ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

   ☑ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).

   ☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

   ☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

   ☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

   ☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

   **Amount entitled to priority:**
   $ 10,960.00

6. **Claim Pursuant to 11 U.S.C. § 503(b)(9):** Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.
   $_____ (See instruction #6)

7. **Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

8. **Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, mortgages, or security agreements. (See instruction #8, and the definition of "redacted".)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

*Amounts are subject to adjustment on 4/1/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

9. **Signature:** (See instruction #9)
   Check the appropriate box.
   ☑ I am the creditor.   ☐ I am the creditor's authorized agent.   ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)   ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

**COURT USE ONLY**

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.
**Print Name:** Jerry L. Yawn
**Title:** _____
**Company:** _____
**Address and telephone number (if different from notice address above):**
_____    (Signature) Jerry L. Yawn    (Date) 4-19-15

**Telephone number:** 704-730-1830    **Email:** yawnj@bellsouth.net

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## **WAIVER AND RELEASE AGREEMENT**

This Waiver and Release Agreement ("Agreement") is between The Standard Register Company ("Standard Register"), an Ohio corporation, and **Jerry Yawn** of Kings Mountain, North Carolina.

WHEREAS, Employee has been employed by Standard Register as a Supervisor; and

WHEREAS, the parties wish to terminate the employment relationship under specified conditions.

THEREFORE, in consideration of the mutual promises and undertakings provided herein, Employee and Standard Register agree as follows:

1. <u>Termination of Employment</u>.  Employee's employment with Standard Register is terminated effective January 16, 2015.

2. <u>Payments Absent This Agreement</u>.  Employee understands and agrees that by virtue of this Agreement, he is receiving additional consideration, beyond that to which he would be entitled upon termination of employment in the absence of this Agreement.  Specifically, in the absence of this Agreement, Employee's employment with Standard Register would be terminated effective January 16, 2015, and he would be entitled to receive:

   a. Severance pay equal to one week of pay, as that is defined in The Standard Register Company Employee Severance Pay Plan ("Plan"), in the amount of $1,096.00.

1

b.  Vested benefits, if any, under Standard Register's employee benefit plans, as determined in accordance with the terms of such plans.

c.  Benefit continuation and conversion rights, if any, under Standard Register's benefit plans.

3. <u>Consideration for This Agreement</u>.  Pursuant to the terms of the Plan, and in consideration of this Agreement, Standard Register is providing Employee with the following enhanced consideration in addition to those items described in paragraph 2 herein:

   a. Supplemental severance pay under the terms of Plan, in the gross amount of $17,536.00, subject to payroll taxes and withholding, payable commencing eight (8) days following Standard Register's receipt of this Agreement properly executed by Employee, assuming Employee has not revoked his acceptance of the Agreement; provided, however, that in no event will this supplemental severance pay be payable before Employee's termination date.  Supplemental severance pay shall be paid in bi-weekly installments on the same dates as Standard Register payroll.

4. <u>General Release</u>.  In exchange for the additional benefit described in paragraph 3, which Standard Register will provide under this Agreement, Employee, on behalf of himself, his heirs and personal representatives, releases and discharges Standard Register from any and all claims and actions which occurred prior to the date Employee signs this Agreement, both known and unknown, including, without limitation, those arising directly or

2

indirectly from his employment and termination of employment with Standard Register. By releasing Standard Register, Employee understands and agrees he is releasing Standard Register and its subsidiaries, divisions and affiliates, their directors, officers, shareholders, agents, attorneys, employees and their respective successors, assigns, heirs and personal representatives.

5. <u>Claims Released.</u>   Employee understands and agrees that he is releasing, without limitation, all claims under the Age Discrimination in Employment Act of 1967, as amended ("ADEA"), Title VII of the Civil Rights Act of 1964, as amended, the Americans With Disabilities Act, and all claims for severance pay, breach of contract, wrongful termination, defamation, intentional infliction of emotional distress, tort, personal injury, invasion of privacy, violation of public policy, negligence and/or any other common law, statutory or other claim whatsoever arising out of or relating to his employment with and/or separation from employment with Standard Register, and under all other laws and regulations, local, state and federal relating to employment discrimination and employment matters, but excluding the filing of an administrative charge of discrimination, any claims which he may have under state workers' compensation or unemployment laws, and/or any claims which by law he cannot waive..

6. <u>No Admission of Violation</u>.   The parties agree this Agreement does not constitute an admission by Standard Register that it has violated any law or regulation.

7. <u>Return of Property</u>. Employee represents that he has returned to Standard Register all proprietary information of all description, including, without limitation, legal documents, intellectual property, trade secrets, customer lists and price information belonging to Standard Register or relating to Standard Register's business which Employee had or has in his possession. Employee agrees that he will not disclose any such proprietary information to any person or entity. Employee also agrees to assist Standard Register in transition of Employee's former responsibilities to other Standard Register associates at Standard Register's reasonable request, as additional consideration for the enhanced separation benefits provided under this Agreement.

8. <u>Confidentiality</u>. Employee agrees to keep the terms of this Agreement confidential and agrees not to disclose any information concerning this Agreement to any person or entity unless required to do so by legal process, to secure enforcement of the Agreement, or to respond to inquiries from tax authorities.

9. <u>Acknowledgement</u>. In compliance with the Older Workers Benefit Protection Act, Employee understands, agrees, and acknowledges that:

   a. Standard Register advised him he should consult an attorney, at his own expense, before signing this Agreement;

   b. She/he was allowed at least forty-five (45) days in which to consider it;

   c. She/he has the right to revoke the Agreement within seven (7) days after he has signed it and that the Agreement will not be effective or

enforceable until the revocation period has passed. If Employee wishes to revoke this Agreement, she/he must deliver written notice of revocation to Standard Register's Senior Vice President, General Counsel & Secretary at 600 Albany Street, Dayton, Ohio 45417. For revocation to be effective, this notice must be received by Standard Register's Senior Vice President, General Counsel & Secretary no later than the seventh day after Employee signs this Agreement;

d. if she/he revokes the Agreement within seven (7) days after she/he has signed it, Standard Register's obligations under the Agreement are null and void and he will be provided only the benefits to which she/he would otherwise be entitled upon termination, as described in paragraph 2 herein;

e. She/he was given Exhibit A to this Agreement providing information regarding those to whom separation offers have been made, and those who have not received separation offers. Exhibit A is incorporated by reference into this Agreement.

10. <u>Waiver of Monetary Recovery</u>. Employee further waives his right to any monetary recovery should any federal, state or local administrative agency pursue any claims on his behalf arising out of or related to Employee's employment with and/or separation from employment with Standard Register.

11. <u>Waiver of Reinstatement</u>. Employee further waives, releases, and discharges Standard Register from any reinstatement rights which Employee has or

could have and Employee acknowledges that he has not suffered any on-the-job injury for which he has not already filed a claim.

12. <u>Governing Law and Venue</u>. This Agreement is made under the laws of the State of Ohio and shall be interpreted under those laws. The parties agree that jurisdiction over any action for breach of this Agreement shall be exclusively in the state or federal courts located in Montgomery County, Ohio. If one or more parts of this Agreement are ruled unenforceable, the remainder shall be enforceable at the option of Standard Register. This Agreement represents the full understanding of the parties with respect to Employee's termination of employment and is a complete and accurate integration of their agreement. It can be modified only in writing signed by both parties.

13. <u>Entire Understanding</u>. Employee further acknowledges and agrees that he has carefully read and fully understands all of the provisions of this Agreement and that he voluntarily enters into this Agreement by signing below.

14. <u>References</u>. References to the male gender shall be deemed to include the female gender also.

IN WITNESS WHEREOF, the parties have caused this Agreement to be executed on ___1/20/1___ 2015.

Witness:

_____          _____/s/ Jerry Lee Yawn_____
(Notary or 3rd Party Witness)                    (EMPLOYEE)


## ACKNOWLEDGMENT

STATE OF __NC__ )
                              ) SS: 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
COUNTY OF __Gaston__ )

On this __20__ day of __Jan__, 2015, before me, the undersigned Notary Public, personally appeared __Jerry Lee Yawn__, known to me (or satisfactorily proven) to be the person who executed the foregoing Waiver and Release Agreement and, after being first duly sworn according to law, acknowledged to me that he read it, that he understood and understands its terms and effects, and that he voluntarily signed the same, intending to be legally bound.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

[Notary Seal: LARRY BOWERS, My Commission Expires January 10, 2017, NOTARY PUBLIC, GASTON COUNTY, NC]

_____
Notary Public

Witness:                                            THE STANDARD REGISTER COMPANY


_____          _____
(HR Business Partner)                             (HR Business Partner)

7