**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| SRC LIQUIDATION COMPANY, *et al.*,[1] | Case No. 15-10541 (BLS) |
| Debtors. | Jointly Administered |

**NOTICE OF DEADLINES FOR THE FILING OF
PROOFS OF CLAIM RELATED TO PENSION BENEFITS OBLIGATIONS**

TO: ALL POTENTIAL HOLDERS OF PENSION BENEFITS CLAIMS AGAINST THE DEBTORS (AS LISTED BELOW)

Please take notice that on March 12, 2015 (the "Petition Date"), the debtors and debtors in possession in the above-captioned cases (together, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases") with the United States Bankruptcy Court for the District of Delaware (the "Court").

Please take further notice that on May 8, 2015, the Court entered an order (the "Bar Date Order") establishing deadlines and procedures for each person or entity to file a proof of claim in the Chapter 11 Cases (the "Proof of Claim" or "Proofs of Claims," as applicable).

Please take further notice that pursuant to paragraph 10(xi) of the Bar Date Order, the Debtors are authorized to set a bar date for the filing of any claim for pension benefits under any defined contribution plan covering salaries employees, including unpaid deferred vested pension benefits and unpaid lump-sum pension benefit distributions, including, for the avoidance of doubt, any claims arising under the Uarco Incorporated Supplemental Executive Retirement Plan (collectively, "Pension Benefits"). This Notice constitutes the "Benefits Notice" referenced in paragraph 10(xi) of the Bar Date Order. Accordingly, the Debtors hereby establish **November 13, 2015 at 5:00 p.m.** (Prevailing Eastern Time) (the "Pension Benefits Bar Date") as the last date and time for each person or entity to file a Proof of Claim related to Pension Benefits.

Please take further notice that on September 25, 2015, the Debtors filed a Notice of Filing of List of Pension Benefits Obligations [Docket No. 1104] (the "Pension Benefits List") to which the Debtors attached as Exhibit 1 a list of their known Pension Benefits obligations. The Pension Benefits List also contained a statement of the Debtors' method of calculating the obligations set forth on Exhibit 1 thereto.

For your convenience, enclosed with this Notice is a proof of claim form (the "Proof of Claim Form"). To the extent your claim is listed in the Pension Benefits List, such Proof of Claim Form identifies on its face the amount, nature and classification of your claim.

Please take further notice that the Bar Date Order and the procedures set forth therein and herein for the filing of Proofs of Claim apply to all Pension Benefits claims (the holder of any such claim, a "Claimant") against the Debtors that arose, or are deemed to have arisen, prior to the Petition Date, regardless of their character or

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: SRC Liquidation Company (5440); SR Liquidation Holding Company (3186); SR Liquidation Technologies, Inc. (3180); SR Liquidation International, Inc. (1861); iMLiquidation, LLC (6337); SR Liquidation of Puerto Rico Inc. (0578); SR Liquidation Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and SR Liquidation Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

01:17735353.1

nature, whether secured or unsecured, priority or non-priority, liquidated or unliquidated, fixed or contingent, no matter how remote or contingent.

As used in this Notice, the term "creditor" has the meaning given to it in section 101(10) of the Bankruptcy Code, and includes all persons, entities, estates, trusts, governmental units and the United States Trustee. In addition, the terms "persons," "entities" and "governmental units" are defined in sections 101(41), 101(15) and 101(27) of the Bankruptcy Code, respectively.

As used in this Notice, the term "claim" or "Claim" has the meaning given to it in section 101(5) of the Bankruptcy Code, and includes as to or against the Debtors: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

> **YOU ARE RECEIVING THIS NOTICE BECAUSE YOU MAY HAVE OR YOU MAY ASSERT A PENSION BENEFITS CLAIM AGAINST THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES. THEREFORE, YOU SHOULD READ THIS NOTICE CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**General Information about the Debtors' Cases**. The Debtors' cases are being jointly administered under case number 15-10541 (BLS). No request for the appointment of a trustee, examiner or committee has yet been made in these Chapter 11 Cases.

**Individual Debtor Information**. The last four digits of each Debtor's federal tax identification number are set forth below. The Debtors' mailing address is 600 Albany Street, Dayton, Ohio 45417.

| **Debtor** | **Case No.** | **EID# (Last 4 Digits)** |
|---|---|---|
| **SRC Liquidation Company f/k/a The Standard Register Company[2]** | **15-10541** | **5440** |
| **SR Liquidation Holding Company f/k/a Standard Register Holding Company** | **15-10542** | **3186** |
| **SR Liquidation Technologies, Inc. f/k/a Standard Register Technologies, Inc.** | **15-10543** | **3180** |
| **SR Liquidation International, Inc. f/k/a Standard Register International, Inc.** | **15-10544** | **1861** |
| **iMLiquidation, LLC f/k/a iMedConsent, LLC[3]** | **15-10540** | **6337** |
| **SR Liquidation of Puerto Rico Inc. f/k/a Standard Register of Puerto Rico Inc.[4]** | **15-10545** | **0578** |
| **SR Liquidation Mexico Holding Company f/k/a Standard Register Mexico Holding Company** | **15-10546** | **1624** |
| **Standard Register Holding, S. de R.L. de C.V.** | **15-10547** | **4GR4** |
| **Standard Register de México, S. de R.L. de C.V.** | **15-10548** | **4FN0** |
| **Standard Register Servicios, D. de R.L. de C.V.** | **15-10549** | **43K5** |
| **SR Liquidation Technologies Canada ULC f/k/a Standard Register Technologies Canada ULC** | **15-10550** | **0001** |

**A CLAIMANT SHOULD CONSULT AN ATTORNEY IF THE CLAIMANT HAS ANY QUESTIONS, INCLUDING WHETHER SUCH CLAIMANT SHOULD FILE A PROOF OF CLAIM.**

---

[2] Other names used by The Standard Register Company in the last 8 years include: Standard Register; WorkflowOne, LLC; WorkflowOne; Wilmer; ParthFoward; Expadata; Industramark; Stanfast; SMARTworks; and CopyConcepts

[3] In the last 8 years, iMedConsent, LLC also used the name Dialog Medical.

[4] In the last 8 years, Standard Register of Puerto Rico Inc. also used the name WorkflowOne of Puerto Rico Inc.

1. **PERSONS OR ENTITIES WHO MUST FILE A PROOF OF CLAIM.**

   Any person or entity that has or seeks to assert a claim for Pension Benefits against the Debtors which arose, or is deemed to have arisen, prior to the Petition Date, **MUST FILE A PROOF OF CLAIM ON OR BEFORE THE PENSION BENEFITS BAR DATE** in order to potentially share in the Debtors' estates.

   Acts or omissions of the Debtors that occurred or arose before the Petition Date may give rise to Claims against the Debtors that must be filed by the Pension Benefits Bar Date, notwithstanding that such Claims may not have matured, are contingent or have not become fixed or liquidated prior to or as of the Petition Date.

   **THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS BELIEVE THAT YOU HAVE A CLAIM.  A CLAIMANT SHOULD CONSULT AN ATTORNEY IF THE CLAIMANT HAS ANY QUESTIONS, INCLUDING WHETHER SUCH CLAIMANT SHOULD FILE A PROOF OF CLAIM.**

   Holders of a claim for pension benefits under The Stanreco Retirement Plan or any other defined benefit pension plan covered under Title IV of the Employee Retirement Income Security Act (each a "Defined Benefit Plan") should not file a proof of claim.

2. **WHEN AND WHERE TO FILE.**

   All Claimants asserting a claim for Pension Benefits must submit (by overnight mail, courier service, hand delivery, regular mail or in person) an original, written Proof of Claim that substantially conforms to the Proof of Claim Form so as to be **actually received** by Prime Clerk LLC ("Prime Clerk"), the Debtors' claims and notice agent, by no later than **5:00 p.m.** (Prevailing Eastern Time) on or before **November 13, 2015** at the following address:

   > The Standard Register Company Claims Processing Center
   > c/o Prime Clerk LLC
   > 830 3rd Avenue, 3rd Floor
   > New York, NY 10022

   Alternatively, Claimants may submit a Proof of Claim electronically by completing the Proof of Claim Form that can be accessed at Prime Clerk's website, http://cases.primeclerk.com/standardregister.

   Proofs of Claim asserting a claim for Pension Benefits will be deemed timely filed only if **actually received** by Prime Clerk on or before the Pension Benefits Bar Date.  Proofs of Claim may **not** be delivered by facsimile, telecopy, or electronic mail transmission.  Any facsimile, telecopy, or electronic mail submissions will not be accepted and will not be deemed filed until a proof of claim is submitted to Prime Clerk by overnight mail, courier service, hand delivery, regular mail or in person.

   Claimants wishing to receive acknowledgment that their Proofs of Claim were received by Prime Clerk must submit (i) a copy of the Proof of Claim and (ii) a self-addressed, stamped envelope (in addition to the original Proof of Claim sent to Prime Clerk).

3. **CONTENTS OF A PROOF OF CLAIM.**

   As noted above, the Debtors are enclosing a Proof of Claim Form for use in these Chapter 11 Cases, or you may use another proof of claim form that substantially conforms to Official Bankruptcy Form No. 10.  The Proof of Claim Form is available free of charge on Prime Clerk's website at http://cases.primeclerk.com/standardregister.

   To be valid, your Proof of Claim **MUST** (i) be signed by the Claimant; (ii) be written in the English language; (iii) be denominated in lawful currency of the United States; (iv) conform substantially to the Proof of Claim Form or Official Form 10; (v) specify the Debtor against which the Proof of Claim is filed as well as the bankruptcy case number corresponding to such Debtor; (vi) set forth with specificity the legal and factual basis for

the alleged claim; and (vii) include supporting documentation or an explanation as to why such documentation is not available.

4. **CONSEQUENCES OF FAILURE TO FILE PROOF OF CLAIM FOR PENSION BENEFITS BY THE PENSION BENEFITS BAR DATE.**

Pursuant to Bankruptcy Rule 3003(c)(2), any Claimant that is required to file a Proof of Claim in these Chapter 11 Cases pursuant to the Bankruptcy Code, the Bankruptcy Rules or the Bar Date Order with respect to a Pension Benefits claim against the Debtors, but that fails to do so properly by the Pension Benefits Bar Date, shall not, with respect to such claim, be treated as a creditor of the Debtors for the purpose of voting on, or receiving distributions under, any chapter 11 plan in these Chapter 11 Cases.

5. **CONTINGENT CLAIMS.**

Acts or omissions of or by the Debtors that occurred, or that are deemed to have occurred, prior to the Petition Date, including, without limitation, acts or omissions related to any indemnity agreement, guarantee, services provided to or rendered by the Debtors, or goods provided to or by the Debtors, may give rise to claims against the Debtors notwithstanding the fact that such claims (or any injuries on which they may be based) may be contingent or may not have matured or become fixed or liquidated prior to the Petition Date. Therefore, any person or entity that holds a Pension Benefits claim or potential Pension Benefits claim against the Debtors, no matter how remote, contingent, or unliquidated, **MUST** file a Proof of Claim on or before the Pension Benefits Bar Date.

6. **THE DEBTORS' PENSION BENEFITS LIST.**

You may be listed as the holder of a Pension Benefits claim against the Debtors in the Pension Benefits List. The Pension Benefits List available free of charge on Prime Clerk's website at http://cases.primeclerk.com/standardregister. If you rely on the Pension Benefits List, it is your responsibility to determine that your claim is accurately listed in the Pension Benefits List. If you agree with the nature, amount and status of your claim as listed in the Pension Benefits List, then you are not required to file a Proof of Claim in these Chapter 11 Cases with respect to such Pension Benefits claim. Otherwise, or if you decide to file a Proof of Claim, you must do so before the Pension Benefits Bar Date in accordance with the procedures set forth in this Notice and the Bar Date Order.

7. **RESERVATION OF RIGHTS.**

Nothing contained in this Notice or the Bar Date Order is intended or should be construed as a waiver of any of the Debtor's rights or remedies. All such rights and remedies are reserved.

8. **ADDITIONAL INFORMATION**.

    The Pension Benefits List, the Proof of Claim Form and Bar Date Order are available free of charge on Prime Clerk's website at http://cases.primeclerk.com/standardregister. If you have questions concerning the filing or processing of Claims, you may contact the Debtors' claims agent, Prime Clerk, at (855) 842-4124. If you require additional information regarding the filing of a Proof of Claim, you may contact counsel for the Debtors in writing at the addresses below.

| | |
|---|---|
| Michael R. Nestor (No. 3526) | Michael A. Rosenthal (NY No. 4697561) |
| Kara Hammond Coyle (No. 4410) | Jeremy L. Graves (CO No. 45522) |
| Maris J. Kandestin (No. 5294) | Matthew G. Bouslog (CA No. 280978) |
| Andrew L. Magaziner (No. 5426) | GIBSON, DUNN & CRUTCHER LLP |
| YOUNG CONAWAY STARGATT & TAYLOR, LLP | 200 Park Avenue |
| Rodney Square | New York, New York 10166-0193 |
| 1000 North King Street | |
| Wilmington, Delaware 19801 | |

ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION