Sept 25, 2015

The Honorable Brendan L. Shannon
United States Bankruptcy Judge (Case # 15-11054)
In the United States Bankruptcy Court (1315)
for the District of Delaware
824 N. Market Street
6th floor, Courtroom No. 1
Wilmington, DE 19801

Dear Honorable Brendan L. Shannon,

My name is Annie Udeeji; my address is 1139 West Lexington Street Baltimore, Maryland 21223. My claim number is 1546 under SRC Liquidation Company, who is filing for Chapter 11 bankruptcy. I worked for Standard Register for over 17 years. When I was notify thru Prime Clerk via regular mail concerning the Chapter 11 for Standard Register. Within the package to file a claim, stated that if I do not file before the deadline, I will be deemed to have concurred with and consented to the objection and relief requested therein, and the debtors will present to the court, without further notice to me, the proposed order sustaining the objection.

(1of2)

So I filed a claim requesting for my benefit, which they offer to me under the Stanroco Retirement Plan. The amount was 52 Thousand dollars, they gave me 25 Thousand dollars years ago, and monthly payment of $153.08 to last for the a total of 20 years. Enclosed is a copy of the check from the Stanroco Retirement Plan. For this is my only income due to the fact, I have not work since July of this year. Enclosed are copies from CRG, LLC concerning this case for which they claim they represent Standard Register with an offer to me. Which I will not accept, due to the fact this do not seem legal. I apologize if my claim was file in error, I cannot afford a lawyer. I will accept your decision concerning my case # 15-10541 (BLS) Jointly Administered SRF 4237, Claim 1540.

Thank you
Annie Elleby

(P.S) I will forward a copy to Young Conaway Stargatt & Taylor office.    (2 of 2)

**Standard Register**
P.O. Box 458
East Syracuse, NY 13057

STANRECO RETIREMENT PLAN

NAME AND ADDRESS

ANNIE ILELEJI      31232  0228-62-14-3DG
1039 WEST LEXINGTON STREET
BALTIMORE, MD 21223-1903

YEAR TO DATE TAX INFO
TOTAL GROSS       1,377.3
TOTAL TAXABLE     1,364.0

## PAYMENT SUMMARY

| ACCOUNT NUMBER | C0A6 | | DATE OF CHECK | 09/01/15 |
|---|---|---|---|---|
| PAYEE NAME  ANNIE ILELEJI | | | NET PAYMENT AMOUNT | 153.04 |

| PAYMENTS | CURRENT | YEAR TO DATE | DEDUCTIONS | CURRENT | YEAR TO DATE |
|---|---|---|---|---|---|
| STANRE1 | 151.56 | 1,364.04 | | | |
| EMP CONT | 1.48 | 13.32 | | | |
| TOTAL | 153.04 | 1,377.36 | TOTAL | 0.00 | 0.00 |

FOR QUESTIONS ABOUT YOUR BENEFIT DISBURSEMENT PLEASE CALL
THE BANK OF NEW YORK MELLON AT 1-800-634-7936.

W/H ELECTIONS:  FED    CALCULATED - M/03
                STATE  CALCULATED - 0/01

(Detach Here)

CRG, LLC
Bankruptcy Department
92 Union Avenue
Cresskill, NJ 07626

**BUSINESS MAIL - TIME SENSITIVE**

In Re: The Standard Register Company  15-10541

ILELEJI, ANNIE
1039 W LEXINGTON ST
BALTIMORE, MD  21223-1903

If addressee name is incorrect, please forward this document to an authorized employee representative immediately

SR092215W

**NOTICE OF TRANSFER AND WAIVER**

ILELEJI, ANNIE ("Seller"), sells, transfers and assigns unto Claims Recovery Group LLC, with an address at 92 Union Avenue, Cresskill, NJ 07626, its successors and assigns ("Purchaser"), pursuant to the terms of a Claim Purchase Agreement between Seller and Purchaser (the "Agreement"), all of Seller's right, title and interest in, to and under Seller's Claim (as defined in the Agreement) against The Standard Register Company or any of its co-debtor subsidiaries or affiliates (the "Debtor"), in the aggregate amount of $12,475.00, representing all claims of Seller pending against Debtor in the United States Bankruptcy Court, for the District of Delaware, jointly administered as Case No. 15-10541.

Seller hereby waives its right to raise any objection and/or receive notice pursuant to Rule 3001 of the Federal Rules of Bankruptcy Procedures and stipulates that an order may be entered recognizing the Agreement as an unconditional sale and the Purchaser as the valid owner of the Claim.

IN WITNESS WHEREOF, Seller has signed below as of the ____ day of _____, 2015.

By: _____
    Signature

_____
Print Name/Title
ILELEJI, ANNIE


IN WITNESS WHEREOF, Purchaser has signed below as of the ____ day of _____, 2015.

By: _____
Robert M. Axenrod, Claims Recovery Group LLC

SR092215W

agrees to make to Purchaser immediate proportional Restitution and repayment of the Purchase Price (the "Restitution Payment"), together with interest at the rate of ten percent (10%) per annum on the amount repaid for the period from the date of this Agreement through the date such repayment is made. Seller further agrees to reimburse Purchaser for all costs, and expenses, including reasonable legal fees and costs, incurred by Purchaser as a result of such disallowance or impairment. **For the avoidance of doubt, Seller is liable to Purchaser for the Restitution Payment only if the Claim is invalid for any of the reasons set forth above. The Seller is not liable to Purchaser for the Restitution Payment if the Claim is valid but the Recovery is less than the amount of the Purchase Price.**

Notices (including Voting Ballots) Received by Seller; Further Cooperation. Seller agrees to immediately forward to Purchaser any and all notices received from Debtor, the Court or any third party regarding the Claim and to take such other action, with respect to the Claim, as Purchaser may request from time to time. More specifically, Seller shall take such further action as may be necessary or desirable to effect the transfer of the Claim and to direct any payments or distributions, or any form of Recovery on account of the Claim, to Purchaser, including the execution of appropriate voting ballots, transfer powers and consents at Purchaser's sole discretion.

Recovery Received/Delayed by Seller. In the event Seller (i) receives any distribution of the Recovery, or any portion thereof, made payable on or after the date of Seller's execution of this Agreement; or (ii) delays or impairs Purchaser's right to Recovery for any reason (each (i) and (ii) a "Delayed Recovery Event"), then Seller agrees to (a) accept any Recovery as Purchaser's agent and to hold the same in trust on behalf of and for the sole benefit of Purchaser and shall promptly deliver the same forthwith to Purchaser in the same form received, or in a form reasonably requested by Purchaser, free of any withholding, set-off, claim or deduction of any kind, and/or (b) settle or cure the reason for the Delayed Recovery Event (each (a) and (b) a "Settlement") within ten (10) business days of the Delayed Recovery Event (the "Settlement Date"). Seller shall pay Purchaser interest, calculated at the rate of ten (10%) percent per annum, of any amount or portion of Recovery that incurs a Delayed Recovery Event, for each day after the Settlement Date until such Recovery is received by Purchaser.

Authorizations. Seller irrevocably appoints Purchaser as its true and lawful attorney and authorizes Purchaser to act in Seller's stead, to demand, sue for, compromise and recover all amounts as now are, or may hereafter become, due and payable on account of the Claim. Seller grants Purchaser full authority to do all things necessary to enforce the Claim and its rights thereunder. Seller agrees that the powers granted in this paragraph are discretionary in nature and that Purchaser may exercise or decline to exercise such powers at Purchaser's sole option. Purchaser shall have no obligation to prove or defend the Claim.

Indemnification. Seller agrees to indemnify Purchaser from (a) all losses, damages and liabilities, including reasonable attorneys fees and expenses, which result from Seller's breach of any representation, warranty or covenant set forth herein, (b) any action, proceedings, objection or investigation relating to any attempt or threatened attempt to avoid, disallow, reduce, subordinate or otherwise impair the Claim or otherwise delay payments or distributions in respect of the Claim, and/or (c) litigation arising out of or in connection with the enforcement of this Agreement.

Governing Law. This Agreement shall be governed by and construed in accordance with the laws of the State of New York. Any action arising under or relating to this Agreement may be brought in any State or Federal court located in the State of New York, and Seller consents to and confers personal jurisdiction over Seller by such court or courts and agrees that service of process may be upon Seller by mailing a copy of said process to Seller at the address set forth in this Agreement, and in any action hereunder the Seller and Purchaser each waive the right to demand a trial by jury.

Miscellaneous. Seller agrees that the terms of this Agreement are confidential and may not be disclosed without Purchaser's prior written consent. Purchaser shall have the right to all remedies including specific performance and other injunctive and equitable relief without a showing of irreparable harm or injury and without posting a bond for any breach of this Agreement. Each party expressly acknowledges and agrees that it is not relying upon any representations, promises, or statements, except to the extent that the same are expressly set forth in this Agreement, and that each party has the full authority to enter into this Agreement and that the individuals whose signatures appear below hereby expressly represent that they have the authority to bind the party for which they sign this Agreement. The parties hereby mutually agree and stipulate that this Agreement is the result of negotiations between the parties and the terms hereof are jointly negotiated terms. Accordingly, any rules of interpretation, construction or resolving ambiguity against the drafter that otherwise apply, shall not apply hereto. This Agreement (i) may not be modified, waived, changed or discharged, in whole or in part, except by an agreement in writing signed by the parties; (ii) constitutes the entire agreement and understanding between the parties hereto with respect to the subject matter hereof and (iii) supersedes all prior agreements, understandings and representations pertaining to the subject matter hereof, whether oral or written. Seller hereby acknowledges that Purchaser may at any time resell the Claim, or any portion thereof, together with all right title and interest received by Purchaser in and to this Agreement. Seller shall not assign or otherwise transfer its rights or obligations under this Agreement without the prior written consent of Purchaser. This Agreement shall be binding upon any prospective successor of Seller (whether by operation of law, merger or otherwise) or on any purchaser of all or substantially all of Seller's assets ("Transfer"). In connection with any such Transfer, the purchaser, successor or assignee of Seller shall be bound by the terms and conditions of this Agreement. All representations and warranties made herein shall survive the execution and delivery of this Agreement and any Transfer. This Agreement may be signed in counterparts and by telecopy, or other commonly acceptable form of electronic transmission, each of which shall be deemed an original and all of which taken together shall constitute the Agreement. Failure or delay on the part of Purchaser to exercise any right, power or privilege hereunder shall not operate as a waiver thereof.

IN WITNESS WHEREOF, the undersigned Seller hereunto sets its hand this_____day of_____, 2015.
ATTEST:

By: _____   _____
    Signature                 Telephone #

_____   _____   _____   _____
Print Name/Title          Fax #        Email
ILELEJI, ANNIE

IN WITNESS WHEREOF, the undersigned Purchaser hereunto sets its hand this_____day of_____, 2015.
ATTEST:

By: _____
    Robert Axenrod, Claims Recovery Group LLC
    (201) 266-6988 (tel) (201) 266-6985 (fax)

693065
SR092215W

## CLAIM PURCHASE AGREEMENT

Assignment of Claim.   ILELEJI, ANNIE (hereinafter "Seller"), with a principal address of 1039 W LEXINGTON ST  BALTIMORE, MD 21223-1903, for good and valuable consideration in the sum of $9,980.00 (the "Purchase Price"), does hereby absolutely and unconditionally sell, convey, and transfer to   Claims Recovery Group LLC, and any of its successors, assigns or designees (hereinafter "Purchaser"), all of Seller's right, title, benefit and interest in and to any and   all of Seller's pre-petition claim or claims (the "Claim"), against The Standard Register Company or any of its co-debtor subsidiaries or affiliates (collectively, the "Debtor"), in bankruptcy proceedings in the United States Bankruptcy Court for the District of Delaware (the "Court"), Case No. 15-10541 (the "Case"); and includes  any Proof of Claim (defined below), along with voting and any other rights and benefits which may now exist, or come into existence, in regards to the Claim, all cash,   securities, instruments and other property, to be paid or issued by Debtor or any other party, directly or indirectly, in connection with and/or in satisfaction of the Claim,   including, without limitation, "cure" amounts related to the assumption of an executory contract and any rights to receive all payments in respect thereof, and all rights to   receive interest, penalties, fees, and any damages from any cause of action, litigation or rights of any nature against Debtor, its affiliates, any guarantor or other third   party, which may be paid or issued with respect to and/or in satisfaction of the Claim (the "Recovery"). This Claim Purchase Agreement (the "Agreement") shall be   deemed an unconditional purchase of the Claim for the purpose of collection and shall not be deemed to create a security interest. Seller represents the Claim is in an   aggregate amount not less than $12,475.00 (the "Claim Amount").

Notwithstanding any other provisions set forth in this Agreement or otherwise, Seller and Purchaser agree that the basis for the Claim is certain employee benefits and compensation owed to Seller by the Debtor, and any distributions on the Claim may be subject to withholding for tax or otherwise by the distributing entity (the "Disbursing Agent"). Therefore, Purchaser will only be obligated to make payment to Seller under this Agreement of an amount equal to the Purchase Price multiplied by 60% -- $5,988.00 (the "Initial Payment") and shall holdback an amount equal to 40% (the "Contract Holdback Percentage") of the Purchase Price-- $3,992.00 (the "Holdback Amount"). Upon receipt of any distribution (in any form) Purchaser shall determine if the Disbursing Agent withheld from the  distribution for taxes or otherwise and, if so, what percentage of the total distribution payable on the Claim (the "Gross Distribution Amount") was received by  Purchaser. If more than 60% of the Gross Distribution Amount was received by Purchaser, and Purchaser is satisfied that it will not incur any liability or exposure for   any employment-related tax obligation or otherwise, then Purchaser shall make payment to Seller of the proportional amount of the Holdback Amount. (For the sole  purpose of illustrating the repayment terms of the preceding sentence, and in no way limiting or altering any rights of the parties hereunder, if the Disbursing Agent   withholds 30% of any Gross Distribution Amount, and Purchaser receives a distribution of 70% of the Gross Distribution Amount, Purchaser would make payment to Seller of an amount equal to the product of (A) the difference between the actual holdback percentage and the Contract Holdback Percentage multiplied by (B) the Purchase Price.)

Proof of Claim.  Seller represents and warrants that (check one):
(i)    ____ a proof of claim in the amount of $_____ (the "Proof of Claim Amount"), a copy of which is annexed hereto, has been duly and timely filed in the Case; or
(ii)   ____ no proof of claim has been filed.

The term "Proof of Claim" shall include: (a) any and all multiple Proofs of Claim filed by or on behalf of Seller in respect of the Claim, and (b) any and all of Seller's documentation supporting the Claim. The parties agree that if the Proof of Claim amount differs from the Claim Amount set forth above, Purchaser shall nevertheless be deemed the owner of the Proof of Claim, subject to the terms of this Agreement, and shall be entitled to identify itself as owner of such Proof of Claim on the records of the Court. The Parties further agree that, if the Proof of Claim Amount is less than the Claim Amount, the Purchase Price shall be proportionately reduced as set forth below.

Representations; Warranties and Covenants.   Seller represents, warrants and covenants that, (a) Seller owns and has sole title to the Claim free and clear of any and all liens, security interests or encumbrances of any kind or nature whatsoever, including, without limitation, pursuant to any factoring agreement, and upon the sale of the Claim to Purchaser, Purchaser will receive good title to the Claim; (b) Seller has not previously sold, assigned, transferred, or pledged the Claim, in whole or in part, to any third party and neither Seller, nor any other third party, has received any payment or other distribution, in full or partial satisfaction of, or in connection with, the Claim; (c) the basis for the Claim is amounts validly due from and owing by the Debtor; (d) the Claim is a valid, undisputed, liquidated, enforceable, and non-contingent claim against the Debtor for which the Debtor has no defenses and no objection to the Claim has been filed, listed on the Debtor's schedule of liability or any amendment thereto (collectively, the "Schedules"), or threatened; (e) Seller has not engaged in any acts, conduct or omissions that might result in Purchaser receiving, in respect of the Claim, less payments or distributions or any less favorable treatment than other similarly situated creditors; (f) Debtor, or any other third party, has no basis to assert the Claim is subject to any defense, claim or right of setoff, reduction, impairment, disallowance, subordination or avoidance, including preference actions, whether on contractual, legal or equitable grounds; (g) Seller is not "insolvent" within the meaning of Section 1-201 (23) of the Uniform Commercial Code or Section 101 (32) of the Bankruptcy Code; and (h) Seller is not an "insider" of the Debtor, as set forth in § 101(31) of the Bankruptcy Code, or a member of any official or unofficial committee in connection with the Case. Seller acknowledges and unconditionally agrees any misrepresentation or breach by Seller may cause Purchaser irreparable harm and, accordingly, Purchaser shall be entitled to all available remedies for any such misrepresentation, breach or threatened breach, including, but not limited to, the immediate recovery of money damages ("Restitution") including, without limitation, a "Restitution Payment," as further defined below, plus reasonable attorneys fees and costs.

Seller is aware that the Purchase Price may differ from the amount ultimately distributed in the Case with respect to the Claim. Seller acknowledges that, except as set forth herein, neither Purchaser nor any agent or representative of Purchaser has made any representation whatsoever to Seller regarding the status of the Case, the condition of Debtor or any other matter relating to the Case, the Debtor or the Claim. Seller represents that it has adequate information concerning the Case to make an informed decision regarding the sale of the Claim and that it has independently and without reliance on Purchaser, and based on such information as it has deemed appropriate, made its own analysis and decision to enter into this Agreement.

Execution of Agreement.   This Agreement shall become effective and valid when (a) Seller executes this Agreement and it is received by Purchaser, and (b) the Agreement is executed by an authorized representative of Purchaser.

Consent and Waiver.   Seller hereby acknowledges and consents to all of the terms set forth in this Agreement and hereby waives its right to raise any objections and/or to receive notice pursuant to Rule 3001 of the Federal Rules of Bankruptcy Procedure.

Claim or Recovery Impaired or Allowed for an Amount Less than Claim Amount.  **Purchaser assumes all risks with respect to the amount of Recovery, even if the Recovery is less than the Purchase Price.** Notwithstanding the foregoing, to the extent that (i) the Claim is impaired for any reason, including, without limitation, disallowance, subordination, objection, offset, demand for repayment as a preference, or due to a breach of this Agreement, and/or (ii) the Claim is **not** listed on the Schedules, or is listed on the Schedules as unliquidated, contingent or disputed, or is listed on the Schedules in a lesser amount than the Claim Amount, Seller

SR092215W

**CLAIMS RECOVERY GROUP, LLC**
92 UNION AVENUE
CRESSKILL, NJ 07626

**CRG**
CLAIMS RECOVERY GROUP, LLC

TELEPHONE (201) 266-6988
FACSIMILE (201) 266-6985
CLAIMSRECOVERYLLC.COM

In Re: **The Standard Register Company 15-10541**
In the **United States Bankruptcy Court for the District of Delaware**

CREDITOR ID: 693065
ILELEJI, ANNIE
1039 W LEXINGTON ST
BALTIMORE, MD 21223-1903 US

**Offer Deadline**

October 6, 2015

**REPLY BEFORE THIS DATE**

Dear Sir or Madam,

Pursuant to Bankruptcy Code §362, The Standard Register Company is prohibited from making payments to certain creditors at this time. This likely includes any payments to you on account of pre-petition wages and severance. According to the bankruptcy court filings, you are owed money, which **remains at risk of non-payment**.

Claims Recovery Group LLC (CRG) provides **immediate cash** on unpaid debt in certain bankruptcy cases. CRG is purchasing certain employee claims in the The Standard Register Company case and is interested in the following claim(s):

Against: **The Standard Register Company**

| | |
|---|---|
| Aggregate Amount Entitled to Priority: | $12,475.00 |
| CRG Initial Purchase Amount: | $5,988.00 (48%) |
| *Maximum Potential Additional Payment: | $3,992.00 (32%) |
| *Maximum Offer Percentage of Amt Entitled to Priority | 80% |
| Offer Valid Through: | 06-Oct-2015 |

DO NOT MISS
THE STATED
DEADLINE
OF October 6,
2015

**TO RECEIVE MONEY IMMEDIATELY**, simply sign the attached forms and return them with evidence of your employee claim. Upon confirmation of your claim we will **IMMEDIATELY SEND YOU A CHECK THAT YOU CAN DEPOSIT AS CASH.**

We will need you to send us evidence of your claim, such as wage statements or severance agreements concerning the claim amount and any other related documents. Signed forms can be sent via **fax (201) 266-6985** or email **submissions@claimsrecoveryllc.com** or mail to the address provided above.

IF YOU HAVE ANY QUESTIONS AT ALL OR NEED HELP, CALL:
**(877) 694-1194** or **(201) 266-6988**
To speak to a *CRG Payments Specialist*

This offer is on a first come first served basis and valid through **5:00 PM (EDT) on October 6, 2015**. Allocation for this case is limited, so please do not delay.

Sincerely,

*Gary Del Moro* (signature)

Gary Del Moro

*This letter is non-binding and shall be governed by the laws of NY. We reserve the right to refuse to purchase the claim for any reason without further notice or obligation. Claims Recovery Group LLC is an independent investment company not affiliated with or hired by the Debtor or the Bankruptcy Court.*
*\*Additional payments dependent upon amount, if any, withheld by disbursing agent for taxes and other employee deductions as set forth in the accompanying Claim Purchase agreement*

SR092215W