# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SRC LIQUIDATION COMPANY, *et al.*,[2] | Case No. 15-10541 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Objection Deadline:** <br> **October 26, 2015 at 4:00 p.m. (ET)** |

**SEVENTH MONTHLY APPLICATION OF GIBSON, DUNN & CRUTCHER LLP AS GENERAL BANKRUPTCY AND RESTRUCTURING CO-COUNSEL FOR DEBTORS-AND-DEBTORS IN POSSESSION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE INTERIM PERIOD FROM SEPTEMBER 1, 2015 THROUGH AND INCLUDING SEPTEMBER 30, 2015**

| | |
|---|---|
| Name of Applicant: | Gibson, Dunn & Crutcher LLP |
| Authorized to Provide Professional Services to: | Debtors and Debtors-in-Possession |
| Date of Retention: | March 12, 2015 (order entered April 13, 2015 *nunc pro tunc* to March 12, 2015) |
| Period for which compensation and reimbursement is sought: | Septemeber 1, 2015 through and including September 30, 2015 |
| Amount of Interim Compensation sought as actual, reasonable and necessary: | $365,536.25 |
| Amount of Interim Expense Reimbursement sought as actual, reasonable and necessary: | $5,409.49 |

This is an:   X    interim   ___ final application

---

[2]  The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: SRC Liquidation Company (5440); SR Liquidation Holding Company (3186); SR Liquidation Technologies, Inc. (3180); SR Liquidation International, Inc. (1861); iMLiquidation, LLC (6337); SR Liquidation of Puerto Rico Inc. (0578); SR Liquidation Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and SR Liquidation Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

This application includes 6.4 hours and $2,873.00 in fees incurred in connection with the preparation of Fee Applications.

Prior applications:

| Date Filed/ Docket No. | Period Covered | Requested | | Approved to Date | | CNO Filed | 20% Holdback Requested |
|---|---|---|---|---|---|---|---|
| | | Fees | Expenses | Fees (80%) | Expenses | | |
| 04/24/2015 [D.I. 347] | 03/12/2015 to 03/31/2015 | $775,326.00 | $15,289.43 | $620,260.80 | $15,289.43 | 05/13/2015 [D.I. 511] | $155,065.20 |
| 05/15/2015 [D.I. 519] | 04/01/2015 to 4/30/2015 | $1,291,716.25 | $22,773.78 | $1,033,373.00 | $22,773.78 | 06/19/2015 [D.I. 700] | $258,343.25 |
| 06/15/2015 [D.I. 672] | 05/01/2015 To 05/31/2015 | $768,411.00 | $16,036.18 | $614,728.80 | $16,036.18 | 7/2/2015 [D.I. 768] | $153,682.20 |
| 07/02/2015 [D.I. 770] | 06/01/2015 To 06/30/2015 | $874,641.25 | $19,681.01 | $699,713.00 | $19,681.01 | 7/20/2015 [D.I. 857] | $174,928.25 |
| 08/14/2015 [D.I. 928] | 07/01/2015 To 07/31/2015 | $941,575.00 | $37,901.47 | $753,260.00 | $37,901.47 | 9/02/2015 [D.I. 1007] | $188,315.00 |
| 9/15/2015 [D.I. 1044] | 08/01/2015 To 08/31/2015 | $335,995.00 | $24,364.42 | $268,796.00 | $24,364.42 | 10/02/2015 [D.I. 1131] | $67,199.00 |
| TOTAL | | $4,987,664.50 | $136,046.29 | $3,990,131.60 | $136,046.29 | | $997,532.90 |

### INTERIM COMPENSATION BY INDIVIDUAL

| Name of Professional Person | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Rosenthal, Michael A. | Partner since 1992. Joined firm as an Of Counsel in 1989. Member of IL Bar since 1980; NY Bar since 2009; TX Bar since 1985. | $1,175.00 | 128.6 | $151,105.00 |
| Trinklein, Jeffrey | Partner since 1997. Joined firm as an associate in 1985. Member of NY Bar since 2007; TX Bar since 1997; CA Bar since 1985. | $1,175.00 | 2.7 | $3,172.50 |

| Schmutter, Rebecca | Associate. Joined firm as an associate in 2007. Member of NY Bar since 2008. | $825.00 | 2.1 | $1,732.50 |
|---|---|---|---|---|
| Graves, Jeremy Lee | Associate. Joined firm as an associate in 2008. Member of CO Bar since 2012; TX Bar since 2007.[3] | $755.00 | 156.6 | $118,233.00 |
| Baris, Sam G. | Associate. Joined firm as an associate in 2012. Member of NY Bar since 2013. | $695.00 | 2.9 | $2,015.50 |
| Babcock, Christopher J. | Associate. Joined firm as an associate in 2011. Member of TX Bar since 2011. | $625.00 | 5.0 | $3,125.00 |
| Bouslog, Matthew G. | Associate. Joined firm as an associate in 2012. Member of CA Bar since 2011. | $625.00 | 141.6 | $88,500.00 |
| Lee, Victor D. | Associate. Joined firm as an associate in 2014. Member of CA Bar since 2014. | $460.00 | 0.5 | $230.00 |
| Amponsah, Duke K. | Paralegal | $395.00 | 15.3 | $6,043.50 |
| **NON-WORKING TRAVEL TIME REDUCTION (50%)** | | | | ($8,621.75) |
| | | | | |
| | | **Grand Total:** | **455.3** | **$365,535.25** |
| **Blended Rate:** | | **$802.85** | | |

## INTERIM COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Asset Disposition | 57.7 | $43,685.50 |
| Assumption and Rejection of Leases and Contracts | 5.1 | $3,679.50 |
| Avoidance Action Analysis | 0.8 | $720.00 |
| Budgeting (Case) | 0.3 | $187.50 |
| Business Operations | 1.6 | $1,292.00 |
| Case Administration | 4.0 | $2,812.00 |
| Claims Administration and Objections | 35.4 | $25,024.00 |
| Communications and Meetings with Creditors | 5.9 | $4,127.50 |
| Corporate Governance, Board Matters, and Securities Law | 17.5 | $15,567.50 |
| Employee Benefits and Pensions | 7.1 | $6,279.50 |
| Employment and Fee Applications - Gibson | 17.6 | $7,481.00 |
| Employment and Fee Applications - Others | 0.9 | $562.50 |

---

[3] Not actively licensed to practice in Texas.

| | | |
|---|---|---|
| Hearings | 25.2 | $19,356.00 |
| Insurance | 3.4 | $2,125.00 |
| Litigation | 0.3 | $187.50 |
| Non-Working Travel (Billed at 50% of actual incurred) | 26.3 | $8,621.75 |
| Plan and Disclosure Statement | 138.0 | $126,914.00 |
| Relief from Stay and Adequate Protection | 0.3 | $187.50 |
| Reporting | 0.2 | $125.00 |
| Secured Creditor/Collateral | 68.9 | $65,344.50 |
| Tax | 14.2 | $11,797.50 |
| Vendors and Suppliers | 0.3 | $187.50 |
| Taylor Sale Reimburseable Work[4] | 24.3 | $19,270.50 |
| **TOTAL** | **455.3** | **$365,535.25** |

---

[4] As explained in the *Supplemental Declaration of Michael A. Rosenthal in Support of the Debtors' Application for an Order Approving the Employment and Retention of Gibson, Dunn & Crutcher LLP as General Bankruptcy and Restructuring Co-Counsel for the Debtors and Debtors in Possession* Nunc Pro Tunc *to the Petition Date* [Docket No. 961], Taylor Corporation has agreed to assume the Debtors' obligation to pay these fees and expenses.

**INTERIM EXPENSE SUMMARY**

| Expenses Category | Total Expenses |
|---|---:|
| DOCUMENT SEARCH AND RETRIEVAL | $2,414.23 |
| FILING FEES | $304.80 |
| IN HOUSE DUPLICATION | $14.90 |
| LODGING | $361.90 |
| MEALS | $100.44 |
| ON-LINE RESEARCH (LEXIS) | $220.80 |
| ON-LINE RESEARCH NEXIS – MAIN | $207.00 |
| SPECIALIZED RESEARCHING/FILING FEES | $12.10 |
| TELEPHONE CHARGES | $350.82 |
| TRAVEL | $1,421.90 |
| IN HOUSE DUPLICATION(Taylor Sale Reimbursable Work) | $0.60 |
| **TOTAL** | **$5,409.49** |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| SRC LIQUIDATION COMPANY, *et al.*,[5] | Case No. 15-10541 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Objection Deadline:** <br> **October 26, 2015 at 4:00 p.m. (ET)** |

**SEVENTH MONTHLY APPLICATION OF GIBSON, DUNN & CRUTCHER LLP AS GENERAL BANKRUPTCY AND RESTRUCTURING CO-COUNSEL FOR DEBTORS-AND-DEBTORS IN POSSESSION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE INTERIM PERIOD FROM SEPTEMBER 1, 2015 THROUGH AND INCLUDING SEPTEMBER 30, 2015**

Pursuant to sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), and Rule 2016 of the Federal Rules of Bankruptcy Procedure, and in accordance with that certain *Order Authorizing Employment and Retention of Gibson Dunn & Crutcher LLP as General Bankruptcy and Restructuring Co-Counsel for The Debtors and Debtors in Possession Nunc Pro Tunc to the Petition Date* [Docket No. 255] (the "Retention Order") and that certain *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [Docket No. 260] (the "Interim Compensation Order"), the law firm of Gibson, Dunn & Crutcher LLP ("Gibson Dunn") hereby moves (the "Application") the Court for reasonable compensation for professional legal services rendered as General Bankruptcy and Restructuring Co-Counsel to The Standard Register, Inc. and its above-

---

[5] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: SRC Liquidation Company (5440); SR Liquidation Holding Company (3186); SR Liquidation Technologies, Inc. (3180); SR Liquidation International, Inc. (1861); iMLiquidation, LLC (6337); SR Liquidation of Puerto Rico Inc. (0578); SR Liquidation Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and SR Liquidation Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

captioned affiliated debtors and debtors in possession (each, a "Debtor," and collectively, the "Debtors"), in the amount of $365,536.25, together with reimbursement for actual and necessary expenses incurred in the amount of $5,409.49 for the interim period September 1, 2015 through and including September 30, 2015 (the "Interim Fee Period"). In support of this Application, Gibson Dunn respectfully represents as follows:

## BACKGROUND

1. On March 12, 2015 (the "Petition Date"), each of the Debtors filed a petition with the Court under chapter 11 of the Bankruptcy Code.

2. Pursuant to the Retention Order, Gibson Dunn was retained to represent the Debtors as General Bankruptcy and Restructuring Co-Counsel in connection with these chapter 11 cases, *nunc pro tunc* to the Petition Date. In addition, prior to March 12, 2015, Gibson Dunn served as general bankruptcy counsel as described in paragraph 8 of the Employment Application. The Retention Order authorizes Gibson Dunn to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

3. All services for which compensation is requested herein by Gibson Dunn were performed for or on behalf of the Debtors.

### (a)   SUMMARY OF SERVICES RENDERED

4. Attached hereto as Exhibit A is a detailed statement of fees incurred during the Interim Fee Period, showing the amount of $365,536.25 due for fees.

5. The services rendered by Gibson Dunn during the Interim Fee Period are grouped into the categories set forth in Exhibit A. The attorneys and paralegals that rendered services relating to each category are identified, along with the number of hours for each individual and the total compensation sought for each category, in the attachments hereto.

**(b)    DISBURSEMENTS**

6.     Exhibit B attached hereto is a detailed statement of expenses paid by Gibson Dunn during the Interim Fee Period, showing the amount of $5,409.49 for reimbursement of expenses.  This out-of-pocket disbursement sum is broken down into categories of charges, including, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by Gibson Dunn to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime.  A complete review by category of the expenses incurred for the Interim Fee Period may be found in the attachments hereto as Exhibit B.

7.     Costs incurred for overtime and computer assisted research are not included in Gibson Dunn's normal hourly billing rates and, therefore, are itemized and included in Gibson Dunn's disbursements.  Pursuant to Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), Gibson Dunn represents that its rate for duplication is $0.10 per page, its rate for outgoing telecopier transmissions is $1.00 per page (excluding related long distance transmission charges), there is no charge for incoming telecopier transmissions, and there is no surcharge for computerized research.

### (c)     VALUATION OF SERVICES

8. Attorneys and paraprofessionals of Gibson Dunn have expended a total of 455.3 hours in connection with this matter during the Interim Fee Period.

9. The amount of time spent by each of these persons providing services to the Debtors for the Interim Fee Period is fully set forth in the detail attached hereto as Exhibit A. These are Gibson Dunn's normal hourly rates of compensation for work of this character. The reasonable value of the services rendered by Gibson Dunn for the Interim Fee Period as counsel for the Debtors in these cases is $365,536.250.

10. Gibson Dunn believes that the time entries included in Exhibit A attached hereto and the expense breakdown set forth in Exhibit B attached hereto are in compliance with the requirements of Local Rule 2016-2.

11. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amount requested is fair and reasonable given (a) the complexity of these chapter 11 cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under chapter 11 of the Bankruptcy Code.

12. This Application covers the interim fee period from September 1, 2015 through and including September 30, 2015. Gibson Dunn has continued, and will continue, to perform additional necessary services for the Debtors subsequent to the Interim Fee Period, for which Gibson Dunn will file subsequent monthly fee applications.

5

## BUDGET AND STAFFING PLAN

13.     In accordance with the Retention Order and the Interim Compensation Order, attached hereto as <u>Exhibit C</u> is the budget and staffing plan for Gibson Dunn approved by the Debtors for the Interim Fee Period.

[*Remainder of the page intentionally left blank*]

## **CONCLUSION**

WHEREFORE, Gibson Dunn requests that allowance be made to it in the sum of $365,536.25 as compensation for necessary professional services rendered to the Debtors for the Interim Fee Period, and the sum of $5,409.49 for reimbursement of actual necessary costs and expenses incurred during that period, and requests such other and further relief as the Court may deem just and proper.

Dated:   October 9, 2015
        Wilmington, Delaware

*/s/ Michael A. Rosenthal*
Michael A. Rosenthal (NY No. 4697561)
Jeremy L. Graves (CO No. 45522)
Matthew G. Bouslog (CA No. 280978)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
mrosenthal@gibsondunn.com
jgraves@gibsondunn.com
mbouslog@gibsondunn.com

*General Bankruptcy and Restructuring Co-Counsel*

> A notary public or other office completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

## VERIFICATION

STATE OF NEW YORK  )
                   )  SS:
COUNTY OF NEW YORK )

Michael A. Rosenthal, after being duly sworn according to law, hereby deposes and says:

1. I am a Partner in the applicant firm, Gibson, Dunn & Crutcher LLP ("Gibson Dunn"), and have been admitted to appear before this Court.

2. I have personally performed many of the legal services rendered by Gibson Dunn to The Standard Register, Inc. and its affiliated debtors and debtors in possession in connection with their chapter 11 cases, and am familiar with all other work performed on behalf of the lawyers and paraprofessionals at Gibson Dunn.

3. The facts set forth in the foregoing Application are true and correct to the best of my knowledge, information and belief.

_____
MICHAEL A. ROSENTHAL

SWORN TO AND SUBSCRIBED before me this 8th day of October, 2015 and proved to me on the basis of satisfactory evidence to be the person who appeared before me.

_____
Maria Laudani, Notary Public
My Commission Expires: May 27, 2019

MARIA LAUDANI
Notary Public, State of New York
No. 01LA6093015
Qualified in Nassau County
Certificate Filed in New York County
Commission Expires May 27, 20__17