## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>SRC LIQUIDATION COMPANY,<br>*et al.,*<br><br>Debtors.[1] | : Chapter 11<br>:<br>: Case No. 15-10541(BLS)<br>:<br>: **Hearing Date for Interim Application: 11/19/2015**<br>:<br>:<br>:<br>:<br>:<br>: |

## SECOND INTERIM APPLICATION OF ZOLFO COOPER, LLC FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS FINANCIAL AND FORENSIC ADVISORS TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
## FOR THE PERIOD JUNE 1, 2015 THROUGH SEPTEMBER 30, 2015

| | |
|---|---|
| Name of applicant (the "Applicant"): | Zolfo Cooper, LLC |
| Authorized to provide professional services to: | Official Committee of Unsecured Creditors of SRC Liquidation Company |
| Date of retention: | *Nunc Pro Tunc* to March 24, 2015 |
| Period for which Interim compensation and reimbursement is sought: | June 1, 2015 through September 30, 2015 ("Second Interim Period") |
| Amount of Interim compensation sought as actual, reasonable and necessary: | $ 211,319.50 |
| Amount of Interim expense reimbursement sought as actual, reasonable and necessary: | $    2,010.88 |

This is a: _X_ interim __ final application

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

**SUMMARY OF MONTHLY FEE STATEMENTS OF ZOLFO COOPER, LLC FILED DURING THE SECOND INTERIM PERIOD**

| Date Filed / Docket No. | Period Covered | Fees | Expenses | Date CNO filed / Docket No. | Paid Fees | Paid Expenses |
|---|---|---|---|---|---|---|
| July 8, 2015 Docket No. 794 | June 1, 2015 – June 30, 2015 | $95,237.00 | $1,299.98 | July 23, 2015 Docket No. 871 | $76,189.60 | $1,299.98 |
| August 25, 2015 Docket No. 974 | July 1, 2015 – July 31, 2015 | $50,000.00 | $614.49 | September 11, 2015 Docket No. 1034 | $40,000.00 | $614.49 |
| October 12,2015 Docket No. 1151 | August 1, 2015 – August 31, 2015 | $45,220.50 | $64.02 | Pending | Pending | Pending |
| Pending | September 1, 2015 – September 30, 2015 | $20,862.00 | $32.39 | Pending | Pending | Pending |
| Total | June 1, 2015 – September 30, 2015 | $211,319.50 | $2,010.88 | | $116,189.60 | $1,914.47 |

## SUMMARY OF HOURS BY PROFESSIONAL FOR THE SECOND INTERIM PERIOD

| PROFESSIONAL | TITLE | RATE[1] | TOTAL HOURS DURING PERIOD | TOTAL FEES DURING PERIOD |
|---|---|---|---|---|
| David MacGreevey | Managing Director | $795 | 80.1 | $62,089.50 |
| Mark Cervi | Director | $585 | 67.9 | $39,721.50 |
| Corbin Butcher | Associate | $395 | 100.6 | $39,737.00 |
| Kristen Draus | Associate | $360 | 19.5 | $7,020.00 |
| Eugene Lavrov | Associate | $395 | 143.7 | $56,761.50 |
| Andrew Valentini | Analyst | $265 | 0.4 | $106.00 |
| Elizabeth Kardos | Counsel | $490 | 1.6 | $784.00 |
| **Subtotal for Professionals** | | | 413.8 | $206,219.50 |
| Laurie Verry | Paralegal | $255 | 20.0 | $5,100.00 |
| **Total** | | | 433.8 | $211,319.50 |

(1) Travel time rates are reduced by 50%

| | |
|---|---|
| Average Billing Rate | $487.14 |

## SUMMARY OF HOURS BY MATTER CATEGORY FOR THE SECOND INTERIM PERIOD

| PROJECT CODE | PROJECT CATEGORY | TOTAL HOURS DURING PERIOD | TOTAL FEES DURING PERIOD |
|---|---|---|---|
| 2 | 363 Sale Process | 26.8 | $18,048.00 |
| 3 | Meetings with UCC Members and/or UCC Professionals | 52.6 | $29,739.00 |
| 4 | Debtor & Debtor's Professional Meetings including Corporate and Operations Site Visits | 5.6 | $3,541.00 |
| 5 | Employee Compensation and Advisor Retention Matters | 5.4 | $3,009.00 |
| 6 | Financial and Other Due Diligence | 27.0 | $11,452.50 |
| 7 | Liquidity, Cash Management and Cash Collateral Analysis | 18.4 | $8,181.00 |
| 9 | Other Diligence | 8.5 | $4,885.50 |
| 10 | Non-Working Travel Time | 4.0 | $1,590.00 |
| 11 | Retention, Fee Statements and Fee Applications | 104.5 | $41,541.00 |
| 12 | Internal Meetings / Discussions | 18.9 | $10,913.00 |
| 13 | Preparing for and Attending Depositions | 1.0 | $795.00 |
| 14 | Adversary Proceeding | 161.1 | $77,624.50 |
| Total | | 433.8 | $211,319.50 |

(1) Travel time rates are reduced by 50%

Average Billing Rate     $487.14

## SUMMARY OF EXPENSES FOR THE SECOND INTERIM PERIOD

| Expense Category | Total Expenses During Period |
|---|---:|
| Ground Transportation | $1,036.67 |
| Meals | $433.98 |
| Miscellaneous | $540.23 |
| **Total** | **$2,010.88** |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| SRC LIQUIDATION COMPANY, *et al.,* | : Case No. 15-10541(BLS) |
| Debtors[1]. | : **Hearing Date for Interim Application: 11/19/2015** |

**SECOND INTERIM APPLICATION OF ZOLFO COOPER, LLC FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS FINANCIAL AND FORENSIC ADVISORS TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
FOR THE PERIOD JUNE 1, 2015 THROUGH SEPTEMBER 30, 2015**

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Court's Order Establishing Interim Compensation Procedures [Docket No. 260] (the "Administrative Order"), Zolfo Cooper, LLC ("ZC"), bankruptcy consultants and financial advisors to the Official Committee of Unsecured Creditors (the "Creditors' Committee") of SRC Liquidation Company, in the above-captioned case (the "Debtor"), hereby submits its Interim Application (the "Application") for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses Incurred for the Period from June 1, 2015 through September 30, 2015 (the "Second Interim Period").

By this Application, ZC seeks allowance of compensation for professional services rendered as financial and forensic advisors to the Creditors' Committee in the sum of $211,319.50 and actual and necessary expenses in the amount of $2,010.88 for a total final allowance of $213,330.38 for the Second Interim Period. In support of this Application, ZC respectfully represents as follows:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

## Background

1.      Bankruptcy Filing.  On March 12, 2015 (the "Petition Date"), the Debtor

commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code

(the "Bankruptcy Code").  The Debtor continues to operate its businesses and manage its properties

as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      On March 24, 2015 the Office of the United States Trustee entered a notice of

the Appointment of the Official Committee of Unsecured Creditors (the "Committee") pursuant to §

1102(a)(1) of the Bankruptcy Code.

3.      No trustee or examiner has been appointed in the Debtor's bankruptcy case

4.      Jurisdiction.  This Court has jurisdiction over this Application pursuant to 28

U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue

of the Debtor's chapter 11 case and this Application is proper under 28 U.S.C. §§ 1408 and 1409.

The predicates for the relief sought herein are sections 330 and 331 of the Bankruptcy Code,

Bankruptcy Rule 2016, Local Rules of Bankruptcy Practice and Procedure of the United States

Bankruptcy Court for the District of Delaware (the "Local Rules") including Local Rule No. 2016-2,

and the Administrative Order.

5.      Administrative Order.  On April 13, 2015, the Court signed the Administrative

Order, authorizing retained professionals ("Professionals") to submit monthly applications for

compensation and reimbursement for expenses, pursuant to the procedures specified therein.  The

Administrative Order provides, among other things, that a Professional may submit monthly fee

applications.  If no objections are made within twenty (20) days after service of the monthly fee

application, the Debtor is authorized to pay the Professional eighty percent (80%) of the requested

fees and one hundred percent (100%) of the requested expenses.  Beginning with the period ending

May 31, 2015, each of the Professionals shall file and serve an interim application for allowance of

the amounts sought in its monthly fee applications for that period. All fees and expenses paid are on an interim basis until final allowance by the Court.

## RETENTION OF ZC

6.  On March 24, 2015, the Committee selected Zolfo Cooper ("ZC" or the "Firm") to serve as financial and forensic advisors.

7.  The Bankruptcy Court entered an order on May 18, 2015 [Docket No. 522] (the "April 20, 2015 Retention Order") authorizing the retention of ZC, *nunc pro tunc* to March 24, 2015, to:

a)  Monitor the Debtor's cash flow and operating performance, including:

   i.  Comparing actual financial and operating results to plans,

   ii.  Evaluating the adequacy of financial and operating controls,

   iii.  Tracking the status of the Debtor's/Debtor's professionals' progress relative to developing and implementing programs such as preparation of a business plan, identifying and disposing of non-productive assets, and other such activities,

   iv.  Preparing periodic presentations to the Committee summarizing findings and observations resulting from ZC's monitoring activities;

b)  Analyze and comment on operating and cash flow projections, business plans, operating results, financial statements, other documents and information provided by the Debtor/Debtor's professionals, and other information and data pursuant to the Committee's request;

c)  Advise the Committee concerning interfacing with the Debtor, other constituencies and their respective professionals;

d)  Prepare for and attend meetings of the Committee and subcommittees thereof;

e)  Analyze claims and perform investigations of potential preferential transfers, fraudulent conveyances, related-party transactions and such other transactions as may be requested by the Committee;

f)  Analyze and advise the Committee about the Debtor's proposed Plan of Reorganization, the underlying Business Plan, including the related assumptions and rationale, and the related Disclosure Statement; and

g)  Provide forensic and litigation consulting services at the direction of the Committee's legal counsel; and

h)  Provide other services as requested by the Committee.

8.    The April 20, 2015 Retention Order approved the terms of ZC's Fee and Expense Structure set forth in the Engagement Letter and authorized ZC to be compensated pursuant to the terms of the Engagement Letter and procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Order Establishing Interim Compensation Procedures entered April 13, 2015 (the "Administrative Order") [Docket No. 260], and any other applicable orders of this Court.

9.    The Retention Order authorized ZC to be compensated pursuant to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Administrative Order, and any other applicable orders of this Court.

## ZOLFO COOPER'S APPLICATION FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES

### Monthly Fee Applications Covered Herein

10.    ZC is seeking an interim allowance of compensation in the amount of $211,319.50 and actual and necessary expenses in the amount of $2,010.88 for a total interim allowance of $213,330.38 for the Second Interim Period.

11.    Further, the Monthly Fee Applications for the periods June 1, 2015 through June 30, 2015 [Docket No. 794], July 1, 2015 through July 31, 2015 [Docket No. 974], August 1, 2015 through August 31, 2015 [Docket No. 1151], and September 1, 2015 through September 30, 2015 [Docket No. Pending] (the "Prior Monthly Fee Periods"), of ZC have been filed and served pursuant to the Administrative Order.

12.    The monthly fee applications covered by this Application contain detailed daily time logs describing the actual and necessary services provided by ZC during the fee periods as well as other detailed information required to be included in fee applications.

**Requested Relief**

13.     By this Application, ZC requests that the Court approve the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by ZC during the Second Interim Period from June 1, 2015 through September 30, 2015. As stated above, the full scope of the services provided and the related expenses incurred are fully described in the monthly fee applications for the Prior Monthly Fee Periods that have been previously filed with the Court.

14.     Zolfo Cooper has extensive experience in the areas of insolvency, workouts and corporate reorganizations. Zolfo Cooper's services on behalf of the Creditors' Committee have been rendered in a highly efficient manner by professionals who have achieved a high degree of expertise in these areas. The skill and competency of the Zolfo Cooper professionals who have represented the Creditors' Committee have ensured that this case has been administered in the most efficient and expeditious manner.

15.     The professional services rendered by Zolfo Cooper have required the continuous expenditure of substantial time and effort, under time pressures which sometimes required the performance of services late into the evening and, on a number of occasions, over weekends and holidays. The services rendered required a high degree of professional competence and expertise in order to be administered with skill and dispatch. During the Second Interim, approximately 409.8 hours recorded hours were expended by Zolfo Cooper personnel in providing the requested professional services, 4.0 hours recorded were for non-working travel time, and 20.0 hours recorded were for paraprofessional services.

16.     This chapter 11 case is generally regarded as a complex bankruptcy case and novel and complex issues arose during the course of the case. In this case, as in many others in which the firm is involved, Zolfo Cooper's creative approach to problem solving has helped clarify and resolve difficult issues. Indeed, many of the complex issues regarding the Debtor are issues of

first impression, with far reaching ramifications.  As detailed above, the services Zolfo Cooper provided to the Creditors' Committee were necessary to the case.

17.    At all relevant times, ZC has been a "disinterested person" as that term is defined in §101(14) of the Bankruptcy Code and has not represented or held an interest adverse to the interests of the Creditors' Committee.

18.    All services for which compensation is requested by ZC were performed for or on behalf of the Creditors' Committee and not on behalf of the Debtor or any other creditor or other person.

19.    ZC has received no payment and no promises for payment from any source other than the Creditors' Committee for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.  There is no agreement or understanding between ZC and any other person other than the partners of ZC for the sharing of compensation to be received for services rendered in this case.

20.    The professional services and related expenses for which ZC requests final allowance of compensation and reimbursement of expenses were rendered and incurred in connection with this case in the discharge of ZC's professional responsibilities as financial and forensic advisors to the Creditors' Committee in this chapter 11 case.  ZC's services have been necessary and beneficial to the Creditors' Committee and other parties in interest.

21.    In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by ZC is fair and reasonable given (a) the complexity of this case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.  Moreover, ZC has reviewed the requirements of Del. Bankr. LR 2016-2 and the Administrative Order and believes that this Application complies with such Rule and Order.

**Summary of Services Provided**

22.     Summarized below is a description of the services provided by ZC to the Committee during the Application Period in each significant service area. The primary focus of ZC was centered around the following areas:

2)   *Project Code 2: 363 Sale Process (26.8 hours)*

Primarily includes time spent analyzing and monitoring the company's proposed 363 sale process. In addition, this includes discussion with and analysis completed with other professionals representing the Committee as well as professionals representing potential bidders.

3)   *Project Code 3:  Meetings with UCC Members and/or UCC Professionals (52.6 hours)*

Primarily includes time spent updating the Creditors' Committee with regard to status of the case. In addition, discussion with and analysis completed with other professionals representing the Creditors' Committee will be included.

4)   *Project Code 4:  Debtor & Debtor's Professional Meetings including Corporate and Operations Site Visits  (5.6 hours)*

Time spent attending meetings and discussions with Management and Debtor professionals, either telephonically or onsite at Company properties.

5)   *Project Code 5:  Employee Compensation and Advisor Retention Matters  (5.4 hours)*

Time spent on research and analysis related to Debtor employee compensation matters and Debtor retained professionals.   This includes time spent reviewing the Debtor's proposed key employee incentive plan and the Debtor professionals' retention agreement and monthly fee statement to determine reasonableness.

6)   *Project Code 6: Financial and Other Due Diligence (27.0 hours)*

Time spent researching and documenting relevant information regarding the Debtors' state of affairs from public and non-public sources, including, but not limited to, SEC filings, filings on the electronic court docket, press releases, documents and schedules provided in the virtual data room.

7)   *Project Code 7: Liquidity, Cash Management and Cash Collateral Analysis (18.4 hours)*

Time spent analyzing and reviewing weekly cash flow statements and their respective variances from budgeted amounts. This category also includes time spent analyzing the Debtors' proposed DIP financing and related budget and challenging their terms in relation to market alternatives. This category will also include time spent analyzing the Debtors' revised DIP budgets and challenging their assumptions.

9) *Project Code 9:  Other Diligence (8.5 hours)*

Other diligence, including time spent reviewing and analyzing: vendor contracts, critical vendor payments, company operational matters, leases, statements of financial affairs and schedules of assets and liabilities.

10) *Project Code 10:  Non-Working Travel Time (4.0 hours)*

This category includes all non-working travel time, and is billed at 50% of Applicant's regular hourly rates. Non-working travel included travel related to the Debtor's June 8 hearing on standing motion and extending the May 26 challenge deadline to permit the suit and June 17 omnibus hearing in Wilmington, DE

11) *Project Code 11:  Retention, Fee Statements and Fee Applications (104.5 hours)*

Time billed under this category was for the necessary time that Zolfo Cooper professionals and paraprofessionals spent managing the retention and fee application process, including analyzing and responding to objections to our retention from the Debtor, Bank of America, and Silver Point. Appropriate staffing levels, including an emphasis on paraprofessionals, were utilized to minimize the cost associated with these activities.

12) *Project Code 12:  Internal Meetings / Discussions (18.9 hours)*

Time spent by ZC professionals discussing and brainstorming the case either telephonically or in person.

13) *Project Code 13:  Preparing for and Attending Depositions (1.0 hours)*

Time spent includes preparation of the MacGreevey proffer, potential questions of opposing witnesses and review of the deposition transcripts of the Debtor's senior management team and Debtor's advisors.

14) *Project Code 14: Adversary Proceeding (161.1 hours)*

Time spent assisting in preparing the Committee's motion for standing and advancement of causes of action against the Debtor and Silver Point. Time spent analyzing settlement proposals and matters related to the acquisition of Workflow One by the Debtor and other related parties.

23.     At all relevant times, ZC has been a "disinterested person" as that term is defined in §101(14) of the Bankruptcy Code and has not represented or held an interest adverse to the interests of the Creditors' Committee.

24.     All services for which compensation is requested by ZC were performed for or on behalf of the Creditors' Committee and not on behalf of the Debtor or any other creditor or other person.

25.     ZC has received no payment and no promises for payment from any source other than the Creditors' Committee for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between ZC and any other person other than the partners of ZC for the sharing of compensation to be received for services rendered in this case.

26.     The professional services and related expenses for which ZC requests interim allowance of compensation and reimbursement of expenses were rendered and incurred in connection with this case in the discharge of ZC's professional responsibilities as financial and forensic advisors to the Creditors' Committee in this chapter 11 case. ZC's services have been necessary and beneficial to the Creditors' Committee and other parties in interest.

27.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by ZC is fair and reasonable given: (a) the complexity of this case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case

under the Bankruptcy Code.  Moreover, ZC has reviewed the requirements of Local Rule 2016-2 and

the Administrative Order and believes that this Application complies with such Rule and Order.

WHEREFORE, ZC respectfully requests that the Court enter an order providing that ZC be awarded and paid (i) for the Second Interim Period of June 1, 2015 through September 30, 2015, an interim allowance be made to ZC in the sum of $211,319.50 as compensation for reasonable and necessary professional services rendered, and in the sum of $2,010.88 for reimbursement of actual and necessary costs and expenses incurred, for a total of $213,330.38; (ii) that the Debtor be authorized and directed to pay to ZC the outstanding amount of such sums; and (iii) for such other and further relief as this Court deems proper.

Dated:          October 15, 2015
                New York, New York


David MacGreevey
**Managing Director**
**Zolfo Cooper, LLC**
**1114 Avenue of the Americas, 41st Floor**
**New York, NY 10036**
**(212) 561-4000**


Notary Public

**ANDREW T GETTLER**
**NOTARY PUBLIC-STATE OF NEW YORK**
**No. 01GE6254819**
**Qualified in Bronx County**
**My Commission Expires January 23, 2016**