**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>SRC LIQUIDATION COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-10541 (BLS)<br><br>Jointly Administered<br><br>Re: Docket No. 964 |

**ORDER SUSTAINING DEBTORS' FIRST (1ST) OMNIBUS (SUBSTANTIVE)
OBJECTION TO CLAIMS (DROP-SHIP ADMINISTRATIVE PRIORITY CLAIMS)
PURSUANT TO SECTION 502 OF THE BANKRUPTCY CODE,
BANKRUPTCY RULE 3007 AND LOCAL RULE 3007-1**

Upon consideration of the *Debtors' First (1st) Omnibus (Substantive) Objection to Claims (Drop-Ship Administrative Priority Claims) Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1* (the "Objection")[2] and the Carmody Declaration; and this Court having found that it has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and this Court having found that venue of these Chapter 11 Cases and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having determined that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Objection is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and this Court having determined that notice of the Objection was good and sufficient upon the particular circumstances and that no other or further notice need be

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: SRC Liquidation Company (5440); SR Liquidation Holding Company (3186); SR Liquidation Technologies, Inc. (3180); SR Liquidation International, Inc. (1861); iMLiquidation, LLC (6337); SR Liquidation of Puerto Rico Inc. (0578); SR Liquidation Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and SR Liquidation Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

given; and upon the record herein; and after due deliberation thereon and good and sufficient cause appearing therefor; it is hereby **ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Objection is SUSTAINED, as set forth herein.

2. The Disputed Drop-Ship Claims identified on Exhibit A to this Order are hereby reclassified to the priority levels indicated in the columns titled "*Modified 503(b)(9) Amount*" and "*Modified General Unsecured Amount*" on Exhibit A to this Order.

3. The Objection is adjourned, without prejudice, to the hearing scheduled for November 19, 2015, solely with respect to Claim No. 1298, filed by Harmony Press, Inc.

4. By agreement of the parties, notwithstanding anything contained herein to the contrary, the Debtors' rights to object to the remaining $13,518.05 claim of Business Card Services, Inc. that is asserted to have priority pursuant to section 503(b)(9) of the Bankruptcy Code on the grounds that the applicable goods were not, in fact, delivered directly to the Debtors, shall be preserved. All of Business Card Services, Inc.'s rights and defenses with respect to any such objection shall be preserved. If the Debtors do not object to the remaining $13,518.05 claim of Business Card Services, Inc. that is asserted to have priority pursuant to section 503(b)(9) of the Bankruptcy Code by November 16, 2015, such claim shall be deemed to be an allowed administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code in the amount of $13,518.05.

5. The Debtors' objection to each Disputed Drop-Ship Claim addressed in the Objection constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed a separate Order with respect to each claim. Any stay of this Order pending appeal by any of the claimants subject to this Order shall only apply to the contested

matter which involves such Claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters covered hereby.

6. Any and all rights of the Debtors and their estates to amend, supplement or otherwise modify the Objection and to file additional objections to any and all claims filed in these Chapter 11 Cases, including, without limitation, any and all of the Disputed Drop-Ship Claims, is fully reserved. Any and all rights, claims and defenses of the Debtors and their estates with respect to any and all of the Disputed Drop-Ship Claims shall be reserved, and nothing included in or omitted from the Objection is intended or shall be deemed to impair, prejudice, waive or otherwise affect any rights, claims, or defenses of the Debtors and their estates with respect to the Disputed Drop-Ship Claims.

7. This Court shall retain jurisdiction over any and all affected parties with respect to any and all matters, claims or rights arising from or related to the implementation or interpretation of this Order.

Dated: October 15, 2015
Wilmington, Delaware

_____
Brendon L. Shannon
Chief United States Bankruptcy Judge

3