# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SRC LIQUIDATION COMPANY, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-10541 (BLS)<br><br>Jointly Administered<br><br>Hearing Date: November 19, 2015 at 9:30 a.m. (ET)<br>Objection Deadline: November 3, 2015 at 4:00 p.m. (ET) |

### DEBTORS' SIXTH (6TH) OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

SRC Liquidation Company and its above-captioned affiliated debtors and debtors in possession (each, a "Debtor," and collectively, the "Debtors") hereby file this objection (this "Objection"), pursuant to section 502 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to each of the claims (collectively, the "Disputed Claims") filed against the Debtors and their estates that are listed on Exhibits A through C to the proposed form of order (the "Proposed Order") attached hereto as Exhibit 2, and request the entry of the Proposed Order disallowing each of the Disputed Claims on the grounds set forth herein. In support of this Objection, the Debtors rely on the Declaration of Landen C. Williams (the "Williams Declaration"), a copy of which is attached

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: SRC Liquidation Company (5440); SR Liquidation Holding Company (3186); SR Liquidation Technologies, Inc. (3180); SR Liquidation International, Inc. (1861); iMLiquidation, LLC (6337); SR Liquidation of Puerto Rico Inc. (0578); SR Liquidation Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and SR Liquidation Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

hereto as Exhibit 1.  In further support of this Objection, the Debtors respectfully represent as follows:

## JURISDICTION

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012 (the "Amended Standing Order").  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.  Pursuant to Local Rule 9013-1(f), the Debtors consent to entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief sought herein are section 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1.

## BACKGROUND

**A.    General Background**

3.  On March 12, 2015, each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court").  Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are continuing to manage their financial affairs as debtors in possession.  No request for a trustee or examiner has been made in these chapter 11 cases (collectively, the "Chapter 11 Cases").

4.     On March 24, 2015, the Office of the United States Trustee for the District of Delaware (the "UST") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee").

5.     Information regarding the Debtors' history and business operations, capital structure and primary secured indebtedness, and the events leading up to the commencement of these Chapter 11 Cases, can be found in *Declaration of Kevin M. Carmody in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* [Docket No. 2].

**B.     Debtors' Schedules**

6.     On May 11, 2015, each of the Debtors filed their Schedules of Assets and Liabilities [Docket Nos. 475, 477, 479, 481, 483, 485, 487, 489, 491, 493, and 495].

**B.     Proofs of Claim**

7.     On March 13, 2015, the Court entered an order [Docket No. 54] appointing Prime Clerk LLC ("Prime Clerk") as claims and noticing agent in these Chapter 11 Cases. Among other things, Prime Clerk is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain official claims registers for each Debtor.

## RELIEF REQUESTED

8.     By this Objection, the Debtors seek entry of an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, disallowing in full each of the Disputed Claims as set forth herein.

9.     In accordance with Local Rule 3007-1(e)(i)(E), the Debtors believe that this Objection complies in all material respects with Local Rule 3007-1.

## OBJECTION

10. Section 502(b) of the Bankruptcy Code provides that:

> The court, after notice and a hearing, shall determine the amount of [a] claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent . . . such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured.

11 U.S.C. § 502(b)(1).

11. The Disputed Claims are unenforceable against the Debtors because they are either:

    a. based solely on ownership of stock in the Debtors and not on account of damages or a claim against the Debtors;

    b. entirely duplicative of previously filed proofs of claim; or

    c. amended and superseded by claims subsequently filed by the creditor asserting the claim.

Therefore, pursuant to sections 502(b)(1) of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1, the Debtors respectfully request that the Court enter an order disallowing each Disputed Claim.

### A. Equity Interest Claim

12. The claim listed in <u>Exhibit A</u> to the Proposed Order was filed by a party on account of equity interests held in SRC Liquidation Company (f/k/a The Standard Register Company) (the "<u>Equity Interest Claim</u>"). The Debtors object to the Equity Interest Claim because it was filed by a shareholder based solely on stock ownership in the Debtors and not on account of damages or a claim against the Debtors. The ownership of an equity interest in the Debtors does not, in and of itself, constitute a "claim" against the Debtors' estates as the term is defined in section 101(5) of the Bankruptcy Code. Therefore, the Debtors hereby object to the

Equity Interest Claim and request entry of the Proposed Order disallowing the Equity Interest Claim.

**B.    Duplicate Claim**

13.    The claim listed in <u>Exhibit B</u> to the Proposed Order under the column heading "Duplicate Claims to be Disallowed" (the "<u>Duplicate Claim</u>") is duplicative of the subsequently filed proof of claim identified under the column heading "Remaining Claims" on <u>Exhibit B</u> to the Proposed Order.  The Debtors believe that it was not the intention of the claimant asserting such claim to seek a double recovery against the Debtors' estates.  Instead, the filing of the Duplicate Claim appears to be a function of the claimant filing multiple proof of claim forms on account of a single claim or filing the same claim with multiple parties (*e.g.* Prime Clerk, the Debtors, and the Debtors' counsel).  Regardless of the claimant's reasons for filing the Duplicate Claim, however, only one claim should be allowed for the claimant.

14.    Failure to disallow the Duplicate Claim will result in the claimant receiving an unwarranted double recovery against the Debtors' estates, to the detriment of unsecured creditors in these cases.  Accordingly, the Debtors hereby object to the Duplicate Claim and request entry of an order disallowing the Duplicate Claim listed on <u>Exhibit B</u> to the Proposed Order.  If the Debtors' objection to the Duplicate Claim is sustained, the claim listed under the column heading "Remaining Claims" on <u>Exhibit B</u> to the Proposed Order will remain on the official claims register, subject to the Debtors' right to object on any grounds that bankruptcy or non-bankruptcy law permits.  Therefore, the claimant holding the Duplicate Claim will suffer no prejudice by having its Duplicate Claim disallowed.

**C.    Amended and Superseded Claims**

15.    The Disputed Claims listed in <u>Exhibit C</u> to the Proposed Order under the column heading "Amended Claims to be Disallowed" are those claims that have been amended and

superseded by subsequently-filed proofs of claims identified under the column heading "Remaining Claims" on Exhibit C to the Proposed Order (collectively, the "Amended and Superseded Claims"). The Amended and Superseded Claims, thus, no longer represent valid claims against the Debtors' estates. Failure to disallow the Amended and Superseded Claims would result in the applicable claimants receiving an unwarranted double recovery against the Debtors' estates, to the detriment of unsecured creditors in these cases.

16. Therefore, the Debtors object to each Amended and Superseded Claim listed in Exhibit C to the Proposed Order and request that such Amended and Superseded Claims under the column heading "Amended Claims to be Disallowed" be disallowed. If the Debtors' objection to the Amended and Superseded Claims is sustained, the claims listed under the column heading "Remaining Claim" on Exhibit C to the Proposed Order will remain on the official claims register, subject to the Debtors' right to object on any grounds that bankruptcy or non-bankruptcy law permits. Therefore, any claimant holding an Amended and Superseded Claim will suffer no prejudice by having such claims disallowed.

## **RESERVATION OF RIGHTS**

17. The Debtors expressly reserve the right to amend, modify, or supplement this Objection. Should one or more of the grounds for this Objection be dismissed or overruled, the Debtors reserve the right to object to any Disputed Claim listed on Exhibits A through C to the Proposed Order on any other ground. The Debtors also expressly reserve the right to commence additional proceedings with respect to the claims that are subject to this Objection, including but not limited to proceedings under sections 502(d), 510, 542, 543, 544, 545, 547, 548, 549, 550, 551, and 553 of the Bankruptcy Code.

## **NOTICE**

18. The Debtors have provided notice of this Objection to (i) the UST; (ii) counsel to the Committee; (iii) counsel for Silver Point Finance, LLC, in its capacity as administrative agent under the Debtors' Second Lien Credit Agreement; (iv) counsel to the agents under the Debtors' debtor-in-possession financing facilities; (v) the holders of the Disputed Claims; and (d) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as <u>Exhibit 2</u>, sustaining this Objection in all respects and granting such other and further relief as the Court may deem just and proper.

Dated:  October 20, 2015
       Wilmington, Delaware

*/s/ Andrew L. Magaziner*
Michael R. Nestor (No. 3526)
Kara Hammond Coyle (No. 4410)
Maris J. Kandestin (No. 5294)
Andrew L. Magaziner (No. 5426)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253
mnestor@ycst.com
kcoyle@ycst.com
mkandestin@ycst.com
amagaziner@ycst.com

-and-

Michael A. Rosenthal (NY No. 4697561)
Jeremy L. Graves (CO No. 45522)
Matthew G. Bouslog (CA No. 280978)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
mrosenthal@gibsondunn.com
jgraves@gibsondunn.com
mbouslog@gibsondunn.com

*Counsel to the Debtors and Debtors in Possession*