IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SRC LIQUIDATION COMPANY, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-10541 (BLS)<br><br>Jointly Administered<br><br>Hearing Date: November 19, 2015 at 9:30 a.m. (ET)<br>Obj. Deadline: November 3, 2015 at 4:00 p.m. (ET) |

**DEBTORS' SEVENTH (7TH) OMNIBUS (SUBSTANTIVE) OBJECTION
TO CLAIMS PURSUANT TO SECTION 502 OF THE BANKRUPTCY
CODE, BANKRUPTCY RULE 3007 AND LOCAL RULE 3007-1**

SRC Liquidation Company and its above-captioned affiliated debtors and debtors in possession (each, a "Debtor," and collectively, the "Debtors") hereby file this objection (this "Objection"), pursuant to section 502 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to each of the claims (collectively, the "Disputed Claims") filed against the Debtors and their estates that are listed on Exhibits A and B to the proposed form of order (the "Proposed Order") attached hereto as Exhibit 2, and request the entry of the Proposed Order disallowing, modifying, or reclassifying, as appropriate, each of the Disputed Claims on the grounds set forth herein. In support of this Objection, the Debtors rely on the Declaration of Landen C. Williams (the

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: SRC Liquidation Company (5440); SR Liquidation Holding Company (3186); SR Liquidation Technologies, Inc. (3180); SR Liquidation International, Inc. (1861); iMLiquidation, LLC (6337); SR Liquidation of Puerto Rico Inc. (0578); SR Liquidation Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and SR Liquidation Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

01:17854016.1

"Williams Declaration"), a copy of which is attached hereto as Exhibit 1.  In further support of this Objection, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012 (the "Amended Standing Order").  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.  Pursuant to Local Rule 9013-1(f), the Debtors consent to entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief sought herein are section 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1.

## BACKGROUND

**A.**     **General Background**

3.     On March 12, 2015 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court").  Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are continuing to manage their financial affairs as debtors in possession.  No request for a trustee or examiner has been made in these chapter 11 cases (collectively, the "Chapter 11 Cases").

4. On March 24, 2015, the Office of the United States Trustee for the District of Delaware (the "UST") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee").

5. Information regarding the Debtors' history and business operations, capital structure and primary secured indebtedness, and the events leading up to the commencement of these Chapter 11 Cases, can be found in *Declaration of Kevin M. Carmody in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* [Docket No. 2] (the "First Day Declaration").

**B.     Debtors' Schedules**

6. On May 11, 2015, each of the Debtors filed their Schedules of Assets and Liabilities [Docket Nos. 475, 477, 479, 481, 483, 485, 487, 489, 491, 493, and 495].

**B.     Proofs of Claim**

7. On March 13, 2015, the Court entered an order [Docket No. 54] appointing Prime Clerk LLC ("Prime Clerk") as claims and noticing agent in these Chapter 11 Cases. Among other things, Prime Clerk is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in these chapter 11 cases and (b) maintain official claims registers for each of the Debtors.

**RELIEF REQUESTED**

8. By this Objection, the Debtors seek entry of an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, disallowing, modifying, or reclassifying, as appropriate, each of the Disputed Claims as set forth herein.

9. In accordance with Local Rule 3007-1(e)(i)(E), the Debtors believe that this Objection complies in all material respects with Local Rule 3007-1.

**OBJECTION**

A.     **No Liability Pension Claims**

10.     As of the Petition Date, the Debtors sponsored The Stanreco Retirement Plan which covered certain of the Debtors' employees (the "Pension Plan").  As further detailed in the First Day Declaration, the Debtors' unfunded Pension Plan obligations were one of the catalysts for commencing these Chapter 11 Cases.  Pursuant to an agreement dated August 31, 2015, Sheppard Kaplan, LLC, the Pension Plan administrator, and the Pension Benefit Guaranty Corporation (the "PBGC") agreed to terminate the Pension Plan and appoint the PBGC as trustee of the Pension Plan under 29 U.S.C. § 1342.

11.     The Employee Retirement Income Security Act of 1974 ("ERISA") establishes the framework to determine whether pension plan participants have a claim against the Debtors in accordance with the Bankruptcy Code.  *See In re Remington Rand Corp.*, 836 F.2d 825, 830 (3d Cir. 1988) ("Reference to non-bankruptcy law is critical: unless state or federal law independently creates obligations, the bankruptcy court is not presented with a claim to either recognize or reject.").  This framework is unambiguous—Title IV of ERISA explicitly prohibits plan participants from recovering pension plan benefits directly from a plan sponsor, *i.e.*, the Debtors.  *See* 29 U.S.C. § 1362 (stating that in any case in which a single-employer pension plan is terminated, the plan sponsor shall be liable to the PBGC); *McMahon v. McDowell*, 794 F.2d 100, 108 (3d Cir. 1986) (finding that ERISA preempted employees' state law claims for unpaid pension liabilities); *United Steelworkers of Am., AFL-CIO, CLC v. United Eng'g, Inc.*, 52 F.3d 1386, 1394 (6th Cir. 1995) (concluding that a private right of action against a plan sponsor "would contravene Congress's intent to disburse guaranteed benefits before nonguaranteed benefits" and "raises the possibility of double recovery"); *Int'l Ass'n of Machinists & Aerospace Workers v. Rome Cable Corp.*, 810 F. Supp. 402, 408 (N.D.N.Y. 1993) (prohibiting plan

01:17859617.1

participants from bringing direct cause of action against plan sponsor). Under ERISA, the PBGC is the sole party entitled to recover from a bankrupt plan sponsor following termination of a pension plan and must allocate funds according to the provisions of 29 U.S.C. § 1322(c) and the priorities of 29 U.S.C. § 1344.

12. If individual employees were able to maintain claims against their debtor-employer's estates, the priority scheme under 29 U.S.C. § 1344 would be obviated, and ERISA's purposes would be defeated. *See In re Lineal Group, Inc.*, 226 B.R. 608, 613-14 (Bankr. M.D. Tenn. 1998) (holding that proofs of claim filed by retirees for the difference between what they were promised by the debtors' pension plan and what they would ultimately receive from the PBGC were preempted by ERISA and disallowed); *In re Adams Hard Facing Co.*, 129 B.R. 662, 663 (Bankr. W.D. Okla. 1991) (holding that proofs of claim filed by plan participants for unfunded pension benefits are disallowed because they conflict with ERISA). Thus, the individuals asserting the Pension Claims (as defined herein) do not have a right to recover distributions from the Debtors' estates on account of such claims. At the appropriate time, distributions will be made to the PBGC on behalf of the participants in the Debtors' Pension Plan consistent with a Court-approved plan of liquidation. Consequently, those participants do not have a valid claim against the Debtors. *See* 11 U.S.C. § 101(41)(b); *see also U.S. v. Apex Oil Co.*, 579 F.3d 734, 736-37 (7th Cir. 2009) (declining to find a claim under section 101(5) of the Bankruptcy Code where the claimant could not collect any payments from the debtor under the statute at issue); *see generally In re Torwico Elecs, Inc.*, 8 F.3d 146, 151 (3d Cir. 1993) (holding that an obligation without a right to payment did not constitute a claim).

13. The claims listed on <u>Exhibit A</u> to the attached proposed order (collectively, the "<u>No Liability Pension Claims</u>") were filed by, or on behalf of, certain employees or former

01:17859617.1

5

employees of the Debtors, and each asserts a claim on account of pension benefits related to the Pension Plan. As set forth above, the Pension Plan has been terminated and the PBGC has been appointed as trustee pursuant to 29 U.S.C. § 1342(c). Accordingly, each Pension Claim should be disallowed because the PBGC is the sole entity entitled to assert such claims under ERISA, and, therefore, the Pension Claims may not be asserted by plan participants.

14.   For the foregoing reasons, the Debtors request entry of the Proposed Order disallowing the No Liability Pension Claims in their entirety. Failure to disallow the No Liability Pension Claims would result in the applicable claimants receiving an unwarranted recovery against the Debtors' estates, to the detriment of other creditors in these Chapter 11 Cases.

**B.   Reclassified Benefits Claims**

15.   The Debtors object to the Disputed Claims listed on Exhibit B to the Proposed Order (collectively, the "Reclassified Benefits Claims") because, based on a review of the Debtors' books and records and the relevant proofs of claim, such claims should be reclassified for the reasons set forth on Exhibit B to the Proposed Order. The Reclassified Benefits Claims are asserted on account of certain non-qualified retirement benefits plans (collectively, the "Non-Qualified Plans") administered by the Debtors prior to the Petition Date.[2] With the exception of the one plan, however, nothing was earned under any of the Non-Qualified Plans during the 180-day period prior to the Petition Date. Therefore, most Reclassified Benefits Claims are not entitled to priority under section 507 of the Bankruptcy Code.

16.   With respect to the one Non-Qualified Plan that accrued benefits during the 180-day period prepetition, pursuant to section 507(a)(5) of the Bankruptcy Code, such priority

---

[2]   One claim, claim no. 1432, has also been asserted, in part, under section 503(b)(9) of the Bankruptcy Code. The claimant, however, is an individual and does not provide any basis for asserting that the claim is entitled to administrative priority under section 503(b)(9).

01:17859617.1

6

amount must be limited to $12,475, less any postpetition payments received by such claimants on account of prepetition wages owed as of the Petition Date.

17. For the foregoing reasons, the Debtors request entry of the Proposed Order reclassifying the Reclassified Benefits Claims on Exhibit B to the Proposed Order. Failure to grant the requested relief would result in the applicable claimants receiving an unwarranted recovery against the Debtors' estates, to the detriment of other creditors in these Chapter 11 Cases.

18. This objection to the Reclassified Benefits Claims relates only to the *classification* of such claims and, accordingly, does not constitute an objection to amounts asserted in such claims. Pursuant to Local Rule 3007-1(f), this Objection to the Reclassified Benefits Claims does not prejudice the rights of the Debtors or of any other party in interest to object to such claims (as reclassified) on any other grounds whatsoever.

## RESERVATION OF RIGHTS

19. The Debtors expressly reserve the right to amend, modify, or supplement this Objection. Should one or more of the grounds for this Objection be dismissed or overruled, the Debtors reserve the right to object to any Disputed Claim listed on Exhibits A and B to the Proposed Order on any other ground. The Debtors also expressly reserve the right to commence additional proceedings with respect to the claims that are subject to this Objection, including but not limited to proceedings under sections 502(d), 510, 542, 543, 544, 545, 547, 548, 549, 550, 551, and 553 of the Bankruptcy Code.

## NOTICE

20. The Debtors have provided notice of this Objection to (i) the UST; (ii) counsel to the Committee; (iii) counsel for Silver Point Finance, LLC, in its capacity as administrative agent under the Debtors' Second Lien Credit Agreement; (iv) counsel to the agents under the Debtors' debtor-in-possession financing facilities; (v) the holders of the Disputed Claims; and (vi) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as <u>Exhibit 2</u>, sustaining this Objection in all respects and granting such other and further relief as the Court may deem just and proper.

Dated:   October 20, 2015
        Wilmington, Delaware

*/s/ Andrew L. Magaziner*
Michael R. Nestor (No. 3526)
Kara Hammond Coyle (No. 4410)
Maris J. Kandestin (No. 5294)
Andrew L. Magaziner (No. 5426)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253
mnestor@ycst.com
kcoyle@ycst.com
mkandestin@ycst.com
amagaziner@ycst.com

-and-

Michael A. Rosenthal (NY No. 4697561)
Jeremy L. Graves (CO No. 45522)
Matthew G. Bouslog (CA No. 280978)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
mrosenthal@gibsondunn.com
jgraves@gibsondunn.com
mbouslog@gibsondunn.com

*Counsel to the Debtors and Debtors in Possession*