## EXHIBIT 2

### PROPOSED ORDER

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| SRC LIQUIDATION COMPANY, *et al.*,[1] | Case No. 15-10541 (BLS) |
| Debtors. | Jointly Administered |
| | **Re: Docket No. ___** |

## ORDER SUSTAINING DEBTORS' SEVENTH (7TH) OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 3007 AND LOCAL RULE 3007-1

Upon consideration of the *Debtors' Seventh (7th) Omnibus (Substantive) Objection to Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007*-1 (the "Objection")[2] and the Williams Declaration; and this Court having jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and this Court having found that venue of these Chapter 11 Cases and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having determined that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Objection is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and this Court having determined that notice of the Objection was good and sufficient upon the particular circumstances and that no other or further notice need be given; and upon the record herein; and after due deliberation thereon and

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  SRC Liquidation Company (5440); SR Liquidation Holding Company (3186); SR Liquidation Technologies, Inc. (3180); SR Liquidation International, Inc. (1861); iMLiquidation, LLC (6337); SR Liquidation of Puerto Rico Inc. (0578); SR Liquidation Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and SR Liquidation Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

good and sufficient cause appearing therefor; it is hereby **ORDERED, ADJUDGED, AND DECREED THAT**:

1.    The Objection is SUSTAINED as set forth herein.

2.    The Disputed Claims identified on the attached <u>Exhibit A</u> are hereby disallowed in their entirety.

3.    The Disputed Claims identified on the attached <u>Exhibit B</u> are hereby reclassified in the manner set forth on <u>Exhibit B</u> according to the classification designated in the column titled "Modified Reclassification Status" for the respective Disputed Claims.  Pursuant to Local Rule 3007-1(f), nothing in this Order shall be construed to prejudice the rights of the Debtors, or any other party in interest, to object to the Disputed Claims listed on <u>Exhibit B</u> (as reclassified) on any other grounds, including further objection to classification or amount asserted.

4.    The Debtors' objection to each Disputed Claim addressed in the Objection constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014.  This Order shall be deemed a separate order with respect to each claim.  Any stay of this Order pending appeal by any of the claimants subject to this Order shall only apply to the contested matter that involves such claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters covered hereby.

5.    The Debtors' right to commence additional proceedings with respect to the claims that are subject to the Objection, including but not limited to proceedings under sections 502(d), 510, 542, 543, 544, 545, 547, 548, 549, 550, 551, and 553 of the Bankruptcy Code, is also fully reserved and shall not be prejudiced in any way by the filing of the Objection.

6.      The Debtors are authorized and empowered to take all steps necessary and appropriate to carry out and otherwise effectuate the terms, conditions, and provisions of this Order.

7.      This Court shall retain jurisdiction over all affected parties with respect to any matters, claims, or rights arising from or related to the implementation and interpretation of this Order.

Dated: _____, 2015
        Wilmington, Delaware

        _____
        Brendon L. Shannon
        Chief United States Bankruptcy Judge

01:17859617.1

3

# Exhibit A

## (No Liability Pension Claims)

01:17854016.1

**Exhibit A**
**(No Liability Pension Claims)**

| | NAME | DEBTOR | CLAIM FILED DATE | CLAIM # TO BE DISALLOWED | CLAIM AMOUNT | REASON FOR DISALLOWANCE |
|---|---|---|---|---|---|---|
| 1 | Allen, Jeffery | SRC Liquidation Company | 7/6/15 | 2118 | Unliquidated | The claim asserts liability for qualified pension benefits. Pursuant to the Employee Retirement Security Act of 1974, the Pension Benefit Guaranty Corporation has the exclusive authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant does not have a right to payment from the Debtors' estates on account of the asserted pension claim. |
| 2 | Conley, Carl | SRC Liquidation Company | 7/8/15 | 2292 | $7,802.56 | The claim asserts liability for qualified pension benefits. Pursuant to the Employee Retirement Security Act of 1974, the Pension Benefit Guaranty Corporation has the exclusive authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant does not have a right to payment from the Debtors' estates on account of the asserted pension claim. |
| 3 | Donel, Brian O | SRC Liquidation Company | 6/29/15 | 2030 | $526,976.29 | The claim asserts liability for qualified pension benefits. Pursuant to the Employee Retirement Security Act of 1974, the Pension Benefit Guaranty Corporation has the exclusive authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant does not have a right to payment from the Debtors' estates on account of the asserted pension claim. |

**Exhibit A**
**(No Liability Pension Claims)**

| | NAME | DEBTOR | CLAIM FILED DATE | CLAIM # TO BE DISALLOWED | CLAIM AMOUNT | REASON FOR DISALLOWANCE |
|---|---|---|---|---|---|---|
| 4 | Eisenhour, Randy | SRC Liquidation Company | 5/26/15 | 1196 | Unliquidated | The claim asserts liability for qualified pension benefits. Pursuant to the Employee Retirement Security Act of 1974, the Pension Benefit Guaranty Corporation has the exclusive authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant does not have a right to payment from the Debtors' estates on account of the asserted pension claim. |
| 5 | Foster, Ann | SRC Liquidation Company | 6/5/15 | 1454 | $6,539.39 | The claim asserts liability for qualified pension benefits. Pursuant to the Employee Retirement Security Act of 1974, the Pension Benefit Guaranty Corporation has the exclusive authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant does not have a right to payment from the Debtors' estates on account of the asserted pension claim. |
| 6 | Garcia, Jesus | SRC Liquidation Company | 7/13/15 | 2361 | Unliquidated | The claim asserts liability for qualified pension benefits. Pursuant to the Employee Retirement Security Act of 1974, the Pension Benefit Guaranty Corporation has the exclusive authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant does not have a right to payment from the Debtors' estates on account of the asserted pension claim. |

01:17859617.1

**Exhibit A**
**(No Liability Pension Claims)**

| | NAME | DEBTOR | CLAIM FILED DATE | CLAIM # TO BE DISALLOWED | CLAIM AMOUNT | REASON FOR DISALLOWANCE |
|---|---|---|---|---|---|---|
| 7 | Garwood, Kevin | SRC Liquidation Company | 7/7/15 | 2204 | $25,000.00 | The claim asserts liability for qualified pension benefits. Pursuant to the Employee Retirement Security Act of 1974, the Pension Benefit Guaranty Corporation has the exclusive authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant does not have a right to payment from the Debtors' estates on account of the asserted pension claim. |
| 8 | Gillette, John | SRC Liquidation Company | 6/1/15 | 1438 | Unliquidated | The claim asserts liability for qualified pension benefits. Pursuant to the Employee Retirement Security Act of 1974, the Pension Benefit Guaranty Corporation has the exclusive authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant does not have a right to payment from the Debtors' estates on account of the asserted pension claim. |
| 9 | Harris, Keith | SRC Liquidation Company | 7/1/15 | 2086 | $57,342.60 | The claim asserts liability for qualified pension benefits. Pursuant to the Employee Retirement Security Act of 1974, the Pension Benefit Guaranty Corporation has the exclusive authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant does not have a right to payment from the Debtors' estates on account of the asserted pension claim. |

3

**Exhibit A**
**(No Liability Pension Claims)**

| | NAME | DEBTOR | CLAIM FILED DATE | CLAIM # TO BE DISALLOWED | CLAIM AMOUNT | REASON FOR DISALLOWANCE |
|---|---|---|---|---|---|---|
| 10 | Houghtby, Michele | SRC Liquidation Company | 5/28/15 | 1096 | Unliquidated | The claim asserts liability for qualified pension benefits. Pursuant to the Employee Retirement Security Act of 1974, the Pension Benefit Guaranty Corporation has the exclusive authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant does not have a right to payment from the Debtors' estates on account of the asserted pension claim. |
| 11 | Hurley, James | SRC Liquidation Company | 7/13/15 | 2354 | Unliquidated | The claim asserts liability for qualified pension benefits. Pursuant to the Employee Retirement Security Act of 1974, the Pension Benefit Guaranty Corporation has the exclusive authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant does not have a right to payment from the Debtors' estates on account of the asserted pension claim. |
| 12 | Isaksen, Roy | SRC Liquidation Company | 6/8/15 | 1506 | $35,000.00 | The claim asserts liability for qualified pension benefits. Pursuant to the Employee Retirement Security Act of 1974, the Pension Benefit Guaranty Corporation has the exclusive authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant does not have a right to payment from the Debtors' estates on account of the asserted pension claim. |

01:17859617.1

**Exhibit A**
**(No Liability Pension Claims)**

| | NAME | DEBTOR | CLAIM FILED DATE | CLAIM # TO BE DISALLOWED | CLAIM AMOUNT | REASON FOR DISALLOWANCE |
|---|---|---|---|---|---|---|
| 13 | Larimer Jr, Hugh J | SRC Liquidation Company | 6/7/15 | 1513 | $44,667.15 | The claim asserts liability for qualified pension benefits. Pursuant to the Employee Retirement Security Act of 1974, the Pension Benefit Guaranty Corporation has the exclusive authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant does not have a right to payment from the Debtors' estates on account of the asserted pension claim. |
| 14 | Lowry, Glenna | SRC Liquidation Company | 6/12/15 | 1844 | Unliquidated | The claim asserts liability for qualified pension benefits. Pursuant to the Employee Retirement Security Act of 1974, the Pension Benefit Guaranty Corporation has the exclusive authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant does not have a right to payment from the Debtors' estates on account of the asserted pension claim. |
| 15 | Mancuso, Salvatore | SRC Liquidation Company | 7/9/15 | 2331 | Unliquidated | The claim asserts liability for qualified pension benefits. Pursuant to the Employee Retirement Security Act of 1974, the Pension Benefit Guaranty Corporation has the exclusive authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant does not have a right to payment from the Debtors' estates on account of the asserted pension claim. |

5

**Exhibit A**
**(No Liability Pension Claims)**

| | NAME | DEBTOR | CLAIM FILED DATE | CLAIM # TO BE DISALLOWED | CLAIM AMOUNT | REASON FOR DISALLOWANCE |
|---|---|---|---|---|---|---|
| 16 | Marshall, Robert | SRC Liquidation Company | 6/5/15 | 1466 | $34,550.00 | The claim asserts liability for qualified pension benefits. Pursuant to the Employee Retirement Security Act of 1974, the Pension Benefit Guaranty Corporation has the exclusive authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant does not have a right to payment from the Debtors' estates on account of the asserted pension claim. |
| 17 | Martinez, Doris | SRC Liquidation Company | 6/18/15 | 1908 | Unliquidated | The claim asserts liability for qualified pension benefits. Pursuant to the Employee Retirement Security Act of 1974, the Pension Benefit Guaranty Corporation has the exclusive authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant does not have a right to payment from the Debtors' estates on account of the asserted pension claim. |
| 18 | McAllister, Patrick R. | SRC Liquidation Company | 5/29/15 | 1092 | Unliquidated | The claim asserts liability for qualified pension benefits. Pursuant to the Employee Retirement Security Act of 1974, the Pension Benefit Guaranty Corporation has the exclusive authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant does not have a right to payment from the Debtors' estates on account of the asserted pension claim. |

01:17859617.1

**Exhibit A**
**(No Liability Pension Claims)**

| | NAME | DEBTOR | CLAIM FILED DATE | CLAIM # TO BE DISALLOWED | CLAIM AMOUNT | REASON FOR DISALLOWANCE |
|---|---|---|---|---|---|---|
| 19 | Mcdowell, John | SRC Liquidation Company | 7/10/15 | 2333 | $66,135.00 | The claim asserts liability for qualified pension benefits. Pursuant to the Employee Retirement Security Act of 1974, the Pension Benefit Guaranty Corporation has the exclusive authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant does not have a right to payment from the Debtors' estates on account of the asserted pension claim. |
| 20 | Pickens, Jerald | SRC Liquidation Company | 6/8/15 | 1558 | Unliquidated | The claim asserts liability for qualified pension benefits. Pursuant to the Employee Retirement Security Act of 1974, the Pension Benefit Guaranty Corporation has the exclusive authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant does not have a right to payment from the Debtors' estates on account of the asserted pension claim. |
| 21 | Renner, David | SRC Liquidation Company | 7/10/15 | 2334 | $15,000.00 | The claim asserts liability for qualified pension benefits. Pursuant to the Employee Retirement Security Act of 1974, the Pension Benefit Guaranty Corporation has the exclusive authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant does not have a right to payment from the Debtors' estates on account of the asserted pension claim. |

7

**Exhibit A**
**(No Liability Pension Claims)**

| | NAME | DEBTOR | CLAIM FILED DATE | CLAIM # TO BE DISALLOWED | CLAIM AMOUNT | REASON FOR DISALLOWANCE |
|---|---|---|---|---|---|---|
| 22 | Seivright, Courtney | SRC Liquidation Company | 6/3/15 | 1351 | Unliquidated | The claim asserts liability for qualified pension benefits. Pursuant to the Employee Retirement Security Act of 1974, the Pension Benefit Guaranty Corporation has the exclusive authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant does not have a right to payment from the Debtors' estates on account of the asserted pension claim. |
| 23 | Skates, Dennis | SRC Liquidation Company | 7/9/15 | 2345 | Unliquidated | The claim asserts liability for qualified pension benefits. Pursuant to the Employee Retirement Security Act of 1974, the Pension Benefit Guaranty Corporation has the exclusive authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant does not have a right to payment from the Debtors' estates on account of the asserted pension claim. |
| 24 | Trier, Martha J. | SRC Liquidation Company | 7/10/15 | 2335 | Unliquidated | The claim asserts liability for qualified pension benefits. Pursuant to the Employee Retirement Security Act of 1974, the Pension Benefit Guaranty Corporation has the exclusive authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant does not have a right to payment from the Debtors' estates on account of the asserted pension claim. |

8

**Exhibit A**
**(No Liability Pension Claims)**

| | NAME | DEBTOR | CLAIM FILED DATE | CLAIM # TO BE DISALLOWED | CLAIM AMOUNT | REASON FOR DISALLOWANCE |
|---|---|---|---|---|---|---|
| 25 | Webb, Linda | SRC Liquidation Company | 6/24/15 | 1939 | $11,000.00 | The claim asserts liability for qualified pension benefits. Pursuant to the Employee Retirement Security Act of 1974, the Pension Benefit Guaranty Corporation has the exclusive authority to properly assert a claim on account of benefits under a single-employer pension plan. Therefore, claimant does not have a right to payment from the Debtors' estates on account of the asserted pension claim. |

01:17859617.1

## Exhibit B

**(Reclassified Benefits Claims)**

01:17859617.1

**Exhibit B**
**(Reclassified Benefits Claims)**

| | Name of Claimant | Claim No. | Date Filed | Current Claim Amount and Classification | Reclassified Claim Amount and Classification | Basis For Objection |
|---|---|---|---|---|---|---|
| 1 | Assini, Robert E. | 1188 | 5/27/15 | Priority Claim: $12,475.00 General Unsecured Claim: $322,792.48 | General Unsecured: $335,267.48 | Claim no. 1188 has been asserted, in part, as a priority claim arising under section 507(a)(5) of the Bankruptcy Code. Because such claim arises from a non-qualified retirement program, and nothing was earned thereunder during the 180-day period prior to the Petition Date, priority is not warranted under the circumstances.  Accordingly, the priority component is reclassified as a general unsecured claim in the amount set forth in the column labeled "Reclassified Claim Amount and Classification." |
| 2 | Becken, Daniel | 1843 | 6/12/15 | Priority Claim: Unliquidated General Unsecured Claim: $130,104.61 | General Unsecured: $133,113.93[1] | Claim no. 1843 has been asserted, in part, as a priority claim arising under section 507(a)(5) of the Bankruptcy Code. Because such claim arises from a non-qualified retirement program, and nothing was earned thereunder during the 180-day period prior to the Petition Date, priority is not warranted under the circumstances.  Accordingly, the priority component is reclassified as a general unsecured claim in the amount set forth in the column labeled "Reclassified Claim Amount and Classification." |

---

[1] This total includes the liquidated amount provided by the Debtors in the *Notice of Filing of List of Pension Benefits Obligations* [Docket No. 1104].

**EXHIBIT B**
**Retirement Benefits Claims**

| | Name of Claimant | Claim No. | Date Filed | Current Claim Amount and Classification | Reclassified Claim Amount and Classification | Basis For Objection |
|---|---|---|---|---|---|---|
| 3 | Blankley, Randy | 1655 | 6/8/15 | Priority Claim: $12,475.00 General Unsecured Claim: $35,311.76 | General Unsecured: $47,786.76 | Claim no. 1655 has been asserted, in part, as a priority claim arising under section 507(a)(5) of the Bankruptcy Code. Because such claim arises from a non-qualified retirement program, and nothing was earned thereunder during the 180-day period prior to the Petition Date, priority is not warranted under the circumstances.  Accordingly, the priority component is reclassified as a general unsecured claim in the amount set forth in the column labeled "Reclassified Claim Amount and Classification." |
| 4 | Brenker, Alan M | 1764 | 6/9/15 | Priority Claim: $12,475.00 General Unsecured Claim: $18,370.51 | General Unsecured: $30,845.51 | Claim no. 1764 has been asserted, in part, as a priority claim arising under section 507(a)(5) of the Bankruptcy Code. Because such claim arises from a non-qualified retirement program, and nothing was earned thereunder during the 180-day period prior to the Petition Date, priority is not warranted under the circumstances.  Accordingly, the priority component is reclassified as a general unsecured claim in the amount set forth in the column labeled "Reclassified Claim Amount and Classification." |

01:17854016.1

**EXHIBIT B**
**Retirement Benefits Claims**

| | Name of Claimant | Claim No. | Date Filed | Current Claim Amount and Classification | Reclassified Claim Amount and Classification | Basis For Objection |
|---|---|---|---|---|---|---|
| 5 | Bullock, John | 2063 | 7/1/15 | Priority Claim: $12,475.00 General Unsecured Claim: $814.09 | General Unsecured: $13,289.09 | Claim no. 2063 has been asserted, in part, as a priority claim arising under section 507(a)(5) of the Bankruptcy Code. Because such claim arises from a non-qualified retirement program, and nothing was earned thereunder during the 180-day period prior to the Petition Date, priority is not warranted under the circumstances.  Accordingly, the priority component is reclassified as a general unsecured claim in the amount set forth in the column labeled "Reclassified Claim Amount and Classification." |
| 6 | Cates, Brad | 2219 | 7/8/15 | Priority Claim: $12,475.00 General Unsecured Claim: $212,661.00 | Priority Claim: $9,385.23 General Unsecured Claim: $212,661.00 | With prior Court approval, claimant received $3,089.77 in postpetition payments on account of prepetition earnings.  Therefore, pursuant to section 507(a)(5) of the Bankruptcy Code, the priority portion of the claim no. 2219 is hereby reduced by such amount. |

3

**EXHIBIT B**
**Retirement Benefits Claims**

| | Name of Claimant | Claim No. | Date Filed | Current Claim Amount and Classification | Reclassified Claim Amount and Classification | Basis For Objection |
|---|---|---|---|---|---|---|
| 7 | Cazamias, James | 916 | 5/21/15 | Priority Claim: $1,584.34 | General Unsecured: $1,584.34 | Claim no. 916 has been asserted as a priority claim arising under section 507(a)(5) of the Bankruptcy Code. Because such claim arises from a non-qualified retirement program, and nothing was earned thereunder during the 180-day period prior to the Petition Date, priority is not warranted under the circumstances. Accordingly, the claim is reclassified as a general unsecured claim in the amount set forth in the column labeled "Reclassified Claim Amount and Classification." |
| 8 | Coppola, Bruce | 1231 | 5/21/15 | Priority Claim: Unliquidated | General Unsecured: Unliquidated | Claim no. 1231 has been asserted as a priority claim arising under section 507(a)(5) of the Bankruptcy Code. Because such claim arises from a non-qualified retirement program, and nothing was earned thereunder during the 180-day period prior to the Petition Date, priority is not warranted under the circumstances. Accordingly, the claim is reclassified as a general unsecured claim as set forth in the column labeled "Reclassified Claim Amount and Classification." |

4

**EXHIBIT B**
**Retirement Benefits Claims**

| | Name of Claimant | Claim No. | Date Filed | Current Claim Amount and Classification | Reclassified Claim Amount and Classification | Basis For Objection |
|---|---|---|---|---|---|---|
| 9 | Graham, Christopher A. | 2277 | 7/8/15 | Priority Claim: $12,475.00 General Unsecured Claim: $86,107.67 | General Unsecured: $98,582.67 | Claim no. 2277 has been asserted, in part, as a priority claim arising under section 507(a)(5) of the Bankruptcy Code. Because such claim arises from a non-qualified retirement program, and nothing was earned thereunder during the 180-day period prior to the Petition Date, priority is not warranted under the circumstances.  Accordingly, the priority component is reclassified as a general unsecured claim in the amount set forth in the column labeled "Reclassified Claim Amount and Classification." |
| 10 | Greve, Gregory J. | 2289 | 7/8/15 | Priority Claim: $12,475.00 General Unsecured Claim: $25,200.00 | Priority Claim: $4,153.11 General Unsecured Claim: $25,200.00 | With prior Court approval, claimant received $8,321.89 in postpetition payments on account of prepetition earnings.  Therefore, pursuant to section 507(a)(5) of the Bankruptcy Code, the priority portion of the claim no. 2289 is hereby reduced by such amount. |

5

**EXHIBIT B**
**Retirement Benefits Claims**

| | Name of Claimant | Claim No. | Date Filed | Current Claim Amount and Classification | Reclassified Claim Amount and Classification | Basis For Objection |
|---|---|---|---|---|---|---|
| 11 | Higgins, Gregory | 2191 | 7/7/15 | Priority Claim: $12,475.00 General Unsecured Claim: $51,171.52 | General Unsecured: $63,646.52 | Claim no. 2191 has been asserted, in part, as a priority claim arising under section 507(a)(5) of the Bankruptcy Code. Because such claim arises from a non-qualified retirement program, and nothing was earned thereunder during the 180-day period prior to the Petition Date, priority is not warranted under the circumstances.  Accordingly, the priority component is reclassified as a general unsecured claim in the amount set forth in the column labeled "Reclassified Claim Amount and Classification." |
| 12 | Keiper, Edward | 1869 | 6/16/15 | Priority Claim: $12,475.00 General Unsecured Claim: $343,585.15 | General Unsecured: $356,060.15 | Claim no. 1869 has been asserted, in part, as a priority claim arising under section 507(a)(5) of the Bankruptcy Code. Because such claim arises from a non-qualified retirement program, and nothing was earned thereunder during the 180-day period prior to the Petition Date, priority is not warranted under the circumstances.  Accordingly, the priority component is reclassified as a general unsecured claim in the amount set forth in the column labeled "Reclassified Claim Amount and Classification." |

**EXHIBIT B**
**Retirement Benefits Claims**

| | Name of Claimant | Claim No. | Date Filed | Current Claim Amount and Classification | Reclassified Claim Amount and Classification | Basis For Objection |
|---|---|---|---|---|---|---|
| 13 | King, John G. | 2308 | 7/8/15 | Priority Claim: $12,475.00 General Unsecured Claim: $16,925.00 | Priority Claim: $1,773.24 General Unsecured Claim: $16,925.00 | With prior Court approval, claimant received $10,701.76 in postpetition payments on account of prepetition earnings. Therefore, pursuant to section 507(a)(5) of the Bankruptcy Code, the priority portion of the claim no. 2308 is hereby reduced by such amount. |
| 14 | Klenke, Joseph L. | 2279 | 7/8/15 | Priority Claim: $12,475.00 General Unsecured Claim: $12,725.00 | Priority Claim: $3,726.74 General Unsecured Claim: $12,725.00 | With prior Court approval, claimant received $8,748.26 in postpetition payments on account of prepetition earnings. Therefore, pursuant to section 507(a)(5) of the Bankruptcy Code, the priority portion of the claim no. 2279 is hereby reduced by such amount. |
| 15 | Lapins, Lorin | 1205 | 5/26/15 | Priority Claim: $12,475.00 General Unsecured Claim: $14,787.06 | General Unsecured: $27,262.06 | Claim no. 1205 has been asserted, in part, as a priority claim arising under section 507(a)(5) of the Bankruptcy Code. Because such claim arises from a non-qualified retirement program, and nothing was earned thereunder during the 180-day period prior to the Petition Date, priority is not warranted under the circumstances. Accordingly, the priority component is reclassified as a general unsecured claim in the amount set forth in the column labeled "Reclassified Claim Amount and Classification." |

01:17854016.1

**EXHIBIT B**
**Retirement Benefits Claims**

| | Name of Claimant | Claim No. | Date Filed | Current Claim Amount and Classification | Reclassified Claim Amount and Classification | Basis For Objection |
|---|---|---|---|---|---|---|
| 16 | Mehta, Rajendra | 1432 | 6/1/15 | 503(b)(9) Claim: $321,024.87 Priority Claim: $12,475.00 General Unsecured Claim: $308,549.87 | 503(b)(9) Claim: $321,024.87 General Unsecured: $321,024.87 | Claim no. 1432 has been asserted, in part, as a priority claim arising under section 507(a)(5) of the Bankruptcy Code. Because such claim arises from a non-qualified retirement program, and nothing was earned thereunder during the 180-day period prior to the Petition Date, priority is not warranted under the circumstances. Claim no. 1432 has also been asserted, in part, under section 503(b)(9) of the Bankruptcy Code. Claimant does not provide any basis for asserting that the claim is entitled to administrative priority under section 503(b)(9). Accordingly, the priority components are reclassified as a general unsecured claim in the amount set forth in the column labeled "Reclassified Claim Amount and Classification." |

8

**EXHIBIT B**
**Retirement Benefits Claims**

| | Name of Claimant | Claim No. | Date Filed | Current Claim Amount and Classification | Reclassified Claim Amount and Classification | Basis For Objection |
|---|---|---|---|---|---|---|
| 17 | Merica II, Fred A. | 175 | 3/27/15 | Priority Claim: $12,475.00 General Unsecured Claim: $106,525.00 | General Unsecured: $119,000.00 | Claim no. 175 has been asserted, in part, as a priority claim arising under section 507(a)(5) of the Bankruptcy Code. Because such claim arises from a non-qualified retirement program, and nothing was earned thereunder during the 180-day period prior to the Petition Date, priority is not warranted under the circumstances.  Accordingly, the priority component is reclassified as a general unsecured claim in the amount set forth in the column labeled "Reclassified Claim Amount and Classification." |
| 18 | Moder, Jeffery | 2309 | 7/8/15 | Priority Claim: $12,475.00 | Priority Claim: $4,644.85 | With prior Court approval, claimant received $7,830.15 in postpetition payments on account of prepetition earnings.  Therefore, pursuant to section 507(a)(5) of the Bankruptcy Code, the priority portion of the claim no. 2309 is hereby reduced by such amount. |
| 19 | Reilly, Amy L. | 2205 | 7/8/15 | Priority Claim: $12,475.00 General Unsecured Claim: $12,025.00 | Priority Claim: $5,556.11 General Unsecured Claim: $12,025.00 | With prior Court approval, claimant received $6,918.89 in postpetition payments on account of prepetition earnings.  Therefore, pursuant to section 507(a)(5) of the Bankruptcy Code, the priority portion of the claim no. 2205 is hereby reduced by such amount. |

9

**EXHIBIT B**
**Retirement Benefits Claims**

| | Name of Claimant | Claim No. | Date Filed | Current Claim Amount and Classification | Reclassified Claim Amount and Classification | Basis For Objection |
|---|---|---|---|---|---|---|
| 20 | Sowar, Gerard D. | 2208 | 7/7/15 | Priority Claim: $12,475.00 General Unsecured Claim: $181,207.00 | Priority Claim: $3,230.04 General Unsecured Claim: $181,207.00 | With prior Court approval, claimant received $9,244.96 in postpetition payments on account of prepetition earnings.  Therefore, pursuant to section 507(a)(5) of the Bankruptcy Code, the priority portion of the claim no 2208 is hereby reduced by such amount. |

01:17854016.1