## EXHIBIT 1

**Stipulation**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SRC LIQUIDATION COMPANY, et al.,[1] | Case No. 15-10541 (BLS) |
| Debtors. | Jointly Administered |

## STIPULATION BY AND BETWEEN THE DEBTORS AND THE INDIVIDUAL DEFENDANTS

SRC Liquidation Company (f/k/a The Standard Register Company) ("SRC Liquidation") and its affiliated debtors and debtors in possession in the above-captioned cases (each, a "Debtor," and collectively, the "Debtors") and certain of the Debtors' directors and officers (collectively, the "Individual Defendants" and together with the Debtors, the "Parties") by and through their respective undersigned counsel, hereby stipulate and agree (this "Stipulation") as follows:

## RECITALS

WHEREAS, on March 12, 2015 (the "Petition Date"), the Debtors commenced voluntary cases under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Debtors continue to manage their properties as debtors in possession

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: SRC Liquidation Company (5440); SR Liquidation Holding Company (3186); SR Liquidation Technologies, Inc. (3180); SR Liquidation International, Inc. (1861); iMLiquidation, LLC (6337); SR Liquidation of Puerto Rico Inc. (0578); SR Liquidation Mexico Holding Company (1624); SR Liquidation Holding, S. de R.L. de C.V. (4GR4); SR Liquidation de México, S. de R.L. de C.V. (4FN0); SR Liquidation Servicios, S. de R.L. de C.V. (43K5); and SR Liquidation Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

1

pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

WHEREAS, prior to the Petition Date, SRC Liquidation undertook various indemnification obligations with respect to its directors, officers and employees, and in furtherance thereof, acquired management and company reimbursement coverage (the "D&O Insurance") from, among others, Zurich American Insurance Company ("Zurich"), to, among other things, fund its obligations under such indemnities.

WHEREAS, Zurich issued a D&O Insurance policy to SRC Liquidation (the "Policy") at the Debtors' request and in consideration of payments negotiated in conjunction therewith.

WHEREAS, on June 10, 2015, the Court entered that certain *Order Granting the Committee Standing and Authorizing the Committee to Commence and Prosecute Certain Actions on Behalf of the Debtors' Estates* (the "Standing Order") [D.I. 648], pursuant to which, among other things, the Official Committee of Unsecured Creditors (the "Committee") was authorized to commence, prosecute and, if appropriate, settle causes of action alleged in its complaint against, among others, the Individual Defendants for whom SRC Liquidation provided an indemnity pre-petition.

WHEREAS, on August 4, 2015, the Committee formally commenced an adversary action against the Individual Defendants by filing that certain *Amended Adversary Complaint* (the "Complaint") in Adversary Proceeding Case No. 15-50771 (BLS) (the "D&O Litigation").

WHEREAS, the Individual Defendants have retained counsel to defend the claims brought in the D&O Litigation.

WHEREAS, as requested by Zurich and in order to clarify the use of proceeds of the Policy, the Parties have engaged in good faith discussions regarding Zurich's advancement of

defense costs incurred by the Individual Defendants in the D&O Litigation and the scope of the automatic stay provided for under section 362(a) of the Bankruptcy Code, to the extent it applies, to allow certain payments to be made by Zurich to and on behalf of the Individual Defendants (or their counsel) as provided for in the Policy and this Stipulation.

WHEREAS, the Parties have agreed, on the terms set forth below, that certain proceeds arising under the policy may be distributed to or on behalf of the Individual Defendants on account of the D&O Litigation.

WHEREAS, the Parties hereby enter into this Stipulation to memorialize their agreement regarding the proceeds of the Policy, the disposition thereof, and the inapplicability or modification of the automatic stay.

**NOW THEREFORE, the Parties hereby do mutually stipulate and agree, and upon the Bankruptcy Court's approval, it shall be ordered and binding on all parties in interest as follows:**

1. The foregoing recitals and provisions are incorporated herein as if set forth separately below.

2. To the extent authorization is required, Zurich is authorized to make payments to or on behalf of the Individual Defendants for defense costs incurred in the D&O Litigation and covered under the Policy in the aggregate amount not to exceed $3,500,000.00 (the "Initial Policy Threshold Amount").

3. To the extent it applies, the automatic stay imposed by section 362(a) of the Bankruptcy Code shall be lifted with the Debtors' consent to allow Zurich to advance the defense costs, up to the amount of the Initial Policy Threshold Amount, referenced in paragraph 2 hereof.

4. Any and all payments made by Zurich under the Policy shall reduce the applicable limits of liability and shall not be considered by the Debtors to be a violation of the automatic stay.

5. Nothing in this Stipulation shall in any way operate to, or have the effect of, impairing, supplementing, changing, expanding, decreasing, or modifying the Policy, or any term, condition, provision, or limitation of the Policy.

6. This Stipulation shall not modify or otherwise impact any other insurance policies maintained by the Debtors and the Debtors' and their estates' rights with respect thereto.

7. The Initial Policy Threshold Amount is without prejudice to obtaining increases in the aggregate amount payable under the Policy to or on behalf of the Individual Defendants for defense costs incurred in the D&O Litigation, and additional amounts may be authorized by agreement with the Committee or by order of the Court.

8. This Stipulation is an integrated document, containing the entire undertaking between the Parties regarding the matters addressed herein, and, except as set forth in this Stipulation, no representations, warranties, promises, inducements or considerations have been made or relied upon by the Parties.

9. This Stipulation shall supersede all prior communications between the Parties or their representatives regarding the matters contained herein.

10. This Stipulation shall be binding upon and shall inure to the benefit of the Parties and their respective heirs, executors, legal representatives, successors and permitted assigns.

11. This Stipulation shall survive the dismissal or conversion of these cases, if

any, and shall be binding on any trustee appointed, whether pursuant to a plan, or following conversion to chapter 7 of the Bankruptcy Code.

12.    This Stipulation may be executed in any number of counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereupon and all of which shall constitute one and the same instrument. This Stipulation shall be deemed fully executed when one or more counterparts hereof, individually or taken together, shall bear the signatures of the Parties.

13.    Following execution of this Stipulation, the Debtors shall use their best efforts to obtain the Bankruptcy Court's approval of this Stipulation as soon as reasonably possible.

*[Remainder of Page Intentionally Left Blank]*

IN WITNESS WHEREOF, and in agreement herewith, by and through the undersigned, the Parties have executed and delivered this Stipulation as of the date first set forth below.

Dated: October 21, 2015

/s/ Andrew L. Magaziner
Michael R. Nestor (No. 3526)
Kara Hammond Coyle (No. 4410)
Maris J. Kandestin (No. 5294)
Andrew L. Magaziner (No. 5426)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
mnestor@ycst.com
kcoyle@ycst.com
mkandestin@ycst.com
amagaziner@ycst.com

-and-

Michael A. Rosenthal (NY No. 4697561)
Jeremy L. Graves (CO No. 45522)
Matthew G. Bouslog (CA No. 280978)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
mrosenthal@gibsondunn.com
jgraves@gibsondunn.com
mbouslog@gibsondunn.com

*Counsel to the Debtors and Debtors in Possession*

/s/ James Michael Peck
James Michael Peck*
Carl H. Loewenson, Jr.*
Robert J. Baehr*
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Tel: (212) 468-8000
Fax: (212) 468-7900

James M. Koukios*
Lauren A. Navarro*
MORRISON & FOERSTER LLP
2000 Pennsylvania Avenue NW, Suite 6000
Washington, D.C. 20006
Tel. (202) 887-1500

*Counsel for Roy W Begley, Jr., F. David Clarke, III, John Q. Sherman, II, Julie D. Klapstein, John J. Schiff, Jr., and R. Eric McCarthey*

---

* *Pro hac* admission pending.

| | |
|---|---|
| /s/ Jeffrey J. Jones | /s/ Joseph C. Weinstein |
| Jeffrey J. Jones* | Joseph C. Weinstein* |
| Charles M. Oellermann* | Sean L. McGrane* |
| Marjorie P. Duffy* | SQUIRE PATTON BOGGS (US) LLP |
| JONES DAY | 4900 Key Tower |
| 325 John H. McConnell Boulevard | 127 Public Square |
| Suite 600 | Cleveland, OH 44114 |
| Columbus, OH 43215 | Tel: (216) 479-8500 |
| Tel: (614) 469-3939 | Fax: (216) 479-8780 |
| Fax: (614) 461-4198 | |
| | *Counsel for Joseph P. Morgan, Jr.* |
| *Counsel for Robert M. Ginnan* | |

---

* *Pro hac* admission pending.

7