**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| SRC LIQUIDATION COMPANY, *et al.*,[1] | Case No. 15-10541 (BLS) |
| Debtors. | Jointly Administered |
| | **Objection Deadline:  November 10, 2015 at 4:00 p.m. (ET)** |

**FIRST NOTICE OF SATISFACTION OF CLAIMS**

SRC Liquidation Company and its above-captioned affiliated debtors and debtors in possession (each, a "<u>Debtor</u>," and collectively, the "<u>Debtors</u>") hereby file this notice (the "<u>Notice</u>") identifying claims filed against the Debtors that have been satisfied in full (the "<u>Fully Satisfied Claims</u>").  The Fully Satisfied Claims are set forth on <u>Exhibit A</u> attached hereto.  In support of this Notice, the Debtors respectfully represent as follows:

**JURISDICTION AND VENUE**

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012 (the "<u>Amended Standing Order</u>").  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.  Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, the Debtors consent to entry of a final order by the Court in connection

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  SRC Liquidation Company (5440); SR Liquidation Holding Company (3186); SR Liquidation Technologies, Inc. (3180); SR Liquidation International, Inc. (1861); iMLiquidation, LLC (6337); SR Liquidation of Puerto Rico Inc. (0578); SR Liquidation Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and SR Liquidation Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

01:17900665.1

with this Notice to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief sought herein are sections 502 and 505 of the Bankruptcy Code and Bankruptcy Rule 3007.

## BACKGROUND

**A.      General Background**

3.      On March 12, 2015 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court").  Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are continuing to manage their financial affairs as debtors in possession.  No request for a trustee or examiner has been made in these chapter 11 cases (collectively, the "Chapter 11 Cases").

4.      On March 24, 2015, the Office of the United States Trustee for the District of Delaware (the "UST") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee").

5.      Information regarding the Debtors' history and business operations, capital structure and primary secured indebtedness, and the events leading up to the commencement of these Chapter 11 Cases, can be found in the *Declaration of Kevin M. Carmody in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* [Docket No. 2].

01:17900665.1

2

### B.      Proofs of Claim and Bar Dates

6.      On March 13, 2015, the Court entered an order [Docket No. 54] appointing Prime Clerk LLC ("Prime Clerk") as claims and noticing agent in these Chapter 11 Cases.  Among other things, Prime Clerk is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain the Debtors' official claims and distribution register (the "Claims Register").

7.      On May 8, 2015, the Court entered the *Order Pursuant to Bankruptcy Rule 3003(c)(3) and Local Rule 2002-1(e) Establishing Bar Dates and Related Procedures for Filing Proofs of Claim (Including for Administrative Expense Claims Arising under Section 503(b)(9) of the Bankruptcy Code) and Approving the Form and Manner of Notice Thereof* [Docket No. 449] (the "Bar Date Order"), establishing (i) July 8, 2015 at 5:00 p.m. (Prevailing Eastern Time) as the deadline by which a person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, and trust), other than a governmental unit, must file a proof of claim based on prepetition claims against the Debtors (the "General Bar Date");[2] (ii) June 9, 2015 at 5:00 p.m. (Prevailing Eastern Time) as the deadline by which a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must be filed (the "Section 503(b)(9) Bar Date"); and (iii) September 8, 2015 at 5:00 p.m. (Prevailing Eastern Time) as the deadline by which any governmental unit (as such term is defined in section 101(27) of the Bankruptcy Code) must file a proof of claim against the Debtors (together with the Section 503(b)(9) Bar Date and General Bar Date, the "Bar Dates").

8.      Notice of the Bar Dates was served on all known creditors and equity holders.  In addition, the Debtors caused to be published notice of the Bar Dates in (a) *USA Today* (National

---

[2]      Certain classes of claims, including nonqualified pension benefits claims, are excepted from the General Bar Date.

01:17900665.1

Edition) and the *Dayton Daily News* on May 18, 2015 and (b) *Today on PIWorld*, a daily email newsletter, on four consecutive issues, dated May 26, 2015 through May 29, 2015.  *See* Affidavit of Publication [Docket No. 600] filed on June 3, 2015.

9.      On September 25, 2015, pursuant to the Bar Date Order, the Debtors established a separate Bar Date of November 13, 2015 for holders of non-qualified pension and retirement claims (the "Pension Bar Date").  Notice of the Pension Bar Date was served on all applicable claimants.

## CLAIMS SATISFIED AFTER THE PETITION DATE

10.      The Debtors have reviewed their books and records and have determined that the Fully Satisfied Claims listed on Exhibit A have been satisfied in full by payments made after the Petition Date and that no further distributions are required on account of such satisfied amounts. Accordingly, the Debtors intend to have Prime Clerk designate on the Claims Register that the Fully Satisfied Claims listed on Exhibit A have been previously satisfied pursuant to the *Order (i) Authorizing the Payment of Sales, Use, Franchise, Income, and Similar Taxes and Fees, and (ii) Authorizing Banks to Receive, Process, and Honor Checks Issued and Electronic Payment Requests Related Thereto* [Docket No. 53].

11.      Out of an abundance of caution, the Debtors are serving this Notice on all parties holding Fully Satisfied Claims and providing such parties with an opportunity to object to the Debtors' position that such claims have been satisfied in full, as shown on Exhibit A.

12.      Any party disputing the Debtors' position with respect to the claims identified in this Notice must file a written response with the United States Bankruptcy Court for the District of Delaware, 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801 and serve such response on the undersigned counsel to the Debtors on or before **November 10, 2015 at 4:00**

01:17900665.1

**p.m. (ET)**. The Debtors will then make every effort to review the Fully Satisfied Claim with the claimant to determine whether any obligation remains outstanding and owing to such claimant. In the event that the parties are unable to reach a resolution, the Debtors will request that the Court schedule a hearing on the matter.

### RESERVATION OF RIGHTS

13.      The Debtors expressly reserve the right to amend, modify or supplement this Notice, and reserve their rights to file additional objections to any claims in these Chapter 11 Cases, including, without limitation, objections as to the amounts asserted in each of the Fully Satisfied Claims, or any other claims (filed or unfiled) against the Debtors' estates.

*[Remainder of page intentionally left blank]*

01:17900665.1

Dated:   October 27, 2015
         Wilmington, Delaware       */s/ Elizabeth S. Justison*
                                 Michael R. Nestor (No. 3526)
                                 Kara Hammond Coyle (No. 4410)
                                 Andrew L. Magaziner (No. 5426)
                                 Elizabeth S. Justison (No. 5911)
                                 YOUNG CONAWAY STARGATT & TAYLOR, LLP
                                 Rodney Square
                                 1000 North King Street
                                 Wilmington, Delaware 19801
                                 Telephone:  (302) 571-6600
                                 Facsimile:  (302) 571-1253
                                 mnestor@ycst.com
                                 kcoyle@ycst.com
                                 mkandestin@ycst.com
                                 amagaziner@ycst.com

                                 -and-

                                 Michael A. Rosenthal (NY No. 4697561)
                                 Jeremy L. Graves (CO No. 45522)
                                 Matthew G. Bouslog (CA No. 280978)
                                 GIBSON, DUNN & CRUTCHER LLP
                                 200 Park Avenue
                                 New York, New York 10166-0193
                                 Telephone: (212) 351-4000
                                 Facsimile: (212) 351-4035
                                 mrosenthal@gibsondunn.com
                                 jgraves@gibsondunn.com
                                 mbouslog@gibsondunn.com

                                 *Counsel to the Debtors and*
                                 *Debtors in Possession*

01:17900665.1

**EXHIBIT A**

| Fully Satisfied Claims | Claim Number | Claim Amount |
|---|---|---|
| Bernalillo County Treasurer (Manny Ortiz) | 975 | $1,946.82 |
| Commonwealth of Massachusetts, Department of Unemployment Assistance | 1173 | $321,307.62 |
| County of Orange | 2457 | $2,810.81 |
| Georgia Department of Revenue | 688 | $163,432.11 |
| Georgia Department of Revenue | 1214 | $69,350.38 |
| Georgia Department of Revenue | 1502 | $68,303.12 |
| Gregory Fx Daly, Collector of Revenue | 750 | Unliquidated |
| New York State Department of Taxation and Finance | 2382 | $22,577.77 |
| Ohio Bureau of Workers' Compensation | 467 | $18,179.34 |
| Oklahoma Tax Commission | 2404 | $3,008.85 |
| South Carolina Department of Revenue | 566 | $78,097.08 |
| State Board of Equalization (California) | 2478 | $67,206.54 |
| State of Delaware Division of Revenue | 727 | $4,735.00 |
| State of Florida - Department of Revenue | 1207 | $89.20 |
| Tennessee Department of Revenue | 401 | $32,203.94 |
| Tennessee Department of Revenue | 2401 | $7,816.52 |
| Texas Comptroller of Public Accounts | 2399 | $1,000.00 |
| Texas Comptroller of Public Accounts on Behalf of the State of Texas, Texas Municipalities, Texas Counties, Special Purpose Districts and/or Texas Metropolitan or Regional Transportation Authorities | 2400 | $1,161.30 |
| Virginia Department of Taxation | 210 | $61,615.67 |
| West Baton Rouge Parish Dept. of Revenue | 1133 | $111.78 |