**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| SRC LIQUIDATION COMPANY, *et al.*,[1] | Case No. 15-10541 (BLS) |
| Debtors. | Jointly Administered |
| | Hearing Date: November 19, 2015 at 9:30 a.m. (ET)<br>Objection Deadline: November 12, 2015 at 4:00 p.m. (ET) |

**DEBTORS' MOTION FOR ORDER MODIFYING THAT CERTAIN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF WILLIAMSMARSTON LLC, TO AUTHORIZE THE APPOINTMENT OF LANDEN C. WILLIAMS AS INTERIM PRESIDENT AND CHIEF EXECUTIVE OFFICER *NUNC PRO TUNC* TO OCTOBER 28, 2015**

SRC Liquidation Company and its above-captioned affiliated debtors and debtors in possession (collectively, the "Debtors") hereby submit this Motion (this "Motion") for entry of an order, substantially in the form annexed hereto as Exhibit A (the "Proposed Order"), modifying the engagement of WilliamsMarston LLC ("WilliamsMarston"), as approved pursuant to that certain *Order Authorizing the Debtors to (i) Employ and Retain WilliamsMarston LLC to Provide Interim Management Services Pursuant to 11 U.S.C. § 363, and (ii) Designate Landen C. Williams as Replacement Chief Restructuring Officer and Treasurer,* Nunc Pro Tunc *to August 26, 2015* [Docket No. 1046] (the "WilliamsMarston Retention Order," a copy of which is annexed hereto as Exhibit B), to authorize the appointment of Landen C. Williams ("Mr. Williams") as the Debtors' interim President and Chief Executive Officer, and to continue serving as the Debtors' Treasurer. Mr. Williams currently serves as the Debtors' Chief

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: SRC Liquidation Company (5440); SR Liquidation Holding Company (3186); SR Liquidation Technologies, Inc. (3180); SR Liquidation International, Inc. (1861); iMLiquidation, LLC (6337); SR Liquidation of Puerto Rico Inc. (0578); SR Liquidation Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and SR Liquidation Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

01:17908482.2

Restructuring Officer and Treasurer, pursuant to the terms set forth in the WilliamsMarston Retention Order, and the relief requested herein shall, to the extent approved by the Court, supplement his current service in that capacity.  In support of this Motion, the Debtors respectfully represents as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b), and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b), and pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, the Debtors consent to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory and legal predicates for the relief requested herein are sections 105 and 363 of title 11 of the United States Code (the "Bankruptcy Code").

## GENERAL BACKGROUND

3. On March 12, 2015, each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases") with the United States Bankruptcy Court for the District of Delaware (the "Court").  Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are continuing to manage their financial affairs as debtors in possession.

01:17908482.2

4. On March 24, 2015, the Office of the United States Trustee for the District of Delaware (the "UST") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee").

5. Information regarding the Debtors' history and business operations, capital structure and primary secured indebtedness, and the events leading up to the commencement of these Chapter 11 Cases is set forth in the *Declaration of Kevin Carmody in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* [Docket No.2].

**THE SALE PROCESS AND THE WINDING DOWN OF THE DEBTORS' ESTATES**

6. On March 12, 2015, the Debtors filed the *Debtors' Motion for (I) an Order (A) Establishing Sale Procedures Relating to the Sale of Substantially All of the Debtors' Assets; (B) Approving Bid Protections; (C) Establishing Procedures Relating to the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, Including Notice of Proposed Cure Amounts; (D) Approving Form and Manner of Notice of All Procedures, Protections, Schedules, and Agreements; (E) Scheduling a Hearing to Consider the Proposed Sale; and (F) Granting Certain Related Relief; and (II) an Order (A) Approving the Sale of Substantially All of the Debtors' Assets and (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale* [Docket No. 23] (the "Initial Sale Motion"), and on May 27, 2015, the Debtors filed a supplement to the Initial Sale Motion [Docket No. 559].

7. On April 15, 2015, the Court entered an order [Docket No. 286] (the "Sale Procedures Order") approving, among other things, the Sale Procedures (as defined in the Sale Procedures Order) and scheduling an auction (the "Auction") to be held on June 15, 2015.

01:17908482.2

8.      Following the Auction, the bid submitted by Taylor Corporation ("Taylor") was selected as the highest and best offer for substantially all of the Debtors' assets.  On June 17, 2015, the Debtors presented Taylor's bid to the Court and, two days later, the Court entered that certain *Order (I) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests; (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (III) Granting Certain Related Relief* [Docket No. 698] (the "Sale Order"), thereby approving the sale (the "Sale") of substantially all of the Debtors' assets to Taylor.  The Sale successfully closed and operations were transitioned to Taylor on July 31, 2015.

9.      On September 18, 2015, the Debtors filed the *Chapter 11 Plan of Liquidation for SRC Liquidation Company and Its Affiliates* [Docket No. 1062] (the "Plan"), and on September 21, 2015, the Court entered that certain *Order (I) Scheduling Combined Hearing on Approval of Disclosure Statement and Confirmation of Plan, (II) Establishing Procedures for Solicitation and Tabulation of Votes on Plan and (III) Approving Related Matters* [Docket No. 1073], approving, among other things, certain solicitation procedures for the Plan and scheduling a combined hearing (the "Combined Hearing") for November 19, 2015, on the adequacy of the Debtors' disclosure statement (the "Disclosure Statement") and confirmation of the Plan.  On September 22, 2015, the Debtors filed the *First Amended Chapter 11 Plan of Liquidation for SRC Liquidation Company and Its Affiliates* [Docket No. 1086] (the "Amended Plan") and corresponding conformed Disclosure Statement [Docket No. 1087].

## THE RETENTION OF WILLIAMSMARSTON

10.     On September 15, 2015, the Court entered the WilliamsMarston Retention Order and, as a result thereof, authorized the Debtors to retain WilliamsMarston to provide interim

management services pursuant to 11 U.S.C. § 363.  In connection therewith, WilliamsMarston has provided restructuring consultants and temporary staffing to the Debtors during the pendency of these Chapter 11 Cases, during which time Mr. Williams has served as the Debtors' Chief Restructuring Officer and Treasurer.

        11.      The WilliamsMarston Retention Order provides, among other things, that:

> In the event the Debtors seek to have WilliamsMarston personnel assume executive officer positions that are different than the positions disclosed in the Motion, or to materially modify the terms of the Engagement Letter, as modified herein, by either (i) modifying the functions of the personnel, (ii) adding new personnel, or (iii) altering or expanding the scope of the Engagement Letter, as modified herein, a motion to modify the retention shall be filed.

WilliamsMarston Retention Order, ¶ 2(b).

        12.      On October 28, 2015, the Debtors' Board of Directors (the "Board") held a meeting and determined to remove Mr. Kevin Carmody from his positions as interim President and Chief Executive Officer.  In light thereof, also on October 28, 2015, the Board elected Mr. Williams to serve as interim President and Chief Executive Officer during the ongoing wind-down of the Debtors' estates.  Subject to Court approval of this Motion, the removal of Mr. Carmody and the appointment of Mr. Williams as his replacement shall be effective *nunc pro tunc* to October 28, 2015.

        13.      As the Debtors' Chief Restructuring Officer and Treasurer, Mr. Williams has been intimately involved in the Debtors' business operations since his appointment on August 26, 2015.  In that capacity, Mr. Williams has played a pivotal role in guiding the Debtors' restructuring strategy.  Among other things, Mr. Williams has overseen the wind down of the Debtors' business operations and has been involved in the negotiations surrounding the Plan and the Amended Plan.  Accordingly, to assure continuity in the Debtors' leadership as the Debtors

01:17908482.2

expeditiously and efficiently wind down their estates and move towards the Combined Hearing for the Amended Plan and Disclosure Statement, the Debtors respectfully request that the Court authorize the Debtors to retain Mr. Williams as interim President and Chief Executive Officer. Mr. Williams' compensation will remain unchanged and the WilliamsMarston Retention Order, as modified, will continue to control his, and Williams Marston's, relationship with the Debtors.

## RELIEF REQUESTED

14. By this Motion, the Debtors seek entry of an order (i) authorizing the Debtors to modify the retention of WilliamsMarston to authorize the Debtors to appoint Mr. Williams as the Debtors' interim President and Chief Executive Officer, in addition to continuing as the Debtors' Treasurer, and (ii) granting related relief.

## BASIS FOR RELIEF

15. Pursuant to the WilliamsMarston Retention Order, the Debtors are required to file this Motion because they seek to have WilliamsMarston personnel assume executive officer positions different than the positions approved by the WilliamsMarston Retention Order. *See* WilliamsMarston Retention Order, ¶ 2(b). In their business judgment, the Debtors have determined that appointing Mr. Williams to serve as interim President and Chief Executive Officer is in the best interest of the Debtors, their estates, and creditors. For that reason, the Debtors respectfully request that the Court authorize the modification of the WilliamsMarston Order pursuant to sections 363(b) and 105(a) of the Bankruptcy Code.

16. Pursuant to section 363(b) of the Bankruptcy Code, a court should authorize non-ordinary course business transactions where the debtor has articulated a valid business justification for entry into the transaction. *See The Dai-Ichi Kangvo Bank, Ltd. v. Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.)*, 242 B.R. 147, 153 (Bank. D. Del. 1999) ("In determining whether to authorize the use, sale or lease of property of the estate under

01:17908482.2

6

[section 363(b)(1)] courts require the debtor to show that a sound business purpose justifies such actions."); *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) ("[T]he debtor must articulate some business justification . . . for using, selling or leasing property out of the ordinary course of business, before the court may permit such disposition under § 363(b).").

17. Section 105 of the Bankruptcy Code further authorizes a debtor's entry into non-ordinary course business transactions.

18. The Debtors submit that it is within their sound business judgment to appoint Mr. Williams as the Debtors' interim President and Chief Executive Officer, given the posture of these Chapter 11 Cases, the Board's recent decision to remove Mr. Carmody and election of Mr. Williams as his replacement, and the estates' interest in maintaining active and engaged leadership familiar with the Debtors' operations and bankruptcy strategy.  Mr. Williams' appointment will allow for the most seamless transition under the circumstances, to the benefit of the Debtors, their creditors, and their estates.

19. Based on the foregoing, the Debtors respectfully submit that the modification of WilliamsMarston's engagement is both necessary and beneficial to the Debtors' estates and should be approved.

## NOTICE

20. Notice of this Motion has been provided to: (i) the UST; (ii) counsel to the Committee; (iii) counsel for Silver Point Finance, LLC, in its capacity as administrative agent under the Debtors' Second Lien Credit Agreement; and (iv) all parties that have filed a notice of appearance and request for service of papers pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

01:17908482.2

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as <u>Exhibit A</u>, (i) authorizing the Debtors to modify the retention of WilliamsMarston to authorize the Debtors to appoint Mr. Williams as the Debtors' interim President and Chief Executive Officer, and (ii) granting such other and further relief as the Court deems appropriate.

Dated: October 29, 2015
Wilmington, Delaware

*/s/ Elizabeth S. Justison*
Michael R. Nestor (No. 3526)
Kara Hammond Coyle (No. 4410)
Andrew L. Magaziner (No. 5426)
Elizabeth S. Justison (No. 5911)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
mnestor@ycst.com
kcoyle@ycst.com
amagaziner@ycst.com
ejustison@ycst.com

-and-

Michael A. Rosenthal (NY No. 4697561)
Jeremy L. Graves (CO No. 45522)
Matthew G. Bouslog (CA No. 280978)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
mrosenthal@gibsondunn.com
jgraves@gibsondunn.com
mbouslog@gibsondunn.com

*Counsel to the Debtors and Debtors in Possession*

01:17908482.2