## EXHIBIT B

**WilliamsMarston Retention Order**

01:17908482.2

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SRC LIQUIDATION COMPANY, *et al.*,[1] | Case No. 15-10541 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Docket Ref. No. 982** |

### ORDER AUTHORIZING THE DEBTORS TO (I) EMPLOY AND RETAIN WILLIAMSMARSTON LLC TO PROVIDE INTERIM MANAGEMENT SERVICES PURSUANT TO 11 U.S.C. § 363, AND (II) DESIGNATE LANDEN C. WILLIAMS AS REPLACEMENT CHIEF RESTRUCTURING OFFICER AND TREASURER *NUNC PRO TUNC* TO AUGUST 26, 2015

Upon the *Debtors' Motion for Order Authorizing the Debtors to (i) Employ and Retain WilliamsMarston LLC to Provide Interim Management Services Pursuant to 11 U.S.C. § 363, and (ii) Designate Landen C. Williams as Replacement Chief Restructuring Officer and Treasurer,* Nunc Pro Tunc *to August 26, 2015* (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order, pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code"), (i) authorizing the Debtors to retain and employ WilliamsMarston LLC ("WilliamsMarston") to provide interim management services, and (ii) designating Landen C. Williams ("Mr. Williams") as replacement Chief Restructuring Officer ("Replacement CRO") and Treasurer to the Debtors, *nunc pro tunc* to August 26, 2015, on the terms and conditions set forth in the Motion and the Engagement

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: SRC Liquidation Company (5440); SR Liquidation Holding Company (3186); SR Liquidation Technologies, Inc. (3180); SR Liquidation International, Inc. (1861); iMLiquidation, LLC (6337); SR Liquidation of Puerto Rico Inc. (0578); SR Liquidation Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and SR Liquidation Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

01:17657368.2               1

Letter, a copy of which is attached to the Motion as <u>Exhibit C</u>; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and the Court having found that venue of these cases and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given; and the Court having determined that it may enter a final order consistent with Article III of the United States Constitution; and upon consideration of the Williams Declaration; and upon the record of these Chapter 11 Cases; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors are authorized, effective *nunc pro tunc* to August 26, 2015, to (i) engage WilliamsMarston on the terms set forth in the Engagement Letter as modified by this Order; and (ii) designate Mr. Landen C. Williams as Replacement CRO and Treasurer for the Debtors, subject to the following terms, which apply notwithstanding anything in the Motion or the Engagement Letter, or any exhibits related thereto, to the contrary:

a) WilliamsMarston shall not act in more than one of the following capacities (crisis manager, financial advisor, claims agent/claims administrator, or investor/acquirer) in connection with these Chapter 11 Cases.

b) In the event that the Debtors seek to have WilliamsMarston personnel assume executive officer positions that are different than the positions disclosed in the Motion, or to materially modify the terms of the Engagement Letter, as modified herein, by either (i) modifying the functions of the personnel, (ii) adding new personnel, or (iii) altering or expanding the scope of the Engagement Letter, as modified herein, a motion to modify the retention shall be filed.

c) WilliamsMarston shall file with the Court with copies to (i) the Office of the United States Trustee for the District of Delaware ("U.S. Trustee"), (ii) counsel for Silver Point Finance, LLC, in its capacity as administrative agent under the Debtors' prepetition second lien term loan agreement, (iii) counsel to Bank of America, N.A., as administrative and collateral agent under the Debtors' postpetition ABL credit agreement, and (iv) counsel to the Committee (collectively, the "Notice Parties"), a report of staffing on the engagement for the previous month (the "Staffing Reports") by the 20th of each month for the previous month, with the first report, covering the August 2015 stub period, being due on September 20, 2015. The Staffing Reports shall include the names and functions filled of the individuals assigned, and shall be due by the 20th of each month for the previous month. Notice for the Staffing Reports will provide for a time period of at least fourteen (14) days for objections by parties in interest. All staffing shall be subject to review by the Court in the event an objection is filed. In addition, WilliamsMarston shall file with the Court, and provide notice to the Notice Parties, copies of reports of compensation earned and expenses incurred on quarterly basis (the "Quarterly Reports"). The Quarterly Reports shall summarize the service provided, identify the compensation earned by each executive officer and staff employee provided, and itemize the expenses incurred, and shall be due no later than twenty (20) days after the end of a quarter with the first being due on November 20, 2015. The notice shall provide a time period of at least fourteen (14) days for objections by parties in interest. All compensation shall be subject to review by the Court in the event an objection is filed. For the avoidance of doubt, Mr. Williams and the WM Staff are not bound by Local Rule 2016-2 with respect to the Staffing Reports or the Quarterly Reports, as applicable.

d) No principal, employee or independent contractor of WilliamsMarston shall serve as a director of any of the Debtors during the pendency of the Chapter 11 Cases.

e) Notwithstanding anything to the contrary in the Motion or the Engagement Letter, the Debtors are permitted to indemnify those WilliamsMarston employees serving as executive officers on the same terms as provided to the

Debtors' other officers and directors under the corporate bylaws, certificates of incorporation, or applicable state laws, along with insurance coverage under the Debtors' D&O policy. In addition, the Replacement CRO and Treasurer, and any WM Staff serving in an officer capacity, will be entitled to the benefit of the most favorable indemnification, reimbursement, contribution and insurance provisions provided by the Debtors and their affiliates in the Debtors' charter, by-laws or other organizational documents, by contract or otherwise. There shall be no indemnification of WilliamsMarston or its affiliates, as applicable.

f) WilliamsMarston shall not be required to apply to the Court for payment of its monthly invoices. Monthly invoices shall be paid in the ordinary course of business by the Debtors in accordance with the fee and expense structure outlined in the Engagement Letter.

g) For a period of three years after the conclusion of the engagement, WilliamsMarston shall not make any investments in the Debtors or the reorganized Debtors, as applicable.

h) WilliamsMarston shall disclose any and all facts that may have a bearing on whether the firm, its subsidiaries, certain of its affiliates, and/or any individuals working on the engagement hold or represent any interest adverse to the Debtors, their creditors, or other parties in interest. The obligation to disclose identified in this subparagraph is a continuing obligation.

3. Notwithstanding anything to the contrary herein, the following language is stricken from page 4 of Engagement Letter and shall have no force or effect with respect to WilliamMarston's engagement: "Notwithstanding the foregoing, in no event shall the Indemnified Parties be required to contribute an aggregate amount in excess of the amount of Fees (but not expenses) actually received by WilliamsMarston from the Company and its affiliates pursuant to this Agreement."

4. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

5. Any success fee or back-end fee not currently contemplated in the Engagement Letter, whether negotiated prior to or entry of this Order or through a subsequent amendment to the Engagement Letter, shall be approved by the Court at the conclusion of these

Chapter 11 cases on a reasonableness standard and are not pre-approved by entry of this Order. No success fee, transaction fee or back-end fee shall be sought upon conversion of these cases, dismissal of these cases for cause, or appointment of a trustee.

6. As of August 26, 2015, McKinsey's engagement and Mr. Carmody's service as Chief Restructuring shall be terminated. Mr. Carmody is authorized to remain an officer of the Debtors' in any capacity other than Chief Restructuring Officer, but neither he nor any McKinsey employee shall serve on the Board in contravention of the McKinsey Retention Order. McKinsey shall comply with its reporting requirements under the McKinsey Retention Order and shall be compensated in conjunction therewith for any services for which it has provided but not yet been paid.

7. To the extent provided, services performed by McKinsey employees other than Mr. Carmody after the date hereof shall be non-compensable and McKinsey shall not seek payment on account of such services. For the avoidance of doubt, services provided by McKinsey employees, including Mr. Carmody, between August 21, 2015 and the date hereof in furtherance of transitioning responsibilities to WilliamsMarston and Mr. Williams, respectively, are compensable in accordance with the terms of the McKinsey Retention Order.

8. All compensation and reimbursement due to, and other rights of WilliamsMarston and Mr. Williams in accordance with the Engagement Letter, as modified by this Order, including without limitation the indemnification obligations, shall be treated and allowed (subject to the compensation review procedures identified herein) as administrative expenses in accordance with section 503 of the Bankruptcy Code and shall be paid in accordance with the Engagement Letter.

01:17657368.2

5

6

9.   Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10.  The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: September 15, 2015
Wilmington, Delaware

_____
Brendan L. Shannon
Chief United States Bankruptcy Judge