## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| *In re*: | : | Chapter 11 |
| | : | |
| SRC LIQUIDATION COMPANY, *et al.* | : | Case No. 15-10541 (BLS) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |
| | : | **Hearing Date: 11/19/15 at 9:30 a.m.** |
| | : | **Objection Deadline: 11/2/15 at 5:00 p.m.** |

## UNITED STATES TRUSTEE'S LIMITED OBJECTION TO CONFIRMATION OF DEBTORS' FIRST AMENDED JOINT PLAN OF LIQUIDATION (D. I. 1086)

In support of his Limited Objection to Confirmation of the Debtors' First Amended Joint Plan of Liquidation (the "Plan"), Andrew R. Vara, Acting United States Trustee for Region 3 ("U.S. Trustee"), by his undersigned counsel, states as follows:

1.      This Court has jurisdiction to hear this Limited Objection.

2.      Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with overseeing the administration of Chapter 11 cases filed in this judicial district.  This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts.  *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U. S. Trustee as a "watchdog").

3.      In furtherance of his case supervisory responsibilities, as well as pursuant to 11 U.S.C. § 307, the U.S. Trustee has standing to raise and be heard on this Objection.

## BACKGROUND AND RELEVANT FACTS

4.      The Debtors commenced this case on March 12, 2015 (the "Petition Date") by

filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.  The Debtors'

cases were ordered jointly administered on March 13, 2015.

5.    The Debtors filed their Chapter 11 plan of liquidation on September 18, 2015 and

their first amended plan on September 22, 2015.

6.    On September 23, 2015, the Court provisionally approved the disclosure

statement in support of the Debtors' Plan and scheduled a combined hearing for final approval of

the disclosure statement and confirmation of the Plan on November 19, 2015.

7.    Section 7.3 of the Plan provides for exculpation not only of the Debtors and the

Creditors' Committee, but also of the Second Lien Agent, who is defined as "Silver Point

Finance, LLC, or its successor, in its capacity as the agent under the Second Lien Term Loan

Facility."

8.    Silver Point has not served as an estate fiduciary at any time during the pendency

of this case.

## ARGUMENT

9.    The list of parties receiving exculpation must be limited to parties who served in

the capacity of estate fiduciaries.  See, *In re PTL Holdings, LLC*, 2011 WL 5509031 *12 (Bankr.

D. Del. Nov. 10, 2011); *In re Washington Mutual Inc.*, 442 B.R. 314, 350 (Bankr. D. Del. 2011);

*In re Tribune Co*., 464 B.R. 126 (Bankr. D. Del. 2011), *In re Indianapolis Downs*, 486 B. R. 286,

306 (Bankr. D. Del. 2013).

10.    In *PWS Holding Corp*, 228 F.3d 224 (3d Cir. 2000), the United States Court of

Appeals for the Third Circuit examined the question of whether limited exculpation for official

committee members and professionals retained by the debtors was appropriate. The Third Circuit

ruled that the exculpation provision was appropriate because the provision at issue correctly

stated the standard of liability for fiduciaries, including official committee members and debtor professionals.

11.      As was stated by the Court in *Washington Mutual,* an "exculpation clause must be limited to the *fiduciaries* who have served during the chapter 11 proceeding: estate professionals, the Committees and their members, and the Debtors' directors and officers." *Washington Mutual,* 442 B.R. at 350-51 (emphasis added); *accord Tribune*, 464 B.R. at 189 (holding that exculpation clause "must exclude non-fiduciaries"); *In re PTL Holdings LLC,* 2011 WL 5509031, *12 (Bankr. D. Del. Nov. 10, 2011) (sustaining U.S. Trustee's objection to exculpation clause, stating that "the exculpation clause here must be reeled in to include only those parties who have acted as estate fiduciaries and their professionals"); *see also PWS Holding,* 228 F.3d at 246 (the creditors' committee, its members and estate professionals may be exculpated under a plan for their actions in the bankruptcy case, except for willful misconduct or gross negligence).

12.      The only parties who are eligible for exculpation in these cases are the Debtors, the Debtors' officers, directors and employees serving during the Chapter 11 case in their capacity as such, the Committee, and their respective attorneys, financial advisors and other professionals. *See Washington Mutual,* 442 B.R. at 350-51; *Tribune*, 464 B.R. at 190; *PTL Holdings,* 2011 WL 5509031, * 12.  The list of Exculpated Parties in Section 7.3 of the Plan should, accordingly, be "reeled in" to include only estate fiduciaries and their professionals.

13.      The U. S. Trustee reserves any and all rights, remedies and obligations found at law, equity or otherwise, to complement, supplement, augment, alter and/or modify this Limited Objection, file an appropriate Motion and/or conduct any and all discovery as may be deemed necessary or as may be required and to assert such other grounds or take such other actions as may become apparent upon further factual discovery.

WHEREFORE, the United States Trustee respectfully requests that the Court deny

confirmation of the Plan except upon appropriate modification of the definition of Exculpated

Parties in Section 7.3 of the Plan, and grant such other relief as may be appropriate.

Respectfully submitted,

**ANDREW R. VARA**
**ACTING UNITED STATES TRUSTEE**

Dated: November 2, 2015          BY: /s/ Mark S. Kenney
                                 Mark S. Kenney
                                 Trial Attorney
                                 Office of the United States Trustee
                                 J. Caleb Boggs Federal Building
                                 844 King Street, Suite 2207, Lockbox 35
                                 Wilmington, DE 19801
                                 (302) 573-6491
                                 (302) 573-6497 (Fax)