**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE STANDARD REGISTER COMPANY, et al., | ) | Case No. 15-10541 (BLS) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **D.I. No. 1086** |

**LIMITED OBJECTION OF INTERNATIONAL PAPER COMPANY TO CONFIRMATION**

International Paper Company ("IP"), by and through its undersigned counsel, hereby objects to confirmation of the First Amended Chapter 11 Plan of Liquidation of SRC Liquidation Company and its Affiliates (the "Plan").

IP timely filed a proof of claim in the Debtors' bankruptcy cases in the amount of $116,481.56, which was comprised of (i) a priority claim of $114,995.83 for goods sold and delivered to the Standard Register Company (the "Debtor") during the twenty (20) days immediately prior to March 12, 2015 and (ii) $1,485.73 unearned discounts taken by the Debtor. Further, the proof of claim expressly stated that it was a secured claim by virtue of its setoff rights, and the attachment to the proof of claim expressly stated that "Nothing herein is intended to waive or otherwise abridge IP's rights, claims, including its rights of setoff and/or recoupment."

The Debtor's Schedules, filed under oath on May 11, 2015 [Docket No. 477] assert that the Debtor has "Trade Accounts Receivable" (Schedule B16) and "Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims" (Schedule B21), but do not specifically detail the companies from whom they are owed money. Accordingly, neither IP, the Debtors, nor this Court can determine at this time whether or not the Debtors have any claims to set off against IP's claim.

8138123/

On June 19, 2015, the Court entered an Order (A) Authorizing the Sale of Substantially

All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests; (II)

Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired

Leases; and (III) Granting Certain Related Relief [Docket No. 698] (the "Sale Order") by and

through which the Debtors sold substantially all of their assets to Taylor Corporation ("Taylor").

The Sale Order also provided:

> Notwithstanding anything contained herein, nothing in the Order or in the APA
> shall be deemed to constitute a release, impairment, modification, or a transfer of
> any assets free and clear of the defenses, recoupment rights, or setoff rights of [IP
> and other objecting parties] or to prevent the foregoing parties from asserting or
> exercising such defenses or rights, however characterized against any party; nor
> shall anything herein preclude the Buyers from asserting or exercising any
> defense, recoupment rights, or setoff rights that constitute Transferred Assets with
> respect to any claim that is an Assumed Liability pursuant to Sections 2.3(a)(iii)
> or 2.3(a)(iv) of the APA, including, for the avoidance of doubt, with respect to
> claims asserted by any of the parties identified in this paragraph.

Sale Order, ¶ 16.

Notwithstanding the language of the Sale Order, nothing in the Plan expressly preserves

IP's defenses, including setoff and recoupment rights. At the same time, the Plan expressly

preserves the Debtors' rights to assert all rights, defenses, and remedies in respect of legal and

equitable objections, defenses, setoffs, or recoupment. Specifically, Section 1.2 of the Plan,

titled "Provisions Governing Allowance of and Defenses to Claims," which provides:

> Nothing in the Plan shall affect the rights, defenses, or remedies of the Debtors,
> the Estates, or the Trustees in respect of any Claim, including all rights, defenses,
> and remedies in respect of legal and equitable objections, defenses, setoffs, or
> recoupment against such Claims. The Trusts may, but shall not be required to, set
> off against any Claim (for purposes of determining the Allowed amount of such
> Claim on which Distribution shall be made), any claims of any nature whatsoever
> that the Estates or the Trusts may have against the Claim Holder, but neither the
> failure to do so nor the allowance of any Claim hereunder shall constitute a
> waiver or release by the Trusts of any such Claim they may have against such
> Claim Holder. The Trustee of either Trust may designate any Claim against such
> Trust as Allowed at any time from and after the Effective Date without further

8138123/

order of the Bankruptcy Court, subject to the provisions of the applicable Trust Agreement and Article 4 below.

Plan, Section 1.2, p. 3.

Exhibit A to the Plan (Definitions and Interpretation), does define a "Secured Claim" as:

"a Claim that is secured (a) by a Lien that is valid, perfected, and enforceable under the Bankruptcy Code or applicable non-bankruptcy law or by reason of a Final Order, or (b) as a result of rights of setoff under section 553 of the Bankruptcy Code, but in any event only to the extent of the value, determined in accordance with section 506(a) of the Bankruptcy Code, of the Holder's interest in the Estate's interest in such property (unless an election has been made under section 1111(b) of the Bankruptcy Code on or prior to the Confirmation Date) or to the extent of the amount subject to such setoff, as applicable."

Plan, Exhibit A, ¶ 99. To date, neither the Debtors nor Taylor has asserted a claim against IP, leaving a question whether the Debtors or Taylor actually have a claim against IP.

There is no legal basis for the Plan to expunge, modify, or otherwise alter IP's preserved claims or defenses to any claim brought on behalf of the Debtors, the GUC Trust, the Secured Creditor Trust, or any other party, including any setoff or recoupment right of IP. Based upon the apparent abrogation or modification of those rights, IP objects to the confirmation of the Plan.

IP expressly reserve and preserve their right to supplement its opposition at any time prior to the hearing to consider confirmation of the Plan, and its right be heard with respect to

8138123/

opposition to the confirmation.

Dated: November 2, 2015

**MORRIS JAMES LLP**

_____
Jeffrey R. Waxman (No. 4159)
500 Delaware Avenue, Suite 1500
Wilmington, DE  19801-1494
Telephone:  302.888.5842
Email:  jwaxman@morrisjames.com

Counsel to International Paper Company

8138123/