IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE STANDARD REGISTER COMPANY, et al., | ) | Case No. 15-10541 (BLS) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **D.I. No. 1086** |

**LIMITED OBJECTION OF LEEDSWORLD, INC., BULLET LINE, LLC, AND TIMEPLANNER CALENDARS, INC. TO CONFIRMATION**

Leedsworld, Inc., Bullet Line, LLC, and Timeplanner Calendars, Inc. (collectively, the "Claimants"), by and through their undersigned counsel, hereby objects to confirmation of the First Amended Chapter 11 Plan of Liquidation of SRC Liquidation Company and its Affiliates (the "Plan").

The Claimants each timely filed proofs of claim in the bankruptcy case of The Standard Register Company (the "Debtor"), and each of the proofs of claim asserted a claim entitled to priority pursuant to Section 503(b)(9) of the Bankruptcy Code ("Nothing herein is intended to waive or otherwise abridge [the claimant's] rights, claims, including its rights of setoff and/or recoupment, and in the event that the Debtor assets any claims against [the claimant], [the claimant] hereby asserts a secured claim pursuant to Sections 553 and 506(a) of the Bankruptcy Code.").

The Debtor's Schedules, filed under oath on May 11, 2015 [Docket No. 477] assert that the Debtor has "Trade Accounts Receivable" (Schedule B16) and "Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims" (Schedule B21), but do not specifically detail the companies from whom they are owed money. Accordingly, neither the Claimants, the Debtor, nor this Court can

8138095/

determine at this time whether or not the Debtor has any claims to set off against any of the Claimant's claims, Section 503(b)(9) or otherwise. The Claimants' proofs of claim each expressly reserve their right to assert a secured claim to the extent

On June 19, 2015, the Court entered an Order (A) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests; (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (III) Granting Certain Related Relief [Docket No. 698] (the "Sale Order") by and through which the Debtors sold substantially all of their assets to Taylor Corporation ("Taylor"). The Sale Order also provided:

> Notwithstanding anything contained herein, nothing in the Order or in the APA shall be deemed to constitute a release, impairment, modification, or a transfer of any assets free and clear of the defenses, recoupment rights, or setoff rights of [the Claimants and other objecting parties] or to prevent the foregoing parties from asserting or exercising such defenses or rights, however characterized against any party; nor shall anything herein preclude the Buyers from asserting or exercising any defense, recoupment rights, or setoff rights that constitute Transferred Assets with respect to any claim that is an Assumed Liability pursuant to Sections 2.3(a)(iii) or 2.3(a)(iv) of the APA, including, for the avoidance of doubt, with respect to claims asserted by any of the parties identified in this paragraph.

Sale Order, ¶ 16.

Notwithstanding the language of the Sale Order, nothing in the Plan expressly preserves the Claimants' defenses, including setoff and recoupment rights. At the same time, the Plan expressly preserves the Debtors' rights to assert all rights, defenses, and remedies in respect of legal and equitable objections, defenses, setoffs, or recoupment. Specifically, Section 1.2 of the Plan, titled "Provisions Governing Allowance of and Defenses to Claims," which provides:

> Nothing in the Plan shall affect the rights, defenses, or remedies of the Debtors, the Estates, or the Trustees in respect of any Claim, including all rights, defenses, and remedies in respect of legal and equitable objections, defenses, setoffs, or recoupment against such Claims. The Trusts may, but shall not be required to, set off against any Claim (for purposes of determining the Allowed amount of such

8138095/

> Claim on which Distribution shall be made), any claims of any nature whatsoever that the Estates or the Trusts may have against the Claim Holder, but neither the failure to do so nor the allowance of any Claim hereunder shall constitute a waiver or release by the Trusts of any such Claim they may have against such Claim Holder. The Trustee of either Trust may designate any Claim against such Trust as Allowed at any time from and after the Effective Date without further order of the Bankruptcy Court, subject to the provisions of the applicable Trust Agreement and Article 4 below.

Plan, Section 1.2, p. 3.

> Exhibit A to the Plan (Definitions and Interpretation), does define a "Secured Claim" as:

> "a Claim that is secured (a) by a Lien that is valid, perfected, and enforceable under the Bankruptcy Code or applicable non-bankruptcy law or by reason of a Final Order, or (b) as a result of rights of setoff under section 553 of the Bankruptcy Code, but in any event only to the extent of the value, determined in accordance with section 506(a) of the Bankruptcy Code, of the Holder's interest in the Estate's interest in such property (unless an election has been made under section 1111(b) of the Bankruptcy Code on or prior to the Confirmation Date) or to the extent of the amount subject to such setoff, as applicable."

Plan, Exhibit A, ¶ 99. To date, neither the Debtors nor Taylor has asserted a claim against the Claimants, leaving a question whether the Debtors or Taylor actually have a claim against the Claimants.

There is no legal basis for the Plan to expunge, modify, or otherwise alter the Claimants' preserved claims or defenses to any claim brought on behalf of the Debtors, the GUC Trust, the Secured Creditor Trust, or any other party, including any setoff or recoupment right of the Claimants. Based upon the apparent abrogation or modification of those rights, the Claimants object to the confirmation of the Plan.

The Claimants expressly reserve and preserve their right to supplement its opposition at any time prior to the hearing to consider confirmation of the Plan, and its right be heard with

8138095/

respect to opposition to the confirmation.

Dated: November 2, 2015                    **MORRIS JAMES LLP**

*/s/ Jeffrey R. Waxman*
_____
Jeffrey R. Waxman (No. 4159)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801-1494
Telephone: 302.888.5842
Email: jwaxman@morrisjames.com

Counsel to Leedsworld, Inc., Bullet Line, LLC, and Timeplanner Calendars, Inc.

8138095/