IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Bankruptcy No.  15-10541 (BLS) |
| | : | |
| SRC LIQUIDATION COMPANY, *et al.*, | : | Chapter  11 |
| | : | |
| | : | |
| Debtors. | : | |

**RESPONSE OF COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF REVENUE TO DEBTORS' OBJECTION TO CLAIM OF PENNSYLVANIA DEPARTMENT OF REVENUE (CLAIM NO. 2491) PURSUANT TO SECTIONS 502 AND 505 OF THE BANKRUTPCY CODE AND BANKRUPTCY RULE 3007**

TO THE HONORABLE BRENDAN LINEHAN SHANNON,
UNITED STATES BANKRUPTCY JUDGE:

The Commonwealth of Pennsylvania, Department of Revenue (hereinafter "PA DOR") by and through the Pennsylvania Office of Attorney General, responds to *Debtors' Objection to Claim of Pennsylvania Department of Revenue (Claim No. 2491) pursuant to Sections 502 and 505 of the Bankruptcy Code and Bankruptcy Rule 3007*, as follows:

**JURISDICTION AND VENUE**

1. Admitted.

2. Admitted.

**BACKGROUND**

**A. General Background**

3. Admitted.

4. Admitted.

5. Admitted.

**B. The Claim**

6. Admitted.

7. Admitted.

8. (i) Admitted in part and denied in part. Purchase activities were audited on a complete basis; (ii) Admitted in that the total of line items on Debtors' Exhibit 1 matches the totals presented by the Auditor. Denied in that PA DOR disagrees with the labelling of Debtors' Exhibit 1 as "Exceptions List;" (iii) Denied. PA DOR determined the PA sales tax due on each of the listed sales transactions on Debtors' Exhibit 1-A; and (iv) Denied. The findings for the sales transactions from the test periods reviewed were projected over the remainder of the audit period to determine the total sales tax liability. This review resulted in a state sales tax liability of $165,053.96 plus applicable penalties and interest and a use tax liability of $110,438.94 plus applicable penalties and interest. Debtors incorrectly include the use tax liability when referring to the projected sales tax liability.

9. To the extent that this paragraph contains conclusions of law, no response is required. By way of further response, PA DOR conducted its audit in accordance with PA 72 P.S. §7272 and 61 Pa. Code §§8a.5-8a.8 and concluded such audit only after multiple requests of additional information that the Debtors failed to provide to PA DOR.

10. Paragraph 10 contains conclusions of law and no response is required.

**RELIEF REQUESTED**

11. Paragraph 11 contains conclusions of law and no response is required.

**OBJECTION**

12. Paragraph 12 contains conclusions of law and no response is required.

13. Paragraph 13 contains conclusions of law and no response is required.

14. To the extent that this paragraph contains conclusions of law, no response is required. By way of further response, PA DOR conducted its audit in accordance with 72 P.S. §7272 and 61 Pa. Code §§8a.5-8a.8 and concluded such audit only after multiple requests of additional information that the Debtors failed to provide to PA DOR.

### A. Sales

15. PA DOR is without sufficient knowledge to form a belief as to the truth of the averment contained in paragraph 15, and therefore, same is denied.

#### 1. Software Support Agreements

16. Denied. The documents submitted by the Debtors were insufficient and incomplete. Initially, the Debtors claimed that the assessed sales originated from their employees' installation of software at customer locations. The Debtors later stated that the services did not stem from the installation of software but instead, represented phone support services. The Auditor requested copies of contracts to support the Debtors' allegations and the Debtors failed to forward such contracts. Upon receipt of the appropriate documentation, the original contract for each customer, PA DOR will review and adjust its audit, if appropriate.

#### 2. Design Services

17. PA DOR is without sufficient knowledge to form a belief as to the truth of the averment contained in paragraph 17, and therefore, same is denied. To the extent that this paragraph contains conclusions of law, no response is required.

18. Denied. If the sample invoice Debtors submitted in Exhibit 3 of the Objection is similar to other invoices that the Debtors did not present in the Objection regarding Design Services, then the taxes are owed to PA DOR. Design services are taxable when they are part of

the cost of the personal property sold or delivered to the customer pursuant to 72 P.S. §7201(g)(1) and 61 Pa. Code §33.2(a).  The line item on Debtors' Exhibit 3 documents that the product was delivered or shipped within Pennsylvania.  Since the value of the tangible personal property delivered includes the design costs, the design costs are part of the purchase price of the tangible personal property delivered whether or not they are separately stated.

### 3.  Invoice Stored Sales

19.  PA DOR is without sufficient knowledge to form a belief as to the truth of the averment contained in paragraph 19, and therefore, same is denied.  To the extent that this paragraph contains conclusions of law, no response is required.

20. Denied.  Pennsylvania is not an interim storage state.  Taxability is determined at the location where the customer takes ownership of the product, not the final destination of use pursuant to 72 P.S. §7201(k)(1).

### 4.  Exempt Sales with Exemption Certificates

21. PA DOR is without sufficient knowledge to form a belief as to the truth of the averment contained in paragraph 21, and therefore, same is denied.  To the extent that this paragraph contains conclusions of law, no response is required.  To the extent that the Debtors' customers provided it with exemption certificates, such certificates were not presented to the Auditor at the time of the audit.

22. To the extent that this paragraph contains conclusions of law, no response is required.  By way of further response, the Debtors failed to provide valid exemption documentation to the Auditor to demonstrate that the sales were not taxable.

23. PA DOR is without sufficient knowledge to form a belief as to the truth of the averment contained in paragraph 23, and therefore, same is denied. To the extent that this paragraph contains conclusions of law, no response is required.

24. PA DOR is without sufficient knowledge to form a belief as to the truth of the averment contained in paragraph 24, and therefore, same is denied. PA DOR requested and Debtors failed to provide valid exemption documentation to substantiate its claim. To the extent that this paragraph contains conclusions of law, no response is required. It is admitted that three valid exemption certificates were presented in Exhibit 4 of the Objection and not presented at the audit, which will allow PA DOR to reduce its claim by $1098.86.

25. Paragraph 25 contains conclusions of law and no response is required.

**B. Purchases**

26. PA DOR is without sufficient knowledge to form a belief as to the truth of the averment contained in paragraph 26, and therefore, same is denied. Expenses were examined on a complete basis. To the extent that this paragraph contains conclusions of law, no response is required.

   **1. Utility Charges**

27. PA DOR is without sufficient knowledge to form a belief as to the truth of the averment contained in paragraph 27, and therefore, same is denied. Utilities were examined on a complete basis. Original purchase documentation showing sales tax charged by vendor were requested and not presented by the Debtors.

- Compass Energy – Original purchase documentation showing sales tax charged by vendor were requested and not presented by the Debtors. PA DOR requests copies of invoices to determine accuracy of the Debtors' statement.

- Columbia Gas – Original documentation was requested and not presented by the Debtors. PA DOR requests copies of invoices to determine accuracy of the Debtors' statement.

- Met-Ed – Original purchase documentation showing sales tax charged by vendor were requested and not presented by the Debtors. PA DOR requests copies of invoices to determine accuracy of the Debtors' statement.

- Public Service Electric & Gas, and First Energy Solutions Corp. – PA DOR requests documentation that the facility is located in New Jersey. It also requests copies of invoices containing the addresses of meters in question to further determine the accuracy of the Debtors' statement.

28. Paragraph 28 contains conclusions of law and no response is required.

### 2. Purchases for New Jersey Plant

29. PA DOR is without sufficient knowledge to form a belief as to the truth of the averment contained in paragraph 29, and therefore, same is denied. PA DOR requests documentation that the purchases for the New Jersey plant were delivered physically to New Jersey by the vendor and not just used by the Debtors in New Jersey. If the items were delivered to Pennsylvania, then they are subject to PA tax pursuant to 72 P.S. §§ 7201(k)(1), 7201(o)(1), and 7202(a).

### 3. Production Purchases

30. PA DOR is without sufficient knowledge to form a belief as to the truth of the averment contained in paragraph 30, and therefore, same is denied. To the extent that this paragraph contains conclusions of law, no response is required. The Debtors failed to produce a majority of their invoices to document what was purchased. The limited invoices that were

presented failed to document whether the items were directly used for manufacturing in accordance with 61 Pa. Code § 32.32(a)(2).

### 4. Capital Purchases

31. Denied. The Debtors only produced 9 of the referenced 48 invoices noted in paragraph 31 of the Objection to the Auditor.

- Denied. PA DOR requests a copy of the construction contracts to substantiate that invoices were for a non-taxable construction activity as opposed to a taxable sales transaction pursuant to 61 Pa. Code § 31.11.

- Denied. PA DOR requests invoices and descriptions of how items were used in order to determine whether such purchases were non-taxable.

- Denied. PA DOR noted such transactions but without invoices, it could not determine whether the sales tax was paid or billed to Ohio per the Debtors' claim.

- Denied. The Debtors must provide documentation to support its allegation that sales tax was charged and paid to Maryland and the property was not delivered first to Pennsylvania.

- Denied. The Debtors must provide invoices and proof of payment to document the payment of sales taxes by Workforce One.

- Denied. The Debtors must provide invoices and proof of payment to document the payment of sales taxes by Workforce One.

- Denied. The Debtors must provide invoices and proof of payment to document the payment of sales taxes by Workforce One.

32. Denied. The sales and use tax audit liability was determined in accordance with Pennsylvania law and is therefore valid.

WHEREFORE, the Commonwealth of Pennsylvania, Department of Revenue respectfully requests that this Honorable Court dismiss with prejudice the Debtors' Objection to Claim of Pennsylvania Department of Revenue (Claim No. 2491).

Respectfully Submitted,

BRUCE R. BEEMER
FIRST DEPUTY ATTORNEY GENERAL

DATED: 11/02/2015    BY:   /s/ *Carol E. Momjian*
Carol E. Momjian
Senior Deputy Attorney General
Attorney I.D. No. 49219
Office of Attorney General
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107-3603
Tel: (215) 560-2128
Fax: (215) 560-2202
E-mail: cmomjian@attorneygeneral.gov