## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>THE STANDARD REGISTER COMPANY, *et al.*,[1]<br><br>Debtors. | ) Chapter 11<br>)<br>) Case 15-10541 (BLS)<br>) Jointly Administered<br>)<br>) **Re: Docket No. 1086** |

**LIMITED OBJECTION OF MORGAN ADHESIVES COMPANY, LLC D/B/A MACTAC TO CONFIRMATION OF THE FIRST AMENDED CHAPTER 11 PLAN OF LIQUIDATION FOR SRC LIQUIDATION COMPANY AND ITS AFFILIATES**

Morgan Adhesives Company, LLC d/b/a MACtac ("MACtac"), by counsel, files this Limited Objection (the "Objection") to the First Amended Chapter 11 Plan of Liquidation for SRC Liquidation Company and its Affiliates [Docket No.1086] (the "Plan"). In support of the Objection, MACtac states as follows:

### Introduction and Factual Background

1.      MACtac's address is 4560 Darrow Road, Stow, Ohio, 44224. MACtac is a creditor and party-in-interest in these bankruptcy cases.

2.      MACtac does not object to the Plan[2] *per se*. However, certain provisions of the Plan are objectionable and need revision, as discussed in greater detail below.

3.      Prior to the Petition Date, MACtac sold goods (the "Goods") to The Standard Register Company (the "Debtor") in the ordinary course of MACtac's business with the Debtor.

---

[1]      The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2]      All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

The Goods were delivered to and received by the Debtors during the reclamation period prescribed by 11 U.S.C. §546(c) and have a value of not less than $315,861.86. Accordingly, on March 30, 2015, MACtac filed its Notice of Reclamation Demand relating to the Goods, but none of the Goods were actually reclaimed by MACtac. MACtac's timely filed proof of claim pursuant to §503(b)(9) of the Bankruptcy Code totals approximately $310,163.36. As part of the Taylor Sale, Taylor is obligated to pay MACtac's §503(b)(9) claim *(see* Disclosure Statement at §3.7 and §4.2.3.2), however MACtac has not yet received any payment on its §503(b)(9) claim.

4.        MACtac received a Class 4 ballot in the amount of $4,135.65. MACtac voted to reject the Plan (and opted out of the release provisions in §7.4 of the Plan) and, consequently, MACtac has standing to file this limited objection to the Plan.

## The Disclosure Statement Contains a Typographical Error

5.        The Disclosure Statement in support of the Plan contains a typographical error on page 21 at §4.3.2.1: the second line of said section refers to "Class III", however the correct reference there should be to Class IV, because Class IV is the class of general unsecured creditors.

## The Plan Adversely Impacts Potential § 502(h) Claims

6.        As currently written, the Plan adversely affects creditors' potential § 502(h) claims. For example, the Plan Injunction in §7.2 appears to enjoin §502(h) claims against the Estates, even though §3.2.2 of the Plan states that the Debtors reserve the right to pursue any Causes of Action vested in them. In other words, §3.2.2 of the Plan permits the Debtors to sue preference defendants, but §7.2 of the Plan prohibits preference defendants from asserting §502(h) claims.

PAC 1208057v.2

7.      Section 3.2.2 of the Plan provides that the GUC Trustee also reserves the right to pursue any Causes of Action vested in the GUC Trust, however the GUC Trust does not make any provision for § 502(h) claims.

8.      Although §3.2.3 of the Plan provides that Holders of Allowed Claims in Class IV will receive a beneficial interest in the GUC trust in respect of that Holder's Pro Rata Share, §3.2.3 of the Plan is silent on whether §502(h) claims will be considered in the computation of a creditor's beneficial interest in the GUC.

9.      In light of the foregoing, MACtac objects to confirmation of the Plan and requests that the Plan be revised and/or language inserted in the confirmation order as follows:

> Notwithstanding anything to the contrary in 11 U.S.C. §1141(d) or the Plan Documents (defined as the Disclosure Statement, the Plan, this Order or any document executed or delivered pursuant to or relative to the Disclosure Statement, the Plan or this Order including, without limitation any Plan Supplement, Exhibit, the GUC Trust Agreement or any other Trust Agreement, or any amendment to any of them), nothing shall impair: (i) any general unsecured creditor's allowed claim under 11 U.S.C. §502(h), or (ii) the ability of a holder of an allowed §502(h) claim to become a beneficiary of the GUC (or of any other trust of which said creditor is entitled to be or become a beneficiary) in respect of said §502(h) claim.  If any creditor has a claim arising under 11 U.S.C. §502(h) then, to the extent that such claim is allowed, the creditor shall be entitled to share as a beneficiary of the GUC Trust (and as a beneficiary of any other trust of which said creditor is entitled to be or become a beneficiary) and all appropriate entries shall be made on the official register(s) maintained by the GUC Trustee and/or any other trustee to reflect such beneficial interest in respect of the §502(h) claim of such creditor.

**The Plan Needs to Expressly Preserve MACtac's Rights to
Assert all Claims, Rights, Defenses and Remedies**

10.      MACtac filed a limited Objection [Docket No. 567] to the Debtors' Sale to Taylor and, consequently, Paragraph 16 of the Order Authorizing the Sale to Taylor states:

> Notwithstanding anything contained herein, nothing in this Order or in the APA shall be deemed to constitute a release, impairment, modification, or a transfer or any assets free and clear of the defenses, recoupment rights, or setoff rights of Morgan Adhesives Company, LLC d/b/a/ MACtac [and other objecting parties] or to prevent the foregoing parties from asserting or exercising such defenses or rights, however characterized against any party; nor shall anything herein preclude the Buyers from asserting or exercising any defenses, recoupment rights, or setoff rights that constitute Transferred Assets with respect to any claim that is an Assumed Liability pursuant to Sections 2.3(a)(iii) or 2.3(a)(iv) of the APA, including, for the avoidance of doubt, with respect to claims asserted by any of the parties identified in this paragraph.

Sale Order, at paragraph 16; material in brackets added.

11.     To date, neither the Debtors nor Taylor has asserted a claim against MACtac, leaving a question as to whether it is the Debtors, or Taylor, that actually has the right to assert a claim against MACtac.  To the extent that claims of the Debtors can be brought against MACtac, MACtac's claims, rights and/or defenses (including any rights of setoff or recoupment) need to be expressly preserved.

12.     Despite the language of the Sale Order which expressly preserves MACtac's claims, rights and/or defenses (including any rights of setoff and/or recoupment), nothing in the Plan expressly preserves MACtac's said claims, rights and/or defenses.  At the same time, however, the Plan expressly preserves the *Debtors'* rights to assert all rights, defenses and remedies.  *See, e.g.,* Plan at §1.2.

13.     There is no legal basis for the Plan to expunge, modify, or otherwise alter MACtac's preserved claims, rights and/or defenses (including, without limitation, rights of setoff and/or recoupment) with respect to any claim brought against MACtac on behalf of the Debtors, the GUC Trust, the Secured Creditor Trust, or any other party.  MACtac objects to confirmation

of the Plan to the extent that it may seek to abrogate or modify MACtac's foregoing claims, rights and/or defenses.

14.    MACtac reserves the right to supplement and/or amend this objection, to join in objections filed by others, and to raise objections at the hearing.

WHEREFORE, MACtac respectfully requests that the Court sustain its objections ad enter an Order that modifies the Plan so as to satisfy MACtac's objections.  MACtac also prays for all other just and proper relief.

Dated:  November 2, 2015          **POTTER ANDERSON & CORROON LLP**
        Wilmington, Delaware


                                  */s/ Etta R. Mayers*
                                  Jeremy W. Ryan (DE Bar No. 4057)
                                  Etta R. Mayers (DE Bar No. 4164)
                                  1313 North Market Street, Sixth Floor
                                  P.O. Box 951
                                  Wilmington, DE  19899-0951
                                  Telephone:  (302) 984-6000
                                  Facsimile:  (302) 658-1192

                                  -and-

                                  **HOWARD & HOWARD ATTORNEYS PLLC**
                                  Lisa S. Gretchko (P29881)
                                  450 West Fourth Street
                                  Royal Oak, Michigan   48067
                                  Phone:  (248) 723-0396
                                  Facsimile (248) 645-1568

                                  *Counsel to Morgan Adhesives Company, LLC d/b/a
                                  MACtac*

5