**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| THE STANDARD REGISTER | § | Case No. 15-10541-BLS |
| COMPANY, *et al.*,[1] | § | |
| | § | (Jointly Administered) |
| Debtors | § | |

## TEXAS COMPTROLLER OF PUBLIC ACCOUNTS OBJECTION TO CONFIRMATION OF THE DEBTORS' FIRST AMENDED PLAN OF LIQUIDATION

The Comptroller of Public Accounts of the State of Texas ("Texas Comptroller"), through the Texas Attorney General's Office, objects to confirmation of the Debtors' First Amended Plan of Liquidation (the "Plan").

### The Texas Comptroller's Claims

**A.  Franchise Tax Claim for Report Year 2015.**

1.      The Debtors' timely filed and paid an extension payment for their Report Year 2015 franchise tax return. The due date of the return was August 17, 2015.

2.      The Debtors' have not filed the required franchise tax return, which is past due.

3.      The Texas Comptroller has filed a claim for this tax in the amount of $1,000, reflecting the extension payment of $290,000, stating the total amount owed is estimated to be $291,000.

---

[1]      The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  The Standard Register Company (5440); Standard Register Holding Company, Standard Register Technologies, Inc., Standard Register International, Inc., iMedConsent, LLC, Standard Register or Puerto Rico Inc., Standard Register Mexico Holding Company, Standard Register Holding, S. de R.L. de C.V., Standard Register de Mexico, S. de R.L. de C.V., Standard Register Servicios, S. de R.L. de C.V., and Standard Register Technologies Canada ULC. The docket in the chapter 11 case of the Standard Register Company, Case No. 15-10541 (BLS) should be consulted for all matters affecting this case.

**B. <u>Administrative Expense Franchise Tax Claim for Additional Tax or Future Franchise Tax Returns.</u>**

4.　　In addition, the Debtors have or will incur "Additional Tax" pursuant to Texas Tax Code § 171.0011 at such time as they no longer become subject to the Texas franchise tax. This will presumably occur no later than the Effective Date of the Plan when all assets of the Debtors are transferred to the Liquidating Trust. The tax return and payment for Additional Tax are due 60 days from the date that the Debtors are no longer subject to the franchise tax. Texas Tax Code § 171.0011(c).

5.　　The Comptroller estimates this liability will be $290,000.

6.　　Taxable entities that are part of an affiliated group engaged in a unitary business, as are these Debtors, are required to file a combined group report on the combined group's business in lieu of individual reports. The combined group is a single taxable entity for Texas franchise tax purposes. Texas Tax Code § 171.1014(a) and (b). Each member of the combined group is jointly and severally liable for the franchise tax of the combined group. Texas Tax Code § 171.1014(i).

**C. <u>Priority Sales Taxes.</u>**

7.　　The Texas Comptroller also has a claim for unpaid sales taxes for the month of February 2015 in the amount of $1,161.30.

**<u>Objections</u>**

**A. <u>Unfiled Tax Returns.</u>**

8.　　28 U.S.C. §§ 959(b) and 960 require the Debtors to comply with applicable state tax laws. 28 U.S.C. § 959(b) provides:

> "…a trustee, receiver or manager appointed in any cause pending in any court of the United States, including a debtor in possession, shall manage and operate the property in his possession as such trustee,

receiver or manager according to the requirements of the valid laws of the State in which such property is situated, in the same manner that the owner or possessor thereof would be bound to do if in possession thereof."

9.   28 U.S.C. § 960(a) provides:

"Any officers and agents conducting any business under authority of a United States court shall be subject to all Federal, State and local taxes applicable to such business to the same extent as if it were conducted by an individual or corporation."

10.     28 U.S.C. § 960(b) requires that post-petition taxes be paid on or before the due date under applicable non-bankruptcy law.

11.     11 U.S.C. § 1112(b)(4)(I) provides that "cause" is established for the dismissal or conversion of a case for the failure to file or pay post-petition tax returns. Section 1112(b)(1) provides that upon proof of "cause," the Court "shall" convert a Chapter 11 case to Chapter 7 and "may" dismiss a case.

12.     The Debtors' have failed to timely file their Report Year 2015 franchise tax return and will have, at a minimum, a final return due for Additional Tax.

13.     The Plan or Confirmation Order need to make clear that there will be full compliance with Texas tax laws, including the timely filing all required returns and timely payment of post-petition returns The Plan should provide mechanisms to ensure this is done.

B.  **Administrative Expense Taxes.**

14.     The Plan should make clear that the entire amount of the Texas Comptroller's post-petition tax debts, including all tax, interest and penalties accrued through the date of payment, will be paid in full in one lump sum when due. 11 U.S.C.A.

503(b)(1)(B),(C) and (D). The payment must be made on or before the Effective Date of the Plan.

15.     Further, the Plan needs to make clear that the Texas Comptroller shall not be required to make any request for payment of a post-petition tax in order for post-petition taxes to be paid (11 U.S.C § 503(b)(1)(D)).  Post-petition tax returns shall be filed and paid in full, including tax, penalty and interest, in the ordinary course of business when due, and the Comptroller should be free to immediately pursue all remedies in the event of a failure to comply with this responsibility.

**C.    Payment of Priority Tax Claims.**

16.     The Plan allows as one option for paying priority tax claims over a five year period from the Petition Date. The Bankruptcy Code does provide this alternative, but in this case, which is purely a liquidation case, such a provision does not make sense and is not proposed in good faith. These claims should be paid in full as soon as possible early in the process so that unnecessary interest charges are not accumulated by time passing during the operation of the Plan. Further, the Debtors cannot establish the feasibility of payment of priority tax claims over a five year period. The likelihood of nonpayment increases with the passage of time, as the assets to pay priority tax claims are available to the Debtors at the Effective Date.

**D.    Interest.**

17.     The Bankruptcy Code specifies that priority tax claims must be paid interest from and after the Effective Date.  11 U.S.C. § 1129(a)(9)(C)(i).  Accordingly, the Plan or confirmation order should make clear that priority tax claims will commence and continue to accrue interest from the Effective Date at the rate prescribed by 11 U.S.C. § 511 until

the claim and all accrued interest are paid in full. . See, <u>Terex Corporation v. Metropolitan Life Insurance Company (In re Terex Corporation),</u> 984 F.2d 170 (6th Cir. 1993); <u>In re Arrow Air,</u> 101 B.R. 332 (S.D. Fla. 1989); <u>In re Collins,</u> 184 B.R. 151 (Bankr. N.D. Fla. 1995).

18.     The entire amount of the Texas Comptroller's post-petition tax debts, including all tax, interest and penalties accrued through the date of payment, must be paid in full in one lump sum on or before the Effective Date. 11 U.S.C.A. 503(b)(1)(B),(C) and (D).

19.     Further, the Plan should clearly require the full tax and interest amounts of the claims, plus accruing interest, to be held in the Disputed Claims Reserve to be established pursuant to the Plan.

**E.   <u>Setoff Rights in Favor of the Liquidating Trustee.</u>**

20.     Paragraph 1.2 of the Plan provides broadly that the Liquidating Trustee may setoff any "claims of any nature whatsoever" that the Debtors or Estates may have against any "Claim." Obviously, as applied to taxing authorities, such a provision would render any voluntary reporting tax system, like the current system, unworkable. If any taxpayer could just say "I have a right of setoff" and refuse to pay taxes, the efficient and effective collection of taxes would become impossible.

21.     For these reasons, Texas state law specifically provides that taxpayers do not have any rights of setoff against the State. Texas Civil Practice and Remedies Code § 101.055(1). A refund claim is the exclusive method to obtain a refund of taxes. *Serna v. H.E. Butt Grocery Co.,* 21 S.W.3d 330, 335-336 (Tex.App.-San Antonio 1999).

**F.  <u>Setoff Rights of the Texas Comptroller.</u>**

22.    Paragraph 7.2 of the Plan, as well as potentially other Plan provisions, potentially limit the Comptroller's rights of setoff.

23.    Section 553 does not create set off rights in favor of a creditor but it does preserve those setoff rights that otherwise exist under applicable non-bankruptcy law. <u>Citizen's Bank of Maryland v. Strumpf</u>, 516 U.S. 16, 20, 116 S.Ct. 286, 289, 133 L.Ed. 2d 258, 263 (1995). Those rights of setoff – their specific requirements, applicable doctrines and all aspects of the nature of a particular right of setoff, including the waiver of such a right – is determined by non-bankruptcy law.

24.    Pursuant to 11 U.S.C. § 553, setoff rights survive bankruptcy and are not affected by other sections of the Bankruptcy Code, including § 1141.  <u>IRS v. Luongo (In re Luongo)</u>, 259 F.3d 323 (5th Cir. 2001);  <u>Carolco Television, Inc. v. National Broadcasting Co. (In re De Laurentis Entertainment Group, Inc.)</u>, 963 F.2d 1269, 1276-78 (9th Cir. 1992), cert. denied, 506 U.S. 918, 113 S. Ct. 330, 121 L.Ed.2d 249 (1992); <u>Davidovich v. Welton (In re Davidovich)</u>, 901 F.2d 1533, 1537 (10th Cir. 1990); <u>Pettibone Corp. v. United States (In re Pettibone Corp.)</u>, 151 B.R. 960, 964 (N.D. Ill. 1993);  <u>Womack v. United States (In re Womack)</u>, 188 B.R. 259 (Bankr. E.D. Ark. 1995).  The Third Circuit has emphasized the importance of raising this issue prior to confirmation in order to avoid an adverse or unintended consequence.  <u>United States of America v. Continental Airlines (In re Continental Airlines)</u>, 134 F.3d 536 (3d Cir. 1998), cert. denied, 525 U.S. 929, 119 S.Ct. 336, 142 L.Ed.2d 277 (1998).  See, <u>In re Alta+Cast, LLC</u>, 2004 WL 484881 (Bankr. D. Del. 2004).

25.     Paragraph 7.2 of the Plan purports to eliminate any setoff rights of creditors that are not "asserted in writing prior to the Confirmation Date." The Plan cannot, and should not, be used to add requirements that do not exist outside of bankruptcy law in determining the right of setoff.

26.     To the extent necessary, however, the Texas Comptroller hereby gives notice of its rights of setoff and asserts all such rights against the Debtors and the Plan entities.

27.     Any provisions of the Plan that impair setoff rights of the Texas Comptroller do not comply with the provisions of § 553, and cannot be confirmed, pursuant to 11 U.S.C. § 1129(a)(1).

**G.  No Discharge.**

28.     Article 7 is filled with expansive releases and injunctions.

29.     This is a liquidating plan. These broad Plan provisions, which in essence, grant the equivalent of a discharge violate 11 U.S.C. § 1141(d)(3). This Liquidating Plan cannot be used to discharge debts.

**H.  Broad and Expansive Releases and Injunctions.**

30.     The Plan also cannot expand this "injunction" or discharge to non-debtor third parties. This is contrary to the discharge limitations set forth in 11 U.S.C. § 524(e). *In re Applewood Chair Co.*, 203 F.3d 914 (5th Cir. 2000); *Feld v Zale Corp. (In re Zale Corp.)*, 62 F.3d 746 (5th Cir. 1995).

31.     Furthermore, specific federal law prohibits such provisions in the context of state tax claims. Under the Tax Injunction Act, 28 U.S. C. § 1341:

> The District Courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a

plain, speedy and efficient remedy may be had in the courts of such
State.

32.    An attempt to prevent the Texas Comptroller from pursuing a non-debtor is
in violation of the Tax Injunction Act. *McCrory Corp. v. Texas Comptroller of Public
Accounts*, 212 B.R. 229, 231 S.D.N.Y. 1997). See, also, the following cases construing the
similarly worded federal statute, the Tax Anti-Injunction Act, 26 U.S.C. § 7421(a). *In re:
LaSalle Rolling Mills, Inc.*, 832 F.2d 390 (7th Cir. 1987); *In re: American Bicycle
Association*, 895 F.2d 1277 (9th Cir. 1990); *In re: Heritage Village Church and Missionary
Fellowship, Inc.*, 851 F.2d 104 (4th Cir. 1988); *A to Z Welding & Mfg. Co. v. I.R.S.*, 803
F.2d 932 (8th Cir. 1986).

33.    The Bankruptcy Code does not confer jurisdiction to enjoin taxing
authorities from pursuing non-debtor parties. *United States v. Prescription Home Health
Care, Inc. (In re Prescription Home Health Care, Inc.)*, 316 F.3d 542 (5th Cir. 2002).

34.    To the extent the Debtors desire a specific communication, the Texas
Comptroller hereby gives its notice that it does not consent and does not release any claims
it may have against any third party non-debtors.

**I.   Claim Objection Deadline.**

35.    The Plan allows 365 days from the Effective Date to object to claims. This
is an unreasonably long period of time, especially for claims that accrue post-Effective
Date interest. The Plan should deal promptly with any such claims, and well before 365
days.

**J.   Estimation of Claims.**

36.    The Plan contains estimation language far in excess of the statutory
authority provided under the Bankruptcy Code.   See, Article VII, D.   The Texas

Comptroller objects to the Plan's attempt to re-write the law of estimation. The Plan cannot provide rights not conferred by 11 U.S.C. § 502(c) and applicable case law and rules. For example, the Plan allows estimation even after there has been a final ruling on a claim objection. The Plan also purports to equate an "estimated" amount of a claim as the "maximum limitation" for "all purposes" including for "distributions." This creates the possibility that the full amount of a claim will not be paid. This is blatant discrimination against claimants based solely on the fact that their claim might be disputed. Further, this scheme is contrary to the requirement of 11 U.S.C. § 1129(a)(9)(C) that priority tax claims be paid in full. Further, the Bankruptcy Code does not allow estimation of any and all claims but only those that are contingent or unliquidated and would "unduly delay the administration of the case." 11 U.S.C. § 502(c). Finally, the "no recourse" provision is broader than and contrary to the discharge provisions contained in the Bankruptcy Code. The Texas Comptroller is entitled to recover the full amount it is owed after receiving full due process rights.

**K. Default Remedies.**

37.    The Plan has no remedies for default. The following language has been used in numerous Chapter 11 bankruptcies as an acceptable compromise to this objection:

> A failure to file a tax return or to make a payment to a tax creditor pursuant to the terms of the Plan shall be an Event of Default. If an Event of Default is not cured within ten (10) days after the sending a written notice of default from a tax creditor, then a tax creditor may (a) enforce the entire amount of its claim, (b) exercise any and all rights and remedies under applicable non-bankruptcy law, and (c) seek such relief as may be appropriate in this court.

Language similar to the above should be added to the Plan or confirmation order to clarify tax creditors' default remedies pursuant to 11 U.S.C. § 1123(a)(5)(g), which requires that a

plan provide adequate means for the plan's implementation, such as "curing or waiving any default."

        WHEREFORE, the Texas Comptroller respectfully requests that the Court deny confirmation and to provide such other and further relief to which the Comptroller may be entitled.

        Respectfully submitted,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

RONALD R. DEL VENTO
Assistant Attorney General
Chief, Bankruptcy & Collections Division

*/s/ Jay W. Hurst*
JAY W. HURST
Assistant Attorney General
State Bar No. 10315620
Bankruptcy & Collections Division MC 008
P. O. Box 12548
Austin, TX 78711-2548
Telephone:  (512) 475-4861
Facsimile:  (512) 936-1409

ATTORNEYS FOR THE TEXAS
COMPTROLLER OF PUBLIC ACCOUNTS

## CERTIFICATE OF SERVICE

I certify that on November 2, 2015, a true copy of the foregoing was served by the method and to the following parties as indicated:

By First Class Mail:

The Standard Register Company
600 Albany Street
Dayton, OH 45417

Gibson, Dunn &Crutcher, LLP
200 Park Avenue
New York, New York 10166 0193
Attn: Michael A. Rosenthal

Young Conaway Stargatt & Taylor, LLP
1000 N King Street, Rodney Square
Wilmington, Delaware 19801
Attn:  Michael R. Nestor

Office of the United States Trustee
J. Caleb Boggs Federal Bldg
844 N. King Street, Suite 2207
Lockbox 35
Wilmington, DE 19801
Attn:  Mark Kenney, Esq.

Skadden, Arps, Slate,
Meagher & Flom, LLP,
Four 155 N. Wacker Drive
Chicago, Illinois 60606 1720
Attn:  Ron E. Meisler
Christopher M. Dressel

Lowenstein Sandler LLP
65 Livingston Avenue,
Roseland, New Jersey 07068
Attn:  Sharon L. Leine

Polsinelli PC
222 Delaware Avenue, Ste. 1101
Wilmington, DE 19801
Attn:  Christopher A. Ward

By Electronic Means as listed on the Court's ECF Noticing System:

- Daniel K. Astin    dastin@ciardilaw.com, jmcmahon@ciardilaw.com
- Matthew P. Austria    maustria@werbsullivan.com
- Duncan E. Barber    deb@bsblawyers.com, mal@bsblawyers.com
- Joseph Charles Barsalona II    barsalona@rlf.com, rbgroup@rlf.com;ann-jerominski-2390@ecf.pacerpro.com
- Andrew D. Behlmann    aBehlmann@lowenstein.com
- Gerald C. Bender    gbender@lowenstein.com, eworenklein@lowenstein.com
- Scott E. Blakeley    seb@blakeleyllp.com, ecf@blakeleyllp.com
- Phillip Bohl    phillip.bohl@gpmlaw.com
- Erin K. Brignola    smattia@cooperlevenson.com, bclerk@cooperlevenson.com
- Shawn M. Christianson    schristianson@buchalter.com, cmcintire@buchalter.com
- Andrew L. Cole    andrew.cole@leclairryan.com
- Kevin G. Collins    kevin.collins@btlaw.com, pgroff@btlaw.com
- Mark D. Collins    rbgroup@rlf.com
- Mark B. Conlan    mconlan@gibbonslaw.com
- Robert L. Cook    Robert.Cook@tax.ny.gov
- Joseph Corrigan    Bankruptcy2@ironmountain.com
- Scott D. Cousins    scousins@bayardlaw.com, lmorton@bayardlaw.com;tstoner@bayardlaw.com
- Gretchen A. Crawford    grecra@oklahomacounty.org, tammik@oklahomacounty.org
- Teresa K.D. Currier    tcurrier@saul.com, tercurrier@aol.com;tbuck@saul.com
- John M. Debbeler    mdebbeler@graydon.com
- Shannon L. Deeby    sdeeby@clarkhill.com
- John D. Demmy    jdd@stevenslee.com
- Mark L. Desgrosseilliers    mdesgrosseilliers@wcsr.com, klytle@wcsr.com;hsasso@wcsr.com;jwray@wcsr.com
- John P. Dillman    houston_bankruptcy@publicans.com
- Amish R. Doshi    adoshi@magnozzikye.com
- Marjorie P. Duffy    mpduffy@jonesday.com
- Justin K. Edelson    jedelson@polsinelli.com, LSuprum@Polsinelli.com;delawaredocketing@polsinelli.com
- Jamie Lynne Edmonson    jledmonson@venable.com
- Justin Cory Falgowski    jfalgowski@reedsmith.com, jfalgowski@reedsmith.com
- Brett D. Fallon    bfallon@morrisjames.com, wweller@morrisjames.com;jdawson@morrisjames.com
- Jeffrey R. Fine    jfine@dykema.com, jrf5825@gmail.com,msikes@dykema.com,scompton@dykema.com
- GianClaudio Finizio    gfinizio@bayardlaw.com, bankserve@bayardlaw.com;sbreckenridge@bayardlaw.com;lmorton@bayardlaw.com;tstoner@bayardlaw.com
- Thomas M. Gaa    tgaa@bbslaw.com, yessenia@bbslaw.com

- Lee B. Gordon     sonya.ragsdale@mvbalaw.com,
  vickie.covington@mvbalaw.com
- Robert E. Greenberg     rgreenberg@dclawfirm.com,
  tmurphy@dclawfirm.com;vcoleman@dclawfirm.com
- Kara Hammond Coyle     bankfilings@ycst.com
- Andrew A. Harnisch     andy@mhlawaz.com
- Matthew B. Harvey     mharvey@mnat.com,
  aconway@mnat.com;rfusco@mnat.com;mdecarli@mnat.com
- William A. Hazeltine     Bankruptcy001@sha-llc.com
- Robert A. Heekin     rah@tmhlaw.net, pdc@tmhlaw.net
- R. Karl Hill     khill@svglaw.com, cday@svglaw.com
- Jarret P. Hitchings     jphitchings@duanemorris.com,
  slenkiewicz@duanemorris.com;AutoDocketWILM@duanemorris.com
- James E. Huggett     jhuggett@margolisedelstein.com,
  nvangorder@margolisedelstein.com
- Daniel Iannotti     dan@thegeneralcounsel.com
- Paula K. Jacobi     pjacobi@btlaw.com,
  jsantana@btlaw.com;jbennett@btlaw.com
- Michael David Jankowski     mjankowski@reinhartlaw.com
- Wojciech F. Jung     wjung@lowenstein.com,
  bnathan@lowenstein.com;klafiura@lowenstein.com;nbrown@lowenstein.com;jpr
  ol@lowenstein.com;ADeLeo@lowenstein.com;nvislocky@lowenstein.com
- Elizabeth Soper Justison     bankfilings@ycst.com
- Maris J. Kandestin     bankfilings@ycst.com
- Shanti M. Katona     skatona@polsinelli.com,
  LSuprum@Polsinelli.com;delawaredocketing@polsinelli.com
- Susan E. Kaufman     skaufman@skaufmanlaw.com
- Benjamin W. Keenan     bkeenan@ashby-geddes.com, bkeenan@ashby-
  geddes.com
- Mark S. Kenney     mark.kenney@usdoj.gov
- Julia Bettina Klein     klein@teamrosner.com
- Edward Kosmowski     ekosmowski@clarkhill.com, sambrose@clarkhill.com
- John F. Kostelnik     jkostelnik@frantzward.com, dlbeatrice@frantzward.com
- Carl N. Kunz     ckunz@morrisjames.com,
  wweller@morrisjames.com;jdawson@morrisjames.com
- John J Lamoureux     jlamoureux@cfjblaw.com,
  delliott@cfjblaw.com;tpaecf@cfdom.net
- Kenneth Thomas Law     klaw@bbslaw.com, pcostello@bbslaw.com
- Joseph H Lemkin     jlemkin@stark-stark.com
- Scott J. Leonhardt     leonhardt@teamrosner.com
- Sharon L. Levine     slevine@lowenstein.com
- Jason M. Liberi     jason.liberi@skadden.com,
  christopher.heaney@skadden.com;debank@skadden.com;wendy.lamanna@skadd
  en.com
- Edward LoBello     elobello@msek.com
- Andrew L Magaziner     bankfilings@ycst.com

- Kevin Scott Mann    kmann@crosslaw.com, smacdonald@crosslaw.com
- David M. Mannion    dmannion@blakeleyllp.com, ecf@blakeleyllp.com
- Wendy G. Marcari    wmarcari@ebglaw.com, nyma@ebglaw.com
- Laura L. McCloud    agbankdelaware@ag.tn.gov
- Michael F. McGrath    mfmcgrath@ravichmeyer.com, tljones@ravichmeyer.com
- John D. McLaughlin    jmclaughlin@ciardilaw.com, mflores@ciardilaw.com
- John D. McLaughlin    jmclaughlin@ciardilaw.com, mflores@ciardilaw.com
- Joseph J. McMahon    jmcmahon@ciardilaw.com, mflores@ciardilaw.com
- Michelle McMahon    michelle.mcmahon@bryancave.com, dortiz@bryancave.com
- Ron E. Meisler    Ron.Meisler@skadden.com, chdocket@skadden.com
- Kathleen M. Miller    kmiller@skjlaw.com, eys@skjlaw.com
- Nicholas M. Miller    nmiller@ngelaw.com, ecfdocket@ngelaw.com;cdennis@ngelaw.com
- Robert John Miller    rjmiller@bryancave.com
- Stephen M. Miller    smiller@morrisjames.com, wweller@morrisjames.com;jdawson@morrisjames.com
- Brian D. Milligan    bmilligan@dmhlaw.net
- Hilary B. Mohr    hmohr@riddellwilliams.com, vmagda@riddellwilliams.com
- Carol E. Momjian    cmomjian@attorneygeneral.gov
- Sheryl L. Moreau    deecf@dor.mo.gov
- Courtney L. Morgan    morgan.courtney@pbgc.gov, efile@pbgc.gov
- Kevin H Morse    khmorse@arnstein.com
- Ramona S. Neal    ramona.neal@hp.com
- Michael R. Nestor    bankfilings@ycst.com
- Samuel A. Newman    snewman@gibsondunn.com, jstern@gibsondunn.com
- Jerry Lee Niemann    lawoffice@taftstreet.com
- Steven Phillip Ordaz    sordaz@bmcgroup.com, ecfbk@bmcgroup.com
- Ricardo Palacio    rpalacio@ashby-geddes.com
- Morgan L. Patterson    mpatterson@wcsr.com, hsasso@wcsr.com;jwray@wcsr.com
- Sarah E. Pierce    sarah.pierce@skadden.com, debank@skadden.com;christopher.heaney@skadden.com;wendy.lamanna@skadden.com
- Jason Custer Powell    jpowell@ferryjoseph.com
- David M. Powlen    dpowlen@btlaw.com, pgroff@btlaw.com
- Mark Harrington Ralston    mralston@fishmanjackson.com, mhr.pacer@gmail.com
- Patrick J. Reilley    preilley@coleschotz.com, bankruptcy@coleschotz.com;pratkowiak@coleschotz.com;kkarstetter@coleschotz.com;jwhitworth@coleschotz.com
- Alan Michael Root    root@blankrome.com, moody@ecf.inforuptcy.com
- Kenneth A. Rosen    krosen@lowenstein.com, kwaldron@lowenstein.com
- Frederick B. Rosner    rosner@teamrosner.com
- Rust Consulting/Omni Bankruptcy    bosborne@omnimgt.com

- Jeremy William Ryan     jryan@potteranderson.com,
  bankruptcy@potteranderson.com
- Bradford J. Sandler     bsandler@pszjlaw.com
- Patrick Scanlon     pjs@delcollections.com
- George Scherer     Scherer@txschoollaw.com
- Richard Schlaifer     rschlaifer@earpcohn.com, vbromley@earpcohn.com
- Tyler D. Semmelman     semmelman@rlf.com, rbgroup@rlf.com
- Tyler D. Semmelman     semmelman@rlf.com, rbgroup@rlf.com
- Michelle E. Shriro     mshriro@singerlevick.com,
  croote@singerlevick.com,scotton@singerlevick.com
- Sundeep S. Sidhu     sunny.sidhu@akerman.com, cindy.miller@akerman.com
- Christopher Page Simon     csimon@crosslaw.com, smacdonald@crosslaw.com
- Ellen W. Slights     usade.ecfbankruptcy@usdoj.gov
- Jeffrey Ira Snyder     jsnyder@bilzin.com,
  eservice@bilzin.com;lflores@bilzin.com
- Robyn B. Sokol     rsokol@ebg-law.com, nfields@ebg-law.com
- Natasha M. Songonuga     nsongonuga@gibbonslaw.com
- Stephen W. Spence     ss@pgslaw.com, saa@pgslaw.com
- Benjamin Joseph Steele     ecf@primeclerk.com
- Nicola G. Suglia     fleischercases@fleischerlaw.com
- William D. Sullivan     wdsecfnotices@sha-llc.com
- Benjamin Swartzendruber     bswartzendruber@arapahoegov.com
- Peter M Sweeney     psweeney@blakeleyllp.com, ecf@blakeleyllp.com
- William F. Taylor     bankruptcydel@mccarter.com,
  bankruptcydel@mccarter.com
- United States Trustee     USTPREGION03.WL.ECF@USDOJ.GOV
- Christopher A. Ward     cward@polsinelli.com,
  LSuprum@Polsinelli.com;delawaredocketing@polsinelli.com
- Michael D Warner     mwarner@coleschotz.com, klabrada@coleschotz.com
- Jeffrey R. Waxman     jwaxman@morrisjames.com,
  wweller@morrisjames.com;jdawson@morrisjames.com
- Helen Elizabeth Weller     dallas.bankruptcy@publicans.com,
  evelyn.palmer@lgbs.com
- Etta Ren Wolfe     ewolfe@potteranderson.com, bankruptcy@potteranderson.com
- Barbara L. Yong     blyong@golanchristie.com

*/s/ Jay W. Hurst*
JAY W. HURST