UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | CASE NO. 15—10541 (BLS) |
| SRC LIQUIDATION COMPANY, et al., | Chapter 11<br>Jointly Administered |
| Debtors. | Hearing: November 19, 2015 at 9:30 a.m. ET |

**<u>Local Texas Tax Authorities' Objection to Confirmation of First Amended Chapter 11 Plan of Liquidation for SRC Liquidation Company and Its Affiliates</u>**

TO THE HONORABLE COURT:

NOW COME City of Carrollton, Cypress-Fairbanks ISD, Dallas County, Harris County, Tarrant County and Washington County (jointly the "Local Texas Tax Authorities" or "Tax Authorities"), and file their Objection to confirmation of the proposed Plan of Liquidation. In support of their Objection, the Local Texas Tax Authorities would show the Court as follows:

I.

The Local Texas Tax Authorities are political subdivisions of the State of Texas, authorized to assess and collect taxes. The Tax Authorities have filed claims for property taxes owed for the 2015 tax year on the Debtors' business personal property. These property taxes were duly assessed in accordance with the laws of the State and constitute valid, liquidated secured claims against the Debtors' property entitled to priority over other secured claims under 11 U.S.C.A. § 506. The pre-petition claims of the Tax Authorities total approximately $39,000[1].

---

[1] The pre-petition amount is as of the petition date and does not include interest to which the Tax Authorities are entitled pursuant to 11 U.S.C. § 506(b) as oversecured creditors. The tax claims contain estimated amounts; the actual amount of the 2015 taxes is currently being determined pursuant to applicable State law, and amended claims will be filed as the actual amounts become available.

The Tax Authorities' claims are for ad valorem taxes assessed against the Debtors on January 1, 2015, pursuant to Texas Property Tax Code §§. 32.01 and 32.07. These taxes are secured by first priority liens on the personal property of the Debtors pursuant to Tex. Prop. Tax Code §§ 32.01 and 32.05. The Tax Authorities' liens take priority over the claim of any holder of a lien on property encumbered by the tax lien, whether or not the debt or lien existed before the attachment of the tax lien. See Texas Property Tax Code §32.05 (b); See also Central Appraisal District of Taylor County v. Dixie-Rose Jewels, Inc., 894 S.W. 2d 841 (Tex. App. 1995) (bank's foreclosure of its purchase money lien on personal property did not defeat or destroy the taxing unit's statutory tax lien). The tax lien arises on January 1 of each tax year and "floats" to after acquired property. See City of Dallas v. Cornerstone Bank, 879 S.W. 2d 264 (Tex. App. - Dallas 1994). The tax lien is a lien *in solido* and is a lien on all personal property of the Debtor. See In re Universal Seismic, 288 F.3d 205 (5th Cir. 2002). The tax lien is also unavoidable. See In re: Winns, 177 B.R. 253 (Bankr. W.D. Tex. 1995). These tax claims are entitled to priority as secured claims, senior to other secured claims, according to the Bankruptcy Code, 11 U.S.C. §506. Stanford v. Butler, 826 F.2d 353 (5th Cir. 1987).

II.

It appears from the proposed Plan that the Debtors intend to treat the Tax Authorities' claims as Class I Other Secured Claims. This class is allegedly unimpaired. However, in fact, the Tax Authorities' are impaired by the Plan, and therefore they object to their treatment.

The proposed Plan fails to properly provide for the payment of interest on the Tax Authorities' claims as required by 11 U.S.C. §§506(b), and 1129(b)(2)(A)(i)(II). While the Plan provides in Section 1.3 that interest under 11 U.S.C. § 506 may be allowed "as expressly required", that Plan section also specifically provides that no other interest is allowed, thus wholly failing to provide for the payment of post-Effective Date interest as required under § 1129. "Unimpaired"

2

oversecured claimants are entitled to interest under §§ 1129 and 506(b) at their statutory rate, which in the case of the Local Texas Tax Authorities is 12% per annum.  11 U.S.C. § 511; Texas Property Tax Code § 33.01(c); see also U. S. v. Graham, 59 Fed. Appx.660  (6th Cir. 2003).

As § 506(b) expressly provides there "shall be allowed to the holder of such [oversecured] claim" interest from the Petition Date through the Effective Date, interest for this period is "expressly required." See In re Ron Pair Enterprises, Inc., 489 U.S. 235 (1989);  Rake v. Wade, 508 U.S. 464, 468 (1993); In re T-H New Orleans Limited Partnership, 116 F.3d 790, 796-797 (5th Cir. 1997).   To deprive an over-secured creditor of this right to interest, "the party who contends that there is a dispute as to whether a creditor is entitled to interest under § 506(b) must motion the bankruptcy court to make such a determination.  The creditor though bears the ultimate burden to prove . . . that its claim was oversecured . . . ."  T-H New Orleans, 116 F.3d at 798.

The payment of interest from and after the Effective Date on pre-petition secured claims is mandated by § 1129 to protect the present value of secured claims.  This Plan does not preserve the "present value as of the effective date" contemplated by Congress and required by the Bankruptcy Code.  Absent the requirement that the Debtors pay interest on these claims, there is no incentive for them to file and resolve claim objections in a timely manner.  In a case of this size, it is not unlikely that objections could be filed only days before the Claim Objection Deadline (which is a full year after the Effective Date) and a hearing put off for many months.  Or, even more likely, the Claim Objection Deadline will be extended.  The Debtors or liquidating trustee will have no incentive to rapidly resolve claim objection issues if they have interest-free use of the creditors' funds.  The Plan should not be confirmed unless and until it is amended to clearly provide for payment of interest on the allowed amount of the Tax Authorities' pre-petition secured claims from the Effective Date through the date of payment.

III.

The personal property that was the collateral for the Tax Authorities' claims was sold and the tax liens transferred to the sale proceeds. The Plan fails to specifically provide that the Tax Authorities' liens remain attached to their cash collateral. Section 2.3.4 of the Plan provides that on the Effective Date all assets not transferred to the GUC Trust or the Secured Creditor Trust shall vest "free and clear of all Claims, Equity Interests, liens, charges or other encumbrances . . . ." It appears that Section 2.3.7 provides for the proceeds from the sale of the Tax Authorities' collateral will be transferred to the Secured Creditor Trust, but it is not clear whether the proceeds will remain subject to the Local Texas Tax Authorities' liens.. The Tax Authorities' interest and liens in their cash collateral should not be extinguished on the Effective Date and the funds made generally available for the use of the Debtors or liquidating trustee. Bankruptcy Code section 1129 (b)(2)(A) provides that a plan may not be confirmed unless it provides that secured creditors retain their liens. Futher, the Tax Authorities object to the use of their cash collateral to pay any other creditor or used for any purpose until and unless their tax claims are paid in full.   The Tax Authorities ask that their cash collateral continue to be segregated and accounted for pursuant to 11 U.S.C. § 363(c) (4), subject to their liens..

WHEREFORE, the Local Tax Authorities request the Court to enter an order denying confirmation of the proposed Plan and for such other and further relief to which the Court may find they are entitled.

Dated:  November 2, 2015

                            Respectfully submitted,

                            Linebarger Goggan Blair & Sampson, LLP

                            By:  /s/ Elizabeth Weller
                                Elizabeth Weller
                                Tex.Bar No. 00785514

                            2777 N. Stemmons Fwy., Ste. 1000
                            Dallas, TX 75207
                            (469)221-5075 Phone
                            (469)221-5003 Fax
                            BethW@publicans.com Email

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of November, 2015, I caused a true and exact copy of the foregoing to be served upon all parties to the Court's electronic servicing system and upon the following parties via electronic mail or facsimile as indicated:

Lowenstein Sandler LLP
Sharon Levine at slevine@lowenstein.com

Polsinelli PC
Christopher Ward at cward@polsinelli.com

Skadden, Arps, Slate, Meagher & Flom, LLP
Ron Meisler at ron.meisler@skadden.com
Christopher Dressel at christopher.dressel@skadden.com

Office of the U.S. Trustee
Mark Kenney via facsimile at (302) 573 6497

Young Conway Stargatt & Taylor, LLP
Michael Nestor at mnestor@ycst.com

                            /s/ Elizabeth Weller
                            _____

                            Elizabeth Weller