## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SRC LIQUIDATION COMPANY, *et al.*,[1] | Case No. 15-10541 (BLS) |
| Debtors. | Jointly Administered |
| | Re: Docket No. __1199__ |

### ORDER SUSTAINING DEBTORS' SEVENTH (7TH) OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 3007 AND LOCAL RULE 3007-1

Upon consideration of the *Debtors' Seventh (7th) Omnibus (Substantive) Objection to Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007*-1 (the "Objection")[2] and the Williams Declaration; and this Court having jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and this Court having found that venue of these Chapter 11 Cases and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having determined that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Objection is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and this Court having determined that notice of the Objection was good and sufficient upon the particular circumstances and that no other or further notice need be given; and upon the record herein; and after due deliberation thereon and

---

[1]     The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  SRC Liquidation Company (5440); SR Liquidation Holding Company (3186); SR Liquidation Technologies, Inc. (3180); SR Liquidation International, Inc. (1861); iMLiquidation, LLC (6337); SR Liquidation of Puerto Rico Inc. (0578); SR Liquidation Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and SR Liquidation Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

good and sufficient cause appearing therefor; it is hereby **ORDERED, ADJUDGED, AND DECREED THAT**:

1.      The Objection is SUSTAINED as set forth herein.

2.      The Disputed Claims identified on the attached Exhibit A are hereby disallowed in their entirety.

3.      The Disputed Claims identified on the attached Exhibit B are hereby reclassified in the manner set forth on Exhibit B according to the classification designated in the column titled "Modified Reclassification Status" for the respective Disputed Claims. Pursuant to Local Rule 3007-1(f), nothing in this Order shall be construed to prejudice the rights of the Debtors, or any other party in interest, to object to the Disputed Claims listed on Exhibit B (as reclassified) on any other grounds, including further objection to classification or amount asserted.

4.      The Debtors' objection to each Disputed Claim addressed in the Objection constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed a separate order with respect to each claim. Any stay of this Order pending appeal by any of the claimants subject to this Order shall only apply to the contested matter that involves such claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters covered hereby.

5.      The Debtors' right to commence additional proceedings with respect to the claims that are subject to the Objection, including but not limited to proceedings under sections 502(d), 510, 542, 543, 544, 545, 547, 548, 549, 550, 551, and 553 of the Bankruptcy Code, is also fully reserved and shall not be prejudiced in any way by the filing of the Objection.

6.      The Debtors are authorized and empowered to take all steps necessary and appropriate to carry out and otherwise effectuate the terms, conditions, and provisions of this Order.

7.      This Court shall retain jurisdiction over all affected parties with respect to any matters, claims, or rights arising from or related to the implementation and interpretation of this Order.

Dated: ___11/9___, 2015
      Wilmington, Delaware

Brendan L. Shannon
Chief United States Bankruptcy Judge

01:17859617.1

3