## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SRC LIQUIDATION COMPANY, *et al.*,[1] | Case No. 15-10541 (BLS) |
| Debtors. | Jointly Administered |
| | **Ref. Docket No. 1286** |

## NOTICE OF FILING OF PROPOSED FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING DEBTORS' SECOND AMENDED CHAPTER 11 PLAN OF LIQUIDATION FOR SRC LIQUIDATION COMPANY AND ITS AFFILIATES

PLEASE TAKE NOTICE THAT the above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby submit the proposed *Findings of Fact, Conclusions of Law, and Order Confirming Debtors' Second Amended Chapter 11 Plan of Liquidation for SRC Liquidation Company and Its Affiliates* (the "Proposed Confirmation Order"), which is attached hereto as **Exhibit A**.  The Debtors intend to present a form of order substantially similar to the Proposed Confirmation Order at the hearing scheduled for November 19, 2015 at 9:30 a.m. (ET).

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  SRC Liquidation Company (5440); SR Liquidation Holding Company (3186); SR Liquidation Technologies, Inc. (3180); SR Liquidation International, Inc. (1861); iMLiquidation, LLC (6337); SR Liquidation of Puerto Rico Inc. (0578); SR Liquidation Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and SR Liquidation Technologies Canada ULC (0001).  The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

Dated:    November 11, 2015
          Wilmington, Delaware          */s/ Andrew L. Magaziner*
                                        Michael R. Nestor (No. 3526)
                                        Kara Hammond Coyle (No. 4410)
                                        Andrew L. Magaziner (No. 5426)
                                        YOUNG CONAWAY STARGATT & TAYLOR, LLP
                                        Rodney Square
                                        1000 North King Street
                                        Wilmington, Delaware 19801
                                        Telephone:  (302) 571-6600
                                        Facsimile:  (302) 571-1253
                                        mnestor@ycst.com
                                        kcoyle@ycst.com
                                        amagaziner@ycst.com

                                        -and-

                                        Michael A. Rosenthal (NY No. 4697561)
                                        Jeremy L. Graves (CO No. 45522)
                                        Matthew G. Bouslog (CA No. 280978)
                                        GIBSON, DUNN & CRUTCHER LLP
                                        200 Park Avenue
                                        New York, New York 10166-0193
                                        Telephone:  (212) 351-4000
                                        Facsimile:  (212) 351-4035
                                        mrosenthal@gibsondunn.com
                                        jgraves@gibsondunn.com
                                        mbouslog@gibsondunn.com

                                        *Counsel to the Debtors and*
                                        *Debtors in Possession*

# Exhibit A

**Proposed Confirmation Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| SRC LIQUIDATION COMPANY, *et al.*,[1] | Case No. 15-10541 (BLS) |
| Debtors. | Jointly Administered |
| | **RE: Docket No. 1286** |

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING
DEBTORS' SECOND AMENDED CHAPTER 11 PLAN OF LIQUIDATION
FOR SRC LIQUIDATION COMPANY AND ITS AFFILIATES**

Upon consideration of the *Debtors' Second Amended Chapter 11 Plan of Liquidation for SRC Liquidation Company and its Affiliates*, dated as of November 11, 2015 [Docket No. 1286], a conformed copy of which is attached hereto as Exhibit A (and together with all exhibits thereto and as amended, modified, or supplemented from time to time, the "Plan")[2] filed by SRC Liquidation Company (f/k/a The Standard Register Company) and its affiliated debtors and debtors in possession (each a "Debtor" and collectively the "Debtors"); and the Debtors having filed the *Disclosure Statement for First Amended Chapter 11 Plan of Liquidation for SRC Liquidation Company and its Affiliates* [Docket No. 1087] (including all exhibits thereto and as amended, modified, or supplemented from time to time, the "Disclosure Statement"); and the Court having entered the Solicitation Order [Docket No. 1073] on September 21, 2015, thereby

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  SRC Liquidation Company (5440); SR Liquidation Holding Company (3186); SR Liquidation Technologies, Inc. (3180); SR Liquidation International, Inc. (1861); iMLiquidation, LLC (6337); SR Liquidation of Puerto Rico Inc. (0578); SR Liquidation Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and SR Liquidation Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan or Disclosure Statement.

preliminarily approving the Disclosure Statement and authorizing the Debtors to solicit acceptances of the Plan; and upon the affidavits of service filed reflecting compliance with the notice and solicitation requirements of the Solicitation Order; and upon (a) the *Declaration of Christina Pullo of Prime Clerk LLC Regarding the Solicitation of Votes and Tabulation of Ballots Cast on the First Amended Chapter 11 Plan of Liquidation for SRC Liquidation Company and Its Affiliates* [Docket No. 1271], filed on November 6, 2015 (the "Voting Declaration"), (b) the *Debtors' Memorandum of Law in Support of (i) Approval of the Disclosure Statement and (ii) Confirmation of the Second Amended Chapter 11 Plan of Liquidation for SRC Liquidation Company and its Affiliates* [Docket No. ___] filed on November 11, 2015, (c) the *Omnibus Reply in Support of the Second Amended Chapter 11 Plan of Liquidation for SRC Liquidation Company and its Affiliates* [Docket No. ___] filed on November 11, 2015, and (d) the *Declaration of Landen C. Williams in Support of Confirmation of the Debtors' Second Amended Chapter 11 Plan of Liquidation for SRC Liquidation Company and its Affiliates* [Docket No. ___] filed on November 11, 2015; and all objections to the Plan having been resolved, withdrawn or overruled on the merits; and upon the evidence adduced and proffered and the arguments of counsel made in support of confirmation; and the Court having reviewed all documents in connection with confirmation and having heard all parties desiring to be heard; and upon the record of these Chapter 11 Cases; and after due deliberation and consideration of all of the foregoing; and sufficient cause appearing therefor; it is hereby FOUND AND DETERMINED THAT:[3]

---

[3] The findings of the Court as set forth herein shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, which is applicable to this matter by virtue of Bankruptcy Rule 9014. To the extent any findings of fact constitute conclusions of law, they are adopted as such. To the extent any conclusions of law constitute findings of fact, they are adopted as such.

A.    **Jurisdiction**.  The Court has jurisdiction over the Chapter 11 Cases pursuant to 28 U.S.C. §§ 1334(a) and 157(1) and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.  Venue of these proceedings and the Chapter 11 Cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

B.    **Judicial Notice**.  The Court takes judicial notice of the docket in these Chapter 11 Cases maintained by the clerk of the Court and/or its duly appointed agent, including, without limitation, all pleadings, notices, and other documents filed, all orders entered, and all evidence and arguments made, proffered, or adduced at the hearings held before the Court during the Chapter 11 Cases, including, without limitation, the hearing to consider the Taylor Sale and the hearing to consider confirmation of the Plan (the "Confirmation Hearing").

C.    **Solicitation**.  The Solicitation Packages and the Confirmation Hearing Notice were transmitted and served in compliance with the Solicitation Order and the Bankruptcy Rules, and such transmittal and service was adequate and sufficient.  Adequate and sufficient notice of the Confirmation Hearing and the other dates described in the Solicitation Order was given in compliance with the Bankruptcy Rules and the Solicitation Order, and no other or further notice is or shall be required.  All parties in interest had a full and fair opportunity to appear and be heard at the Confirmation Hearing and no other or further notice is or shall be required.

D.    **Disclosure Statement**.  The Disclosure Statement contains adequate information within the meaning of section 1125 of the Bankruptcy Code.  The Disclosure Statement was included in the Solicitation Packages and properly distributed to Holders in connection with

3

solicitation of their acceptance or rejection of the Plan, in accordance with the provisions of the

Bankruptcy Code.

  E.  **Voting**.  The procedures by which the ballots for acceptance or rejection of the

Plan were distributed and tabulated were fair, properly conducted, and complied with the

Bankruptcy Code, the Bankruptcy Rules, applicable non-bankruptcy law, and the Solicitation

Order.

  F.  **Plan Supplement**.  Prior to the Confirmation Hearing, the Debtors filed the Plan

Supplement [Docket No. ___] (the "<u>Plan Supplement</u>").  The Plan Supplement complies with the

terms of the Plan, and the Filing and notice of the Plan Supplement were appropriate and

complied with the requirements of the Bankruptcy Code and the Bankruptcy Rules, and no other

or further notice is or shall be required.  The Debtors are authorized to modify the Plan

Supplement documents following entry of this Confirmation Order.

  G.  **Plan Confirmation Burden of Proof**.  The Debtors, as proponents of the Plan,

have met their burden of proving the elements of sections 1129(a) of the Bankruptcy Code.

  H.  **Bankruptcy Rule 3016(a)**.  In accordance with Bankruptcy Rule 3016(a), the

Plan is dated and identifies the Debtors as the proponents of the Plan.

  I.  **Plan Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(1))**.  The Plan

complies with all of the applicable provisions of the Bankruptcy Code.

    (a)  **Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1))**.  Classification of

Claims and Equity Interests under the Plan is proper under section 1122 of the Bankruptcy Code.

    (b)  **Specify Unimpaired Classes (11 U.S.C. § 1123(a)(2))**.  Article 1 of the

Plan specifies that Class I (Other Secured Claims) and Class II (Priority Claims) are Unimpaired

under the Plan.  Thus, the requirements of section 1123(a)(2) of the Bankruptcy Code are satisfied.

        (c)     **Specify Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3))**. Article 1 of the Plan designates Class III (Second Lien Secured Claims), Class IV (General Unsecured Claims), Class V (Subordinated Claims), and Class VI (Equity Interests) as Impaired and specifies the treatment of Claims and Equity Interests in such Classes.  Thus, the requirements of section 1123(a)(3) of the Bankruptcy Code are satisfied.

        (d)     **No Discrimination (11 U.S.C. § 1123(a)(4))**.  The Plan provides for the same treatment by the Debtors for each Claim or Equity Interest in each respective Class unless the Holder of a particular Claim or Equity Interest has agreed to a less favorable treatment of such Claim or Equity Interest.  Thus, the requirements of section 1123(a)(4) of the Bankruptcy Code are satisfied.

        (e)     **Implementation of the Plan (11 U.S.C. § 1123(a)(5))**.  The Plan provides for adequate means for its implementation including, among other things, the Taylor Receivable, which will used to satisfy certain Claims, and the ratification of the GUC Trust and the creation of the Secured Creditor Trust, which have been or which will be funded.

        (f)     **Non-Voting Equity Securities (11 U.S.C. § 1123(a)(6))**.  Section 2.3.4 of the Plan provides that to the extent the Liquidating Debtors are not dissolved on the Effective Date, the applicable governing documents of the Liquidating Debtors shall be amended, if necessary, to prohibit the issuance of non-voting equity securities to the extent required by section 1123(a) of the Bankruptcy Code.  As such, the Plan does not provide for the issuance of non-voting securities, thereby satisfying section 1123(a)(6) of the Bankruptcy Code.

(g)      **Selection of Officers and Directors (11 U.S.C. § 1123(a)(7))**.  The Plan provides that from and after the Effective Date, the GUC Trust Oversight Committee shall have the authority to select, appoint, remove, replace, and establish the compensation (if any) of the manager(s), officer(s) and director(s) of the Liquidating Debtors, other than the Mexico Debtors. The GUC Trust Oversight Committee will be initially comprised of all members of the Committee, and it has selected Jane W. Mitnick as the post-Effective Date director of the Liquidating Debtors, other than the Mexico Debtors.  *See* Docket Nos. 888 & 1223. EisnerAmper LLP has been appointed as the GUC Trustee.  *See* Docket No. 888.  Wilmington Trust Company has been appointed as the Secured Creditor Trustee.  The managers, officers, directors, and other similar agents of the Mexico Debtors shall retain their positions on and after the Effective Date, unless removed and/or replaced in accordance with the constituent documents and law applicable to such Mexico Debtors.  The initial officers of the Mexico Debtors shall be Gerard D. Sowar as sole administrator and Javier Lizardi as secretary.  Thus, the requirements of section 1123(a)(7) of the Bankruptcy Code are satisfied.

J.      **Impairment/Unimpairment of Class of Claims and Equity Interests (11 U.S.C. § 1123(b)(1))**.  As contemplated by section 1123(b)(1) of the Bankruptcy Code, Class I (Other Secured Claims) and Class II (Priority Claims) are Unimpaired under the Plan.  Class III (Second Lien Secured Claim), Class IV (General Unsecured Claims), Class V (Subordinated Claims), and Class VI (Equity Interests) are Impaired under the Plan.

K.      **Additional Plan Provisions (11 U.S.C. § 1123(b))**.  The Plan's provisions are appropriate, in the best interests of the Debtors and their Estates, and consistent with the applicable provisions of the Bankruptcy Code, including, without limitation, provisions for (i) substantive consolidation of the Debtors, (ii) assumption and rejection of Executory Contracts

and Unexpired Leases, (iii) establishment of the Trusts, (iv) the disgorgement provision, and

(v) the vesting of Assets in Liquidating SRC and the Trusts, as applicable (including any and all

Causes of Action, other than Causes of Action transferred to Taylor pursuant to the Asset

Purchase Agreement or expressly released or waived pursuant to the Plan, whether arising before

or after the Petition Date).

   L.  **Releases, Exculpations, and Injunctions**.  The Court has jurisdiction under 28

U.S.C. § 1334(a) and (b) to approve the releases, injunction, and exculpation provisions set forth

in Article 7 of the Plan.  In addition, section 105(a) of the Bankruptcy Code permits approval of

the releases and the exculpation and issuance of the injunctions set forth in Article 7 of the Plan,

when such provisions are essential to the formulation and implementation of the Plan as provided

in section 1123 of the Bankruptcy Code, are not contrary to any provision of the Bankruptcy

Code, confer material benefits on the Debtors' Estates, and are in the best interests of the

Debtors, their Estates, their Creditors, and Holders of Equity Interests.  The Released Parties

provided a substantial contribution to the Chapter 11 Cases and the formulation and

implementation of the Plan through, inter alia, the compromises made in the Committee

Settlement. Further, the third party releases provided for in Section 7.4 of the Plan are consensual

insofar as they apply only to (i) Holders of Claims who are presumed to accept the Plan under

section 1126(f) of the Bankruptcy Code and (ii) Holders of Claims who are entitled to vote on

the Plan and either (x) voted in accept the Plan or (y) voted to reject the Plan, or abstained from

voting on the Plan, and did not make a proper and timely Third Party Opt-Out Election.  Based

upon the record of the Chapter 11 Cases and the evidence submitted, adduced or presented at or

prior to, or in declarations filed in connection with, the Confirmation Hearing, the releases,

injunctions, and exculpation set forth in Article 7 of the Plan are consistent with sections 105,

1123, and 1129 of the Bankruptcy Code.  All releases, exculpations, and injunctions embodied in the Plan are an integral part of the Plan.  The releases, exculpations, and injunctions set forth in the Plan are fair, equitable, reasonable, and in the best interests of the Debtors and their Estates, Creditors, and Holders of Equity Interests.

M.      **Debtors' Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(2))**.  The Debtors, as proponents of the Plan, have complied with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(2) of the Bankruptcy Code, including sections 1122, 1123, 1124, 1125, 1126, and 1128 of the Bankruptcy Code and Bankruptcy Rules 3017, 3018, and 3019.

N.      **Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3))**.  The Debtors have proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code.  In determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the filing of the Chapter 11 Cases, the Plan itself, and the process leading to its formulation.

O.      **Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4))**.  Any payments made or promised by the Debtors for services or for costs and expenses in, or in connection with, the Chapter 11 Cases, or in connection with the Plan and incident to the Chapter 11 Cases, have been approved by, or are subject to approval of this Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

P.      **Disclosure of Identity of Proposed Directors and Officers, Compensation of Insiders, and Consistency with the Interests of Creditors and Public Policy (11 U.S.C. § 1129(a)(5))**.  The Debtors have complied with section 1129(a)(5) of the Bankruptcy Code. The identity of (a) the members of the GUC Trust Oversight Committee; (b) the GUC Trustee;

(c) the Secured Creditor Trustee; and (d) the director of the Liquidating Debtors, other than the

Mexico Debtors, has been disclosed, and none of these parties is an insider as that term is

defined in section 101(31) of the Bankruptcy Code.  The managers, officers, directors, and other

similar agents of the Mexico Debtors shall retain their positions on and after the Effective Date,

unless removed and/or replaced in accordance with the constituent documents and law applicable

to such Mexico Debtors.  The initial officers of the Mexico Debtors shall be Gerard D. Sowar as

sole administrator and Javier Lizardi as secretary, and the compensation arrangement is set forth

in the Williams Declaration.  The proposed Trustees and the management of the Mexico Debtors

and the other Liquidating Debtors is consistent with the interests of Holders of Claims and

Equity Interests and with public policy.

Q.      **No Rate Changes (11 U.S.C. § 1129(a)(6))**.  The Debtors' Plan does not provide

for any rate change that requires regulatory approval.  Section 1129(a)(6) of the Bankruptcy

Code is thus not applicable.

R.      **Best Interests of Creditors (11 U.S.C. § 1129(a)(7))**.  The Plan satisfies section

1129(a)(7) of the Bankruptcy Code.  The Voting Declaration, the Williams Declaration, the

Liquidation Analysis attached as Exhibit 2 to the Disclosure Statement, and other evidence

submitted, adduced or presented at or prior to, or in declarations and other pleadings submitted in

connection with the Confirmation Hearing (i) are reasonable, persuasive, credible, and accurate

as of the dates such analysis or evidence was presented, prepared, or submitted; (ii) have not

been controverted by any other evidence; (iii) utilize reasonable and appropriate methodologies

and assumptions; and (iv) establish that Holders of Claims in Impaired Classes have either

accepted the Plan or will receive or retain under the Plan, on account of such Claims, property of

a value, as of the Effective Date, that is not less than the amount that such Holders would receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code on such date.

S.      **Acceptance or Rejection by Certain Classes (11 U.S.C. § 1129(a)(8))**.  Classes I and II are Unimpaired under the Plan, and pursuant to section 1126(f) of the Bankruptcy Code are conclusively presumed to have accepted the Plan.  Class III is Impaired and voted to accept the Plan.  Class IV is Impaired and voted to reject the Plan.  Classes V and VI are Impaired by the Plan and are presumed to have rejected the Plan.

T.      **Treatment of Administrative, Priority and Tax Claims (11 U.S.C. § 1129(a)(9))**.  The treatment of Administrative Expense Claims, Priority Claims, and Professional Fee Claims pursuant to Article 3 of the Plan satisfies the requirements of sections 1129(a)(9) of the Bankruptcy Code.

U.      **Acceptance by Impaired Class (11 U.S.C. § 1129(a)(10))**.  Class III is an Impaired Class of Claims that voted to accept the Plan, not including the votes of any insiders.  Therefore, the requirement of section 1129(a)(10) of the Bankruptcy Code that at least one Class of Claims against the Debtors that is Impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by any insider, has been satisfied.

V.      **Feasibility (11 U.S.C. § 1129(a)(11))**.  The Williams Declaration, in addition to the Liquidation Analysis attached as Exhibit 2 to the Disclosure Statement, and other evidence submitted, adduced, or presented by the Debtors at the Confirmation Hearing or in support of confirmation of the Plan with respect to feasibility are persuasive and credible, and the Debtors have established by a preponderance of the evidence that Confirmation of the Plan is not likely to be followed by the need for further financial reorganization of the Debtors (other than the

10

liquidation contemplated by the Plan), thus satisfying the requirements of section 1129(a)(11) of the Bankruptcy Code.

W.    **Payment of Fees (11 U.S.C. § 1129(a)(12)).**  All fees payable under 28 U.S.C. § 1930, as determined by the Court, have been paid or will be paid on or before the Effective Date pursuant to Article 8 of the Plan, thus satisfying the requirements of section 1129(a)(12) of the Bankruptcy Code.

X.    **Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13)).**  The Debtors did not provide "retiree benefits," as defined in section 1114(a) of the Bankruptcy Code, prior to the Petition Date.  Accordingly, section 1129(a)(13) of the Bankruptcy Code does not apply.

Y.    **Domestic Support Obligations (11 U.S.C. § 1129(a)(14)).**  The Debtors are not required to pay any domestic support obligations.  Accordingly, section 1129(a)(14) of the Bankruptcy Code is not applicable to the Plan.

Z.    **Individual Cases Subject to Objection by Unsecured Creditor (11 U.S.C. § 1129(a)(15)).**  The Debtors are not individuals.  Accordingly, section 1129(a)(15) of the Bankruptcy Code is not applicable to the Plan.

AA.    **Transfers of Property Pursuant to Non-Bankruptcy Law (11 U.S.C. § 1129(a)(16)).**  Each Debtor is a moneyed, business or commercial corporation and accordingly, section 1129(a)(16) of the Bankruptcy Code is inapplicable to the Plan.

BB.    **No Unfair Discrimination; Fair and Equitable Treatment (11 U.S.C. § 1129(b)).**  The classification and treatment of Claims and Equity Interests in Classes IV, V, and VI, which have either rejected or are deemed to have rejected the Plan, is proper pursuant to section 1122 of the Bankruptcy Code, and does not discriminate unfairly pursuant to section 1129(b)(1) of the Bankruptcy Code.  Pursuant to section 1129(b)(1) of the Bankruptcy Code, the

Plan may be confirmed notwithstanding the fact that not all Impaired Classes have voted to accept the Plan, if all of the requirements of section 1129(a) of the Bankruptcy Code, other than section 1129(a)(8) have been met.  Class III is an Impaired Class of Claims that voted to accept the Plan.  With respect to Classes IV, V, and VI, which have not accepted the Plan, the Plan satisfies the requirements of section 1129(b) of the Bankruptcy Code because the Plan does not discriminate unfairly and is fair and equitable with respect to such Classes, including because Holders of Allowed Claims in Class IV will receive their Pro Rata Share of the total beneficial interests in the GUC Trust, and Holders of Claims or Equity Interests in each of the two Classes junior to Class IV, Class V (Subordinated Claims) and Class VI (Equity Interests), will not receive any Distribution on account such Claims or Equity Interests.

CC.    **Only One Plan (11 U.S.C. § 1129(c))**.  The Plan is the only chapter 11 plan currently proposed in the Chapter 11 Cases, and the requirements of section 1129(c) of the Bankruptcy Code are therefore satisfied.

DD.    **Principal Purpose (11 U.S.C. § 1129(d))**.  The principal purpose of the Plan is neither the avoidance of taxes nor the avoidance of section 5 of the Securities Act, and no governmental unit has objected to the Confirmation of the Plan on any such grounds.  The Plan therefore satisfies the requirements of section 1129(d) of the Bankruptcy Code.

EE.    **Good Faith Solicitation (11 U.S.C. § 1125(e))**.  Based on the record before the Court in the Chapter 11 Cases, the Debtors and their officers, directors, employees, advisors, Professionals, and agents, and the other Exculpated Parties have acted in good faith within the meaning of section 1125(e) of the Bankruptcy Code and in compliance with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules in connection with all of their respective activities relating to the solicitation of acceptances of the Plan and their participation

12

in the activities described in section 1125 of the Bankruptcy Code, and they are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code and the injunction and exculpation provisions set forth in Article 7 of the Plan.

FF.    **Assumption of Executory Contracts and Unexpired Leases (11 U.S.C. § 1123(b)(2)).**  Article 5 of the Plan governing the assumption and rejection of Executory Contracts and Unexpired Leases meets the requirements of section 365(b) of the Bankruptcy Code.  There have been no unresolved objections to the Debtors' assumption of certain Executory Contracts and Unexpired Leases pursuant to the Plan.  The assumption of the Debtors' Executory Contracts and Unexpired Leases pursuant to the Plan is in the Debtors' valid business judgment, and the Debtors have provided adequate assurance of future performance (as that term is used in section 365 of the Bankruptcy Code) under the Executory Contracts and Unexpired Leases to be assumed.  No further adequate assurance of future performance is required.

GG.    **Satisfaction of Confirmation Requirements and Conditions to Confirmation**. The Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

HH.    **Retention of Jurisdiction**.  The Court may properly retain jurisdiction over the matters set forth in Article 8 of the Plan and/or section 1142 of the Bankruptcy Code.

II.    **Substantive Consolidation**.  Based on the information contained in the Disclosure Statement and all evidence and arguments made, proffered, or adduced at the Confirmation Hearing, and in the absence of any objections to the request for substantive consolidation of the Debtors for all purposes, the substantive consolidation of the Debtors as provided in Section 2.2 of the Plan is justified and appropriate in these Chapter 11 Cases.

JJ.   **Plan Modifications**.  Modifications made to the Plan since the solicitation comply in all respects with Section 8.12 of the Plan and sections 1122 and 1123 of the Bankruptcy Code, as required under section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019.  The filing of the modified Plan with this Court and the disclosure of the modifications to the Plan on the record at the Confirmation Hearing constitutes due and sufficient notice of such modifications, and the Court hereby finds that such modifications are non-material, not adverse to any party-in-interest under the Plan and do not require the re-solicitation of any Class.

Based upon the foregoing findings, and upon the record made before this Court at the Confirmation Hearing, and good and sufficient cause appearing therefor, it is hereby ORDERED, ADJUDGED, AND DECREED THAT:

**DISCLOSURE STATEMENT**

1.    The Disclosure Statement is approved on a final basis as containing adequate information within the meaning of section 1125 of the Bankruptcy Code, and any objections to the Disclosure Statement not otherwise consensually resolved are overruled.

**CHAPTER 11 PLAN**

2.    **Confirmation**.  The Plan, as and to the extent modified by this Confirmation Order, is approved and confirmed under section 1129 of the Bankruptcy Code.   The Debtors are authorized to take or cause to be taken all corporate actions necessary or appropriate to implement all provisions of, and to consummate, the Plan and any documents contemplated to be executed therewith, prior to, on and after the Effective Date, including the Trust Agreements (along with any amendments, modifications, and supplements thereto and documents referred to in such papers consistent with the Plan), and all such actions taken or caused to be taken shall be deemed to have been authorized and approved by the Court without the need for any further approval, act or action under any applicable law, order, rule, or regulation.  The terms of the Plan

14

are incorporated by reference into, and are an integral part of, this Confirmation Order.  The Plan

complies with all applicable provisions of the Bankruptcy Code and the Bankruptcy Rules

relating to and regarding confirmation.

3.    **General Settlement of Claims**.  Pursuant to section 1123 of the Bankruptcy

Code and Bankruptcy Rule 9019, and in consideration for the classification, Distribution,

releases, and other benefits provided under the Plan, upon the Effective Date, the provisions of

the Plan shall constitute a good faith compromise and settlement of all Claims and Equity

Interests and controversies resolved pursuant to the Plan.  Subject to Article 4 of the Plan, all

Distributions made to Holders of Allowed Claims in any Class shall be final.

4.    **Automatic Stay**.  The automatic stay under section 362 of the Bankruptcy Code

is hereby modified to the extent necessary to implement the Plan.

5.    **Implementation Steps**.  All implementation steps set forth in the Plan are hereby

approved, including, without limitation, the formation and/or ratification of the Trusts.  All other

transactions contemplated by the Plan, including, without limitation, the conversion of SRC

Liquidation Company from a corporation into a limited liability company and merger of the three

(3) Mexico Debtors into one (1) Entity, may be effected prior to, on, or subsequent to the

Effective Date without any further action by Holders of Equity Interests or the directors,

managers, or other responsible persons of the Debtors.

6.    **Vesting of Assets**.  Except as expressly provided in the Plan, in this Confirmation

Order, or in the respective Trust Agreements, on the Effective Date (a)(i) all Secured Creditor

Trust Assets and (ii) the Wind-Down Settlement Payment (unless it has previously been paid by

the Debtors to the Secured Creditor Trust or to the Second Lien Agent) shall be transferred to

and vested in the Secured Creditor Trust free and clear of all Claims and Equity Interests and, to

15

the extent not previously transferred and vested in the GUC Trust, (b) the GUC Trust Assets

shall be transferred to and vested in the GUC Trust free and clear of all Claims and Equity

Interests.  All Assets of the Debtors not otherwise transferred either to the GUC Trust or the

Secured Creditor Trust shall vest in Liquidating SRC free and clear of all Claims, Equity

Interests, liens, charges or other encumbrances. The Court shall retain jurisdiction to determine

disputes as to property interests created or vested by the Plan.

7.      **Substantive Consolidation**.  Pursuant to sections 105(a), 541, 1123 and 1129 of

the Bankruptcy Code, the substantive consolidation of the Debtors is hereby approved, effective

as of the Effective Date.  As a result of such substantive consolidation, on and after the Effective

Date (i) all Assets and liabilities of the Debtors shall be deemed to be the Assets and liabilities of

a single, consolidated Entity; (ii) each Claim Filed or to be Filed against any Debtor shall be

deemed Filed as a single Claim against and a single obligation of the Debtors; (iii) all Claims

held by a Debtor against any other Debtor shall be cancelled or extinguished, *provided*, *however*,

that the Claims set forth in the Mexico Consideration Tax Treatment Agreement shall be

preserved solely for the purposes of implementing that Agreement; (iv) no Distributions shall be

made under the Plan on account of any Claim held by a Debtor against any other Debtor; (v) the

existing Equity Interests in SRC Liquidation Company shall be cancelled; (vi) no Distributions

shall be made under the Plan on account of any existing Equity Interest held by a Debtor in any

other Debtor, except as and to the extent required in the Mexico Consideration Tax Treatment

Agreement; (vii) all guarantees of any Debtor of the obligations of any other Debtor shall be

eliminated so that any Claim against any Debtor and any guarantee thereof executed by any other

Debtor shall be one obligation of the substantively consolidated Debtors; and (viii) any joint or

several liability of any of the Debtors shall be one obligation of the substantively consolidated

16

Debtors.  The substantive consolidation of the Debtors under the Plan shall not (other than for

purposes related to funding Distributions under the Plan) affect (i) the legal and organizational

structure of the Debtors, (ii) Executory Contracts or Unexpired Leases that were entered into

during the Chapter 11 Cases or that have been or will be assumed or rejected, (iii) any

agreements entered into by the Trusts on or after the Effective Date (including any agreements

entered into by the GUC Trust or the Secured Creditor Trust prior to the Effective Date, all of

which are deemed to be ratified as of the Effective Date), (iv) the Debtors' or the GUC Trust's

ability to subordinate or otherwise challenge Claims on an Entity-by-Entity basis, and (v)

distributions to the Debtors or the Trusts from any insurance policies or the proceeds thereof.  In

particular, the substantive consolidation of the Debtors under the Plan shall not result in any

Debtor that is not a named insured or additional insured under a general commercial liability

insurance policy issued to one or more of the Debtors becoming an insured under such a policy,

and the substantive consolidation of the Debtors under the Plan shall not render an insurance

company that issued such a general commercial liability insurance policy liable on account of

any Debtor that is not a named insured or additional insured under such a policy.

Notwithstanding the substantive consolidation called for herein, each and every Debtor shall

remain responsible for the payment of U.S. Trustee fees pursuant to 28 U.S.C. § 1930 until its

particular case is closed, dismissed or converted.

        8.     **Post-Effective Date Corporate Existence**.

        (a)     Without any requirement to obtain approval of Holders of existing Equity

Interests of SRC Liquidation Company, SRC Liquidation Company shall be converted from an

Ohio corporation into an Ohio limited liability company.  Liquidating SRC shall be prohibited

from issuing any non-voting equity securities, and such prohibition shall be included in Liquidating SRC's organizational documents.

(b)    All of the existing Equity Interests in the Debtors (including all instruments evidencing such Equity Interests) shall be automatically deemed cancelled and extinguished without the requirement of any further action under any applicable agreement, law, regulation, or rule, *provided*, that Equity Interests in any subsidiary of SRC Liquidation Company which is wholly owned, directly or indirectly, by SRC Liquidation Company shall be preserved solely for the benefit of the Holders of Allowed Claims as provided in the Plan.

(c)    Liquidating SRC shall issue all of the Liquidating SRC Membership Interests to the GUC Trust.  The GUC Trust shall hold Liquidating SRC's Membership Interests for the benefit of the GUC Trust Beneficiaries, and such Liquidating SRC Membership Interests shall remain outstanding until Liquidating SRC is dissolved in accordance with the Plan.

(d)    Without the need for any further order of the Court, action, or formality which might otherwise be required under applicable non-bankruptcy laws, the Debtors other than Liquidating SRC may, in the sole discretion of Liquidating SRC, be (a) dissolved without the need for any filings with the Secretary of State or other requisite governmental official in each Debtor's respective jurisdiction of formation; (b) merged into or with the GUC Trust, Liquidating SRC, or any other Debtor; or (c) sold; *provided*, *however*, that no such dissolution, merger or sale shall occur with respect to the Mexico Debtors except in accordance with and pursuant to Mexico law (and after all obligations of such Mexico Debtors to be satisfied by Taylor have been determined and satisfied) or shall have the effect of altering implementation of the Mexico Consideration Tax Treatment Agreement; *provided further*, *however*, that the

proceeds of any sale of the Equity Interests of any Liquidating Debtor other than Liquidating

SRC shall be remitted to the Secured Creditor Trust.

   (e)  After all Disputed Claims have been resolved in accordance with Section

4.2 of the Plan, all payments required to be made by Liquidating SRC or Taylor under this Plan,

including without limitation Section 3.2.1 of the Plan, have been made, and all obligations of the

Debtors under the Asset Purchase Agreement have been satisfied, and without the need for any

further order of the Court, action, or formality which might otherwise be required under

applicable non-bankruptcy laws, Liquidating SRC shall be dissolved without the need for any

filings with the Secretary of State or other requisite governmental official in Liquidating SRC's

jurisdiction of formation.

   9.  **Directors and Officers**.  As of the Effective Date, Jane W. Mitnick shall be the

sole member of the board of directors of each of the Liquidating Debtors, other than the Mexico

Debtors, and each individual who has previously served as a director shall be deemed to have

resigned and shall have no further duties or responsibilities to any of the Debtors from and after

the Effective Date.  The managers, officers, directors, and other similar agents of the Mexico

Debtors shall retain their positions on and after the Effective Date, unless removed and/or

replaced in accordance with the constituent documents and law applicable to such Mexico

Debtors.  The initial officers of the Mexico Debtors shall be Gerard D. Sowar as sole

administrator and Javier Lizardi as secretary.  The parties with requisite authority to select,

appoint, remove, replace, and establish the compensation (if any) of the manager(s), officer(s)

and director(s) of the Mexico Debtors under the Mexico Debtors' constituent documents shall

continue to have such authority.

10.    **Entity Action**.  All matters provided for under the Plan that would otherwise require approval of the stockholders, directors, members, managers or partners of one or more of the Debtors, including (i) the effectiveness of the certificates of incorporation and bylaws of the Debtors, and (ii) the election or appointment, as the case may be, of directors and officers of the Debtors, will be deemed to be in effect from and after the Effective Date pursuant to section 1701.75 of Ohio Rev. Code, section 303 of the Delaware General Corporation Law, or other applicable law of the states in which the Debtors are organized, without any requirement of further action by the stockholders, directors, members, managers, or partners of the Debtors.

11.    **Distributions**.  Liquidating SRC and the Trusts shall make, cause to be made, or facilitate, the Distributions required under the Plan to the applicable Holders of Allowed Claims.

12.    **Cash Payments**.  The sources of all Distributions and payments under the Plan are and will be Cash and Secured Creditors' collateral, to the extent applicable.  Cash Distributions made pursuant to the Plan shall be in United States funds, by check drawn on a domestic bank, or by wire transfer from a domestic bank.  Cash payments made pursuant to the Plan in the form of a check shall be null and void if not cashed within 180 days of the date of issuance thereof.

13.    **Delivery of Distributions**.  Except as otherwise provided in the Trust Agreements, Distributions shall be made to Record Holders of Allowed Claims: (a) first, at the address set forth on the Record Holder's last Filed proof of Claim or the address set forth in any later written notice of address change Filed by such Holder; (b) second, at the addresses reflected in the Schedules if neither a proof of Claim nor a written notice of address change has been Filed; and (c) third, if the Record Holder's address is not listed in the Schedules, and such Record Holder has not Filed a proof of Claim or written notice of address change, at the last

known address of such Record Holder according to the Debtors' books and records.  Except for

the preceding sentences, none of the Debtors, the GUC Trustee, or the Secured Creditor Trustee,

as applicable, is required to make any additional inquiry into the address to which it must deliver

a Distribution under the Plan.  If, after complying with the foregoing procedures, a Distribution

to any Holder of an Allowed Claim is returned as undeliverable or otherwise not accepted by the

Holder, such Distribution shall be deemed forfeited and distributed to other Holders of Claims in

the same Class pursuant to Section 3.7 of the Plan.

14.    **Required Reporting Documents**.  Unless otherwise set forth in the applicable

Trust Agreement, prior to making any Distribution to the Holder of an Allowed Claim,

Liquidating SRC (in connection with all Unclassified Claims (other than Professional Fee

Claims) and Priority Claims, and Other Secured Claims), the GUC Trust (in connection with

Class IV Claims), and the Secured Creditor Trust (in connection with Class III Claims) shall

require that the Holder of such Claim furnish all Required Reporting Documents as a condition

to the making of a Distribution.  Failure to provide Required Reporting Documents shall result in

a forfeiture of Distribution pursuant to Section 3.7 of the Plan.

15.    **Disputed Claims**.  Pursuant to Section 4.2 of the Plan, Disputed Claims may be

settled or compromised without any further notice to or action, Order, or approval by the Court,

as the case may be, under applicable law.  Any Disputed Claim that is not resolved pursuant to

Section 4.2 of the Plan shall be adjudicated by the Court (or, to the extent that the Court does not

have jurisdiction, by any other court having jurisdiction over such dispute).

16.    **Objections to Claims**.  All objections to Claims shall be Filed within 180 days

after the Effective Date (the "Claim Objection Deadline").  The Claim Objection Deadline may

be extended upon a motion Filed with the Bankruptcy Court by Liquidating SRC or the GUC

Trustee (or, in the case of Class I Claims (other than the Other Secured Claim of Bank of America, N.A.) and Class III Claims (other than the Second Lien Secured Claim filed by the Second Lien Agent), by the Secured Creditor Trust) prior to the expiration of the Claim Objection Deadline.  The Claim Objection Deadline shall be automatically extended upon the Filing of a motion requesting an extension of the Claim Objection Deadline until such time as the Bankruptcy Court acts on such motion, without the necessity for the entry of a bridge order. From and after the Effective Date, the Liquidating Debtors shall take no action that would cancel, modify, or otherwise impair the "Extended Reporting Period Elected (Pre-Paid)" or other similar endorsements or provisions of the D&O Policies, all of which shall remain in full force and effect in accordance with their terms.

17.    **Executory Contracts and Unexpired Leases**.  Subject to the occurrence of the Effective Date, all Executory Contracts and Unexpired Leases of the Debtors that have not been assumed and assigned, or rejected, prior to the Confirmation Date, shall be deemed rejected as of the Confirmation Date, provided that to the extent the D&O Policies, the Chubb Settlement Agreement, the Asset Purchase Agreement, the MTSA, the Side Letter, and any other related agreements with Taylor are executory, the D&O Policies, the Chubb Settlement Agreement, the Asset Purchase Agreement, the MTSA, the Side Letter, and any other related agreements with Taylor shall not be deemed rejected but shall be deemed assumed by the Liquidating Debtors, pursuant to section 365 of the Bankruptcy Code, as of the Effective Date and shall remain in full force and effect following the occurrence of the Effective Date.

18.    **Claims Based on Rejection of Executory Contracts or Unexpired Leases and Abandoned Assets**.  Any Creditor asserting a Claim for monetary damages as a result of the rejection of an Executory Contract or Unexpired Lease, and/or the abandonment of Assets

pursuant to the Plan shall file a proof of such Claim within thirty (30) days of the Confirmation

Date.  The timeframe for asserting a Claim for money damages as a result of the rejection of an

Executory Contract or Unexpired Lease, and/or the abandonment of Assets Pursuant to the Sale

Order and/or the *Order Establishing Procedures for Debtors to Transfer, Abandon, or Sell De*

*Minimis Assets* [Docket No. 1096] (the "Abandonment Procedures Order") shall continue to be

as set forth in the Sale Order or the Abandonment Procedures Order, as applicable.  For the

avoidance of doubt, the Abandonment Procedures Order shall continue to govern the

abandonment of Assets by Liquidating SRC following the Confirmation Date and the Effective

Date.

19.    **Debtors' Reservation of Rights Regarding Executory Contracts**.  Nothing in

the Plan or this Order shall constitute an admission by the Debtors that any contract or lease is in

fact an Executory Contract or Unexpired Lease or that the Debtors have any liability thereunder.

20.    **Unclassified Claims**.

(a)    Distributions to Holders of Allowed Unclassified Claims (other than

Professional Fee Claims) and Allowed Claims in Classes I and II shall be made at such times as

required by Article 1 and Section 3.3 of the Plan.

(b)    Other than with respect to Professional Fee Claims or Claims described in

11 U.S.C. § 503(b)(1)(B) and (C), any Person asserting an Administrative Expense Claim must

submit a proof of Claim with respect to such Administrative Expense Claim to the Balloting and

Claims Agent (in the manner set forth in the Notice of Confirmation and Effective Date (defined

below) attached hereto as Exhibit B) so that it is actually received on or before the

Administrative Expense Claims Bar Date (*i.e.*, 4:00 p.m. (prevailing U.S. Eastern time) on the

date that is 30 days after the Effective Date).

21.   **Professional Fee Claims**.

(a)   Notwithstanding any other provision of the Plan dealing with Unclassified

Claims, any Person asserting a Professional Fee Claim shall, no later than the Effective Date,

provide the Debtors with a summary of the compensation for services rendered and expense

reimbursement that such Person will seek to be allowed, on a final basis, as a Professional Fee

Claim (which summary shall include, without limitation, a good faith estimate of accrued but

unbilled fees and expenses through the Confirmation Date) (for each Person, its "Professional

Fee Summary"), and shall, no later than 30 days after the Effective Date, File a final application

for allowance of compensation for services rendered and reimbursement of expenses incurred

through the Confirmation Date.  Objections to any final application for allowance of

compensation for services rendered and reimbursement of expenses incurred through the

Confirmation Date shall be due 30 days after such application is Filed.  All Allowed Professional

Fee Claims shall be paid in accordance with Section 9.1 of the Plan.

(b)   All Professional Fee Claims for services rendered after the Confirmation

Date shall be paid by the Debtors or Liquidating SRC, as applicable, upon receipt of an invoice

therefor, or on such other terms as Liquidating SRC and the Professional may agree, without the

requirement of any order of the Bankruptcy Court.

(c)   On the Effective Date, the Debtors shall establish and fund the

Professional Fee Claims Escrow Account in an amount sufficient to pay, in full, any then unpaid

fees and expenses (including, without limitation, any estimated, accrued but unbilled fees and

expenses through the Confirmation Date set forth on the Professional Fee Summary) owed to any

Person asserting a Professional Fee Claim. Amounts held in the Professional Fee Claims Escrow

Account shall not constitute property of the Debtors or the Liquidating Debtors and shall only be

24

distributed in accordance with Section 9.2 of the Plan and the Professional Fee Claims Escrow Agreement.  In the event there is a remaining balance in the Professional Fee Claims Escrow Account following payment of all Allowed Professional Fee Claims in accordance with Section 9.1 of the Plan, such remaining amount, if any, shall be paid to Liquidating SRC.  In the event that there are insufficient funds in the Professional Fee Claims Escrow Account to pay any Allowed Professional Fee Claims in accordance with the terms of the Professional Fee Claims Escrow Account, the unpaid portion of such Allowed Professional Fee Claims shall be paid by Liquidating SRC.

22.    **Releases, Injunction, and Exculpation**.  The releases, injunctions, and exculpation set forth in Article 7 of the Plan are hereby approved and shall be effective and binding on all Persons to the extent provided therein; *provided* that the releases, injunction, and exculpation shall not release any post-Effective Date obligations of any party under the Plan or any document, instrument, or agreement executed to implement the Plan.

23.    **Injunction Against Interference with Plan**.  Upon the entry of the Confirmation Order, all Holders of Claims and Equity Interests and other parties in interest, along with their respective present or former affiliates, employees, agents, officers, directors, or principals, shall be permanently enjoined from the commencement or continuation of any act or action to collect, recover, or offset from the Estates (unless such offset rights were asserted in writing prior to the Confirmation Date), the GUC Trust, the Secured Creditor Trust, or any of their property, any Claim or Equity Interest treated in the Plan; act or actions to on account of or respecting any claim, demand, liability, debt, right, cause of action, or remedy released or to be released or exculpated or to be exculpated pursuant to the Plan or this Confirmation Order; or any actions to interfere with the implementation and consummation of the Plan, except as otherwise expressly

permitted by the Plan or this Confirmation Order or by Final Order enforcing the terms of the

Plan.  Any Person injured by any willful violation of such injunction shall recover actual

damages, including costs and attorneys' and experts' fees and disbursements, and, in appropriate

circumstances, may recover punitive damages, from the willful violator.

24.     **Term of Injunctions**.  Except as otherwise provided in the Plan or this

Confirmation Order, all injunctions or stays provided for in the Chapter 11 Cases pursuant to

sections 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation

Date, shall remain in full force and effect until the applicable Chapter 11 Cases are closed.  In

addition, on and after Confirmation Date, the Debtors may seek further Orders to preserve the

status quo during the time between the Confirmation Date and the Effective Date or to enforce

the provisions of the Plan.

25.     **Rule 2004 Examinations**.  The power of the Debtors to conduct examinations

pursuant to Bankruptcy Rule 2004 is expressly preserved following the Effective Date; *provided*,

*however*, that the Liquidating Debtors shall not conduct any Rule 2004 examination relating to

any Cause of Action that is expressly waived, relinquished, compromised, or settled in the Plan,

the Committee Settlement, or any Final Order (including, without limitation, the Causes of

Action against the Released Parties).

26.     **Preservation of Causes of Action; Settlement**.

(a)     Except for Causes of Action against a Person or Entity that are have been

transferred to Taylor pursuant to the Asset Purchase Agreement or Causes of Action against a

Person or Entity that expressly waived, relinquished, released, compromised or settled in the

Plan, the Committee Settlement, or any Final Order (including, without limitation, the Causes of

Action against the Released Parties), the Debtors (before the Effective Date) and the Secured

Creditor Trust, the GUC Trust, and the Liquidating Debtors (on and after the Effective Date)

expressly reserve all Causes of Action for later adjudication (whether arising before or after the

Petition Date, including any actions specifically enumerated in any supplemental documents)

and, therefore, no preclusion doctrine or other rule of law, including, without limitation, the

doctrines of res judicata, collateral estoppels, issue preclusion, claim preclusion, estoppel

(judicial, equitable or otherwise) or laches, shall apply to such Causes of Action upon, after, or as

a result of the confirmation or Effective Date of the Plan, or the Confirmation Order.  All Causes

of Action held by the Debtors' Estates or the GUC Trust as of the Confirmation Date shall

survive Confirmation of the Plan and the commencement and prosecution of any Causes of

Action shall not be barred or limited by any estoppel (judicial, equitable or otherwise).  No

defendant party to any Cause of Action (including Avoidance Actions) shall be permitted or

entitled to assert any defense based, in whole or in part, upon Confirmation of the Plan, and

Confirmation of the Plan shall not have any res judicata or collateral estoppel or preclusive effect

upon the commencement and prosecution of Causes of Action.  The Debtors and the GUC

Trustee, on behalf of the GUC Trust and any successors in interest thereto, expressly reserve the

right to pursue or adopt any Causes of Action that are alleged in any lawsuit in which the

Debtors are a defendant or an interested party, against any Person or Entity, including, without

limitation, the plaintiffs and codefendants in such lawsuits.  The Liquidating SRC and the GUC

Trustee shall, pursuant to section 1123 and all applicable law, have the requisite standing to

prosecute, pursue, administer, settle, litigate, enforce and liquidate any and all Causes of Action.

(b)      No Entity may rely on the absence of a specific reference in the Plan or

the Disclosure Statement to any Cause of Action against them as any indication that the Debtors

or the GUC Trustee, as applicable, will not pursue any and all available Causes of Action against

them.  Except with respect to Causes of Action as to which the Debtors have released any Entity

on or prior to the Effective Date, the Debtors or the GUC Trustee, as applicable, expressly

reserve all rights to prosecute any and all Causes of Action against any Entity, except as

otherwise expressly provided in the Plan or in this Confirmation Order.  Unless any Causes of

Action against an Entity is expressly waived, relinquished, exculpated, released, compromised,

or settled in the Plan or a Bankruptcy Court order, the GUC Trustee expressly reserves all

Causes of Action, for later adjudication, and, therefore, no preclusion doctrine, including the

doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, estoppel

(judicial, equitable or otherwise), or laches, shall apply to such Causes of Action upon, after, or

as a consequence of the confirmation or consummation of the Plan.

27.    **Dissolution of the Committee**.  On the Effective Date, the Committee shall be

deemed dissolved, and its members shall be deemed released of all their duties, responsibilities,

and obligations as members of the Committee in connection with the Bankruptcy Cases or the

Plan and its implementation, and the retention or employment of the Committee's Professionals

shall terminate; *provided*, *however*, that the Committee shall continue to exist after the Effective

Date for the limited purpose of prosecution of any Professional Fee Claims pursuant to Article 9

of the Plan.

28.    **Section 1146 Exemption**.  Pursuant to section 1146 of the Bankruptcy Code, any

transfers of property pursuant to, in contemplation of, or in connection with the Plan shall not be

subject to any United States document recording tax, stamp tax, conveyance fee, intangibles or

similar tax, mortgage tax, stamp act, real estate transfer tax, mortgage recording tax, or other

similar tax or governmental assessment, and upon entry of the Confirmation Order, the

appropriate state or local governmental officials or agents shall forgo the collection of any such

tax or governmental assessment and accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax, recordation fee, or governmental assessment.

29.     **Objections**.  All Objections to the Plan, confirmation of the Plan, and/or the Confirmation Order that have not been withdrawn, waived, settled or otherwise resolved are overruled in their entirety on the merits.  Furthermore, all reservation of rights, responses to, and statements and comments, if any, in opposition to the Plan, other than those withdrawn with prejudice in their entirety prior to, or on the record at, the Confirmation Hearing, shall be, and hereby are, overruled in their entirety for the reasons stated on the record.

30.     **Plan Supplement**.  Each of the documents that comprise the Plan Supplement, are part of the Plan and are hereby approved in connection with confirmation of the Plan.

31.     **Notice of Entry of Confirmation Order and Effective Date**.  Pursuant to Bankruptcy Rules 2002 and 3020(c), the Debtors are hereby authorized and directed to serve a notice of entry of this Confirmation Order and the occurrence of the Effective Date, substantially in the form attached hereto as Exhibit B (the "Notice of Confirmation and Effective Date") no later than five (5) Business Days after the Effective Date, on all Holders of Claims against or Equity Interests in the Debtors and all other Persons on whom the Confirmation Hearing Notice was served.  The form of the Notice of Confirmation and Effective Date is hereby approved in all respects.  The Notice of Confirmation and Effective Date shall constitute good and sufficient notice of the entry of this Confirmation Order and of the relief granted herein, and no other or further notice of entry of this Confirmation Order or the occurrence of the Effective Date need be given.

32.    **Reference to Plan**.  Any document related to the Plan that refers to a chapter 11 plan of the Debtors other than the Plan confirmed by this Confirmation Order shall be, and it hereby is, deemed to be modified such that the reference to a chapter 11 plan of the Debtors in such document shall mean the Plan confirmed by this Confirmation Order, if appropriate.

33.    **References to Plan Provisions**.  The failure to specifically include or reference any particular provision of the Plan in the Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Plan (and all exhibits and schedules thereto) be confirmed in its entirety and incorporated herein by reference.

34.    **Rules Governing Conflicts Between Documents**.  In the event of a conflict between the terms or provisions of the Plan and any other Plan-related documents, the terms of the Plan shall control over such documents.  In the event of a conflict between the terms of the Plan or Plan-related documents, on the one hand, and the terms of this Confirmation Order, on the other hand, the terms of this Confirmation Order shall control.  This Confirmation Order shall supersede any orders of the Court issued prior to the Confirmation Date that may be inconsistent herewith.

35.    **Governmental Approvals Not Required**.  Except as set forth in the Plan, this Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules or regulations of any state or any other governmental authority with respect to (i) the implementation or consummation of the Plan and (ii) any related documents, instruments or agreements, and any amendments or modifications thereto, and any other acts referred to in or contemplated by the Plan, the Disclosure Statement, any related documents, instruments or agreements related thereto, and any amendments or modifications to any of the foregoing.

36.     **Binding Effect**.  The Plan shall be binding upon the Debtors, all Holders of

Claims and Equity Interests (whether or not the Claims and Equity Interests of such Holders are

Impaired under the Plan and whether or not such Holders have accepted the Plan), parties in

interest, governmental units (to the fullest extent permitted by law), or other Persons, and their

respective successors and assigns.

37.     **No Admissions**.  As to contested matters, adversary proceedings, and other

Causes of Action or threatened Causes of Action, nothing in the Plan, the Plan Supplement, or

the Disclosure Statement shall constitute or be construed as an admission of any fact or liability,

stipulation, or waiver, but rather as a statement made in settlement negotiations.  The Plan shall

not be construed to be conclusive advice on the tax, securities, and other legal effects of the Plan

as to Holders of Claims against, or Equity Interests in, the Debtors or any of their subsidiaries

and affiliates, as debtors and debtors in possession in the Chapter 11 Cases.

38.     **Environmental Claims**.  Nothing in this Order or the Plan discharges, releases,

precludes or enjoins (i) any environmental liability to a governmental unit as defined in section

101(27) of the Bankruptcy Code ("Governmental Unit") that is not a Claim; (ii) any

environmental Claim of a Governmental Unit arising on or after the Effective Date; (iii) any

environmental liability to a Governmental Unit on the part of any entity as the owner or operator

of property after the Effective Date; or (iv) any environmental liability to a Governmental Unit

on the part of any Entity other than the Debtors or Reorganized Debtors.  Nothing in this Order

or Plan divests any tribunal of any jurisdiction it may have under environmental law to interpret

this Order or the Plan or to adjudicate any defense asserted under this Order or the Plan.

39.     **Liberty Mutual Insurance Agreements**.  Notwithstanding anything to the

contrary in the Plan, any exhibit to the Plan, the Plan Supplement, or this Confirmation Order,

nothing in the Plan, any exhibit to the Plan, the Plan Supplement, or this Confirmation Order (including any provision that purports to be preemptory or supervening) shall in any way operate to, or have the effect of, impairing the legal, equitable or contractual rights and defenses of the insureds or insurers under the insurance policies or any related agreement issued by Liberty Mutual Insurance Company, any of its affiliates, Fireman's Fund Insurance Company, or any co-insurer insuring the same risk (collectively, the "Insurers") for the benefit of the Debtors or their affiliates (collectively, the "Insurance Agreements") or under any applicable non-bankruptcy law, including without limitation such Insurers' rights, if any, to draw on letters of credit issued for such Insurers' benefit or to apply escrowed amounts held by such Insurers, such Insurers' rights, if any, of setoff and recoupment, and such Insurers' rights, if any, to handle, control, direct and approve settlement of claims covered by the Insurance Agreements.

40.    **Setoff Rights**.  Notwithstanding anything in the Plan or this Order to the contrary, the rights of International Paper Company, Bullet Line, LLC, Leedsworld, Inc., Morgan Adhesives Company, LLC d/b/a MACtac, and Timeplanner Calendars, Inc. to assert any defenses preserved by Section 16 of the Sale Order, including any right to setoff or recoupment, shall not be affected, impaired or otherwise modified.

41.    **Section 502(h) Claims**.  Notwithstanding anything to the contrary in 11 U.S.C. §1141(d) or the Plan Documents, nothing in the Plan Documents or this Confirmation Order shall impair: (i) any General Unsecured Creditor's right to assert a Claim under 11 U.S.C. § 502(h) (a "Section 502(h) Claim"), or (ii) the ability of a Holder of an Allowed Section 502(h) Claim to become a beneficiary of the GUC Trust (or of any other trust of which such Creditor is entitled to be or become a beneficiary) in respect of such Section 502(h) Claim.  If any Creditor has a Section 502(h) Claim, then, to the extent that such Claim is Allowed, the Creditor shall be

entitled to share as a beneficiary of the GUC Trust (and as a beneficiary of any other trust of which said creditor is entitled to be or become a beneficiary) and all appropriate entries shall be made on the official register(s) maintained by the GUC Trustee and/or any other trustee to reflect such beneficial interest in respect of the Section 502(h) Claim of such Creditor.  Any Section 502(h) Claim shall be Filed, if at all, no later than thirty (30) days after such claim arises.  To the extent a Section 502(h) Claim is not timely Filed, such Claim shall not constitute an Allowed Claim for any reason, including for Distribution purposes.

42.    **Substantial Consummation**.  On the Effective Date, the Plan shall be deemed to be substantially consummated under section 1101 of the Bankruptcy Code.

43.    **Case Closure**.  Pursuant to section 350 of the Bankruptcy Code, the closing of the Chapter 11 Cases is hereby authorized.  Upon the Effective Date, the Court will enter one or more order(s), in the form attached as Exhibit C, directing the Clerk of the Bankruptcy Court to close such Chapter 11 Cases; *provided, however*, that the Chapter 11 Case of *SRC Liquidation Company*, Case No. 15-10541 (BLS) (the "Lead Case") shall remain open until such time as the Liquidating SRC or the GUC Trustee Files with the Court such documents required by the Bankruptcy Rules and any applicable orders of the Court to close the Lead Case.  Upon entry of the Confirmation Order, counsel for the Debtors shall submit proposed forms of orders to the Court to enter on the docket of each individual Debtor's Chapter 11 Case to close such Chapter 11 Case effective on the Effective Date, except for Lead Case.  At any time prior to the closing of the Lead Case, Liquidating SRC or the GUC Trustee may move to reopen a closed case.   All U.S. Trustee fees payable under 28 U.S.C. § 1930 for the closed cases shall be paid on, or as soon as reasonably practicable following the Effective Date.  The closing of the Chapter 11 Cases, other than the Lead Case, will in no way prejudice Liquidating SRC's or the GUC

33

Trustee's rights to object or otherwise contest a proof of Claim filed against any of the Debtors, commence or prosecute any action to which any of the Debtors may be a party, or a claimant's rights to receive Distributions under the Plan to the extent such claimant's Claim is ultimately allowed, nor will the closing of such Chapter 11 Cases otherwise alter or modify the terms of the Plan.

44.     **Retention of Jurisdiction**.  The Court hereby retains jurisdiction of the Debtors' Chapter 11 Cases and all matters arising under, arising out of, or related to, the Chapter 11 Cases and the Plan (i) as provided for in the Plan, (ii) as provided for in this Order, and (iii) for the purposes set forth in sections 1127 and 1142 of the Bankruptcy Code.  Notwithstanding the entry of this Order or the occurrence of the Effective Date, pursuant to Bankruptcy Code sections 105 and 1142, the Court, except as otherwise provided in the Plan or herein, shall retain exclusive jurisdiction over all matters arising out of, and related to, the Chapter 11 Cases to the fullest extent as is legally permissible.

45.    **Stay of Confirmation Order**.  The provisions of Federal Rule of Civil Procedure 62, as applicable pursuant to Bankruptcy Rule 7062, and Bankruptcy Rule 3020(e) shall not apply to this Order, and the Debtors are authorized to consummate the Plan immediately upon entry of this Order notwithstanding any stay otherwise imposed pursuant to Bankruptcy Rule 3020(e) or any other provision of the Bankruptcy Rules, including Bankruptcy Rule 6004(h), 7062, 9014, or otherwise.  The period in which an appeal with respect to this Order must be filed shall commence immediately upon the entry of this Order.

Dated:    November ___, 2015
          Wilmington, Delaware

                                 _____
                                 Brendon L. Shannon
                                 Chief United States Bankruptcy Judge

# EXHIBIT A

## Plan

## EXHIBIT B

**Form of Final Decree**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| SRC Liquidation Company, *et al.*,[1] | Case No. 15-10541 (BLS) |
| Debtors. | **Re: Docket No. ___** |
| In re: | Chapter 11 |
| SR Liquidation Holding Company, | Case No. 15-10542 (BLS) |
| Debtor. | |
| In re: | Chapter 11 |
| SR Liquidation Technologies, Inc., | Case No. 15-10543 (BLS) |
| Debtor. | |
| In re: | Chapter 11 |
| SR Liquidation International, Inc., | Case No. 15-10544 (BLS) |
| Debtor. | |
| In re: | Chapter 11 |
| iMLiquidation, LLC, | Case No. 15-10540 (BLS) |
| Debtor. | |

---

[1]  The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  SRC Liquidation Company (5440); SR Liquidation Holding Company (3186); SR Liquidation Technologies, Inc. (3180); SR Liquidation International, Inc. (1861); iMLiquidation, LLC (6337); SR Liquidation of Puerto Rico Inc. (0578); SR Liquidation Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and SR Liquidation Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

| | |
|---|---|
| In re: | Chapter 11 |
| SR Liquidation of Puerto Rico Inc., | Case No. 15-10545 (BLS) |
| Debtor. | |
| In re: | Chapter 11 |
| SR Liquidation Mexico Holding Company, | Case No. 15-10546 (BLS) |
| Debtor. | |
| In re: | Chapter 11 |
| Standard Register Holding, S. de R.L. de C.V., | Case No. 15-10547 (BLS) |
| Debtor. | |
| In re: | Chapter 11 |
| Standard Register de México, S. de R.L. de C.V., | Case No. 15-10548 (BLS) |
| Debtor. | |
| In re: | Chapter 11 |
| Standard Register Servicios, S. de R.L. de C.V., | Case No. 15-10549 (BLS) |
| Debtor. | |
| In re: | Chapter 11 |
| SR Liquidation Technologies Canada ULC, | Case No. 15-10550 (BLS) |
| Debtor. | |

01:17932331.2

**FINAL DECREE CLOSING CERTAIN CASES
AND AMENDING CAPTION OF REMAINING CASE**

Upon consideration of the Certification of Counsel,[2] submitted by the above-captioned debtors and debtors in possession (collectively, the "Debtors") in accordance with paragraph [###] of the *Findings of Fact, Conclusions of Law, and Order Confirming Debtors' Second Amended Chapter 11 Plan of Liquidation* [Docket No. ___] (the "Confirmation Order") and Section 8.11 of the *First Amended Chapter 11 Plan of Liquidation* [Docket No. 1086] (the "Plan"), requesting entry of (i) a final decree order closing the chapter 11 cases of certain of the Debtors and (ii) an order amending the case caption of the remaining case of the Debtor; and upon entry of the Confirmation Order and the Plan having gone effective on _____, 2015,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT**:

1.      Each of the following cases (collectively, the "Closing Cases") shall be closed, effective as of the date of this Order:

| Name of Debtor | Case Number |
|---|---|
| SR Liquidation Holding Company | 15-10542 (BLS) |
| SR Liquidation Technologies, Inc. | 15-10543 (BLS) |
| SR Liquidation International, Inc. | 15-10544 (BLS) |
| iMLiquidation, LLC | 15-10540 (BLS) |
| SR Liquidation of Puerto Rico Inc. | 15-10545 (BLS) |
| SR Liquidation Mexico Holding Company | 15-10546 (BLS) |
| Standard Register Holding, S. de R.L. de C.V. | 15-10547 (BLS) |
| Standard Register de México, S. de R.L. de C.V. | 15-10548 (BLS) |
| Standard Register Servicios, S. de R.L. de C.V. | 15-10549 (BLS) |
| SR Liquidation Technologies Canada ULC | 15-10550 (BLS) |

---

[2]      Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Certification of Counsel.

01:17932331.2

Case 15-10541-BLS    Doc 1288    Filed 11/11/15    Page 44 of 49

2.      A docket entry shall be made in each of the Closing Cases reflecting entry of this Order.

3.      Entry of this Order is without prejudice to the rights of any Debtor or other party in interest to seek to reopen any of the Closing Cases for cause pursuant to section 350(b) of the Bankruptcy Code.

4.      Case No. 15-1-541 (the "Remaining Case") shall remain open and shall be administered under the following amended caption:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| SRC Liquidation Company,[1] | Case No. 15-10541 (BLS) |
| Debtor | |

---

[1] The last four digits of the Debtor's taxpayer identification number are 5440. Inquiries regarding the Debtor should be directed to the GUC Trustee, c/o EisnerAmper LLP, 111 Wood Avenue South, Iselin, NJ 08830-2700 (Attn: Anthony R. Calascibetta) and, until the Effective Date of the Plan, to counsel for the Debtor, Gibson Dunn & Crutcher LLP, 200 Park Avenue, 47th Floor, New York 10166 (Attn: Michael A. Rosenthal).

5.      All contested matters relating to each of the Debtors, including objections to claims, shall be administered and heard in the Remaining Case, in accordance with the terms of the Plan.

6.      The Debtors shall complete all remaining quarterly reports and pay all quarterly fees due and owing in the Closing Cases within thirty days of entry of this Order.

Dated: _____ ___, 2015
      Wilmington, Delaware

                                        _____
                                        Brendan L. Shannon
                                        Chief United States Bankruptcy Judge

01:17932331.2

- 4 -

## EXHIBIT C

**Notice of Confirmation and Effective Date**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| SRC LIQUIDATION COMPANY, *et al.*,[1] | Case No. 15-10541 (BLS) |
| Debtors. | Jointly Administered |

**NOTICE OF EFFECTIVE DATE OF SECOND AMENDED CHAPTER 11 PLAN OF LIQUIDATION
FOR SRC LIQUIDATION COMPANY AND ITS AFFILIATES UNDER
CHAPTER 11 OF THE BANKRUPTCY CODE**

**PLEASE TAKE NOTICE THAT:**

1.  **Confirmation Order.**  On November 19, 2015, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order (the "Confirmation Order") confirming the *Second Amended Chapter 11 Plan of Liquidation* for *SRC Liquidation Company and its Affiliates* (the "Plan"), dated November ____, 2015.  Unless otherwise defined in this notice, capitalized terms used in this notice shall have the meanings ascribed to them in the Plan.  The Effective Date of the Plan occurred on _____, 2015.

2.  **Plan Injunction. Confirmation of the Plan shall operate as an injunction against the commencement or continuation of any act or action to collect, recover, or offset from the Estates (unless such offset rights were asserted in writing prior to the Confirmation Date), the GUC Trust, the Secured Creditor Trust, or any of their property, any Claim or Equity Interest treated in the Plan or any actions to interfere with the implementation and consummation of the Plan, except as otherwise expressly permitted by the Plan or the Confirmation Order or by Final Order enforcing the terms of the Plan.  The Bankruptcy Court shall have jurisdiction to determine and award damages and/or other appropriate relief at law or in equity for any violation of such injunction, including compensatory damages, professional fees and expenses, and exemplary damages for any willful violation of said injunction.**

3.  **Executory Contracts and Unexpired Leases Deemed Rejected.**  On the Effective Date, all Executory Contracts and Unexpired Leases of the Debtors that have not been assumed and assigned, or rejected, prior to the Confirmation Date shall be deemed rejected, pursuant to the Confirmation Order, as of the Confirmation Date, provided that to the extent the D&O Policies, the Chubb Settlement Agreement, the Asset Purchase Agreement, the MTSA, the Side Letter, and any other related agreements with Taylor are executory, the D&O Policies, the Chubb Settlement Agreement, the Asset Purchase Agreement, the MTSA, the Side Letter, and any other related agreements with Taylor shall not be deemed rejected but shall be deemed assumed by the Liquidating Debtors as of the Effective Date and shall remain in full force and effect following the occurrence of the Effective Date.

4.  **Cancellation of Equity Interests.**  In accordance with Section 1.7 of the Plan, on the Effective Date, except as otherwise set forth in the Plan, and except for purposes of evidencing a timely asserted Claim, all notes, stock, instruments, certificates, and other documents evidencing any Claims or Equity Interests shall be cancelled,

---

[1]      The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  SRC Liquidation Company (5440); SR Liquidation Holding Company (3186); SR Liquidation Technologies, Inc. (3180); SR Liquidation International, Inc. (1861); iMLiquidation, LLC (6337); SR Liquidation of Puerto Rico Inc. (0578); SR Liquidation Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and SR Liquidation Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

shall be of no further force, whether surrendered for cancellation or otherwise, and the obligations of the Debtors thereunder or an any way related thereto shall be discharged.

5.   **Bar Date For Rejection Damages.**  If the rejection by the Debtors of an Executory Contract or an Unexpired Lease pursuant to Section 5.1 of the Plan results in damages to the other party or parties to such Executory Contract or Unexpired Lease, a Claim for such damages arising from such rejection shall not be enforceable against the Debtors or their Estates or agents, successors, or assigns, unless a proof of Claim is filed with Prime Clerk LLC (the "<u>Claims Agent</u>") at the following address:

> SRC Liquidation Claims Processing Center
> c/o Prime Clerk, LLC
> 830 Third Avenue, Third Floor
> New York, New York 10022

A proof of Claim will be deemed timely only if the original proof of Claim is mailed or delivered by hand, courier or overnight service so as to be **actually received** by the Claims Agent **on or before** **4:00 p.m. (prevailing Eastern Time) on December 21, 2015**.  Proofs of Claim may not be sent by facsimile, telecopy, electronic mail or other form of electronic transmission.  A claimant who wishes to receive acknowledgement of receipt of its proof of Claim may submit a copy of the Proof of Claim and a self-addressed, stamped envelope to the Claims Agent along with the original Proof of Claim.

If you file a proof of Claim, your proof of Claim must: (a) be written in the English language; (b) be denominated in lawful currency of the United States as of the Petition Date; (c) conform substantially to the enclosed proof of claim form or Official Bankruptcy Form No. 10 ("<u>Official Form 10</u>");[2] (d) set forth with specificity the legal and factual basis for the alleged Claim; (e) include supporting documentation (or, if such documentation is voluminous, a summary of such documentation) or an explanation as to why such documentation is not available; and (f) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

**Any Person that is required to file a proof of Claim arising from the rejection of an Executory Contract or Unexpired Lease under the Plan and that fails to timely do so shall be forever barred, estopped, and enjoined from asserting such Claim.  All such Claims shall, as of the Effective Date, be subject to the permanent injunction pursuant to Section 7.2 of the Plan and the Confirmation Order.**

6.   **Applications for Professional Fees.**  All Persons seeking awards by the Bankruptcy Court of compensation for services rendered or reimbursement of expenses incurred through and including the Confirmation Date under section 330, 331, 503(b)(2), 503(b)(3), 503(b)(4) or 503(b)(5) of the Bankruptcy Code shall (a) file, on or before the date that is thirty (30) days after the Effective Date, their respective applications for final allowances of compensation for services rendered and reimbursement of expenses incurred and (b) be paid in full, in Cash, in such amounts as are Allowed by the Bankruptcy Court in accordance with the order relating to or allowing any such Administrative Expense Claim.

7.   **Administrative Expense Claims Bar Date.**  Holders of Administrative Expense Claims (other than Professional Fees) accruing from March 12, 2015 through the Effective Date must file requests for payment of Administrative Expense Claims so as to be **actually received** on or before **4:00 p.m. (prevailing Eastern Time) on December 21, 2015** by the Claims Agent at the following address:

> SRC Liquidation Claims Processing Center
> c/o Prime Clerk, LLC
> 830 Third Avenue, Third Floor
> New York, New York 10022

---

[2]   Official Form 10 can be found at www.uscourts.gov/bkforms/index.html, the Official Website for the United States Bankruptcy Courts.

01:17956660.2

All such requests for payment must: (i) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant; (ii) be written in the English language; (iii) denominate the claim in lawful currency of the United States as of the Administrative Expense Bar Date; (iv) indicate the particular Debtor against which the claim is asserted; and (v) include supporting documentation (or, if such documentation is voluminous, include a summary of such documentation) or an explanation as to why such documentation is not available.

The following Claims are not required to be filed on or before the Administrative Expense Claims Bar Date:

    (a)  Professional Fee Claims;

    (b)  any Administrative Expense Claims that (i) have been previously paid by the Debtors in the ordinary course of business or otherwise or (ii) have otherwise been satisfied;

    (c)  any Administrative Expense Claims previously filed with the Claims Agent or the Court;

    (d)  any Administrative Expense Claim that has been Allowed by prior order of the Bankruptcy Court;

    (e)  any claims by any officer or director of the Debtors immediately prior to the Effective Date;

    (f)  any claims for bonus payments arising under the Key Employee Incentive Plan approved by order of the Bankruptcy Court [Docket No. 503];

    (g)  any claims by any direct or indirect non-debtor subsidiary or affiliate of the Debtors;

    (h)  any claims for fees payable to the Clerk of this Court;

    (i)  any U.S. Trustee Fees; and

    (j)  any claim by a governmental unit for a tax or penalty described in section 503(b)(1)(B) and (C) of the Bankruptcy Code, as provided for in section 503(b)(1)(D).

**Any Person that is required to file a request for payment of an Administrative Expense Claim under the Plan and that fails to timely do so shall be forever barred, estopped, and enjoined from asserting such Administrative Expense Claim, and such Administrative Expense Claim shall not be enforceable against the Secured Creditor Trust, the GUC Trust, the Liquidating Debtors, the Estates, and their respective properties, and the Secured Creditor Trust, the GUC Trust, the Liquidating Debtors, the Estates, and their respective properties shall be forever discharged from any and all Liability with respect to such Administrative Expense Claim unless otherwise ordered by the Bankruptcy Court or as otherwise provided herein. All such Administrative Expense Claims shall, as of the Effective Date, be subject to the permanent injunction pursuant to Section 7.2 of the Plan and the Confirmation Order.**

8.    **Inquiries by Interested Parties.**  For questions about the Plan, the Confirmation Order, this Notice, or the Effective Date, parties should contact the Debtors' Claims Agent, Prime Clerk, LLC, at (855) 842-4124. The Plan, the Confirmation Order, and related documents may be examined free of charge at http://cases.primeclerk.com/standardregister. The Plan and the Confirmation Order are also on file with the Court and may be viewed by accessing the Court's website at www.deb.uscourts.gov. To access documents on the Court's website, you will need a PACER password and login, which you can be obtained at www.pacer.psc.uscourts.gov. **PLEASE DO NOT CONTACT THE BANKRUPTCY COURT.**

Dated: _____, 2015
Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/*_____
Michael R. Nestor (No. 3526)
Kara Hammond Coyle (No. 4410)
Andrew L. Magaziner (No. 5426)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253

-and-

GIBSON, DUNN & CRUTCHER LLP
Michael A. Rosenthal (NY No. 4697561)
Jeremy L. Graves (CO No. 45522)
Matthew G. Bouslog (CA No. 280978)
200 Park Avenue
New York, New York 10166-0193
Chicago, IL 60654-5313
Telephone:  (212) 351-4000
Facsimile:  (312) 351-4035

*Counsel to the Debtors and Debtors in Possession*

01:17956660.2