# **Exhibit 2**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| SRC LIQUIDATION COMPANY, *et al.*,[1] | Case No. 15-10541 (BLS) |
| Debtors. | Jointly Administered |

**IMPLEMENTATION MEMORANDUM WITH RESPECT TO SECOND AMENDED**
**CHAPTER 11 PLAN OF LIQUIDATION**
**FOR SRC LIQUIDATION COMPANY AND ITS AFFILIATES**

SRC Liquidation Company and its above-captioned affiliated debtors and debtors in possession (each, a "Debtor," and collectively, the "Debtors") hereby file this Implementation Memorandum with respect to the Debtors' *Second Amended Chapter 11 Plan of Liquidation for SRC Liquidation Company and Its Affiliates* [Docket No. 1286] (as amended from time to time, the "Plan"):[2]

**IMPLEMENTATION STEPS**

On the Effective Date, the following actions shall be taken in the order deemed appropriate by the Debtors and Liquidating Debtors:

1. Pursuant to the provisions of the Confirmation Order and without any requirement to obtain approval of Holders of existing Equity Interests of SRC Liquidation Company, SRC Liquidation Company shall be converted from an Ohio corporation into an Ohio limited liability company. Upon conversion, SRC Liquidation Company shall be referred to as "Liquidating SRC." To document the conversion, SRC Liquidation Company shall file the relevant documents with the Ohio Secretary of State and/or any other relevant office.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: SRC Liquidation Company (5440); SR Liquidation Holding Company (3186); SR Liquidation Technologies, Inc. (3180); SR Liquidation International, Inc. (1861); iMLiquidation, LLC (6337); SR Liquidation of Puerto Rico Inc. (0578); SR Liquidation Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and SR Liquidation Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

2. All of the Equity Interests in Liquidating SRC in existence immediately prior to its conversion into an Ohio limited liability company (including all instruments evidencing such Equity Interests) shall be automatically deemed cancelled and extinguished without the requirement of any further action under any applicable agreement, law, regulation, or rule.

3. Liquidating SRC shall issue all of the Liquidating SRC Membership Interests to the GUC Trust.

4. The GUC Trust shall hold such Liquidating SRC Membership Interests for the benefit of the GUC Trust Beneficiaries.

5. The Debtors and the Secured Creditor Trustee shall ratify the Secured Creditor Trust Agreement and shall confirm that the trust referred to in such Agreement is the Secured Creditor Trust pursuant to the Plan

6. Notwithstanding any prohibition of assignability under applicable non-bankruptcy law, except as provided in the Wind-Down Settlement, the Debtors shall transfer to the Secured Creditor Trust all of their right, title, and interest in and to all of the Secured Creditor Trust Assets not already transferred to the Secured Creditor Trust pursuant to the Wind-Down Settlement, if any. The BofA Cash Collateral Agreement shall be deemed assigned, by virtue of the Plan and the Confirmation Order, to the Secured Creditor Trust on the Effective Date, and the Secured Creditor Trust shall be deemed the successor to the Debtors for the purposes of the BofA Cash Collateral Agreement and shall have the right to enforce any rights of the Debtors thereunder.

7. The Debtors and the GUC Trustee shall ratify the GUC Trust Agreement and shall confirm that the trust referred to in such Agreement is the GUC Trust pursuant to the Plan.

8. Notwithstanding any restriction on or prohibition of assignability under applicable non-bankruptcy law the Debtors shall transfer, to the extent not previously transferred pursuant to the Committee Settlement and the GUC Trust Agreement, all of their right, title, and interest in and to the GUC Trust Assets to the GUC Trust in trust for the benefit of the GUC Trust Beneficiaries and, in accordance with section 1141 of the Bankruptcy Code, all such Assets shall automatically vest in the GUC Trust, free and clear of all Claims and liens, subject only to repayment of the GUC Trust Seed Funding Amount and the expenses of the GUC Trust as set forth herein and in the GUC Trust Agreement.

9. All Assets of the Debtors not otherwise transferred either to the GUC Trust or the Secured Creditor Trust shall vest in Liquidating SRC free and clear of all Claims, Equity Interests, liens, charges or other encumbrances.

10. The Debtors other than Liquidating SRC and the Mexico Debtors shall be dissolved without the need for any filings with the Secretary of State or other

      requisite governmental official in each Debtor's respective jurisdiction of formation.

11. To the extent they are not dissolved on the Effective Date pursuant to the Confirmation Order, the applicable governing documents of the Liquidating Debtors shall be amended, if necessary, to prohibit the issuance of non-voting equity securities to the extent required by section 1123(a) of the Bankruptcy Code. To document the dissolution, if ordered pursuant to the Confirmation Order, SRC Liquidation Company, in its discretion, shall file or cause to be filed the Confirmation Order or any other relevant dissolution documents with the appropriate state offices.

12. Liquidating SRC shall take such further and other actions as are consistent with the Plan and Confirmation Order and are deemed necessary to implement the Plan.

IMPLEMENTATION MEMO.DOCX