**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>SRC LIQUIDATION COMPANY, *et al.*,[1] | Chapter 11<br>Case No. 15-10541-BLS<br>(Jointly Administered)<br>Hearing Date: TBD<br>Related Docket Nos: 698, 1265 |

**MOTION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM OF BUSINESS CARD SERVICE, INC. PURSUANT TO THE ORDER AUTHORIZING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS**

Business Card Service, Inc. ("BCSI") hereby moves for the entry of an order for allowance and payment of its administrative expense claim pursuant to the *Order (I) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests; (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (III) Granting Certain Related Relief* (the "Sale Order") [D.I. 698]. In support of the motion, BCSI respectfully represents as follows:

**JURISDICTION AND VENUE**

1.  The Court has jurisdiction over this motion under 28 U.S.C. §§ 157 and 1334. Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2). The statutory predicate for the relief sought is 11 U.S.C. § 503(b)(1)(A).

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: SRC Liquidation Company (5440); SR Liquidation Holding Company (3186); SR Liquidation Technologies, Inc. (3180); SR Liquidation International, Inc. (1861); iMLiquidation, LLC (6337); SR Liquidation of Puerto Rico Inc. (0578); SR Liquidation Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and SR Liquidation Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

1

2. Pursuant to Local Rule 9013-1(h), BCSI consents to the entry of final orders by this Court if it is determined that the Court, absent consent of the parties, cannot enter final orders consistent with Article III of the United States Constitution.

## RELEVANT FACTUAL BACKGROUND

3. On March 27, 2003, BCSI entered into a contract (the "Contract") with The Standard Register Company ("Standard") to manufacture and supply business cards and stationery for Standard's corporate customers. BCSI continued to serve Standard's customers under the Contract after the petition date.

4. Most of the orders BCSI produced for Standard's customers were for less than a hundred dollars. However, orders were placed with high frequency. For example, a separate order was normally placed each time a different employee at a customer ran out of business cards or stationery. Thus, some of Standard's larger customers placed orders running into tens of thousands of dollars a year, and BCSI extended post-petition credit to the Debtors of approximately $200,000 per month.

5. Before producing any orders for Standard's customers, BCSI provided a price quote to Standard. These quotes factored in several variables, including the anticipated order volume (with discounts for larger volume.)

6. Standard's customers each had different requirements for their orders relating to things like paper quality/color, ink, and graphics. For certain customers, BCSI needed to purchase and prepare custom inventory to produce their orders (the "Inventory"). Depending on the customer's anticipated order volume (on which their quoted price was based) BCSI purchased this Inventory before receiving the actual orders. If the customer failed to order the anticipated volume, BCSI's initial price quote would be subject to an upward adjustment. And if the Inventory was not used, Standard was responsible for paying BCSI for the unused Inventory.

7.  Without having the Inventory on-hand, it would have been impossible for BCSI to produce orders quickly and efficiently (*i.e.*, at the quoted price.)  Thus, maintaining the Inventory was essential to maintaining Standard's customer satisfaction and relationships.

8.  After BCSI's Contract was rejected it was left with unused Inventory for which it has no use.  Attached hereto as **Exhibit A** is a true and correct summary of Inventory acquired by BCSI after the petition date and/or partially used by Standard's customers after the petition date.  BCSI respectfully submits that it is entitled to an administrative expense claim for this Inventory in the amount of $156,680.62 (the "Inventory Claim").

9.  In addition, BCSI produced and shipped post-petition orders in the amount of $311,816.58 for which it has not been paid (the "Post-Petition Orders").  Attached hereto as **Exhibit B** is a true and correct summary of the relevant information relating to the Post-Petition Orders.  BCSI respectfully submits that it is also entitled to an administrative expense claim for the Post-Petition Orders (the "Post-Petition Orders Claim").[2]

## RELIEF REQUESTED

10. This motion seeks the entry of an order: (i) allowing BCSI's Inventory Claim as an administrative expense; (ii) allowing BCSI's Post-Petition Orders Claim as an administrative expense; and (iii) requiring payment of the Inventory Claim and the Post-Petition Orders Claim within ten (10) business days.

## BASIS FOR RELIEF REQUESTED

11. On June 19, 2015, this Court entered the Sale Order (D.I. 698).  The Sale Order provided that Taylor Corporation ("Taylor"), as the buyer of the Debtors' assets, would have 90 days after the closing to assume or reject executory contracts designated as "Potential Contracts."

---

[2] The invoices and back-up documents relating to the Inventory and Post-petition Orders are voluminous and summaries are submitted in *lieu* thereof under Fed. R. Evid. 1006.  If there is any dispute as to the existence of the documents, they will be made available to the Debtors.

*See*, Sale Order (D.I. 698), ¶ 27.  On August 3, 2015, Taylor served a notice designating BCSI's Contract as a Potential Contract.  *See*, **Exhibit C** attached hereto.

12. The 90 day period to assume or reject executory contracts, defined by the Sale Order as the "Asset Review Period," ran from the date of the closing of the sale.  *See*, Sale Order, ¶ 27.  The closing occurred on July 31, 2015.  *See*, D.I. 889.  Thus, the Asset Review Period ended on October 29, 2015.

13. On November 3, 2015, Taylor filed a *Notice Regarding Contract Deemed Rejected* (the "Rejection Notice") [D.I. 1265].  BCSI's Contract was deemed rejected under the Rejection Notice.  *Id.*, pp. 29, 31.  The Rejection Notice provided that:

> [I]n accordance with paragraph 37 of the Sale Order, counterparties to the Removed Contracts shall have thirty days to assert any Potential Contract Administrative Claim or rejection damage claim relating to the rejection of such Removed Contracts.  *See*, Rejection Notice (D.I. 1265), p. 2.

14. Defining the term "Potential Contract Administrative Claim," the Sale Order provides as follows:

> The Buyers shall be obligated to timely pay any and all amounts arising or otherwise due under any Potential Contract, and to timely perform any obligations of the Debtors under any Potential Contract, that relate to the period between the Closing date and the date such Potential Contract is either assumed...or is rejected by the Debtors after becoming a Removed Contract[.]  ('Potential Contract Administrative Claims').  *See*, Sale Order, ¶ 29 (underlining in original).

15. Paragraph 37 of the Sale Order, pursuant to which this motion is filed, requires that "[a]ny Potential Contract Administrative Claims and/or rejection damages claim related to a Potential Contract that is deemed rejected...shall be asserted no later than thirty (30) days after the delivery of notice that the Potential Contract is a Removed Contract."  *See*, Sale Order, ¶ 37.  However, the Sale Order does not contain any procedures for the assertion of such claims.

16. Since BCSI's Inventory Claim and Post-Petition Orders Claim are administrative in nature, BCSI is asserting them by way of a motion instead of merely filing a proof of claim.

4

*See*, 4 Collier on Bankruptcy ¶ 503.02[1] (Alan N. Resnick & Henry J. Sommer, eds. 16th rev. ed. 2013) ("A request for payment of an administrative expense is not properly asserted in a proof of claim[.]")

## CONCLUSION

17. For the foregoing reasons, BCSI respectfully requests allowance and payment of its Inventory Claim and Post-Petition Orders Claim in accordance with the proposed order submitted herewith as **Exhibit D.**

Dated: Wilmington, Delaware
November 25, 2015

                                    Respectfully submitted,

                                    */s/ Peter M. Sweeney*
                                    Peter M. Sweeney (DE # 3671)
                                    BLAKELEY LLP
                                    1000 N. West Street, Suite 1200
                                    Wilmington, Delaware 19801
                                    Telephone: (302) 415-9908
                                    Email: psweeney@blakeleyllp.com

                                          – and –

                                    David M. Mannion
                                    BLAKELEY LLP
                                    54 W. 40th Street
                                    New York, NY 10018
                                    Telephone: (917) 472-9587
                                    Email: dmannion@blakeleyllp.com

                                    *Attorneys for Business Card Service, Inc.*