## Exhibit A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SRC LIQUIDATION COMPANY, *et al.*,[1] | Case No. 15-10541 (BLS) |
| Debtors. | Jointly Administered |

## STIPULATION TO TERMINATE COLLECTIVE BARGAINING AGREEMENT

This stipulation (the "Stipulation") is entered into by and between SRC Liquidation Company f/k/a The Standard Register Company ("Standard Register") a debtor and debtor in possession in the above-captioned cases (the "Debtor"), and the Graphic Communications Conference / International Brotherhood of Teamsters, Local No. 197-M (the "Union"), to reject and terminate the collective bargaining agreement between the Union and the Debtor.

### RECITALS

WHEREAS, on March 12, 2015 (the "Petition Date") the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), and has continued in possession of its property and has continued to operate its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: SRC Liquidation Company (5440); SR Liquidation Holding Company (3186); SR Liquidation Technologies, Inc. (3180); SR Liquidation International, Inc. (1861); iMLiquidation, LLC (6337); SR Liquidation of Puerto Rico Inc. (0578); SR Liquidation Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and SR Liquidation Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

System.Object[]
01:17998883.1

WHEREAS, the Union and the Debtor are parties to a collective bargaining agreement, dated February 2, 2015 (as may have been amended, the "CBA"), covering employees at the Debtor's facility located in Fayetteville, Arkansas (the "Facility").

WHEREAS, the Debtor entered into an agreement for the sale of the Facility to the Taylor Corporation or its designee ("Taylor"). As a result of the sale, the Debtor will no longer conduct business operations or employ any of the employees located at the Facility who are subject to the CBA.

WHEREAS, as a result of the sale of the Facility to Taylor, the parties agree that there is no need to continue the CBA.

WHEREAS, the Debtor and the Union agree that the CBA should be terminated.

WHEREAS, the Debtor and the Union have conferred in good faith, exchanged all relevant information necessary for this Stipulation, and their decision to reject and terminate the CBA is based upon the most complete and reliable information available at this time.

## AGREEMENT

NOW THEREFORE, in consideration of the foregoing, the Debtor and the Union hereby stipulate and agree as follows:

1. The CBA is terminated effective as of July 31, 2015. The CBA shall be modified *nunc pro tunc* to July 31, 2015 such that vacation, paid time off, and severance shall be paid pursuant to the terms of this stipulation. Neither the Union nor any employee represented by the Union (the "Union Employees") shall have any claims for vacation, paid time off, or severance except as provided in this stipulation. The termination shall be treated as an agreed-upon termination and rejection of the CBA pursuant to Section 1113 of the Bankruptcy Code.

2.        The Union shall have thirty (30) days from the entry of the order approving this stipulation to file any claims against the Debtor that arise pursuant to the CBA or as a result of the rejection of the CBA provided for herein. The Debtors agree that $70,149.47 of the Union's claim shall be entitled to treatment as an administrative expense for wages pursuant to section 503(b)(1)(a)(i) of the Bankruptcy Code (the "Administrative Expense Claim"). The Union agrees, on its own behalf and on behalf of the Union Employees, that any and all other claims filed by the Union or the Union Employees that arise pursuant to the CBA or as a result of the rejection of the CBA shall be treated as general unsecured claims and shall not constitute administrative expense claims or have any priority pursuant to sections 503, 507, or any other provisions of the Bankruptcy Code.

3.        The Debtor's right to challenge and seek reduction, disallowance, reclassification, re-characterization, subordination or other modification of any claims brought pursuant to the CBA or as a result of the rejection of the CBA provided for herein is hereby preserved except for the agreement as to the treatment of the Administrative Expense Claim as set forth in paragraph 2 above.

4.        Upon final allowance of the Union's claim, the Debtor will make a distribution on the claim by making a separate payments to each Union Employee pursuant to a schedule prepared by the Union which shall provide a pro-rata distribution of the Union's full claim to each of the Union Employees based upon the amount each employee would have received for vacation, paid time off, and severance had all of those amounts been paid in full.

5.        This Stipulation resolves all grievances filed regarding the Sale of the Facility to Taylor.

6. This Stipulation is subject to the approval of the United States Bankruptcy Court for the District of Delaware.

Dated:   November 18, 2015

SRC LIQUIDATION COMPANY

*Landen Williams*

By:   Landen Williams
Title:   Chief Restructuring Officer


GRAPHIC COMMUNICATIONS CONFERENCE / INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL NO. 197-M


*Robert Kelly*
By:   Robert Kelly
Title:   President