**Exhibit B**

01:17998884.1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SRC LIQUIDATION COMPANY, *et al.,*[1] | Case No. 15-10541 (BLS) |
| Debtors. | Jointly Administered |

### STIPULATION TO TERMINATE
### COLLECTIVE BARGAINING AGREEMENT

This stipulation (the "Stipulation") is entered into by and between SRC Liquidation Company f/k/a The Standard Register Company ("Standard Register") a debtor and debtor in possession in the above-captioned cases (the "Debtor"), and the Graphic Communications Union Local No. 594S, subordinate to the Graphic Communications Conference of the International Brotherhood of Teamsters District Council, 9 (the "Union"), to reject and terminate the collective bargaining agreement between the Union and the Debtor.

### RECITALS

WHEREAS, on March 12, 2015 (the "Petition Date") the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), and has continued in possession of its property and has continued to operate its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  SRC Liquidation Company (5440); SR Liquidation Holding Company (3186); SR Liquidation Technologies, Inc. (3180); SR Liquidation International, Inc. (1861); iMLiquidation, LLC (6337); SR Liquidation of Puerto Rico Inc. (0578); SR Liquidation Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and SR Liquidation Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

WHEREAS, the Union and the Debtor are parties to a collective bargaining agreement, dated as of May 1, 2014 (as may have been amended, the "CBA"), covering employees at the Debtor's facility located in York, Pennsylvania (the "Facility").

WHEREAS, the Debtor entered into an agreement for the sale of the Facility to the Taylor Corporation or its designee ("Taylor"). As a result of the sale, the Debtor will no longer conduct business operations or employ any of the employees located at the Facility who are subject to the CBA.

WHEREAS, as a result of the sale of the Facility to Taylor, the parties agree that there is no need to continue the CBA.

WHEREAS, the Debtor and the Union agree that the CBA should be terminated.

WHEREAS, the Debtor and the Union have conferred in good faith, exchanged all relevant information necessary for this Stipulation, and their decision to reject and terminate the CBA is based upon the most complete and reliable information available at this time.

## AGREEMENT

NOW THEREFORE, in consideration of the foregoing, the Debtor and the Union hereby stipulate and agree as follows:

1.        The CBA is terminated effective as of July 31, 2015. The CBA shall be modified *nunc pro tunc* to July 31, 2015 such that vacation, paid time off, and severance shall be paid pursuant to the terms of this stipulation. Neither the Union nor any employee represented by the Union (the "Union Employees") shall have any claims for vacation, paid time off, or severance except as provided in this stipulation. The termination shall be treated as an agreed-upon termination and rejection of the CBA pursuant to Section 1113 of the Bankruptcy Code.

2

2.      The Union shall have until thirty (30) days from the entry of the order approving

this stipulation to file any claims against the Debtor that arise pursuant to the CBA or as a result

of the rejection of the CBA provided for herein. The Debtors agree that $31,941.49 of the

Union's claim shall be entitled to treatment as an administrative expense for wages  pursuant to

section 503(b)(1)(a)(i) of the Bankruptcy Code (the "Administrative Expense Claim").  The

Union agrees, on its own behalf and on behalf of the Union Employees, that any and all other

claims filed by the Union or the Union Employees that arise pursuant to the CBA or as a result of

the rejection of the CBA shall be treated as general unsecured claims and shall not constitute

administrative expense claims or have any priority pursuant to sections 503, 507, or any other

provisions of the Bankruptcy Code.

3.      The Debtor's right to challenge and seek reduction, disallowance, reclassification,

re-characterization, subordination or other modification of any claims brought pursuant to the

CBA or as a result of the rejection of the CBA provided for herein is hereby preserved except for

the agreement as to the treatment of the Administrative Expense Claim as set forth in paragraph

2 above.

4.      Upon final allowance of the Union's claim, the Debtor will make a distribution on

the claim by making a separate payments to each Union Employee pursuant to a schedule

prepared by the Union which shall provide a pro-rata distribution of the Union's full claim to

each of the Union Employees based upon the amount each employee would have received for

vacation, paid time off, and severance had all of those amounts been paid in full.

5.      This Stipulation resolves all grievances filed regarding the Sale of the Facility to

Taylor.

6.      This Stipulation is subject to the approval of the United States Bankruptcy Court for the District of Delaware.

Dated:    November 20, 2015

SRC LIQUIDATION COMPANY

*/s/ Landen Williams*

By:    Landen Williams
Title:   Chief Restructuring Officer


GRAPHIC COMMUNICATIONS UNION LOCAL
NO. 594S, SUBORDINATE TO THE GRAPHIC
COMMUNICATIONS CONFERENCE OF THE
INTERNATIONAL BROTHERHOOD OF
TEAMSTERS DISTRICT COUNCIL, 9


By:    _____
Title:   _____

5

Dated: _____, 2015

SRC LIQUIDATION COMPANY

_____

By: _____
Title: _____


GRAPHIC COMMUNICATIONS UNION LOCAL
NO. 594S, SUBORDINATE TO THE GRAPHIC
COMMUNICATIONS CONFERENCE OF THE
INTERNATIONAL BROTHERHOOD OF
TEAMSTERS DISTRICT COUNCIL, 9

_THEODORE K. BILLET_

By: _Theodore K. Billet_
Title: _PRESIDENT - LOCAL 594S_
_11-20-15_

5

Error! Unknown document property name.System.Object[]