IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SRC LIQUIDATION COMPANY, *et al.*<br><br>Debtors[1] | Chapter 11<br><br>Case No. 15-10541 (BLS)<br><br>(Jointly Administered)<br><br>Objection Deadline: December 15, 2015 at 4:00 p.m. ET |

**EIGHTH MONTHLY APPLICATION OF DINSMORE & SHOHL LLP, AS SPECIAL COUNSEL TO DEBTORS AND DEBTORS IN POSSESSION, FOR ALLOWANCE OF INTERIM COMPENSATION AND FOR INTERIM REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD OCTOBER 1, 2015 THROUGH OCTOBER 31, 2015**

| | |
|---|---|
| Name of Applicant: | DINSMORE & SHOHL LLP |
| Authorized to Provide Professional Services to: | Debtors |
| Date of Retention: | April 13, 2015 nunc pro tunc to March 12, 2015 |
| Period for which Compensation and reimbursement is sought: | October 1, 2015 through October 31, 2015 |
| Amount of compensation sought as actual, reasonable and necessary: | $4,354.86 |
| Amount of reimbursement sought as actual, reasonable and necessary: | $2,088.23 |
| This is an _x_ interim | ___ final application |

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: SRC Liquidation Company (5440); SR Liquidation Holding Company (3186); SR Liquidation Technologies, Inc. (3180); SR Liquidation International, Inc. (1861); iMLiquidation, LLC (6337); SR Liquidation of Puerto Rico Inc. (0578); SR Liquidation Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and SR Liquidation Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

If this is not the first application filed, disclose the following for each prior application:

| DATE FILED | PERIOD COVERED | REQUESTED FEES/EXPENSES | APPROVED FEES/EXPENSES |
|---|---|---|---|
| 4/30/15 | 3/12/15 – 3/31/15 | $120,852.00/$8,885.60 | $120,852.00/$8,885.60 |
| 6/5/15 | 4/1/15 – 4/30/15 | $83,879.10/$707.38 | $83,879.10/$707.38 |
| 6/24/15 | 5/1/15 – 5/31/15 | $57,981.60/$4,544.61 | $57,981.60/$4,544.61 |
| 7/6/15 | 6/1/15 – 6/30/15 | $43,469.10/$3,763.70 | $43,469.10/$3,763.70 |
| 8/19/15 | 7/1/15 – 7/31/15 | $39,953.78/$5,346.50 | $31,963.02/$5,346.50 |
| 10/7/15 | 8/1/15 – 8/31/15 | $28,279.56/$1,012.04 | $22,623.65/$1,012.04 |
| 10/22/15 | 9/1/15 – 9/30/15 | $5,773.67/$662.45 | $4,618.94/$662.45 |

## COMPENSATION BY PROFESSIONAL

### SRC Liquidation Company, et al.
### (Case No. 15-10541 (BLS)

### October 1, 2015 through October 31, 2015

| Name of Professional Person | Position of the Applicant and Area of Expertise | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Brian C. Judkins | Partner, Corporate | $335 | 0.5 | $ 167.50 |
| David A. Whaley | Partner, Benefits | $340 | 6.6 | 2,244.00 |
| Kim Martin Lewis | Partner, Bankruptcy | $650 | 2.4 | 1,560.00 |
| Ryan W. Green | Partner, Labor & Employment | $405 | 0.2 | 81.00 |
| Patrick D. Burns | Of Counsel, Bankruptcy | $305 | 0.3 | 91.50 |
| Beth A. Mandel | Associate, Labor & Employment | $230 | 2.1 | 483.00 |
| Jason W. Hilliard | Associate, Labor | $250 | 1.4 | 350.00 |
| **Total** | | | **13.50** | **$4,977.00** |
| **DISCOUNTS APPLIED:** | $622.14 | | | |
| **GRAND TOTAL:** | $4,354.86 | | | |
| **BLENDED RATE:** | $359.29 | | | |

3

## COMPENSATION BY PROJECT CATEGORY

### SRC Liquidation Company, et al.
(Case No. 15-10541 (BLS)

### October 1, 2015 through October 31, 2015

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Asset Analysis and Recovery (#3) | 0.0 | $ 0.00 |
| Asset Disposition (#4) | 0.0 | 0.00 |
| Assumption/Rejection of Leases/Contracts (#5) | 0.0 | 0.00 |
| Avoidance Action Analysis (#6) | 0.0 | 0.00 |
| Budgeting (Case) (#7) | 0.0 | 0.00 |
| Business Operations (#8) | 0.0 | 0.00 |
| Case Administration (#9) | 0.7 | 260.31 |
| Claims Administration and Objections (#10) | 0.0 | 0.00 |
| Corporate Governance and Board Matters (#11) | 0.0 | 0.00 |
| Employee Benefits and Pensions (#12) | 9.6 | 2,898.00 |
| Employment and Fee Applications (#13) | 1.1 | 535.06 |
| Employment and Fee Application Objection (#14) | 0.0 | 0.00 |
| Financing and Cash Collateral (#15) | 0.0 | 0.00 |
| Fee Application – Privileged Review (#16) | 0.5 | 284.37 |
| Litigation (#17) | 0.0 | 0.00 |
| Meetings/Communications with Creditors (#18) | 0.0 | 0.00 |
| Non-Working Travel (#19) | 0.0 | 0.00 |
| Plan and Disclosure Statement (#20) | 0.0 | 0.00 |
| Real Estate (#21) | 0.0 | 0.00 |
| Relief From Stay and Adequate Protection (#22) | 0.0 | 0.00 |
| Reporting (#23) | 0.0 | 0.00 |
| Tax (#24) | 0.0 | 0.00 |
| Valuation (#25) | 0.0 | 0.00 |
| Intellectual Property (#26) | 0.0 | 0.00 |
| Privacy Matters (#27) | 0.0 | 0.00 |
| Vendor/Customer Ordinary Course Contract (#28) | 0.0 | 0.00 |
| Hawaii Employment Litigation (#29) | 1.6 | 377.12 |
| Violation of Non-Compete (#30) | 0.00 | 00.00 |
| **TOTAL** | **13.50** | **$4,354.86** |

4

## EXPENSE SUMMARY

### SRC Liquidation Company, et al.
### (Case No. 15-10541 (BLS))

### October 1, 2015 through October 31, 2015

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Local Counsel | Fukunaga Matayoshi Hershey & Ching LLP | $2,072.73 |
| Photocopies | | 15.50 |
| **Grand Total Expenses** | | **$2,088.23** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SRC LIQUIDATION COMPANY, *et al.*<br><br>Debtors[1] | Chapter 11<br><br>Case No. 15-10541 (BLS)<br><br>(Jointly Administered)<br><br>Objection Deadline: December 15, 2015 at 4:00 p.m. ET |

**EIGHTH MONTHLY APPLICATION OF DINSMORE & SHOHL LLP, AS SPECIAL COUNSEL TO DEBTORS AND DEBTORS IN POSSESSION, FOR ALLOWANCE OF INTERIM COMPENSATION AND FOR INTERIM REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD OCTOBER 1, 2015 THROUGH OCTOBER 31, 2015**

Dinsmore & Shohl LLP ("Dinsmore"), special counsel for The Standard Register Company, debtors and debtors in possession (the "Debtors") in the above-captioned cases, submits this application (the "Application") for interim allowance of compensation for professional services rendered by Dinsmore to the Debtors for the period October 1, 2015 through October 31, 2015 (the "Application Period") and reimbursement of actual and necessary expenses incurred by Dinsmore during the Application Period under sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court of the District of Delaware (the "Local Rules"), the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330, effective

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: SRC Liquidation Company (5440); SR Liquidation Holding Company (3186); SR Liquidation Technologies, Inc. (3180); SR Liquidation International, Inc. (1861); iMLiquidation, LLC (6337); SR Liquidation of Puerto Rico Inc. (0578); SR Liquidation Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and SR Liquidation Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

January 30, 1996 (the "U.S. Trustee Guidelines") and the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals (D.I. 260) (the "Interim Compensation Procedures Order").[2]  In support of this Application, Dinsmore represents as follows:

## JURISDICTION

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On March 12, 2015 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their business and manage their affairs as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. On March 24, 2015, the Office of the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors (the "Committee").

## DINSMORE'S RETENTION

4. Prior to the Petition Date, the Debtors engaged Dinsmore on a number of legal matters, including general corporate representation, intellectual property, employee benefits, real estate, privacy, employment, commercial and intellectual property litigation, and securities.  On April 13, 2015, this Court entered the Order Authorizing the Debtors to Employ and Retain Dinsmore & Shohl LLP as Special Counsel, Pursuant to 11 U.S.C. §327(E), Effective *Nunc Pro Tunc* to the Petition Date (D.I. 258).

---

[2] Capitalized terms not defined herein are defined in the Interim Compensation Procedures Order.

2

## FEE PROCEDURES ORDER

5.  On April 10, 2015, the Court entered the Interim Compensation Procedures Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these cases.

6.  In particular, the Interim Compensation Procedures Order provides that a Professional may file and serve a Monthly Fee Application on or before the fifteenth (15th) day of each month following the month for which compensation is sought. Provided that there are no objections to the Monthly Fee Application filed within 15 days after the service of a Monthly Fee Application, the Professional may file a certificate of no objection with the Court, after which the Debtors are authorized to pay such Professional 80% of the fees and 100% of the expenses requested in such Monthly Fee Application. If an objection is filed to the Monthly Fee Application is filed, then the Debtors are authorized to pay 80% of the fees and 100% of the expenses not subject to an objection.

## RELIEF REQUESTED

7.  Dinsmore submits this Application (a) for allowance of reasonable compensation for the actual, reasonable and necessary professional services that it rendered as counsel for the Debtors in this case for the period from October 1, 2015 through October 31, 2015 and (b) for reimbursement of actual, reasonable and necessary expenses incurred in representing the Debtors during that same period.

8.  During the period covered by this Application, Dinsmore incurred fees in the amount of $4,354.86. For the same period, Dinsmore incurred actual, reasonable and necessary expenses totaling $2,088.23. As of the date of this Application, Dinsmore has not received payment for the fees and expenses requested herein.

9. Set forth on the foregoing "Compensation by Project Category" is a summary by subject matter categories of the time expended by timekeepers billing time to these cases.

10. During the Application Period, Dinsmore represented the Debtors in, among other things, (a) advising the Company on matters related to the transition of employee benefit matters; (b) assisting with ongoing employment litigation; and (c) assisting with the winddown.

11. **Exhibit A** hereto contains logs, sorted by case project category, which show the time recorded by professionals, paraprofessionals and other support staff and descriptions of the services provided.

12. **Exhibit B** hereto contains a breakdown of disbursements incurred by Dinsmore during the Application Period.

13. Dinsmore charges $.10 per page for photocopying.

14. In accordance with Local Rule 2016-2, Dinsmore has reduced its request for compensation for non-working travel, if any, to 50% of its normal rate.

15. Dinsmore has endeavored to represent the Debtors in the most expeditious and economical manner possible. Tasks have been assigned to attorneys, paralegals, and other support staff at Dinsmore so that work has been performed by those most familiar with the particular matter or task and, where attorney or paralegal involvement was required, by the lowest hourly rate professional appropriate for a particular matter. Dinsmore believes that it has been successful in this regard.

16. In addition, Dinsmore has coordinated with the Debtors' other professionals to avoid duplication of efforts.

17. No agreement or understanding exists between Dinsmore and any other person for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

18. The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge and belief that this Application complies with that Rule.

**WHEREFORE**, Dinsmore respectfully requests that this Court: (a) allow Dinsmore (i) interim compensation in the amount of $4,354.86 for actual, reasonable and necessary professional services rendered on behalf of the Debtors during the period October 1, 2015 through October 31, 2015, and (ii) interim reimbursement in the amount of $2,088.23 for actual, reasonable and necessary expenses incurred during the same period; (b) authorize and direct the Debtors to pay to Dinsmore the amount of $5,572.12 which is equal to the sum of 80% ($3,483.89) of Dinsmore's allowed interim compensation and 100% ($2,088.23) of Dinsmore's allowed expense reimbursement; and (c) grant such other and further relief as is just and proper.

Dated: November 30, 2015
Wilmington, Delaware

DINSMORE & SHOHL LLP

_____
Kim Martin Lewis, Esq. (OH Bar #0043533)
Patrick D. Burns, Esq. (OH Bar #0081111)
255 E. 5th St., Ste. 1900
Cincinnati, OH 45202
Telephone:   513-977-8200
Facsimile:   513-977-8141

*Special Counsel to the Debtors and
Debtors in Possession*