## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SRC LIQUIDATION COMPANY, *et al.*,[1] | Case No. 15-10541 (BLS) |
| Debtors. | Jointly Administered |
| | **Hearing Date:  January 13, 2016 at 11:00 a.m. (ET)**<br>**Objection Deadline:  December 17, 2015 at 4:00 p.m. (ET)** |

### DEBTORS' THIRD MOTION FOR ENTRY OF AN ORDER
### EXTENDING THE PERIOD WITHIN WHICH THE DEBTORS
### MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

submit this motion (this "Motion") for the entry of an order (the "Proposed Order"), substantially

in the form attached hereto as Exhibit A, extending the deadline by which the Debtors may

remove causes of actions and related proceedings (the "Removal Deadline"), pursuant to 28

U.S.C. § 1452, by approximately sixty days, through and including February 5, 2016.  In support

of this Motion, the Debtors respectfully state as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and

1334 and the *Amended Standing Order of Reference* from the United States District Court for the

District of Delaware dated as of February 29, 2012.  This matter is a core proceeding within the

meaning of 28 U.S.C. § 157(b)(2), and pursuant to Rule 9013-1(f) of the Local Rules of

Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

---

[1]     The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  SRC Liquidation Company (5440); SR Liquidation Holding Company (3186); SR Liquidation Technologies, Inc. (3180); SR Liquidation International, Inc. (1861); iMLiquidation, LLC (6337); SR Liquidation of Puerto Rico Inc. (0578); SR Liquidation Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and SR Liquidation Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

Delaware (the "Local Rules"), the Debtors consent to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory bases for the relief requested herein are 28 U.S.C. § 1452 and Rules 9006 and 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

### A.      General Background

3.      On March 12, 2015 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Court").  Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are continuing to manage their financial affairs as debtors in possession.  No request for a trustee or examiner has been made in these chapter 11 cases (collectively, the "Chapter 11 Cases").

4.      On March 24, 2015, the Office of the United States Trustee for the District of Delaware (the "UST") appointed a statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee").

5.      Information regarding the Debtors' history and business operations, capital structure and primary secured indebtedness, and the events leading up to the commencement of these Chapter 11 Cases, can be found in *Declaration of Kevin Carmody in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* [Docket No. 2].

6.      On July 31, 2015, the Debtors consummated the sale of substantially all of their Assets (the "Sale") to Taylor Corporation ("Taylor").  *See* Docket No. 889.  In connection with the Sale, the Debtors, the Committee, and Silver Point Finance, LLC ("Silver Point") entered into a settlement agreement [Docket No. 696] (the "Committee Settlement"), which was approved by the Court as part of the Sale Order.  The Committee Settlement provided for certain payments and releases and provided a framework for the *Debtors' Second Amended Chapter 11 Plan of Liquidation for SRC Liquidation Company and its Affiliates* [Docket No. 1286] (as confirmed, the "Plan"), which was confirmed on November 19, 2015.  *See* Docket No. 1331. The Plan has yet to go effective, but the Debtors believe it will do so in the near term.

**B.      The Prior Extension Requests**

7.      On June 8, 2015, the Debtors filed a motion [Docket No. 636] (the "First Extension Motion") seeking entry of an order extending the initial Removal Deadline.  On June 25, 2015, the Court entered an order [Docket No. 733] (the "First Extension Order") granting the First Extension Motion and extending the Removal Deadline through and including September 8, 2015.

8.      On September 4, 2015, the Debtors filed a motion [Docket No. 1020] (the "Second Extension Motion" and, together with the First Extension Motion, the "Prior Extension Motions") seeking entry of an order further extending the Removal Deadline.  On September 23, 2015, the Court entered an order [Docket No. 1094] (the "Second Extension Order") granting the Second Extension Motion and extending the Removal Deadline through and including December 7, 2015 (the "Current Removal Deadline"), without prejudice to the Debtors' rights to seek further extensions of the Removal Deadline.

## RELIEF REQUESTED

9.      By this Motion, the Debtors seek entry of the Proposed Order extending the

Removal Deadline by approximately sixty days, through and including February 5, 2016, [2]

without prejudice to the rights of the Debtors and their estates to seek further extensions of time

within which to remove actions and related proceedings.

## BASIS FOR RELIEF

10.      Bankruptcy Rule 9027 and 28 U.S.C. § 1452 govern the removal of pending civil

actions.  Specifically, section 1452(a) provides that:

> [a] party may remove any claim or cause of action in a civil action
> other than a proceeding before the United States Tax Court or a civil
> action by a governmental unit to enforce such governmental unit's
> police or regulatory power, to the district court for the district where
> such civil action is pending, if such district court has jurisdiction of
> such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).  Bankruptcy Rule 9027(a)(2) further provides, in pertinent part that:

> [i]f the claim or cause of action in a civil action is pending when a case
> under the [Bankruptcy] Code is commenced, a notice of removal may
> be filed in the bankruptcy court only within the longest of (A) 90 days
> after the order for relief in the case under the Code, (B) 30 days after
> entry of an order terminating a stay, if the claim or cause of action in a
> civil action has been stayed under § 362 of the Code, or (C) 30 days
> after a trustee qualifies in a chapter 11 reorganization case but not later
> than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

11.      Bankruptcy Rule 9006(b) provides that the Court may extend unexpired time

periods, such as the Debtors' removal period, without notice:

> [W]hen an act is required or allowed to be done at or within a
> specified period by [the Bankruptcy Rules] or by a notice given
> thereunder or by order of court, the court for cause shown may at

---

[2]      Pursuant to Local Rule 9006-2, the filing of this Motion before the expiration of the Current Removal Deadline shall automatically extend the Current Removal Deadline until the Court acts on this Motion without the necessity for entry of a bridge order.

any time in its discretion … with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order.

*Id.* at 9006(b)(1).  Accordingly, the Court is authorized to grant the relief requested herein.  *See Raff v. Gordon*, 58 B.R. 988 (Bankr. E.D. Pa. 1986) (stating that period in which to file a motion to remove may be expanded pursuant to Bankruptcy Rule 9006); *Jandous Elec. Constr. Corp. v. City of New York (In re Jandous Elec. Constr. Corp.)*, 106 B.R. 48 (Bankr. S.D.N.Y. 1989) (same); *see also, Doan v. Loomis (In re Fort Dodge Creamery Co.)*, 117 B.R. 438 (Bankr. N.D. Iowa 1990) (implying that time period in which removal motion may be filed may be extended pursuant to Bankruptcy Rule 9006); *In re Boyer*, 108 B.R. 19 (Bankr. N.D.N.Y. 1988) (same).

12.    The Debtors are parties to a number of actions currently pending in the courts of certain states and federal districts (each, an "Action" and, collectively, the "Actions"). Accordingly, out of an abundance of caution, the Debtors are seeking an extension of the time established by Bankruptcy Rule 9027 and the Second Extension Order, pending the effective date of the Plan, to protect the rights of the Debtors and their estates to remove the Actions.

13.    The Debtors submit that extending the Current Removal Deadline is in the best interests of the Debtors, their estates, and creditors.  As detailed in the Prior Extension Motions, during the first several months of these Chapter 11 Cases, the Debtors' management and professional advisors devoted a significant amount of time and effort towards ensuring a smooth transition of the Debtors' operations into chapter 11.  At the same time, both prior and subsequent to the Petition Date, the Debtors and their advisors devoted a substantial amount of time, energy, and resources towards marketing substantially all of the Debtors' assets and maximizing value through a going concern sale.  At the time the First Extension Order was entered, the Debtors had recently gained Court approval for the Sale of substantially all of the

Debtors' assets to Taylor.  At the time the Second Extension Order was entered, the Debtors had recently successfully closed the Sale and transitioned operations to Taylor.

14.    Subsequent to the entry of the Second Extension Order, the Debtors' Plan was successfully confirmed after the Debtors successfully worked with various parties to resolve the informal and formal objections thereto.  In addition, the Debtors have, among other things, (i) conducted extensive due diligence in connection with the claims reconciliation process and filed seven claims objections; (ii) negotiated and resolved previously-unresolved cure disputes; (iii) engaged in negotiations with applicable union representatives and taken steps to terminate the Debtors' various collective bargaining agreements; and (iv) complied with their various reporting requirements in these Chapter 11 Cases.

15.    As a result of the foregoing, and the other administrative obligations placed on the Debtors and their advisors, the Debtors have not had sufficient time to review the Actions to determine if any should be removed pursuant to Bankruptcy Rule 9027(a).  Accordingly, out of an abundance of caution, the Debtors seek to extend the Current Removal Deadline pending the effective date of the Plan.  The extension sought will afford the Debtors an opportunity to make more fully-informed decisions concerning the removal of any Actions, and will assure that the Debtors and their estates do not forfeit the valuable rights afforded to them under 28 U.S.C. § 1452.

16.    Furthermore, the Debtors submit that granting the extension requested herein will not prejudice the rights of their adversaries in the Actions because in many (if not all) circumstances such parties may not prosecute these Actions absent relief from the automatic stay.  In addition, nothing herein will prejudice any party to an Action that the Debtors may

ultimately attempt to remove from seeking the remand of such Action under 28 U.S.C. § 1452(b) at the appropriate time.

17.     For the reasons set forth above, the Debtors submit that extending the Current Removal Deadline through and including February 5, 2016, is necessary, prudent, and in the best interests of the Debtors, their estates and creditors.

## NOTICE

18.     Notice of this Motion has been provided to (a) the UST; (b) counsel to the Committee; (c) counsel to Silver Point, in its capacity as administrative and collateral agent for certain secured lenders; (d) all known parties to the Actions or their counsel, if known; and (e) all entities that have requested notice pursuant to Bankruptcy Rule 2002.  The Debtors respectfully submit that no further notice of this Motion is required.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request entry of the Proposed Order, substantially in the form attached hereto as <u>Exhibit A</u>, granting the relief requested herein and such other and further relief as is just and proper.

Dated:    December 3, 2015
      Wilmington, Delaware

*/s/ Andrew L. Magaziner*
Michael R. Nestor (No. 3526)
Kara Hammond Coyle (No. 4410)
Andrew L. Magaziner (No. 5426)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253
mnestor@ycst.com
kcoyle@ycst.com
amagaziner@ycst.com

-and-

Michael A. Rosenthal (NY No. 4697561)
Jeremy L. Graves (CO No. 45522)
Matthew G. Bouslog (CA No. 280978)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
mrosenthal@gibsondunn.com
jgraves@gibsondunn.com
mbouslog@gibsondunn.com

*Counsel to the Debtors and*
*Debtors in Possession*