# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SRC LIQUIDATION COMPANY, *et al.*,[1] | Chapter 11<br><br>Case No. 15-10541 (BLS)<br><br>(Jointly Administered)<br><br>Related Docket Nos: 698 and 1265<br>Hearing Date: TBD<br>Objection Deadline: December 18, 2015 |

## MOTION OF ACTEGA WIT FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO ORDER AUTHORIZING THE SALE OF <u>SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS</u>

Actega WIT ("Actega") respectfully requests entry of an order providing for allowance and payment of its administrative expense claim pursuant to the *Order (I) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests; (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (III) Granting Certain Related Relief* (the "Sale Order") [D.I. 698]. In support, Actega respectfully represents as follows:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: SRC Liquidation Company (5440); SR Liquidation Holding Company (3186); SR Liquidation Technologies, Inc. (3180); SR Liquidation International, Inc. (1861); iMLiquidation, LLC (6337); SR Liquidation of Puerto Rico Inc. (0578); SR Liquidation Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de Mexico, S. de R.L. de C.V. (4FNO); Standard Register Servicios, S. de R.L. de C.V. (43K5); and SR Liquidation Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

**JURISDICTION AND VENUE**

1. The Debtors commenced the captioned cases by filing voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on March 12, 2015 (the "Petition Date").

2. The Court has jurisdiction over this motion under 28 U.S.C. §§ 157 and 1334. Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

3. The statutory predicate for the relief sought herein is section 503(b)(1)(A) of the Bankruptcy Code.

4. Pursuant to Local Rule 9013-1(h), Actega consents to the entry of final orders by this Court if it is determined that the Court, absent consent of the parties, cannot enter final orders consistent with Article III of the United States Constitution.

**RELEVANT FACTUAL BACKGROUND**

5. On December 14, 2011, Actega entered into an agreement (the "Supply Agreement") with Standard Register Company ("Standard") to supply ink to Standard for use in its business operations. A true and correct copy of the Supply Agreement is attached hereto as Exhibit A.

6. As of the Petition Date, Standard was indebted to Actega under the Supply Agreement in the amount of $139,266.46. Actega timely filed a proof of claim in that amount, which claim was designated as Claim No. 726.

7. Actega also extended post-petition credit to Standard in connection with the Supply Agreement.

## RELIEF REQUESTED

8. On June 19, 2015, the Court entered the Sale Order, which provided, *inter alia*, that the buyer of the Debtors' assets, Taylor Corporation ("Taylor"), had 90 days after closing to assume or reject executory contracts designated as "Potential Contracts." Sale Order, ¶ 27.

9. The closing occurred July 31, 2015 [*see* D.I. 889]; thus, the 90 day period to assume or reject began on that date and ended on October 29, 2015.

10. On November 3, 2015, Taylor filed a notice [D.I. 1265] (the "Rejection Notice") purporting to reject the Supply Agreement, and "on or before November 6, 2015" [*see* D.I. 1283], served on Actega by overnight mail a duplicate copy of such notice, dated November 4, 2015. See Exhibit B attached hereto.

11. The Rejection Notice provided at page 2 that:

> [I]n accordance with paragraph 37 of the Sale Order, counterparties to the Removed Contracts shall have thirty days to assert any Potential Contract Administrative Claim or rejection damage claim relating to the rejection of such Removed Contracts.[2]

---

[2] Paragraph 37 of the Sale Order requires that "[a]ny Potential Contract Administrative Claims and/or rejection damages claim related to a Potential Contract that is deemed rejected ... shall be asserted no later than thirty (30) days after the delivery of notice that the Potential Contract is a Removed Contract." Sale Order, ¶ 37. However, the Sale Order does not contain any procedures with respect to the assertion or resolution of such claims. Since Actega's Post Petition Claim is an administrative expense, Actega hereby asserts it by this motion. *See*, 4 Collier on Bankruptcy ¶ 503.02[1] (Alan N. Resnick & Henry J. Sommer, eds. 16th rev. ed. 2013) ("A request for payment of an administrative expense is not properly asserted in a proof of claim[.]").

12. Paragraph 29 of the Sale Order defines "Potential Contract Administrative Claim" as:

> The Buyers shall be obligated to timely pay any and all amounts arising or otherwise due under any Potential Contract, and to timely perform any obligations of the Debtors under any Potential Contract, that relate to the period between the Closing date and the date such Potential Contract is either assumed...or is rejected by the Debtors after becoming a Removed Contract[.] ('Potential Contract Administrative Claims').

13. Attached hereto as Exhibit C are true and correct copies of the invoices evidencing post-Petition Date amounts due under the Supply Agreement in the amount of $20,344.71 (the "Post-Petition Date Claim").

14. Accordingly, this motion seeks entry of an order: (i) allowing Actega's Post-Petition Date Claim as an administrative expense; and (iii) requiring payment of the Post-Petition Date Claim within ten (10) business days.

WHEREFORE, Actega respectfully requests allowance and payment of its Post-Petition Claim in accordance with the proposed order submitted herewith as Exhibit D; and further requests such other relief as the Court deems just and proper.

Dated: December 3, 2015                STEVENS & LEE, P.C.

                                                                                      */s/ John D. Demmy*
John D. Demmy (DE Bar. No. 2802)
919 North Market Street, Suite 1300
Wilmington, Delaware 19801
Tel.: (302) 425-3308
Email: jdd@stevenslee.com

*Attorneys for Actega WIT*