## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SRC LIQUIDATION COMPANY, *et al.*,[1] | Chapter 11<br>Case No. 15-10541-BLS<br>(Jointly Administered)<br>Re: Dkt. No. ___ |

Upon the *Motion for Allowance and Payment of Administrative Expense Claim of Volt Consulting Group, Ltd. Pursuant to the Order Authorizing the Sale of Substantially All of the Debtors' Assets* (the "Motion");[2] and the Court having reviewed the Motion and any objections thereto; and the Court having determined that the legal and factual bases set forth in the Motion and any additional evidence presented at any hearing on the Motion establish just cause for the relief granted herein;

THE COURT HEREBY FINDS THAT:

A.    The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334.

B.    This is a core proceeding under 28 U.S.C. § 157(b)(2).

C.    Notice of the Motion was sufficient under the circumstances.

IT IS HEREBY ORDERED THAT:

1.    The Motion is GRANTED.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: SRC Liquidation Company (5440); SR Liquidation Holding Company (3186); SR Liquidation Technologies, Inc. (3180); SR Liquidation International, Inc. (1861); iMLiquidation, LLC (6337); SR Liquidation of Puerto Rico Inc. (0578); SR Liquidation Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and SR Liquidation Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

1

2

     2.     Volt shall have, and is hereby granted, an allowed administrative expense claim against Debtors and Taylor in the amount of $825,263 (the "Allowed Claim").

     3.     Debtors shall pay the Allowed Claim within ten (10) business days of the entry of this order.

     4.     Volt shall have, and is hereby granted, an allowed administrative expense claim against Debtors and Taylor for its Taylor Services Claim and Volt shall have, and is hereby granted, the right to claim additional amounts due for Taylor Services as they arise as an administrative expense;

     5.     The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2016

                                          _____
                                          The Honorable Brendan L. Shannon
                                          Chief United States Bankruptcy Judge