IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SRC LIQUIDATION COMPANY, *et al.*, | Case No. 15-10541 (BLS) |
| Debtors. | (Jointly Administered) |
| | Objection Deadline: December 24, 2015<br>Hearing Date: January 13, 2016 at 11:00 a.m. |
| | Re: Docket Nos: 698, 1265 and 1345 |

**MOTION OF IWAG GROUP III FOR ALLOWANCE AND
PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM**

IWAG Group III[1] ("IWAG"), by and through its undersigned counsel, respectfully requests entry of an order providing for allowance and payment of its administrative expense claim pursuant to the *Order (I) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests; (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (III) Granting Certain Related Relief* (the "Sale Order") [D.I. 698] and that certain *Notice Of (I) Confirmation Of Chapter 11 Plan And (Ii) Deadline To File Claims Based On Rejection Of Executory Contracts Or Unexpired Leases And Abandoned Assets* (the "Notice") [D.I. 1345]. In support, IWAG respectfully represents as follows:

1. On March 12, 2015, (the "Petition Date"), each of the Debtors filed a petition commencing a voluntary case under chapter 11 of the Bankruptcy Code.

---

[1] The members of IWAG III (the Industrial Waste Area Generator Group III) are: The Boeing Company, PACCAR Inc, Daimler Trucks North America LLC, PCC Structurals, Inc., Goodrich Corporation, on behalf of Kalama Specialty Chemicals, Inc., Weyerhaeuser, Crown Cork & Seal Company, Inc., 3M, Georgia-Pacific LLC, Simpson Timber Company, The Standard Register Company, Akzo Nobel Canada Inc. (n/k/a PPG Architectural Coatings Canada Inc.), Pharmacia Corporation, Intalco Aluminum Corporation, and Union Oil Company of California, a California Corporation.

2. The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2). The statutory predicate for the relief sought herein is section 503(b)(1)(A) of the Bankruptcy Code. Pursuant to Local Rule 9013-1(h), IWAG consents to the entry of final orders by this Court if it is determined that the Court, absent consent of the parties, cannot enter final orders consistent with Article III of the United States Constitution.

3. Debtor, The Standard Register Company ("Standard"), is a member of IWAG Group III, and is a signatory to that certain *Pasco Sanitary Landfill First Amended and Restated IWAG Group III Agreement* by and between the Debtor, The Standard Register Company, and the other members of IWAG (the "IWAG Agreement"). Prior to the Petition Date, Standard stipulated to orders and agreements (the "Site Orders") with governmental authorities with jurisdiction over the Site, including with the Washington State Department of Ecology ("Ecology"). Standard has been a party to various related remediation agreements related to the Site Orders, including, without limitation, those agreements noted below (collectively, the "Site Remediation Obligations"). The remediation of the Site has been designated a national priority and the Site appears on the National Priority List ("NPL"). The Site Remediation Obligations, according to one study accepted by Ecology and Standard, are estimated to be from approximately $26,978,000.00 to more than $93,130,000.00. In a recent study, which has been submitted to Ecology, but not yet accepted by Ecology, the Site Remediation Obligations are estimated to be from approximately $27,000,000.00 to more than $127,715,400.00.

4. As of the Petition Date, Standard was indebted to IWAG under the IWAG Agreement in the amount of $36,125.00 for past-due pre-petition charges (the "First 2015

Assessment"). IWAG previously filed its Limited Objection[2] notifying Standard of an incorrect proposed cure amount regarding the First 2015 Assessment, that Standard and IWAG III continued to operate under the IWAG Agreement, and that there are past-due post-petition charges.

5. IWAG and its members timely filed proofs of claim.[3] IWAG asks the Court to take judicial notice of the IWAG Proof of Claim, a copy of which is attached hereto as Exhibit "A," and is incorporated herein in its entirety.

6. Subsequent to the Petition Date, but prior to the Confirmation of the Plan, additional Site Costs accrued under the IWAG Agreement and were assessed to the IWAG members, including Standard. Those amounts consist of Standard's share of the Second 2015 Assessment in the total amount of $1,000,000 and the Third 2015 Assessment in the total amount of $3,000,000. Standard's share, per Exhibit A of the IWAG Agreement, of those two assessments, is $28,600 and $85,800, respectively. Copies of the invoices previously issued to Standard for the assessments are attached hereto as Exhibits "B" and "C" and are incorporated herein for all purposes. As part of its contractual obligations under the IWAG Agreement, Standard agreed, without condition, to pay its percentage share of Site Costs for the IWAG III up to $19 million ("Payment Fund") as set out in the IWAG Agreement. Such shares of the Payment Fund are to be paid from time to time as invoiced by the IWAG III.

---

[2] *Limited Objection Of IWAG Group III To Cure Amount Listed In The Notice Of (I) Entry Into Stalking Horse Agreement And (II) Potential Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases In Connection With The Sale Of Substantially All Of The Debtors' Assets (D.I. 307), The First Amended Notice Thereof (D.I. 356) And The Corrected Second Amended Notice (D.I. 497)*, filed May 20, 2015, at D. I. 539. The Limited Objection is adopted herein.

[3] Industrial Waste Area Generator Group III proof of claim [Claim No. 2136], filed July 6, 2015. IWAG members timely filed substantially similar claims to Claim No. 2136. Each such proof of claim (Claim No. 2136 and others filed by IWAG members) also constitute IWAG's rejection damages claim.

7.     IWAG extended post-petition credit to Standard in connection with the Second and Third 2015 Assessments.

**RELIEF REQUESTED**

8.     On June 19, 2015, the Court entered the Sale Order, which provided, inter alia, that the buyer of the Debtors' assets, Taylor Corporation, had 90 days after closing to assume or reject executory contracts designated as "Potential Contracts." Sale Order, ¶ 27. After initially being incorrectly listed, the IWAG Agreement was subsequently identified in the Second Amended Notice[4] as a Potential Contract to be assumed.

9.     Upon information and belief, the closing occurred July 31, 2015 [*see* D.I. 889]; thus, the 90 day period to assume or reject began on that date and ended on October 29, 2015.

10.     On November 3, 2015, a notice was filed purporting to reject the IWAG Agreement (along with many other agreements), however, to the best of undersigned's knowledge, no rejection notice was served upon IWAG or its counsel.

11.     On November 25, 2015, a *Notice of (I) Confirmation of Chapter 11 Plan and (II) Deadline to File Claims Based on Rejection of Executory Contracts or Unexpired Leases and Abandoned Assets* [D.I. 1345], was filed, and sets forth deadlines for filing claims "for monetary damages as a result of the rejection of an Executory Contract…" Upon information and belief, such deadline was extended by the Debtors to December 28, 2015.

---

[4] *Notice of (i) Entry Into Stalking Horse Agreement and (ii) Potential Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale of Substantially all of the Debtors' Assets* [Docket No. 307] (the "Notice"), and the *Corrected Second Amended Notice of (I) Entry into Stalking Horse Agreement and (II) Potential Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale of Substantially All of the Debtors' Assets* [Docket No. 497] (the "Second Amended Notice").

12. Attached hereto as Exhibits B and C are true and correct copies of the invoices evidencing post-Petition Date amounts due under the IWAG Agreement in the amount of $114,400.00 (the "Post-Petition Date Claim").

13. Therefore, this motion seeks entry of an order: (i) allowing IWAG's Post-Petition Date Claim as an administrative expense; and (iii) requiring payment of the Post-Petition Date Claim within ten (10) business days.

Dated: December 10, 2015

MANION GAYNOR & MANNING LLP

By: _____
Marc J. Phillips (Del. Bar No. 4445)
1007 North Orange Street, 10th Floor,
Wilmington, DE 19801
Telephone: (302) 504-6803
Facsimile: (302) 657-2104
Email: MPhillips@mgmlaw.com

and

DYKEMA COX SMITH

Jeffrey R. Fine (TX Bar No. 07008410)
Alison R. Ashmore (TX Bar No. 24059400)
Aaron M. Kaufman (TX Bar No. 24060067)
1717 Main Street, Suite 4200
Dallas, Texas 75201
Telephone: (214) 462-6400
Facsimile: (214) 462-6401
Email: jfine@dykema.com
          aashmore@dykema.com
          akaufman@dykema.com

*Counsel for IWAG III*