# EXHIBIT A

B 10 (Modified Official Form 10) (4/13)

| UNITED STATES BANKRUPTCY COURT, DISTRICT OF DELAWARE | PROOF OF CLAIM |
|---|---|

Indicate Debtor against which you assert a claim by checking the appropriate box below (**Check only one Debtor per claim form**):

- ☑ The Standard Register Company (Case No. 15-10541)
- ☐ Standard Register Holding Company (Case No. 15-10542)
- ☐ Standard Register Technologies, Inc. (Case No. 15-10543)
- ☐ Standard Register International, Inc. (Case No. 15-10544)
- ☐ iMedconsent, LLC (Case No. 15-10540)
- ☐ Standard Register of Puerto Rico Inc. (Case No. 15-10545)
- ☐ Standard Register Mexico Holding Company (Case No. 15-10546)
- ☐ Standard Register Holding, S. de R.L. de C.V. (Case No. 15-10547)
- ☐ Standard Register de Mexico, S. de R.L. de C.V. (Case No. 15-10548)
- ☐ Standard Register Servicios, S. de R.L. de C.V. (Case No. 15-10549)
- ☐ Standard Register Technologies Canada ULC (Case No. 15-10550)

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file requests for payment of an administrative expense according to 11 U.S.C. § 503.*

**COURT USE ONLY**

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**INDUSTRIAL WASTE AREA GENERATOR GROUP III**

Name and address where notices should be sent:

IWAG III
c/o Jeffrey R. Fine
Dykema Cox Smith
1717 Main St., Suite 4200
Dallas, Texas 75201
jfine@dykema.com

☑ Date Stamped Copy Returned
☐ No Self-Addressed Stamped Envelope
☐ No Copy Provided

Telephone number: 214-462-6455    email: jfine@dykema.com

RECEIVED
JUL 0 6 2015
PRIME CLERK LLC

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number: _____
(*If known*)

Filed on: _____

Name and address where payment should be sent (if different from above):

c/o Jennifer Sanscrainte
Short Cressman & Burgess PLLC
999 Third Avenue, Suite 3000
Seattle WA 98104-4088

Telephone number: 206-223-2001    email: jsanscrainte@scblaw.com

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

1. Amount of Claim as of Date Case Filed:    $127,715,400.00

If all or part of the claim is **secured**, complete **item 4**. If all or part of the claim is entitled to **priority**, complete **item 5**.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. Basis for Claim: See Attachment "A"
(See instruction #2)

3. Last four digits of any number by which creditor identifies debtor: ___ ___ ___ ___

3a. Debtor may have scheduled account as:
_____
(See instruction #3a)

3b. Uniform Claim Identifier (optional):
_____
(See instruction #3b)

4. Secured Claim (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:

Value of Property: $_____

Annual Interest Rate _____% ☐ Fixed or ☐ Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
$_____

Basis for perfection: _____

Amount of Secured Claim: $_____
Amount Unsecured: $_____

5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

- ☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).
- ☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).
- ☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).
- ☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).
- ☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).
- ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

Amount entitled to priority: $_____

**Amounts are subject to adjustment on 4/1/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**Claim Number: 2136**

B 10 (Modified Official Form 10) (4/13)         2

**6. Claim Pursuant to 11 U.S.C. § 503(b)(9):** Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.

        $                (See Instruction #6)

**7. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

**8. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, or security agreements. If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #8, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**9. Signature:** (See instruction #9)

Check the appropriate box.

☐ I am the creditor.     ☒ I am the creditor's authorized agent.    ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)    ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Jennifer Sanscrainte  
Title: Attorney  
Company: Co-Chair, IWAG Group III Steering Committee  
Address and telephone number (if different from notice address above):  
(Signature)      7/2/15 (Date)

Telephone number: 206-223-2001    email: jsanscrainte@scblaw.com

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

B 10 (Modified Official Form 10) (4/13)   3

### INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**

Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**

Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**

State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**

State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**

State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**

Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**

If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**

Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**

If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Claim Pursuant to 11 U.S.C. § 503(b)(9):**

Check this box if you have a claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim. (See DEFINITIONS, below.)

**7. Credits:**

An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**8. Documents:**

Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**9. Date and Signature:**

The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

### _____ DEFINITIONS _____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. § 506 (a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding.

In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507 (a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

### _____ INFORMATION _____

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, please enclose a stamped self-addressed envelope and a copy of this proof of claim. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at http://cases.primeclerk.com/standardregister.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

PLEASE SEND COMPLETED PROOF(S) OF CLAIM TO:

**The Standard Register Company**
**Claims Processing Center**
**c/o Prime Clerk LLC**
**830 3rd Avenue, 9th Floor**
**New York, NY 10022**

## Attachment "A"

### In re: The Standard Register Company
### Case No. 15-10541 (BLS)

1. The person signing this Proof of Claim is the authorized signatory for the creditor shown on the attached Proof of Claim, ("Claimant") and s/he is authorized to make this Proof of Claim on behalf of Claimant. This attachment is incorporated into and made a part of this Proof of Claim. Claimant is also asserting its rights as a member of the Industrial Waste Area Generator Group III, whose members include: The Boeing Company, PACCAR Inc, Daimler Trucks North America LLC, PCC Structurals, Inc., Goodrich Corporation, on behalf of Kalama Specialty Chemicals, Inc., Weyerhaeuser, Crown Cork & Seal Company, Inc., 3M, Georgia-Pacific LLC, Simpson Timber Company, The Standard Register Company, Akzo Nobel Canada Inc. (n/k/a PPG Architectural Coatings Canada Inc.), Blount, Inc., Pharmacia Corporation, Intalco Aluminum Corporation, and Union Oil Company of California, a California Corporation (collectively, "IWAG III").

2. On March 12, 2015, (the "Petition Date"), each of the Debtors filed a petition commencing a voluntary case under chapter 11 of the Bankruptcy Code. The Debtor, The Standard Register Company (f/k/a Uarco, Inc.) (the "Debtor") has past and ongoing liabilities associated with the Pasco Sanitary Landfill Site (the "Site").

3. Prior to the Petition Date, the Debtor stipulated to orders and agreements (the "Site Orders") with governmental authorities with jurisdiction over the Site, including with the Washington State Department of Ecology ("Ecology"). The Debtor has been a party to various related remediation agreements related to the Site Orders, including, without limitation, those agreements noted below (collectively, the "Site Remediation Obligations"). The remediation of the Site has been designated a national priority and the Site appears on the National Priority List ("NPL"). The Site Remediation Obligations, according to one study accepted by Ecology and the Debtor,[1] are estimated to be from approximately $26,978,000.00 to more than $93,130,000.00. In a recent study, which has been submitted to Ecology, but not yet accepted by Ecology, the Site Remediation Obligations are estimated to be from approximately $27,000,000.00 to more than $127,715,400.00.[2]

4. Debtor, The Standard Register Company, is a member of IWAG III, and is a signatory to that certain *Pasco Sanitary Landfill First Amended and Restated IWAG Group III*

---

[1] See, Feasibility Study Report Pasco Landfill, Pasco, Washington, dated April 28, 1999, and conducted in accordance with Enforcement Order DE94TC-E103.
[2] See, Draft Focused feasibility Study, Pasco Sanitary Landfill National Priorities List Site, Compiled by Anchor QEA, LLC, September 2014, and in accordance with Agreed Order DE 9240.

Page 1 of 3

*Agreement* by and between the Debtor, The Standard Register Company, and the other members of IWAG III (the "Agreement").

5. The purposes of the Agreement are to enable the IWAG III members to, in part: (i) perform and fund the members' obligations existing under the Department of Ecology Agreed Order, No. DE 9240 as amended and/or extended, which superseded and replaced Ecology Agreed Order NO. DE OOTCPER-1324, and Ecology Enforcement Order No. DE 10651 (collectively, the "Ecology Orders"); (ii) negotiate with Ecology for such orders and settlements, as needed, for performance of the members' obligations at the Site; and (iii) secure participation of non-cooperating owners, operators, generators, transporters, arrangers, and other recalcitrants in the performance and/or funding of remedial actions and cleanup actions at the Site through negotiation, and if necessary, formal litigation.

6. As part of its contractual obligations under the Agreement, the Debtor agreed, without condition, to pay its percentage share of Site Costs for the IWAG III up to $19 million ("Payment Fund") as set out in the Agreement. Such shares of the Payment Fund are to be paid from time to time as invoiced by the IWAG III.

7. As of the Petition Date there was an unpaid assessment invoiced by IWAG III, in the amount of $36,125.00, for past-due pre-petition charges. An invoice dated February 18, 2015, addressed to The Standard Register Company and identifying outstanding pre-petition charges due under the Agreement, is attached hereto as Exhibit A. Post-petition, the Debtor, The Standard Register Company, and IWAG III continue to operate under the Agreement and there are past-due post-petition charges. Post-petition IWAG III may collect sums from time to time reflecting participation of non-members in Site remediation costs. Claimant(s) assert rights of recoupment regarding unpaid obligations of the Debtor under the Agreement and the Debtor's right to participate in the recovery of any such collected non-member participation sums. If the Agreement is rejected, IWAG III reserves all rights, including without limitation, the right to terminate the Debtor as a member of IWAG III.

8. Claimant(s) herein specifically reserve the right to amend this claim to reflect actual or projected costs as may be calculated in other studies of the Site, or by actual Site related cost experience. Claimant(s) herein assert all rights under any applicable law or agreement for indemnification and contribution, contractual obligations, rights of offset, recoupment, and tort. Claimant(s) also reserve all rights under law and equity, including without limitation, to terminate the Debtor as a member of IWAG III under the Agreement, to recover attorney fees and costs, to seek estimation of any claim, to apply for injunctive relief, and to seek damages, actual or otherwise.

9. Copies of the agreements and other documents referenced herein will be provided to any Debtor, estate, or Committee professional (i) upon entry into appropriate confidentiality and non-disclosure agreements and orders, and (ii) by written request to IWAG III, c/o Jeffrey R. Fine, Dykema Cox Smith, 1717 Main St., Suite 4200, Dallas, Texas 75201, jfine@dykema.com (214) 462-6455, and fax (855) 230-2518.

NOTE:    THE CLAIMANT RESERVES THE RIGHT TO AMEND, SUPPLEMENT OR WITHDRAW THIS PROOF OF CLAIM AS FURTHER INFORMATION BECOMES AVAILABLE. THE CLAIMANT ALSO RESERVES ALL RIGHTS, CLAIMS AND PRIVILEGES, INCLUDING, WITHOUT LIMITATION, THOSE OF SETOFF AND/OR RECOUPMENT WHICH IT MAY BE ENTITLED TO EXERCISE.

# **EXHIBIT A**

# IWAG GROUP III

# INVOICE

**BILL TO:** The Standard Register Company
c/o Rich Elliott & David Ubaldi
Davis Wright Tremaine
777 108th Ave NE, Ste 2300
Bellevue, WA 98004

**DATE:** February 18, 2015

**REMIT TO:** c/o Anchor QEA, LLC
Attn: Israel Murillo
720 Olive Way, Suite 1900
Seattle, Washington 98101

**FOR:** IWAG Group III 1st 2015 Assessment

**PAYABLE BY:** April 4, 2015

| DESCRIPTION | AMOUNT |
|---|---|
| IWAG Group III 1st 2015 Assessment | $36,125.00 |
| as approved by Steering Committee vote February 12, 2015 | |
| SUBTOTAL | $ 36,125.00 |
| OTHER | - |
| TOTAL | $ 36,125.00 |

Please make checks payable to:
ANCHOR QEA LLC:
Pasco Sanitary Landfill - IWAG Group III

**Wire Information:**
Bank of America
Routing: 125000024
Account: 138110412395

Melody Wasley | 206.682.3333 | mwasley@scblaw.com

**SHORT CRESSMAN & BURGESS PLLC**

July 2, 2015

**VIA FEDERAL EXPRESS**

The Standard Register Company
Claims Processing Center
c/o Prime Clerk LLC
830 3rd Avenue, 9th Floor
New York, NY 10022

Re: *Proof of Claim forms to be filed in The Standard Register Company Bankruptcy*

Dear Sir/Madam:

Enclosed please find an original and one copy of the Industrial Waste Area Generator Group III's Proof of Claim in the bankruptcy of The Standard Register Company. Please provide us with a file stamped copy of the filed claim in the enclosed self-addressed, stamped envelope.

Please contact Jennifer Sanscrainte directly at 206.223.2001 with any questions.

Sincerely,

SHORT CRESSMAN & BURGESS PLLC

Melody Wasley

MW:mw
Enclosure

714795.1/016691.00001

