**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| SRC LIQUIDATION COMPANY, *et al.*,[1] | Case No.  15-10541 (BLS) |
| | (Jointly Administered) |
| Debtors. | **Objection Deadline: January 14, 2016 @ 4:00 p.m.**<br>**Hearing Date: February 17, 2016 @ 10:00 a.m.** |

**SUMMARY OF FINAL APPLICATION OF LOWENSTEIN SANDLER LLP AS
COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT
OF EXPENSES INCURRED FOR THE PERIOD FROM
MARCH 24, 2015 THROUGH NOVEMBER 19, 2015**

Name of  Applicant:                    Lowenstein Sandler LLP

Authorized to provide
professional services to:             The Official Committee of Unsecured Creditors

Petition Date:                           March 12, 2015

Date of Retention:                     March 24, 2015

Date of order approving retention:    May 12, 2015 (effective as of March 24, 2015)

Period for which compensation
and reimbursement is sought:          March 24, 2015 through November 19, 2015

Amount of Compensation sought
as actual, reasonable and necessary:   $1,992,564.75

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: SRC Liquidation Company (5440); SR Liquidation Holding Company (3186); SR Liquidation Technologies, Inc. (3180); SR Liquidation International, Inc. (1861); iMLiquidation, LLC (6337); SR Liquidation of Puerto Rico Inc. (0578); SR Liquidation  Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and SR Liquidation Technologies Canada ULC (0001).  The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

Amount of Expense Reimbursement
sought as actual, reasonable and
necessary:                              $54,722.12[2]

This is a(n): ☐ Monthly    ☐ Interim    ☒ Final application

This application includes 28.7 hours with a value of $13,573.00 incurred in connection with the preparation of monthly fee applications.

## PRIOR APPLICATION HISTORY

| Title | Date Filed | Period Covered | Requested Fees 100% | Requested Expenses | Monthly Statements Fees 80% | Monthly Statements Expenses | Certificate of No Objection / Signed Order |
|---|---|---|---|---|---|---|---|
| Second Monthly | 5/19/15 | March 24, 2015 – March 31, 2015 | $209,616.75 | $6,305.00 | $167,692.94 | $6,305.00 | 6/23/15 |
| Second Monthly | 6/9/15 | April 1, 2015 – April 30, 2015 | $447,105.25 | $13,235.27 | $357,684,20 | $13,235.27 | 6/26/15 |
| Third Monthly | 6/16/15 | May 1, 2015 – May 31, 2015 | $399,558.00 | $7,927.31 | $319,646.40 | $7,927.31 | 7/6/15 |
| First Interim | 7/15/15 | March 24, 2015 – May 31, 2015 | $1,056,280.00 | $27,485.58 | | | 8/14/15 |
| Fourth Monthly | 7/7/15 | June 1, 2015 – June 30, 2015 | $476,100.75 | $10,965.56 | $380,880.60 | $10,965.56 | 7/24/15 |
| Fifth Monthly | 8/14/15 | July 1, 2015 – July 31, 2015 | $175,700.00 | $9,017.98 | $140,560.00 | $9,017.98 | 9/2/15 |
| Sixth Monthly | 9/15/15 | August 1, 2015 – August 31, 2015 | $76,635.50 | $2,156.01 | $61,308.40 | $2,156.01 | 10/2/15 |
| Seventh Monthly | 10/12/15 | September 1, 2015- September 30, 2015 | $97,391.25 | $2,336.52 | $77,913.00 | $2,336.52 | 10/29/15 |

---

[2] This amount includes $6,149.95 in reimbursable expenses of members of the Committee.

| Second Interim | 10/15/15 | June 1, 2015 – September 30, 2015 | $825,827.50 | $24,476.07 | | | 11/17/15 |
| Eighth Monthly | 11/16/15 | October 1, 2015 – October 31, 2015 | $53,644.75 | $1,109.39 | $42,915.80 | $1,109.30 | 12/3/15 |
| Ninth Monthly | 12/2/15 | November 1, 2015 – November 19, 2015 | $56,812.50 | $1,651.08 | $45,450.00 | $1,651.08 | Pending |

## SUMMARY OF PROFESSIONALS AND PARAPROFESSIONALS RENDERING SERVICES FROM MARCH 24, 2015 THROUGH NOVEMBER 19, 2015

| Timekeeper Name | Year Admitted | Title | Department | Hours Worked | Rate From July 1, 2015 – November 19, 2015 | Rate Through June 30, 2015 | Bill Amount |
|---|---|---|---|---|---|---|---|
| Alexander, Michele | 1995 | Partner | Tax | 2.80 | $780.00 | $780.00 | $2,184.00 |
| *Bender, Gerald C. - Travel Time | 1986 | Partner | Bankruptcy | 1.20 | $427.50 | $427.50 | $513.00 |
| Bender, Gerald C. | 1986 | Partner | Bankruptcy | 24.30 | $855.00 | $855.00 | $20,776.50 |
| Bennett, Lynda A. | 1995 | Partner | Insurance | 0.30 | $740.00 | N/A | $222.00 |
| Berger, John L. | 1984 | Partner | Tax | 10.40 | $705.00 | N/A | $7,292.00 |
| Citron, Lowell A. | 1995 | Partner | Corporate | 51.10 | $790.00 | $790.00 | $40,369.00 |
| Gillar, Brooke A. | 2004 | Partner | Corporate | 5.10 | $720.00 | N/A | $3,535.50 |
| Graw, Andrew E. | 1984 | Partner | Employment | 0.60 | $805.00 | N/A | $483.00 |
| Henry, Christopher C. | 1998 | Partner | Corporate | 2.30 | $820.00 | N/A | $1,886.00 |
| *Jung, Wojciech F. - Travel Time | 2003 | Partner | Bankruptcy | 22.9 | $317.50 | $300.00 | $7,034.50 |
| Jung, Wojciech F. | 2003 | Partner | Bankruptcy | 813.00 | $635.00 | $600.00 | $495,909.50 |
| *Kizel, Paul - Travel Time | 1982 | Partner | Bankruptcy | 26.50 | $375.00 | $352.50 | $9,431.25 |
| Kizel, Paul | 1982 | Partner | Bankruptcy | 335.70 | $750.00 | $705.00 | $240,417.00 |
| Levine, Sharon L. | 1983 | Partner | Bankruptcy | 466.1 | $880.00 | $840.00 | $395,516.00 |
| Rosen, Kenneth A. | 1979 | Partner | Bankruptcy | 0.30 | $950.00 | N/A | $285.00 |

| Timekeeper Name | Year Admitted | Title | Department | Hours Worked | Rate From July 1, 2015 – November 19, 2015 | Rate Through June 30, 2015 | Bill Amount |
|---|---|---|---|---|---|---|---|
| Wiwi, Amy K. | 2002 | Partner | Employment | 1.00 | $650.00 | N/A | $650.00 |
| Porter, Cassandra M. | 2004 | Counsel | Bankruptcy | 46.80 | $550.00 | $550.00 | $25,740.00 |
| Sica, Theodore C. | 2003 | Counsel | Corporate | 46.70 | $655.00 | $655.00 | $30,588.50 |
| Bazian, Barry Z. | 2014 | Associate | Bankruptcy | 43.20 | $340.00 | N/A | $14,688.00 |
| *Behlmann, Andrew D. - Travel Time | 2009 | Associate | Bankruptcy | 6.60 | $242.50 | $242.50 | $1,600.50 |
| Behlmann, Andrew D. | 2009 | Associate | Bankruptcy | 608.20 | $515.00 | $485.00 | $296,888.00 |
| Brown, Nicole M. | 2014 | Associate | Bankruptcy | 44.50 | $340.00 | $340.00 | $15,130.00 |
| Cobb, Kathryn | 2013 | Associate | Corporate | 32.50 | $345.00 | $345.00 | $11,212.50 |
| *De Leo, Anthony - Travel Time | 2013 | Associate | Bankruptcy | 10.10 | $180.00 | N/A | $1,818.00 |
| De Leo, Anthony | 2013 | Associate | Bankruptcy | 356.40 | $360.00 | $335.00 | $123,936.50 |
| Dorf, Randall B. | 2012 | Associate | Corporate | 43.80 | $395.00 | $395.00 | $17,301.00 |
| Jesse, Eric | 2009 | Associate | Insurance | 5.20 | $475.00 | $475.00 | $2,470.00 |
| Lifshitz, David | 2014 | Associate | Corporate | 81.60 | $300.00 | $300.00 | $24,480.00 |
| *Vislocky, Nicholas B. - Travel Time | 2013 | Associate | Bankruptcy | 22.20 | $200.00 | $185.00 | $4,279.50 |
| Vislocky, Nicholas B. | 2013 | Associate | Bankruptcy | 355.80 | $400.00 | $370.00 | $132,792.00 |
| Waldron, Keara | 2012 | Associate | Bankruptcy | 107.60 | $410.00 | N/A | $43,108.50 |
| Adams, Trina | N/A | Paralegal | Practice Support | 4.80 | $225.00 | $225.00 | $1,080.00 |
| Buccellato-Karnick, Gina C. | N/A | Paralegal | Bankruptcy | 41.10 | $200.00 | $200.00 | $8,220.00 |
| Janowitz, Keith | N/A | Paralegal | Corporate | 1.70 | $260.00 | N/A | $442.00 |
| Jara, Gabriel | N/A | Paralegal | Practice Support | 7.10 | $200.00 | $200.00 | $1,420.00 |
| Lawler, Elizabeth B. | N/A | Paralegal | Bankruptcy | 19.1 | $210.00 | $200.00 | $3,917.00 |
| Pagano, Jamie J. | N/A | Paralegal | Practice Support | 12.90 | $225.00 | $225.00 | $2,902.50 |
| Sudol, Jeanne | N/A | Paralegal | Bankruptcy | 4.50 | $110.00 | N/A | $495.00 |

| Timekeeper Name | Year Admitted | Title | Department | Hours Worked | Rate From July 1, 2015 – November 19, 2015 | Rate Through June 30, 2015 | Bill Amount |
|---|---|---|---|---|---|---|---|
| Grant, Natasha | N/A | Research Services | Knowledge and Research Services (Formerly Library) | 1.80 | $210.00 | $210.00 | $378.00 |
| Taggart, Katherine E | N/A | Research Services | Knowledge and Research Services (Formerly Library) | 5.10 | $230.00 | $230.00 | $1,173.00 |
| Total All Timekeepers: | | | | 3,672.90 | | | $1,992,564.75 |
| Blended Rate: | | | | | $542.50 | | |

*Reflects 50% rate reduction due to non-working travel time

## SUMMARY OF COMPENSATION BY PROJECT CATEGORY FOR THE PERIOD OF MARCH 24, 2015 THROUGH NOVEMBER 19, 2015

| Task Description | Hours | Total |
|---|---|---|
| Adversary Proceedings and Bankruptcy Court Litigation | 572.60 | $291,292.00 |
| Asset Analysis and Recovery | 0.50 | $420.00 |
| Asset Disposition | 668.90 | $414,117.50 |
| Assumption/Rejection of Leases and Contracts | 21.90 | $14,376.00 |
| Avoidance Action Analysis | 0.30 | $264.00 |
| Board of Directors | 4.20 | $2,066.00 |
| Business Operations | 63.00 | $38,971.50 |
| Case Administration | 110.40 | $41,626.00 |
| Claims Administration | 88.70 | $55,030.50 |
| Claims Administration and Objections | 0.20 | $150.00 |
| Employee Benefits/Pensions | 44.20 | $25,482.50 |
| Employment and Retention Applications - Others | 63.50 | $41,182.00 |
| Fee Applications and Invoices - Others | 46.50 | $26,844.50 |
| Fee/Employment Applications | 56.80 | $24,271.00 |
| Fee/Employment Objections | 0.70 | $588.00 |
| Financing/Cash Collateral | 428.40 | $225,403.00 |

| Task Description | Hours | Total |
|---|---|---|
| General Bankruptcy Advice/Opinions | 1.30 | $513.50 |
| Investigation of Prepetition Lenders | 190.70 | $91,981.50 |
| Meetings of and Communication with Creditors | 283.00 | $163,356.50 |
| Non-Working Travel | 89.50 | $24,676.75 |
| Other - Insurance Matters | 11.50 | $6,763.50 |
| Other Contested Matters (excluding assumption/rejection motions) | 700.70 | $359,928.50 |
| Plan and Disclosure Statement (including Business Plan) | 194.80 | $123,919.50 |
| Relief from Stay/Adequate Protection Proceedings | 10.70 | $6,651.00 |
| Schedules and Statements | 5.70 | $2,796.00 |
| Tax Issues | 14.20 | $9,893.50 |
| Total: | **3,672.90** | $1,992,564.75 |

## EXPENSE SUMMARY FOR THE PERIOD OF
## MARCH 24, 2015 THROUGH NOVEMBER 19, 2015

| Expense Category | Vendor, if any | Amount |
|---|---|---|
| Computerized legal research | Pacer Service Center | $928.10 |
| Messenger and delivery charges | Federal Express Corp. | $103.65 |
| Messenger and delivery charges | Champion Courier | $87.00 |
| Searches | Restructuring Concepts, LLC | $42.00 |
| Telecommunications | Premiere Global Services | $2,304.26 |
| Telecommunications | American Express | $39.59 |
| Transcript charges | U.S. Legal Support - New York | $8,204.89 |
| Transcript charges | TSG Reporting, Inc. | $753.35 |
| Transcript charges | EcoScribe, LLC | $2,630.92 |
| Travel | My Limousine Service | $251.35 |
| Travel | Elite Limousine Plus Inc. | $229.44 |
| Travel | XYZ Two Way Radio Service, Inc. | $185.84 |
| Travel | American Express | $2,843.97 |

| Expense Category | Vendor, if any | Amount |
|---|---|---|
| Travel | American Express/Trv. | $8,592.30 |
| Travel | | $4,190.39 |
| Bulk rate/special postage | | $50.85 |
| Computerized legal research | | $15,651.07 |
| Miscellaneous | | $6.00 |
| Photocopies (14,772 pages) | | $1,477.20 |
| Reimbursable expenses of Committee members | | $6,149.95 |
| **Total Disbursements** | | **$54,722.12** |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SRC LIQUIDATION COMPANY, *et al.*,[1] | Case No.  15-10541 (BLS) |
| | (Jointly Administered) |
| Debtors. | **Objection Deadline: January 14, 2016 @ 4:00 p.m.**<br>**Hearing Date: February 17, 2016 @ 10:00 a.m.** |

**FINAL APPLICATION OF LOWENSTEIN SANDLER LLP AS COUNSEL TO
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR
COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF
EXPENSES INCURRED FOR THE PERIOD FROM
MARCH 24, 2015 THROUGH NOVEMBER 19, 2015**

Pursuant to 11 U.S.C. §§ 330 and 331 and Rule 2016 of the Federal Rules of Bankruptcy Procedure, Lowenstein Sandler LLP ("**Lowenstein Sandler**"), as counsel to the Official Committee of Unsecured Creditors (the "**Committee**") appointed in the chapter 11 cases of SRC Liquidation Company, et al., the above captioned debtors and debtors-in-possession (collectively, the "**Debtors**"), submits its final application (the "**Application**") for allowance of compensation and reimbursement of expenses for the period of March 24, 2015 through November 19, 2015 (the "**Final Period**").  By this Application, pursuant to the Interim Compensation Order (defined below) and the Confirmation Order (defined below), Lowenstein Sandler seeks allowance and payment of compensation in the amount of $1,992,564.75 for services rendered by Lowenstein Sandler during

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: SRC Liquidation Company (5440); SR Liquidation Holding Company (3186); SR Liquidation Technologies, Inc. (3180); SR Liquidation International, Inc. (1861); iMLiquidation, LLC (6337); SR Liquidation of Puerto Rico Inc. (0578); SR Liquidation  Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and SR Liquidation Technologies Canada ULC (0001).  The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

the Final Period.  Lowenstein Sandler also seeks allowance and reimbursement of its actual and necessary expenses in the amount of $54,722.12[2] for the Final Period.    In support of this Application, Lowenstein Sandler respectfully states as follows:

## BACKGROUND AND INTRODUCTION

1.    On March 12, 2015 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned chapter 11 cases (the "**Chapter 11 Cases**").

2.    The Debtors continue to operate their businesses and manage their property as Debtors-In-Possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these Chapter 11 Cases.

3.    On March 24, 2015, the Office of the United States Trustee appointed the Committee pursuant to section 1102(a)(1) of the Bankruptcy Code [D.I. 99].

4.    On March 24, 2015, the Committee selected Lowenstein Sandler to serve as its counsel in the Chapter 11 Cases.   Thereafter, the Committee selected Polsinelli PC as its Delaware counsel.

5.    On May 12, 2015, the Court entered the *Order Authorizing the Employment and Retention of Lowenstein Sandler LLP as Counsel to the Official Committee of Unsecured Creditors effective as of March 24, 2015* ("Retention Order") [D.I. 505].  The Retention Order authorizes Lowenstein Sandler to be compensated in accordance with the procedures set forth in 11 U.S.C. §§ 330 and 331, the applicable Federal Rules of Bankruptcy Procedure, the rules of this Court and any Order entered by this Court with respect to the compensation of professionals.

---

[2] This amount includes $6,149.95 in reimbursable expenses of members of the Committee.

6.      On April 13, 2015, the Court entered the *Order Establishing Procedures For Interim Compensation And Reimbursement Of Expenses Of Professionals* (the "**Interim Compensation Order**") [D.I. 260].

7.      Pursuant to the Interim Compensation Order, the Professionals are required to comply with certain requirements of the *United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "**Revised UST Guidelines**").   The Office of the United States Trustee has promulgated forms to aid in compliance with the Revised UST Guidelines.   Charts and tables based on such forms are attached hereto as exhibits and filled out with data to the extent relevant to these cases:

> **Exhibit A:**      Customary and Comparable Compensation Disclosures with Fee Applications;
>
> **Exhibit B:**      Summary of Timekeepers Included in this Fee Application;
>
> **Exhibit C-1:**   Budgets;
>
> **Exhibit C-2:**   Staffing Plan;
>
> **Exhibit D-1:**   Summary of Compensation Requested by Project Category;
>
> **Exhibit D-2:**   Summary of Expense Reimbursement Requested by Category; and
>
> **Exhibit E:**      Summary Cover Sheet of Fee Application.

8.      On June 19, 2015, the Court entered an order authorizing the Debtors to sell substantially all of their assets to Taylor Corporation [D.I. 698].   The transaction closed on July 31, 2015 [D.I. 889].

9.      On November 19, 2015, the Court entered its order confirming the Debtors' second amended chapter 11 plan of liquidation (the "**Confirmation Order**") [D.I. 1331].   The

Confirmation Order, ¶ 21, requires the filing of final fee applications no later than 30 days after the effective date of the plan.  The effective date has not yet occurred.

## LOWENSTEIN SANDLER'S APPLICATION FOR
## COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES

10.     Lowenstein Sandler's monthly fee applications (the "**Monthly Fee Applications**") for the periods of March 24, 2015 through November 19, 2015 have been filed and served pursuant to the Interim Compensation Order.

11.     On May 19, 2015, Lowenstein Sandler filed its First Monthly Application As Counsel To The Official Committee Of Unsecured Creditors For Compensation For Services Rendered And Reimbursement Of Expenses For The Period From March 24, 2015 Through March 31, 2014 [D.I. 529] (the "**First Monthly Fee Application**") requesting $209,616.75 in fees and $6,305.00[3] in expenses.  The Certificate of No Objection for the First Monthly Fee Application was filed on June 23, 2015 [D.I. 718].

12.     On June 9, 2015, Lowenstein Sandler filed its Second Monthly Application As Counsel To The Official Committee Of Unsecured Creditors For Compensation For Services Rendered And Reimbursement Of Expenses For The Period From April 1, 2015 Through April 30, 2015 [D.I. 640] (the "**Second Monthly Fee Application**") requesting $447,105.25 in fees and $13,253.27 in expenses.  The Certificate of No Objection for the Second Monthly Fee Application was filed on June 26, 2015 [D.I. 745].

13.     On June 16, 2015, Lowenstein  Sandler filed its Third Monthly Application As Counsel To The Official Committee Of Unsecured Creditors For Compensation For Services Rendered And Reimbursement Of Expenses For The Period From May 1, 2015 Through May 31, 2015 [D.I. 676] (the "**Third Monthly Fee Application**") requesting $399,558.00 in fees and

---

[3] This amount includes $4,398.15 in reimbursable expenses of members of the Committee.

$7,927.31 in expenses.   The Certificate of No Objection for the Third Monthly Fee Application was filed on July 6, 2015 [D.I. 779].

14.     On July 7, 2015, Lowenstein Sandler filed its Fourth Monthly Application As Counsel To The Official Committee Of Unsecured Creditors For Compensation For Services Rendered And Reimbursement Of Expenses For The Period From June 1, 2015 Through June 30, 2014 [D.I. 788] (the "**Fourth Monthly Fee Application**") requesting $476,100.75 in fees and $10,965.56[4] in expenses.   The Certificate of No Objection for the Fourth Monthly Fee Application was filed on July 24, 2015 [D.I. 873].

15.     On July 15, 2015, Lowenstein Sandler filed its First Interim Fee Application As Counsel To The Official Committee Of Unsecured Creditors For Compensation For Services Rendered And Reimbursement Of Expenses For The Period From March 24, 2015 Through June 30, 2014 [D.I. 839] (the "**First Interim Fee Application**") requesting $1,056,280.00 in fees and $27,485.12[5] in expenses.   The First Interim Fee Application was approved on August 14, 2015, by the *First Omnibus Order Awarding Interim Allowance Of Compensation For Services Rendered And For Reimbursement Of Expenses* [D.I. 930] (the "**First Interim Fee Order**").

16.     On August 14, 2015, Lowenstein Sandler filed its Fifth Monthly Application As Counsel To The Official Committee Of Unsecured Creditors For Compensation For Services Rendered And Reimbursement Of Expenses For The Period From July 1, 2015 Through July 31, 2015 [D.I. 932] (the "**Fifth Monthly Fee Application**") requesting $175,700.00 in fees and $9,017.98 in expenses.   The Certificate of No Objection for the Fifth Monthly Fee Application was filed on September 2, 2015 [D.I. 1008].

---

[4] This amount includes $1,751.80 in reimbursable expenses of members of the Committee.
[5] This amount includes $6,149.95 in reimbursable expenses of members of the Committee.

17.     On September 15, 2015, Lowenstein  Sandler filed its Sixth Monthly Application As Counsel To The Official Committee Of Unsecured Creditors For Compensation For Services Rendered And Reimbursement Of Expenses For The Period From August 1, 2015 Through November 19, 2015 [D.I. 1045] (the "**Sixth Monthly Fee Application**") requesting $76,635.50 in fees and $2,156.01 in expenses.   The Certificate of No Objection for the Sixth Monthly Fee Application was filed on October 2, 2015 [D.I. 1132].

18.     On October 12, 2015, Lowenstein  Sandler filed its Seventh Monthly Application As Counsel To The Official Committee Of Unsecured Creditors For Compensation For Services Rendered And Reimbursement Of Expenses For The Period From September 1, 2015 Through September 30, 2015 [D.I. 1154] (the "**Seventh Monthly Fee Application**") requesting $97,391.25 in fees and $2,336.52 in expenses.   The Certificate of No Objection for the Seventh Monthly Fee Application was filed on October 29, 2015 [D.I. 1237].

19.     On October 15, 2015, Lowenstein Sandler filed its Second Interim Fee Application As Counsel To The Official Committee Of Unsecured Creditors For Compensation For Services Rendered And Reimbursement Of Expenses For The Period From June 1, 2015 Through September 30, 2014 [D.I. 1179] (the "**Second Interim Fee Application**") requesting $825,827.50 in fees and $24,476.07[6] in expenses.  The Second Interim Fee Application was approved on August 14, 2015, by the *Second Omnibus Order Awarding Interim Allowance Of Compensation For Services Rendered And For Reimbursement Of Expenses* [D.I. 930] (the "**Second Interim Fee Order**").

20.     On November 16, 2015, Lowenstein  Sandler filed its Eighth Monthly Application As Counsel To The Official Committee Of Unsecured Creditors For Compensation For Services Rendered And Reimbursement Of Expenses For The Period From October 1, 2015

---

[6] This amount includes $1,751.80 in reimbursable expenses of members of the Committee.

Through October 31, 2015 [D.I. 1297] (the "**Eighth Monthly Fee Application**") requesting $53,644.75 in fees and $1,109.39 in expenses.   The Certificate of No Objection for the Eighth Monthly Fee Application was filed on December 3, 2015 [D.I. 1361].

21.     On December 2, 2015, Lowenstein  Sandler filed its Ninth Monthly Application As Counsel To The Official Committee Of Unsecured Creditors For Compensation For Services Rendered And Reimbursement Of Expenses For The Period From November 1, 2015 Through November 19, 2015 [D.I. 1356] (the "**Ninth Monthly Fee Application**") requesting $56,812.50 in fees and $1,651.08 in expenses.   The Ninth Monthly Fee Application is pending.

22.     The Monthly Fee Applications covered by this Application contain detailed daily time logs describing the actual and necessary services provided and expenses incurred by Lowenstein Sandler during the periods covered by such applications, as well as other detailed information required to be included in fee applications.   A detailed description of the services rendered during the Final Period is attached hereto as **Exhibit A-1** and a detailed description of the expenses incurred during the Final Period is attached hereto as **Exhibit D-3**.

23.     In accordance with the Interim Compensation Order and the Confirmation Order, Lowenstein Sandler seeks final approval and payment in an amount equal to the difference between the full amount of the fees and expenses requested in the above-referenced Monthly Fee Applications and the actual payments received by Lowenstein Sandler on account of the Monthly Fee Applications.

## SUMMARY OF SERVICES

24.     During the Final Period, and except as otherwise disclosed by filings with the Court, Lowenstein Sandler rendered professional services to the Committee solely in connection with these Chapter 11 Cases and on behalf of the Committee in accordance with Lowenstein

Sandler's professional responsibilities.    The services performed were necessary to the administration of these Chapter 11 Cases and were beneficial at the time at which the services were rendered.  All services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed.

25.    The main categories of services performed by Lowenstein Sandler during the Final Period are summarized as follows:

a.    <u>Case Administration</u>:  This category includes various administrative tasks conducted by Lowenstein Sandler including, without limitation, reviewing general case documents, reviewing and maintaining case calendars, filing and service of pleadings, preparing *pro hac vice applications*, setting up a discovery database and creating Committee contact lists, as well as other miscellaneous tasks that are otherwise not separately classifiable.  110.40 hours, $41,626.00.

b.    <u>Investigation of Prepetition Lenders</u>:  This category includes time spent with respect to the Committee's investigation of the liens and claims of the Debtors' prepetition lenders.  The time spent in this category includes the review of prepetition loan documents, review and analysis of other relevant documents relating to the Debtors' prepetition loans and related transactions, review and analysis of the extent, validity and priority of the liens of the prepetition lenders, research and analysis of potential challenges to certain liens of the prepetition lenders, communications with counsel for the Debtors and the prepetition lenders with respect to the liens and claims of the prepetition lenders, and the preparation of summaries,

8

memoranda and other written materials regarding the liens and claims of the prepetition lenders. This category also includes time spent with respect to the review and analysis of the prepetition lender's objection to the Committee's lien challenge and standing motion, as well as attending to certain lien perfection issues. 190.70 hours, $91,981.50.

c.    Asset Disposition:   This category includes time spent by Lowenstein Sandler in connection with the disposition of substantially all assets of the Debtors' estates.   The time spent in this category includes time Lowenstein Sandler spent (i) communicating with the Debtors' counsel and the Committee's financial advisors regarding the sale process and bid procedures process in connection with the sale of the Debtors' business, (ii) preparing for and taking depositions in connection with the sale, (iii) engaging in discovery and research in connection with the sale, (iv) communicating with potential bidders; (v) preparing and attending to various objections to the Debtors' sale motion, (vi) communicating frequently with the Committee and the Committee's financial advisors with respect to the sale process, bids, auction and wind down issues, (vii) reviewing bid packages, (iix) preparing for the auction and sale hearing, (ix) preparing the general unsecured creditors' trust agreement and transition services agreement approved under the sale order, including extensive negotiations with Debtors and lenders, (x) attending to matters related to the closing of an asset sale to Taylor Corporation, (xi) analyzing, providing comments and preparing a statement in connection with the

Debtors' motion to establish procedures to transfer, abandon or sell *de minimus* assets, and (xii) attending to issues related to the Debtors' sale of Indiana property.  668.90 hours, $414,117.50.

d.      <u>Relief from Stay/Adequate Protection Proceedings</u>:    This category includes time spent by Lowenstein Sandler in connection with researching issues involved with lift stay motions filed by parties such as Volt Consulting Group, Ltd., Georgia-Pacific Consumer Products, LP and CareSource Management Group Co., as well as communications with the Debtors' counsel, counsel to the various counterparties and the Committee regarding the resolution of these lift stay motions.  10.7 hours, $6,651.00.

e.      <u>Meetings of and Communications with Creditors</u>: This category includes time spent by Lowenstein Sandler communicating with the Committee (both in written updates and through telephonic meetings) and other creditors concerning all aspects of the Chapter 11 Cases.    Such communications included, but were not limited to, communications regarding the drafting of Committee bylaws and confidentiality agreements, selection of a financial advisor, preparation for the §341 meeting, preparation of a §1102 motion, updates regarding case developments and strategy, the sale processes, discovery, status of various motions, DIP financing, committee member expenses, claim issues, and plan and confirmation issues.  This category also includes time spent by Lowenstein Sandler responding to creditor inquiries.    283.00 hours, $163,356.50.

f.   <u>Fee/Employment Applications</u>:   This category includes time spent by Lowenstein Sandler in connection with the preparation and filing of its retention application, monthly fee applications and interim fee applications.  56.80 hours, $24,271.00.

g.   <u>Employment and Retention Applications - Others</u>:  This category includes time spent by Lowenstein Sandler in connection with the selection of financial advisors and local counsel for the Committee, as well as the preparation and filing of the retention applications of professionals retained by the Committee in these Chapter 11 Cases, and communications with various parties regarding the retention applications. This category also includes time spent by Lowenstein Sandler in connection with the review of the Debtors' motions to retain various professionals.   Lowenstein Sandler also attended to objections to the retention of certain professionals by the Committee, prepared a response to the objections and prosecuted same.  This category also includes time spent by Lowenstein Sandler in connection with the preparation and filing of monthly and interim fee applications for the Committee's professionals. 63.50 hours, $41,182.00.

h.   <u>Fee Applications and Invoices – Others</u>:   This category includes time spent by Lowenstein Sandler reviewing fee applications filed by the Debtors' and lenders' professionals and preparing objections to same, as well as reviewing fee applications of professionals retained by the Committee.  This category also includes time spent by Lowenstein Sandler

11

attending to objections to its fee application and preparing budget and staffing plans. 46.50 hours, $26,844.50.

i.  <u>Assumption/Rejection of Leases and Contracts</u>:  This category includes time spent by Lowenstein Sandler in connection with attending to the Debtors' proposed assumption and assignment of executory contracts, and rejection of certain leases, as well as attending to various objections to cure amounts in connection with the Debtors' assumption of certain executory contracts and unexpired leases.   21.90 hours, $14,376.00.

j.  <u>Other Contested Matters (excluding assumption/rejection motions)</u>: This category includes significant time spent by Lowenstein Sandler engaging in discovery in connection with the Debtors' prepetition transactions, post-petition financing, insider and avoidance actions, and valuation issues. This category also includes time spent communicating with the Debtors' counsel, counsel to the various counterparties and the Committee regarding these issues.  In addition, this category includes time spent by Lowenstein Sandler drafting a motion for standing with respect to claims related to pre-petition transactions, prosecuting the contested motion, as well as negotiating a scheduling order and engaging in settlement discussions with certain defendants, communicating with Debtors' counsel, lender's counsel and the Committee's professionals regarding a global settlement, preparing of settlement term sheets and multiple versions of the settlement agreement; attending various depositions in connection with misappropriation of trade secrets litigation, and

conducting research regarding other estate claims.   This category also includes time spent by Lowenstein Sandler attending to the State of Ohio Civil Rights Commission's charges and attending to the Debtors' motion to reject certain collective bargaining agreements.   700.70 hours, $359,928.50.

k.      Non-Working Travel: This category covers time expended by attorneys from Lowenstein Sandler for traveling to Court to attend Court hearings, deposition, auction, and other meetings on behalf of the Committee. This category also includes time spent by Lowenstein Sandler traveling to New York, Ohio and Illinois for depositions.  Travel related time incurred by Lowenstein Sandler is billed at 50% of normal hourly rates. 89.50 hours, $24,676.75.

l.      Business Operations: This category includes time spent in connection with preparing objections to the Debtors' critical vendor and cash management motions and providing input to the Debtors regarding certain first day orders. Lowenstein Sandler attorneys also spent time in this category attending to the closure of bank accounts, researching intercompany transactions and reviewing monthly operating reports, weekly performance reporting and other financial data of the Debtors. Lowenstein Sandler attorneys also spent time in this category in connection with budgeting, and wind-down issues. 63.00 hours, $38,971.50.

m.    <u>Employee Benefits/Pensions</u>:  This category includes work performed by Lowenstein Sandler in connection with the Debtors' motion to terminate severance plan and modify and/or terminate other employee benefit plans. This category also includes work performed by Lowenstein Sandler in connection with the wage motion and KEIP motion, engaging in discovery related to the KEIP motion, and resolving the Committee's objection to the KEIP motion. 44.20 hours, $25,482.50.

n.    <u>Financing/Cash Collateral</u>:  This category includes significant time Lowenstein Sandler spent reviewing and analyzing all relevant pleadings, correspondence and other documents in connection with the Debtors' DIP financing. This category includes time spent conducting due diligence, extensive discovery and legal research and drafting objections, as well as corresponding and communicating with the Debtors' counsel, the lender's counsel, the Committee's financial advisor regarding the DIP financing terms and budget. This category also includes time spent by Lowenstein Sandler addressing amendments to the budget and interim and final DIP financing orders. 428.40 hours, $225,403.00.

o.    <u>Tax Issues</u>: This category includes time spent by Lowenstein Sandler in connection with the Debtors' net operating loss motion, and preparation of the Committee's objection to same. 14.20 hours, $9,893.50.

p.    <u>Claims Administration</u>:  This category includes time spent by Lowenstein Sandler attending to the Debtors' critical vendor motion, and providing input to the Debtors regarding the critical vendor order. This category

also includes time spent in connection with providing input to the Debtors regarding the bar date motion, and preparing an objection to certain Section 503(b)(9) claims.   This category also includes time spent by Lowenstein Sandler attending to and communicating with the Committee's financial advisors, Committee members and the Debtors' professionals regarding omnibus claim objections, SERP claims, 503(b)(9) claims, PBGC claims, and critical vendor claim issues.   88.70 hours, $55,030.50.

q.    Plan and Disclosure Statement: This category includes time spent by Lowenstein Sandler attending to plan matters, including the Debtors' exclusivity extension motion, the proposed plan timeline and solicitation motion.   Lowenstein Sandler drafted extensive revisions to the plan of liquidation and disclosure statement, and communicated with the Committee's financial advisors and the Debtors' professionals regarding plan issues.   194.80 hours, $123,919.50.

r.    Adversary Proceedings and Bankruptcy Court Litigation:  This category includes significant time spent by Lowenstein Sandler in connection with drafting a lien challenge complaint, as well as researching causes of action and drafting a complaint and an amended complaint against the Debtors' directors and officers and prepetition secured lenders.  This category also includes time spent by Lowenstein Sandler preparing for depositions in connection with the misappropriation of trade secrets adversary proceeding, and drafting a joinder to the Plaintiff's opposition to motion to

15

transfer venue in the trade secrets adversary proceeding. 572.60 hours, $291,292.00.

s.    <u>Schedules and Statements</u>: This category includes time spent by Lowenstein Sandler reviewing the Debtors' Schedules and Statements of Financial Affairs. 5.70 hours, $2,796.00.

t.    <u>Other – Insurance Matters</u>:    This category includes time spent by Lowenstein Sandler in connection with the Debtors' D&O insurance coverage, and corresponding with D&O insurance carriers regarding claims.  11.5 hours, $6,763.50.

26.    Lowenstein Sandler has rendered professional services as counsel to the Committee as requested and necessary and appropriate in furtherance of the Committee's duties and functions in these Chapter 11 Cases.

27.    During the course of these Chapter 11 Cases, Lowenstein Sandler incurred and paid its actual and necessary disbursements and expenses.

28.    This is Lowenstein Sandler's final application pursuant to the Interim Compensation Order and the Confirmation Order.  Lowenstein Sandler has made no prior or other application to this or any other Court for the relief requested herein.

<u>**STATEMENT FROM THE APPLICANT**</u>

29.    Pursuant to the Revised UST Guidelines, Lowenstein Sandler states as follows:

a)    Lowenstein Sandler has not agreed to variations from, or alternatives to, its standard or customary billing rates, fees or terms for services that were provided during the Final Period.

16

b)      The fees sought by Lowenstein Sandler in this Application for the period of March 24, 2015 through November 19, 2015 are within the fees budgeted pursuant to the budgets provided by Lowenstein Sandler to the Committee for these months.

c)      No professionals from Lowenstein Sandler covered by the Final Period for this Application have varied their hourly rates based upon the geographical location of the Chapter 11 Cases.

d)      The Final Period covered by this Application includes 5.4 hours with a value of $3,429.00 spent by Lowenstein Sandler reviewing invoices to ensure that the time entries attached to this application are properly coded to comply with the U.S. Trustee Guidelines.

e)      This Application includes 3.6 hours with a value of $2,374.00 spent by Lowenstein Sandler in reviewing time records to redact any privileged or other confidential information.

f)      As disclosed in its retention documents filed with the Court and other filings, Lowenstein Sandler had a rate increase effective July 1, 2015.

## RELIEF REQUESTED

20.      By this Application, Lowenstein Sandler requests that the Court approve payment of one-hundred percent (100%) of the fees and expenses incurred by Lowenstein Sandler during the Final Period of March 24, 2015 through November 19, 2015.

21.      The professional services and related expenses for which Lowenstein Sandler requests approval were rendered and incurred in connection with the Chapter 11 Cases in accordance with Lowenstein Sandler's professional responsibilities as counsel to the Committee.

Lowenstein Sandler's services have been necessary and beneficial to the Committee, the Debtors, the Debtors' estates and creditors, and other parties in interest.

22.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount of compensation requested by Lowenstein Sandler in this Application is fair and reasonable given (a) the complexity of the Chapter 11 Cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code. Moreover, Lowenstein Sandler has reviewed the requirements of Del. Bankr. L.R. 2016-2, the Interim Compensation Order, the Confirmation Order, and the Revised UST Guidelines and believes this Application complies with such Local Rule, Order and guidelines.

## CERTIFICATION OF COUNSEL

23.     A Certification of Counsel is attached hereto as **Exhibit F** and made part of this Application.

**WHEREFORE**, Lowenstein Sandler LLP respectfully requests the Court enter an order, substantially in the form attached hereto, providing (a)  that an interim allowance be made to Lowenstein Sandler LLP for the period from March 24, 2015 through November 19, 2015, in the amount of (i) $1,992,564.75 as compensation for necessary professional services rendered, and (ii) $54,722.12 for actual and necessary expenses incurred, for a total of $2,047,286.87; (b) that the Debtors are authorized and directed to pay Lowenstein Sandler the outstanding amount of such sums; and (c) for such other and further relief as may be just and proper.

Dated: December 15, 2015                    Respectfully submitted,

                                                   **LOWENSTEIN SANDLER LLP**
Kenneth A. Rosen, Esq.
Sharon L. Levine, Esq.
Wojciech F. Jung, Esq.
65 Livingston Avenue
Roseland, NJ  07068
Telephone:  (973-597-2500
Facsimile:  (973) 597-2400
krosen@lowenstein.com
slevine@lowenstein.com
wjung@lowenstein.com

*-and-*

**POLSINELLI PC**

*/s/ Christopher A. Ward*
Christopher A. Ward (Del. Bar No. 3877)
Justin K. Edelson (Del. Bar No. 5002)
222 Delaware Avenue, Suite 1101
Wilmington, DE 19801
Telephone:  (302) 252-0920
Facsimile:  (302) 252-0921
cward@polsinelli.com
jedelson@polsinelli.com

***Counsel to the Official Committee of Unsecured
Creditors***