**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| *In re:* | Chapter 11 |
| **SRC LIQUIDATION COMPANY,** *et al.,* | Case No. 15-10541 (BLS) |
| Debtor.[1] |  |

**ZOLFO COOPER LLC'S JOINT: (I) THIRD INTERIM APPLICATION FOR THE PERIOD OF OCTOBER 1, 2015 THROUGH NOVEMBER 19, 2015 AND (II) FINAL FEE APPLICATION FOR THE PERIOD FROM MARCH 24, 2015 THROUGH NOVEMBER 19, 2015 FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS FINANCIAL AND FORENSIC ADVISORS TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

| Name of applicant (the "Applicant"): | Zolfo Cooper, LLC |
|---|---|
| Authorized to provide professional services to: | Official Committee of Unsecured Creditors of SRC Liquidation Company |
| Date of retention: | *Nunc Pro Tunc* to March 24, 2015 |
| Period for which Interim compensation and reimbursement is sought: | October 1, 2015 through November 19, 2015 |
| Amount of Interim compensation sought as actual, reasonable and necessary: | $ 48,166.50 |
| Amount of Interim expense reimbursement sought as actual, reasonable and necessary: | $ 561.70 |
| Period for which Final compensation and reimbursement is sought: | March 24, 2015 through November 19, 2015 |
| Amount of Final compensation sought as actual, reasonable and necessary: | $ 787,493.50 |
| Amount of Final expense reimbursement sought as actual, reasonable and necessary: | $ 12,405.31 |
| Blended hourly rate for fees incurred during the Interim Compensation Period: | $ 430.06 |
| Blended hourly rate for fees incurred during the Final Compensation Period: | $ 493.63 |

This is a:  Joint Third Interim and Final Fee Application

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

## SUMMARY OF MONTHLY FEE STATEMENTS FILED DURING THE THIRD INTERIM PERIOD

| Date Filed / Docket No. | Period Covered | Fees | Expenses | Date CNO filed / Docket No. | Paid Fees | Paid Expenses |
|---|---|---|---|---|---|---|
| 11/23/2015 D.I. 1336 | 10/01/15 – 10/31/15 | $23,961.50 | $80.20 | 12/10/2015 D.I. 1383 | Pending | Pending |
| 12/10/2015 D.I. 1380 | 11/01/15 – 11/19/15 | $24,205.00 | $481.50 | Pending | Pending | Pending |
|  | **TOTAL** | **$48,166.50** | **$561.70** |  | Pending | Pending |

**SUMMARY OF HOURS AND FEES BY PROFESSIONAL FOR THE THIRD INTERIM PERIOD**

| PROFESSIONAL | TITLE | RATE[1] | TOTAL HOURS DURING PERIOD | TOTAL FEES DURING PERIOD |
|---|---|---|---|---|
| David MacGreevey | Managing Director | $795 | 8.6 | $6,837.00 |
| Mark Cervi | Director | $585 | 18.7 | $10,939.50 |
| Kristen Draus | Associate | $360 | 58.7 | $21,132.00 |
| Eugene Lavrov | Associate | $395 | 16.8 | $6,636.00 |
| Lawrence Park | Associate | $395 | 1.5 | $592.50 |
| Jeffrey Bingham | Analyst | $265 | 6.6 | $1,749.00 |
| **Subtotal for Professionals** | | | 110.9 | $47,886.00 |
| Laurie Verry | Paralegal | $255 | 1.1 | $280.50 |
| **Total** | | | 112.0 | $48,166.50 |

(1) Travel time rates are reduced by 50%

Average Billing Rate    $430.06

## SUMMARY OF HOURS AND FEES BY MATTER CATEGORY FOR THE THIRD INTERIM PERIOD

| PROJECT CODE | PROJECT CATEGORY | TOTAL HOURS DURING PERIOD | TOTAL FEES DURING PERIOD |
|---|---|---|---|
| 1 | Planning & Coordination/ Case Management | 0.4 | $318.00 |
| 3 | Meetings with UCC Members and/or UCC Professionals | 6.9 | $4,449.00 |
| 4 | Debtor & Debtor's Professional Meetings including Corporate and Operations Site Visits | 0.3 | $175.50 |
| 6 | Financial and Other Due Diligence | 73.7 | $29,357.00 |
| 9 | Other Diligence | 8.3 | $4,077.00 |
| 11 | Retention, Fee Statements and Fee Applications | 19.6 | $8,268.00 |
| 12 | Internal Meetings / Discussions | 2.8 | $1,522.00 |
| Total | | 112.0 | $48,166.50 |

(1) Travel time rates are reduced by 50%

Average Billing Rate    $430.06

**SUMMARY OF EXPENSES FOR THE THIRD INTERIM PERIOD**

5

| Expense Category | Total Expenses During Period |
|---|---:|
| Ground Transportation | $81.50 |
| Lodging | $400.00 |
| Miscellaneous | $80.20 |
| **Total** | **$561.70** |

**SUMMARY OF INTERIM FEE APPLICATIONS FILED DURING THE FINAL PERIOD**

| Date Filed / Docket No. | Period Covered | Requested Fees [1] | Requested Expenses | Paid Fees | Paid Expenses | Remaining Holdback |
|---|---|---|---|---|---|---|
| July 15, 2015 D.I. 841 | March 24, 2015 – May 31, 2015 | $528,007.50 | $9,832.73 | $528,007.50 | $9,832.73 | $ - |
| October 15, 2015 D.I. 1174 | June 1, 2015 – September 30, 2015 | $211,319.50 | $2,010.88 | $211,319.50 | $2,010.88 | $ - |
| December 15, 2015 | October 1, 2015 – November 19, 2015 | $48,166.50 | $561.70 | Pending | Pending | $9,633.30 |
| | **TOTAL** | **$787,493.50** | **$12,405.31** | **$739,327.00** | **$11,843.61** | **$9,633.30** |

_____
1. This Application does not include additional fees and expenses incurred after November 19, 2015 in connection with the preparation, filing and prosecution of this final application. Zolfo Cooper will subsequently seek payment of those fees and expenses.

**SUMMARY OF HOURS BY PROFESSIONAL FOR THE FINAL PERIOD**

| PROFESSIONAL | TITLE | RATE[1] | TOTAL HOURS DURING PERIOD | TOTAL FEES DURING PERIOD |
|---|---|---|---|---|
| David MacGreevey | Managing Director | $795 | 229.8 | $171,282.75 |
| Richard Collura | Managing Director | $775 | 0.6 | $465.00 |
| Charlie Carnaval | Senior Director | $770 | 8.0 | $6,160.00 |
| Bret Fernandes | Senior Director | $770 | 46.7 | $35,959.00 |
| Mark Cervi | Director | $585 | 388.0 | $222,621.75 |
| Raymond Li | Director | $550 | 25.8 | $14,190.00 |
| Corbin Butcher | Associate | $395 | 331.5 | $130,942.50 |
| Kristen Draus | Associate | $360 | 78.2 | $28,152.00 |
| Eugene Lavrov | Associate | $395 | 395.3 | $152,588.50 |
| Lawrence Park | Associate | $395 | 1.5 | $592.50 |
| Jeffrey Bingham | Analyst | $265 | 6.6 | $1,749.00 |
| Andrew Gern | Analyst | $265 | 27.6 | $7,314.00 |
| Andrew Valentini | Analyst | $265 | 0.4 | $106.00 |
| Elizabeth Kardos | Counsel | $490 | 5.4 | $2,646.00 |
| **Subtotal for Professionals** | | | 1,545.4 | $774,769.00 |
| Laurie Verry | Paralegal | $255 | 49.9 | $12,724.50 |
| **Total** | | | 1,595.3 | $787,493.50 |

(1) Travel time rates are reduced by 50%

Average Billing Rate    $493.63

**SUMMARY OF HOURS BY MATTER CATEGORY FOR THE FINAL PERIOD**

| PROJECT CODE | PROJECT CATEGORY | TOTAL HOURS DURING PERIOD | TOTAL FEES DURING PERIOD |
|---|---|---|---|
| 1 | Planning & Coordination/ Case Management | 10.4 | $7,047.00 |
| 2 | 363 Sale Process | 33.0 | $22,563.00 |
| 3 | Meetings with UCC Members and/or UCC Professionals | 237.0 | $124,933.00 |
| 4 | Debtor & Debtor's Professional Meetings including Corporate and Operations Site Visits | 26.7 | $17,239.50 |
| 5 | Employee Compensation and Advisor Retention Matters | 50.2 | $29,398.50 |
| 6 | Financial and Other Due Diligence | 361.9 | $170,665.50 |
| 7 | Liquidity, Cash Management and Cash Collateral Analysis | 172.7 | $92,338.00 |
| 8 | Business Plan Analysis and Assessment | 21.6 | $11,030.00 |
| 9 | Other Diligence | 35.7 | $17,371.00 |
| 10 | Non-Working Travel Time | 61.6 | $19,321.50 |
| 11 | Retention, Fee Statements and Fee Applications | 224.2 | $89,319.00 |
| 12 | Internal Meetings / Discussions | 57.6 | $32,144.00 |
| 13 | Preparing for and Attending Depositions | 35.5 | $25,982.50 |
| 14 | Adversary Proceeding | 267.2 | $128,141.00 |
| Total | | 1,595.3 | $787,493.50 |

(1) Travel time rates are reduced by 50%

Average Billing Rate    $493.63

**SUMMARY OF EXPENSES FOR THE FINAL PERIOD**

| Expense Category | Total Expenses During Period |
|---|---:|
| Airfare | $4,889.17 |
| Ground Transportation | $2,909.02 |
| Lodging | $1,743.33 |
| Meals | $1,455.35 |
| Miscellaneous | $1,408.44 |
| **Total** | **$12,405.31** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re:*<br><br>**SRC LIQUIDATION COMPANY,**<br>*et al.,*<br><br>Debtor.[2] | Chapter 11<br><br>Case No. 15-10541 (BLS) |

**ZOLFO COOPER LLC'S JOINT: (I) THIRD INTERIM APPLICATION FOR THE PERIOD OF OCTOBER 1, 2015 THROUGH NOVEMBER 19, 2015 AND (II) FINAL FEE APPLICATION FOR THE PERIOD FROM MARCH 24, 2015 THROUGH NOVEMBER 19, 2015 FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS FINANCIAL AND FORENSIC ADVISORS TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and the Court's Order Establishing Interim Compensation Procedures [D.I. 260] (the "Administrative Order"), Zolfo Cooper, LLC ("Zolfo Cooper" or "ZC"), financial and forensic advisors to the Official Committee of Unsecured Creditors (the "Creditors' Committee" or the "Committee") of SRC Liquidation Company, in the above-captioned case (the "Debtor" or the "Company"), hereby submits this joint Third Interim Application and Final Fee Application (the "Fee Application") for: (i) interim allowance of compensation for professional services rendered and for reimbursement of expenses incurred for the period from October 1, 2015 through November 19, 2015 (the "Third Interim Period") and (ii) final allowance of compensation for professional services rendered and for reimbursement of expenses incurred for the period from March 24, 2015 through November 19, 2015 (the "Final Period").

---

[2] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

**Background**

1. <u>Bankruptcy Filing</u>. On March 12, 2015 (the "Petition Date"), the Debtor commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtor continues to operate its businesses and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On March 24, 2015 the Office of the United States Trustee entered a notice of the Appointment of the Official Committee of Unsecured Creditors pursuant to §1102(a)(1) of the Bankruptcy Code.

3. No trustee or examiner has been appointed in the Debtor's bankruptcy case.

4. <u>Jurisdiction</u>. This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of the Debtor's chapter 11 case and this Application is proper under 28 U.S.C. §§ 1408 and 1409. The predicates for the relief sought herein are sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") including Local Rule 2016-2, and the Administrative Order.

5. <u>Administrative Order.</u> On April 13, 2015, the Court signed the Administrative Order, authorizing retained professionals ("<u>Professionals</u>") to submit monthly applications for compensation and reimbursement for expenses, pursuant to the procedures specified therein. The Administrative Order provides that upon the expiration of the Objection Deadline, a Professional may file a certificate of no objection (a "CNO") with the court with respect to the unopposed portion of fees and expenses requested in its Monthly Fee Application. After a CNO is filed, the Debtor is authorized and directed to pay the Professional an amount (the "Actual Monthly Payment") equal to the lesser of (i) 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee

Application (the "Maximum Monthly Payment") and (ii) 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Application that are not subject to an objection.

**Retention of Zolfo Cooper**

6. On March 24, 2015, the Committee selected Zolfo Cooper ("ZC" or the "Firm") to serve as financial and forensic advisors.

7. The Bankruptcy Court entered an order on May 18, 2015 [Docket No. 522] (the "April 20, 2015 Retention Order") authorizing the retention of ZC, *nunc pro tunc* to March 24, 2015, to:

   i. Monitor the Debtor's cash flow and operating performance, including:

      1. Comparing actual financial and operating results to plans,

      2. Evaluating the adequacy of financial and operating controls,

      3. Tracking the status of the Debtor's/Debtor's professionals' progress relative to developing and implementing programs such as preparation of a business plan, identifying and disposing of non-productive assets, and other such activities,

      4. Preparing periodic presentations to the Committee summarizing findings and observations resulting from ZC's monitoring activities;

   ii. Analyze and comment on operating and cash flow projections, business plans, operating results, financial statements, other documents and information provided by the Debtor/Debtor's professionals, and other information and data pursuant to the Committee's request;

   iii. Advise the Committee concerning interfacing with the Debtor, other constituencies and their respective professionals;

   iv. Prepare for and attend meetings of the Committee and subcommittees thereof;

   v. Analyze claims and perform investigations of potential preferential transfers, fraudulent conveyances, related-party transactions and such other transactions as may be requested by the Committee;

   vi. Analyze and advise the Committee about the Debtor's proposed Plan of Reorganization, the underlying Business Plan, including the related assumptions and rationale, and the related Disclosure Statement; and

   vii. Provide forensic and litigation consulting services at the direction of the Committee's legal counsel; and

        viii.    Provide other services as requested by the Committee.

8.    The Retention Order approved the terms of ZC's Fee and Expense Structure set forth in the Engagement Letter and authorized ZC to be compensated pursuant to the terms of the Engagement Letter and procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Administrative Order and any other applicable orders of this Court.

### ZOLFO COOPER'S APPLICATION FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES

#### Monthly Fee Applications Covered Herein

9.    ZC is jointly seeking an interim allowance of compensation in the amount of $48,166.50 and reimbursement of actual and necessary expenses in the amount of $561.70 for a total interim allowance of $48,728.20 for the Third Interim Period.

10.    Further, the Monthly Fee Applications for the periods October 1, 2015 through October 31, 2015 [D.I. 1336], November 1, 2015 through November 19, 2015 [D.I. 1380] (the "Prior Monthly Fee Periods") of ZC have been filed and served pursuant to the Administrative Order.

11.    The monthly fee applications covered by this Application contain detailed daily time logs describing the actual and necessary services provided by ZC during the fee periods as well as other detailed information required to be included in the monthly fee applications.

#### Interim and Final Applications Covered Herein

12.    ZC is jointly seeking final allowance of compensation in the amount of $787,493.50 and reimbursement of actual and necessary expenses in the amount of $12,405.31 for a total final allowance of $799,898.81 for the Final Period.

13.    Further, the Interim Fee Applications for the interim periods March 24, 2015 through May 31, 2015 [D.I. No. 841] and June 1, 2015 through September 30, 2015 [D.I. 1174] of

ZC have been filed and served pursuant to the Administrative Order. The Interim Fee Application for the Third Interim Period is being filed contemporaneously herewith.

**Summary of Services Provided During the Third Interim Period**

14.     Summarized below is a description of the services provided by ZC to the Committee during the Interim Period in each significant service area. The primary focus of ZC was centered around the following areas:

1) *Project Code 1:  Planning and Coordination (0.4 hours)*

   Includes engagement scoping, resource planning, and engagement execution strategy.

2) *Project Code 3: Meetings with Committee Members and/or Professionals (6.9 hours)*

   Primarily includes time spent updating the Creditors' Committee with regard to status of the case. In addition, discussion with and analysis completed with other professionals representing the Creditors' Committee will be included.

3) *Project Code 4:  Debtor & Debtor's Professional Meetings including Corporate and Operations Site Visits (0.3 hours)*

   Time spent attending meetings and discussions with Management and Debtor professionals, either telephonically or onsite at Company properties.

4) *Project Code 6:  Financial and Other Due Diligence (73.7 hours)*

   Time spent researching and documenting relevant information regarding the Debtors' state of affairs from public and non-public sources, including, but not limited to, SEC filings, filings on the electronic court docket, press releases, documents and schedules provided in the virtual data room.

5) *Project Code 9:  Other Due Diligence (8.3 hours)*

   Other diligence, including time spent reviewing and analyzing: vendor contracts, company operational matters, leases, statements of financial affairs and schedules of assets and liabilities.

6) *Project Code 11: Fee Statements and Fee Applications (19.6 hours)*

Time billed under this category was for the necessary time that Zolfo Cooper professionals and paraprofessionals spent managing the retention and fee application process. Appropriate staffing levels, including an emphasis on paraprofessionals, were utilized to minimize the cost associated with these activities.

7) *Project Code 12: Internal Meetings / Discussions (2.8 hours)*

   Time spent by ZC professionals discussing and brainstorming the case either telephonically or in person.

### Summary of Services Provided During the Final Period

15. Summarized below is a description of the services provided by ZC to the Committee during the Final Period in each significant service area. The primary focus of ZC was centered around the following areas:

1) *Project Code 1:  Planning and Coordination (10.4 hours)*

   Includes engagement scoping, resource planning, and engagement execution strategy.

2) *Project Code 2: 363 Sale Process (33.0 hours)*

   Primarily includes time spent analyzing and monitoring the company's proposed 363 sale process. In addition, this includes discussion with and analysis completed with other professionals representing the Committee as well as professionals representing potential bidders.

3) *Project Code 3:  Meetings with Committee Members and/or Professionals (237.0 hours)*

   Primarily includes time spent updating the Creditors' Committee with regard to status of the case. In addition, discussion with and analysis completed with other professionals representing the Creditors' Committee will be included.

4) *Project Code 4:  Debtor & Debtor's Professional Meetings including Corporate and Operations Site Visits (26.7 hours)*

   Time spent attending meetings and discussions with Management and Debtor professionals, either telephonically or onsite at Company properties.

5) *Project Code 5:  Employee Compensation and Advisor Retention Matters (50.2 hours)*

15

    Time spent on research and analysis related to Debtor employee compensation matters and Debtor retained professionals. This includes time spent reviewing the Debtor's proposed key employee incentive plan and the Debtor professionals' retention agreement and monthly fee statement to determine reasonableness of engagement.

6) *Project Code 6: Financial and Other Due Diligence (361.9 hours)*

    Time spent researching and documenting relevant information regarding the Debtors' state of affairs from public and non-public sources, including, but not limited to, SEC filings, filings on the electronic court docket, press releases, documents and schedules provided in the virtual data room.

7) *Project Code 7: Liquidity, Cash Management and Cash Collateral Analysis (172.7 hours)*

    Time spent analyzing and reviewing weekly cash flow statements and their respective variances from budgeted amounts. This category will also include time spent analyzing the Debtors' proposed DIP budgets and challenging their assumptions.

8) *Project Code 8: Business Plan Analysis and Assessment (21.6 hours)*

    Time spent analyzing and diligencing the Debtors' business plan, development and review of strategies.

9) *Project Code 9: Other Diligence (35.7 hours)*

    Other diligence, including time spent reviewing and analyzing: vendor contracts, company operational matters, leases, statements of financial affairs and schedules of assets and liabilities.

10) *Project Code 10: Non-Working Travel Time (61.6 hours)*

    This category includes all non-working travel time, and is billed at 50% of Applicant's regular hourly rates. Non-working travel included a meeting held in Dayton, Ohio with the Debtor's management team and debtor advisors. Travel also includes time spent travelling to Chicago for Mr. DiNello and Mr. MacGreevey depositions, as well as the time spent travelling to Wilmington for the Debtor's DIP and sales hearing.

11) *Project Code 11: Retention, Fee Statements and Fee Applications (224.2 hours)*

    Time billed under this category was for the necessary time that Zolfo Cooper professionals and paraprofessionals spent managing the retention and fee application process. Appropriate

staffing levels, including an emphasis on paraprofessionals, were utilized to minimize the cost associated with these activities.

12) *Project Code 12: Internal Meetings / Discussions (57.6 hours)*

Time spent by ZC professionals discussing and brainstorming the case either telephonically or in person.

13) *Project Code 13: Preparing for and Attending Depositions (35.5 hours)*

Time spent on preparing for the deposition, writing and critiquing proffer. Time spent also includes review of the depositions of the Debtor's senior management team and Debtor's advisors.

14) *Project Code 14: Adversary Proceeding (267.2 hours)*

Time spent assisting in preparing for the lawsuit separate from the bankruptcy of the Standard Register Company. Time spent analyzing Silver Point's settlement proposals and matters related to the acquisition of WFO by the Standard Register Company.

**Requested Relief**

16. By this Application, ZC requests that the Court approve: (i) the interim allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by ZC during the Third Interim Period from October 1, 2015 through November 19, 2015 and (ii) the final allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by ZC during the Final Period from March 24, 2015 through November 19, 2015. As stated above, the full scope of the services provided and the related expenses incurred during the Third Interim Period are fully described in the monthly fee applications for the Prior Monthly Fee Periods that have been previously filed with the Court.

17. ZC has extensive experience in the areas of insolvency, workouts and corporate reorganizations. ZC's services on behalf of the Creditors' Committee have been rendered in a highly efficient manner by professionals who have achieved a high degree of expertise in these areas. The skill and competency of the ZC professionals who have represented the Creditors'

Committee have ensured that this case has been administered in the most efficient and expeditious manner.

18.     The professional services rendered by ZC have required the continuous expenditure of substantial time and effort, under time pressures which sometimes required the performance of services late into the evening and, on a number of occasions, over weekends and holidays. The services rendered required a high degree of professional competence and expertise in order to be administered with skill and dispatch. During the Third Interim Period and Final Period, approximately 112.0 and 1,595.3 recorded hours, respectively, were expended by ZC personnel in providing the requested professional services.

19.     This chapter 11 case is generally regarded as a complex bankruptcy case and novel and complex issues arose during the course of the case. In this case, as in many others in which the firm is involved, ZC's creative approach to problem solving has helped clarify and resolve difficult issues. Indeed, many of the complex issues regarding the Debtor are issues of first impression, with far reaching ramifications. As detailed above, the services ZC provided to the Creditors' Committee were necessary to the case.

20.     At all relevant times, ZC has been a "disinterested person" as that term is defined in §101(14) of the Bankruptcy Code and has not represented or held an interest adverse to the interests of the Creditors' Committee.

21.     All services for which compensation is requested by ZC were performed for or on behalf of the Creditors' Committee and not on behalf of the Debtor or any other creditor or other person.

22.     ZC has received no payment and no promises for payment from any source other than the Creditors' Committee for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between ZC and any other person other than the partners of ZC for the sharing of compensation to be received for services rendered in this case.

18

23. The professional services and related expenses for which ZC requests interim allowance of compensation and reimbursement of expenses were rendered and incurred in connection with this case in the discharge of ZC's professional responsibilities as bankruptcy consultants and financial advisors to the Creditors' Committee in this chapter 11 case. ZC's services have been necessary and beneficial to the Creditors' Committee and other parties in interest.

24. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by ZC is fair and reasonable given: (a) the complexity of this case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code. Moreover, ZC has reviewed the requirements of the Local Rules and the Administrative Order and believes that this Application complies with such Rule and Order.

WHEREFORE, ZC respectfully requests that the Court enter an order providing that ZC be awarded and paid: (i) for the Third Interim Period of October 1, 2015 through November 19, 2015, an interim allowance be made to ZC in the sum of $48,166.50 as compensation for reasonable and necessary professional services rendered, and in the sum of $561.70 for reimbursement of actual and necessary costs and expenses incurred, for a total of $48,728.20; (ii) for the Final Period of March 24, 2015 through November 19, 2015, a final allowance be made to ZC in the sum of $787,493.50 as compensation for reasonable and necessary professional services rendered, and in the sum of $12,405.31 for reimbursement of actual and necessary costs and expenses incurred, for a total of $799,898.81; (iii) that the Debtor be authorized and directed to pay to ZC the outstanding amount of such sums; and (iv) for such other and further relief as this Court deems proper.

Dated:    December 15, 2015
         New York, New York

*David MacGreevey*
**Managing Director**
ZOLFO COOPER, LLC
**Financial and Forensic Advisors**
1114 Avenue of the Americas, 41st Floor
New York, NY 10036
(212) 561-4000

_____
Notary Public

ANDREW T GETTLER
NOTARY PUBLIC-STATE OF NEW YORK
No. 01GE6254819
Qualified in Bronx County
My Commission Expires January 23, 2016