## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SRC LIQUIDATION COMPANY, et al.,[1] | Case No. 15-10541 (BLS) |
| Debtors. | (Jointly Administered) |
| | Hearing Date: February 17, 2016 at 10:00 a.m. (ET)<br>Obj. Deadline: January 14, 2016 at 4:00 p.m. (ET) |

**SUMMARY OF NINTH MONTHLY AND FINAL APPLICATION OF YOUNG CONAWAY STARGATT & TAYLOR, LLP AS CO-COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE INTERIM PERIOD FROM NOVEMBER 1, 2015 THROUGH AND INCLUDING NOVEMBER 19, 2015 AND THE FINAL PERIOD FROM MARCH 12, 2015 THROUGH AND INCLUDING NOVEMBER 19, 2015**

| | |
|---|---|
| Name of Applicant: | Young Conaway Stargatt & Taylor, LLP |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | March 12, 2015 (order entered April 13, 2015) |
| Interim Period for which compensation and reimbursement is sought: | November 1, 2015 through November 19, 2015 |
| Amount of Interim Compensation sought as actual, reasonable and necessary: | $36,617.00 |
| Amount of Interim Expense Reimbursement sought as actual, reasonable and necessary: | $2,099.77 |
| Final Period for which compensation and reimbursement is sought: | March 12, 2015 through November 19, 2015 |

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: SRC Liquidation Company (5440); SR Liquidation Holding Company (3186); SR Liquidation Technologies, Inc. (3180); SR Liquidation International, Inc. (1861); iMLiquidation, LLC (6337); SR Liquidation of Puerto Rico Inc. (0578); SR Liquidation Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and SR Liquidation Technologies Canada ULC (0001). The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

Amount of Final Compensation sought as
actual, reasonable and necessary:                $1,014,302.00

Amount of Final Expense Reimbursement sought
as actual, reasonable and necessary:             $40,225.86

This is an:  __X__ interim  __X__ final application

This application includes 0.00 hours and $0.00 in fees incurred in connection with the preparation of Fee Applications.

Prior applications:

| Date Filed / Docket No. | Period Covered | Requested | | Approved | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| 4/24/15; 348 | 3/12/15-3/31/15 | $139,057.00 | $1,794.60 | $139,057.00 | $1,794.60 |
| 5/15/15; 420 | 4/1/15 – 4/30/15 | $253,927.50 | $8,309.31 | $253,927.50 | $8,309.31 |
| 6/15/15; 673 | 5/1/15 – 5/31/15 | $163,342.00 | $3,710.00 | $163,342.00 | $3,710.00 |
| 7/2/15; 771 | 6/1/15 – 6/30/15 | $178,902.50 | $11,997.19 | $178,902.50 | $11,997.19 |
| 8/17/15; 936 | 7/1/15 – 7/31/15 | $106,529.00 | $7,555.83 | $106,529.00 | $7,555.83 |
| 10/1/15; 1126 | 8/1/15 – 8/31/15 | $52,620.00 | $1,313.83 | $52,620.00 | $1,313.83 |
| 10/9/15; 1149 | 9/1/15 – 9/30/15 | $48,289.50 | $1,473.90 | Pending | Pending |
| 11/24/15; 1342 | 10/1/15 – 10/31/15 | $35,017.50 | $1,971.43 | Pending | Pending |

## INTERIM COMPENSATION BY INDIVIDUAL

| Name of Professional Person | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Michael R. Nestor | Partner since 2003. Joined firm as an associate in 1998. Member of PA and NJ Bars since 1995. Member of DE Bar since 1996. | $725.00 | 6.80 | $4,930.00 |
| Kara Hammond Coyle | Partner since 2014. Joined firm as an associate in 2003. Member of DE Bar since 2003. | $485.00 | 8.00 | $3,880.00 |
| Andrew Magaziner | Joined firm as an associate in 2009. Member of DE Bar since 2009. | $400.00 | 51.40 | $20,560.00 |
| Elizabeth S. Justison | Joined firm as an associate in 2013. Member of DE Bar since 2013. | $310.00 | 0.70 | $217.00 |
| Troy M. Bollman | Paralegal | $190.00 | 37.00 | $7,030.00 |
| **Grand Total:** | | | **103.90** | **$36,617.00** |
| **Blended Rate:** | | **$352.43** | | |

## INTERIM COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Case Administration (B001) | 2.80 | $679.00 |
| Court Hearings (B002) | 19.70 | $5,370.50 |
| Schedules & Statements, U.S. Trustee Reports (B004) | 0.20 | $88.50 |
| Lease/Executory Contract Issues (B005) | 0.50 | $208.50 |
| Use, Sale or Lease of Property (363 Issues) (B006) | 1.40 | $515.00 |
| Claims Analysis, Objections and Resolutions (B007) | 9.70 | $3,326.50 |
| Stay Relief Matters (B009) | 0.40 | $177.00 |
| Other Adversary Proceedings (B011) | 2.50 | $731.00 |
| Plan and Disclosure Statement (B012) | 56.70 | $23,156.00 |
| Retention of Professionals/Fee Issues (B017) | 10.00 | $2,365.00 |
| **TOTAL** | **103.90** | **$36,617.00** |

## INTERIM EXPENSE SUMMARY

| Expenses Category | Total Expenses |
|---|---|
| Reproduction Charges | $1,267.90 |
| Federal Express | $69.06 |
| Delivery/Courier | $22.50 |
| Hotel/Lodging | $337.90 |
| Car/Bus/Subway Travel | $298.50 |
| Working Meals | $15.50 |
| Travel Meals | $52.40 |
| Postage | $6.51 |
| Docket Retrieval/Search | $29.50 |
| **TOTAL** | **$2,099.77** |

## SUMMARY OF FINAL FEE APPLICATION

| | |
|---|---|
| Name of Applicant | Young Conaway Stargatt & Taylor, LLP |
| Name of Client | Debtors |
| Time period covered by Final Application | March 12, 2015 through November 19, 2015 |
| Total compensation sought during the Application Period | $1,014,302.00 |
| Total expenses sought during the Application Period | $40,225.86 |
| Petition Date | March 12, 2015 |
| Retention Date | March 12, 2015 |
| Date of order approving employment | April 13, 2015 |
| Total compensation approved by interim order to date | $894,378.00 |
| Total expenses approved by interim order to date | $34,680.85 |
| Total allowed compensation paid to date | $961,023.60 |
| Total allowed expenses paid to date | $38,126.18 |
| Blended rate in the Final Application for all attorneys | $450.04 |
| Blended rate in the Final Application for all timekeepers | $409.81 |
| Compensation sought in the Final Application already paid pursuant to a monthly compensation order but not yet allowed | $66,375.60 |
| Expenses sought in the Final Application already paid pursuant to a monthly compensation order but not yet allowed | $3,445.33 |
| Number of professionals included in the Final Application | 13 |
| If applicable, number of professionals in the Final Application not included in staffing plan approved by client | N/A |
| If applicable, difference between fees budgeted and compensation sought during the Application Period | Amt. Budgeted:  $1,000,000.00 Amt. Sought:  $1,014,302.00 |
| Number of professionals billing fewer than 15 hours to the case during the Application Period | 6 |
| Are any rates higher than those approved or disclosed at retention? | No |

## FINAL COMPENSATION PERIOD TIMEKEEPER SUMMARY

| Name | Title | Department | Date of First Admission | Fees Billed in the Application Period ($) | Hours Billed in the Application Period | Hourly Rate Billed in the Application Period ($) |
|---|---|---|---|---|---|---|
| John T. Dorsey | Partner | Bankruptcy | 1990 | 3,825.00 | 5.0 | 765.00 |
| Michael R. Nestor | Partner | Bankruptcy | 1995 | 160,370.00 | 221.2 | 725.00 |
| Kara Hammond Coyle | Partner | Bankruptcy | 2003 | 226,301.00 | 466.6 | 485.00 |
| Maris J. Kandestin | Associate | Bankruptcy | 2004 | 64,906.00 | 141.1 | 460.00 |
| Michael S. Neiburg | Associate | Bankruptcy | 2009 | 10,947.00 | 24.6 | 445.00 |
| Andrew Magaziner | Associate | Bankruptcy | 2009 | 410,240.00 | 1,025.6 | 400.00 |
| Elizabeth S. Justison | Associate | Bankruptcy | 2013 | 63,426.00 | 204.6 | 310.00 |
| Debbie Laskin | Paralegal | Bankruptcy | N/A | 3,650.00 | 14.6 | 250.00 |
| Michael Girello | Paralegal | Bankruptcy | N/A | 150.00 | 0.6 | 250.00 |
| Melissa Romano | Paralegal | Bankruptcy | N/A | 559.00 | 2.6 | 215.00 |
| Troy M. Bollman | Paralegal | Bankruptcy | N/A | 69,312.00 | 364.8 | 190.00 |
| Chad A. Corazza | Paralegal | Bankruptcy | N/A | 594.00 | 3.3 | 180.00 |
| Patsy Petlock | Clerk | Bankruptcy | N/A | 22.00 | 0.4 | 55.00 |
| **Totals** | | | | **1,014,302.00** | **2,475.00** | |

## SUMMARY OF FINAL COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees ($) |
|---|---|---|
| Case Administration (B001) | 147.20 | 56,854.00 |
| Court Hearings (B002) | 305.50 | 116,014.00 |
| Cash Collateral/DIP Financing (B003) | 32.00 | 16,610.50 |
| Schedules & Statements, U.S. Trustee Reports (B004) | 195.10 | 78,862.50 |
| Lease/Executory Contract Issues (B005) | 81.40 | 36,228.00 |
| Use, Sale or Lease of Property (363 Issues) (B006) | 668.50 | 287,257.50 |
| Claims Analysis, Objections and Resolutions (B007) | 156.10 | 63,279.00 |
| Meetings (B008) | 19.10 | 10,623.50 |
| Stay Relief Matters (B009) | 63.00 | 26,517.50 |
| Reclamation Claims and Adversaries (B010) | 2.40 | 1,053.50 |
| Other Adversary Proceedings (B011) | 247.80 | 109,486.50 |
| Plan and Disclosure Statement (B012) | 116.50 | 46,855.00 |
| Creditor Inquiries (B013) | 20.50 | 8,527.00 |
| General Corporate Matters (B014) | 1.90 | 665.50 |
| Employee Matters (B015) | 74.70 | 31,239.00 |
| Retention of Professionals/Fee Issues (B017) | 230.40 | 79,641.50 |
| Fee Application Preparation (B018) | 33.60 | 15,538.00 |
| Travel (B019) | 6.70 | 2,810.00 |
| Utility Services (B020) | 62.30 | 22,851.50 |
| Business Operations (B708) | 10.30 | 3,388.00 |
| **TOTAL** | **2,475.00** | **1,014,302.00** |

## SUMMARY OF FINAL EXPENSE REIMBURSEMENT BY CATEGORY

| Expenses Category | Total Expenses ($) |
|---|---|
| Reproduction Charges | 18,033.60 |
| Federal Express | 1,141.56 |
| Facsimile | 206.00 |
| Filing Fees | 902.00 |
| Air/Rail Travel | 799.19 |
| Deposition/Transcript | 3,893.45 |
| Delivery/Courier | 1,816.17 |
| Hotel/Lodging | 3,261.90 |
| Car/Bus/Subway Travel | 1,662.87 |
| Working Meals | 4,457.07 |
| Certified Court Documents | 425.40 |
| AP Outside Duplication Svcs. | 680.00 |
| Travel Meals | 134.30 |
| Teleconference/ Video Conference | 1,443.07 |
| Postage | 174.89 |
| Staff Overtime | 220.14 |
| Computerized Legal Research | 564.45 |
| Docket Retrieval/Search | 409.80 |
| **TOTAL** | **40,225.86** |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SRC LIQUIDATION COMPANY, *et al.*,[1] | Case No. 15-10541 (BLS) |
| Debtors. | (Jointly Administered) |
| | Hearing Date: February 17, 2016 at 10:00 a.m. (ET)<br>Obj. Deadline: January 14, 2016 at 4:00 p.m. (ET) |

**NINTH MONTHLY AND FINAL APPLICATION OF YOUNG CONAWAY STARGATT
& TAYLOR, LLP AS CO-COUNSEL TO THE DEBTORS AND DEBTORS IN
POSSESSION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF
EXPENSES INCURRED FOR THE INTERIM PERIOD FROM NOVEMBER 1, 2015
THROUGH AND INCLUDING NOVEMBER 19, 2015 AND THE FINAL PERIOD
FROM MARCH 12, 2015 THROUGH AND INCLUDING NOVEMBER 19, 2015**

Pursuant to sections 330 and 331 of title 11 of the United States Code (the

"Bankruptcy Code"), and Rule 2016 of the Federal Rules of Bankruptcy Procedure, and in

accordance with that certain *Order, Pursuant to Section 327(a) of the Bankruptcy Code,

Authorizing the Retention and Employment of Young Conaway Stargatt & Taylor, LLP as Co-

Counsel to the Debtors,* Nunc Pro Tunc *to the Petition Date* [Docket No. 256] (the "Retention

Order") and that certain *Order Establishing Procedures for Interim Compensation and

Reimbursement of Expenses for Professionals* [Docket No. 260] (the "Interim Compensation

Order"), the law firm of Young Conaway Stargatt & Taylor, LLP ("Young Conaway") hereby

applies (the "Application") to the Court for reasonable compensation for professional legal

services rendered as co-counsel to The Standard Register Company (n/k/a SRC Liquidation

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  SRC Liquidation Company (5440); SR Liquidation Holding Company (3186); SR Liquidation Technologies, Inc. (3180); SR Liquidation International, Inc. (1861); iMLiquidation, LLC (6337); SR Liquidation of Puerto Rico Inc. (0578); SR Liquidation Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and SR Liquidation Technologies Canada ULC (0001).  The headquarters for the above-captioned Debtors is located at 600 Albany Street, Dayton, Ohio 45417.

Company) and its above-captioned affiliated debtors and debtors in possession (each, a "Debtor," and collectively, the "Debtors"), (i) in the amount of $36,617.00, together with reimbursement for actual and necessary expenses incurred in the amount of $2,099.77, for the interim period November 1, 2015 through and including November 19, 2015 (the "Interim Fee Period"), and (ii) in the amount of $1,014,302.00, together with reimbursement for actual and necessary expenses incurred in the amount of $40,225.86, for the final period March 12, 2015 through and including November 19, 2015 (the "Final Fee Period").  In support of this Application, Young Conaway respectfully represents as follows:

## BACKGROUND

1.    On March 12, 2015 (the "Petition Date"), each of the Debtors filed a petition with the Court under chapter 11 of the Bankruptcy Code.

2.    Pursuant to the Retention Order, Young Conaway was retained to represent the Debtors as bankruptcy co-counsel in connection with these chapter 11 cases, *nunc pro tunc* to the Petition Date.  The Retention Order authorizes Young Conaway to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

3.    All services for which compensation is requested herein by Young Conaway were performed for or on behalf of the Debtors.

## SUMMARY OF SERVICES RENDERED

4.    Attached hereto as Exhibit A is a detailed statement of fees incurred during the Interim Fee Period, showing the amount of $36,617.00 due for fees.

5.    The services rendered by Young Conaway during the Interim Fee Period are grouped into the categories set forth in Exhibit A.  The attorneys and paralegals who

rendered services relating to each category are identified, along with the number of hours for each individual and the total compensation sought for each category, in the attachments hereto.

## DISBURSEMENTS

6.      Exhibit B attached hereto is a detailed statement of expenses paid by Young Conaway during the Interim Fee Period, showing the amount of $2,099.77 for reimbursement of expenses.   This out-of-pocket disbursement sum is broken down into categories of charges, including, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by Young Conaway to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime.   A complete review by category of the expenses incurred for the Interim Fee Period may be found in the attachments hereto as Exhibit B.

7.      Costs incurred for overtime and computer assisted research are not included in Young Conaway's normal hourly billing rates and, therefore, are itemized and included in Young Conaway's disbursements.   Pursuant to Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), Young Conaway represents that its rate for duplication is $.10 per page, its rate for outgoing telecopier transmissions is $1.00 per page (excluding related long distance transmission charges), there is no charge for incoming telecopier transmissions, and there is no surcharge for computerized research.

3

## VALUATION OF SERVICES

8.      Attorneys and paraprofessionals of Young Conaway have expended a total of 103.90 hours in connection with this matter during the Interim Fee Period.

9.      The amount of time spent by each of these persons providing services to the Debtors for the Interim Fee Period is fully set forth in the detail attached hereto as Exhibit A. These are Young Conaway's normal hourly rates of compensation for work of this character. The reasonable value of the services rendered by Young Conaway for the Interim Fee Period as counsel for the Debtors in these cases is $36,617.00.

10.     Young Conaway believes that the time entries included in Exhibit A attached hereto and the expense breakdown set forth in Exhibit B attached hereto are in compliance with the requirements of Local Rule 2016-2.

11.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amount requested is fair and reasonable given (a) the complexity of these chapter 11 cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under chapter 11 of the Bankruptcy Code.

12.     This Application covers the interim fee period from November 1, 2015 through and including November 19, 2015.  Young Conaway has continued, and will continue, to perform additional necessary services for the Debtors subsequent to the Interim Fee Period, for which Young Conaway will bill the Debtors directly.

## BUDGET AND STAFFING PLAN

13.     In accordance with the Retention Order and the Interim Compensation Order, attached hereto as Exhibit C is the budget and staffing plan for Young Conaway approved by the Debtors for the Interim Fee Period.

## STATEMENT OF APPLICANT

14.     The following statements address the questions set forth under section C.5 of the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases (the "UST Guidelines"):

a)     During the Application Period, Young Conaway did not agree to any variations from, or alternatives to, its standard or customary billing rates, fees, or terms.

b)     The fees sought by Young Conaway in the Final Application are not more than 10% higher than the fees budgeted pursuant to the original budget provided by Young Conaway to the Debtors.

c)     The professionals included in the Final Application did not vary their hourly rate based on the geographic location of the bankruptcy case.

d)     The Final Application did not include any fees dedicated to revising time records or preparing and revising invoices that would not normally be compensable outside of bankruptcy.

e)     The time period covered by the Final Application includes approximately 33.60 hours with a value of $15,538.00 spent by Young Conaway to ensure that the time entries subject to the Final Application comply with

5

the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware and do not disclose privileged or confidential information. This review and any revisions associated therewith are a necessary component of Young Conaway's preparation of each monthly fee application.

f)      The Final Application did not include rate increases since the effective date of the Court's approval of Young Conaway's retention.

### BLENDED RATE SCHEDULE

15.     A blended rate schedule, as requested by *Appendix B* to UST Guidelines, is attached hereto as <u>Exhibit D</u>.

### REQUEST FOR FINAL APPROVAL OF FEES AND EXPENSES

16.     By this Application, Young Conaway also seeks final approval of all fees and expenses incurred during the Final Fee Period in the amounts of $1,014,302.00 and $40,225.86, respectively. During the Final Fee Period, Young Conaway performed necessary services and incurred out-of-pocket disbursements for the Debtors and their estates. As set forth more fully in prior monthly applications, which are incorporated herein by reference, and this Application, in accordance with the factors enumerated in section 330 of the Bankruptcy Code, approval of the fees requested for the Final Fee Period is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title. In addition, the out-of-pocket disbursements for which reimbursement is sought were actual, reasonable and necessary costs (i) incurred while representing the Debtors; and (ii) of preserving the value of the Debtors' estates.

## CONCLUSION

WHEREFORE, Young Conaway requests that (i) allowance be made to it in the sum of $36,617.00 as compensation for necessary professional services rendered to the Debtors for the Interim Fee Period, and the sum of $2,099.77 for reimbursement of actual necessary costs and expenses incurred during that period, (ii) allowance be made to it in the sum of $1,014,302.00 as compensation for necessary professional services rendered to the Debtors for the Final Fee Period, and the sum of $40,225.86 for reimbursement of actual necessary costs and expenses incurred during that period, and (iii) requests such other and further relief as the Court may deem just and proper.

Dated:    December 15, 2015
          Wilmington, Delaware

<div style="margin-left:40%">

/s/ Michael R. Nestor
Michael R. Nestor (No. 3526)
Kara Hammond Coyle (No. 4410)
Andrew L. Magaziner (No. 5426)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 571-6600
Facsimile:    (302) 571-1253
mnestor@ycst.com
kcoyle@ycst.com
amagaziner@ycst.com

*Counsel to the Debtors and*
*Debtors in Possession*

</div>

## VERIFICATION

STATE OF DELAWARE    )

                          )     SS:

NEW CASTLE COUNTY    )

            Michael R. Nestor, Esquire, after being duly sworn according to law, hereby deposes and says:

            1.     I am a Partner in the applicant firm, Young Conaway Stargatt & Taylor, LLP ("Young Conaway"), and have been admitted to the bar of the Supreme Court of Delaware since 1996.

            2.     I have personally performed many of the legal services rendered by Young Conaway to The Standard Register Company (n/k/a SRC Liquidation Company) and its affiliated debtors and debtors in possession in connection with their chapter 11 cases, and am familiar with all other work performed on behalf of the lawyers and paraprofessionals at Young Conaway.

            3.     The facts set forth in the foregoing Application are true and correct to the best of my knowledge, information and belief.

                                                                    _____

                                                               MICHAEL R. NESTOR

SWORN TO AND SUBSCRIBED before me this 15th day of December, 2015.

                                        _____

**ERICA A. BROYLES**
**NOTARY PUBLIC**
**STATE OF DELAWARE**
My Commission Expires July 22, 2017

                              Notary Public
                              My Commission Expires: 7/22/17