IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | { | BANKRUPTCY CASE |
| | { | |
| SRC LIQUIDATION COMPANY, et al., | { | NO. 15-10541 (BLS) |
| | { | |
| | { | CHAPTER 11 |
| Debtors, | { | |
| | { | Jointly Administered |

### FULTON COUNTY TAX COMMISSIONER'S OBJECTION
### TO SECOND NOTICE OF SATISFACTION OF CLAIM

**COMES NOW** the Fulton County Tax Commissioner ("Tax Commissioner") and files this Objection to Second Notice of Satisfaction of Claims of Debtor SRC Liquidation Company and affiliated debtors ("Debtors") regarding the Fulton County Tax Commissioner's Proof of Claim as follows:

1.

The Debtors commenced a voluntary case under Chapter 11 of the Bankruptcy Code on March 12, 2015.

2.

Based on the records maintained by the Fulton County Board of Assessors, Debtors owe past due taxes for parcel numbers P00000002625 in amounts totaling $947.78. See Amended Proof of Claim attached hereto as Exhibit "A."

3.

In its Second Notice of Satisfaction of Claims Debtors identify certain claims as being satisfied and among them is the claim of the Tax Commissioner. The Tax Commissioner disagrees

and asserts that his claim has not been fully satisfied. The Debtors owe $947.78 for past due ad valorem taxes for tax year 2014. See Amended Proof of Claim attached hereto as Exhibit "A."

4.

Under Georgia law, property is valued/assessed on January 1st of each tax year. See O.C.G.A. § 48-5-10. Furthermore, a lien for ad valorem taxes attaches to property at the time fixed by law for valuation of the property in each year. See Decatur County Building & Loan Association v. Thigpen, 173 Ga. 363 (1931); Denise v. Paxon, 261 Ga. 846 (1992) (ad valorem taxes are a lien on property from the time of assessment) (also citing Decatur County Building).

5.

Under Georgia law, a tax lien for unpaid taxes attaches to all property in which the Debtor has an ownership interest on January 1st of the applicable tax year. See O.C.G.A. § 48-2-56. A Debtor is personally responsible for paying ad valorem taxes on property the Debtor owns on January 1 of the applicable tax year pursuant to O.C.G.A. § 48-2-55 and O.C.G.A. § 48-5-9.

6.

Specifically, under Georgia law, property taxes are not only chargeable against the owner (in personam) but also against the property itself (in rem), and those having interest in the property must see that all taxes thereon are paid in order to protect their interest. See O.C.G.A. § 48-5-9; see also Townsend v. McIntosh, 205 Ga. 643 (1949). Ad valorem taxes are chargeable either as a personal debt of the taxpayer or as a lien which extends not only to the property giving rise to the tax obligation, but also to all other property owned by the taxpayer. See Mulligan v. Security Bank of Bibb County, 280 Ga. App. 248 (2006).

7.

Since the Debtor has not fully paid the ad valorem taxes that are due and owing, any tax

liens held by the Tax Commissioner on the parcels remain enforceable against the bankruptcy estate. Moreover, the taxes arising after commencement of this action are enforceable under 11 U.S.C. § 502(i).

8.

Said tax liability is defined as an unsecured priority claim pursuant to 11 U.S.C. § 507(a).

9.

The Debtor, as record owner of the Property on January 1 of tax years 2014 is the party responsible for paying the subject taxes pursuant to O.C.G.A. § 48-5-10 and O.C.G.A. § 48-2-55.

10.

The Tax Commissioner filed a timely Proof of Claim with the Bankruptcy Court on April 16, 2015 (the "Proof of Claim"). The Tax Commissioner filed an Amended Proof of Claim on December 3, 2015, which reflected the actual amount of taxes due on Debtor's Properties in the total amount of $942.78. See Amended Proof of Claim attached hereto as Exhibit "A."

11.

Dismissal of the Tax Commissioner's Claim may prevent collection on taxes since the Debtor is responsible under Georgia law for paying taxes owed for the tax years set forth in the Tax Commissioner's claim as the owner of the Property on January 1 in tax years for which taxes remain unpaid.

12.

The Trustee cannot prevent the Tax Commissioner from carrying out his statutory duties in collecting the taxes when required to do so by law. The general rule is that there can be no waiver by a tax commissioner of any duty which is imposed upon him to collect taxes, nor can he be stopped from collecting taxes for any reason. Roberts v. Tomlinson, 242 Ga. 804 (1979); O.C.G.A. § 48-6-5 (duties of public officers).

13.

Not only does the Tax Commissioner have the duty to collect the taxes that are levied by the county, the Tax Commissioner must collect diligently and pay promptly the county taxes to the county treasurer and issue executions remaining unpaid after the due date. See O.C.G.A. §§ 48-5-233 and 48-5-127. "Diligence in collection of taxes" has been interpreted to mean that the tax commissioner must "do all things and take all steps which he may reasonably and lawfully do…" to collect taxes where such duties are defined. Sanders v. Fulton County, 111 Ga. App. 434, 436 (1965).

WHEREFORE, the Tax Commissioner prays that this Court:

(a) Deny the relief sought by the Debtors and refuse to disallow the Tax Commissioner's Proof of Claim by finding that the claim is not satisfied; and,

(b) Order Debtors to pay the full amount of taxes owed to Fulton County, through the Fulton County Tax Commissioner.

Respectfully submitted, this 31st day of December, 2015.

OFFICE OF THE FULTON COUNTY ATTORNEY

/s/ *William Shannon Sams*
William Shannon Sams
Georgia Bar No. 101051
william.sams@fultoncountyga.gov

/s/ *Pat D. Dixon, Jr.*
Pat D. Dixon, Jr.
Georgia Bar No. 223387
pat.dixon@fultoncountyga.gov

**OFFICE OF THE COUNTY ATTORNEY**
141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303
(404) 612-0261 (office)
(404) 730-6324 (facsimile)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | { | BANKRUPTCY CASE |
| | { | |
| SRC LIQUIDATION COMPANY, et al., | { | NO. 15-10541 (BLS) |
| | { | |
| | { | CHAPTER 11 |
| Debtors, | { | |
| | { | Jointly Administered |

### CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing **FULTON COUNTY TAX COMMISSIONER'S OBJECITION TO SECOND NOTICE OF SATISFACTION OF CLAIM** by U.S. mail, adequate postage affixed thereon, addressed as follows:

Michael R. Nestor (No. 3526)
Kara Hammond Coyle (No. 4410)
Maris J. Kandestin (No. 5294)
Andrew L. Magaziner (No. 5426)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
-and-
Michael A. Rosenthal (NY No. 4697561)
Jeremy L. Graves (CO No. 45522)
Matthew G. Bouslog (CA No. 280978)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193

**OFFICE OF THE COUNTY ATTORNEY**
141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303
(404) 621-0246 (telephone)
(404) 730-6324 (facsimile)

P:\CALitigation\Tax Com\BANKRUPTCY\Jerald Anthony Howard\12-26-15 Response to Trustee's Objection.docx

5

| UNITED STATES BANKRUPTCY COURT CENTRAL DISTRICT OF DELAWARE | PROOF OF CLAIM |
|---|---|

In re (Name of Debtor): THE STANDARD REGISTER COMPANY

Case Number: 15-10541

Chapter # 11

**AMENDED**

NOTE: This form should be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C 503.

Name of Creditor: FULTON COUNTY TAX COMMISSIONER

Name and Address where Notices Should be Sent:
141 PRYOR ST SUITE 1113
ATLANTA, GA 30303

Telephone Number: (404) 730-6100

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if this address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor: P00000002625

Check here if this claim ☐ replaces   ☐ amends   a previously filed claim dated: _____

**1. BASIS FOR CLAIM:**
☐ Goods Sold
☐ Services Performed
☐ Money Loaned
☐ Personal Injury/Wrongful Death
☒ Taxes
☐ Other

☐ Retiree benefits as defined in 11 U.S.C. 1114(a)
☐ Wages, salaries, and compensation (Fill out below)
Your SS#: _____
Unpaid compensation for services performed
from _____ to _____
(Date) (Date)

**2. DATE DEBT WAS INCURRED:** 2014-2015

**3. IF COURT JUDGEMENT, DATE OBTAINED:**

**4. CLASSIFICATION OF CLAIM:** Under the Bankruptcy Code all claims are classified as one or more of the following: (1) Unsecured nonpriority, (2) Unsecured priority, (3) Secured. It is possible for part of a claim to be in one category and part in another.
CHECK THE APPROPRIATE BOX OR BOXES that best describe your claim and STATE THE AMOUNT OF THE CLAIM AT TIME CASE FILED.

☐ SECURED CLAIM $0.00
Attach evidence of perfection of security interest
Brief description of Collateral:
☐ Real Estate ☐ Motor Vehicle ☐ Other: _____

Value of Collateral: $ $0.00
Amount of arrearage and other charges at time case filed included in secured claim above, if any $0.00

☐ UNSECURED NONPRIORITY CLAIM _____
A claim is unsecured if there is no collateral or lien on property of the debtor securing the claim or to the extent that the value of such property is less than the amount of the claim.

☒ UNSECURED PRIORITY CLAIM $942.78
☐ Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $4650* earned not more than 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier) - 11 U.S.C. 507(A) (3).
☐ Contributions to an employee benefit plan - 11 U.S.C. 507(A) (4).
☐ Up to $2100* of deposits toward purchase, lease, or rental of property or services for personal, family or household use 11 U.S.C. 507(a) (6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. 507(a) (7).
☐ Taxes or penalties of governmental units - 11 U.S.C. 507(a).
☐ Other - Specify applicable paragraph of 11 U.S.C. 507(a) _____

*Amounts are subject to adjustment on 4/1/04 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**5. TOTAL AMOUNT OF CLAIM AT TIME CASE FILED:**

| $0.00 | $0.00 | $942.78 (est.) | $942.78 |
|---|---|---|---|
| (Unsecured) | (Secured) | (Priority) | |

☐ Check this box if claim includes charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges.

**6. CREDITS AND SETOFFS:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. In filing this claim, claimant has deducted all amounts that claimant owes to debtor.

THIS SPACE IS FOR COURT USE ONLY

**7. SUPPORTING DOCUMENTS:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgements, or evidence of security interests. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. TIME-STAMPED COPY:** To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

Date: DEC 03, 2015

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)

/s/ Arnetta Pitts

EXHIBIT A

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. 152 AND 3571.

DEC 03, 2015



**ARTHUR E. FERDINAND**
141 Pryor St SW
Atlanta, GA  30303
(404) 613-6100

TAX COMMISSIONER

INTEREST DATE: 12/03/2015

| OWNER | STANDARD REGISTER CO THE<br>600    ALBANY ST<br>DAYTON OH 45417 | YEARS NEEDING RECALC None |
| --- | --- | --- |
|  |  | STATUS(A=ACTIVE, I=INACTIVE) A |
|  |  | BANKRUPTCY Y |
| PARCEL ID | P00000002625 | CONDEMNATION N |
| PROPERTY ADDRESS | 2475 NORTHWINDS PKY STE 650 | FIFA TRANSFER N |
|  |  | LEVY N |
|  |  | LITIGATION N |
|  |  | PAYMNET PLAN N |
|  |  | WYS N |

| YEAR | CYCLE | DUE DATE | LAST CHANGE DATE | TAX | PENALTY | INTEREST | FEES | TOTAL |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 2014 | FUL | 11/30/2014 | 09/04/2014 | $826.99 | $82.71 | $33.08 | $0.00 | $942.78 |
| 2015 | FUL |  | 08/02/2015 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
|  |  |  |  |  |  |  | TOTAL: | $942.78 |

| YEAR | TAX | PENALTY | INTEREST | FEES | TOTAL |
| --- | --- | --- | --- | --- | --- |
| 2014 | $826.99 | $82.71 | $33.08 | $0.00 | $942.78 |
| 2015 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
|  |  |  |  | TOTAL: | $942.78 |

| YEAR | TAX DISTRICT | AUTH | FUND | PROJECT# | CODE | AMOUNT |
| --- | --- | --- | --- | --- | --- | --- |
| 2014 | 10 | COUNTY | BONDS |  | TAX | $7.28 |
| 2014 | 10 | COUNTY | BONDS |  | INF | $0.29 |
| 2014 | 10 | COUNTY | BONDS |  | PNF | $0.73 |
| 2014 | 10 | COUNTY | OPER |  | TAX | $317.85 |
| 2014 | 10 | COUNTY | OPER |  | INF | $12.71 |
| 2014 | 10 | COUNTY | OPER |  | PNF | $31.79 |
| 2014 | 10 | SCHOOL | OPER |  | TAX | $499.18 |
| 2014 | 10 | SCHOOL | OPER |  | INF | $19.97 |
| 2014 | 10 | SCHOOL | OPER |  | PNF | $49.92 |
| 2014 | 10 | STATE | OPER |  | TAX | $2.68 |
| 2014 | 10 | STATE | OPER |  | INF | $0.11 |
| 2014 | 10 | STATE | OPER |  | PNF | $0.27 |
| 2015 | 10 | COUNTY | BONDS |  | TAX | $0.00 |
| 2015 | 10 | COUNTY | OPER |  | TAX | $0.00 |
| 2015 | 10 | SCHOOL | OPER |  | TAX | $0.00 |
| 2015 | 10 | STATE | OPER |  | TAX | $0.00 |
|  |  |  |  |  | TOTAL: | $942.78 |



**Arthur E. Ferdinand**
**Tax Commissioner, Fulton County**

# 2014 TAX BILL

141 Pryor St SW
Atlanta, GA  30303
(404) 613-6100

| Property Owner | Parcel Identification | Description | User ID | |
|---|---|---|---|---|
| STANDARD REGISTER CO<br>TAX DEPARTMENT | P00000002625 | PERSONAL PROPERTY<br>TAX DISTRICT : 10   ALPHARETTA | TC_KMCBRID | 24186959 |

| Property Address | Account Number | Fair Market Value | Assessed Value |
|---|---|---|---|
| 2475 NORTHWINDS PKY STE 650 | 0025330 | 67,448 | 26,980 |

**County Tax Credit:**   $21.07                                                                                     Control #   1

| Levies | Assessment | Exemptions | Net Assessment | Net Rate | | Net Tax |
|---|---|---|---|---|---|---|
| **Fulton** | | | | | | |
| FULTON OPER | 26,980 - | 0 = | 26,980 x | 0.011781 | = | 317.85 |
| FULTON BONDS | 26,980 - | 0 = | 26,980 x | 0.000270 | = | 7.28 |
| FULTON SCHOOL GEN | 26,980 - | 0 = | 26,980 x | 0.018502 | = | 499.18 |
| STATE | 26,980 - | 200 = | 26,780 x | 0.000100 | = | 2.68 |
| | | | Fees | | | 82.71 |
| | | | Interest | | | 33.08 |
| | | | Total Billed for 2014 | | | 942.78 |
| | | | Less Amount Paid | | | 0.00 |
| | | | **Fulton Total Due** | | | **$942.78** |

**PAY THIS AMOUNT FOR TAX YEAR 2014. . . . . . .**                                                                             **$942.78**

Please read the reverse side of the bill and enclosed brochure for additional information and instructions or call our 24-hour automated customer service line at (404) 613-6100.

| Parcel Identification | Property Address | Due Date | Amount Due |
|---|---|---|---|

| Parcel Identification | Property Address | Due Date | Amount Due |
|---|---|---|---|
| P00000002625 | 2475 NORTHWINDS PKY STE 650 | **PAST DUE** | **$942.78** |
| [ ] CHECK HERE IF OWNER OF PROPERTY ADDRESS IS NOT CORRECT. SHOW CHANGES ON THE BACK OF THE COUPON. | | RETURN COUPON WITH FULTON PAYMENT<br>MAKE YOUR CHECK PAYABLE TO:<br>**FULTON COUNTY TAX COMMISSIONER** | TC_KMCBRID<br>24186959 |
| STANDARD REGISTER CO THE<br>600 ALBANY ST<br>DAYTON OH 45417 | | Arthur E. Ferdinand<br>P.O. Box 105052<br>Atlanta, GA 30348-5052 |  |

0025330041400200000942782