IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SRC Liquidation, LLC,[1]<br><br>                Debtor. | Chapter 11<br><br>Case No. 15-10541 (BLS)<br><br>**Hearing Date: March 16, 2016 at 10:00 a.m. (ET)**<br>**Response Deadline: March 1, 2016 at 4:00 p.m. (ET)** |

### STANDARD REGISTER INC.'S SECOND (2ND) OMNIBUS (SUBSTANTIVE) OBJECTION TO SECTION 503(b)(9) CLAIMS PURSUANT TO SECTION 502 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 3007 AND LOCAL RULE 3007-1

Taylor Corporation and its Designated Buyer Standard Register, Inc. (collectively, "SRI") object, pursuant to Section 502 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the classification of all or any portion of each of the proofs of claim filed against the above-named debtor (the "Debtor") or affiliated debtors and their estates that are listed on Exhibit A to the proposed form of order (the "Proposed Order") attached hereto as Exhibit 2 as entitled to priority under Section 503(b)(9) of the Bankruptcy Code (collectively, the "Section 503(b)(9) Disputed Claims") and request that all of the Section 503(b)(9) Disputed Claims be reclassified as general unsecured claims. SRI requests entry of the Proposed Order reclassifying each of the Section 503(b)(9) Disputed Claims on the grounds set forth herein. In support of this Objection, SRI relies on the Declaration of

---

[1]     The last four digits of the Debtor's taxpayer identification number are 5540. Inquiries regarding the Debtor should be directed to the GUC Trustee, c/o EisnerAmper LLP, 111 Wood Avenue South, Iselin, NJ 08830-2700 (Attn: Anthony R. Calascibetta).

Leigh Hart (the "Hart Declaration"), a copy of which is attached hereto as Exhibit 1. In further support of this Objection, SRI respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012 (the "Amended Standing Order"). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution. SRI consents to entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are Sections 502 and 503 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1.

## BACKGROUND

3. On March 12, 2015, The Standard Register Company (n/k/a SRC Liquidation, LLC) and its affiliates (collectively, the "SRC Debtors")[2] each commenced a voluntary case under Chapter 11 of the Bankruptcy Code with this Court. Pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code, the SRC Debtors continued to manage their financial affairs as debtors in possession.

---

[2] The SRC Debtors and the last four digits of their respective taxpayer identification numbers were as follows: SRC Liquidation Company (5440); SR Liquidation Holding Company (3186); SR Liquidation Technologies, Inc. (3180); SR Liquidation International, Inc. (1861); iMLiquidation, LLC (6337); SR Liquidation of Puerto Rico Inc. (0578); SR Liquidation Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de Mexico, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and SR Liquidation Technologies Canada ULC (0001).

4. On June 19, 2015 the SRC Debtors and Taylor Corporation ("Taylor") entered into an Asset Purchase Agreement [Docket No. 698-1] (the "Purchase Agreement") providing for the sale of certain Transferred Assets (defined therein) by the SRC Debtors to Taylor and the assumption by Taylor of certain Assumed Liabilities (defined therein) of the SRC Debtors upon the terms and conditions set forth in the Purchase Agreement.

5. On June 19, 2015, the Court entered an Order [Docket No. 698] approving the Purchase Agreement and authorizing the SRC Debtors to consummate the transactions contemplated in the Purchase Agreement. The sale to Taylor, pursuant to the provisions of the Purchase Agreement, closed on July 31, 2015 (the "Closing Date").

6. Pursuant to Section 2.11 of the Purchase Agreement, Taylor was entitled to designate one or more parties (each a "Designated Buyer") to purchase the Transferred Assets and assume the Assumed Liabilities on and after the Closing Date.

7. On the Closing Date, a Joinder to the Purchase Agreement was executed that designated SR Acquisition Corporation as a Designated Buyer under the Purchase Agreement. Following the Closing Date, SR Acquisition Corporation changed its name to Standard Register, Inc.

8. Standard Register, Inc., as the Designated Buyer, assumed "all Liabilities for amounts owed to vendors as administrative expense claims under Section 503(b)(9) of the Bankruptcy Code" pursuant to Section 2.3(a)(iv) of the Purchase Agreement.

9. This Court, by Order entered November 19, 2015, confirmed the Debtors' Second Amended Chapter 11 Plan of Liquidation for SRC Liquidation Company and its Affiliates (With Technical Modifications) [Docket No. 1331-1] (the "Plan"). The Effective Date (as defined in

the Plan) of the Plan occurred on December 18, 2015.[3]  *Notice of Effective Date of Second Amended Chapter 11 Plan of Liquidation for SRC Liquidation Company and its Affiliates (With Technical Modifications) Under Chapter 11 of the Bankruptcy Code* [Docket No. 1412], ¶ 1.

10. Section 4.2 of the Plan provides that Standard Register, Inc., as a Designated Buyer of Taylor, has exclusive authority to "compromise, resolve and Allow any Disputed Taylor Claims [as defined in the Plan]." The Section 503(b)(9) Disputed Claims at issue in this Objection constitute Disputed Taylor Claims under the Plan.

**REQUESTED RELIEF**

11. By this Objection, SRI seeks entry of an order, pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1, reclassifying each of the Section 503(b)(9) Disputed Claims list on Exhibit A to the Proposed Order as a general unsecured claims.

12. In accordance with Local Rule 3007-1(e)(i)(E), SRI believes that this Objection complies in all material respects with Local Rule 3007-1.

**OBJECTION**

13. Section 503(b)(9) of the Bankruptcy Code provides for the allowance, as an administrative expense, of a claim equal to the value of any goods sold to the Debtors in the ordinary course of the Debtors' businesses and received by the Debtors within 20 days before the Petition Date:

> (b) After notice and a hearing, there shall be allowed administrative expenses.... including –

---

[3] Following the Effective Date of the Plan, this Court entered a *Final Decree Closing Certain Cases and Amending Caption of Remaining Case* [Docket No. 1417] closing the cases of each of the SRC Debtors except the Debtor, SRC Liquidation Company, Case No. 15-10541, for which the Debtor's name was changed to SRC Liquidation, LLC.

(9) the value of any goods received by the debtor within 20 days before the date of commencement of a case under [title 11] in which the goods have been sold to the debtor in the ordinary course of such debtor's business.

14.   A claimant seeking allowance of an administrative claim pursuant to Section 503(b)(9) must establish: (1) the vendor sold "goods" to the debtor; (2) the goods were received by the debtor within twenty days prior to the filing; and (3) the goods were sold to the debtor in the ordinary course of business." *In re Goody's Family Clothing, Inc., et. al.*, 401 B.R. 131, 133 (Bankr. D. Del. 2009). An administrative expense claimant bears the burden of establishing that its claim qualifies for priority status. *Id.*

15.   All of the Disputed Claims listed on Exhibit A to the Proposed Order assert that the claim is entitled to administrative status pursuant to Section 503(b)(9). Upon review of the relevant books and records and the supporting documentation submitted with the Disputed Claims, SRI has determined that all goods relevant to the Disputed Claims were not received by the Debtor within twenty days prior the date of commencement of this case.

16.   Accordingly, each of the Section 503(b)(9) Disputed Claims is unenforceable against the Debtor, and thus SRI, as a claim entitled to administrative expense priority under Section 503(b)(9) of the Bankruptcy Code. SRI requests that the Court reclassify each claim identified on Exhibit A to the Proposed Order as a general unsecured claim.

### RESERVATION OF RIGHTS

17.   SRI expressly reserves the right to amend, modify, or supplement this Objection. Should one or more of the grounds for this Objection be dismissed or overruled, SRI reserves the right to object to any Section 503(b)(9) Disputed Claim on any other ground.

18.   This motion is without prejudice to the rights of The General Unsecured Creditor Trust (the "GUC Trust") and any other party in interest to object to any Disputed Claim listed on

Exhibit A to the Proposed Order on any other ground. The right to commence additional proceedings with respect to the claims that are subject to this Objection, including but not limited to proceedings under sections 502(d), 510, 542, 543, 544, 545, 547, 548, 549, 550, 551, and 553 of the Bankruptcy Code is also reserved.

## NOTICE

19.    SRI has provided notice of this Objection to (i) the United States Trustee; (ii) counsel to the Liquidating Debtor; (iii) the holders of the Section 503(b)(9) Disputed Claims; and (iv) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested here, SRI submits that no other or further notice is necessary.

WHEREFORE, SRI respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as Exhibit 2, sustaining this Objection in all respects and granting such other and further relief as the Court may deem just and proper.

[The remainder of this page is intentionally left blank]

| | |
|---|---|
| Dated: February 16, 2016<br>Wilmington, DE | **WERB & SULLIVAN**<br><br>*/s/ Matthew P. Austria*<br>Matthew P. Austria (DE No. 4827)<br>300 Delaware Avenue, 13th Floor<br>P.O. Box 25046<br>Wilmington, Delaware 19899<br>(For courier: 19801)<br>Telephone: (302) 652-1100<br>Facsimile: (302) 652-1111<br>E-mail: maustria@werbsullivan.com<br><br>-and-<br><br>**GRAY, PLANT, MOOTY,**<br>**MOOTY & BENNET, P.A.**<br>Phillip Bohl (MN No. 139191)<br>Abigail McGibbon (MN No. 393263)<br>500 IDS Center<br>80 South Eighth Street<br>Minneapolis, Minnesota 55402<br>Telephone: (612) 632-3019<br>Telephone: (612) 632-3009<br>Facsimile: (612) 632-4019<br>Facsimile: (612) 632-4009<br>Email: phillip.bohl@gpmlaw.com<br>Email: abigail.mcgibbon@gpmlaw.com<br><br>*Counsel to Taylor Corporation and its Designated Buyer Standard Register, Inc.* |