## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>**SRC LIQUIDATION, LLC,**[1]<br>　　　　　Debtor. | Chapter 11<br>Case No. 15-10541 (BLS)<br><br>Objection Deadline: March 10, 2016 at 4:00 p.m. (ET) |

### THIRD NOTICE OF SATISFACTION OF CLAIMS

SRC Liquidation, LLC hereby files this notice (the "Notice") identifying claims filed against the above-captioned debtor and its affiliates (collectively the "Debtors") that have been satisfied in full (the "Fully Satisfied Claims"). The Fully Satisfied Claims are set forth on Exhibit A attached hereto. In support of this Notice, SRC Liquidation, LLC respectfully represents as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012 (the "Amended Standing Order"). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution. Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, SRC Liquidation, LLC consents to entry of a final order by the Court in connection with this Notice to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

---

[1] The last four digits of the Debtor's taxpayer identification number are 5440. Inquiries regarding the Debtor should be directed to the GUC Trustee, c/o EisnerAmper LLP, 111 Wood Avenue South, Iselin, NJ 08830-2700 (Attn: Anthony R. Calascibetta).

30954/2
**02/17/2016** 42397562.1
52419920.1

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 502 and 505 of the Bankruptcy Code and Bankruptcy Rule 3007.

## BACKGROUND

A.   **General Background**

3. On March 12, 2015 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court"). No request for a trustee or examiner has been made in these chapter 11 cases (collectively, the "Chapter 11 Cases").

4. On March 24, 2015, the Office of the United States Trustee for the District of Delaware appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee").

5. On November 11, 2015, the Debtors filed the *Second Amended Chapter 11 Plan of Liquidation for SRC Liquidation Company and its Affiliates* [Docket No. 1286] (as confirmed, the "Plan"), which was confirmed on November 19, 2015. *See* Docket No. 1331.

6. The effective date of the Plan occurred on December 18, 2015. *See* Docket No. 1412. Pursuant to the Plan, among other things, SRC Liquidation Company was converted to SRC Liquidation, LLC in accordance with Ohio law. *See* Plan, § 2.3.3.

7. Information regarding the Debtors' history and business operations, capital structure and primary secured indebtedness, and the events leading up to the commencement of these Chapter 11 Cases, can be found in the *Declaration of Kevin M. Carmody in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* [Docket No. 2].

B.   **Proofs of Claim and Bar Dates**

8. On March 13, 2015, the Court entered an order [Docket No. 54] appointing Prime Clerk LLC ("Prime Clerk") as claims and noticing agent in these Chapter 11 Cases. Among other things, Prime Clerk is authorized to (a) receive, maintain, and record and otherwise

52419920.1

administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain the Debtors' official claims and distribution register (the "Claims Register").

9. On May 8, 2015, the Court entered the Order Pursuant to Bankruptcy Rule 3003(c)(3) and Local Rule 2002-1(e) Establishing Bar Dates and Related Procedures for Filing Proofs of Claim (Including for Administrative Expense Claims Arising under Section 503(b)(9) of the Bankruptcy Code) and Approving the Form and Manner of Notice Thereof [Docket No. 449] (the "Bar Date Order"), establishing (i) July 8, 2015 at 5:00 p.m. (Prevailing Eastern Time) as the deadline by which a person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, and trust), other than a governmental unit, must file a proof of claim based on prepetition claims against the Debtors (the "General Bar Date");[2] (ii) June 9, 2015 at 5:00 p.m. (Prevailing Eastern Time) as the deadline by which a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must be filed (the "Section 503(b)(9) Bar Date"); and (iii) September 8, 2015 at 5:00 p.m. (Prevailing Eastern Time) as the deadline by which any governmental unit (as such term is defined in section 101(27) of the Bankruptcy Code) must file a proof of claim against the Debtors (collectively with the Section 503(b)(9) Bar Date and General Bar Date, the "Bar Dates").

10. Notice of the Bar Dates was served on all known creditors and equity holders. In addition, the Debtors caused to be published notice of the Bar Dates in (a) *USA Today* (National Edition) and the *Dayton Daily News* on May 18, 2015 and (b) *Today on PIWorld*, a daily email newsletter, on four consecutive issues, dated May 26, 2015 through May 29, 2015. *See* Affidavit of Publication [Docket No. 600] filed on June 3, 2015.

11. On September 25, 2015, pursuant to the Bar Date Order, the Debtors established a separate Bar Date of November 13, 2015, for holders of non-qualified pension and retirement claims (the "Pension Bar Date"). Notice of the Pension Bar Date was served on all applicable claimants.

---

[2] Certain classes of claims, including nonqualified pension benefits claims, are excepted from the General Bar Date.

52419920.1

## CLAIMS SATISFIED AFTER THE PETITION DATE

12. SRC Liquidation, LLC has reviewed the Debtors' books and records and has determined that the Fully Satisfied Claims listed on Exhibit A have been satisfied in full by payments made after the Petition Date and that no further distributions are required on account of such satisfied amounts. Accordingly, SRC Liquidation, LLC intends to have Prime Clerk designate on the Claims Register that the Fully Satisfied Claims listed on Exhibit A have been previously satisfied by (a) the Debtors pursuant to the *Order (i) Authorizing the Payment of Sales, Use, Franchise, Income, and Similar Taxes and Fees, and (ii) Authorizing Banks to Receive, Process, and Honor Checks Issued and Electronic Payment Requests Related Thereto* [Docket No. 53] or (b) Taylor Corporation ("Taylor") pursuant to that certain asset purchase agreement entered into by and between the Debtors and Taylor dated as of June 19, 2015.

13. Out of an abundance of caution, SRC Liquidation, LLC is serving this Notice on all parties holding Fully Satisfied Claims and providing such parties with an opportunity to object to the SRC Liquidation, LLC's position that such claims have been satisfied in full, as shown on Exhibit A.

14. Any party disputing SRC Liquidation, LLC's position with respect to the claims identified in this Notice must file a written response with the United States Bankruptcy Court for the District of Delaware, 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801 and serve such response on counsel to SRC Liquidation, LLC, Lowenstein Sandler LLP, Attn: Sharon Levine and Wojciech F. Jung, 65 Livingston Avenue, Roseland, NJ 07068, on or before **March 10, 2016 at 4:00 p.m. (ET)**. SRC Liquidation, LLC will then make every effort to review the Fully Satisfied Claim with the claimant to determine whether any obligation remains outstanding and owing to such claimant. In the event that the parties are unable to reach a resolution, SRC Liquidation, LLC will request that the Court schedule a hearing on the matter.

## RESERVATION OF RIGHTS

15. SRC Liquidation, LLC expressly reserves the right to amend, modify or supplement this Notice, and reserve their rights to file additional objections to any claims in

these Chapter 11 Cases, including, without limitation, objections as to the amounts asserted in each of the Fully Satisfied Claims, or any other claims (filed or unfiled) against the Debtors' estates.

Dated: February 17, 2016
       Wilmington, Delaware

Respectfully Submitted,

**LOWENSTEIN SANDLER LLP**
Kenneth A. Rosen, Esq.
Sharon L. Levine, Esq.
Wojciech F. Jung, Esq.
65 Livingston Avenue
Roseland, NJ  07068
Telephone:  (973-597-2500
Facsimile:  (973) 597-2400

*-and -*

Gerald C. Bender, Esq.
1251 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 262-6700
Facsimile:  (212) 262-7402

*-and-*

**POLSINELLI PC**

/s/ *Christopher A. Ward*
Christopher A. Ward (DE 3877)
Justin K. Edelson (DE 5002)
222 Delaware Avenue
Suite 1101
Wilmington, DE 19801
Telephone:  (302) 252-0920
Facsimile:  (302) 252-0921
cward@polsinelli.com
jedelson@polsinelli.com

*Counsel to SRC Liquidation, LLC*

-5-
52419920.1

# **EXHIBIT A**

## **[Fully Satisfied Claims]**

52419920.1

| Fully Satisfied Claims | Claim Number | Claim Amount |
|---|---|---|
| Mecklenburg County Tax Collector | 845 | $232.03 |
| Douglas County Tax Commission | 2463 | $7,177.41 |
| Lewisville Independent School District | 830 | $46,018.51 |
| Carrollton-Farmers Branch Independent School District | 1885 | $288.77 |
| The County of Denton, Texas | 987 | $8,904.92 |
| City of Mesquite and Mesquite Independent School District | 2368 | $16,694.59 |
| Metropolitan Trustee of Metropolitan Government of Nashville & Davidson County | 204 | $35.71 |
| Multnomah County – Dart | 1250 | $460.02 |
| Arkansas Department of Finance & Administration | 1317 | $619.27 |
| State of New Jersey Division of Employer Accounts | 1597 | $4,157.83 |
| Board of County Commissioners of Johnson County, Kansas | 1635 | $450.32 |
| Shelby County Trustee | 2380 | $38.02 |
| City of Memphis, Tennessee | 2384 | $29.58 |
| Texas Comptroller of Public Accounts on behalf of the State of Texas, Texas Municipalities, Texas Counties, Special Purpose Districts and/or Texas Metropolitan or Regional Transportation Authorities | 2400 | $1,161.30 |
| Nebraska Department of Revenue | 2455 | $2,500 |
| Illinois Department of Revenue | 2456 | $0.00 |
| Department of the Treasury/Internal Revenue Service | 2583 | $1,879.21 |
| Fulton County Tax Commissioner | 2567 | $942.78 |
| Mastro Graphic Arts, Inc. | 505 | $0.00 |
| Mastro Graphic Arts, Inc. | 1580 | $0.00 |
| New York State Department of Taxation and Finance | 2382 | $8,520.35 |

52419920.1