UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SRC LIQUIDATION COMPANY[1] | ) | Case No. 15-10541-BLS |
| | ) | [Jointly Administered] |
| | ) | |
| Debtor. | ) | |
| | ) | |

**RESPONSE TO STANDARD REGISTER INC.'S SECOND (2ND) OMNIBUS (SUBSTANTIVE) OBJECTION TO SECTION 503(B)(9) CLAIMS PURSUANT TO SECTION 502 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 3007 AND LOCAL RULE 3007-1**

Claimant, Specialty Print Communications ("SPC"), by and through its undersigned counsel, hereby files this response (the "Response") to Standard Register Inc.'s Second (2nd) Omnibus (Substantive) Objection to Section 503(b)(9) Claims filed February 16, 2016 [Dkt. 1468] (the "Omnibus Objection") seeking to disallow SPC's Claim Number 725. In support of this Response, SPC respectfully represents as follows:

**BACKGROUND**

1. On March 12, 2015, the Standard Register Company (n/k/a SRC Liquidation, LLC) and its affiliates (collectively, the "SRC Debtors") each commended a voluntary case under Chapter 11 of the Bankruptcy Code with this Court. Pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code, the SRC Debtors continued to manage their financial affairs as debtors in possession.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de Mexico, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and Standard Register Technologies Canada ULC (0001).

2.  SPC is a commercial printing and direct mail manufacturing company that has done business with the SRC Debtors for nearly a decade. During that time, SRC acted as an intermediary or broker, matching customers in need of direct mail marketing materials with companies – like SPC – that had the expertise and capability to make them. In some instances, SRC would instruct SPC to drop ship materials to its customers. In other instances, SRC would instruct SPC to ship goods directly to an SRC facility. In all instances, SPC would bill SRC, and SRC would pay SPC, for the shipments.

3.  SPC filed Claim No. 725, claiming that $91,639.62 was entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9) (the "503(b)(9) Claim"). On February 16, 2016, SRC filed its Omnibus Objection, which included an objection to the 503(b)(9) Claim on the basis that "[g]oods [were] not received within 20 days of commencement of the bankruptcy proceeding." (See Exhibit A to Omnibus Objection.)

4.  SPC has reviewed its books and records and has determined that a portion of the original 503(b)(9) Claim sought amounts for shipments made outside of the 20-day look-back period under 11 U.S.C. § 503(b)(9) (the "20 Day Period"). Accordingly, SPC hereby withdraws its claims as to those amounts.

5.  However, SPC has confirmed that the following three shipments were shipped and received during the 20 Day Period:

| Invoice No. | Job ID No. | Amount |
|---|---|---|
| 88133 | 61599 | $6,521.00 |
| 88319 | 61639 | $1,945.00 |
| 88289 | 61657 | $44,624.74 |
| **AMENDED TOTAL** | | **$53,090.74** |

6.  Attached to this Response as Group Exhibit 1 are documents that evidence shipment and receipt of goods during the 20 Day Period. Specifically, for Invoice No. 88133,

2

4853-0389-1246.1

SPC attaches the bills of lading of evidence shipment on February 19, 2015 and arrival on February 20, 2015.[2] For Invoice No. 88319, SPC attaches documents from the US Postal Service that evidence delivery on February 27, 2015. Finally, for Invoice No. 88289, SPC attached documents from the US Postal Service that evidence delivery on February 24, 2015. All of these shipments were delivered during the 20 Day Period.

7.    Accordingly, SPC believes that $53,090.74 of its original 503(b)(9) Claim is entitled to administrative priority under 11 U.S.C. § 503(b)(9).

WHEREFORE, for the reasons set forth herein, SPC respectfully requests that the Court enter an order overruling the objection as to $53,090.74 of the original 503(b)(9) Claim and allowing that portion of the claim under 11 U.S.C. § 503(b)(9).

Dated: March 1, 2016

By:    */s/ Joanne Lee*
Joanne Lee (IL 6283350)
FOLEY & LARDNER LLP
321 North Clark Street
Suite 2800
Chicago, IL 60654-5313
Tel: (312) 832-4500
Fax: (312) 832-4700
E-mail: jlee@foley.com

*Counsel for Specialty Print Communications and Batson Printing*

---

[2] The bills of lading for Invoice No. 88133 incorrectly identify "Standard Register – Niles" as the "Shipped From" entity. The addresses listed in the Shipped From sections confirm that the goods were shipped from SPC's 7420 N. Lehigh and 6019 W. Howard St. facilities. The shipments were made in accordance with the instructions of SRC.