## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SRC LIQUIDATION, LLC[1] | Case No. 15-10541 (BLS) |
| Debtor. | |
| | **Hearing Date: April 13, 2016 at 10:00 a.m. (ET)** |
| | **Response Deadline: April 6, 2016 at 4:00 p.m. (ET)** |

### DEBTOR'S TENTH (10TH) OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

SRC Liquidation, LLC *f/k/a* The Standard Register Company, the above-captioned reorganized debtor (the "Debtor," and together with its chapter 11 debtor affiliates, the "Debtors") hereby files this objection (this "Objection"), pursuant to section 502 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to each of the claims (collectively, the "Disputed Claims") filed against the Debtors and their estates that are listed on Exhibits A and B to the proposed form of order (the "Proposed Order") attached hereto as Exhibit 2, and request the entry of the Proposed Order disallowing each of the Disputed Claims on the grounds set forth herein.  In support of this Objection, the Debtors rely on the Declaration of Paul Poirier (the "Poirier Declaration"), a copy of which is attached hereto as Exhibit 1.  In further support of this Objection, the Debtor respectfully represents as follows:

---

[1]    The last four digits of the Debtor's taxpayer identification number are 5540.  Inquiries regarding the Debtor should be directed to the GUC Trustee, c/o EisnerAmper LLP, 111 Wood Avenue South, Iselin, NJ 08830-2700 (Attn: Anthony R. Calascibetta).

## JURISDICTION

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012 (the "Amended Standing Order"). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States constitution. Pursuant to Local Rule 9013-1(f), the Debtors consent to entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are section 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1.

## BACKGROUND

**A.      General Background**

3.      On March 12, 2015, each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court"). Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are continuing to manage their financial affairs as debtors in possession. No request for a trustee or examiner has been made in these chapter 11 cases (collectively, the "Chapter 11 Cases").

4.      By Order entered November 19, 2015, the Court confirmed the *Debtors' Second Amended Chapter 11 Plan of Liquidation for SRC Liquidation Company and its Affiliates (With Technical Modifications)* [Docket No. 1331-1] (the "Plan"). The Effective Date (as defined in

the Plan) of the Plan occurred on December 18, 2015. See *Notice of Effective Date of Second Amended Chapter 11 Plan of Liquidation for SRC Liquidation Company and its Affiliates (With Technical Modifications) Under Chapter 11 of the Bankruptcy Code* [Docket No. 1412], ¶ 1.

5.      Section 4.2 of the Plan provides that the Debtor has exclusive authority to "compromise, resolve and Allow any Disputed Claims other than Class I and Class III Disputed Claims." The Disputed Claims subject to this Objection constitute Disputed Claims under the Plan.

6.      Information regarding the Debtors' history and business operations, capital structure and primary secured indebtedness, and the events leading up to the commencement of these Chapter 11 Cases, can be found in *Declaration of Kevin M Carmody in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* [Docket No. 2].

**B.      Debtors' Schedules**

7.      On May 11, 205, each of the Debtors filed their Schedules of Assets and Liabilities [Docket Nos. 475, 477, 479, 481, 483, 485, 487, 489, 491, 493, and 495].

**C.      Proofs of Claim**

8.      On March 13, 2015, the Court entered an order [Docket No. 54] appointing Prime Clerk LLC ("Prime Clerk") as claims and noticing agent in these Chapter 11 Cases. Among other things, Prime Clerk is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain official claims registers for each Debtor.

<u>**RELIEF REQUESTED**</u>

9.      By this Objection, the Debtors seek entry of an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, disallowing in full each of the Disputed Claims as set forth herein.

52541532.1

10.    In accordance with Local Rule 3007-1(e)(i)(E), the Debtor believes that this Objection complies in all material respects with Local Rule 3007-1.

## OBJECTION

11.    Section 502(b) of the Bankruptcy Code provides that:

> The court, after notice and a hearing, shall determine the amount of [a] claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent . . . such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured.

11 U.S.C. § 502(b)(1).

12.    The Disputed Claims are unenforceable against the Debtors because they are either:

    a.    based solely on ownership of stock in the Debtors and not on account of damages or a claim against the Debtors; or

    b.    entirely duplicative of previously filed proofs of claim

Therefore, pursuant to sections 502(b)(1) of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1, the Debtor respectfully requests that the Court enter an order disallowing each Disputed Claim.

**A.    Equity Interest Claim**

13.    The claim listed in Exhibit A to the Proposed Order was filed by a party on account of equity interests held in SRC Liquidation Company (f/k/a The Standard Register Company) (the "Equity Interest Claim").  The Debtor objects to the Equity Interest Claim because it was filed by a shareholder based solely on stock ownership in the Debtors and not on account of damages or a claim against the Debtors.  The ownership of an equity interest in the Debtors does not, in and of itself, constitute a "claim" against the Debtors' estates as the

term is Equity Interest Claim and request entry of the Proposed Order disallowing the Equity

Interest Claim.

**B.      Duplicate Claim**

14.      The claim listed in <u>Exhibit B</u> to the Proposed Order under the column heading

"Duplicate Claims to be Disallowed" (the "<u>Duplicate Claim</u>") is duplicative of the subsequently

filed proof of claim identified under the column heading "<u>Remaining Claims</u>" on <u>Exhibit B</u> to

the Proposed Order.  The Debtor believes that it was not the intention of the claimant asserting

such claim to seek a double recovery against the Debtors' estates.  Instead, the filing of the

Duplicate Claim appears to be a function of the claimant filing multiple proof of claim forms on

account of a single claim or filing the same claim with multiple parties *(e.g.* Prime Clerk, the

Debtors, and the Debtors' counsel).  Regardless of the claimant's reasons for filing the Duplicate

Claim, however, only one claim should be allowed for the claimant.

15.      Failure to disallow the Duplicate Claim will result in the claimant receiving an

unwarranted double recovery against the Debtors' estates, to the detriment of unsecured creditors

in these cases.  Accordingly, the Debtors hereby object to the Duplicate Claim and request entry

of an order disallowing the Duplicate Claim listed on <u>Exhibit B</u> to the Proposed Order.  If the

Debtors' objection to the Duplicate Claim is sustained, the claim listed under the column heading

"Remaining Claims" on <u>Exhibit B</u> to the Proposed Order will remain on the official claims

register, subject to the Debtor's right to object on any grounds that bankruptcy or non-

bankruptcy law permits.  Therefore, the claimant holding the Duplicate Claim will suffer no

prejudice by having its Duplicate Claim disallowed.

<u>**RESERVATION OF RIGHTS**</u>

16.      The Debtor expressly reserves the right to amend, modify, or supplement this

Objection.  Should one or more of the grounds for this Objection be dismissed or overruled, the

Debtor reserve the right to object to any Disputed Claim listed on <u>Exhibits A</u> through <u>B</u> to the Proposed Order on any other ground.  The Debtor also expressly reserves the right to commence additional proceedings with respect to the claims that are subject to this Objection, including but not limited to proceedings under sections 502(d), 510, 542, 543, 544, 545, 547, 548, 549, 550, 551, and 553 of the Bankruptcy Code.

**<u>NOTICE</u>**

17.     The Debtor has provided notice of this Objection to (i) the UST; (ii) the Secured Creditor Trust; (iii) counsel to the Secured Creditor Trust; (iv) the holders of the Disputed Claims; and (v) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002 and Section 8.10 of the Plan.  In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtor respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as Exhibit 2, sustaining this Objection in all respects and granting such other and further relief as the Court may deem just and proper.

Dated: March 3, 2016                                  Respectfully Submitted,


**LOWENSTEIN SANDLER LLP**
Kenneth A. Rosen, Esq.
Sharon L. Levine, Esq.
Wojciech F. Jung, Esq.
65 Livingston Avenue
Roseland, NJ 07068
Telephone: (973-597-2500
Facsimile: (973) 597-2400

*-and -*

Gerald C. Bender, Esq.
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 262-6700
Facsimile: (212) 262-7402

*-and-*

**POLSINELLI PC**

*/s/ Christopher A. Ward*
Christopher A. Ward (Del. Bar No. 3877)
Justin K. Edelson (Del. Bar No. 5002)
222 Delaware Avenue, Suite 1101
Wilmington, DE 19801
Telephone: (302) 252-0920
Facsimile: (302) 252-0921
cward@polsinelli.com
jedelson@polsinelli.com

*Counsel to SRC Liquidation, LLC*