# EXHIBIT 1
# DECLARATION OF PAUL POIRIER

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>SRC LIQUIDATION, LLC[1]<br>　　　　　Debtor. | Chapter 11<br>Case No. 15-10541 (BLS) |

**DECLARATION OF PAUL POIRIER IN SUPPORT OF DEBTORS' TENTH (10TH) OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1**

I, Paul Poirier, pursuant to 28 U.S.C. § 1746, declare:

1. I am a director at WilliamsMarston LLC, engaged by SRC Liquidation LLC, the above-captioned reorganized debtor, post effective date of the Plan. In this capacity, I am one of the persons responsible for overseeing the claims reconciliation and objection process in these Chapter 11 Cases. I have read the *Debtor's Tenth (10th) Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1* (the "Objection"),[2] and am directly, or by and through other personnel or representatives of the Debtors, reasonably familiar with the information contained therein, the Proposed Order, and the exhibits attached to the Proposed Order. I am authorized to execute this Declaration on behalf of the Debtors.

2. The information contained in Exhibit A and Exhibit B to the Proposed Order is true and correct to the best of my knowledge, information, and belief.

---

[1] The last four digits of the Debtor's taxpayer identification number are 5540. Inquiries regarding the Debtor should be directed to the GUC Trustee, c/o EisnerAmper LLP, 111 Wood Avenue South, Iselin, NJ 08830-2700 (Attn: Anthony R. Calascibetta).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

52541532.1

-2-

3. The Debtor has determined, based upon a review of the claims register, that the Equity Interest Claim identified on Exhibit A to the Proposed Order was filed by a party solely on account of equity interests held by such party in the Debtors. It is my further understanding that the Equity Interest Claim do not qualify as "claims" under the Bankruptcy Code, and thus is subject to disallowance. As such, the Debtors seek to disallow the Equity Interest Claim listed on Exhibit A to the Proposed Order.

4. The Debtor has determined, based upon a review of the claims register, that the claim identified on Exhibit B to the Proposed Order is entirely duplicative of another claim filed in these Chapter 11 Cases. Accordingly, to prevent the applicable claimant from receiving a potential double recovery based on the filing of two or more separate, but identical, proofs of claim, the Debtors seek to disallow the Duplicate Claim listed on Exhibit B to the Proposed Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 3, 2016         */s/ Paul Poirier*
                                  Paul Poirier