IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| SRC LIQUIDATION, LLC[1] | Case No. 15-10541 (BLS) |
| Debtor. | Hearing Date: April 13, 2016 at 10:00 a.m. (ET)<br>Obj. Deadline: April 1, 2016 at 4:00 p.m. (ET) |

**MOTION FOR AUTHORITY TO SETTLE CLASSES OF PREFERENCE
CLAIM CONTROVERSIES PURSUANT TO BANKRUPTCY RULE 9019(b)**

SRC Liquidation, LLC (the "Liquidating Debtor"), by and through its special preference counsel, hereby files the *Motion for Authority to Settle Classes of Preference Claim Controversies Pursuant to Bankruptcy Rule 9019(b)* (the "Motion").

**JURISDICTION AND VENUE**

1.   This Court has Jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  The statutory predicates for the relief requested herein are 11 U.S.C. §§ 105, 363, and 1107; and Federal Rules of Bankruptcy Procedure 2002 and 9019.

**BACKGROUND**

2.   On March 12, 2015, SRC Liquidation, LLC (f/k/a SRC Liquidation Company f/k/a The Standard Register Company) and its related debtors filed voluntary petitions for relief under chapter 11, title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "Court"), thereby commencing bankruptcy cases which are now substantively consolidated under Case No. 15-10541.

---

[1] The last four digits of the Debtor's taxpayer identification number are 5440. Inquiries regarding the Debtor should be directed to the GUC Trustee, c/o EisnerAmper LLP, 111 Wood Avenue South, Iselin, NJ 08830-2700 (Attn: Anthony R. Calascibetta).

{BAY:02873172v2}

3.      On November 19, 2015, the Court entered an order (the "Order") confirming *Debtors' Second Amended Chapter 11 Plan of Liquidation for SRC Liquidation Company and its Affiliates (with Technical Modifications)* (the "Plan"). [Bankr. D.I. 1331]. Pursuant to the Order and Plan, the Liquidating Debtor was granted requisite standing and authority to prosecute, pursue, administer, settle, litigate, enforce and liquidate causes of action, including actions under chapter 5 of title 11 of the United States Code (the "Preference Claims") to recover payments made to the Debtors' creditors prior to the Petition Date, and the Debtors expressly reserved the right to pursue the same.

4.      The Liquidating Debtor is engaged in prosecuting, collecting and settling Preference Claims relating to the bankruptcy of the Debtors.

## RELIEF REQUESTED

5.      By this Motion, the Liquidating Debtor applies to this Court for entry of the attached proposed order, authorizing the Liquidating Debtor to resolve Preference Claims on the procedures described *infra*.

6.      The Liquidating Debtor anticipates that the net benefit to the Debtors' estate will be maximized by compromising certain claims rather than incurring the expense and uncertainty of litigation.  Possible considerations for compromise include but are not limited to the following:

        A.      Errors and omissions in the Debtors' books and records;

        B.      Risk of not prevailing in litigation;

      C.      Cost of litigating claims to judgment; and

      D.      The desirability of concluding contested matters by compromise and settlement.

7.      Rather than burden this Court and the Debtors' estate with the administrative expenses of presenting a motion to compromise a claim each time the Liquidating Debtor believes it appropriate to do so, the Liquidating Debtor proposes that this Court modify the compromise procedures pursuant to Rule 9019(b), and grant the Liquidating Debtor authority to settle classes of claims without further necessity of notice or court approval.

8.      The Liquidating Debtor's special preference counsel has identified approximately five hundred and eighty (580) potential claims that aggregate to approximately seventy-five million ($75,000,000.00) in amount. Because of the number of potential claims, and the need to promptly and efficiently resolve these potential adversary proceedings, the Liquidating Debtor hereby seeks entry of an order establishing the following procedures to permit the Liquidating Debtor to compromise and settle the potential adversary proceedings seeking the recovery of preference claims within the following settlement ranges and guidelines:

      a.      **Net Preference Claims[2] ("NPC") $100,000.00 or Less:**

The Liquidating Debtor will be free to consummate settlements in this class in its business judgment without further leave of the Court or additional notice to the parties that have been served with this Motion;

      b.      **Claims Between $100,000.01 to $250,000.00:**

---

[2] The term "*net preference claim*" as used herein means the total preference period transfers made to a creditor, less (i) the value to the debtor of subsequent extensions of credit ("*new value*"), and (ii) less credit for the ordinary course of business defense.

Provided that a proposed settlement represents <u>a minimum recovery of at least 65%</u> of the NPC, the Liquidating Debtor will be free to consummate settlements in its business judgment without further leave of the Court or additional notice to the parties that have been served with this Motion; and

      c. **<u>Claims Greater Than $250,000.00:</u>**

Provided that a proposed settlement represents <u>a minimum recovery of at least 75%</u> of the NPC, the Liquidating Debtor will be free to consummate settlements in its business judgment without further leave of the Court or additional notice to the parties that have been served with this Motion.

9. Should any proposed settlement not comply with the parameters set forth in Paragraphs a-c, the Liquidating Debtor shall file a motion for settlement approval pursuant to Bankruptcy Rule 9019 with notice to those parties listed in section 8.10 of the Plan.

10. The Liquidating Debtor submits that the settlement parameters requested herein are in the best interest of the Debtors' estate because the time and expense of seeking Court approval with respect to each and every settlement would significantly diminish the estate's net recovery on preference claims.

## **<u>BASIS FOR RELIEF</u>**

11. Federal Rule of Bankruptcy Procedure 9019(a) sets forth the requirements for the settlement or compromise of controversies after notice to all creditors and a hearing upon each such proposed compromise. Rule 9019(b) provides an exception to this procedure:

(b) <u>Authority to Compromise or Settle Controversies Within Classes</u>.

> After a hearing on such notice as the court may direct, the court may fix a class or classes of controversies and authorize the Liquidating Debtor to compromise or settle controversies within such class or classes <u>without further hearing or notice</u>.

*Id*. (emphasis added).

12. Compromises are favored by bankruptcy courts. *See In re Sassalos*, 160 B.R. 646, 653 (D. Or. 1993) (stating that "compromises are favored in bankruptcy, and the decision of the bankruptcy judgment to approve or disapprove a compromise…rests in the sound discretion of the judge."). Under Bankruptcy Rule 9019(a), the Court has the authority to approve a settlement if it is fair and equitable and in the best interests of the estate. *See In re Louise's Inc.*, 211 B.R. 798 (D. Del. 1997); *Fischer v. Pereira (In re 47-49 Charles St., Inc.)*, 209 B.R. 618, 620 (S.D.N.Y. 1997). In considering whether to approve a compromise or settlement, a court must assess and balance the value of the claim that is being compromised against the value of the estate of accepting the compromise. *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996). Among other things, a bankruptcy court should consider a balance between likelihood of success compared to present benefits, prospect of protracted litigation if not approved, and the extent to which settlement is the product of arm's length bargaining. *Fischer v. Pereira*, 209 B.R. at 620. "Ultimately, the court must determine whether the settlement falls within the lowest range of reasonableness." *In re TCI2 Holdings, LLC*, 428 B.R. 117, 136 (Bankr. D.N.J. 2010). With respect to any proposed settlement that the Liquidating Debtor seeks to enter into under the proposed settlement procedures, the Liquidating Debtor will focus on the merits of the vendors' defenses to the Preference Claims, the risk to the Liquidating Debtor if the Preference Claims were litigated, and the expense the Liquidating Debtor would likely incur in connection with such litigation.

13. This Court has the authority to grant the relief requested in this Motion pursuant to Bankruptcy Rule 9019(b). Bankruptcy Rule 9019(b) provides that the Court may authorize the Debtors to settle certain classes of controversies without requiring separate notice and a hearing with respect to each separate controversy. As set forth in the Advisory Committee Note to the original enactment of this Rule, subdivision (b) permits a court to deal efficiently with a case that may involve a large number of settlements. *In re NJ Affordable Homes Corp.*, 05-60442, 2007 WL 3166950, *11 (Bankr. D.N.J. Oct. 22, 2007) (citing and discussing Advisory Committee Note). The subdivision was intended to address situations in which compliance with the requirements of subdivision (a) would not be practical or efficient. *Id.* The *NJ Affordable Homes* court also cited to Colliers when discussing settlements of classes without further notice, which explains that this subdivision addresses situations such as when a trustee files a large number of preference complaints against many individual defendants, which may involve similar issues and seek recovery of relatively small amounts. *Id.* at *12 (citing 10 COLLIER ON BANKRUPTCY ¶ 9019.03 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev). In such a scenario, filing a new motion every time a settlement is reached would be expensive and burdensome to the estate. *Id.* Courts have granted similar authority to debtors in possession in other large chapter 11 cases to settle claims of their estates, including this Court. *See In re NewPage Corporation, et al.*, Case No. 11-12804 (KG) (Bankr. D. Del.) (Sept. 20, 2013) (establishing procedures for the settlement of various adversary actions); *In re Nortel Networks Inc., et al.*, Case No. 09-10138 (KG) (Bankr. D. Del.) (April 9, 2009) (establishing procedures for the settlement of various judicial, administrative, arbitral or other actions); *In re Amp'd Mobile, Inc. et*

*al.*, Case No. 07-10739 (BLS) (Bankr. D. Del.) (Feb. 14, 2008) (establishing procedures for the settlement of preferential transfer claims).

14.  In summary, the Liquidating Debtor submits that the proposed compromise authority is reasonable and appropriate under the circumstances of this case as described herein, will result in a more efficient and economic administration of the Debtors' estate, and will not deny notice to any creditor that asks to receive such notice.

## NOTICE

15.  The Liquidating Debtor has served a copy of this Motion and notice on those parties who are required notice under section 8.10 of the Plan.

## CONCLUSION

16.  For all the foregoing reasons, the Liquidating Debtor respectfully requests that this Court enter an Order granting Settlement Authority on the terms set forth in the Motion and pursuant to Bankruptcy Rule 9019(b).

Dated: March 18, 2016                **BAYARD, P.A.**

*/s/ Justin R. Alberto*
Justin R. Alberto (No. 5126)
222 Delaware Avenue, Suite 900
Wilmington, DE 19899
Telephone: (302) 655-5000
E-Mail: jalberto@bayardlaw.com

and

Joseph L. Steinfeld, Jr.
Gary D. Underdahl (*Admitted Pro Hac Vice*)
**ASK LLP**
2600 Eagan Woods Drive, Suite 400
St. Paul, MN  55121
Telephone: (651) 406-9665
e-mail: gunderdahl@askllp.com

*Counsel to SRC Liquidation, LLC*