**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>SRC LIQUIDATION, LLC,<br><br>　　　　　　Debtor. | Chapter 11<br><br>Case No. 15-10541-BLS<br><br>**Hearing Date: April 13, 2016 at 10:00 a.m. (ET)**<br><br>**Related to Docket No. 1492** |

**CENVEO CORPORATION'S RESPONSE**
**TO DEBTOR'S ELEVENTH (11TH) OMNIBUS (NON-SUBSTANTIVE)**
**OBJECTION TO CLAIMS**

Cenveo Corporation, a Delaware Corporation and a creditor in this case ("Cenveo"), hereby responds to the *Debtor's Eleventh (11th) Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1* (the "Claim Objection"), filed by SRC Liquidation, LLC f/k/a The Standard Register Company.

The Claim Objection seeks to disallow Cenveo's claim No. 1766, which asserts an administrative priority claim for goods shipped within 20 days of the petition date, pursuant to 11 U.S.C. § 503(b)(9) (the "Cenveo 503(b)(9) Claim"). The Claim Objection incorrectly states that the Cenveo 503(b)(9) Claim was superseded by another claim filed by Cenveo, claim No. 1810 (the "Cenveo Non-Priority Claim"). The Debtor has it backwards. In fact, the Cenveo 503(b)(9) Claim was executed after the Cenveo Non-Priority Claim and was meant to supersede the Cenveo Non-Priority Claim. A review of the filed claims shows that the Cenveo Non-Priority Claim was signed on June 2, 2015. A true and correct copy of the Cenveo Non-Priority Claim is attached hereto as Exhibit "A." The Cenveo 503(b)(9) Claim was signed on June 9, 2015, seven days later. A true and correct copy of the Cenveo 503(b)(9) Claim is attached hereto as Exhibit "B." However, because the Cenveo Non-Priority Claim was submitted by mail and the Cenveo 503(b)(9) Claim was electronically filed, the Cenveo 503(b)(9) Claim ended up with a lower number in the claims register.

While the Cenveo Non-Priority Claim includes the total amount of unpaid invoices due and owing from Debtor, the Cenveo 503(b)(9) Claim only includes invoices for product delivered within 20 days of the bankruptcy petition. Therefore, the Cenveo 503(b)(9) Claim asserts a valid and enforceable claim for an administrative expense in the amount of $249,381.24. The Debtor has requested – and Cenveo has provided – substantial backup documentation demonstrating Cenveo's entitlement to a § 503(b)(9) administrative claim.

Based upon the foregoing, Cenveo requests that the Court deny the Claim Objection as applied to Cenveo, and allow the Cenveo 503(b)(9) Claim in the amount of $249,381.24. Furthermore, the Court should allow Cenveo an unsecured, non-priority claim in the amount of $12,559.33, representing the remaining unpaid product that was delivered to the Debtor outside of the 20-day window contained in 11 U.S.C. § 503(b)(9).

Dated: April 6, 2016  
Wilmington, Delaware

Respectfully submitted,

By: */s/ David A. Felice*  
David A. Felice (#4090)  
Bailey & Glasser, LLP  
Red Clay Center at Little Falls  
2961 Centerville Road, Suite 302  
Wilmington, Delaware  19808  
Phone: (302) 504-6333  
Fax: (302) 504-6334  
Email: dfelice@baileyglasser.com

Of Counsel:  
Andrew A. Harnisch (*to be admitted pro hac vice*)  
Minkin & Harnisch PLLC  
6515 N. 12th Street, Suite B  
Phoenix, Arizona 85014  
Phone: (602) 639-3563  
Email: andy@mhlawaz.com  
  *Attorneys for Creditor Cenveo Corporation*