**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br>SRC LIQUIDATION, LLC[1]<br>　　　　　　　　Debtor. | Chapter 11<br>Case No. 15-10541 (BLS)<br><br>Hearing Date: May 26, 2016 at 9:30 a.m. (ET)<br>Objection Deadline: May 9, 2016 at 4:00 p.m. (ET) |

**DEBTOR'S FOURTEENTH (14TH) OMNIBUS (NON-SUBSTANTIVE)
OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b)
OF THE BANKRUPTCY CODE, BANKRUPTCY RULES
3003 AND 3007, AND LOCAL RULE 3007-1**

SRC Liquidation, LLC *f/k/a* The Standard Register Company, the above-captioned reorganized debtor (the "Debtor," and together with its chapter 11 debtor affiliates[2], the "Debtors") hereby files this objection (this "Objection"), pursuant to section 502 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to each of the claims (collectively, the "Disputed Claims") filed against the Debtors and their estates that are listed on Exhibits A through C to the proposed form of order (the "Proposed Order") attached hereto as Exhibit 2, and request the entry of the Proposed Order disallowing each of the Disputed Claims on the grounds set forth herein. In support of this Objection, the Debtors rely on the Declaration of Paul Poirier (the

---

[1] The last four digits of the Debtor's taxpayer identification number are 5540. Inquiries regarding the Debtor should be directed to the GUC Trustee, c/o EisnerAmper LLP, 111 Wood Avenue South, Iselin, NJ 08830-2700 (Attn: Anthony R. Calascibetta).

[2] The following Debtors filed for relief under the Bankruptcy Code on the Petition Date: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (n/a); Standard Register de México, S. de R.L. de C.V. (n/a); Standard Register Servicios, S. de R.L. de C.V. (n/a); and Standard Register Technologies Canada ULC.

52959232.1

"Poirier Declaration"), a copy of which is attached hereto as Exhibit 1. In further support of this Objection, the Debtor respectfully represents as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012 (the "Amended Standing Order"). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States constitution. Pursuant to Local Rule 9013-1(f), the Debtors consent to entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are section 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1.

## BACKGROUND

**A.    General Background**

3. On March 12, 2015, each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court"). Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are continuing to manage their financial affairs as debtors in possession. No request for a trustee or examiner has been made in these chapter 11 cases (collectively, the "Chapter 11 Cases").

4. By Order entered November 19, 2015, the Court confirmed the *Debtors' Second Amended Chapter 11 Plan of Liquidation for SRC Liquidation Company and its Affiliates (With Technical Modifications)* [Docket No. 1331-1] (the "Plan").  The Effective Date (as defined in the Plan) of the Plan occurred on December 18, 2015. See *Notice of Effective Date of Second Amended Chapter 11 Plan of Liquidation for SRC Liquidation Company and its Affiliates (With Technical Modifications) Under Chapter 11 of the Bankruptcy Code* (the "Effective Date Notice") [Docket No. 1412], ¶ 1.

5. Among other things, each the confirmation order entered in connection with the Plan and the Plan itself provided for substantive consolidation of the Debtors' estates for, inter alia, distribution purposes.  See Confirmation Order, ¶¶ II, 7; and Plan, ¶ 2.2.

6. Section 4.2 of the Plan provides that the Debtor has exclusive authority to "compromise, resolve and Allow any Disputed Claims other than Class I and Class III Disputed Claims."  The Disputed Claims subject to this Objection constitute Disputed Claims under the Plan.

7. Information regarding the Debtors' history and business operations, capital structure and primary secured indebtedness, and the events leading up to the commencement of these Chapter 11 Cases, can be found in *Declaration of Kevin M Carmody in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* [Docket No. 2].

**B.     Debtors' Schedules**

8. On May 11, 205, each of the Debtors filed their Schedules of Assets and Liabilities [Docket Nos. 475, 477, 479, 481, 483, 485, 487, 489, 491, 493, and 495].

**C.     Proofs of Claim**

9. On March 13, 2015, the Court entered an order [Docket No. 54] appointing Prime Clerk LLC ("Prime Clerk") as claims and noticing agent in these Chapter 11 Cases.  Among

other things, Prime Clerk is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain official claims registers for each Debtor.

**D.    Bar Dates**

10.    On May 8, 2015, the Court entered the *Order Pursuant to Bankruptcy Rule 3003(c)(3) and Local Rule 2002-1(e) Establishing Bar Dates and Related Procedures for Filing Proofs of Claim (Including for Administrative Expense Claims Arising under Section 503(b)(9) of the Bankruptcy Code) and Approving the Form and Manner of Notice Thereof* [Docket No. 449] (the "Bar Date Order"), establishing (i) July 8, 2015 at 5:00 p.m. (Prevailing Eastern Time) as the deadline by which a person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, and trust), other than a governmental unit, must file a proof of claim based on prepetition claims against the Debtors (the "General Bar Date");[3] (ii) June 9, 2015 at 5:00 p.m. (Prevailing Eastern Time) as the deadline by which a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must be filed (the "Section 503(b)(9) Bar Date"); and (iii) September 8, 2015 at 5:00 p.m. (Prevailing Eastern Time) as the deadline by which any governmental unit (as such term is defined in section 101(27) of the Bankruptcy Code) must file a proof of claim against the Debtors (together with the Section 503(b)(9) Bar Date and General Bar Date, the "Bar Dates").[4]  Finally, the General Bar Date Order exempted from the proof of claim filing requirements:

---

[3] Certain classes of claims, including nonqualified pension benefits claims, are excepted from the General Bar Date.

[4] As set forth in the Effective Date Notice, Holders of Administrative Expense Claims (other than Professional Fees) accruing from March 12, 2015 through the Effective Date were required to file requests for payment of Administrative Expense Claims so as to be actually received on or before 4:00 p.m. (prevailing Eastern Time) on January 18, 2016 by the Claims Agent. See Effective Date Notice, ¶ 7.

> Any person or entity holding an equity security (as defined in section 101(16) of the Bankruptcy Code and including, without limitation, common stock, preferred stock, warrants, or stock options) or other ownership interest in the Debtors (an "Interest Holder") is not required to file a proof of interest on or before the applicable Bar Date; provided, however, that an Interest Holder that wishes to assert claims against the Debtors that arise out of or relate to the ownership or purchase of an equity security or other ownership interest, including, but not limited to, a claim for damages or rescission based on the purchase or sale of such equity security or other ownership interest, must file a Proof of Claim on or before the applicable Bar Date.

Bar Date Order ¶ 12.

11. Notice of the Bar Dates was served on all known creditors and equity holders. In addition, the Debtors caused to be published notice of the Bar Dates in (a) USA Today (National Edition) and the Dayton Daily News on May 18, 2015 and (b) Today on PIWorld, a daily email newsletter, on four consecutive issues, dated May 26, 2015 through May 29, 2015. See Affidavit of Publication [Docket No. 600] filed on June 3, 2015.

## **RELIEF REQUESTED**

12. By this Objection, the Debtors seek entry of an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, disallowing in full each of the Disputed Claims as set forth herein.

13. In accordance with Local Rule 3007-1(e)(i)(E), the Debtor believes that this Objection complies in all material respects with Local Rule 3007-1.

## **OBJECTION**

14. Section 502(b) of the Bankruptcy Code provides that:

> The court, after notice and a hearing, shall determine the amount of [a] claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent . . . such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured.

52959232.1

11 U.S.C. § 502(b)(1).

15. The Disputed Claims are unenforceable against the Debtors because they are either (i) untimely as a result of failure to file a claim by the applicable Bar Date (ii) amended and superseded by claims subsequently filed by the creditor asserting the claim, or (iii) entirely duplicative of previously filed proofs of claim.

16. Therefore, pursuant to sections 502(b)(1) of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1, the Debtor respectfully requests that the Court enter an order disallowing each Disputed Claim.

### A.    Amended and Superseded Claims

17. The Disputed Claims listed in Exhibit A to the Proposed Order under the column heading "Amended Claims to be Disallowed" are those claims that have been amended and superseded by subsequently-filed proofs of claims identified under the column heading "Remaining Claims" on Exhibit A to the Proposed Order (collectively, the "Amended and Superseded Claims").  The Amended and Superseded Claims, thus, no longer represent valid claims against the Debtors' estates.  Failure to disallow the Amended and Superseded Claims would result in the applicable claimants receiving an unwarranted double recovery against the Debtors' estates, to the detriment of unsecured creditors in these cases.

18. Therefore, the Debtor objects to each Amended and Superseded Claim listed in Exhibit A to the Proposed Order and request that such Amended and Superseded Claims under the column heading "Amended Claims to be Disallowed" be disallowed.  If the Debtor's objection to the Amended and Superseded Claims is sustained, the claims listed under the column heading "Remaining Claim" on Exhibit A to the Proposed Order will remain on the official claims register, subject to the Debtors' right to object on any grounds that bankruptcy or

non-bankruptcy law permits. Therefore, any claimant holding an Amended and Superseded Claim will suffer no prejudice by having such claims disallowed.

### B.  Late Claims

19. The claims listed in Exhibit B to the Proposed Order were filed after the applicable Bar Date (collectively, the "Late Filed Claims"), on the date listed under the column heading "Claim Filed Date." Therefore, the Debtors hereby object to the Late Filed Claims and request entry of the Proposed Order disallowing in full each of the Late Filed Claims.

20. A Section 502(b)(9) of the Bankruptcy Code provides that a claim shall not be allowed if "proof of such claim is not timely filed, except to the extent tardily filed as permitted under paragraph (1), (2), or (3) of section 726(a) of this title or under the Federal Rules of Bankruptcy Procedure[.]" Courts have consistently held that a creditor who fails to timely file its claim may not file a late claim and participate in a distribution from the estate. *See, e.g., In re Energy Future Holdings Corp.*, 522 B.R. 520, 526-27 (Bankr. D. Del. 2015) (stressing the importance of a bar date and holding that it is "akin to a statute of limitations and must be strictly enforced.") (citations omitted); *Matter of LAN Associates XIV, L.P.*, 193 B.R. 730, 739 (Bankr. D.N.J. 1996) (denying tardy proof of claim, despite apparent good faith of creditor, and citing the need for expeditious distribution of debtor's estate and potential prejudice to creditors who timely filed claims); *In re Big, M, Inc.*, 2014 WL 5822655 (Bankr. D. N.J. Nov. 6, 2014) (DHS) (expunging tardy filed administrative claim).

21. The Late Filed Claims were subject to the requirement that proofs of claim be filed no later than the applicable Bar Date, but were filed after the applicable Bar Date, as indicated by the date identified on Exhibit B. For these reasons, the Late Filed Claims are

untimely and unenforceable and must be disallowed in their entirety and expunged from the claims register pursuant to sections 502(b)(1) and (9) of the Bankruptcy Code.

### C. Duplicate Claims

22. The claims listed in Exhibit C to the Proposed Order under the column heading "Duplicate Claims to be Disallowed" (collectively, the "Duplicate Claims") are duplicative of the subsequently filed proofs of claim identified under the column heading "Remaining Claims" on Exhibit C to the Proposed Order. The Debtors believe that it was not the intention of the claimants asserting such claims to seek a double recovery against the Debtors' estates. Instead, the filing of Duplicate Claims appears to be a function of claimants filing multiple proof of claim forms on account of a single claim or filing the same claim with multiple parties (e.g. Prime Clerk, the Debtors, and the Debtors' counsel). Regardless of the claimants' reasons for filing Duplicate Claims, however, only one claim should be allowed for each claimant. Furthermore, because the Debtors' plan of liquidation provides for substantive consolidation of the Debtors' bankruptcy estates, allowance and payment on account of Duplicate Claims would violate the plan.

23. If the Duplicate Claims and the Amended and Superseded Claims are not disallowed and expunged from the claims register, the holders of such claims could impermissibly receive a double (or greater) recovery in respect of the same obligation, at the expense of other creditors. *In re Handy Andy Home Improvement Ctrs., Inc.,* 222 B.R. 571, 575 (Bankr. N.D. Ill. 1998) ("as it is axiomatic that one can not [sic] recover for the same debt twice"). Further, procedurally, an amendment of a claim, as an amendment of a pleading, automatically replaces previously filed claims. *See 188 LLC v. Trinity Industries, Inc.,* 300 F. 3d 730,736 (7th Cir. 2002) ("An amended pleading ordinarily supersedes the prior pleading. The prior pleading is in effect withdrawn . . . and becomes *functus officio*."); *Kelley v. Crosfield*

52959232.1

*Catalysts*, 135 F. 3d 1202, 1204-1205 (7th Cir. 1998) (same); *In re Continental Airlines*, 928 F.2d 127, 129 (5th Cir. 1991) ("[T]he filing of a proof of claim is analogous to the filing of a complaint in a civil action...") (citations omitted); *In re Cruisephone, Inc.,* 278 B.R. 325, 330 (Bankr. E.D.N.Y. 2002) (same).  Given that some claims do not clearly state that they are amending prior claims, the Debtors and their claims agent need to formerly expunge the prior claims.

24. While certain Duplicate Claims were filed against multiple Debtor entities, they are nonetheless subject to expungement and the creditor is entitled only to one recovery.  As set forth above, the confirmation order entered in connection with the Plan and the Plan itself provides for substantive consolidation of the Debtors' estates for, *inter alia*, distribution purposes.  *See* Confirmation Order, ¶¶ II, 7; and Plan, ¶ 2.2.  *See also* Local Rule 3007-1(d)(i), which provides for the disallowance of similar claims filed against multiple debtor entities in a substantive consolidated case.

25. Accordingly, the Debtors respectfully request that the Duplicate Claims and the Amended and Superseded Claims be disallowed and expunged from the claims register, without prejudice to the Debtors' right to object to any other claims, including but not limited to the remaining, on any basis in the future if their review of the claims register so warrants.

## **RESERVATION OF RIGHTS**

26. The Debtor expressly reserves the right to amend, modify, or supplement this Objection.  Should one or more of the grounds for this Objection be dismissed or overruled, the Debtor reserve the right to object to any Disputed Claim listed on Exhibits A through C to the Proposed Order on any other ground.  The Debtor also expressly reserves the right to commence additional proceedings with respect to the claims that are subject to this Objection, including but

not limited to proceedings under sections 502(d), 510, 542, 543, 544, 545, 547, 548, 549, 550, 551, and 553 of the Bankruptcy Code.

## NOTICE

27. The Debtor has provided notice of this Objection to (i) the UST; (ii) the Secured Creditor Trust; (iii) counsel to the Secured Creditor Trust; (iv) the holders of the Disputed Claims; and (v) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002 and Section 8.10 of the Plan. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary.

WHEREFORE, the Debtor respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as <u>Exhibit 2</u>, sustaining this Objection in all respects and granting such other and further relief as the Court may deem just and proper.

Dated: April 22, 2016

Respectfully Submitted,

**LOWENSTEIN SANDLER LLP**
Kenneth A. Rosen, Esq.
Sharon L. Levine, Esq.
Wojciech F. Jung, Esq.
65 Livingston Avenue
Roseland, NJ 07068
Telephone: (973-597-2500
Facsimile: (973) 597-2400

*-and -*

Gerald C. Bender, Esq.
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 262-6700
Facsimile: (212) 262-7402

*-and-*

-10-

52959232.1

**POLSINELLI PC**

/s/ Justin K. Edelson
Christopher A. Ward (DE 3877)
Justin K. Edelson (DE 5002)
222 Delaware Avenue, Suite 1101
Wilmington, DE 19801
Telephone:  (302) 252-0920
Facsimile:  (302) 252-0921
cward@polsinelli.com
jedelson@polsinelli.com

*Counsel to SRC Liquidation, LLC*

52959232.1