## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SRC LIQUIDATION, LLC[1] | Case No. 15-10541 (BLS) |
| Debtor. | |
| | **Hearing Date: June 29, 2016 at 10:30 a.m. (ET)** |
| | **Response Deadline:  May 20, 2016 at 4:00 p.m. (ET)** |

## DEBTOR'S FIFTEENTH (15TH) OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 3007 AND LOCAL RULE 3007-1

SRC Liquidation, LLC *f/k/a* The Standard Register Company, the above-captioned reorganized debtor (the "Debtor," and together with its chapter 11 debtor affiliates, the "Debtors") hereby files this objection (this "Objection"), pursuant to section 502 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to each of the claims (collectively, the "Disputed Claims") filed against the Debtors and their estates that are listed on Exhibits A through C to the proposed form of order (the "Proposed Order") attached hereto as Exhibit 2, and request the entry of the Proposed Order disallowing, modifying, or reclassifying, as appropriate, each of the Disputed Claims on the grounds set forth herein.  In support of this Objection, the Debtors rely on the Declaration of Paul Poirier (the "Poirier Declaration"), a copy of which is attached

---

[1]    The last four digits of the Debtor's taxpayer identification number are 5540.  Inquiries regarding the Debtor should be directed to the GUC Trustee, c/o EisnerAmper LLP, 111 Wood Avenue South, Iselin, NJ 08830-2700 (Attn: Anthony R. Calascibetta).

hereto as <u>Exhibit 1</u>.  In further support of this Objection, the Debtor respectfully represents as follows:

<u>**JURISDICTION AND VENUE**</u>

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012 (the "<u>Amended Standing Order</u>").  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States constitution. Pursuant to Local Rule 9013-1(f), the Debtor consents to entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are section 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1.

<u>**BACKGROUND**</u>

**A.      General Background**

3.      On March 12, 2015 (the "<u>Petition Date</u>"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>").  Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are continuing to manage their financial affairs as debtors in possession.  No request for a trustee or examiner has been made in these chapter 11 cases (collectively, the "<u>Chapter 11 Cases</u>").

53074208.1

4.     By Order entered November 19, 2015, the Court confirmed the *Debtors'*
*Second Amended Chapter 11 Plan of Liquidation for SRC Liquidation Company and its*
*Affiliates (With Technical Modifications)* [Docket No. 1331-1] (the "<u>Plan</u>").   The
Effective Date (as defined in the Plan) of the Plan occurred on December 18, 2015.  <u>See</u>
*Notice of Effective Date of Second Amended Chapter 11 Plan of Liquidation for SRC*
*Liquidation Company and its Affiliates (With Technical Modifications) Under Chapter 11*
*of the Bankruptcy Code* [Docket No. 1412], ¶ 1.

5.     Section 4.2 of the Plan provides that the Debtor has exclusive authority to
"compromise, resolve and Allow any Disputed Claims other than Class I and Class III
Disputed Claims."   The Disputed Claims subject to this Objection constitute Disputed
Claims under the Plan.

6.     Information regarding the Debtors' history and business operations,
capital structure and primary secured indebtedness, and the events leading up to the
commencement of these Chapter 11 Cases, can be found in *Declaration of Kevin M*
*Carmody in Support of the Debtors' Chapter 11 Petitions and Requests for First Day*
*Relief* [Docket No. 2] (the "<u>First Day Declaration</u>").

**B.     Debtors' Schedules**

7.     On May 11, 205, each of the Debtors filed their Schedules of Assets and
Liabilities [Docket Nos. 475, 477, 479, 481, 483, 485, 487, 489, 491, 493, and 495].

**C.     Proofs of Claim**

8.     On March 13, 2015, the Court entered an order [Docket No. 54]
appointing Prime Clerk LLC ("<u>Prime Clerk</u>") as claims and noticing agent in these
Chapter 11 Cases.   Among other things, Prime Clerk is authorized to (a) receive,

maintain, and record and otherwise administer the proofs of claim filed in these chapter 11 cases and (b) maintain official claims registers for each of the Debtors.

## RELIEF REQUESTED

9.      By this Objection, the Debtor seeks entry of an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, disallowing, modifying, or reclassifying, as appropriate, each of the Disputed Claims as set forth herein.

10.     In accordance with Local Rule 3007-1(e)(i)(E), the Debtor believes that this Objection complies in all material respects with Local Rule 3007-1.

## OBJECTION

### A.    Reclassified Benefits Claims

11.     The Debtors object to the Disputed Claims listed on Exhibit A to the Proposed Order (collectively, the "Reclassified Benefits Claims") because, based on a review of the Debtors' books and records and the relevant proofs of claim, such claims should be reclassified for the reasons set forth on Exhibit A to the Proposed Order.  The Reclassified Benefits Claims are asserted on account of certain non-qualified retirement benefits plans (collectively, the "Non- Qualified Plans") administered by the Debtors prior to the Petition Date.  However, nothing was earned under any of the Non-Qualified Plans during the 180-day period prior to the Petition Date.  Therefore, the Reclassified Benefits Claims are not entitled to priority under section 507 of the Bankruptcy Code.

12.     For the foregoing reasons, the Debtors request entry of the Proposed Order reclassifying the Reclassified Benefits Claims on Exhibit A to the Proposed Order. Failure to grant the requested relief would result in the applicable claimants receiving an

unwarranted recovery against the Debtors' estates, to the detriment of other creditors in these Chapter 11 Cases.

13.    This objection to the Reclassified Benefits Claims relates only to the *classification* of such claims and, accordingly, does not constitute an objection to amounts asserted in such claims. Pursuant to Local Rule 3007-1(f), this Objection to the Reclassified Benefits Claims does not prejudice the rights of the Debtors or of any other party in interest to object to such claims (as reclassified) on any other grounds whatsoever.

**B.    Reclassified Supplemental Severance Claims**

14.    The Debtor objects to the Disputed Claims listed on Exhibit B to the Proposed Order (collectively, the "Reclassified Supplemental Severance Claims") because, based on a review of the Debtors' books and records and the relevant proofs of claim, such claims should be reclassified for the reasons set forth on Exhibit B to the Proposed Order.

15.    Claimants asserting the Reclassified Supplemental Severance Claims seek priority treatment for unpaid supplemental severance obligations.    Each claimant asserting a Reclassified Supplemental Severance Claim was terminated by the Debtors prior to the Petition Date.

16.    Pursuant to the Debtors' Employee Severance Pay Plan dated April 1, 2012, terminated employees were entitled to receive base severance pay equal to one (1) week of pay.  None of the Reclassified Supplemental Severance Claims relate to the base severance pay obligations.

17.     In addition to base severance pay, and subject to certain conditions, terminated employees were entitled to supplemental severance pay determined by the eligible employee's complete and consecutive years of service.  For example, employees with complete years of service ranging from 6 months to 5 years were entitled to supplemental severance of 2 weeks of pay.  Employees with complete years of service ranging 5 years to 6 years were entitled to supplemental severance of 5 weeks of pay, etc. Each former employee holder of the Reclassified Supplemental Severance Claims asserted priority treatment for all obligations outstanding under the Debtors' supplemental severance plan.  As such, all supplemental severance claims, including the Reclassified Supplemental Severance Claims, are based on the length of service.

18.     Severance claims that are based on length of service are deemed to continuously accrue.  *In re Pub. Ledger*, 161 F.2d 762, 773 (3d Cir. 1947).  The United States Bankruptcy Court for the District of Delaware has stated:

> The priority of severance pay in bankruptcy has deep roots in the Third Circuit, dating back as far as 1947 in *In re Pub. Ledger*, 161 F.2d 762 (3d Cir. 1947).  In that case, the court set out a framework for determining whether a contractual severance pay claim is entitled to priority in bankruptcy.  Later courts further developed the law, distinguishing "two types of severance pay: '(1) pay at termination in lieu of notice; and, (2) pay at termination based on length of employment.' " In terms of priority, a claim for severance pay will only have administrative priority to the extent that it is based on post-petition services. The former type of severance pay, pay at termination in lieu of notice, vests at the time of the termination because it is based solely on lack of notice . Therefore, the entirety of such a claim becomes an administrative expense claim in a post petition discharge.  Conversely, a claim for severance pay for a pre-petition termination does not receive administrative expense status.

*In re Powermate Holding Corp.*, 394 B.R. 765, 775-76 (Bankr. D. Del. 2008); *see also In re Hechinger Inv. Co. of Delaware*, 298 F.3d 219, 227 (3d Cir. 2002) ("Traditionally, pay

at termination in lieu of notice is allowed administrative expense priority because the payments are made in consideration of quick departure from employment after the petition date—consideration given after the petition. Severance pay at termination based on length of employment is given in consideration of work performed both pre- and post-petition, and thus not all such pay is entitled to treatment as an administrative expense."); *In re Big M, Inc.*, Case No. 13-10233(DHS), 2014 WL 2332940, *2  (Bankr. D.N.J. May 30, 2014) ("In addition, other employees in Public Ledger were entitled to severance pay based on their length of service to the company. As to those employees, the Third Circuit held that only the portion of the pay that was earned post-petition should be given priority as an administrative expense."); *In re Roth Am., Inc.*, 975 F.2d 949, 957 (3d Cir. 1992) ("The claims in this case fall within the second category, because the collective bargaining agreement mandates payments based on length of service. This court, along with the vast majority that have considered the type of severance pay claim at issue here, has held that these claims, like vacation pay claims, only have administrative priority to the extent that they are based on services provided to the bankruptcy estate post-petition.").

19.    In addition, priority schemes are also narrowly construed. *See In re Juvennelliano*, 464 B.R. 651, 655 (Bankr. D. Del. 2011) (explaining that "administrative claims must be strictly construed based on the presumption that a debtor has limited resources to be distributed equally to creditors."); *In re Unidigital, Inc.*, 262 B.R. 283, 288 (Bankr. D. Del. 2008) ("Priority claims are narrowly construed."). *See also Supplee v. Bethlehem Steel Corp. (In re Bethlehem Steel Corp.)*, 479 F.3d 167, 173 (2d Cir. 2007) ("Because the presumption in bankruptcy cases is that the debtor's limited resources will

be equally distributed among his creditors, statutory priorities are narrowly construed.");

*In re BH S&B Holdings LLC*, 426 B.R. 478, 486-87 (Bankr. S.D.N.Y. 2010).

20.     Because supplemental severance pay accrued continuously based on the employee's length of service, only the amount of supplemental severance that accrued within the 180-day period prior to the Petition Date is entitled to priority.  As set forth on Exhibit B, the Reclassified Supplemental Severance Claims must be reduced and/or reclassified to provide priority treatment to the portion of the supplemental severance pay that accrued within the 180-day period prior to the Petition Date and remained outstanding as of the Petition Date.  In essence, pursuant to the Debtors' severance plan and the Bankruptcy Code, no more than two weeks of supplemental severance pay is entitled to priority treatment.

21.     Pursuant to Local Rule 3007-1(f), this Objection to the Reclassified Supplemental Severance Claims does not prejudice the rights of the Debtor or of any other party in interest to object to such claims on any other grounds whatsoever.

**C.     Other No Liability Claims**

22.     The Debtor objects to the Disputed Claims listed on Exhibit C to the Proposed Order (collectively, the "Other No Liability Claims") because, based on a review of the Debtors' books and records and the relevant proofs of claim, the Debtors are not liable for the asserted obligations.  As such, claims on Exhibit C to the Proposed Order should be disallowed.

23.     Failure to grant the requested relief would result in the applicable claimants receiving an unwarranted recovery against the Debtors' estates, to the detriment of other creditors in these Chapter 11 Cases.

24.     Pursuant to Local Rule 3007-1(f), this Objection to the Other No Liability Claims does not prejudice the rights of the Debtor or of any other party in interest to object to such claims on any other grounds whatsoever

## RESERVATION OF RIGHTS

25.     The Debtor expressly reserves the right to amend, modify, or supplement this Objection.  Should one or more of the grounds for this Objection be dismissed or overruled, the Debtors reserve the right to object to any Disputed Claim listed on Exhibits A through C to the Proposed Order on any other ground.  The Debtor also expressly reserves the right to commence additional proceedings with respect to the claims that are subject to this Objection, including but not limited to proceedings under sections 502(d), 510, 542, 543, 544, 545, 547, 548, 549, 550, 551, and 553 of the Bankruptcy Code.

## NOTICE

26.     The Debtor has provided notice of this Objection to (i) the UST; (ii) the Secured Creditor Trust; (iii) counsel to the Secured Creditor Trust; (iv) the holders of the Disputed Claims; and (v) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002 and Section 8.10 of the Plan.  In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary.

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as Exhibit 2, sustaining this Objection in all respects and granting such other and further relief as the Court may deem just and proper.

53074208.1

Dated:  May 3, 2016

Respectfully Submitted,

**LOWENSTEIN SANDLER LLP**
Kenneth A. Rosen, Esq.
Sharon L. Levine, Esq.
Wojciech F. Jung, Esq.
65 Livingston Avenue
Roseland, NJ  07068
Telephone:  (973-597-2500

*-and-*

**POLSINELLI PC**
/s/ Christopher A. Ward
Christopher A. Ward (DE 3877)
Justin K. Edelson (DE 5002)
222 Delaware Avenue, Suite 1101
Wilmington, DE 19801
Telephone:  (302) 252-0920
Facsimile:  (302) 252-0921
cward@polsinelli.com
jedelson@polsinelli.com

*Counsel to SRC Liquidation, LLC*