# EXHIBIT 1
# DECLARATION OF PAUL POIRIER

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>SRC LIQUIDATION, LLC[1]<br>　　　　　Debtor. | Chapter 11<br>Case No. 15-10541 (BLS) |

## DECLARATION OF PAUL POIRIER IN SUPPORT OF DEBTOR'S FIFTEENTH (15TH) OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

I, Paul Poirier, pursuant to 28 U.S.C. § 1746, declare:

1. I am a director at WilliamsMarston LLC, engaged by SRC Liquidation LLC, the above-captioned reorganized debtor, post effective date of the Plan. In this capacity, I am one of the persons responsible for overseeing the claims reconciliation and objection process in these Chapter 11 Cases. I have read the *Debtor's Fifteenth (15th) Omnibus (Substantive) Objection to Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1* (the "Objection"),[2] and am directly, or by and through other personnel or representatives of the Debtor, reasonably familiar with the information contained therein, the Proposed Order, and the exhibits attached to the Proposed Order. I am authorized to execute this Declaration on behalf of the Debtor.

2. The information contained on Exhibits A through C to the Proposed Order is true and correct to the best of my knowledge, information, and belief.

---

[1] The last four digits of the Debtor's taxpayer identification number are 5540. Inquiries regarding the Debtor should be directed to the GUC Trustee, c/o EisnerAmper LLP, 111 Wood Avenue South, Iselin, NJ 08830-2700 (Attn: Anthony R. Calascibetta).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

3. The Reclassified Benefits Claims identified on <u>Exhibit A</u> to the Proposed Order assert priority where nothing was earned under the applicable Non-Qualified Plan during the 180-day period prior to the Petition Date.

4. The Reclassified Supplemental Severance Claims identified on <u>Exhibit B</u> to the Proposed Order assert priority for all obligations outstanding under the Debtors' supplemental severance. Such claims are either (a) not entitled to priority or the (b) the priority amounts of the claims should be reduced to property reflect the amount of supplemental severance pay that was earned during the 180-day period prior to the Petition Date and outstanding as of the Petition Date.

5. The Other No Liability Claims identified on <u>Exhibit C</u> to the Proposed Order assert obligations for which the Debtors are not responsible or claims or obligations that are not supported by the Debtors' books and records.

6. I have reviewed the Other No Liability Claims and all supporting information and documentation provided therewith, made reasonable efforts given the present circumstance to research the claim on the debtors' books and records and believe that, unless otherwise set forth herein or on the exhibits, such documentation does not provide prima facie evidence of the validity and amount of the claim.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 2, 2016

_____
Paul Poirier