# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SRC LIQUIDATION, LLC,[1] | Case No. 15-10541 (BLS) |
| Debtor. | (Jointly Administered) |
| CARESOURCE<br><br>-and-<br><br>CARESOURCE MANAGEMENT GROUP CO.,<br><br>Plaintiffs,<br><br>v.<br><br>SRC LIQUIDATION COMPANY,<br>SR LIQUIDATION HOLDING COMPANY,<br>SR LIQUIDATION TECHNOLOGIES, INC.,<br>SR LIQUIDATION INTERNATIONAL, INC.,<br>iMLIQUIDATION, LLC, SR LIQUIDATION OF PUERTO RICO INC., SR LIQUIDATION MEXICO HOLDING COMPANY, STANDARD REGISTER HOLDING, S. DE R.L. DE C.V., STANDARD REGISTER DE MEXICO, S. DE R.L. DE C.V., STANDARD REGISTER SERVICIOS, S. DE R.L. DE C.V., SR LIQUIDATION TECHNOLOGIES CANADA ULC,<br><br>-and-<br><br>SILVER POINT FINANCE, LLC, as Agent and Collateral Agent, SPCP GROUP, LLC,<br>SPCP GROUP III, LLC,<br>DLJ INVESTMENT PARTNERS, L.P.,<br>DLJ INVESTMENT PARTNERS II, L.P.,<br>DLJ IP II HOLDINGS, L.P.,<br>SPCP GROUP III LLC, SPF CDO I, LTD.,<br>SP WORKFLOW HOLDINGS, INC., | Adv. Proc. No. 15-51775 (BLS) |

---

[1] The last four digits of the Debtor's taxpayer identification number are 5440. Inquiries regarding the Debtor should be directed to the GUC Trustee, c/o EisnerAmper LLP, 111 Wood Avenue South, Iselin, NJ 08830-2700 (Attn: Anthony R. Calascibetta).

53234079.1

SILVER POINT CAPITAL FUND, L.P.

-and-

BANK OF AMERICA, N.A., as Agent and Lender, and WELLS FARGO BANK, N.A., as Lender,

       Defendants.

*AMENDED*[2] **NOTICE OF AGENDA OF MATTERS SCHEDULED FOR HEARING ON MAY 26, 2016 AT 9:30 A.M. (ET)**

**\*\*THIS HEARING HAS BEEN CANCELLED AS THERE ARE NO MATTERS GOING FORWARD\*\***

**CONTINUED MATTERS**

1. Motion for Allowance and Payment of Administrative Expense Claim of Business Card Service, Inc. Pursuant to the Order Authorizing the Sale of Substantially all of the Debtors' Assets [Docket No. 1347; Filed: 11/25/2015]

   Objection Deadline:    December 23, 2015 at 4:00 p.m. (extended to June 24, 2016 for certain parties)

   Related Document(s):

      a)   Notice of Hearing on Motion for Allowance and Payment of Administrative Expense Claim of Business Card Service, Inc. Pursuant to the Order Authorizing the Sale of Substantially all of the Debtors' Assets [Docket No. 1375; Filed: 12/7/2015]

   Response(s) Received:    None at this time.

   Status:    This matter has been continued to the omnibus hearing scheduled for June 29, 2016 at 10:30 a.m.

2. Motion of IWAG Group III for Allowance and Payment of Administrative Expense Claim [Docket No. 1384; Filed: 12/10/2015]

   Objection Deadline:    December 24, 2015 at 4:00 p.m. (extended for certain parties)

   Related Document(s):    None at this time.

---

[2] **Amended items appear in bold.**

53234079.1

    Response(s) Received:    None at this time.

    Status:    This matter has been continued to the next omnibus hearing scheduled for June 29, 2016 at 10:30 a.m.

3. Standard Register Inc.'s Second (2nd) Omnibus (Substantive) Objection to Section 503(b)(9) Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1 [Docket No. 1468; Filed: 2/16/2016]

    Objection Deadline:    March 1, 2016 at 4:00 p.m.

    Related Document(s):

    a) Notice of Submission of Proofs of Claim for Standard Register Inc.'s Second (2nd) Omnibus (Substantive) Objection to Section 503(b)(9) Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1 [Docket No. 1486; Filed: 3/2/2016]

    b) Order Sustaining Standard Register Inc.'s Second (2nd) Omnibus (Substantive) Objection Section 503(b)(9) Claims [Docket No. 1502; Entered: 3/14/2016]

    Response(s) Received:

    a) Response of The Water Depot, Inc. to Standard Register Inc.'s Second (2nd) Omnibus (Substantive) Objection to Section 503(b)(9) Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1 [Docket No. 1480; Filed: 2/25/2016]

    b) Response of Specialty Print Communications to Standard Register Inc.'s Second (2nd) Omnibus (Substantive) Objection to Section 503(b)(9) Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1 [Docket No. 1484; Filed: 3/1/2016]

    Status:    This matter has been resolved with respect to the claim of The Water Depot, Inc. This matter has been continued to the next omnibus hearing scheduled for June 29, 2016 at 10:30 a.m. with respect to the claim of Specialty Print Communications. This matter has been resolved with respect to all other claims.

4. Debtor's Eighth (8th) Omnibus (Substantive) Objection to Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1 [Docket No. 1488; Filed: 3/3/2016]

    Objection Deadline:    April 6, 2016 at 4:00 p.m.

53234079.1

<u>Related Document(s)</u>:

    a)     Notice of Submission of Copies of Proofs of Claim Regarding Debtor's Eighth (8th) Omnibus (Substantive) Objection to Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1 [Docket No. 1512; Filed: 3/30/2016]

    b)     Order Sustaining Debtor's Eighth (8th) Omnibus (Substantive) Objection to Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1 [Docket No. 1534; Entered: 4/11/2016]

<u>Response(s) Received</u>:

    a)     Response by The New York State Department of Taxation and Finance in Opposition to Debtor's Eighth (8th) Omnibus Objection to Claims [Docket No. 1496; Filed: 3/7/2016]

    b)     Notice of Withdrawal of Document (Doc. #1515), Withdrawal of Response in Opposition to Debtor's Eighth (8th) Omnibus Objection to Claims, and Notice of Withdrawal of Response in Opposition to Debtor's Eighth (8th) Omnibus Objection to Claims (Doc. #1496) [Docket No. 1516; Filed: 4/1/2016]

    c)     Response by the Tennessee Department of Revenue to the Debtor's Eighth Omnibus Objection to Claims [Docket No. 1522; Filed: 4/6/2016]

<u>Status</u>:     This matter has been continued to the next omnibus hearing scheduled for June 29, 2016 at 10:30 a.m. with respect to the claim of the Tennessee Department of Revenue. This matter has been resolved with respect to all other claims.

5.     Pre-Trial Conference with Respect to Complaint for Declaratory and Related Relief [Adv. Proc. No. 15-51775; Docket No. 1; Filed: 10/30/2015]

    <u>Answer Deadline</u>:     December 7, 2015 (extended to June 6, 2016)

    <u>Related Document(s)</u>:

    a)     Summons and Notice of Pretrial Conference in an Adversary Proceeding [Adv. Proc. No. 15-51775; Docket No. 3; Filed: 11/5/2015]

    b)     Summons and Notice of Pretrial Conference in an Adversary Proceeding [Adv. Proc. No. 15-51775; Docket No. 4; Filed: 11/5/2015]

    c)     Summons and Notice of Pretrial Conference in an Adversary Proceeding [Adv. Proc. No. 15-51775; Docket No. 5; Filed: 11/5/2015]

    d)     Summons and Notice of Pretrial Conference in an Adversary Proceeding [Adv. Proc. No. 15-51775; Docket No. 6; Filed: 11/5/2015]

    e)     Summons and Notice of Pretrial Conference in an Adversary Proceeding [Adv. Proc. No. 15-51775; Docket No. 7; Filed: 11/5/2015]

    f)     Stipulation for Extension of Time for Defendants to Respond to the Complaint [Adv. Proc. No. 15-51775; Docket No. 8; Filed: 12/4/2015]

    g)     Stipulation for Extension of Time for Defendants to Respond to the Complaint [Adv. Proc. No. 15-51775; Docket No. 9; Filed: 12/7/2015]

    h)     Notice of Adjourned Pre-Trial Conference [Adv. Proc. No. 15-51775; Docket No. 10; Filed: 12/9/2015]

    i)     Order Extending Response Deadline [Adv. Proc. No. 15-51775; Docket No. 14; Entered: 1/4/2016]

    j)     Notice of Adjourned Pre-Trial Conference [Adv. Proc. No. 15-51775; Docket No. 17; Filed: 1/28/2016]

    k)     Order Extending Response Deadline [Adv. Proc. No. 15-51775; Docket No. 19; Entered: 1/29/2016]

    l)     Order Extending Response Deadline [Adv. Proc. No. 15-51775; Docket No. 21; Entered: 2/26/2016]

    m)     Notice of Adjourned Pre-Trial Conference [Adv. Proc. No. 15-51775; Docket No. 22; Filed: 3/9/2016]

    n)     Notice of Adjourned Pre-Trial Conference [Adv. Proc. No. 15-51775; Docket No. 26; Filed: 4/1/2016]

    o)     Order Extending Response Deadline [Adv. Proc. No. 15-51775; Docket No. 27; Entered: 4/1/2016]

    p)     Order Extending Response Deadline [Adv. Proc. No. 15-51775; Docket No. 32; Entered: 5/4/2016]

    q)     Notice of Adjourned Pre-Trial Conference [Adv. Proc. No. 15-51775; Docket No. 33; Filed: 5/5/2016]

<u>Response(s) Received</u>:     None at this time.

<u>Status</u>:     The pre-trial conference has been continued to the next omnibus hearing scheduled for June 29, 2016 at 10:30 a.m.

53234079.1

**MATTERS WITH CERTIFICATE OF NO OBJECTION OR CERTIFICATION OF COUNSEL**

6. Debtor's Twelfth (12th) Omnibus (Substantive) Objection to Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1 [Docket No. 1517; Filed: 4/1/2016]

   Objection Deadline:     April 19, 2016 at 4:00 p.m.

   Related Document(s):

   a) Certificate of No Objection Regarding Debtor's Twelfth (12th) Omnibus (Substantive) Objection to Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1 [Docket No. 1543; Filed: 4/20/2016]

   b) Notice of Submission of Proofs of Claim Regarding Debtor's Twelfth (12th) Omnibus (Substantive) Objection to Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1 [Docket No. 1976; Filed: 5/17/2016]

   c) **Order Sustaining Debtor's Twelfth (12th) Omnibus (Substantive) Objection to Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1 [Docket No. 1979; Entered: 5/24/2016]**

   Response(s) Received:     None.

   Status:     **An order has been entered. No hearing is necessary.**

7. Standard Register Inc.'s Third (3rd) Omnibus (Substantive) Objection to Section 503(b)(9) Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1 [Docket No. 1520; Filed: 4/4/2016]

   Objection Deadline:     April 20, 2016 at 4:00 p.m.

   Related Document(s):

   a) Certification of Counsel Regarding Standard Register Inc.'s Third (3rd) Omnibus (Substantive) Objection to Section 503(b)(9) Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1 [Docket No. 1837; Filed: 5/12/2016]

    b)    Notice of Submission of Proofs of Claim for Standard Register Inc.'s Third (3rd) Omnibus (Substantive) Objection to Section 503(b)(9) Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1 [Docket No. 1838; Filed: 5/12/2016]

    **c)**    **Order Sustaining Standard Register Inc.'s Third (3rd) Omnibus (Substantive) Objection to Section 503(b)(9) Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1 [Docket No. 1980; Entered: 5/24/2016]**

Response(s) Received:

    a)    Response of Zebra Technologies to Standard Register Inc.'s Third (3rd) Omnibus (Substantive) Objection to Section 503(b)(9) Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1 [Docket No. 1533; Filed: 4/11/2016]

    b)    Response of Mayer Enterprises, Inc., dba BCT Houston/Dallas to Standard Register Inc.'s Third (3rd) Omnibus (Substantive) Objection to Section 503(b)(9) Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1 [Docket No. 1542; Filed: 4/18/2016]

    c)    Objection of Enterprise Printing & Products Corp. to Standard Register's Third Omnibus Objection to Section 503(b)(9) Claim [Docket No. 1548; Filed: 4/22/2016]

    d)    Informal Response from Sierra Liquidity Funds, LLC-Assignee & Att-In-Fact for Formax-Assignor ("Sierra")

Status:    Sierra has advised that it does not contest the objection. This matter has been continued to the next omnibus hearing scheduled for June 29, 2016 at 10:30 a.m. with respect to the claims of Zebra Technologies, Mayer Enterprises, Inc., dba BCT Houston/Dallas, and Enterprise Printing and Products Corp. **An order has been entered with respect to all other claims. No hearing is necessary.**

8.    Debtor's Thirteenth (13th) Omnibus (Substantive) Objection to Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1 [Docket No. 1545; Filed: 4/22/2016]

    Objection Deadline:    May 9, 2016 at 4:00 p.m.

<u>Related Document(s)</u>:

a) Certification of Counsel Regarding Order Granting Debtor's Thirteenth (13th) Omnibus (Substantive) Objection to Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1 [Docket No. 1720; Filed: 5/11/2016]

b) Notice of Submission of Proofs of Claim Regarding Debtor's Thirteenth (13th) Omnibus (Substantive) Objection to Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1 [Docket No. 1836; Filed: 5/12/2016]

c) **Order Sustaining Debtor's Thirteenth (13th) Omnibus (Substantive) Objection to Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1 [Docket No. 1981; Entered: 5/24/2016]**

<u>Response(s) Received</u>:

a) Informal Response from Texas Comptroller of Public Accounts

<u>Status</u>: This matter has been withdrawn with respect to the claim of Texas Comptroller of Public Accounts. **An order has been entered. No hearing is necessary.**

9. Debtor's Fourteenth (14th) Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 [Docket No. 1546; Filed: 4/22/2016]

<u>Objection Deadline</u>: May 9, 2016 at 4:00 p.m. Liberty Mutual Insurance Company was granted an extension to respond until May 13, 2016.

<u>Related Document(s)</u>:

a) Certification of Counsel Regarding Order Granting Debtor's Fourteenth (14th) Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 [Docket No. 1974; Filed: 5/16/2016]

b) **Order Sustaining Debtor's Fourteenth (14th) Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 [Docket No. 1982; Entered: 5/24/2016]**

<u>Response(s) Received</u>:

- a) Response of William Dineen to Debtor's Fourteenth (14th) Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 [Docket No. 1707; Filed: 5/9/2016]

- b) Informal Response from Bindery & Specialties Pressworks Inc.

- c) Informal Response from William P. Lee

- d) Informal Response from Liberty Mutual Insurance Company

<u>Status</u>:   This matter has been withdrawn with respect to the claims of William Dineen, Bindery & Specialties Pressworks Inc., and William P. Lee. **An order has been entered.  No hearing is necessary.**

Dated: May 24, 2016
Wilmington, Delaware

Respectfully submitted,

**LOWENSTEIN SANDLER LLP**
Kenneth A. Rosen, Esq.
Wojciech F. Jung, Esq.
Andrew Behlmann, Esq.
65 Livingston Avenue
Roseland, NJ  07068
Telephone:  (973) 597-2500
Facsimile:  (973) 597-2400

 *-and -*

Gerald C. Bender, Esq.
1251 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 262-6700
Facsimile:  (212) 262-7402

 *-and-*

53234079.1

**POLSINELLI PC**

/s/ *Justin K. Edelson*
Christopher A. Ward (DE Bar No. 3877)
Justin K. Edelson (DE Bar No. 5002)
222 Delaware Avenue, Suite 1101
Wilmington, DE 19801
Telephone:  (302) 252-0920
Facsimile:  (302) 252-0921
cward@polsinelli.com
jedelson@polsinelli.com

*Counsel to SRC Liquidation, LLC*

53234079.1