IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>SRC LIQUIDATION, LLC[1]<br><br>                                              Debtor. | Chapter 11<br><br>Case No. 15-10541 (BLS) |
| SRC Liquidation LLC,<br>                                              Plaintiff,<br>v.<br><br>Defendants Listed on Exhibit A,<br>                                              Defendants. | Adv. No.: See Exhibit A<br><br>**Obj. Deadline: June 23, 2016 at 4:00 p.m. (ET)**<br>**Hearing Date: July 27, 2016 at 10:00 a.m. (ET)** |

**PLAINTIFF'S MOTION FOR ORDERS ESTABLISHING STREAMLINED
PROCEDURES GOVERNING ADVERSARY PROCEEDINGS BROUGHT BY
SRC LIQUIDATION LLC PURSUANT TO SECTIONS 502, 547, AND
 550 OF THE BANKRUPTCY CODE**

Pursuant to sections 102(1) and 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 7016, 7026 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 7016-1, 7016-2, and 9019-5 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), SRC Liquidation LLC, (the "Plaintiff") by and through its undersigned counsel, hereby files this motion (the "Procedures Motion") for entry of two procedures orders (the "Proposed Procedures Orders"), substantially in the forms annexed hereto as Exhibits B and C, respectively, establishing streamlined procedures for all adversary proceedings brought by the Plaintiff under sections 502, 547, and 550 of the Bankruptcy Code, identified in Exhibit A annexed hereto (collectively, the

---

[1] The last four digits of the Debtor's taxpayer identification number are 5440. Inquiries regarding the Debtor should be directed to the GUC Trustee, c/o EisnerAmper LLP, 111 Wood Avenue South, Iselin, NJ 08830-2700 (Attn: Anthony R. Calascibetta).

"Avoidance Actions").[2] In support of the Procedures Motion, the Plaintiff respectfully states as follows:

## PRELIMINARY STATEMENT

In order to efficiently administer and resolve the volume of Avoidance Actions filed in the above-referenced bankruptcy case (the "Bankruptcy Case"), Plaintiff proposes that certain procedures be implemented (a) eliminating the requirement of a Bankruptcy Rule 7026(f) scheduling conference and, in lieu thereof, setting procedures and timetables for service of Bankruptcy Rule 7026 disclosures and for conducting fact and expert written discovery and depositions[3]; (b) establishing procedures and timetables requiring the Avoidance Actions be referred to non-binding mediation; and (c) establishing omnibus hearings for the Avoidance Actions and general agendas for the same (collectively, the "Proposed Procedures").

The Plaintiff believes that in setting forth structured procedures for the efficient resolution of the Avoidance Actions, the Proposed Procedures further the purpose of the applicable Bankruptcy Rules and Local Rules. Like the applicable Bankruptcy Rules and Local Rules, the Proposed Procedures are designed to promote the cost-effective, timely resolution of the Avoidance Actions and to further the goals of judicial economy and efficiency.

Plaintiff has taken into consideration Local Rule 9019-5, which provides a different mediation schedule depending on the amount in controversy and, based on this

---

[2] Additional avoidance actions filed by the Plaintiffs related to the underlying bankruptcy cases, after entry of the Proposed Procedures Order, shall be subject to the same conditions stated herein. The parties will file, under certification of counsel, a scheduling order which conforms to the same format but which contains extended deadlines as necessary.

[3] Plaintiff reserves the right to seek further or additional relief from the Court regarding discovery and any other matter in the Avoidance Actions.

Local Rule, proposes two separate Procedure Orders for Avoidance Actions. Avoidance Actions with claims less than or equal to $75,000.00 will follow Local Rule 9019-5(j) and be referred to early mediation, with formal discovery to follow. In Avoidance Actions with claims greater than $75,000.00, mediation is preceded by a formal discovery period. For smaller cases, the Local Rules allow Defendants the ability to choose between a mediation-first or discovery-first track; accordingly, Plaintiff has provided an orderly mechanism for these defendants to opt-in to the order governing larger cases.

Additionally, Plaintiff has provided for a panel of five mediators from which Defendants can choose, along with the option to vote for one additional mediator to be added to the panel. Plaintiff believes in a case this size, a set list of specific mediators will aid Plaintiff and Defendants alike, as a set group will become familiar with reoccurring issues common to this Bankruptcy Case. The inclusion of at least five mediators, with the sixth selected by vote of the Defendants, will also ensure that defendants have ample choice in their mediator selection. The Proposed Procedures will help the Court better manage the Avoidance Actions, while employing guidelines similar to the Local Rules.

Local Rule 7016-1(e) provides that a movant noticing a procedures motion prior to the pretrial date must demonstrate good cause. As a hearing on the Procedures Motion, if any, will occur on the same date as the pretrial rather than before the pretrial, a demonstration of good cause should not be necessary; however, to the extent good cause is required, ample good cause exists. This Procedures Motion seeks to give all Defendants an automatic, additional 60-day extension of time to file responses to their

respective complaints. Holding the hearing at the same time as the pretrial will alleviate any uncertainty for Defendants as to the deadline for a responsive pleading. Additionally, good cause exists to hear the Procedures Motion on the same date as the pretrial, as this results in a single hearing date for any Defendants choosing to attend any hearing.

## JURISDICTION

1. This Court has jurisdiction over this Procedures Motion pursuant to 28 U.S.C. §§ 157, 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. Consideration of this Procedures Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (F), (H) and (O).

2. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

## BACKGROUND

3. On March 12, 2015 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the Court, thereby commencing bankruptcy cases which are now substantively consolidated under Bankruptcy Case No. 15-10541.

4. On November 19, 2015, the Court entered an order (the "Order") confirming the *Debtors' Second Amended Chapter 11 Plan of Liquidation for SRC Liquidation Company and its Affiliates (with Technical Modifications)* (the "Plan") [D.I. 1331]. The Plan became effective on December 18, 2015.

5. Pursuant to the Order and Plan, the Liquidating Debtor was granted requisite standing and authority to prosecute, pursue, administer, settle, litigate, enforce

and liquidate causes of action, including actions under chapter 5 of Bankruptcy Code to recover payments made to the Debtors' creditors prior to the Petition Date, and the Debtors expressly reserved the right to pursue the same.

## RELIEF REQUESTED

6. The Plaintiff respectfully requests that the Court implement the Proposed Procedures in connection with the prosecution of the Avoidance Actions by entering the Procedures Orders, substantially in the forms annexed hereto as <u>Exhibits B</u> and <u>C</u>: (a) eliminating the requirement of a Bankruptcy Rule 7026(f) scheduling conference and, in lieu thereof, setting procedures and timetables for service of Bankruptcy Rule 7026 disclosures and for conducting fact and expert written discovery and depositions; (b) establishing procedures and timetables requiring the Avoidance Actions be referred to non-binding mediation; and (c) establishing omnibus hearings and general agendas for the Avoidance Actions.

## BASIS FOR RELIEF REQUESTED

**I.     Proposed Procedures Generally**

7. The Court has broad discretion to adopt and implement guidelines, such as the Proposed Procedures, which will aid in the administration of these proceedings. Specifically, Bankruptcy Rule 7016(a) authorizes courts to enter orders for the purpose of:

- expediting the disposition of the action;
- establishing early and continuing control so that the case will not be protracted because of lack of management;
- discouraging wasteful pretrial activities; and
- facilitating the settlement of the case.

FED. R. BANKR. P. 7016(a).

8.      In addition, Bankruptcy Rule 7016(b) affords courts significant flexibility in case management and scheduling. Specifically, Bankruptcy Rule 7016(b) authorizes courts to enter scheduling and other orders that limit the time to file motions and to complete discovery. Bankruptcy Rule 7016(b) expressly provides that such order may include modifications for the disclosures required under Federal Rule 26 (made applicable to the Avoidance Actions by Bankruptcy Rule 7026), dates for conferences and trials, and any other matters appropriate to the circumstances of the case.

9.      Section 105(a) of the Bankruptcy Code also grants bankruptcy courts broad authority and discretion to take such actions and implement such procedures as are necessary to enforce the provisions of the Bankruptcy Code. That section provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).

10.     The Proposed Procedures further the purpose of the applicable Bankruptcy Rules by establishing certain guidelines that the Plaintiff believes are essential to the efficient and successful resolution of the Avoidance Actions. The Plaintiff submits that implementation of the Proposed Procedures will further the cost-effective, timely resolution of the Avoidance Actions, and benefit the parties in the Avoidance Actions. The Plaintiff also submits that the Proposed Procedures will further the goals of judicial economy and the conservation of judicial resources. Absent the establishment of the Proposed Procedures to govern the prosecution of the Avoidance Actions, it will be extremely difficult for this Court to administer these matters due to the volume of cases.

To the extent the Proposed Procedures deviate from otherwise applicable rules and orders, the Plaintiff submits that such variations are warranted to promote efficient use of estate assets and judicial resources.

11. Also, the Plaintiff hopes and expects that the Proposed Procedures set forth in the Proposed Procedures Orders will promote settlements and reduce defense costs because proceeding in such a manner may obviate the need for defendants to retain outside and/or local counsel during the settlement process. Defendants in the Avoidance Actions will also be able to present their defenses to Plaintiff for evaluation before engaging in costly litigation.

## II.     Pretrial Conferences and Discovery

12. Given the number of Avoidance Actions, the Plaintiff believes that the provisions of the Proposed Procedures Orders governing scheduling conferences, pretrial conferences, initial disclosures, and fact and expert discovery are necessary to establish a structured, efficient process for the resolution of the Avoidance Actions. The Proposed Procedures extend the agreed-upon time to serve Initial Disclosures, and set out deadlines for the parties to select a mediator in order to timely complete mediation by the agreed upon deadline requiring less of the Court's time reviewing, signing and docketing stipulations for extensions of time and mediator selection The Proposed Procedures will result in more orderly and efficient litigation and discourage dilatory tactics.

## III.    Referral of Avoidance Actions to Mandatory Non-Binding Mediation

13. Plaintiff seeks approval of the Proposed Procedures with respect to referring Avoidance Actions to mandatory non-binding mediation.

14. Referring adversary proceedings to mediation has proven highly

successful in other bankruptcy cases where ASK LLP has represented plaintiffs in the prosecution of preference and fraudulent transfer avoidance actions. Procedures orders containing mandatory, non-binding facilitative mediation procedures similar to the provisions contained in the Proposed Procedures Orders have been entered in other cases pending in this district. *See, e.g., In re RS Legacy Corporation, et al.*, Case No. 15-10197 (BLS) (Bankr. D. Del. December 14, 2015, D.I. 3675) (cases less than or equal to $75,000.00)) and (Bankr. D. Del. December 14, 2015, D.I. 3676) (cases greater than $75,000.00); *In re Exide Technologies*, Case No. 13-11482 (KJC) (Bankr. D. Del. June 30, 2015, D.I. 4360); *In re New Page Corporation*, 11-12804 (KG) (Bankr. D. Del. Oct. 16, 2013, D.I. 4405) (cases greater than $75,000.00), and (Bankr. D. Del. Oct. 16, 2013, D.I. 4406) (cases less than or equal to $75,000.00); *In re WP Steel Ventures LLC*, Case No. 12-11661 (KJC) (Bankr. D. Del. Apr. 3, 2013, Docket No. 2820) (cases greater than $75,000.00), and (Bankr. D. Del. Apr. 3, 2013, Docket No. 2821) (cases less than or equal to $75,000.00). Procedures orders have also been entered in cases pending in the Southern District of New York such as *In re TALT (f.k.a. Tower Automotive, Inc., et al.)*, Chapter 11 Case Nos. 05-10576 through 05-10601 (ALG) and *In re Quebecor World (USA) Inc., et al.*, Chapter 11 Case No. 08-10152-JMP. In *TALT*, the mediators were able to resolve nearly 96% of the remaining 159 adversary proceedings in less than 10 months. In *Quebecor World (USA) Inc.*, the mediators were able to resolve 94% of the remaining 350 adversary proceedings in less than 12 months. Entry of these procedures orders required less of the Court's time and resources.

15. As the Proposed Procedures Orders provide for non-binding mediation, it will not prejudice any party. In fact, Plaintiff submits that all parties and the Court will

benefit from the mediation provisions in Proposed Procedures Orders by providing the opportunity to resolve these matters without expensive, time consuming and burdensome litigation and trial.

**IV.    Defendants May Elect to Move to Discovery-First Track; Vote for Additional Mediators to Supplement Mediator List**

16.    Accompanying this Procedures Motion is a *Notice of Hearing and Response Date for Motion and Defendants' Election as to Procedures Order Track and Mediator List* (the "Notice of Election") and accompanying ballot voting form (the "Ballot Form").  Pursuant to Local Rule 9019-5(j)(iii), a defendant in an adversary proceeding with a total amount in controversy less than or equal to $75,000.00 has the option of conducting mediation first, or proceeding with formal discovery.  Currently, Plaintiff has placed all Defendants in adversary proceedings with a total amount in controversy less than or equal to $75,000.00 on Exhibit 1 to Exhibit B, which provides for mediation prior to discovery.  However, as outlined in the Notice of Election, those Defendants currently on Exhibit 1 to Exhibit B who wish to conduct discovery first may notify the Plaintiff using the Ballot Form and the procedures outlined in the Notice of Election.  Those parties giving proper notice will be moved to Exhibit 2 to Exhibit C and proceed with discovery prior to mediation.[4]

17.    The Notice of Election also provides that each Defendant (regardless of total amount in controversy) may vote for one additional mediator who is listed on the Register of Mediators and Arbitrators Pursuant to Local Rule 9019-4.  The top voted

---

[4] While Local Rule 9019-5(j)(iii) makes the mediation-first track optional at the sole discretion of Defendants under or equal to $75,000.00, Local Rule 9019-5(j)(vi), only permits a party in a case over $75,000.00 to move to the mediation-first track with consent of the Plaintiff. As this rule is discretionary between the parties rather than automatic, Defendants may contact Plaintiff on an individualized basis to discuss the feasibility of the same.

recipient will be added to the Mediation List, provided the additional mediator agrees to the fee arrangement provided in the Procedures Orders. Attached as <u>Exhibit D</u> to this Procedures Motion is a list of mediators who have agreed to the fee schedule proposed in the Procedures Orders. Further details on the mediator election are set forth in the Notice of Election.

18. The Plaintiff believes the Proposed Procedures are integral to resolving the Avoidance Actions in a cost-effective, efficient manner that will further speedy distributions to creditors and, ultimately, Plaintiff's efforts towards an expeditious closing of the Debtors' Chapter 11 case and the Liquidating Trust. In light of the foregoing, the Plaintiff submits that the Proposed Procedures are warranted and approval thereof is well within the authority granted to the Court under applicable Bankruptcy Rules and sections of the Bankruptcy Code.

**V.     Omnibus Hearings, Motions and Electronic Service**

19. The Proposed Procedures contemplate that Plaintiff will schedule Avoidance Action Omnibus Hearings quarterly at the Court's convenience. All motions and other matters concerning any Avoidance Actions will only be heard at Avoidance Actions Omnibus Hearings.

20. Motions generally affecting Defendants in all Avoidance Actions will be filed in the Debtors' main chapter 11 case, Case No. 15-10541 (BLS), and will not be filed in each individual Avoidance Action.

21. Additionally, notices of Avoidance Actions Omnibus Hearings, and any other motions or other pleadings filed by the Plaintiff in or related to Avoidance Actions may be served via email to those Defendants who have retained counsel, even if such

counsel has not formally entered an appearance on the docket.

## NOTICE

22. Notice of this Procedures Motion has been provided to: (i) all entities that are defendants in the Avoidance Actions as of the date hereof, which are identified in Exhibit A annexed hereto; (ii) counsel for the Debtor; and (iii) the United States Trustee. The Plaintiff respectfully submits that such notice is adequate and that no other or further notice need be provided.

23. Within ten (10) days of entry of the respective orders approving this Procedures Motion, the Plaintiffs shall serve such orders on all entities that are parties to the Avoidance Actions as of the date thereof.

## NO PRIOR REQUEST

24. No other or prior motion for the relief sought herein has been made to this Court or any other court.

**WHEREFORE**, the Plaintiff believes the Proposed Procedures are integral to the ability to resolve the Avoidance Actions in a cost-effective, efficient manner that will further speedy distributions to creditors and, ultimately, the Plaintiff's efforts towards an expeditious closing of the Debtors' Chapter 11 case. In light of the foregoing, the Plaintiff submits that the Proposed Procedures are warranted and approval thereof is well within the authority granted to the Court under applicable Bankruptcy Rules, Local Rules, and sections of the Bankruptcy Code.

Accordingly, the Plaintiff respectfully requests that this Court enter the Proposed Procedures Orders, attached hereto as <u>Exhibits B</u> and <u>C</u> (i) approving the Proposed Procedures and (ii) granting such other and further relief as the Court deems just and proper.

Dated: June 9, 2016  **BAYARD, P.A.**

*/s/ Justin R. Alberto*
Justin R. Alberto (No. 5126)
Gregory J. Flasser (No. 6154)
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19801
Telephone: (302) 655-5000
Facsimile: (302) 658-6395
Email: jalberto@bayardlaw.com
          gflasser@bayardlaw.com

-and-

**ASK LLP**
Joseph L. Steinfeld, Jr.
Gary D. Underdahl (*Admitted Pro Hac Vice*)
Edward E. Neiger
2600 Eagan Woods Drive, Suite 400
St. Paul, Minnesota 55121
Telephone: (651) 406-9665
Email: jsteinfeld@askllp.com
          gunderdahl@askllp.com
          eneiger@askllp.com

*Counsel to SRC Liquidation LLC*