# **EXHIBIT 1**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| SRC LIQUIDATION, LLC[1] | Case No. 15-10541 (BLS) |
| Debtor. | |
| | **Re: Docket No. 1557** |

**ORDER SUSTAINING DEBTOR'S FIFTEENTH (15TH) OMNIBUS
(SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO
SECTION 502 OF THE BANKRUPTCY CODE,
BANKRUPTCY RULE 3007 AND LOCAL RULE 3007-1**

Upon consideration of the *Debtors' Fifteenth (15th) Omnibus (Substantive) Objection to Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1* (the "Objection")[2] and the Poirier Declaration; and this Court having jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended standing Order; and this Court having found that venue of these Chapter 11 Cases and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having determined that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Objection is in the best interests of the Debtor, its estate, its creditors and other parties in interest; and this Court having determined that notice of the Objection was good and sufficient upon the particular circumstances and that no other or further notice need be given; and upon the record herein; and after due deliberation thereon and good and sufficient cause appearing therefor; it is hereby **ORDERED, ADJUDGED, AND DECREED THAT:**

---

[1]    The last four digits of the Debtor's taxpayer identification number are 5540. Inquiries regarding the Debtor should be directed to the GUC Trustee, c/o EisnerAmper LLP, 111 Wood Avenue South, Iselin, NJ 08830-2700 (Attn: Anthony R. Calascibetta).

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

1.      The Objection is SUSTAINED as set forth herein.

2.      The Disputed Claims identified on the attached Exhibits A and B are hereby reclassified in the manner set forth on Exhibits A through B according to the classification designated in the column titled "Reclassified Claim Amount and Classification" for the respective Disputed Claims.

3.      Each Other No Liability Claim identified on the attached Exhibit C is hereby disallowed in its entirety.

4.      Pursuant to Local  Rule 3007-1(f), nothing in this Order shall be construed to prejudice the rights of the Debtors, or any other party in interest, to object to the Disputed Claims listed on Exhibits A and B (as reclassified) on any other grounds, including further objection to classification or amount asserted.

5.      The Debtor's objection to each Disputed Claim addressed in the Objection constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed a separate order with respect to each claim. Any stay of this Order pending appeal by any of the claimants subject to this Order shall only apply to the contested matter that involves such claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters covered hereby.

6.      The Debtor's right to commence additional proceedings with respect to the claims that are subject to the Objection, including but not limited to proceedings under sections 502(d), 510, 542, 543, 544, 545, 547, 548, 549, 550, 551, and 553 of the Bankruptcy Code, is also fully reserved and shall not be prejudiced in any way by the filing of the Objection.

7.      The Debtor is authorized and empowered to take all steps necessary and appropriate to carry out and otherwise effectuate the terms, conditions, and provisions of this Order.

8.      This Court shall retain jurisdiction over all affected parties with respect to any matters, claims, or rights arising from or related to the implementation and interpretation of this Order.

Dated:  _____ ___, 2016

_____
Honorable Judge Brendan L. Shannon

# EXHIBIT A
**[Reclassified Benefits Claims]**

| | NAME | CLAIM NO. | DATE FILED | CURRENT CLAIM AMOUNT AND CLASSIFICATION | RECLASSIFIED CLAIM AMOUNT AND CLASSIFICATION | REASON FOR RECLASSIFICATION |
|---|---|---|---|---|---|---|
| 1 | Merica, Fred | 1418 | 6/4/2015 | Priority Claim: $12,475.00 (set by prior objection) General Unsecured Claim: $185,417.00 (set by prior objection) | General Unsecured Claim: $197,892.00 | Claim no. 1418 has been asserted, in part, as a priority claim arising under section 507(a)(5) of the Bankruptcy Code. Because such claim arises from a non-qualified retirement program, and nothing was earned thereunder during the 180-day period prior to the Petition Date, priority is not warranted under the circumstances. Accordingly, the priority component is reclassified as a general unsecured claim in the amount set forth in the column labeled "Reclassified Claim Amount and Classification." |
| 2 | Ferreira, James | 1692 | 6/9/2015 | Priority Claim: $12,475.00 (set by prior objection) 503(b)(9) Claim: $134,560.00 General Unsecured Claim: $256,645.00 (set by prior objection) | General Unsecured Claim: $134,560.00 | Claim no. 1692 has been asserted, in part, as a priority claim arising under section 507(a)(5) of the Bankruptcy Code and section 503(b)(9) of the Bankruptcy Code. Because such claim arises from a non-qualified retirement program, and nothing was earned thereunder during the 180-day period prior to the Petition Date, priority is not warranted under the circumstances. Accordingly, the priority component is reclassified as a general unsecured claim in the amount set forth in the column labeled "Reclassified Claim Amount and Classification." |
| 3 | Greve, Gregory, J | 2289 | 7/8/2015 | Priority Claim: $4,153.11 (set by prior objection) General Unsecured Claim: $185,417.00 (set by prior objection) | General Unsecured Claim: $29,353.11 | Claim no. 2289 has been asserted, in part, as a priority claim arising under section 507(a)(5) of the Bankruptcy Code. Because such claim arises from a non-qualified retirement program, and claimant received postpetition payments on account of benefits earned thereunder during the 180-day period prior to the Petition Date, priority is not warranted under the circumstances. Accordingly, the priority component is reclassified as a general unsecured claim in the amount set forth in the column labeled "Reclassified Claim Amount and Classification." |

**EXHIBIT B**
**[Reclassified Supplemental Severance Claims]**

| | NAME | CLAIM NO. | DATE FILED | CURRENT CLAIM AMOUNT AND CLASSIFICATION | RECLASSIFIED CLAIM AMOUNT AND CLASSIFICATION | REASON FOR RECLASSIFICATION |
|---|---|---|---|---|---|---|
| 1 | Barton, Beth A. | 524 | 4/7/2015 | Prioirty Claim: $5,792.00 | General Unsecured Claim: $5,792.00 | The Claim is for outstanding supplemental serverence pay based on length of service through 12/26/14.  To the extent any obligations were "earned" during the 180-day period prior to the Petition Date, those obligations were satisfied. Thus, priority treatment of the Claim is not warranted under the circustances. Accordingly, the priority component is reclasified as a general unsecured claim in the amount set forth in the column labaled "Reclassified Claim Amount and Classification." |
| 2 | Bumgarner, Chad T. | 1619 | 6/8/2015 | Prioirty Claim: $12,090.00 | General Unsecured Claim: $12,090.00 | The Claim is for outstanding supplemental serverence pay based on length of service through 2/13/15.  To the extent any obligations were "earned" during the 180-day period prior to the Petition Date, those obligations were satisfied. Thus, priority treatment of the Claim is not warranted under the circustances. Accordingly, the priority component is reclasified as a general unsecured claim in the amount set forth in the column labaled "Reclassified Claim Amount and Classification." |

| | NAME | CLAIM NO. | DATE FILED | CURRENT CLAIM AMOUNT AND CLASSIFICATION | RECLASSIFIED CLAIM AMOUNT AND CLASSIFICATION | REASON FOR RECLASSIFICATION |
|---|---|---|---|---|---|---|
| 3 | Collins, Billie J. | 1211 | 5/26/2015 | Prioirty Claim: $8,430.50 | General Unsecured Claim: $8,430.50 | The Claim is for outstanding supplemental serverence pay based on length of service through 1/29/15.  To the extent any obligations were "earned" during the 180-day period prior to the Petition Date, those obligations were satisfied. Thus, priority treatment of the Claim is not warranted under the circustances. Accordingly, the priority component is reclasified as a general unsecured claim in the amount set forth in the column labaled "Reclassified Claim Amount and Classification." |
| 4 | Dowdle, Loretta | 650 | 4/15/2015 | Prioirty Claim: $6,556.00 | General Unsecured Claim: $6,556.00 | The Claim is for outstanding supplemental serverence pay based on length of service through 1/16/15.  To the extent any obligations were earned during the 180-day period prior to the Petition Date, those obligations were satisfied.  Thus, priority treatment of the Claim is not warranted under the circustances. Accordingly, the priority component is reclasified as a general unsecured claim in the amount set forth in the column labaled "Reclassified Claim Amount and Classification." |

| | NAME | CLAIM NO. | DATE FILED | CURRENT CLAIM AMOUNT AND CLASSIFICATION | RECLASSIFIED CLAIM AMOUNT AND CLASSIFICATION | REASON FOR RECLASSIFICATION |
|---|---|---|---|---|---|---|
| 5 | Eifert, Brenda | 202 | 3/30/2015 | Prioirty Claim: $4,564.78 | Prioirty Claim: $652.11 General Unsecured Claim: $3,912.67 | The Claim is for outstanding supplemental serverence pay based on length of service through 2/27/15.  Only $652.11 was "earned" during the 180-day period prior to the Petition Date.  Accordingly, the priority component is reduced to $622.11 and the remainder of the priority component is reclasified as a general unsecured claim in the amount set forth in the column labaled "Reclassified Claim Amount and Classification." |
| 6 | Feagin, Thomas L. | 595 | 4/21/2015 | Prioirty Claim: $452.80 | General Unsecured Claim: $452.80 | The Claim is for outstanding supplemental serverence pay based on length of service through 1/29/15.  To the extent any obligations were "earned" during the 180-day period prior to the Petition Date, those obligations were satisfied.  Thus, priority treatment of the Claim is not warranted under the circustances. Accordingly, the priority component is reclasified as a general unsecured claim in the amount set forth in the column labaled "Reclassified Claim Amount and Classification." |

| | NAME | CLAIM NO. | DATE FILED | CURRENT CLAIM AMOUNT AND CLASSIFICATION | RECLASSIFIED CLAIM AMOUNT AND CLASSIFICATION | REASON FOR RECLASSIFICATION |
|---|---|---|---|---|---|---|
| 7 | Freeman, Larry D. | 2008 | 6/26/2015 | Prioirty Claim: $1,577.60 | General Unsecured Claim: $1,577.60 | The Claim is for outstanding supplemental serverence pay based on length of service through 11/17/14.  To the extent any obligations were "earned" during the 180-day period prior to the Petition Date, those obligations were satisfied. Thus, priority treatment of the Claim is not warranted under the circustances. Accordingly, the priority component is reclasified as a general unsecured claim in the amount set forth in the column labaled "Reclassified Claim Amount and Classification." |
| 8 | Garbe, Sharon R. | 541 | 4/15/2015 | Prioirty Claim: $5,490.80 | Prioirty Claim: $1,568.80 General Unsecured Claim: $3,922.00 | The Claim is for outstanding supplemental serverence pay based on length of service through 2/27/15.  Only $1,568.80 was "earned" during the 180-day period prior to the Petition Date. Accordingly, the priority component is reduced to $1,568.80 and the remainder of the priority component is reclasified as a general unsecured claim in the amount set forth in the column labaled "Reclassified Claim Amount and Classification." |

| | NAME | CLAIM NO. | DATE FILED | CURRENT CLAIM AMOUNT AND CLASSIFICATION | RECLASSIFIED CLAIM AMOUNT AND CLASSIFICATION | REASON FOR RECLASSIFICATION |
|---|---|---|---|---|---|---|
| 9 | Hardin, Kelly T. | 1252 | 6/1/2015 | Priorty Claim: $6,000.00 | General Unsecured Claim: $6,000.00 | The Claim is for outstanding supplemental serverence pay based on length of service through 1/30/15.  To the extent any obligations were earned during the 180-day period prior to the Petition Date, those obligations were satisfied.  Thus, priority treatment of the Claim is not warranted under the circustances. Accordingly, the priority component is reclasified as a general unsecured claim in the amount set forth in the column labaled "Reclassified Claim Amount and Classification." |
| 10 | Hartness, Ricky Alan | 252 | 3/31/2015 | Priorty Claim: $7,403.90 | Priorty Claim: $2,115.40 General Unsecured Claim: $5,288.50 | The Claim is for outstanding supplemental serverence pay based on length of service through 2/27/15.  Only $2,115.40 was "earned" during the 180-day period prior to the Petition Date. Accordingly, the priority component is reduced to $2,115.40 and the remainder of the priority component is reclasified as a general unsecured claim in the amount set forth in the column labaled "Reclassified Claim Amount and Classification." |

| | NAME | CLAIM NO. | DATE FILED | CURRENT CLAIM AMOUNT AND CLASSIFICATION | RECLASSIFIED CLAIM AMOUNT AND CLASSIFICATION | REASON FOR RECLASSIFICATION |
|---|---|---|---|---|---|---|
| 11 | Hartsough, Arlene E | 886 | 5/18/2015 | Prioirty Claim: $12,475.00 General Unsecured Claim: $3,392.15 | General Unsecured Claim: $15,867.15 | The Claim is for outstanding supplemental serverence pay based on length of service through 1/30/15.  To the extent any obligations were "earned" during the 180-day period prior to the Petition Date, those obligations were satisfied. Thus, priority treatment of the Claim is not warranted under the circustances. Accordingly, the priority component is reclasified as a general unsecured claim in the amount set forth in the column labaled "Reclassified Claim Amount and Classification." |
| 12 | Hooks, Odene M. | 419 | 4/14/2015 | Prioirty Claim: $12,475.00 General Unsecured Claim: $6,277.50 | General Unsecured Claim: $18,752.50 | The Claim is for outstanding supplemental serverence pay based on length of service through 2/6/15.  To the extent any obligations were "earned" during the 180-day period prior to the Petition Date, those obligations were satisfied.  Thus, priority treatment of the Claim is not warranted under the circustances. Accordingly, the priority component is reclasified as a general unsecured claim in the amount set forth in the column labaled "Reclassified Claim Amount and Classification." |

| | NAME | CLAIM NO. | DATE FILED | CURRENT CLAIM AMOUNT AND CLASSIFICATION | RECLASSIFIED CLAIM AMOUNT AND CLASSIFICATION | REASON FOR RECLASSIFICATION |
|---|---|---|---|---|---|---|
| 13 | Hucker, Steven A | 473 | 4/9/2015 | Prioirty Claim: $800.40 | General Unsecured Claim: $800.40 | The Claim is for outstanding supplemental serverence pay based on length of service concluding in 2014.  To the extent any obligations were "earned" during the 180-day period prior to the Petition Date, those obligations were satisfied. Thus, priority treatment of the Claim is not warranted under the circustances. Accordingly, the priority component is reclasified as a general unsecured claim in the amount set forth in the column labaled "Reclassified Claim Amount and Classification." |
| 14 | King, Terry S. | 514 | 4/6/2015 | Priorty Claim: $3,209.60 | General Unsecured Claim: $3,209.60 | The Claim is for outstanding supplemental serverence pay based on length of service through 12/5/14.  To the extent any obligations were earned during the 180-day period prior to the Petition Date, those obligations were satisfied.  Thus, priority treatment of the Claim is not warranted under the circustances. Accordingly, the priority component is reclasified as a general unsecured claim in the amount set forth in the column labaled "Reclassified Claim Amount and Classification." |

| | NAME | CLAIM NO. | DATE FILED | CURRENT CLAIM AMOUNT AND CLASSIFICATION | RECLASSIFIED CLAIM AMOUNT AND CLASSIFICATION | REASON FOR RECLASSIFICATION |
|---|---|---|---|---|---|---|
| 15 | Landis, Harry F. | 327 | 4/3/2015 | Priorty Claim: $7,634.68 | General Unsecured Claim: $7,634.68 | The Claim is for outstanding supplemental serverence pay based on length of service through 12/26/14.  To the extent any obligations were "earned" during the 180-day period prior to the Petition Date, those obligations were satisfied.  Thus, priority treatment of the Claim is not warranted under the circustances. Accordingly, the priority component is reclasified as a general unsecured claim in the amount set forth in the column labaled "Reclassified Claim Amount and Classification." |
| 16 | Little, James W. | 320 | 4/2/2015 | Priorty Claim: $5,468.71 | General Unsecured Claim: $5,468.71 | The Claim is for outstanding supplemental serverence pay based on length of service through 12/5/14.  To the extent any obligations were "earned" during the 180-day period prior to the Petition Date, those obligations were satisfied.  Thus, priority treatment of the Claim is not warranted under the circustances. Accordingly, the priority component is reclasified as a general unsecured claim in the amount set forth in the column labaled "Reclassified Claim Amount and Classification." |

| | NAME | CLAIM NO. | DATE FILED | CURRENT CLAIM AMOUNT AND CLASSIFICATION | RECLASSIFIED CLAIM AMOUNT AND CLASSIFICATION | REASON FOR RECLASSIFICATION |
|---|---|---|---|---|---|---|
| 17 | Lopez, Ralph Anthony | 518 | 4/7/2015 | Prioirty Claim: $5,666.82 | General Unsecured Claim: $5,666.825.792.00 | The Claim is for outstanding supplemental serverence pay based on length of service through 1/30/15.  To the extent any obligations were "earned" during the 180-day period prior to the Petition Date, those obligations were satisfied. Thus, priority treatment of the Claim is not warranted under the circustances. Accordingly, the priority component is reclasified as a general unsecured claim in the amount set forth in the column labaled "Reclassified Claim Amount and Classification." |
| 18 | Minton, Charles Keith | 426 | 4/13/2015 | Prioirty Claim: $12,475.00 General Unsecured Claim: $421.00 | Prioirty Claim: $1,612.00 General Unsecured Claim: $11,284.00 | The Claim is for outstanding supplemental serverence pay based on length of service through 2/20/15.  Only $1,612.00 was "earned" during the 180-day period prior to the Petition Date. Accordingly, the priority component is reduced to $1,612.00 and the remainder of the priority component is reclasified as a general unsecured claim in the amount set forth in the column labaled "Reclassified Claim Amount and Classification." |

| | NAME | CLAIM NO. | DATE FILED | CURRENT CLAIM AMOUNT AND CLASSIFICATION | RECLASSIFIED CLAIM AMOUNT AND CLASSIFICATION | REASON FOR RECLASSIFICATION |
|---|---|---|---|---|---|---|
| 19 | Pham Charles | 276 | 3/31/2015 | Prioirty Claim: $2,029.00 | General Unsecured Claim: $2,029.00 | The Claim is for outstanding supplemental serverence pay based on length of service through 1/30/15. To the extent any obligations were "earned" during the 180-day period prior to the Petition Date, those obligations were satisfied. Thus, priority treatment of the Claim is not warranted under the circustances. Accordingly, the priority component is reclasified as a general unsecured claim in the amount set forth in the column labaled "Reclassified Claim Amount and Classification." |
| 20 | Post, Todd J. | 555 | 4/22/2015 | Prioirty Claim: $12,475.00 General Unsecured Claim: $6,582.76 | Prioirty Claim: $2,382.22 General Unsecured Claim: $16,675.54 | The Claim is for outstanding supplemental serverence pay based on length of service through 2/27/15. Only $2,382.22 was "earned" during the 180-day period prior to the Petition Date. Accordingly, the priority component is reduced to $2,382.22 and the remainder of the priority component is reclasified as a general unsecured claim in the amount set forth in the column labaled "Reclassified Claim Amount and Classification." |

| | NAME | CLAIM NO. | DATE FILED | CURRENT CLAIM AMOUNT AND CLASSIFICATION | RECLASSIFIED CLAIM AMOUNT AND CLASSIFICATION | REASON FOR RECLASSIFICATION |
|---|---|---|---|---|---|---|
| 21 | Sale, Eddie J. | 192 | 3/30/2015 | Prioirty Claim: $4,732.80 | General Unsecured Claim: $4,732.80 | The Claim is for outstanding supplemental serverence pay based on length of service through 1/30/15.  To the extent any obligations were "earned" during the 180-day period prior to the Petition Date, those obligations were satisfied. Thus, priority treatment of the Claim is not warranted under the circustances. Accordingly, the priority component is reclasified as a general unsecured claim in the amount set forth in the column labaled "Reclassified Claim Amount and Classification." |
| 22 | Sinclair, Sharon L. | 1261 | 6/2/2015 | Prioirty Claim: $3,694.40 | General Unsecured Claim: $3,694.40 | The Claim is for outstanding supplemental serverence pay based on length of service.  To the extent any obligations were earned during the 180-day period prior to the Petition Date, those obligations were satisfied.  Thus, priority treatment of the Claim is not warranted under the circustances. Accordingly, the priority component is reclasified as a general unsecured claim in the amount set forth in the column labaled "Reclassified Claim Amount and Classification." |

| | NAME | CLAIM NO. | DATE FILED | CURRENT CLAIM AMOUNT AND CLASSIFICATION | RECLASSIFIED CLAIM AMOUNT AND CLASSIFICATION | REASON FOR RECLASSIFICATION |
|---|---|---|---|---|---|---|
| 23 | Sprague, Lorie E. | 367 | 4/1/2015 | Prioirty Claim: $12,475.00 General Unsecured Claim: $4,482.00 | General Unsecured Claim: $16,957.00 | The Claim is for outstanding supplemental serverence pay based on length of service through 1/30/15.  To the extent any obligations were "earned" during the 180-day period prior to the Petition Date, those obligations were satisfied. Thus, priority treatment of the Claim is not warranted under the circustances. Accordingly, the priority component is reclasified as a general unsecured claim in the amount set forth in the column labaled "Reclassified Claim Amount and Classification." |
| 24 | Summitt, Timothy R. | 1319 | 6/2/2015 | Prioirty Claim: $12,475.00 | General Unsecured Claim: $12,475.00 | The Claim is for outstanding supplemental serverence pay based on length of service.  To the extent any obligations were earned during the 180-day period prior to the Petition Date, those obligations were satisfied.  Thus, priority treatment of the Claim is not warranted under the circustances. Accordingly, the priority component is reclasified as a general unsecured claim in the amount set forth in the column labaled "Reclassified Claim Amount and Classification." |

| | NAME | CLAIM NO. | DATE FILED | CURRENT CLAIM AMOUNT AND CLASSIFICATION | RECLASSIFIED CLAIM AMOUNT AND CLASSIFICATION | REASON FOR RECLASSIFICATION |
|---|---|---|---|---|---|---|
| 25 | Thicklin, Christopher | 1099 | 5/27/2015 | Prioirty Claim: $4,120.40 | General Unsecured Claim: $4,120.40 | The Claim is for outstanding supplemental serverence pay based on length of service through 1/30/15.  To the extent any obligations were "earned" during the 180-day period prior to the Petition Date, those obligations were satisfied. Thus, priority treatment of the Claim is not warranted under the circustances. Accordingly, the priority component is reclasified as a general unsecured claim in the amount set forth in the column labaled "Reclassified Claim Amount and Classification." |
| 26 | Thornburg, Christopher | 828 | 5/12/2015 | Prioirty Claim: $3,162.72 | General Unsecured Claim: $3,162.720 | The Claim is for outstanding supplemental serverence pay based on length of service through 12/12/14.  To the extent any obligations were earned during the 180-day period prior to the Petition Date, those obligations were satisfied. Thus, priority treatment of the Claim is not warranted under the circustances. Accordingly, the priority component is reclasified as a general unsecured claim in the amount set forth in the column labaled "Reclassified Claim Amount and Classification." |

| | NAME | CLAIM NO. | DATE FILED | CURRENT CLAIM AMOUNT AND CLASSIFICATION | RECLASSIFIED CLAIM AMOUNT AND CLASSIFICATION | REASON FOR RECLASSIFICATION |
|---|---|---|---|---|---|---|
| 27 | Wheeler, Tommy Sean | 309 | 4/1/2015 | Prioirty Claim: $11,545.60 | Prioirty Claim: $1,443.20 General Unsecured Claim: $10,102.40 | The Claim is for outstanding supplemental serverence pay based on length of service through 2/20/15.  Only $1,443.20 was "earned" during the 180-day period prior to the Petition Date.  Accordingly, the priority component is reduced to $1,443.20 and the remainder of the priority component is reclasified as a general unsecured claim in the amount set forth in the column labaled "Reclassified Claim Amount and Classification." |
| 28 | Woods, Philip T. | 451 | 4/13/2015 | Prioirty Claim: $5,468.71 | General Unsecured Claim: $5,468.71 | The Claim is for outstanding supplemental serverence pay based on length of service thorugh 1/5/15.  To the extent any obligations were "earned" during the 180-day period prior to the Petition Date, those obligations were satisfied.  Thus, priority treatment of the Claim is not warranted under the circustances. Accordingly, the priority component is reclasified as a general unsecured claim in the amount set forth in the column labaled "Reclassified Claim Amount and Classification." |

| | NAME | CLAIM NO. | DATE FILED | CURRENT CLAIM AMOUNT AND CLASSIFICATION | RECLASSIFIED CLAIM AMOUNT AND CLASSIFICATION | REASON FOR RECLASSIFICATION |
|---|---|---|---|---|---|---|
| 29 | Yawn, Jerry L. | 1187 | 5/28/2015 | Prioirty Claim: $10,960.00 | General Unsecured Claim: $10,960.00 | The Claim is for outstanding supplemental serverence pay based on length of service through 1/16/15.  To the extent any obligations were" earned" during the 180-day period prior to the Petition Date, those obligations were satisfied. Thus, priority treatment of the Claim is not warranted under the circustances. Accordingly, the priority component is reclasified as a general unsecured claim in the amount set forth in the column labaled "Reclassified Claim Amount and Classification." |

**EXHIBIT C**
**[Other No Liability Claims]**

| | NAME | DEBTOR | DATE FILED | CLAIM # TO BE DISALLOWED | CLAIM AMOUNT | REASON FOR DISALLOWANCE |
|---|---|---|---|---|---|---|
| 1 | Glosson Dorothy | SRC Liquidation LLC | 7/6/2015 | 2150 | $125,000.00 | The claim is for an annuity purchased by claimant from the Great American Insurance Company/Financial Resources. Claimant's request does not constitute a claim for which the Debtor is responsible for. |