## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SRC LIQUIDATION, LLC[1], *et al.*, | ) | Case 15-10541 (BLS) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| SRC Liquidation, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Pro. No. 16-50609 (BLS) |
| | ) | |
| Morgan Adhesives Company, LLC dba MACtac, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### OBJECTION OF MORGAN ADHESIVES COMPANY, LLC D/B/A MACTAC TO PLAINTIFF'S MOTION FOR ORDERS ESTABLISHING STREAMLINED PROCEDURES GOVERNING ADVERSARY PROCEEDINGS BROUGHT BY SRC LIQUIDATION LLC PURSUANT TO SECTIONS 502, 547 AND 550 OF THE BANKRUPTCY CODE

Morgan Adhesives Company, LLC d/b/a MACtac ("MACtac"), by counsel, files this Objection (the "Objection") to the Plaintiff's Motion for Orders Establishing Streamlined Procedures Governing Adversary Proceedings Brought by SRC Liquidation LLC Pursuant to Sections 502, 547, and 550 of the Bankruptcy Code [D.I. 1991](the "Motion"). In support of the Objection, MACtac states as follows:

### BACKGROUND

1.      On May 5, 2016, Plaintiff filed Adversary Proceeding 16-50609 (the "Adversary Proceeding") against MACtac seeking recovery of alleged preferential transfers in excess of $1.2

---

[1]     The last four digits of the Debtor's taxpayer identification number are 5440.  Inquiries regarding the Debtor should be directed to the GUC Trustee, c/o Eisner Amper LLP, 111 Wood Avenue South, Iselin, NJ  08830-2700 (Attn: Anthony R. Calascibetta).

Million.  MACtac has complete defenses to the alleged preferential transfers, including defenses pursuant to 11 U.S.C. § 547(c)(4) and (2).  On June 10, 2016, MACtac provided a detailed explanation of its defenses (with exhibits) to Plaintiff's counsel (the "June 10[th] Letter") and made a settlement proposal.  To date, Plaintiff's counsel has not responded to MACtac's June 10th Letter or the settlement proposal contained therein.

2.    According to Plaintiff, the proposed procedures set forth in the Motion (the "Proposed Procedures") "are designed to promote the cost-effective, timely resolution of the Avoidance Actions and to further the goals of judicial economy and efficiency."  Motion, at 2. While some of the Proposed Procedures work toward achieving their purported goal, others are strategically placed requirements that attempt to force defendants like MACtac to incur significant discovery costs *before* mediation.  As evidenced by the June 10th Letter, MACtac is committed to a cost-effective, balanced and timely resolution of this Adversary Proceeding, which, at a minimum, requires certain amendments to the Proposed Procedures.

## OBJECTION

I.    **The Adversary Proceeding against MACtac should be "carved out" of any Procedures Order**

3.    Because MACtac has already provided significant information about its defenses to Plaintiff's counsel, and awaits a response from the Plaintiff, MACtac requests that it be "carved out" of any relief granted pursuant to the Motion.

II.    **Alternatively, the Adversary Proceeding Against MACtac Should be Governed by the Proposed Procedures Order that is Attached as Exhibit B to the Motion, With Modifications as Described Below**

4.    If, however, the Court requires that the Adversary Proceeding be subject to   an

2

omnibus scheduling order then MACtac requests that it be placed on a *modified*[2] version of the proposed procedures order regarding adversary proceedings with an amount in controversy less than $75,000, which is attached to the Motion as Exhibit B, so as to place the Adversary Proceeding on the same timeline as other, related cases in which the defendants are not required to engage in significant and costly formal discovery in the Adversary Proceeding before mediation. MACtac's willingness to provide Plaintiff with information regarding MACtac's defenses on an informal basis, as evidenced by the June 10th Letter, further supports this request. It is simply inequitable to require MACtac to engage in (and respond to) costly discovery when MACtac is waiting for the Plaintiff's response to the June 10th Letter.

**III.** **Alternatively, if the Adversary Proceeding Against MACtac Is Required To Be Governed by the Proposed Procedures Order that is Attached as Exhibit C to the Motion, MACtac Requests Modifications to Said Proposed Order**

5. If the Court determines that the Adversary Proceeding against MACtac should be governed by the proposed Procedures Order that is attached as Exhibit C to the Motion, then MACtac requests that said proposed order be modified to provide a more balanced, equitable and efficient schedule. The deadlines and procedures set forth in Exhibit C are unworkable and prejudicial to MACtac (and to the other defendants who will be governed by Exhibit C) in several

---

[2] If the Adversary Proceeding against MACtac is governed by the proposed order attached to the Motion as Exhibit B, then MACtac requests the following modifications: (i) paragraph 13 of Exhibit B should be harmonized with paragraph 14 so that the Initial Disclosures are due within a reasonable period of time after the Mediator's Report is filed; (ii) the deadlines in paragraphs 14, 15, 20, 21, 22, and 23 of Exhibit B should be extended; (iii) paragraphs 19, 39, and 47 of Exhibit B should be harmonized so that motions regarding discovery disputes (¶19) and motions to extend and/or modify the deadlines in the procedures order (¶47) are heard promptly and are *not* required to be heard at the quarterly Avoidance Actions Omnibus Hearings described in ¶39; (iv) paragraph 27 of Exhibit B should be revised so that a party's failure to request permission for telephonic appearance at mediation constitutes a waiver by *that* party (not by the Defendant only) and such a request should be made of the mediator *with contemporaneous notice to the other party,* and if a dispute arises regarding telephonic appearance at the mediation and a party applies to the Court for a resolution thereof, all correspondence, papers and pleadings should be served (contemporaneously) upon the other party and the mediator; (v) paragraphs 28, 37 and 38 of Exhibit B should be revised so that Federal Rule of Evidence 408 (and other similar protections) apply to the mediation; and (vi) paragraph 45 of Exhibit B should be revised because it is one-sided (only providing for e-mail service on *Defendants* with counsel, with no mention of e-mail service on Plaintiff's counsel).

respects, as discussed below.

**A.    The Proposed Procedures in Exhibit C Do not Provide Sufficient Time to Conduct Discovery**

6.    Paragraph 6 requires that *all* written interrogatories, document requests and requests for admissions be served by October 15, 2016. This is objectionable for several reasons. First, if initial disclosures are exchanged on September 17, 2016 (i.e. approximately 30 days after MACtac's answer is due pursuant to paragraph 3 of Exhibit C) an October 15, 2016 deadline for service of *all* written fact discovery is simply too short, and it effectively limits the parties to just one round of written discovery, because paragraphs 8-10 give parties 60-days to answer written discovery. If MACtac files its answer on August 18, 2016 (which is the 90th day after the issuance of the summons in the Adversary Proceeding), then its Initial Disclosures are due on September 17, 2016 (which is a Saturday). If MACtac issues discovery on September 17, 2016 (i.e. the same day that it files its initial disclosures), Plaintiff will not need to respond to MACtac's discovery requests until *November 16, 2016*—which is *after* the October 15th deadline for service of written discovery. In short, the Motion "gerrymanders" the deadlines for responses to written discovery so that defendants, like MACtac, will only have the opportunity for "one round" of written discovery requests, without any follow-up based on Plaintiff's responses. This constitutes a severe limitation of discovery and a denial of MACtac's due process, and MACtac objects. This limitation is unwarranted in light of the fact that Exhibit C proposes that fact discovery close on January 15, 2017, a full 90-days after the deadline to serve written discovery requests, albeit a deadline that will force the parties to engage in discovery practice over the 2016 holiday season.

7.    MACtac requests that Exhibit C be revised to extend the close of written fact discovery in paragraph 7 to a date that falls at least 90 days after the filing of the mediator's report. This will enable the parties to take discovery of any issues that may arise as a result of a failed

4

mediation process. The remaining deadlines for completing depositions and expert discovery would then flow from the close of written fact discovery.

8.      MACtac requests that the start of mediation be moved up to mid-October 2016. Moving up the start of mediation will enable the parties to seek written discovery in advance of mediation, if desired, and it will also permit the parties to conduct post-mediation written discovery if the case is not resolved at mediation. There is no principled reason why written discovery must be concluded prior to mediation, and delaying the close of fact discovery until after mediation means that a successful mediation could provide additional cost-savings to the parties, as Plaintiff apparently intended. If mediation is unsuccessful, the parties will still have time to take discovery into any issues that may arise during the mediation, and this proposal should not affect the outside date for the completion of expert discovery found in paragraph 23 (i.e. November 15, 2017).

**B.      The Proposed Procedures Do not Provide for Sequenced Discovery**

9.      Paragraph 3 of Exhibit C provides that answers are not due until 90-days after the summons was issued (which, in the Adversary Proceeding, computes to August 18, 2016 because the summons to MACtac was issued on May 20, 2016.) Paragraph 5 of Exhibit C contains an *outside* limit for initial disclosures (i.e. the later of 30-days after the answer is filed or the Procedures Order is entered), and paragraph 6 permits the service of written discovery in conjunction with the Initial Disclosures. Read together, paragraphs 3, 5 and 6 of Exhibit C permit the Plaintiff to serve its initial disclosures and discovery *before* a defendant files an answer.[3] This is simply out of sequence: discovery should not be permitted until after an answer is filed and any procedures order should so state.

10.     Moreover, expert discovery should only begin following the close of fact discovery.

---

[3]      Technically, the way Exhibit C is written, MACtac could also serve its initial disclosures and discovery before filing an answer.

Paragraph 7 of Exhibit C provides that non-expert written fact discovery must be concluded by January 15, 2017 except the deposition of fact witnesses.  Paragraph 23 of Exhibit C provides that all fact and expert discovery (including fact and exert witness depositions) must be completed by November 15, 2017.  In other words, the Exhibit C proposes to "lump together" fact depositions and expert discovery.  This is a problem because expert witnesses should have the benefit of *all* fact discovery. Any procedures order should provide that all fact discovery (both written discovery and deposition discovery of fact witnesses) be concluded well before expert reports are due, so that experts have the benefit of all fact discovery (and sufficient time to review all fact discovery) when preparing their reports.

### C.    The Proposed Procedures Do not Treat the Parties Equitably

11.    The bold language in paragraph 27 of Exhibit C provides that if a request for telephonic appearance at mediation is not timely made, then "Defendant" is deemed to waive that request.  This is an inappropriately one-sided provision.  Both parties have the right to ask the mediator for telephonic appearance at the mediation, and such a request should be made of the mediator *with contemporaneous notice to the other party.*  A party's failure to make a timely request should be a waiver by *that* party, not just by the Defendant.  And, if a dispute arises regarding a party's request for telephonic attendance at the mediation and a party applies to the Court for a resolution of that dispute, all correspondence, papers and pleadings should be served (contemporaneously) upon the other party and the mediator.

12.    Likewise, paragraph 46 of Exhibit C provides for service via e-mail to the *Defendants* who have retained counsel (even if defense counsel has not formally entered an appearance on the docket) and further provides that service via e-mail is complete upon *sending*, rather than upon receipt. Pursuant to Local Rule 5005-4I(ii), e-mail service is *not* effective service absent the recipient counsel submitting an election to the Court agreeing to accept service via e-

6

mail. A procedures order should not "trump" or waive the Local Rules' requirement that counsel *elect* to receive service via e-mail. Moreover, paragraph 46 of Exhibit C only provides for e-mail service on *Defendants* (with counsel), but does not provide for e-mail service on Plaintiff's counsel. If any procedures order is permitted to "trump" the applicable local rules and *deem* defense counsel to have made the election to accept e-mail service then, at a minimum, the "deemed acceptance of e-mail service" should be reciprocal and effective as to *both* Plaintiff and Defendants.

### D.    The Proposed Procedures Need Clarification

13.    Exhibit C creates a couple of inconsistencies that need to be clarified. First, paragraph 28 provides that "the rules of evidence will not apply" to the required mediation. While that statement may generally be correct, Plaintiff likely does not intend to provide that Federal Rule of Evidence 408 would not apply to settlement discussions that take place during the mediation, especially in light of paragraphs 38 and 39. Paragraphs 28, 38 or 39 of Exhibit C should expressly state that discussions between the parties during mediation are subject to Rule 408 and other similar protections. Second, paragraph 40 of Exhibit C must specify that discovery disputes (referred to in ¶11) and requests to extend and/or modify the deadlines in the procedures order (referred to in ¶48) may be heard according to regular motion practice and are *not* subject to the procedures (described in ¶40) concerning the quarterly "Avoidance Action Omnibus Hearings." In other words, paragraphs 11, 40 and 48 should be revised and "harmonized" so that motions regarding discovery disputes and motions for extensions and/or modifications of the procedures order are heard promptly, and are *not* required to be heard at the quarterly Avoidance Actions Omnibus Hearings.

14.    MACtac reserves the right to supplement and amend this objection, and to join in objections filed by others.

7

**WHEREFORE**, MACtac respectfully requests that the Court sustain its objections and deny the Motion as written. MACtac further requests that this Court enter an Order that: (i) "carves out" MACtac from the Proposed Procedures, or (ii) provides that the Adversary Proceeding against MACtac is governed by the proposed order attached to the Motion as Exhibit B, but modified to satisfy MACtac's objections set forth above in footnote 3 of this objection, or (iii) revises the proposed order that is attached to the Motion as Exhibit C pursuant to MACtac's requests above, so as to (*inter alia*) schedule mediation of the Adversary Proceeding earlier (approximately October, 2016), extend discovery to a date significantly after that mediation, and satisfy each of MACtac's objections to the proposed order attached as Exhibit C. MACtac also prays for all other just and proper relief.

Dated: June 23, 2016
      Wilmington, Delaware

**POTTER ANDERSON & CORROON LLP**

*R. Steph McNeill*

Jeremy W. Ryan (DE Bar No. 4057)
R. Stephen McNeill (DE Bar No. 5210)
1313 North Market Street, Sixth Floor
Wilmington, DE 19899-0951
Telephone: (302) 984-6000
Facsimile: (302) 658-1192

-and-

**HOWARD & HOWARD ATTORNEYS PLLC**
Lisa S. Gretchko (P29881)
450 West Fourth Street
Royal Oak, MI 48067
Phone: (248) 723-0396
Facsimile: (248) 645-1568

*Counsel to Morgan Adhesives Company, LLC d/b/a MACtac*

8