IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SRC LIQUIDATION, LLC[1] | Case No. 15-10541 (BLS) |
| Debtor. | |
| | Re: Docket No. 1557 |

ORIGINAL

## ORDER SUSTAINING DEBTOR'S FIFTEENTH (15TH) OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 3007 AND LOCAL RULE 3007-1

Upon consideration of the *Debtors' Fifteenth (15th) Omnibus (Substantive) Objection to Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1* (the "Objection")[2] and the Poirier Declaration; and this Court having jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended standing Order; and this Court having found that venue of these Chapter 11 Cases and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having determined that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Objection is in the best interests of the Debtor, its estate, its creditors and other parties in interest; and this Court having determined that notice of the Objection was good and sufficient upon the particular circumstances and that no other or further notice need be given; and upon the record herein; and after due deliberation thereon and good and sufficient cause appearing therefor; it is hereby **ORDERED, ADJUDGED, AND DECREED THAT:**

---

[1] The last four digits of the Debtor's taxpayer identification number are 5540. Inquiries regarding the Debtor should be directed to the GUC Trustee, c/o EisnerAmper LLP, 111 Wood Avenue South, Iselin, NJ 08830-2700 (Attn: Anthony R. Calascibetta).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

53390233.1

1. The Objection is SUSTAINED as set forth herein.

2. The Disputed Claims identified on the attached Exhibits A and B are hereby reclassified in the manner set forth on Exhibits A through B according to the classification designated in the column titled "Reclassified Claim Amount and Classification" for the respective Disputed Claims.

3. Each Other No Liability Claim identified on the attached Exhibit C is hereby disallowed in its entirety.

4. Pursuant to Local Rule 3007-1(f), nothing in this Order shall be construed to prejudice the rights of the Debtors, or any other party in interest, to object to the Disputed Claims listed on Exhibits A and B (as reclassified) on any other grounds, including further objection to classification or amount asserted.

5. The Debtor's objection to each Disputed Claim addressed in the Objection constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed a separate order with respect to each claim. Any stay of this Order pending appeal by any of the claimants subject to this Order shall only apply to the contested matter that involves such claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters covered hereby.

6. The Debtor's right to commence additional proceedings with respect to the claims that are subject to the Objection, including but not limited to proceedings under sections 502(d), 510, 542, 543, 544, 545, 547, 548, 549, 550, 551, and 553 of the Bankruptcy Code, is also fully reserved and shall not be prejudiced in any way by the filing of the Objection.

53390233.1

7. The Debtor is authorized and empowered to take all steps necessary and appropriate to carry out and otherwise effectuate the terms, conditions, and provisions of this Order.

8. This Court shall retain jurisdiction over all affected parties with respect to any matters, claims, or rights arising from or related to the implementation and interpretation of this Order.

Dated: June 27, 2016

_____
Honorable Judge Brendan L. Shannon

53390233.1