**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>SRC Liquidation, LLC,[1]<br><br>                                  Debtor. | Chapter 11<br><br>Case No. 15-10541 (BLS) |
| SRC Liquidation, LLC,<br>                                  Plaintiff,<br><br>vs.<br><br>Peerless Insurance Company,<br><br>                                  Defendant. | Adv. Pro. No. 16-50545 (BLS)<br><br><u>Hearing Date</u>: August 31, 2016 at 10:00 a.m.<br><u>Objection Deadline</u>: July 27, 2016 at 4:00 p.m. |

**PLAINTIFF'S MOTION FOR AN ORDER APPROVING
SETTLEMENT PURSUANT TO FED. R. BANKR. P. 9019**

SRC Liquidation, LLC (the "<u>Plaintiff</u>"), by and through the undersigned counsel, hereby moves this Court for the entry of an order approving a settlement[2] of the above-referenced adversary proceeding (the "<u>Adversary Proceeding</u>") pursuant to Fed. R. Bankr. P. 9019 (the "<u>Motion</u>"), and in support thereof, states as follows:

**<u>JURISDICTION</u>**

1.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (F) and (O).

2.      Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The last four digits of the Debtor's taxpayer identification number are 5440. Inquiries regarding the Debtor should be directed to the GUC Trustee, c/o EisnerAmper LLP, 111 Wood Avenue South, Iselin, NJ 08830-2700 (Attn: Anthony R. Calascibetta).

[2] A copy of the settlement agreement is attached hereto as <u>Exhibit A</u>.

3.	The predicates for the relief sought herein are Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

4.	On March 12, 2015 (the "Petition Date"), SRC Liquidation, LLC (f/k/a SRC Liquidation Company f/k/a The Standard Register Company) and its related debtors (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11, title 11 of the United States Code (the "Code") in the United States Bankruptcy Court for the District of Delaware (the "Court"), thereby commencing bankruptcy cases which are now substantively consolidated under Case No. 15-10541.

5.	On November 19, 2015, the Court entered an order (the "Confirmation Order") confirming *Debtors' Second Amended Chapter 11 Plan of Liquidation for SRC Liquidation Company and its Affiliates (with Technical Modifications)* (the "Plan"). [D.I. 1331]. Pursuant to the Confirmation Order and Plan, the Plaintiff was granted requisite standing and authority to prosecute, pursue, administer, settle, litigate, enforce and liquidate causes of action, including actions under chapter 5 of title 11 of the United States Code to recover payments made to the Debtors' creditors prior to the Petition Date, and the Debtors expressly reserved the right to pursue the same.

6.	On May 5, 2016, the Plaintiff commenced the Adversary Proceeding against Peerless Insurance Company (the "Defendant") seeking to recover a transfer in the amount of $150,000.00 (the "Transfer") made during the ninety day period prior to the Petition Date.

## SETTLEMENT DETAILS

7. On or about August 27, 2014, the Debtors, the Defendant, and Connor Homes, LLC entered into a settlement agreement for an environmental cleanup (the "Pre-Petition Settlement Agreement").

8. Pursuant to the Pre-Petition Settlement Agreement, the Debtors made the Transfer into an escrow account ("Escrow") held by Shumaker, Loop & Kendrick, LLP ("SLK").  Upon receipt of a certificate of completion (the "Certificate of Completion") for the environmental cleanup from the Defendant, the Debtors were to release the Transfer from the Escrow to the Defendant.  To date, the Debtors have not received the Certificate of Completion.

9. The Plaintiff and Defendant wish to compromise and settle the Adversary Proceeding on the following terms:

(a) The Defendant shall direct SLK to release the Transfer to the Plaintiff, with any accrued interest to be released to the Defendant.

(b) The Plaintiff shall be deemed to have released the Defendant and each of its officers, directors, employees, representatives, agents and professionals from all actions, claims, demands, damages and liabilities of any kind whatsoever, whether known or unknown, which have arisen, or may have arisen, or shall arise in connection with the Pre-Petition Settlement Agreement and the Transfer. Further, the Debtors will no longer require Defendant to fulfill certain terms and conditions of the Pre-Petition Settlement Agreement dated August 27, 2014 with regard to the provision of a Certificate of Completion received by the Defendant from The State of Vermont, Agency of Natural Resources.

(c) The Defendant shall be deemed to have released the Plaintiff and each of its officers, directors, employees, representatives, agents and professionals, including Plaintiff's special counsel ASK LLP, from all actions, claims, demands, damages and liabilities of any kind whatsoever, whether known or unknown, which have arisen, or may have arisen, or shall arise in connection with the Pre-Petition Settlement Agreement and the Transfer.

(d)   The Defendant shall have an allowed general, unsecured claim in the amount of $300,000.00.

## **RELIEF REQUESTED**

10. By this Motion, the Plaintiff seeks approval of the settlement of the Adversary Proceeding pursuant to Bankruptcy Rule 9019. Rule 9019 provides that "[o]n motion by the [T]rustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor . . . and to any other entity as the court may direct. Fed. R. Bankr. P. 9019(a); see also Myers v. Martin (In re Martin), 91 F.3d 389, 393 (3d Cir. 1996).

11. The Plaintiff is obligated to maximize the value of the estate and make its decisions in the best interests of all of the creditors of the estate. Id. at 394. The Plaintiff believes, in its business judgment, the settlement of the Adversary Proceeding is in the best interests of the estate and all creditors, especially in light of the cost, uncertainty and delay of litigation.

12. In determining whether a settlement should be approved under Bankruptcy Rule 9019, the Court must "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." Id. at 393. In striking this balance, the Court should consider "(i) the probability of success in the litigation; (ii) the likely difficulties in collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors." Id.

13. A review of these four factors demonstrates that the settlement of the Adversary Proceeding is in the best interests of the estate and all of the creditors, is reasonable and is within the Plaintiff's sound business judgment. The settlement of the

Adversary Proceeding will eliminate the potentially high costs of litigation and the uncertainty of success in light of the possible defenses. Accordingly, the Plaintiff is confident that the settlement meets the standards set forth in In re Martin, Id. at 395; Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424-425 (1968).

14. The Plaintiff has reviewed the settlement of the Adversary Proceeding and has determined that it is fair, reasonable, and in the best interests of the creditors and the Debtors' estates. The Plaintiff likewise believes the settlement of the Adversary Proceeding is fair and equitable, and founded on the exercise of sound business judgment by the Plaintiff. The settlement results in a payment of $150,000.00 to the Debtors' estates without the Plaintiff expending significant estate resources litigating the Adversary Proceeding.

## **NOTICE**

15. Notice of this Motion together with a copy of the Motion has been given to (i) United States Trustee for the District of Delaware, (ii) the Defendant, and (iii) all parties that have requested such notice pursuant to Bankruptcy Rule 2002 as of this date. In light of the nature of the relief requested herein, the Plaintiff submits that no other or further notice need be given.

[*Remainder of page intentionally left blank*]

## **CONCLUSION**

**WHEREFORE**, the Plaintiff respectfully requests that this Court enter the order attached hereto as Exhibit B granting the Plaintiff's Motion approving the settlement of the Adversary Proceeding; and granting such other and further relief as the Court deems just and equitable.

Dated:  July 12, 2016                           **BAYARD, P.A.**

*/s/ Justin R. Alberto*
Justin R. Alberto (No. 5126)
Gregory J. Flasser (No. 6154)
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19899
Telephone: (302) 655-5000
Facsimile: (302) 658-6395
Email: jalberto@bayardlaw.com
         gflasser@bayardlaw.com

         -and-

**ASK LLP**
Joseph L. Steinfeld, Jr.
Gary D. Underdahl
Edward E. Neiger
2600 Eagan Woods Drive, Suite 400
St. Paul, Minnesota  55121
Telephone: (651) 406-9665
Email: jsteinfeld@askllp.com
         gunderdahl@askllp.com
         eneiger@askllp.com

*Counsel to SRC Liquidation, LLC*