# Exhibit A

In Re: SRC Liquidation, LLC,
Bankruptcy Case No. 15-10541 (BLS)

Adv. No.: 16-50545

SRC Liquidation, LLC, Plaintiff,

v.

Peerless Insurance Company, Defendant.

## SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** (this "Settlement Agreement") is made by and between: (1) SRC Liquidation, LLC ("Plaintiff" or "SRC Liquidation, LLC"); and (2) Peerless Insurance Company ("Defendant"). Hereinafter, SRC Liquidation LLC and Defendant are referred to collectively as the "Parties".

**WHEREAS**, on March 12, 2015, SRC Liquidation, LLC (f/k/a SRC Liquidation Company f/k/a The Standard Register Company) and its related debtors (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11, title 11 of the United States Code (the "Code") in the United States Bankruptcy Court for the District of Delaware (the "Court"), thereby commencing bankruptcy cases which are now substantively consolidated under Case No. 15-10541 (the "Case");

**WHEREAS**, on November 19, 2015, the Court entered an order (the "Order") confirming Debtors' *Second Amended Chapter 11 Plan of Liquidation for SRC Liquidation Company and its Affiliates (with Technical Modifications)* (the "Plan"). [Bankr. D.I. 1331]. Pursuant to the Order and Plan, SRC Liquidation LLC was granted requisite standing and authority to prosecute, pursue, administer, settle, litigate, enforce and liquidate causes of action, including actions chapter 5 of title 11 of the United States Code (the "Avoidance Actions") to recover payments made to the Debtors' Defendants prior to the Petition Date, and the Debtors expressly reserved the right to pursue the same;

**WHEREAS**, the effective date of the Plan occurred on October 7, 2015 (the "Effective Date") [Bankr. D.I. No. 3114];

**WHEREAS**, effective as of the Effective Date, the substantive consolidation of the Debtors was approved, the bankruptcy cases were closed for all Debtors except SRC Liquidation LLC and, among other things: (i) all Assets and liabilities of the Debtors shall be deemed to be the Assets and liabilities of a single, consolidated Entity, and (ii) each Claim Filed or to be Filed against any Debtor shall be deemed Filed as a single Claim against and a single obligation of the Debtors;

**WHEREAS**, on or about August 27, 2014, the Debtors, the Defendant, and Connor Homes, LLC ("CHL") entered into a settlement agreement for an environmental cleanup (the "Pre-Petition Settlement Agreement);

**WHEREAS**, pursuant to the Pre-Petition Settlement Agreement, the Debtors made a transfer in the amount of $150,000.00 (the "Transfer") into an escrow account ("Escrow") held by Shumaker, Loop & Kendrick, LLP ("SLK");

**WHEREAS**, Plaintiff asserts that the Transfer is avoidable under the provisions of Sections 542-550 of the Code, and Plaintiff has commenced an adversary proceeding before the Court against Defendant in Adv. No. 16-50545 (the "Adversary Proceeding");

**WHEREAS**, following good faith negotiations, Plaintiff and Defendant desire to settle and compromise the Adversary Proceeding, on the terms set forth herein, to avoid the cost and uncertainty of further litigation; and

**WHEREAS**, Defendant has agreed to permit the release from escrow of the Settlement Payment (as defined herein) to Plaintiff in full and final settlement of its alleged liability for the Transfer under Chapter 5 of the Code.

**NOW THEREFORE**, the Parties agree as follows:

1. Settlement Payment. Within ten (10) days following Bankruptcy Court approval of this Settlement Agreement (the "Approval Order"), in exchange for the release described in Section 4 of this Settlement Agreement, Defendant shall direct SLK to release $150,000.00 U.S. Dollars to Plaintiff

(the "Settlement Payment") in accordance with the payment instructions set forth in Exhibit A hereto. SLK shall release any interest that has accrued in Escrow to Peerless.

2. Bankruptcy Court Approval Required. Although pursuant to the *Order on Motion for Authority to Settle Classes of Preference Claim Controversies Pursuant to Bankruptcy Rule 9019(b)* [Bankr. D.I. No. 1532], the Plaintiff is authorized to enter into this Settlement Agreement without further order of the Bankruptcy Court, given the Pre-Petition Settlement Agreement and the Escrow, the effectiveness of this Agreement is subject to Bankruptcy Court approval. Plaintiff shall seek Bankruptcy Court approval promptly following the execution of this Settlement Agreement by the Parties.

3. Settlement Effective Date. This Settlement Agreement shall become effective on the first date when: (a) it has been duly executed by both Parties; (b) the Bankruptcy Court has entered an order approving this Settlement Agreement; (c) the Defendant and CHL provide written instructions to SLK to release the Settlement Payment to the Plaintiff; and (d) Plaintiff has received the full amount of the Settlement Payment (such date, the "Settlement Effective Date").

4. Mutual Releases.

   (a.) SRC Liquidation, LLC does hereby release, acquit and forever discharge Defendant and each of its officers, directors, employees, representatives, agents and professionals from all actions, claims, demands, damages and liabilities of any kind whatsoever, whether known or unknown, which have arisen, or may have arisen, or shall arise in connection with the Pre-Petition Settlement Agreement and the Transfer. More specifically, it is further recognized and agreed that the Debtors shall no longer require Peerless Insurance Company to fulfill certain terms and conditions of the Pre-Petition Settlement Agreement dated August 27, 2014 with regard to the provision of a Certificate of Completion received by Peerless Insurance Company from The State of Vermont, Agency of Natural Resources. The following provisions are hereby stricken from the Pre-Petition Settlement Agreement dated August 27, 2014: Paragraphs 2(b) and 2(c), with regard to the payments into escrow; Paragraph 3 in its entirety; Paragraph 5 in its entirety; and, Paragraph 6 in its entirety. The remaining provisions of the Pre-Petition Settlement Agreement shall remain in full force and effect.

   (b.) Defendant does hereby release, acquit and forever discharge SRC Liquidation LLC and each of its officers, directors, employees, representatives, agents and professionals, including Plaintiff's special counsel ASK LLP, from all actions, claims, demands, damages and liabilities of any kind whatsoever, whether known or unknown, which have arisen, or may have arisen, or shall arise in connection with the Pre-Petition Settlement Agreement and the Transfer.

5. Defendant's Claims Against Debtors' Estate. Defendant shall have an allowed general, unsecured claim in the amount of $300,000.00 and no further action is required on the Defendant's part for such claim to be allowed.

6. No Admission of Liability. Each of the Parties acknowledge this Settlement Agreement is a compromise of a disputed claim and that the Settlement Payment made hereunder is not intended to be construed as an admission of any liability by either Party.

7. Entire Agreement. This Settlement Agreement constitutes the complete understanding between the Parties and it cannot be altered, amended, or modified in any respect, except by a writing duly executed by both Parties.

8. Voluntary Act. Each of the Parties does hereby warrant, with respect to itself only, that it is authorized and empowered to execute this Settlement Agreement. The Parties acknowledge that

they have read this Settlement Agreement in its entirety, fully understood its terms, and voluntarily accepted the terms set forth herein. Further, each Party acknowledges that it has had an opportunity to consult with legal counsel and any other advisers of its choice with respect to the terms of this Settlement Agreement and it is signing this Settlement Agreement of its own free will.

9. Attorney Fees. Each Party shall bear its own attorneys' fees and costs relating to the Transfers settlement negotiations and the negotiation and execution of this Settlement Agreement. However, if either Party must commence an action to enforce the terms of this Settlement Agreement, other than seeking an Approval Order, the prevailing party shall be entitled to an award, in addition to any other claims or damages, of its costs and expenses including attorneys' fees, in connection with said enforcement action.

10. No Assignment. Each Party hereby represents and warrants to the other Party that it has made no assignment, and hereafter will make no assignment of any claim, cause in action, right of action, or any other right released pursuant to this Settlement Agreement.

11. Execution in Counterparts. It is understood and agreed that this Settlement Agreement may be executed in identical counterparts and may be transmitted by email or facsimile, each of which shall be deemed an original for all purposes.

IN WITNESS WHEREOF, the Parties have caused this Settlement Agreement to be executed as of ___July 8___, 2016.


For SRC Liquidation LLC:

ASK, LLP

By: _____
Joseph L. Steinfeld, Jr., DC SBN 297101, MN SBN 0266292, VA SBN 18666
Brigette McGrath, Esq.

Special Counsel for SRC Liquidation, LLC

For Defendant:

PEERLESS INSURANCE COMPANY

By: _____
Print Name: __Jeffrey Beall__
Title: __Unit Manager__

## Exhibit A: Settlement Payment Instructions

**PAYMENT AMOUNT**     $150,000.00 Dollars
**PAYABLE TO**     SRC Liquidation LLC
**PAYMENT DUE**     Within 10 Days of the Approval Order

**WIRE INSTRUCTIONS:**     Union Bank
1980 Saturn Street, Monterey Park, CA 91755
Bank ABA: 122000496
Account Name: SRC Liquidation LLC
Account Number: 2132761715
Swift Code: BOFCUS33 MPK