# **Exhibit C**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SRC LIQUIDATION, LLC [1]<br><br>Debtor. | Chapter 11<br><br>Case No. 15-10541 (BLS) |
| SRC Liquidation LLC,<br><br>Plaintiff,<br><br>v.<br><br>Defendants Listed on Exhibit 1,<br><br>Defendants. | Adv. No.: See Exhibit 1<br><br>**Re: Docket Index:** _____ |

### ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING ADVERSARY PROCEEDINGS WITH TOTAL IN CONTROVERSEY LESS THAN OR EQUAL TO $75,000.00 BROUGHT BY SRC LIQUIDATION LLC PURSUANT TO SECTIONS 502, 547 AND 550 OF THE BANKRUPTCY CODE

Upon the *Motion for Orders Establishing Streamlined Governing Adversary Proceeding Brought by SRC Liquidation LLC, Pursuant to Sections 502, 547 and 550 of the Bankruptcy Code* (the "Procedures Motion")[2] dated June 9, 2016, filed by SRC Liquidation LLC (the "Plaintiff"), by and through its undersigned counsel, for entry of a procedures order (the "Procedures Order") pursuant to sections 102(1) and 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), and Rules 7016, 7026 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), establishing streamlined procedures governing all adversary proceedings with a total amount in controversy less than or equal to $75,000.00 brought by Plaintiff under sections 502, 547 and 550 of the Bankruptcy Code, which are identified in Exhibit 1 annexed

---

1 The last four digits of the Debtor's taxpayer identification number are 5440. Inquiries regarding the Debtor should be directed to the GUC Trustee, c/o EisnerAmper LLP, 111 Wood Avenue South, Iselin, NJ 08830-2700 (Attn: Anthony R. Calascibetta).

2 Capitalized terms not otherwise defined herein shall have the same meaning ascribed to them as in the Procedures Motion.

hereto (each an "<u>Avoidance Action</u>," collectively, the "<u>Avoidance Actions</u>"); and this Court

having jurisdiction to consider and determine the Procedures Motion as a core proceeding in

accordance with 28 U.S.C. §§ 157, 1331 and 1334; and any objections raised and heard at a hearing

at which all parties were permitted to present their arguments and contentions; and it appearing

that the relief requested by the Procedures Motion is necessary and in the best interests of the

parties; and due notice of the Procedures Motion having been provided; and it appearing that no

other or further notice of the Procedures Motion need be provided; and sufficient cause appearing

therefore, it is hereby:

> **ORDERED**, that the Procedures Motion be, and hereby is, granted in all respects; and it

is further

> **ORDERED**, the procedures governing all parties to the Avoidance Actions are as

follows:

**A.      Effectiveness of the Procedures Order**

1.      This Procedures Order approving the Procedures Motion shall apply to all Defendants in the Avoidance Actions.[3] To the extent a Party is subject to this Procedures Order as well as the Procedures Order covering those cases with an amount in controversy greater than $75,000.00 in connection with another Avoidance Action, the Parties shall meet and confer to decide whether the actions should proceed under one procedures order or the other. If an agreement cannot be made, the parties may apply to the Court for resolution.

2.      This Order will not alter, affect or modify the rights of Defendants to seek a jury trial or withdraw the reference, or otherwise move for a determination on whether the Court has authority to enter a final judgment, or make a report and recommendation, in an adversary proceeding under 28 U.S.C. § 157, and all such rights of the Defendants shall be preserved unless otherwise agreed to in a responsive pleading.

---

[3] This Procedures Order pertains only to the Avoidance Actions identified in <u>Exhibit 1</u> annexed hereto. Additional avoidance actions filed by the Plaintiff related to the underlying bankruptcy cases, after entry of the Proposed Procedures Order, and which have a total amount in controversy less than or equal to $75,000.00, shall be subject to the same conditions stated herein. The parties will file, under certification of counsel, a scheduling order which conforms to the same format but which contains extended deadlines as necessary

**B.**   **Extensions to Answer or File Other Responsive Pleading to the Complaint**

3.   The time to file an answer or other responsive pleading to a complaint filed in an Avoidance Action shall be extended by 60 days such that an answer or other responsive pleading is due within 90 days after the issuance of the summons rather than 30 days after the issuance of the summons.

**C.**   **Waiver of Requirement to Conduct Scheduling Conference**

4.   Federal Rule of Civil Procedure 26(f), made applicable herein pursuant to Bankruptcy Rule 7026 (mandatory meeting before scheduling conference/ discovery plan), is hereby waived and is not applicable to the Avoidance Actions. Thus, the parties to the Avoidance Actions shall not be required to submit a written report as may otherwise be required under Federal Rule of Civil Procedure 26(f).

**D.**   **Discovery and Mediation Schedule**

5.   Any open Avoidance Actions that have not been resolved and/or settled by September 1, 2016 (the "Remaining Avoidance Actions"), shall be referred to mediation.

6.   Between September 1, 2016 and September 15, 2016, Defendants in the Remaining Avoidance Actions shall choose a mediator from the list of proposed mediators (each a "Mediator," collectively, the "Mediators") qualified to handle these types of Avoidance Actions and are listed on the Register of Mediators and Arbitrators Pursuant to Local Rule 9019-4 (the "Mediator List"), attached to the Procedures Motion as Exhibit D. Concurrently, Defendants in the Remaining Avoidance Actions shall notify Plaintiff's counsel of the Defendant's choice of Mediator by contacting Plaintiff's counsel's paralegal, Laurie N. Miskowiec, in writing, via email at **lmiskowiec@askllp.com** or via letter correspondence addressed to ASK LLP, 2600 Eagan Woods Drive, Suite 400, St. Paul, MN 55121. If a Defendant in a Remaining Avoidance Action does not timely choose a Mediator from the Mediator List and notify Plaintiff's counsel of the same, Plaintiff will assign such Remaining Avoidance Action to one of the Mediators from the Mediator List.

7.   Once the mediator selection period closes and a Mediator is selected or assigned as provided in the previous paragraph, Plaintiff will file a notice of mediation indicating which mediator was selected and which party made the selection.

8.   Upon notification of such selection or assignment, the selected Mediator shall have an opportunity to run conflicts checks on the Defendant(s) and, in the event of a conflict, may abstain from acting in the particular mediation.

9.   On September 16, 2016, Plaintiff, working with the Mediators, will commence scheduling mediations. Each Mediator will provide to Plaintiff the dates on which the Mediator is available for mediation and the parties shall cooperate with the Mediators and each other regarding the scheduling of mediations. Plaintiff's counsel shall contact Defendant or Defendant's counsel with a list of proposed

dates for mediation provided by the mediator.  Mediation will then be scheduled on a first-come, first-served basis.

10.    Plaintiff will give at least 21 days written notice of the first date, time and place of the mediation in each Remaining Avoidance Action (the "<u>Mediation Notice</u>"), which notice shall be filed on the docket of such proceeding.

11.    Within 7 calendar days after the conclusion of the mediation, the Mediator shall file a report (the "<u>Mediator's Report</u>") in the Remaining Avoidance Action, which shall be limited to stating only whether the Remaining Avoidance Action settled or did not settle.

12.    All mediations of the Remaining Avoidance Actions must be concluded by April 1, 2017.

13.    Any open Avoidance Actions shall be required to provide the disclosures required under Rule 7026(a)(1) (the "<u>Initial Disclosures</u>") on or before April 15, 2017.

14.    All written interrogatories, document requests and requests for admission, if any, may be served upon the adverse party any time after the Mediator's Report is filed. All written interrogatories, document requests and requests for admission, if any, must be served upon the adverse party no later than June 15, 2017

15.    The parties to the Avoidance Actions shall have through and including August 1, 2017 to complete non-expert fact discovery, including depositions of fact witnesses.

16.    The standard provisions of Federal Rule of Civil Procedure 33, made applicable herein pursuant to Bankruptcy Rule 7033, shall apply to the Avoidance Actions.

17.    The standard provisions of Federal Rule of Civil Procedure 34, made applicable herein pursuant to Bankruptcy Rule 7034, including F.R.C.P. 34(b)(2)(E) regarding production of electronically stored information and Local Rule 7026-3, shall apply to the Avoidance Actions.

18.    The standard provisions of Federal Rule of Civil Procedure 36, made applicable herein pursuant to Bankruptcy Rule 7036, shall apply to the Avoidance Actions.

19.    Should a discovery dispute arise, the complainant shall file with the Court a letter outlining said issues and forward a copy to chambers. Respondent must reply within two (2) business days. The letter, excluding exhibits, shall be no longer than two (2) pages. The Court shall then inform the parties if it will require a conference call or formal motion.

20.    Federal Rule of Civil Procedure 26(a)(2), made applicable herein pursuant to Bankruptcy Rule 7026, disclosures and reports of the parties' case-in-chief experts, including Defendant's expert insolvency report if any, shall be made to the adverse party on or before September 1, 2017.

21.     Federal Rule of Civil Procedure 26(a)(2), made applicable herein pursuant to Bankruptcy Rule 7026, disclosures and reports of the parties' rebuttal experts, and Plaintiff's insolvency report, if any, shall be made to the adverse party on or before October 1, 2017.

22.     Federal Rule of Civil Procedure 26(a)(2), made applicable herein pursuant to Bankruptcy Rule 7026, Defendant's insolvency rebuttal report, if any, shall be made to the adverse party on or before November 1, 2017.

23.     All expert discovery, including expert witness depositions, shall be concluded on or before December 1, 2017.

24.     The standard provisions of Federal Rule of Civil Procedure 26(e), made applicable herein pursuant to Bankruptcy Rule 7026, shall apply to the Avoidance Actions with respect to supplementation of discovery responses.

**E.     Mediation Procedures and Requirements**

25.     Because the Remaining Avoidance Actions are proceedings before this Court, Delaware is the proper forum for mediation. Local Rule 9019-5 and the Court's mediation order, Delaware Bankruptcy Court General Order re Procedures in Adversary Proceedings, dated April 7, 2004, as amended April 11, 2005 (establishing mediation procedures for all adversary proceedings), shall govern the mediations, except as otherwise set forth herein.

26.     The Mediators shall be required to file disclosures prior to the scheduling of mediation.  Local Rule 9019-2(E)(iii)(B) shall apply.

27.     The parties in each Remaining Avoidance Action will participate in the mediation, as scheduled and presided over by the chosen Mediator, in good faith and with a view toward reaching a consensual resolution.  At least one *counsel for each party and a representative of each party having full settlement authority* shall attend the mediation in person *except* that, a Mediator, in his or her discretion, by request of one of the parties, may allow a party representative to appear telephonically while its counsel appears in person, and except where the parties otherwise agree.  **Any such request must be made prior to ten (10) business days before the scheduled mediation date, or Defendant is deemed to waive such request.** Should a party representative appear by telephone, counsel appearing in person for that party shall have full settlement authority.  To the extent a Mediator grants a party's request to appear telephonically, the requesting party is responsible for arranging for and paying any fees associated with teleconference services. Should a dispute arise regarding a Mediator's decision on whether to allow a party representative to appear telephonically rather than in person, a party may apply to the Court, in advance of the mediation, by sending a letter outlining said issues to chambers. The Court may then schedule a conference call to address the issues.

28.    The Mediator will preside over the mediation with full authority to determine the nature and order of the parties' presentations, and the rules of evidence will not apply.  Each Mediator may implement additional procedures which are reasonable and practical under the circumstances.

29.    The Mediator, in the Mediation Notice (by language provided to Plaintiff by the Mediator) or in a separate notice that need not be filed, may require the parties to provide to the Mediator any relevant papers and exhibits, a statement of position, and a settlement proposal.  In the Mediator's discretion, upon notice (which need not be filed), the Mediator may adjourn a mediation or move a mediation to a different location within the same jurisdiction. The Mediator may also continue a mediation that has been commenced if the Mediator determines that a continuation is in the best interest of the parties.

30.    The parties must participate in the scheduling of mediation and mediation in good faith.  If the mediator feels that a party to the mediation is not attempting to schedule or resolve the mediation in good faith, the mediator may file a report with the Court. The Court may, without need for further motion by any party, schedule a hearing. If the Court determines that the party is not cooperating in good faith with the mediation procedures, the Court may consider the imposition of sanctions. Additionally, if either party to the mediation is not attempting to schedule or resolve the mediation in good faith, the opposite party may file a motion for sanctions with the Court.  Litigation with respect to the issuance of sanctions shall not delay the commencement of the Mediation.  Sanctions may include, but are not limited to, attorney's fees and costs and fees of the Mediator.

31.    Upon notice and a hearing, a party's failure to appear at the mediation or otherwise comply with the Procedures Order with respect to mediation, may result in a default judgment being obtained against the Defendant or dismissal of the action.  The Mediator shall promptly file with the Court a notice when any party fails to comply with the mediation provisions set forth in the Procedures Order.

32.    The fees of the Mediator shall be paid by the Plaintiff. Plaintiff shall pay the Mediator a $250.00 administrative fee upon acceptance of appointment The Mediator's fees shall then be fixed at $3,000.00 per case. The Plaintiff shall pay $750.00 of the Mediator's fee at least 7 calendar days before the commencement of mediation (the "Pre-Mediation Fee").  The remaining fee will be paid by Plaintiff on the date of mediation, should the mediation go forward.  If the parties settle prior to mediation, the mediator must be informed of the settlement prior to 7 calendar days before the scheduled mediation, or the Pre-Mediation Fee is non-refundable.

33.    Mediation that is continued for more than one calendar day will be continued on an hourly fee basis at the rate of $500.00 per hour to be paid by the Plaintiff. .

34.    Defendants that have multiple Avoidance Actions in the underlying bankruptcy cases against them may mediate all related Avoidance Actions at one time. The

Mediator's fees will be based upon the combined total claim amount for all related Avoidance Actions.

35.     Mediation statements are due 7 calendar days prior to the mediation to the Mediator. The Mediator will direct the parties as to further instructions regarding the distribution parties of the mediation statements.

36.     Without the prior consent of both parties, no Mediator shall mediate a case in which he/she or his/her law firm represents a party. If a Mediator's law firm represents any Defendant in the Avoidance Actions, then: (a) the Mediator shall not personally participate in the representation of that Defendant; (b) the law firm shall notate the file to indicate that the Mediator shall have no access to it; and (c) any discussions concerning the particular Avoidance Action by employees of the law firm shall exclude the Mediator. The Mediator's participation in mediation pursuant to the Procedures Order shall not create a conflict of interest with respect to the representation of such Defendants by the Mediator's law firm.

37.     The Mediator shall not be called as a witness by any party except as set forth in this paragraph. No party shall attempt to compel the testimony of, or compel the production of documents from, the Mediators or the agents, partners or employees of their respective law firms. Neither the Mediators nor their respective agents, partners, law firms or employees (a) are necessary parties in any proceeding relating to the mediation or the subject matter of the mediation, nor (b) shall be liable to any party for any act or omission in connection with any mediation conducted under the Procedures Order. Any documents provided to the Mediator by the parties shall be destroyed 30 days after the filing of the Mediator's Report, unless the Mediator is otherwise ordered by the Court. However, a Mediator may be called as witness by any party and may be compelled to testify and/or answer discovery on a limited basis in proceedings where it is alleged that a party failed to comply with mediation as is required in the foregoing paragraphs of this Procedures Order. Local Rule 9019-5(d) shall apply.

38.     All proceedings and writing incident to the mediation shall be privileged and confidential, and shall not be reported or placed in evidence. Local Rule 9019-(5)(d) shall apply.

**F.     Avoidance Actions Omnibus Hearings**

39.     The initial pretrial conference shall have been deemed to be held on July 27, 2016 at 10:00 a.m. (ET). Thereafter, except as otherwise ordered by the Court, the pretrial conference shall be adjourned to quarterly status conferences. All matters concerning any Avoidance Actions shall be heard only at status conferences before the Honorable Brendan L. Shannon (collectively, the "Avoidance Actions Omnibus

<u>Hearings</u>"), at which there may be status conferences, final pre-trial conferences and hearings on motions, if any.

40.    Defendants are not required to appear at any Avoidance Actions Omnibus Hearings unless: (a) a motion pertaining to the Defendant's Avoidance Action is calendared to be considered at the Avoidance Actions Omnibus Hearing; or (b) the Court has directed the Defendant to appear and Plaintiff has provided 5 days prior written notice by email, facsimile transmission or overnight courier to the Defendant or its counsel of its need to appear at an Avoidance Actions Omnibus Hearing.  To the extent a Defendant in any Avoidance Action wishes to appear at an Avoidance Actions Omnibus Hearing, the Defendant or its counsel must notify Plaintiff's counsel of the same, in writing, 5 days prior to said hearing so that Plaintiff may properly prepare to address any issues or concerns at the Avoidance Actions Omnibus Hearing or in advance thereof.

41.    Unless the Court orders otherwise, all motions, pleadings, requests for relief or other materials that purport to set a hearing on a date or time other than an Avoidance Actions Omnibus Hearing shall automatically, and without Court order, be scheduled to be heard at the next Avoidance Actions Omnibus Hearing that is at least 30 calendar days after such motion, pleading, request for relief or other materials are filed and served.

42.    Plaintiff shall file a report one week prior to each Avoidance Actions Omnibus Hearing setting out the status of each of the Avoidance Actions and shall contemporaneously deliver a copy of the report to the Court's chambers.

43.    If, after all discovery has been completed in an Avoidance Action and mediation has concluded but was not successful, the parties to the applicable Avoidance Action shall so inform the Court at the next scheduled Avoidance Actions Omnibus Hearing. At such time, the Court will address additional issues arising subsequent to the Procedures Order, set additional deadlines, if necessary, establish dispositive motion deadlines, a due date by which the parties must file a joint pretrial order, and schedule a trial on the Avoidance Action that is convenient to the Court's calendar.

**G.    Electronic Service and Filing of Motions**

44.    Motions generally affecting Defendants in all Avoidance Actions may be filed in the main chapter 11 case, Case No. 15-10541 (BLS), rather than on the docket of each individual adversary proceeding.

45.    Notices of Avoidance Action Omnibus Hearings, and any motions or other pleadings filed by the Trustee in or related to the Avoidance Actions may be served via email to those Defendants who have retained counsel, even if such counsel has not formally entered an appearance on the docket. Service by email to Defendant's counsel shall be effective as of the date such email is sent to the email address of counsel.

**H.    Miscellaneous**

46.    The Local Rules for the United States Bankruptcy Court for the District of Delaware shall apply, except that the Procedures Order shall control with respect to the Avoidance Actions to the extent of any conflict with other applicable rules and orders.

47.    The deadlines and/or provisions contained in the Procedures Order may be extended and/or modified by the Court upon written motion and for good cause shown or consent of the parties pursuant to stipulation, which stipulation needs to be filed with the Court; and it is further

**ORDERED**, that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____
Wilmington, Delaware

_____
HONORABLE BRENDAN L. SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE

# Exhibit 1

| Defendant Name | Adv. Number |
|---|---|
| Abel Womack, Inc. | 16-50788 |
| Above & Beyond Balloons, Inc. dba Above and Beyond Advertising | 16-50648 |
| ACCO Brands Corporation dba General Binding Corporation | 16-50752 |
| ~~Acpo, Ltd.~~ | ~~16-50649~~ |
| Active Electric Incorporated | 16-50650 |
| Advanced Industrial Services, Inc. | 16-50651 |
| ~~Advantage Inc. dba Advantage Utah~~ | ~~16-50793~~ |
| Advantage Innovations, Inc. | 16-50652 |
| Advantage Machinery Services, Inc. | 16-50791 |
| AgencyAxis LLC | 16-50795 |
| ~~Agfa Corporation dba Pitman Co.~~ | ~~16-50824~~ |
| Alen Security Locksmith Company, Inc. dba Alen Security Company Inc. | 16-50655 |
| AlphaGraphics, Inc. | 16-50796 |
| American Gourmet Group, LLC dba Gifted Expressions | 16-50868 |
| ~~American Graphics Inc.~~ | ~~16-50799~~ |
| Anderson & Vreeland, Inc. | 16-50633 |
| Artwear Embroidery, Inc. | 16-50658 |
| ~~Aspen Imaging, LLC~~ | ~~16-50805~~ |
| Aspen Press Company, LC | 16-50806 |
| ~~Associated Sales & Bag Company dba Associated Bag Company~~ | ~~16-50661~~ |
| ~~Atmos Energy Corporation~~ | ~~16-50808~~ |
| ~~Austell Natural Gas System aka Austell Gas System~~ | ~~16-50662~~ |
| Aztex Enterprises Ld. dba AZX Sport | 16-50664 |
| BagMakers, Inc. | 16-50666 |
| Bam Bams, LLC | 16-50810 |
| BAW Plastics, Inc. | 16-50811 |
| Baycorr Packaging Inc. dba Heritage Paper | 16-50882 |
| Bey-Berk International | 16-50828 |
| Bio Star Films, LLC dba Aargus Plastics | 16-50771 |
| ~~Black Hills Energy Arkansas Inc. fka SourceGas Arkansas, Inc.~~ | ~~16-50908~~ |
| Blanks Printing & Imaging, Inc. | 16-50829 |
| Borax Paper Products, Inc. | 16-50667 |
| Brainstorm Logistics, LLC | 16-50668 |
| BSP Filing Solutions | 16-50672 |
| Buck Consultants, LLC | 16-50674 |
| Business Card Systems, Inc. dba BCT Loves Park | 16-50813 |
| Canterbury Press, LLC | 16-50675 |
| Caroline Tinaz dba Gate Embroidery New York aka Gate NY | 16-50862 |

| Defendant Name | Adv. Number |
|---|---|
| Central Soft Water Services Inc. | 16-50832 |
| CenturyLink, Inc. fka Qwest | 16-50879 |
| ~~Certon Technologies, Inc. dba Har Adhesive Technologies~~ | ~~16-50757~~ |
| ~~Chicago Glue Machine & Supply Co., Inc.~~ | ~~16-50678~~ |
| Chicago Mailing Tube Company | 16-50834 |
| Cindy Kearney dba Stitches Embroidery | 16-50912 |
| Cintas Corporation | 16-50682 |
| ~~Circle Graphics, Inc. fdba Imagic~~ | ~~16-50889~~ |
| Citadel Specialty Products, Inc. | 16-50684 |
| Clarke-Hook Corporation | 16-50750 |
| Clear Image, Inc. | 16-50686 |
| Cogensia, LLC | 16-50835 |
| Columbia Gas of Ohio, Inc. | 16-50688 |
| ~~Commerce Printing Services~~ | ~~16-50837~~ |
| ~~ComplyRight, Inc. dba TFP Data Systems~~ | ~~16-50733~~ |
| Compumail Corp. | 16-50772 |
| Conrad Industries, Inc. dba A-B Emblem | 16-50647 |
| Consortium Companies, L.L.C. | 16-50842 |
| Constellation NewEnergy, Inc. | 16-50691 |
| ConsumerBase LLC dba Exact Data | 16-50857 |
| ~~Control Group Companies, LLC~~ | ~~16-50693~~ |
| ~~Copyright Clearance Center, Inc.~~ | ~~16-50698~~ |
| ~~Crouch Industries Inc.~~ | ~~16-50845~~ |
| Custom Deco, LLC dba Sabina | 16-50891 |
| Customformed Products, Inc. | 16-50848 |
| D. & J. Printing, Inc. dba Bang Printing | 16-50634 |
| Dandon Enterprises Inc. dba Fastsigns - NJ | 16-50858 |
| Danny Deaton dba D & D Service & Design | 16-50704 |
| David Michael Kelker dba Mike Kelker Machine and Tool | 16-50692 |
| ~~Deana Endieveri dba Northeast Stitches & Ink~~ | ~~16-50804~~ |
| Deluxe Financial Services, LLC | 16-50708 |
| ~~Design Type, Inc.~~ | ~~16-50710~~ |
| Diligent Board Member Services | 16-50712 |
| Direct Data Corporation | 16-50852 |
| ~~Duane Benik, LLC~~ | ~~16-50740~~ |
| Dubow Textile, Inc. | 16-50741 |
| Dunnwell Packaging, L.L.C. | 16-50854 |
| E. I. Du Pont De Nemours and Company | 16-50856 |

| Defendant Name | Adv. Number |
|---|---|
| Eagle Artistic Printing, Inc. dba Teamwell USA | 16-50919 |
| Earth Color, LLC | 16-50746 |
| Ebix, Inc. dba Ebix Consulting fka PB Systems, Inc. | 16-50713 |
| EBSCO Industries, Inc. dba Crown Products Inc. | 16-50846 |
| Eighth Floor Promotions, L.L.C. | 16-50747 |
| Ennis, Inc. dba Falcon Business Forms Inc. | 16-50749 |
| Ennis, Inc. dba Print Xcel | 16-50836 |
| Ennis, Inc. dba PrintGraphics Inc. | 16-50717 |
| Ennis, Inc. fdba Ennis Business Forms, Inc. | 16-50577 |
| Enrique Rodriguez dba R & R Screen Printing | 16-50880 |
| Envision Graphics, LLC dba Envision 3 LLC | 16-50748 |
| Ernest Packaging dba Ernest Packaging Solutions; and Bayou Packaging, Inc. | 16-50773 |
| Fey Industries, Inc. dba Reflectix by Fey | 16-50636 |
| Fine Line Graphics Corp. | 16-50637 |
| Flint Group North America Corporation dba Flint Ink Corporation | 16-50859 |
| Foremost Graphics, L.L.C. fdba Greystone Print Solutions | 16-50871 |
| Geehan Advisory Group, Inc. dba Geehan Group | 16-50751 |
| Gemini Computers, Inc. dba Gemini Computer Dot Com | 16-50863 |
| Genoa Business Forms, Inc. | 16-50753 |
| Georgia Power Company | 16-50866 |
| GLJ, Inc. dba Mid Nix Snax | 16-50689 |
| Graphic Mailers, Inc. | 16-50755 |
| Graphics Terminal, Inc. | 16-50869 |
| H.B. Fuller Company | 16-50758 |
| Hannaford & Dumas, Corporation | 16-50756 |
| Harland Clarke Corp. dba MICR Express | 16-50687 |
| Hawks & Associates, Inc. dba Hawks Tag | 16-50872 |
| Healthcare Information and Management Systems Society dba Himss | 16-50656 |
| Henderson's Printing, Inc. dba Kunz | 16-50903 |
| Henkel Corporation | 16-50875 |
| Highland Computer Forms, Inc. | 16-50654 |
| HireRight, LLC dba HireRight, Inc. | 16-50659 |
| Hopkins Printing, Inc. | 16-50663 |
| Hospital Forms & Systems Corporation | 16-50883 |
| Houston Photographic Laboratories, Inc. dba Houston Photo Imaging | 16-50884 |
| Hudson Energy Services LLC dba Hudson Energy Services Texas | 16-50885 |
| IFS Filing Systems LLC | 16-50886 |
| Illinois Tool Works Inc. dba Simco-Ion | 16-50902 |

| Defendant Name | Adv. Number |
|---|---|
| Impresos Taino | 16-50665 |
| InStream, LLC | 16-50669 |
| IntraLinks, Inc. | 16-50671 |
| InVue Security Products Inc. | 16-50890 |
| Ironclad Performance Wear Corporation | 16-50892 |
| ~~J. Kemper Matt dba Dupli Envelope and Graphics~~ | ~~16-50745~~ |
| J.S. McCarthy Co., Inc. dba J.S. McCarthy Printers | 16-50774 |
| Jet Mail Services, Inc. dba Jet Mail Inc. | 16-50894 |
| ~~JKM Trading Company dba Pro Towels Etc.~~ | ~~16-50870~~ |
| ~~John Q. Sherman, II~~ | ~~16-50898~~ |
| Kanzaki Specialty Papers Inc. | 16-50638 |
| Kay Toledo Tag, Inc. | 16-50603 |
| Kobayashi Create Co., Ltd. | 16-50901 |
| Kolder, Inc. dba Numo A. Kolder Co. | 16-50807 |
| L&S Label Printing Inc. | 16-50676 |
| ~~L. R. Lipps Impressive Printing, Inc. dba Lipps Impressive Printing~~ | ~~16-50677~~ |
| Label Products, Inc. | 16-50673 |
| Larsen Warehousing & Distribution, Inc. | 16-50907 |
| ~~LinkedIn Corporation~~ | ~~16-50778~~ |
| ~~Louisville Gas and Electric Company~~ | ~~16-50780~~ |
| Management Analysis & Utilization, Inc. dba MAU Workforce Solutions | 16-50782 |
| Manhattan Business Forms, LLC | 16-50679 |
| ~~Marvin Jacobs dba Ameritype~~ | ~~16-50801~~ |
| Media Printing Corporation | 16-50681 |
| ~~MetaCommunications, Inc.~~ | ~~16-50683~~ |
| Metro Flex, Inc. | 16-50784 |
| ~~Metropolitan Group Property and Casualty Insurance Company dba Metlife Group Property and Casualty~~ | ~~16-50685~~ |
| Milano Worldwide Corp. | 16-50787 |
| ~~Mitsubishi Imaging (MPM), Inc. dba Mitsubishi Imaging Inc.~~ | ~~16-50640~~ |
| Mittera Wisconsin, LLC dba Service Communications | 16-50730 |
| Monument KPG III, LLC | 16-50790 |
| MR Label, Inc. | 16-50695 |
| Muller Martini Corp. | 16-50792 |
| ~~Nasdaq OMX Corporate Solutions, LLC~~ | ~~16-50794~~ |
| ~~Nashua Corporation~~ | ~~16-50797~~ |
| National Color Graphics, Inc. | 16-50696 |
| ~~Nazdar Company~~ | ~~16-50641~~ |
| ~~Neenah Paper, Inc. dba Neenah Paper Mills~~ | ~~16-50800~~ |

| Defendant Name | Adv. Number |
|---|---|
| Neerav Information Technology (India) Prive Limited Company | 16-50802 |
| Neil Brothers Limited | 16-50697 |
| NetGain Information Systems Company dba Recovery Site Logistics | 16-50723 |
| New Jersey Business Forms Manufacturing Corporation | 16-50699 |
| NuSign Supply, Inc. | 16-50809 |
| Office Depot, Inc. | 16-50700 |
| Oldes de Puerto Rico Inc. | 16-50817 |
| Olmsted-Kirk Paper Company | 16-50642 |
| Optiv Security Inc. fka Accuvant Inc. | 16-50789 |
| PacifiCorp. dba Rocky Mountain Power | 16-50881 |
| Pad and Publication Assembly Corporation dba LRP&P Graphics | 16-50781 |
| Panther Solutions, LLC | 16-50702 |
| Par-One, Inc. | 16-50705 |
| Parrot Press, Inc. | 16-50706 |
| ParsonsKellogg LLC dba Driving Impressions | 16-50853 |
| Partners Press, Inc. | 16-50707 |
| Pat & Sam International, Inc. | 16-50709 |
| Patented Acquisition Corporation dba Think Patented | 16-50734 |
| Pegasus Logistics Group, Inc. dba PLG Logistics Group ULC | 16-50827 |
| Peg-Master Business Forms, Inc. | 16-50821 |
| Performance Office Papers, Inc. | 16-50714 |
| Perimeter Painting and Decorating Inc. | 16-50822 |
| POP Displays USA, LLC | 16-50831 |
| Pratt Industries, Inc. | 16-50833 |
| Price Chopper Medical Wristbands, Inc. dba Medical ID Solutions | 16-50776 |
| Print On Spot | 16-50716 |
| Prism Color Corporation | 16-50643 |
| Pro Tech Computer Supply, Inc. | 16-50873 |
| QuadriScan Inc. | 16-50876 |
| Quick Tech Graphics, Inc. | 16-50877 |
| Rand Graphics, Inc. | 16-50719 |
| Raymond Leasing Corporation | 16-50720 |
| Raymond of New Jersey, LLC | 16-50721 |
| Reality Plastics, Inc. | 16-50722 |
| RedCraft Greetings Ltd. | 16-50724 |
| Rescheor, Inc. fdba Omega Plastics Corporation | 16-50819 |
| Richard Soliz dba Print By the Minute | 16-50867 |
| Rick Kistler aka Jon E. Kistler | 16-50900 |

| Defendant Name | Adv. Number |
| --- | --- |
| River City Wood Products, LLC; and Presidential Financial Corporation | 16-50725 |
| Roy W. Begley, Jr. | 16-50888 |
| Safety & Security Solutions, LLC dba PLE Group | 16-50715 |
| Safety-Kleen Systems, Inc. | 16-50727 |
| Scott Lithographing Co., Inc. | 16-50893 |
| Sexton Printing, Inc. | 16-50579 |
| Shelton-Turnbull Printers, Inc. | 16-50897 |
| Silver Fox Services, Inc. | 16-50899 |
| Solimar Systems, Inc.. | 16-50904 |
| Special Service Partners Corporation | 16-50619 |
| St. Joseph Print Group Inc. | 16-50728 |
| St. Regis Crystal USA, Inc. | 16-50729 |
| Star Marketing International, Inc. dba Apollo Group Inc. | 16-50803 |
| Starburst Printing & Graphics, Inc. | 16-50785 |
| Stenno Carbon Co. | 16-50731 |
| Steve's Pallets, Inc. | 16-50910 |
| Steward Printing & Advertising, Inc. | 16-50911 |
| Sungard Availability Services | 16-50914 |
| SVM, LP | 16-50917 |
| SwervePoint LLC | 16-50918 |
| Telemark Corporation dba Telemark Diversified Graphics | 16-50920 |
| TeleNations, Inc. dba Media Tree Plastic Works | 16-50783 |
| Teraco, Inc. | 16-50921 |
| T-Formation Inc. of Tallahassee | 16-50922 |
| The Advisory Board Company | 16-50653 |
| The Connecticut Light and  Power Company | 16-50690 |
| The Delta Institute | 16-50850 |
| The Little Printing Company dba Quality Forms | 16-50718 |
| The Travelers Companies, Inc. | 16-50737 |
| Thomas M. Weissbrod | 16-50916 |
| Thomson Reuters (Tax & Accounting) Inc. | 16-50923 |
| Time's Up, Inc. dba Counterpoint and Digispec | 16-50701 |
| TKO Print Solutions, Inc. dba ThinkPrint | 16-50840 |
| Tobay Printing Co., Inc. | 16-50735 |
| Tom Hodge dba Chicago Dye Works; and Facteon, LLC dba Facteon, Inc. | 16-50680 |
| Tools 2 Market, LLC dba Printing & Publications | 16-50864 |
| Traction Sales and Marketing Inc. | 16-50736 |
| Travers Printing, Inc. | 16-50924 |

| Defendant Name | Adv. Number |
|---|---|
| ~~TurnKey Solutions Corporation~~ | ~~16-50786~~ |
| ~~Turtle Ridge Media Group, Inc.~~ | ~~16-50930~~ |
| Tyco Integrated Security LLC | 16-50931 |
| Vega Print, S.A. De C.V. | 16-50932 |
| ~~Victor Printing, Inc.~~ | ~~16-50934~~ |
| ~~Walton & Co., Inc.~~ | ~~16-50645~~ |
| ~~West Coast Paper Company~~ | ~~16-50935~~ |
| WestRock Company fka Rock Tenn Co. | 16-50644 |
| Whitesell Corporation | 16-50742 |
| Wilcon Corporation | 16-50743 |
| ~~WinCraft, Incorporated dba Larlu Display Tee~~ | ~~16-50905~~ |
| ~~Winterhawk Graphics, Inc.~~ | ~~16-50936~~ |
| World Media Group, Inc. | 16-50937 |
| Zebra Technologies Corporation | 16-50744 |