UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>SRC LIQUIDATION, LLC,[1]<br>                  Debtor. | Chapter 11<br>Case No. 15-10541 (BLS)<br><br>**Hearing Date: August 31, 2016 at 10:00 a.m. (ET)**<br>**Objection Deadline: August 16, 2016 at 4:00 p.m. (ET)** |

**SRC LIQUIDATION, LLC'S MOTION FOR ENTRY OF AN ORDER
EXTENDING THE PERIOD WITHIN WHICH SRC LIQUIDATION, LLC
MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452**

SRC Liquidation, LLC submits this motion (this "Motion") for the entry of an order (the "Proposed Order"), substantially in the form attached hereto as Exhibit A, extending the deadline by which SRC Liquidation, LLC may remove causes of actions and related proceedings (the "Removal Deadline"), pursuant to 28 U.S.C. § 1452, by 180 days, through and including January 30, 2017. In support of this Motion, SRC Liquidation, LLC respectfully states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and pursuant to Rule 9013-1(f) of the *Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware* (the "Local Rules"), SRC Liquidation, LLC consents to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

---

[1] The last four digits of the Debtor's taxpayer identification number are 5440. Inquiries regarding the Debtor should be directed to the GUC Trustee, c/o EisnerAmper LLP, 111 Wood Avenue South, Iselin, NJ 08830-2700 (Attn: Anthony R. Calascibetta).

53903334.1

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory bases for the relief requested herein are 28 U.S.C. § 1452 and Rules 9006 and 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

**A.    General Background**

3. On March 12, 2015 (the "Petition Date"), the above-captioned debtor and certain of its affiliates and subsidiaries (collectively, the "Debtors") each commenced a voluntary case (collectively, the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Court"). No request for a trustee or examiner has been made in these Chapter 11 Cases.

4. On March 24, 2015, the Office of the United States Trustee for the District of Delaware (the "UST") appointed a statutory committee of unsecured creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code.

5. Information regarding the Debtors' history and business operations, capital structure and primary secured indebtedness, and the events leading up to the commencement of these Chapter 11 Cases, can be found in the *Declaration of Kevin Carmody in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* [Docket No. 2] (the "First Day Declaration").

6. On July 31, 2015, the Debtors consummated the sale of substantially all of their Assets (the "Sale") to Taylor Corporation ("Taylor"). *See* Docket No. 889. In connection with the Sale, the Debtors, the Committee, and Silver Point Finance, LLC ("Silver Point") entered into a settlement agreement [Docket No. 696] (the "Committee Settlement"), which was approved by the Court as part of the Sale Order. The Committee Settlement provided for certain payments and releases and provided a framework for the *Debtors' Second Amended Chapter 11*

*Plan of Liquidation for SRC Liquidation Company and its Affiliates* [Docket No. 1286] (as confirmed, the "Plan"), which was confirmed on November 19, 2015. *See* Docket No. 1331.

7. The effective date of the Plan (the "Effective Date") occurred on December 18, 2015.  *See* Docket No. 1412.  Pursuant to the Plan, among other things, SRC Liquidation Company was converted to SRC Liquidation, LLC in accordance with Ohio law.  *See* Plan, § 2.3.3.

8. On December 21, 2015, the Court entered a final decree closing certain Debtors' cases, leaving only SRC Liquidation, LLC as the remaining open case.  *See* Docket No. 1417.

**B.    The Prior Extension Requests**

9. On June 8, 2015, the Debtors filed a motion [Docket No. 636] seeking entry of an order extending the initial Removal Deadline. On June 25, 2015, the Court entered an order [Docket No. 733] granting the motion and extending the Removal Deadline through and including September 8, 2015.

10. On September 4, 2015, the Debtors filed a motion [Docket No. 1020] seeking entry of an order further extending the Removal Deadline. On September 23, 2015, the Court entered an order [Docket No. 1094] granting the motion and extending the Removal Deadline through and including December 7, 2015, without prejudice to the Debtors' rights to seek further extensions of the Removal Deadline.

11. On December 3, 2015, the Debtors filed a motion [Docket No. 1359] seeking entry of an order further extending the Removal Deadline.  On December 22, 2015, the Court entered an order [Docket No. 1421] granting the motion and extending the Removal Deadline through and including February 5, 2016, without prejudice to the Debtors' (and, thus, SRC Liquidation, LLC's) right to seek further extensions of the deadline to remove Actions.

12. On February 5, 2016, SRC Liquidation, LLC filed a motion [Docket No. 1455] seeking entry of an order further extending the Removal Deadline. On February 26, 2016, the Court entered an order [Docket No. 1482] granting the motion and extending the Removal Deadline through and including August 3, 2016, without prejudice to SRC Liquidation, LLC's right to seek further extensions of the deadline to remove Actions.

## RELIEF REQUESTED

13. By this Motion, SRC Liquidation, LLC seeks entry of the Proposed Order extending the Removal Deadline by 180 days, through and including January 30, 2017,[2] without prejudice to SRC Liquidation, LLC's right to seek further extensions of Removal Deadline.

## BASIS FOR RELIEF

14. Bankruptcy Rule 9027 and 28 U.S.C. § 1452 govern the removal of pending civil actions. Specifically, section 1452(a) provides that:

> [a] party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a). Bankruptcy Rule 9027(a)(2) further provides, in pertinent part that:

> [i]f the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed in the bankruptcy court only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

---

[2] Pursuant to Local Rule 9006-2, the filing of this Motion before the expiration of the Current Removal Deadline shall automatically extend the Current Removal Deadline until the Court acts on this Motion without the necessity for entry of a bridge order.

Fed. R. Bankr. P. 9027(a)(2).

15. Bankruptcy Rule 9006(b) provides that the Court may extend unexpired time periods, such as the removal period, without notice:

> [W]hen an act is required or allowed to be done at or within a specified period by [the Bankruptcy Rules] or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion … with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order.

*Id.* at 9006(b)(1). Accordingly, the Court is authorized to grant the relief requested herein. *See Raff v. Gordon*, 58 B.R. 988 (Bankr. E.D. Pa. 1986) (stating that period in which to file a motion to remove may be expanded pursuant to Bankruptcy Rule 9006); *Jandous Elec. Constr. Corp. v. City of New York (In re Jandous Elec. Constr. Corp.)*, 106 B.R. 48 (Bankr. S.D.N.Y. 1989) (same); *see also, Doan v. Loomis (In re Fort Dodge Creamery Co.)*, 117 B.R. 438 (Bankr. N.D. Iowa 1990) (implying that time period in which removal motion may be filed may be extended pursuant to Bankruptcy Rule 9006); *In re Boyer*, 108 B.R. 19 (Bankr. N.D.N.Y. 1988) (same).

16. Prior to the Effective Date, the Debtors were parties to a number of actions currently pending in the courts of certain states and federal districts (each, an "<u>Action</u>" and, collectively, the "<u>Actions</u>"). Accordingly, out of an abundance of caution, SRC Liquidation, LLC seeks an extension of the time established by Bankruptcy Rule 9027 to protect the right of SRC Liquidation, LLC to remove the Actions.

17. SRC Liquidation, LLC submits that extending the Removal Deadline is in the best interests of the Debtors and parties-in-interest. As detailed in the previous extension motions, prior to the Effective Date of the Plan, the Debtors focused on the sale of their assets, disclosure statement, and the Plan process.

53903334.1

18. After the Effective Date, SRC Liquidation, LLC and its professionals have, among other things, (i) attended to the preparation of various payroll related returns and issuance of W2s, (ii) conducted diligence in connection with the claims reconciliation process, and (iii) worked with parties-in-interest on the resolution of other open matters, including the pending D&O litigation.

19. As a result of the foregoing, and the other administrative obligations placed on SRC Liquidation, LLC and its professionals and advisors, SRC Liquidation, LLC has not had sufficient time to evaluate the Actions to determine if any should be removed pursuant to Bankruptcy Rule 9027(a). Accordingly, out of an abundance of caution, SRC Liquidation, LLC seeks to extend the Removal Deadline to permit SRC Liquidation, LLC to undergo such evaluation. The extension sought will afford SRC Liquidation, LLC an opportunity to make more fully-informed decisions concerning the removal of any Actions, and will assure that SRC Liquidation, LLC does not forfeit the valuable rights afforded to it under 28 U.S.C. § 1452.

20. Furthermore, SRC Liquidation, LLC submits that granting the extension requested herein will not prejudice the rights of the adversaries in the Actions to seek the remand of such Action under 28 U.S.C. § 1452(b) at the appropriate time.

21. For the reasons set forth above, SRC Liquidation, LLC submits that extending the Removal Deadline through and including January 30, 2017, is necessary, prudent, and in the best interests of SRC Liquidation, LLC, the Debtors' creditors, and stakeholders.

## **NOTICE**

22. Notice of this Motion has been provided to (a) the UST; (b) counsel to Silver Point; (c) all known parties to the Actions or their counsel, if known; and (d) all entities that have requested notice pursuant to Bankruptcy Rule 2002. SRC Liquidation, LLC respectfully submits that, in light of the circumstances, no other or further notice of this Motion is required.

WHEREFORE, SRC Liquidation, LLC respectfully requests entry of the Proposed Order, substantially in the form attached hereto as <u>Exhibit A</u>, granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: August 2, 2016
       Wilmington, Delaware

Respectfully Submitted,

**LOWENSTEIN SANDLER LLP**
Kenneth A. Rosen, Esq.
Wojciech F. Jung, Esq.
65 Livingston Avenue
Roseland, NJ  07068
Telephone:  (973-597-2500
Facsimile:  (973) 597-2400

*-and -*

**POLSINELLI PC**

<u>/s/ *Justin K. Edelson*</u>
Christopher A. Ward (DE 3877)
Justin K. Edelson (DE 5002)
222 Delaware Avenue, Suite 1101
Wilmington, DE 19801
Telephone:  (302) 252-0920
Facsimile:  (302) 252-0921
cward@polsinelli.com
jedelson@polsinelli.com

*Counsel to SRC Liquidation, LLC*

53903334.1