# **EXHIBIT 1**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>SRC LIQUIDATION, LLC[1]<br>Debtor. | Chapter 11<br>Case No. 15-10541 (BLS) |

**STIPULATION BY AND BETWEEN THE DEBTORS AND FACTORY MUTUAL INSURANCE COMPANY REGARDING INSURANCE CLAIM**

SRC Liquidation, LLC f/k/a SRC Liquidation Company f/k/a The Standard Register Company ("SRC"), the Debtor and debtor in possession in the above-captioned case ("Debtor") and Factory Mutual Insurance Company ("FM Global" or the "Insurer," and together with the Debtor, the "Parties") through their undersigned counsel, hereby stipulate and agree (this "Stipulation") as follows:

**RECITALS**

WHEREAS, on March 12, 2015 (the "Petition Date"), SRC and certain of its affiliates commenced voluntary cases under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

WHEREAS, prior to the Petition Date, FM Global issued that certain insurance policy number ND414 to Standard Register (the "Policy") which insures, subject to the terms, conditions, limitations and provisions of the Policy, all risks of direct physical loss or damage to certain property of the Insured (as that term is use in the Policy).

---

[1] The last four digits of the Debtor's taxpayer identification number are 5540. Inquiries regarding the Debtor should be directed to the GUC Trustee, c/o EisnerAmper LLP, 111 Wood Avenue South, Iselin, NJ 08830-2700 (Attn: Anthony R. Calascibetta).

30954/2
08/08/2016 45877336.2

WHEREAS, on June 10, 2015 (the "Date of Loss"), the Debtor experienced a fire at its facility at 120 Campbell Street, Dayton, Ohio (the "Property").

WHEREAS, the Debtor notified the Insurer of the facts and circumstances surrounding the fire and associated alleged damages (the "Damages") and the Insured's claim on account of the Damages (the "Claim"). The Insurer assigned the Claim a Claim ID of 444980.

WHEREAS, the Insurer responded to the Claim and adjusted the Claim in the ordinary course pursuant to the terms and conditions of the Policy. During the course of these cases, the Parties entered into that certain *Stipulation By and Between the Debtors and Factory Mutual Insurance Company Regarding Claim* (the "Advance Payment Stipulation"), and on or about August 20, 2015, the Bankruptcy Court entered an order approving the Advance Payment Stipulation [Docket No. 954], pursuant to which an agreed $500,000 Advance Payment (as that term is used in the Advance Payment Stipulation) was approved with respect to the Claim.

WHEREAS, following entry of the order approving the Advance Payment Stipulation, FM Global made the $500,000 Advance Payment to the Debtor.

WHEREAS, on November 17, 2015, the Bankruptcy Court entered an *Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019, Approving The Wind-Down Settlement* [Docket No. 1308] (the "Wind-Down Settlement").

WHEREAS, by Order entered November 19, 2015 [Docket No. 1331], the Bankruptcy Court confirmed the *Debtors' Second Amended Chapter 11 Plan of Liquidation for SRC Liquidation Company and its Affiliates (With Technical Modifications)* [Docket No. 1331] (the "Plan"). Among other things, a secured creditor trust (the "Secured Creditor Trust") was established pursuant to the Plan.

WHEREAS, the Effective Date (as defined in the Plan) of the Plan occurred on December 18, 2015 [Docket No. 1412].

WHEREAS, after further discussions, the Parties have agreed to a full and final resolution of the Claim, as specified herein.

WHEREAS, other than the Parties and as otherwise set forth in the Wind-Down Settlement, the Plan and the Secured Creditor Trust agreement, no person or entity has, or has asserted, an interest in the Claim or any proceeds payable on account of the Claim (the "Proceeds").

**NOW THEREFORE, in consideration of the premiums paid, promises and the mutual covenants contained herein, the Parties hereby do mutually stipulate and agree, it shall be ordered and binding on all parties in interest as follows:**

1. The foregoing recitals and provisions are incorporated herein as if set forth separately below.

2. The Debtor and FM Global agree that the gross loss for the Claim is $786,288.52. After application of the $500,000 Advance Payment and the $250,000 deductible, the final net payment due to the Debtor with respect to the Claim is $36,288.52 (the "Final Payment").

3. Pursuant to the Wind-Down Settlement, the Plan and the Secured Creditor Trust agreement, the Final Payment shall be made payable to the Secured Creditor Trust. Upon receipt of the executed Policyholder Release and entry of an order approving this Stipulation, FM Global is authorized to make the Final Payment.

4. Nothing in this Stipulation shall in any way operate to, or have the effect of, impairing, supplementing, changing, expanding, decreasing, or modifying the Policy, or any term, condition, provision, or limitation of the Policy.

5. There are no third-party beneficiaries to this agreement, which is solely between the Debtor and FM Global.

6. This Stipulation is an integrated document, containing the entire undertaking between the Debtor and FM Global regarding the matters addressed herein, and, except as set forth in this Stipulation, no representations, warranties, promises, inducements or considerations have been made or relied upon by the parties.

7. This Stipulation shall supersede all prior communications between the Parties or their representatives regarding the matters contained herein.

8. This Stipulation shall be binding upon and shall inure to the benefit of the parties and their respective heirs, executors, legal representatives, successors and permitted assigns.

9. This Stipulation shall survive the dismissal or conversion of these cases, if any, and shall be binding on any trustee appointed, whether pursuant to the Plan, or following conversion to chapter 7 of the Bankruptcy Code.

10. This Stipulation may be executed in any number of counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereupon and all of which shall constitute one and the same instrument. This Stipulation shall be deemed fully executed when one or more counterparts hereof, individually or taken together, shall bear the signatures of the Parties.

IN WITNESS WHEREOF, and in agreement herewith, by and through the undersigned, the Parties have executed and delivered this Stipulation as of the date first set forth below.

Dated: August 8, 2016

/s/
Christopher A. Ward
Justin K. Edelson
POLSINELLI PC
222 Delaware Avenue, Suite 1101
Wilmington, DE 19801
Telephone: (302) 252-0920
Facsimile: (302) 252-0921
cward@polsinelli.com
jedelson@polsinelli.com

-and-

Kenneth A. Rosen
Wojciech F. Jung
LOWENSTEIN SANDLER LLP
65 Livingston Avenue
Roseland, NJ 07068
Telephone: (973-597-2500
krosen@lowenstein.com
wjung@lowenstien.com

*Counsel to the Debtor and Debtor in Possession*

/s/
Susan N.K. Gummow
John P. Eggum
FORAN GLENNON PALANDECH PONZI & RUDLOFF P.C.
222 N. La Salle St., Ste. 1400
Chicago, IL 60601
Tel: (312) 863-5055
Fax: (312) 863-5099
sgummow@fgppr.com
jeggum@fgppr.com

*Counsel to Factory Mutual Insurance Company*

## POLICYHOLDER RELEASE

- WHEREAS, on March 12, 2015 (the "Petition Date"), the Debtors commenced voluntary cases under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

- WHEREAS, prior to the Petition Date, FM Global issued that certain insurance policy number ND414 to Standard Register (the "Policy") which insures, subject to the terms, conditions, limitations and provisions of the Policy, all risks of direct physical loss or damage to certain property of the Insured (as that term is use in the Policy).

- WHEREAS, on June 10, 2015 (the "Date of Loss"), the Debtors experienced a fire at their facility at 120 Campbell Street, Dayton, Ohio (the "Property").

- WHEREAS, the Debtors notified the Insurer of the facts and circumstances surrounding the fire and associated alleged damages (the "Damages") and the Insured's claim on account of the Damages (the "Claim"). The Insurer assigned the Claim a Claim ID of 444980.

- WHEREAS, the Insurer responded to the Claim and adjusted the Claim in the ordinary course pursuant to the terms and conditions of the Policy. During the course of these cases, the Parties entered into that certain Stipulation By and Between the Debtors and Factory Mutual Insurance Company Regarding Claim (the "Advance Payment Stipulation"), and on or about August 20, 2015, the Bankruptcy Court entered an order approving the Advance Payment Stipulation [Docket No. 954], pursuant to which an agreed $500,000 Advance Payment (as that term is used in the Advance Payment Stipulation) was approved with respect to the Claim.

- WHEREAS, following entry of the order approving the Advance Payment Stipulation, FM Global made the $500,000 Advance Payment to the Debtors.

- WHEREAS, after further discussions, the Parties have agreed to a full and final resolution of the Claim, as specified herein.

- WHEREAS, other than the Parties, and as otherwise set forth in the Wind-Down Settlement, the Plan and the Secured Creditor Trust agreement, no person or entity has, or has asserted, an interest in the Claim or any proceeds payable on account of the Claim (the "Proceeds").

NOW THEREFORE, the Parties agree as follows, subject to Court approval:

1. The foregoing recitals and provisions are incorporated herein as if set forth separately below.

2. In consideration of a total payment by FM Global of $786,288.52 with regard to Claim, of which payment of $500,000.00 was previously made pursuant to the Advance Payment Stipulation, and, after application of the $250,000 deductible, a Final Payment is due in the amount of $36,288.52 which is to be made upon full execution of this Policyholder Release, the Debtor shall and do hereby releases and forever discharges FM Global and its agents, attorneys, consultants, adjustors, employees, successors, assigns, and other representatives, from any and all claims, including but not limited to all demands, actions, causes of action, suits (whether legal or equitable and whether based on contract, tort, statute, common law, or otherwise), damages (whether compensatory, consequential, contractual, extra-contractual, incidental, punitive, bad faith, statutory, interest, costs, attorneys' fees, or otherwise), judgments, levies, executions, arbitrations, and appraisals that the Debtor has, may have, or ever had against FM Global (whether known or unknown) that, directly or indirectly, arise from or relate in any way to the Claim, as well as any claims arising from or related in any way to FM Global' handling and investigation of the Claim.

3. The payment of the proceeds to be made hereunder (following receipt by FM Global of a fully-executed copy of this Policyholder Release) shall be made payable by FM Global to the Secured Creditor Trust, in accordance with the Stipulation.

4. Nothing in this Stipulation shall in any way operate to, or have the effect of, impairing, supplementing, changing, expanding, decreasing, or modifying the Policy, or any term, condition, provision, or limitation of the Policy.

5. The Debtor makes this Policyholder Release on behalf of itself, as well as its respective subsidiaries, associated or allied companies, parents, affiliates, successors, assigns, creditors, and representatives including, but not limited to, agents, officers, directors, employees, servants, adjusters, insurers, attorneys, accountants, and consultants.

6. This Policyholder Release applies to FM Global and any entity using the FM Global communicative name, and their respective subsidiaries, associated or allied companies, affiliates, successors, assigns, and representatives including, but not limited to, agents, officers, directors, employees, servants, adjusters, insurers, reinsurers, attorneys, accountants, and consultants.

7. The Debtor does not rely on any statement of FM Global in making this Policyholder Release. This Policyholder Release is intended to be final and binding regardless of any claims of misrepresentation, mistake of fact, mistake of law, or any other circumstance whatsoever.

8. The Debtor represents and warrants to FM Global that the Debtor (or one or more of the Debtors) is/are the owner(s) of the Claim, and that the Debtor (other then to the extent set forth in the Wind-Down Settlement, the Plan and the Secured Creditor Trust agreement) has not assigned or transferred the Claim to any other person or entity. The Debtor covenants, admits, and agrees no one else has any rights, claims,

or interest under the Policy or with respect to the Claim.

9. The Debtor acknowledges that the consideration expressed herein is made to resolve disputed claims and that the payment by FM Global shall not serve as a precedent for future losses and claims.

10. The Parties and their attorneys have reviewed, and participated in the drafting of this Policyholder Release. Accordingly, the Parties agree that the normal rule of construction to the effect that any ambiguities in this Policyholder Release are to be resolved against the drafting party shall not be used in the interpretation of this Policyholder Release.

11. The Debtor represents that there is no other insurance applicable to the Damages or Claim.

12. The parties acknowledge that this Policyholder Release sets forth the entire understanding between the Debtor and FM Global with respect to the matters set forth herein and that its terms are contractual and not mere recitals.

13. The Parties agree that they shall be responsible for their own attorneys' fees and costs incurred in connection with the Claim, including but not limited to the preparation of this Policyholder Release.

14. Each signatory on behalf of a party to this Policyholder Release warrants and represents that he or she is a duly authorized representative of that party, with full power and authority to agree to this Policyholder Release, and all terms herein, on behalf of that party.

15. The Debtor agrees that with the final payment referenced herein, FM Global has made full payment for the Claim.

16. This Policyholder Release shall be deemed to be a contract made under the laws of the State of Ohio and shall, for all purposes, be governed by and construed in accordance with the internal laws of the State of Ohio without regard to conflict of law rules.

17. This Policyholder Release may be signed in one or more counterparts, each of which will be deemed an original, and electronic transmissions of the executed Policyholder may be treated as originals.

18. This Policyholder Release contains the entire agreement among the parties with respect to the subject matter hereof and supersedes any and all prior agreements and understandings, representations and discussions, whether oral or written. No covenants, promises, representations, or warranties have been made except as are specifically set forth herein and no provisions hereof may be waived, modified, or altered except in a writing executed by the parties hereto.

19. This Policyholder Release shall supersede all prior communications between the

Parties or their representatives regarding the matters contained herein.

20. Consistent with the Stipulation executed by the Parties substantially contemporaneously to the execution of this Policyholder Release, this agreement shall survive the dismissal or conversion of the Debtors bankruptcy case, and shall be binding on any trustee appointed, whether pursuant to the Plan, or following conversion to chapter 7 of the Bankruptcy Code.

Date: August 8, 2016

SRC LIQUIDATION, LLC
By: *Anthony R. Calascibetta*
Its: Authorized Representative

STATE OF:        )
                 ) ss.: Middlesex
COUNTY OF:       )

On this __8__ day of __August__, 2016, before me personally appeared __Anthony R. Calascibetta__ to me known, who being duly sworn, did depose and say: that (he/she) resided in __New Jersey__, that (he/she) is of the corporation described in this instrument as _____ and on behalf of which (he/she) has executed this instrument, and that (he/she) was authorized to execute this instrument by the aforementioned corporation.

Notary Public

DELMARIE VELAZQUEZ
Commission # 2451198
Notary Public, State of New Jersey
My Commission Expires
December 17, 2019

4