## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SRC LIQUIDATION, LLC,[1] | Case No. 15-10541 (BLS) |
| Debtor. | **Objection Deadline: September 8, 2016 at 4:00 (pm) (ET)**<br>**Hearing Date:  September 28, 2016 at 10:30 (am) (ET)** |

### SRC SECURED CREDITOR TRUST'S FIRST OMNIBUS (SUBSTANTIVE)
### OBJECTION TO RECLASSIFY CERTAIN CLAIMS

The SRC Secured Creditor Trust, by and through its undersigned counsel, hereby object (this "Objection"), pursuant to section 502 of title 11 of the United States Code (11 U.S.C. §§ 101 *et seq.*, the "Bankruptcy Code"), Rules 3007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to each of the secured claims (collectively, the "Disputed Claims") filed against the estates of SRC Liquidation, LLC *f/k/a* The Standard Register Company (the "Liquidating SRC") and its chapter 11 debtor affiliates (collectively with the Liquidating SRC, the "Debtors") that are listed on **Exhibit 1** to the proposed form of order (the "Proposed Order") attached hereto as **Exhibit A**, and request the entry of the Proposed Order reclassifying each of the Disputed Claims on the grounds set forth herein.

In support of this Objection, the SRC Secured Creditor Trust relies on the Declaration of Paul Poirier (the "Poirier Declaration"), a copy of which is attached hereto as **Exhibit B** and the Declaration of Teresa Hanger (the "Hanger Declaration"), a copy of which is

---

[1] The last four digits of the Debtor's taxpayer identification number are 5540. Inquiries regarding the Debtor should be directed to the GUC Trustee, c/o EisnerAmper LLP, 111 Wood Avenue South, Iselin, NJ 08830-2700 (Attn: Anthony R. Calascibetta).

attached hereto as **Exhibit C**.  In further support of this Objection, the SRC Secured Creditor

Trust respectfully represents as follows:

**Jurisdiction**

1.      This Court has jurisdiction over this application pursuant to

28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief requested herein are Bankruptcy

Code section 502, Bankruptcy Rules 3007 and 9014, and Local Rule 3007-1.

**Background**

3.      On March 12, 2015 (the "Petition Date"), each of the Debtors filed a

voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4.      On November 19, 2015, the Court entered the *Findings of Fact,*

*Conclusions of Law, and Order Confirming the Debtors' Second Amended Chapter 11 Plan of*

*Liquidation for SRC Liquidation Company and its Affiliates (With Technical Modifications)* (the

"Confirmation Order") (D.I. 1331).  The Confirmation Order, among other things, confirmed the

*Second Amended Chapter 11 Plan of Liquidation for SRC Liquidation Company and its Affiliates*

*(With Technical Modifications)* (the "Plan") (D.I. 1331-1).

5.      The Effective Date (as defined in the Plan) of the Plan occurred on

December 18, 2015. See *Notice of Effective Date of Second Amended Chapter 11 Plan of*

*Liquidation for SRC Liquidation Company and its Affiliates (With Technical Modifications)*

*Under Chapter 11 of the Bankruptcy Code* (D.I. 1412).

6.      On the Effective Date, in connection with the Plan and Confirmation

Order, that certain Secured Creditor Trust Agreement (as amended, the "Secured Creditor Trust

-2-

Agreement" and together with the Confirmation Order and Plan, the "Plan Documents"),[2] was

entered into by and among (i) SRC Liquidation Company, SR Liquidation Holding Company,

SR Liquidation Technologies, Inc., SR Liquidation International, Inc., iMLiquidation, LLC, SR

Liquidation of Puerto Rico Inc., SR Liquidation Mexico Holding Company, Standard Register

Holding, S. de R.L. de C.V., Standard Register de México, S. de R.L. de C.V., Standard Register

Servicios, S. de R.L. de C.V. and SR Liquidation Technologies Canada ULC, as settlors,

(ii) Wilmington Trust Company, as trustee (the "SRC Secured Creditor Trustee"), (iii) Clingman

& Hanger Management Associates, LLC, as advisor (the "SRC Secured Creditor Trust Advisor",

and (iv) Silver Point Finance, LLC (solely in its capacity as Second Lien Agent), as sole member

of the Oversight Committee.

   7.  The SRC Secured Creditor Trust was created, and the SRC Secured

Creditor Trustee and SRC Secured Creditor Trust Advisor appointed, pursuant to the Plan

Documents on the Effective Date.

   8.  Section 4.2 of the Plan provides that the SRC Secured Creditor Trust has

exclusive authority to "compromise, resolve and Allow any Class I Disputed Claims."[3] Each of

the Disputed Claims subject to this Objection asserts a secured claim, either in full or in part, and

is therefore a Class I Disputed Claim under the Plan.

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Plan Documents.

[3] Class I Other Secured Claims, however, are not entitled to a distribution from Secured Creditor Trust
Assets, but rather are payable only from the collateral securing any such Allowed claim. *See* Plan, 2.3.7 ("[A]ll
Secured Creditor Trust Assets shall automatically vest in the Secured Creditor Trust free and clear of all Claims and
Liens, other than Permitted Claims and Liens under the Second Lien Term Loan Facility and the Claims and Liens
of the Second Lien Agent, Holders of Class III Claims and Bank of America, N.A."); Plan 3.3.1 ("The Debtors or
Liquidating SRC, as applicable, shall ... set aside the collateral, or the proceeds of such collateral, securing any
Other Secured Claim that is Disputed as of the Effective Date."); Plan 3.3.2 ("Any Other Secured Claim that is not
Allowed as of the Effective Date shall be paid solely from the collateral, or the proceeds thereof, set aside for the
payment of such Disputed Other Secured Claim.").

#39974996 v2

9.      Further, pursuant to Section 4.2 of the Plan, the Liquidating SRC and the GUC Trustee, which under Section 4.2 of the Plan have the exclusive authority to compromise, resolve and Allow any Class IV General Unsecured Claim.  Furthermore, Taylor Corporation and its Designated Buyer Standard Register, Inc. (collectively, "SRI") have exclusive authority to "compromise, resolve and Allow any Disputed Taylor Claims [as defined in the Plan]", which includes Bankruptcy Code section 503(b)(9) claims.  Moreover, under Section 3.9 of the Plan, the Liquidating SRC succeeded to the Debtors' books and records relating to the conduct of the Debtors' business prior to the Effective Date.  This Objection is without prejudice to the rights of those parties to object to the Disputed Claim subsequent to reclassification.

### Relief Requested

10.     By this Objection, the SRC Secured Creditor Trust seeks entry of an order, pursuant to Bankruptcy Code section 502, Bankruptcy Rules 3007 and 9014, and Local Rule 3007-1, reclassifying each of the Disputed Claim as a claim as an unsecured claim in the full amount asserted in each Disputed Claim. The requested reclassification is without prejudice to the rights of (i) Liquidating SRC and the GUC Trustee to compromise, resolve and Allow any Class IV General Unsecured Claim and (ii) SRI to object to any Disputed Taylor Claims.

### Basis for Relief

11.     The SRC Secured Creditor Trust has identified each of Disputed Claims as a claim that incorrectly assert a secured claim, and based on a review of the Disputed Claims themselves, and upon confirming with the status of the claims on the Debtors' books and records with the Liquidating SRC, has determine that each of the Disputed Claims should be reclassified as a General Unsecured Claim.

12.     The Holders of Allowed Class III Second Lien Secured Claims (as each such term is defined in the Plan) (each such Holder, a "Beneficiary", and collectively, the

"Beneficiaries") held a lien on all of the Debtors' assets and are the Beneficiaries of the SRC

Secured Creditor Trust. The Debtors' property was sold free and clear, with any liens attaching

to the sale proceeds with the same priority as the liens had against the transferred assets. *Sale

Order*, ¶ 7. Pursuant to the DIP Financing Order, the, the liens of the Beneficiaries of the SRC

Secured Creditor Trust are valid and senior to those asserted in any of the Disputed Claims, and

the claims of the Beneficiaries will not be paid in full. *DIP Financing Order*, ¶ 6, 28.

Accordingly, there is no unencumbered property or under-encumbered property against which

any of the Disputed Claims can be secured.

13.    Failure to reclassify the Disputed Claims will result in the holders of the

Disputed Claims potentially receiving unwarranted recoveries against the estates, to the

detriment of the other creditors and parties in interest in this bankruptcy case. Furthermore, no

prejudice will result to the holders of the Disputed Claims because their claims will be preserved

in the full amount asserted with the correct status.

14.    This objection to the Disputed Claims relates only to the classification of

such claims and, accordingly, does not constitute an objection to amounts asserted in such

claims. Pursuant to Local Rule 3007-1(f), this Objection to the Disputed Claims does not

prejudice the rights of the Debtors or of any other party in interest to object to such claims (as

reclassified) on any other grounds whatsoever.

### Separate Contested Matters

15.    To the extent that a response is filed regarding any claim that is the subject

of this Objection and the SRC Secured Creditor Trust is unable to resolve the response, each

such claim, and the objection to each such claim asserted herein, shall constitute a separate

contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court

regarding an objection asserted in the Objection shall be deemed a separate order with respect to each claim.

### Reservation Of Rights

16.    The SRC Secured Creditor Trust hereby reserves the right to object in the future to any of the proofs of claim listed in this Objection or on the exhibits attached hereto on any ground, and to amend, modify, and/or supplement this Objection, including, without limitation, to object to amended or newly-filed claims.  A separate hearing will be scheduled for any such objection.

17.    This Objection is also without prejudice to the rights of the Liquidating SRC, the GUC Trustee, SRI, or any other party in interest to object to any Disputed Claim on any other ground.

### Compliance with Local Rule 3007-1

18.    In accordance with Local Rule 3007-1(e)(i)(E), to the best of the SRC Secured Creditor Trust's undersigned counsel's knowledge and belief, this Objection complies in all material respects with Local Rule 3007-1.  To the extent that this Objection does not comply in all respects with the requirements of Local Rule 3007-1, the undersigned believes such deviations are not material and respectfully requests that any such requirement be waived.

### Notice

19.    The Secured Creditor Trust has provided notice of this Objection to (i) the UST; (ii) counsel to the Debtors; (iii) the holders of the Disputed Claims;(iv) counsel to SRI; and (v) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Secured Creditor Trust submits that no other or further notice is necessary.

WHEREFORE, the Secured Creditor Trust respectfully request that the Court

-6-

enter the Proposed Order granting this Objection in all respects and granting such other and

further relief as the Court may deem just and proper.

Dated:  August 16, 2016
        Wilmington, DE

Respectfully submitted,

PEPPER HAMILTON LLP

/s/ John H. Schanne, II
David M. Fournier (DE No. 2812)
John H. Schanne, II (DE No. 5260)
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, DE   19899-1709
(302) 777-6500

*Counsel to the SRC Secured Creditor Trust*