**IN THE UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| SRC LIQUIDATION COMPANY, et al., | ) | Case No. 15-10541 (BLS) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

**RICHARDSON SEATING CORPORATION'S OPPOSITION TO STANDARD**
**REGISTER INC.'S OBJECTION TO SECTION 503(b)(9) CLAIMS**

Richardson Seating Corporation ("Richardson") hereby opposes Standard Register Inc.'s (the "Debtor") objection to Richardson's section 503(b)(9) claim (Dkt. No. 2036) (the "Objection"). Richardson timely submitted its Proof of Claim identifying, among other things, all of the unpaid goods ordered by and shipped to the Debtor, including $4,288.13 of goods received by the Debtor in the ordinary course of business within the 20 days prior to the commencement of the Debtor's bankruptcy case (the "503(b)(9) Goods"). Each of the 503(b)(9) Goods is properly classified. Accordingly, they are entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9), and the Debtor's Objection should be denied.

**Richardson Properly Identified the 20-Day Goods Received by the Debtor**

Richardson's Proof of Claim is attached hereto as Exhibit A. The Proof of Claim identifies total unpaid goods received by the Debtor in the amount of $18,624.26. A portion of those unpaid goods — $4,288.13 — was indisputably received by the Debtor in the ordinary course of business within 20 days prior to the filing of this bankruptcy case and, thus, is entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9).

A proof of claim filed in accordance with Fed. R. Bankr. P. 3001 is "prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). "[A] claim that alleges facts

sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. The burden of going forward then shifts to the objector to produce evidence sufficient to negate the *prima facie* validity of the filed claim." *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992).

Here, the Debtor does not dispute that Richardson sold these goods to the Debtor.  Nor does the Debtor dispute that the goods were received  by the Debtor within 20 days prior to the filing of this bankruptcy case.  Finally, the Debtor does not dispute that these goods were sold in the ordinary course of business.  The Debtor's only claim is that a portion of the 503(b)(9) Goods were not for "goods" received.  However, the invoices attached to Richardson's Proof of Claim demonstrate that Richardson seeks the correct amount for the 503(b)(9) Goods.

In particular, at issue are two invoices for goods received by the Debtor in the ordinary course of business within 20 days prior to the filing of this bankruptcy case:

- On February 24, 2015, Richardson shipped fifty (50) bar stools to the Debtor and submitted an invoice of $2,274.40 for those goods.

- On March 11, 2015, Richardson shipped twenty-five (25) bar stools to the Debtor and submitted an invoice of $2,013.73 for those goods, including a $50.00 charge for equipment setup related to the manufacture of those barstools.

Combined, these invoices total $4,288.13—the precise amount of the 503(b)(9) Goods identified on Richardson's Proof of Claim.  *See* Exhibit A.

Despite this clear evidence that the Debtor received $4,288.13 worth of 503(b)(9) Goods, the Debtor nonetheless claims that Richardson's Section 503(b)(9) claims should be reduced to $2,050.00.  The Debtor has not and cannot offer any evidence to support this position or meet its burden.  Indeed, the only thing offered by the Debtor to support its blanket and vague position is a self-serving and wholly unsupported statement that "at least a portion of each claim is for

services, wages, freight, postage, and rent, among other things." This is simply insufficient to support the objection.

Finally, even if the Debtor could overcome this significant factual hurdle, it would still face an insurmountable legal issue. Specifically, the overwhelming case law supports an "all or nothing" approach to hybrid goods and services. If the thrust of the contract is for the sale of goods—with incidental services provided—then the entire contract is for "goods." *See BMC Indus., Inc. v. Barth Indus., Inc.*, 160 F.3d 1322, 1329-30 (11th Cir. 1998); *Princess Cruises, Inc. v. General Elec. Co.*, 143 F.3d 828 (4th Cir. 1998); *Bonebrake v. Cox*, 499 F.2d 951 (8th Cir. 1974). Here, it is undisputed that the predominant purpose of the contract was for the sale of bar stools. The Debtor admits that Richardson, in fact, delivered these stools to the Debtor within 20 days preceding the filing of this bankruptcy case. Accordingly, Richardson is entitled to administrative priority for the full amount of the 503(b)(9) Goods.

For these reasons, the Court should deny the Debtor's Objection and enter an order allowing Richardson's claims, as set forth in the Proof of Claim.

Dated: August 22, 2016                    Respectfully submitted,

                                          **NEAL, GERBER & EISENBERG LLP**

                                          By: */s/ Nicholas M. Miller*
                                              Nicholas M. Miller
                                              Alexis M. Dominguez
                                              **NEAL, GERBER & EISENBERG LLP**
                                              Two North LaSalle Street – Suite 1700
                                              Chicago, Illinois  60602-3801
                                              (312) 269-8000

                                              *Counsel to Richardson Seating Corporation*

## CERTIFICATE OF SERVICE

Nicholas M. Miller, an attorney, certifies that on August 22, 2016 he caused the **Richardson Seating Corporation's Opposition to Standard Register Inc.'s Objection to Section 503(B)(9) Claims** to be filed electronically using the Court's CM/ECF system.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

By: */s/ Nicholas M. Miller*
       Nicholas M. Miller

25129241.3