UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SRC Liquidation, LLC,[1] | ) | Case No. 15-10541 (BLS) |
| | ) | |
| Debtor. | ) | **Objection Deadline: September 2, 2016 at 4:00 p.m. (ET)** |
| | ) | **Hearing Date: September 28, 2016 at 10:30 a.m. (ET)** |
| | ) | |
| | ) | **Ref. D.I. Nos. 2036 and 2041** |

**AMERICAN LITHO, INC.'S RESPONSE TO STANDARD REGISTER INC.'S
FIFTH (5TH) OMNIBUS (SUBSTANTIVE) OBJECTION TO SECTION 503(b)(9)
CLAIMS PURSUANT TO SECTION 502 OF THE BANKRUPTCY CODE,
BANKRUPTCY RULE 3007 AND LOCAL RULE 3007-1**

American Litho, Inc. ("American Litho"), by and through its undersigned counsel, hereby

submits this response in limited opposition (the "Response") to *Standard Register Inc.'s Fifth*

*(5th) Omnibus (Substantive) Objection to Section 503(b)(9) Claims pursuant to Section 502 of the*

*Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1* [D.I. 2036] (the "Claim

Objection") filed by Taylor Corporation and its Designated Buyer Standard Register, Inc.

(collectively, "SRI"). By way of this Response, American Litho opposes the relief sought in the

Claim Objection with respect to its Claim (as defined herein) solely to the extent that the SRI

seeks the reclassification of *the entirety* of American Litho's Claim. In support of this Response,

American Litho respectfully represents as follows:

1. American Litho timely filed its proof of claim having claim number 2365 in the

claims register (the "Claim"). The Claim as filed asserted an unsecured claim in the total amount

of $137,140.68 of which American Litho asserted an entitlement to administrative priority under

---

[1] The last four digits of the Debtor's taxpayer identification number are 5540. Inquiries regarding the debtor should be directed to the GUC Trustee, c/o EisnerAmper LLP, 111 Wood Avenue South, Iselin, NJ 08830-2700 (Attn: Anthonly R. Calascibetta).

204965952.2 46488.186181

Section 503(b)(9) of title 11 of the United States Code (the "Bankruptcy Code") in the amount of $93,774.93.

2.    The Claim Objection objects to the administrative priority classification of many of the claims asserted against the above-named debtor (the "Debtor"), including American Litho's Claim, and further requests that such claims be reclassified in their entirety as general unsecured claims.

3.    Attached as Exhibit 2 to the Claim Objection is the Proposed Order granting the relief requested by SRI.  Further attached to the Proposed Order are three exhibits A through C which purport to identify the Section 503(b)(9) Disputed Claims (as defined in the Claim Objection).

4.    American Litho's Claim appears on both Exhibits A and B.  In both instances, SRI appears to propose that the Claim be modified as follows:  Modified 503(b)(9) Amount - $5,306.56; and Modified General Unsecured Amount - $131,834.12.  Such modification would provide priority treatment to the Claim for $5,306.56 and treat the balance of the Claim as a general unsecured claim.  American Litho does not oppose this modified treatment to the Claim.

5.    While American Litho does not oppose the proposed modification to the Claim, it points out that the relief requested in the Claim Objection, and certain language contained in the Proposed Order appears to present a discrepancy for which it seeks clarification.

6.    Specifically, paragraph 2 of the Proposed Order states "The Disputed Claims listed on Exhibits A-C *are disallowed in their entirety* as claims entitled to administrative expense priority of distribution under Section 503(b)(9) of the Bankruptcy Code." *See* Ex. 2 to Claim Objection, p. 3 (emphasis added).  The disallowance of the administrative claims in their entirety appears to be in direct conflict with the proposed Modified 503(b)(9) Amounts.

204965952.2 46488.186181

7.    In light of the apparent discrepancy in the relief that SRI seeks in the Claim Objection, American Litho opposes the relief on a limited basis solely to preserve its entitlement to administrative priority treatment under Section 503(b)(9) with respect to $5,306.56.

WHEREFORE, American Litho respectfully requests that the Court:   (1) overrule the Claim Objection solely to the extent that SRI seeks to reclassify the entirety of the Claim as a general unsecured claim, (2) alternatively, enter an order that modifies American Litho's Claim to include a Modified 503(b)(9) Amount of $5,306.56; and a Modified General Unsecured Amount of $131,834.12, and (3) grant such other and further relief that the Court may deem just and proper.

Dated:   September 2, 2016
        Wilmington, Delaware

CLARK HILL PLC

/s/ Edward J. Kosmowski
Edward J. Kosmowski, Esquire (No. 3849)
824 N. Market Street; Suite 710
Wilmington, DE 19801
302-250-4750 (Phone)
302-421-9439 (Fax)
ekosmowski@clarkhill.com

*Counsel to American Litho, Inc.*

204965952.2 46488.186181