## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SRC LIQUIDATION, LLC[1] | Case No. 15-10541 (BLS) |
| Debtor. | |

**Hearing Date: December 1, 2016 at 10:00 a.m. (ET)**
**Response Deadline: November 21, 2016 at 4:00 p.m. (ET)**

## DEBTOR'S SIXTEENTH (16TH) OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 3007 AND LOCAL RULE 3007-1

SRC Liquidation, LLC *f/k/a* The Standard Register Company, the above-caption reorganized debtor (the "Debtor," and together with its chapter 11 debtor affiliates, the "Debtors") hereby files this objection (this "Objection"), pursuant to section 502 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to each of the claims (collectively, the "Disputed Claims") filed against the Debtors and their estates that are listed on Exhibits A and B to the proposed form of order (the "Proposed Order") attached hereto as Exhibit 2, and request the entry of the Proposed Order disallowing, modifying, or reclassifying, as appropriate, each of the Disputed Claims on the grounds set forth herein. In support of this Objection, the Debtors rely on the Declaration of Paul Poirier (the "Poirier Declaration"), a copy of which is attached hereto

---

[1] The last four digits of the Debtor's taxpayer identification number are 5540. Inquiries regarding the Debtor should be directed to the GUC Trustee, c/o EisnerAmper LLP, 111 Wood Avenue South, Iselin, NJ 08830-2700 (Attn: Anthony R. Calascibetta).

as <u>Exhibit 1</u>.  In further support of this Objection, the Debtor respectfully represents as follows:

<u>**JURISDICTION AND VENUE**</u>

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012 (the "<u>Amended Standing Order</u>").  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution. Pursuant to Local Rule 9013-1(f), the Debtor consents to entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are section 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1.

<u>**BACKGROUND**</u>

**A.      General Background**

3.      On March 12, 2015 (the "<u>Petition Date</u>"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>").  Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are continuing to manage their financial affairs as debtors in possession.  No request for a trustee or examiner has been made in these chapter 11 cases (collectively, the "<u>Chapter 11 Cases</u>").

4.    By Order entered November 19, 2015, the Court confirmed the *Debtors'*
*Second Amended Chapter 11 Plan of Liquidation for SRC Liquidation Company and its*
*Affiliates (With Technical Modifications)* [Docket No. 1331-1] (the "<u>Plan</u>").    The
Effective Date (as defined in the Plan) of the Plan occurred on December 18, 2015.  <u>See</u>
*Notice of Effective Date of Second Amended Chapter 11 Plan of Liquidation for SRC*
*Liquidation Company and its Affiliates (With Technical Modifications) Under Chapter 11*
*of the Bankruptcy Code* [Docket No. 1412], ¶ 1.

5.    Section 4.2 of the Plan provides that the Debtor has exclusive authority to
"compromise, resolve and Allow any Disputed Claims other than Class I and Class III
Disputed Claims."   The Disputed Claims subject to this Objection constitute Disputed
Claims under the Plan.   Also, the SRC Secured Creditor Trust consented to the Debtors'
objection to claim number 545, which objection seeks to reclassify any secured portion of
the claim to a general unsecured claim.

6.    Information regarding the Debtors' history and business operations,
capital structure and primary secured indebtedness, and the events leading up to the
commencement of these Chapter 11 Cases, can be found in *Declaration of Kevin M*
*Carmody in Support of the Debtors' Chapter 11 Petitions and Requests for First Day*
*Relief* [Docket No. 2] (the "<u>First Day Declaration</u>").

**B.    Debtors' Schedules**

7.    On May 11, 2015, each of the Debtors filed their Schedules of Assets and
Liabilities [Docket Nos. 475, 477, 479, 481, 483, 485, 487, 489, 491, 493, and 495].

**C.    Proofs of Claim**

8.    On March 13, 2015, the Court entered an order [Docket No. 54]
appointing Prime Clerk LLC ("<u>Prime Clerk</u>") as claims and noticing agent in these

-3-

Chapter 11 Cases.   Among other things, Prime Clerk is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in these chapter 11 cases and (b) maintain official claims registers for each of the Debtors.

## RELIEF REQUESTED

9.       By this Objection, the Debtor seeks entry of an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, disallowing, modifying, or reclassifying, as appropriate, each of the Disputed Claims as set forth herein.

10.      In accordance with Local Rule 3007-1(e)(i)(E), the Debtor believes that this Objection complies in all material respects with Local Rule 3007-1.

## OBJECTION

**A.    Reclassified Claims**

11.      The Debtors object to the Disputed Claims listed on <u>Exhibit A</u> to the Proposed Order (collectively, the "<u>Reclassified Claims</u>") because, based on a review of the Debtors' books and records and the relevant proofs of claim, such claims should be reclassified for the reasons set forth on <u>Exhibit A</u> to the Proposed Order.   The Reclassified Claims do not satisfy the requirements of section 507(a)(4) of the Bankruptcy Code and thus are not entitled to priority under section 507 of the Bankruptcy Code.

12.      Holders of Allowed Class III Secured Lien Secured Claims (each as such term is defined in the Plan (each such Holder, a "Beneficiary"), and collectively, the "Beneficiaries") held a lien on all of the Debtors' assets and are the beneficiaries of the SRC Secured Creditor Trust.   The Debtors' property was sold free and clear, with any liens attaching to the sale proceeds with the same priority as the liens had against the

transferred Assets.  See Sale Order, paragraph 7.  Pursuant to the DIP Financing Order, the liens of the Beneficiaries of the SRC Secured Creditor Trust are valid and senior to those asserted with respect to claim 545, and the claims of the Beneficiaries will not be paid in full.   DIP Financing Order, paragraphs 6, 28.   Accordingly, there is no unencumbered property or under-encumbered property against which any portion of claim 545 can be secured.

13.     For the foregoing reasons, the Debtors request entry of the Proposed Order reclassifying the Reclassified Claims on Exhibit A to the Proposed Order.  Failure to grant the requested relief would result in the applicable claimants receiving an unwarranted recovery against the Debtors' estates, to the detriment of other creditors in these Chapter 11 Cases.

14.     This objection to the Reclassified Claims relates only to the *classification* of such claims and, accordingly, does not constitute an objection to amounts asserted in such claims. Pursuant to Local Rule 3007-1(f), this Objection to the Reclassified Claims does not prejudice the rights of the Debtors or of any other party in interest to object to such claims (as reclassified) on any other grounds whatsoever.

**B.     No Liability Claims**

15.     The Debtor objects to the Disputed Claims listed on Exhibit B to the Proposed Order (collectively, the "No Liability Claims") because, based on a review of the Debtors' books and records and the relevant proofs of claim, the Debtors are not liable for the asserted obligations.  As such, claims on Exhibit B to the Proposed Order should be disallowed.  By way of example, Mr. Richardson asserts a priority claim

against the Debtor for alleged unpaid wages but the Debtor records do not show that Mr. Richardson was ever employed by the Debtors.[2]

16.     Failure to grant the requested relief would result in the applicable claimants receiving an unwarranted recovery against the Debtors' estates, to the detriment of other creditors in these Chapter 11 Cases.

17.     Pursuant to Local Rule 3007-1(f), this Objection to the No Liability Claims does not prejudice the rights of the Debtor or of any other party in interest to object to such claims on any other grounds whatsoever

### RESERVATION OF RIGHTS

18.     The Debtor expressly reserves the right to amend, modify, or supplement this Objection.  Should one or more of the grounds for this Objection be dismissed or overruled, the Debtors reserve the right to object to any Disputed Claim listed on Exhibits A and B to the Proposed Order on any other ground.  The Debtor also expressly reserves the right to commence additional proceedings with respect to the claims that are subject to this Objection, including but not limited to, proceedings under sections 502(d), 510, 542, 543, 544, 545, 547, 548, 549, 550, 551, and 553 of the Bankruptcy Code.

### NOTICE

19.     The Debtor has provided notice of this Objection to (i) the UST; (ii) the Secured Creditor Trust; (iii) counsel to the Secured Creditor Trust; (iv) the holders of the Disputed Claims; and (v) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002 and Section 8.10 of the Plan.  In light

---

[2] By letter dated July 18, 2016, the Debtor requested that Mr. Richardson provide support for his claim or, alternatively, agree to withdraw his claim. Mr. Richardson never responded to the Debtor's letter.

55158000.2

of the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary.

WHEREFORE, the Debtor respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as <u>Exhibit 2</u>, sustaining this Objection in all respects and granting such other and further relief as the Court may deem just and proper.

Dated:  November 1, 2016

Respectfully Submitted,

**LOWENSTEIN SANDLER LLP**
Kenneth A. Rosen, Esq.
Wojciech F. Jung, Esq.
65 Livingston Avenue
Roseland, NJ  07068
Telephone:  (973) 597-2500

*-and-*

**POLSINELLI PC**

/s/ Justin K. Edelson
Christopher A. Ward (DE 3877)
Justin K. Edelson (DE 5002)
222 Delaware Avenue, Suite 1101
Wilmington, DE 19801
Telephone:  (302) 252-0920
Facsimile:  (302) 252-0921
cward@polsinelli.com
jedelson@polsinelli.com

*Counsel to SRC Liquidation, LLC*