**EXHIBIT 2**
**PROPOSED ORDER**

55158000.2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>SRC LIQUIDATION, LLC[1]<br>　　　　　Debtor. | Chapter 11<br>Case No. 15-10541 (BLS)<br><br>Re: Docket No. __ |

## ORDER SUSTAINING DEBTOR'S SIXTEENTH (16TH) OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 3007 AND LOCAL RULE 3007-1

Upon consideration of the *Debtors' Sixteenth (16th) Omnibus (Substantive) Objection to Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1* (the "Objection")[2] and the Poirier Declaration; and this Court having jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended standing Order; and this Court having found that venue of these Chapter 11 Cases and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having determined that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Objection is in the best interests of the Debtor, its estate, its creditors and other parties in interest; and this Court having determined that notice of the Objection was good and sufficient upon the particular circumstances and that no other or further notice need be given; and upon the record herein; and after due deliberation thereon and good and sufficient cause appearing therefor; it is hereby **ORDERED, ADJUDGED, AND DECREED THAT:**

---

[1] The last four digits of the Debtor's taxpayer identification number are 5540. Inquiries regarding the Debtor should be directed to the GUC Trustee, c/o EisnerAmper LLP, 111 Wood Avenue South, Iselin, NJ 08830-2700 (Attn: Anthony R. Calascibetta).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

55158000.2

1. The Objection is SUSTAINED as set forth herein.

2. The Disputed Claims identified on the attached <u>Exhibit A</u> are hereby reclassified in the manner set forth on <u>Exhibit A</u> according to the classification designated in the column titled "Reclassified Claim Amount and Classification" for the respective Disputed Claims.

3. Each No Liability Claim identified on the attached <u>Exhibit B</u> is hereby disallowed in its entirety.

4. Pursuant to Local Rule 3007-1(f), nothing in this Order shall be construed to prejudice the rights of the Debtors, or any other party in interest, to object to the Disputed Claims listed on <u>Exhibit A</u> (as reclassified) on any other grounds, including further objection to classification or amount asserted.

5. The Debtor's objection to each Disputed Claim addressed in the Objection constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed a separate order with respect to each claim. Any stay of this Order pending appeal by any of the claimants subject to this Order shall only apply to the contested matter that involves such claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters covered hereby.

6. The Debtor's right to commence additional proceedings with respect to the claims that are subject to the Objection, including but not limited to proceedings under sections 502(d), 510, 542, 543, 544, 545, 547, 548, 549, 550, 551, and 553 of the Bankruptcy Code, is also fully reserved and shall not be prejudiced in any way by the filing of the Objection.

7. The Debtor is authorized and empowered to take all steps necessary and appropriate to carry out and otherwise effectuate the terms, conditions, and provisions of this Order.

-3-

8. This Court shall retain jurisdiction over all affected parties with respect to any matters, claims, or rights arising from or related to the implementation and interpretation of this Order.

Dated: _____ \_\_\_, 2016

                                                  Honorable Judge Brendan L. Shannon

# EXHIBIT A
**[Reclassified Claims]**

55158000.2

| | NAME | CLAIM NO. | DATE FILED | CURRENT CLAIM AMOUNT AND CLASSIFICATION | RECLASSIFIED CLAIM AMOUNT AND CLASSIFICATION | REASON FOR RECLASSIFICATION |
|---|---|---|---|---|---|---|
| 1 | BALLARD CLEANING | 1006 | 5/26/2015 | Priority Claim: Unstated | General Unsecured Claim: $0.00 | Claim no. 1006 has been asserted as a priority claim with no amount stated, and designated as a priority claim arising under section 507(a)(4) of the Bankruptcy Code. Because claimant was not an employee of the Debtors, is not an individual, and the claim does not set forth any amounts due, the claim should be reclassified to a general unsecured claim in the amount of $0.00 as set forth in the column labeled "Reclassified Claim Amount and Classification." |
| 2 | Canon Solutions America, Inc. | 545 | 4/7/2015 | Secured: "to be determined" General Unsecured Claim: $1,096,500.00 | General Unsecured Claim: $1,096,500.00 | There is no property against which the claim can be secured. |
| 3 | PETERKA, DONALD | 326 | 4/3/2015 | Priority Claim: $7,500.00 Section 503(b) Claim: $10,122.74 | General Unsecured Claim: $10,122.74 | Claim no. 326 has been asserted, in part, as a priority claim arising under section 507(a)(4) and as an administrative claim under section 503(b)(9) of the Bankruptcy Code. Because claimant was not an employee of the Debtors and the alleged debt does not constitute wages or similar obligations, and becuse the claim relates to services and not goods provided, it is not entitled to priority or administrative status. Accordingly, the priority and administrative component is reclassified as a general unsecured claim in the amount set forth in the column labeled "Reclassified Claim Amount and Classification." |

**EXHIBIT B**
**[No Liability Claims]**

55158000.2

| | NAME | DEBTOR | DATE FILED | CLAIM # TO BE DISALLOWED | CLAIM AMOUNT | REASON FOR DISALLOWANCE |
|---|---|---|---|---|---|---|
| 1 | Richardson, Donald D | SRC Liquidation LLC | 7/7/2015 | 2358 | $1,872.20 | Claimant purports to be a former employee of the Debtors and asserts a claim for unpaid wages incurred between 1/5/15 and 2/6/15.  The Debtors have no records to substantiate the Claimant's claim, or his employment with the Debtors.  As such, the claim should be disallowed. |