IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SRC Liquidation, LLC,<br><br>              Debtor. | Chapter 11<br><br>Case No. 15-10541 (BLS)<br><br>Re: Docket No. 1520 |

**ORDER SUSTAINING STANDARD REGISTER INC.'s THIRD (3RD) OMNIBUS (SUBSTANTIVE) OBJECTION TO SECTION 503(b)(9) CLAIMS PURSUANT TO SECTION 502 OF THE BANKRUPTCY CODE, BANKRUPTY RULE 3007 AND LOCAL RULE 3007-1 WITH REGARD TO ZEBRA TECHNLOGIES CLAIM NOS. 466 AND 519**

Upon consideration of *Standard Register Inc.'s Third (3rd) Omnibus (Substantive) Objection to Section 503(b)(9) Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1* (the "Objection") and the Hart Declaration; and this Court having found that it has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and this Court having found that venue of these Chapter 11 Cases and the Objection in this district is proper pursuant to 28 U.S.C §§ 1408 and 1409; and this Court having determined that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that notice of the Objection was good and sufficient upon the particular circumstances and that no other or further notice need be given; and upon the record herein; and after due deliberation thereon and good and sufficient cause appearing therefor; it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1.   The Objection is SUSTAINED as to claim nos. 466 and 519 of Zebra Technologies (the "Zebra Technologies Claims").

2.   The Zebra Technologies Claims are disallowed in their entirety as claims entitled to administrative expense priority of distribution under Section 503(b)(9) of the Bankruptcy Code for the reasons set forth on Exhibit A.

3.   The Modified General Unsecured Amounts listed on Exhibit A shall be deemed allowed as general unsecured claims subject to further objection as provided in Section 502(a) of the Bankruptcy Code.

4.   The Standard Register Inc.'s ("SRI") objection to each Disputed Claim addressed in the Objection constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed a separate order with respect to each claim. Any stay of this Order pending appeal by any of the claims subject to this Order shall only apply to the contested matter that involves such claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters covered hereby.

5.   SRI shall retain and shall have the right to object in the future to any claim listed on Exhibit A on any additional ground.

6.   SRI is authorized and empowered to take all steps necessary and appropriate to carry out and otherwise effectuate the terms, conditions and provisions of this Order.

7.   This Court shall retain jurisdiction over all affected parties with respect to any matters, claims or rights arising from or related to the implementation and interpretation of this Order.

Dated: Nov. 29, 2016
Wilmington, DE

Brendan L. Shannon
Chief United States Bankruptcy Judge