**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br>SRC LIQUIDATION, LLC[1]<br>      Debtor. | Chapter 11<br>Case No. 15-10541 (BLS)<br><br>Hearing Date: January 11, 2017 at 10:00 a.m. (ET)<br>Objection Deadline: December 23, 2016 at 4:00 p.m. (ET) |

**MOTION OF SRC LIQUIDATION, LLC FOR AN ORDER FURTHER**
**EXTENDING THE CLAIM OBJECTION DEADLINE**

SRC Liquidation, LLC *f/k/a* The Standard Register Company, the above-captioned reorganized debtor (the "Debtor," and together with its chapter 11 debtor affiliates, the "Debtors"), by and through its undersigned counsel, submits this motion (the "Motion"), pursuant to section 105 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the applicable Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"),[2] for an order extending the deadline set forth in the Confirmation Order (defined below) and Plan (defined below) by which objections to claims must be filed. In support of the Motion, the Debtor respectfully states as follows:

**JURISDICTION AND VENUE**

1.   This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

---

[1] The last four digits of the Debtor's taxpayer identification number are 5540. Inquiries regarding the Debtor should be directed to the GUC Trustee, c/o EisnerAmper LLP, 111 Wood Avenue South, Iselin, NJ 08830-2700 (Attn: Anthony R. Calascibetta).

[2] The Debtor notes that it has filed this Motion prior to the expiration of the current Claim Objection Deadline (defined below). Pursuant to Local Rule 9006-2, "[u]nless otherwise provided in the Code or in the Fed. R. Bankr. P., if a motion to extend the time to take any action is filed before the expiration of the period prescribed by the Code, the Fed. R. Bankr. P., these Local Rules or Court order, the time shall automatically be extended until the Court acts on the motion, without the necessity for the entry of a bridge order." Accordingly, Local Rule 9006-2 automatically extends the Claim Objection Deadline pending the Court's hearing to consider the relief requested by this Motion. Further, pursuant to paragraph 16 of the confirmation order, the Claim Objection Deadline is automatically extended upon the filing of a motion seeking an extension of time.

55404241.1

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The predicates for the relief sought herein are section 105 of the Bankruptcy Code, Bankruptcy Rule 9006, and the applicable Local Rules.

## BACKGROUND

4. On March 12, 2015 (the "Petition Date"), each of the Debtors commenced a voluntary case (collectively, the "Chapter 11 Cases") under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court"). No request for a trustee or examiner has been made in these Chapter 11 Cases.

5. By Order entered November 19, 2015 [Docket No. 1331] (the "Confirmation Order"), the Court confirmed the *Debtors' Second Amended Chapter 11 Plan of Liquidation for SRC Liquidation Company and its Affiliates (With Technical Modifications)* [Docket No. 1331-1] (the "Plan").

6. The Effective Date (as defined in the Plan) of the Plan occurred on December 18, 2015. *See* Docket No. 1412.

7. Paragraph 16 of the Confirmation Order and section 4.1 of the Plan provides that all objections to Claims (as defined in the Plan) must be filed within 180 days of the Effective Date (*i.e.*, by June 15, 2016) (the "Claim Objection Deadline").

8. On June 8, 2016, the Debtor filed its *Motion of SRC Liquidation, LLC for Order Extending Claim Objection Deadline* [Docket No. 1990] (the "First Extension Motion"), which sought an initial 6-month extension of the Claim Objection Deadline.

9. On June 27, 2016, the Court entered an order granting the First Extension Motion [Docket No. 2008] (the "First Extension Order"), which extended the Claim Objection Deadline to December 15, 2016.

10. To date, over 2,600 proofs of claim have been filed in the Chapter 11 Cases.

11. Information regarding the Debtors' history and business operations, capital structure and primary secured indebtedness, and the events leading up to the commencement of these Chapter 11 Cases, can be found in the *Declaration of Kevin Carmody in Support of the*

*Debtors' Chapter 11 Petitions and Requests for First Day Relief* [Docket No. 2] (the "First Day Declaration").

## RELIEF REQUESTED

12. By this Motion, the Debtor respectfully requests the entry of an order extending the Claim Objection Deadline to June 15, 2017, without prejudice to any further request for an additional extension. The Debtor requests the Claim Objection Deadline be extended for <u>all</u> parties that are bound by the Claims Objection Deadline under the Confirmation Order and the Plan, which includes Taylor Corporation and its Designated Buyer Standard Register, Inc. ("**SRI**") and the SRC Secured Creditor Trust.

## BASIS FOR RELIEF

13. Bankruptcy Rule 9006(b) provides that the Court may extend a time period provided under the Bankruptcy Rules or order of the Court, except for certain time periods which are not applicable here. See Fed R. Bankr. P. 9006(b). Section 105 of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a). The Plan, as confirmed, and the Confirmation Order specifically contemplate extending the Claim Objection Deadline by order of this Court. *See* Plan at § 4.1 ("The Claim Objection Deadline may be extended upon a motion filed with the Bankruptcy Court by Liquidating SRC or the GUC Trustee"); Confirmation Order, ¶ 16 ("The Claim Objection Deadline may be extended upon a motion filed with the Bankruptcy Court…").

14. The Debtor and its professionals, as well as professionals retained by the SRC Secured Creditor Trust and the purchaser of the Debtors' assets, have been diligently attending to the wind-down of the Debtors' affairs, including claims resolution issues and prosecution of potentially valuable litigation.

15. As part of the claims resolution process, the Debtor made distributions on account of priority and tax claims. Additionally, the Debtors and the unsecured creditors trust intend to make a distribution to unsecured creditors later this month.

55404241.1

16. The Debtor also filed numerous omnibus claims objections post-Effective Date. *See* Docket Nos. 1488, 1489, 1491, 1492, 1517, 1545, 1546, 1557, and 2106. Similarly, the purchaser of the Debtors' assets filed six omnibus claim objections. *See* Docket Nos. 1441, 1468, 1520, 1984, 2036, and 2107. Finally, the SRC Secured Creditor Trust has also objected to certain claims. *See* Docket No. 2043. These parties and their professionals continue to review the over 2,600 claims filed in the Chapter 11 Cases.

17. Pursuant to the First Extension Order, the Claim Objection Deadline is currently set to expire on December 15, 2016. However, given the volume of claims filed in these Chapter 11 Cases, the Debtor and the other parties who are responsible for the review and analysis of claims require additional time to analyze the filed claims and prepare the necessary pleadings to lodge additional claim objections. Accordingly, the Debtor requests an extension of the Objection Deadline to June 15, 2017, without prejudice to any further request for an additional extension.

18. The requested extension of the Claim Objection Deadline is in the best interests of the estates in that it will provide the Debtor and other parties with the time needed to reconcile the claims asserted against the Debtors' estates for the benefit of their creditors and stakeholders. The requested extension will not prejudice any creditor or other party in interest.

19. The Debtor submits that the requested extension is appropriate under the circumstances. Without a further extension, the Debtor and other parties may forfeit valuable claim objections that could be brought for the benefit of the estates. As such, a further extension will preserve assets of the estates by ensuring that claims objections are asserted.

## **NOTICE**

20. Notice of this Motion has been given to the (i) the Office of the United States Trustee; (ii) the SRC Secured Creditor Trust; (iii) counsel to the SRC Secured Creditor Trust; and (iv) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002 and Section 8.10 of the Plan. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary.

## **CONCLUSION**

The Debtor respectfully requests that the Court enter the proposed order extending the Claim Objection Deadline to June 15, 2017, without prejudice to any further request for an additional extension and grant the Debtor such other and further relief as may be just and proper.

Dated:  December 9, 2016

Respectfully Submitted,

**LOWENSTEIN SANDLER LLP**
Kenneth A. Rosen, Esq.
Wojciech F. Jung, Esq.
65 Livingston Avenue
Roseland, NJ  07068
Telephone:  (973-597-2500

*-and-*

**POLSINELLI PC**

/s/ *Justin K. Edelson*
Christopher A. Ward (Del. Bar No. 3877)
Justin K. Edelson (Del. Bar No. 5002)
222 Delaware Avenue, Suite 1101
Wilmington, DE 19801
Telephone:  (302) 252-0920
Facsimile:  (302) 252-0921
cward@polsinelli.com
jedelson@polsinelli.com

*Counsel to SRC Liquidation, LLC*