## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SRC LIQUIDATION, LLC[1] | Case No. 15-10541 (BLS) |
| Debtor. | |
| | **Hearing Date: February 8, 2017 at 10:00 a.m. (ET)** |
| | **Objection Deadline: January 20, 2017 at 4:00 p.m. (ET)** |

## DEBTOR'S SEVENTEENTH (17TH) OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 3007 AND LOCAL RULE 3007-1

SRC Liquidation, LLC *f/k/a* The Standard Register Company, the above-captioned reorganized debtor (the "Debtor," and together with its chapter 11 debtor affiliates[2], the "Debtors") hereby files this objection (this "Objection"), pursuant to section 502 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to each of the claims (collectively, the "Disputed Claims") filed against the Debtors and their estates that are listed on Exhibit A to the proposed form of order (the "Proposed Order") attached hereto as Exhibit 2, and request the entry of the Proposed Order disallowing, modifying, or reclassifying, as appropriate, each of the Disputed Claims on the grounds set forth herein. In support of this Objection, the Debtors rely on the Declaration of

---

[1] The last four digits of the Debtor's taxpayer identification number are 5540. Inquiries regarding the Debtor should be directed to the GUC Trustee, c/o EisnerAmper LLP, 111 Wood Avenue South, Iselin, NJ 08830-2700 (Attn: Anthony R. Calascibetta).

[2] The following Debtors filed for relief under the Bankruptcy Code on the Petition Date: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (n/a); Standard Register de México, S. de R.L. de C.V. (n/a); Standard Register Servicios, S. de R.L. de C.V. (n/a); and Standard Register Technologies Canada ULC.

Paul Poirier (the "Poirier Declaration"), a copy of which is attached hereto as Exhibit 1.  In further support of this Objection, the Debtors respectfully represent as follows:

**JURISDICTION AND VENUE**

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012 (the "Amended Standing Order").  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States constitution.  Pursuant to Local Rule 9013-1(f), the Debtor consents to entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief sought herein are section 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1.

**BACKGROUND**

**A.      General Background**

3.      On March 12, 2015 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court").  Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are continuing to manage their financial affairs as debtors in possession.  No request for a trustee or examiner has been made in these chapter 11 cases (collectively, the "Chapter 11 Cases").

-2-

4.      By Order entered November 19, 2015, the Court confirmed the *Debtors' Second Amended Chapter 11 Plan of Liquidation for SRC Liquidation Company and its Affiliates (With Technical Modifications)* [Docket No. 1331-1] (the "Plan").  The Effective Date (as defined in the Plan) of the Plan occurred on December 18, 2015.  See *Notice of Effective Date of Second Amended Chapter 11 Plan of Liquidation for SRC Liquidation Company and its Affiliates (With Technical Modifications) Under Chapter 11 of the Bankruptcy Code* [Docket No. 1412], ¶ 1.

5.      Section 4.2 of the Plan provides that the Debtor has exclusive authority to "compromise, resolve and Allow any Disputed Claims other than Class I and Class III Disputed Claims."  The Disputed Claims subject to this Objection constitute Disputed Claims under the Plan.

6.      Information regarding the Debtors' history and business operations, capital structure and primary secured indebtedness, and the events leading up to the commencement of these Chapter 11 Cases, can be found in *Declaration of Kevin M Carmody in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* [Docket No. 2] (the "First Day Declaration").

**B.      Debtors' Schedules**

7.      On May 11, 205, each of the Debtors filed their Schedules of Assets and Liabilities [Docket Nos. 475, 477, 479, 481, 483, 485, 487, 489, 491, 493, and 495].

**C.      Proofs of Claim**

8.      On March 13, 2015, the Court entered an order [Docket No. 54] appointing Prime Clerk LLC ("Prime Clerk") as claims and noticing agent in these Chapter 11 Cases.  Among other things, Prime Clerk is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in these chapter 11 cases and (b) maintain official claims registers for each of the Debtors.

55634212.1

**RELIEF REQUESTED**

9.      By this Objection, the Debtor seeks entry of an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, disallowing, modifying, or reclassifying, as appropriate, each of the Disputed Claims as set forth herein.

10.      In accordance with Local Rule 3007-1(e)(i)(E), the Debtor believes that this Objection complies in all material respects with Local Rule 3007-1.

**OBJECTION**

**A.      No Liability Claims**

11.      A chapter 11 debtor has the duty to object to the allowance of any claim that is improper. 11 U.S.C. §§ 704(a)(5), 1106(a)(1) and 1107(a); *see also In re Int'l Yacht & Tennis, Inc. v. Wasserman Tennis, Inc. (In re Int'l Yacht & Tennis, Inc.)*, 922 F.2d 659, 661-62 (11th Cir. 1991).

12.      The Debtors have reviewed their books and records and have determined that the Disputed Claims have no support therein.  Further, the Disputed Claims may be duplicative of each other, or duplicative of Claim 1983 and Claim 2545.

13.      In addition, the obligations reflected in the Disputed Claims relate to contracts and/or leases that were assumed by the Debtors and assigned to Taylor Corporation or its designee (collectively, "Taylor") pursuant to that certain asset purchase agreement entered into by and between the Debtors and Taylor dated as of June 19, 2015 [D.I. No. 698] or Taylor pursuant to that certain *Amended Eleventh Notice Regarding Designation As Post-Closing Transferred Contract And Assumption And Assignment Thereof* filed in the Chapter 11 Cases on October 27, 2015 [D.I. No. 1228].  Pursuant to section 365(b)(1)(A) of the Bankruptcy Code, an assumption and assignment of a contract or lease requires the cure of all outstanding defaults.

Similarly, pursuant to section 365(k) of the Bankruptcy Code, the Debtors/assignors are relieved from all obligations occurring post assumption and assignment.  Given that the obligations listed on Exhibit A relate to contracts/leases that have been assumed and assigned to Taylor, the Debtors and the estate have no outstanding obligations thereunder and counterparties to the assumed contract/leases are barred from pursuing contract related claims against the Debtors or their estates.  See Sale Order [D.I. No. 698], ¶ 40.  See also Sale Order, ¶¶ 25, 26, 29, 32, 35, 38, and 39.

14.    Pursuant to Bankruptcy Rule 3007(d), a debtor may object to claims and seek their disallowance where such claims "have been satisfied or released..." Fed. R. Bankr. P. 3007(d)(5).

15.    Pursuant to prior orders of the Court, the obligations giving rise to the Disputed Claims have been satisfied in full or waived.  Accordingly, if the Disputed Claims are not disallowed, the holders thereof could potentially receive a double recovery on account of obligations that have already been satisfied.  In re Big, M, Inc., 2014 WL 5822655 (Bankr. D. N.J. Nov. 6, 2014) (DHS) (overruling landlord's objection and expunging administrative claims filed in connection with assumed lease); In re Beitdashtoo, 2013 WL 1897853, *2 (Bankr. D. D.C. May 7, 2013) (expunging claim and holding that "a lease that has been assumed...does not give rise to a claim") (citations omitted).  A claimant is not entitled to multiple recoveries for a single liability against a debtor. In re Handy Andy Home Improvement Ctrs., Inc., 222 B.R. 571, 575 (Bankr. N.D. Ill. 1998) ("as it is axiomatic that one can not [sic] recover for the same debt twice").[3]

---

[3] • Biolitec, AG v. Cyganowski, No. 13-cv-5864, 2013 WL 6795400, *3 (D. N.J. Dec. 16, 2013)(FSH) (describing burden shifting analysis in the claim objection process and holding that "[i]f the objector meets this burden, the burden reverts to the claimant to prove the validity of the claim ... [t]he burden of persuasion is always on the claimant.")(citations omitted).

16.     Further, because neither of the Disputed Claims is supported by the Debtors' books and records, the Debtors request entry of the Proposed Order disallowing the Disputed Claims in their entirety.  Failure to disallow the Disputed Claims would result in the applicable claimants receiving an unwarranted recovery against the Debtors' estates, to the detriment of other creditors in these Chapter 11 Cases.

17.     Pursuant to Local Rule 3007-1(f), this Objection to the Disputed Claims does not prejudice the rights of the Debtor or of any other party in interest to object to such claims on any other grounds whatsoever.

### RESERVATION OF RIGHTS

18.     The Debtor expressly reserves the right to amend, modify, or supplement this Objection.  Should one or more of the grounds for this Objection be dismissed or overruled, the Debtors reserve the right to object to any Disputed Claim listed on Exhibit A to the Proposed Order on any other ground.  The Debtor also expressly reserves the right to commence additional proceedings with respect to the claims that are subject to this Objection, including but not limited to proceedings under sections 502(d), 510, 542, 543, 544, 545, 547, 548, 549, 550, 551, and 553 of the Bankruptcy Code

### NOTICE

19.     The Debtor has provided notice of this Objection to (i) the UST; (ii) the Secured Creditor Trust; (iii) counsel to the Secured Creditor Trust; (iv) the holders of the Disputed Claims; and (v) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002 and Section 8.10 of the Plan.  In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary.

55634212.1

**WHEREFORE**, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as <u>Exhibit 2</u>, sustaining this Objection in all respects and granting such other and further relief as the Court may deem just and proper.

Dated:  January 4, 2017

Respectfully Submitted,

**LOWENSTEIN SANDLER LLP**
Kenneth A. Rosen, Esq.
Wojciech F. Jung, Esq.
65 Livingston Avenue
Roseland, NJ  07068
Telephone:  (973-597-2500
Facsimile:  (973) 597-2400

*-and -*

**POLSINELLI PC**

/s/ Justin K. Edelson
Christopher A. Ward (DE 3877)
Justin K. Edelson (DE 5002)
222 Delaware Avenue, Suite 1101
Wilmington, DE 19801
Telephone:  (302) 252-0920
Facsimile:  (302) 252-0921
cward@polsinelli.com
jedelson@polsinelli.com

*Counsel to SRC Liquidation, LLC*

55634212.1