**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| SRC Liquidation, LLC,[1] | Case No. 15-10541 (BLS) |
| Debtor. | **Hearing Date: March 8, 2017 at 10:30 a.m. (ET)** **Response Deadline: February 21, 2017 at 4:00 p.m. (ET)** |

**STANDARD REGISTER INC.'S SEVENTH (7th) OMNIBUS (SUBSTANTIVE) OBJECTION TO SECTION 503(b)(9) CLAIMS PURSUANT TO SECTION 502 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 3007 AND LOCAL RULE 3007-1**

Taylor Corporation and its Designated Buyer Standard Register, Inc. (collectively, "SRI") object, pursuant to Section 502 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the classification of all or any portion of each of the proofs of claim filed against the above-named debtor (the "Debtor") or affiliated debtors and their estates that are listed on Exhibits A-D to the proposed form of order (the "Proposed Order") attached hereto as Exhibit 2 as entitled to priority under Section 503(b)(9) of the Bankruptcy Code (collectively, the "Section 503(b)(9) Disputed Claims") and request that the Section 503(b)(9) Disputed Claims listed on Exhibit A-D be modified and allowed in the identified amount. SRI requests entry of the Proposed Order modifying each of the Section 503(b)(9) Disputed Claims on the grounds set forth herein. In support of this Objection, SRI relies on the Declaration of Leigh Hart (the "Hart Declaration"), a

---

[1] The last four digits of the Debtor's taxpayer identification number are 5540. Inquiries regarding the Debtor should be directed to the GUC Trustee, c/o EisnerAmper LLP, 111 Wood Avenue South, Iselin, NJ 08830-2700 (Attn: Anthony R. Calascibetta).

copy of which is attached hereto as Exhibit 1.    In further support of this Objection, SRI respectfully represents as follows:

## JURISDICTION

1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012 (the "Amended Standing Order").    This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.    SRI consents to entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.    The statutory and legal predicates for the relief sought herein are Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1.

## BACKGROUND

**A.    General Background.**

3.    On March 12, 2015, The Standard Register Company (n/k/a SRC Liquidation, LLC) and its affiliates (collectively, the "SRC Debtors")[2] each commenced a voluntary case under Chapter 11 of the Bankruptcy Code with this Court.    Pursuant to Sections 1107(a) and

---

[2]    The SRC Debtors and the last four digits of their respective taxpayer identification numbers were as follows:  SRC Liquidation Company (5440); SR Liquidation Holding Company (3186); SR Liquidation Technologies, Inc. (3180); SR Liquidation International, Inc. (1861); iMLiquidation, LLC (6337); SR Liquidation of Puerto Rico Inc. (0578); SR Liquidation Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de. C.V. (4GR4); Standard Register de Mexico, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and SR Liquidation Technologies Canada ULC (0001).

1108 of the Bankruptcy Code, the SRC Debtors continued to manage their financial affairs as debtors in possession.

4.      On June 19, 2015 the SRC Debtors and Taylor Corporation ("Taylor") entered into an Asset Purchase Agreement [Docket No. 698-1] (the "Purchase Agreement") providing for the sale of certain Transferred Assets (defined therein) by the SRC Debtors to Taylor and the assumption by Taylor of certain Assumed Liabilities (defined therein) of the SRC Debtors upon the terms and conditions set forth in the Purchase Agreement.

5.      On June 19, 2015, the Court entered an Order [Docket No. 698] approving the Purchase Agreement and authorizing the SRC Debtors to consummate the transactions contemplated in the Purchase Agreement.  The sale to Taylor, pursuant to the provisions of the Purchase Agreement, closed on July 31, 2015 (the "Closing Date").

6.      Pursuant to Section 2.11 of the Purchase Agreement, Taylor was entitled to designate one or more parties (each a "Designated Buyer") to purchase the Transferred Assets and assume the Assumed Liabilities on and after the Closing Date.

7.      On the Closing Date, a Joinder to the Purchase Agreement was executed that designated SR Acquisition Corporation as a Designated Buyer under the Purchase Agreement. Following the Closing Date, SR Acquisition Corporation changed its name to Standard Register, Inc.

8.      SRI, as the Designated Buyer, assumed "all Liabilities for amounts owed to vendors as administrative expense claims under Section 503(b)(9) of the Bankruptcy Code" pursuant to Section 2.3(a)(iv) of the Purchase Agreement.

9.      This Court, by Order entered November 19, 2015, confirmed the Debtors' Second Amended Chapter 11 Plan of Liquidation for SRC Liquidation Company and its Affiliates (With

Technical Modifications) [Docket No. 1331-1] (the "Plan").  The Effective Date (as defined in the Plan) of the Plan occurred on December 18, 2015.[3]  *Notice of Effective Date of Second Amended Chapter 11 Plan of Liquidation for SRC Liquidation Company and its Affiliates (With Technical Modifications) Under Chapter 11 of the Bankruptcy Code* [Docket No. 1412], ¶ 1.

10.      Section 4.2 of the Plan provides that SRI, as a Designated Buyer of Taylor, has exclusive authority to "compromise, resolve and Allow any Disputed Taylor Claims [as defined in the Plan]."   The Section 503(b)(9) Disputed Claims at issue in this Objection constitute Disputed Taylor Claims under the Plan.

**B.      Bar Dates**

11.      On May 8, 2015, the Court entered the *Order Pursuant to Bankruptcy Rule 3003(c)(3) and Local Rule 2002-1(e) Establishing Bar Dates and Related Procedures for Filing Proofs of Claim (Including for Administrative Expense Claims Arising under Section 503(b)(9) of the Bankruptcy Code) and Approving the Form and Manner of Notice Thereof* [Docket No. 449] (the "Bar Date Order").  The Bar Date Order established June 9, 2015 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for a claimant to file a proof of claim asserting administrative expense priority based on Section 503(b)(9) of the Bankruptcy Code (the "Section 503(b)(9) Bar Date").  Though not specifically relevant to this Objection, the Bar Date Order also established deadlines for government and other proofs of claim (collectively, with the Section 503(b)(9) Bar Date, the "Bar Dates").

12.      Notice of the Bar Dates was served on all creditors and equity holders known to the SRC Debtors.  *See Affidavit of Service* [Docket No. 514] filed on May 14, 2015.  In addition,

---

[3]       Following the Effective Date of the Plan, this Court entered a *Final Decree Closing Certain Cases and Amending Caption of Remaining Case* [Docket No. 1417] closing the cases of each of the SRC Debtors except the Debtor, SRC Liquidation Company, Case No. 15-10541, for which the Debtor's name was changed to SRC Liquidation, LLC.

the SRC Debtors caused to be published notice of the Bar Dates in (a) *USA Today* (National Edition) and the *Dayton Daily News* on May 18, 2015, and (b) *Today on PIWorld*, a daily email newsletter, on four consecutive issues, dated May 26, 2015 through May 29, 2015. *See Affidavit of Publication* [Docket No. 600] filed on June 3, 2015

13.     Exhibit A sets forth the date on which each of the respective Section 503(b)(9) Disputed Claims was filed with the SRC Debtors' claims agent. Each of the Section 503(b)(9) Disputed Claims was filed after the Section 503(b)(9) Bar Date.

## REQUESTED RELIEF

14.     By this Objection, SRI seeks entry of an order, pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007, Local Rule 3007-1 disallowing the Section 503(b)(9) Disputed Claims listed on Exhibit A and modifying each of the Section 503(b)(9) Disputed Claims in the amounts listed on Exhibit B. In accordance with Local Rule 3007-1(e)(i)(E), SRI believes that this Objection complies in all material respects with Local Rule 3007-1.

## OBJECTION

**A.     Late Filed Claims**

15.     Section 502(b) of the Bankruptcy Code provides that:

> (b)     …, the court, after notice and a hearing, shall determine the amount of [a] claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that –
> …
>      (9)     proof of such claim is not timely filed, except to the extent tardily filed as permitted under paragraph (1), (2), or (3) of section 726(a)….

16.     The Section 503(b)(9) Disputed Claim listed on Exhibit A is unenforceable against the Debtor, and thus SRI, as a claim entitled to administrative expense priority under

Section 503(b)(9) of the Bankruptcy Code because the proof of claim was not timely filed since it was filed after the Section 503(b)(9) Bar Date.

17.     The Bar Date Order, at paragraph 20, provides that:

> Pursuant to Bankruptcy Rule 3003(c)(2), any Claimant that is required to file a Proof of Claim in these Chapter 11 Cases pursuant to the Bankruptcy Code, the Bankruptcy Rules or this Order with respect to a particular claim against the Debtors, but that fails to do so properly by the applicable Bar Date, shall not, with respect to such claim, be treated as a creditor of the Debtors for the purpose of voting on, or receiving distribution under, any chapter 11 plan in these Chapter 11 cases.

18.     The Section 503(b)(9) Disputed Claim listed on Exhibit A  is unenforceable against the Debtor, and thus SRI, as a claim entitled to administrative expense priority of distribution under Section 503(b)(9) of the Bankruptcy Code because the proof of claim was not timely filed since it was filed after the Section 503(b)(9) Bar Date, which is the applicable Bar Date under the Bar Date Order.

**B.     Drop Ship Claims**

19.     SRI objects to all or a portion the Disputed Claims listed on Exhibit B to the Proposed Order because the goods relevant to the Disputed Claims were not received by the Debtor.

20.     Section 503(b)(9) of the Bankruptcy Code provides for the allowance, as an administrative expense, of a claim equal to the value of any goods sold to the Debtors in the ordinary course of the Debtors' businesses and received by the Debtors within 20 days before the Petition Date:

> (b) After notice and a hearing, there shall be allowed administrative expenses…. including –

(9) the value of any goods received by the debtor within 20 days before the date of commencement of a case under [title 11] in which the goods have been sold to the debtor in the ordinary course of such debtor's business.

21.    Under the plain language of the statute, to qualify as an administrative expense under Section 503(b)(9) the goods must have been received <u>by the debtor.</u>  Many courts have held that goods delivered to an entity other than the debtor, in a drop-shipment arrangement, were not "received" by the debtor for purposes of Section 503(b)(9).  *See In re World Imps.*, 516 B.R. 296, 300 (Bankr. E.D. Pa. 2014); *In re Momenta, Inc.*, 455 B.R. 353, 361 (Bankr. D.N.H. 2011), *aff'd sub nom Ningbo Chenglu Paper Prods. Mfg. Co. v. Momenta, Inc.*, 2012 U.S. Dist. LEXIS 122615 (D.N.H. 2012); *In re Plastech Engineered Prods.*, 2008 Bankr. LEXIS 3130, at *11-12 (Bankr. E.D. Mich. Oct. 7, 2008).

22.    Administrative expenses listed in Section 503(b) are discrete exceptions to the general equality principle of the Bankruptcy Code.  "As such, they must be strictly construed and be 'clearly authorized by Congress.'"  *Momenta*, 2012 U.S. Dist. LEXIS 122615, at *11 (quoting *Howard Delivery Serv., Inc. v. Zurich Am. Ins. Co.*, 547 U.S. 651, 655 (2006)).

23.    This Court has agreed that Section 503(b)(9) administrative expense claims must be strictly construed. *See Second Order Sustaining Debtors' First (1st) Omnibus (Substantive) Objection to Claims (Drop-Ship Administrative Priority Claims) Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1* [Docket No. 1332].  In sustaining the Debtors' First Omnibus Objection to Claims (Drop-Ship Administrative Priority Claims) the Court stated, "….case law teaches as a threshold matter that administrative priorities are to be strictly and carefully construed by Bankruptcy Courts and that it is incumbent upon a Claimant to clearly demonstrate their entitlement." [Transcript, Oct. 15, 2015, page 11].  "In this instance, I believe that it is appropriate to incorporate into the 503(b)(9) analysis Article 2

considerations given that we talk about receipt of goods….as a practical matter it does not seem to me that within the terms of the uniform commercial code that these goods have been 'received by the Debtor.'" [Transcript, Oct. 15, 2015, page 12].

24.     All or a portion of the Disputed Claims listed on Exhibit B to the Proposed Order assert that the claim is entitled to administrative status pursuant to Section 503(b)(9).  Upon review of the relevant books and records and the supporting documentation submitted with the Disputed Claims, SRI has determined that all or some of the goods relevant to the Disputed Claims listed on Exhibit B were not received by the Debtor; instead, all or some of the goods were delivered directly to the Debtors' customers.

25.     Accordingly, all or a portion of all of the Section 503(b)(9) Disputed Claims listed on Exhibit B are unenforceable against the SRC Debtors, and thus SRI, as a claim entitled to administrative expense priority under Section 503(b)(9) of the Bankruptcy Code.  SRI requests that the Court modify each claim identified on Exhibit B to the Proposed Order in the amount listed.

### C.      Claims Not For Goods

26.     SRI objects to the Disputed Claims listed on Exhibit C to the Proposed Order because all or a portion of the goods were not delivered to the Debtor.

27.     An administrative priority claim under Section 503(b)(9) is limited to the provision of goods.  The definition of "goods" set forth in Article 2 of the U.C.C. is instructive for Section 503(b)(9) purposes. It states:

> "Goods" means all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale other than the money in which the price is to be paid, investment securities (chapter 8 of this title) and things in action.  "Goods" also include the unborn young of animals and crowing crops and other identified things attached to realty as described in the section on goods to be severed from realty (§47-2-107).

*See In re NE Opco, Inc.*, 501 B.R. 233, 241 (Bankr. D. Del. 2013).

28.      All or a portion of the Disputed Claims listed on Exhibit C to the Proposed Order are not based on the delivery of goods.   Instead, the claims are for services, wages, freight, postage, and rent, among other things.   Accordingly, all or a portion of the Section 503(b)(9) Disputed Claims listed on Exhibit C are unenforceable against the SRC Debtors, and thus SRI, as a claim entitled to administrative expense priority under Section 503(b)(9) of the Bankruptcy Code.   SRI requests that the Court modify each claim identified on Exhibit C to the Proposed Order in the amount listed.

**D.      Claims for Goods Delivered Outside of Twenty Days**

29.      SRI objects to the Disputed Claim listed on Exhibit D to the Proposed Order because a portion of the goods relevant to the Disputed Claim was not received by the Debtor within twenty days prior to the date of commencement of this case.

30.      Section 503(b)(9) of the Bankruptcy Code provides for the allowance, as an administrative expense, of a claim equal to the value of any goods sold to the Debtors in the ordinary course of the Debtors' businesses and received by the Debtors within twenty days before the Petition Date:

> (b) After notice and a hearing, there shall be allowed administrative expenses…. including –
>
> > (9) the value of any goods received by the debtor within 20 days before the date of commencement of a case under [title 11] in which the goods have been sold to the debtor in the ordinary course of such debtor's business.

31.      A claimant seeking allowance of an administrative claim pursuant to Section 503(b)(9) must establish: (1) the vendor sold "goods" to the debtor; (2) the goods were received by the debtor within twenty days prior to the filing; and (3) the goods were sold to the debtor in

the ordinary course of business." *In re Goody's Family Clothing, Inc., et. al.*, 401 B.R. 131, 133 (Bankr. D. Del. 2009). An administrative expense claimant bears the burden of establishing that its claim qualifies for priority status. *Id.*

32.    The Disputed Claim listed on Exhibit D to the Proposed Order asserts that the claim is entitled to administrative status pursuant to Section 503(b)(9). Upon review of the relevant books and records and the supporting documentation submitted with the Disputed Claims, SRI has determined that a portion of the goods relevant to the Disputed Claim listed on Exhibit D was not received by the Debtor within twenty days prior the date of commencement of this case.

33.    Accordingly, a portion of the Section 503(b)(9) Disputed Claim listed on Exhibit D is unenforceable against the Debtor, and thus SRI, as a claim entitled to administrative expense priority under Section 503(b)(9) of the Bankruptcy Code. SRI requests that the Court modify the claim identified on Exhibit D to the Proposed Order in the amount listed.

## RESERVATION OF RIGHTS

34.    SRI expressly reserves the right to amend, modify, or supplement this Objection. Should one or more of the grounds for this Objection be dismissed or overruled, SRI reserves the right to object to any Section 503(b)(9) Disputed Claim on any other ground.

35.    This motion is without prejudice to the rights of The General Unsecured Creditor Trust (the "GUC Trust") and any other party in interest to object to any Disputed Claim listed on Exhibits A-D to the Proposed Order on any other ground. The right to commence additional proceedings with respect to the claims that are subject to this Objection, including but not limited to proceedings under sections 502(d), 510, 542, 543, 544, 545, 547, 548, 549, 550, 551, and 553 of the Bankruptcy Code is also reserved.

## NOTICE

36.     SRI has provided notice of this Objection to (i) the United States Trustee; (ii) counsel to the Liquidating Debtor; (iii) the holders of the Section 503(b)(9) Disputed Claims; and (iv) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested here, SRI submits that no other or further notice is necessary.

WHEREFORE, SRI respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as Exhibit 2, sustaining this Objection in all respects and granting such other and further relief as the Court may deem just and proper.

Dated:     February 6, 2017
          Wilmington, DE

**WERB & SULLIVAN**

*/s/ Matthew P. Austria*
Matthew P. Austria (DE No. 4827)
300 Delaware Avenue, 13th Floor
Wilmington, Delaware 19801
Telephone:  (302) 652-1100
Facsimile:  (302) 652-1111
E-mail:  maustria@werbsullivan.com

-and-

**GRAY, PLANT, MOOTY,
MOOTY & BENNET, P.A.**
Phillip Bohl (MN No. 139191)
Abigail McGibbon (MN No. 393263)
500 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
Telephone:  (612) 632-3019
Telephone:  (612) 632-3009
Facsimile:  (612) 632-4019
Facsimile:  (612) 632-4009
Email:  phillip.bohl@gpmlaw.com
Email:  abigail.mcgibbon@gpmlaw.com

*Counsel to Taylor Corporation and its Designated
Buyer Standard Register, Inc.*

11