**Exhibit 1**
**DECLARATION OF LEIGH HART**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SRC Liquidation, LLC,[5]<br><br>Debtor. | Chapter 11<br><br>Case No. 15-10541 (BLS)<br><br>Hearing Date: March 8, 2017 at 10:30 a.m. (ET)<br>Response Deadline: February 21, 2017 at 4:00 p.m. (ET) |

**DECLARATION OF LEIGH HART IN SUPPORT OF STANDARD REGISTER INC.'s SEVENTH (7th) OMNIBUS (SUBSTANTIVE) OBJECTION TO SECTION 503(b)(9) CLAIMS PRUSUANT TO SECTIONS 502 OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1**

I, Leigh Hart, pursuant to 28 U.S.C. § 1746, declare:

1.    I am the Vice President of Corporate Development for Taylor Corporation ("Taylor"), the objector in this proceeding. In this capacity, I am one of the persons responsible for overseeing the claims reconciliation and objection process in these Chapter 11 cases. I have read *Standard Register Inc.'s Seventh (7th) Omnibus (Substantive) Objection to Section 503(b)(9) Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1* (The "Objection"), and am directly, or by and through other personnel or representative of Taylor and its Designated Buyer Standard Register, Inc. (collectively, "SRI"), reasonably familiar with the information contained therein, the Proposed Order, and Exhibits A-D attached to the Proposed Order. I am authorized to execute this Declaration on behalf of SRI.

---

[5]    The last four digits of the Debtor's taxpayer identification number are 5540. Inquiries regarding the Debtor should be directed to the GUC Trustee, c/o EisnerAmper LLP, 111 Wood Avenue South, Iselin, NJ 08830-2700 (Attn: Anthony R. Calascibetta).

2. The information contained in Exhibits A-D to the Proposed Order is true and correct to the best of my knowledge, information and belief.

3. SRI has determined, based upon a review of the claims register, that the Disputed Claims identified on Exhibit A to the Proposed Order were filed after the Bar Date. Accordingly, to prevent the claimants from receiving an unwarranted recovery, SRI seeks to disallow the Late Filed Claims listed on Exhibit A as a claim entitled to administrative priority.

4. SRI has determined, based upon a review of the claims register, that all or a portion of the Section 503(b)(9) Disputed Claims identified on Exhibit B to the Proposed Order relate to goods that were delivered directly to the customer. Accordingly, to prevent the claimants from receiving an unwarranted recovery, SRI seeks to modify the amounts of the Section 503(b)(9) Disputed Claims listed on Exhibit B.

5. SRI has determined, based upon a review of the claims register, that the Section 503(b)(9) Disputed Claims identified on Exhibit C to the Proposed Order are not claims for goods. Accordingly, to prevent the claims from receiving an unwarranted recovery, SRI seeks to modify the amounts of the Section 503(b)(9) Disputed Claims listed on Exhibit C.

6. SRI has determined, based upon a review of the claims register, that the Section 503(b)(9) Disputed Claim identified on Exhibit D to the Proposed Order relates to goods that were delivered outside of the 20 days prior to the bankruptcy filing. Accordingly, to prevent the claims from receiving an unwarranted recovery, SRI seeks to modify the Disputed Claim listed on Exhibit D.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 6, 2017

_____
Leigh Hart