IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------------X
| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| SRC Liquidation, LLC, | : | CASE NO. 15-10541 (BLS) |
| | : | |
| Debtors. | : | Hearing date: March 8, 2017 at 10:30 a.m. (ET) |
| | : | |

-----------------------------------------------------------------X

**INTERNATIONAL IMAGING MATERIALS, INC.'S PRELIMINARY RESPONSE IN OPPOSITION TO STANDARD REGISTER INC.'S SEVENTH (7TH) OMNIBUS (SUBSTANTIVE) OBJECTION TO SECTION 503(b)(9) CLAIMS**

International Imaging Materials, Inc. ("IIMAK"), by and through it undersigned counsel, hereby files this response in opposition to *Standard Register, Inc.'s Seventh (7th) Omnibus (Substantive) Objection to Section 503(b)(9) Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1* (the "Objection") [Docket No. 2154]. In support hereof, IIMAK states as follows:

**BACKGROUND**

On March 12, 2015, The Standard Register Company (the "Debtor") and several of its affiliates commenced voluntary cases under Chapter 11 of the Bankruptcy Code in this Court. On or about June 9, 2015, IIMAK timely submitted a Proof of Claim (the "IIMAK 503(b)(9) Claim") identifying $57,164.80 worth of goods entitled to priority status under 11 U.S.C. § 503(b)(9). A copy of the IIMAK 503(b)(9) Claim is attached hereto as Exhibit A. IIMAK is entitled to an administrative priority for the value of the goods identified in the IIMAK 503(b)(9) Claim because such goods were received by the Debtor from IIMAK in the ordinary course of business within twenty days of the commencement of the Debtor's bankruptcy case.

On February 6, 2017, the Debtor filed the Objection, which seeks to disallow all but $1,330.58 of IIMAK's 503(b)(9) Claim. The Objection asserts that IIMAK's 503(b)(9) Claim should be largely disallowed on two grounds. First, the Debtor asserts that the goods listed on IIMAK's 503(b)(9) Claim were not "received by the Debtor" as required for treatment under Section 503(b)(9) because such goods were allegedly "drop ship[ped]" directly to one or more of the Debtor's customers. *See* Objection at 6-8 and Exhibit B to the Proposed Order submitted with the Objection (Docket No. 2154-3, the "Proposed Order"). Second, the Debtor asserts that some indeterminate portion of IIMAK's 503(b)(9) Claim does not, in fact, concern "goods" as contemplated by Section 503(b)(9), but rather represents a claim for "services, wages, freight, postage, and rent, among other things." Objection at 9; Proposed Order at Exhibit C. Neither of the Debtor's assertions withstand scrutiny.

## ARGUMENT

**I.     The IIMAK Goods Were Received by the Debtor**

Pursuant to the parties' contract and longstanding course of dealing, all of the goods that are the subject of the IIMAK 503(b)(9) Claim were delivered to the Debtor's designated agent, for ultimate delivery to the Debtor's third party customer. It is well established that "[d]elivery to one's agent constitutes delivery to the principal, *Bryan v. Bartlett,* 435 F.2d 28, 33 (8th Cir. 1970), and likewise possession by one's agent constitutes possession by the principal." *Premier Bank v. Cohen-Esrey Properties, Inc.*, 859 F. Supp. 1388, 1396 (D. Kan. 1994). Thus, IIMAK's delivery of the goods described in the IIMAK 503(b)(9) Claim to the Debtor's agent constituted, as a matter of law, delivery of such goods to the Debtor. Reinforcing their understanding of this arrangement, the parties agreed that the risk of loss associated with such goods passed *to the Debtor* upon IIMAK's delivery of such goods to the Debtor's agent.

As a result, goods delivered by IIMAK to the Debtor's agent – which describes all of the goods listed on the IIMAK 503(b)(9) Claim – were "received by the Debtor" within the meaning of Section 503(b)(9).

II.  **IIMAK Delivered "Goods" to the Debtor**

Contrary to the vague, unsubstantiated assertion in the Objection, IIMAK's 503(b)(9) Claim is a claim principally for the value of "goods" delivered to the Debtor, and does not involve "wages" or the provision of "services." It is beyond dispute that the thrust of the relationship between IIMAK and the Debtor concerned the sale of goods. Any other charges included in the IIMAK 503(b)(9) Claim are merely incidental to the sale of goods, and do not alter the nature of the parties' relationship or the transaction for purposes of Section 503(b)(9).

Even if the Debtor could establish that the contract between it and IIMAK involved the provision of both goods and services (often called a "hybrid" contract), it would have to further establish that the "predominant purpose" of that contract was the provision of services as opposed to goods in order to avoid the application of Section 503(b)(9). *See BMC Indus., Inc. v. Barth Indus., Inc.*, 160 F.3d 1322, 1329-30 (11th Cir. 1998) (applying "predominant factor" test to determine if Article 2 of the UCC applied to a "hybrid contract"); *see also In re Circuit City Stores, Inc.*, 416 B.R. 531, 538 (Bankr. E.D. Va. 2009) (applying the "predominant factor" test to a hybrid goods-services transaction under Section 503(b)(9)). In this case, there is no evidence that IIMAK provided any services to the Debtor, nor does the Debtor's objection make any attempt to apportion IIMAK's 503(b)(9) Claim as between goods and such putative services. Consequently, because IIMAK's claim meets the requirements of Section 503(b)(9), it should be afforded priority treatment.

**JOINDER AND RESERVATION OF RIGHTS**

IIMAK incorporates by reference the legal arguments raised by other creditors in opposition to prior Omnibus Objections to Section 503(b)(9) Claims filed by the Debtor, insofar as such responses are relevant to the issues raised in the instant response and/or IIMAK's 503(b)(9) Claim generally.  IIMAK reserves the right to submit a more in-depth response in opposition to the Objection.

## CONCLUSION

For the foregoing reasons, IIMAK requests that the Court overrule the Debtor's Objection and allow the IIMAK 503(b)(9) Claim in full.

Dated:   Wilmington, Delaware
         February 21, 2017

Respectfully submitted,

GELLERT SCALI BUSENKELL & BROWN, LLC

*/s/ Michael Busenkell*
Michael Busenkell (No. 3933)
Evan W. Rassman (No. 6111)
1201 North Orange Street, Suite 300
Wilmington, Delaware 19801
Telephone: (302) 425-5800
Facsimile:  (302) 425-5814
Email: mbusenkell@gsbblaw.com
erassman@gsbblaw.com

*and*

By: /s/ *Henry P. Baer*
Henry P. Baer, Jr
FINN DIXON & HERLING LLP
6 Landmark Square
Stamford, CT  06901-2689
Tel.:  (203) 325-5000
Fax:  (203) 325-5001
Email:  hbaer@fdh.com

*Counsel to International Imaging Materials, Inc.*