# **EXHIBIT 1**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>SRC LIQUIDATION, LLC[1]<br>　　　　　Debtor. | Chapter 11<br>Case No. 15-10541 (BLS)<br><br>Re: Docket No. 2136 |

## ORDER SUSTAINING IN PART DEBTOR'S SEVENTEENTH (17TH) OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 3007 AND LOCAL RULE 3007-1

Upon consideration of the *Debtors' Seventeenth (17th) Omnibus (Substantive) Objection to Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1* (the "Objection")[2] and the Poirier Declaration; and this Court having jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended standing Order; and this Court having found that venue of these Chapter 11 Cases and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having determined that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Objection, as modified by this Order, is in the best interests of the Debtor, its estate, its creditors and other parties in interest; and this Court having determined that notice of the Objection was good and sufficient upon the particular circumstances and that no other or further notice need be given; and upon the record herein; and after due deliberation thereon and good and sufficient cause appearing therefor; it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

---

[1] The last four digits of the Debtor's taxpayer identification number are 5540. Inquiries regarding the Debtor should be directed to the GUC Trustee, c/o EisnerAmper LLP, 111 Wood Avenue South, Iselin, NJ 08830-2700 (Attn: Anthony R. Calascibetta).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

1. The Objection is SUSTAINED, in part, as set forth herein.

2. Each Disputed Claim filed by Hewlett-Packard Company and Indigo America, Inc., identified as Claim No. 1974, 1973, 1977, 2547, 1985, 1984, 1967, 1960 and 1972, is hereby disallowed in its entirety and expunged from the claims register.

3. The Debtor's objection to Claim No. 2209 and 2587, filed by Hewlett-Packard Financial Services Company, is withdrawn, without prejudice.

4. Claim 1986, filed by the Hewlett-Packard Company, shall be allowed as a general unsecured claim in the amount of $600,000.00 (the "Allowed Claim"). The distribution on account of the Allowed Claim shall be made in accordance with the terms of the confirmed plan of liquidation in these Chapter 11 Cases.[3] The Debtors' claims and noticing agent, Prime Clerk LLC, shall update the Debtors' claims register accordingly.

5. Other than the Allowed Claim and other timely filed claim as of February 15, 2017 that is an allowed claim, Hewlett-Packard Company, Indigo America, Inc. and Hewlett-Packard Financial Services Company shall not file any further claims against the Debtors' estates or the liquidating trust and shall not be entitled to a distribution from the Debtors' estates or the liquidating trust on account of any such further newly filed claims.[4]

6. The Debtor's objection to each Disputed Claim addressed in the Objection constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed a separate order with respect to each claim. Any stay of this Order pending appeal by any of the claimants subject to this Order shall only apply to the contested matter that

---

[3] Based on claimant's request, distribution on account of Allowed Claim shall be made payable to HP Inc.

[4] For avoidance of doubt, the foregoing limitation on allowance and payment on additional claims shall not apply to the claims previously filed by Hewlett-Packard Financial Services, including Clam Nos. 1983 and 2545. Such claims remain unopposed as of the date of this Order.

involves such claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters covered hereby.

7. The Debtor's right to commence additional proceedings with respect to the claims that are subject to the Objection, including but not limited to proceedings under sections 502(d), 510, 542, 543, 544, 545, 547, 548, 549, 550, 551, and 553 of the Bankruptcy Code, is also fully reserved and shall not be prejudiced in any way by the filing of the Objection.

8. The Debtor is authorized and empowered to take all steps necessary and appropriate to carry out and otherwise effectuate the terms, conditions, and provisions of this Order.

9. This Court shall retain jurisdiction over all affected parties with respect to any matters, claims, or rights arising from or related to the implementation and interpretation of this Order.

Dated: March ___, 2017

_____
Honorable Judge Brendan L. Shannon