# EXHIBIT 1
# SETTLEMENT AGREEMENT

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Case No. 15-10541 (BLS) |
| ) | |
| SRC Liquidation LLC *et al.*, ) | Chapter 11 |
| ) | |
| Debtors. ) | |
| ) | |

## SETTLEMENT AGREEMENT BETWEEN THE UNITED STATES AND DEBTORS RELATING TO THE NORTH SANITARY LANDFILL SUPERFUND SITE

WHEREAS, on March 12, 2015 (the "Petition Date"), the Standard Register Company, which is now known as SRC Liquidation LLC ("SRC"), and ten affiliated debtors[1] (collectively "Debtors") each filed with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (as amended, the "Bankruptcy Code"), commencing the above-captioned chapter 11 cases;

WHEREAS, on November 18, 2015, the Debtors filed their revised plan of liquidation ("Plan"), which the Bankruptcy Court confirmed ("Confirmation Order") by its *Findings of Fact, Conclusions of Law, and Order Confirming Debtors' Second Amended Chapter 11 Plan of Liquidation for SRC Liquidation Company and its Affiliates (with Technical Modifications,* (Docket No. 1331);

---

[1]   The ten affiliated debtors include (1) SR Liquidation Holding Company f/k/a Standard Register Holding Company, (2) SR Liquidation Technologies, Inc. f/k/a Standard Register Technologies, Inc., (3) SR Liquidation International, Inc. f/k/a Standard Register International, Inc., (4) iMLiquidation, LLC f/k/a iMedConsent, LLC, (5) SR Liquidation of Puerto Rico Inc. f/k/a Standard Register of Puerto Rico Inc., (6) SR Liquidation Mexico Holding Company f/k/a Standard Register Mexico Holding Company, (7) SR Liquidation Technologies Canada ULC f/k/a Standard Register Technologies Canada ULC, (8) Standard Register Holding, S. de R.L. de C.V., (9) Standard Register de México, S. de R.L. de C.V, and (10) Standard Register Servicios, S. de R.L. de C.V..

WHEREAS, the Effective Date (as defined in the Plan) of the Plan occurred on December 18, 2015;

WHEREAS, pursuant to the Plan, the Debtors' estates were substantively consolidated such that all of their assets and liabilities were merged and each claim filed against any of the Debtors is deemed a single claim against and a single obligation of the Debtors. *See e.g.*, Plan, §§ 2.2, 2.3.3.

WHEREAS, through the Plan, the Bankruptcy Court reconfirmed the establishment of the SRC Liquidating GUC Trust (the "GUC Trust"), a liquidating trust established under Treasury Regulation Section 301.7701-4(d) for the benefit of the Debtors' general unsecured creditors as more fully set forth in the GUC Trust Agreement (Doc. 888) ("GUC Trust Agreement"). *See e.g.*, Plan § 2.4.3.

WHEREAS, pursuant to the Plan, the Confirmation Order constituted a Final Decree pursuant to Section 350 of the Bankruptcy Code formally closing the Chapter 11 Cases of all Debtors other than SRC.

WHEREAS, the United States, on behalf of the United States Environmental Protection Agency ("EPA"), has filed a proof of claim against SRC, which was docketed as Claim Nos. 2474 and 2479, (the "Proof of Claim") contending that SRC is liable under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601-9675, for response costs incurred and to be incurred by the United States at the Valleycrest Landfill Superfund Site (a/k/a/ North Sanitary Landfill) in the City of Dayton, Montgomery, Ohio ("Site").

WHEREAS, the Proof of Claim asserts the aforementioned liability as a general unsecured claim of an unliquidated amount;

2

WHEREAS, the Proof of Claim sets forth the United States' position that SRC's obligation to comply with work requirements under court orders, environmental statutes, regulations, administrative orders, licenses and permits are not "claims" subject to discharge pursuant to Section 1141 of the Bankruptcy Code;

WHEREAS, Debtors disagree with the United States' contention and, but for this Settlement Agreement, would dispute, in whole or in part, the Proof of Claim;

WHEREAS, Debtors and the United States wish to resolve their differences with respect to the Proof of Claim as provided herein;

WHEREAS, this Settlement Agreement is in the public interest and is an appropriate means of resolving these matters;

NOW, THEREFORE, without the admission of liability or the adjudication of any issue of fact or law, and upon the consent and agreement of the parties to this Settlement Agreement by their attorneys and authorized officials, it is hereby agreed as follows:

1. The Bankruptcy Court has jurisdiction over the subject matter hereof pursuant to 28 U.S.C. §§ 157, 1331, and 1334, and 42 U.S.C. §§ 9607 and 9613(b).

2. With respect to the Site, the United States, on behalf of EPA, shall have an allowed general unsecured claim against SRC of $4,300,000 that shall be entitled to treatment as a Class IV Allowed General Unsecured Claim under the Plan ("Allowed Claim"). The Proof of Claim, docketed as Claim No. 2474, shall be deemed satisfied in full in accordance with the terms of this Settlement Agreement. The duplicate copy of the Proof of Claim, docketed as Claim No. 2479, shall be expunged upon execution of this agreement by the parties.

3. The Allowed Claim shall receive the same treatment under the Plan, without discrimination, as all other Class IV Allowed General Unsecured Claims, with all attendant

rights provided by the Bankruptcy Code and other applicable law, and shall not be entitled to any priority in distribution over other Class IV Allowed General Unsecured Claims. In no event shall the Allowed Claim be subordinated to any other Class IV Allowed General Unsecured Claim pursuant to any provision of the Bankruptcy Code or other applicable law that authorizes or provides for subordination of allowed claims, including, without limitation, Sections 105, 510, and 726(a)(4) of the Bankruptcy Code.

4. EPA may, in its sole discretion, deposit any cash distributions it receives pursuant to this Settlement Agreement, or the proceeds of any non-cash distributions it receives pursuant to this Settlement Agreement, into the Hazardous Substance Superfund or into an EPA special account established for the Site within the Hazardous Substance Superfund, to be retained and used to conduct or finance response actions at or in connection with the Site, or to be transferred to the Hazardous Substance Superfund.

5. Only the amount of cash received by EPA (and net cash received upon sale of any non-cash distributions) pursuant to this Settlement Agreement for the Allowed Claim, and not the total amount of the Allowed Claim, shall be credited by EPA to its account for the Site, which credit shall reduce the liability of non-settling potentially responsible parties for that Site by the amount of the credit.

6. Cash distributions to the United States pursuant to this Settlement Agreement shall be made at https://www.pay.gov or by FedWire Electronic Funds Transfer in accordance with instructions, including a Consolidated Debt Collection System ("CDCS") number, to be provided to Debtors by the Financial Litigation Unit of the United States Attorney's Office for the District of Delaware. At the time of any distribution pursuant to this Settlement Agreement, Debtors shall cause the transmission of written confirmation of such distribution to the United States at

the addresses specified below, with a reference to Bankruptcy Case Number 15-10541 (BLS), the CDCS number, and Site/Spill ID Number B543BB00:

> Chief, Environmental Enforcement Section
> Environment and Natural Resources Division
> U.S. Department of Justice
> P.O. Box 7611
> Washington, DC 20044
> Ref. DOJ File No. 90-11-3-11076/1
>
> Nicole Wood-Chi
> Associate Regional Counsel
> U.S. Environmental Protection Agency, Region 6
> 77 West Jackson Blvd. (Mail Code C-14j)
> Chicago, IL 60604-3507

7. Notwithstanding any other provision of this Settlement Agreement, and except as provided under the GUC Trust Agreement and applicable non-bankruptcy law, there shall be no restrictions on the ability and right of the United States to transfer or sell its right to all or a portion of any distributions under the Plan to one or more third parties, or to transfer or sell to one or more third parties all or a portion of the Allowed Claim.

8. In consideration of the distributions that will be made under the terms of this Settlement Agreement, and except as specifically provided in Paragraphs 9 through 11, EPA covenants not to file a civil action or take administrative action against Debtors or the GUC Trust with respect to the Site under Sections 106 or 107 of CERCLA, 42 U.S.C. §§ 9606 or 9607.

9. The covenants set forth in Paragraph 8 extend only to the Debtors and do not extend to any other person. Nothing in this Settlement Agreement is intended as a covenant for any person or entity other than the Debtors and the United States. The United States and the Debtors expressly reserve all claims, demands, and causes of action, either judicial or administrative, past, present, or future, in law or equity, which they may have against all other persons, firms,

5

corporations, entities, or predecessors of the Debtors for any matter arising at or relating in any manner to the Site. Further, nothing in this Settlement Agreement diminishes the right of the United States, pursuant to Section 113(f)(2) and (3) of CERCLA, 42 U.S.C. § 9613(f)(2)-(3), to enter into any settlement that gives rise to contribution protection for any person not a party to this Settlement Agreement.

10. The covenants set forth in Paragraph 8 do not pertain to any matters other than those expressly specified therein. The United States expressly reserves, and this Settlement Agreement is without prejudice to, all rights, if any, against the Debtors with respect to all matters other than those set forth in Paragraph 8. The United States and the Debtors also specifically reserve, and this Settlement Agreement is without prejudice to, any action based on a failure to meet a requirement of this Settlement Agreement. In addition, the United States reserves, and this Settlement Agreement is without prejudice to, all rights, if any, against the Debtors with respect to the Site for liability under federal or state law for acts by the Debtors, their successors, or assigns that occur after the date of lodging of this Settlement Agreement.

11. Nothing in this Settlement Agreement shall be deemed to limit the authority of the United States to take any response action under Section 104 of CERCLA, 42 U.S.C. § 9604, or any other applicable law or regulation, or to alter the applicable legal principles governing judicial review of any action taken by the United States pursuant to such authority, provided, however, that nothing in this sentence affects the covenants set forth in Paragraph 8. Nothing in this Settlement Agreement shall be deemed to limit the information-gathering authority of the United States under Sections 104 and 122 of CERCLA, 42 U.S.C. §§ 9604 and 9622, or any other applicable statute or regulation, or to excuse the Debtors from any disclosure or

notification requirements imposed by CERCLA or any other applicable statutes or regulation, provided, however, that nothing in this sentence affects the covenants set forth in Paragraph 8.

12. The Debtors covenant not to sue and agree not to assert or pursue any claims or causes of action against the United States, including any department, agency, or instrumentality of the United States, with respect to the Site, including, but not limited to: (i) any direct or indirect claim for reimbursement from the Hazardous Substance Superfund with respect to the Site; (ii) any claim under Sections 107 or 113 of CERCLA, 42 U.S.C. §§ 9607 or 9613, with respect to the Site; or (iii) any claims arising out of response activities at the Site. Nothing in this Settlement Agreement shall be deemed to constitute preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. § 300.700(d).

13. Notwithstanding any other provision of this Settlement Agreement, the Debtors reserve, and this Settlement Agreement is without prejudice to, claims against the United States in the event any claim is asserted by the United States against the Debtors pursuant to any of the reservations set forth in Paragraph 10, other than for failure to meet a requirement of this Settlement Agreement, but only to the extent that the Debtors' claims arise from the same response action or response costs that the United States is seeking pursuant to the applicable reservation.

14. The parties hereto agree, and by entering this Settlement Agreement the Bankruptcy Court finds, that this Settlement Agreement constitutes a judicially-approved settlement for purposes of Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), and that the Debtors are entitled to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), or as may be otherwise provided by law, for "matters addressed" in this Settlement Agreement. The "matters addressed" in this Settlement

Agreement, as that phrase is used in Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), are all response actions taken or to be taken, and all response costs incurred or to be incurred, at or in connection with the Site by the United States or any potentially responsible parties, provided, however, that, if EPA exercises rights under the reservations in Paragraph 10, other than for failure to meet a requirement of this Settlement Agreement, the "matters addressed" in this Settlement Agreement shall no longer include those response costs or response actions that are within the scope of the exercised reservation.

15. This Settlement Agreement shall not affect any rights, claims, causes of action, or defenses that any of the Debtors or the United States may have with respect to matters not expressly specified herein, including, but not limited to, rights, claims, causes of action, defenses, or liabilities of the Debtors, if any, to or against the United States with respect to any site that is not the Site.

16. This Settlement Agreement shall be subject to approval of the Bankruptcy Court. The Debtors shall promptly seek Bankruptcy Court approval of this Settlement Agreement.

17. This Settlement Agreement shall be lodged with the Bankruptcy Court and shall thereafter be subject to a period of public comment following publication of notice of the Settlement Agreement in the *Federal Register*. After the conclusion of the public comment period, the United States will file with the Bankruptcy Court any comments received, as well as the United States' responses to the comments, and at that time, if appropriate, the United States will request approval of the Settlement Agreement. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Settlement Agreement disclose facts or considerations which indicate that the Settlement Agreement is not in the public interest.

18. If for any reason (a) the Settlement Agreement is withdrawn by the United States as provided in Paragraph 17; or (b) the Settlement Agreement is not approved by the Bankruptcy Court: (i) this Settlement Agreement shall be null and void, and the parties hereto shall not be bound under the Settlement Agreement or under any documents executed in connection herewith; (ii) the parties shall have no liability to one another arising out of or in connection with this Settlement Agreement or under any documents executed in connection herewith; and (iii) this Settlement Agreement and any documents prepared in connection herewith shall have no residual or probative effect or value.

19. This Settlement Agreement constitutes the sole and complete agreement of the parties hereto with respect to the matters addressed herein.

20. This Settlement Agreement may not be amended except by a writing signed by all the parties and approved by the Bankruptcy Court.

21. This Settlement Agreement may be executed in counterparts, each of which shall constitute an original, and all of which shall constitute one and the same agreement.

22. The Bankruptcy Court (or, upon withdrawal of the Bankruptcy Court's reference, the United States District Court of Delaware) shall retain jurisdiction over the subject matter of this Settlement Agreement and the parties hereto for the duration of the performance of the terms and provisions of this Settlement Agreement for the purpose of enabling any of the parties to apply at any time for such further order, direction, and relief as may be necessary or appropriate for the construction or interpretation of this Settlement Agreement or to effectuate or enforce compliance with its terms.

The undersigned party hereby enters into this Settlement Agreement in *In re SRC Liquidation LLC., et al.*, Case No. 15-10541 (Bankr. D. Del.).

FOR THE UNITED STATES OF AMERICA:

Date: 12/28/17        By: _____
                          NATHANIEL DOUGLAS
                          Deputy Section Chief
                          Environmental Enforcement Section
                          Environment and Natural Resources Division
                          U.S. Department of Justice

Date: 1/17/2012       By: _____
                          JOSEPH W.C. WARREN
                          Senior Counsel
                          Environmental Enforcement Section
                          Environment and Natural Resources Division
                          U.S. Department of Justice
                          P.O. Box 7611
                          Washington, DC 20044
                          (202) 514-5415

The undersigned party hereby enters into this Settlement Agreement in *In re SRC Liquidation LLC, et al.*, Case No. 15-10541 (Bankr. D. Del.).

FOR THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY:

Date: 12/2/2016

By: _____
DOUG BALLOTTI
Acting Superfund Division Director
U.S. Environmental Protection Agency
Region 5
77 West Jackson Blvd.
Chicago, IL 60604

By: _____
NICOLE WOOD-CHI
Assistant Regional Counsel,
U.S. Environmental Protection Agency
Region 5
77 West Jackson Blvd.
Chicago, IL 60604

11

The undersigned party hereby enters into this Settlement Agreement in *In re SRC Liquidation LLC, et al.*, Case No. 15-10541 (Bankr. D. Del.).

FOR THE DEBTORS:

Date: 11/22/16          By: _____
                            ANTHONY R. CALASCIBETTA
                            EisnerAmper LLP
                            111 Wood Avenue South
                            Iselin, NJ 08830-2700

                            Authorized Representative