# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SRC Liquidation, LLC,[1]<br><br>                Debtor. | Chapter 11<br><br>Case No. 15-10541 (BLS)<br><br>**Hearing Date: May 10, 2017 at 11:00 a.m. (ET)**<br>**Response Deadline: April 24, 2017 at 4:00 p.m. (ET)** |

## STANDARD REGISTER INC.'S EIGHTH (8TH) OMNIBUS (SUBSTANTIVE) OBJECTION TO ADMINISTRATIVE EXPENSE CLAIMS PURSUANT TO SECTION 502 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 3007 AND LOCAL RULE 3007-1

Taylor Corporation and its Designated Buyer Standard Register, Inc. (collectively, "SRI") object, pursuant to Section 502 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the classification of all or any portion of each of the proofs of claim filed against the above-named debtor (the "Debtor") or affiliated debtors and their estates that are listed on Exhibits A-C to the proposed form of order (the "Proposed Order") attached hereto as Exhibit 2 as entitled to administrative expense priority under the Bankruptcy Code (collectively, the "Disputed Claims") and request that the Disputed Claims listed on Exhibit A be disallowed, that the Disputed Claims listed on Exhibit B be modified and allowed in the identified amount, and the Disputed Claims listed on Exhibit C be marked as satisfied. SRI requests entry of the Proposed Order modifying each of the Disputed Claims on the grounds set forth herein. In support of this Objection, SRI relies on the

---

[1] The last four digits of the Debtor's taxpayer identification number are 5540. Inquiries regarding the Debtor should be directed to the GUC Trustee, c/o EisnerAmper LLP, 111 Wood Avenue South, Iselin, NJ 08830-2700 (Attn: Anthony R. Calascibetta).

Declaration of Leigh Hart (the "Hart Declaration"), a copy of which is attached hereto as Exhibit 1. In further support of this Objection, SRI respectfully represents as follows:

## JURISDICTION

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012 (the "Amended Standing Order"). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution. SRI consents to entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1.

## BACKGROUND

**A.    General Background.**

3.  On March 12, 2015, The Standard Register Company (n/k/a SRC Liquidation, LLC) and its affiliates (collectively, the "SRC Debtors")[2] each commenced a voluntary case under Chapter 11 of the Bankruptcy Code with this Court. Pursuant to Sections 1107(a) and

---

[2] The SRC Debtors and the last four digits of their respective taxpayer identification numbers were as follows: SRC Liquidation Company (5440); SR Liquidation Holding Company (3186); SR Liquidation Technologies, Inc. (3180); SR Liquidation International, Inc. (1861); iMLiquidation, LLC (6337); SR Liquidation of Puerto Rico Inc. (0578); SR Liquidation Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de Mexico, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and SR Liquidation Technologies Canada ULC (0001).

1108 of the Bankruptcy Code, the SRC Debtors continued to manage their financial affairs as debtors in possession.

4. On June 19, 2015 the SRC Debtors and Taylor Corporation ("Taylor") entered into an Asset Purchase Agreement [Docket No. 698-1] (the "Purchase Agreement") providing for the sale of certain Transferred Assets (defined therein) by the SRC Debtors to Taylor and the assumption by Taylor of certain Assumed Liabilities (defined therein) of the SRC Debtors upon the terms and conditions set forth in the Purchase Agreement.

5. On June 19, 2015, the Court entered an Order [Docket No. 698] approving the Purchase Agreement and authorizing the SRC Debtors to consummate the transactions contemplated in the Purchase Agreement. The sale to Taylor, pursuant to the provisions of the Purchase Agreement, closed on July 31, 2015 (the "Closing Date").

6. Pursuant to Section 2.11 of the Purchase Agreement, Taylor was entitled to designate one or more parties (each a "Designated Buyer") to purchase the Transferred Assets and assume the Assumed Liabilities on and after the Closing Date.

7. On the Closing Date, a Joinder to the Purchase Agreement was executed that designated SR Acquisition Corporation as a Designated Buyer under the Purchase Agreement. Following the Closing Date, SR Acquisition Corporation changed its name to Standard Register, Inc.

8. SRI, as the Designated Buyer, assumed "all Liabilities for the Trade Payables arising after the Petition Date" pursuant to Section 2.3(a)(iv) of the Purchase Agreement ("Administrative Expense Claim").

9. This Court, by Order entered November 19, 2015, confirmed the Debtors' Second Amended Chapter 11 Plan of Liquidation for SRC Liquidation Company and its Affiliates (With

Technical Modifications) [Docket No. 1331-1] (the "Plan"). The Effective Date (as defined in the Plan) of the Plan occurred on December 18, 2015.[3] *Notice of Effective Date of Second Amended Chapter 11 Plan of Liquidation for SRC Liquidation Company and its Affiliates (With Technical Modifications) Under Chapter 11 of the Bankruptcy Code* [Docket No. 1412], ¶ 1.

10. Section 4.2 of the Plan provides that SRI, as a Designated Buyer of Taylor, has exclusive authority to "compromise, resolve and Allow any Disputed Taylor Claims [as defined in the Plan]." The Disputed Claims at issue in this Objection constitute Disputed Taylor Claims under the Plan.

**B.    Administrative Expense Deadline**

11. On June 19, 2015, the Court entered the *Order (I) Authorizing the Sale of Substantially all of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and interests; (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (III) Granting Certain Related Relief* [Docket No. 698] (the "Sale Order"). The Sale Order established that any Administrative Expense Claim relating to a Potential Contract that is deemed rejected shall be asserted no later than thirty (30) days after the delivery of notice that the Potential Contract is a Removed Contract (the "Administrative Expense Deadline").

12. SRI delivered a notice to each of the Claimants identified on Exhibit A stating that the Potential Contract was designated as a Removed Contract (the "Rejection Notice"). The Rejection Notice outlined the deadline for asserting an Administrative Expense Claim pursuant to the Sale Order.

---

[3] Following the Effective Date of the Plan, this Court entered a *Final Decree Closing Certain Cases and Amending Caption of Remaining Case* [Docket No. 1417] closing the cases of each of the SRC Debtors except the Debtor, SRC Liquidation Company, Case No. 15-10541, for which the Debtor's name was changed to SRC Liquidation, LLC.

13. Exhibit A sets forth the date on which each of the respective Disputed Claims was filed with the SRC Debtors' claims agent. Each of the Disputed Claims was filed after the Administrative Expense Deadline.

**REQUESTED RELIEF**

14. By this Objection, SRI seeks entry of an order, pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007, Local Rule 3007-1 disallowing the Disputed Claims listed on Exhibit A and modifying each of the Disputed Claims in the amounts listed on Exhibit B, and marking each Disputed Claim on Exhibit C as satisfied. In accordance with Local Rule 3007-1(e)(i)(E), SRI believes that this Objection complies in all material respects with Local Rule 3007-1.

**OBJECTION**

**A.    Late Asserted Administrative Expense Claims**

15. Section 503 of the Bankruptcy Code provides that:

> (a) An entity may timely file a request for payment of administrative expense, or may tardily file such request if permitted by the court for cause.

16. Pursuant to the Sale Order, the Court established the deadline for asserting an Administrative Expense Claim. The Sale Order required an Administrative Expense Claim to be asserted within 30 days of delivery of the Rejection Notice. The Disputed Claims listed on Exhibit A were not asserted by the applicable deadline.

17. Each of the Disputed Claims listed on Exhibit A are unenforceable against the Debtor, and thus SRI, as a claim entitled to administrative expense priority of distribution under the Bankruptcy Code because each such proof of claim was not timely filed since it was filed after the applicable Administrative Expense Deadline.

**B.    Services Render Prior to the Petition Date**

18.    SRI objects to the Disputed Claims listed on Exhibit B to the Proposed Order because the services relevant to the Disputed Claims were rendered prior to the Petition Date.

19.    Section 503(b)(1) of the Bankruptcy Code provides that:

> (b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including –
>
> (1)(a) the actual necessary costs and expenses of preserving the estate….

20.    All of the Disputed Claims listed on Exhibit B to the Proposed Order assert that the claim is entitled to administrative status.  Upon review of the relevant books and records and the supporting documentation submitted with the Disputed Claims, SRI has determined that all of the services relevant to the Disputed Claims listed on Exhibit B were received by the Debtor prior to the Petition Date.  Accordingly, the services related to the Disputed Claims were not costs or expenses of preserving the bankruptcy estate.

21.    Accordingly, all or a portion of all of the Disputed Claims listed on Exhibit B are unenforceable against the SRC Debtors, and thus SRI, as a claim entitled to administrative expense priority under the Bankruptcy Code.  SRI requests that the Court modify each claim identified on Exhibit B to the Proposed Order in the amount listed.

**C.    Disputed Claims Paid in Full**

22.    SRI objects to the Disputed Claims listed on Exhibit C to the Proposed Order because the Dispute Claims have been paid in full.  SRI has reviewed its books and records and has confirmed that payment, in full, has been made on the Disputed Claims.  The payment date and address where payment was sent it listed on Exhibit C to the Proposed Order.  Accordingly,

SRI requests that the Court marking each claim listed on Exhibit C to the Proposed Order as satisfied.

## RESERVATION OF RIGHTS

23. SRI expressly reserves the right to amend, modify, or supplement this Objection. Should one or more of the grounds for this Objection be dismissed or overruled, SRI reserves the right to object to any Disputed Claim on any other ground.

24. This motion is without prejudice to the rights of The General Unsecured Creditor Trust (the "GUC Trust") and any other party in interest to object to any Disputed Claim listed on Exhibits A-B to the Proposed Order on any other ground. The right to commence additional proceedings with respect to the claims that are subject to this Objection, including but not limited to proceedings under sections 502(d), 510, 542, 543, 544, 545, 547, 548, 549, 550, 551, and 553 of the Bankruptcy Code is also reserved.

## NOTICE

25. SRI has provided notice of this Objection to (i) the United States Trustee; (ii) counsel to the Liquidating Debtor; (iii) the holders of the Disputed Claims; and (iv) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested here, SRI submits that no other or further notice is necessary.

WHEREFORE, SRI respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as Exhibit 2, sustaining this Objection in all respects and granting such other and further relief as the Court may deem just and proper.

| | |
|---|---|
| Dated: April 10, 2017<br>Wilmington, DE | **WERB & SULLIVAN**<br><br>*/s/ Matthew P. Austria*<br>Matthew P. Austria (DE No. 4827)<br>300 Delaware Avenue, 13th Floor<br>P.O. Box 25046<br>Wilmington, Delaware 19899<br>(For courier: 19801)<br>Telephone: (302) 652-1100<br>Facsimile: (302) 652-1111<br>E-mail: maustria@werbsullivan.com<br><br>-and-<br><br>**GRAY, PLANT, MOOTY,**<br>**MOOTY & BENNET, P.A.**<br>Phillip Bohl (MN No. 139191)<br>Abigail McGibbon (MN No. 393263)<br>500 IDS Center<br>80 South Eighth Street<br>Minneapolis, Minnesota 55402<br>Telephone: (612) 632-3019<br>Telephone: (612) 632-3009<br>Facsimile: (612) 632-4019<br>Facsimile: (612) 632-4009<br>Email: phillip.bohl@gpmlaw.com<br>Email: abigail.mcgibbon@gpmlaw.com<br><br>*Counsel to Taylor Corporation and its Designated Buyer Standard Register, Inc.* |