```
                  UNITED STATES BANKRUPTCY COURT
                        DISTRICT OF DELAWARE

                                 .     Chapter 11
                                 .
IN RE:                           .
                                 .     Case No. 15-10541 (BLS)
SRC LIQUIDATION COMPANY,         .
et al,                           .
                                 .
                                 .     Courtroom No. 1
                                 .     824 Market Street
                      Debtors.   .     Wilmington, Delaware 19801
                                 .
. . . . . . . . . . . . . . . .        Thursday, April 6, 2017

          TRANSCRIPT OF TELEPHONIC CONFERENCE RE: ADJOURNMENT
                BEFORE THE HONORABLE BRENDAN L. SHANNON
                  CHIEF UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For Taylor Corporation
and its Designated
Buyer SRI, Inc.:            Matthew P. Austria, Esq.
                            WERB & SULLIVAN


For International Imaging
(IIMAK):                    Michael Busenkell, Esq.
                            GELLERT, SCALI, BUSENKELL
                              & BROWN, LLC

                            Henry P. Baer, Esq.
                            FINN DIXON HERLING, LLP

For Standard Registry:      Abigail M. McGibbon, Esq.
                            GRAY, PLANT, MOOTY, MOOTY
                              & BENNETT, PA

Audio Operator:             Electronically Recorded
                            by Dana Moore, ECRO

Transcription Company:      Reliable
                            1007 N. Orange Street
                            Wilmington, Delaware 19801
                            (302)654-8080
                            Email: gmatthews@reliable-co.com

Proceedings recorded by electronic sound recording, transcript
produced by transcription service.
```

INDEX

|  | Page |
|---|---|
| ARGUMENT BY MR. AUSTRIA | 3 |
| ARGUMENT BY MR. BAER | 5 |
| COURT DECISION | 7 |

1          (Proceedings commence at 9:16 a.m.)

2          THE COURT:  Good morning, Counsel.  This is Judge

3 Shannon.  I understand from the operator that all necessary

4 parties are on the call this morning.  This is a telephonic

5 hearing in the SRC Liquidation case, Case Number 15-10541.

6          My understanding is that this relates to the debtor's

7 seventh omnibus objection to claims, and specifically, an issue

8 of discovery dispute.

9          I will hear first from counsel for the debtor.

10          MR. AUSTRIA:  Good morning, Your Honor.  This is

11 Matthew Austria of Werb & Sullivan -- excuse me -- on behalf of

12 SRI, Standard Register, Inc.

13          Your Honor, we filed the seventh omnibus objection

14 back on February 21st -- I'm sorry, February 6th.  IIMAK filed

15 their response on February 21st.  We were supposed to have a

16 hearing on March 8th, which we adjourned until next week, April

17 12th.  And over the past month, we've been attempting to

18 reconcile the claim and work with IIMAK's counsel.

19          Your Honor, we worked through the process, we provided

20 a reconciliation.  Where we are, at this point, we believe, is

21 they are taking the position that the goods were delivered to

22 an agent of the debtor, and that's the phrasing [sic] for

23 purposes of Section 503(b)(9).  We had provided them with a

24 transcript of the hearing back on October 15th, where the Court

1  ruled upon that issue, and we've also provided a reconciliation
2  of the invoices and the goods that were delivered during that
3  time, with an itemization of what -- of the goods that were
4  directly delivered to the debtors, as well as the other goods
5  that were drop shipped.
6            Since that time, we haven't received a substantive
7  response back.  Last week, our client had asked us to proceed
8  to a hearing, the reason being we're getting to the end of this
9  process.  The claim objections deadline is June 15th, and we've
10 also received some pressure from the trust to get this wrapped
11 up.  So, having not heard back as of March 27th, we were
12 instructed by our client to proceed forward and prepare for the
13 hearing.
14           On Monday, we received a request from IIMAK counsel
15 for a continuance, on a basis that they were negotiating with
16 the debtors.  We checked with our client at that time, and we
17 checked with trust counsel, and they had not heard from IIMAK
18 counsel.  So, as far as we are aware, there are no other
19 negotiations going on.
20           So we explained at that point that we would like to
21 proceed with the hearing next week.  And then the following
22 day, that was this Tuesday, we were told that lead counsel for
23 IIMAK is going to be on vacation next week, and that, in any
24 event, they would need discovery on this claim issue.
25           So our concern is, if we continue this another month

1   and open up discovery, it's going to be costly to our client.
2   We feel we've already tried to reach a resolution.  The hearing
3   has already been adjourned once.  And frankly, our client
4   doesn't want to incur the expense, particularly considering it
5   appears to be a legal issue, at this point, that has already
6   been decided upon by the Court.  So we would just respectfully
7   request that the hearing go forward, and we bring this to a
8   resolution.
9             THE COURT:  Okay.  Response.
10            MR. BAER:  Good morning, Your Honor.  This is Hank
11  Baer from Finn Dixon.  I may have joined a little bit late, I'm
12  not sure if you took appearances at the start.
13            THE COURT:  I did not.  I was advised by the operator
14  that everybody was on, so I did not take appearances.  I assume
15  that you are counsel for the creditor?
16            MR. BAER:  I am, Your Honor.  I'm not sure if my co-
17  counsel is on, as well, but I am lead counsel for International
18  Imaging, for IIMAK.
19            We are -- as counsel suggested, we're hoping -- we
20  were asking for an adjournment.  I think, you know, hopefully
21  one month will do it; I'm not sure if it's more.  There are two
22  open issues, one of which is discovery; and then the other is
23  the fact that I am, in fact, on vacation next week.
24            I think that counsel's description, the lead-up, is
25  partially correct.  I think to call it negotiations leading up

1  until now is probably a little bit -- a little bit inaccurate
2  because there hasn't been much of a constructive discussion,
3  but there has been an email going back and forth.
4          You know, we -- I'm surprised to hear that they think
5  that there's been slow response on our part.  I would -- I
6  actually would have thought that the pace of the discussions,
7  to the extent there were any, have been dictated by Taylor at
8  this point.  But regardless, I think we are where we are.
9          I think -- I agree that, in my eyes, the dispute was
10 largely a legal one.  The problem, of course, that Taylor, for
11 the first time, raised factual disputes last week, I think it
12 was.  So, to the extent that they consent and stipulate that
13 all of the facts and allegations that (indiscernible) and in
14 our response, our dispute is correct, then I don't think
15 there's any need for any discovery; that discovery was only
16 necessary because of the fact that they raised -- the dispute
17 that they raised last week --
18          THE COURT:  Well --
19          MR. BAER:  -- which, of course, is (indiscernible)
20 after we filed the proof of claim, and is actually after they
21 filed the objection, where they didn't actually raise any
22 factual issues.  So that may be a non-issue, unless the debtors
23 -- sorry -- unless Taylor chooses to make it an issue.
24 However, that doesn't change the fact that, unfortunately, I'm
25 unavailable next week.

1           My expectation of the pace that this entire proceeding
2    has been going was that there was not a chance that we would be
3    going forward (indiscernible) my reading of the docket, this
4    has taken three years to get to where we are.  I don't
5    understand any necessity to get this done immediately --
6           THE COURT:  All right.  No, I --
7           MR. BAER:  -- (indiscernible) --
8           THE COURT:  I understand.  This is Judge Shannon.
9    Here's -- I'd like to sort of move forward and figure out the
10   game plan on a going-forward basis.
11          I will adjourn the matter to the May hearing.  I'm
12   sensitive to the desire to keep the matter moving, and
13   presumably, to wrap up this case.  But certainly, I don't see
14   any reason, under the circumstances, given where we are in the
15   case, to burden any party.
16          I've got you on my calendar -- I have this case on my
17   calendar for the 10th of May at 11 a.m.  So, assuming that that
18   date and time would work for everybody, I would intend that we
19   would have a hearing on the matter on the 10th of May.
20          So, with the issue of timing of the hearing -- and
21   again, it would be my expectation that we would be able to get
22   to that hearing and get to a final resolution of that.  I don't
23   see bouncing this from month to month to month, at this stage.
24   You know, I -- it's a pretty narrow dispute.
25          I guess I'd like to know where the parties are.  Do

1  you believe -- knowing now that you've got just over a month to
2  the hearing, is there a consensus that discovery is necessary?
3  And what else do we need to do, in order to get to a
4  substantive hearing.
5          I did see the reference to the -- to my transcript,
6  and I'm certainly familiar with the case law on the -- on the
7  issue of 503(b)(9), and the concept of drop-ships.  At least in
8  my experience -- and again, without any particular exposure to
9  the specifics of this dispute, I know that the case law often
10 focuses on or hinges on the nature of the delivery relationship
11 and whether it's, for example, being drop shipped to a customer
12 of the debtor, versus to a processor of the debtor.
13         But again, I think there is no shortage of case law
14 that deals with this issue.  I'm not certain whether it's
15 uniform.  But I would look for guidance from the parties on
16 what you need to get done, in order to get to a hearing and
17 wrap the matter up on the 10th of May.
18         So why don't we start back with Mr. Austria.
19         MR. AUSTRIA:  Thank you, Your Honor.
20         In terms of discovery, I think Mr. Baer, he was
21 alluding to the factual issues that we raised; I think he's
22 referring to an email we sent back on March 23rd.
23         I guess there are a few issues.  There's the agency
24 argument that they've raised.  We're not clear, at this point,
25 who they're alleging the agent is.

1          And then there's a minor difference in our
2    calculation.  I think we've calculated approximately 2,000 in
3    goods that have been delivered directly to the debtors, while
4    their records indicate, I think -- and Mr. Baer, correct me if
5    I'm wrong -- I think it was 5,800 or 6,000.  So, if we're
6    looking narrowly at that factual issue, and that is what he's
7    referring to, we have all of the invoices.  We've already
8    provided the reconciliation.
9          And I guess the hesitance that we have with the
10   discovery is we haven't received any informal request that we
11   provide them with any information.  We're ready and willing to
12   give them what they need.  But just the suggestion of formal
13   fact discovery on a fifty-seven-thousand-dollar claim concerns
14   my client, in terms of the fees.  So, if we could --
15         THE COURT:  Yeah, well, hang on.
16         MR. AUSTRIA:  -- (indiscernible) --
17         THE COURT:  Hang on.  I don't necessarily -- I'm not
18   necessarily saying I'm expecting formal fact discovery and the
19   propounding of requests for production and interrogatories and
20   admissions, until and unless somebody tells me otherwise.  This
21   is usually the product of an email or a correspondence or
22   telephone dialogue that says, here's what I'm wondering, you
23   know, I'd like to see the invoices, or here's why I believe
24   that these were not actually -- that these were, effectively,
25   delivered to you because it went to X and Y and Z, and I need

1    to understand your relationship between the debtor and X, Y,
2    and Z, because that affects what the claim would be.  I'm not
3    here, making the creditor's argument, but that's how I see the
4    process playing out.
5            And again, I'm acutely aware that it's a fifty-seven-
6    thousand-dollar claim.  I guess, as asserted, it's a fifty-
7    seven-thousand-dollar, you know, hard-dollar claim, under
8    503(b)(9).  And the debtor has, I guess, acknowledged upwards
9    of about two grand that they would acknowledge as an allowed
10   claim.
11           MR. AUSTRIA:  Yes.
12           THE COURT:  Actually, can you tell me; do you know
13   what the expected distribution would be on unsecured claims?
14   Because I think it's fair that the creditor have some idea of
15   whether this game is worth the candle.
16           MR. AUSTRIA:  Sure.  And Your Honor, I don't know that
17   information off the top of my head.  We can certainly check
18   with (indiscernible) they're handling the reconciliation of the
19   unsecured claims.
20           THE COURT:  Sure.
21           MR. AUSTRIA:  And we can get them that information.
22           With regard to Your Honor's comments about the way
23   informal discovery would proceed, I agree 100 percent with you.
24   And speaking candidly, if we had received a request from them
25   for information like that, we probably would be adjourning --

1    or we would have voluntarily agreed to adjourn this while we

2    worked through the process.  We just -- we weren't seeing any

3    movement, and realizing that we were coming up on that

4    deadline, and we have other ones that we still have to resolve,

5    we just wanted to keep the process moving forward.

6               But if Mr. Baer wants to let us know what he needs,

7    and if he can give us an indication right now, I can give Your

8    Honor an indication of whether we can provide that or not, and

9    maybe we can just avoid that discovery dispute down the road,

10   if that makes sense.

11              MR. BAER:  Your Honor, this is Hank Baer.

12              You know, I -- you know, everybody -- everybody else's

13   feeling about this, I think my client is, obviously, acutely

14   aware of the fact that it's only a fifty-seven-thousand-dollar

15   claim.  So, obviously, we are -- we probably have the most

16   interest of anybody in making sure this is done efficiently.

17              However, I would suggest that it would probably make

18   the most sense for the debtor (indiscernible) sorry, for Taylor

19   to tell me what they think is necessary because they're -- like

20   I said, they're the ones who raised the factual issue.  I'm not

21   really sure that they (indiscernible) is in dispute, and what

22   further information they need.

23              THE COURT:  Here's -- hang on.  Here's -- this is

24   Judge Shannon.  Here's what I want to do.  First, we've got a

25   hearing, I expect this will go forward on the merits, to the

1    extent that it's not resolved, on the 10th of May, at 11 a.m.

2           Second, if there are any issues, I do not expect the

3    parties to propound formal discovery.  I certainly don't expect

4    letters to the Court or motion practice relating to discovery,

5    either to compel or to quash.

6           If there are issues, in terms of the mechanics of

7    preparing for this hearing, either discovery, scheduling, or if

8    there are briefs or anything else, again, I think I'm going to

9    need you folks to get me on the phone.  And you can be

10   confident you can get me on the phone, in a -- you know, in a

11   twenty-four-hour turnaround.  My goal, I think, is consistent

12   with everybody.  I want this wrapped up soon.  And I would like

13   it to occur efficiently, so that we're not necessarily burning

14   whatever value is to be obtained on either side.

15          I don't think we need to answer, at least with me on

16   the phone, what the scope of the discovery or the contours of

17   the hearing will be.  I'm confident that experienced counsel

18   can exchange information sufficient to let them get to a

19   hearing.  And again, if there are any issues at all, I would

20   encourage you to get me on the phone.  And I certainly

21   appreciate, Mr. Austria, you getting me on the phone, so that

22   we can be clear on what's coming up this month, and then -- and

23   also putting this, you know, kind of on the front burner.

24          MR. AUSTRIA:  Thank you.

25          THE COURT:  So this matter has certainly the Court's

1    attention right now.  I'm all in favor of moving forward to
2    wrap up the case, but obviously, we are absolutely committed to
3    ensuring that the creditor has both the necessary information;
4    and, to the extent that they wish it, their day in court.
5           So why don't we leave it at that?  And again, if there
6    are problems in teeing the matter up, then, again, I'll be
7    available to you on the phone, and that's probably the most
8    cost-effective way to do it.  Okay?
9           MR. BAER:  Thank you, Your Honor.
10          MR. AUSTRIA:  Thank you, Your Honor.
11          THE COURT:  All right.  Anything else this morning?
12   All right.  Thank you very much.
13          MR. BAER:  Not from me, Your Honor.
14          THE COURT:  Thank you very much, Counsel.  Have a
15   great day.
16          MR. AUSTRIA:  Thank you.
17          MR. BAER:  Thank you, Your Honor.
18       (Proceedings concluded at 9:30 a.m.)
19                              *****

```
 1                         CERTIFICATION
 2           I certify that the foregoing is a correct transcript
 3   from the electronic sound recording of the proceedings in the
 4   above-entitled matter to the best of my knowledge and ability.
 5
 6
 7
 8   /s/ Coleen Rand                       April 11, 2017
 9   Coleen Rand
10   Certified Court Transcriptionist
11   For Reliable
```