# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SRC Liquidation, LLC, | Case No. 15-10541 (BLS) |
| Debtor. | **Re: Docket No. 2188** |

_____/

## RESPONSE BY GCCFC 2005-GG5 TERMINUS INDUSTRIAL LIMITED PARTNERSHIP TO STANDARD REGISTER, INC.'S EIGHTH (8TH) OMNIBUS (SUBSTANTIVE) OBJECTION TO ADMINISTRATIVE EXPENSE CLAIMS PURSUANT TO SECTION 502 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 3007, AND LOCAL RULE 3007-1

GCCFC 2005-GG5 Terminus Industrial Limited Partnership ("Landlord"), by and through undersigned counsel, files this response (the "Response") to Standard Register Inc.'s Eighth (8th) Omnibus (Substantive) Objection to Administrative Expense Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1 (the "Objection") solely in respect of claim no. 2518 (the "Claim").  In support of the Claim and in opposition to the Objection, Landlord states as follows:

## BACKGROUND

1.      The Claim asserted by Landlord relates to premises formerly occupied by Standard Register, Inc. (the "Debtor") located at 1255 Terminus Drive, Lithia Springs, Georgia (the "Premises").  The Debtor and Landlord were parties to that certain Standard Form Industrial Building Lease (Multi-Tenant), dated April 4, 2002, as amended by (i) that certain Amendment to Lease, dated April 30, 2007, (ii) that certain Letter Agreement dated August 8, 2008, and (iii) that certain Second Amendment to Lease, entered into as of June 5, 2014 (collectively, the "Lease").  A copy of the Lease is attached to the Claim as Exhibit A.

2.       On April 15, 2015, the Court entered its Sale Procedures Order [ECF No. 286] (the "Sale Procedures Order"), wherein it established procedures for the assumption and assignment of certain executory contracts and unexpired leases, including procedures for providing notice of, and an opportunity to object to, proposed cure amounts and adequate assurance of future performance.

3.       On April 17, 2015, in accordance with the Sale Procedures Order, the Debtor filed its *Notice of (I) Entry into Stalking Horse Agreement and (II) Potential Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale of Substantially All of the Debtors' Assets* [ECF No. 307]. On April 27, 2015, the Debtor filed its *First Amended Notice of (I) Entry into Stalking Horse Agreement and (II) Potential Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale of Substantially All of the Debtors' Assets* [ECF No. 356] (the "Potential Assignment Notice"). On Exhibit 1 to the Potential Assignment Notice, Landlord was listed as a contract counterparty with a proposed cure amount of $0.

4.       On May 8, 2015, in response to the Potential Assignment Notice, Landlord filed its Limited Objection to Assumption and Assignment of Lease and to Cure Amount [ECF No. 441] (the "Limited Objection"). Landlord also raised informal objections, negotiated with counsel for the Debtor, and appeared telephonically at the hearing on the Sale Order [ECF No. 697], which provided Taylor Corporation with a post-closing "Asset Review Period," permitted Taylor Corporation to make certain payments directly to Landlord under the Lease during the "Asset Review Period," and preserved Landlord's Limited Objection and certain other rights.

5.       Ultimately, however, Taylor Corporation elected to reject the Lease. On September 28, 2015, Taylor Corporation filed the *Fifth Notice Regarding Designation as*

*Removed Contract and Rejection Thereof* [ECF No. 1111]. According to this Notice, the Lease

was rejected as of five business days later, or as of October 5, 2015 (the "Rejection Date").

## ADMINISTRATIVE CLAIM

6.      On July 6, 2015, which is after the March 12, 2015 petition date (the "Petition

Date"), but prior to the Rejection Date, Raymond Storage Concepts, Inc. ("Raymond") filed a

Notice of Commencement of Lien Actions Pursuant to O.C.G.A. § 44-14-361.1 [ECF No. 775],

wherein Raymond indicates that on May 18, 2015 (also post-petition, pre-rejection), it recorded a

mechanics' lien against the Premises in the Superior Court of Douglas County, Georgia, based

upon work that the Debtor acknowledged was performed at its request.

7.      Specifically, Raymond claims that the Debtor requested that Raymond remove

racking material from a WorkflowOne facility located at 1650 West Form Drive, Lithia Springs,

Georgia and move it to and reinstall it at the Premises. Raymond asserts a mechanics' lien

against the Premises in the amount of $92,350.00, plus interest at the rate of 7% per annum on

the principal amount pursuant to O.C.G.A. §§ 7-4-15 and 7-4-2(a)((1). Landlord disputes the

existence of a valid mechanics' lien in favor of Raymond against the Premises under Georgia

law.

8.      Section 11.3 of the Lease requires the Debtor to pay, when due, all claims for

labor and material furnished to the Premises and prohibits the Debtor from permitting any

mechanics' or materialmen's liens, claims of lien or encumbrances to attach to the Premises or

the Property and requires the Debtor, at their expense, to cause any such liens, claims of lien, or

encumbrances to be discharged. To the extent that the Landlord incurs costs, chooses to retain

counsel in respect of an alleged lien, or chooses to bond, satisfy, or discharge same, Debtor must

pay Landlord any amounts incurred, plus interest and attorneys' fees.

9.      In addition, section 17.2.1 of the Lease requires the Debtor to indemnify Landlord, among others, for losses of every kind any nature (including attorneys' fees and costs) resulting from, among other things, (a) any actions necessary to protect Landlord's interest under the Lease in a bankruptcy proceeding or proceeding under the Bankruptcy Code, and (b) claims for work or labor performed or materials and supplies furnished to or at the request of Tenant. Section 24.4 of the Lease also requires the Debtor to pay attorneys' fees and costs incurred by Landlord in respect of any breach or default, whether or not suit is commenced.

10.     Accordingly, the Claim asserts an administrative claim in the amount asserted by Raymond ($92,350.00, plus post-petition interest at 7% per annum ($17.71 per day)), plus attorneys' fees and costs incurred in connection with the mechanics' lien claim asserted by Raymond, Landlord's Limited Objection to Assumption and Assignment of Lease and to Cure Amount, the review and negotiation of certain provisions in the Sale Order, and otherwise protecting its rights in the bankruptcy proceeding.

11.     As of October 21, 2015, Landlord calculated its administrative claim to be $113,317.30, inclusive of post-petition interest and $16,000 in attorneys' fees and costs. However, Landlord expressly asserted all amounts due to it, including additional attorneys' fees and costs and additional rent, damages, or other amounts due under the Lease or otherwise. As of April 24, 2017, additional post-petition interest of $9,758.21 has accrued and Landlord has incurred approximately $5,000 in additional attorneys' fees. Accordingly, as of the date hereof, Landlord asserts an administrative claim in the amount of $128,075.51.

## RESPONSE TO OBJECTION

12.     By the Objection, Taylor Corporation and the Debtor assert that the Claim is not entitled to administrative status because, "[u]pon review of the relevant books and records and

the supporting documentation submitted with the Disputed Claims, SRI has determined that all of the services . . . were received by the Debtor prior to the Petition Date." The Objection relies on 11 U.S.C. § 503(b)(1), suggesting that the Claim ought not be allowed because it does not constitute "actual necessary costs and expenses of preserving the estate." Objection at ¶¶ 19-20.

13.    The Objection, however, ignores that Raymond first presented its mechanics' lien claim against the Premises <u>after</u> the Petition Date and <u>prior to</u> the Rejection Date and that, pursuant to section 17.2.1 of the Lease, the Debtor was required to indemnify Landlord for losses of every kind any nature (including attorneys' fees and costs) resulting from, among other things, (a) any actions necessary to protect Landlord's interest under the Lease in a bankruptcy proceeding or proceeding under the Bankruptcy Code, and (b) claims for work or labor performed or materials and supplies furnished to or at the request of Tenant.

14.    When Raymond first presented the mechanics' lien claim to Landlord triggering the indemnity provision under the Lease, the Debtor was in possession of the Premises and was thus obligated, pursuant to 11 U.S.C. § 365(d)(3) to "timely perform all the obligations of the debtor arising from and after the order for relief under any unexpired lease of non-residential real property, until such lease is assumed or rejected, <u>notwithstanding section 503(b)(1)</u> of this title." As the Third Circuit recognized, the Debtor is obligated to perform in accordance with the Lease, regardless of the timing of the underlying obligation. *Centrepoint Properties v. Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.)*, 268 F.3d 205 (3d Cir. 2001) (debtor required to reimburse property taxes relating to pre-petition periods that were invoiced by landlord post-petition).

15.    When faced with nearly identical facts to these presented here in *In re Mervyn's*, Judge Gross applied *Montgomery Ward* and held that 11 U.S.C. § 365(d)(3) requires

performance of a lease term providing for indemnification of the landlord for losses arising from mechanics' liens when a mechanics' lien is recorded post-petition and pre-rejection. *WM Inland Adjacent, LLC v. Mervyn's, LLC* (*In re Mervyn's Holdings, LLC*), Adv. No. 09-50920 (KG), 2013 WL 85169 (Bankr. D. Del. Jan. 8, 2013).

16.    Neither the timing of the performance of the underlying work or the pre-petition nature of the lease containing the indemnity provision changes this result. Although *Mervyn's* argued that the landlord was entitled only to a general unsecured claim both because the indemnity provision arose when the lease was executed and the underlying construction work occurred pre-petition, Judge Gross rejected both arguments, holding that the indemnity obligation arose when the mechanics' liens were recorded against the property. *Id.*

17.    Applying 11 U.S.C. § 365(d)(3) and the holdings of *Montgomery Ward* and *Mervyn's* to the Claim, the Objection ought to be overruled and the Claim allowed as an administrative claim because Raymond first asserted the mechanics' lien that triggered the indemnity obligation under the Lease post-petition and pre-rejection.

18.    Finally, even if the Court were to hold otherwise, the Claim expressly asserted an unsecured claim pursuant to 11 U.S.C. § 502 in respect of any amounts not allowed as administrative priority claims. Thus, notwithstanding the request in the Objection that the Claim be disallowed, any portion of the Claim that is not allowed as asserted instead should be reclassified and allowed.

WHEREFORE, GCCFC 2005-GG5 Terminus Industrial Limited Partnership respectfully requests that this Court overrule the Objection, allow the Claim as an administrative priority claim in the amount of $128,075.51, and grant such other and further relief as is just and proper.

Dated:  April 24, 2017

Respectfully submitted,

**BILZIN SUMBERG BAENA PRICE &
AXELROD LLP**
*Attorneys for GCCFC 2005-GG5 Terminus
Industrial Limited Partnership*
1450 Brickell Avenue, 23rd Floor
Miami, Florida 33131
Telephone: (305) 374-7580
Facsimile: (305) 351-2234

By:    <u>/s/ Jeffrey I. Snyder</u>
        Jeffrey I. Snyder
        Florida Bar No. 021281
        jsnyder@bilzin.com

## CERTIFICATE OF SERVICE

I hereby certify that, on April 24, 2017, the foregoing Response was served by (a) transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case, (b) electronic mail to the email addresses below, and (c) first class U.S. Mail to each of the persons listed below:

/s/ Jeffrey I. Snyder
Jeffrey I. Snyder

Gray, Plant, Mooty, Mooty & Bennet, P.A.
Phillip Bohl, Esq.
Abigail McGibbon, Esq.
500 IDS Center
80 South Eighth Street
Minneapolis, Minnesota  55402
Philip.bohl@gpmlaw.com
abigail.mcgibbon@gpmlaw.com

Werb & Sullivan
300 Delaware Avenue, 13th Floor
P.O. Box 25046
Wilmington, Delaware  19899
maustria@werbsullivan.com