**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| SRC LIQUIDATION, LLC,[1] | Case No. 15-10541 (BLS) |
| Debtor. | **Objection Deadline: June 1, 2017 at 4:00 (pm) (ET)** **Hearing Date:  June 14, 2017 at 9:30 (am) (ET)** |

**SRC SECURED CREDITOR TRUST'S MOTION FOR ENTRY OF AN ORDER**
**APPROVING STIPULATION BETWEEN SRC SECURED CREDITOR TRUST**
**AND LIBERTY MUTUAL INSURANCE COMPANY RESOLVING CLAIMS**

The SRC Secured Creditor Trust (the "Secured Creditor Trust"), by and through

its undersigned counsel, hereby moves (this "Motion"), for entry of an order in the form attached

hereto as **Exhibit A** (the "Agreed Order") approving the Stipulation Between SRC Secured

Creditor Trust and Liberty Mutual Insurance Company Resolving Claims (the "Stipulation")

attached hereto as **Exhibit B**.  In support hereof, the Secured Creditor Trust respectfully states as

follows:

**Jurisdiction**

1. This Court has jurisdiction over this application pursuant to

28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The predicates for the relief requested herein are section 105 of title 11 of

the United States Code (11 U.S.C. §§ 101 *et seq.*, the "Bankruptcy Code"), the Plan (as defined

below),the Confirmation Order (as defined below), and that certain Secured Creditor Trust

Agreement.

---

[1] The last four digits of the Debtor's taxpayer identification number are 5540. Inquiries regarding the Debtor should be directed to the GUC Trustee, c/o EisnerAmper LLP, 111 Wood Avenue South, Iselin, NJ 08830-2700 (Attn: Anthony R. Calascibetta).

3.      Pursuant to Local Bankruptcy Rule 9013-1(f), the Secured Creditor Trust consents to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**Background**

4.      On March 12, 2015 (the "Petition Date"), The Standard Register Company (n/k/a SRC Liquidation, LLC) and its affiliates (collectively, the "Debtors")[2] each filed voluntary petitions for relief (the "Bankruptcy Cases") under chapter 11 of title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").

5.      On November 19, 2015, the Court entered an Order (the "Confirmation Order") [Docket No. 1331] confirming the Debtors' Second Amended Chapter 11 Plan of Liquidation originally filed September 22, 2015 [Docket No. 1086], as revised with technical modifications (the "Plan") [Docket No. 1316]. The Effective Date of the Plan occurred on December 18, 2015 [Docket No. 1412].

6.      Pursuant to the Plan, Confirmation Order, and that certain Secured Creditor Trust Agreement, as amended, on the Effective Date, the Secured Creditor Trust was established to, among other things, liquidate the Secured Creditor Trust Assets, including resolution of Disputed Claims as necessary. Pursuant to the Secured Creditor Trust Agreement, the Secured Creditor Trust has the exclusive authority, among other things, to determine the

---

[2] In addition to The Standard Register Company, the Debtors are (a) SR Liquidation Holding Company (f/k/a Standard Register Holding Company), (b) SR Liquidation Technologies, Inc. (f/k/a Standard Register Technologies, Inc.), (c) SR Liquidation International, Inc. (f/k/a Standard Register International, Inc.), (d) iMLiquidation, LLC (f/k/a iMedConsent, LLC), (e) SR Liquidation of Puerto Rico Inc. (f/k/a Standard Register of Puerto Rico Inc.), (f) SR Liquidation Mexico Holdings Company (f/k/a Standard Register Mexico Holdings Company), (g) SR Liquidation Holdings, S. de R.L. de C.V. (f/k/a Standard Register Holdings, S. de R.L. de C.V.), (h) SR Liquidation de Mexico, S. de R.L. de C.V. (f/k/a Standard Register de México, S de R.L. de C.V.), (i) SR Liquidation Servicios, S. de R.L. de C.V. (f/k/a Standard Register Servicios, S. de R.L. de C.V., and (j) SR Liquidation Technologies Canada ULC (f/k/a Standard Register Technologies Canada ULC).

nature and amount of consideration to be received with respect to the disposition of the Secured Creditor Trust Assets, and to collect, liquidate, or otherwise convert into cash all property, assets, and rights in the Secured Creditor Trust Assets.

7.      Pursuant to the Plan, the Secured Creditor Trust Assets include all of the Debtors' Assets other than (i) the Rabbi Trust Proceeds, (ii) the Wind-Down Amount other than the Wind-Down Settlement Payment, (iii) the Wind-Down Funds Account, (iv) the Avoidance Actions, (v) the GUC Trust Causes of Action and proceeds thereof, (vi) the D&O Insurance and D&O Policies, (vii) the Taylor Utility Deposits, (viii) those GUC Trust Assets transferred to the GUC Trust in connection with closing of the Taylor Sale in accordance with the Committee Settlement, (ix) the obligation of Taylor to pay the Taylor Payment Receivable, (x) the obligation of the GUC Trust to repay the GUC Trust Seed Funding Amount, (xi) Terre Haute (as defined in the Wind-Down Settlement), and (xii) the Equity Interests in any of the Debtors or Liquidating SRC (the "Liquidating Debtor"); provided, however, that Secured Creditor Trust Assets do not include any Assets that the Agent, the Second Lien Lenders, and any of their professionals and other advisors relinquished pursuant to Section 1 of the Wind-Down Settlement.

8.      Pursuant to Section 4.2 of the Plan, from and after the Effective Date, the Secured Creditor Trust was granted the exclusive authority to compromise, resolve, and Allow any Class I Disputed Claims ("Other Secured Claims") without the need to obtain approval from the Bankruptcy Court, and any agreement entered into by the Secured Creditor Trust with respect to the Allowance of any Class I Disputed Claims shall be conclusive evidence and a final determination of the Allowance of such Claim.  The Liberty Claim (as defined below) constitutes a Class I Disputed Claim.

#39974996 v2

9.      Prior to the Petition Date, Liberty Mutual Insurance Company ("Liberty") provided certain insurance policies and related agreements related to workers' compensation, (together, the "Policies"), pursuant to which insurance coverage was provided for some or all of the Debtors for the period from approximately July 1, 2003 through July 31, 2015.  Certain of the Policies included provisions whereby premiums were subject to future audit or retrospective adjustment, or whereby the Debtors were responsible to pay certain amounts within the deductible layer of such Policies.  Pursuant to the Policies, the Debtors' obligations under the Policies were secured by a letter of credit in the amount of $2,240,000 and a held escrow in the amount of $104,260 (the "Policy Collateral").

10.     On April 13, 2015, Liberty filed Proof of Claim Number 642 seeking the allowance and payment of $10,735,890.45 for amounts allegedly due under the Policies, which amounts included $2,344,250 on a secured basis and $8,391,630.49 on an unsecured basis.  On June 23, 2015, Liberty filed Proofs of Claim Numbers 1918, 1922, 1923, 1924, 1957, 1961, 1963, 1964, and 1969, as well as Proof of Claim Number 1979 (the "Liberty Claim"), which amended and restated Proof of Claim Number 642 and sought the allowance and payment of partially contingent and unliquidated amounts allegedly due under the Policies, in an amount not less than $2,344,260.

11.     On July 27, 2016, Liberty drew on the letter of credit serving as the Policy Collateral in the amount of $2,240,000 to satisfy the Debtors' obligations pursuant to the Policies and subsequently utilized the proceeds of the letter of credit to pay obligations owing from the Debtors to Liberty.  As of October 24, 2016, Liberty held $1,949,567.91 of Policy Collateral.

12.     The Secured Creditor Trust and Liberty (collectively, the "Parties") dispute the amount of the Policy Collateral required to provide for the Debtors' contingent

#39974996 v2

obligations under the Policies and the amount of Policy Collateral that should be returned to the

Debtors' estates.

13.     Pursuant to the Plan, any excess Policy Collateral constitutes a Secured

Creditor Trust Asset over which the Secured Creditor Trust retains the exclusive authority to

administer.  The Policies and any excess Policy Collateral constitute Secured Creditor Trust

Assets, and the Secured Creditor Trust has the exclusive authority to compromise and resolve the

Disputes.

14.     The Parties exchanged information regarding any and all disputes between

and among them including, without limitation, the calculation of the Liberty Claim and the

disposition of the Policy Collateral (the "Disputes") and now desire to amicably resolve the

Disputes and all related matters, pursuant to the terms and conditions set forth in the Stipulation

and Agreed Order.

## Relief Requested

15.     By this Motion, the Secured Creditor Trust requests entry of the Agreed

Order approving the Stipulation.

## Basis for Relief Requested

16.     Section 105(a) of the Bankruptcy Code provides that "[t]he court may

issue any order. . . that is necessary or appropriate to carry out the provisions of this title." *See* 11

U.S.C. § 105(a).

17.     Pursuant to Section 4.2 of the Plan, from and after the Effective Date, the

Secured Creditor Trust has exclusive authority to compromise, resolve, and Allow any Class I

Disputed Claims.  The Liberty Claim constitutes a Class I Disputed Claim.

18.     The Policies and any excess Policy Collateral constitute Secured Creditor

Trust Assets, and the settlement set forth in the Stipulation will monetize these assets for the

-5-

beneficiaries of the Secured Creditor Trust in accordance with the Plan, Confirmation Order, and

that certain Secured Creditor Trust Agreement.  The Stipulation resolves all claims asserted by

Liberty or that could be asserted against the Secured Creditor Trust and resolves the Liberty

Claim asserted against the estates in these cases.  The Stipulation resolves all of the Disputes in

an efficient manner and provides certainty and a time benefit to the beneficiaries of the Secured

Creditor Trust.

19.    In short, the Secured Creditor Trust believes the Stipulation is in the best

interest of its beneficiaries, is fair and reasonable to all parties, and should be approved by this

Court.

## Conclusion

WHEREFORE the Secured Creditor Trust respectfully requests the entry of the

Agreed Order granting the relief requested herein and granting such other and further relief as

the Court deems just and proper.

Dated:  May 18, 2017
      Wilmington, DE                        Respectfully submitted,

                                          PEPPER HAMILTON LLP

/s/ John H. Schanne, II
David M. Fournier (DE No. 2812)
John H. Schanne, II (DE No. 5260)
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, DE   19899-1709
(302) 777-6500

*Counsel to the SRC Secured Creditor Trust*

#39974996 v2