# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| SRC Liquidation, LLC, | ) ) | Case No. 15-10541 (BLS) |
| Debtor. | ) ) ) | (Jointly Administered) |

**ORDER APPROVING STIPULATION BETWEEN SRC SECURED CREDITOR TRUST AND LIBERTY MUTUAL INSURANCE COMPANY RESOLVING CLAIMS**

SRC Secured Creditor Trust[1] (the "Secured Creditor Trust"), for itself and in its capacity as successor-in-interest to the above-captioned Debtors with respect to the Secured Creditor Trust Assets, and Liberty Mutual Insurance Company (including its affiliates and subsidiaries, "Liberty," and, together with the Secured Creditor Trust, the "Parties") having agreed to entry of this Order pursuant to that certain Stipulation attached hereto as **Exhibit A**; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court hereby finding that (i) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (ii) venue of these cases is proper pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) notice of the Stipulation and the Parties' request for entry of this Order was sufficient under the circumstances; (iv) the Policies and any excess Policy Collateral constitute Secured Creditor Trust Assets, (v) the Secured Creditor Trust has the exclusive authority to compromise and resolve the Disputes, including to provide a full and complete release to Liberty; (vi) neither the GUC Trust nor the Liquidating Debtor has any right, title, or interest in, or lien or claim against, the Policies, the Policy Collateral, and/or the Disputes, and accordingly upon the Secured Creditor Trust's receipt in good funds of the Settlement Amount Liberty shall have all right, title, and interest in the

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Stipulation.

#43786590 v2

remaining Policy Collateral free and clear of any and all rights, claims, liens, or interest of the Secured Creditor Trust, the GUC Trust, and the Liquidating Debtor in accordance with the Stipulation; and (vii) this Court's approval of the Stipulation is warranted; and after due deliberation and good and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1. The terms of the Stipulation are fair and reasonable, and, pursuant to the terms of this Order, the Stipulation is APPROVED in all respects.

2. The Secured Creditor Trust has the exclusive authority to settle the Disputes, including to provide a full and complete release to Liberty, and neither the Liquidating Debtor nor the GUC trust has any interest in or claim against Liberty relating to the subject matter of the Stipulation, including without limitation the Policies (including the Loss Portfolio Transfer policy), the Policy Collateral, the Disputes, and/or the underlying transactions giving rise to the Disputes.

3. The Parties are authorized to enter into, perform, execute, and deliver all documents, and take all actions necessary, to immediately continue and fully implement the Stipulation in accordance with the terms, conditions, agreements, and releases set forth therein, all of which are hereby approved.

4. The Court retains exclusive jurisdiction over any and all matters arising from or related to the Stipulation and the implementation or interpretation of this Order.

Dated: _____, 2017
Wilmington, Delaware

_____
The Honorable Brendan L. Shannon
Chief United States Bankruptcy Judge