# EXHIBIT A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SRC LIQUIDATION COMPANY, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-10541 (BLS)<br><br>Jointly Administered<br><br>Re Docket No. _____ |

### SETTLEMENT AGREEMENT

This Settlement Agreement is between Standard Register, Inc. (the "Buyer"), the Debtors and the undersigned claimant, Bullet Line, LLC (the "Claimant") (collectively, the "Parties").

### RECITALS

A. The debtors (collectively, the "Debtors") in the above-captioned cases (collectively, the "Case") filed voluntary petitions for relief in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") on March 12, 2015.

B. The Claimant filed one or more proofs of claim in the Case asserting that certain amounts due the Claimant by one or more of the Debtors are entitled to administrative expense priority under 11 U.S.C. § 503(b)(9) (each a "Section 503(b)(9) Claim").

C. In connection with its acquisition of substantially all of the assets of the Debtors in the Case, the Buyer has agreed to assume the Debtors' obligation to pay amounts entitled to administrative expense priority under 11 U.S.C. § 503(b)(9).

D. The Buyer and the Claimant desire to resolve by mutual agreement any disputes that might arise concerning the Section 503(b)(9) Claims.

E. The Claimant and the Debtors desire to resolve the amount of Claimant's General Unsecured Claim.

### AGREEMENT

Accordingly, Parties agree as follows:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: SRC Liquidation Company (5440) f/ka The Standard Register Company; SR Liquidation Holding Company (3186); SR Liquidation Technologies, Inc. (3180); SR Liquidation International, Inc. (1861); iMLiquidation, LLC (6337); SR Liquidation of Puerto Rico Inc. (0578); SR Liquidation Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (4GR4); Standard Register de México, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and SR Liquidation Technologies Canada ULC (0001).

1

1.      **Section 503(b)(9) Claim.** Subject to Court approval as set forth in paragraph 3 below, the Claimant is the holder of the timely and properly filed Section 503(b)(9) Claim(s) in the amount of $10,556.26 (the "Allowed Section 503(b)(9) Claim").

2.      **General Unsecured Claim.** Subject to Court approval as set forth in paragraph 3 below, and with the consent of the Debtors as confirmed by its execution of this Settlement Agreement, the Claimant shall hold a General Unsecured Claim in the amount of $68,189.32 (the "Allowed General Unsecured Claim") which equals the difference between the total amount of Claimant's Proof of Claim No. 1682 ($78,745.58) and the Allowed Section 503(b)(9) Claim. It is understood that the Buyer has no authority with regard to the disposition of general unsecured claims in this matter. The treatment of the General Unsecured Claim shall be pursuant to the Confirmed Plan in this Case.

3.      **Court Approval.** Within five (5) business days of receipt of a fully executed copy of this Settlement Agreement, the Buyer shall file a Certification of Counsel and Proposed Order allowing the Allowed Section 503(b)(9) Claim and Allowed General Unsecured Claim. This Settlement Agreement shall be attached as an Exhibit to the Certification of Counsel. The Certification of Counsel shall include the following provision:

> "The Debtors have authority regarding the disposition of the general unsecured portion of Bullet Line, LLC's Proof of Claim No. 1682 and has provided written consent in the Settlement Agreement attached hereto as Exhibit A to the deemed allowance of a general unsecured claim in the amount of $68,189.32 (the "Allowed General Unsecured Claim") with a waiver of any objections to the Allowed General Unsecured Claim."

4.      **Payment.** The Claimant will accept payment of the Payment Amount set forth on *Exhibit A* ($10,556.26) in full and complete settlement and satisfaction of all of its Section 503(b)(9) Claim(s), including without limitation those identified on *Exhibit A*. The Buyer will pay the Payment Amount, in accordance with the Payment Instructions set forth on *Exhibit A* or as otherwise agreed between the Buyer and the Claimant, on or within five (5) business days of the date the Court enters an Order allowing the Allowed Section 503(b)(9) Claim and Allowed General Unsecured Claim (the "Order Allowing Claims") as set forth in paragraph 3 of this Settlement Agreement.. The Claimant's receipt of the Payment Amount will release the Debtors and the Buyer from all liability for all of the Claimant's Section 503(b)(9) Claim(s), including without limitation those identified on *Exhibit A*. In the event the Court does not enter the Order Allowing Claims within forty-five (45) days of filing of the Certification of Counsel and Proposed Order as set forth in paragraph 3 of this Settlement Agreement, any party hereto shall have the right to deem this Settlement Agreement null and void by sending written notice to the other parties. Upon receipt of said notice, the parties shall maintain all rights, reservations, and obligations with respect to Proof of Claim No. 1682 existing immediately prior to their entry into this Settlement Agreement.

5. **Warranties by the Claimant.** The Claimant warrants to the Buyer that the Claimant is the sole person or entity entitled to payment of each and all of the Section 503(b)(9) Claim(s) identified on *Exhibit A*, that the Claimant has not assigned any interest of any type or nature in or to any of the Section 503(b)(9) Claim(s) identified on *Exhibit A*, and that the Claimant has full power and authority to execute this Settlement Agreement.

6. **Reservation of Rights, Etc.** Each of the Buyer, the Debtors, and the Claimant reserve any and all rights, claims and defenses that it has or may have with respect to any matter or thing other than the Allowed Section 503(b)(9) Claim and Allowed General Unsecured Claim

7. **Miscellaneous.** This Settlement Agreement is governed by the internal laws of the State of Delaware, without regard to its conflict of laws principles. This Settlement Agreement may be executed in two or more counterparts, all of which will be considered one and the same instrument. This Settlement Agreement may be executed by facsimile or .pdf signature, which signature will constitute an original for all purposes. Promptly upon execution of this Settlement Agreement by the Buyer, the Debtors, and the Claimant and payment of the Payment Amount, Buyer shall provide a copy of this Settlement Agreement to the Debtors. The Debtors, and their successors and assigns, shall be third party beneficiaries of this Settlement Agreement for purposes of enforcing the release set forth in this Settlement Agreement, and shall be entitled to file this Settlement Agreement with the Bankruptcy Court and deliver it to the Debtors' claims agent, as necessary to effectuate the dismissal, disallowance and/or expungement in full of the Section 503(b)(9) Claim filed by the Claimant.

| The Buyer: | The Claimant: |
|---|---|
| Standard Register, Inc. | Bullet Line, LLC |
| By: [signature] | By: |
| Its: Vintage LLC | Its: |
| Dated: 5/26/17 | Dated: |
| **The Debtors:** | |
| By: [signature] | |
| Its: Authorized Representative | |
| Dated: 5/30/17 | |

3

5. **Warranties by the Claimant.** The Claimant warrants to the Buyer that the Claimant is the sole person or entity entitled to payment of each and all of the Section 503(b)(9) Claim(s) identified on *Exhibit A*, that the Claimant has not assigned any interest of any type or nature in or to any of the Section 503(b)(9) Claim(s) identified on *Exhibit A*, and that the Claimant has full power and authority to execute this Settlement Agreement.

6. **Reservation of Rights, Etc.** Each of the Buyer, the Debtors, and the Claimant reserve any and all rights, claims and defenses that it has or may have with respect to any matter or thing other than the Allowed Section 503(b)(9) Claim and Allowed General Unsecured Claim

7. **Miscellaneous.** This Settlement Agreement is governed by the internal laws of the State of Delaware, without regard to its conflict of laws principles. This Settlement Agreement may be executed in two or more counterparts, all of which will be considered one and the same instrument. This Settlement Agreement may be executed by facsimile or .pdf signature, which signature will constitute an original for all purposes. Promptly upon execution of this Settlement Agreement by the Buyer, the Debtors, and the Claimant and payment of the Payment Amount, Buyer shall provide a copy of this Settlement Agreement to the Debtors. The Debtors, and their successors and assigns, shall be third party beneficiaries of this Settlement Agreement for purposes of enforcing the release set forth in this Settlement Agreement, and shall be entitled to file this Settlement Agreement with the Bankruptcy Court and deliver it to the Debtors' claims agent, as necessary to effectuate the dismissal, disallowance and/or expungement in full of the Section 503(b)(9) Claim filed by the Claimant.

| The Buyer: | The Claimant: |
|---|---|
| Standard Register, Inc. | Bullet Line, LLC |
| By: _____ <br> Its: _____ | By: *[signature]* <br> Its: Credit manager |
| Dated: _____ | Dated: 5/12/17 |
| **The Debtors:** | |
| By: _____ <br> Its: _____ | |
| Dated: _____ | |

3

*Exhibit A*
To
Settlement Agreement

| Claimant | Proof of Claim Number | Original Proof of Claim Amount (Section 503(b)(9) Only) |
|---|---|---|
| Bullet Line, LLC | 1682 | $29,770.86 |

**Agreed upon Section 503(b)(9) claim amount pursuant to this Settlement Agreement: $10,556.26**
**Payment Amount: $10,556.26**

**Payment Instructions:**

| By wire transfer to:  *Redacted* <br> Financial Institution: ▓▓▓ <br> Account Name: ▓▓▓ <br> Account Number: ▓▓▓ <br> Routing Number: ▓▓▓ | By check to: <br> _____ <br> _____ <br> _____ <br> Attention: _____ |
|---|---|

4