**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| SRC Liquidation, LLC,[1] | Case No. 15-10541 (BLS) |
| Debtor. | Jointly Administered |
| | Hearing Date: November 14, 2017 at 11:00 a.m. (ET)<br>Response Deadline: October 27, 2017 at 4:00 p.m. (ET) |

**MOTION OF THE SRC SECURED CREDITOR TRUST FOR
ENTRY OF AN ORDER EXTENDING THE TERM OF THE TRUST**

The SRC Secured Creditor Trust (the "Secured Creditor Trust"), by and through its undersigned counsel, hereby moves (this "Motion"), pursuant to Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Plan Documents (as defined below), for entry of an order extending the term of the Secured Creditor Trust by one additional year, through and including December 17, 2018. In connection herewith, the Secured Creditor Trust respectfully states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. The statutory predicate for the relief requested herein is Bankruptcy Rule 9006(b).

---

[1] The last four digits of the Debtor's taxpayer identification number are 5540. Inquiries regarding the Debtor should be directed to the GUC Trustee, c/o EisnerAmper LLP, 111 Wood Avenue South, Iselin, NJ 08830-2700 (Attn: Anthony R. Calascibetta).

#45850835 v4

**BACKGROUND**

3. On March 12, 2015, The Standard Register Company (n/k/a SRC Liquidation, LLC) and its affiliates (collectively, the "Debtors")[2] each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (11 U.S.C. §§ 101 *et seq.*, the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

4. On November 19, 2015, the Court entered an Order (the "Confirmation Order") (Docket No. 1331) confirming the Debtors' Second Amended Chapter 11 Plan of Liquidation originally filed September 22, 2015 (Docket No. 1086), as revised with technical modifications (the "Plan") (Docket No. 1316). The effective date (the "Effective Date") of the Plan occurred on December 18, 2015 (Docket No. 1412).

5. In connection with the Plan and Confirmation Order, the Debtors, as settlors, Wilmington Trust Company, as Trustee, Clingman & Hanger Management Associates, LLC, as Advisor, and Silver Point Finance, LLC (solely in its capacity as Second Lien Agent), as sole member of the Oversight Committee, entered into that certain Secured Creditor Trust Agreement, dated as of December 18, 2015 (the "Secured Creditor Trust Agreement" and, together with the Plan and Confirmation Order, the "Plan Documents").[3]

---

[2] In addition to The Standard Register Company, the Debtors are (a) SR Liquidation Holding Company (f/k/a Standard Register Holding Company), (b) SR Liquidation Technologies, Inc. (f/k/a Standard Register Technologies, Inc.), (c) SR Liquidation International, Inc. (f/k/a Standard Register International, Inc.), (d) iMLiquidation, LLC (f/k/a iMedConsent, LLC), (e) SR Liquidation of Puerto Rico Inc. (f/k/a Standard Register of Puerto Rico Inc.), (f) SR Liquidation Mexico Holdings Company (f/k/a Standard Register Mexico Holdings Company), (g) SR Liquidation Holdings, S. de R.L. de C.V. (f/k/a Standard Register Holdings, S. de R.L. de C.V.), (h) SR Liquidation de Mexico, S. de R.L. de C.V. (f/k/a Standard Register de México, S de R.L. de C.V.), (i) SR Liquidation Servicios, S. de R.L. de C.V. (f/k/a Standard Register Servicios, S. de R.L. de C.V., and (j) SR Liquidation Technologies Canada ULC (f/k/a Standard Register Technologies Canada ULC).

[3] Capitalized terms not defined herein shall have the meanings ascribed to them in the Plan Documents.

6. The Secured Creditor Trust was established pursuant to the Plan as of the Effective Date. (Plan, Section 2.3.6). The beneficiaries of the Secured Creditor Trust (the "<u>Secured Creditor Trust Beneficiaries</u>") are all holders of Allowed Class III Second Lien Secured Claims.[4] (Plan, Section 3.2.3(a)). Pursuant to the Plan, the Secured Creditor Trust is responsible for filing, prosecuting, and compromising objections to Class I Disputed Claims. (Plan, Section 4.2). The Secured Creditor Trust is also responsible for collecting, liquidating, and distributing the Trust Assets to the Secured Creditor Trust Beneficiaries on account of such creditors' Allowed Class III Second Lien Secured Claims. (Secured Creditor Trust Agreement, Section 2.1).

7. Since its formation, the Secured Creditor Trust has been engaged in resolving the Class 1 Disputed Claims and working to monetize assets of the trust. On June 5, 2017, the Court entered an order (D.I. 2212) approving a stipulation between the Secured Creditor Trust and Liberty Mutual Insurance Company pursuant to which the Secured Creditor Trust recovered approximately $925,000 that had been held to secure certain workers' compensation reimbursement obligations. The Secured Creditor Trust remains actively engaged in efforts to reconcile and recover a substantial deposit held by another of the Debtors' workers' compensation insurance carriers in excess of the underlying obligations. As the work of the Secured Creditor Trust is not yet concluded, the Secured Creditor Trust is not ready to be wound up.

## **RELIEF REQUESTED**

---

[4] Under the Plan, a "Second Lien Secured Claim" is defined as: "any Claim derived from, based upon, relating to, or arising from the Second Lien Term Loan Facility, other than a Second Lien Deficiency Claim." (Plan, Exhibit A, Section (B)(98)).

#45850835 v4

8. Pursuant to this Motion, the Secured Creditor Trust seeks entry of an order, substantially in the form attached hereto as **Exhibit A**, extending, pursuant to Section 4.1 of the Secured Creditor Trust Agreement and Bankruptcy Rule 9006(b)(1), the term of the Secured Creditor Trust for one additional year, through and including December 17, 2018.

## AUTHORITY FOR RELIEF REQUESTED

9. Pursuant to the Secured Creditor Trust Agreement, the Secured Creditor Trust is scheduled to terminate (the "Termination Date"):

> upon the earliest of (i) a termination required by the applicable laws of the State of Delaware, (ii) a termination due to the distribution of all the Trust Assets as provided in Section 5.4 of this Agreement, or (iii) the expiration of a period of two (2) years from the date of the creation of the Secured Creditor Trust, unless the Bankruptcy Court, upon a motion filed on or before such second (2nd) anniversary or the end of any extension period approved by the Bankruptcy Court (the filing of which motion shall automatically extend the term of the Secured Creditor Trust pending the entry of an order by the Bankruptcy Court granting or denying the motion), determines that a fixed period extension is necessary or appropriate to facilitate or complete the recovery and liquidation of the Trust Assets.

(Secured Creditor Trust Agreement, Section 4.1). The Secured Creditor Trust Agreement, however, provides that this Court may extend the Termination Date upon a motion filed before the second anniversary of the Secured Creditor Trust's creation or the end of any subsequent extension period. *Id.* Moreover, multiple extensions of the Termination Date are permitted. *Id.* Finally, notwithstanding the establishment of the Termination Date set forth in (iii), the Secured Creditor Trust Agreement expressly provides that "the Secured Creditor Trust shall not in any event terminate pursuant to such clause (iii) prior to the date the Trustee is directed to make a final distribution in accordance with Section 5.4 of this Agreement." (Secured Creditor Trust Agreement, Section 4.1). The final distribution has not been made and therefore by the explicit terms of the Secured Creditor Trust Agreement, the Termination Date must be extended.

10. Bankruptcy Rule 9006(b) permits the Court, in its discretion, to extend the Termination Date for cause, with or without motion or notice. Bankruptcy Rule 9006(b)(1) provides:

> [W]hen an act is required or allowed to be done at or within a specified period ... by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefore is made before expiration of the period prescribed or as extended by a previous order . . . .

Fed. R. Bankr. P. 9006(b)(1). The Secured Creditor Trust is making the request in this Motion before the current Termination Date, and, accordingly, this request complies with Bankruptcy Rule 9006(b)(1).

11. Although Bankruptcy Rule 9006 does not define "cause," it has been noted that "courts should be liberal in granting extensions of time sought before the period to act has elapsed, as long as the moving party has not been guilty of negligence or bad faith and the privilege of extensions has not been abused . . . ." 10 *Collier on Bankruptcy* (15th ed. rev. 2008 at 9006-14).

12. In the context of determining whether "cause" exists regarding extensions of time, courts have considered such factors as (i) the size and complexity of the issues involved, (ii) the debtors' good faith progress in resolving issues, (iii) the amount of time elapsed in the case, and (iv) whether any prejudice will result to the creditors. *See, e.g., In re Express One Int'l*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996).

13. The requested extension is warranted by the facts and circumstances of this case as it is both (i) necessary and appropriate to allow the Secured Creditor Trust to complete the recovery and liquidation of the Trust Assets, and (ii) expressly required by Section 4.1 of the Secured Creditor Trust Agreement, the terms of which were approved by the Court.

14. Moreover, cause exists on the factors reviewed by Courts as the Secured Creditor Trust has made good faith progress in resolving a variety of complex issues with respect to liquidation of the Trust Assets and continues to engage in such efforts. Rather than prejudicing Secured Creditor Trust Beneficiaries, the requested extension will enable the Secured Creditor Trust to continue to liquidate the Trust Assets in its efforts to maximize recoveries for the Secured Creditor Trust Beneficiaries. Notwithstanding the meaningful progress made to date, as noted above certain matters remain pending that need to be resolved to complete the liquidation of the Secured Creditor Trust Assets.

15. The Secured Creditor Trust therefore respectfully submits that cause exists to extend the Termination Date. The Oversight Committee has approved the relief requested in this Motion.

## CONCLUSION

WHEREFORE, the Secured Creditor Trust respectfully requests the entry of an order granting the relief requested herein and granting such other and further relief as the Court deems just and proper.

Dated: October 13, 2017
       Wilmington, Delaware

Respectfully submitted,

PEPPER HAMILTON LLP

 /s/ John H. Schanne, II
David M. Fournier (DE No. 2812)
John H. Schanne, II (DE No. 5260)
Hercules Plaza, Suite 5100
1313 North Market Street
Post Office Box 1709
Wilmington, Delaware 19899-1709
Telephone: (302) 777-6500
Facsimile: (302) 421-8390

*Counsel for the SRC Secured Creditor Trust*

#45850835 v4