**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| SRC Liquidation, LLC,[1] | Case No. 15-10541 (BLS) |
| Debtor. | Hearing Date: December 14, 2017 at 10:00 a.m.<br>Response Deadline: December 7, 2017 at 4:00 p.m. |

**STANDARD REGISTER INC.'S TENTH (10TH) OMNIBUS (SUBSTANTIVE)**
**OBJECTION TO SECTION 503(b)(9) CLAIMS PURSUANT TO SECTION 502 OF THE**
**BANKRUPTCY CODE, BANKRUPTCY RULE 3007 AND LOCAL RULE 3007-1**

Taylor Corporation and its Designated Buyer Standard Register, Inc. (collectively, "SRI")

object, pursuant to Section 502 of Title 11 of the United States Code (the "Bankruptcy Code"),

Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 3007-

1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court

for the District of Delaware (the "Local Rules"), to the classification of all or any portion of each

of the proofs of claim filed against the above-named debtor (the "Debtor") or affiliated debtors

and their estates that are listed on Exhibit A to the proposed form of order (the "Proposed Order")

attached hereto as Exhibit 2 as entitled to priority under Section 503(b)(9) of the Bankruptcy Code

(collectively, the "Section 503(b)(9) Disputed Claims") and request that the Section 503(b)(9)

Disputed Claims listed on Exhibit A be disallowed on the grounds set forth herein.  In support of

this Objection, SRI relies on the Declaration of Leigh Hart (the "Hart Declaration"), a copy of

which is attached hereto as Exhibit 1.  In further support of this Objection, SRI respectfully

represents as follows:

---

[1]     The last four digits of the Debtor's taxpayer identification number are 5540.  Inquiries regarding the Debtor
should be directed to the GUC Trustee, c/o EisnerAmper LLP, 111 Wood Avenue South, Iselin, NJ 08830-2700 (Attn:
Anthony R. Calascibetta).

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012 (the "Amended Standing Order").  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.   SRI consents to entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief sought herein are Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1.

## BACKGROUND

### A. General Background.

3. On March 12, 2015, The Standard Register Company (n/k/a SRC Liquidation, LLC) and its affiliates (collectively, the "SRC Debtors")[2] each commenced a voluntary case under Chapter 11 of the Bankruptcy Code with this Court.  Pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code, the SRC Debtors continued to manage their financial affairs as debtors in possession.

---

[2] The SRC Debtors and the last four digits of their respective taxpayer identification numbers were as follows: SRC Liquidation Company (5440); SR Liquidation Holding Company (3186); SR Liquidation Technologies, Inc. (3180); SR Liquidation International, Inc. (1861); iMLiquidation, LLC (6337); SR Liquidation of Puerto Rico Inc. (0578); SR Liquidation Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de. C.V. (4GR4); Standard Register de Mexico, S. de R.L. de C.V. (4FN0); Standard Register Servicios, S. de R.L. de C.V. (43K5); and SR Liquidation Technologies Canada ULC (0001).

4.      On June 19, 2015 the SRC Debtors and Taylor Corporation ("Taylor") entered into an Asset Purchase Agreement [Docket No. 698-1] (the "Purchase Agreement") providing for the sale of certain Transferred Assets (defined therein) by the SRC Debtors to Taylor and the assumption by Taylor of certain Assumed Liabilities (defined therein) of the SRC Debtors upon the terms and conditions set forth in the Purchase Agreement.

5.      On June 19, 2015, the Court entered an Order [Docket No. 698] approving the Purchase Agreement and authorizing the SRC Debtors to consummate the transactions contemplated in the Purchase Agreement.  The sale to Taylor, pursuant to the provisions of the Purchase Agreement, closed on July 31, 2015 (the "Closing Date").

6.      Pursuant to Section 2.11 of the Purchase Agreement, Taylor was entitled to designate one or more parties (each a "Designated Buyer") to purchase the Transferred Assets and assume the Assumed Liabilities on and after the Closing Date.

7.      On the Closing Date, a Joinder to the Purchase Agreement was executed that designated SR Acquisition Corporation as a Designated Buyer under the Purchase Agreement. Following the Closing Date, SR Acquisition Corporation changed its name to Standard Register, Inc.

8.      SRI, as the Designated Buyer, assumed "all Liabilities for amounts owed to vendors as administrative expense claims under Section 503(b)(9) of the Bankruptcy Code" pursuant to Section 2.3(a)(iv) of the Purchase Agreement.

9.      This Court, by Order entered November 19, 2015, confirmed the Debtors' Second Amended Chapter 11 Plan of Liquidation for SRC Liquidation Company and its Affiliates (With Technical Modifications) [Docket No. 1331-1] (the "Plan").  The Effective Date (as defined in the

Plan) of the Plan occurred on December 18, 2015.[3]  *Notice of Effective Date of Second Amended Chapter 11 Plan of Liquidation for SRC Liquidation Company and its Affiliates (With Technical Modifications) Under Chapter 11 of the Bankruptcy Code* [Docket No. 1412], ¶ 1.

10.     Section 4.2 of the Plan provides that SRI, as a Designated Buyer of Taylor, has exclusive authority to "compromise, resolve and Allow any Disputed Taylor Claims [as defined in the Plan]."  The Section 503(b)(9) Disputed Claims at issue in this Objection constitute Disputed Taylor Claims under the Plan.

**B.     Bar Dates**

11.     On May 8, 2015, the Court entered the *Order Pursuant to Bankruptcy Rule 3003(c)(3) and Local Rule 2002-1(e) Establishing Bar Dates and Related Procedures for Filing Proofs of Claim (Including for Administrative Expense Claims Arising under Section 503(b)(9) of the Bankruptcy Code) and Approving the Form and Manner of Notice Thereof* [Docket No. 449] (the "Bar Date Order").  The Bar Date Order established June 9, 2015 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for a claimant to file a proof of claim asserting administrative expense priority based on Section 503(b)(9) of the Bankruptcy Code (the "Section 503(b)(9) Bar Date").  Though not specifically relevant to this Objection, the Bar Date Order also established deadlines for government and other proofs of claim (collectively, with the Section 503(b)(9) Bar Date, the "Bar Dates").

12.     Notice of the Bar Dates was served on all creditors and equity holders known to the SRC Debtors.  *See Affidavit of Service* [Docket No. 514] filed on May 14, 2015.  In addition, the SRC Debtors caused to be published notice of the Bar Dates in (a) *USA Today* (National Edition)

---

[3]     Following the Effective Date of the Plan, this Court entered a *Final Decree Closing Certain Cases and Amending Caption of Remaining Case* [Docket No. 1417] closing the cases of each of the SRC Debtors except the Debtor, SRC Liquidation Company, Case No. 15-10541, for which the Debtor's name was changed to SRC Liquidation, LLC.

and the *Dayton Daily News* on May 18, 2015, and (b) *Today on PIWorld*, a daily email newsletter, on four consecutive issues, dated May 26, 2015 through May 29, 2015.  *See Affidavit of Publication* [Docket No. 600] filed on June 3, 2015

13.    Exhibit A sets forth the date on which each of the respective Section 503(b)(9) Disputed Claims was filed with the SRC Debtors' claims agent.  Each of the Section 503(b)(9) Disputed Claims was filed after the Section 503(b)(9) Bar Date.

## REQUESTED RELIEF

14.    By this Objection, SRI seeks entry of an order, pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007, Local Rule 3007-1 disallowing the Section 503(b)(9) Disputed Claims listed on Exhibit A.  In accordance with Local Rule 3007-1(e)(i)(E), SRI believes that this Objection complies in all material respects with Local Rule 3007-1.

## OBJECTION

### A.    Late Filed Claims

15.    Section 502(b) of the Bankruptcy Code provides that:

> (b)    …, the court, after notice and a hearing, shall determine the amount of [a] claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that –
> …
> (9)    proof of such claim is not timely filed, except to the extent tardily filed as permitted under paragraph (1), (2), or (3) of section 726(a)….

16.    Each of the Section 503(b)(9) Disputed Claims is unenforceable against the Debtor, and thus SRI, as a claim entitled to administrative expense priority under Section 503(b)(9) of the Bankruptcy Code because each such proof of claim was not timely filed since it was filed after the Section 503(b)(9) Bar Date.

17.    The Bar Date Order, at paragraph 20, provides that:

> Pursuant to Bankruptcy Rule 3003(c)(2), any Claimant that is required to file a Proof of Claim in these Chapter 11 Cases pursuant to the Bankruptcy Code, the Bankruptcy Rules or this Order with respect to a particular claim against the Debtors, but that fails to do so properly by the applicable Bar Date, shall not, with respect to such claim, be treated as a creditor of the Debtors for the purpose of voting on, or receiving distribution under, any chapter 11 plan in these Chapter 11 cases.

18.     Each of the Section 503(b)(9) Disputed Claims listed on Exhibit A are unenforceable against the Debtor, and thus SRI, as a claim entitled to administrative expense priority of distribution under Section 503(b)(9) of the Bankruptcy Code because each such proof of claim was not timely filed since it was filed after the Section 503(b)(9) Bar Date, which is the applicable Bar Date under the Bar Date Order.

## RESERVATION OF RIGHTS

19.     SRI expressly reserves the right to amend, modify, or supplement this Objection. Should one or more of the grounds for this Objection be dismissed or overruled, SRI reserves the right to object to any Section 503(b)(9) Disputed Claim on any other ground.

20.     This motion is without prejudice to the rights of The General Unsecured Creditor Trust (the "GUC Trust") and any other party in interest to object to any Disputed Claim listed on Exhibit A to the Proposed Order on any other ground.  The right to commence additional proceedings with respect to the claims that are subject to this Objection, including but not limited to proceedings under sections 502(d), 510, 542, 543, 544, 545, 547, 548, 549, 550, 551, and 553 of the Bankruptcy Code is also reserved.

## NOTICE

21.     SRI has provided notice of this Objection to (i) the United States Trustee; (ii) counsel to the Liquidating Debtor; (iii) the holder of the Section 503(b)(9) Disputed Claim; and (iv) all parties receiving electronic service in this matter through the Court's CM/ECF System.

In light of the nature of the relief requested here, SRI submits that no other or further notice is necessary.

WHEREFORE, SRI respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as Exhibit 2, sustaining this Objection in all respects and granting such other and further relief as the Court may deem just and proper.

Dated:  November 14, 2017
        Wilmington, DE

**WERB & SULLIVAN**

*/s/ Matthew P. Austria*
Matthew P. Austria (DE No. 4827)
300 Delaware Avenue, 13th Floor
P.O. Box 25046
Wilmington, Delaware 19899
(For courier: 19801)
Telephone:  (302) 652-1100
Facsimile:  (302) 652-1111
E-mail:  maustria@werbsullivan.com
-and-

**GRAY, PLANT, MOOTY,
MOOTY & BENNET, P.A.**
Phillip Bohl (MN No. 139191)
Abigail McGibbon (MN No. 393263)
500 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
Telephone:  (612) 632-3019
Telephone:  (612) 632-3009
Facsimile:   (612) 632-4019
Facsimile:   (612) 632-4009
Email:  phillip.bohl@gpmlaw.com
Email:  abigail.mcgibbon@gpmlaw.com

*Counsel to Taylor Corporation and its Designated
Buyer Standard Register, Inc*

.