## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SRC LIQUIDATION, LLC,[1] | Case No. 15-10541 (BLS) |
| Debtor. | |
| | **Hearing Date: July 18, 2018 at 10:30 a.m. (ET)** |
| | **Response Deadline: July 9, 2018 at 4:00 p.m. (ET)** |

## DEBTOR'S EIGHTEENTH (18TH) OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

SRC Liquidation, LLC *f/k/a* The Standard Register Company, the above-captioned debtor (the "Debtor," and together with its chapter 11 debtor affiliates,[2] the "Debtors") hereby files this objection (this "Objection"), pursuant to section 502 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to each of the claims (collectively, the "Disputed Claims") filed against the Debtors and their estates that are listed on Exhibit A to the proposed form of order (the "Proposed Order") attached hereto as Exhibit 2, and requests entry of the Proposed Order disallowing each of the Disputed Claims on the grounds set forth herein. In support of this Objection, the Debtor relies upon the Declaration of Anthony R. Calascibetta (the "Calascibetta

---

[1]   The last four digits of the Debtor's taxpayer identification number are 5540. Inquiries regarding the Debtor should be directed to the GUC Trustee, c/o EisnerAmper LLP, 111 Wood Avenue South, Iselin, NJ 08830-2700 (Attn: Anthony R. Calascibetta).

[2]   The following Debtors filed for relief under chapter 11 of the Bankruptcy Code on the Petition Date: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (n/a); Standard Register de México, S. de R.L. de C.V. (n/a); Standard Register Servicios, S. de R.L. de C.V. (n/a); and Standard Register Technologies Canada ULC.

Declaration"), which is attached hereto as <u>Exhibit 1</u>.   In further support of this Objection, the Debtor respectfully represents as follows:

**JURISDICTION**

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012 (the "<u>Amended Standing Order</u>").   This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States constitution.   Pursuant to Local Rule 9013-1(f), the Debtor consents to entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.   The statutory and legal predicates for the relief sought herein are section 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1.

**BACKGROUND**

A.      **General Background**

3.      On March 12, 2015 (the "<u>Petition Date</u>"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>").   Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are continuing to manage their financial affairs as debtors in possession.   No request for a trustee or examiner has been made in these chapter 11 cases (collectively, the "<u>Chapter 11 Cases</u>").

4.      By Order entered November 19, 2015 (the "Confirmation Order") [Docket No. 1331], the Court confirmed the *Debtors' Second Amended Chapter 11 Plan of Liquidation for SRC Liquidation Company and its Affiliates (With Technical Modifications)* [Docket No. 1331-1] (the "Plan").  The Effective Date (as defined in the Plan) of the Plan occurred on December 18, 2015.  See *Notice of Effective Date of Second Amended Chapter 11 Plan of Liquidation for SRC Liquidation Company and its Affiliates (With Technical Modifications) Under Chapter 11 of the Bankruptcy Code* [Docket No. 1412], ¶ 1.

5.      Among other things, the Confirmation Order and the Plan provided for substantive consolidation of the Debtors' estates for, *inter alia*, distribution purposes.  See Confirmation Order, ¶¶ II, 7; and Plan, ¶ 2.2.

6.      Section 4.2 of the Plan provides that the Debtor and the GUC Trustee (as defined in the Plan) shall have exclusive authority to "compromise, resolve and Allow any Disputed Claims other than Class I and Class III Disputed Claims and Disputed Taylor Claims."  The Disputed Claims subject to this Objection constitute Disputed Claims under the Plan that the Debtor may object to, compromise, resolve and/or allow.

7.      Information regarding the Debtors' history and business operations, capital structure and primary secured indebtedness, and the events leading up to the commencement of these Chapter 11 Cases, can be found in the *Declaration of Kevin M Carmody in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* [Docket No. 2].

**B.      Debtors' Schedules**

8.      On May 11, 205, each of the Debtors filed their Schedules of Assets and Liabilities [Docket Nos. 475, 477, 479, 481, 483, 485, 487, 489, 491, 493, and 495].

**C.     Proofs of Claim**

9.      On March 13, 2015, the Court entered an order [Docket No. 54] appointing Prime Clerk LLC ("Prime Clerk") as claims and noticing agent in these Chapter 11 Cases. Among other things, Prime Clerk is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain official claims registers for each of the Debtors.

**D.     Bar Dates**

10.     On May 8, 2015, the Court entered the *Order Pursuant to Bankruptcy Rule 3003(c)(3) and Local Rule 2002-1(e) Establishing Bar Dates and Related Procedures for Filing Proofs of Claim (Including for Administrative Expense Claims Arising under Section 503(b)(9) of the Bankruptcy Code) and Approving the Form and Manner of Notice Thereof* [Docket No. 449] (the "Bar Date Order"), establishing (i) July 8, 2015 at 5:00 p.m. (Prevailing Eastern Time) as the deadline by which a person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, and trust), other than a governmental unit, must file a proof of claim based on prepetition claims against the Debtors (the "General Bar Date"); (ii) June 9, 2015 at 5:00 p.m. (Prevailing Eastern Time) as the deadline by which a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must be filed (the "Section 503(b)(9) Bar Date"); and (iii) September 8, 2015 at 5:00 p.m. (Prevailing Eastern Time) as the deadline by which any governmental unit (as such term is defined in section 101(27) of the Bankruptcy Code) must file a proof of claim against the Debtors (together with the Section 503(b)(9) Bar Date and General Bar Date, the "Bar Dates"). Finally, the General Bar Date Order exempted from the proof of claim filing requirements:

> Any person or entity holding an equity security (as defined in section 101(16) of the Bankruptcy Code and including, without limitation, common stock, preferred stock, warrants, or stock

63927436.1

> options) or other ownership interest in the Debtors (an "Interest Holder") is not required to file a proof of interest on or before the applicable Bar Date; provided, however, that an Interest Holder that wishes to assert claims against the Debtors that arise out of or relate to the ownership or purchase of an equity security or other ownership interest, including, but not limited to, a claim for damages or rescission based on the purchase or sale of such equity security or other ownership interest, must file a Proof of Claim on or before the applicable Bar Date.

Bar Date Order ¶ 12.

11.     Notice of the Bar Dates was served on all known creditors and equity holders. In addition, the Debtors caused to be published notice of the Bar Dates in (a) USA Today (National Edition) and the Dayton Daily News on May 18, 2015, and (b) Today on PIWorld, a daily email newsletter, on four consecutive issues, dated May 26, 2015 through May 29, 2015. See Affidavit of Publication [Docket No. 600] filed on June 3, 2015.

## RELIEF REQUESTED

12.     By this Objection, the Debtor seeks entry of an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, disallowing each of the Disputed Claims as set forth herein.

13.     In accordance with Local Rule 3007-1(e)(i)(E), the Debtor believes that this Objection complies in all material respects with Local Rule 3007-1.

## OBJECTION

14.     Section 502(b) of the Bankruptcy Code provides, in relevant part, that:

> [T]he court, after notice and a hearing, shall determine the amount of [a] claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent . . . such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured.

11 U.S.C. § 502(b)(1).

15.     The Disputed Claims are unenforceable against the Debtors because they are untimely as a result of failure to file a claim by the applicable Bar Date.

16.     Therefore, pursuant to section 502(b)(1) of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1, the Debtor respectfully requests that the Court enter an order disallowing each Disputed Claim.

### A.     Late Claims

17.     The claims listed in <u>Exhibit A</u> to the Proposed Order were filed after the applicable Bar Date (collectively, the "<u>Late Filed Claims</u>"), on the date listed under the column heading "Claim Filed Date."   Therefore, the Debtor hereby objects to the Late Filed Claims and request entry of the Proposed Order disallowing in full each of the Late Filed Claims.

18.     Section 502(b)(9) of the Bankruptcy Code provides that a claim shall not be allowed if "proof of such claim is not timely filed, except to the extent tardily filed as permitted under paragraph (1), (2), or (3) of section 726(a) of this title or under the Federal Rules of Bankruptcy Procedure[.]"  Courts have consistently held that a creditor who fails to timely file its claim may not file a late claim and participate in a distribution from the estate.  *See, e.g., In re Energy Future Holdings Corp.*, 522 B.R. 520, 526-27 (Bankr. D. Del. 2015) (stressing the importance of a bar date and holding that it is "akin to a statute of limitations and must be strictly enforced.") (citations omitted); *Matter of LAN Associates XIV, L.P.*, 193 B.R. 730, 739 (Bankr. D.N.J. 1996) (denying tardy proof of claim, despite apparent good faith of creditor, and citing the need for expeditious distribution of debtor's estate and potential prejudice to creditors who timely filed claims); *In re Big, M, Inc.*, 2014 WL 5822655 (Bankr. D. N.J. Nov. 6, 2014) (DHS) (expunging tardy filed administrative claim).

63927436.1

19.     The establishment and enforcement of bar dates for filing proofs of claim "furthers the policy of finality designed to protect the interests of a debtor and his diligent creditors and the expeditious administration of the bankruptcy case." *In re New Century TRS Holdings, Inc.*, No. 07-10416 (BLS), 2014 WL 2198247, at *4 (Bankr. D. Del. May 23, 2014) (quoting *In re US Airways, Inc.*, No. 04-13819-SSM, 2005 WL 3676186, at *7-*8 (Bankr. E.D. Va. Nov. 21, 2005)).  Bar dates are essential to the success of chapter 11 cases because they provide debtors, creditors, and other parties in interest, with an accurate and reasonably final picture of a debtor's liabilities.  Parties to chapter 11 proceedings rely on the finality of bar dates.

20.     The Late Filed Claims were subject to the requirement that proofs of claim be filed no later than the General Bar Date, but were filed after the General Bar Date, as indicated by the dates identified on <u>Exhibit A</u>.  For these reasons, the Late Filed Claims are untimely and unenforceable and must be disallowed in their entirety and expunged from the claims register pursuant to sections 502(b)(1) and (9) of the Bankruptcy Code.

## RESERVATION OF RIGHTS

21.     The Debtor expressly reserves the right to amend, modify, or supplement this Objection.  Should one or more of the grounds for this Objection be dismissed or overruled, the Debtor reserves the right to object to any Disputed Claim listed on <u>Exhibit A</u> to the Proposed Order on any other ground.  The Debtor also expressly reserves the right to commence additional proceedings with respect to the claims that are subject to this Objection, including but not limited to proceedings under sections 502(d), 510, 542, 543, 544, 545, 547, 548, 549, 550, 551, and 553 of the Bankruptcy Code.

## NOTICE

22.     The Debtor has provided notice of this Objection to (i) the Office of the United States Trustee for the District of Delaware; (ii) the Secured Creditor Trust; (iii) counsel to the

Secured Creditor Trust; (iv) the holders of the Disputed Claims; and (v) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002 and Section 8.10 of the Plan.  In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary.

WHEREFORE, the Debtor respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as Exhibit 2, sustaining this Objection in all respects and granting such other and further relief as the Court may deem just and proper.

Dated:  June 4, 2018

Respectfully Submitted,

**LOWENSTEIN SANDLER LLP**
Wojciech F. Jung, Esq.
One Lowenstein Drive
Roseland, NJ  07068
Telephone:  (973-597-2500
Facsimile:  (973) 597-2400

*-and –*

**POLSINELLI PC**

*/s/ Justin K. Edelson*
Christopher A. Ward (DE Bar No. 3877)
Justin K. Edelson (DE Bar No. 5002)
222 Delaware Avenue, Suite 1101
Wilmington, DE 19801
Telephone: (302) 252-0920
Facsimile: (302) 252-0921
cward@polsinelli.com
jedelson@polsinelli.com

*Counsel to SRC Liquidation, LLC*