## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SRC LIQUIDATION, LLC,[1] | Case No. 15-10541 (BLS) |
| Debtor. | |

**Hearing Date: September 26, 2018 at 10:30 a.m. (ET)**
**Objection Deadline: September 6, 2018 at 4:00 p.m. (ET)**

## MOTION OF THE DEBTOR FOR AN ORDER TERMINATING
## THE ENGAGEMENT OF PRIME CLERK, LLC
## AS CLAIMS AND NOTICING AGENT

SRC Liquidation, LLC *f/k/a* The Standard Register Company, the above-captioned reorganized debtor (the "Debtor," and together with its chapter 11 debtor affiliates,[2] the "Debtors") files this motion (the "Motion") for entry of an order, substantially in the form attached as **Exhibit A** (the "Termination Order"), terminating the engagement of Prime Clerk, LLC ("Prime Clerk") as claims and noticing agent in these cases. In support of this Motion, the Debtor respectfully represents as follows:

### JURISDICTION

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Pursuant to Local Rule 9013-1(f), the Debtor consents to entry of a final order by

---

[1]      The last four digits of the Debtor's taxpayer identification number are 5540. Inquiries regarding the Debtor should be directed to the GUC Trustee, c/o EisnerAmper LLP, 111 Wood Avenue South, Iselin, NJ 08830-2700 (Attn: Anthony R. Calascibetta).

[2]      The following Debtors filed for relief under chapter 11 of the Bankruptcy Code on the Petition Date: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (n/a); Standard Register de México, S. de R.L. de C.V. (n/a); Standard Register Servicios, S. de R.L. de C.V. (n/a); and Standard Register Technologies Canada ULC.

the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for relief requested in this Motion are sections 105 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2002-1(f)(xii) of the Local Rules of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## BACKGROUND

4.      On March 12, 2015 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code with the Court.  Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are continuing to manage their financial affairs as debtors in possession.  No request for a trustee or examiner has been made in these chapter 11 cases (collectively, the "Chapter 11 Cases").

5.      On March 13, 2015, the Court entered the *Order Authorizing Retention and Appointment of Prime Clerk, LLC as Claims and Noticing Agent* [Docket No. 54] (the "Retention Order"), approving the retention of Prime Clerk as the claims and noticing agent effective as of the Petition Date, pursuant to the terms of the applicable Engagement Agreement (as defined in the Retention Order).

6.      By Order entered November 19, 2015 (the "Confirmation Order") [Docket No. 1331], the Court confirmed the *Debtors' Second Amended Chapter 11 Plan of Liquidation for SRC Liquidation Company and its Affiliates (With Technical Modifications)* [Docket No. 1331-1] (the "Plan").

7.      The Effective Date (as defined in the Plan) of the Plan occurred on December 18, 2015.  *See Notice of Effective Date of Second Amended Chapter 11 Plan of Liquidation for SRC*

*Liquidation Company and its Affiliates (With Technical Modifications) Under Chapter 11 of the Bankruptcy Code* [Docket No. 1412], ¶ 1.

8.      Among other things, the Confirmation Order and the Plan provided for substantive consolidation of the Debtors' estates for, *inter alia*, distribution purposes.  *See* Confirmation Order, ¶¶ II, 7; and Plan, ¶ 2.2.

9.      Information regarding the Debtors' history and business operations, capital structure and primary secured indebtedness, and the events leading up to the commencement of these Chapter 11 Cases, can be found in the *Declaration of Kevin M Carmody in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* [Docket No. 2].

## RELIEF REQUESTED

10.      By this Motion, the Debtor seeks entry of an order, substantially in the form attached as **Exhibit A**, terminating the engagement of Prime Clerk and releasing Prime Clerk as claims and noticing agent.

## BASIS FOR RELIEF

11.      Section 105(a) of the Bankruptcy Code provides that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  Furthermore, the Court is not precluded from "taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process. *Id.*

12.      Pursuant to the Retention Order, this Court approved Prime Clerk to provide the Debtors with the claims and noticing services (as set forth in the Retention Order).  Since its retention, Prime Clerk Inc. has continuously performed the claims and noticing services, including: (a) serving motions, orders, notices and other pleadings as directed by the Debtors; (b) receiving and processing proofs of claim filed against the Debtors' estates; (c) maintaining the

3

official claims register; and (d) hosting a public website and toll-free telephone number dedicated to providing information about the administration of the Chapter 11 Cases.

13.     The Debtor has determined the services of Prime Clerk are no longer needed. Prime Clerk has completed all mailings directed to be served by the Debtors and processed all claims it has received in connection with the Chapter 11 Cases.  Furthermore, Prime Clerk has complied or will comply with Rule 2002-1(F)(xii) of the Local Rules by, prior to or upon entry of the Termination Order, (a) forwarding to the Clerk of the Court an electronic version of all imaged claims; (b) uploading the creditor mailing list into CM/ECF; (c) docketing a final claims register; and (d) boxing and transporting all original claims to the Philadelphia Federal Records Center, 14470 Townsend Road, Philadelphia, Pennsylvania 19154 and docketing a completed SF-135 Form indicating the accession and location numbers of the archived claims.

14.     After reviewing the docket and conferring with Prime Clerk, the Debtor is satisfied that Prime Clerk has or will fully and timely perform its duties under its Retention Order and under Local Rule 2002-1(F)(xii).

15.     Accordingly, the Debtor submits this Motion pursuant to Local Rule 2002-1(f)(xii) seeking entry of the Termination Order.

## NOTICE

16.     The Debtor has provided notice of this Motion to: (i) the Office of the United States Trustee; (ii) all claimants with claims that have not been resolved; and (iii) any persons who have filed a request to receive documents pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Debtor respectfully submits that no further notice is necessary.

## NO PRIOR REQUEST

17.     No prior motion for the relief sought in this Motion has been duly made by the Debtor to this or any other court.

64883560.1

## CONCLUSION

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order, substantially in the form attached as **Exhibit A**, granting the relief requested in this Motion and any further relief as is just and proper.

Dated:  August 20, 2018                              Respectfully Submitted,

**LOWENSTEIN SANDLER LLP**
Wojciech F. Jung, Esq.
One Lowenstein Drive
Roseland, NJ  07068
Telephone:  (973-597-2500
Facsimile:  (973) 597-2400

*-and –*

**POLSINELLI PC**

/s/ Justin K. Edelson
Christopher A. Ward (DE Bar No. 3877)
Justin K. Edelson (DE Bar No. 5002)
222 Delaware Avenue, Suite 1101
Wilmington, DE 19801
Telephone: (302) 252-0920
Facsimile: (302) 252-0921
cward@polsinelli.com
jedelson@polsinelli.com

*Counsel to SRC Liquidation, LLC*

64883560.1