**EXHIBIT "3"**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Joyce Arnold, et al.,                                    Case No. 3:17 CV 1381

                Plaintiffs,                  NOTICE OF HEARING
                                                                       WITH QUESTIONS

      -vs-
                                                                       JUDGE JACK ZOUHARY

Taylor Corporation,

                Defendant.

Pending before this Court is Defendant Taylor Corporation's Motion for Judgment on the Pleadings (Doc. 32). Plaintiffs Joyce and Timothy Arnold oppose (Doc. 33). This Court will hold a Record Hearing on **Tuesday, August 7, 2018 at 2:30 PM**. Counsel should be prepared to address the following questions.

    1.    The Amended Complaint (Doc. 10) and briefing (Docs. 32–33) reflect the following key dates in the bankruptcy proceeding, and related allegations:

| | |
|---|---|
| March 12, 2015 | Standard Register filed a bankruptcy petition. |
| May 2015 | Taylor took over the business operations of Standard Register. Employees informed that their personnel files were being reviewed jointly by Standard Register and Taylor. |
| June 19, 2015 | Bankruptcy court approves sale of assets to Taylor (Doc. 27). |
| July 8, 2015 | General bar date for filing proof of claim (Doc. 26 at 9). |

| | |
|---|---|
| July 15, 2015 | Plaintiffs terminated by Standard Register and not rehired by Taylor. |
| July 31, 2015 | Bankruptcy asset sale closing date. |
| Jun 29, 2017 | Complaint filed in this Court (Doc. 1). |

Given the legal standard for judgment on the pleadings under Federal Civil Rule 12(c), do the parties dispute this alleged timeline?

2. Plaintiffs cite *In re City of Detroit*, 548 B.R. 748 (Bankr. E.D. Mich. 2016), to argue that claims arising post-petition may survive discharge in bankruptcy. But *In re City of Detroit* was a Chapter 9 reorganization proceeding. This case involves an asset sale under Chapter 11. Is this a distinction with a difference?

3. *In re NE Opco, Inc.*, 513 B.R. 871 (Bankr. D. Del. 2014), is perhaps the most factually similar authority cited by the parties. It involved a direct claim against the asset purchaser for disability discrimination that allegedly occurred before the asset sale closed, and the bankruptcy court held the pre-closing claims were barred by the sale order. Plaintiffs correctly note this decision is not precedential. Nonetheless, should this Court adopt the same reasoning?

4. In this case, Plaintiffs were not terminated until after the claims bar date. Presumably this means they had no recourse in the bankruptcy proceeding. Does this fact affect the analysis under *In re NE Opco* and *In re Christ Hospital*, 2014 WL 2135942 (Bankr. D.N.J. 2014)?

5. The Amended Complaint includes allegations (Doc. 10 at ¶¶ 5, 63) that Taylor failed to "rehire" Plaintiffs and instead replaced them with non-disabled employees. Is this a viable post-closing claim? *See In re NE Opco*, 513 B.R. at 878 ("Claims arising post-Closing are not claims against the Debtors' bankruptcy estate and cannot be barred by the Sale Order."). Explain.

6. Assuming Plaintiffs' claims survive the bankruptcy discharge, they must still plead a valid FMLA claim. This requires showing Plaintiffs worked for a covered employer or its successor in interest for at least 12 months and 1,250 hours of service. 29 U.S.C. § 2611(2)(A). Have Plaintiffs adequately pled the relevant factors required to establish a successor relationship? *See Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 551 (6th Cir. 2006).

IT IS SO ORDERED.

        s/ *Jack Zouhary*
    JACK ZOUHARY
    U. S. DISTRICT JUDGE

July 19, 2018