**EXHIBIT "5"**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Joyce Arnold, et al.,                                Case No. 3:17 CV 1381

               Plaintiffs,              O R D E R

      -vs-
                                              JUDGE JACK ZOUHARY

Taylor Corporation,

               Defendant.

## INTRODUCTION

Defendant Taylor Corporation moves to transfer venue or, in the alternative, to stay proceedings before this Court (Doc. 39); Plaintiffs respond (Doc. 41).

## BACKGROUND

Plaintiffs Timothy Arnold and Joyce Arnold were longtime employees of the Standard Register Company at its plant in Coldwater, Ohio. In March 2015, Standard Register filed for bankruptcy in the U.S. Bankruptcy Court for the District of Delaware. Defendant Taylor Corporation won the auction to acquire Standard Register's assets, including the Coldwater plant. The Delaware court entered a Sale Order and Injunction (Doc. 27), which approved the sale of assets from Standard Register to Taylor "free and clear of all obligations and Encumbrances" that may have existed against Standard Register (*Id.* at 19). The Sale Order enjoined "all persons and entities, including . . . employees" from asserting against Taylor claims that arose out of their employment with Standard Register (*Id.* at 21). The asset sale closed on July 31, 2015.

About two weeks before the closing, the Arnolds were fired from their jobs at Standard Register. Taylor did not rehire them. The Arnolds allege they were terminated because of their serious health conditions and use of FMLA leave. The Arnolds sued Taylor, asserting FMLA interference and retaliation claims, as well as state-law discrimination and retaliation claims. They argue that the Sale Order does not block their claims because Taylor was a joint employer at the time they were fired and Taylor managers played a role in the decision to fire them. Taylor moved for judgment on the pleadings (Doc. 32), arguing that the Sale Order barred the Arnolds' claims. This Court denied that Motion (Doc. 35).

Now Taylor tries a different approach to prevent this Court from hearing this case -- it moves this Court to transfer venue, under 28 U.S.C. § 1412, to the Bankruptcy Court for the District of Delaware or, in the alternative, to stay this action until the Delaware court rules on Taylor's Motion to Enforce the June 2015 Sale Order and Injunction, currently pending before that court.

## DISCUSSION

Section 1412 provides, "A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." This statute leaves the decision whether to transfer to the district court's discretion. *KFC Corp. v. Wagstaff*, 502 B.R. 484, 498 (W.D. Ky. 2013). Courts use enumerated factors to guide their discretionary decisions about whether to grant a motion to transfer under Section 1412. *Id.* at 502. The first question to address is which set of factors applies to this case.

At first blush, this FMLA case does not appear to be one arising "under title 11." 28 U.S.C. § 1412. At best, this case might be one "related to" the Delaware proceedings under title 11. *See* 28 U.S.C. § 1334(b). For civil cases that are merely related to title 11, authority is split on whether the

Section 1404(a) or Section 1412 factors apply. *See RFF Family P'ship, LP v. Wasserman*, 2010 WL 420014, at *5 (N.D. Ohio 2010).

The difference between applying the Section 1404(a) factors or Section 1412 factors can be significant. Under Section 1404(a), courts consider numerous private-interest and public-interest factors, none of which are dispositive, giving the district court wide discretion over a transfer. *See Krawec v. Allegheny Co-op Ins. Co.*, 2009 WL 1974413, at *4 (N.D. Ohio 2009) (listing fifteen applicable factors). On the other hand, the Section 1412 framework has several features that tilt towards transfer. *See RFF Family P'ship*, 2010 WL 420014, at *4 (discussing these features).

This Court follows *RFF Family Partnership* and assumes that the Section 1412 factors apply to a case "related to" title 11 proceedings in another district. *Id.* at *5. Whether a lawsuit is related to bankruptcy proceedings turns on whether the outcome of the proceeding "could conceivably have any effect" on the administration of the debtor's estate. *Id.* at *6 (citing *Robinson v. Mich. Consol. Gas. Co., Inc.*, 918 F.2d 579, 583 (6th Cir. 1990)). Given the low bar of this conceivable effects test, this Court assumes, without deciding, that the outcome of this FMLA litigation could conceivably have an effect on the administration of the Standard Register estate. Thus, this Court analyzes this Motion to Transfer under the Section 1412 framework.

Section 1412 lists two prongs: the interest of justice and the conveniences of the parties. These two prongs are disjunctive, so the movant needs to satisfy only one to warrant transfer. *MD Acquisition, LLC v. Myers*, 2009 WL 466383, at *6 (S.D. Ohio 2009). Taylor argues for transfer under only the interest-of-justice prong, so this Court considers only those factors. According to *RFF Family Partnership*, those factors are:

3

1. presumption in favor of the "home court";

2. economics of estate administration;

3. judicial efficiency;

4. ability to receive a fair trial;

5. the state's interest in having local controversies decided within its borders, by those familiar with its laws;

6. enforceability of any judgment rendered; and

7. plaintiff's original choice of forum.

As the party moving for change of venue under Section 1412, Taylor bears the burden of showing that the interest-of-justice factors favor transfer. *In re Manville Forest Prod. Corp.*, 896 F.2d 1384, 1390 (2d Cir. 1990). Yet, despite its burden of proof, Taylor does not engage with all the factors in its Motion. It combines the economics and judicial efficiency factors, notes the presumption factor, and ignores the rest. This lack of argument allows this Court to make quick work of applying the interest-of-justice factors to this case.

The first factor -- the presumption in favor of the "home court" -- is "a general presumption that all matters involving a bankruptcy should be tried in the court in which the bankruptcy is pending." *In re Sudbury, Inc.*, 149 B.R. 489, 493 (Bankr. N.D. Ohio 1993) (internal quotations and citation omitted). This is a judicially created presumption, and it is unclear what weight it should carry in a case as tangentially related to the original bankruptcy proceeding as this one. *See In re Bruno's, Inc.*, 227 B.R. 311, 327 (Bankr. N.D. Ala. 1998) (discussing how the legislative history of Section 1412 suggests that Congress did not intend this presumption). Although the Delaware court may be the home court for the Standard Register bankruptcy, it is not the home court for either party in this lawsuit. The Arnolds allege that Taylor -- perhaps jointly with Standard Register -- violated the FMLA when it participated in the decision to fire them from the Coldwater plant. This Ohio-

4

centered dispute has very little impact on the Delaware-based asset sale, which has long since closed. Perhaps that is why, in the fifteen months since this case was filed, Taylor had not sought to transfer it to Delaware -- that is, until now, after this Court denied its Motion for Judgment on the Pleadings. Taylor has not indicated whether the Sale Order requires Standard Register to defend or indemnify claims like those raised here, but, if that were the case, this lawsuit would have no impact whatsoever on the now-closed sale. All of which is to say, the home-court factor's application here is unclear at best.

Second, Taylor provides no evidence that transfer will help the economics of estate administration. The asset sale closed three years ago. Taylor purchased substantially all of Standard Register's assets and has incorporated the Standard Register assets into its business. Whether this lawsuit takes place in Ohio or Delaware makes little difference to the economics of the administration of the Standard Register estate.

Third, Taylor argues that the interest in judicial efficiency warrants transfer. Taylor argues that the Delaware court's "institutional expertise in interpreting and applying sale orders" justifies transferring this case (Doc. 39-1 at 11). But this Court has already interpreted and applied the Sale Order in denying Taylor's Motion for Judgment on the Pleadings. Further, this case involves Ohio law, with which this Court is quite familiar.

Taylor does not provide any argument for the remaining four factors. The fourth and sixth factors -- ability to receive a fair trial and enforceability of judgment -- have no impact here, as neither party is arguing that either court would give an unfair trial or render an unenforceable judgment. (Although this Court certainly has more experience with discrimination claims and jury trials.) As for the fifth factor -- Ohio's interest in having this controversy resolved in Ohio -- the Arnolds claim

5

they were fired from an Ohio plant in violation of federal and Ohio law. Finally, the seventh factor -- plaintiffs' choice of forum -- weighs in favor of Ohio.

Having weighed all the above factors, this Court finds that the interest-of-justice prong of Section 1412 does not favor transferring this case to the Delaware court.

Further, this Court sees no reason to stay this litigation. A stay is appropriate where the outcome of a case may "substantially affect" a case pending before another court. *MEI, Inc. v. JCM American Corp.*, 2009 WL 3335866, at *4 (D.N.J. 2009). That is not the case here. Although this FMLA suit could have some conceivable effect on the Delaware bankruptcy proceedings, there is very little "overlap" between the two cases (Doc. 39-1 at 13).

## CONCLUSION

This Court will neither transfer this case under Section 1412 nor stay this litigation. Taylor's Motion (Doc. 39) is denied.

IT IS SO ORDERED.

           s/ *Jack Zouhary*
           JACK ZOUHARY
           U. S. DISTRICT JUDGE

October 17, 2018