# EXHIBIT 16

Case 15-10541-BLS   Doc 2417-16 c Filed 04/24/19   Page 2 of 11   Doc Main

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

|  |  |
|---|---|
| In re:<br><br>Alpha Natural Resources, Inc., <u>et</u> <u>al.</u>,<br><br>Debtors. | Chapter 11<br><br>Case No. 15-33896 (KRH)<br><br>(Jointly Administered) |

**THIRD SUPPLEMENTAL DECLARATION OF KEVIN CARMODY IN SUPPORT OF APPLICATION OF THE DEBTORS, PURSUANT TO SECTIONS 327(a), 328(a) AND 1107(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 2014(a) AND LOCAL BANKRUPTCY RULE 2014-1, FOR AN ORDER AUTHORIZING THEM TO RETAIN AND EMPLOY MCKINSEY RECOVERY & TRANSFORMATION SERVICES U.S., LLC AS TURNAROUND ADVISOR FOR THE DEBTORS, EFFECTIVE AS OF THE PETITION DATE**

I, Kevin Carmody, under penalty of perjury, declare as follows:

1.     On August 3, 2015 (the "<u>Petition Date</u>"), the Debtors commenced their reorganization cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>").  By order of the Court (Docket No. 129), the Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered.  The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.     I submit this Third Supplemental Declaration (the "<u>Third Supplemental Declaration</u>") as a supplement to the declaration dated August 24, 2015 (the "Original Declaration"), to the Supplemental Declaration dated November 9, 2015 (the "Supplemental Declaration"), and to the Second Supplemental Declaration dated March 25, 2016  (the "Second Supplemental Declaration", and together with the Original Declaration and Supplemental

1533896160519000000000008

Declaration, the "Prior Declarations"), in support of the application (the "Application") of Alpha Natural Resources, Inc. ("ANR") and certain of its direct and indirect subsidiaries, as debtors and debtors in possession (collectively, the "Debtors"), to retain and employ McKinsey RTS nunc pro tunc as of August 3, 2015, as Turnaround Advisor to the Debtors (Docket No. 212), in order to provide certain additional information as set forth below. Capitalized terms not expressly defined herein shall have the meanings ascribed to them in the Application and Original Declaration.

3.       Except as otherwise noted, the statements set forth herein are as a result of my employment position and diligence undertaken by me or by professionals working under my direction and, if called and sworn as a witness, I would testify competently thereto.

4.       I am making this Third Supplemental Declaration to provide certain clarifications and additional information as set forth below.

5.       Members of the McKinsey RTS Team are employed by McKinsey Recovery & Transformation Services U.S., LLC, McKinsey & Company, Inc. United States, McKinsey & Company, Inc. Canada, McKinsey & Company, Inc. France, McKinsey Solutions SPRL, McKinsey Knowledge Centre Belgium, Inc., LLC McKinsey & Company CIS, McKinsey Knowledge Centre India Private Limited, McKinsey & Company Inc do Brasil Consultoria Ltda, McKinsey & Company, Inc. United Kingdom, McKinsey & Company, Inc. (Malaysia), McKinsey & Consulting Company Inc., Shanghai.

6.       McKinsey Recovery & Transformation Services U.S., LLC is a direct wholly-owned subsidiary of McKinsey & Company, Inc. United States which, in turn, is a direct wholly-owned subsidiary of McKinsey Holdings, Inc. which, in turn, is a direct wholly-owned subsidiary of McKinsey & Company, Inc.

7.      In preparing its Original Declaration, McKinsey RTS searched its client database which covers clients of all its consulting affiliates.

8.      Neither McKinsey RTS nor any of its consulting affiliates has ownership in any of the Debtors, or entities that are stalking horses or potential buyers, or has submitted a bid for the assets of the Debtors, (including credit bids).

9.      One confidential client, identified on the list of Interested Parties as a Major Competitor, accounts for more than one percent, but less than 1.2%, of McKinsey RTS and affiliates' annual gross revenue on a consolidated basis as of year ended December 2015.

10.      This Third Supplemental Declaration supplements the disclosures of McKinsey RTS's client services to certain Interested Parties that were made on a no-names basis in the Prior Declarations, and is based upon the further review of such Interested Parties that is described below.

11.      In order to provide the names of Interested Parties to which McKinsey RTS and the McKinsey RTS Team have rendered services or have connections, McKinsey RTS has reviewed the list of Interested Parties to identify lenders included on the Interested Parties list, stalking horse bidder(s) as identified in the Disclosure Statement with Respect to Plan of Reorganization of Debtors and Debtors in Possession [Docket No. 1703], members of the Official Committee of Unsecured Creditors (such Interested Parties being referred to herein as "Major Stakeholders") and Major Competitors to which it has rendered client services.

12.      McKinsey RTS has reviewed its confidentiality obligations to each of its clients identified as a Major Stakeholder or Major Competitor and, to the extent necessary, instructed the relationship partner for each affected client to request the consent of such client to disclose its name in connection with this Third Supplemental Declaration. Those clients that

Case 15-10541-BLS Doc 2417-16 Filed 04/24/19 Page 5 of 11

did not provide the consent described in the preceding sentence are identified herein as "confidential clients".

13.     McKinsey RTS compared the results of this review of the Interested Parties list to the disclosures made in the Prior Declarations.  McKinsey RTS now discloses by name that certain members of McKinsey RTS and/or the McKinsey RTS Team have served the following Major Stakeholders and Major Competitors or affiliates thereof:

i.     3i Debt Management US LLC, identified on the list of Interested Parties as a Secured Term Loan Lender;

ii.     Allianz Global US, identified on the list of Interested Parties as a Secured Term Lender;

iii.     Anglo American Plc, identified on the list of Interested Parties as a Major Competitor;

iv.     Apollo Global Management, LLC, identified on the list of Interested Parties (via itself or an affiliate thereof) as a Revolving Facility Lender and a Secured Term Loan Lender;

v.     Bank of America, identified on the list of Interested Parties (via itself or an affiliate thereof) as a Debtors' Professional, Consultant and Service Provider, Depository and Disbursement Bank, Revolving Facility Lender and Secured Term Loan Lender;

vi.     Citigroup Global Markets, identified on the list of Interested Parties as a Revolving Facility Lender;

vii.     Deutsche Bank, identified on the list of Interested Parties as a Major Equity Holder, Depository and Disbursement Bank, Revolving Facility Lender and Secured Term Loan Lender;

NYI-524621210v2
\\NY - 002510/000015 - 5380209 v7

       viii.      Goldman Sachs Bank USA, identified on the list of Interested Parties as a Revolving Facility Lender;

       ix.      General Electric Capital Corporation, identified on the list of Interested Parties as a Lender Under A/R Facility;

       x.      JPMorgan Chase Bank, N.A., identified on the list of Interested Parties (via itself or an affiliate thereof) as a Depository and Disbursement Bank, Revolving Facility Lender and Secured Term Loan Lender;

       xi.      Onex Credit Partners, LLC, identified on the list of Interested Parties as a Secured Term Loan Lender;

       xii.      Peabody Energy, Inc., identified on the list of Interested Parties (via itself or an affiliate thereof) as a Party to Joint Ventures with the Debtors, Major Customer of the Debtor and Major Competitor.

       xiii.      Bain Capital, an affiliate of Sankaty Advisors, LLC, which is identified on the list of Interested Parties as a Secured Term Loan Lender, Second Lien Noteholder, Major Unsecured Noteholder and Major Equity Holder;

       xiv.      Sumitomo Mitsui Banking Corporation, identified on the list of Interested Parties as a Depository and Disbursement Bank and Revolving Facility Lender;

       xv.      Teck Resources, Ltd., identified on the list of Interested Parties as a Major Competitor;

       xvi.      UBS, identified on the list of Interested Parties (via itself or an affiliate thereof) as a Depository and Disbursement Bank, Major Equity Holder and Revolving Facility Lender;

Case 15-10541-BLS   Doc 2417-16   Filed 04/24/19   Page 7 of 11

> xvii.   Walter Energy, Inc., identified on the list of Interested Parties as a Major

Competitor;

> xviii.   one confidential client that is a Major Stakeholder; and

> xix.   two confidential clients that are Major Competitors.

In addition, certain members of McKinsey RTS and/or the McKinsey RTS Team served an

informal creditors' group of Arch Coal, Inc., identified on the list of Interested Parties as a Major

Competitor, a Party to Joint Ventures with the Debtors and a Party to Material Unexpired Leases

of the Debtors.

14.   As to each of these connections, McKinsey RTS has re-confirmed that its

services rendered to such entity in the past two years has been rendered on matters unrelated to

the Debtors and their chapter 11 cases.

15.   McKinsey RTS does not have a specific agreement to refer or accept

referrals from any professional in this case. Further, McKinsey RTS does not receive a significant

portion of its referrals from any professional retained in this case. As previously disclosed, as part

of its diverse practice, McKinsey RTS and its affiliates are involved in numerous matters and

transactions involving many different professionals, including attorneys, accountants and financial

consultants, some of which may represent the Debtors or claimants and Interested Parties in the

Debtors' chapter 11 cases.  For instance, McKinsey RTS and its affiliates may have in the past

been represented by, may currently be represented by, and may in the future be represented by

attorneys, law firms or financial advisors who are involved in these proceedings, including law

firms and financial advisors representing the Debtors.  Further, McKinsey RTS and its affiliates

may in the past have served, may currently serve, and may in the future serve professionals in these

cases on matters unrelated to the Debtors' chapter 11 cases.  In addition, McKinsey RTS and its

affiliates may in the past have worked with, may currently work with, and likely will in the future
work with professionals in these cases on matters unrelated to these cases.  Lastly, McKinsey RTS
and its affiliates may have in the past contracted with, may currently contract with, and may in the
future contract with certain service providers listed on the Interested Parties List for necessary
business services.  Based upon my current knowledge of the professionals involved, to the best of
my knowledge, none of these business relations constitute interests materially adverse to the
Debtors herein in matters upon which McKinsey RTS is to be employed, and none are in
connection with these cases.

16.     The following members of the McKinsey RTS Team were previously
employed by certain Interested Parties, or affiliates thereof, as described below:

i.      Ignace Proot – ArcelorMittal Flat Carbon Europe (identified on the list of
Interested Parties (via itself or an affiliate thereof) as a Party to Material Unexpired Leases with
the Debtor, Major Customer of the Debtor, and a Major Competitor) – worked on operational
improvement programs for the Strategy Definition and Support team and the Leadership Progress
Academy from January 2009 until December 2012.

ii.     Rick Notarianni – BENTEK Energy, LLC, a subsidiary of the The McGraw-
Hill Companies, Inc., the parent of Standard & Poor's (identified on the list of Interested Parties
as a Debtors' Professional, Consultant and /or Service Provider) – worked as an Energy Analyst
and Manager for BENTEK's Oil and Gas group from June 2012 to March 2014. Rick is no longer
an employee of McKinsey & Company, Inc.

iii.    Brian Green –Nalco Champion, the oil and gas products unit of Nalco Co.,
identified on the list of Interested Parties as a Major Supplier of Goods and Services – worked as
a MBA Finance Summer Intern from June 2014 to August 2014.

Case 15-10541-BLS    Doc 2417-16    Filed 04/24/19    Page 9 of 11

iv.    Heather Eisenman – GE Oil & Gas (identified on the list of Interested

Parties (via itself or an affiliate thereof) as a Lender Under A/R Facility) – worked as a Sales

Application Engineer and Manufacturing Engineer from July 2010 to July 2013.

17.    To the best of my knowledge none of McKinsey RTS or its affiliates serve

Rice Energy Holdings LLC or Rice Drilling B LLC or any of their affiliates.

18.    As previously stated, "McKinsey RTS and its affiliates . . . . provide overall

strategic analysis and advice to companies that operate in the industries in which the Debtors

operate, which analysis and advice could include review and comment on publicly available

information and strategic considerations with respect to the Debtors, as well as other companies."

McKinsey RTS and affiliates' service to other companies in the industry in which the Debtors

operate may focus on the macro landscape of the industry but should have no direct effect on

the Debtors given the nature of the market. If any work for other clients of McKinsey RTS or

its affiliates specifically focused on or affected the Debtors, it would have been explicitly stated

in the Prior Declarations.

19.    Although not a party on the Interested Parties List, McKinsey RTS was

made aware that there is a company that may make a confidential offer for certain assets of the

Debtors. While McKinsey RTS has not provided services to such company or its parent company,

it provided services last year to an affiliate of such company on matters unrelated to the Debtors

and these chapter 11 cases.

20.    MIO Partners, Inc. and MIO Partners (EU) (together "MIO") serves

McKinsey's pension plans, partners, and former partners by offering a portfolio of investment

products with a variety of structures, risk levels, and currencies.  The team primarily uses third-

party fund managers who make investment decisions independently of MIO.  MIO investors

make investments with MIO essentially on a "blind trust" basis, with such MIO investors having no access to information about the underlying holdings in the third-party funds. MIO is managed independently, and all its investment activities are separate from McKinsey's consulting operations. As such, MIO does not make any investment decisions based on the use of McKinsey RTS and affiliates' client information. Certain members of MIO's board of directors are also employees of McKinsey RTS and its affiliates, including one director who is also a director and officer of McKinsey RTS. MIO's board of directors (through the investment committee of that board which generally meets on a quarterly basis) is primarily responsible for overseeing, reviewing and approving MIO's overall allocation amongst the various MIO managed investment products.

21.     The search results described in this Third Supplemental Declaration are based on research conducted by McKinsey RTS in order to prepare the disclosures set forth in the Prior Declarations.

22.     The Supplemental Declaration and the Second Supplemental Declaration updated McKinsey RTS's disclosures to reflect the addition of new individuals to the McKinsey RTS Team. The updated research conducted to make those disclosures related only to the newly-added individual McKinsey RTS Team members, not to members of McKinsey RTS who were not part of the McKinsey RTS Team.

23.     McKinsey RTS has not conducted new firm-wide surveys or research to determine whether new client service relationships have been formed since the surveys and research conducted in connection with the Original Declaration.

24.     McKinsey RTS understands it has the obligation pursuant to Bankruptcy

Rule 2014 to further supplement its declarations in the event it becomes aware of any relationship

or other information that requires disclosure.

25.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the

foregoing is true and correct.

Dated:  May 18, 2016
        Chicago, Illinois



_____
                Kevin Carmody
                Practice Leader
                McKinsey Recovery &
                Transformation Services U.S., LLC