## ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

May 1, 2019

**Via CM/ECF and Hand Delivery**

The Honorable Brendan Linehan Shannon
United States Bankruptcy Court
District of Delaware
824 North Market Street
6th Floor, Courtroom #1
Wilmington, Delaware 19801

   Re: In re SRC Liquidation, LLC, Case No. 15-10541 (BLS)

Dear Judge Shannon:

  We, along with Selendy & Gay PLLC and Debevoise & Plimpton, represent McKinsey Recovery & Transformation Services U.S., LLC ("RTS") in conjunction with the above-referenced proceedings pending before Your Honor. We write with respect to the upcoming hearing scheduled for May 15, 2019, on the Motion of Mar-Bow Value Partners, LLC ("Mar-Bow"), a Creditor, for Relief from Orders Under Bankruptcy Rule 9024 and Civil Rule 60(d)(3) (Dkt. # 2392) (the "Motion").

  RTS respectfully proposes that, in the interests of efficiency, the Court should consider bifurcating the hearing to first address the threshold issue of Mar-Bow's standing. In its Objection to the Motion (Dkt. #2405) (the "Objection") RTS has raised a standing argument that it believes is dispositive of the entire Motion because, as stated in RTS's Objection, the confirmed Plan precludes Mar-Bow from purchasing the general unsecured claim it purports to own.

  Additionally, even if it were to hold such a claim, Mar-Bow has no financial stake in the controversy because the cause of action Mar-Bow asserts in its Motion belongs to the Secured Creditor Trust. As the Court may be aware, this is not the first case where Mar-Bow has attempted to purchase a claim and appear long after plan confirmation to challenge RTS's Rule 2014 disclosures. In both the *SunEdison* case pending in the Southern District of New York and the *Alpha Natural Resources* case pending in the Eastern District of Virginia, Judges Bernstein and Huennekens, respectively, requested argument limited to the threshold issue of standing to bring a motion for fraud on the court, reserving argument on the merits of Mar-Bow's allegations. Accordingly, RTS and Mar-Bow appeared in New York on April 2, 2019, and in Richmond on April 23, 2019, to argue Mar-Bow's standing; the courts' rulings are *sub judice*.

The Honorable Brendan Linehan Shannon
May 1, 2019
Page 2

Separately, on April 22, 2019, the Supreme Court denied a certiorari petition on the issue of standing filed by Mar-Bow relating to several earlier rulings about RTS's disclosures in the *Alpha Natural Resources* case, leaving untouched the Fourth Circuit's determination that Mar-Bow lacked a pecuniary interest in the outcome of its appeal on those issues (and thus lacked standing). While we would be prepared to address whatever questions the Court may have concerning Mar-Bow's Motion at the May 15 hearing, we respectfully submit that the interests of judicial efficiency may well be served by limiting argument to just the issue of standing at this stage.

In addition, last week Mar-Bow submitted a lengthy declaration with 69 exhibits (Dkt. #2417) that purportedly supports the merits of its Motion. Mar-Bow's filing was procedurally improper—it was filed some seven weeks after Mar-Bow filed its Motion and two weeks after RTS filed its April 11, 2019 opposition brief. While RTS reserves its rights to respond to this belated declaration, bifurcating and addressing only standing would obviate the need for further action at this point, further promoting judicial efficiency.

We have discussed bifurcation with counsel for Mar-Bow and can report to the Court that they disagree with the proposal. We remain available at the Court's convenience to answer any questions and look forward to its guidance on the above-referenced issues. We are happy to arrange a teleconference with the Court at a date and time convenient to the Court and the parties to addresses these issues if the Court so wishes.

Respectfully submitted,

William Bowden

cc: Counsel Listed on the Attached
   Service List in the Manner Indicated
   Thereon

| | |
|---|---|
| **EMAIL AND FIRST CLASS MAIL**<br>Steven Rhodes, Esq.<br>STEVEN RHODES CONSULTING, LLC<br>1610 Arborview<br>Ann Arbor, Michigan 48103 | **EMAIL AND FIRST CLASS MAIL**<br>Sheldon S. Toll, Esq.<br>LAW OFFICES OF SHELDON S. TOLL, PLLC<br>29580 Northwest Highway<br>Suite 1000<br>Southfield, Michigan 48034 |
| **EMAIL AND FIRST CLASS MAIL**<br>Sean O'Shea, Esq.<br>Michael Petrella, Esq.<br>Amanda Devereux, Esq.<br>CADWALADER, WICKERSHAM & TAFT LLP<br>200 Liberty Street<br>New York, New York 10281 | **HAND DELIVERY**<br>Marc R. Abrams<br>WHITEFORD, TAYLOR & PRESTON LLC<br>The Renaissance Centre<br>405 North King Street, Suite 500<br>Wilmington, Delaware 19801 |
| **HAND DELIVERY**<br>Juliet M. Sarkessian, Esq.<br>Office of the U.S. Trustee<br>844 King Street, Suite 2207<br>Lockbox 35<br>Wilmington, DE 19801 | **HAND DELIVERY**<br>Justin K. Edelson, Esq.<br>Christopher A. Ward, Esq.<br>POLSINELLI PC<br>222 Delaware Avenue, Suite 1101<br>Wilmington, DE 19801 |
| **FIRST CLASS MAIL**<br>Andrew D. Behlman, Esq.<br>LOWENSTEIN SANDLER LLP<br>65 Livingston Avenue<br>Roseland, NJ 07068 | **FIRST CLASS MAIL**<br>Gerald C. Bender, Esq.<br>Wojciech F. Jung, Esq.<br>LOWENSTEIN SANDLER LLP<br>1251 Avenue of the Americas<br>New York, NY 10020 |
| **HAND DELIVERY**<br>David M. Fournier, Esq.<br>John H. Schanne, II, Esquire<br>PEPPER HAMILTON LLP<br>Hercules Plaza, Suite 5100<br>1313 N. Market Street<br>Wilmington, DE 19899 | |