## WHITEFORD, TAYLOR & PRESTON LLC

THE RENAISSANCE CENTRE, SUITE 500
405 NORTH KING STREET
WILMINGTON, DE 19801-3700

MAIN TELEPHONE (302) 353-4144
FACSIMILE (302) 661-7950

DELAWARE*
DISTRICT OF COLUMBIA
KENTUCKY
MARYLAND
MICHIGAN
NEW YORK
PENNSYLVANIA
VIRGINIA

WWW.WTPLAW.COM
(800) 987-8705

MARC R. ABRAMS
DIRECT LINE  (302) 357-3279
DIRECT FAX  (302) 357-3272
MAbrams@wtplaw.com

May 1, 2019

**Via CM/ECF**

The Honorable Brendan L. Shannon
United States Bankruptcy Court
District of Delaware
824 North Market Street, 6th Floor
Wilmington, DE 19801

Re:    *In re SRC Liquidation, LLC*, **No. 15-10541 (BLS)**

Dear Judge Shannon,

On behalf of Mar-Bow Value Partners, LLC ("Mar-Bow"), I write in response to the letter dated May 1, 2019 (the "Letter"), [D.I. 2419], which McKinsey Recovery & Transformation Services U.S., LLC ("McKinsey RTS") submitted to Your Honor today in connection with (i) Mar-Bow's motion for equitable relief pursuant to Bankruptcy Rule 9024 and Federal Rule 60(d)(3) (the "Motion"), [D.I. 2392], and (ii) McKinsey RTS's objection thereto (the "Objection"). [D.I. 2405].

In the Letter, McKinsey RTS requests that the Court "bifurcate" the May 15, 2019 hearing on Mar-Bow's Motion—a hearing date to which the parties stipulated over a month ago, on March 18, 2019. *See* D.I. 2404 (*Notice*).  Mar-Bow opposes McKinsey RTS's request. For several reasons, the Court should hear Mar-Bow's claims and arguments in the ordinary course, as presented in the Motion, and deny McKinsey's informal and untimely request to modify the schedule.

First, McKinsey RTS's request is a pure litigation strategy cloaked as an effort to promote judicial efficiency; McKinsey RTS only now requests that the Court bifurcate the hearing because the record of misconduct against McKinsey—including its failures to disclose connections—is mounting in the public record outside of this case. McKinsey RTS's request comes on the heels of agreeing to pay in excess of $30 million to the estates of three debtors to resolve claims (for which no discovery has been taken) that parallel the claims that Mar-Bow presents in the Motion. *See SunEdison, Inc.*, No. 16-10992 (Bankr. S.D.N.Y. 2016); *In re Alpha Natural Resources, Inc.*, No. 15-33896. (Bankr. E.D. Va. 2015); *In re Westmoreland Coal Co.*, No. 18-35672 (Bankr. S.D. Tex. 2018).  It is plain that the instant

*\*\*Whiteford, Taylor & Preston LLC is a limited liability company.  Our offices outside of Delaware operate under a separate Maryland limited liability partnership, Whiteford, Taylor & Preston L.L.P.*

The Honorable Brendan L. Shannon
May 1, 2019
Page 2

request to bifurcate the hearing is designed to isolate and bury McKinsey's wrongdoing and the merits of the Motion from further investigation and judicial scrutiny. McKinsey RTS seeks one thing: to prevent anyone from obtaining discovery and revealing additional concealed and disqualifying connections that it did not disclose pursuant to Bankruptcy Rule 2014.

Second, Mar-Bow has not yet filed its reply in support of the Motion (which is due on May 8, 2019). The reply will address in detail why Mar-Bow has standing—and it is inappropriate for McKinsey to presume that the hearing should be bifurcated based solely on its one-sided and self-serving view of Mar-Bow's standing. Mar-Bow's purported lack of standing cannot be considered and evaluated in a vacuum. This is an *equitable* proceeding in which Mar-Bow (without the benefit of discovery) has uncovered evidence of substantial claims of fraud on the Court. Mar-Bow has standing to initiate this equitable proceeding and Your Honor has complete discretion to determine all aspects of the proceeding—including how discovery will be taken, the most prudent mechanism for investigating the claims alleged in the Motion, the appropriate remedy, and, ultimately, how (and to whom) any sanction against McKinsey will be applied. In its Objection, McKinsey RTS's standing argument wrongly *assumes* that any sanction entered against McKinsey RTS would be treated exclusively as funds available for "distribution" to creditors pursuant to the terms of the chapter 11 plan confirmed in this case and the related post-confirmation trust agreements.

Third, McKinsey RTS asserts that the Court should bifurcate the hearing because Mar-Bow filed a declaration in support of its Motion, [D.I. 2417], after McKinsey RTS filed its Objection. This assertion is pure gamesmanship. On April 10, 2019, Mar-Bow's counsel advised McKinsey's counsel that it would be filing a declaration in support of its Motion and offered to stipulate to a new briefing schedule such that McKinsey would not file its Objection until after Mar-Bow filed its declaration. McKinsey RTS rejected the offer, advising that it wished to proceed with the previously-agreed briefing and hearing schedule. This last-ditch effort to argue for a bifurcated hearing is without substance or merit.

We are likewise happy to participate in a teleconference with the Court to address the Letter and this response.

Sincerely,

Marc R. Abrams (No. 0955)

The Honorable Brendan L. Shannon
May 1, 2019
Page 3

cc:     (via First-Class Mail and Electronic Mail)

| | | |
|---|---|---|
| Juliet M. Sarkessian, Esq.<br>OFFICE OF THE U.S. TRUSTEE<br>844 King Street, Suite 2207<br>Lockbox 35<br>Wilmington, DE 19801<br>juliet.m.sarkessian@usdoj.gov | Andrew D. Behlman, Esq.<br>LOWENSTEIN SANDLER LLP<br>65 Livingston Avenue<br>Roseland, NJ 07068<br>abehlmann@lowenstein.com | Steven Rhodes, Esq.<br>STEVEN RHODES<br>CONSULTING, LLC<br>1610 Arborview Blvd.<br>Ann Arbor, Michigan 48103<br>rhodessw@comcast.net |
| Justin K. Edelson, Esq.<br>Christopher A. Ward, Esq.<br>POLSINELLI PC<br>222 Delaware Avenue<br>Suite 1101<br>Wilmington, DE 19801<br>jedelson@polsinelli.com<br>cward@polsinelli.com | Gerald C. Bender, Esq.<br>Wojciech F. Jung, Esq.<br>LOWENSTEIN SANDLER LLP<br>1251 Avenue of the Americas<br>New York, NY 10020<br>gbender@lowenstein.com<br>wjung@lowenstein.com | Sheldon S. Toll, Esq.<br>LAW OFFICES OF<br>SHELDON S. TOLL, PLLC<br>29580 Northwest Highway<br>Suite 1000<br>Southfield, Michigan 48034<br>sst@lawtoll.com |
| William P. Bowden, Esq.<br>Michael D. DeBaecke, Esq.<br>David F. Cook, Esq.<br>ASHBY & GEDDES, P.A.<br>500 Delaware Avenue, 8thFloor<br>P.O. Box 1150<br>Wilmington, Delaware 19899<br>wbowden@ashbygeddes.com<br>mdebaecke@ashbygeddes.com<br>dcook@ashbygeddes.com | Sean O'Shea, Esq.<br>Michael Petrella, Esq.<br>Amanda Devereux, Esq.<br>CADWALADER, WICKERSHAM<br>  & TAFT LLP<br>200 Liberty Street<br>New York, New York 10281<br>sean.oshea@cwt.com<br>michael.petrella@cwt.com<br>amanda.devereux@cwt.com | M. Natasha Labovitz, Esq.<br>Erica Weisgerber, Esq.<br>Elie J. Worenklein, Esq.<br>DEBEVOISE &<br>  PLIMPTON LLP<br>919 Third Avenue<br>New York, New York 10022<br>nlabovitz@debevoise.com<br>eweisgerber@debevoise.com<br>eworenklein@debevoise.com |
| David M. Fournier, Esq.<br>John H. Schanne, II, Esq.<br>PEPPER HAMILTON LLP<br>Hercules Plaza, Suite 5100<br>1313 N. Market Street<br>Wilmington, DE 19899<br>fournierd@pepperlaw.com<br>schannej@pepperlaw.com | Faith E. Gay, Esq.<br>Maria Ginzburg, Esq.<br>David S. Flugman, Esq.<br>SELENDY & GAY PLLC<br>1290 Avenue of the Americas<br>New York, New York 10104<br>fgay@selendygay.com<br>mginzburg@selendygay.com<br>dflugman@selendygay.com | M. Natasha Labovitz, Esq.<br>Erica Weisgerber, Esq.<br>Elie J. Worenklein, Esq.<br>DEBEVOISE &<br>  PLIMPTON LLP<br>919 Third Avenue<br>New York, New York 10022<br>nlabovitz@debevoise.com<br>eweisgerber@debevoise.com<br>eworenklein@debevoise.com |

10065265