**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br>SRC LIQUIDATION, LLC,[1]<br>                           Debtor. | Chapter 11<br>Case No. 15-10541 (BLS)<br>Re: D.I. 2392, 2405 |

**STATEMENT AND RESERVATION OF RIGHTS OF REORGANIZED DEBTOR WITH RESPECT TO MOTION OF MAR-BOW VALUE PARTNERS, LLC, A CREDITOR, FOR RELIEF FROM ORDERS UNDER BANKRUPTCY RULE 9024 AND CIVIL RULE 60(D)(3)**

SRC Liquidation, LLC *f/k/a* The Standard Register Company, the above-captioned reorganized debtor (the "Liquidating Debtor" and together with its chapter 11 debtor affiliates prior to the effective date of the Plan (as defined below) (the "Debtors"), hereby files this statement and reservation of rights with respect to the *Motion of Mar-Bow Value Partners, LLC, a Creditor, for Relief From Orders Under Bankruptcy Rule 9024 and Civil Rule 60(d)(3)* (the "Motion") [D.I. 2392] filed by Mar-Bow Value Partners, LLC ("Mar-Bow") and the *Objection of McKinsey Recovery & Transformation Services U.S., LLC to Mar-Bow Value Partners, LLC's Motion for Relief From Orders Under Bankruptcy Rule 9024 and Civil Rule 60(d)(3) [Dkt. 2392]* (the "RTS Objection") [D.I. 2405] filed by McKinsey Recovery & Transformation Services U.S., LLC ("RTS"). The Liquidating Debtor respectfully states as follows with respect to the Motion and the RTS Objection:

**STATEMENT**

1.     At this time, the Liquidating Debtor takes no position on the merits of the Motion, or on the claims Mar-Bow intends to assert against RTS if the Motion is granted (the "RTS

---

[1] The last four digits of the Debtor's taxpayer identification number are 5440. Inquiries regarding the Debtor should be directed to the GUC Trustee, c/o EisnerAmper LLP, 111 Wood Avenue South, Iselin, NJ 08830-2700 (Attn: Anthony R. Calascibetta).

Claims"). However, because the RTS Objection makes certain incorrect assertions that involve the interpretation of the Confirmed Plan and related documents approved during the course of the bankruptcy case, the Liquidating Debtor is compelled to submit this statement and reservation of rights.

2. On November 19, 2015, the Court entered an order (the "Confirmation Order") [D.I. 1331] confirming the *Second Amended Chapter 11 Plan of Liquidation for SRC Liquidation Company and its Affiliates (With Technical Modifications)* (the "Confirmed Plan") [D.I. 1331 Ex. A] and the order confirming the Confirmed Plan (the "Confirmation Order") [D.I. 1331].

3. Pursuant to the Confirmed Plan, assets of the Debtors vested in the Liquidating Debtor, the GUC Trust (as defined in Article B.54 of Exhibit A to the Confirmed Plan), or the Secured Creditor Trust (as defined in Article B.103 of Exhibit A to the Confirmed Plan) on the effective date of the Confirmed Plan (the "Effective Date"). The Effective Date of the Confirmed Plan occurred on December 18, 2015. See D.I. 1412.

**A. All Avoidance Actions other than the GUC Trust Causes of Action belong to the Liquidating Debtor.**

4. RTS asserts that the RTS Claims were "assigned . . . to the Secured Creditor Trust." RTS Objection at 12. This statement misconstrues the terms of the Confirmed Plan. The assets transferred to the Secured Creditor Trust on the Effective Date included all assets of the Debtors <u>other than</u> certain enumerated broad categories of assets that were expressly carved out of the definition of Secured Creditor Trust Assets (as defined in Article B.105 of Exhibit A to the Confirmed Plan).

5. The assets carved out of the definition of Secured Creditor Trust Assets included, among others, the GUC Trust Assets (as defined in Article B.58 of Exhibit A to the Confirmed Plan) and, crucially, all of the Debtors' causes of action arising under chapter 5 of the

-2-

Bankruptcy Code and similar state law and all proceeds thereof (the "<u>Avoidance Actions</u>," as defined in Article B.8 of Exhibit A to the Confirmed Plan). <u>See</u> Confirmed Plan, Ex. A, Art. B.8, B.105. Only certain Avoidance Actions not relevant here (included in the "<u>GUC Trust Causes of Action</u>," as defined in Article B.60 of Exhibit A to the Confirmed Plan) were included in the GUC Trust Assets transferred to the GUC Trust.[2] Because (a) <u>all</u> Avoidance Actions were excluded from the Secured Creditor Trust Assets transferred to the Secured Creditor Trust and (b) only <u>certain</u> Avoidance Actions included in the GUC Trust Causes of Action were transferred to the GUC Trust, all other Avoidance Actions are property of the Liquidating Debtor. The Plan did not transfer such Avoidance Actions to either trust, and thus *they simply remained (and still remain) property of the Liquidating Debtor*.[3] Moreover, the Debtors' former secured lenders waived any claim to any distribution from the Avoidance Actions. <u>See</u> D.I. 1308, Ex. 1, at 1.

**B. The RTS Claims Likely Constitute Avoidance Actions Belonging Exclusively to the Liquidating Debtor, not to the Secured Creditor Trust or the GUC Trust.**

6.  If the Court were to grant the relief sought in the Motion and vacate the Court's April 13, 2015 order approving the Debtors' retention of RTS (the "<u>Retention Order</u>") [D.I. 257], any fees, expenses, and other amounts paid to RTS by the Debtors during their chapter 11 bankruptcy cases (the "<u>RTS Fees</u>") will likely be avoidable as unauthorized postpetition transfers of estate property.[4] <u>See</u> 11 U.S.C. § 549(a) (providing that a debtor "may avoid a transfer of property of the estate . . . that occurs after the commencement of the case; and . . . that is not authorized under this title or by the court"). Any claims or causes of action to avoid the RTS

---

[2] The GUC Trust is the sole holder of equity in the Liquidating Debtor and is, among other things, charged with making distributions to unsecured creditors of the Debtors.

[3] As the record in this case indicates, the Liquidating Debtor has pursued numerous Avoidance Actions following the Effective Date.

[4] The Liquidating Debtor takes no position at this time on whether the Motion, as opposed to an adversary proceeding, is the proper mechanism for the pursuit of the RTS Claims assuming the Court vacates the Retention Order.

Fees, and any proceeds of any such claims or causes of action, would fit squarely within the definition of Avoidance Actions under the Confirmed Plan and belong exclusively to the Liquidating Debtor, not the Secured Creditor Trust or the GUC Trust.

7.  In addition, any claims to avoid alleged preferential transfers made to RTS during the ninety-day period before the Debtors commenced their chapter 11 cases arise under section 547 of the Bankruptcy Code.  <u>See</u> Motion at 32-33.  Thus, by definition, these claims and the proceeds thereof also constitute Avoidance Actions belonging exclusively to the Liquidating Debtor, not the Secured Creditor Trust or the GUC Trust.[5]

## **RESERVATION OF RIGHTS**

8.  The Liquidating Debtor reserves the right to raise any issues with respect to the RTS Claims in any further proceedings thereon and to seek to intervene in any such proceedings and/or with respect to the Motion, as necessary and appropriate.

[ *signature page follows* ]

---

[5] Whether Avoidance Actions against RTS would be timely at this time, and whether any applicable deadlines are subject to tolling or other extensions, can and should be addressed later if the Court vacates the Retention Order.

-5-

Dated:  May 6, 2019

Respectfully Submitted,

**LOWENSTEIN SANDLER LLP**
Wojciech F. Jung
Andrew Behlmann
One Lowenstein Drive
Roseland, NJ  07068
Telephone:  (973-597-2500
Facsimile:   (973) 597-2400

*-and -*

**POLSINELLI PC**

/s/*Justin K. Edelson*
Christopher A. Ward (DE 3877)
Justin K. Edelson (DE 5002)
222 Delaware Avenue, Suite 1101
Wilmington, DE 19801
Telephone:  (302) 252-0920
Facsimile:   (302) 252-0921
cward@polsinelli.com
jedelson@polsinelli.com

*Counsel to SRC Liquidation, LLC*