# EXHIBIT 76

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| IN RE: | Case No. 15-33896-KRH |
| ALPHA NATURAL RESOURCES, INC., *et al.*, | Chapter 11 |
| Debtors | (Jointly Administered) |

**UNITED STATES TRUSTEE'S RESPONSE TO MAR-BOW PARTNERS, LLC'S (I) MOTION TO REOPEN CASE AND (II) MOTION FOR RELIEF FROM JUDGMENTS AND FOR INDICATIVE RULING**

John P. Fitzgerald, III, the Acting United States Trustee for Region 4 (the "U.S. Trustee"), hereby responds to the (i) *Motion to Reopen Case* (the "Motion to Reopen") and (ii) *Motion for Relief from Judgments and for Indicative Ruling* (the "Judgment Relief Motion") (collectively with the Motion to Reopen, the "Motions") filed by Mar-Bow Value Partners, LLC ("Mar-Bow"). For the reasons that follow, the Court should grant the Motion to Reopen and defer ruling on the Judgment Relief Motion.[1]

1.  Before plan confirmation in 2016, the U.S. Trustee filed a motion to compel further disclosures from McKinsey RTS ("RTS"), Docket No. 2308 (the "Motion to Compel"), and argued that "[r]igorous compliance with Rule 2014 is critical to the integrity and transparency required of the bankruptcy system." That same principle remains true today.

2.  In response to the Motion to Compel, RTS filed additional public disclosures. Based on the additional information in these disclosures, the U.S. Trustee determined that RTS

---

[1] Though the Motions referenced a 21-day response period, the U.S. Trustee files his response now out of an abundance of caution to the extent that the Case Management Order no longer controls due to case closure (thereby triggering the deadlines set forth in Local Bankruptcy Rule 9013 (H)(3)).

1

satisfied the disinterested and conflict standards for retention and that the Motion to Compel would not be prosecuted further. This Court later agreed that RTS was disinterested.[2]

3.      In its Motions, Mar-Bow has raised new allegations that may call into question both the settlement of the Motion to Compel and this Court's finding of disinterestedness. Thus, the U.S. Trustee supports the Motion to Reopen in order to investigate these previously unknown allegations.[3]

4.      In particular, Mar-Bow alleges that "McKinsey profited over $50 million for its partners and other pension beneficiaries as a result of its interest in Whitebox" and, further, that "McKinsey's ownership interest in Whitebox and thus indirect acquisition of estate assets under the plan has a direct bearing on McKinsey's disinterestedness and had to be fully disclosed." Judgment Relief Motion, pp. 4-5. Mar-Bow acknowledges that Whitebox did not appear on the interested parties list that RTS and other estate-paid professionals relied upon when making their disclosures of connections during these cases. Judgment Relief Motion, pp. 4.

---

[2]     After the U.S. Trustee resolved the Motion to Compel, Mar-Bow filed its own motion to compel seeking further disclosures. Among other things, the Court ordered the identification of any interested parties in which RTS's investment affiliate, McKinsey Investment Office ("MIO"), has invested. The Court ordered that those disclosures be made to the Court in camera and subsequently on a confidential basis to the U.S. Trustee, Debtors, and the official committee of unsecured creditors. RTS made those further in camera disclosures on July 6, 2016. After the in camera review, the Court stated that it was "very satisfied with the information in [the in camera disclosures]. . . . I'm completely satisfied that there is not any type of disinterested problem with McKinsey going forward based on my in-camera review." Tr., 21-22 (7/7/16) [Docket No. 3009]. "And I'm absolutely satisfied, as I said before, McKinsey is disinterested party based on everything that I've seen, which was far more than adequate submission that I received yesterday." *Id*. at 122.

[3]     Since the filing of the Motions, the U.S. Trustee has engaged RTS and sought additional information. The U.S. Trustee files this response in order to make the Court aware of his specific concerns and explain why additional time is needed.

5.      In making these allegations, Mar-Bow asserts that RTS had knowledge of an MIO investment in Whitebox. By contrast, RTS has maintained throughout these cases that it had no information about or access to MIO's investments because MIO operates as a blind trust.[4]

6.      The Judgment Relief Motion shows that at least some MIO investment information is available through MIO's public reports to the United States Department of Labor (the "Labor Department"). The Labor Department has described its reporting form as, among other things, "a disclosure document for plan participants and beneficiaries . . . to protect the rights and benefits of participants and beneficiaries under employee benefit plans." Department of Labor, Instructions for Form 5500 Annual Return/Report of Employee Benefit Plan at 40 (2016), https://www.dol.gov/sites/default/files/ebsa/employers-and-advisers/plan-administration-and-compliance/reporting-and-filing/form-5500/2016-instructions.pdf.

7.      At a minimum, the Labor Department disclosures raise new questions about whether RTS and its employees had knowledge about MIO's investments in interested parties when it made both its public and its in-camera disclosures in this case.

8.      For these reasons, the U.S. Trustee supports the Motion to Reopen because doing so will allow the U.S. Trustee an opportunity to undertake an independent investigation. Though the list below is not exhaustive, the U.S. Trustee believes that RTS should provide additional information and context about:

---

[4]     For example, during a hearing on June 28, 2016, RTS told the Court that MIO, "[t]he investment arm or entity[,] is walled off. We cannot search it. We know nothing about it. There's no way we can find out about their investments, and we don't know about their investments." Tr. p. 142 6/28/16, [Docket No. 4117].

  a. The interactions between RTS employees and MIO, including investment decision making and reporting and whether there are any procedures or policies that restrict RTS employees from accessing MIO investment information;

  b. Whether any RTS employee, including Mr. Jon Garcia, ever discussed or otherwise knew about an MIO investment in Whitebox, whether potential or actual;

  c. The powers and duties of MIO board members, including, but not limited to, the process for engaging and supervising third party investment managers and the process for when MIO directs an investment with its investment discretion; and

  d. The reason why the interested parties list that RTS relied upon in making its disclosures did not include Whitebox.

## **CONCLUSION**

  9. The Court should defer ruling on the Judgment Relief Motion so that the U.S. Trustee and other parties can both investigate and consider these matters in context. Full and complete disclosures ensure that bankruptcy professionals render undivided loyalty and untainted advice to their clients and enhance creditor and public confidence in the fairness of the bankruptcy proceedings. Rule 2014 is a rigorous standard requiring full disclosure of all connections so that parties and the Court can thoughtfully reach such conclusions.

  10. For these reasons, the United States Trustee respectfully requests that the Court grant the Motion to Reopen and defer ruling on the Judgment Relief Motion.

Respectfully Submitted,

Dated            John P. Fitzgerald, III
               Acting U.S. Trustee
               United States Trustee, Region Four

By: /s/ *Robert B. Van Arsdale*
Robert B. Van Arsdale (Va. Bar No. 17483)
Shannon Pecoraro (Va. Bar No. 46864)
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219
(804) 771-2310
robert.b.van.arsdale@usdoj.gov
shannon.pecoraro@usdoj.gov

By: /s/ *Hugh M. Bernstein*
Hugh M. Bernstein (Md. Fed. Bar No. 23489)
Office of the United States Trustee
101 W. Lombard Street, Suite 2650
Baltimore, MD 21201
(410) 962-4300
hugh.m.bernstein@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of July, 2018, a true and accurate copy of the foregoing Response was served via First Class Mail (postage prepaid), via email or via ECF in accordance with the Court's Order Establishing Certain Notice, Case Management and Administrative Procedures entered on August 5, 2015 (Doc.111) and the Service List maintained by Kurtzman Carlson Consultants in this case. Service included the following persons:

Alpha Natural Resources, Inc.
Attn: Richard H. Verheij, Esq.
Executive Vice President
General Counsel & Corporate Secretary
One Alpha Place
P.O. Box 16429
Email: everheij@alphanr.com
*Debtors*

David G. Heiman, Esq.
Carl E. Black, Esq.
Thomas A. Wilson, Esq.
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114
dgheiman@jonesday.com
ceblack@jonesday.com
tawilson@jonesday.com
*Counsel to the Debtors*

Elisabetta G. Gasparini, Esq.
Office of the United States Trustee
1835 Assembly Street, Suite 953
Columbia, SC 29201
Email: elisabetta.g.gasparini@usdoj.gov
*Office of the United States Trustee*

Alpha Natural Resources, Inc.
Attn:  Mark M. Manno
One Alpha Place
Bristol, VA 24202
*Debtors*

Tyler P. Brown, Esq.
Henry P. (Toby) Long, III, Esq.
Hunton & Williams, LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219
*Local Counsel for the Debtors*

Hugh M. Bernstein, Esq.
Office of the United States Trustee
District of Maryland
101 West Lombard Street, Suite 2625
Baltimore, MD 21201
Email: Hugh.M.Bernstein@usdoj.gov
*Office of the United States Trustee*

6

Dennis F. Dunne, Esq.
Evan R. Fleck, Esq.
Eric K. Stodola, Esq.
Milbank, Tweed, Hadley, & McCoy, LLP
28 Liberty Street
New York, NY 10005
Email: ddune@milbank.com
efleck@milbank.com
estodola@milbank.com
*Counsel for Creditors' Committee*

Andrew L. LeBlanc, Esq.
Milbank, Tweed, Hadley & McCoy, LLP
1850 K. Street, Suite 1100
Washington, DC 20006
Email: aleblanc@milbank.com
*Counsel to Creditors' Committee*

Lynn Lewis Tavenner, Esq.
Paula S. Beran, Esq.
David N. Tabakin, Esq.
Tavenner & Beran, PLC
20 North 8th Street, Second Floor
Richmond, VA 23219
*Counsel to Retiree Committee*

Damian S. Schaible, Esq.
Damon P. Meyer, Esq.
Bradley A. Schecter, Esq.
Davis Polk & Wardwell, LLP
450 Lexington Avenue
New Yorkl, NY 10017
Email: Damian.schaible@davispolk.com
Damon.meyer@davispolk.com
Bradley.schecter@davispolk.com
*Co-Counsel to DIP Agent and First Lien Agent*

Paul M. Basta, Esq.
Stephen E. Hessler, Esq.
Kirkland & Ellis, LLP
601 Lexington Avenue
New York, NY 10022
Email: pbasta@kirkland.com
Stephen.hessler@kirkland.com
*Counsel to Ad Hoc Committee of Second Lien Noteholders*

7

Debra A. Dandeneau, Esq.
John J. Dedyo, Esq.
Weil, Gotshal, & Manges, LLP
767 Fifth Avenue
New York, NY 10153
Email: debra.dandeneau@weil.com
John.dedyo@weil.com
*Counsel to general Electric Credit Corporation*

Will A. Gray, Esq.
W. Ashley Burgess, Esq.
Roy M. Terry, Jr., Esq.
Sands Anderson, P.C.
P.O. Box 1998
Richmond, VA 23218-1998
*Local Counsel to Creditors' Committee*

John R. Owen, Esq.
Jeremy D. Capps, Esq.
Melissa Y. York, Esq.
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, VA 23235
*Counsel to Retiree Committee*

Dion W. Hayes, Esq.
Sarah B. Boehm, Esq.
K. Elizabeth Sieg, Esq.
McGuire Woods, LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
*Co-Counsel to DIP Agent and First Lien Agent*

Gregory F. Pesce, Esq.
Kirkland & Ellis, LLP
300 North LaSalle
Chicago, IL 60654
Email: Gregory.pesce@kirkland.com
*Counsel to Ad Hoc Committee of Second Lien Noteholders*

Michael A. Condyles, Esq.
Peter J. Barrett, Esq.
Jeremy S. Williams, Esq.
Kutak Rock, LLP
1111 East Main Street, Suite 800
Richmond, VA 23219-3500
*Local Counsel to Ad Hoc Committee of Second Lien Noteholders*

Jayne T. Goldstein, Esq.
Kenneth Pasquale, Esq.
Gabriel E. Sasson, Esq.
Strook, Strook & Lavan, LLP
180 Maiden Lane
New York, NY 10038-4982
Email: jgoldstein@strook.com
kpasquale@strook.com
gsasson@strook.com
*Counsel to Second Lien Notes Trustee*

Troy Savenko, Esq.
Kaplan Voekler Cunningham & Frank, PLC
1401 East Cary Street
Richmond, VA 23219
*Local Counsel to UMWA*

Harold L. Kaplan, Esq.
Mark F. Hebbeln, Esq.
Foley & Lardner, LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
Email: hkaplan@foley.com
mhebbeln@foley.com
*Counsel to the Indenture Trustees for the Debtors' Secured and Unsecured Notes*

McKinsey Recovery & Transformation Services U.S., LLC
55 East 52nd Street
New York, NY 10055
Attn: Kevin Carmody
*Turnaround Advisor*

Peter A. Ivanick, Esq.
Hogan Lovells US LLP
875 Third Avenue
New York, NY 10022
Email: peter.ivanick@hoganlovells.com
*Counsel to McKinsey*

9

Martin J. Bienenstock, Esq.
Proskauer Rose LLP
Eleven Times Square
New York, NY 10036-8299
Email: mbienenstock@proskauer.com
*Counsel to McKinsey*

Sharon L. Levine, Esq.
Paul Kizel, Esq.
Phillip J. Gross, Esq.
Nicole M. Brown, Esq.
LowensteinSandler LLP
65 Livingston Avenue
Roseland, NJ 07068
Email: slevine@lowenstein.com
pkizel@lowenstein.com
pgross@lowenstein.com
nbrown@lowenstein.com
*Counsel to UMWA*

Kurtzman Carson Consultants LLC
Attn: Joe Marrow
2335 Alaska Avenue
El Segundo, CA 90245
Email: AlphaNRinfo@kccllc.com
*Claims and Noticing Agent*

Grant Crandall, Esq.
United Mine Works of America
18354 Quantica Gateway Drive, Suite 200
Triangle, VA 22172
*United Mine Workers of America*

Edward C. Dolan, Esq.
Hogan Lovells US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
Email: Edward.dolan@hoganlovells.com
*Counsel for McKinsey*

Bruce H. Matson, Esq.
Christopher L. Perkins, Esq.
LeClair Ryan
919 East Main Street
Richmond, VA 23219
*Counsel to McKinsey*

                                             /s/Robert B. Van Arsdale
                                                Robert B. Van Arsdale