# EXHIBIT 79

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| IN RE: | ALPHA NATURAL RESOURCES, INC., *et al.*, | Case No. 15-33896-KRH<br>Chapter 11<br>(Jointly Administered) |
| | Debtors. | |

**ORDER COMPELLING MCKINSEY RECOVERY & TRANSFORMATION SERVICES U.S., LLC, TURNAROUND ADVISOR FOR THE DEBTORS, TO COMPLY WITH THE REQUIREMENTS OF BANKRUPTCY RULE 2014**

This matter having come before the Court on the *Motion of Mar-Bow Value Partners, LLC ("Mar-Bow") to Compel McKinsey Recovery & Transformation Services U.S., LLC, ("McKinsey RTS") Turnaround Advisor to the Debtors, to Comply with the Disclosure Requirements of Bankruptcy Rule 2014* (ECF No. 2603) (the "Motion");[1] the Court having reviewed the Motion and the objection of McKinsey RTS (ECF No. 2734) and conducted a hearing to consider the relief requested in the Motion; and the Court having considered the Motion and the statements of counsel at the hearing;

**IT IS HEREBY FOUND AND DETERMINED THAT**:

A. The Court has subject matter jurisdiction over this matter and over the property of the Debtors and their respective bankruptcy estates pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N), and (O). The statutory predicates for the relief sought herein are 11 U.S.C. §§ 105, and 327; and Bankruptcy Rule 2014. Venue of these cases and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B. Mar-Bow is a creditor with standing to file the Motion.

---

[1] Capitalized terms not otherwise defined in this Order shall have the meanings given to them in the Motion.

C. Generally, Bankruptcy Rule 2014 requires professional persons to disclose their connections by name.

D. There are no different standards of disclosure for lawyers and other professional persons.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED to the extent provided herein.

2. No later than July 6, 2016 at noon, prevailing Eastern Time, McKinsey shall deliver to the Court, for *in camera* review, the following items:

a. A list containing the names of the 121 undisclosed connections discussed at the hearing, together with sufficient information for the Court to determine (1) whether any of those connections constitute an interest that is adverse to the estate and (2) whether McKinsey is disinterested, all as required by 11 U.S.C. § 327;

b. Identification of Interested Parties that manage investments for MIO Partners, Inc. or its investment affiliates (collectively, "MIO");

c. Identification of Interested Parties in which MIO owns securities; provided, however, that (i) where MIO invests in or with funds of funds, funds, or third party managers, and has no input or control over investment decisions therein, McKinsey RTS shall disclose only which funds of funds, funds, and third party managers are on the list of Interested Parties, and (ii) where MIO has directed an investment with its investment discretion, McKinsey RTS shall disclose the Interested Parties whose names match with names on MIO's ledgers of investments;

2

d. The survey response rates to the email surveys sent to McKinsey RTS and its affiliates' personnel in connection with each Carmody declaration filed in this case and any responses thereto showing a connection to an Interested Party together with sufficient information for the Court to determine (1) whether any of those connections constitute an interest that is adverse to the estate and (2) whether McKinsey is disinterested, all as required by 11 U.S.C. § 327.

3. The Debtors, the Unsecured Creditors' Committee, the United States Trustee, McKinsey RTS, and Mar-Bow shall negotiate a confidentiality agreement or proposed confidentiality order under which the United States Trustee, and professionals for the Debtors and the Unsecured Creditors' Committee may review the foregoing data.

4. If the parties are unable to agree upon a confidentiality agreement or proposed confidentiality order, the Court will provide such an agreement or issue such an order. Upon the entry of a confidentiality order or consummation of a confidentiality agreement, and subject to its terms, the disclosures required by paragraph 2 of this Order shall be disclosed to the legal professionals for the Debtors and the Unsecured Creditors' Committee, and to the United States Trustee.

5. The United States Trustee's withdrawal of its motion is not binding on Mar-Bow.

6. The Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation, interpretation or enforcement of this Order.

Entered: Jul 1 2016

/s/ Kevin R. Huennekens
UNITED STATES BANKRUPTCY JUDGE

Entered on Docket: Jul 1 2016

3

**PARTIES TO RECEIVE COPIES**

Robert B. Van Arsdale, Esquire
Shannon F. Pecoraro, Esquire
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia  23219

David G. Heiman, Esq.
Carl E. Black, Esq.
Thomas A. Wilson, Esq.
Jones Day
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114

Tyler P. Brown, Esq.
Henry P. (Toby) Long, III, Esq.
Justin F. Paget, Esq.
Hunton & Williams LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219

Dennis F. Dunne, Esq.
Evan R. Fleck, Esq.
Eric K. Stodola, Esq.
Milbank, Tweed, Hadley & McCoy LLP
28 Liberty Street
New York, NY 10005

Andrew L. LeBlanc, Esq.
Milbank, Tweed, Hadley & McCoy LLP
1850 K Street, N.W., Suite 1100
Washington, D.C. 20006

William A. Gray, Esq.
W. Ashley Burgess, Esq.
Roy M. Terry, Jr., Esq.
Sands Anderson P.C.
P.O. Box 1998
Richmond, VA 23218-1998

David R. Ruby, Esquire (VSB #22703)
William D. Prince, IV Esquire (VSB #77209)

4

ThompsonMcMullan, P.C.
100 Shockoe Slip, Third Floor
Richmond, Virginia 23219

Steven Rhodes, Esquire
Steven Rhodes Consulting, LLC
1610 Arborview Blvd.
Ann Arbor, MI 48103

Susan M. Freeman, Esquire
Lewis Roca Rothgerber Christie LLP
201 East Washington Street, Suite 1200
Phoenix, AZ 85004-2595

Sheldon S. Toll, Esquire
Law Office of Sheldon S. Toll PLLC
29580 Northwestern Highway, Suite 100
Southfield, MI 48034

Lois R. Lupica, Esquire
Maine Law Foundation Professor of Law
University of Maine School of Law
246 Deering Avenue
Portland, ME 04012

Judith K. Fitzgerald, Esquire
Tucker Arensberg, PC
1500 One PPG Place
Pittsburgh, PA 15222

John A.E. Pottow, Esquire
625 South State Street
Ann Arbor, MI 48109

Steven M. Biskupic, Esquire
Biskupic & Jacobs, S.C.
1045 W. Glen Oaks Lane, Suite 106
Mequon, WI 53092

McKinsey Recovery & Transformation Services U.S., LLC
55 East 52nd Street
New York, NY 10055
  Attn: Mr. Kevin Carmody

Edward C. Dolan, Esq.
Hogan Lovells US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, D.C. 20004

Peter A. Ivanick, Esq.
Hogan Lovells US LLP
875 Third Avenue
New York, NY 10022

Bruce H. Matson, Esq.
Christopher L. Perkins, Esq.
LeClair Ryan
919 East Main Street
Richmond, VA 23219

Martin J. Bienenstock, Esq.
Proskauer Rose LLP
Eleven Times Square
New York, New York 10036-8299
mbienenstock@proskauer.com