**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| SRC Liquidation, LLC,[1] | Case No. 15-10541 (BLS) |
| Debtor. | Jointly Administered |
| | **Related Docket Nos. 2392, 2405 and 2422** |

**LIMITED RESPONSE AND RESERVATION OF RIGHTS OF THE SRC SECURED CREDITOR TRUST WITH RESPECT TO STATEMENT AND RESERVATION OF RIGHTS OF REORGANIZED DEBTOR WITH RESPECT TO MOTION OF MAR-BOW VALUE PARTNERS, LLC, A CREDITOR, FOR RELIEF FROM ORDERS UNDER BANKRUPTCY RULE 9024 AND CIVIL RULE 60(D)(3)**

The SRC Secured Creditor Trust (the "Secured Creditor Trust"), by and through its undersigned counsel, hereby files this limited response and reservation of rights (this "Response") with respect to the *Statement And Reservation Of Rights Of Reorganized Debtor With Respect To Motion Of Mar-Bow Value Partners, LLC, A Creditor, For Relief From Orders Under Bankruptcy Rule 9024 And Civil Rule 60(D)(3)* (Docket No. 2422) (the "Liquidating Debtor's Reply"), relating to the *Motion of Mar-Bow Value Partners, LLC, a Creditor, for Relief From Orders Under Bankruptcy Rule 9024 and Civil Rule 60(d)(3)* (Docket No. 2392) (the "Motion") filed by Mar-Bow Value Partners, LLC ("Mar-Bow") and the *Objection of McKinsey Recovery & Transformation Services U.S., LLC to Mar-Bow Value Partners, LLC's Motion for Relief From Orders Under Bankruptcy Rule 9024 and Civil Rule 60(d)(3) [Dkt. 2392]* (Docket No. 2405) (the "RTS Objection") filed by McKinsey Recovery & Transformation Services U.S., LLC ("RTS"). In connection herewith, the Secured Creditor Trust respectfully states as follows:

---

[1] The last four digits of the Debtor's taxpayer identification number are 5540. Inquiries regarding the Debtor should be directed to the GUC Trustee, c/o EisnerAmper LLP, 111 Wood Avenue South, Iselin, NJ 08830-2700 (Attn: Anthony R. Calascibetta).

#53382613 v4

-2-

1.  The Secured Creditor Trust does not take any position at this time with respect to the merits of the claims asserted by Mar-Bow against RTS through the Motion (the "RTS Claims"), and recognizes that now is not the time for the Court to make judgments regarding who is entitled to litigation proceeds that may never materialize. The Secured Creditor Trust files this Response only to avoid being deemed to have acquiesced in certain misstatements in the Liquidating Debtor's Reply, specifically the Liquidating Debtor's erroneous assertion that any funds that may be disgorged pursuant to the RTS Claims would be proceeds of Avoidance Actions under chapter 5 of the Bankruptcy Code, and thus assets of the Liquidating Debtor.

**BACKGROUND**

2.  On March 12, 2015, The Standard Register Company (n/k/a SRC Liquidation, LLC) and its affiliates (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (11 U.S.C. §§ 101 *et seq.*, the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

3.  On November 19, 2015, the Court entered an order (Docket No. 1331) (the "Confirmation Order") confirming the *Second Amended Chapter 11 Plan of Liquidation for SRC Liquidation Company and its Affiliates (With Technical Modifications)* (Docket No. 1331), Ex. A) (the "Plan").

4.  The effective date (the "Effective Date") of the Plan occurred on December 18, 2015 (Docket No. 1412). The Secured Creditor Trust was established pursuant to the Plan as of the Effective Date. (Plan, Section 2.3.6).

5.  On the Effective Date and in connection with the Plan and Confirmation Order, the Debtors, as settlors, Wilmington Trust Company, as Trustee, Clingman & Hanger

Management Associates, LLC, as Advisor, and Silver Point Finance, LLC (solely in its capacity as Second Lien Agent), as sole member of the Oversight Committee, entered into that certain Secured Creditor Trust Agreement (the "Secured Creditor Trust Agreement" and, together with the Plan and Confirmation Order, the "Plan Documents").[2] The beneficiaries of the Secured Creditor Trust (the "Secured Creditor Trust Beneficiaries") are all holders of Allowed Class III Second Lien Secured Claims.  (Plan, Section 3.2.3(a)).

6. As the Liquidating Debtor's Reply acknowledges at paragraph 4, pursuant to the Plan Documents the Secured Creditor Trust Assets comprise all of the Debtors' Assets other than those expressly excluded.  *See Plan*, Ex. A ("'Secured Creditor Trust Assets' means all of the Debtors' Assets other than …").[3]  It is not surprising that the term Secured Creditor Trust Assets is defined so broadly in the Plan, as the Secured Creditor Trust was formed for the benefit of the Secured Creditor Trust beneficiaries, which are secured creditors holding properly perfected liens on all or substantially all of the Debtors' assets.[4]

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Plan Documents.

[3] The Plan provides:

> "Secured Creditor Trust Assets" means all of the Debtors' Assets other than (i) the Rabbi Trust Proceeds, (ii) the Wind-Down Amount other than the Wind-Down Settlement Payment, (iii) the Wind-Down Funds Account, (iv) the Avoidance Actions, (v) the GUC Trust Causes of Action and proceeds thereof, (vi) the D&O Insurance and D&O Policies, (vii) the Taylor Utility Deposits, (viii) those GUC Trust Assets transferred to the GUC Trust in connection with closing of the Taylor Sale in accordance with the Committee Settlement, (ix) the obligation of Taylor to pay the Taylor Payment Receivable, (x) the obligation of the GUC Trust to repay the GUC Trust Seed Funding Amount, (xi) Terre Haute (as defined in the Wind-Down Settlement), and (xii) the Equity Interests in any of the Debtors or Liquidating Debtors; provided, however, that Secured Creditor Trust Assets shall not include any Assets that the Agent, the Second Lien Lenders, and any of their professionals and other advisors relinquished pursuant to Section 1 of the Wind-Down Settlement.

[4] *See e.g., Final Order (I) Authorizing Debtors in Possession to Obtain Postpetition Financing, (II) Granting Liens and Superpriority Claims to Postpetition Lenders; and (III) Providing Adequate Protection to Prepetition Credit Parties and Modifying Automatic Stay* (Docket No. 290) (the "DIP Financing Order"); *Settlement Agreement between the Debtors, the Agent, and the Creditors Committee*, dated as of June 19, 2015 (Docket No.

7. By the RTS Claims, Mar-Bow asserts that the order approving RTS' retention should be vacated and that certain amounts received by RTS from the Debtors should be disgorged. *Motion*, ¶ 10. While no party knows whether, in what form, or subject to what conditions the Court might order a remedy if it were to find for Mar-Bow on the merits of its Motion, if RTS ultimately is compelled to disgorge any payments it received from the Debtors the Secured Creditor Trust reserves all rights regarding whether those funds are Secured Creditor Trust Assets.

8. The RTS Claims are predicated on a purported fraud on the Court due to RTS' alleged failure to make required disclosures in connection with its retention and continued employment in these bankruptcy cases, and the relief requested is pursuant to Fed. R. Bankr. P. and Fed. R. Civ. P. 60(d)(3). *See, e.g., Motion* at ¶8 ("Mar-Bow requests relief from the Order under Rule 60(d)(3) of the Federal Rules of Civil Procedure because in its Declaration, McKinsey committed substantial and multiple frauds on the Court."); *Motion*, ¶14 ("The statutory and legal predicates for the relief requested herein are Rule 9024 of the Federal Rules of Bankruptcy Procedure and Rule 60(d)(3) of the Federal Rules of Civil Procedure."). The RTS Claims are not of a kind identified in the exclusions contained in the definition of Secured Creditor Trust Assets, and any payments disgorged by RTS in connection with such claims would likely be general assets of the Debtors that are Secured Creditor Trust Assets.

9. The Liquidating Debtor's Reply is incorrect when it suggests that the RTS Claims assert Avoidance Actions, and that any proceeds of the RTS Claims are likely assets of the Liquidating Debtor. The Plan defines "Avoidance Actions" as meaning:

---

696) (the "Committee Settlement") ("the Committee hereby admits and stipulates to, and agrees to be bound by, each of the stipulations set forth in the DIP financing order entered in the Chapter 11 Cases [ECF No. 290] (the 'DIP Financing Order'), including, without limitation, paragraph 6 thereof.").

-4-

#53382613 v4

any and all of the Debtors' Causes of Action for avoidance or equitable subordination or recovery under chapter 5 of the Bankruptcy Code or similar state law and all proceeds thereof, excluding only such Causes of Action that were transferred to Taylor pursuant to the Asset Purchase Agreement (and, accordingly, identified in the Do Not Sue List provided by Taylor on October 29, 2015) or released pursuant to the Committee Settlement.

10. Although Avoidance Actions are excluded from Secured Creditor Trust Assets, the RTS Claims are not premised on Chapter 5 of the Bankruptcy Code or any similar state law, and are not Avoidance Actions under the Plan. The RTS Claims are not asserted under Chapter 5 and presumably could not be, as any Chapter 5 claims have long-since been time-barred. *See e.g.*, 11 U.S.C. § 546(a) (two-year limitation after the order for relief for asserting preference claims under Bankruptcy Code section 547(a)); 11 U.S.C. § 549(d) (two-year limitation after the order for relief for asserting avoidance of unauthorized postpetition transfers of estate property under Bankruptcy Code section 549(a)). While the existence of potential preference liability may be a basis on which a court might conclude that a professional is not disinterested, an action based on any failure to disclose the effect of that potential liability on disinterestedness, or any other fact, at the time of retention is not itself an Avoidance Action, and any disgorgement that may be ordered as a remedy for any lack of disclosure or failure to be disinterested is not the proceed of an Avoidance Action.

-6-

**RESERVATION OF RIGHTS**

11. The Secured Creditor Trust reserves all rights regarding the RTS Claims and any proceeds thereof, including without limitation the right to appear and be heard in, or if necessary to seek to intervene in, any proceedings involving such matters.

Dated: May 8, 2019
      Wilmington, Delaware

Respectfully submitted,

PEPPER HAMILTON LLP

/s/ *John H. Schanne, II*
David M. Fournier (DE No. 2812)
John H. Schanne, II (DE No. 5260)
Hercules Plaza, Suite 5100
1313 North Market Street
Post Office Box 1709
Wilmington, Delaware 19899-1709
Telephone: (302) 777-6500
Facsimile: (302) 421-8390

*Counsel for the SRC Secured Creditor Trust*

#53382613 v4