Selendy & Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212 390 9000

Faith Gay
Partner
212 390 9001
fgay@selendygay.com



May 28, 2019

**<u>Via CM/ECF and Hand Delivery</u>**

The Honorable Brendan L. Shannon
United States Bankruptcy Court
District of Delaware
824 North Market Street, 6th Floor
Wilmington, Delaware 19801

Re:     *In re SRC Liquidation, LLC*, No. 15-10541 (BLS)

Dear Judge Shannon:

We represent McKinsey Recovery & Transformation Services U.S., LLC ("McKinsey RTS") in the above-referenced action. We write in response to Mar-Bow's letter of May 28, 2019 addressing the Supreme Court's decision in *Mission Product Holdings, Inc. v. Tempnology, LLC*, 587 U.S. ___ (2019), issued on May 20, 2019.

*Mission Product* provides no support to Mar-Bow's position, which conflates mootness with standing. Standing asks whether the party seeking to bring a case has shown a redressable injury which is both "concrete and particularized" and actual rather than "conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotations omitted). In contrast, mootness asks courts to determine "when the issues presented are no longer live." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (internal quotations omitted). In opining on *when* a controversy has expired, the Supreme Court in *Mission Product* did not effect any change in its approach to *who* can assert a claim in the first place—the only question before the Court now.

The *Mission Product* decision arose pre-confirmation and concerned two issues: (1) whether a bankruptcy court's rejection of an executory trademark license contract under Section 365 of the Bankruptcy Code rescinded the license holder's right to use the trademark; and (2) whether the case was moot because there was no live case or controversy. As to the first issue, the Court

Hon. Brendan L. Shannon
May 28, 2019

held that the rejection had the same effect as a breach of a contract outside of bankruptcy, rather than operating analogously to a rescission, and therefore that the license holder's right to use the trademark had not been terminated. *Id.* at 8. As a result, the Court ordered further proceedings on the license holder's claim for money damages. *Id.* at 17.

As to mootness, the Court's analysis was based on the fact that the party bringing the claim had "presented a claim for money damages." *Id.* at 6. As a result, the claim could not be moot, because claims for money damages "ensure a live controversy." *Id.* The Court noted specifically that "nothing so shows a continuing stake in a dispute's outcome as a demand for dollars and cents." *Id.*

The *Mission Product* decision has nothing to do with the issue of standing in this case and in no way supports Mar-Bow's position. Mar-Bow cannot make a "demand for dollars and cents"—the fact that it has no pecuniary interest in its motion is precisely why it lacks standing. For similar reasons, Judge Huennekens held just ten days ago that Mar-Bow lacked standing to pursue essentially identical claims in another bankruptcy. *See In re Old ANR*, No 19-00302 (Bankr. E.D. Va., filed May 17, 2019), Dkt. 54. Indeed, under the terms of the Plan in this case, the entities with standing to bring any claim are the Secured Creditor Trust or the Liquidating Debtor. Mar-Bow's attempt to side-step black letter law on standing and manufacture a pecuniary interest by seeking sanctions has been fully briefed in this case. And it was expressly rejected by Judge Huennekens in ANR: "Mar-Bow's only method of accessing those funds would require it to prevail on its fraud on the court claim, obtain the disgorgement and monetary sanctions it seeks, and then convince this Court to sidestep the terms of the confirmed Plan to bestow the funds upon the unsecured creditors on a pro rata basis. The Court considers such an interest far too conjectural to constitute an injury in fact." *Id.* at 11-12.

Mar-Bow submitted a request to brief *Mission Product* in the *SunEdison* bankruptcy, where similar arguments concerning standing are *sub judice*. Today, Judge Bernstein allowed the parties to submit simultaneous briefs by May 31, 2019 at 4 p.m., limited to a discussion of *Mission Product* and not exceeding 5 pages. He also noted that "the parties must avoid lengthy footnotes."

Hon. Brendan L. Shannon
May 28, 2019

      If Your Honor would like briefing on *Mission Product* as well, we would be happy to provide it; we respectfully request simultaneous briefs to be submitted this Court on the same schedule as the briefing in *SunEdison* (a deadline of May 31, 2019 at 4 p.m.) or on whatever schedule is most convenient for the Court.

      Respectfully submitted,

      */s/ Faith Gay*

      Faith Gay