## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SRC LIQUIDATION, LLC,[1] | Case No. 15-10541 (BLS) |
| Debtor. | (Jointly Administered) |

**MCKINSEY RECOVERY & TRANSFORMATION SERVICES U.S., LLC'S SUPPLEMENTAL BRIEF IN OPPOSITION TO MAR-BOW VALUE PARTNERS, LLC'S MOTION FOR RELIEF FROM ORDERS UNDER BANKRUPTCY RULE 9024 AND CIVIL RULE 60(D)(3)**

---

[1] The last four digits of the Debtor's taxpayer identification number are 5540.  Inquiries regarding the Debtor should be directed to the GUC Trustee, c/o EisnerAmper LLP, 111 Wood Avenue South, Iselin, NJ 08830-2700 (Attn: Anthony R. Calascibetta).

**TABLE OF CONTENTS**

**Pages**

PRELIMINARY STATEMENT ...........................................................................................................1

ARGUMENT.......................................................................................................................................2

CONCLUSION....................................................................................................................................5

# **TABLE OF AUTHORITIES**

**Cases**

*Burford v. Sun Oil Co.*,
 319 U.S. 315 (1943) ................................................................................................................ 2

*Chafin v. Chafin*,
 568 U.S. 165 (2013) ................................................................................................................ 4

*Clapper v. Amnesty Int'l USA*,
 568 U.S. 398 (2013) ................................................................................................................ 5

*Friends of the Earth, Inc. v. Laidlaw Envtl. Svs. (TOC), Inc.*,
 528 U.S. 167 (2000) ............................................................................................................ 1, 3

*In re AbitibiBowater Inc.*,
 No. 09-11296 (KJC), 2010 WL 4823839 (Bankr. D. Del. Nov. 22, 2010) ........................... 2, 4

*In re Global Indus. Techs., Inc.*,
 645 F.3d 201 (3d Cir. 2011) .................................................................................................... 2

*In re Old ANR, LLC*,
 No. 19-00302, 2019 WL 2179717 (Bankr. E.D. Va. May 17, 2019) ...................................... 5

*Lujan v. Defenders of Wildlife*,
 504 U.S. 555 (1992) ......................................................................................................... 2, 3, 5

*Mission Product Holdings, Inc. v. Tempnology, LLC*,
 No. 17-1657, 2019 WL 2166392 (U.S. May 20, 2019) ................................................... passim

*National Park Hospitality Assn. v. Department of Interior*,
 538 U.S. 803 (2003) ................................................................................................................ 2

*Ruocchio v. United Transp. Union, Local 60*,
 181 F.3d 376 (3d Cir. 1999) .................................................................................................... 3

*Town of Chester, N.Y. v. Laroe Estates, Inc.*,
 137 S. Ct. 1645 (2017) ............................................................................................................ 2

*Vermont Agency of Nat. Res. v. U.S. ex rel. Stevens*,
 529 U.S. 765 (2000) ................................................................................................................ 5

*Zivotofsky ex rel. Zivotofsky v. Clinton*,
 566 U.S. 189 (2012) ................................................................................................................ 2

**Statutes**

11 U.S.C. § 1109 .......................................................................................................................... 2

U.S. Const. Art. 3 ............................................................................................................ 1, 2, 5

**PRELIMINARY STATEMENT**

1.  The Supreme Court's decision in *Mission Product Holdings, Inc. v. Tempnology, LLC*, No. 17-1657, 2019 WL 2166392 (U.S. May 20, 2019), has no bearing upon Mar-Bow Value Partners, LLC's ("Mar-Bow") lack of standing to bring its Rule 60(d)(3) motion (the "Motion," D.I. 2392) before this Court. *Mission Product* is about mootness, and the Supreme Court has warned against "confus[ing] mootness with standing." *Friends of the Earth, Inc. v. Laidlaw Envtl. Svs. (TOC), Inc.*, 528 U.S. 167, 189 (2000). The *Mission Product* opinion never mentions standing, nor does it otherwise address, much less alter, the hornbook three-part test for constitutional and bankruptcy standing, which Mar-Bow fails to meet. *See* Objection, D.I. 2405.

2.  In *Mission Product*, the Supreme Court held that a debtor's pre-confirmation rejection of an executory contract while in a Chapter 11 proceeding was equivalent to a breach of contract outside of bankruptcy, and that, therefore, Mission Product Holdings ("Mission") had a valid breach of contract claim for money damages against the estate. *Id.* at *9. The Supreme Court also held that Mission's contract claim did not subsequently become moot because the insolvent estate might not be able to fully satisfy any judgment in Mission's favor on this claim. *Id.* at *5. Because Mission was a party to a valid contract that asserted a timely breach claim and suffered monetary damage when the contract was terminated before its end date, Mission's *standing* to bring its claim was unquestioned. The Supreme Court never mentioned it.

3.  In contrast, the question before this Court is solely about standing. Specifically, whether Mar-Bow—which does not allege, let alone demonstrate, that it holds a valid post-confirmation interest relating to this case—has standing to invoke this Court's jurisdiction under Article III of the Constitution. The answer—before and after *Mission Product*—is no.

## ARGUMENT

4. *Mission Product* in no way addresses (let alone effects a sea change in) the well-settled requirements for Article III standing, which is the bedrock foundational principle controlling Mar-Bow's right to use this Court to press its Motion. "[A] plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought." *Town of Chester, N.Y. v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1650 (2017). This inquiry has three elements:

> First, the [party] must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action . . . . Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal quotation marks and citations omitted). In this Circuit, standing under Article III and the Bankruptcy Code is coextensive, *In re Global Indus. Techs., Inc.*, 645 F.3d 201, 211 (3d Cir. 2011), so to have standing under 11 U.S.C. § 1109(b), a party must be "directly or adversely affect[ed]," generally through a "pecuniary interest" in the case. *In re AbitibiBowater Inc.*, No. 09-11296 (KJC), 2010 WL 4823839, at *9 (Bankr. D. Del. Nov. 22, 2010). That means that Mar-Bow's failure to meet the requirements of Article III standing is not cured by characterizing bankruptcy as a collective or *in rem* action. See Oral Argument Tr. 14-17. The requirements of Article III are "essential and unchanging," *Lujan*, 504 U.S. at 560, and they apply to all parties—including Mar-Bow.[2]

5. It is Mar-Bow's burden to allege each element of standing, including a concrete,

---

[2] Mar-Bow notes that mootness and standing are both rooted in Article III, but that is no justification for conflating the two. Article III governs *every* exercise of the "judicial Power of the United States," U.S. Const. Art. III, §§ 1, 2, and has many subsidiary doctrines, of which mootness and standing are but two. See, *e.g.*, *National Park Hospitality Assn. v. Department of Interior*, 538 U.S. 803, 808 (2003) (ripeness); *Burford v. Sun Oil Co.*, 319 U.S. 315, 333–334 (1943) (abstention); *Zivotofsky ex rel. Zivotofsky v. Clinton*, 566 U.S. 189, 208 (2012) (political question).

redressable injury in fact. *Lujan*, 504 U.S. at 560. Mar-Bow's submissions fail to do so for multiple, independent reasons. Objection, D.I. 2405 at 6-7. Unlike Mission, which directly had a contract with the debtor and asserted a pre-confirmation breach of contract claim against the estate for damages it had sustained from that contract's rejection, Mar-Bow fails to allege *any interest* that gives it an actionable right and fails to allege it suffered concrete injury. Mar-Bow purportedly purchased a claim after Plan confirmation, but the Plan extinguished all general unsecured claims in exchange for beneficial interests in the General Unsecured Creditors Trust ("GUC Trust"). Mar-Bow does not allege that it holds or even attempted to obtain a GUC Trust interest. Nor could it: the GUC Trust Agreement prohibits contractual assignment of interests. *Id*. But separately, and more to the point, *even if* Mar-Bow had received such an interest, Mar-Bow's alleged cause of action would belong to the Secured Creditor Trust, or if characterized as an untimely Avoidance Action, to the Liquidating Debtor—the only two entities with possible standing post-confirmation. Notably, neither of those parties have pressed such a claim. *Id.* at 13, n.15.

6.     To try to overcome its lack of any claim for a redressable injury, Mar-Bow now misconstrues language in *Mission Product* to conflate the distinct doctrines of standing and mootness.[3] But the standards for standing and mootness are different, as the Supreme Court explained in *Laidlaw*. "Standing doctrine functions to ensure, among other things, that the scarce resources of the federal courts are devoted to those disputes in which the parties have a concrete stake." *Laidlaw*, 528 U.S. at 191. In contrast, "by the time mootness is an issue, the case has been brought and litigated." *Id.* Mootness addresses not the question of *who* has the right to assert a particular

---

[3] *Ruocchio v. United Transp. Union, Local 60*, 181 F.3d 376, 385 n.11 (3d Cir. 1999), on which Mar-Bow relies, is inapposite. The Court expressly limited its holding to claims concerning freedom of speech in the labor union context, and found that there still was a live injunctive and declaratory "case or controversy" because of the potential "chilling effect" on other employees' free speech rights after the plaintiff was reinstated. *Id*. at 385. That authority does not apply here.

3

claim, but "*when* the issues presented are no longer live." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (emphasis added) (internal quotations omitted).

7.     The clear legal distinctions between standing and mootness aside, Mar-Bow is wholly unlike the movant in *Mission Product*. Mission had the most direct and concrete injury imaginable: a straightforward breach of contract claim against the estate because the debtor rejected Mission's contract before its expiration. In *Mission Product*, the Supreme Court addressed whether Mission's right to maintain this concrete claim had become moot because of the estate's insolvency—not whether Mission had standing in the first place. The Supreme Court noted that "Mission has presented a claim for money damages," and held that Mission's breach claim was not *moot* when the "[u]ltimate recovery on that demand may be uncertain or even unlikely" since the case remained live "[i]f there is any chance of money changing hands." 2019 WL 2166392, at *4.[4] Mar-Bow inexplicably argues that the Supreme Court's holding that Mission's direct, concrete, pre-confirmation contract claim for money damages was not *moot* somehow proves that Mar-Bow's indirect, speculative, post-confirmation claim is sufficient for *standing*. But Mar-Bow, unlike Mission, is not "directly or adversely affect[ed]" by its claim. *See In re AbitibiBowater Inc.*, 2010 WL 4823839 at *9.

8.     This contorted reading of *Mission Product's* mootness holding does nothing to change the fact that Mar-Bow fails to assert anything close to a vested legal right it seeks to vindicate. Only *if* its motion succeeds, and *if* the Court sanctions RTS, and *if* it persuades the Court

---

[4] In its briefing in *SunEdison* on the *Mission Product* case, Mar-Bow incorrectly asserts that Mission "first 'presented' its claim for money damages in the Supreme Court[.]" *In re SunEdison*, D.I. 5973 at 4 (emphasis removed). As the Supreme Court stated, Mission *had* filed a proof of claim in the bankruptcy. *See Mission Product*, 2019 WL 2166392, at *4 (citing Reply Brief for the Petitioner at 22 and n.8); *see also* Ex. A (Mission Product's Proof of Claim, dated November 16, 2015). The Proof of Claim damages calculation expressly "assume[d] that Mission's exclusive [licensing] rights . . . have been rejected." Ex. A at 3 n.4.

to distribute the sanction *in contravention* of the Plan directly to Mar-Bow rather than the entity designated by the Plan, could Mar-Bow hypothetically recover. Mar-Bow's highly speculative theory asks the Court to disregard Article III's standing requirements, to ignore the defined rights of those parties that actually possess standing to press claims under the Plan (be it the Secured Creditor Trust or the Liquidating Debtor), and to ignore the distribution scheme under the Plan.

9. Constitutional standing before and after *Mission Product* requires a "concrete" and "particularized" injury that is "likely" to be redressed by the claim, and is expressly not "speculative." *Lujan*, 504 U.S. at 560-61. The Supreme Court's standing jurisprudence thus has rejected conjectural theories of recovery like Mar-Bow's baseless theory of someday obtaining sanctions. *See Vermont Agency of Nat. Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 772-73 (2000) (neither an "interest unrelated to injury in fact" nor "an interest that is a mere byproduct of the suit itself" are sufficient to create standing); *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 410 (2013) (a "theory of standing [that] relies on a highly attenuated chain of possibilities" fails).

10. Judge Huennekens recently held that Mar-Bow lacked standing to bring a similar motion in the *ANR* bankruptcy. He observed that Mar-Bow's theory "would require it to prevail on its fraud on the court claim, obtain the disgorgement and monetary sanctions it seeks, and then convince this Court to sidestep the terms of the confirmed Plan," and concluded that "such an interest [is] far too conjectural to constitute an injury in fact." *In re Old ANR, LLC*, No. 19-00302, 2019 WL 2179717, *6 (Bankr. E.D. Va. May 17, 2019). So too here. Mar-Bow's baseless speculation that the Court might someday send it funds does not amount to a concrete, legally protected right, and *Mission Product* does nothing to change that conclusion.

## CONCLUSION

11. For the foregoing reasons, the Court should deny Mar-Bow's Motion.

Dated:  June 7, 2019　　　　　　　　　　Respectfully submitted,
　　　　Wilmington, DE

　　　　　　　　　　　　　　　　　　　　**ASHBY & GEDDES, P.A.**

　　　　　　　　　　　　　　　　　By:　/s/ *William P. Bowden*
　　　　　　　　　　　　　　　　　　　　William P. Bowden (No. 2553)
　　　　　　　　　　　　　　　　　　　　Michael D. DeBaecke (No. 3186)
　　　　　　　　　　　　　　　　　　　　David F. Cook (No. 6352)
　　　　　　　　　　　　　　　　　　　　500 Delaware Avenue, 8th Floor
　　　　　　　　　　　　　　　　　　　　P.O. Box 1150
　　　　　　　　　　　　　　　　　　　　Wilmington, Delaware 19899
　　　　　　　　　　　　　　　　　　　　Telephone:  (302) 654-1888
　　　　　　　　　　　　　　　　　　　　Facsimile:   (302) 654-2067
　　　　　　　　　　　　　　　　　　　　Email:  wbowden@ashbygeddes.com
　　　　　　　　　　　　　　　　　　　　　　　　mdebaecke@shbygeddes.com
　　　　　　　　　　　　　　　　　　　　　　　　dcook@ashbygeddes.com

　　　　　　　　　　　　　　　　　　　　Faith E. Gay (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　Maria Ginzburg (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　David S. Flugman (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　SELENDY & GAY PLLC
　　　　　　　　　　　　　　　　　　　　1290 Avenue of the Americas
　　　　　　　　　　　　　　　　　　　　New York, New York 10104
　　　　　　　　　　　　　　　　　　　　Telephone:  (212) 390-9000
　　　　　　　　　　　　　　　　　　　　Email: fgay@selendygay.com
　　　　　　　　　　　　　　　　　　　　　　　　mginzburg@selendygay.com
　　　　　　　　　　　　　　　　　　　　　　　　dflugman@selendygay.com

　　　　　　　　　　　　　　　　　　　　M. Natasha Labovitz (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　John Gleeson (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　Erica Weisgerber (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　Elie J. Worenklein (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　DEBEVOISE & PLIMPTON LLP
　　　　　　　　　　　　　　　　　　　　919 Third Avenue
　　　　　　　　　　　　　　　　　　　　New York, New York 10022
　　　　　　　　　　　　　　　　　　　　Telephone:  (212) 909-6000
　　　　　　　　　　　　　　　　　　　　Email: nlabovitz@debevoise.com
　　　　　　　　　　　　　　　　　　　　　　　　jgleeson@debevoise.com
　　　　　　　　　　　　　　　　　　　　　　　　eweisgerber@debevoise.com
　　　　　　　　　　　　　　　　　　　　　　　　eworenklein@debevoise.com

　　　　　　　　　　　　　　　　　　　　*Attorneys for McKinsey Recovery & Transformation Services U.S., LLC*

# Exhibit A

Case: 15-11400-CJP Doc #: 313-2 Filed: 12/21/15 Desc: Exhibit B - Mission Product Holdings Proof of Claim 6-1 Page 1 of 3

Case 15-10541-BLS Doc 2443 Filed 06/07/19 Page 12 of 14

B10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT District of New Hampshire | | PROOF OF CLAIM |
|---|---|---|
| Name of Debtor:<br>Tempnology LLC | Case Number:<br>15-11400-JMD | |

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>Mission Product Holdings, Inc. | **COURT USE ONLY** |
|---|---|
| Name and address where notices should be sent:<br>Bernstein Shur, P.A., c/o Robert Keach<br>100 Middle Street, West Tower<br>Portland, ME 04101<br>Telephone number: (207) 774-1200  email: rkeach@bernsteinshur.com | ☐ Check this box if this claim amends a previously filed claim.<br><br>**Court Claim Number:** _____<br>*(If known)*<br><br>Filed on: _____ |
| Name and address where payment should be sent (if different from above):<br>Mission Product Holdings, Inc.<br>60 East 42nd Street, Suite 810<br>New York, NY 10165<br>Telephone number: (646) 695-0870  email: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars. |

**1. Amount of Claim as of Date Case Filed:**   $ 4,160,000.00 *

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** See attached.
(See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor: | 3a. Debtor may have scheduled account as:<br><br>(See instruction #3a) | 3b. Uniform Claim Identifier (optional):<br><br>(See instruction #3b) |
|---|---|---|

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:

Value of Property: $ _____

Annual Interest Rate ____ % ☐ Fixed  or  ☐ Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:  $ _____

Basis for perfection: _____

Amount of Secured Claim: $ _____

Amount Unsecured: $ _____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

| ☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B). | ☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4). | ☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5). | **Amount entitled to priority:** |
|---|---|---|---|
| ☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7). | ☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8). | ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__). | $ 0.00 * |

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

\* Amounts are estimated; Mission reserves the right to amend this claim to request that a portion be paid as an administrative expense herein.

Case: 15-11460-CJP Doc #: 313-2 Filed: 12/21/15 Desc: Exhibit B - Mission Product Holdings Proof of Claim 6-1 Page 2 of 3

Case 15-10541-BLS Doc 2443-12 Filed 06/07/19 Page 13 of 14

B10 (Official Form 10) (04/13)     2

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor.    ☒ I am the creditor's authorized agent.    ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)    ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Mike Abbott
Title: CFO
Company: Mission Product Holdings, Inc.
Address and telephone number (if different from notice address above):
60 East 42nd Street, Suite 810
New York, NY 10165

(Signature)     11/16/2015 (Date)

Telephone number: (646) 695-0870    email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

**INSTRUCTIONS FOR PROOF OF CLAIM FORM**
*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*
**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

Reset     Save As...     Print

Case: 15-11400-CJP Doc #: 313-2 Filed: 12/21/15 Desc: Exhibit B - Mission Product Holdings Proof of Claim 6-1 Page 3 of 3

Case 15-10541-BLS Doc 2443 Filed 06/07/19 Page 14 of 14

**Exhibit A**

Debtor: Tempnology LLC, 15-11400-JMD ("Debtor")
Creditor: Mission Product Holdings, Inc. ("Mission")
Estimated Damages as of November 13, 2015

I. <u>Intentional Misconduct (including legal costs)</u>
   a. Mediation                                              $275,000
   b. Arbitration                                            $75,000
   c. Bankruptcy                                             $100,00
                                                             $450,000

II. <u>Breach of Exclusivity Provisions (net profit)</u>
   a. Disneyworld and Imperial Hats                          $210,00

III. <u>Failure to Defend IP Against Competitors (net profit)</u>
   a. Arctic Cove – Home Depot[1]                            $500,000
   b. Arctic Cool – Costco[2]                                $500,000
   c. Perfect Towel – WalMart                                $500,000
   d. 2015 Net Profit (total)                                $1,500,000
   e. 2016 Net Profit[3]                                     $1,500,000

IV. <u>Damage to Relationships</u>                           $500,000

Total:                                                       $4,160,000[4]

---

[1] Arctic Cove: $6.0mil. Retail Sales of Microfiber/$15.00 AUR/400,000units/$5.0 wholesale margin = $2,000,000 *25% (MP cannibalization factor) = $500,000

[2] Artic Cool: $7.9mil. Retail Sales of Microfiber/$19.75 AUR/400,000units/$5.0 wholesale margin = $2,000,000 *25% (MP cannibalization Factor) = $500,000

[3] 2016 Net Profit damages are estimated, and assume, for the sake of this claim, that Mission's exclusive rights to the Debtor's intellectual property through July 1, 2016 have been rejected in this bankruptcy.

[4] Total damages are estimated and subject to revision. Damages assume, for the sake of this claim, that Mission's exclusive rights to the Debtor's intellectual property through July 1, 2016 have been rejected in this bankruptcy. Mission has initiated an appeal of the Bankruptcy Court's Order [D.E. 240] regarding Mission's exclusivity rights pursuant to 11 U.S.C. § 365(n); Mission reserves the right to amend this claim to request that a portion of the above damages be paid as an administrative expense herein.