## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SRC LIQUIDATION, LLC,[1] | Case No. 15-10541 (BLS) |
| Debtor. | |
| | **Hearing Date: October 16, 2019 at 11:30 a.m.**<br>**Objection Deadline: September 30, 2019 at 4:00 p.m.** |

### MOTION FOR A FINAL DECREE
### CLOSING THE DEBTOR'S CHAPTER 11 CASE

SRC Liquidation, LLC *f/k/a* The Standard Register Company, the above-captioned reorganized debtor (the "Debtor," and together with its chapter 11 debtor affiliates,[2] the "Debtors"), by and through its undersigned counsel, hereby submits this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), issuing a final decree closing the Debtor's chapter 11 case. In support of this Motion, the Debtor respectfully represents as follows:

### JURISDICTION

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief requested in this Motion are sections 105(a) and 350(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3022 of the

---

[1]      The last four digits of the Debtor's taxpayer identification number are 5540. Inquiries regarding the Debtor should be directed to the GUC Trustee, c/o EisnerAmper LLP, 111 Wood Avenue South, Iselin, NJ 08830-2700 (Attn: Anthony R. Calascibetta).

[2]      The following Debtors filed for relief under chapter 11 of the Bankruptcy Code on the Petition Date: The Standard Register Company (5440); Standard Register Holding Company (3186); Standard Register Technologies, Inc. (3180); Standard Register International, Inc. (1861); iMedConsent, LLC (6337); Standard Register of Puerto Rico Inc. (0578); Standard Register Mexico Holding Company (1624); Standard Register Holding, S. de R.L. de C.V. (n/a); Standard Register de México, S. de R.L. de C.V. (n/a); Standard Register Servicios, S. de R.L. de C.V. (n/a); and Standard Register Technologies Canada ULC.

Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and Rule 3022-1(a) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>").

## BACKGROUND

4.    On March 12, 2015 (the "<u>Petition Date</u>"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code with the Court.  No request for a trustee or examiner has been made in these chapter 11 cases (collectively, the "<u>Chapter 11 Cases</u>").

5.    Information regarding the Debtors' history and business operations, capital structure and primary secured indebtedness, and the events leading up to the commencement of these Chapter 11 Cases, can be found in the *Declaration of Kevin Carmody in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* [Docket No. 2].

6.    By Order entered November 19, 2015 (the "<u>Confirmation Order</u>") [Docket No. 1331], the Court confirmed the *Debtors' Second Amended Chapter 11 Plan of Liquidation for SRC Liquidation Company and its Affiliates (With Technical Modifications)* [Docket No. 1331-1] (the "<u>Plan</u>").

7.    The Effective Date (as defined in the Plan) of the Plan occurred on December 18, 2015.  *See Notice of Effective Date of Second Amended Chapter 11 Plan of Liquidation for SRC Liquidation Company and its Affiliates (With Technical Modifications) Under Chapter 11 of the Bankruptcy Code* [Docket No. 1412], ¶ 1.

8.    Following the Effective Date, the Debtor and the Trustees of the GUC Trust made distributions pursuant to the Plan on account of claims arising prior to the Effective Date.

9.    On December 21, 2015, the Court entered a *Final Decree Closing Certain Cases and Amending Caption of Remaining Case* [Docket No. 1417] ("<u>Final Decree Closing Certain Cases</u>").  Pursuant to the Final Decree Closing Certain Cases, the following affiliated Debtors' cases were closed:

      a.    *In re iMedConsent, LLC*, Case No. 15-10540

70431573.1

b.  *In re Standard Register Holding Company*, Case No. 15-10542

c.  *In re Standard Register Technologies, Inc.*, Case No. 15-10543

d.  *In re Standard Register International, Inc.*, Case No. 15-10544

e.  *In re Standard Register of Puerto Rico Inc.*, Case No. 15-10545

f.  *In re Standard Register Mexico Holding Company*, Case No. 15-10546

g.  *In re Standard Register Holding, S. de R.L. de C.V.*, Case No. 15-10547

h.  *In re Standard Register de Mexico, S. de R.L. de C.V.*, Case No. 15-10548

i.  *In re Standard Register Servicios, S. de R.L. de C.V.*, Case No. 15-10549

j.  *In re Standard Register Technologies Canada ULC*, Case No. 15-10550

*See id.* at 3.

10.     The instant case, *In re The Standard Register Company*, Case No. 15-10541, remained open and was administered as *In re SRC Liquidation, LLC. See id.* at 4.

11.     On September 10, 2018, the Court entered an *Order Terminating Engagement of Prime Clerk, LLC as Claims and Noticing Agent* [Docket No. 2346].

12.     As of the date of this Motion, there are no unresolved Claims, contested matters, adversary proceedings or other matters in the Chapter 11 Cases.  All payments required to be made by the Debtor or the GUC Trustee under the Plan have been made or will shortly be made.

13.     The only meaningful tasks left for the Debtor/GUC Trustee in this chapter 11 case will be to (a) make any final distributions under the Plan; (b) liquidate any outstanding assets; (c) file its report in accordance with Local Rule 3022-l(c); and (d) pay court fees and all fees required under 28 U.S.C. § 1930(a)(6).

### **RELIEF REQUESTED**

14.     By this Motion, the Debtor seeks entry of a final decree, substantially in the form attached hereto as **Exhibit A**, closing this chapter 11 case and granting related relief.

**BASIS FOR RELIEF**

15.     Section 350(a) of the Bankruptcy Code provides that a case shall be closed "[a]fter an estate is fully administered and the court has discharged the trustee."  11 U.S.C. § 350(a).[1]  Bankruptcy Rule 3022, which implements section 350(a) of the Bankruptcy Code, further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case."  Fed. R. Bankr. P. 3022.  Local Rule 3022-1 provides in part that, "[u]pon written motion, a party in interest may seek the entry of a final decree at any time after the confirmed plan has been fully administered provided that all required fees due under 28 U.S.C. § 1930 have been paid."  Del. Bankr. L.R. 3022-1(a).

16.     The term "fully administered" is not defined in either the Bankruptcy Code or the Bankruptcy Rules.  The Advisory Committee Note to Bankruptcy Rule 3022, however, sets forth the following non-exclusive factors to be considered in determining whether a case has been fully administered:

> (1) whether the order confirming the plan has become final;
>
> (2) whether deposits required by the plan have been distributed;
>
> (3) whether the property proposed by the plan to be transferred has been transferred;
>
> (4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan;
>
> (5) whether payments under the plan have commenced; and
>
> (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.

Fed. R. Bankr. P. 3022, Advisory Committee Note—1991 Amendment.  At least one court in this jurisdiction has stated that "these factors are but a guide in determining whether a case has

---

[1] Further, section 105(a) of the Bankruptcy Code provides that, "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

70431573.1

been fully administered, and not all factors need to be present before the case is closed." *In re SLI Inc.*, No. 02–12608 (WS), 2005 WL 1668396, at *2 (Bankr. D. Del. June 24, 2005) (citing *In re Mold Makers, Inc.*, 124 B.R. 766, 768-69 (Bankr. N.D. Ill. 1990)); *see also Walnut Assocs. v. Saidel*, 164 B.R 487, 493 (E.D. Pa. 1994) (same); *In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc.*, 238 B.R. 531, 542 (Bankr. E.D.N.Y. 1999) (recognizing that bankruptcy courts weigh the factors contained in the Advisory Committee Note when deciding whether to close a case; *In re Jay Bee Enters., Inc.*, 207 B.R. 536, 538 (Bankr. E.D. Ky. 1997) (same).

17.     In addition to the factors set forth in the Advisory Committee Note, courts have considered whether the plan of reorganization has been substantially consummated. *See, e.g., In re Gates Cmty. Chapel of Rochester, Inc.*, 212 B.R. 220, 224 (Bankr. W.D.N.Y. 1997) (considering substantial consummation as a factor in determining whether to close a case); *Walnut Assocs.*, 164 B.R. at 493 (same).   Section 1101(2) of the Bankruptcy Code defines substantial consummation as follows:

> (A) transfer of all or substantially all of the property proposed by the plan to be transferred;
>
> (B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and
>
> (C) commencement of distribution under the plan.

11. U.S.C. § 1101(2).

18.     The Debtor believes that, as the facts set forth above indicate, all of the factors identified in the Advisory Committee Note and all of the elements of substantial consummation have been substantially satisfied with respect to this chapter 11 case.   In addition, all expenses arising from the administration of this case, including final distributions under the Plan, court fees and fees required under 28 U.S.C. § 1930(a)(6), will be paid as soon as practicable.

19.     Moreover, the Plan has been substantially consummated in all respects.   There are no pending or open matters before this Court, and the Debtor does not intend to object to any

additional Claims.  At present, the Debtor does not expect to seek any further relief from the Court.

20.    Finally, in accordance with Local Rule 3022-l(c), the Debtor will file its report as set forth in that rule.  In sum, because the Plan has been substantially consummated, the Debtor submits this Court may close this case pursuant to Local Rule 3022-l(a).

## RESERVATION OF RIGHTS

21.    The Debtor reserves its rights to reopen the Debtors' Chapter 11 Cases as it may be appropriate and necessary.

## NOTICE

22.    As required by Local Rule 3022-1(b), notice of this Motion has been provided to (a) the Office of the United States Trustee for the District of Delaware; and (b) any party who has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested in this Motion, the Debtor respectfully submits that no other or further notice is necessary.

*[remainder of page intentionally left blank]*

## CONCLUSION

**WHEREFORE**, the Debtor respectfully requests entry of the Order attached hereto as

**Exhibit A** granting the relief requested herein, and such other and further relief as is just and

proper.

Dated: September 16, 2019
      Wilmington, Delaware

Respectfully Submitted,

**LOWENSTEIN SANDLER LLP**
Wojciech F. Jung, Esq.
One Lowenstein Drive
Roseland, NJ  07068
Telephone:  (97) 597-2500
Facsimile:  (973) 597-2400
wjung@lowenstein.com

*-and –*

**POLSINELLI PC**

*/s/ Christopher A. Ward*
Christopher A. Ward (DE Bar No. 3877)
222 Delaware Avenue, Suite 1101
Wilmington, DE 19801
Telephone: (302) 252-0920
Facsimile: (302) 252-0921
cward@polsinelli.com

*Counsel to SRC Liquidation, LLC*

70431573.1