# **EXHIBIT B**

71097213.1

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>SRC LIQUIDATION, LLC,[1]<br>　　　　　Debtor. | Chapter 11<br>Case No. 15-10541 (BLS)<br><br>Re: Docket No. ~~___~~ **2449** |

## ORDER ISSUING A FINAL DECREE CLOSING THE DEBTOR'S CHAPTER 11 CASE

Upon the motion (the "Motion")[2] of SRC Liquidation, LLC *f/k/a* The Standard Register Company, the above-captioned reorganized debtor (the "Debtor"), for entry of an Order issuing a final decree and closing the Debtor's chapter 11 case; and this Court having jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the ~~relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and this Court having found that the~~ notice of the Motion and opportunity for a hearing on the Motion was appropriate and no other or further notice need be provided; and this Court having reviewed the Motion and any objections thereto; and this Court having determined that the legal and factual bases set forth in the Motion and at any hearing on the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

---

[1] The last four digits of the Debtor's taxpayer identification number are 5540. Inquiries regarding the Debtor should be directed to the GUC Trustee, c/o EisnerAmper LLP, 111 Wood Avenue South, Iselin, NJ 08830-2700 (Attn: Anthony R. Calascibetta).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

~~71098121.1~~30954/2
11/5/2019 **Error! Unknown document property name.** 1
**Error! Unknown document property name.**

2

2. Pursuant to 11 U.S.C. § 350, and subject to the Court's continued retention of jurisdiction as provided for in the Plan and related thereto Confirmation Order, the Debtor's chapter 11 case is hereby closed and a final decree is granted effective as of the date of entry of this Order (the "Case Closing Date").

3. The Debtor shall provide to the United States Trustee all quarterly reports covering through the Case Closing Date that have not already been filed no later than 14 days after the Case Closing Date, and pay any quarterly fees due to the U.S. Trustee pursuant to 28 U.S.C. section 1930(a)(6) ("Quarterly Fees"), to the extent not already paid, within seven days thereafter.

4. To the extent not resolved prior to the Case Closing Date, the SRC Secured Creditor Trust may move to reopen the case to object, move to estimate or otherwise contest or seek to liquidate Claim No. 2097 (which shall constitute cause to reopen), or for any other legal purpose. To the extent the case is re-opened by the SRC Secured Creditor Trust, the SRC Secured Creditor Trust shall be responsible for all fees of the United States Trustee due for the period during which the Chapter 11 Case is reopened and re-closed. If reopened by the SRC Secured Creditor Trust, the case shall be closed upon the filing of a certification of counsel from counsel to the SRC Secured Creditor Trust stating that (i) Claim No. 2097 has been liquidated, (ii) all Quarterly Fees for periods between the date the Chapter 11 Case is reopened until the date the Chapter 11 Case is closed have been paid, and (iii) the Chapter 11 Case should be closed in accordance with this Order. Prior to filing such a certification, counsel to the SRC Secured Creditor Trust will consult with the U.S. Trustee to confirm that all Quarterly Fees have been paid.

5. This Order is without prejudice to any party's right to re-open any case or cases.

**Error! Unknown document property name.**

3

~~4~~6. The Debtor and the Clerk are authorized and empowered, and may in their discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

~~5.~~7. Upon completion of any remaining tasks, <u>including but not limited to, those set forth in paragraphs 3 and 4 of this Order,</u> the Debtor ~~and~~, the GUC <u>Trustee, and the Secured Creditor</u> Trustee, their predecessors, successors, affiliates, officers, directors, agents, attorneys, advisors and other representatives shall (a) have complied with all of their obligations regarding the Plan and the <u>applicable</u> trust agreement, (b) be fully and finally ~~released and discharged~~<u>relieved</u> of and from any duties, obligations, accountings or other matters of any nature with respect to the Plan and the <u>applicable</u> trust agreement, and (c) have no further responsibilities or obligations in connection with the Plan and the <u>applicable</u> trust agreement.

~~6~~8. This Court shall retain jurisdiction over ~~any and~~<u>all adversary proceedings and contested matters pending in this case as of the Case Closing Date, to the extent allowed by applicable law, and shall retain jurisdiction over</u> all matters arising from the interpretation or implementation of this Order.