**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| SRC LIQUIDATION, LLC,[1] | Case No. 15-10541 (BLS) |
| Debtor. | **Objection Deadline: November 13, 2019 at 4:00 p.m. (ET)**<br>**Hearing Date:  November 20, 2019 at 11::30 a.m.  (ET)** |

**SRC SECURED CREDITOR TRUST'S MOTION FOR ENTRY OF AN ORDER APPROVING STIPULATION BETWEEN SRC SECURED CREDITOR TRUST AND THE TRAVELERS INDEMNITY COMPANY AND CERTAIN OF ITS PROPERTY CASUALTY INSURANCE AFFILIATES RESOLVING CLAIMS**

The SRC Secured Creditor Trust (the "Secured Creditor Trust"), by and through its undersigned counsel, hereby moves (this "Motion"), for entry of an order in the form attached hereto as **Exhibit A** (the "Agreed Order") approving the *Stipulation Between SRC Secured Creditor Trust and The Travelers Indemnity Company and Certain of Its Property Casualty Insurance Affiliates* (the "Stipulation")[2] attached hereto as **Exhibit B**.  In support hereof, the Secured Creditor Trust respectfully states as follows:

**Jurisdiction**

1. This Court has jurisdiction over this application pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The predicates for the relief requested herein are section 105 of title 11 of the United States Code (11 U.S.C. §§ 101 *et seq.*, the "Bankruptcy Code"), the Plan (as defined

---

[1] The last four digits of the Debtor's taxpayer identification number are 5540. Inquiries regarding the Debtor should be directed to the GUC Trustee, c/o EisnerAmper LLP, 111 Wood Avenue South, Iselin, NJ 08830-2700 (Attn: Anthony R. Calascibetta).

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Stipulation.

below),the Confirmation Order (as defined below), and that certain Secured Creditor Trust Agreement.

3. Pursuant to Local Bankruptcy Rule 9013-1(f), the Secured Creditor Trust consents to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**Background**

4. On March 12, 2015 (the "Petition Date"), The Standard Register Company (n/k/a SRC Liquidation, LLC) and its affiliates (collectively, the "Debtors")[3] each filed voluntary petitions for relief (the "Bankruptcy Cases") under chapter 11 of title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").

5. On November 19, 2015, the Court entered an Order (the "Confirmation Order") [Docket No. 1331] confirming the Debtors' Second Amended Chapter 11 Plan of Liquidation originally filed September 22, 2015 [Docket No. 1086], as revised with technical modifications (the "Plan") [Docket No. 1316]. The Effective Date of the Plan occurred on December 18, 2015 [Docket No. 1412].

6. Pursuant to the Plan, Confirmation Order, and that certain Secured Creditor Trust Agreement, as amended, on the Effective Date, the Secured Creditor Trust was established to, among other things, liquidate the Secured Creditor Trust Assets, including

---

[3] In addition to The Standard Register Company, the Debtors are (a) SR Liquidation Holding Company (f/k/a Standard Register Holding Company), (b) SR Liquidation Technologies, Inc. (f/k/a Standard Register Technologies, Inc.), (c) SR Liquidation International, Inc. (f/k/a Standard Register International, Inc.), (d) iMLiquidation, LLC (f/k/a iMedConsent, LLC), (e) SR Liquidation of Puerto Rico Inc. (f/k/a Standard Register of Puerto Rico Inc.), (f) SR Liquidation Mexico Holdings Company (f/k/a Standard Register Mexico Holdings Company), (g) SR Liquidation Holdings, S. de R.L. de C.V. (f/k/a Standard Register Holdings, S. de R.L. de C.V.), (h) SR Liquidation de Mexico, S. de R.L. de C.V. (f/k/a Standard Register de México, S de R.L. de C.V.), (i) SR Liquidation Servicios, S. de R.L. de C.V. (f/k/a Standard Register Servicios, S. de R.L. de C.V., and (j) SR Liquidation Technologies Canada ULC (f/k/a Standard Register Technologies Canada ULC).

resolution of Disputed Claims as necessary. Pursuant to the Secured Creditor Trust Agreement, the Secured Creditor Trust has the exclusive authority, among other things, to determine the nature and amount of consideration to be received with respect to the disposition of the Secured Creditor Trust Assets, and to collect, liquidate, or otherwise convert into cash all property, assets, and rights in the Secured Creditor Trust Assets.

7. Pursuant to the Plan, the Secured Creditor Trust Assets include all of the Debtors' Assets other than (i) the Rabbi Trust Proceeds, (ii) the Wind-Down Amount other than the Wind-Down Settlement Payment, (iii) the Wind-Down Funds Account, (iv) the Avoidance Actions, (v) the GUC Trust Causes of Action and proceeds thereof, (vi) the D&O Insurance and D&O Policies, (vii) the Taylor Utility Deposits, (viii) those GUC Trust Assets transferred to the GUC Trust in connection with closing of the Taylor Sale in accordance with the Committee Settlement, (ix) the obligation of Taylor to pay the Taylor Payment Receivable, (x) the obligation of the GUC Trust to repay the GUC Trust Seed Funding Amount, (xi) Terre Haute (as defined in the Wind-Down Settlement), and (xii) the Equity Interests in any of the Debtors or Liquidating SRC (the "Liquidating Debtor"); provided, however, that Secured Creditor Trust Assets do not include any Assets that the Agent, the Second Lien Lenders, and any of their professionals and other advisors relinquished pursuant to Section 1 of the Wind-Down Settlement.

8. Pursuant to Section 4.2 of the Plan, from and after the Effective Date, the Secured Creditor Trust was granted the exclusive authority to compromise, resolve, and Allow any Class I Disputed Claims ("Other Secured Claims") without the need to obtain approval from the Bankruptcy Court, and any agreement entered into by the Secured Creditor Trust with respect to the Allowance of any Class I Disputed Claims shall be conclusive evidence and a final

determination of the Allowance of such Claim. The Travelers Claim (as defined below) constitutes a Class I Disputed Claim.

9. Prior to the Petition Date, The Travelers Indemnity Company and certain of its property casualty insurance affiliates ("Travelers"), issued certain workers' compensation, general liability, and auto liability insurance policies (together, the "Travelers Policies") for the benefit of The Standard Register Company and certain of its affiliated debtors along with its non-debtor affiliate, United Envelope (collectively, the "Insureds"), pursuant to which Travelers provided insurance to the Insureds for the period from approximately July 1, 1995 through July 1, 2014. The Travelers Policies were issued in conjunction with and pursuant to a series of additional agreements governing the relationship between Travelers and the Insureds as described therein (collectively, the "Program Agreement").

10. Certain of the Travelers Policies are loss-sensitive because premiums and loss reimbursement payment obligations reflect, in part, the actual loss experience of the Insureds. Actual premiums due and loss reimbursements due are determined by actual losses and expenses and by reimbursement of contractual amounts.

11. Pursuant to the Travelers Policies, the Debtors' obligations under the Policies were backed by both cash collateral and a letter of credit. Travelers is holding collateral in the total amount of $3,033,528.00 (the "Collateral"), consisting of cash in the amount of $2,483,000.00, proceeds from the letter of credit in the amount of $500,000.00, and loss funds in the amount of $50,528.00.

12. Travelers timely filed Proof of Claim Number 2097 (the "Travelers Claim"), pursuant to which Travelers asserted an unliquidated claim secured by the Collateral.

13. The Secured Creditor Trust and Travelers (collectively, the "Parties") dispute the amount of the Collateral required to provide for the Debtors' Obligations under the Travelers Policies and the Program Agreement and the amount of Collateral that should be returned to the Debtors' estates (the "**Dispute**").

14. Pursuant to the Plan, any excess Collateral constitutes a Secured Creditor Trust Asset over which the Secured Creditor Trust retains the exclusive authority to administer. The Policies and any excess Policy Collateral constitute Secured Creditor Trust Assets, and the Secured Creditor Trust has the exclusive authority to compromise and resolve the Dispute.

15. The Parties have exchanged information and engaged in negotiations regarding the Dispute and now desire to amicably resolve the Dispute and all related matters, pursuant to the terms and conditions set forth in the Stipulation and Agreed Order.

## Relief Requested

16. By this Motion, the Secured Creditor Trust requests entry of the Agreed Order approving the Stipulation.

## Basis for Relief Requested

17. Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order. . . that is necessary or appropriate to carry out the provisions of this title." *See* 11 U.S.C. § 105(a).

18. Pursuant to Section 4.2 of the Plan, from and after the Effective Date, the Secured Creditor Trust has exclusive authority to compromise, resolve, and Allow any Class I Disputed Claims. The Travelers Claim constitutes a Class I Disputed Claim.

19. The Policies and any excess Collateral constitute Secured Creditor Trust Assets, and the settlement set forth in the Stipulation will monetize these assets for the beneficiaries of the Secured Creditor Trust in accordance with the Plan, Confirmation Order, and

that certain Secured Creditor Trust Agreement. The Stipulation resolves the Travelers Claim, the Dispute and all related matters. The Stipulation resolves the Dispute in an efficient manner, provides certainty and a time benefit to the beneficiaries of the Secured Creditor Trust, and is the last barrier to the closing of these chapter 11 cases.

20. In short, the Secured Creditor Trust believes the Stipulation is in the best interest of its beneficiaries, is fair and reasonable to all parties, and should be approved by this Court.

## Conclusion

WHEREFORE the Secured Creditor Trust respectfully requests the entry of the Agreed Order granting the relief requested herein and granting such other and further relief as the Court deems just and proper.

Dated:  November 6, 2019
      Wilmington, DE

Respectfully submitted,

PEPPER HAMILTON LLP

/s/ *John H. Schanne, II*
David M. Fournier (DE No. 2812)
John H. Schanne, II (DE No. 5260)
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, DE   19899-1709
(302) 777-6500

*Counsel to the SRC Secured Creditor Trust*