# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| SRC LIQUIDATION, LLC,[1] | Case No. 15-10541 (BLS) |
| Debtor. | **Related Docket No. _____** |

## ORDER APPROVING STIPULATION BETWEEN SRC SECURED CREDITOR TRUST AND THE TRAVELERS INDEMNITY COMPANY AND CERTAIN OF ITS PROPERTY CASUALTY INSURANCE AFFILIATES RESOLVING CLAIMS

SRC Secured Creditor Trust (the "Secured Creditor Trust"), for itself and in its capacity as successor-in-interest to the above-captioned Debtors with respect to the Secured Creditor Trust Assets, and The Travelers Indemnity Company and certain of its property casualty insurance affiliates ("Travelers" and, together with the Secured Creditor Trust, the "Parties") having agreed to entry of this Order pursuant to that certain *Stipulation Between SRC Secured Creditor Trust and The Travelers Indemnity Company and Certain of Its Property Casualty Insurance Affiliates* (the "Stipulation")[2]; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court hereby finding that (i) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (ii) venue of these cases is proper pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) notice of the Stipulation and the Parties' request for entry of this Order was sufficient under the circumstances; (iv) pursuant to the Plan, any excess Collateral constitutes a Secured Creditor Trust Asset over which the Secured Creditor Trust retains the

---

[1] The last four digits of the Debtor's taxpayer identification number are 5540. Inquiries regarding the Debtor should be directed to the GUC Trustee, c/o EisnerAmper LLP, 111 Wood Avenue South, Iselin, NJ 08830-2700 (Attn: Anthony R. Calascibetta).

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Stipulation.

exclusive authority to administer, (v) the Secured Creditor Trust has the exclusive authority to compromise and resolve the Dispute; including to provide a full and complete release to Travelers; (vi) neither the Debtors, the Liquidating Debtor, nor the GUC Trust has any interest in or claim against Travelers relating to the subject matter of the Stipulation, including without limitation the Travelers Policies, the Program Agreement, the Collateral, the Dispute, and/or the underlying transactions giving rise to the Dispute, (vii) upon receipt by the Secured Creditor Trust of the Settlement Amount in good funds from Travelers, Travelers shall retain the Retained Collateral and may use, apply or otherwise dispose of the Retained Collateral in its sole discretion; and (viii) this Court's approval of the Stipulation is warranted; and after due deliberation and good and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The terms of the Stipulation are fair and reasonable, and, pursuant to the terms of this Order, the Stipulation is APPROVED in all respects.

2. The Secured Creditor Trust has the exclusive authority to compromise and resolve the Dispute, including to provide a full and complete release to Travelers.  Neither the Debtors, the Liquidating Debtor, nor the GUC Trust has any interest in or claim against Travelers relating to the subject matter of the Stipulation, including without limitation the Travelers Policies, the Program Agreement, the Collateral, the Dispute, and/or the underlying transactions giving rise to the Dispute.

3.  The Parties are authorized to enter into, perform, execute, and deliver all documents, and take all actions necessary, to immediately continue and fully implement the Stipulation in accordance with the terms, conditions, agreements, and releases set forth therein, all of which are hereby approved.

Dated: November ___, 2019
        Wilmington, Delaware

_____
The Honorable Brendan L. Shannon
United States Bankruptcy Judge