# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SRC LIQUIDATION, LLC,[1] | Case No. 15-10541 (BLS) |
| Debtor. | Related Docket No. 2463 |

**MOTION FOR ORDER TO SHORTEN TIME FOR NOTICE OF THE HEARING ON, AND THE DEADLINE TO RESPOND TO, MOTION FOR ENTRY OF AN ORDER APPROVING STIPULATION BETWEEN SRC SECURED CREDITOR TRUST AND THE TRAVELERS INDEMNITY COMPANY AND CERTAIN OF ITS PROPERTY CASUALTY INSURANCE AFFILIATES RESOLVING CLAIMS**

The SRC Secured Creditor Trust (the "Secured Creditor Trust"), by and through its undersigned counsel, hereby submits this motion (the "Motion to Shorten") for entry of an order pursuant to section 105(a) of title 11 of the United States Code (11 U.S.C. §§ 101 *et seq.*, the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9006-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to expedite consideration of, and shorten the deadline to respond to the *Secured Creditor Trust's Motion For Entry Of An Order Approving Stipulation Between SRC Secured Creditor Trust And The Travelers Indemnity Company And Certain Of Its Property Casualty Insurance Affiliates Resolving Claims* (the "Motion") (Docket No. 2463)[2] In support of this Motion to Shorten, the Secured Creditor Trust respectfully states as follows:

---

[1] The last four digits of the Debtor's taxpayer identification number are 5540. Inquiries regarding the Debtor should be directed to the GUC Trustee, c/o EisnerAmper LLP, 111 Wood Avenue South, Iselin, NJ 08830-2700 (Attn: Anthony R. Calascibetta).

[2] Capitalized terms not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

**Jurisdiction**

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are Bankruptcy Code section 105(a), Bankruptcy Rule 9006, and Local Rule 9006-1.

**Background**

4. On September 16, 2019, SRC Liquidation, LLC f/k/a The Standard Register Company, the above-captioned reorganized debtor (the "Debtor," and together with its chapter 11 debtor affiliates, the "Debtors") field the *Motion for Final Decree Closing the Debtor's Chapter 11 Case* (the "Motion to Close Case") (Docket No. 2449), pursuant to which the Debtor seeks entry of an order closing this chapter 11 case and granting related relief.

5. On September 30, 2019, the Secured Creditor Trust filed the *Motion of the SRC Secured Creditor Trust for Entry of an Order Extending the Term of the Trust* (the "Trust Extension Motion"), pursuant to which the Secured Creditor Trust sought entry of an order extending the term of the Secured Creditor Trust through and including June 30, 2020. On October 15, 2019, the Court entered an order approving the relief requested in the Trust Extension Motion (Docket No. 2459).

6. As set forth in the Extension Motion, the Secured Creditor Trust has remained engaged in efforts to resolve issues regarding the wind-down of the Debtors' workers compensation program to secure a return of excess collateral held by The Travelers Indemnity Company and certain of its property casualty insurance affiliates ("Travelers"). *See Extension Motion*, ¶9. The Secured Creditor Trust responded to the Debtors on an informal basis regarding

the relief requested through the Motion to Close Case, noting that the Secured Creditor Trust still had work to be performed in this case that it needed additional time to complete. *Id.*

7. On the date hereof, the Secured Creditor Trust filed the Motion seeking approval of the Stipulation resolving the issues with Travelers, approval of which will allow the Secured Creditor Trust to fully wind down.

8. The Motion to Close Case is scheduled for the hearing to be held before this Court on November 20, 2019 at 11:30 a.m. (ET).

9. The Secured Creditor Trust submits that the Motion should be heard prior to the Motion to Close Case so that approval of the Stipulation is considered by this Court prior to the closing of the chapter 11 case.

## Relief Requested

10. By this Motion to Shorten, the Secured Creditor Trust seeks entry of an order expediting consideration of, and shortening the notice periods applicable to, the Motion.

## Basis for Relief

11. Bankruptcy Rule 9006(c) provides that "the court for cause shown may in its discretion with or without motion or notice order [a notice] period reduced." Fed. R. Bankr. P. 9006(c)(1). In exercising such discretion, the court should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re Philadelphia Newspapers, LLC*, 690 F.3d 161, 172 (3d Cir. 2012) (noting the commonality of such motions "given the accelerated time frame of bankruptcy proceedings"). Local Rule 9006-1(e) likewise provides for shortened notice "by order of the Court, on written motion . . . specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e).

12. Against this factual backdrop, the Secured Creditor Trust submits that good cause exists to expedite consideration of the Motion in light of the pending Motion to

Close Case and the need to hear the Stipulation prior to the closing of the case in order to allow the Secured Creditor Trust to complete its wind down and make final distributions.

13. Accordingly, the Secured Creditor Trust requests that the Motion be heard at the hearing scheduled on November 20, 2019 at 11:30 a.m. (ET). The Secured Creditor Trust further requests that any responses to the Motion be required to be filed not later than 10:00 am (ET) on November 18, 2019, which will allow parties time to consider the Motion while also requiring that objections, if any, be lodged prior to the noon deadline for the Debtors to file the agenda on November 18.

14. Pursuant to Local Rule 9006-1(e), the undersigned counsel to the Secured Creditor Trust avers that he made a reasonable effort to notify the Debtors and counsel to the United States Trustee of the relief requested in this Motion to Shorten. The Debtors and the Office of the U.S. Trustee have advised that do not object to the relief requested through this Motion to Shorten.

15. Pursuant to Local Rule 9006-1(e), the Court may rule on this Motion to Shorten without the need for a hearing, and the Secured Creditor Trust requests that the Motion to Shorten be granted without further hearing.

## CONCLUSION

WHEREFORE, the Secured Creditor Trust respectfully requests that the Court enter an order shortening the time for notice of the hearing on, and the deadline to respond to, the Motion as set forth herein, and granting such other and further relief in favor of the Secured Creditor Trust as the Court deems just and proper.

Dated:  November 6, 2019
       Wilmington, DE

Respectfully submitted,

PEPPER HAMILTON LLP

/s/ *John H. Schanne, II*
David M. Fournier (DE No. 2812)
John H. Schanne, II (DE No. 5260)
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, DE   19899-1709
(302) 777-6500

*Counsel to the SRC Secured Creditor Trust*