# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| SRC Liquidation, LLC,[1] | ) ) | Case No. 15-10541 (BLS) |
| Debtor. | ) ) ) | (Jointly Administered) |

**STIPULATION BETWEEN SRC SECURED CREDITOR TRUST AND
THE TRAVELERS INDEMNITY COMPANY AND CERTAIN OF ITS PROPERTY
CASUALTY INSURANCE AFFILIATES RESOLVING CLAIMS**

SRC Secured Creditor Trust[2] (the "**Secured Creditor Trust**"), for itself and in its capacity as successor-in-interest to the above-captioned Debtors with respect to the Secured Creditor Trust Assets, and The Travelers Indemnity Company and certain of its property casualty insurance affiliates ("**Travelers**" and, together with the Secured Creditor Trust, the "**Parties**," and each individually, a "**Party**") hereby stipulate (the "**Stipulation**") to the following:

**RECITALS**

**WHEREAS**, on March 12, 2015 (the "**Petition Date**"), The Standard Register Company (n/k/a SRC Liquidation, LLC) and its affiliates (collectively, the "**Debtors**")[3] each filed voluntary petitions for relief (the "**Bankruptcy Cases**") under chapter 11 of title 11 of the

---

[1] The last four digits of the Debtor's taxpayer identification number are 5540.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Plan.

[3] In addition to The Standard Register Company, the Debtors are (a) SR Liquidation Holding Company (f/k/a Standard Register Holding Company), (b) SR Liquidation Technologies, Inc. (f/k/a Standard Register Technologies, Inc.), (c) SR Liquidation International, Inc. (f/k/a Standard Register International, Inc.), (d) iMLiquidation, LLC (f/k/a iMedConsent, LLC), (e) SR Liquidation of Puerto Rico Inc. (f/k/a Standard Register of Puerto Rico Inc.), (f) SR Liquidation Mexico Holdings Company (f/k/a Standard Register Mexico Holdings Company), (g) SR Liquidation Holdings, S. de R.L. de C.V. (f/k/a Standard Register Holdings, S. de R.L. de C.V.), (h) SR Liquidation de Mexico, S. de R.L. de C.V. (f/k/a Standard Register de México, S de R.L. de C.V.), (i) SR Liquidation Servicios, S. de R.L. de C.V. (f/k/a Standard Register Servicios, S. de R.L. de C.V., and (j) SR Liquidation Technologies Canada ULC (f/k/a Standard Register Technologies Canada ULC).

#55790991 v3

United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**");

**WHEREAS**, on November 19, 2015, the Bankruptcy Court entered an Order (the "**Confirmation Order**") [Docket No. 1331] confirming the Debtors' Second Amended Chapter 11 Plan of Liquidation originally filed September 22, 2015 [Docket No. 1086], as revised with technical modifications (the "**Plan**") [Docket No. 1316];

**WHEREAS** the Effective Date of the Plan occurred on December 18, 2015 [Docket No. 1412];

**WHEREAS**, pursuant to the Plan, Confirmation Order, and that certain Secured Creditor Trust Agreement, as amended, on the Effective Date, the Secured Creditor Trust was established to, among other things, liquidate the Secured Creditor Trust Assets, including resolution of Disputed Claims as necessary;

**WHEREAS**, pursuant to that certain Secured Creditor Trust Agreement, the Secured Creditor Trust has the exclusive authority, among other things, to determine the nature and amount of consideration to be received with respect to the disposition of the Secured Creditor Trust Assets, and to collect, liquidate, or otherwise convert into cash all property, assets, and rights in the Secured Creditor Trust Assets;

**WHEREAS**, pursuant to Section 4.2 of the Plan, from and after the Effective Date, the Secured Creditor Trust was granted the exclusive authority to compromise, resolve, and Allow any Class I Disputed Claims ("**Other Secured Claims**") without the need to obtain approval from the Bankruptcy Court, and any agreement entered into by the Secured Creditor Trust with respect to the Allowance of any Class I Disputed Claims shall be conclusive evidence and a final determination of the Allowance of such Claim;

**WHEREAS**, the Travelers Claim (as defined below) constitutes a Class I Disputed Claim;

**WHEREAS**, prior to the Petition Date, Travelers issued certain workers' compensation, general liability, and auto liability insurance policies (together, the "**Travelers Policies**") for the benefit of The Standard Register Company and certain of its affiliated debtors along with its non-debtor affiliate, United Envelope (collectively, the "**Insureds**"), pursuant to which Travelers provided insurance to the Insureds for the period from approximately July 1, 1995 through July 1, 2014;

**WHEREAS**, the Travelers Policies were issued in conjunction with and pursuant to a series of additional agreements governing the relationship between Travelers and the Insureds as described therein (collectively, the "**Program Agreement**");

**WHEREAS**, certain of the Travelers Policies are loss-sensitive because premiums and loss reimbursement payment obligations reflect, in part, the actual loss experience of the Insureds. Actual premiums due and loss reimbursements due are determined by actual losses and expenses and by reimbursement of contractual amounts;

**WHEREAS**, pursuant to the Travelers Policies, the Debtors' obligations under the Policies were backed by both cash collateral and a letter of credit. Travelers is holding collateral in the total amount of $3,033,528.00 (the "**Collateral**"), consisting of cash in the amount of $2,483,000.00, proceeds from the letter of credit in the amount of $500,000.00, and loss funds in the amount of $50,528.00;

**WHEREAS**, Travelers filed Proof of Claim Number 2097 (the "**Travelers Claim**") asserting an unliquidated secured claim. To date, Travelers has not applied any of the Collateral to satisfy its claim;

**WHEREAS**, the Parties dispute the amount of the Collateral required to provide for the Debtors' Obligations under the Travelers Policies and the Program Agreement and the amount of Collateral that should be returned to the Debtors' estates (the "**Dispute**");

**WHEREAS**, pursuant to the Plan, any excess Collateral constitutes a Secured Creditor Trust Asset over which the Secured Creditor Trust retains the exclusive authority to administer;

**WHEREAS**, the Secured Creditor Trust represents and warrants that it has the exclusive authority to compromise and resolve the Dispute; including to provide a full and complete release to Travelers, and that neither the Debtors, the Liquidating SRC (the "**Liquidating Debtor**"), nor the trust established by the Standard Register Company General Unsecured Creditors' GUC Trust Agreement (the "**GUC Trust**") has any interest in or claim against Travelers relating to the subject matter of the Stipulation, including without limitation the Travelers Policies, the Program Agreement, the Collateral, the Dispute, and/or the underlying transactions giving rise to the Dispute;

**WHEREAS**, Travelers has relied upon the Secured Creditor Trust's representations and warranties in the immediately preceding recital in entering into this Stipulation;

**WHEREAS**, the Parties have exchanged information regarding the Dispute and now desire to amicably resolve the Dispute and all related matters pursuant to the terms and conditions set forth herein;

**NOW, THEREFORE**, after good faith, arm's length negotiations between the Parties, and in consideration of the foregoing Recitals and of the mutual promises, covenants, and releases hereinafter set forth and for other good and valuable consideration, the sufficiency and adequacy of which is hereby acknowledged by the Parties, the Parties hereto agree as follows:

## STIPULATION

1. Each of the Recitals set forth above is incorporated herein by reference.

2. This Stipulation is subject to and conditioned upon the entry of a Final Order (as defined herein) of the Court approving this Stipulation (the "**Stipulation Effective Date**"). In the event that the Stipulation Effective Date does not occur, this Stipulation shall be deemed null and void and of no force or effect, and the Parties' rights, claims, and defenses with respect to the Travelers Claim, the Collateral, and the Dispute shall revert to their prior positions, without prejudice. In such event, nothing (including the Recitals) contained in this Stipulation, any motion, or certification filed seeking an order from the Court approving this Stipulation, or any correspondence or other communications related to the negotiations, drafting, or approval of this Stipulation, shall be argued or deemed to be an admission against any Party's interest in any litigation by and between any parties, and the Parties shall be automatically returned to their respective positions *status quo ante*. As used herein, the term "**Final Order**" means, as applicable, an order or judgment of the Bankruptcy Court or other court of competent jurisdiction approving this Stipulation, provided that if the order or judgment is appealed or stayed within fourteen (14) days after its entry, the Stipulation Effective Date shall not occur until such time as the stay is lifted and/or the reviewing court with proper jurisdiction affirms the order or judgment and no timely subsequent appeal is taken seeking to reverse, stay, amend, or otherwise modify the order or judgment.

3. Subject to the occurrence of the Stipulation Effective Date, the Parties agree that Travelers shall: (i) retain $1,433,528.00 from the Collateral (the "**Retained Collateral**"); and (ii) pay from the Collateral to the Secured Creditor Trust the aggregate amount of $1,600,000.00 (the "**Settlement Amount**") in full and final settlement of the Dispute. The Parties shall effectuate this disposition of the Collateral in accordance with the procedures outlined below.

4. Within fifteen (15) business days of the Stipulation Effective Date, in full satisfaction of all financial obligations of each Party to the other Party under the Program

Agreement and the Travelers Policies, including any claims for remittance of any portion of the Collateral, and in full and final settlement of the Dispute, Travelers shall pay to the Secured Creditor Trust the Settlement Amount by check payable to "SRC Secured Creditor Trust." Travelers shall remit the check to the Secured Creditor Trust by overnight delivery to the address to be provided by counsel to the Secured Creditor Trust.

5. Upon receipt by the Secured Creditor Trust of the Settlement Amount in good funds from Travelers, the Parties agree that Travelers shall retain the Retained Collateral. Further, upon receipt by the Secured Creditor Trust of the Settlement Amount, Travelers may use, apply or otherwise dispose of the Retained Collateral in its sole discretion.

6. Upon receipt by the Secured Creditor Trust of the Settlement Amount in good funds from Travelers, the Secured Creditor Trust shall not have any further monetary obligation to Travelers, and Travelers shall look solely to the Retained Collateral for payment of the Obligations under the Program Agreement.

7. Upon the Stipulation Effective Date, the Travelers Claim shall be deemed allowed and satisfied in accordance with the terms of this Stipulation.

8. As of the Stipulation Effective Date, Travelers hereby irrevocably waives and releases any and all claims (as defined in section 101(5) of the Bankruptcy Code), counterclaims, defenses, rights of setoff and recoupment, debts, liens, losses, demands, damages, costs, and causes of action, of whatever nature arising out of or relating to the financial Obligations of the Travelers Policies and the Program Agreement, whether known or unknown, whether accrued or unaccrued, matured or unmatured, liquidated or unliquidated, certain or contingent, asserted or not asserted, and whether founded in fact or law or equity, that Travelers may have against the Secured Creditor Trust (collectively, the "**Travelers Released Claims**") and shall be barred from asserting any and all Travelers Released Claims; provided, however, that nothing in this

release shall extend to disputes, claims, defenses and causes of action arising under this Stipulation. For the avoidance of doubt, Travelers shall retain the Retained Collateral and may use, apply or otherwise dispose of the Retained Collateral in its sole discretion.

9. As of the Stipulation Effective Date and receipt by the Secured Creditor Trust of the Settlement Amount, the Secured Creditor Trust hereby irrevocably waives and releases any and all claims (as defined in section 101(5) of the Bankruptcy Code), counterclaims, defenses, rights of setoff and recoupment, debts, liens, losses, demands, damages, costs and causes of action, of whatever nature arising out of or relating to the Travelers Policies, the Program Agreement, or the Collateral, whether known or unknown, whether accrued or unaccrued, matured or unmatured, liquidated or unliquidated, certain or contingent, asserted or not asserted, and whether founded in fact or law or equity, that the Secured Creditor Trust may have against Travelers (collectively, the "**Trust's Released Claims**") and shall be barred from asserting any and all Trust's Released Claims; provided, however, that nothing in this release shall extend to disputes, claims, defenses and causes of action arising under this Stipulation. For the avoidance of doubt, the Trust's Released Claims shall include, but not be limited to, any causes of action arising under chapter 5 of the Bankruptcy Code, if any, arising out of or relating to the Travelers Policies, the Program Agreement, and/or the Collateral.

10. All rights under Section 1542 of the California Civil Code, or any analogous state or federal law, are hereby expressly WAIVED, if applicable, with respect to any of the claims, injuries, or damages described in the releases in Paragraphs 8 and 9. Section 1542 of the California Civil Code reads as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Each Party giving a release hereby warrants that it is familiar with, has read and has consulted legal counsel of its choosing with respect to California Civil Code Section 1542 and that it understands that factual matters now unknown to it may have given or may hereinafter give rise to actions, legal or administrative proceedings, claims, liens, demands, debts, controversies, damages, costs, losses, liabilities and expenses which are presently unknown, unanticipated, and unsuspected, but are nevertheless intended to be encompassed within the release.

11. Notwithstanding anything to the contrary provided for in paragraphs 8 and 9 or other terms of this Stipulation, until the earlier of (a) twelve (12) months from the Stipulation Effective Date or (b) dissolution of the Secured Creditor Trust consistent with the terms of the Secured Creditor Trust Agreement, the Secured Creditor Trust shall indemnify and hold Travelers harmless against all claims, costs, damages, losses, liabilities, and expenses (including attorneys' fees and costs, whether incurred as the result of a third party claim or a claim to enforce this provision) made or brought against Travelers (any "**Action**") by the trust established by the Standard Register Company General Unsecured Creditors' GUC Trust Agreement (the "**GUC Trust**") and/or the Liquidating Debtor solely with respect to the Dispute, and the underlying transactions giving rise to the Dispute, that are the subject of this Stipulation, with such indemnification obligation not to exceed the Settlement Amount.

12. Notwithstanding anything herein:

(a) Travelers will continue to investigate, administer and, when appropriate, pay claims covered by the Travelers Policies;

(b) the Stipulation does not release the Debtors, or any other Insured under the Travelers Policies, from duties to cooperate with Travelers in the investigation and administration of claims, by continuing to deliver to Travelers upon request, reasonably available information regarding the claims that are in the Debtors', or

any other Insured's, possession, custody, or control, and by authorizing third parties in possession of such information to deliver it to Travelers; and

(c) nothing in this Stipulation will be deemed:

(i) to modify the coverage provided by the Travelers Policies or in any way to affect or to impair Travelers' rights or obligations under the Travelers Policies, including rights, defenses, and obligations concerning claims and coverage, which will be determined thereunder;

(ii) to create or permit a direct right of action by any holder of any claim against Travelers or the Debtors;

(iii) to preclude or limit, in any way, the rights of Travelers to contest and/or litigate with any holder of any claim, the existence, primacy, and/or scope of available coverage under any alleged applicable Travelers Policy;

(iv) to relieve any holder of any claim from any obligation to file a proof of claim in the Bankruptcy Cases; or

(v) to preclude or limit, in any way, the Debtors' defenses to any existing or future claims by Travelers except to the extent released by this Stipulation.

13. The Parties acknowledge and agree that this Stipulation is entered into for the purpose of avoiding the expense, delay, and uncertainty of litigation regarding the Travelers Claim, the Dispute, and the Collateral, and that nothing contained herein shall constitute, be introduced, treated, deemed, or otherwise interpreted or construed as:

(a) an admission, waiver, evidence, or concession by any of the Parties hereto of any liability or wrongdoing relating to the Collateral; or

      (b)    evidence in any judicial or arbitration proceeding between the Parties, except to enforce or defend the terms of this Stipulation or in defense of any claim released in whole or in part by this Stipulation.

14.    The Parties and the Debtors' claims agent are authorized to take any and all actions necessary to effectuate this Stipulation including, without limitation, amending the claims register in the chapter 11 cases to reflect the terms of this Stipulation.

15.    This Stipulation is the entire agreement between the Parties with respect to the subject matter hereof.  This Stipulation supersedes any and all agreements, whether written or oral, that may have previously existed between the Parties with respect to the matters set forth herein.  No statements, promises, or representations have been made by any Party to any other, or relied upon, and no consideration has been offered, promised, expected, or held out other than as expressly provided for herein.

16.    The Parties each represents and warrants that the undersigned is fully authorized and empowered to execute and deliver this Stipulation on behalf of, and to bind, each Party, as applicable, to the terms and conditions of this Stipulation.

17.    Each Party hereto represents and warrants that it has carefully read this Stipulation in its entirety; that it has had an adequate opportunity to consider it and to consult with any adviser of its choice about it; that it understands all of its terms; that it has consulted with independent counsel of its choice, who answered to its satisfaction all questions that it had regarding this Stipulation; that its undersigned representative is duly authorized to enter into this Stipulation on its behalf; that it voluntarily assents to all of the terms and conditions contained herein; that by signing this Stipulation it is bound by the terms and conditions contained herein; and that it is signing this Stipulation voluntarily and of its own free will.

18. In the event of any ambiguity in this Stipulation, no inferences shall be drawn against any Party on the basis of authorship of this Stipulation.

19. No modification, amendment, or waiver of any of the terms or provisions of this Stipulation shall bind any Party unless such modification, amendment, or waiver is in writing, has been approved by the Bankruptcy Court, and has been executed by a duly authorized representative of the Party against whom such modification, amendment, or waiver is sought to be enforced.  If any part of this Stipulation is held to be unenforceable by any court of competent jurisdiction, the unenforceable provision shall be deemed amended to the least extent possible to render it enforceable and the remainder of this Stipulation shall remain in full force and effect.

20. This Stipulation shall be binding upon and inure to the benefit of the Parties and their respective successors and assigns.

21. This Stipulation shall be deemed to have been executed and delivered in the State of Connecticut and shall be governed by and construed in accordance with Connecticut law, without regarding to its principles concerning conflicts of law.

22. This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copy, copies, or facsimiles signed by the Parties hereto.  Delivery of an executed counterpart of a signature page by facsimile or PDF transmission shall be as effective as delivery of a manually executed counterpart.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

Dated: November 7, 2019

| SRC SECURED CREDITOR TRUST, by Clingman & Hanger Management Associates, LLC, not individually but solely as Advisor to the Secured Creditor Trust<br><br>By: *Teresa S. Hanger* (signature)<br>Name: Teresa S. Hanger<br>Title: Principal | THE TRAVELERS INDEMNITY COMPANY; on behalf of itself and certain of its property casualty insurance affiliates<br><br>By: _____<br>Name:<br>Title: |

Dated: November 7, 2019

| SRC SECURED CREDITOR TRUST, by Clingman & Hanger Management Associates, LLC, not individually but solely as Advisor to the Secured Creditor Trust<br><br>By: _____<br>Name:  Teresa S. Hanger<br>Title:  Principal | THE TRAVELERS INDEMNITY COMPANY; on behalf of itself and certain of its property casualty insurance affiliates<br><br>By: *Christine Zysk* (signature)<br>Name: Christine Zysk<br>Title:  Director, Loss Sensitive Receivable Management |