# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>SRC LIQUIDATION, LLC,[1]<br>                Debtor. | Chapter 11<br>Case No. 15-10541 (BLS)<br><br>Re: Docket No. 2449 |

### ORDER ISSUING A FINAL DECREE CLOSING THE DEBTOR'S CHAPTER 11 CASE

Upon the motion (the "Motion")[2] of SRC Liquidation, LLC *f/k/a* The Standard Register Company, the above-captioned reorganized debtor (the "Debtor"), for entry of an Order issuing a final decree and closing the Debtor's chapter 11 case; and this Court having jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the notice of the Motion and opportunity for a hearing on the Motion was appropriate and no other or further notice need be provided; and this Court having reviewed the Motion and any objections thereto; and this Court having determined that the legal and factual bases set forth in the Motion and at any hearing on the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

---

[1] The last four digits of the Debtor's taxpayer identification number are 5540. Inquiries regarding the Debtor should be directed to the GUC Trustee, c/o EisnerAmper LLP, 111 Wood Avenue South, Iselin, NJ 08830-2700 (Attn: Anthony R. Calascibetta).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2.      Pursuant to 11 U.S.C. § 350, and subject to the Court's continued retention of jurisdiction as provided for in the Plan and related thereto Confirmation Order, the Debtor's chapter 11 case is hereby closed and a final decree is granted effective as of the date of entry of this Order (the "Case Closing Date").

3.      The Debtor shall provide to the United States Trustee all quarterly reports covering through the Case Closing Date that have not already been filed no later than 14 days after the Case Closing Date, and pay any quarterly fees due to the U.S. Trustee pursuant to 28 U.S.C. section 1930(a)(6) ("Quarterly Fees"), to the extent not already paid, within seven days thereafter.

5.      This Order is without prejudice to any party's right to re-open any case or cases.

6.      The Debtor and the Clerk are authorized and empowered, and may in their discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

7.      Upon completion of any remaining tasks, including but not limited to, those set forth in paragraph 3 of this Order, the Debtor, the GUC Trustee, and the Secured Creditor Trustee, their predecessors, successors, affiliates, officers, directors, agents, attorneys, advisors and other representatives shall (a) have complied with all of their obligations regarding the Plan and the applicable trust agreement, (b) be fully and finally relieved of and from any duties, obligations, accountings or other matters of any nature with respect to the Plan and the applicable trust agreement, and (c) have no further responsibilities or obligations in connection with the Plan and the applicable trust agreement.

71098121.3

8. This Court shall retain jurisdiction over all adversary proceedings and contested matters pending in this case as of the Case Closing Date, to the extent allowed by applicable law, and shall retain jurisdiction over all matters arising from the interpretation or implementation of this Order.

**Dated: November 20th, 2019**
**Wilmington, Delaware**

**BRENDAN L. SHANNON UNITED STATES BANKRUPTCY JUDGE**

71098121.3